## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *John McCall, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 06-cv-03126 | |

### DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs JOHN MCCALL & PRISCILLA MCCALL, YVONNE SOURRAGH & ROAN SOURRAGH, SHERRIE L. PASSARO, ROBERT PATCHIN & NIDA C. PATCHIN, GARY PICARDI, and NADINE ROBINSON ("Plaintiffs") Amended Complaint as follows.

### INTRODUCTION

1.      This is a suit brought by a number of individual consumers residing in Connecticut who entered into mortgage loans with Argent Mortgage Company and Ameriquest Mortgage Company.  All of these loans were subsequently assigned to one of the other Defendants.  The Plaintiffs claim that Ameriquest and Argent violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 et seq., (collectively "the Acts") in each of their transactions by failing to provide them with notice of the right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

**ANSWER:**   Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

## PARTIES

2.      The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with either Ameriquest Mortgage Company or Argent Mortgage Company. All of the mortgages were subsequently assigned to one of the other Defendants.

**ANSWER:**   Defendant specifically denies the characterization and use of the term "assigned." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2. Defendant denies any remaining allegations in paragraph 2.

3.      All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4.      All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.      Defendant Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

BN 2146908v1

6.     Defendant Argent is a foreign corporation with a primary place of business in Irvine, California.

**ANSWER:**     Defendant admits that its principle office was located in Orange, California until August 2007. Defendant denies any remaining allegations in paragraph 6.

7.     Countrywide Home Loans, Inc. is a foreign corporation with a primary place of business in Calabasas, California.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8.     Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California. It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest at issue in this suit and as further indicated in each count of this complaint below. DBNT is the trustee of the following Defendant asset-backed securities:

  a.     Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2004-W3 Under the Pooling & Servicing Agreement Dated as of March 1, 2004, Without Recourse;

  b.     Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W7 Under the Pooling & Servicing Agreement Dated as of November 1, 2003, Without Recourse;

  c.     Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse;

  d.     Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-AR3 Under the Pooling & Servicing Agreement Dated as of June 1, 2003, Without Recourse.

**ANSWER:**     Defendant admits that Deutsche Bank National Trust Company serves as trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2004-W3 Under the Pooling & Servicing Agreement Dated as of March 1, 2004,

Without Recourse; Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W7 Under the Pooling & Servicing Agreement Dated as of November 1, 2003, Without Recourse; Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse; and Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-AR3 Under the Pooling & Servicing Agreement Dated as of June 1, 2003, Without Recourse.. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company. It holds legal title to some of the mortgage loans at issue in this suit. Its registered agent is Corporation Service Company in Wilmington, Delaware.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any allegations in paragraph 9.

### JURISDICTION

10. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

**ANSWER:** Paragraph 10 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 10.

11. This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

**ANSWER:** Paragraph 11 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 11.

12. Venue in this Court is proper because this case has been transferred to this multidistrict litigation. Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

- 4 -

**ANSWER:**     Paragraph 12 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 12.

## FIRST COUNT

### *(JOHN MCCALL & PRISCILLA MCCALL v. ARGENT MORTGAGE COMPANY, LL C & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2 0 04-W3 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF MARCH 1, 2004, WITHOUT RECOURSE)*

13.     On or about November 24, 2003, John McCall & Priscilla McCall ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15.     This consumer credit transaction was subject to the right of rescission as described by C.G. S. § 3 6a-683, 15 U. S.C. § 163 5, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 15 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 15.

16.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 16 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 16.

- 5 -

17.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 17 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 17.

18.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2004-W3 Under the Pooling & Servicing Agreement Dated as of March 1, 2004, Without Recourse.

**ANSWER:**     Defendant specifically denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company serves as trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2004-W3 Under the Pooling & Servicing Agreement Dated as of March 1, 2004, Without Recourse.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.  Defendant denies any remaining allegations in paragraph 18.

19.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 20 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 20.

21.     More than twenty calendar days have passed since Defendants received the notices of rescission.

BN 2146908v1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C. G. S. § 3 6a- 683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 22 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 22.

23.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 23 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 23.

24.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

**ANSWER:**    Paragraph 24 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 24.

BN 2146908v1

## SECOND COUNT

### *(YVONNE SOURRAGH & ROAN SOURRAGH v. ARGENT MORTGAGE COMPANY, LLC & COUNTRYWIDE HOME LOANS, INC)*

25.     On or about March 25, 2004, Yvonne Sourragh & Roan Sourragh ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.     This consumer credit transaction was subject to the right of rescission as described by C.G. S. § 3 6a-683, 15 U. S.C. § 163 5, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 27 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 27.

28.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 28 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 28.

29.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

BN 2146908v1

**ANSWER:**     Paragraph 29 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 29.

     30.     This mortgage loan was assigned to Co-Defendant Countrywide Home Loans, Inc.

**ANSWER:**     Defendant specifically denies the characterization and use of the term "assigned." Defendant admits that Countrywide Home Loans, Inc. purchased Plaintiff's loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

     31.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

     32.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 32 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 32.

     33.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

     34.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 34 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 34.

- 9 -

35.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35.

36.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.     Forfeiture of loan proceeds;

    f.     Actual damages in an amount to be determined at trial; and

    g.     A reasonable attorney's fee.

**ANSWER:**     Paragraph 36 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 36.

## THIRD COUNT

*(SHERRIE L. PASSARO v. ARGENT MORTGAGE COMPANY, LLC & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003- W7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE)*

37.     On or about October 22, 2003, Sherrie L. Passaro ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

BN 2146908v1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Defendant denies any remaining allegations in paragraph 37.

38.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38. Defendant denies any remaining allegations in paragraph 38.

39.    This consumer credit transaction was subject to the right of rescission as described by C.G. S. § 3 6a-683, 15 U. S.C. § 163 5, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 39 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 39.

40.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 40 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 40.

41.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**    Paragraph 41 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 41.

42.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W7 Under the Pooling & Servicing Agreement Dated as of November 1, 2003, Without Recourse.

- 11 -

**ANSWER:**    Defendant specifically denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company serves as trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W7 Under the Pooling & Servicing Agreement Dated as of November 1, 2003, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42. Defendant denies any remaining allegations in paragraph 42.

43.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43. Defendant denies any remaining allegations in paragraph 43.

44.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**    Paragraph 44 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 44.

45.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45. Defendant denies any remaining allegations in paragraph 45.

46.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C. G. S. § 3 6a- 683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 46 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 46.

BN 2146908v1

47. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:** Paragraph 47 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 47.

48. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

**ANSWER:** Paragraph 48 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 48.

## FOURTH COUNT

### *(ROBERT PA TCHIN & NIDA C. PA TCHIN v. AMERIQ UEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)*

49. On or about December 16, 2003, Robert Patchin & Nida C. Patchin ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49. Defendant denies any remaining allegations in paragraph 49.

- 13 -

50.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. Defendant denies any remaining allegations in paragraph 50.

51.     This consumer credit transaction was subject to the right of rescission as described by C.G. S. § 3 6a-683, 15 U. S.C. § 163 5, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 51 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 51.

52.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 52 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 52.

53.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 53 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 53.

54.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:**     Defendant specifically denies the characterization and use of the term "assigned." Defendant admits that to WM Specialty Mortgage, LLC purchased Plaintiffs' loan.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.  Defendant denies any remaining allegations in paragraph 54.

55.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55. Defendant denies any remaining allegations in paragraph 55.

56.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 56 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 56.

57.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57. Defendant denies any remaining allegations in paragraph 57.

58.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C. G. S. § 3 6a- 683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 58 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 58.

59.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 59 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 59.

60.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

BN 2146908v1

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

**ANSWER:**   Paragraph 60 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 60.

## FIFTH COUNT

### *(GARY PICARDI v. AMERIQ UEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQ UEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R1 0 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE)*

61.   On or about August 16, 2004, Gary Picardi ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. Defendant denies any remaining allegations in paragraph 61.

62.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62. Defendant denies any remaining allegations in paragraph 62.

- 16 -

63.     This consumer credit transaction was subject to the right of rescission as described by C.G. S. § 3 6a-683, 15 U. S.C. § 163 5, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 63 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 63.

64.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 64 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 64.

65.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 65 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 65.

66.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse.

**ANSWER:**     Defendant specifically denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company serves as trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10, under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66. Defendant denies any remaining allegations in paragraph 66.

BN 2146908v1

67.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67. Defendant denies any remaining allegations in paragraph 67.

68.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 68 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 68.

69.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69. Defendant denies any remaining allegations in paragraph 69.

70.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 70 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 70.

71.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 71 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 71.

72.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

- 18 -

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney's fee.

**ANSWER:**     Paragraph 72 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 72.

## SIXTH COUNT

*(NADINE ROBINSON v. ARGENT MORTGAGE COMPANY, LL C & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQ UEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-AR3 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JUNE 1, 2003, WITHOUT RECOURSE)*

73.     On or about April 4, 2003, Nadine Robinson ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73. Defendant denies any remaining allegations in paragraph 73.

74.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74. Defendant denies any remaining allegations in paragraph 74.

BN 2146908v1

75.     This consumer credit transaction was subject to the right of rescission as described by C.G. S. § 3 6a-683, 15 U. S.C. § 163 5, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 75 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 75.

76.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 76 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 76.

77.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 77 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 77.

78.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-AR3 Under the Pooling & Servicing Agreement Dated as of June 1, 2003, Without Recourse.

**ANSWER:**     Defendant specifically denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company serves as trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-AR3 Under the Pooling & Servicing Agreement Dated as of June 1, 2003, Without Recourse.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78. Defendant denies any remaining allegations in paragraph 78.

79.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79. Defendant denies any remaining allegations in paragraph 79.

80.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 80 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 80.

81.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81. Defendant denies any remaining allegations in paragraph 81.

82.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C. G. S. § 3 6a- 683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 82 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 82.

83.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 83 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 83.

84.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.      Rescission of this transaction;

b.      Termination of any security interest in Plaintiff's property created under the transaction;

c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.      Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.      Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney's fee.

**ANSWER:**   Paragraph 84 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 84.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.      Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11.      As to each cause of action, Defendant is entitled to an offset.

12.      Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 23 -

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Amended Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## <u>PRAYER</u>

Defendant prays this court to:

1.     Dismiss Plaintiffs' Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

BN 2146908v1

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: October 26, 2009                          Respectfully submitted,


                                                 By: /s/ Thomas J. Wiegand

                                                 *Attorneys for Defendant Argent Mortgage Company, LLC*

                                                 Thomas J. Wiegand twiegand@winston.com
                                                 Gregory J. Miarecki
                                                 David E. Dahlquist
                                                 Winston & Strawn, LLP
                                                 35 W. Wacker Drive
                                                 Chicago, Illinois  60601-9703
                                                 Telephone: (312) 558-5600
                                                 Facsimile:  (312) 558-5700

BN 2146908v1

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Dahlquist, hereby certify that on this 26th day of October 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  _____/s/  David E. Dahlquist_____

BN 2146908v1
CHI:2324390.1