## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION** | ) ) ) ) ) | **MDL No. 1715** <br><br> **Lead Case No. 05-cv-07097** |
| **THIS DOCUMENT RELATES TO THE INDIVIDUAL ACTION NAMED BELOW** | ) ) ) ) | **Centralized before Judge Marvin E. Aspen** |
| **ANNETTE M. LINDSEY,** <br><br>   **Plaintiff,** <br><br> **v.** <br><br> **AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,** <br><br>   **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) | **No. 07-cv-0308 (N.D. Ill.) (transferred for pretrial proceedings)** <br><br> **Judge Marvin E. Aspen** |

### AMENDED COMPLAINT

For her Amended Complaint, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.   This Amended Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiff's right to rescind a consumer credit transaction and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z").

## II.  JURISDICTION

2.      Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§1331, 1337.

## III.  PARTIES

3.      Plaintiff is a United States citizen who resides in DeKalb County, Georgia.

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that at all relevant times regularly engaged in the business of residential mortgage lending and did substantial business in the state of Georgia. On information and belief, Ameriquest was purchased by Citigroup, Inc., after the filing of this action.

5.      Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a corporation that holds securitized pools of residential mortgage loans. Deutsche Bank does substantial business in the state of Georgia. For example, Deutsche Bank frequently takes assignment of residential mortgage loans entered into by Georgia borrowers and secured by property located in the state of Georgia. Further, Deutsche Bank frequently, using Georgia attorneys, forecloses on residential property in Georgia by availing itself of Georgia law regarding real property foreclosure and by advertising in Georgia newspapers. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

## IV.  FACTUAL BACKGROUND

6.      At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

7.      On or about January 24, 2004, Plaintiff entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("the Transaction").

Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

8.    The Transaction is subject to TILA.

9.    As part of the Transaction, Ameriquest acquired a security interest in residential real property already owned by Plaintiff and used as her principal dwelling.

10.    Ameriquest assigned its interest in the Transaction to Deutsche Bank. This allegation is made on information and belief, based on Deutsche Bank's having asserted an ownership of the mortgage loan in the Transaction.

11.    Ameriquest's counsel agreed to provide Plaintiff's counsel with the name of the current holder of the note and security deed in the Transaction, but have not done so.

V. STATUTORY CLAIMS: RESCISSION AND DAMAGES UNDER TILA

12.    Plaintiff incorporates above paragraphs 1-11.

13.    In connection with the Transaction, Ameriquest was required to provide disclosures under TILA.

14.    The Transaction is subject to the three-day right of rescission described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

15.    In connection with the Transaction, Ameriquest violated  TILA and Regulation Z by not providing Plaintiff with  proper disclosure of either the material credit terms in the Transaction or Plaintiff's right to rescind the Transaction.  For example, Plaintiff did not receive a legally sufficient Notice of Right to Cancel.

16.    As a result of the above violations of TILA and Regulation Z, Plaintiff obtained a

continuing right to rescind the Transaction, along with a right to obtain attorney's fees, costs, and litigation expenses in connection with an action to enforce the rescission right.

17.     Deutsche Bank has, in connection with the Transaction, instituted a foreclosure proceeding against the subject property.

18.     On November 6, 2006, Plaintiff rescinded the Transaction by having her attorney send timely rescission demands to Ameriquest and Deutsche Bank by U.S. Mail, certified, return receipt requested. These demands are attached hereto as Exhibits A and B, respectively.

19.     Upon the mailing of the above rescission demands on November 6, 2006, Plaintiff, Ameriquest, and Deutsche Bank were immediately and automatically returned to the status quo ante with respect to the Transaction. Accordingly, all contractual obligations arising from or connected with the Transaction, including any arbitration agreement, were rendered, as of November 6, 2006, void and unenforceable.

20.     On November 10, 2006, Ameriquest received the rescission demand referred to in above paragraph 18.

21.     Ameriquest has not met the terms of the rescission demand referred to in above paragraph 18, and the twenty-day statutory period for doing so has expired.

22.     ACC Capital Holdings Corporation, on behalf of Ameriquest, in a letter to Plaintiff's counsel dated December 13, 2006, stated that it was Ameriquest's position that it had provided Plaintiff with proper TILA disclosures and that Ameriquest would therefore not agree to a rescission of the Transaction.

23.     On November 9, 2006, Deutsche Bank received the rescission demand referred to

-4-

in above paragraph 18.

24.     Deutsche Bank has not met the terms of the rescission demand referred to in above paragraph 18, and the twenty-day statutory period for doing so has expired.

25.     As a result of Defendants' above violations of TILA and Regulation Z, Plaintiff obtained claims against Defendants for actual and statutory damages, costs, litigation expenses, and attorney's fees. The statutory damage claims are in the amount of $2000 against each Defendant, for a total of $4000 in statutory damages.

26.     Actual damages under TILA resulting from Ameriquest's and Deutsche Bank's failure to comply with Plaintiff's rescission demands and from Deutsche Bank's continuance with the above foreclosure despite the unenforceability of the security deed will include loss of equity in Plaintiff's home, relocation expenses, emotional distress, and injury to reputation.

## VI. CLAIM FOR EQUITABLE RELIEF

27.  Plaintiff incorporates above Paragraphs 1 through 26.

28.  Plaintiff's rescission of the Transaction gives her a complete defense to the above foreclosure. However, since foreclosures in Georgia are non-judicial, Plaintiff could not assert this defense in a foreclosure proceeding.

29.  Foreclosure would cause Plaintiff to suffer irreparable injury that could not be redressed by an award of monetary damages.

30.  Being without an adequate remedy at law, Plaintiff is entitled to equitable relief.

WHEREFORE, Plaintiff prays that this Court:

(1) declare that Plaintiff's rescission of the transaction at bar had the immediate and automatic effect, on November 6, 2006, of rendering void and unenforceable all contractual obligations arising from or connected with the transaction, including any arbitration agreement, and of returning Plaintiff and Defendants to the status quo ante;

(2) rescind the transaction at bar and declare void all of the charges imposed therein;

(3) declare void any security interest created under the transaction;

(4) order Defendants to take any action necessary to terminate any security interest in Plaintiff's property created under the transaction;

(5) enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiff of her interest in that property or to limit, qualify, or inhibit that interest in any way;

(6) order the return to Plaintiff of any money or property given by her to anyone, including Defendants, in connection with the transaction;

(7) award Plaintiff $4000 in statutory damages, plus actual damages in an amount to be determined at trial, costs, litigation expenses, and reasonable attorney's fees;

(8) hold a jury trial on all issues so triable;

(9) award such other and further relief as the Court deems just and proper.

TRIAL BY JURY DEMANDED

-6-

s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500

Attorney at Law
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303-1400
(404) 287-2383
Mobile:(404) 522-9485
Fax: (404) 627-7056                    Attorney for Plaintiff