**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Annette M. Lindsey v. Ameriquest Mortgage Company, et al.*; Case No. 07-cv-0308 (N.D. Ill.) | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiff ANNETTE M. LINDSEY's ("Plaintiff") Amended Complaint ("Complaint") as follows.

**AMENDED COMPLAINT**

For her Amended Complaint, Plaintiff states as follows:

**I. PRELIMINARY STATEMENT**

1. This Amended Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601- 1666 ("TILA"), to enforce Plaintiff's right to rescind a consumer credit transaction and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z").

**ANSWER:** **Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 - 1666, et seq., Regulation Z, 12 C.F.R. part 226, or state law. Defendant denies any remaining allegations of paragraph 1.**

- 1 -

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§1331, 1337.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## III. PARTIES

3. Plaintiff is a United States citizen who resides in DeKalb County, Georgia.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that at all relevant times regularly engaged in the business of residential mortgage lending and did substantial business in the state of Georgia. On information and belief, Ameriquest was purchased by Citigroup, Inc., after the filing of this action.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5. Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a corporation that holds securitized pools of residential mortgage loans. Deutsche Bank does substantial business in the state of Georgia. For example, Deutsche Bank frequently takes assignment of residential mortgage loans entered into by Georgia borrowers and secured by property located in the state of Georgia. Further, Deutsche Bank frequently, using Georgia attorneys, forecloses on residential property in Georgia by availing itself of Georgia law regarding real property foreclosure and by advertising in Georgia newspapers. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it is trustee for Ameriquest Mortgage Securities, Inc.**

> **Asset-Backed Pass-Through Certificates, Series 2004-R4 under the Pooling and Servicing Agreement dated as of April 1, 2004, without recourse, which includes Plaintiff's loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the balance of this paragraph and on that basis denies any remaining allegations of paragraph 5.**

### IV. FACTUAL BACKGROUND

6. At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7. On or about January 24, 2004, Plaintiff entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("the Transaction"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8. The Transaction is subject to TILA.

**ANSWER:** **Because paragraph 8 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

9. As part of the Transaction, Ameriquest acquired a security interest in residential real property already owned by Plaintiff and used as her principal dwelling.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10. Ameriquest assigned its interest in the Transaction to Deutsche Bank. This allegation is made on information and belief, based on Deutsche Bank's having asserted an ownership of the mortgage loan in the Transaction.

**ANSWER:** **Defendant admits that it is trustee for Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-R4 under the Pooling and Servicing Agreement dated as of April 1, 2004, without recourse, which includes Plaintiff's loan.**

11. Ameriquest's counsel agreed to provide Plaintiff's counsel with the name of the current holder of the note and security deed in the Transaction, but have not done so.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

### V. STATUTORY CLAIMS: RESCISSION AND DAMAGES UNDER TILA

12. Plaintiff incorporates above paragraphs 1-11.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-11 in response to this paragraph.**

13. In connection with the Transaction, Ameriquest was required to provide disclosures under TILA.

**ANSWER:** **Because paragraph 13 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

14. The Transaction is subject to the three-day right of rescission described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** **Because paragraph 14 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

15. In connection with the Transaction, Ameriquest violated TILA and Regulation Z by not providing Plaintiff with proper disclosure of either the material credit terms in the

Transaction or Plaintiff's right to rescind the Transaction. For example, Plaintiff did not receive a legally sufficient Notice of Right to Cancel.

**ANSWER:** **Because paragraph 15 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16. As a result of the above violations of TILA and Regulation Z, Plaintiff obtained a continuing right to rescind the Transaction, along with a right to obtain attorney's fees, costs, and litigation expenses in connection with an action to enforce the rescission right.

**ANSWER:** **Because paragraph 16 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

17. Deutsche Bank has, in connection with the Transaction, instituted a foreclosure proceeding against the subject property.

**ANSWER:** **Defendant admits that it has commenced foreclosure proceedings, but that such proceedings have been temporarily stayed.**

18. On November 6, 2006, Plaintiff rescinded the Transaction by having her attorney send timely rescission demands to Ameriquest and Deutsche Bank by U.S. Mail, certified, return receipt requested. These demands are attached hereto as Exhibits A and B, respectively.

**ANSWER:** **Because paragraph 18 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and on that basis denies such allegations.**

19. Upon the mailing of the above rescission demands on November 6, 2006, Plaintiff, Ameriquest, and Deutsche Bank were immediately and automatically returned to the status quo ante with respect to the Transaction. Accordingly, all contractual obligations arising from or connected with the Transaction, including any arbitration agreement, were rendered, as of November 6, 2006, void and unenforceable.

BN 4733641v1

**ANSWER:** Because paragraph 16 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

20. On November 10, 2006, Ameriquest received the rescission demand referred to in above paragraph 18.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21. Ameriquest has not met the terms of the rescission demand referred to in above paragraph 18, and the twenty-day statutory period for doing so has expired.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22. ACC Capital Holdings Corporation, on behalf of Ameriquest, in a letter to Plaintiff's counsel dated December 13, 2006, stated that it was Ameriquest's position that it had provided Plaintiff with proper TILA disclosures and that Ameriquest would therefore not agree to a rescission of the Transaction.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23. On November 9, 2006, Deutsche Bank received the rescission demand referred to in above paragraph 18.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

24. Deutsche Bank has not met the terms of the rescission demand referred to in above paragraph 18, and the twenty-day statutory period for doing so has expired.

**ANSWER:** **Because paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

25. As a result of Defendants' above violations of TILA and Regulation Z, Plaintiff obtained claims against Defendants for actual and statutory damages, costs, litigation expenses, and attorney's fees. The statutory damage claims are in the amount of $2000 against each Defendant, for a total of $4000 in statutory damages.

**ANSWER:** **Because paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

26. Actual damages under TILA resulting from Ameriquest's and Deutsche Bank's failure to comply with Plaintiff's rescission demands and from Deutsche Bank's continuance with the above foreclosure despite the unenforceability of the security deed will include loss of equity in Plaintiff's home, relocation expenses, emotional distress, and injury to reputation.

**ANSWER:** **Because paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## VI. CLAIM FOR EQUITABLE RELIEF

27. Plaintiff incorporates above Paragraphs 1 through 26.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-26 in response to this paragraph.**

28. Plaintiff's rescission of the Transaction gives her a complete defense to the above foreclosure. However, since foreclosures in Georgia are non judicial, Plaintiff could not assert this defense in a foreclosure proceeding.

**ANSWER:** **Because paragraph 28 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

29. Foreclosure would cause Plaintiff to suffer irreparable injury that could not be redressed by an award of monetary damages.

**ANSWER:** **Because paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

30. Being without an adequate remedy at law, Plaintiff is entitled to equitable relief.

**ANSWER:** **Because paragraph 30 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

WHEREFORE, Plaintiff prays that this Court:

(1) declare that Plaintiff's rescission of the transaction at bar had the immediate and automatic effect, on November 6, 2006, of rendering void and unenforceable all contractual obligations arising from or connected with the transaction, including any arbitration agreement, and of returning Plaintiff and Defendants to the status quo ante;

(2) rescind the transaction at bar and declare void all of the charges imposed therein;

(3) declare void any security interest created under the transaction;

(4) order Defendants to take any action necessary to terminate any security interest in Plaintiff's property created under the transaction;

(5) enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiff of her interest in that property or to limit, qualify, or inhibit that interest in any way;

(6) order the return to Plaintiff of any money or property given by her to anyone, including Defendants, in connection with the transaction;

(7) award Plaintiff $4000 in statutory damages, plus actual damages in an amount to be determined at trial, costs, litigation expenses, and reasonable attorney's fees;

(8) hold a jury trial on all issues so triable;

(9) award such other and further relief as the Court deems just and proper.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss Plaintiff's Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: November 16, 2009

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 16th day of November 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage

BN 4733641v1