# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| WRAY BAILEY ET AL<br>    Plaintiffs<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NUMBER  3:05-CV-00452(CFD)

November 9, 2005

### Motion for Order to Substitute Party

Pursuant to Federal Rule of Civil Procedure 25(a)(1), Stanley Kobialka, administrator of the estate of

Ruth Kobialka, informs the court that:

1. Ruth Kobialka, a plaintiff in the above action, died intestate on June 29, 2004.

2. Letters of administration were issued to Stanley Kobialka as administrator of the estate of
   Ruth Kobialka by the Newington Probate Court in the State of Connecticut on July 20,
   2004.

3. Stanley Kobialka has duly qualified and is now acting as administrator of the estate of
   Ruth Kobialka and is the representative of Ruth Kobialka, a deceased plaintiff in the
   above action.

4. This action is for violations of the plaintiff's right to cancel a mortgage loan as
   established by the Truth-in-Lending Act, 15 U.S.C. § 1635.

5. This action is not extinguished by the death of the plaintiff. *Abel v. Knickerbocker Realty*
   *Co.*, 846 F. Supp. 445, 448 (D. Md. 1994) (holding TILA suit survives death of obligor
   and may be maintained by administrator of estate).

Wherefore, Stanley Kobialka moves this court for an order substituting him, as administrator of the estate

of Ruth Kobialka, as plaintiff in this action.

PLAINTIFF, STANLEY KOBIALKA,
Administrator of the estate of Ruth Kobialka, deceased

By: _____

Daniel S. Blinn,  ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457

## CERTIFICATION OF SERVICE

This is to certify that on this 9th day of November, 2005, a copy of the foregoing was mailed, first class, postage prepaid to all counsel of record as follows:

Elizabeth M. Smith
George C. Springer, Jr.
Brown, Raysman, Millstein, Felder, & Steiner
City Place II
185 Asylum Street, 10th Floor
Hartford, CT 06103
860-275-6461
Fax: 860-275-6410
gspringer@brownraysman.com

_____

Daniel S. Blinn

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ) | CASE NUMBER  3:05-CV-00452 |
| **WRAY BAILEY ET AL** ) | |
|     Plaintiffs ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AMERIQUEST MORTGAGE COMPANY** ) | |
|     Defendant ) | _____, 2005 |
| ) | |

### AFFIDAVIT OF STANLEY KOBIALKA,
### Administrator of the estate of Ruth Kobialka

I, Stanley Kobialka, being duly sworn, make the following statements based upon personal knowledge:

1. Ruth Kobialka, my mother and a plaintiff in the above action, died on June 29, 2004.

2. On plaintiff's death intestate, letters testamentary were duly issued to me as administrator of her estate by the Newington Probate Court.

3. I am now duly qualified and acting in that capacity.

4. The above action is for violations of the plaintiff's right to cancel a mortgage loan as set forth in the Truth-in-Lending Act, 15 U.S.C. § 1635.

Signed,

_____
STANLEY KOBIALKA,
Administrator of the estate of Ruth Kobialka, deceased

Subscribed and sworn to before me
this ___7___ day of __November__, 2005.

_____
Notary

**DORA P. FERNANDEZ**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES FEB. 28, 2010

3

# EXHIBIT J

07/16/2009  08:01    2294488              BEACON                          PAGE  02/02

DECREE GRANTING
ADMINISTRATION OR                   **STATE OF CONNECTICUT**              RECORDED:
PROBATE OF WILL
PC-260  REV. 10/05                     **COURT OF PROBATE**

COURT OF PROBATE, DISTRICT OF Newington          **DISTRICT NO. 094**

ESTATE OF

    Edward J. Kobialka, Sr., Late of Newington, CT., deceased  (08-0182)

| FIDUCIARY'S NAME AND ADDRESS | POSITION OF TRUST |
|---|---|
| Edward Kobialka, Jr., 170 Trinity Ridge, Rocky Hill, CT 06067 | Administrator |

At a court of probate held at the place and time of hearing set by the Court, together with any continuances thereof, as of record appears, on
the petitioner's application for letters of administration be granted on said estate, all as in said application more fully appears.

           PRESENT: Hon. Robert A. Randich, Judge

After due hearing, THE COURT FINDS that:

    The above-named decedent died on the 31st day of January, 2008, domiciled at the time of death at 381 Lloyd Street,
Newington, CT 06111 and having estate whereof administration appertains to this Court, and administration of said estate
ought to be granted.

    Notice was given in accordance with any order of notice previously entered.

    The fiduciary named above has accepted the position of trust designated above, and

    Bond is waived at this time

And it is ORDERED AND DECREED that:

    The said application is approved, administration of said estate is granted to the fiduciary named above, and letters of administration
are hereby issued to said fiduciary.

And it is further ORDERED AND DECREED that:

    Two months from the date hereof, be and the same is allowed said fiduciary within which to make a true and complete inventory of
all property of the estate of said deceased.

    Twelve months from the date hereof, be and the same is allowed said fiduciary within which to settle said estate.

    All claims against the above estate be presented pursuant to the provisions of C.G.S. Ch. 802b, Part VII.

    The fiduciary shall immediately record a Notice for Land Records/Appointment of Fiduciary, PC-251, in the land records of each
town where the decedent owned or had an interest in real property.

    *Notice of this decree be given by the judge, clerk, or assistant clerk by regular mail, not more than TEN days from the date hereof.*

Dated at Newington, Connecticut, this  27th day of  March, 2008.

                                                         Robert A. Randich, Judge

As used in this decree, the word fiduciary includes the plural, where the context so requires.

DECREE GRANTING ADMINISTRATION OR PROBATE OF WILL
PC-260

JUL-16-2009  08:26          2294488                    96%                  P.02

# EXHIBIT K

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 1:05-cv-07097 |
| THIS DOCUMENT RELATES TO THE INDIVIDUAL ACTIONS LISTED ON APPENDIX A | ) ) ) ) ) | Centralized before the Hon. Marvin E. Aspen<br><br>January 23, 2009 |

### INDIVIDUAL CLAIMANTS' STEERING COMMITTEE 'S MOTION FOR EXTENSION OF TIME TO REFILE MOTIONS FOR SUMMARY JUDGMENT

Certain Opt-Out Plaintiffs hereby move for an extension of time until April 30, 2009 to refile their Motions for Summary Judgment and state the following in support thereof:

1.      On August 22, 2998, a subset of Opt-Out Plaintiffs filed a Motion for Summary Judgment, (Dkt. Nos. 2301.2303).

2.      On August 27, 2008, a second subset of Opt-Out Plaintiffs filed a Motion for Summary Judgment (Dkt. Nos. 2332-2336).

3.      In response, the Defendants filed two Motions to Compel the Opt-Out Plaintiffs to follow the court's November 7, 2006 scheduling order (Dkt. Nos. 2337 & 2339).

4.      In a Minute Order issued December 12, 2008, (Dkt. No. 2553), the Court set January 26, 2009 as the deadline for plaintiffs' to refile their Motions for Summary Judgment.

5.      The parties have a mediation scheduled for February 18 and 19 and do not wish to pursue the motion prior to that taking place.

6.      Additionally, the ICSC requires additional time to solicit the input of the numerous opt-out plaintiffs whose counsel are not part of the committee.

7.    Ameriquest's counsel has been contacted and has no objection to the granting of this motion.

Respectfully Submitted, the Individual Claims Steering Committee

By: /s/Daniel S. Blinn
Daniel S. Blinn, (ct02188)
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457
dblinn@consumerlawgroup.com

## CERTIFICATION

I hereby certify that on this 23rd day of January, 2009, a copy of foregoing Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/Daniel S. Blinn
Daniel S. Blinn

# EXHIBIT L

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.2
### Eastern Division

Ameriquest Mortgage Company, et al.

                                            Plaintiff,

v.                                                    Case No.: 1:05−cv−07097
                                                      Honorable Marvin E. Aspen

Ameriquest Mortgage Company, et al.

                                            Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

---

This docket entry was made by the Clerk on Tuesday, February 3, 2009:

    MINUTE entry before the Honorable Marvin E. Aspen:Individual claimants'
Steering Committee's Motion for extension of time [2598] to refile motions for summary
judgment until April 30, 2009 is granted. Motion terminated. Judicial staff mailed
notice(gl, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at **www.ilnd.uscourts.gov**.

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

### JOINT STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

WHEREAS, pursuant to the Court's last scheduling Order governing the Opt-Out cases (Docket No. 2607) the current deadline for expert designation is April 21, 2009; the current deadline for designation of rebuttal experts is May 22, 2009; and the current discovery cut-off is June 23, 2009; and

WHEREAS, in August and September 2008, a number of the Opt-Out Plaintiffs filed Motions for Summary Judgment, the briefing on which was stayed by the Court in September 2008 (Docket No. 2391); and

WHEREAS, the Third-Party Defendants have recently filed a motion to appoint a new liaison counsel (Docket No. 2694) and, further, have filed a motion seeking an extension of time to respond to the Consolidated Third-Party Complaint in this matter (Docket No. 2690); and

WHEREAS, the Third-Party Defendants request for additional time, if granted by the Court, will mean that the Third-Party Complaint likely will not be at issue until at least July 2009, because the Third-Party Defendants have indicated that they will be filing one or more further motions to dismiss; and

WHEREAS, despite the fact that this MDL proceeding has now been pending for three and one-half years, new actions continue to be filed by plaintiffs, and transferred by the MDL Panel to this proceeding; and

WHEREAS, the parties have, to date, held three in-person mediation sessions with Retired Judge Donald J. O'Connell, and expect to schedule one or more additional mediation sessions shortly; and

WHEREAS, the parties have, to date, substantially limited discovery and motion practice in order to keep litigation costs at a minimum in order to facilitate settlement; and

WHEREAS it would benefit all parties, and advance considerations of judicial economy, to enter a new scheduling order for all Opt-Out cases which (1) sets a realistic schedule for the completion of discovery, the designation of experts, and the filing of dispositive motions; and (2) facilitates settlement of as many cases as possible

NOW THEREFORE, the parties respectfully request that the Court enter the following scheduling order:

1.      Each party shall disclose any and all affirmative experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by July 21, 2009.

2.      Each party shall disclose any and all rebuttal experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by August 21, 2009.

3.      All fact and expert discovery in all Opt-Out cases shall be completed by October 23, 2009.

4.      Any motion for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint, shall be filed by no later than November 23, 2009; and

2

5.     Any objection to this Stipulation must be filed within 10 days of the date on which this Stipulation is filed.  This Stipulation, and any Order subsequently issued by the Court, shall apply to all Opt-Out Plaintiffs and Third-Party Defendants who do not file a timely written objection.  In the event that a timely objection is filed, the parties, or any of them, may file a written response to the objection within 10 days.

**IT IS SO STIPULATED:**

Dated:   April 21, 2009                  By:/s/ Charles M. Delbaum_____
                                         *Attorneys for Certain Opt-Out Plaintiffs*

                                         Charles M. Delbaum
                                         National Consumer Law Center
                                         77 Summer Street, 10th Floor
                                         Boston, MA 01220
                                         (617) 266-0313

Dated:   April 21, 2009                  By:/s/ Daniel S. Blinn_____
                                         *Attorneys for Certain Opt-Out Plaintiffs*

                                         Daniel S. Blinn
                                         Consumer Law Group
                                         35 Cold Spring Rd., Suite 512
                                         Rocky Hill, CT 06067
                                         (860) 571-0408

Dated:   April 21, 2009

By:/s/ Thomas J. Wiegand
     *Attorneys for Argent Mortgage Company,*
     *LLC*

     Thomas J. Wiegand
     WINSTON & STRAWN LLP
     35 W. Wacker Drive
     Chicago, IL 60601-9703

Dated:   April 21, 2009

By:/s/ Bernard E. LeSage

     *Attorneys for Ameriquest Mortgage*
     *Company; AMC Mortgage Services, Inc.;*
     *Town & Country Credit Corporation;*
     *Ameriquest Capital Corporation; Town &*
     *Country Title Services, Inc.; Ameriquest*
     *Mortgage Securities, Inc. CitiFinancial*
     *Mortgage; CitiResidential Lending Inc.;*
     *Deutsche Bank National Trust Company,*
     *as Trustee; HSBC Mortgage Services Inc.;*
     *GMAC ResCap; Barclays Capital; US*
     *Bank; Litton Loan Servicing; Merrill Lynch*
     *Credit Corp. ; Wells Fargo Bank, as*
     *Trustee; WM Specialty Mortgage LLC;*
     *Countrywide; Wilshire Credit Corp.; and*
     *Bank of NY Trust Co.*

     Bernard E. LeSage
     Sarah K. Andrus
     BUCHALTER NEMER,
     A Professional Corporation
     1000 Wilshire Boulevard, Suite 1500
     Los Angeles, CA 90017-2457

4

## <u>ORDER</u>

Counsel for Defendants and Opt-Out Plaintiffs having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1.  Each party shall disclose any and all affirmative experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by July 21, 2009.

2.  Each party shall disclose any and all rebuttal experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by August 21, 2009.

3.  All fact and expert discovery in all Opt-Out cases shall be completed by October 23, 2009.

4.  Any motion for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint, shall be filed by no later than November 23, 2009; and

//

//

//

//

//

//

//

//

//

5.     Any objection to this Stipulation must be filed within 10 days of the date
on which this Stipulation is filed.   This Stipulation, and any Order
subsequently issued by the Court, shall apply to all Opt-Out Plaintiffs and
Third-Party Defendants who do not file a timely written objection.   In the
event that a timely objection is filed, the parties, or any of them, may file a
written response to the objection within 10 days.

**IT IS SO ORDERED.**

_____
The Honorable Marvin E. Aspen
The Honorable Morton Denlow

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 21th day of April 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

BN 3271785v1

# EXHIBIT N

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) )  MDL No. 1715<br><br>Lead Case No. 1:05-cv-07097 |
| THIS DOCUMENT RELATES TO MULTIPLE ACTIONS | ) ) ) ) ) ) ) ) )  Centralized before the Hon. Marvin E. Aspen<br><br>Hon. Morton Denlow, Magistrate Judge<br><br>May 12, 2009 |

## INDIVIDUAL CLAIMANTS STEERING COMMITTEE'S STATUS REPORT

**INTRODUCTION**

The members of the Individual Claims Steering Committee (ICSC) submit this status report in order to inform the Court of the current status of the mediation of the Opt-Out Plaintiffs' claims and this litigation.

**THE STATUS OF THE MEDIATION**

In brief, there has been no significant progress towards settlement since the last status report on December 15, 2008, at which time the ICSC reported that only approximately 52 out of more than 900 individual claims had been resolved. There are no additional mediation dates scheduled, because the mediators and the parties have concluded that no progress can be achieved unless the third party defendants are able to make a meaningful contribution, which is not likely to occur prior to an adjudication of their pending motions to dismiss. The parties will explore scheduling additional sessions after the Court has ruled on those motions.

**THE STATUS OF THE LITIGATION**

Cognizant that no progress can be made in the mediation at this time, the ICSC, Ameriquest, and Argent submitted a joint stipulation and proposed amended scheduling order. Under that proposal, affirmative expert disclosure are to be made by July 21, 2009, rebuttal expert disclosures are to be made by August 21, 2009, and all discovery is to be completed by October 23, 2009. Motions for summary judgment are to be filed by November 23, 2009. The opt-out plaintiffs represented by the ICSC members intend to proceed in accordance with that schedule. Additionally, some plaintiffs have filed or may file motions to enforce settlement agreements that had previously been agreed upon but which have not been consummated.

Respectfully submitted,

**Individual Claims Steering Committee**

Dated:  May 12, 2009                    By:

/s/ Charles M. Delbaum
*Co-chair*
Charles M. Delbaum
National Consumer Law Center
77 Summer Street
10th Floor
Boston, MA 02110
(617) 542-8010
By:  /s/ Daniel S. Blinn
*Co-chair*
Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd.
Suite 512
Rocky Hill, CT 06067
(860) 571-0408

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 12, 2009 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


                      /s/ Daniel S. Blinn