# EXHIBIT O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |

### JOINT STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

WHEREAS, the parties filed a Joint Stipulation and [Proposed] Amended Scheduling Order on April 21, 2009 (Docket No. 2716) to extend the pre-trial deadlines as follows: deadline for expert designation to July 21, 2009; deadline for designation of rebuttal experts to August 21, 2009; discovery cut-off to October 23, 2009; and motion cut-off to November 23, 2009; and

WHEREAS, on April 29, 2009, Third-Party Plaintiffs filed the Fourth Amended Consolidated Third Party Complaint (Docket No. 2736) in this proceeding; and

WHEREAS, on May 22, 2009, Third-Party Plaintiffs filed a Motion for Leave to File Fifth Amended Consolidated Third Party Complaint (Docket No. 2805), which seeks to add 42 new parties to the MDL proceeding; and

WHEREAS, the Third-Party Defendants recently appointed new liaison counsel and, further, filed a motion seeking a further extension of time to respond to the Fourth Amended Consolidated Third-Party Complaint or the operative complaint in this matter (Docket No. 2844); and

WHEREAS, on June 9, 2009, the Court entered an order (Docket No. 2857) extending the time for the Third-Party Defendants to respond to the operative complaint subsequent to this Court's ruling on the Third-Party Plaintiff's Motion for Leave to File Fifth Amended Consolidated Third Party Complaint, and further ordering that if the Court denies the Motion, Third-Party Defendants are given thirty-five days from the date of such order to file a responsive pleading to the Fourth Amended Consolidated Third-Party Complaint; and

WHEREAS, the extension of time to respond will mean that the anticipated motions to dismiss would likely not be filed until the end of July 2009 or later, and as result, a ruling on such motions would likely not occur until sometime in September or October at the earliest; and

WHEREAS, despite the fact that this MDL proceeding has now been pending for three and one-half years, new actions continue to be filed by plaintiffs, and transferred by the MDL Panel to this proceeding; and

WHEREAS, the parties have, to date, held three in-person mediation sessions with Retired Judge Donald J. O'Connell, and expect to schedule one or more additional mediation sessions shortly with just the Ameriquest Defendants, Servicers, and Third-Party Defendants; and

WHEREAS, the parties have, to date, substantially limited discovery and motion practice in order to keep litigation costs at a minimum in order to facilitate settlement; and

WHEREAS it would benefit all parties, and advance considerations of judicial economy, to enter a new scheduling order for all Opt-Out cases which (1) sets a realistic schedule for the completion of discovery, the designation of experts, and the filing of dispositive motions; (2) facilitates settlement of as many cases as possible; and (3) reasonably limits the addition of further cases to this MDL proceeding:

BN 3721216v2

NOW THEREFORE, the parties respectfully request that the Court enter the following scheduling order:

1.    Each party shall disclose any and all affirmative experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by October 14, 2009.

2.    Each party shall disclose any and all rebuttal experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by November 13, 2009.

3.    All fact and expert discovery in all Opt-Out cases shall be completed by January 15, 2010.

4.    Any motion for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint, shall be filed by no later than February 15, 2010; and

5.    Any objection to this Stipulation must be filed within 10 days of the date on which this Stipulation is filed.  This Stipulation, and any Order subsequently issued by the Court, shall apply to all Opt-Out Plaintiffs and Third-Party Defendants who do not file a timely written objection.  In the event that a timely objection is filed, the parties, or any of them, may file a written response to the objection within 10 days.

**IT IS SO STIPULATED:**

Dated:   June 15, 2009

By:/s/ Charles M. Delbaum
*Attorneys for Certain Opt-Out Plaintiffs*

Charles M. Delbaum
National Consumer Law Center
77 Summer Street, 10th Floor
Boston, MA 01220
(617) 266-0313

BN 3721216v2

Dated:   June 15, 2009

By:/s/ Daniel S. Blinn
*Attorneys for Certain Opt-Out Plaintiffs*

Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
(860) 571-0408

Dated:   June 15, 2009

By:/s/ Thomas J. Wiegand
*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

BN 3721216v2

4

Dated:   June 15, 2009

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc. CitiFinancial Mortgage; CitiResidential Lending Inc.; Deutsche Bank National Trust Company, as Trustee; HSBC Mortgage Services Inc.; GMAC ResCap; Barclays Capital; US Bank; Litton Loan Servicing; Merrill Lynch Credit Corp. ; Wells Fargo Bank, as Trustee; WM Specialty Mortgage LLC; Countrywide; Wilshire Credit Corp.; and Bank of NY Trust Co.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER,
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

## [PROPOSED] ORDER

Counsel for Defendants and Opt-Out Plaintiffs having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1. Each party shall disclose any and all affirmative experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by October 14, 2009.

2. Each party shall disclose any and all rebuttal experts, consistent with the requirements of Federal Rule of Civil Procedure 26(a)(2), by November 13, 2009.

3. All fact and expert discovery in all Opt-Out cases shall be completed by January 15, 2010.

4. Any motion for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint, shall be filed by no later than February 15, 2010; and

5. Any objection to this Stipulation must be filed within 10 days of the date on which this Stipulation is filed.  This Stipulation, and any Order subsequently issued by the Court, shall apply to all Opt-Out Plaintiffs and Third-Party Defendants who do not file a timely written objection.  In the event that a timely objection is filed, the parties, or any of them, may file a written response to the objection within 10 days.

**IT IS SO ORDERED.**

       _____
       The Honorable Marvin E. Aspen
       The Honorable Morton Denlow

**CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 15th day of June 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

BN 3721216v2

# EXHIBIT P

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

### JOINT STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

WHEREAS, the Ameriquest Defendants and the Opt-Out Plaintiffs filed a Joint Stipulation and [Proposed] Amended Scheduling Order on June 15, 2009 (Docket No. 2885) to extend the pre-trial deadlines as follows: deadline for expert designation to October 14, 2009; deadline for designation of rebuttal experts to November 13, 2009; discovery cut-off to January 15, 2010; and motion cut-off to February 15, 2010; and

WHEREAS, on June 23, 2009, the Third-Party Defendants, through their liaison counsel, filed an objection to the proposed dates (Docket No. 2911) based on, among other reasons, the fact that the parties have yet to meet and confer regarding discovery and scheduling issues as required by F.R.C.P., Rule 26(f); and

WHEREAS, on June 8, 2009, the Third-Party Defendants filed a motion requesting that the Court order all parties to comply the requirements of Rule 26 before conducting further discovery (Docket No. 2853); and

BN 3888252v1

WHEREAS, on June 23, 2009, the Court granted the Ameriquest Defendants leave to file their Fifth Amended Consolidated Third-Party Complaint ("FATPC"), and the FATPC was filed that same day (Docket Nos. 2912 and 2913); and

WHEREAS, per the Court's Order of June 25, 2009, the Third-Party Defendants' response to the FATPC is due on or before July 31, 2009 (Docket No. 2915); and

WHEREAS, the Third-Party Defendants have stated their intention to respond to the FATPC by filing a motion to dismiss under F.R.C.P., Rule 12(b); and

WHEREAS, based on the briefing schedule previously ordered by the Court, the motion to dismiss will not be fully briefed until September 2009; and

WHEREAS, the parties have, to date, held three in-person mediation sessions with Retired Judge Donald J. O'Connell and, at Judge O'Connell's suggestion, have agreed to schedule an additional mediation session with just the Ameriquest Defendants, Servicers, and Third-Party Defendants, as a precursor to a continued global mediation with the Opt-Out Plaintiffs; and

WHEREAS, the Third-Party Defendants have requested that the "defendants only" mediation occur after the Court rules on their forthcoming motion to dismiss; and

WHEREAS, the parties have, to date, substantially limited discovery and motion practice in order to keep litigation costs at a minimum in order to facilitate settlement; and

WHEREAS, the Ameriquest Defendants and the Third-Party Defendants have agreed to informally exchange certain documents prior to the mediation; and

WHEREAS it would benefit all parties, and advance considerations of judicial economy, to enter a new scheduling order for all Opt-Out cases which (1) sets a realistic schedule for the

completion of discovery, the designation of experts, and the filing of dispositive motions; and (2) facilitates settlement of as many cases as possible

NOW THEREFORE, the parties respectfully request that the Court enter the following scheduling order:

1.     The existing deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint are stricken.

2.     As soon as reasonably practicable following the Court's ruling on the forthcoming motion to dismiss the Fifth Amended Third-Party Complaint, the Ameriquest Defendants, the Third-Party Defendants, and the Servicers shall schedule and participate in a mediation session with Judge O'Connell.  Thereafter, as soon as reasonably practicable, the Ameriquest Defendants, Third-Party Defendants, Servicers, and the Opt-Out Plaintiffs shall schedule and participate in a mediation session with Judge O'Connell.

3.     At the request of each Third Party Defendant (which request must be made within fourteen (14) days of this Order), Third-Party Plaintiffs shall produce to each Third Party Defendant the particular loan files related to claims against it.  Each Third Party Defendant shall produce to Third Party Plaintiffs documents related to claims asserted against the Third Party Defendants.  The above-referenced productions shall be made no later than sixty (60) days from the date of this Order, and must be made simultaneously at the election of either the Third-Party Plaintiffs or the Third-Party Defendants.  All other discovery related to the

Opt-Out Claims by any party in this case is stayed until the Rule 26(f) Conference scheduled by this Order.

4.    The parties will conduct a Rule 26(f) conference on an agreed upon date within 30 days of the date of this Order.

5.    The parties will submit a Proposed Stipulated Scheduling Order regarding the deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint within 14 days of the parties' Rule 26(f) conference.

6.    The status hearing on July 9, 2009 at 10:00 AM is stricken.

7.    Any objection to this Stipulation must be filed within 10 days of the date on which this Stipulation is filed.  This Stipulation, and any Order subsequently issued by the Court, shall apply to all Opt-Out Plaintiffs and Third-Party Defendants who do not file a timely written objection.  In the event that a timely objection is filed, the parties, or any of them, may file a written response to the objection within 10 days.

**IT IS SO STIPULATED:**

Dated:  July 7, 2009                    By:/s/ Charles M. Delbaum_____
                                           *Attorneys for Certain Opt-Out Plaintiffs*

                                           Charles M. Delbaum
                                           National Consumer Law Center
                                           77 Summer Street, 10th Floor
                                           Boston, MA 01220
                                           (617) 266-0313


Dated:  July 7, 2009                    By:/s/ Daniel S. Blinn_____
                                           *Attorneys for Certain Opt-Out Plaintiffs*

                                           Daniel S. Blinn
                                           Consumer Law Group
                                           35 Cold Spring Rd., Suite 512
                                           Rocky Hill, CT 06067
                                           (860) 571-0408


Dated:  July 7, 2009                    By:/s/ Thomas J. Wiegand_____
                                           *Attorneys for Argent Mortgage Company,
                                           LLC*

                                           Thomas J. Wiegand
                                           WINSTON & STRAWN LLP
                                           35 W. Wacker Drive
                                           Chicago, IL 60601-9703

Dated:   July 7, 2009

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc. CitiFinancial Mortgage; CitiResidential Lending Inc.; Deutsche Bank National Trust Company, as Trustee; HSBC Mortgage Services Inc.; GMAC ResCap; Barclays Capital; US Bank; Litton Loan Servicing; Merrill Lynch Credit Corp. ; Wells Fargo Bank, as Trustee; WM Specialty Mortgage LLC; Countrywide; Wilshire Credit Corp.; and Bank of NY Trust Co.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER,
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

Dated:   July 7, 2009

By: /s/ David Chizewer
*Attorneys for Certain Opt-Out Plaintiffs*

David Chizewer
Goldberg Kohn
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-3938

BN 3888252v1

## [PROPOSED] ORDER

Counsel for Defendants and Opt-Out Plaintiffs having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1.  The existing deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint are stricken.

2.  As soon as reasonably practicable following the Court's ruling on the forthcoming motion to dismiss the Fifth Amended Third-Party Complaint, the Ameriquest Defendants, the Third-Party Defendants, and the Servicers shall schedule and participate in a mediation session with Judge O'Connell. Thereafter, as soon as reasonably practicable, the Ameriquest Defendants, Third-Party Defendants, Servicers, and the Opt-Out Plaintiffs shall schedule and participate in a mediation session with Judge O'Connell.

3.  At the request of each Third Party Defendant (which request must be made within fourteen (14) days of this Order), Third-Party Plaintiffs shall produce to each Third Party Defendant the particular loan files related to claims against it. Each Third Party Defendant shall produce to Third Party Plaintiffs documents related to claims asserted against the Third Party Defendants. The above-referenced productions shall be made no later than sixty (60) days from the date of this Order, and must be made

simultaneously at the election of either the Third-Party Plaintiffs or the Third-Party Defendants.   All other discovery related to the Opt-Out Claims by any party in this case is stayed until the Rule 26(f) Conference scheduled by this Order.

4.     The parties will conduct a Rule 26(f) conference on an agreed upon date within 30 days of the date of this Order.

5.     The parties will submit a Proposed Stipulated Scheduling Order regarding the deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint within 14 days of the parties' Rule 26(f) conference.

6.     The status hearing on July 9, 2009 at 10:00 AM is stricken.

**IT IS SO ORDERED.**

_____
The Honorable Marvin E. Aspen
The Honorable Morton Denlow

**CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 8th day of July 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

# EXHIBIT Q

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Magistrate Judge Morton Denlow |

*m.s*

~~[PROPOSED]~~ **ORDER**

Counsel for Defendants and Opt-Out Plaintiffs having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1.  The existing deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint are stricken.

2.  As soon as reasonably practicable following the Court's ruling on the forthcoming motion to dismiss the Fifth Amended Third-Party Complaint, the Ameriquest Defendants, the Third-Party Defendants, and the Servicers shall schedule and participate in a mediation session with Judge O'Connell. Thereafter, as soon as reasonably practicable, the Ameriquest Defendants, Third-Party Defendants, Servicers, and the Opt-Out Plaintiffs shall schedule and participate in a mediation session with Judge O'Connell.

6312.002

3.      At the request of each Third Party Defendant (which request must be made within fourteen (14) days of this Order), Third-Party Plaintiffs shall produce to each Third Party Defendant the particular loan files related to claims against it. Each Third Party Defendant shall produce to Third Party Plaintiffs documents related to claims asserted against the Third Party Defendants. The above-referenced productions shall be made no later than sixty (60) days from the date of this Order, and must be made simultaneously at the election of either the Third-Party Plaintiffs or the Third-Party Defendants. All other discovery related to the Opt-Out Claims by any party in this case is stayed until the Rule 26(f) Conference scheduled by this Order.

4.      The parties will conduct a Rule 26(f) conference on an agreed upon date within 30 days of the date of this Order.

5.      The parties will submit a Proposed Stipulated Scheduling Order regarding the deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint within 14 days of the parties' Rule 26(f) conference.

6.      The status hearing on July 9, 2009 at 10:00 AM is stricken.

**IT IS SO ORDERED.**

_____
The Honorable Marvin E. Aspen
The Honorable Morton Denlow

July 8, 2009

-2-

# EXHIBIT R

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

### [~~PROPOSED~~] ORDER

Counsel for Defendants and Opt-Out Plaintiffs having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1. The existing deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint are stricken.

2. After September 18, 2009 and as soon as reasonably practicable following: (i) the Court's ruling on the forthcoming motion to dismiss the FATPC, or (ii) if the Ameriquest Defendants file a further amended third party complaint on or before the September 18, 2009 filing deadline, the Court's ruling on any dispositive motions filed in response to that complaint, the Ameriquest Defendants, the Third-Party Defendants, and the Servicers shall schedule and participate in a mediation session with Judge O'Connell. Thereafter, as soon as reasonably practicable, the

Ameriquest Defendants, Third-Party Defendants, Servicers, and the Opt-Out Plaintiffs shall schedule and participate in a mediation session with Judge O'Connell.

3.    At the request of each Third-Party Defendant who has already been served with a copy of the FATPC or previously filed complaint (which request must be made within the later of fourteen (14) days from the date of this Order or thirty (30) days from the date of service on the Third-Party Defendant), Third-Party Plaintiffs shall produce to each Third-Party Defendant the particular loan files related to claims against it including documents such as title policies and title commitments (or in the event that Third-Party Plaintiffs do not refer to a "loan file" the documents relating to the closing of the particular loan or loans at issue and any agreement with the Third-Party Defendants that governed the closing of the particular loan or loans at issue). Each Third-Party Defendant shall produce to Third-Party Plaintiffs the particular loan file(s) at issue (or in the event that Third-Party Defendants do not refer to a "loan file" the documents relating to the closing of the particular loan or loans at issue and any agreement with the Third-Party Plaintiffs that governed the closing of the particular loan or loans at issue). The productions shall be made by Third-Party Plaintiffs and Third-Party Defendants simultaneously: (i) with fifty (50) files or less, no later than sixty (60) days, (ii) with more than fifty (50) files, no later than ninety (90) days, all from the date on which Third-Party Plaintiffs provide to the Third-Party Defendants information sufficient for the Third-Party Defendants to locate the files at issue. If the information

provided by Third-Party Plaintiffs is insufficient for the Third-Party Defendant to locate the relevant files or if the number of files needed to be produced by a particular Third-Party Defendant is so voluminous that above-referenced time frames are not sufficient time to supply production, the Third-Party Defendant shall notify the Third-Party Plaintiffs promptly and they shall attempt to negotiate an alternate schedule that is fair to both parties. All other discovery related to the Opt-Out Claims by any party in this case is stayed until the Rule 26(f) Conference scheduled by this Order.

4.     The parties will conduct a Rule 26(f) conference on an agreed upon date within thirty (30) days of the date of this Order.

5.     The parties will submit a Proposed Stipulated Scheduling Order regarding the deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint within 14 days of the parties' Rule 26(f) conference.

6.     The status hearing on July 9, 2009 at 10:00 AM is stricken.

7.     Any objection to this Stipulation must be filed within 10 days of the date on which this Stipulation is filed. This Stipulation, and any Order subsequently issued by the Court, shall apply to all Opt-Out Plaintiffs and Third-Party Defendants who do not file a timely written objection. In the event that a timely objection is filed, the parties, or any of them, may file a written response to the objection within 10 days.

-3-

8.     This Order supersedes the Order previously entered by this Court on July

8, 2009 (Docket. No. 2933).

**IT IS SO ORDERED.**

_Morton Denlow_
_____
The Honorable Marvin E. Aspen
The Honorable Morton Denlow

Date: July 23, 2009

-4-

# EXHIBIT S

## DECLARATION OF CATHERINE A. CEKO

I declare under penalty of perjury under the laws of the United States and Illinois that the foregoing is true and correct:

1. I am an associate attorney at Edelman Combs Latturner & Goodwin, LLC.

2. On January 6, 2009, I signed a letter to all of the attorneys that we know to be representing plaintiffs in the Ameriquest MDL, requesting that they contact me if any of their clients have claims that should be included in the re-filed motion for summary judgment on the monthly disclosure claim decided in *Hamm v. Ameriquest Mortgage Corporation*, 506 F.3d 525 (7th Cir. 2007).

3. In accordance with my instructions, my paralegal Aziza Khatoon then emailed this letter to: charlesmbaird@att.net, keith@keoghlaw.com, peter.lachmann@sbcglobal.net, aabergmen@aol.com, charles@thompsonanddeveny.com, aburke@keoghlaw.com, plb@attyplb.com, evieth@simonpassanante.com, black-law@comcast.net, royce.lanning@geblawyers.com, johnsonlawoffice@att.net, cmahoney@gmf-law.com, bod@wellsjenkin.com, khaeberle@fklaw.com, bill.robertson@beasleyallen.com, jmyers@las.org, and kasiegesmund@midmnlegal.org. Aziza Khatoon also copied partner attorney Cathleen M. Combs and me on this email.

Executed this _20th_ day of November, 2009.

_Catherine Ceko_

Catherine A. Ceko