DC BK09205 PG174

Cause No. D-1-GV-09-001218

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | TRAVIS COUNTY, TEXAS |
| TEXAS NATIONS TITLE AGENCY, INC.<br>Defendant | §<br>§<br>§ | 201st JUDICIAL DISTRICT |

NOTICE MAILED

Filed In The District Court of Travis County, Texas
JUL 16 2009
At 1:44 P.M.
Amalia Rodriguez-Mendoza, Clerk

### AGREED ORDER APPOINTING LIQUIDATOR AND PERMANENT INJUNCTION

On this day, the Court heard the *Application for Order Appointing Liquidator and Request for Injunctive Relief* ("Application") filed by the State of Texas, at the request of the Commissioner of Insurance for the State of Texas ("Commissioner"). The Application requests an order placing Defendant, Texas Nations Title Agency, Inc., into liquidation pursuant to TEX. INS. CODE Chapter 443 (the "Insurer Receivership Act"), and appointing the Commissioner as Liquidator of Defendant. The Application also requests a Permanent Injunction pursuant to TEX. INS. CODE § 443.008, restraining Defendant and its agents from conducting Defendant's business, and restraining other parties from taking any actions against Defendant or its property.

The State of Texas appeared by and through the Office of the Attorney General. Having considered the Plaintiff's verified petition, the evidence presented and the arguments of counsel, the Court issues this Order granting the Application.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

### I. FINDINGS OF FACT



1.1. Defendant is a title insurance agent as defined in TEX. INS. CODE §2501.003, and is a "covered person" as is defined in TEX. INS. CODE §443.003 (4).

DC BK09205 PG175

1.2 Defendant does not have assets at least equal to all of its liabilities.

1.3 Defendant's escrow accounts are deficient, and Defendant is unable to pay all obligations due under escrow agreements as a result of a shortage of funds.

1.4 Defendant has waived citation and service of process, and has consented to the entry of this order.

## II. CONCLUSIONS OF LAW

2.1 This Court has jurisdiction over the parties and the subject matter of this action under TEX. INS. CODE § 443.005(c).

2.2 Grounds have been established to place Defendant into liquidation under TEX. INS. CODE § 443.057. These grounds include, but are not limited to, the finding that Defendant is insolvent as that term is defined in TEX. INS. CODE § 443.004 (a)(13).

2.3 In accordance with TEX. INS. CODE § 443.058, Plaintiff is entitled to an order of liquidation, and the Commissioner must be appointed as Liquidator of Defendant pursuant to TEX. INS. CODE § 443.151.

2.4 The Liquidator shall be vested by operation of law with title to all of Defendant's property as defined in TEX. INS. CODE § 443.004 (a)(20). Such property shall include property of any kind or nature, whether real, personal, or mixed, including but not limited to money, funds, cash, stock, bonds, account deposits, statutory deposits, special deposits, contents of safe deposit boxes, funds held in shared, escrow or trust accounts, retainages and retainers, letters of credit, real estate, fixtures, furniture, equipment, books, records, documents and insurance policies, intellectual property, computer software and systems, information technology, internet domain names, patents and intangible assets, whether

Agreed Order Appointing Liquidator and Permanent Injunction

DC BK09205 PG176

owned individually, jointly, or severally, wherever located, and all rights, claims or causes of action belonging to Defendant, whether asserted or not, including but not limited to accounts receivable, notes, premiums, subrogation, insurance and reinsurance proceeds, and all licenses held by Defendant (collectively, "Defendant's Property"). The Liquidator's title shall extend to Defendant's Property regardless of the name in which such items are held, or where such items are located.

2.5 Pursuant to TEX. INS. CODE § 443.151 (a), the Liquidator shall be directed to take possession and control of Defendant's Property, and of trust or escrow funds and related accounts and records held by Defendant. Trust or escrow funds held for the benefit of others are not general assets of Defendant as defined in TEX. INS. CODE § 443.004 (a)(9).

2.6 Upon the designation of Defendant as an "impaired agent" as defined in TEX. INS. CODE §2602.003, the Texas Title Insurance Guaranty Association ("Guaranty Association") shall become responsible for paying "covered claims" of Defendant resulting from a shortage of funds in an escrow account as provided in TEX. INS. CODE Chapter 2602. The Guaranty Association shall be entitled to any records, escrow accounts and funds held in such accounts necessary to fulfill these duties.

2.7 The Liquidator may take action as he deems necessary or appropriate to perform his duties pursuant to TEX. INS. CODE § 443.151. The Liquidator shall have all the powers of Defendant's directors, officers and managers, and the authority of such persons is suspended except as specifically permitted by the Liquidator or his designees.

2.8 Defendant and Defendant's agents shall be required to cooperate with the Liquidator and his designees pursuant to TEX. INS. CODE § 443.010.



Agreed Order Appointing Liquidator and Permanent Injunction

DC BK09205 PG177

2.9 Defendant is not a domestic insurance company exempted from bankruptcy under 11 U.S.C. § 109. As the Liquidator shall be vested with all legal remedies available to Defendant pursuant to TEX. INS. CODE § 443.154 (w), the Liquidator shall have the exclusive authority to exercise any right of Defendant to seek bankruptcy protection.

2.10 It is necessary for this Court to issue a permanent injunction pursuant to TEX. INS. CODE §443.008 (a) to carry out the provisions of TEX. INS. CODE Chapter 443, and prevent irreparable injury, loss and damage to the general public and Defendant's creditors. A necessity exists to enjoin Defendant and Defendant's agents from conducting Defendant's business, except as specifically permitted by the Liquidator or his designees; to enjoin financial institutions or depositories from taking any actions in connection with Defendant's property, except as authorized by the Liquidator or his designees; and to enjoin all claimants or creditors from asserting claims or causes of action against Defendant, except as permitted by the Insurer Receivership Act.

2.11 Pursuant to TEX. INS. CODE § 443.008 (a), this Court may issue any stay or injunction as necessary or appropriate to carry out the provisions of the Insurer Receivership Act. In order to prevent irreparable injury, loss and damage to Defendant's escrow claimants, a necessity exists to stay and enjoin any actions against escrow claimants resulting from Defendant's failure to disburse escrow funds, unless and until all remedies under the Insurer Receivership Act and TEX. INS. CODE Chapter 2602 have been fully exhausted.

2.12 TEX. INS. CODE § 443.001(b) provides that the Insurer Receivership Act may not be interpreted to limit the powers granted to the Commissioner under other provisions of law. Accordingly, this *Order Appointing Liquidator and Permanent Injunction* shall not be construed as a limitation of the Commissioner's powers granted under such provisions.

Agreed Order Appointing Liquidator and Permanent Injunction                                              Page 4

DC  BK09205 PG178

### III. APPOINTMENT OF LIQUIDATOR

The Commissioner is appointed as Liquidator of Defendant, and granted the following duties and powers:

3.1  The Liquidator is granted and given all powers and authority under TEX. INS. CODE § 443.151 *et seq*, and any and all other powers and authority under applicable statutes and the common law of this State.

3.2  Pursuant to TEX. INS. CODE § 443.151 (a), title to all of Defendant's Property, including but not limited to all the assets and rights described in this *Order Appointing Liquidator and Permanent Injunction*, is vested in the Liquidator.

3.3  Pursuant to TEX. INS. CODE § 443.151 (a), the Liquidator is directed to take control and possession of Defendant's Property, wherever located, and remove all such property from Defendant's premises. The Liquidator is authorized to withdraw Defendant's Property from any banks, financial institutions and other depositories, agencies of any state or the federal government, and any other entities, or continue the operation of any accounts of Defendant, at his discretion. The Liquidator is vested by operation of law with the rights of Defendant as the customer of any financial institution.

3.4  The Liquidator shall have possession and control of any trust or escrow funds and related accounts and records held by Defendant. The Liquidator is authorized to disburse or transfer such trust or escrow funds and related accounts and records as he deems necessary to carry out his duties, including but not limited to fulfilling Defendant's obligations under escrow agreements; implementing Defendant's responsibilities under rules adopted under 28 TEX. ADMIN. CODE §9.1; facilitating the Guaranty Association's

DC BK09205 PG179

duties under TEX. INS. CODE Chapter 2602 and effectuating its access to records under TEX. INS. CODE § 443.154 (n); or complying with any other applicable law.

3.5 The Liquidator is authorized to conduct Defendant's business, administer Defendant's operations, and enter into any contracts necessary to perform the Liquidator's duties, at his discretion pursuant to TEX. INS. CODE § 443.154.

3.6 The Liquidator is authorized to supervise, suspend, terminate, or dismiss any or all of the agents, employees, officers, and/or directors of Defendant's or retain such persons at his discretion, and compensate them as he deems necessary from Defendant's funds.

3.7 The Liquidator is authorized to exclude any person from any property owned, leased or occupied by Defendant, at his discretion.

3.8 The Liquidator is authorized to assume or reject contracts with Defendant at his discretion pursuant to TEX. INS. CODE § 443.013.

3.9 The Liquidator shall be vested with all legal remedies available to Defendant pursuant to TEX. INS. CODE § 443.154 (w). The Liquidator is authorized to file, prosecute, defend, or settle any action as he deems necessary, including any action to enforce the provisions of this *Order Appointing Liquidator and Permanent Injunction*. Further, the Liquidator has the exclusive authority to exercise any right of Defendant to seek bankruptcy protection under 11 U.S.C. § 109 if he determines it is appropriate.

3.10 The Liquidator is authorized to receive, collect, control, open and review all mail addressed to or intended for Defendant, or arriving at Defendant's address.

3.11 The Liquidator is authorized to appoint a special deputy and retain any other professional, administrative, and clerical services as he deems necessary pursuant to TEX. INS. C

DC BK09205 PG180

443.154 (a). The Liquidator is further authorized to set the compensation of such persons, and pay for such services from Defendant's funds pursuant to TEX. INS. CODE § 443.015 (e). The Liquidator's designees and any Special Deputy appointed under TEX. INS. CODE § 443.154 (a) shall have all the rights and powers of the Liquidator, subject to any limitations imposed by the Liquidator.

3.12  Pursuant to TEX. INS. CODE § 443.008 (m), no bond is required by the Commissioner.

3.13  In the event a successor is appointed to be the Commissioner, the successor shall become the Liquidator upon his appointment as Commissioner, and the former Commissioner shall be discharged as Liquidator as a matter of law.

## IV. PERMANENT INJUNCTION

The Clerk of this Court shall issue a Permanent Injunction against the persons and entities named below, with the following force and effect:

TO:  **Defendant and its agents, including but not limited to:**
Defendant, its owners (including but not limited to Nations Holding Company), affiliates (including but not limited to Nations Title Agency, Inc.), current and former officers, trustees and directors (including but not limited to Sheryl L. Russi, Larry Likens and Randy Larson), underwriters, managers, employees, agents, servants, representatives, attorneys, adjusters and other persons or entities acting on behalf of Defendant;

**Financial institutions, including but not limited to:**
any and all banks, savings and loan associations; trust companies; credit unions; welfare trusts; or any other financial or depository institutions in the possession of any of Defendant's property (including but not limited to Bank of America); and

**All other parties, including but not limited to:**
creditors, claimants, insurers, intermediaries, attorneys and all other persons, associations, corporations, or any other legal entities asserting claims or causes of action against Defendant, or in possession of any of Defendant's Property, and the United States Postmaster.

Each of you are hereby RESTRAINED and ENJOINED from taking any and all of the following actions:

DC BK09205 PG181

4.1 Doing, operating, or conducting Defendant's business under any charter, certificate of authority, license, permit, power or privilege belonging to or issued to Defendant, or exercising any direction, control, or influence over Defendant's business, except through the authority of the Liquidator or his designees;

4.2 Transacting any business of Defendant's in any manner except through the authority of the Liquidator or his designees;

4.3 Wasting, disposing of, converting, dissipating, using, releasing, transferring, selling, assigning, canceling, hypothecating, withdrawing, allowing to be withdrawn, offsetting, concealing, in any manner, or removing from this Court's jurisdiction or from Defendant's place of business, any of Defendant's Property, or any other items purchased by Defendant, or any items into which such property has been transferred, deposited or placed, or any other items owned by Defendant's, wherever located, except through the authority of the Liquidator or his designees;

4.4 Releasing, transferring, selling, assigning or asserting ownership of, in any manner, any claims, accounts receivable, or causes of action belonging to Defendant, whether asserted or not, except through the authority of the Liquidator or his designees;

4.5 Doing anything, directly or indirectly, to prevent the Liquidator or his designees from gaining access to, acquiring, examining, or investigating any of Defendant's Property or any other property, books, documents, records, or other materials concerning Defendant's business, under whatever name they may be found;

4.6 Interfering with these proceedings or with the lawful acts of the Liquidator or his designees in any way;

Agreed Order Appointing Liquidator and Permanent Injunction    Page 8

DC BK09205 PG182

4.7 Intervening in this proceeding for the purpose of obtaining a payment from the receivership estate of Defendant as prohibited by TEX. INS. CODE § 443.005(i);

4.8 Making any claim, charge or offset, or commencing or prosecuting any action, appeal, or arbitration, including administrative proceedings, or obtaining any preference, judgment, attachment, garnishment, or other lien, or making any levy against Defendant, Defendant's Property or any part thereof, or against the Liquidator, except as permitted by the Insurer Receivership Act and TEX. INS. CODE Chapter 2602.

4.9 Taking any action against an escrow claimant resulting from Defendant's failure to disburse escrow funds, including but not limited to making any claim, charge or offset, commencing or prosecuting any action, foreclosure, appeal, or arbitration, including administrative proceedings, or obtaining any judgment, attachment, garnishment, or other lien, or making any levy, unless and until all remedies under the Insurer Receivership Act and TEX. INS. CODE Chapter 2602 have been fully exhausted.

EACH OF YOU ARE FURTHER SPECIFICALLY ORDERED to make available and disclose to the Liquidator or his designees the nature, amount, and location of Defendant's Property, and immediately surrender all such property to the Liquidator or his designees.

## V. AUTOMATIC STAY

5.1 An automatic stay is in effect with respect to actions against Defendant or its property as provided by TEX. INS. CODE § 443.008 (c). In accordance with TEX. INS. CODE § 443.008 (f), such stay of actions against Defendant is in effect for the duration of this proceeding, and the stay of actions against Defendant's property is in effect for as long as the property belongs to the receivership estate. The stays in effect pursuant to TEX.

DC BK09205 PG183

CODE § 443.008 shall be applicable to any actions described therein commenced either before or after the entry of this *Order Appointing Liquidator and Permanent Injunction.*

5.2 Pursuant to TEX. INS. CODE § 443.008 (a), a stay is in effect with respect to any actions against escrow claimants resulting from Defendant's failure to disburse escrow funds. Such stay shall remain in effect unless and until all remedies under the Insurer Receivership Act and TEX. INS. CODE Chapter 2602 have been fully exhausted.

5.3 In accordance with TEX. INS. CODE § 443.001 (b), stays under the Insurer Receivership Act do not limit the Commissioner's powers granted under other provisions of law.

## VI. OTHER ORDERS

6.1 This *Order Appointing Liquidator and Permanent Injunction* shall issue and become effective immediately, and shall constitute a final judgment pursuant to TEX. INS. CODE § 443.055 (b), provided that this Court shall retain jurisdiction to issue further orders pursuant to the Insurer Receivership Act.

6.2 This *Order Appointing Liquidator and Permanent Injunction* shall continue in full force and effect until the entry of an order by this Court terminating liquidation under TEX. INS. CODE § 443.352.

6.3 The State of Texas and the Attorney General of Texas shall have a claim for reasonable attorneys' fees and court costs pursuant to TEX. CIV. PRAC. & REM. CODE §§ 64.051 and 66.003 and TEX. GOV'T CODE § 402.006, and the amount and payment of such claim are subject to the provisions of TEX. INS. CODE Chapter 443.



DC BK09205 PG184

6.4 This *Order Appointing Liquidator and Permanent Injunction* shall not be construed to limit the rights of the Commissioner or the Texas Department of Insurance to take any administrative action or issue any administrative order pursuant to TEX. INS. CODE.

6.5 Notice of Plaintiff's petition and this *Order Appointing Liquidator and Permanent Injunction* shall be provided under TEX. INS. CODE § 443.052 (b) by first class mail or electronic communication.

6.6 The Guaranty Association is authorized to accept any escrow accounts transferred from the Liquidator for the purpose of paying claims, and may hold and distribute funds from such accounts in accordance with TEX. INS. CODE Chapter 2602. As provided by TEX. INS. CODE §§ 443.017 (a) and 443.154 (n), the Guaranty Association is entitled to Defendant's records necessary to fulfill its obligations, wherever located, including but not limited to records held by a financial institution or storage facility.

6.7 Anyone over the age of 18 whom is not a party to nor interested in the outcome of this suit may serve all citations, writs and notices in this cause.

6.8 All of the foregoing is subject to further orders of this Court.

SIGNED at Austin, Travis County, Texas, on this the 16th day of July 16, 2009, at 1:40 o'clock P. .m.

_____
DISTRICT JUDGE PRESIDING



Agreed Order Appointing Liquidator and Permanent Injunction    Page 11

DC BK09205 PG185

AGREED this 16th day of July, 2009:

_____
Jay Thompson
State Bar No. 19921500
Thompson, Coe, Cousins & Irons, L.L.P.

ATTORNEYS FOR TEXAS NATIONS TITLE AGENCY,
INC. AND NATIONS HOLDING COMPANY

_____
Joshua R. Godbey
State Bar No. 24049996
Assistant Attorney General
Financial Litigation Division

ATTORNEYS FOR PLAINTIFF
THE STATE OF TEXAS

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 10-13-09
AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy:

