*EXHIBIT 1*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>BORROWER CLASS PLAINTIFFS' ACTIONS | |

### DECLARATION OF GARY KLEIN IN SUPPORT OF PRELIMINARY APPROVAL

I, GARY KLEIN, hereby declare as follows:

1. I am a partner in the law firm Roddy Klein & Ryan, Co-Lead Counsel for the Borrower Class Plaintiffs in this action. I make this Declaration of my own personal knowledge, and if called to testify, I could and would testify competently to the matters stated herein. This Declaration is provided in support of Borrower Class Plaintiffs' Assented To Motion for Preliminary Approval of Class Action Settlement.

2. I am an attorney with extensive experience representing consumers and other plaintiffs in class actions and unfair business practices litigation. To demonstrate my qualifications to represent the proposed Settlement Class in this action and the basis for my recommendation that the Court grant preliminary approval of the proposed class action settlement reached in this case, I will summarize my background and qualifications below.

3. I have been admitted to practice before the Massachusetts Supreme Judicial Court since 1992 and have been an attorney representing consumers since 1985.

I was admitted to the Supreme Court of Pennsylvania in 1985.  I am also admitted to various other courts including the Courts of Appeals for the First, Third, Sixth and Seventh Circuits and the United States Supreme Court.

4. I am a graduate of Rutgers Law School (J.D., 1985) and Yale University (B.A., 1980).

5. I have represented consumers in individual cases and class actions since 1985 in all areas of consumer practice including warranties, mortgage lending, Truth in Lending, Truth in Leasing, predatory lending, abusive debt collection, unfair and deceptive business practices, lending discrimination, and bankruptcy.

6. From 1991-2000, I was a staff attorney at the National Consumer Law Center in Boston, a non-profit law firm representing the interests of low-income consumers in court and in various legislatures.

7. While at the National Consumer Law Center, I co-authored a nationally known treatise on Truth in Lending law as well as numerous other books on consumer law issues.

8. A true and correct copy of my resume is attached to this declaration. A true and correct copy of the biography of Shennan Kavanagh, another Roddy Klein & Ryan attorney who has been substantially involved in the day-to-day activities of this case, is also attached to this declaration.

9. I am currently a partner at Roddy Klein & Ryan. In addition to this case, RKR is currently court appointed Lead Counsel in two multi-district litigation proceedings that address various mortgage lending practices:

- *In re Wells Fargo Mortgage Lending Practices Litigation*, 08-cv-1930

> MMC (N.D. Cal.) (pending challenges to discriminatory mortgage lending practices).
> - *In re Countrywide Financial Corp. Mortgage Lending Practices Litigation*. MDL No. 1974 (W.D. Ky.) (pending challenges to discriminatory mortgage lending practices).

10. My firm has obtained several hundred million dollars in restitution and debt forgiveness for consumers by successfully asserting state and federal consumer credit law claims on their behalf. A partial listing of litigated cases includes the following:

- *In re Household Lending Litigation*, Case No. C 02-1240 CW (N.D. Cal.) ($172 million settlement on behalf of nationwide class of home mortgage borrowers injured by predatory mortgage lending practices);
- *Curry v. Fairbanks Capital Corporation*, 03-10875-DPW (D. Mass.) ($55,000,000 settlement of nationwide class action based on predatory loan servicing practices on behalf of class of 750,000 borrowers; co-counsel with National Consumer Law Center);
- *Cummins v. H & R Block, Inc.,* et al., Case No. 03-C-134 (Kanawha County, West Virginia) ($5.8 million settlement on behalf of state-wide class of Ohio consumers who obtained H&R Block tax refund anticipation loans. This settlement was consolidated with a nationwide settlement of the same claims, providing $62.5 million nationwide);
- *Coleman v. GMAC*, Civ. No. 3-98-0211 (M.D. Tenn.) (class action settlement in favor of nationwide class of minority consumer car buyers for violations of Equal Credit Opportunity Act);
- *Mey v. Herbalife*, (class settlement of claims under the telephone consumer protection act).
- *Pettway v. Harmon Law Offices PC* (class settlement of claims for overcharges against foreclosure law firm).
- *Sanders v. NCO*, (class settlement of claims under the FDCPA and state law for harassing debt collection contacts)
- *Vieau v. AGFA Corp.* (class action settlement for failure to provide necessary maintenance service to lessors of digital photographic processing equipment);

- *Du v. Worldcom*, Case No. 02-13533 (US Bankruptcy Court, SDNY) (approximate $6 million settlement based on Chapter 11 bankruptcy plan distribution schedule on behalf of nationwide class of MCI/WorldCom subscribers subject to promotion promising free minutes);

- *Lowe v. Ford Motor Credit*, Case No. 99 CVF 15806 (Cuyahoga County, Ohio) ($22 million settlement on behalf of state-wide class of car owners subject to flawed repossession practices);

- *Claudio v. Lance Acceptance Corp.*, Case No. 04 CVF 137406 (Lorain County, Ohio) ($5.6 million settlement on behalf of state-wide class of car owners subject to flawed repossession practices);

- *Sanborn v. Nicholas Financial, Inc.,* Case No. 04 CVI 6969 (Cleveland Municipal Court, Ohio) ($1.3 million settlement on behalf of state-wide class of car owners subject to flawed repossession practices);

- *Mendez v. Island Finance Corporation*, 03-1075-JAF (D. P.R.) ($1,500,000 settlement of class action alleging violations of the Truth in Lending Act);

- *Torres v. Associates Financial Services*, et al, CN 03:2003 cv 01135 (D. P.R.) (class action settlement in favor of class of homeowners in Puerto Rico who received truth in lending disclosures which understated the cost of the loan);

- *Horowitz v. Boch Motor, Inc., et al,* Norfolk Superior Court, Massachusetts, Civ. No. 01-659 (settlement on behalf of statewide class of consumer car buyers for violations of law prohibiting certain practices in sale of ancillary theft deterrent products);

- *Cason v. Nissan Motor Acceptance Corp*, Civ. No. 3-98-0223 (M.D. Tenn.) (class action settlement in favor of nationwide class of minority consumer car buyers for violations of Equal Credit Opportunity Act);

- *Dwyer et al. v. NSTAR, Inc. et al.,* No. SUCV2001-01817 (Ma. Sup.) (class action settlement of consumer claims related to utility overcharge based on misclassification of billing rate);

- *Lewis v. National Grid [USA], Inc*, Hampshire Superior Court, Civil Action No. 01-0232 (class action settlement in favor of regional class of utility customers);

- *Terry v. Shaw's Supermarkets,* Norfolk Superior Court, Massachusetts, 03-CV-02124 (putative class action on behalf of statewide class of consumers who overpaid for groceries because of scanning errors, settlement discussions ongoing during litigation moratorium);

- *Garoaian v. Stop & Shop Companies, Inc.,* Middlesex Superior Court, Massachusetts, 03-CV-4702 (putative class action on behalf of statewide class of consumers who overpaid for groceries because of scanning errors, settlement discussions ongoing during litigation moratorium);

- *Brown v. Gibraltar Savings Bank, et al*, No. L-710-99, Superior Court of New Jersey, Law Division, Cumberland County and *Carrasco v. Parkway Mortgage and Fidelity Security Life Ins. Co.*, No. No. L- 00-4815-99, Superior Court of New Jersey, Law Division, Camden County (consolidated class action settlement in favor of statewide class of credit insurance purchasers refunding unearned premiums);

- *Coley v. Guarantee Trust Life Ins. Co.,* No. 99-006680, Circuit Court of Cook County Illinois, Chancery Division (certified class in favor of statewide class of credit insurance purchasers to obtain refunds of unearned premiums, obtained summary judgment determination on behalf of class);

- *Patton v. JB Robinson Jewelers, Inc., et al,* CA No. 97-C-4151, United States District Court for the Northern District of Illinois and *York v. Weisfields Jewelers, Inc., et al,* CA No. 98-C-5227, United States District Court for the Northern District of Illinois s [MDL No. 1192] (class action settlement in favor of nationwide class of financed jewelry purchasers);

- *Migut v. Tandy Corporation,* No. 97-C-4800, United States District Court for the Northern District of Illinois (class action settlement in favor of nationwide class of bankruptcy debtors);

- *Mazola, et al v. The May Department Stores Company*, United States District Court, District of Massachusetts, Civil No. 97-10872-NG (class action settlement in favor of nationwide class of bankruptcy debtors);

- *Conley, et al v. Sears, Roebuck & Company*, CA No. 97-11149-PBS, United States District Court for the District of Massachusetts and *Brioso, et al v. Sears, Roebuck & Company*, 97-1222-CJK, United States Bankruptcy Court, District of Massachusetts [MDL No. 1185] (class action settlement in favor of nationwide class of bankruptcy debtors);

- *Donlevy v. First Commercial Mortgage Co., Inc, et al,* CA No. No. 96-11401-GAO, United States District Court, District of Massachusetts (class action settlement in favor of nationwide class of consumer mortgage borrowers);

- *Coppola, et al v. Wendover Funding, Inc, et al,* CA No. 96-11458-PBS, United States District Court, District of Massachusetts (class action settlement in favor of nationwide class of consumer mortgage borrowers);

- *Davis, et al v. GE Capital Mortgage Services, Inc.,* Civil No. 95-2043, United States District Court for the District of New Jersey (class action settlement in favor of national class of consumer mortgage borrowers);

- *Dwyer, et al v. Barco Auto Leasing Corporation, Barron Chevrolet, Inc., and Bernardi, Inc.,* CA No. 95 - 10888-WGY, United States District Court, District of Massachusetts (class action settlement as to the defendants Barron and Bernardi in favor of statewide class of consumer lessees of motor vehicles);

5

- *Black, et al v. Mitsubishi Motors Credit of America, Inc.,* Civil Action No. 94C-3055, United States District Court for the Northern District of Illinois, Eastern Division (class action settlement in favor of national class of consumer lessees of Mitsubishi motor vehicles);

11. Borrower Class Plaintiffs' counsel are experienced class action lawyers whose combined experience in mortgage lending and complex class action litigation, and current diligence and commitment to this litigation, will more than adequately protect the interests of the class. Counsel for the Ameriquest Defendants is similarly experienced.

12. The parties aggressively litigated this action for over three years before entering into settlement negotiations. The Ameriquest Defendants fought every issue and the parties engaged in substantial motion practice and invested significant funds to prosecute the case.

13. This Settlement was negotiated at arm's length by knowledgeable and experienced counsel during more than two years of contentious, often acrimonious discussions.

14. Throughout the settlement process, co-lead counsel weighed numerous factors, including without limitation, the benefits provided for under the Settlement to the Plaintiffs and the Class, the risks of continued litigation, the significant risk that the deteriorated financial condition of the Ameriquest Defendants would ultimately result in no recovery of any judgment obtained. Ultimately, after considering these and other factors, Co-lead counsel concluded that a settlement with the Ameriquest Defendants on the terms set forth in the Settlement is fair, adequate and reasonable and in the best interests of the Named Plaintiffs and Settlement Class Members.

15. There are no conflicts between the interests of the class representatives and the class.

16. The procedures for identifying Settlement Class members, providing notice of the proposed Settlement terms, and affording opportunities to object to or opt out of the Settlement are fair and sufficient.

17. Through the substantial formal and informal discovery exchanged with the Ameriquest Defendants, Co-Lead Counsel gained a thorough understanding of the merits, risks, and value of the case, and had more than sufficient information to determine, and to negotiate for, a fair resolution for the Class. Among other information, Co-Lead Counsel obtained 212,690 pages of loan files and other documents regarding company policies and procedures and corporate activities during the class period and several terabytes of computerized data about class member loan files. Co-Lead Counsel also took approximately 15 depositions, including depositions of Ameriquest's employees, officers, directors and managing agents. Prior to entering into this settlement, Class Counsel also reviewed a considerable amount of financial information regarding Ameriquest's assets, insurance policies, and revenue projections. Further, the Ameriquest Defendants have agreed, as part of the Settlement, to provide Borrower Class Plaintiffs with reasonable confirming discovery about Ameriquest's current financial condition.

18. In my opinion, based on my substantial experience as outlined above, the significant economic benefit to the classes, coupled with the foreclosure prevention services, demonstrates that the proposed Settlement is fair, reasonable, and appropriate and warrants the Court's preliminary approval in the circumstances present here, including the financial condition of the Ameriquest Defendants. Its terms are not only

7

fair, reasonable and adequate, but also are a very favorable result for the Settlement Class. The proposed Settlement provides substantial and concrete monetary benefits to Class members. Based on all of the foregoing factors, I therefore recommend that the Court grant preliminary approval of the Settlement.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Boston, Massachusetts on December 4, 2009.

                                               */s/ Gary Klein*
                                               Gary Klein

**GARY KLEIN, ESQUIRE**
**RODDY KLEIN & RYAN**
**727 Atlantic Ave.**
**Boston, MA 02111**
**Phone: (617) 357-5500**
**Fax: (617) 357-5030**
**Email: klein@roddykleinryan.com**
**Web: www.roddykleinryan.com**

**RESUME**

Mr. Klein is a nationally recognized expert on consumer law and litigation. His specialties include unfair business practice cases, federal and state consumer banking regulation, consumer protections for predatory lending, creation of sustainable homeownership opportunities, and lending discrimination. Mr. Klein has served as an expert witness in court cases and in Congress, authored numerous books and articles on consumer issues, and has been counsel in class action litigation in consumer law since 1986.

**PROFESSIONAL EXPERIENCE**

**RODDY KLEIN & RYAN – BOSTON, MA**
January 2001 – present

Roddy Klein & Ryan is a nationally known litigation firm specializing in consumer class actions with a particular focus on consumer financial services litigation. Mr. Klein is a partner in the firm.

**G.KLEIN CONSULTING – MEDFORD, MA**
January 2001 – present

Mr. Klein provides consulting and expert testimony on a variety of consumer credit issues.

**NATIONAL CONSUMER LAW CENTER -- BOSTON, MA**
1991 – 2000

Mr. Klein was a Senior Attorney and Director of the Center's Sustainable Homeownership Initiative. He was responsible for managing a wide range of grants and contracts, for writing many of the Center's well known publications on consumer law, and for various consulting and advocacy projects. His legislative advocacy included successfully lobbying Congress in 1994 in support of the Homeownership and Equity Protection Act (HOEPA) and organizing opposition to credit industry efforts to revise the nation's bankruptcy laws. Mr. Klein also served as co-counsel or as a consultant in more than 200 class action and individual consumer cases.

**NEW HAMPSHIRE LEGAL ASSISTANCE – MANCHESTER, NH.**
1991

Mr. Klein was managing attorney supervising an office of six attorneys and three legal advocates. He litigated predatory lending cases and contested bankruptcy issues.

**COMMUNITY LEGAL SERVICES, INC. -- PHILADELPHIA, PA.**
1985 – 1991

Mr. Klein specialized in housing, consumer, bankruptcy, utility, and domestic violence law for low-income Philadelphians in a preeminent legal services program. During his tenure, Mr. Klein tried more than 40 cases in various courts primarily addressing consumers' claims against finance companies for unfair lending practices.

**LAW CLERK TO THE HONORABLE BRUCE I. FOX, UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
September, 1987 – September, 1988

2

## EDUCATION

J.D. Rutgers University – Newark, 1985 (Editor in Chief: Civil Rights Law Journal)

B.A. Yale University, 1980

## BAR ADMISSIONS

United States Supreme Court
Supreme Judicial Court of Massachusetts
Supreme Court of Pennsylvania (inactive)
Supreme Court of New Hampshire (inactive)
First Circuit Court of Appeals
Second Circuit Court of Appeals
Third Circuit Court of Appeals
Fifth Circuit Court of Appeals
Sixth Circuit Court of Appeals
Seventh Circuit Court of Appeals

## PROFESSIONAL ASSOCIATIONS

- American Bankruptcy Institute (Board of Directors – 1999–2000)
- Coalition for Consumer Bankruptcy Education (Board of Directors)
- National Association of Consumer Bankruptcy Attorneys (Director, 1991–97)
- Lawyers Clearinghouse on Affordable Hsg. and Homelessness (Steering Committee, 1992–95)
- Boston Bar Association (member and former co-chair Class Action Subcommittee)
- Trial Lawyers for Public Justice (member) (nominee for Trial Lawyer of the Year –2004)

## PROFESSIONAL ACTIVITIES

### *Representative Litigation Projects*

Court Appointed Co-Lead Counsel, *In Re Ameriquest Mortgage Co.* Mortgage Lending Practices Litigation, MDL No. 1715 (N.D. Ill.) (pending challenge to subprime mortgage lending practices).

Court Appointed Co-Lead Counsel, In re Wells Fargo Mortgage Lending Practices Litigation, 08-cv-1930 MMC (N.D. Cal.) (pending challenges to discriminatory mortgage lending practices).

Court Appointed Co-Lead Counsel, In re Countrywide Financial Corp. Mortgage Lending Practices Litigation. MDL No. 1974(W.D. Ky.) (pending challenges to discriminatory mortgage lending practices).

*In re Household Lending Litigation,* Case No. C 02-1240 CW (N.D. Cal.) (settlement of nationwide class action based on predatory lending practices).

*Curry v. Fairbanks Capital Corporation*, 2004 WL 3322609, 03-10875-DPW (D. Mass.) (settlement of nationwide class action based on predatory loan servicing practices).

*Coleman v. General Motors Acceptance Corp.,* et al., 3-98-0211 (M.D.Tenn.) (class action settlement in case of first impression on the application of the Equal Credit Opportunity Act to discriminatory auto financing practices).

*Mey v. Herbalife International, Inc.*, Civil Action Number, 01-263M (Ohio County, W. VA) (class settlement of claims under the federal Telephone Consumer Protection Act).

*Pettway v. Harmon Law Offices PC*, C.A. No. 03-10932 (D. Mass) (class settlement of claims for overcharges against foreclosure law firm).

4

*Vieau v. AGFA Corp. et al.,* C.A. No. 06-11320 (D. Mass) (class action settlement in connection with failure to provide necessary maintenance and service to lessors of digital photographic processing equipment).

*Mendez v. Island Finance Corporation*, 03-1075-JAF (D. P.R.) (settlement of class action alleging violations of the Truth in Lending Act).

*Kent et al. v. Western Massachusetts Electric Co.*, HAMPCV 2001-00232 (Ma. Sup.) (settlement of consumer claims related to utility overcharge based on misclassification of billing rate).

*Dwyer et al. v. NSTAR, Inc. et al.,* No. SUCV2001-01817 (Ma. Sup.) (settlement of consumer claims related to utility overcharge).

*Cason v. Nissan Motors Acceptance Corp., et al.*, 3-98-0223 (M.D.Tenn.) (settlement of class action case on the application of the Equal Credit Opportunity Act to discriminatory auto financing practices).

*Mazola, et al. v. May Co. Dep't. Stores, Inc.,* C.A. 97-10872 NG (D. Mass.) (successful class action litigation obtaining restitution and damages for consumers affected by unlawful bankruptcy reaffirmation practices).

*In re: Ocwen Loan Servicing, LLC Mortgage Servicing Litigation*, 491 F.3d 638 (7th Cir. 2007).

*In re Hoskins*, 102 F.3d 311 (7th Cir. 1996).

*Lomas Mortgage Co. v. Louis*, 82 F. 3rd 1 (1st Cir. 1995).

Counsel for Amicus Curiae, *Field v. Mans*, 516 U.S. 59 (1995).

Pettway v. Harmon Law Offices, P.C., 2005 WL 2365331, (D. Mass. 2005).

5

*Scott v. Fairbanks Credit Corp.,* 284 F. Supp. 2d 880 (S. D. Ohio, 2003).

*Myers v. Federal Home Loan Mortgage Co.,* 175 B.R. 122 (Bankr. D. Mass. 1994).

*In re Fleet*, 122 B.R. 910 (Bankr. E.D. Pa. 1990).

*In re Milbourne*, 108 B.R. 522 (Bankr. E.D. Pa. 1989).

*In re Russell*, 72 B.R. 855 (Bankr. E.D. Pa. 1987).

**Expert Witness**

United States Congress, Senate Banking Committee, Consumer Credit and Bankruptcy (April, 1999).

United States Congress, Joint Subcommittee on Court Oversight, House and Senate Judiciary Committees, Reforming American Bankruptcy Laws (March, 1999).

*Mallory v. Mortgage America, et al.*, United States District Court for the District of West Virginia, (February, 1999) (mortgage lending abuses).

United States Congress, Senate Committee on Aging, Consumer Counseling and Prevention of Lending Abuses Involving Elderly Homeowners (January, 1999).

*Interclaim Holdings Ltd, et al. v. Down et al.*, Court of Queen's Bench of Alberta, Supreme Court of British Columbia (1999) (telemarketing fraud claims by United States residents against insolvent Canadian companies).

*Lopez v. Delta Funding, et al.*, United States District Court for the Eastern District of New York (December, 1998) (high rate home equity lending abuses affecting elderly borrowers). United States Congress, Senate Banking Committee, Senate Oversight Hearing on Bankruptcy(March 1998).

National Bankruptcy Review Commission, Reforming the Consumer Bankruptcy System (hearings during January, 1997 to October, 1997).

Massachusetts Office of Consumer Affairs and Business Regulation, Investigation of Unfair and Deceptive Mortgage Lending Practices (November, 1997).

United States Congress, Senate Judiciary Committee, Proposed Consumer Bankruptcy Amendments (June, 1994).

### *Representative Publications*

Editor, Consumer Bankruptcy Law and Practice, The Consumer Credit and Legal Practice Series (National Consumer Law Center, 6th ed. 2000).

Repossessions and Foreclosures, (National Consumer Law Center, 4th ed. 1999).

Contributing Author, Truth in Lending, (National Consumer Law Center, 4th ed. 2000).

Surviving Debt: A Guide for Consumers, (3rd ed. 1999).

"Remedies for Discharge Violations" American Bankruptcy Institute Law Journal (November/December 2000).

"Means Tested Bankruptcy: What Would It Mean?" 28 U. Memphis Law Rev. 711 (Spring,1998).

52 Consumer Finance Law Quarterly Rep. 185 (Spring, 1998). "Consumer Bankruptcy in the Balance: The National Bankruptcy Review Commission's Recommendations Tilt Toward Creditors" 5 Amer. Bankr. Inst. Law Rev. 293 (Winter, 1997).

"Circuit Court Allows Stripdown of Mortgage on Multi-family Residence", Norton Bankruptcy Law Adviser (June, 1996).

"Preventing Home Equity Lending Fraud," 7 Loyola Consumer Law Rev. 126 (Summer, 1995).

"Self Representation in the Bankruptcy Courts: The Massachusetts Experience", National Conference of Bankruptcy Judges Endowment for Education and the National Consumer Law Center (1994).

"Preventing Foreclosures: Spotting Loan Scams Involving Low-Income Homeowners", 27 Clearinghouse Review 116 (June, 1993).

### *Representative Seminars*

"Mortgage Lending Update," Consumer Financial Services Litigation Institute, Practising Law Institute (March, 2009).

"Litigation Update," Subprime Credit Crisis: Everything You Need to Know, Practising Law Institute (March, 2008).

"Introduction to Consumer Class Actions," Consumer Rights Litigation Conference (October, 2007).

"Predatory Lending," Consumer Financial Services Litigation Seminar, Practicing Law Institute (April, 2005).

"Predatory Lending as a Fair Housing Issue ," New Orleans Fair Housing Action Center (June 2004).

"Preventing Predatory Lending," Milwaukee Fair Housing Center (June 2004).

"Mortgage Servicing Issues," Consumer Financial Services Litigation Seminar, Practicing Law Institute (April, 2004).

"Predatory Mortgage Loans and Bankruptcy," American Bankruptcy Institute (July, 2003).

8

"Preserving the American Dream," A series of seminars on foreclosure prevention and financial literacy for Housing Counselors, Neighborhood Reinvestment Institute (1998–2000).

"Bankruptcy Law and Practice Seminar," Office for Continuing Legal Education, Stetson University Law School (December, 1999).

"Consumer Bankruptcy in Transition," 8th Annual Consumer Rights Litigation Conference, (November, 1999).

"Bankruptcy Reform Legislative Update," Connecticut Bar Association (November, 1999).

"Defending Foreclosures & Utility Terminations," MCLE (November, 1999). "Preventing Predatory Lending and Preserving Homeownership," Neighborhood Reinvestment Institute (June, 1999).

 "Consumers in Debt: The Personal Bankruptcy Crisis," American Bar Association, (April, 1998).

 "Preserving the American Dream: Loss Mitigation for Homeowners," A series of 10 trainings for the Department of Housing and Urban Development (1997 – 1998).

9

**SHENNAN KAVANAGH, ESQUIRE**
**RODDY KLEIN & RYAN**
727 Atlantic Avenue
Boston, Massachusetts 02111
p. 617.357.5500; f. 617.357.5030
kavanagh@roddykleinryan.com
Web: www.roddykleinryan.com

## SUMMARY BIOGRAPHY

Shennan Kavanagh specializes in complex consumer finance litigation. A graduate of Suffolk University Law School (J.D., *cum laude*, 2002) and the University of Vermont (B.A., 1997), she is admitted to the state and federal courts in Massachusetts. In recent years, her practice focuses on challenges to unfair and discriminatory mortgage lending practices and on class actions involving lenders' abuses of the Bankruptcy Code.

Ms. Kavanagh was a speaker at the National Consumer Law Center's annual national conference on class action practice and mortgage lending discrimination litigation, in November 2007 and October 2008, respectively. She was a panelist for Boston's Fair Housing Center's Community Forum on Foreclosures and Predatory Lending in April 2007 and for Northeastern University Law Journal's March 2009 symposium: "Shelter From The Storm: Advocacy In The Subprime Fallout." She trained lawyers on defending foreclosures and litigating predatory lending cases in conjunction with the Massachusetts Attorney General's Office and the Massachusetts Fair Housing Center in June 2008. In May 2009, she trained lawyers on litigating fair lending cases through the Boston Bar Association's Continuing Legal Education program.

Currently, Ms. Kavanagh is serving as co-chair of the Boston Bar Association's Class Action Committee. She is co-authoring an article for Northeastern University's Law Journal entitled: "The Causes of the Subprime Foreclosure Crisis and the Availability of Class-Action Responses," to be published

later this year. She is a member of the National Association of Consumer Advocates.

Ms. Kavanagh has been a *pro bono* attorney at the Legal Advocacy and Resource Center in Boston, advising low-income clients on a variety of consumer law issues. She was also a *pro bono* attorney at the Volunteer Lawyers Project in Boston where she represented low-income clients in bankruptcy proceedings. Prior to law school, Ms. Kavanagh served as a Peace Corps volunteer in Guinea, West Africa teaching ESL from 1997 to 1999.

She has contributed as a writer, editor and/or researcher to the following publications: *E-Business Legal Handbook* by Michael L. Rustad (New York: Aspen Law & Business 2003); *E-Commerce and Communications: Transactions in Digital Information* by Stephen Y. Chow (Matthew Bender & Company, Inc. 2002); and *Chapter 93A Rights and Remedies: Chapter 13-Business Disputes Under Chapter 93A* by Seth Stadfeld (MCLE 2nd Ed. 2007).