# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 12/15/2009 |
| **CASE TITLE** | In Re: Ameriquest Mortgage | | |

**DOCKET ENTRY TEXT**

As set forth below, we deny Wilbert Cooley's motion for guidance (2958 & 3038) as moot and also deny his counsel's motion to withdraw. (2841) It is so ordered.

*/s/ Marvin E. Aspen*

■[ For further details see text below.]　　　　　　　　　　Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

　　Presently before us are two motions related to the individual matter brought by Wilbert and Kandee Cooley, Case No. 07 C 7182. Plaintiffs originally filed this case in the Southern District of Alabama and it was transferred to us on January 3, 2008 for inclusion in the Ameriquest MDL, Case No. 05 C 7097.

　　The first motion, filed by Wilbert, asks us to give certain guidance to the United States Bankruptcy Court for the Southern District of Alabama ("Bankruptcy Court") (Dkt. No. 3038). Prior to the commencement of this action, Wilbert apparently filed for Chapter 7 bankruptcy. (*See* Resp. to Mot. for Guidance ¶ 1.) Wilbert currently enjoys the protection of an automatic stay during the pendency of his bankruptcy, preventing his mortgage servicer – American Home Mortgage Servicing, Inc. ("AHMSI") – from initiating foreclosure proceedings. (Mot. for Guidance ¶¶ 1–2.) Several months ago, AHMSI filed a motion before the Bankruptcy Court, seeking to modify the stay to permit foreclosure if it should choose to pursue that option. (*Id.* ¶ 3; Resp. to Mot. for Guidance ¶ 2.) The Bankruptcy Court continued the motion, pending guidance from us as to whether foreclosure could proceed while the Cooley mortgage remains at issue in this litigation. In the meantime, AHMSI withdrew its motion to modify the stay, without prejudice, and presumably is no longer considering imminent foreclosure of the Cooley mortgage. Accordingly, we deny Wilbert's motion for guidance as moot. We may revisit this issue in the future, should circumstances change.

　　In the second pending motion (Dkt. No. 2841), the Cooleys' attorney requests permission to withdraw his representation in light of a conflict of interest. (*See* Mot. to Withdraw ¶ 1.) It is undisputed that Wilbert and Kandee filed for divorce earlier this year. (Counsel's Reply ¶¶ 1–2, 4 & Exs. A–B.) Without citing authority, counsel summarily concludes that they "clearly have a conflict of interest" because both Wilbert and Kandee claim an interest in the marital home that is part of this litigation. (*Id.* ¶ 4.) Although counsel also contends that Plaintiffs can find other suitable representation, Wilbert contests this unsupported assertion. (*Id.* ¶ 3; Wilbert Reply ¶ 4.) Wilbert also argues that there is no conflict because counsel serves only to assist the Cooleys with

**STATEMENT**

their action pending here in the Ameriquest MDL; counsel's conduct does not depend on who is ultimately awarded the home through the state divorce proceedings. (Pl.'s Obj. ¶ 4; Pl.'s Resp. ¶¶ 1–3.) Wilbert further points out that counsel initiated the relationship by soliciting the Cooleys and, moreover, arranged for the case's transfer into the MDL. (Pl.'s Obj. ¶¶ 1–3.)

Under the circumstances, and in the absence of an actual conflict of interest, we deny counsel's motion for withdrawal. Although we could imagine a scenario in the future in which a conflict of interest would be possible, we will not engage in such speculation. Counsel has failed to establish that any such conflict currently exists or is likely to arise. As far as we can tell, the interests of Wilbert and Kandee remain aligned; both hope to retain the home and the associated interest in this litigation. Until these interests diverge, we see no reason on the record before us why counsel cannot continue the representation. *See, e.g.,* L.R. 83.51.7, *Conflict of Interest: Gen'l Rule* (providing that "[a] lawyer shall not represent a client if the representation of that client would be *directly adverse* to another client" or if the representation "may be *materially limited* by the lawyer's responsibilities to another client") (emphasis added); *Guillen v. City of Chi.*, 956 F. Supp. 1416, 1426–27 (N.D Ill. 2003) (denying motion to disqualify counsel because a potential conflict does not preclude representation under the local rules); *Jones v. Fed'l Home Loan Mort. Corp.*, No. 97 C 5448, 2000 WL 335738, at *7–8 (N.D. Ill. Jan. 3, 2000) (denying motion to disqualify an attorney where the interests of the co-defendants were in harmony and noting that their prior disagreements failed to establish the existence of an actual conflict).

As set forth above, we deny Wilbert Cooley's motion for guidance as moot and also deny his counsel's motion to withdraw. It is so ordered.