Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 12/16/2009 |
| **CASE TITLE** | In Re: Ameriquest Mortgage | | |

**DOCKET ENTRY TEXT**

We thus grant Ameriquest's Motion to Strike Certain Opt-Out Plaintiffs' Summary Judgment Motion (Dkt. No. 3175). The summary judgment motion and related submissions (Dkt. Nos. 3170–72) are hereby stricken. It is so ordered.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

     Presently before us is a motion filed by Defendant Ameriquest Mortgage Company (Dkt. No. 3175), asking that we strike the motion for summary judgment filed on October 20, 2009 (Dkt. Nos. 3170–72), by a group of Opt-Out Plaintiffs ("*Furgeson* Plaintiffs"). *Furgeson* Plaintiffs have essentially renewed a summary judgment motion filed in late 2008, seeking resolution of their common Truth in Lending Act ("TILA") claims. (Resp. at 2; *see* MSJ Mem. at 12–13.) *Furgeson* Plaintiffs contend that Ameriquest provided them with loan documentation that failed to comply with TILA's strict requirements governing disclosure of payment schedules. (Resp. at 2, 4–5; *see* MSJ Mem. at 12–13.)

     Ameriquest argues that we must strike the pending summary judgment motion for multiple reasons, including that: (1) the parties have yet to engage in significant discovery, which would be needed to respond to the motion; (2) the parties did not contemplate the filing of summary judgment motions at this time; (3) rescission requires a highly individualized analysis; and (4) other factual issues render this motion inappropriate. (Mot. at 2–6; Reply at 1–8.) Ameriquest relies heavily on our December 12, 2008 order (Dkt. No. 2553), where we emphasized that summary judgment motions should address purely legal, global issues only. Indeed, we have repeatedly stated that we would entertain summary judgment motions only if they involve common legal issues. (11/07/06 Case Mgmt. Order at 13; *see also* Mot. Ex. 4, 12/19/08 Tr. at 16–17.)   In response, *Furgeson* Plaintiffs contest Ameriquest's need for further discovery and stress that these individual actions—where no class is involved—are ripe for summary judgment pursuant to *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007) (affirming grant of summary judgment on TILA payment schedule disclosure claim). (Opp'n at 1, 3–5.) *Furgeson* Plaintiffs point out that they always intended to refile this motion and, moreover, that they expressed this intention to Ameriquest and in various court filings through July 23, 2009. (*Id.* at 7–8 & Exs. M–R.) Ultimately, *Furgeson* Plaintiffs argue that we should permit their motion because "the only questions at issue are whether [Ameriquest] violated TILA . . . and whether Plaintiffs are eligible for rescission." (*Id.* at 4; *see also id.* at 5.)

     *Furgeson* Plaintiffs have oversimplified the questions raised by their summary judgment motion. At first

**STATEMENT**

blush, it would seem that we could address Ameriquest's liability in such a motion, as a largely legal question, though that would presumably require review of loan documents for the 39 individual mortgages at issue. Ameriquest, however, has identified a number of factual issues pertaining to liability, including *inter alia* whether judicial estoppel or statutes of limitation might bar certain claims and whether TILA even covers other claims. (Mot. at 4–6; Reply at 5–9.) In addition, *Furgeson* Plaintiffs seek rescission (not just declaratory relief) and rescission is a uniquely individual remedy requiring in-depth factual analysis. (MSJ Mot. & MSJ Mem. at 13–15.) *See, e.g.*, *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577–78 (7th Cir. 2008). *Furgeson* Plaintiffs do not address this particular issue in their response.

Rather, *Furgeson* Plaintiffs argue that Ameriquest's motion simply proves that it is capable of responding to the summary judgment motion. (Opp'n at 7.) This argument, although perhaps relevant to discovery, misses the point: the issue here is not whether Ameriquest could formulate a cogent response to the motion but whether we should address it at all. These factual issues may or may not preclude summary judgment, but they do preclude our review of the present motion. While we appreciate that *Ferguson* Plaintiffs have waited years for some resolution, our role as transferee court does not allow us to indulge in fact-specific analyses. As we stated previously "it defeats the whole idea of an MDL for [us] to take all these cases and decide individual fact-specific motions for summary judgment." (Mot. Ex. 4, 12/19/08 Tr. at 16:21–24.)

We thus grant Ameriquest's Motion to Strike Certain Opt-Out Plaintiffs' Summary Judgment Motion (Dkt. No. 3175). The summary judgment motion and related submissions (Dkt. Nos. 3170–72) are hereby stricken. It is so ordered.