**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> *ALL ACTIONS* | |

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS, CitiMortgage, Inc., f/k/a CitiFinancial Mortgage Company ("Servicer") has been named as a defendant in this centralized proceeding, in its capacity as a direct servicer of various loans at issue in these Multidistrict Litigation proceedings and identified in Exhibit A attached hereto (the "Actions");

WHEREAS, pursuant to this Court's prior Order in the case of *Nimox v. Ameriquest Mtg. Co., et al.*, No. 07-0316, 2008 U.S. Dist. LEXIS 99240 (N.D. Il. 2008), Servicer must remain subject to the jurisdiction of the Court as a necessary party to give effect to the Orders and agreements among the parties relative to the loans that are included in this centralized proceeding (Docket No. 2542);

WHEREAS, consistent with the Court's *Nimox* ruling, Servicer has no liability for alleged violations associated with the origination of the loans at issue in the Actions (See *Nimox*, 2008 U.S. Dist. LEXIS 99240);

WHEREAS, the undersigned counsel for the Servicer and the undersigned counsel for Plaintiffs have conferred and stipulate to the terms stated below in the interest of proceeding in an efficient and coordinated manner for the benefit of the parties and the Court;

- 1 -

- 2 -

THEREFORE, upon agreement of the undersigned counsel, and without objection by any other party or counsel, it is hereby Stipulated, by and between Servicer and Plaintiffs, through the respective counsel of record, as follows:

1. Servicer, as a direct servicer of certain loans that are the subject of claims in this centralized proceeding, shall not be liable for any damages, attorneys fees, or any other relief sought by Plaintiffs in any of the cases to which the Servicer is or may be named as a defendant or otherwise joined as a party, other than being subject to the Court's jurisdiction for the purposes specified in Paragraphs 3 to 5 below.

2. Servicer shall not be required to answer or otherwise plead in cases, including responding to amended pleadings, brought by borrowers in this centralized proceeding unless specifically ordered to do so by the Court.

3. In cases where any Servicer is named as a defendant or otherwise joined as a party, counsel for any Servicer(s) will notify Plaintiffs' counsel, in writing, within 30 days of service, (1) that the Servicer is the servicer for the subject loan(s) and identify the entity that owns the subject loan(s), (2) that the Servicer is not the servicer for the subject loan(s) and, if known, identify the current servicer and owner of the subject loan(s), or (3) that the pleadings lack sufficient information for the Servicer to ascertain whether it is the servicer for the subject loan(s). In cases where a Servicer notifies Plaintiffs' counsel that the pleadings lack sufficient information to allow a Servicer to ascertain whether it is the servicer for the subject loan(s), Plaintiffs' counsel shall make reasonable efforts to provide such additional information as needed to allow the Servicer to ascertain whether it is the servicer. No further action by a Servicer shall be required unless specifically ordered by the Court.

4. In cases where Servicer notifies Plaintiffs' counsel that it is not the servicer for the subject loan(s), and provides, on information and belief, the identity of the last known servicer or indicates that it is not possible for Servicer to determine the last known servicer, Plaintiffs' counsel shall dismiss Servicer from the case within 10 calendar days after receiving such notice.

- 3 -

     5.     In cases where Servicer notifies Plaintiffs' counsel that it is the servicer for the subject loan(s), the Court shall retain personal jurisdiction over Servicer solely for the purposes of ensuring compliance with Orders and/or settlements pertaining to Servicer serviced loans. The Servicer agrees to abide by the Court's order in *Nimox*, U.S. Dist. LEXIS 99240, and as such, will not file a motion to dismiss in matters where it is only named in its administrative capacity.

     **IT IS SO STIPULATED.**

DATED: December 18, 2009          By: /s/ Bernard E. LeSage
                                           *Attorneys for HomEq Servicing Corp.*

                                           Bernard E. LeSage
                                           Sarah K. Andrus
                                           BUCHALTER NEMER, a P.C.
                                           1000 Wilshire Boulevard, Suite 1500
                                           Los Angeles, CA 90017-2457
                                           Telephone: (213) 891-0700
                                           Facsimile: (213) 896-0400

DATED: December 18, 2009          By: /s/ Catherine A. Ceko
                                           *Attorneys for Plaintiffs*

                                           Daniel A. Edelman
                                           Cathleen M. Combs
                                           James O. Latturner
                                           Catherine A. Ceko
                                           Edelman, Combs, Latturner & Goodwin LLC
                                           120 S. LaSalle Street, 18th Floor
                                           Chicago, IL 60603
                                           Telephone: (312) 739-4200
                                           Facsimile: (312) 419-0379

/ / /

## **[PROPOSED] ORDER**

The parties hereto having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1. CitiMortgage, Inc., fka CitiFinancial Mortgage Company ("Servicer"), as a direct servicer of certain loans that are the subject of claims in this centralized proceeding, shall not be liable for any damages, attorneys fees, or any other relief sought by Plaintiffs in any of the cases to which the Servicer is or may be named as a defendant or otherwise joined as a party, other than being subject to the Court's jurisdiction for the purposes specified in Paragraphs 3 to 5 below.

2. Servicer shall not be required to answer or otherwise plead in cases, including responding to amended pleadings, brought by borrowers in this centralized proceeding unless specifically ordered to do so by the Court.

3. In cases where any Servicer is named as a defendant or otherwise joined as a party, counsel for any Servicer(s) will notify Plaintiffs' counsel, in writing, within 30 days of service, (1) that the Servicer is the servicer for the subject loan(s) and identify the entity that owns the subject loan(s), (2) that the Servicer is not the servicer for the subject loan(s) and, if known, identify the current servicer and owner of the subject loan(s), or (3) that the pleadings lack sufficient information for the Servicer to ascertain whether it is the servicer for the subject loan(s). In cases where a Servicer notifies Plaintiffs' counsel that the pleadings lack sufficient information to allow a Servicer to ascertain whether it is the servicer for the subject loan(s), Plaintiffs' counsel shall make reasonable efforts to provide such additional information as needed to allow the Servicer to ascertain whether it is the servicer. No further action by a Servicer shall be required unless specifically ordered by the Court.

4. In cases where Servicer notifies Plaintiffs' counsel that it is not the servicer for the subject loan(s), and provides, on information and belief, the identity of the last known servicer or indicates that it is not possible for Servicer to determine the last known servicer,

- 5 -

Plaintiffs' counsel shall dismiss Servicer from the case within 10 calendar days after receiving such notice.

5. In cases where Servicer notifies Plaintiffs' counsel that it is the servicer for the subject loan(s), the Court shall retain personal jurisdiction over Servicer solely for the purposes of ensuring compliance with Orders and/or settlements pertaining to Servicer serviced loans. The Servicer agrees to abide by the Court's order in *Nimox*, U.S. Dist. LEXIS 99240, and as such, will not file a motion to dismiss in matters where it is only named in its administrative capacity.

**IT IS SO ORDERED.**

DATE: _____  _____

The Honorable Marvin E. Aspen
The Honorable Morton Denlow

- 5 -

BN 4764293v2

- 1 -

# **EXHIBIT A**

*Bothwell, et al. v. Ameriquest Mortgage Co., Citifinancial Mortgage Co.*, United States District Court for the Northern District of Illinois, Case No. 1:06-04716

*Harless v. CitiMortgage, Inc.*, United States District Court for the Northern District of Illinois, Case No. 1:06-06756

*Nauracy, et al. v. Ameriquest Mortgage Co., CitiMortgage, Inc.*, United States District Court for the Northern District of Illinois, Case No. 1:06-3424

*Vincer v. Ameriquest Mortgage Co., Citifinancial Mortgage Co., Citigroup Global Markets, Inc.*, United States District Court for the Northern District of Illinois, Case No. 1:06-06749

*Wilson, et al. v. Argent Mortgage Co., Citifinancial Mortgage Co.*, United States District Court for the Northern District of Illinois, Case No. 1:07-01747

- 1 -

**CERTIFICATE OF SERVICE**

     I, Bernard E. LeSage, hereby certify that on this 18th day of December 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                        By:     /s/  Bernard E. LeSage

BN 4764293v2