# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) _____ ) | MDL No. 1715 Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO <u>ALL ACTIONS</u> ) ) ) ) | Centralized before Judge Marvin E. Aspen |

| | |
|---|---|
| WILLIAM and JACKIE CHAMPION; QUINCY L. ALEXANDER; BRENDA L. BRYANT; SCOTT DAVIS; NELSON and CELIA DUPREE; DONNA GUNN; JENNIFER H.LOVE; RHONDA M. McCLOUD f/k/a RHONDA D. MALOY; JOHN B. PARKER; JOHNNY PITTS; STEPHEN and RITA RUTLAND; LARRY and MILDRED TOWNSEND; and MICHAEL and SHIRLEY WHITE, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|         Plaintiffs, ) ) ) | 08-cv-3960 (N.D. Ill.) (Originally 2:08-cv-410 (M.D. Ala.)) |
|         v. ) ) ) | |
| AMERIQUEST MORTGAGE COMPANY, et al. ) ) ) ) ) ) | (Transferred to Judge Aspen for pre-trial proceedings to MDL No. 1715, Lead Case No. 05-cv-7097) |
|         Defendants. ) | |

---

## FIRST AMENDED COMPLAINT

---



**EXHIBIT**

**A**

COME NOW, Plaintiffs and substitute this First Amended Complaint for the Original Complaint to add parties, and state the following:

## INTRODUCTION

1.     This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, either Ameriquest Mortgage Company ("Ameriquest") or AMC Mortgage Services, Inc. ("AMC"). Some of these loans were subsequently assigned to the other defendants. Each of the Plaintiffs asserts claims against Defendant Ameriquest and/or Defendant AMC arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that Ameriquest and/or AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest and/or AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.     This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3.     Plaintiffs are all of full age of majority and reside in this district.

4.     Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.     Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest and/or AMC.

6.     Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.     Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation with its principal place of business in Texas, and upon information and belief is currently servicing, or has otherwise obtained the loans of William and Jackie Champion, Quincy Alexander, Donna Gunn, Jennifer H. Love, John B. Parker,

Johnny Pitts, and Stephen and Rita Rutland, and claims the right to receive payments thereunder and does business in this district.

8.      Defendant CitiMortgage is a foreign corporation with its principal place of business in Missouri, and upon information and belief is currently servicing or has otherwise obtained the loan of Larry and Mildred Townsend, and claims the right to receive payments thereunder and does business in this district.

9.      Defendant America's Servicing Company ("ASC") is a foreign corporation with its principal place of business in Iowa, and upon information and belief is currently servicing, or has otherwise obtained the loan of Scott Davis, and claims the right to receive payments thereunder and does business in this district.

10.      Defendant Bank of America ("BOA") is a foreign corporation with its principal place of business in North Carolina and upon information and belief is currently servicing, or has otherwise obtained the loan of Nelson and Celia Dupree and claims the right to receive payments thereunder and does business in this district.

11.      Defendant Chase Home Finance, LLC ("CHF") is a foreign corporation with its principal place of business in New Jersey, and upon information and belief is currently servicing, or has otherwise obtained the loan of Rhonda M. McCloud f/k/a Rhonda D. Maloy and claims the right to receive payments thereunder and does business in this district.

## FACTS

**Applicable Truth in Lending Act Requirements**

12.      Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226

("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

13.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

14.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

15.     A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

16.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

17.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

18.     As to Plaintiffs Quincy Alexander's loan, Scott Davis' loan, Donna Gunn's loan, and Rhonda M. McCloud's loan, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

19.     As to Plaintiffs William and Jackie Champion's loan, Brenda L. Bryant's loan, Nelson and Celia Dupree's loan, Jennifer H. Love's loan, John B. Parker's loan, Johnny Pitts' loan, Stephen and Rita Rutland's loan, Larry and Mildred Townsend's loan, and Michael and Shirley White's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

20.     With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That

"notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

21.     Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest and/or AMC.

22.     Each of the Plaintiffs has exercised the right to cancel the transaction and has notified Ameriquest, and also CitiMortgage and ASC for some of the loans, of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest, CitiMortgage and/or ASC have failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

23.     Ameriquest, CitiMortgage, ASC, BOA, and CHF are each a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Champion Loan**

24.     Plaintiffs William and Jackie Champion are adult residents of Elmore County, Alabama and at all material times resided at 1372 Myrick Road in Elmore, Alabama.

25.     On or about June 1, 2005, Mr. and Mrs. Champion obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $148,500.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Champion Loan").

7

26.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

27.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Champion retained their right to cancel the transaction.

28.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

29.    By letter dated April 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

30.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

31.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

32.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT ONE
## TILA Violations- Champion

33.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

34.    Plaintiffs have properly and effectively cancelled and rescinded the Champion Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

35.    Defendants have violated TILA, with respect to the Champion Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs William and Jackie Champion respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Champion Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

9

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Alexander Loan**

36.     Plaintiff Quincy Alexander is an adult resident of Russell County, Alabama and at all material times resided at 1507 8th Place, South in Phenix City, Alabama.

37.     On or about April 23, 2005, Mr. Alexander obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $81,450.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Alexander Loan").

38.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

39.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Alexander retained his right to cancel the transaction.

40.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

41.     By letter dated March 26, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

42.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

43.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

44.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT TWO
## TILA Violations- Alexander

45.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

46.     Plaintiff has properly and effectively cancelled and rescinded the Alexander Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

47.     Defendants have violated TILA, with respect to the Alexander Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Quincy Alexander respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Alexander Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Bryant Loan**

48.     Plaintiff Brenda L. Bryant is an adult resident of Montgomery County, Alabama and at all material times resided at 3208 Capwood Curve in Montgomery, Alabama.

49.     On or about April 20, 2005, Ms. Bryant obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $63,000.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Bryant Loan").

50.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

51.     With respect to the Bryant loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

52.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Bryant retained her right to cancel the transaction.

53.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity and has been refinanced.

54.     By letter dated April 11, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

55.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

56.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

57.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT THREE
## TILA Violations- Bryant

58.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

59.     Plaintiff has properly and effectively cancelled and rescinded the Bryant Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

60.     Defendants have violated TILA, with respect to the Bryant Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Brenda L. Bryant respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Bryant Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

15

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Davis Loan**

61.     Plaintiff Scott Davis is an adult resident of Montgomery County, Alabama and at all material times resided at 1908 Plum Street in Montgomery, Alabama.

62.     On or about April 22, 2005, Mr. Davis obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $83,398.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Davis Loan").

63.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

64.     With respect to the Davis loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

65.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Davis retained his right to cancel the transaction.

66.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by ASC.

67.     By letter dated April 11, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

68.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

69.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

70.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**COUNT FOUR**
**TILA Violations- Davis**

71.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

72.     Plaintiff has properly and effectively cancelled and rescinded the Davis Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

73.     Defendants have violated TILA, with respect to the Davis Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Scott Davis respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Davis Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Dupree Loan**

74.    Plaintiffs Nelson and Celia Dupree are adult residents of Montgomery County, Alabama and at all material times resided at 5688 Carriage Brook Road in Montgomery, Alabama.

75.    On or about September 9, 2006, Mr. and Mrs. Dupree obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $125,400.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Dupree Loan").

76.    AMC failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

77.    With respect to the Dupree loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

78.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Dupree retained their right to cancel the transaction.

79.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by BOA.

80.     By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

81.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

82.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

83.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**COUNT FIVE**
**TILA Violations- Dupree**

84.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

85.     Plaintiffs have properly and effectively cancelled and rescinded the Dupree Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

86.     Defendants have violated TILA, with respect to the Dupree Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Nelson and Celia Dupree respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Dupree Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Gunn Loan**

87. Plaintiff Donna Gunn is an adult resident of Montgomery County, Alabama and at all material times resided at 4312 Mabson Drive in Montgomery, Alabama.

88. On or about September 6, 2005, Ms. Gunn obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $151,200.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Gunn Loan").

89. Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

90. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Gunn retained her right to cancel the transaction.

91. On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

92. By letter dated March 3, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

93.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

94.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

95.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**COUNT SIX**
**TILA Violations- Gunn**

96.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

97.     Plaintiff has properly and effectively cancelled and rescinded the Gunn Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

98.     Defendants have violated TILA, with respect to the Gunn Loan, in at least the following ways:

>     (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Donna Gunn respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Gunn Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

24

**The Love Loan**

99.     Plaintiff Jennifer H. Love is an adult resident of Elmore County, Alabama and at all material times resided at 223 Denise Drive in Prattville, Alabama.

100.     On or about September 22, 2005, Mrs. Love obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $80,155.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Love Loan").

101.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or her spouse provided with the correct number of completed right to cancel forms.

102.     With respect to the Love loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

103.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Love retained her right to cancel the transaction.

104.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

105.     By letter dated April 24, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the

originator and assignee of this mortgage loan, which notices have been received by each Defendant.

106.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

107.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

108.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT SEVEN
### TILA Violations- Love

109.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

110.    Plaintiff has properly and effectively cancelled and rescinded the Love Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

111.    Defendants have violated TILA, with respect to the Love Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Jennifer H. Love respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Love Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The McCloud Loan**

112.    Plaintiff Rhonda M. McCloud f/k/a Rhonda D. Maloy is an adult resident of Macon County, Alabama and at all material times resided at 200 Redland Road in Shorter, Alabama.

113.    On or about July 20, 2005, Mrs. McCloud obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $64,600.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "McCloud Loan").

114.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

115.    With respect to the McCloud loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

116.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. McCloud retained her right to cancel the transaction.

117.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by CHF.

118.    By letter dated April 9, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

119.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

120.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

121.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

### COUNT EIGHT
### TILA Violations- McCloud

122.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

123.    Plaintiff has properly and effectively cancelled and rescinded the McCloud Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

124.    Defendants have violated TILA, with respect to the McCloud Loan, in at least the following ways:

     (A)     By failing to take actions after rescission as required by 15 U.S.C.
§ 1635(b), including the steps necessary or appropriate to reflect
the termination of the security interest and returning all money
paid by Plaintiff in connection with the loan; and

     (B)     By failing to give proper notice of Plaintiff's right to cancel the
transaction.

WHEREFORE, Plaintiff Rhonda M. McCloud respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the McCloud Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Parker Loan**

125.   Plaintiff John B. Parker is an adult resident of Autuaga County, Alabama and at all material times resided at 431 Water Street in Prattville, Alabama.

126.   On or about March 21, 2005, Mr. Parker obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $61,200.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Parker Loan").

127.   Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

128.   With respect to the Parker loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

129.   As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Parker retained his right to cancel the transaction.

130.   On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

131.    By letter dated March 14, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

132.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

133.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

134.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**COUNT NINE**
**TILA Violations- Parker**

135.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

136.    Plaintiff has properly and effectively cancelled and rescinded the Parker Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

137.    Defendants have violated TILA, with respect to the Parker Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff John B. Parker respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Parker Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Pitts Loan**

138.    Plaintiff Johnny Pitts is an adult resident of Lee County, Alabama and at all material times resided at 6105 Lee Road 390 in Opelika, Alabama.

139.    On or about September 9, 2005, Mr. Pitts obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $126,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Pitts Loan").

140.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

141.    With respect to the Pitts loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

142.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Pitts retained his right to cancel the transaction.

143.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

144. By letter dated April 17, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

145. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

146. Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

147. Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

### COUNT TEN
### TILA Violations- Pitts

148. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

149. Plaintiff has properly and effectively cancelled and rescinded the Pitts Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

150. Defendants have violated TILA, with respect to the Pitts Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Johnny Pitts respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Pitts Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Rutland Loan**

151.    Plaintiffs Stephen and Rita Rutland are adult residents of Lee County, Alabama and at all material times resided at 1121 Overwood Place in Auburn, Alabama.

152.    On or about March 14, 2006, Mr. and Mrs. Rutland obtained a residential real estate mortgage loan with Ameriquest.    The total amount of the loan was $121,000.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Rutland Loan").

153.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

154.    With respect to the Rutland loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

155.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Rutland retained their right to cancel the transaction.

156.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

157.    By letter dated April 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

158.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

159.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

160.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT ELEVEN
### TILA Violations- Rutland

161.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

162.    Plaintiffs have properly and effectively cancelled and rescinded the Rutland Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

163.    Defendants have violated TILA, with respect to the Rutland Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Stephen and Rita Rutland respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Rutland Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Townsend Loan**

164.    Plaintiffs Larry and Mildred Townsend are adult residents of Autauga County, Alabama and at all material times resided at 1905 Holly Brook Lane in Prattville, Alabama.

165.    On or about December 15, 2005, Mr. and Mrs. Townsend obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $319,500.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Townsend Loan").

166.    AMC failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

167.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Townsend retained their right to cancel the transaction.

168.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by CitiMortgage.

169.    By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

170.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

171. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

172. AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**COUNT TWELVE**
**TILA Violations- Townsend**

173. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

174. Plaintiffs have properly and effectively cancelled and rescinded the Townsend Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

175. Defendants have violated TILA, with respect to the Townsend Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

41

WHEREFORE, Plaintiffs Larry and Mildred Townsend respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)	Statutory damages as provided in 15 U.S.C. § 1640(a);

B)	Actual damages in an amount to be determined at trial;

C)	Rescission of the Townsend Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)	A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)	Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)	A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring AMC to accept tender on reasonable terms and over a reasonable period of time;

G)	An award of reasonable attorney fees and costs; and

H)	Such other relief at law or equity as this Court may deem just and proper.

**The White Loan**

176.	Plaintiffs Michael and Shirley White are adult residents of Macon County, Alabama and at all material times resided at 2825 Heritage Hill Road in Tuskegee, Alabama.

177.    On or about April 19, 2005, Mr. and Mrs. White obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $177,300.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "White Loan").

178.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

179.    With respect to the White loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

180.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. White retained their right to cancel the transaction.

181.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity and has been refinanced.

182.    By letter dated April 11, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

183.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

184. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

185. Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT THIRTEEN
### TILA Violations- White

186. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

187. Plaintiffs have properly and effectively cancelled and rescinded the White Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

188. Defendants have violated TILA, with respect to the White Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

44

WHEREFORE, Plaintiffs Michael and Shirley White respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the White Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.


Respectfully submitted,

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,

45

Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## **JURY DEMAND**

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL

## CERTIFICATE OF SERVICE

I, William H. Robertson, V, hereby certify that on January 5, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system and via certified mail to Defendants CitiMortgage, BOA and CHF. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfauchner.com

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Simon Fleischmann
sfleischmann@lockelord.com

CitiMortgage, Inc.
C/O The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, Al 36109

Bank of America
C/O The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, Alabama 36109

Chase Home Finance, LLC
C/O The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, Alabama 36109

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL