**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) | MDL No. 1715 |
| _____ ) | Lead Case No. 05-cv-07097 |
| ) | |
| THIS DOCUMENT RELATES TO <u>ALL</u> <u>ACTIONS</u> ) ) ) | Centralized before Judge Marvin E. Aspen |
| | |

| | |
|---|---|
| GREGORY DAY; AVERY GRIFFIN; MICHAEL and LUCRETIA WYATT; BURNIE SPRINGER; DAYONE EASLEY; BARBARA ANDERSON-SHELTON; JAMES and LORONDA CRAW; JOAN NEAL; SYLVIA ANDREWS; and KENNETH and TINA COMEAUX, ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) ) ) | 08-cv-5933 (N.D. Ill.) (Originally 1:08-cv-2634 (N.D. Georgia.)) |
| v. ) ) ) | |
| AMERIQUEST MORTGAGE COMPANY, et al. ) ) ) ) ) | (Transferred to Judge Aspen for pre-trial proceedings to MDL No. 1715, Lead Case No. 05-cv-7097) |
| Defendants. ) ) ) | |

---

**FIRST AMENDED COMPLAINT**

---



COME NOW, Plaintiffs and substitute this First Amended Complaint for the Original Complaint to add parties, and state the following:

## INTRODUCTION

1.      This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company ("Ameriquest").   Some of these loans were subsequently assigned to the other Defendants.   Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.   All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations.   Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA.   Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions.   As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions.   Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA.   As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations.   Plaintiffs seek a court determination that their loan transactions have been rescinded.   Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.     This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3.     Plaintiffs are all of full age of majority and reside in this district.

4.     Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.     Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.     Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.     Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation with its principal place of business in Texas, and upon information and belief at some point serviced or otherwise obtained the loans of Burnie Springer and Dayone Easley, and claims the right to receive payments there under and currently does business in this district.

3

8.      Defendant CitiMortgage a/k/a Citi Financial Mortgage Co., is a foreign corporation with its principal place of business in Missouri, and upon information and belief is currently servicing, or has otherwise obtained the loans of Avery Griffin, Michael and Lucretia Wyatt, and Barbara Anderson-Shelton and claims the right to receive payments thereunder and does business in this district.

9.      Defendant GMAC Mortgage Corporation ("GMAC") is a foreign corporation with its principal place of business in Iowa, and upon information and belief at some point serviced or otherwise obtained the loan of James and Loronda Craw and claims the right to receive payments thereunder and currently does business in this district.

10.     Defendant Merrill Lynch Mortgage Lending, Inc. ("Merrill Lynch") is a foreign corporation with its principal place of business in New York, and upon information and belief at some point serviced or otherwise obtained the loan of Sylvia Andrews and claims the right to receive payments thereunder and currently does business in this district.

11.     Defendant Chase Home Finance, LLC ("CHF") is a foreign corporation with its principal place of business in New Jersey, and upon information and belief is currently servicing, or has otherwise obtained the loan of Gregory Day and claims the right to receive payments thereunder and does business in this district.

## FACTS

### Applicable Truth in Lending Act Requirements

12.     Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226

("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

13.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

14.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

15.     A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

16.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

17.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

18.     As to Plaintiff Gregory Day's loan, Plaintiff Avery Griffin's loan, Plaintiff Burnie Springer's loan, Plaintiff Dayone Easley's loan, Plaintiff Barbara Anderson-Shelton's loan, Plaintiff Joan Neal's loan, and Plaintiff Sylvia Andrew's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

19.     As to Plaintiffs Michael and Lucretia Wyatt's loan, Plaintiffs James and Loronda Craw's loan, and Plaintiffs Kenneth and Tina Comeaux's loan, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

20.     With respect to some of the Plaintiffs loans Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That

"notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

21.     Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

22.     Each of the Plaintiffs has exercised the right to cancel the transaction and has notified Ameriquest, and GMAC, and Merrill Lynch of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest, GMAC, and/or Merrill Lynch have failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

23.     Ameriquest, CitiMortgage, GMAC, AHMSI, Merrill Lynch, and CHF are each a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Day Loan**

24.     Plaintiff Gregory Day is an adult resident of Dekalb County, Georgia and at all material times resided at 6345 Stable Wood Way in Lithonia, Georgia.

25.     On or about August 9, 2005, Mr. Day obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $135,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Day Loan").

26.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

27.     With respect to the Day loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

28.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Day retained his right to cancel the transaction.

29.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by CHF.

30.     By letter dated June 18, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

31.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

32.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

33.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT ONE
## TILA Violations- Day

34.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

35.     Plaintiff has properly and effectively cancelled and rescinded the Day Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

36.     Defendants have violated TILA, with respect to the Day Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Gregory Day respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Day Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Griffin Loan**

37.     Plaintiff Avery Griffin is an adult resident of Dekalb County, Georgia and at all material times resided at 3251 Candace Drive in Atlanta, Georgia.

38.     On or about October 20, 2005, Mr. Griffin obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $106,290.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Griffin Loan").

39.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

40.    With respect to the Griffin loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

41.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Griffin retained his right to cancel the transaction.

42.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by CitiMortgage.

43.    By letter dated June 18, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

44.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

45.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

46. Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT TWO
## TILA Violations- Griffin

47. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

48. Plaintiff has properly and effectively cancelled and rescinded the Griffin Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

49. Defendants have violated TILA, with respect to the Griffin Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Avery Griffin respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Griffin Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

12

D)  A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)  A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)  An award of reasonable attorney fees and costs; and

H)  Such other relief at law or equity as this Court may deem just and proper.

**The Wyatt Loan**

50.     Plaintiffs Michael and Lucretia Wyatt are adult residents of Polk County, Georgia and at all material times resided at 2766 Piedmont Highway in Cedartown, Georgia.

51.     On or about February 23, 2007, Mr. and Mrs. Wyatt obtained a residential real estate mortgage loan with Ameriquest.   The total amount of the loan was $186,684.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Wyatt Loan").

52.     Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan.   The form notices that were supplied to the Plaintiffs were blank,

unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

53. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Wyatt retained their right to cancel the transaction.

54. On information and belief this mortgage loan was assigned to, or was otherwise obtained by CitiMortgage.

55. By letter dated June 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

56. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

57. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

58. Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT THREE
### TILA Violations- Wyatt

59.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

60.     Plaintiffs have properly and effectively cancelled and rescinded the Wyatt Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

61.     Defendants have violated TILA, with respect to the Wyatt Loan, in at least the following ways:

      (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

      (B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Michael and Lucretia Wyatt respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

      A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

      B)     Actual damages in an amount to be determined at trial;

      C)     Rescission of the Wyatt Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

      D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Springer Loan**

62.      Plaintiff Burnie Springer is an adult resident of Haralson County, Georgia and at all material times resided at 302 Edwards Street in Bremen, Georgia.

63.      On or about October 26, 2005, Ms. Springer obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $170,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Springer Loan").

64.      Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

65.      With respect to the Springer loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of

obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

66.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Springer retained her right to cancel the transaction.

67.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

68.     By letter dated July 21, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

69.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

70.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

71.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT FOUR
### TILA Violations- Springer

72.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

73.     Plaintiff has properly and effectively cancelled and rescinded the Springer Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

74.     Defendants have violated TILA, with respect to the Springer Loan, in at least the following ways:

    (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Burnie Springer respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Springer Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

18

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Easley Loan**

75.    Plaintiff Dayone Easley is an adult resident of Clayton County, Georgia and at all material times resided at 9369 Windward Court in Jonesboro, Georgia.

76.    On or about August 17, 2005, Mr. Easley and his spouse obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $131,400.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Easley Loan").

77.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

78.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Easley retained his right to cancel the transaction.

79.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

19

80.    By letter dated June 18, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

81.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

82.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

83.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

### COUNT FIVE
### TILA Violations- Easley

84.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

85.    Plaintiff has properly and effectively cancelled and rescinded the Easley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

86.    Defendants have violated TILA, with respect to the Easley Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Dayone Easley respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Easley Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Anderson-Shelton Loan**

87.     Plaintiff Barbara Anderson-Shelton is an adult resident of Henry County, Georgia and at all material times resided at 133 Spivey Ridge Circle in Jonesboro, Georgia.

88.     On or about January 9, 2006, Ms. Anderson-Shelton obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $146,100.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Anderson-Shelton Loan").

89.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

90.     With respect to the Anderson-Shelton loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

91.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Anderson-Shelton retained her right to cancel the transaction.

92.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by CitiMortgage.

22

93.     By letter dated July 10, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

94.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

95.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

96.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**COUNT SIX**
**TILA Violations- Anderson-Shelton**

97.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

98.     Plaintiff has properly and effectively cancelled and rescinded the Anderson-Shelton Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

99.     Defendants have violated TILA, with respect to the Anderson-Shelton Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Barbara Anderson-Shelton respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Anderson-Shelton Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Craw Loan**

100.    Plaintiffs James and Loronda Craw are adult residents of Henry County, Georgia and at all material times resided at 1424 Panola Road in Ellenwood, Georgia.

101.    On or about June 25, 2005, Mr. and Mrs. Craw obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $154,800.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Craw Loan").

102.    Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

103.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Craw retained their right to cancel the transaction.

104.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by GMAC.

105.    By letter dated June 23, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

106.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

107.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

108.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT SEVEN
## TILA Violations- Craw

109.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

110.    Plaintiffs have properly and effectively cancelled and rescinded the Craw Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

111.    Defendants have violated TILA, with respect to the Craw Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

26

WHEREFORE, Plaintiffs James and Loronda Craw respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Craw Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Neal Loan**

112.    Plaintiff Joan Neal is an adult resident of Douglas County, Georgia and at all material times resided at 4951 Central Church Road in Douglasville, Georgia.

113.    On or about April 11, 2006, Ms. Neal obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $112,500.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Neal Loan").

114.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

115.    With respect to the Neal loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

116.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Neal retained her right to cancel the transaction.

117.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

118.    By letter dated July 9, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

119.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

120.  Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

121.  Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

### COUNT EIGHT
### TILA Violations- Neal

122.  Plaintiff realleges all the preceding allegations referenced as if set out here in full.

123.  Plaintiff has properly and effectively cancelled and rescinded the Neal Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

124.  Defendants have violated TILA, with respect to the Neal Loan, in at least the following ways:

(A)  By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)  By failing to give proper notice of Plaintiff's right to cancel the transaction.

29

WHEREFORE, Plaintiff Joan Neal respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Neal Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Andrews Loan**

125. Plaintiff Sylvia Andrews is an adult resident of Fulton County, Georgia and at all material times resided at 2031 Bader Avenue Southwest in Atlanta, Georgia.

126. On or about June 10, 2005, Ms. Andrews obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $165,749.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Andrews Loan").

127. Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

128. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Andrews retained her right to cancel the transaction.

129. On information and belief this mortgage loan was assigned to, or was otherwise obtained by Merrill Lynch.

130. By letter dated May 30, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

131. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

132. Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

133. Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT NINE
### TILA Violations- Andrews

134. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

135. Plaintiff has properly and effectively cancelled and rescinded the Andrews Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

136. Defendants have violated TILA, with respect to the Andrews Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)   By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Sylvia Andrews respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Andrews Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Comeaux Loan**

137. Plaintiffs Kenneth and Tina Comeaux are adult residents of Hall County, Georgia and at all material times resided at 2525 Venture Drive in Gainesville, Georgia.

138. On or about August 9, 2006, Mr. and Mrs. Comeaux obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $195,120.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Comeaux Loan").

139. Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

140.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Comeaux retained their right to cancel the transaction.

141.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity and has been refinanced.

142.    By letter dated June 23, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

143.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

144.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

145.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

### COUNT TEN
### TILA Violations- Comeaux

146.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

34

147.    Plaintiffs have properly and effectively cancelled and rescinded the Comeaux Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

148.    Defendants have violated TILA, with respect to the Comeaux Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Kenneth and Tina Comeaux respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Comeaux Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

35

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL

## CERTIFICATE OF SERVICE

I, William H. Robertson, V, hereby certify that on January 11, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system and via certified mail to CitiMortgage, GMAC, Merrill Lynch, and CHF. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfauchner.com
Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Simon Fleischmann
sfleischmann@lockelord.com

CitiMortgage, Inc.
C/O CT Corporation System
1201 Peachtree St., NE
Atlanta, GA 30361

GMAC Mortgage Corporation
C/O Corporation Service Company
40 Technology Parkway South,
Suite #300
Norcross, GA 30092

Merrill Lynch Mortgage Lending, Inc.
C/O CT Corporation System
1201 Peachtree St., NE
Atlanta, GA 30361

Chase Home Finance
3415 Vision Drive
Columbus, Ohio 43219


*/s/ William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL