**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |
| *Lynn Julien and Denise Julien v. Ameriquest Mortgage Co., et al.*; Case No. 06-CV-04037 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S
ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs' LYNN JULIEN and DENISE JULIEN ("Plaintiffs") Third Amended Complaint ("Complaint") as follows.

**THIRD AMENDED COMPLAINT**

Plaintiffs state as follows:

**I. PRELIMINARY STATEMENT**

1.     This Third Amended Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiffs' right to rescind two consumer credit transactions and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z"). Plaintiffs also assert a claim, via Ga. Code Ann. §§ 51-1-6, 51-1-8, for breach of statutory duties imposed by the Georgia Residential Mortgage Act.  Further, Plaintiffs assert a claim under the Georgia Fair Business Practices Act ("GFBPA"), Code Ga. Ann. §10-1-393(a).

**ANSWER:** **Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601, et seq., Regulation Z, 12 C.F.R. part 226 or state law. Defendant denies any remaining allegations of paragraph 1.**

## II.  JURISDICTION

2.      Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337, 1367.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## III.  PARTIES

3.      Plaintiffs are United States citizens who reside in Clayton County, Georgia.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that regularly engages in the business of mortgage lending and has done substantial business in the state of Georgia. Ameriquest may be served with process by service upon its registered agent, National Registered Agents, 3761 Venture Drive, Duluth, Georgia 30096.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5.      Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a corporation that holds securitized pools of residential mortgage loans. Deutsche Bank does substantial business in the forum state. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant denies any remaining allegations of paragraph 5.**

- 2 -

## IV. FACTUAL BACKGROUND

6. At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7. Plaintiffs are financially unsophisticated.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8. On March 10, 2004, Plaintiffs entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("Transaction One"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9. Transaction One is subject to TILA.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10. As part of Transaction One, Ameriquest acquired a security interest in residential real property ("the Residence") that Plaintiffs used as their principal dwelling and in which Plaintiffs already had an ownership interest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

BN 4733392v1

11.     In connection with Transaction One, Ameriquest imposed upon Plaintiffs, as a condition of extending credit, a $325 fee for a title search and a $421.40 premium for title insurance.  Neither the fee nor the premium was a bona fide charge, both were unreasonable in amount, and neither charge provided a benefit to Plaintiffs.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12.     The title search for which the above title search fee was charged was done for Ameriquest's, not Plaintiffs,' benefit, and Plaintiffs were not advised of liens on the Residence that were revealed by the title search.  Yet Ameriquest required Plaintiffs to pay for the title search.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13.     The above title insurance was a lender's title policy, rather than an owner's title policy.  It provided no protection to Plaintiffs.  Yet Ameriquest required Plaintiffs to pay the premium for the insurance.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14.     Before the closing of Transaction One, Ameriquest discovered prior liens on the Residence that had resulted from secured transactions that had been entered into in 1995, 1996 and 1997 by Charlean Richburg ("Prior Richburg Liens").  Plaintiffs were not aware of the Prior Richburg Liens and received no benefit from the secured transactions upon which the liens were based.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

- 4 -

15.     Ameriquest knew or should have known that Plaintiffs were unaware of the Prior Richburg Liens.  Ameriquest knew that it was in Plaintiffs' interest to have these liens removed. Nevertheless, Ameriquest did not advise Plaintiffs of the existence of the Prior Richburg Liens and at no time made any effort to eliminate the liens.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16.     Charlean Richburg ("Ms. Richburg") was the motive force behind Transaction One.  On her own initiative, without having been asked to do so by Plaintiffs, Ms. Richburg got in contact with Ameriquest.  Ms. Richburg advised Ameriquest that Plaintiffs needed a mortgage loan.  Thereafter, Ameriquest telephoned Plaintiffs and solicited them as customers.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17.     As a reward to Ms. Richburg for referring Plaintiffs as customers, Ameriquest paid her $27,000 out of the proceeds of Transaction One without requiring that she first pay off the Prior Richburg Liens on the Residence.  This conduct by Ameriquest was prejudicial and financially harmful to Plaintiffs and constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to Plaintiffs.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18.     By the above conduct, Ameriquest misrepresented or concealed material facts, factors and conditions with respect to Transaction One.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19.     As a result of the above conduct, Plaintiffs have insufficient equity in their Residence to obtain a refinancing from any lender other than Ameriquest.  In essence, Plaintiffs have become Ameriquest's captive borrowers.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20.     The above problem is exacerbated by the fact that Transaction One imposed on Plaintiffs an adjustable interest rate (or, more properly, an "inflatable" interest rate, since the rate adjusts upward only).

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21.     Plaintiffs needed and wished to refinance Transaction One to take advantage of their improving financial situation and credit ratings and to obtain a fixed interest rate.  However, because of the Prior Richburg Liens on their Residence, no lender other than Ameriquest was available for a refinancing.  Unfortunately for the Plaintiffs, Ameriquest would not offer them a mortgage loan with a fixed interest rate.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22.     Ameriquest assigned Transaction One to Deutsche Bank.  The assignment was not recorded.

**ANSWER:**     **Defendant admits that it is trustee for Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-R3 under the Pooling and Servicing Agreement dated as of April 1, 2004, which included the referenced loan at one time, but the Defendant no longer holds any interest, right or title in Plaintiffs' loan number 0071778708.  Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 22 and on that basis denies such allegations.**

BN 4733392v1

23.     Subsequently to the above assignment, on February 14, 2005, Plaintiffs entered into a refinancing with Ameriquest.  This refinancing was a consumer credit transaction involving a promissory note and a security deed ("Transaction Two").  Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24.     Transaction Two is subject to TILA.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.**

25.     Transaction Two is a refinancing of Transaction One by the same TILA "creditor."

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.**

26.     In Transaction Two, Ameriquest acquired a security interest in residential real property that Plaintiffs used as their principal dwelling and in which Plaintiffs already had an ownership interest.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations.**

27.     As a condition of the extension of credit in Transaction Two, Ameriquest required that Plaintiffs purchase hazard insurance on their Residence.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies such allegations.**

28.     Plaintiffs purchased this hazard insurance through Ameriquest and paid a premium of $429 for the insurance from the proceeds of Transaction Two.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies such allegations.**

29.     As a condition of the extension of credit, Ameriquest required that Plaintiffs pay for an appraisal of their home.  Plaintiffs were charged $450 for the appraisal.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies such allegations.**

30.     As a condition of the extension of credit in Transaction Two, Ameriquest charged Plaintiffs $102,761.63 to pay off Transaction One.  Ameriquest claimed that this was the actual amount owing on Transaction One.  However, an entry on the security deed executed in Transaction Two states, "This mortgage is refinancing a mortgage to the same original lender . . . with the unpaid principal balance of $100,815.97."

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.**

31.     Ameriquest accepted and kept the above $102,761.63 payment in its entirety, knowing that the payment was approximately $2,000 higher than the payoff amount actually owing.  This conduct by Ameriquest was unfair and deceptive, and extracted from Plaintiffs an unauthorized, illegal charge without their knowledge.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies such allegations.**

32.     The above conduct constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to Plaintiffs.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis denies such allegations.

33. The above conduct also constituted failure by Ameriquest to disburse the proper amount of funds to Plaintiffs as agreed in Transaction Two.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies such allegations.

34. By the above conduct, Ameriquest misrepresented or concealed material facts, factors, terms and conditions with respect to Transaction Two.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies such allegations.

35. The above conduct also amounted to an improper refusal by Ameriquest to issue a satisfaction of the security deed that it took in Transaction One unless Ameriquest was paid an illegally excessive amount to do so from the proceeds of Transaction Two.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies such allegations.

36. In connection with Transaction Two, Ameriquest imposed upon Plaintiffs, as a condition of extending credit, a $265 fee for a title search and a $246.88 premium for title insurance.  Neither the fee nor the premium was a bona fide charge, both were unreasonable in amount and neither charge provided a benefit to Plaintiffs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and on that basis denies such allegations.

- 9 -

37. The title search for which the above title search fee was charged was done for Ameriquest's, not Plaintiffs', benefit, and Plaintiffs were not advised of liens on the Residence that were revealed by the title search. Yet Ameriquest required Plaintiffs to pay for the title search.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.**

38. The above title insurance was a lender's title policy, rather than an owner's title policy. It provided no protection to Plaintiffs. Yet Ameriquest required Plaintiffs to pay the premium for the insurance.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and on that basis denies such allegations.**

39. Before the closing of Transaction Two, Ameriquest determined that the Prior Richburg Liens on the Residence remained in the public records and had not been satisfied. Plaintiffs were still unaware of the Prior Richburg Liens.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and on that basis denies such allegations.**

40. Ameriquest knew or should have known that Plaintiffs were still unaware of the Prior Richburg Liens. Ameriquest knew that it was in Plaintiffs' interest to have these liens removed. Nevertheless, Ameriquest did not advise Plaintiffs of the existence of the Prior Richburg Liens and at no time made any effort to eliminate the liens.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and on that basis denies such allegations.**

41.     As a result of the above conduct, Plaintiffs still have insufficient equity in their Residence to obtain a refinancing from any lender other than Ameriquest.  Plaintiffs remain Ameriquest's captive borrowers.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and on that basis denies such allegations.**

42.     The above problem is exacerbated by the fact that Transaction Two imposed on Plaintiffs an adjustable interest rate (or, more properly, an "inflatable" interest rate, since the rate adjusts upward only).

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and on that basis denies such allegations.**

43.     Ameriquest assigned Transaction Two to Deutsche Bank.  The assignment was not recorded.

**ANSWER:**     **Defendant admits that it is trustee for Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-R3 under the Pooling and Servicing Agreement dated as of April 1, 2005, which includes Plaintiffs' loan number 0107958662.  Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 43 and on that basis denies such allegations.**

44.     In late 2005, Plaintiffs learned of the Prior Richburg Liens for the first time, from a potential refinancing lender who denied their loan application.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and on that basis denies such allegations.**

45.     Plaintiffs complained about their situation to the Georgia Department of Banking and Finance, which sent a letter of inquiry to Ameriquest dated December 5, 2005.  Ameriquest's letter in response to this inquiry, dated January 12, 2006, contained erroneous information and refused to address Plaintiffs' problem with the Richburg Prior Liens.  Ameriquest did not, for

- 11 -

example, offer to make a claim on its title insurance policy (for which Plaintiffs paid the premium) regarding these liens.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and on that basis denies such allegations.**

## V. FEDERAL CLAIMS: RESCISSION AND DAMAGES UNDER TILA

46.     Plaintiffs incorporate above paragraphs 1-45.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-45 in response to this paragraph.**

47.     In connection with Transaction One, Ameriquest was required to provide disclosures under TILA.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

48.     Transaction One is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

49.     In connection with Transaction One, Ameriquest violated TILA and Regulation Z by not providing Plaintiffs with adequate disclosure of either the material credit terms in the Transaction or Plaintiffs' right to rescind the Transaction.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis denies such allegations.**

50.     As a result of the above violations of TILA and Regulation Z, Plaintiffs obtained a continuing right to rescind Transaction One and a claim for costs, litigation expenses and attorney's fees incurred in enforcing that right in court.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

51.     On June 10, 2006, Plaintiffs rescinded Transaction One by having their attorney send a timely rescission demand to Ameriquest by U.S. Mail, certified, return receipt requested.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and on that basis denies such allegations.**

52.     Upon the mailing of the above rescission demand on June 10, 2006, Plaintiffs and Ameriquest were immediately and automatically returned to the status quo ante with respect to Transaction One, and all contractual obligations arising from or connected with the Transaction were rendered, as of June 10, 2006, void and unenforceable.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

53.     Ameriquest received the above rescission demand on June 13, 2006.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and on that basis denies such allegations.**

54.     Ameriquest, in a letter to Plaintiffs' counsel dated June 30, 2006, acknowledged that it had received the above demand and stated that it was Ameriquest's position that it had provided Plaintiffs with proper TILA disclosures and that Ameriquest would therefore not agree to a rescission of the Transaction.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and on that basis denies such allegations.**

55.     Ameriquest did not meet Plaintiff's rescission demand with regard to Transaction One.  The statutory period for Ameriquest to do so has expired, because the demand had to be met no later than July 3, 2006.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and on that basis denies such allegations.**

56.     After being informed that Transaction One had been assigned to Deutsche Bank, Plaintiffs reiterated their rescission of Transaction One by having their attorney send, on April 10, 2008, a timely rescission demand to Deutsche Bank by U.S. Mail, certified, return receipt requested.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and on that basis denies such allegations.**

57.     Deutsche Bank received the above rescission demand on April 14, 2008, but did not meet the terms of the demand within the statutory period.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies the allegations of paragraph 57.**

58.     In connection with Transaction Two, Ameriquest was required to provide disclosures under TILA.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and on that basis denies such allegations.**

59.     Transaction Two is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

60.     In connection with the Transaction Two, Ameriquest violated TILA and Regulation Z by not providing Plaintiffs with adequate disclosure of either the material credit terms in the Transaction or Plaintiffs' right to rescind the Transaction.  The inadequacy of disclosure resulted from improprieties in the delivery of the disclosure documents as well as improprieties (including unclarity) in the contents of the documents that were ultimately delivered.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and on that basis denies such allegations.**

61.     For example, Ameriquest did not deliver any copies of any TILA disclosure documents to Plaintiffs at the closing of Transaction Two, which occurred in Plaintiffs' home.  The person handling the closing for Ameriquest stated that he would mail copies of the TILA disclosure documents to Plaintiffs later, but never did.  It was not until January 13, 2006, nearly eleven months after the closing, that Plaintiffs received any TILA disclosure documents with regard to Transaction Two.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and on that basis denies such allegations.**

62.     The disclosure documents that Plaintiffs did ultimately receive in connection with Transaction Two improperly and inadequately disclosed both material credit terms in the Transaction and Plaintiffs' right of rescission under TILA.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and on that basis denies such allegations.**

63. For example, as a condition of obtaining the credit extension in Transaction Two, Plaintiffs were required to pay an amount that significantly exceeded the final balance legally owing on Transaction One. The amount of the excess should have been disclosed within the TILA "finance charge" but was not.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and on that basis denies such allegations.**

64. As a result of Ameriquest's violations of TILA and Regulation Z, Plaintiffs obtained a continuing right to rescind Transaction Two and a claim for costs, litigation expenses, and attorney's fees incurred in enforcing that right in court.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

65. On March 15, 2006, Plaintiffs rescinded Transaction Two by having their attorney send a timely rescission demand to Ameriquest by U.S. Mail, certified, return receipt requested.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and on that basis denies such allegations.**

66. Upon the mailing of the above rescission demand on March 15, 2006, Plaintiffs and Ameriquest were immediately and automatically returned to the status quo ante with respect to Transaction Two, and all contractual obligations arising from or connected with the Transaction were rendered, as of March 15, 2006, void and unenforceable.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

67. Ameriquest received the above rescission demand on March 17, 2006.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and on that basis denies such allegations.**

68. Ameriquest, in a letter to Plaintiffs' counsel dated April 3, 2006, acknowledged that it had received the above demand and stated that it was Ameriquest's position that it had provided Plaintiffs with proper TILA disclosures and that Ameriquest would therefore not agree to a rescission of the Transaction.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and on that basis denies such allegations.**

69. Ameriquest did not met Plaintiff's rescission demand with regard to Transaction Two. The statutory period for Ameriquest to do so has expired, because the demand had to be met no later than April 6, 2006.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and on that basis denies such allegations.**

70. After learning that Transaction Two was assigned to Deutsche Bank, Plaintiffs reiterated their rescission of Transaction Two by having their attorney send, on February 8, 2008, a timely rescission demand to Deutsche Bank by U.S. Mail, certified, return receipt requested.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and on that basis denies such allegations.**

71. Deutsche Bank received the above rescission demand, but did not meet the terms of the demand within the statutory period.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies the allegations of paragraph 71.**

- 17 -

72. As a result of Ameriquest's and Deutsche Bank's violations of TILA and Regulation Z, Plaintiffs obtained a claim for actual and statutory damages, costs, litigation expenses and attorney's fees.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## VI.  STATE CLAIM: BREACH OF STATUTORY DUTIES

### (AGAINST AMERIQUEST)

73. Plaintiffs incorporate above paragraphs 1-72.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-72 in response to this paragraph.**

74. Under the Georgia Residential Mortgage Act, Code Ga. Ann. §7-1-1013, Ameriquest had a general duty of "good faith" and "fair dealing" in its business relationships with Plaintiffs in connection with Transaction One and Transaction Two. Ameriquest also had more specific duties, such as to disburse the proper amount of funds to Plaintiffs, not to misrepresent or conceal material facts, factors, terms, or conditions of Plaintiffs' mortgage loans, and not to condition satisfaction of a security deed taken from Plaintiffs upon payment of an illegally excessive amount claimed due.

**ANSWER:** **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and on that basis denies such allegations.**

75. Ameriquest willfully and intentionally breached the above duties.

**ANSWER:** **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and on that basis denies such allegations.**

76.    Plaintiffs have been damaged as a result of the above conduct by Ameriquest and are entitled to damages from Ameriquest under Ga. Code Ann. §§51-1-6, 51-1-8.

**ANSWER:**    **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and on that basis denies such allegations.**

77.    The above conduct by Ameriquest authorizes the imposition of punitive damages, pursuant to Ga. Code Ann. §51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiffs seek such damages from Ameriquest.

**ANSWER:**    **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and on that basis denies such allegations.**

## VII.  STATE CLAIM: VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT

## (AGAINST AMERIQUEST)

78.    Plaintiffs incorporate above paragraphs 1 through 77.

**ANSWER:**    **Defendant incorporates its answers to paragraphs 1-77 in response to this paragraph.**

79.    The Georgia Fair Business Practices Act ("GFBPA") prohibits unfair or deceptive practices by persons or entities such as Ameriquest in the course of consumer transactions. Off. Code Ga. Ann. §10-1-393(a).

**ANSWER:**    **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and on that basis denies such allegations.**

80.     By its conduct described above in paragraphs 30 through 35, Ameriquest violated the GFBPA.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and on that basis denies such allegations.**

81.     The conduct described above in paragraphs 30 through 35 is not an isolated instance, confined to Plaintiffs' situation. Other persons in Georgia have been similarly abused by Ameriquest. The identity of two of these persons is known by Plaintiffs' counsel.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and on that basis denies such allegations.**

82.     Ameriquest willfully and intentionally violated the GFBPA by its conduct referenced above, causing Plaintiffs to suffer actual damages.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and on that basis denies such allegations.**

83.     Ameriquest's above-referenced actions authorize the imposition of punitive damages, pursuant to Off. Code Ga. Ann. § 10-1-853 and Off. Code Ga. Ann. §51-12-5.1, in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiffs seek such damages from Ameriquest.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and on that basis denies such allegations.**

84.     For Ameriquest's above violations of the GFBPA, Plaintiffs seek from Ameriquest actual and treble damages, plus punitive damages, plus attorney's fees, costs, and expenses of litigation.

**ANSWER:**     **Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and on that basis denies such allegations.**

85.     Plaintiffs have complied with the notice requirement under Code Ga. Ann. § 10-1-399(b) (in the event that this provision should be deemed applicable). This was done by a letter sent by U.S. Mail and electronic transmission on July 12, 2006, from Plaintiffs' counsel to Ameriquest's counsel.

**ANSWER:**     **Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion and because the referenced document speaks for itself.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and on that basis denies such allegations.**

WHEREFORE, Plaintiffs pray that this Court:

(1)     declare that Plaintiffs' rescissions of Transaction One and Transaction Two had the immediate and automatic effect of rendering void and unenforceable all contractual obligations arising from or connected with these transactions and of returning Plaintiffs and Defendants to the status quo ante;

(2)     rescind Transaction One and Transaction Two and declare void all of the charges imposed therein;

(3)     declare void any security interest created In Transaction One or Transaction Two;

(4)     order Defendants to take any action necessary to terminate any security interest in Plaintiffs' property created in Transaction One or Transaction Two;

(5)     enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on

- 21 -

Plaintiffs' property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiffs of their interest in that property or to limit, qualify, or inhibit that interest in any way;

(6) order the return to Plaintiffs of any money or property given by them to anyone, including Defendants, in connection with Transaction One or Transaction Two;

(7) under TILA, award Plaintiffs $6000 in statutory damages, plus actual damages to be determined at trial, costs, litigation expenses, and attorney's fees;

(8) under the Georgia Residential Mortgage Act, award in favor of Plaintiffs and against Ameriquest actual and punitive damages in amounts to be determined at trial, plus costs and litigation expenses;

(9) under the Georgia Fair Business Practices Act, award in favor of Plaintiffs and against Ameriquest the following amounts: actual and treble damages in amounts to be determined at trial, punitive damages in an amount to be determined at trial, costs, litigation expenses, and reasonable attorney's fees;

(10) hold a jury trial on all issues so triable;

(11) award such other and further relief as the Court deems just and proper.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**


## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

- 23 -

## PRAYER

Defendant prays this court to:

1.      Dismiss Plaintiffs' Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:   January 11, 2010                By:  /s/ Bernard E. LeSage
                                                *Attorneys for Deutsche Bank National*
                                                *Trust Company, as Trustee*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

BN 4733392v1

**<u>CERTIFICATE OF SERVICE</u>**

       I, Bernard E. LeSage, hereby certify that on this 11 day of January 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                     By:      <u>/s/  Bernard E. LeSage</u>