**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |
| *Nancy Elder Coleman, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 07 C 3577 | |

<u>**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**</u>

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs NANCY ELDER COLEMAN and ROBERT L. ELDER ("Plaintiffs") Second Amended Complaint ("Complaint") as follows.

<u>**SECOND AMENDED COMPLAINT**</u>

Plaintiffs state as follows:

I.      **PRELIMINARY STATEMENT**

1.      This Second Amended Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiffs' right to rescind two consumer credit transactions and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z"). Plaintiffs also assert a claim, via Ga. Code Ann. §§ 51-1-6, 51-1-8, for breach of statutory duties imposed by the Georgia Residential Mortgage Act. Additionally, Plaintiffs seek relief under the Georgia Fair Business Practices Act and its companion statute, the Georgia Unfair or Deceptive Practices Toward the Elderly Act, for unfair and deceptive practices.

- 1 -

**ANSWER:** **Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601, et seq., Regulation Z, 12 C.F.R. part 226 or state law. Defendant denies any remaining allegations of paragraph 1.**

## II.    JURISDICTION

2.    Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C.

§§1331, 1337, 1367.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## III.    PARTIES

3.    Plaintiffs are United States citizens who reside in Coweta County, Georgia.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that has regularly engaged in the business of mortgage lending and has done substantial business in the forum state.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5.    Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a foreign corporation that holds securitized pools of residential mortgage loans. Deutsche Bank transacts business in the forum state and holds legal title to a number of mortgage loans originated by Ameriquest, including the earlier of Plaintiffs' two mortgage loans that are the subject of the present action. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant is the trustee for Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-R2 under the Pooling and**

**Servicing Agreement dated as of March 1, 2005, which included the referenced loan at one time, but the Defendant no longer holds any interest, right or title in Plaintiffs' loan number 0103956702. Defendant has an office in the state of Illinois. Defendant denies any remaining allegations of paragraph 5.**

6.      Defendant JPMC Specialty Mortgage LLC ("JPMCSM"), is the successor in interest to WM Specialty Mortgage LLC ("WMSM"). WMSM was a foreign corporation that transacted business in the forum state. It held legal title to a number of mortgage loans originated by Ameriquest, including the later of Plaintiffs' two mortgage loans that are the subject of the present action. JPMCSM is a Delaware corporation that does business in the forum state. Its principal place of business is 10790 Rancho Bernardo Road, San Diego, CA 92127. Its registered agent for service of process is CT Corporation System, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

## IV.      FACTUAL BACKGROUND

7.      At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8.      Plaintiffs have limited educations and are financially unsophisticated.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9.      On January 22, 2005, Plaintiffs entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("Transaction One"). Ameriquest

was the initial payee on the promissory note and the extended credit was subject to a finance charge.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10. Transaction One is subject to TILA.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11. As part of Transaction One, Ameriquest acquired a security interest in residential real property that Plaintiffs used as their principal dwelling and in which Plaintiffs already had an ownership interest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12. On February 14, 2006, Plaintiffs entered into a refinancing with Ameriquest. This refinancing was a consumer credit transaction involving a promissory note and a security deed ("Transaction Two"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13. Transaction Two is subject to TILA.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14.     Transaction Two is a refinancing of Transaction One by the same TILA "creditor."

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15.     In Transaction Two, Ameriquest acquired a security interest in residential real property that Plaintiffs used as their principal dwelling and in which Plaintiffs already had an ownership interest.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16.     As a condition of the extension of credit in Transaction Two, Ameriquest charged Plaintiffs $70,718.63 to pay off Transaction One. Ameriquest claimed that this was the actual amount owing on Transaction One. This claim was untrue: the amount was inflated, because it represented more than the original principal amount in Transaction One, and Plaintiffs had made all required monthly payments in Transaction One.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17.     Ameriquest accepted and kept the above $70,718.63 payment in its entirety, knowing that the payment was higher than the payoff amount actually owing. This conduct by Ameriquest was unfair and deceptive, and extracted from Plaintiffs an unauthorized, illegal charge without their knowledge.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18.     Additionally, Ameriquest included in the principal amount of the Transaction Two a $252 charge for payment of an intangible tax. This amount significantly exceeded the amount of the intangible tax that was actually owed, in view of the intangible tax that Plaintiffs had already paid in connection with Transaction One.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19.     Furthermore, the above conduct was not an isolated occurrence. Ameriquest has been sued previously for demanding an excessively high payoff amount when refinancing its own mortgage and for imposing an inflated intangible tax.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20.     The above conduct constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to Plaintiffs.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21.     The above conduct also constituted failure by Ameriquest to disburse the proper amount of funds to Plaintiffs as agreed in Transaction Two.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22.     By the above conduct, Ameriquest misrepresented or concealed material facts, factors, terms, and conditions with respect to Transaction Two.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient**

**to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23.    The above conduct also amounted to an improper refusal by Ameriquest to issue a satisfaction of the security deed that it took in Transaction One unless Ameriquest was paid an illegally excessive amount to do so from the proceeds of Transaction Two.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24.    Ameriquest assigned Transaction One to Deutsche Bank.

**ANSWER:    Defendant admits that it is trustee for Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-R2 under the Pooling and Servicing Agreement dated as of March 1, 2005, which included the referenced loan at one time, but the Defendant no longer holds any interest, right or title in Plaintiffs' loan number 0103956702.  Defendant denies any remaining allegations of paragraph 24.**

25.    Ameriquest assigned Transaction Two to WMSM.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.**

26.    On or about September 25, 2008, WMSM was purchased by JPMorgan Chase & Company.  On December 29, 2008, WMSM changed its name to JPMC Specialty Mortgage LLC, named as a Defendant in the present action.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations.**

V.    **FEDERAL CLAIMS: RESCISSION AND DAMAGES UNDER TILA**

27.    Plaintiffs incorporate above paragraphs 1-26.

**ANSWER:    Defendant incorporates its answers to paragraphs 1-26 in response to this paragraph.**

BN 4733252v1

28.     In connection with Transaction One, Ameriquest was required to provide disclosures under TILA.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

29.     Transaction One is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30.     In connection with Transaction One, Ameriquest violated TILA and Regulation Z by not providing Plaintiffs with adequate disclosure of either the material credit terms in the Transaction or Plaintiffs' right to rescind the Transaction. The inadequacy of disclosure resulted from improprieties in the delivery of the disclosure documents as well as improprieties (including unclarity) in the contents of those documents.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.**

31.     As a result of the above violations of TILA and Regulation Z in Transaction One, Plaintiffs obtained a continuing right to rescind Transaction One against Ameriquest or any assignee and a claim for costs, litigation expenses, and attorney's fees incurred in enforcing that right in court.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

32.     In connection with Transaction Two, Ameriquest was required to provide disclosures under TILA.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

33.     Transaction Two is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

34.     In connection with the Transaction Two, Ameriquest violated TILA and Regulation Z by not providing Plaintiffs with adequate disclosure of either the material credit terms in the Transaction or Plaintiffs' right to rescind the Transaction. The inadequacy of disclosure resulted from improprieties in the delivery of the disclosure documents as well as improprieties (including unclarity) in the contents of those documents. One of the latter improprieties was failure to provide Plaintiffs with the type of notice of Plaintiffs' right of rescission under TILA that is required by the Federal Reserve Board for a refinancing with the same lender.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies such allegations.**

35.     Another impropriety in the contents of the disclosure documents was failure to disclose certain costs of credit as part of the TILA "finance charge."

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies such allegations.**

36.     As a result of Ameriquest's violations of TILA and Regulation Z, Plaintiffs obtained a continuing right to rescind Transaction Two against Ameriquest or any assignee and a

claim against Ameriquest or any assignee for damages, costs, litigation expenses, and attorney's fees incurred in enforcing that right in court.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

37.     On May 14, 2007, Plaintiffs rescinded Transaction One and Transaction Two by having their attorney send a timely rescission demand to Ameriquest and by U.S. Mail, certified, return receipt requested.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.**

38.     Upon the mailing of the above rescission demand on May 14, 2007, Plaintiffs and Ameriquest were immediately and automatically returned to the status quo ante with respect to Transaction One and Transaction Two, and all contractual obligations arising from or connected with those transactions were rendered, as of May 14, 2007, void and unenforceable.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

39.     Ameriquest received the above rescission demand no later than May 21, 2007.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and on that basis denies such allegations.**

40.     Ameriquest did not meet any of the terms of the above rescission demand, and the twenty-day statutory period for Ameriquest to do so has expired.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and on that basis denies such allegations.**

BN 4733252v1

41.     After learning that Transaction One was assigned to Deutsche Bank, Plaintiffs reiterated their rescission of Transaction One by having their attorney send, on April 10, 2008, a timely rescission demand to Deutsche Bank by U.S. Mail, certified, return receipt requested.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and on that basis denies such allegations.**

42.     Deutsche Bank received the above rescission demand on April 14, 2008, but did not meet any of the terms of the demand within the statutory period for doing so.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies the allegations of this paragraph.**

43.     After learning that Transaction Two was assigned to WMSM, Plaintiffs reiterated their rescission of Transaction Two by having their attorney send, on April 10, 2008, a timely rescission demand to WMSM by U.S. Mail, certified, return receipt requested.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and on that basis denies such allegations.**

44.     WMSM received the above rescission demand on April 14, 2008, but did not meet any of the terms of the demand within the statutory period for doing so.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and on that basis denies such allegations.**

45.     As a result of the above violations of TILA and Regulation Z, Plaintiffs have claims against Defendants under 15 U.S.C. §§ 1640, for statutory damages in the amount of $6000, actual damages, costs, litigation expenses, and attorney's fees.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## VI.   STATE CLAIM: GEORGIA RESIDENTIAL MORTGAGE ACT
## (AGAINST AMERIQUEST)

46.     Plaintiffs incorporate above paragraphs 1-45.

**ANSWER:   Defendant incorporates its answers to paragraphs 1-45 in response to this paragraph.**

47.     Under the Georgia Residential Mortgage Act, Code Ga. Ann. §7-1-1013, Ameriquest had a general duty of "good faith" and "fair dealing" in its business relationships with Plaintiffs in connection with Transaction One and Transaction Two. Ameriquest also had more specific duties, such as to disburse the proper amount of funds to Plaintiffs, not to misrepresent or conceal material facts, factors, terms, or conditions of Plaintiffs' mortgage loans, and not to condition satisfaction of a security deed taken from Plaintiffs upon payment of an illegally excessive amount claimed due.

**ANSWER:   Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and on that basis denies such allegations.**

48.     Ameriquest willfully and intentionally breached the above duties.

**ANSWER:   Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and on that basis denies such allegations.**

49.     Plaintiffs have been damaged as a result of the above conduct by Ameriquest and are entitled to damages from Ameriquest under Ga. Code Ann. §§51-1-6, 51-1-8.

**ANSWER:   Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis denies such allegations.**

- 12 -

50.     The above conduct by Ameriquest authorizes the imposition of punitive damages, pursuant to Ga. Code Ann. §51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiffs seek such damages against Ameriquest.

**ANSWER:**     **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and on that basis denies such allegations.**

VII.     **STATE CLAIM: GEORGIA FAIR BUSINESS PRACTICES ACT**

**(AGAINST AMERIQUEST)**

51.     Plaintiffs incorporate above Paragraphs 1 through 50.

**ANSWER:**     **Defendant incorporates its answers to paragraphs 1-50 in response to this paragraph.**

52.     The Georgia Fair Business Practices Act ("FBPA") prohibits unfair or deceptive practices by persons or entities such as Ameriquest in the course of consumer transactions. Ga. Code Ann. §10-1-393(a).

**ANSWER:**     **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and on that basis denies such allegations.**

53.     At the time of Transaction Two, Plaintiff Nancy Elder Coleman was 64 years old and Plaintiff Robert L. Elder was 66 years old.

**ANSWER:**     **Because this Count is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and on that basis denies such allegations.**

54.     As the result of Plaintiffs' ages, they receive the additional protections of a companion statute to the FBPA, the Georgia Unfair or Deceptive Practices Toward the Elderly Act ("Elderly Act") at Ga. Code Ann. §§ 10-1-850-857.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and on that basis denies such allegations.**

55.     As shown previously in this Second Amended Complaint, in connection with Transaction Two Ameriquest engaged in unfair and deceptive conduct in charging Plaintiffs an inflated amount to pay off Transaction One and in imposing an inflated charge for an intangible tax.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and on that basis denies such allegations.**

56.     Ameriquest willfully and intentionally violated the FBPA by its conduct referenced above, causing Plaintiffs to suffer actual damages.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and on that basis denies such allegations.**

57.     Ameriquest's above-referenced actions authorize the imposition of punitive damages, pursuant to Ga. Code Ann. § 10-1-853 and Ga. Code Ann. §51-12-5.1, in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiffs seek such damages.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph**

**states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and on that basis denies such allegations.**

58.     For Ameriquest's above violations of the FBPA, Plaintiffs seek to recover from Ameriquest actual and treble damages, plus punitive damages, plus attorney's fees, costs, and expenses of litigation. Plaintiffs also seek from Ameriquest the additional penalty of $10,000 imposed by the Elderly Act, for each violation of the Elderly Act or the FBPA.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and on that basis denies such allegations.**

59.     Plaintiffs have complied with the notice requirement under Ga. Code Ann. § 10-1-399(b) (in the event that this provision should be deemed applicable). This was done by a letter sent by U.S. Mail and electronic transmission on May 14, 2007, from Plaintiffs' counsel to Ameriquest's counsel.

**ANSWER:     Because this Count is directed at defendants other than Deutsche Bank, no answer is required. Further, no answer is required because this paragraph states a legal conclusion and because the referenced document speaks for itself. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and on that basis denies such allegations.**

WHEREFORE, Plaintiffs pray that this Court:

(1)     declare that Plaintiffs' rescissions of Transaction One and Transaction Two have the immediate and automatic effect of rendering void and unenforceable all contractual obligations arising from or connected with these transactions and of returning Plaintiffs and Defendants to the status quo ante;

(2)     rescind Transaction One and Transaction Two and declare void all of the charges imposed therein;

(3)     declare void any security interest created In Transaction One or Transaction Two;

- 15 -

(4)     order Defendants to take any action necessary to terminate any security interest in Plaintiffs' property created in Transaction One or Transaction Two;

(5)     enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiffs' property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiffs of their interest in that property or to limit, qualify, or inhibit that interest in any way;

(6)     order the return to Plaintiffs of any money or property given by them to anyone, including Defendants, in connection with Transaction One or Transaction Two;

(7)     under TILA, award Plaintiffs $6000 in statutory damages, plus actual damages to be determined at trial, costs, litigation expenses, and attorney's fees;

(8)     under the Georgia Residential Mortgage Act, award in favor of Plaintiffs and against Ameriquest actual and punitive damages in amounts to be determined at trial, plus costs and litigation expenses;

(9)     award in favor of Plaintiffs and against Ameriquest the following amounts under the FBPA and the Elderly Act: actual and treble damages in amounts to be determined at trial, the $10,000 additional civil penalty provided for at Ga. Code Ann. § 10-1-851 for each violation of either Act, punitive damages in an amount to be determined at trial, costs, litigation expenses, and reasonable attorney's fees;

(10)    hold a jury trial on all issues so triable;

(11)    award such other and further relief as the Court deems just and proper.

**<u>ANSWER</u>:**     **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Defendants' recovery.

10.    Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.    As to each cause of action, Defendant is entitled to an offset.

12.    Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.    Plaintiffs' claims are barred in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.     Dismiss Plaintiffs' Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:   January 12, 2010          By:  /s/ Bernard E. LeSage
                                        *Attorneys for Deutsche Bank National*
                                        *Trust Company, as Trustee*

                                   Bernard E. LeSage, Esq.
                                   Sarah K. Andrus, Esq.
                                   BUCHALTER NEMER, a P.C.
                                   1000 Wilshire Boulevard, Suite 1500
                                   Los Angeles, CA 90017-2457
                                   Telephone: (213) 891-0700
                                   Facsimile: (213) 896-0400

BN 4733252v1

CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 12th day of January 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By: _____/s/  Bernard E. LeSage_____

BN 4733252v1