## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |
| *Castella Harris Jones f/k/a Castella Williams Harris v. Ameriquest Mortgage Company, et al.*; Case No. 05 C 4025 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiff CASTELLA HARRIS JONES f/k/a Castella Williams Harris' ("Plaintiff") Third Amended Complaint ("Complaint") as follows.

## THIRD AMENDED COMPLAINT

## INTRODUCTION

1.     Plaintiff Castella Harris Jones, f/k/a Castella Williams Harris brings this action against a "subprime" mortgage lender and others to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA" ), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**     **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime". Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. §1601, et seq. or Regulation Z, 12 C.F.R. part 226. Defendant denies any remaining allegations of paragraph 1.**

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants do business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction or venue. Defendant is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant denies any remaining allegations of Paragraph 2.**

**PARTIES**

3. Plaintiff owns and resides in a home at 6922 S. Winchester, Chicago, IL 60636.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant denies any remaining allegations of paragraph 5.**

6. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the

- 2 -

beneficial owner of some loans originated by Ameriquest Mortgage Company, including

plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7.      Defendant RoundPoint Mortgage Servicing Corporation is a foreign corporation

which does business in Illinois.  Its registered agent and address are C.T. Corporation System,

150 Fayettesville St., Raleigh, NC 27601.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8.      Defendant RoundPoint Mortgage Servicing Corporation services some loans

originated by Ameriquest Mortgage Company, including plaintiff's, and claims an interest in

such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFF

9.      Prior to July 8, 2002, plaintiff applied for a mortgage with Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10.      Plaintiff needed and used the loan for personal, family or household purposes,

namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11.      The loan was closed on or about July 8, 2002.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12.     Immediately prior to the closing, plaintiff was informed that the loan terms were being altered to her detriment, as set forth on <u>Exhibit A</u>.

**ANSWER:**     **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13.     On or about July 8, 2002, plaintiff signed or received the following documents relating to the loan, among others:

    a.     An adjustable rate mortgage, a copy of which is attached as <u>Exhibit B</u>;

    b.     A Truth in Lending disclosure statement, <u>Exhibit C</u>;

    c.     Several incomplete copies of the TILA notice of right to cancel, <u>Exhibit D</u>; and

    d.     A settlement statement on form HUD-1, <u>Exhibit E</u>.

**ANSWER:**     **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14.     Ameriquest represented that payment of a "loan discount" fee would result in a lower interest rate.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15.     Plaintiff paid a "loan discount" fee of $495, or 1 % of her loan principal. However, on information and belief, she did not receive a lower interest rate.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.

16.     The debts to be paid from the loan were changed after closing, as shown on a second settlement statement, Exhibit I, and a "Single Ledger Balance Report" prepared by Law Title Insurance Company, Exhibit J. Ameriquest did not make any of the payments to Sears, "Accucheck," "Arrow Financial Serv," "Asset Acceptance Cor," Capital One Bank, "Computer Credit Svc," "Equifax CK," "Franklin Collection," "MWARD/MBGA," "NBGL-Carsons," "Professnl Acct Mgmt," "Risk Management Alte," or "Superior Recovert Sy," shown on the summary of debts and disbursements, Exhibit E.

**ANSWER:**     The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

17.     The settlement statement delivered to plaintiff shows a disbursement to borrower of $3,478.56. Exhibit E, line 303. The alternate settlement statement prepared eight days later shows a disbursement to borrower of $3,538.24. Exhibit I, line 1604. However, plaintiff actually received $3,232.05. Exhibit J. The amount actually received does not appear on any settlement statement.

**ANSWER:**     The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

18.     Because the terms of the deal were not settled until after July 16, 2002, the consummation did not occur until after July 16, 2002, and all of the Truth in Lending disclosures and notices of cancellation rights were misdated.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.

19.     Plaintiff was instructed to make payments to AMC Mortgage Services, Inc. (Exhibit F).  Plaintiff was later instructed to make payments to Citi Residential Lending, Inc., then to American Home Mortgage Servicing, Inc., and subsequently to RoundPoint Mortgage Servicing Corporation.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20.     Plaintiff's loan has been assigned to Deutsche Bank Trust Services, which is the presently holds title plaintiff's loan, as trustee.  Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R3 under the Pooling & Servicing Agreement dated as of April 1, 2004 Without Recourse.

**ANSWER:     Defendant denies that it presently holds title to plaintiff's loan as trustee. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 20 and on that basis denies such allegations.**

21.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

## COUNT I - TILA

22.     Plaintiff incorporates paragraphs 1-21.  This claim is against all defendants.

**ANSWER:     Defendant incorporates its responses to paragraphs 1-21 in response to this paragraph.**

BN 5021980v1

## RIGHT TO RESCIND

23.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

(a)     **Consumer's right to rescind.**

**(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn] 48 whichever occurs last.   If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.   In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

(b)     **Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.   The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.**

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires. . . .

(f)     **Exempt transactions**.  The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)     A credit plan in which a state agency is a creditor.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## GROUNDS FOR RESCISSION

24.     The misdating of these disclosures results in lack of clear and conspicuous disclosure of the deadline to rescind, in violation of 15 U.S.C. §1635, §1638(a) and 12 C.F.R. § 226.23(b)(5).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

25.     The TILA notices of right to cancel furnished to plaintiff were incomplete.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26.     The payment schedule is not fully and completely disclosed on Exhibit C.

- 8 -

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## VIOLATIONS ALLEGED

27.     The failure to fully and completely disclose the payment schedule violates 15 U.S.C. §1638 and 12 C.F.R. §226.28.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

28.     The provision of incomplete notices of right to cancel violates 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

29.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

30.     Plaintiff further requests an accounting of the loan proceeds and her payments, as she has been notified at various times that Ameriquest has made payments of taxes and insurance, which plaintiff believes may be incorrect.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31.     On June 13, 2005, plaintiff sent notice of her intent to rescind.  A copy is attached hereto as Exhibit G.

**ANSWER:     The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

32.     Defendant received plaintiff's notice but refused to rescind her loan.  See Exhibit H.

**ANSWER:     The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

33.     TILA's three-year statute of limitations, if otherwise applicable, was tolled by the filing on July 1, 2005, of Williams v. Ameriquest Mortgage Co., 05 CV 6189 (S.D.N.Y.).  Ms. Harris is a member of the TILA rescission class in the Williams case.  See American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552-53 (1974)("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class...."); Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350-52 (1983)("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied....").

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a.     A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendant;

    b.     Statutory damages for the underlying disclosure violations;

    c.     An accounting and declaration concerning what if anything plaintiff owes Ameriquest;

     d.      Statutory damages for failure to rescind;

     e.      Attorney's fees, litigation expenses and costs.

     f.      Such other or further relief as the Court deems appropriate.

**ANSWER:**    **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT II – BREACH OF CONTRACT

34.    Plaintiff incorporates paragraphs 1-21.  This claim is against Ameriquest Mortgage Company.

**ANSWER:**    **Defendant incorporates its responses to paragraphs 1-33 in response to this paragraph.**

35.    Defendant undertook and contracted to lower plaintiff's interest rate if plaintiff paid a loan discount fee.

**ANSWER:**    **Because this paragraph is directed against defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

36.    Plaintiff paid a loan discount of $495.  Exhibit E, line 802.

**ANSWER:**    **Because this paragraph is directed against defendants other than this answering Defendant, no answer is required.  Because the referenced document speaks for itself, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

37.    Defendant failed to lower plaintiff's interest rate.

**ANSWER:**    **Because this paragraph is directed against defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 5021980v1

38. Defendant thereby breached its contract.

**ANSWER:** **Because this paragraph is directed against defendants other than this answering Defendant, no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

39. Plaintiff was damaged as a result.

**ANSWER:** **Because this paragraph is directed against defendants other than this answering Defendant, no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a. Appropriate damages;

b. Costs.

c. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

BN 5021980v1

6.     Plaintiff's claims are barred in whole or in part because she has failed to mitigate their damages.

7.     Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9.     Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.     Dismiss Plaintiff's Complaint;

2.     Enter judgment for Defendant and against Plaintiff in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


                                         Respectfully submitted,

DATED:   January 14, 2010               By:  /s/ Bernard E. LeSage
                                             *Attorneys for Deutsche Bank National*
                                             *Trust Company, as Trustee*

                                             Bernard E. LeSage, Esq.
                                             Sarah K. Andrus, Esq.
                                             BUCHALTER NEMER, a P.C.
                                             1000 Wilshire Boulevard, Suite 1500
                                             Los Angeles, CA 90017-2457
                                             Telephone: (213) 891-0700
                                             Facsimile: (213) 896-0400

BN 5021980v1

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 14th day of January 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:  _____/s/  Bernard E. LeSage_____

BN 5021980v1