IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| THIS DOCUMENT RELATES TO: | Lead Case No. 05-cv-07097 |
| *Westmoreland v. Ameriquest Mortgage Co., et al.;* Case No. 07 C 4872 (N.D. Ill.) | (Centralized before The Honorable Marvin E. Aspen) |

**DEFENDANT JPMC SPECIALTY MORTGAGE LLC 'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant JPMC Specialty Mortgage LLC ("Defendant"), by and through its attorneys, answers the Second Amended Complaint ("Complaint") of Plaintiff MARY L. WESTMORELAND ("Plaintiff"):

I. PRELIMINARY STATEMENT

1. This Second Amended Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§ 1601-1666 ("TILA") and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z"), to enforce Plaintiff's right to rescind a mortgage and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA. Plaintiff also asserts a claim, via Ga. Code Ann. §§ 51-1-6, 51-1-8, for breach of statutory duties imposed by the Georgia Residential Mortgage Act.

**ANSWER**: Defendant admits that Plaintiffs commenced this action seeking the stated relief. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 – 1666, et seq., Regulation Z, 12 C.F.R. part 226, or state law. Defendant denies any remaining allegations of paragraph 1.

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337, 1367.

**ANSWER**: Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.

## III. PARTIES

3. Plaintiff is a United States citizen who resides in Fulton County, Georgia.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that regularly engages in the business of mortgage lending and does substantial business in the forum state.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.

5. Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a corporation that holds securitized pools of residential mortgage loans, including loans originated by Ameriquest. Deutsche Bank does substantial business in the forum state. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.

6. Defendant JPMC Specialty Mortgage LLC ("JPMCSM"), is the successor in interest to WM Specialty Mortgage LLC ("WMSM"). WMSM was a foreign corporation that transacted business in the forum state. It held legal title to a number of mortgage loans

2

originated by Ameriquest, including Plaintiff's mortgage loan that is the subject of the present action. JPMCSM is a Delaware corporation that does business in the forum state. Its principal place of business is 10790 Rancho Bernardo Road, San Diego, CA 92127. Its registered agent for service of process is CT Corporation System, 1209 Orange Street, Wilmington, DE 19801.

**ANSWER**: Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property in the state of Georgia. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.

### IV. FACTUAL BACKGROUND

7. At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.

8. On or about March 21, 2005, Plaintiff entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("the Transaction"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge. Under the terms of the promissory note, the annual interest rate is variable and can increase to 15.6 per cent.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.

9. The Transaction is subject to TILA.

**ANSWER**: Because paragraph 9 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

10. As part of the Transaction, Ameriquest acquired a security interest in residential real property already owned by Plaintiff and used as her principal dwelling.

3

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.

11. The purpose of the Transaction was to pay off Plaintiff's existing mortgage ("Prior Transaction"), which was also originated by Ameriquest. As a condition of the extension of credit in the Transaction, Ameriquest charged Plaintiff $76,731.27 to pay off the Prior Transaction. Ameriquest claimed that this was the actual amount owing on the Prior Transaction. However, a lesser amount was actually owing.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.

12. Ameriquest accepted and kept the above $76,731.27 payment in its entirety, knowing that the payment was higher than the payoff amount actually owing. This conduct by Ameriquest was unfair and deceptive, and extracted from Plaintiff an unauthorized, illegal charge without her knowledge.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.

13. The above conduct constituted a breach by Ameriquest of the duty of good faith and fair dealing that is owed to Plaintiff.

**ANSWER**: Because paragraph 13 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.

14. The above conduct also constituted failure by Ameriquest to disburse the proper amount of funds to Plaintiff as agreed in the Transaction.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.

15. By the above conduct, Ameriquest misrepresented or concealed material facts, factors, terms, and conditions with respect to the Transaction.

**ANSWER**: Because paragraph 15 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.

16. The above conduct also amounted to an improper refusal by Ameriquest to issue a satisfaction of the security deed that it took in the Prior Transaction unless Ameriquest was paid an illegally excessive amount to do so from the proceeds of the Transaction.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.

17. In connection with the Transaction, Ameriquest imposed upon Plaintiff, as a condition of extending credit, an "intangible tax" of $294. This amount significantly exceeded the amount of the intangible tax that was actually owed and payable for recordation of the security deed executed in the Transaction.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.

18. The above imposition of an inflated intantible tax by Ameriquest was unfair and deceptive, and extracted from Plaintiff an unauthorized, illegal charge without her knowledge. This conduct also constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to Plaintiff.

**ANSWER**: Because paragraph 18 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.

19. Ameriquest assigned its interest in the Transaction to WMSM. The assignment occurred on or about January 9, 2007.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and for that reason denies these allegations.

20. On February 2, 2007, Defendants instituted a judicial foreclosure proceeding against Plaintiff in connection with the Transaction. This proceeding was filed in the Superior Court of Fulton County, State of Georgia, as civil action 2007 CV 129122.

**ANSWER**: Because paragraph 20 states judicially noticeable matters, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

21. On information and belief, based on Deutsche Bank's having brought a judicial foreclosure proceeding against Plaintiff, Deutsche Bank was at some point an assignee of the Transaction.

**ANSWER**: Because paragraph 21 states a legal conclusion, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.

22. On or about September 25, 2008, WMSM was purchased by JPMorgan Chase & Company. On December 29, 2008, WMSM changed its name to JPMC Specialty Mortgage LLC.

**ANSWER**: Defendant admits that it was formerly known as WM Specialty Mortgage LLC. Defendant denies the remaining allegations of paragraph 22.

## V. FEDERAL CLAIMS: RESCISSION UNDER TILA

23. Plaintiff incorporates above paragraphs 1-22.

**ANSWER**: Defendant incorporates its answers to paragraphs 1-22 in response to this paragraph.

6

24. In connection with the Transaction, Ameriquest was required to provide disclosures under TILA.

**ANSWER**: Because paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

25. The Transaction is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

**ANSWER**: Because paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

26. In connection with the Transaction, Ameriquest violated TILA and Regulation Z by not providing Plaintiff with proper disclosure of either the material credit terms in the Transaction or Plaintiff's right to rescind the Transaction. For example, the "finance charge" in the Transaction was understated by more than $35, and Plaintiff did not receive a legally sufficient Notice of Right to Cancel.

**ANSWER**: Because paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations.

27. As a result of the above violations of TILA and Regulation Z, Plaintiff obtained a continuing right to rescind the Transaction, along with a right to obtain attorney's fees, costs, and litigation expenses in connection with an action to enforce the rescission right.

**ANSWER**: Because paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

28. On May 25, 2007, Plaintiff rescinded the Transaction by having her attorney send timely rescission demands under TILA to Ameriquest and to Deutsche Bank ("Original Defendants").

**ANSWER**: The referenced documents speak for themselves; therefore no answer is required. If a response is required, Defendant is without knowledge or information

7

sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies such allegations.

29. Upon the mailing of the above rescission demands on May 25, 2007, Plaintiff and the Original Defendants were immediately and automatically returned to the status quo ante with respect to the Transaction. Accordingly, all contractual obligations arising from or connected with the Transaction were rendered, as of May 25, 2007, void and unenforceable.

**ANSWER**: Because paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

30. Ameriquest received the above May 25, 2007, rescission demand no later than May 30, 2007, and did not meet the terms of the demand within twenty days of such receipt or at any time later.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.

31. Deutsche Bank received the above May 25, 2007 rescission demand no later than May 29, 2007, and did not meet the terms of the demand within twenty days of such receipt or at any time later.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies such allegations.

32. As a result of the above violations of TILA and Regulation Z, Plaintiff has claims against the Original Defendants, under 15 U.S.C. §§ 1640, 1641, for statutory damages in the amount of $4,000, actual damages, costs, litigation expenses, and attorney's fees.

**ANSWER**: Because paragraph 32 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

33. On March 20, 2008, Plaintiff, having determined that WMSM was an assignee of the Transaction, mailed a TILA rescission demand to WMSM.

8

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies such allegations.

34. WMSM received the above March 20, 2008 rescission demand no later than March 25, 2008, and did not meet the terms of the demand within twenty days of such receipt or at any time later.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies such allegations.

35. As a result of the above violations of TILA and Regulation Z, Plaintiff has claims against JPMCSM, under 15 U.S.C. §§ 1640, 1641, for statutory damages in the amount of $4,000, actual damages, costs, litigation expenses, and attorney's fees.

**ANSWER**: Because paragraph 35 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

36. Actual damages under TILA resulting from Defendants' failure to comply with Plaintiff's rescission demands and from any attempted foreclosure despite the unenforceability of the security deed will include loss of equity in Plaintiff's home, relocation expenses, emotional distress, and injury to reputation.

**ANSWER**: Because paragraph 36 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

### VI. STATE CLAIM: BREACH OF STATUTORY DUTIES
### (AGAINST AMERIQUEST)

37. Plaintiff incorporates above paragraphs 1-36.

**ANSWER**: Defendant incorporates its answers to paragraphs 1-36 in response to this paragraph.

38. Under the Georgia Residential Mortgage Act, Ga. Code Ann. §7-1-1013, Ameriquest had a general duty of "good faith" and "fair dealing" in its business relationships with Plaintiff in connection with the Transaction and the Prior Transaction. Ameriquest also had more specific duties, such as to disburse the proper amount of funds to Plaintiff, not to misrepresent or conceal material facts, factors, terms, or conditions of Plaintiff's mortgage loans, and not to condition satisfaction of a security deed taken from Plaintiff upon payment of an illegally excessive amount claimed due.

**ANSWER**: Because this Count is directed at defendants other than JPMC Specialty Mortgage LLC, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and on that basis denies such allegations.

39. Ameriquest willfully and intentionally breached the above duties and imposed upon Plaintiff unauthorized and illegal charges, which constituted conversion.

**ANSWER**: Because this Count is directed at defendants other than JPMC Specialty Mortgage LLC, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and on that basis denies such allegations.

40. Plaintiff has been damaged as a result of the conduct by Ameriquest alleged above, and in particular the conduct alleged in prior paragraphs 11-18 herein, and is entitled to damages under Ga. Code Ann. §§51-1-6, 51-1-8.

**ANSWER**: Because this Count is directed at defendants other than JPMC Specialty Mortgage LLC, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and on that basis denies such allegations.

41. The above conduct by Ameriquest authorizes the imposition of punitive damages, pursuant to Ga. Code Ann. §51-12-5.1, in that it shows willful misconduct, malice, fraud,

wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiff seeks such damages.

**ANSWER**: Because this Count is directed at defendants other than JPMC Specialty Mortgage LLC, no answer is required. Further, no answer is required because this paragraph states a legal conclusion. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and on that basis denies such allegations.

WHEREFORE, Plaintiff prays that this Court:

(1) declare that Plaintiff's rescission of the Transaction had the immediate and automatic effect of rendering void and unenforceable all contractual obligations arising from or connected with the Transaction and of returning Plaintiff and Defendants to the status quo ante;

(2) rescind the Transaction and declare void all of the charges imposed therein;

(3) declare void any security interest created in the Transaction;

(4) order Defendants to take any action necessary to terminate any security interest in Plaintiff's property created in the Transaction;

(5) enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting prosecuting, or maintaining foreclosure proceedings on Plaintiff's property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiff of her interest in that property or to limit, qualify, or inhibit that interest in any way

(6) order the return to Plaintiff of any money or property given by her to anyone, including Defendants, in connection with the Transaction;

(7) under TILA, award Plaintiff $4,000 in statutory damages, plus actual damages to be determined at trial, costs, litigation expenses, and attorney's fees, against Ameriquest and Deutsche Bank;

      (8)     under TILA, award Plaintiff $4,000 in statutory damages, plus actual damages to be determined at trial, costs, litigation expenses, and attorney's fees, against Ameriquest and Deutsche Bank;

      (9)     under the Georgia Residential Mortgage Act, enter an award in favor of Plaintiff and against Ameriquest for actual and punitive damages in amounts to be determined at trial, plus costs and litigation expenses;

      (10)    hold a jury trial on all issues so triable;

      (11)    award such other and further relief as the Court deems just and proper.

**ANSWER**:    Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

### AFFIRMATIVE DEFENSES

      1.     Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

      2.     Plaintiff's claims are barred by the applicable statute of limitations.

      3.     Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

      4.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

      5.     Plaintiff's claims are barred by the applicable statute of frauds.

      6.     Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

      7.     Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omissions causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transaction at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicated that either is appropriate.

## PRAYER

WHEREFORE Defendant JPMC Specialty Mortgage LLC respectfully prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Date: January 20, 2010

Respectfully submitted,

JPMC SPECIALTY MORTGAGE LLC

By:   /s/Michael G. Salemi
        One of its attorneys

Stephen R. Meinertzhagen
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 20, 2010, a true and correct copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System. A Notice of Electronic Filing will be sent by electronic mail to all counsel of record by operation of the Court's Electronic Filing System.

By: /s/Michael G. Salemi