IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-7097 |
| THIS DOCUMENT RELATES TO <u>ALL ACTIONS</u> | Centralized before Judge Marvin E. Aspen |
| KELLI ALLGOOD, | |
| Plaintiff, | 08-cv-7279 (N.D. Ill.) (Originally 1:08-cv-873 (M.D. Ala.)) |
| v. | |
| AMERIQUEST MORTGAGE COMPANY, et al. | (Transferred to Judge Aspen for pre-trial proceedings to MDL No. 1715, Lead Case No. 05-cv-7097) |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff and substitutes this First Amended Complaint for the Original Complaint to add parties, and states the following:



## INTRODUCTION

1. This suit is brought by a consumer residing in this district who entered into a mortgage loan with one of the defendants, Ameriquest Mortgage Company ("Ameriquest"). The loan was subsequently assigned to the other defendants. The Plaintiff asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiff's claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. The Plaintiff alleges that Ameriquest, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest failed to provide adequate notice of Plaintiff's statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiff has retained the right to cancel the transaction. Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to the Plaintiff, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellation. Plaintiff seeks a court determination that her loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3. Plaintiff is of full age of majority and resides in this district.

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5. Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced the Plaintiff's mortgage that was originated by Ameriquest.

6. Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7. Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation with its principal place of business in Texas, and is the current servicer of the Plaintiff's mortgage.

## FACTS

### Applicable Truth in Lending Act Requirements

8. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

3

9. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

10. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

11. A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

12. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

13. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary

or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

14. As to Plaintiff's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or her spouse provided with the correct number of completed right to cancel forms.

15. With respect to Plaintiff's loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

16. Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiff has retained a right to rescind her mortgage with respect to her loan with Ameriquest.

17. The Plaintiff has exercised the right to cancel the transaction and has notified Ameriquest of the election to cancel as required by 15 U.S.C. § 1635. As to the Plaintiff, Ameriquest has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.

18. Ameriquest is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

5

**The Allgood Loan**

19. Plaintiff Kellie H. Allgood is an adult resident of Dale County, Alabama and at all material times resided at 209 Walker Road in Ozark, Alabama.

20. On or about November 2, 2005, Mrs. Allgood obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $117,900.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Allgood Loan").

21. Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or her spouse provided with the correct number of completed right to cancel forms.

22. With respect to the Allgood loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

23. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Allgood retained her right to cancel the transaction.

24. On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

25. By letter dated May 30, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the

6

originator and assignee of this mortgage loan, which notices have been received by each Defendant.

26.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

27.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

28.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT ONE
### TILA Violations- Allgood

29.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

30.    Plaintiff has properly and effectively cancelled and rescinded the Allgood Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

31.    Defendants have violated TILA, with respect to the Allgood Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Kellie H. Allgood respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Allgood Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL

## **CERTIFICATE OF SERVICE**

I, William H. Robertson, V, hereby certify that on January 26, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfauchner.com

10

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Simon Fleischmann
sfleischmann@lockelord.com

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL