# EXHIBIT D

Case: 1:05-cv-07097 Document #: 3338-5 Filed: 01/26/10 Page 2 of 6 PageID #:38992
Case 1:05-cv-07097 Document 3275 Filed 12/16/09 Page 1 of 2
Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 12/16/2009 |
| **CASE TITLE** | In Re: Ameriquest Mortgage | | |

**DOCKET ENTRY TEXT**

We thus grant Ameriquest's Motion to Strike Certain Opt-Out Plaintiffs' Summary Judgment Motion (Dkt. No. 3175). The summary judgment motion and related submissions (Dkt. Nos. 3170–72) are hereby stricken. It is so ordered.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

### ORDER

  Presently before us is a motion filed by Defendant Ameriquest Mortgage Company (Dkt. No. 3175), asking that we strike the motion for summary judgment filed on October 20, 2009 (Dkt. Nos. 3170–72), by a group of Opt-Out Plaintiffs ("*Furgeson* Plaintiffs"). *Furgeson* Plaintiffs have essentially renewed a summary judgment motion filed in late 2008, seeking resolution of their common Truth in Lending Act ("TILA") claims. (Resp. at 2; *see* MSJ Mem. at 12–13.) *Furgeson* Plaintiffs contend that Ameriquest provided them with loan documentation that failed to comply with TILA's strict requirements governing disclosure of payment schedules. (Resp. at 2, 4–5; *see* MSJ Mem. at 12–13.)

  Ameriquest argues that we must strike the pending summary judgment motion for multiple reasons, including that: (1) the parties have yet to engage in significant discovery, which would be needed to respond to the motion; (2) the parties did not contemplate the filing of summary judgment motions at this time; (3) rescission requires a highly individualized analysis; and (4) other factual issues render this motion inappropriate. (Mot. at 2–6; Reply at 1–8.) Ameriquest relies heavily on our December 12, 2008 order (Dkt. No. 2553), where we emphasized that summary judgment motions should address purely legal, global issues only. Indeed, we have repeatedly stated that we would entertain summary judgment motions only if they involve common legal issues. (11/07/06 Case Mgmt. Order at 13; *see also* Mot. Ex. 4, 12/19/08 Tr. at 16–17.)   In response, *Furgeson* Plaintiffs contest Ameriquest's need for further discovery and stress that these individual actions—where no class is involved—are ripe for summary judgment pursuant to *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007) (affirming grant of summary judgment on TILA payment schedule disclosure claim). (Opp'n at 1, 3–5.) *Furgeson* Plaintiffs point out that they always intended to refile this motion and, moreover, that they expressed this intention to Ameriquest and in various court filings through July 23, 2009. (*Id.* at 7–8 & Exs. M–R.) Ultimately, *Furgeson* Plaintiffs argue that we should permit their motion because "the only questions at issue are whether [Ameriquest] violated TILA . . . and whether Plaintiffs are eligible for rescission." (*Id.* at 4; *see also id.* at 5.)

  *Furgeson* Plaintiffs have oversimplified the questions raised by their summary judgment motion. At first

**STATEMENT**

blush, it would seem that we could address Ameriquest's liability in such a motion, as a largely legal question, though that would presumably require review of loan documents for the 39 individual mortgages at issue. Ameriquest, however, has identified a number of factual issues pertaining to liability, including *inter alia* whether judicial estoppel or statutes of limitation might bar certain claims and whether TILA even covers other claims. (Mot. at 4–6; Reply at 5–9.) In addition, *Furgeson* Plaintiffs seek rescission (not just declaratory relief) and rescission is a uniquely individual remedy requiring in-depth factual analysis. (MSJ Mot. & MSJ Mem. at 13–15.) *See, e.g.*, *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577–78 (7th Cir. 2008). *Furgeson* Plaintiffs do not address this particular issue in their response.

      Rather, *Furgeson* Plaintiffs argue that Ameriquest's motion simply proves that it is capable of responding to the summary judgment motion. (Opp'n at 7.) This argument, although perhaps relevant to discovery, misses the point: the issue here is not whether Ameriquest could formulate a cogent response to the motion but whether we should address it at all. These factual issues may or may not preclude summary judgment, but they do preclude our review of the present motion. While we appreciate that *Ferguson* Plaintiffs have waited years for some resolution, our role as transferee court does not allow us to indulge in fact-specific analyses. As we stated previously "it defeats the whole idea of an MDL for [us] to take all these cases and decide individual fact-specific motions for summary judgment." (Mot. Ex. 4, 12/19/08 Tr. at 16:21–24.)

      We thus grant Ameriquest's Motion to Strike Certain Opt-Out Plaintiffs' Summary Judgment Motion (Dkt. No. 3175). The summary judgment motion and related submissions (Dkt. Nos. 3170–72) are hereby stricken. It is so ordered.

# EXHIBIT E

Order Form (01/2005)

Case: 1:05-cv-07097 Document #: 3338-5 Filed: 01/26/10 Page 5 of 6 PageID #:38995
Case 1:05-cv-07097 Document 2555 Filed 12/12/2008 Page 1 of 2

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | MDL No. 1715 Lead Case No. 05 C 7097 | **DATE** | December 12, 2008 |
| **CASE TITLE** | In Re: Ameriquest Mortgage Co. Ameriquest Mortgage Co., v. Northwest Title and Escrow Corp. | | |

**DOCKET ENTRY TEXT**

As set forth in the minute order, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered

■[ For further details see text below.]

00:00

## STATEMENT

On August 22, 2008, a subset of Opt-Out Plaintiffs filed a Motion for Summary Judgment ("*Furgeson* Motion"), arguing that the disclosure statements provided to them by Ameriquest violated the Truth in Lending Act ("TILA"), as interpreted by the Seventh Circuit in *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007). (Dkt. Nos. 2301-03.) Shortly thereafter, a different subset of Opt-Out Plaintiffs filed a Motion for Partial Summary Judgment ("*Bailey* Motion"), contending that Ameriquest violated TILA by issuing them improper Notices of Right to Cancel based on the wrong Federal Reserve Board Model Form. (Dkt. Nos. 2332-36.)

  In response to the *Furgeson* Motion, on August 27, 2008, Defendants filed a Motion to Compel Individual Plaintiffs to Follow This Court's November 7, 2006 Case Management Order, arguing that Opt-Out Plaintiffs could file only one consolidated summary judgment motion. (Dkt. No. 2337.) The next day, they also filed an objection to the *Bailey* Motion, again contending that our Case Management Order prohibits piecemeal, "test case" motion practice. (Dkt. No. 2339.) On September 19, 2008, Opt-Out Plaintiffs filed their Motion to Clarify November 7, 2006 Memorandum Opinion and Order (Dkt. No. 2377), asking that we clarify: (1) whether they may file only one summary judgment motion on behalf of all Opt-Out Plaintiffs; and (2) whether discovery in all MDL Opt-Out "cases must be completed before dispositive motions may be filed." (Mot. to Clarify at 1.) We hereby grant the motion and offer the following guidance.

  As both parties have mentioned, the Case Management Order provides, in pertinent part, that "either or both sides may move for summary judgment on common legal issues." (11/07/06 Order at 13.) This language emphasizes, and we again stress, that we will entertain consolidated summary judgment motions "on common legal issues." (*Id.*) Opt-Out Plaintiffs thus are not limited to filing only a single summary judgment covering all parties and claims. They are, however, limited to filing summary judgment motions based on purely legal, global issues only. We will not be resolving unique factual disputes; summary judgment motions raising factual issues are not permitted and must be filed only before the transferor court, if and when remand occurs. Because no factual issues will be addressed, Opt-Out Plaintiffs are not necessarily required to wait until the close of discovery in all individual actions before filing summary judgment motions. Nonetheless, if a particular motion

**STATEMENT**

is filed prematurely, it shall be denied.

In addition, Opt-Out Plaintiffs must coordinate among themselves, prior to filing a summary judgment motion. Any ruling on a summary judgment motion, such as the *Furgeson* and *Bailey* Motions, will be binding on all Opt-Out Plaintiffs. Furthermore, we will not address duplicative motions that might stem from our initial ruling – each legal issue shall be addressed only once. Accordingly, it is in Opt-Out Plaintiffs' best interests to work together in developing, refining and presenting their common legal arguments and must file any such motion jointly.

In light of the above, we strike the pending *Furgeson* and *Bailey* Motions, with leave to refile within 45 days. Opt-Out Plaintiffs should evaluate these motions and ensure that they present truly legal, global issues. If they wish to proceed with summary judgment, Opt-Out Plaintiffs preparing such motions – with assistance as needed from the Individual Claims Steering Committee – must coordinate with other individual plaintiffs to ensure that all common issues and affected parties are included in the motion. Any motion filed must clearly identify which Opt-Out Plaintiffs have expressly joined therein. Pursuant to Opt-Out Plaintiffs' suggestion, submitted by the plaintiffs presenting the *Furgeson* Motion, we grant them 45 days, or until Monday, January 26, 2009, to refile these motions. (*See* Dkt. No. 2367, Resp. to Def.'s Mot. to Compel at 3.)

As set forth above, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered