## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
|  | ) | Lead Case No. 05-cv-07097 |
|  | ) |  |
| THIS DOCUMENT RELATES TO <u>ALL ACTIONS</u> | ) ) ) | Centralized before Judge Marvin E. Aspen |

|  |  |  |
|---|---|---|
| DWIGHT HEWATT; RONALD and JUDITH HOUSEKEEPER; GARRICK PHILLIPS; CARLTON WILSON; ROSA MAE HALL; MARY CHEEVERS; and RALPH and CATHA SLACK, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) ) | 08-cv-5932 (N.D. Ill.) (Originally 1:08-cv-2633 (N.D. Georgia.)) |
| v. | ) ) ) |  |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) ) ) ) ) | (Transferred to Judge Aspen for pre-trial proceedings to MDL No. 1715, Lead Case No. 05-cv-7097) |
| Defendants. | ) ) ) |  |

## FIRST AMENDED COMPLAINT

COME NOW, Plaintiffs and substitute this First Amended Complaint for the Original Complaint to dismiss parties, and state the following:



PLAINTIFF'S EXHIBIT

A

tabbies

## INTRODUCTION

1.     This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company ("Ameriquest").     Some of these loans were subsequently assigned to the other Defendants.  Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations.  Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA.  Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions.  As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions.  Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA.  As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations.  Plaintiffs seek a court determination that their loan transactions have been rescinded.  Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.     This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

2

## THE PARTIES

3.      Plaintiffs are all of full age of majority and reside in this district.

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.      Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.      Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

## FACTS

### Applicable Truth in Lending Act Requirements

7.      Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

3

8.      Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA.  Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires.  12 C.F.R. § 226.23(b)(1) (emphasis added).  This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends.  12 C.F.R. § 226.23(b)(1).  If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan.  15 U.S.C. § 1635(f).

9.      The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

10.      A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business.  Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage.  12 C.F.R. § 226.23(a)(2).

11.      When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge.  15 U.S.C. § 1635(b).

12.      Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary

or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

13.     As to Plaintiffs Ronald and Judith Housekeeper's loan, Garrick Phillips' loan, Carlton Wilson's loan, Rosa Mae Hall's loan, Mary Cheever's loan, and Ralph and Catha Slack's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

14.     As to Plaintiff Dwight Hewatt's loan, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiff were blank, unsigned, and not dated. At no point at or after closing was Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

15.     With respect to some of the Plaintiffs loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

16.     Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

17.     Each of the Plaintiffs has exercised the right to cancel the transaction and has notified Ameriquest of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

18.     Ameriquest is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Hewatt Loan**

19.     Plaintiff Dwight Hewatt is an adult resident of Gwinnett County, Georgia and at all material times resided at 4372 Vineyard Trail in Snellville, Georgia.

20.     On or about August 11, 2006, Mr. Hewatt obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $148,550.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Hewatt Loan").

21.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

22.     With respect to the Hewatt loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

6

23.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Hewatt retained his right to cancel the transaction.

24.     On information and belief this mortgage loan was assigned to, refinanced, or was otherwise obtained by another entity.

25.     By letter dated June 6, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

26.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

27.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

28.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

### COUNT ONE
### TILA Violations- Hewatt

29.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

7

30.     Plaintiff has properly and effectively cancelled and rescinded the Hewatt Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

31.     Defendants have violated TILA, with respect to the Hewatt Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Dwight Hewatt respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Hewatt Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Housekeeper Loan**

32.      Plaintiffs Ronald and Judith Housekeeper are adult residents of Gwinnett County, Georgia and at all material times resided at 285 Pineview Drive in Lawrenceville, Georgia.

33.      On or about April 7, 2006, Mr. and Mrs. Housekeeper obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $138,209.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Housekeeper Loan").

34.      Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

35.      With respect to the Housekeeper loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of

9

obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

36. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Housekeeper retained their right to cancel the transaction.

37. On information and belief this mortgage loan was assigned to, refinanced, or was otherwise obtained by another entity.

38. By letter dated July 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

39. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

40. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

41. Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT TWO
### TILA Violations- Housekeeper

42.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

43.     Plaintiffs have properly and effectively cancelled and rescinded the Housekeeper Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

44.     Defendants have violated TILA, with respect to the Housekeeper Loan, in at least the following ways:

      (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

      (B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Ronald and Judith Housekeeper respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Housekeeper Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

11

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Phillips Loan**

45.      Plaintiff Garrick Phillips is an adult resident of Gwinnett County, Georgia and at all material times resided at 195 Dunagan Drive in Lawrenceville, Georgia.

46.      On or about June 6, 2005, Mr. Phillips and his spouse obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $171,225.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Phillips Loan").

47.      Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

48.     With respect to the Phillips loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

49.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Phillips retained his right to cancel the transaction.

50.     On information and belief this mortgage loan was assigned to, refinanced, or was otherwise obtained by another entity.

51.     By letter dated May 30, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

52.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

53.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

54.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

### COUNT THREE
### TILA Violations- Phillips

55.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

56.     Plaintiff has properly and effectively cancelled and rescinded the Phillips Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

57.     Defendants have violated TILA, with respect to the Phillips Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Garrick Phillips respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Phillips Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Wilson Loan**

58.    Plaintiff Carlton Wilson is an adult resident of Clayton County, Georgia and at all material times resided at 5512 Rock Shoals Way in College Park, Georgia.

59.    On or about May 18, 2005, Mr. Wilson obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $125,471.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Wilson Loan").

60.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

61. With respect to the Wilson loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

62. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Wilson retained his right to cancel the transaction.

63. On information and belief this mortgage loan was assigned to, refinanced, or was otherwise obtained by another entity.

64. By letter dated May 14, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by Defendant.

65. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

66. Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

67.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT FOUR
### TILA Violations- Wilson

68.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

69.     Plaintiff has properly and effectively cancelled and rescinded the Wilson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

70.     Defendants have violated TILA, with respect to the Wilson Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Carlton Wilson respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Wilson Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Hall Loan**

71.     Plaintiff Rosa Mae Hall is an adult resident of Clayton County, Georgia and at all material times resided at 3388 Rock Creek Drive in Rex, Georgia.

72.     On or about November 30, 2005, Ms. Hall obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $120,000.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Hall Loan").

73.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

18

74.     With respect to the Hall loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

75.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Hall retained her right to cancel the transaction.

76.     On information and belief this mortgage loan was assigned to, refinanced, or was otherwise obtained by another entity.

77.     By letter dated June 18, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

78.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

79.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

80.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT FIVE
## TILA Violations- Hall

81.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

82.     Plaintiff has properly and effectively cancelled and rescinded the Hall Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

83.     Defendants have violated TILA, with respect to the Hall Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Rosa Mae Hall respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Hall Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Cheevers Loan**

84.    Plaintiff Mary Cheevers is an adult resident of Dekalb County, Georgia and at all material times resided at 1807 Elaine Drive in Decatur, Georgia.

85.    On or about November 22, 2005, Ms. Cheevers obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $89,250.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Cheevers Loan").

86.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

87.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Cheevers retained her right to cancel the transaction.

88.     On information and belief this mortgage loan was assigned to, refinanced, or was otherwise obtained by another entity.

89.     By letter dated June 17, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

90.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

91.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

92.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT SIX
### TILA Violations- Cheevers

93.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

94.     Plaintiff has properly and effectively cancelled and rescinded the Cheevers Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

95.     Defendants have violated TILA, with respect to the Cheevers Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Mary Cheevers respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Cheevers Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Slack Loan**

96.    Plaintiffs Ralph and Catha Slack are adult residents of Floyd County, Georgia and at all material times resided at 101 Woodcrest Drive in Rome, Georgia.

97.    On or about July 6, 2005, Mr. and Mrs. Slack obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $108,000.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Slack Loan").

98.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

99.    With respect to the Slack loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

100.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Slack retained their right to cancel the transaction.

101.    On information and belief this mortgage loan was assigned to, refinanced, or was otherwise obtained by another entity.

102.    By letter dated June 26, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by Defendant.

103.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

104.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

105.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**COUNT SEVEN**
**TILA Violations- Slack**

106.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

107.    Plaintiffs have properly and effectively cancelled and rescinded the Slack Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

108. Defendants have violated TILA, with respect to the Slack Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Ralph and Catha Slack respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Slack Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL

27

## CERTIFICATE OF SERVICE

I, William H. Robertson, V, hereby certify that on January 26, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfauchner.com

28

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Simon Fleischmann
sfleischmann@lockelord.com


/s/ William H. Robertson, V_____
WILLIAM H. ROBERTSON, V
OF COUNSEL