IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
|  | ) | Lead Case No. 05-cv-07097 |
|  | ) |  |
| THIS DOCUMENT RELATES TO <u>ALL</u> <u>ACTIONS</u> | ) ) ) ) | Centralized before Judge Marvin E. Aspen |

|  |  |  |
|---|---|---|
| KAREN MOBLEY; JERRY and JEANNE MCCRUM; LARRY JENNINGS; EARL PITTS; RAOUL JACKSON; VALINDA BAKER; IDA EPPS; ARTHUR FLEMING; TERESA and CHARLIE MOORE; CHARLIE and BONITA LOVE; and NANCY CONNELL, | ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) ) | 08-cv-5930 (N.D. Ill.) (Originally 4:08-cv-117 (M.D. Georgia.)) |
| v. | ) ) ) |  |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) ) ) ) ) | (Transferred to Judge Aspen for pre-trial proceedings to MDL No. 1715, Lead Case No. 05-cv-7097) |
| Defendants. | ) ) ) |  |

## FIRST AMENDED COMPLAINT



PLAINTIFF'S
EXHIBIT
*A*

COME NOW, Plaintiffs and substitute this First Amended Complaint for the original Complaint to add parties, and state the following:

## INTRODUCTION

1.     This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company ("Ameriquest").   Some of these loans were subsequently assigned to the other Defendants.  Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations.  Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA.  Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions.  As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions.  Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA.  As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations.  Plaintiffs seek a court determination that their loan transactions have been rescinded.  Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

**JURISDICTION**

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**THE PARTIES**

3.      Plaintiffs are all of full age of majority and reside in this district.

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.      Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.      Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.      Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation with its principal place of business in Texas, and upon information and belief is currently servicing, or has otherwise obtained the loans of Larry Jennings, Raoul Jackson, Valinda Baker, and Ida Epps and claims the right to receive payments thereunder and does business in this district.

3

8.     Defendant CitiMortgage is a foreign corporation with its principal place of business in Missouri, and upon information and belief is currently servicing, or has otherwise obtained the loans of Jerry and Jeanne McCrum and Earl Pitts and claims the right to receive payments thereunder and does business in this district.

9.     Defendant Bank of America ("BOA") is a foreign corporation with its principal place of business in North Carolina and upon information and belief is currently servicing, or has otherwise obtained the loan of Nancy Connell and claims the right to receive payments thereunder and does business in this district.

## FACTS

### Applicable Truth in Lending Act Requirements

10.     Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

11.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper

4

and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

12.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

13.     A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

14.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

15.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

16.     As to Plaintiffs Jerry and Jeanne McCrum's loan, Plaintiff Valinda Baker's loan, and Plaintiff Nancy Connell's loan, Ameriquest failed to provide the

required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

17. As to Plaintiff Karen Mobley's loan, Plaintiff Larry Jennings' loan, Plaintiff Earl Pitts' loan, Plaintiff Raoul Jackson's loan, Plaintiff Ida Epps' loan, Plaintiff Arthur Fleming's loan, Plaintiffs Teresa and Charlie Moore's loan, and Plaintiffs Charlie and Bonita Love's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

18. With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

19. Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

20. Each of the Plaintiffs has exercised the right to cancel the transaction and has notified Ameriquest of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

21. Ameriquest, AHMSI, CitiMortgage, and BOA are each a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Mobley Loan**

22. Plaintiff Karen Mobley is an adult resident of Muscogee County, Georgia and at all material times resided at 10 Crown Court in Columbus, Georgia.

23. On or about January 9, 2006, Ms. Mobley obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $135,270.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Mobley Loan").

24. Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

25. With respect to the Mobley loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

26. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Mobley retained her right to cancel the transaction.

27. On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

28.     By letter dated June 23, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

29.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

30.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

### COUNT ONE
### TILA Violations- Mobley

32.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

33.     Plaintiff has properly and effectively cancelled and rescinded the Mobley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

34.     Defendants have violated TILA, with respect to the Mobley Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Karen Mobley respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Mobley Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The McCrum Loan**

35.     Plaintiffs Jerry and Jeanne McCrum are adult residents of Muscogee County, Georgia and at all material times resided at 7047 Whitesville Road in Columbus, Georgia.

36.     On or about October 24, 2005, Mr. and Mrs. McCrum obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $139,758.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "McCrum Loan").

37.     Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

38.     With respect to the McCrum loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

39.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. McCrum retained their right to cancel the transaction.

40.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by CitiMortgage.

41.    By letter dated June 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

42.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

43.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

44.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT TWO
### TILA Violations- McCrum

45.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

46.    Plaintiffs have properly and effectively cancelled and rescinded the McCrum Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

47.     Defendants have violated TILA, with respect to the McCrum Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Jerry and Jeanne McCrum respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the McCrum Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Jennings Loan**

48.    Plaintiff Larry Jennings is an adult resident of Muscogee County, Georgia and at all material times resided at 5440 Kingsberry Street in Columbus, Georgia.

49.    On or about September 28, 2005, Mr. Jennings obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $98,100.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Jennings Loan").

50.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

51.    With respect to the Jennings loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

52.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Jennings retained his right to cancel the transaction.

53.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

54.     By letter dated June 18, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

55.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

56.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

57.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**COUNT THREE**
**TILA Violations- Jennings**

58.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

59.     Plaintiff has properly and effectively cancelled and rescinded the Jennings Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

60.     Defendants have violated TILA, with respect to the Jennings Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Larry Jennings respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Jennings Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Pitts Loan**

61.     Plaintiff Earl Pitts is an adult resident of Bibb County, Georgia and at all material times resided at 3160 Weels Place in Macon, Georgia.

62.     On or about November 9, 2005, Mr. Pitts obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $60,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Pitts Loan").

63.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

64.     With respect to the Pitts loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

65.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Pitts retained his right to cancel the transaction.

16

66.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by CitiMortgage.

67.     By letter dated June 17, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

68.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

69.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

70.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

### COUNT FOUR
### TILA Violations- Pitts

71.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

72.     Plaintiff has properly and effectively cancelled and rescinded the Pitts Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

73. Defendants have violated TILA, with respect to the Pitts Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Earl Pitts respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Pitts Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Jackson Loan**

74.    Plaintiff Raoul Jackson is an adult resident of Jasper County, Georgia and at all material times resided at 651 North Warren in Monticello, Georgia.

75.    On or about May 14, 2005, Mr. Jackson obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $63,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Jackson Loan").

76.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff or his deceased mother provided with the correct number of completed right to cancel forms.

77.    With respect to the Jackson loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

78.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Jackson retained his right to cancel the transaction.

79.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

80.     By letter dated May 8, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

81.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

82.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

83.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

### COUNT FIVE
### TILA Violations- Jackson

84.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

85.     Plaintiff has properly and effectively cancelled and rescinded the Jackson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

86.     Defendants have violated TILA, with respect to the Jackson Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Raoul Jackson respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Jackson Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Baker Loan**

87.      Plaintiff Valinda Baker is an adult resident of Clarke County, Georgia and at all material times resided at 135 Vestavia Circle in Athens, Georgia.

88.      On or about October 25, 2005, Ms. Baker obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $163,250.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Baker Loan").

89.      Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

90.      With respect to the Baker loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

91.      As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Baker retained her right to cancel the transaction.

92.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

93.    By letter dated June 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

94.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

95.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

96.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

### COUNT SIX
### TILA Violations- Baker

97.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

98.    Plaintiff has properly and effectively cancelled and rescinded the Baker Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

99. Defendants have violated TILA, with respect to the Baker Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Valinda Baker respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Baker Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Epps Loan**

100.    Plaintiff Ida Epps is an adult resident of Clarke County, Georgia and at all material times resided at 125 Joe Carey in Winterville, Georgia.

101.    On or about April 14, 2005, Ms. Epps obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $72,839.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Epps Loan").

102.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

103.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Epps retained her right to cancel the transaction.

104.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

105.    By letter dated April 9, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

106.   The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

107.   Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

108.   Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**COUNT SEVEN**
**TILA Violations- Epps**

109.   Plaintiff realleges all the preceding allegations referenced as if set out here in full.

110.   Plaintiff has properly and effectively cancelled and rescinded the Epps Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

111.   Defendants have violated TILA, with respect to the Epps Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Ida Epps respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Epps Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Fleming Loan**

112.    Plaintiff Arthur Fleming is an adult resident of Elbert County, Georgia and at all material times resided at 1572 Hartwell Highway in Elberton, Georgia.

113.    On or about February 20, 2006, Mr. Fleming obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $60,000.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Fleming Loan").

114.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff provided with the correct number of completed right to cancel forms.

115.    With respect to the Fleming loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

116.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Fleming retained his right to cancel the transaction.

117.    On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

118.    By letter dated June 17, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the

28

originator and assignee of this mortgage loan, which notices have been received by each Defendant.

119.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

120.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

121.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT EIGHT
### TILA Violations- Fleming

122.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

123.    Plaintiff has properly and effectively cancelled and rescinded the Fleming Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

124.    Defendants have violated TILA, with respect to the Fleming Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C.

               § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Arthur Fleming respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Fleming Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Moore Loan**

125.     Plaintiffs Teresa and Charlie Moore are adult residents of Morgan County, Georgia and at all material times resided at 572 Fifth Street in Madison, Georgia.

126.     On or about January 24, 2006, Mr. and Mrs. Moore obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $68,500.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Moore Loan").

127.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

128.     With respect to the Moore loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

129.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Moore retained their right to cancel the transaction.

130.     On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

131.     By letter dated June 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the

originator and assignee of this mortgage loan, which notices have been received by each Defendant.

132.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

133.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

134.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT NINE
## TILA Violations- Moore

135.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

136.    Plaintiffs have properly and effectively cancelled and rescinded the Moore Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

137.    Defendants have violated TILA, with respect to the Moore Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Teresa and Charlie Moore respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Moore Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Love Loan**

138.    Plaintiffs Charlie and Bonita Love are adult residents of Harris County, Georgia and at all material times resided at 3401 McKee Road in Upatoi, Georgia.

139.    On or about April 22, 2005, Mr. and Mrs. Love obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $257,807.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Love Loan").

140.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

141.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Love retained their right to cancel the transaction.

142.    On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

143.    By letter dated April 17, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

144.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

145.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

146.  Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT TEN
## TILA Violations- Love

147.  Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

148.  Plaintiffs have properly and effectively cancelled and rescinded the Love Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

149.  Defendants have violated TILA, with respect to the Love Loan, in at least the following ways:

(A)  By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)  By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Charlie and Bonita Love respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)  Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Love Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Connell Loan**

150.    Plaintiff Nancy Connell is an adult resident of Houston County, Georgia and at all material times resided at 104 Faye Drive in Bonaire, Georgia.

151.    On or about September 23, 2006, Ms. Connell obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $118,890.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Connell Loan").

36

152. Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

153. With respect to the Connell loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

154. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Connell retained her right to cancel the transaction.

155. On information and belief this mortgage loan was assigned to, or was otherwise obtained by BOA.

156. By letter dated June 23, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

157. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

158. Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

159.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**COUNT ELEVEN**
**TILA Violations- Connell**

160.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

161.    Plaintiff has properly and effectively cancelled and rescinded the Connell Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

162.    Defendants have violated TILA, with respect to the Connell Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Nancy Connell respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Connell Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## **JURY DEMAND**

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL

## CERTIFICATE OF SERVICE

I, William H. Robertson, V, hereby certify that on January 26, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system and via certified mail to Defendants CitiMortgage and BOA. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfauchner.com
Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Simon Fleischmann
sfleischmann@lockelord.com

CitiMortgage, Inc.
C/O CT Corporation System
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Bank of America
C/O CT Corporation System
1201 Peachtree Street, NE
Atlanta, Georgia 30361


*/s/ William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL