IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | MDL No. 1715 Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO <u>ALL</u> <u>ACTIONS</u> | ) ) ) ) | Centralized before Judge Marvin E. Aspen |

| | | |
|---|---|---|
| ESTELLA BYRD; EDWARD and BARBARA ABRAMS; KEVIN and DEBBIE GENRY; JESSIE and ANNIE WILLIAMS; CECIL ABERNATHY; HOLLAND COX, III; RENA JACKSON; JAMEY and KIMBERLY WATKINS; GEORGE TROTTER; and DOROTHY HOLLOWAY, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | 08 CV 2628 (N.D. Ill.) (Originally ALN 2:08-511 (N.D. Ala.)) |
| v. | ) ) ) | |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) ) ) ) ) | (Transferred to Judge Aspen for pre-trial proceedings to MDL No. 1715, Lead Case No. 05 CV 7097) |
| Defendants. | ) ) ) | |

**FIRST AMENDED COMPLAINT**

COME NOW, Plaintiffs and substitute this First Amended Complaint for the Original Complaint to add parties, and state the following:

## INTRODUCTION

1.      This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company ("Ameriquest").    Some of these loans were subsequently assigned to the other Defendants.  Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.    All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations.  Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA.  Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions.  As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions.  Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA.  As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations.  Plaintiffs seek a court determination that their loan transactions have been rescinded.  Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.    This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3.    Plaintiffs are all of full age of majority and reside in this district.

4.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.    Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.    Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.    Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation with its principal place of business in Texas, and is the current servicer of the mortgages of Estella Byrd, Kevin and Debbie Genry, Jesse and Annie Williams, Cecil Abernathy, Rena Jackson, and Dorothy Holloway, and claims the right to receive payments thereunder and does business in this district.

8.     CitiFinancial Mortgage Company ("CitiFinancial") is a foreign corporation with its principal place of business in Maryland and upon information and belief is currently servicing, or has otherwise obtained the loan of Jamey and Kimberly Watkins and claims the right to receive payments thereunder and does business in this district.

9.     Defendant Washington Mutual, Inc. ("WaMu") (a/k/a Chase Home Finance) is a foreign corporation with its principal place of business in Washington, and upon information and belief is currently servicing, or has otherwise obtained the loan of George Trotter's mortgage.  WAMU is owned by JP Morgan Chase Bank.

## FACTS

**Applicable Truth in Lending Act Requirements**

10.     Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z").  TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions.  This three-day right to cancel applies to each of the Plaintiffs' loans.

11.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA.  Section 1635(a) requires that each borrower receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires.  12 C.F.R. § 226.23(b)(1) (emphasis added).  This notice is required to be on a separate piece of paper and it must contain the date the

rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

12.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

13.     A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

14.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

15.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

16.     As to each of the Plaintiffs' loans, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to

Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

17. With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

18. Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

19. Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

20. Ameriquest is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Byrd Loan**

21. Plaintiff Estella Byrd is an adult resident of Madison County, Alabama and at all material times resided at 910 Woodall Lane in Huntsville, Alabama.

22. On or about March 25, 2005, Ms. Byrd obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Byrd Loan").

6

23.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

24.     With respect to the Byrd loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

25.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Byrd retained her right to cancel the transaction.

26.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

27.     By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

28.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

29.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

30.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT ONE
## TILA Violations- Byrd

31.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

32.    Plaintiff has properly and effectively cancelled and rescinded the Byrd Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

33.    Defendants have violated TILA, with respect to the Byrd Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Estella Byrd respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Byrd Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Abrams Loan**

34.      Plaintiffs Edward and Barbara Abrams are adult residents of Shelby County, Alabama and at all material times resided at 1936 16th Street in Calera, Alabama.

35.      On or about April 22, 2005, Mr. and Mrs. Abrams obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $122,400 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Abrams Loan").

36.    Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan.    The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated.    At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

37.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Abrams retained their right to cancel the transaction.

38.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity and has since been refinanced.

39.    By letter dated February 14, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

40.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

41.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.    The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT TWO
## TILA Violations- Abrams

43.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44.     Plaintiffs have properly and effectively cancelled and rescinded the Abrams Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45.     Defendants have violated TILA, with respect to the Abrams Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Edward and Barbara Abrams respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Abrams Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

11

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Genry Loan**

46.   Plaintiffs Kevin and Debbie Genry are adult residents of Shelby County, Alabama and at all material times resided at 125 Highway 253 in Montevallo, Alabama.

47.   On or about April 25, 2005, Mr. and Mrs. Genry obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $80,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Genry Loan").

48.   Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

49.   As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Genry retained their right to cancel the transaction.

50. On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

51. By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

52. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

53. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

54. Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

### COUNT THREE
### TILA Violations- Genry

55. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

56. Plaintiffs have properly and effectively cancelled and rescinded the Genry Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

57.     Defendants have violated TILA, with respect to the Genry Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Kevin and Debbie Genry respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Genry Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Williams Loan**

58.     Plaintiffs Jesse and Annie Williams are adult residents of Jefferson County, Alabama and at all material times resided at 205 21st Street, SW in Birmingham, Alabama.

59.     On or about March 10, 2006, Mr. and Mrs. Williams obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $69,825 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Williams Loan").

60.     Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan.  The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

61.     With respect to the Williams Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

15

62. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Williams retained their right to cancel the transaction.

63. On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

64. By letter dated January 1, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

65. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

66. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

67. Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT FOUR
### TILA Violations- Williams

68. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

16

69. Plaintiffs have properly and effectively cancelled and rescinded the Williams Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

70. Defendants have violated TILA, with respect to the Williams Loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Jesse and Annie Williams respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Williams Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Abernathy Loan**

71.     Plaintiff Cecil Abernathy is an adult resident of Madison County, Alabama, and at all material times resided at 428 Summerview Drive in Madison, Alabama.

72.     On or about February 13, 2006, Mr. Abernathy obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $65,189 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Abernathy Loan").

73.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

74.     With respect to the Abernathy Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of

18

obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

75.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Abernathy retained his right to cancel the transaction.

76.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

77.     By letter dated February 6, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

78.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

79.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

80.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT FIVE
## TILA Violations- Abernathy

81.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

82.     Plaintiff has properly and effectively cancelled and rescinded the Abernathy Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

83.     Defendants have violated TILA, with respect to the Abernathy Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Cecil Abernathy respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Abernathy Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Cox Loan**

84.   Plaintiff Holland Cox, III, is an adult resident of Jefferson County, Alabama, and at all material times resided at 12 21st Street, NW in Birmingham, Alabama.

85.   On or about March 16, 2007, Mr. Cox obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $94,050 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Cox Loan").

86.   Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

87.   As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Cox retained his right to cancel the transaction.

21

88.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity and has since been refinanced.

89.     By letter dated February 11, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

90.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

91.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

92.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT SIX
## TILA Violations- Cox

93.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

94.     Plaintiff has properly and effectively cancelled and rescinded the Cox Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

95.    Defendants have violated TILA, with respect to the Cox Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Holland Cox, III, respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Cox Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

23

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Jackson Loan**

96.     Plaintiff Rena Jackson is an adult resident of Lauderdale County, Alabama and at all material times resided at 503 Davis Avenue in Florence, Alabama.

97.     On or about November 30, 2005, Ms. Jackson obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $84,700 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Jackson Loan").

98.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

99.     With respect to the Jackson loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

100.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Jackson retained her right to cancel the transaction.

101.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

102.    By letter dated February 28, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

103.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

104.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

105.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT SEVEN
## TILA Violations- Jackson

106.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

107.    Plaintiff has properly and effectively cancelled and rescinded the Jackson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

108.    Defendants have violated TILA, with respect to the Jackson Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Rena Jackson respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Jackson Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Watkins Loan**

109.    Plaintiffs Jamey and Kimberly Watkins are adult residents of Lawrence County, Alabama and at all material times resided at 140 County Road 547 in Trinity, Alabama.

110.    On or about November 21, 2005, Mr. and Mrs. Watkins obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $107,200 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter referred to as the "Watkins Loan").

111.    Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan.  The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

112.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Watkins retained their right to cancel the transaction.

113.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by CitiFinancial.

114.    By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to

27

both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

115.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

116.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

117.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**COUNT EIGHT**
**TILA Violations- Watkins**

118.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

119.    Plaintiffs have properly and effectively cancelled and rescinded the Watkins Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

120.    Defendants have violated TILA, with respect to the Watkins Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

28

the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Jamey and Kimberly Watkins respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Watkins Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

29

**The Trotter Loan**

121.    Plaintiff George Trotter is an adult resident of Jefferson County, Alabama, and at all material times resided at 5400 10th Avenue, South in Birmingham, Alabama.

122.    On or about March 16, 2006, Mr. Trotter obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $164,500 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Trotter Loan").

123.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

124.    With respect to the Trotter Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

125.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Trotter retained his right to cancel the transaction.

126.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by WAMU (a/k/a Chase Home Finance).

127. By letter dated February 19, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

128. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

129. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

130. Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**COUNT NINE**
**TILA Violations- Trotter**

131. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

132. Plaintiff has properly and effectively cancelled and rescinded the Trotter Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

133. Defendants have violated TILA, with respect to the Trotter Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff George Trotter respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Trotter Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Holloway Loan**

134.    Plaintiff Dorothy Holloway is an adult resident of Madison County, Alabama and at all material times resided at 6416 Marsh Avenue in Huntsville, Alabama.

135.    On or about January 6, 2006, Mrs. Holloway obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $91,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Holloway Loan").

136.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

137.    With respect to the Holloway loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

138.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Holloway retained her right to cancel the transaction.

139.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

140.    By letter dated February 27, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to

both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

141.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

142.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

143.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT TEN
### TILA Violations- Holloway

144.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

145.     Plaintiff has properly and effectively cancelled and rescinded the Holloway Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

146.     Defendants have violated TILA, with respect to the Holloway Loan, in at least the following ways:

    (A)     By failing to take actions after rescission as required by 15 U.S.C.
            § 1635(b), including the steps necessary or appropriate to reflect

34

the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Dorothy Holloway respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Holloway Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

*/s/ William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

*/s/ William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL

## CERTIFICATE OF SERVICE

I, William H. Robertson, V, hereby certify that on January 27, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system and via certified mail to Defendant Washington Mutual. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfauchner.com

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Simon Fleischmann
sfleischmann@lockelord.com

Washington Mutual, Inc.
1301 Second Avenue
Seattle, WA 98101

CitiFinancial Mortgage Company
C/O The Corporation Company
2000 Interstate Park Dr. Ste. 204
Montgomery, Alabama 36109


/s/ *William H. Robertson, V*____
WILLIAM H. ROBERTSON, V
OF COUNSEL