UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) MDL No. 1715 |
| THIS DOCUMENT RELATES TO | ) ) Lead Case No. 05-cv-07097 |
| Jones v. RMAC REMIC Trust, Series 2009-1 and Argent Mortgage Company, LLC, Case No. 09-cv-3258 | ) ) ) ) (Centralized before the Honorable Marvin E. Aspen) |

## RMAC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Wells Fargo Bank, N.A., not in its individual capacity but solely as Trustee for the RMAC REMIC Trust, Series 2009-1 ("RMAC"), wrongly named herein as "RMAC REMIC Trust, Series 2009-1," by and through its attorneys, responds to Plaintiffs' First Amended Complaint as follows:

### I. PRELIMINARY STATEMENT

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter referred to as "TILA") to enforce the Plaintiffs' right to rescind a consumer credit transaction, to void the Defendants' security interest in the Plaintiffs' residence located at 20829 Greenwood Center Court, Olympia Fields, IL 60461, and to recover statutory damages, reasonable attorney's fees and costs by reason of the Defendants' violations of the Act and Regulation Z, 12 CFR, § 226 (hereinafter referred to as "Regulation Z").

**ANSWER**: RMAC admits only that Plaintiffs seek relief under the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"). RMAC denies that Plaintiffs are entitled to any relief, whether under TILA or otherwise.

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C, §§ 1331, 1337. The Court has authority to issue declaratory judgment by virtue of 28 U.S.C. § 2201.

**ANSWER**: With respect to the allegations in the first sentence of paragraph 2, RMAC does not contest subject matter jurisdiction. With respect to the allegations in the second sentence of paragraph 2, RMAC admits only that 28 U.S.C. § 2201 allows the Court to issue a declaratory judgment in certain cases. RMAC expressly denies that declaratory judgment is appropriate in this case.

3. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**: RMAC denies the allegations in paragraph 3 as Plaintiffs do not assert any state law claims in this case.

## III. PARTIES

4. The Plaintiffs, ANTONE L. JONES and YOLANDA S. JONES, (hereinafter referred to as "Plaintiffs"), are natural persons, currently residing at 20829 Greenwood Center Court, Olympia Fields, IL 60461.

**ANSWER**: RMAC admits the allegations in paragraph 4.

5. Defendant, RMAC REMIC TRUST, SERIES 2009-1, (hereinafter referred to as "RMAC") is a corporation engaged in the business of consumer mortgage finance in the State of Illinois.

**ANSWER**: RMAC denies the allegations in paragraph 5.

6. Defendant, RMAC, based upon information and belief, at all times relevant hereto, in the ordinary course of business, regularly extended or offered to extend consumer credit to consumers for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four (4) installments.

**ANSWER**: RMAC denies the allegations in paragraph 6.

7. Defendant, ARGENT MORTGAGE COMPANY, LLC, (hereinafter referred to as "ARGENT") is a corporation engaged in the business of consumer mortgage finance in the State of Illinois.

**ANSWER**: RMAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, accordingly, denies those allegations.

8. Defendant, ARGENT, has its principal place of business located at One City Boulevard West, Orange, CA 92868. Based on information and belief, at all times relevant hereto, Defendant, ARGENT, in the ordinary course of business, regularly extended or offered to extend consumer credit to consumers for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four (4) installments.

**ANSWER**: RMAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, accordingly, denies those allegations.

IV. FACTUAL ALLEGATIONS

9. On or about June 21, 2007, Plaintiffs entered into a consumer credit transaction (hereinafter "the Transaction") with ARGENT, in which the extended consumer credit was subject to a finance charge and which was payable to Defendant, ARGENT.

**ANSWER**: RMAC admits that on or about June 21, 2007, Plaintiffs entered into a residential mortgage loan agreement with Defendant, ARGENT. RMAC also admits Plaintiffs

309171-1                                    3

agreed to pay a "finance charge," as that term is defined by TILA, in connection with the mortgage loan. RMAC denies all remaining allegations in paragraph 9.

10. A true and accurate copy of the credit agreement evidencing the transaction is attached hereto and marked as EXHIBIT "A", and by this reference is incorporated herein.

**ANSWER**: RMAC denies the allegations in paragraph 10. Answering further, RMAC states that the document attached to Plaintiffs' Amended Complaint as Exhibit "A" is an adjustable rate note which Plaintiffs entered into with Defendant ARGENT on or about June 21, 2007.

11. As part of the consumer credit transaction, Defendant, ARGENT, attempted to retain a security interest in 20829 Greenwood Center Court, Olympia Fields, IL 60461, which is used as Plaintiffs' principal dwelling.

**ANSWER**: RMAC admits the allegations in paragraph 11.

12. The security interest was not created to finance the acquisition or initial construction of Plaintiffs' dwelling.

**ANSWER**: RMAC admits the allegations in paragraph 12.

13. A true and accurate copy of the mortgage evidencing Defendant ARGENT's security interest is attached hereto, marked as EXHIBIT "B-1" and EXHIBIT "B-2", and by this reference is incorporated herein.

**ANSWER**: RMAC admits that Exhibits B-1 and B-2 include a copy of the mortgage that Plaintiffs entered into with ARGENT on or about June 21, 2007.

14. Based on information and belief, after the transaction between Plaintiffs and ARGENT, Defendant, RMAC, either obtained ownership in the underlying Mortgage and/or Note, or became the servicer of the underlying Mortgage and/or Note.

**ANSWER**: RMAC admits the allegations in paragraph 14.

15. By virtue of originating the Mortgage and/or Note, ARGENT is an indispensable party to this litigation.

**ANSWER**: RMAC makes no response to paragraph 15 because that paragraph contains no allegations of fact to which a response is required.

16. By virtue of being a holder of the Mortgage and/or Note, RMAC is an indispensable party to this litigation.

**ANSWER**: RMAC makes no response to the allegations set forth in paragraph 16 because that paragraph contains no allegations of fact to which a response is required.

## V. FIRST CAUSE OF ACTION

17. This consumer credit transaction was subject to the Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER**: RMAC admits only that Plaintiffs' loan transaction was subject to the Truth in Lending Act, including 15 U.S.C. § 1635, as well as Regulation Z. RMAC expressly denies that Plaintiffs have the right to rescind the loan transaction at issue in this lawsuit.

18. In the course of this consumer credit transaction, Defendant, ARGENT, violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiffs two (2) copies of a notice of the right to rescind, which:

(A) Identified the transaction;

(B) Clearly and conspicuously disclosed the security interest in the Plaintiffs' principal dwelling;

(C) Clearly and conspicuously disclosed the Plaintiffs' right to rescind the transaction; and,

    (D)    Clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER**: RMAC denies the allegations in paragraph 18 and each subpart thereof.

19.    In the course of this consumer credit transaction, Defendant, ARGENT, failed to deliver to Plaintiffs all "material" disclosures required by the Act and Regulation Z including the following:

    (A)    By failing to properly and accurately disclose the "amount financed," using that term in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).

    (B)    By failing to properly and accurately disclose the "finance charge," using that term, in violation of Regulation Z §§ 226.4 and 22618(d) and 15 U.S.C. § 1638(a)(3).

    (C)    By failing to clearly and accurately disclose the "annual percentage rate," using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).

    (D)    By failing to properly disclose the number, amounts, and timing of payments scheduled to repay the obligation, in violation of Regulation Z § 226.18(g) and 15 U.S.C. § 1638(a)(6).

    (E)    By failing to properly and accurately disclose the "total of payments," using that term, in violation of Regulation Z § 226.18(h) and 15 U.S.C. § 1638(a)(5).

**ANSWER**: RMAC denies the allegations in paragraph 19, including each subparagraph thereof.

20.    Based on information and belief, Defendant, RMAC, was aware of the violations attributable to Defendant, ARGENT, delineated in Paragraphs Eighteen (18) and Nineteen (19) above, pursuant to 15 U.S.C § 1635(f), as either assignee or as a co-owner of the underlying Mortgage and/or Note.

**ANSWER**: RMAC denies the allegations in paragraph 20.

21. Said aforementioned violations of the TILA were apparent on the face of the documents which were to have been provided to Plaintiff, and by reason of the aforementioned material violations delineated in Paragraphs Eighteen (18) and Nineteen (19) above, pursuant to 15 U.S.C § 1635(f), Plaintiffs [*sic*] a right of rescission for three (3) years from the date of the consummation of the loan.

**ANSWER**: RMAC denies the allegations in paragraph 21.

22. On May 29, 2008, Plaintiffs rescinded the transaction by sending a notice of rescission to ARGENT at Argent Mortgage Company, One City Boulevard, 9th Floor, Orange County, CA 92868 by U.S. Mail, postage prepaid, certified mail, return receipt requested.

**ANSWER**: RMAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, accordingly, denies those allegations.

23. A true and accurate copy of that notice of rescission referred to in Paragraph Twenty-Four (24) is attached hereto, marked EXHIBIT "C", and by this reference is incorporated herein.

**ANSWER**: RMAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, accordingly, denies those allegations.

24. The notice of rescission was received by ARGENT on or about June 2, 2008, and a copy of the return receipt evidencing such is attached hereto as EXHIBIT "D".

**ANSWER**: RMAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, accordingly, denies those allegations.

25. More than twenty (20) calendar days have passed since the Defendant received Plaintiffs' notice of rescission.

**ANSWER**: RMAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, accordingly, denies those allegations.

26. The Defendants, RMAC and ARGENT, have failed to return to Plaintiffs any money or property given by Plaintiffs to anyone, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

**ANSWER**: RMAC denies that it is obligated to return any money or property to the Plaintiffs under 15 U.S.C. § 1635.

27. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a) and 1641(c), the Defendants, RMAC and ARGENT are liable to Plaintiffs for:

(A) Rescission of this transaction;

(B) Termination of any security interest in Plaintiffs' property created under the transaction;

(C) Return of any money or property given by Plaintiffs to anyone in connection with this transaction;

(D) Statutory damages of $4,000.00 for each of the disclosure violations;

(E) Statutory damages of $4,000.00 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

(F) Forfeiture of return of loan proceeds;

(G) Actual damages in an amount to be determined at trial; and,

(H) Reasonable attorney fees as permitted by 12 U.S.C. §§ 1635, 1640.

**ANSWER**: RMAC denies the allegations in paragraph 27 and each subpart thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the doctrine of unclean hands. In particular, Plaintiffs materially misstated their income in order to obtain the loan at issue.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' rescission claim fails because they have never demanded rescission from RMAC.

4. Plaintiffs' rescission claim fails because they are unable to tender the loan proceeds back to RMAC.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or waiver.

6. Plaintiffs' claims are barred, in whole or in part, because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening superseding actions on the part of ARGENT and not RMAC, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

8. As to each cause of action, RMAC is entitled to an offset for, among other items, Plaintiffs' use and occupancy of the property at issue, as well as advances made by RMAC for payment of property taxes and insurance.

9. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover.

10. Plaintiffs' claims are barred, in whole or in part, because they are members of a prior settlement class which released some or all of the claims they seek to assert in this matter.

11. RMAC reserves the right to assert additional affirmative defenses in this matter as discovery proceeds.

WHEREFORE, Defendant, WELLS FARGO BANK, N.A., not in its individual capacity, but solely as Trustee for the RMAC REMIC Trust, Series 2009-1, respectfully prays that this Court enter an Order:

1. Dismissing Plaintiffs' Amended Complaint;

2. Entering judgment for RMAC and against Plaintiffs in this action;

3. Awarding RMAC any costs of suit; and

4. Granting RMAC any additional relief as the Court deems just and appropriate under the circumstances.

          WELLS FARGO BANK, N.A., not in its individual capacity but solely as Trustee for The RMAC REMIC Trust, Series 2009-1

          By: /s/ Robert J. Emanuel
                One of Its Attorneys

Robert J. Emanuel
Emily N. Masalski
Deutsch, Levy & Engel, Chartered
225 W. Washington Street
Suite 1700
Chicago, IL 60606
312/346-1460