# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| _____ | ) ) | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO <u>ALL</u> <u>ACTIONS</u> | ) ) ) ) ) | Centralized before Judge Marvin E. Aspen |
| BEVERLY BALLARD; MICHELLE MCNAMARA; SUE CANNON; JULIE and JEFFREY WISE; CORY and YULANDA O'NEAL; BURNS O. and DIANE S. KENDRICKS; SUSAN HUDGINS; ARMIN P. and RITA HEGENHEISER; LUTHER MARBURY, JR.; and THOMAS SMITH and SHEILA HANN, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | 08-cv-4992 (N.D. Ill.) (Originally 2:08-cv-1309 (N.D. Ala.)) |
| v. | ) ) ) | |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) ) ) ) ) ) | (Transferred to Judge Aspen for pre-trial proceedings to MDL No. 1715, Lead Case No. 05-cv-7097) |
| Defendants. | ) ) | |

---

## FIRST AMENDED COMPLAINT

---

COME NOW, Plaintiffs and substitute this First Amended Complaint for the Original Complaint to add parties, and state the following:

## INTRODUCTION

1.     This suit is brought by a number of consumers residing in this district who entered into mortgage loans with the Defendant Ameriquest Mortgage Company ("Ameriquest"). Some of these loans were subsequently assigned to the other defendants. Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3.      Plaintiffs are all of full age of majority and reside in this district.

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.      Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.      Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.      Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation with its principal place of business in Texas, and upon information and belief is currently servicing, or has otherwise obtained the loans of Beverly Ballard, Sue Cannon, Julie and Jeffrey Wise, Armin P., III and Rita Hegenheiser, Jr., and Thomas

Smith and Sheila Hann and claims the right to receive payments there under and does business in this district.

## FACTS

### Applicable Truth in Lending Act Requirements

8.      Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

9.      Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

10.      The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

11.     A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

12.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

13.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

14.     As to Plaintiffs Michelle McNamara's loan and Thomas Smith and Sheila Hann's loan, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

15.     As to Plaintiffs Beverly Ballard's loan, Sue Cannon's loan, Julie and Jeffrey Wise's loan, Cory and Yulanda O'Neal's loan, Burns O. and Diane S. Kendricks'

loan, Susan Hudgins' loan, Armin P., III and Rita Hegenheiser's loan, and Luther Marbury's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

16.     With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

17.     Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

18.     Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

19.     Ameriquest is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Ballard Loan**

20.     Plaintiff Beverly Ballard is an adult resident of Jefferson County, Alabama and at all material times resided at 7246 Paris Avenue in Birmingham, Alabama.

21.     On or about March 15, 2005, Mrs. Ballard obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $63,001.00 and

6

was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Ballard Loan").

22.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was the Plaintiff or her spouse provided with the correct number of completed right to cancel forms.

23.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Ballard retained her right to cancel the transaction.

24.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

25.     By letter dated March 12, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan and these notices have been received by each Defendant.

26.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

27.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

28.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT ONE
### TILA Violations- Ballard

29.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

30.     Plaintiff has properly and effectively cancelled and rescinded the Ballard Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

31.     Defendants have violated TILA, with respect to the Ballard Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Beverly Ballard respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Ballard Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

8

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The McNamara Loan**

32.     Plaintiff Michelle McNamara is an adult resident of Jefferson County, Alabama and at all material times resided at 3328 Castle Crest Drive in Vestavia Hills, Alabama.

33.     On or about February 21, 2006, Ms. McNamara obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $275,500.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "McNamara Loan").

34.     Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned

and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

35. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. McNamara retained her right to cancel the transaction.

36. On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

37. By letter dated March 3, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan and these notices have been received by each Defendant.

38. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

39. Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

40. Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT TWO
## TILA Violations- McNamara

41.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

42.    Plaintiff has properly and effectively cancelled and rescinded the McNamara Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

43.    Defendants have violated TILA, with respect to the McNamara Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Michelle McNamara respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the McNamara Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

11

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Cannon Loan**

44.     Plaintiff Sue Cannon is an adult resident of St. Clair County, Alabama and at all material times resided at 13596 U.S. Highway 11 North in Springville, Alabama.

45.     On or about August 24, 2005, Ms. Cannon obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $63,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Cannon Loan").

46.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing was the Plaintiff provided with the correct number of completed right to cancel forms.

47.     With respect to the Cannon loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring

12

the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

48.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Cannon retained her right to cancel the transaction.

49.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

50.     By letter dated April 17, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan and these notices have been received by each Defendant.

51.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

52.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT THREE
### TILA Violations- Cannon

54.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

55.     Plaintiff has properly and effectively cancelled and rescinded the Cannon Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.     Defendants have violated TILA, with respect to the Cannon Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Sue Cannon respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Cannon Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

14

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Wise Loan**

57.     Plaintiffs Julie and Jeffrey Wise are adult residents of St. Clair County, Alabama and at all material times resided at 644 Oak Valley Road in Springville, Alabama.

58.     On or about June 8, 2005, Mr. and Mrs. Wise obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $213,300.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Wise Loan").

59.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were the Plaintiffs provided with the correct number of completed right to cancel forms.

60.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. & Mrs. Wise retained their right to cancel the transaction.

15

61.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

62.     By letter dated May 30, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan and these notices have been received by each Defendant.

63.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

64.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

65.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs' as their principal dwelling.

## COUNT FOUR
### TILA Violations- Wise

66.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

67.     Plaintiffs have properly and effectively cancelled and rescinded the Wise Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

68.     Defendants have violated TILA, with respect to the Wise Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Julie and Jeffrey Wise respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Wise Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The O'Neal Loan**

69.   Plaintiffs Cory and Yulanda O'Neal are adult residents of St. Clair County, Alabama and at all material times resided at 515 Riverview Drive in Cropwell, Alabama.

70.   On or about June 20, 2005, Mr. and Mrs. O'Neal obtained a residential real estate mortgage loan with Ameriquest.   The total amount of the loan was $206,937.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "O'Neal Loan").

71.   Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.   At no point at or after closing were the Plaintiffs provided with the correct number of completed right to cancel forms.

72.   With respect to the O'Neal loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."   That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.   The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.   That notice was also delivered unsigned and undated.

73.   As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. & Mrs. O'Neal retained their right to cancel the transaction.

81.     Defendants have violated TILA, with respect to the O'Neal Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Cory and Yulanda O'Neal respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the O'Neal Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and

20

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Kendricks Loan**

82. Plaintiffs Burns O. and Diane S. Kendricks are adult residents of St. Clair County, Alabama and at all material times resided at 3070 Levine Road in Odenville, Alabama.

83. On or about April 20, 2005, Mr. and Mrs. Kendricks obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $61,100.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Kendricks Loan").

84. Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were the Plaintiffs provided with the correct number of completed right to cancel forms.

85. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. & Mrs. Kendricks retained their right to cancel the transaction.

86. On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

87. By letter dated April 9, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan and these notices have been received by each Defendant.

21

88.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

89.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

90.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs' as their principal dwelling.

## COUNT SIX
## TILA Violations- Kendricks

91.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

92.     Plaintiffs have properly and effectively cancelled and rescinded the Kendricks Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

93.     Defendants have violated TILA, with respect to the Kendricks Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

22

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Burns O. and Diane S. Kendricks respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Kendricks Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Hudgins Loan**

94.     Plaintiff Susan Hudgins is an adult resident of St. Clair County, Alabama and at all material times resided at 131 New Talladega Road in Springville, Alabama.

95.     On or about May 12, 2005, Mrs. Hudgins obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $166,434.00 and was secured by a mortgage security interest in Plaintiff's home.   (This loan is hereafter referred to as the "Hudgins Loan").

96.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was Plaintiff or her spouse provided with the correct number of completed right to cancel forms.

97.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Hudgins retained her right to cancel the transaction.

98.     On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

99.     By letter dated April 9, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

100.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

101.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

102.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT SEVEN
### TILA Violations- Hudgins

103.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

104.    Plaintiff has properly and effectively cancelled and rescinded the Hudgins Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

105.    Defendants have violated TILA, with respect to the Hudgins Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Susan Hudgins respectfully requests that this Court enter judgment against Ameriquest in her favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Hudgins Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Hegenheiser Loan**

106.   Plaintiffs Armin P., III and Rita Hegenheiser are adult residents of Blount County, Alabama and at all material times resided at 47 Fieldview Drive in Oneonta, Alabama.

107.   On or about February 17, 2006, Mr. and Mrs. Hegenheiser obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $132,000.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Hegenheiser Loan").

108.     Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

109.     With respect to the Hegenheiser loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrowers' actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

110.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Hegenheiser retained their right to cancel the transaction.

111.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

112.     By letter dated April 9, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

113.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

114.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

115.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**COUNT EIGHT**
**TILA Violations- Hegenheiser**

116.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

117.    Plaintiffs have properly and effectively cancelled and rescinded the Hegenheiser Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

118.    Defendants have violated TILA, with respect to the Hegenheiser Loan, in at least the following ways:

   (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

   (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Armin P., III and Rita Hegenheiser respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

28

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Hegenheiser Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Marbury Loan**

119.    Plaintiff Luther Marbury, Jr. is an adult resident of Etowah County, Alabama and at all material times resided at 273 Murray Drive in Gadsden, Alabama.

120.    On or about May 26, 2005, Mr. Marbury obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $103,500.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Marbury Loan").

29

121.    Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute.  At no point at or after closing was the Plaintiff or his spouse provided with the correct number of completed right to cancel forms.

122.    With respect to the Marbury loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

123.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Marbury retained his right to cancel the transaction.

124.    On information and belief this mortgage loan was assigned to, refinanced with, or was otherwise obtained by another entity.

125.    By letter dated April 9, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

126.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

127.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The

failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

128. Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

**COUNT NINE**
**TILA Violations- Marbury**

129. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

130. Plaintiff has properly and effectively cancelled and rescinded the Marbury Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

131. Defendants have violated TILA, with respect to the Marbury Loan, in at least the following ways:

(A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Luther Marbury, Jr. respectfully requests that this Court enter judgment against Ameriquest in his favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

31

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Marbury Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Smith Loan**

132.     Plaintiffs Thomas Smith and Sheila Hann are adult residents of Greene County, Alabama and at all material times resided at 244 Wilson Avenue in Eutaw, Alabama.

133.     On or about December 22, 2005, Mr. Smith and Mrs. Hann obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $176,000.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Smith Loan").

32

134.     Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan.  The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of his right to cancel the transaction.

135.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Smith and Mrs. Hann retained their right to cancel the transaction.

136.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

137.     By letter dated March 28, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

138.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

139.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

140.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT TEN
## <u>TILA Violations- Smith</u>

141.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

142.    Plaintiffs have properly and effectively cancelled and rescinded the Smith Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

143.    Defendants have violated TILA, with respect to the Smith Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Thomas Smith and Sheila Hann respectfully request that this Court enter judgment against Ameriquest in their favor and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Smith Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

34

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
OF COUNSEL

35

## CERTIFICATE OF SERVICE

I, William H. Robertson, V, hereby certify that on February 5, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfauchner.com

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Simon Fleischmann
sfleischmann@lockelord.com


/s/ *William H. Robertson, V*____
WILLIAM H. ROBERTSON, V
OF COUNSEL