**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Janice Long, et al. v. Ameriquest Mortgage Co., et al.*; Case No. 05-cv-7097 | |

**DEFENDANT AMC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant AMC MORTGAGE SERVICES, INC. ("Defendant"), by and through its attorneys, answers Plaintiffs JANICE LONG; GEORGE and EMMA ABBO; and JOHN and TAMMY BISHOP ("Plaintiffs") as follows.

**FIRST AMENDED COMPLAINT**

**INTRODUCTION**

1.  This suit is brought by a number of consumers residing in this district who entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company ("Ameriquest"). Some of these loans were subsequently assigned to the other Defendants. Each of the Plaintiffs asserts claims against Defendant Ameriquest arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide

adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA.  As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations.  Plaintiffs seek a court determination that their loan transactions have been rescinded.  Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.  Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or any other law.**

## JURISDICTION

2.	This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**ANSWER:** **Defendant does not contest subject matter jurisdiction.  Defendant denies any remaining allegations in Paragraph 2.**

## THE PARTIES

3.	Plaintiffs are all of full age of majority and reside in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.	Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California.  At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans.  Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

**ANSWER:** **Defendant admits that at the time the Plaintiffs entered into their loans, Ameriquest Mortgage Company was a corporation incorporated in a state**

**other than Georgia and that its main offices were located in Orange, California. Defendant admits that at the time the Plaintiffs entered into their loans, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.  Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

**ANSWER:** **Defendant admits that at the time the Plaintiffs entered into their loans that Defendant AMC Mortgage Services, Inc. was a corporation incorporated in a state other than Georgia, that its main offices were located in California, and that it serviced certain of the loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in this paragraph. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant does not object to service.**

6.  Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

**ANSWER:** **Defendant admits that at all times relevant to these proceedings, Defendant ACC Capital Holdings Corporation was a corporation incorporated in a state other than Georgia, that its main offices were located in California, and that it was the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc. Otherwise, to the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

7.  Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation with its principal place of business in Texas, and upon information and belief is currently servicing, or has otherwise obtained the loans of Janice Long and George and Emma Abbo, and claims the right to receive payments thereunder and does business in this district.

**ANSWER:** **Defendant is informed and believes that Defendant American Home**

> **Mortgage Servicing, Inc. is the current servicer of the Long and Abbo loans. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8. Defendant GMAC Mortgage, LLC ("GMAC") is a foreign limited liability company with its principal place of business in Pennsylvania, and upon information and belief is currently servicing, or has otherwise obtained the loan of John and Tammy Bishop, and claims the right to receive payments thereunder and does business in this district.

**ANSWER:** **Defendant is informed and believes that Defendant GMAC Mortgage, LLC is the current servicer of the Bishop loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTS

**Applicable Truth in Lending Act Requirements**

9. Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

10. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, must receive two (2) copies of completed notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12

C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

11. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

12. A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

13. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

14. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the

borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

15. As to Plaintiff Janice Long's loan, Ameriquest failed to provide the required notices of the Plaintiff's right to cancel. The form notices that were supplied to Plaintiff Long were blank, unsigned, and not dated. At no point at or after closing was Plaintiff Long provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

16. As to Plaintiffs George and Emma Abbo's loan and Plaintiffs John and Tammy Bishop's loan, Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

17. With respect to all of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

18. Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

19. Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Defendants of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Defendants have failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant admits that it did not rescind the loans of Plaintiffs identified herein. Otherwise, Defendant denies any liability to Plaintiffs.**

20. Ameriquest, AHMSI, and GMAC are each a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**The Long Loan**

21. Plaintiff Janice Long is an adult resident of Rockdale County, Georgia and at all material times resided at 2400 Scarlett Lane, SE in Conyers, Georgia.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22. On or about December 20, 2005, Ms. Long obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $153,000.00 and was secured by a mortgage security interest in Plaintiffs home. (This loan is hereafter referred to as the "Long Loan").

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

23. Ameriquest failed to provide the required notices of the Plaintiffs right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

24. With respect to the Long loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

25. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Long retained her right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

26. On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

**ANSWER:** **Defendant admits that it does not own the instant loan. Defendant is informed and believes that Defendant American Home Mortgage Servicing, Inc. is the current servicer of the Long loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27. By letter dated April 17, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

28. The assignee of Plaintiffs mortgage is subject to Plaintiffs rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

29. Despite having received notice of Plaintiffs election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant admits that it did not rescind Plaintiff's loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

30. Ameriquest, prior to the delivery of the notice of Plaintiffs election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

## COUNT ONE

### TILA Violations- Long

31. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant restates its answers to all the preceding allegations set forth above.**

32. Plaintiff has properly and effectively cancelled and rescinded the Long Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

33. Defendants have violated TILA, with respect to the Long Loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

**The Abbo Loan**

34. Plaintiffs George and Emma Abbo are adult residents of Whitfield County, Georgia and at all material times resided at 334 Cedar Street in Cohutta, Georgia.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35. On or about May 24, 2005, Mr. and Mrs. Abbo obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $67,900.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Abbo Loan").

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

36. Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER: The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

37. With respect to the Abbo loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER: The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

38. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Abbo retained their right to cancel the transaction.

**ANSWER: To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

39. On information and belief this mortgage loan was assigned to, or was otherwise obtained by AHMSI.

**ANSWER: Defendant admits that it does not own the instant loan. Defendant is informed and believes that Defendant American Home Mortgage Servicing, Inc. is the current servicer of the Abbo loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

40. By letter dated April 16, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

41. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

42. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant admits that it did not rescind Plaintiffs' loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

43. Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

### COUNT TWO

### TILA Violations- Abbo

44. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant restates its answers to all the preceding allegations set forth above.**

45. Plaintiffs have properly and effectively cancelled and rescinded the Abbo Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

46. Defendants have violated TILA, with respect to the Abbo Loan, in at least the following ways:

> (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and
>
> (B) By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**The Bishop Loan**

47. Plaintiffs John and Tammy Bishop are adult residents of Gwinnett County, Georgia and at all material times resided at 411 Engle Drive in Tucker, Georgia.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

48. On or about May 9, 2005, Mr. and Mrs. Bishop obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $135,850.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Bishop Loan").

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

49. Ameriquest failed to provide the correct number of completed right to cancel forms as required under the statute. At no point at or after closing were Plaintiffs provided with the correct number of completed right to cancel forms.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

50. As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Bishop retained their right to cancel the transaction.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

51. On information and belief this mortgage loan was assigned to, or was otherwise obtained by GMAC.

**ANSWER:** **Defendant admits that it does not own the instant loan. Defendant is informed and believes that Defendant GMAC Mortgage, LLC is the current servicer of the Bishop loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

52. By letter dated May 2, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

53. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

54. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant admits that it did not rescind Plaintiffs' loan. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

55. Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## COUNT THREE

### TILA Violations- Bishop

56. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

**ANSWER:** **Defendant restates its answers to all the preceding allegations set forth above.**

57. Plaintiffs have properly and effectively cancelled and rescinded the Bishop Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

58. Defendants have violated TILA, with respect to the Bishop Loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the

       termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

  (B)  By failing to give proper notice of Plaintiffs' right to cancel the transaction.

**ANSWER:**  **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

### AFFIRMATIVE DEFENSES

  1.  Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

  2.  Plaintiffs' claims are barred by the applicable statute of limitations.

  3.  Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

  4.  Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

  5.  Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

  6.  Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

  7.  Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

  8.  Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Plaintiffs' claims under the Truth in Lending Act are barred against AMC Mortgages Services, Inc., as AMC allegedly was an alleged servicer of Plaintiffs' loans and not a creditor or assignee.

15. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: February 16, 2010

By: /s/ Bernard E. LeSage
*Attorneys for AMC Mortgage Services, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 19 -

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 16th day of February 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage