## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES<br>LITIGATION | : <br> : <br> : <br> : <br> : | **MDL No. 1715**<br><br>**Lead Case No. 05-CV-07097** |
| THIS DOCUMENT RELATES TO ALL<br>ACTIONS | : <br> : <br> : <br> : <br> : | **(Centralized before The** |
| AMERIQUEST MORTGAGE COMPANY,<br>a Delaware corporation; TOWN & COUNTRY<br>CREDIT CORPORATION, a Delaware<br>Corporation; and ARGENT MORTGAGE<br>COMPANY, LLC, a Delaware limited<br>liability company, | : <br> : <br> : <br> : <br> : <br> : <br> : | **Honorable Marvin E. Aspen)** |
| **Third-Party Plaintiffs,** | : <br> : | |
| v.<br>NORTHWEST TITLE AND ESCROW<br>CORPORATION, a Minnesota corporation, et al.: | : <br> : <br> : | |
| **Third-Party Defendants.** | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF FIRST AMERICAN TITLE INSURANCE COMPANY, METROPOLITAN TITLE COMPANY, MIDLAND TITLE SECURITY INC., MORTGAGE GUARANTEE & TITLE COMPANY, OHIO BAR TITLE INSURANCE COMPANY, THE TALON GROUP, UNITED GENERAL TITLE INSURANCE COMPANY, FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK AND FIRST AMERICAN NATIONAL TITLE COMPANY TO FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT

Third-party defendants First American Title Insurance Company, Metropolitan

Title Company, Midland Title Security, Inc., Mortgage Guarantee & Title Company, Ohio

Bar Title Insurance Company, The Talon Group, United General Title Insurance

Company, First American Title Insurance Company of New York and First American

National Title Company (collectively, and referred to in the singular as, "First American"), by and through one of its attorneys, Robert Radasevich, for its Answer and Affirmative Defenses to the Fifth Amended Consolidated Third-party Complaint herein states as follows:

## The Parties

1.     Ameriquest is a Delaware corporation with its principal place of business in California.

**ANSWER:**     First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the fifth amended consolidated third-party complaint and therefore denies said allegations.

2.     Argent is a Delaware limited liability company with its principal place of business in California.

**ANSWER:**     First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the fifth amended consolidated third-party complaint and therefore denies said allegations.

3.     Town & Country is a Delaware corporation with tie principal place of business in California.

**ANSWER:**     First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the fifth amended consolidated third-party complaint and therefore denies said allegations.

4.     Ameriquest, Town & Country and Argent bring this Third-Party Complaint against the Closing Agents, Title Companies and Title Underwriters (collectively referred to hereinafter as the "Title Defendants") listed on Exhibits A and Exhibit B hereto. Ameriquest, Town & Country and Argent are informed and believe and thereon allege that at all relevant times each of the Closing Agents and Title Companies, listed in the entries on Exhibits A and B hereto, was acting within the course and scope of its agency relationship with the Title Underwriter when closing the loans described in Exhibits A and B hereto. On information and belief, the Closing Agents and Title Companies were acting within the course and scope of their actual and apparent authority in providing the closing services, as shown by *inter alia*, the issuance of Closing Protection Letters in the

2

title Underwriter's name and on the title Underwriter's letterhead; providing closing services as an "approved" agent on behalf of the Title Company and/or Title Underwriter and with the Title Company's or Title Underwriter's express approval; the Title Company's or Title Underwriter's utilization of supervisory authority and audit responsibilities over the Closing Agent's activities; and because of the integral nature of the closings to the Title Company and/or Title Underwriter's business, the Closing Agent conducted closings as part of the Title Company's or Title Underwriters' Relationship with the Closing Agent.

**ANSWER:** First American admits that Agent has filed a fifth amended consolidated third-party complaint against First American and the various parties listed on Exhibit B thereto, but First American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 5 of the fifth amended consolidated third-party complaint and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 4 of the fifth amended consolidated third-party complaint.

5.      Argent also brings this Third-Party Complaint against the mortgage brokers ("Broker Defendants") listed on Exhibit B attached hereto.

**ANSWER:** First American admits that Agent has filed a fifth amended consolidated third-party complaint against various parties listed on Exhibit B thereto, but First American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the fifth amended consolidated third-party complaint and therefore denies said allegations.

6.      Ameriquest, Town & Country and Argent are at times ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 though 10, inclusive, and therefore sues said third-party defendants by such fictitious names. Ameriquest, Town & Country and Argent are informed and believe and thereon allege that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest and/or Argent as herein alleged. Ameriquest, Town & Country and Argent will amend their Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

3

**ANSWER:** First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 6 of the fifth amended

consolidated third-party complaint and therefore denies said allegations.

7.    The Court has jurisdiction over this matter, pursuant to Rule 14 of the
Federal Rules of Civil Procedure.

**ANSWER:** To the extent that the fifth amended consolidated third-party

complaint remains part of this MDL proceeding, First American admits that the Court

has jurisdiction over this matter.

8.    Venue is proper in this judicial district because Ameriquest's, Town &
Country's and Argent's claims against the Title Defendants and Broker Defendants arise
directly out of claims asserted by the plaintiffs listed in Exhibit A and Exhibit B hereto
against Ameriquest, Town & Country and Argent in this Court. .

**ANSWER:** American admits that venue is proper in this judicial district.

### General Allegations for Ameriquest's, Town & Country's and Argent's Claims Against The Title Defendants

9.    Each of the plaintiffs listed in Exhibits A and B hereto has filed a lawsuit
against Ameriquest, Town & Country or Argent alleging, among other things, that
Ameriquest, Town & Country and Argent violated TILA by their own acts or those of
their agents and affiliates, by failing to provide the plaintiff with a complete and accurate
Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, failing to
provide the correct number of copies of the Notice of Right to Cancel form and/or failing
to provide accurate and complete information at the closing of plaintiffs' loans. Plaintiffs'
suits also allege, *inter alia,* that Ameriquest, Town & Country and Argent and their
agents and affiliates made misrepresentations regarding loan terms, engaged in bait
and switch tactics and/or failed to make proper disclosures. Plaintiffs' claims arise
primarily out of the events that occurred at loan closings which were documented by
and the responsibility of the Title Defendants and/or the Broker Defendants.

**ANSWER:** First American admits that each of the plaintiffs listed in Exhibits A

and B to the fifth amended consolidated third-party complaint has filed a lawsuit against

Ameriquest, Town & County or Argent containing various allegations of wrongdoing

against those defendants, but First American lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in paragraph 9 of

4

the fifth amended consolidated third-party complaint and therefore denies said

allegations.

10. On or about the dates set forth in Exhibits A and B hereto, Ameriquest, Town & County and Argent and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest, Town & County and Argent loans in exchange for consideration to be paid from the loan proceeds. These agreements took various forms including but not limited to Escrow Lending Instructions, Closing Agent Agreements and Closing Instructions.

**ANSWER:** First American denies the allegations contained in paragraph 10 of

the fifth amended consolidated third-party complaint.

11. The Title Defendants also issued "Closing Protection Letters", among other documents, whereby the Title Underwriters agreed to reimburse the lenders for actual loss incurred by the lenders in connection with the closings conducted by the Closing Agents and/or Title Companies including the failure of the Closing Agent and/or Title Companies to comply with the lender's written closing instructions, as well as acts of fraud or dishonesty by the Closing Agent and/or Title Companies in the handling of the lender's funds or documents in connection with a closing.

**ANSWER:** First American admits that upon occasion, it issued Closing

Protection Letters to the parties identified with respect the matters stated therein. First

American denies the remaining allegations contained in paragraph 11 of the fifth

amended consolidated third-party complaint.

12. The Title Underwriters also issued final title policies whereby the Title Underwriters insure the validity and lien priority of the mortgages provided to Ameriquest, Town & Country and Argent.

**ANSWER:** First American admits that upon occasion, it issued lenders title

policies to Ameriquest and/or Argent whereby it insured the validity and priority of the

mortgages covered thereby. First American denies the remaining allegations contained

in paragraph 12 of the fifth amended consolidated third-party complaint.

13. The Title Defendants thus owed contractual duties to Ameriquest, Town & Country and Argent pursuant to the above-described agreements.

**ANSWER:** First American admits that upon occasion, it owed contractual

duties to Ameriquest and/or Argent. First American denies the remaining allegations

contained in paragraph 13 of the fifth amended consolidated third-party complaint.

14. By agreeing to serve as closing agents, escrow agents, title agents and/or
title underwriters on the transactions underlying Ameriquest's, Town & Country's and
Argent's mortgages to plaintiffs, the Title Defendants warranted, among other things,
that they would comply with Ameriquest's, Town & Country's and Argent's instructions
including but not limited to accurately complete a "Notice of Right to Cancel" form with
respect to each loan that they closed and provide Ameriquest's, Town & Country's and
Argent's borrower(s) with the correct number of copies of the completed form and have
each borrow sign TILA disclosures prior to executing the mortgage and note.

**ANSWER:** First American denies the allegations contained in paragraph 14 of

the fifth amended consolidated third-party complaint.

15. Pursuant to closing instructions provided by Ameriquest, Town & Country
and Argent, a Closing Protection Letter was to be issued by the Title Defendants for
each loan in which they participated. On information and belief, Closing Protection
Letters were issued for each loan listed in Exhibits A & B hereto. On information and
belief, some Title Defendants deny that a Closing Protection letter was issued and deny
that any contractual obligations exist for loans in which they participated as a Closing
Agent, Title Company or Underwriter.

**ANSWER:** First American denies the allegations contained in the first sentence

of paragraph 15 of the fifth amended consolidated third-party complaint. First American

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 15 of the fifth amended consolidated third-party

complaint and therefore denies said allegations.

16. Additionally or alternatively to their contractual duties, the Title
Defendants, who were at all relevant times in the business of supplying information and
services for the guidance and use of others in their business dealings, assumed and
owed general duties of care to Ameriquest, Town & Country and Argent including to
exercise ordinary care as Closing Agents, Title Companies and Title Underwriters on
Ameriquest's, Town & Country's and Argent's mortgage transactions with plaintiffs.
Ameriquest, Town & Country and Argent are informed and believe and thereon
allege that the Title Defendants had independent duties to act as reasonable Closing
Agents, Title Companies and Title Underwriters in accordance with the standards of

6

care generally applicable to professionals rendering services of those types, regardless of the contractual terms of the agreements between them.

**ANSWER:** First American denies the allegations contained in paragraph 16 of

the fifth amended consolidated third-party complaint.

17. The general duties assumed and/or owed by the Title Defendants to Ameriquest, Town & Country and Argent included, but were not limited to, the following:

- The Title Defendants were to supervise all aspects of the escrow, title and closing processes for the Ameriquest, Town & Country and Argent loans identified in Exhibits A and B hereto including to properly prepare, execute and deliver necessary closing documents;

- The Title Defendants were to communicate to Ameriquest, Town & Country and Argent their knowledge of any material facts acquired or which should have been acquired in the course of their duties and to disclose all facts that might materially affect Ameriquest's, Town & Country's or Argent's interests in the transactions with plaintiffs;

- The Title Defendants were to disclose to Ameriquest, Town & Country and Argent whether the transaction was in compliance with all written and oral instructions and for Ameriquest and Town & Country loans, the Title Defendants certified pursuant to an affidavit that the loan documents were properly signed and dated, the recession notice was properly completed, and copies of all documents were provided to the borrowers; and

- The Title Defendants were to exercise care in procuring and providing material information and documents related to the closing, title, escrows and loans especially where the Title Defendants knew Ameriquest's, Town & Country's and Argent's intended use of such information.

**ANSWER:** First American denies the allegations contained in paragraph 17 of

the fifth amended consolidated third-party complaint.

18. The claims alleged against Ameriquest, Town & County and Argent in each of the plaintiffs' lawsuits with respect to duties that should have been preformed in accordance with the applicable standards of care by each of the Title Defendants, with respect to the particular loan(s) that they were hired to close. Thus, to the extent that any of the plaintiffs received an inaccurate, incomplete, or misleading Notice of Right to Cancel form, or an incorrect number of forms, this is entirely attributable to the conduct of the Title Defendant(s) who were hired to close that particular loan.

**ANSWER:** First American denies the allegations contained in paragraph 18 of the fifth amended consolidated third-party complaint.

### General Allegations for Argent's Claims Against the Mortgage Brokers

19.　　Plaintiffs' suits also allege, *inter alia,* that Argent made misrepresentations regarding loan terms, engaged in bait and switch tactics, failed to make proper disclosures (including Notice of Right to Cancel and HUD-1 Settlement Statement. These claims arise primarily out of the presentation of loan terms and events that occurred at loan closings.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the fifth amended consolidated third-party complaint and therefore denies said allegations.

20.　　Argent, however, is a wholesale mortgage lender. By definition, a wholesale lender has no involvement in the presentation of loan terms or the loan closing. Argent likewise has no involvement in collecting loan payments or otherwise servicing loans. Instead, Argent's involvement in the loan process is limited to funding loans originated by independent mortgage brokers and closed by independent Closing Agents and Title Underwriters, each of whom are individually responsible for ensuring that the origination, title and closing process is effectuated in compliance with all aspects of applicable law. Further, the Broker Defendants are responsible for selecting the Title Defendants.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the fifth amended consolidated third-party complaint to the extent that they relate to parties other than First American and therefore denies said allegations.　　First American denies the allegations contained in paragraph 20 of the fifth amended consolidated third-party complaint to the extent that they relate to First American.

21.　　Argent enters into a "Mortgage Broker Agreement" whereby the independent Broker Defendants agreed, *inter alia,* to the "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process, agreed to comply with all rules and regulations regarding the application and processing of a loan, and agreed to indemnify and hold harmless the lender (Argent) against claims made by the borrower.　　On information and belief, Mortgage Broker Agreements were executed with each of the Broker Defendants identified in Exhibit B.

**ANSWER:** First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 21 of the fifth amended

consolidated third-party complaint and, therefore, denies said allegations.

22. In addition, each of the Broker Defendants, who at all relevant times were in the business of supplying information and services for the guidance and use of others in their business dealings, owed general duties to Argent to meet the standard of care applicable to brokers of residential mortgage loans. These duties to Argent included but were not limited to; providing truthful and accurate information related to the borrowers' loan applications and eligibility and the closing of plaintiffs' loan; not omitting any material facts related to plaintiffs' loan application and eligibility and the closing of plaintiffs' loans; and verifying material facts concerning the plaintiffs' loan application and eligibility for the loan and verifying that loan closing documents were accurate and truthful.

**ANSWER:** First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 22 of the fifth amended

consolidated third-party complaint and, therefore, denies said allegations.

23. Each of the plaintiffs' listed on Exhibit B engaged a Broker Defendant in order to apply for and obtain a loan from Argent. The Broker Defendants subsequently selected the Title Defendants to close the loans. The Broker Defendants and Title Defendants, as more fully described above, are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent.

**ANSWER:** First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 23 of the fifth amended

consolidated third-party complaint and, therefore, denies said allegations.

### First Cause of Action
### (Breach of Contract—Ameriquest and Town & Country
### Against the Title Defendants)

24. Ameriquest and Town & Country re-alleges paragraphs 1 through 23 inclusive, and incorporates the same by reference.

**ANSWER:** First American realleges and incorporates by reference its responses to paragraphs 1-23 above as its response to paragraph 24 of Count I of the fifth amended consolidated third-party complaint.

25.    Ameriquest and Town & Country and each of the respective Title Defendants entered into a valid and enforceable contract or contracts. Ameriquest and Town & Country fully performed their duties under the contract(s).

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American admits that, from time-to-time, one or more of the parties collectively referred to herein as "First American" issued loan polices of title insurance to Ameriquest. Further answering, First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 25 of the fifth amended consolidated third-party complaint, and therefore denies said allegations.

26.    The contracts required, among other things, that each of the Title Defendants would provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, provide the correct number of copies of the Notice of Right to Cancel Form and/or provide accurate and complete information at the closing of plaintiffs' loans, among other obligations.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 26 of the fifth amended consolidated third-party complaint.

27.    In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate

Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, the correct numbers of copies of plaintiffs' loans, among other breaches.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 27 of the fifth amended consolidated third-party complaint.

28.    Ameriquest and Town & Country have suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest and Town & Country. Also, Ameriquest and Town & Country have each suffered damage to its reputation and goodwill as a direct result of the Title Defendants' conduct, in an amount to be proven at trial.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 28 of the fifth amended consolidated third-party complaint.

## Second Cause of Action
### (Negligence—Ameriquest and Town & Country Against the Title Defendants)

Count Two was dismissed, and no answer thereto is required.

## Third Cause of Action
### (Negligent Misrepresentation- Ameriquest and Town & Country Against Title Defendants)

38.    Ameriquest and Town & Country re-allege paragraphs 1-37 inclusive, and incorporates the same by reference.

**ANSWER:** Paragraphs 29 through 37 were contained in Count II which has been dismissed and, therefore, no answer thereto is required. First American realleges and incorporates by reference its responses to paragraphs 1-28 above as its response

11

to the reassertion of those paragraphs as part of paragraph 38 of Count III of the fifth

amended consolidated third-party complaint.

    39.    The Title Defendants made false representations of fact to Ameriquest and Town & Country by, among other things, representing to Ameriquest and Town & Country that all closing, title and escrow documents were properly prepared, executed and delivered and that the transactions were completed in accordance with instructions. Among other things, Title Defendants reported that the Notices of Right to Cancel were properly prepared and executed, and that a correct number of copies were delivered. In the event that plaintiffs' allegations are proved true, such reports by Title Defendants were misrepresentations of fact.

    **ANSWER:**    First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 39 of the fifth amended

consolidated third-party complaint as they relate to any entity other than First American,

and therefore denies said allegations. First American denies the remaining allegations

contained in paragraph 35 of the fifth amended consolidated third-party complaint.

    40.    In addition, because Title Defendants owed a duty to disclose all material facts that may affect Ameriquest's and Town & Country 's interests, Title Defendants misrepresented facts by concealing material facts which were susceptible to the Title Defendants' knowledge. Among other things, Title Defendants failed to report that the Notices of Right to Cancel were not properly prepared, executed and delivered and, in the event that plaintiffs' allegations are proved true, the failure of Title Defendants to report such facts amount to misrepresentations of fact.

    **ANSWER:**    First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 40 of the fifth amended

consolidated third-party complaint as they relate to any entity other than First American,

and therefore denies said allegations. First American denies the remaining allegations

contained in paragraph 40 of the fifth amended consolidated third-party complaint.

    41.    In making the above-described misrepresentations Title Defendants were careless or negligent in ascertaining the truth of the statements made.

**ANSWER:**   First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 41 of the fifth amended consolidated third-party complaint.

42.    Title Defendants omitted the above-described facts with knowledge that they had a duty to disclose such material facts

**ANSWER:**   First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 42 of the fifth amended consolidated third-party complaint.

43.    Title Defendants intended to induce Ameriquest and Town & Country to rely on its representations and to fund the loans to plaintiffs.

**ANSWER:**   First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 43 of the fifth amended consolidated third-party complaint.

44.    Ameriquest and Town & Country justifiably relied on the Title Defendants' representations and, as a consequence, funded the loans to plaintiffs.

**ANSWER:**   First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American,

13

and therefore denies said allegations. First American denies the remaining allegations

contained in paragraph 44 of the fifth amended consolidated third-party complaint.

45. As a direct result of the negligent misrepresentations of the Title Defendants, Ameriquest and Town & Country have suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest and Town & Country in connection with the lawsuits.

**ANSWER:** First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 45 of the fifth amended

consolidated third-party complaint as they relate to any entity other than First American,

and therefore denies said allegations. First American denies the remaining allegations

contained in paragraph 45 of the fifth amended consolidated third-party complaint.

## Fourth Cause of Action
### (Breach of Contact – Argent Against Title Defendants)

46. Argent re-alleges paragraphs 1 through 45 inclusive, and incorporates the same by reference.

**ANSWER:** Paragraphs 29 through 37 were contained in Count II which has

been dismissed and, therefore, no answer thereto is required. First American realleges

and incorporates by reference its responses to paragraphs 1-28 and 34-41 above as its

response to the reassertion of those paragraphs as part of paragraph 46 of Count III of

the fifth amended consolidated third-party complaint.

47. Argent and each of the Title Defendants entered into a valid and enforceable contract or contracts. Argent fully performed its duties under the contract(s).

**ANSWER:** First American lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 47 of the fifth amended

consolidated third-party complaint as they relate to any entity other than First American,

and therefore denies said allegations. First American admits that, from time-to-time, one

or more of the parties collectively referred to herein as "First American" issued loan policies of title insurance and closing protection letters to Argent. First American denies the remaining allegations contained in paragraph 47 of the fifth amended consolidated third-party complaint.

48. The contract required, among other things, that each of the Title Defendants would provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, provide the correct number of copies of the Notice of Right to Cancel form and/or provide accurate and complete information at the closing of the plaintiffs' loans, among other obligations.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 48 of the fifth amended consolidated third-party complaint.

49. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, the correct number of copies of the Notice of Right to Cancel form and/or accurate and complete information at the closing of the plaintiffs' loans, among other breaches.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 49 of the fifth amended consolidated third-party complaint.

50. Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has

also suffered damage to its reputation and goodwill as a direct result of the Title Defendants conduct, in an amount to be proven at trial.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 50 of the fifth amended consolidated third-party complaint.

## Fifth Cause of Action
### (Breach of Contract – Argent Against Broker Defendants)

First American is not named as a third-party defendant in Count Five of the fifth amended consolidated third-party complaint, and no answer thereto is required.

## Sixth Cause of Action
### (Negligence – Argent Against Title Defendants)

Count Six was dismissed and no answer thereto is required.

## Seventh Cause of Action
### (Negligence – Argent Against Broker Defendants)

Count Seven was dismissed and no answer thereto is required. Further, First American is not named as a third-party defendant in Count Seven of the fifth amended consolidated third-party complaint.

## Eighth Cause of Action
### (Negligent Misrepresentation- Argent Against Title Defendants)

73.     Argent re-allege paragraphs 1-72 inclusive, and incorporates the same by reference.

**ANSWER:** Paragraphs 29-37, 57-65 and 66-72 were contained in Counts Two, Six and Seven which have been dismissed and, therefore, no answer thereto is required. Further, paragraphs 51-56 and 66-72 were contained in Counts Five and

16

Seven which were neither directed against, nor sought any relief from, First American and, thus no answer thereto is required. First American realleges and incorporates by reference its responses to paragraphs 1-28 and 38-50 above as its response to the reassertion of those paragraphs as part of paragraph 73 of Count Eight of the fifth amended consolidated third-party complaint.

74.    In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the title Defendants made false representations of fact to Argent by, among other things, representing to Argent that all closing, title and escrow documents were properly prepared, executed and delivered and that the transactions were completed in accordance with instructions. Among other things, title Defendants reported that the Notices of Right to Cancel were properly prepared, executed and delivered and, in the event that plaintiffs' allegations are proved true, such reports by Title Defendants were misrepresentation of fact.

**ANSWER:**    First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 74 of the fifth amended consolidated third-party complaint.

75.    In addition, because Title Defendants owed a duty to disclose all material facts that may affect Argent's, Title Defendants misrepresented facts by concealing material facts which were susceptible to knowledge. Among other things, Title Defendants failed to report that the Notices of Right to Cancel were not properly prepared, executed and delivered and, in the event that plaintiffs' allegations are proved true, the failure of Title Defendants to report such facts amount to misrepresentations of fact.

**ANSWER:**    First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 75 of the fifth amended consolidated third-party complaint.

76.    In making the above-described misrepresentations Title Defendants were careless or negligent in ascertaining the truth of the statements made.

**ANSWER:**    First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 76 of the fifth amended consolidated third-party complaint.

77.    Title Defendants omitted the above-described facts with knowledge that they had a duty to disclose such material facts

**ANSWER:**    First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 77 of the fifth amended consolidated third-party complaint.

78.    Title Defendants intended to induce Argent to rely on its representations and to fund the loans to plaintiffs.

**ANSWER:**    First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 78 of the fifth amended consolidated third-party complaint.

79.    Argent justifiably relied on the Title Defendants' representations and, as a consequence, funded the loans to plaintiffs.

18

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 79 of the fifth amended consolidated third-party complaint.

80.     As a direct result of the negligent misrepresentations of the Title Defendants, Argent has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent in connection with the lawsuits.

First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the fifth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 80 of the fifth amended consolidated third-party complaint.

**Ninth Cause of Action**
**(Negligent Misrepresentation – Argent Against Broker Defendants)**

First American is not named as a third-party defendant in Count Nine of the fifth amended consolidated third-party complaint, and no answer thereto is required.

**FIRST AFFIRMATIVE DEFENSE**

Third-party plaintiffs' claims are barred by the applicable statute(s) of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Third-party plaintiffs' claims are barred by the terms, conditions, exclusions, and exceptions contained in the applicable underlying loan policies of title insurance because, inter alia: i) said policies expressly exclude liability for violations of consumer

19

credit protection laws, including the truth in lending laws; ii) third-party plaintiffs' alleged damages are not based on defects, liens or encumbrances on the title to the property secured by the third-party plaintiffs' mortgages; iii) title to the estates or interests described in Schedule A to said policies, as secured by the third-party plaintiffs' mortgages, was vested as stated therein; and iv) title to the properties secured by the third-party plaintiffs' mortgages was marketable.

## THIRD AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred, in whole or in part, by the terms, conditions, and exclusions contained in applicable closing protection letters (the "Closing Protection Letters") which variously expressly exclude liability for, inter alia, one or more of the following: 1) violations of consumer credit protection laws, including truth in lending laws; ii) damages unrelated to status of title to the underlying real estate secured by the third-party plaintiffs' mortgages; iii) instructions which required a determination concerning the validity, enforceability or effectiveness of documents required by the third-party plaintiffs; and iv) instructions which required title insurance inconsistent with that set forth in the underlying title insurance binders or commitments issued by First American.

## FOURTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred by the terms, conditions, and exclusions, contained in the applicable closing protection letters which provide that any claim based upon the failure to comply with closing instructions must be reported in writing to First American's regional office within twelve months from the transmittal of the closing instructions to First American's agent.

20

## FIFTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred by the terms, conditions, and exclusions, contained in the applicable closing protection letters which provide that notwithstanding anything else to the contrary, nothing contained in the closing protection letters shall be construed as imposing liability on First American on account of any consumer credit protection, truth in lending or similar law, or as authorizing any person representing First American to exercise any discretion or responsibility in connection with said laws.

## SIXTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by third-party plaintiffs' failure to mitigate or minimize their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred because First American does not constitute a lender under the federal Truth in Lending Act.

## EIGHTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

## NINTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by their own contributory or comparative negligence.

### TENTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by the parole evidence rule to the extent such claims are based on an alleged oral modification or amendment to any of the alleged written agreements.

### ELEVENTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by third-party plaintiffs' assumption of the risk.

### TWELFTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by third-party plaintiffs' failure to comply with 735 ILCS 5/13-204.

### THIRTEENTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by a lack of privity of contract between or among one or more of the plaintiffs and First American.

### FOURTEENTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part under the doctrines of estoppel and waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any of the underlying claims against the third-party plaintiffs are settled or compromised, third party plaintiff's claims for contribution against third party defendants are barred.

WHEREFORE, third-party defendants First American Title Insurance Company, Metropolitan Title Company, Midland Title Security, Inc., Mortgage Guarantee & Title Company, Ohio Bar Title Insurance Company, The Talon Group, United General Title

Insurance Company, First American Title Insurance Company of New York and First American National Title Company pray that the fifth amended consolidated third-party complaint be dismissed as against them with prejudice and without leave to amend or re-plead, that the Court find and declare that First American Title Insurance Company, Metropolitan Title Company, Midland Title Security, Inc., Mortgage Guarantee & Title Company, Ohio Bar Title Insurance Company, The Talon Group, United General Title Insurance Company, First American Title Insurance Company of New York and First American National Title Company have no liability to third-party plaintiffs under any closing protection letters or agreements, that third-party plaintiffs bear the costs, expenses, and attorneys' fees incurred herein by third-party defendants First American Title Insurance Company, Metropolitan Title Company, Midland Title Security, Inc., Mortgage Guarantee & Title Company, Ohio Bar Title Insurance Company, The Talon Group, United General Title Insurance Company, First American Title Insurance Company of New York and First American National Title Company, and for such further legal and equitable relief which the Court deems just and proper.

DATED:  February 18, 2010

Respectfully submitted,

FIRST AMERICAN TITLE INSURANCE COMPANY, METROPOLITAN TILE COMPANY, MIDLAND TITLE SECURITY INC., MORTGAGE GUARANTEE & TITLE COMPANY and OHIO BAR TITLE INSURANCE COMPANY

By:   /s/ Robert Radasevich

Robert Radasevich
rradasevich@ngelaw.com
Jason A. Frye
jfrye@ngelaw.com
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Suite 1700
Chicago, IL  60602
(312) 269-8000
FAX: (312) 578-4947

Jeffrey T. Heintz
Jheinz@brouse.com
Christopher Swing
Cswing@brouse.com
Brouse McDowell, L.P.A.
388 S. Main St.
Suite 500
Akron, OH 44311
(330) 535-5711 (Phone)
(330) 253-4947 (Fax)

## **CERTIFICATE OF SERVICE**

I, Robert Radasevich, hereby certify that on February 18, 2010, a true and accurate copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Robert Radasevich
Robert Radasevich

NGEDOCS: 020828.0601:1690209.1