IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br>_____<br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen<br><br>Magistrate Judge Morton Denlow |

**THIRD-PARTY DEFENDANTS' MOTION
FOR EXTENSION OF TIME TO FILE ANSWERS**

Third-Party Defendants, through their undersigned Liaison Counsel, hereby move this Court for an extension of time to file Answers, and in support of such motion state as follows:

1. On January 19, 2010, this Court granted in part and denied in part the Third-Party Defendants' Motion to Dismiss the Fifth Amended Consolidated Third-Party Complaint (the "FATPC"). The Court's earlier order of February 11, 2008 provided that within 30 days following the Court's rulings on motions to dismiss, the Third-Party Defendants were to file three Answers, consolidated by sub-group ((1) title examiners and closing agents, (2) brokers, and (3) title underwriters). See Dkt. No. 1958, at 5. Because Third-Party Defendants cannot, consistent with their obligations under Federal Rules of Civil Procedure 8(b) and 11, answer the FATPC on a consolidated basis, and because it would not further the purposes of this Multidistrict Litigation for them to do so, Third-Party Defendants

respectfully request that the Court grant this Motion for Extension of Time to File Answers and postpone the time for Third-Party Defendants to answer the FATPC until after the individual cases have been remanded to their originating courts, or in the alternative, grant them leave to file individual answers within 30 days of the Court's ruling on this motion.

2.	This case currently involves over 300 Third-Party Defendants, who are alleged to have participated in close to 1,500 different loan transactions.  See FATPC, at Exhibit A.  Third-Party Plaintiffs allege that the Third-Party Defendants had agreements with them that required Third-Party Defendants to close loans in accordance with Third-Party Plaintiffs' instructions.  See FATPC ¶¶ 14, 26.  The FATPC makes generalized allegations against all 300+ Third-Party Defendants and then attaches a chart to indicate the Third-Party Defendants that were involved in each of the 1,482 transactions and the dates of some of the agreements under which -Party Defendants were allegedly acting.

3.	Under Federal Rules of Civil Procedure 8(b), in answering a pleading a party must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).  "A denial must fairly respond to the substance of the allegation."  Fed R. Civ. P. 8(b)(2).  A party may admit or deny allegations in general or specific form, may admit or deny part of an allegation, and may state that it lacks knowledge or information sufficient to admit or deny an allegation.  Fed. R. Civ. P. 8(b)(3)-(5).  In responding to a pleading, a party *must* affirmatively state any avoidance or affirmative defense.  Fed. R. Civ. P. 8(c)(1).  Additionally, in making all of these statements, a party represents to the Court that it has made a reasonable inquiry into the facts and law and that the factual and legal contentions have evidentiary and legal support.  Fed. R. Civ. P. 11(a)-(b).  As set forth below,

Third-Party Defendants cannot comply with all of these obligations in a reasonable and efficient manner if they are required to file consolidated Answers to the FATPC.

4. Third-Party Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Fifth Amended Consolidated Third-Party Complaint, and their Reply in support of the same, explained that, even within the sub-groups, the Third-Party Defendants may have diametrically opposed factual positions with respect to such fundamental issues as whether a contract existed between a Third-Party Defendant and one of the Third-Party Plaintiffs. Moreover, the Third-Party Defendants did not have uniform agreements with the Third-Party Plaintiffs or uniform responsibilities regarding closing loans. Instead, the substance (as well as the existence) of agreements varied widely, and the Third-Party Defendants had varying levels of involvement in the loan transactions. In fact, a significant number of the Third-Party Defendants deny that they had any involvement at all in the loan closings, and have sought to be dismissed on that basis.

5. According to the Joint Discovery Plan and Scheduling Order entered by this Court on December 14, 2009, the Third-Party Plaintiffs are obligated to identify to each Third-Party Defendant, by Bates number, any and all contracts upon which its claim against that Third-Party Defendant is based. See Dkt. No. 3268, at 3. While several Third-Party Defendants have requested this information from Third-Party Plaintiffs, Liaison Counsel has been informed that none have received it. There are many Third-Party Defendants who still have not been informed what contract allegedly governed their obligations to Third-Party Plaintiffs, and many of them have different positions with regard to whether a contract existed and if so, what the terms of it were. Thus, requiring Third-Party Defendants to

answer the FATPC's allegations regarding the existence and terms of such contracts would be unworkable at this point in the litigation.

6. Paragraph 10 of the FATPC is a perfect example of the reasons why drafting consolidated Answers would be a nearly impossible task. It alleges:

> On or about the dates set forth in Exhibits A and B hereto, Ameriquest, Town & Country and Argent and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest, Town & Country and Argent loans in exchange for consideration to be paid from the loan proceeds. These agreements took various forms including but not limited to Escrow Lending Instructions, Closing Agent Agreements and Closing Instructions.

Even within the sub-groups that the Court has identified, each Third-Party Defendant could have a unique answer to this allegation, including differing contentions about whether they agreed to close the particular loan at issue and under what terms. Some Third-Party Defendants may deny closing the loan at issue altogether, particularly if they are only a Title Underwriter, but also in cases where the Third-Party Plaintiffs have simply identified the wrong closing agent.

7. Similarly, Paragraph 14 of the Complaint would be impossible for the Third-Party Defendants to answer on a consolidated basis due to the lack of uniformity and identity of the governing agreements. It alleges as follows:

> By agreeing to serve as closing agents, escrow agents, title agents and/or title underwriters on the transactions underlying [Third-Party Plaintiffs'] mortgages to plaintiffs, the Title Defendants warranted, among other things, that they would comply with [Third-Party Plaintiffs'] instructions including but not limited to accurately complete a 'Notice of Right to Cancel' form with respect to each loan that they closed and provide [Third-Party Plaintiffs'] borrower(s) with the correct number of copies of the completed form and have each borrow[er] sign TILA disclosures prior to executing the mortgage and note.

Again, Third-Party Defendants may have a unique answer to this agreement based on their relationship with the Third-Party Plaintiffs.

        8.      With regard to the Broker Defendants, Paragraphs 22-23 allege,

> In addition, each of the Broker Defendants, who at all relevant times were in the business of supplying information and services for the guidance and use of others in their business dealings, owed general duties to Argent to meet the standard of care applicable to brokers of residential mortgage loans. These duties to Argent included but were not limited to: providing truthful and accurate information related to the borrowers' loan transactions and eligibility and the closing of plaintiffs' loan; not omitting any material facts related to plaintiffs' loan application and eligibility and the closing of plaintiffs' loans; and verifying material facts concerning the plaintiffs' loan application and eligibility for the loan and verifying that the loan closing documents were accurate and truthful.
>
> Each of the plaintiffs listed on Exhibit B engaged a Broker Defendant in order to apply for and obtain a loan from Argent. The Broker Defendants subsequently selected the Title Defendants to close the loans. The Broker Defendants and Title Defendants, as more fully described above, are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent.

Each Broker Defendant has the right, of course, to deny any agreement with Third-Party Plaintiffs or to take issue with the nature of the agreement as described in this paragraph.

        9.      Finally, each Third-Party Defendant must be allowed to assert the appropriate motions or affirmative defenses to the FATPC under the state law that applies to it and according to its unique factual circumstances, or else those motions or defenses may be waived under Fed. R. Civ. P. 8(c).

        10.      The prospect of attempting to coordinate over 300 Third-Party Defendants and coming to an agreement on consolidated answers to these allegations of the

FATPC is overwhelming and cannot be done in accordance with Third-Party Defendants' obligations under Federal Rules 8 and 11 to investigate the facts and the law (including under all applicable state laws). While it is true that Third-Party Plaintiffs were able to file a consolidated complaint, they are only three companies, as opposed to over 300.

11. Moreover, it would not be in furtherance of the goals of this Multidistrict Litigation for the Third-Party Defendants to be required to answer the FATPC on a mass basis before the cases are remanded to their transferor courts. The cases were consolidated for the purpose of achieving tasks that can be handled on a consolidated basis, such as the motions to dismiss and the possibility of mediation; answers from the Third-Party Defendants are not required to achieve those tasks. This Court has indicated that it does not want individualized, case-specific pleadings (such as summary judgment motions) to be filed in the Multidistrict Litigation, and has recognized that many of the allegations of the FATPC will require precise, case-specific inquiries, which cannot be undertaken at this juncture. See Memorandum Opinion and Order, Dkt. No. 3311, at 13: "We are in no position to determine the legal duties of Third-Party Defendants, who held varying roles in thousands of transactions, or to evaluate the common laws of more than twenty states. . . ." Id. at 14. Ultimately, if they are not settled, the cases will be remanded to their transferor forums, at which point consolidated answers will be a burden on the parties and the courts. Some plaintiffs have already begun filing motions to remand.

12. The Joint Discovery Plan and Scheduling Order provides that after certain events have occurred, including the Court's ruling on the recent Motion to Dismiss, the Third-Party Plaintiffs and Third-Party Defendants shall participate in a mediation designed to devise a procedure for settling the Opt-Out Plaintiffs' claims in a systematic way.

The parties are currently discussing the possible logistics and substance for such a mediation. The most efficient course of action would be for the parties to first pursue mediation and determine whether any possibility for resolving the third-party claims on a mass basis remains before proceeding to the merits of the individual cases. Therefore, Third-Party Defendants request that the Court grant them an extension of time to file their Answers until after the cases have been remanded to their transferor forums, instead of filing consolidated Answers to the FATPC, or in the alternative, grant them leave to file individual answers within 30 days of the Court's ruling on this motion.

WHEREFORE, Third-Party Defendants respectfully request that this Court grant them an extension of time to file their Answers, until either the cases are remanded back to their transferor forums, or in the alternative, grant them leave to file individual answers within 30 days of the Court's ruling on this motion.

Dated: February 18, 2010

By: /s/ David J. Chizewer
*Liaison Counsel for Third-Party Defendants and counsel for National Real Estate Information Services, Inc.*

David J. Chizewer
Steven A. Levy
Kathryn B. Walter
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
Telephone (312) 201-4000
Facsimile (312) 332-2196