UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION** <br><br> THIS DOCUMENT RELATES TO THE FIFTH AMENDED THIRD PARTY COMPLAINT | MDL No. 1715 <br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen <br><br> Magistrate Judge Denlow |

**THIRD PARTY DEFENDANT BUYOWNER'S
ANSWER AND AFFIRMATIVE DEFENSES TO FIFTH AMENDED
CONSOLIDATED THIRD-PARTY COMPLAINT**

Third Party Defendant, BUYOWNER TITLE, INC., sued as BUYOWNER TITLE OF SOUTH FLORIDA, INC., (hereinafter "BuyOwner") by its attorneys Danny L. Worker and Siobhán M. Murphy of Lewis Brisbois Bisgaard & Smith LLP, and for its answer states as follows:

**The Parties**

1. Ameriquest is a Delaware corporation with its principal place of business in California.

   **Answer:** Defendant BuyOwner admits the allegations of Paragraph 1, on information and belief.

2. Argent is a Delaware limited liability company with its principal place of business in California.

   **Answer:** Defendant BuyOwner admits the allegations of Paragraph 2, on information and belief.

3. Town & Country is a Delaware corporation with its principal place of business in California.

   **Answer:** Defendant BuyOwner admits the allegations of Paragraph 3, on information and belief.

4814-9290-4709.1          1

4.		Ameriquest, Town & Country and Argent bring this Third-Party Complaint against the Closing Agents, Title Companies and Title Underwriters (collectively referred to hereinafter as the "Title Defendants") listed on Exhibits A and Exhibit B hereto, Ameriquest, Town & Country and Argent are informed and believe and thereon allege that at all relevant times each of the Closing Agents and Title Companies, listed in the entries on Exhibits A and B hereto, was acting within the course and scope of its agency relationship with the Title Underwriter when closing the loans described in Exhibits A and B hereto. On information and belief, the Closing Agents and Title Companies were acting within the course and scope of their actual and apparent authority in providing the closing services, as shown by, *inter alia*, the issuance of Closing Protection Letters in the Title Underwriter's name and on the Title Underwriter's letterhead; providing closing services as an "approved" agent on behalf of the Title Company and/or Title Underwriter and with the Title Company's or Title Underwriter's express approval; the Title Company's or Title Underwriter's utilization of supervisory authority and audit responsibilities over the Closing Agent's activities: and because of the integral nature of the closings to the Title Company and/or Title Underwriter's business, the Closing Agent conducted closings as part of the Title Company's or Title Underwriters' relationship with the Closing Agent.

> **Answer:**	Defendant BuyOwner admits Third Party Plaintiffs filed a Third-Party Complaint against various named entities generally categorized by them as Closing Agents, Title Companies, and Title Underwriters, but denies all other allegations in Paragraph 4.

5.		Argent also brings this Third-Party Complaint against the mortgage brokers ("Broker Defendants") Listed on Exhibit B attached hereto.

> **Answer:**	Defendant BuyOwner admits that Third Party Plaintiffs also brings this Third-Party Complaint against various named entities categorized by them as the "Broker Defendants" listed as Exhibit B to Plaintiff's Third-Party Complaint.

6. Ameriquest, Town & Country and Argent are at times ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third- party defendant DOES I though 100, inclusive, and therefore sue said third-party defendants by such fictitious names, Ameriquest, Town & Country and Argent are informed and believe and thereon allege that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to and caused the damage to Ameriquest and/or Town & Country and/or Argent as herein alleged. Ameriquest, Town & Country and Argent will amend their Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

**Answer:** Defendant BuyOwner denies the allegations of Paragraph 6.

7. The Court has jurisdiction over this matter, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

**Answer:** Defendant BuyOwner does not dispute the legal conclusions of Paragraph 7 to the extent that the Fifth Amended Consolidated Third-Party Complaint remains part of this MDL proceeding.

8. Venue is proper in this judicial district because Ameriquest's, Town & Country's and Argent's claims against the Title Defendants and Broker Defendants arise directly out of claims asserted by the plaintiffs listed in Exhibit A and Exhibit B hereto against Ameriquest, Town & Country and Argent in this Court.

**Answer:** Defendant BuyOwner does not dispute the legal conclusions of Paragraph 8 to the extent that the Fifth Amended Consolidated Third-Party Complaint remains part of this MDL proceeding.

**General Allegations for Ameriquest's, Town & Country's and Argent's Claims Against The Title Defendants**

9. Each of the plaintiffs listed in Exhibits A and B hereto has filed a lawsuit against Ameriquest, Town & Country or Argent alleging, among other things, that Ameriquest, Town &

Country and Argent violated TILA by their own acts or those of their agents and affiliates, by failing to provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, failing to provide the correct number of copies of the Notice of Right to Cancel form and/or failing to provide accurate and complete information at the closing of plaintiffs' loans. Plaintiffs' suits also allege, *inter alia*, that Ameriquest, Town & Country and Argent and their agents and affiliates made misrepresentations regarding loan terms engaged in bait and switch tactics and/or failed to make proper disclosures. Plaintiffs' claims arise primarily out of the events that occurred at loan closings which were documented by and the responsibility of the Title Defendants and/or the Broker Defendants.

> **Answer:** Defendant BuyOwner states that the sole relevant plaintiffs' complaint, that of Christopher and Bleu Thompson, speaks for itself and makes claims against Argent. BuyOwner otherwise denies the allegations set forth in Paragraph 9.

10. On or about the dates set forth in Exhibits A and B hereto, Ameriquest, Town & Country and Argent and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest, Town & Country and Argent loans in exchange for consideration to be paid from the loan proceeds. These agreements took various forms including but not limited to Escrow Lending Instructions. Closing Agent Agreements and Closing Instructions.

> **Answer:** Defendant BuyOwner admits that on June 26, 2006, it received from Argent LLC a document entitled "Closing Instructions to Title" regarding a mortage issued to Christopher and Bleudeige Thompson. Defendant denies any remaining allegations

11. The Title Defendants also issued "Closing Protection Letters", among other documents, whereby the Title Underwriters agreed to reimburse the lenders for actual loss incurred by the lenders in connection with the closings conducted by the Closing Agent and/or Title Companies including the failure of the Closing Agent and/or Title Companies to comply with the lender's written closing instructions, as well as acts of fraud or dishonesty by the Closing Agent

and/or Title Companies in the handling of the lender's funds or documents in connection with a closing.

> **Answer**: Defendant BuyOwner denies the factual allegations and legal conclusions in Paragraph 11, as pertain to the loans issued to Christopher and Bleudeige Thompson. Defendant states that any allegations as to any other transactions are irrelevant to the claim brought against it.

12. The Title Underwriters also issued final title policies whereby the Title Underwriters insure the validity and lien priority of the mortgages provided to Ameriquest, Town & Country and Argent.

> **Answer**: Although Defendant BuyOwner is not a Title Underwriter, it states on information and belief that Stewart Guarantee Company issued title insurance at the closing of 9828 NW 15 St. Pembroke Pines, FL 33024, as pertains to Christopher and Bleudeige Thompson.

13. The Title Defendants thus owed contractual duties to Ameriquest, Town & Country and Argent pursuant to the above-described agreements.

> **Answer**: Defendant BuyOwner denies the legal conclusion stated on Paragraph 13, as pertains to the transaction involving Christopher and Bleudeige Thompson, and admits only such obligations as are imposed by law.

14. By agreeing to serve as closing agents, escrow agents, title agents and/or title underwriters on the transactions underlying Ameriquest's, Town & Country's and Argent's mortgages to plaintiffs, the Title Defendants warranted, among other things, that they would comply with Ameriquest's, Town & Country's and Argent's instructions including but not limited to accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed and provide Ameriquest's. Town & Country's and Argent's borrower(s) with the correct number of copies of the completed form and have each borrow sign TILA disclosures prior to executing the mortgage and note.

> **Answer**: Defendant BuyOwner denies both the factual assertions and legal conclusions set forth in Paragraph 14, as pertains to the transaction involving Christopher and Bleudeige Thompson.

15. Pursuant to closing instructions provided by Ameriquest, Town & Country and Argent, a Closing Protection Letter was to be issued by the Title Defendants for each loan in which they participated. On information and belief, Closing Protection Letters were issued for each loan listed in Exhibits A & B hereto. On information and belief, some Title Defendants deny that a Closing Protection letter was issued and deny that any contractual obligations exist for loans in which they participated as a Closing Agent, Title Company or Underwriter.

> **Answer**: As to all other Title Defendants, Defendant BuyOwner is without sufficient knowledge to admit or deny. Defendant BuyOwner denies that the closing instructions issued to it for the transaction involving Christopher and Bleudeige Thompson required that it provide any Closing Protection Letter.

16. Additionally or alternatively to their contractual duties, the Title Defendants, who were at all relevant times in the business of supplying information and services for the guidance and use of others in their business dealings, assumed and owed general duties of care to Ameriquest, Town & Country and Argent including to exercise ordinary care as Closing Agents, Title Companies and Title Underwriters on Ameriquest's, Town & Country's and Argent's mortgage transactions with plaintiffs, Ameriquest, Town & Country and Argent are informed and believe and thereon allege that the Title Defendants had independent duties to act as reasonable Closing Agents, Title Companies and Title Underwriters in accordance with the standards of care generally applicable to professionals rendering services of those types, regardless of the contractual terms of the agreements between them.

> **Answer**: Defendant BuyOwner denies the factual assertions set forth in Paragraph 16, as pertains to the transaction involving Christopher and Bleudeige Thompson. Defendant denies that it had any duties except as imposed by law. As to all allegations as to other transactions, Defendant denies that it was involved or has been sued with regard to such transactions.

17. The general duties assumed and/or owed by the Title Defendants to Ameriquest, Town & Country and Argent included, but were not limited to, the following:

- The Title Defendants were to supervise all aspects of the escrow, title and closing processes for the Ameriquest, Town & Country and Argent loans identified in Exhibits A and B hereto including to properly prepare, execute and deliver necessary closing documents;

- The Title Defendants were to communicate to Ameriquest, Town & Country and Argent their knowledge of any material facts acquired or which should have been acquired in the course of their duties and to disclose all facts that might materially affect Ameriquest's, Town & Country's or Argent's interests in the transactions with plaintiffs;

- The Title Defendants were to disclose to Ameriquest, Town & Country and Argent whether the transaction was in compliance with all written and oral instructions and for Ameriquest and Town & Country loans, the Title Defendants certified pursuant to an affidavit that the loan documents were properly signed and dated, the recession notice was properly completed, and copies of all documents were provided to the borrowers; and

- The Title Defendants were to exercise care in procuring and providing material information and documents related to the closing, title, escrows and loans especially where the Title Defendants knew Ameriquest's, Town & Country's and Argent's intended use of such information.

   **Answer**: Defendant BuyOwner denies the factual assertions set forth in Paragraph 17, as pertains to the transaction involving Christopher and Bleudeige Thompson. Defendant denies that it had any duties except as imposed by law.

18. The claims alleged against Ameriquest, Town & Country and Argent in each of the plaintiffs' lawsuits relate to duties that should have been performed in accordance with the

4814-9290-4709.1        7

applicable standards of care by each of the Title Defendants, with respect to the particular loan(s) that they were hired to close. Thus, to the extent that any of the plaintiffs received inaccurate, incomplete, or misleading information or documents, including the Notice of Right to Cancel form and the HUD-1 Settlement Statement, or an incorrect number of copies of documents or forms, or were not provided with TILA disclosures in advance of executing their mortgage and note, and Title Defendants failed to discover and correct or disclose any such deficiencies, these failures are attributable to the conduct of the Title Defendant(s) and in breach of the duties owed to Ameriquest, Town & Country and Argent pursuant to their general duties of care and pursuant to the terms of the agreements among Ameriquest, Town & Country, Argent and the Title Defendants.

> **Answer:** Defendant BuyOwner denies the allegations and legal conclusions set forth in Paragraph 18.

### General Allegations for Argent's Claims Against The Mortgage Brokers

> Defendant BuyOwner is not sued herein as a Mortgage Broker and therefore the allegations set forth in Paragraph 19-23 are not directed at it and BuyOwner is not required to answer.

### First Cause of Action
### (Breach of Contract—Ameriquest and Town & Country Against the Title Defendants)

> Defendant BuyOwner was not a party to a contract with Ameriquest and Town & Country with regard to the transaction involving Christopher Thompson and Bleudeidge Thompson. Further Ameriquest and Town & Country are not defendants in said case. Accordingly, Third Party Plaintiffs' First Cause of Action is not directed toward BuyOwner, and no answer is required.

### Second Cause of Action
### (Negligence—Ameriquest and Town & Country Against the Title Defendants)

> Defendant BuyOwner was not a party to a contract with Ameriquest and Town & Country with regard to the transaction involving Christopher Thompson and Bleudeidge Thompson. Further Ameriquest and Town & Country are not defendants in said case. Accordingly, Third Party Plaintiffs' Second Cause of Action is not directed toward BuyOwner, and no answer is required.

### Third Cause of Action
### (Negligent Misrepresentation — Ameriquest and Town & Country Against Title Defendants)

Defendant BuyOwner was not a party to a contract with Ameriquest and Town & Country with regard to the transaction involving Christopher Thompson and Bleudeidge Thompson. Further Ameriquest and Town & Country are not defendants in said case. Accordingly, Third Party Plaintiffs' Third Cause of Action is not directed toward BuyOwner, and no answer is required.

### Fourth Cause of Action
### (Breach of Contact — Argent Against Title Defendants)

46. Argent re-alleges paragraphs 1 through 45 inclusive, and incorporates the same by reference.

**Answer**: Defendant BuyOwner re-states its Answers from paragraphs 1-45 and incorporates the same by reference.

47. Argent and each of the Title Defendants entered into a valid and enforceable contract or contracts. Argent fully performed its duties under the contract(s).

**Answer**: Defendant BuyOwner denies the allegations and legal conclusions set forth in Paragraph 47, but admits that it acted as closing agent with regard to the transaction involving Christopher and Bleudeige Thompson.

48. The contracts required, among other things that each of the Title Defendants would provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, provide the correct number of copies of the Notice of Right to Cancel form and/or provide accurate and complete information at the closing of plaintiffs' loans, among other obligations.

**Answer**: Defendant BuyOwner denies the factual assertions and legal conclusions in Paragraph 48, but admits that it acted as closing agent with regard to the transaction involving Christopher and Bleudeige Thompson, and states that the closing instructions to title provided at that time speak for themselves, and included notice of right to cancel instructions and HUD-1 Settlement Statement instructions, among other instructions. Defendant BuyOwner

further states that the Thompsons do not allege any failure to provide a notice of right to cancel which renders such instructions irrelevant.

49. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or the HUD-1 Settlement Statement, the correct number of copies of the Notice of Right to Cancel form and/or accurate and complete information at the closing of plaintiffs' loans, among other breaches.

> **Answer:** Defendant BuyOwner denies the allegations and legal conclusions set forth in Paragraph 49 with regard to the transaction involving Christopher and Bleudeige Thompson.

50. Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has also suffered damage to its reputation and goodwill as a direct result of the Title Defendants' conduct, in an amount to be proven at trial.

> **Answer**: Defendant BuyOwner denies the allegations of Paragraph 50 with regard to the transaction involving Christopher and Bleudeige Thompson.

### Fifth Cause of Action
### (Breach of Contract — Argent Against Broker Defendants)

Defendant BuyOwner is not sued herein as a Broker Defendant. Accordingly, Third Party Plaintiffs' Fifth Cause of Action is not directed toward BuyOwner, and no answer is required.

### Sixth Cause of Action
### (Negligence — Argent Against Title Defendants)

Defendant BuyOwner states that Count 6 has been dismissed by order of the Court and therefore does not require an Answer.

**Seventh Cause of Action**
**(Negligence — Argent Against Broker Defendants)**

Defendant BuyOwner is not sued herein as a Broker Defendant. Accordingly, Third Party Plaintiffs' Sixth Cause of Action is not directed toward BuyOwner, and no answer is required.

**Eighth Cause of Action**
**(Negligent Misrepresentation — Argent Against Title Defendants)**

73. Argent re-alleges paragraphs 1-72 inclusive, and incorporates the same by reference.

**Answer**: Defendant BuyOwner restates its Answers to Paragraphs 1-72 and incorporates the same by reference.

74. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants made false representations of fact to Argent by, among other things, representing to Argent that all closing, title and escrow documents were properly prepared, executed and delivered and that the transactions were completed in accordance with instructions. Among other things, Title Defendants reported that the Notices of Right to Cancel were properly prepared, executed and delivered and, in the event that plaintiffs' allegations are proved true, such reports by Title Defendants were misrepresentations of fact.

**Answer**: Defendant BuyOwner denies the allegations and legal conclusions set forth in Paragraph 74.

75. In addition, because Title Defendants owed a duty to disclose all material facts that may affect Argent's interests, Title Defendants misrepresented facts by concealing material facts which were susceptible to knowledge. Among other things, Title Defendants failed to report that the Notices of Right to Cancel were not properly prepared, executed and delivered and, in the event that plaintiffs' allegations are proved true, the failure of Title Defendants to report such facts amount to misrepresentations of fact.

**Answer**: Defendant BuyOwner denies the factual allegations and legal conclusions set forth in Paragraph 75.

76. In making the above-described misrepresentations the Title Defendants were careless or negligent in ascertaining the truth of the statements made.

**Answer**: Defendant BuyOwner denies the factual allegations and legal conclusions set forth in Paragraph 76.

77. Title Defendants omitted the above-described facts with knowledge that they had a duty to disclose such material facts.

**Answer**: Defendant BuyOwner denies the allegation sand factual conclusions set forth in Paragraph 77.

78. Title Defendants intended to induce Argent to rely on its representations and to fund the loans to plaintiffs.

**Answer:** Defendant BuyOwner denies the allegations and factual conclusions set forth in Paragraph 78.

79. Argent justifiably relied on the Title Defendants' representations in funding the loans to plaintiffs.

**Answer**: Defendant BuyOwner lacks sufficient knowledge on which to form a belief as to the truth or falsity of Paragraph 79 and neither admits nor denies but leaves Plaintiff to its Proof. To the extent that Paragraph 79 states a legal conclusion, Defendant BuyOwner denies the same.

80. As a direct result of the negligent misrepresentations of the Title Defendants, Argent has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent in connection with the lawsuits.

**Answer**: Defendant BuyOwner denies the allegations set forth in Paragraph 80.

## Ninth Cause of Action
### (Negligent Misrepresentation — Argent Against Broker Defendants)

Defendant BuyOwner is not sued herein as a Broker Defendant. Accordingly, Third Party Plaintiffs' Sixth Cause of Action is not directed toward BuyOwner, and no answer is required.

### FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by failure to mitigate or minimize their alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by contributory or comparative negligence of the Third Party Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, because BuyOwner does not constitute a lender under the federal Truth in Lending Act.

### FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by the Third Party Plaintiffs' assumption of the risk.

### SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver of the risk.

Respectfully submitted,

BUYOWNER TITLE, INC

By: /s/ Siobhán M. Murphy
　　　One of its attorneys

Danny L. Worker - 6195554
Siobhán M. Murphy – 6207431
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312.345.1718 / Fax: 312.345.1778

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 18, 2010, I electronically filed Third Party Defendant, BuyOwner Title, Inc.'s **Answer To Fifth Amended Consolidated Third-Party Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties.

                                            s/ Siobhán M. Murphy