**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS: | |
| *Furgeson v. Ameriquest*, Case No. 04-C-7627<br>*Wertepny v. Ameriquest*, Case No. 05-CV-1402<br>*Pintsak v. Ameriquest*, Case No. 05-CV-5035 | |

**OPPOSITION TO CERTAIN OPT-OUT PLAINTIFFS' MOTION TO TRANSFER THEIR CASES BACK TO THE ORIGINAL TRIAL COURTS FOR SUMMARY JUDGMENT AND TRIAL**

Following the Court's order striking their Motion for Summary Judgment *for the second time*, Opt-Out Plaintiffs Furgeson, Pintsak and Wertepny now move for an order transferring their cases back to the original transferor courts for purposes of summary judgment and trial (Docket No. 3338, the "Motion to Transfer"). As set forth below, the Motion to Transfer is little more than a thinly-veiled attempt by these Plaintiffs to circumvent various orders of the Court in the hopes of getting preferential treatment not afforded to the hundreds of other Opt-Out Plaintiffs in this MDL proceeding. Plaintiffs also mislead the Court by suggesting that discovery has been completed in the cases of the moving Plaintiffs when, in fact, there is no discovery cut-off, and the Plaintiffs have been ordered to participate in mediation before further discovery is permitted. Finally, the Motion to Transfer is procedurally improper, per the Local Rules of the Northern District of Illinois.

Accordingly, Ameriquest respectfully requests that the Court deny the Motion to Transfer in its entirety.

## I. The Motion to Transfer is an Improper Attempt to Evade Earlier Orders of this Court

The Motion to Transfer should be denied, first and foremost, because it is a blatant attempt by Plaintiffs to avoid the ruling already made by this Court in connection with Ameriquest's Motion to Strike (Docket No. 3275), and a similar Order made by the Court in December 2008 (Docket No. 2553).[1]

Specifically, on or about October 20, 2009, plaintiffs Furgeson, Wertepny, and Pintsak (as well as a number of other plaintiffs represented by the Edelman law firm) filed a Motion for Summary Judgment, seeking an immediate adjudication of their claims against Ameriquest based on the Seventh Circuit's decision in the case of *Hamm v. Ameriquest Mortgage Company*, 506 F. 3rd 525 (7th Cir. 2007). (Docket Nos. 3170-3172). Three days after the Motion for Summary Judgment was filed, Ameriquest filed its Motion to Strike arguing, among other things, that (i) the Motion for Summary Judgment violated earlier orders of this Court, which require the parties to file one consolidated motion for summary judgment, containing similar factual and legal issues; (ii) the adjudication of Plaintiffs' claims, particularly the claims for rescission, requires a fact-intensive inquiry; and (iii) the parties had engaged in no meaningful discovery and, thus, summary judgment was premature.

The Court agreed with Ameriquest, and on December 16, 2009 granted the Motion to Strike. (Docket No. 3275, Exhibit A hereto). The Court held that the pending Motion for Summary Judgment was improper because it "would presumably require review of loan documents for the 39 individual mortgages at issue" and, further, that "rescission is a uniquely individual remedy requiring in-depth factual analysis." *Id.* Accordingly, the Court ordered that the Motion for Summary Judgment was stricken in its entirety, and reiterated its earlier Order (from December 2008) that "it defeats the whole idea of an MDL for us to take all these cases and decide individual fact-specific motions for summary judgment." Notably, this was the *second time* that these particular Plaintiffs had tried, and failed, to have their Motion for Summary Judgment prematurely heard by the Court. (*See* Docket No. 2553, Exhibit B hereto).

---

[1] Copies of these Orders are attached hereto as Exhibits A and B, respectively.

Plaintiffs, through the instant Motion to Transfer, are now trying to take a third bite at the apple. Specifically, the moving Plaintiffs are *once again* trying to have their Motion for Summary Judgment heard before any of the other Opt-Out Plaintiffs, and are *once again* trying to get an adjudication of their individual claims against Ameriquest on an expedited basis even though the Court has already held that this is improper and "defeats the whole idea of an MDL." In order to try to avoid the effect of the Court's earlier rulings, Plaintiffs have styled the instant motion as a "Motion to Transfer" rather than what it really is: an untimely, and meritless, motion for reconsideration.

In any event, whatever Plaintiffs choose to call their motion, there is no factual or legal basis for the Court to reach a different conclusion from the conclusion already reached by the Court *twice*, in December 2008 and December 2009. Plaintiffs' behavior makes it obvious that, for strategic reasons, they would like to have their Motion for Summary Judgment heard quickly. But Plaintiffs' desire to have their case decided on an expedited basis is not a proper reason to order these case transferred back to the original transferor courts prior to the completion of pre-trial proceedings. Were this appropriate, *every* Opt-Out Plaintiff who wanted special treatment for their case, or who disagreed with an Order of this Court, would simply move to transfer the case back to the transferor court in the hopes of receiving a more favorable ruling from a different judge. This would, of course, defeat the very purpose of an MDL, which is to have one Court coordinate all pre-trial proceedings in related actions, rather than dozens of courts throughout the country wasting scarce judicial resources by doing duplicative work.

In short, Plaintiffs' attempt to fast-track their Motion for Summary Judgment has already been rejected by the Court twice, and should be rejected by the Court once again.

## II. The Motion to Transfer is Improper Because Pre-Trial Proceedings Have Not Been Completed

In an attempt to bolster their argument that the *Furgeson*, *Wertepny*, and *Pintsak* matters should be transferred back to the original courts, Plaintiffs make the wholly misleading claim that discovery has been completed in each of these cases. Motion at ¶¶ 2 and 6. This is simply

false. In fact, while the original trial courts did set discovery cut-offs prior to these cases being transferred into the MDL, Plaintiffs' cases are now part of the MDL and, as such, are subject to the discovery orders set by *this Court.*

As Plaintiffs' counsel is well aware, there is currently no discovery cut-off in the MDL. Rather, pursuant to Joint Discovery Plan and Scheduling Order (Docket No. 3268, copy attached hereto as Exhibit C), which was agreed to by the Steering Committee for the Opt-Out Plaintiffs, the parties are to exchange loan files and related documents, and then conduct a mediation with Judge O'Connell. The mediation has not occurred yet, although Ameriquest has proposed that it take place during the weeks of April 26th and/or May 3rd, subject to Judge O'Connell's availability. For those cases that do not settle at mediation, the parties will be free to serve appropriate written discovery and take depositions. To date, however, Ameriquest has not had the opportunity to depose *even one* of the Plaintiffs who are bringing the instant Motion to Transfer.

It is clear that Plaintiffs are trying to sidestep *yet another* Order of the Court via their improper Motion to Transfer. The Joint Discovery Plan and Scheduling Order does not permit Plaintiffs to simply terminate discovery and move for summary judgment. Rather, Plaintiffs are required to participate in the upcoming mediation, even if they would prefer not to. Moreover, if Plaintiffs' cases are not resolved at mediation, both Plaintiffs and Ameriquest will have the opportunity to conduct discovery until such time that the discovery cut-off has passed.[2]

Ameriquest cannot be compelled to defend against a Motion for Summary Judgment prior to having a fair opportunity to take the depositions of each of the moving Plaintiffs, and engage in other meaningful discovery. But that is exactly what Plaintiffs are hoping to accomplish via their improper Motion to Transfer.

---

[2] While there currently is no timeline for completion of discovery, the Court has ordered the parties to meet and confer on a proposed discovery schedule and report back to the Court by March 4th. (*See* Docket No. 3399, attached hereto as Exhibit D).

## III. The Motion to Transfer is Procedurally Improper

Finally, the Motion to Transfer should be denied for the separate and independent reason that it does not comply with the Local Rules of the Northern District of Illinois. Specifically, Local Rule 40.3(b)(6) provides in relevant part as follows:

> (6) Tag-along cases in multidistrict proceedings. Where a civil case is filed as a potential tag-along action to a multidistrict litigation ("MDL") proceeding pending in the district, it shall be assigned directly to the judge handling the MDL proceeding. The judge handling the MDL proceeding may, at that judge's discretion, transfer to the Executive Committee for reassignment by lot any case assigned pursuant to this Rule that either—
>
> (A) the MDL Panel determines should not be included in the MDL proceeding, or
>
> (B) the judge assigned to the MDL proceeding determines pursuant to Rule 13 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation is not a tag-along case, or
>
> (C) requires trial following the completion of the consolidated discovery.

Plaintiffs' Motion to Transfer does not meet any of the criteria enumerated in Local Rule 40.3(b)(6). Specifically, the MDL Panel has *not* made a determination that any of the moving Plaintiffs' cases should not be included in this MDL; the Court has *not* held that the moving Plaintiffs' cases are not tag-along cases; and, as noted above, "consolidated discovery" has *not* been completed.[3] Accordingly, under the Local Rules, the instant Motion to Transfer is improper and must be denied.

## IV. Conclusion.

For the reasons set forth above, Ameriquest respectfully requests that the Court deny the Motion to Transfer in its entirety.

---

[3] Notably, even if these criteria were met, the appropriate procedure would be for the Court to transfer the cases in question to the Northern District's Executive Committee for a final determination on whether a transfer back to the transferor courts is appropriate.

DATED: February 22, 2010

Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Brian H. Newman, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 22nd day of February 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

# EXHIBIT A

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 7097 | DATE | 12/16/2009 |
| CASE TITLE | In Re: Ameriquest Mortgage | | |

**DOCKET ENTRY TEXT**

We thus grant Ameriquest's Motion to Strike Certain Opt-Out Plaintiffs' Summary Judgment Motion (Dkt. No. 3175). The summary judgment motion and related submissions (Dkt. Nos. 3170–72) are hereby stricken. It is so ordered.

■[ For further details see text below.]

Notices mailed by Judicial staff.

**STATEMENT**

(Reserved for use by the Court)

## ORDER

Presently before us is a motion filed by Defendant Ameriquest Mortgage Company (Dkt. No. 3175), asking that we strike the motion for summary judgment filed on October 20, 2009 (Dkt. Nos. 3170–72), by a group of Opt-Out Plaintiffs ("*Furgeson* Plaintiffs"). *Furgeson* Plaintiffs have essentially renewed a summary judgment motion filed in late 2008, seeking resolution of their common Truth in Lending Act ("TILA") claims. (Resp. at 2; *see* MSJ Mem. at 12–13.) *Furgeson* Plaintiffs contend that Ameriquest provided them with loan documentation that failed to comply with TILA's strict requirements governing disclosure of payment schedules. (Resp. at 2, 4–5; *see* MSJ Mem. at 12–13.)

Ameriquest argues that we must strike the pending summary judgment motion for multiple reasons, including that: (1) the parties have yet to engage in significant discovery, which would be needed to respond to the motion; (2) the parties did not contemplate the filing of summary judgment motions at this time; (3) rescission requires a highly individualized analysis; and (4) other factual issues render this motion inappropriate. (Mot. at 2–6; Reply at 1–8.) Ameriquest relies heavily on our December 12, 2008 order (Dkt. No. 2553), where we emphasized that summary judgment motions should address purely legal, global issues only. Indeed, we have repeatedly stated that we would entertain summary judgment motions only if they involve common legal issues. (11/07/06 Case Mgmt. Order at 13; *see also* Mot. Ex. 4, 12/19/08 Tr. at 16–17.) In response, *Furgeson* Plaintiffs contest Ameriquest's need for further discovery and stress that these individual actions—where no class is involved—are ripe for summary judgment pursuant to *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007) (affirming grant of summary judgment on TILA payment schedule disclosure claim). (Opp'n at 1, 3–5.) *Furgeson* Plaintiffs point out that they always intended to refile this motion and, moreover, that they expressed this intention to Ameriquest and in various court filings through July 23, 2009. (*Id.* at 7–8 & Exs. M–R.) Ultimately, *Furgeson* Plaintiffs argue that we should permit their motion because "the only questions at issue are whether [Ameriquest] violated TILA . . . and whether Plaintiffs are eligible for rescission." (*Id.* at 4; *see also id.* at 5.)

*Furgeson* Plaintiffs have oversimplified the questions raised by their summary judgment motion. At first

**STATEMENT**

blush, it would seem that we could address Ameriquest's liability in such a motion, as a largely legal question, though that would presumably require review of loan documents for the 39 individual mortgages at issue. Ameriquest, however, has identified a number of factual issues pertaining to liability, including *inter alia* whether judicial estoppel or statutes of limitation might bar certain claims and whether TILA even covers other claims. (Mot. at 4–6; Reply at 5–9.) In addition, *Furgeson* Plaintiffs seek rescission (not just declaratory relief) and rescission is a uniquely individual remedy requiring in-depth factual analysis. (MSJ Mot. & MSJ Mem. at 13–15.) *See, e.g.*, *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577–78 (7th Cir. 2008). *Furgeson* Plaintiffs do not address this particular issue in their response.

Rather, *Furgeson* Plaintiffs argue that Ameriquest's motion simply proves that it is capable of responding to the summary judgment motion. (Opp'n at 7.) This argument, although perhaps relevant to discovery, misses the point: the issue here is not whether Ameriquest could formulate a cogent response to the motion but whether we should address it at all. These factual issues may or may not preclude summary judgment, but they do preclude our review of the present motion. While we appreciate that *Ferguson* Plaintiffs have waited years for some resolution, our role as transferee court does not allow us to indulge in fact-specific analyses. As we stated previously "it defeats the whole idea of an MDL for [us] to take all these cases and decide individual fact-specific motions for summary judgment." (Mot. Ex. 4, 12/19/08 Tr. at 16:21–24.)

We thus grant Ameriquest's Motion to Strike Certain Opt-Out Plaintiffs' Summary Judgment Motion (Dkt. No. 3175). The summary judgment motion and related submissions (Dkt. Nos. 3170–72) are hereby stricken. It is so ordered.

# EXHIBIT B

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | MDL No. 1715<br>Lead Case No. 05 C 7097 | **DATE** | December 12, 2008 |
| **CASE TITLE** | In Re: Ameriquest Mortgage Co.<br>Ameriquest Mortgage Co., v. Northwest Title and Escrow Corp. | | |

**DOCKET ENTRY TEXT**

As set forth in the minute order, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered

■[ For further details see text below.]

00:00

## STATEMENT

On August 22, 2008, a subset of Opt-Out Plaintiffs filed a Motion for Summary Judgment ("*Furgeson* Motion"), arguing that the disclosure statements provided to them by Ameriquest violated the Truth in Lending Act ("TILA"), as interpreted by the Seventh Circuit in *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007). (Dkt. Nos. 2301-03.) Shortly thereafter, a different subset of Opt-Out Plaintiffs filed a Motion for Partial Summary Judgment ("*Bailey* Motion"), contending that Ameriquest violated TILA by issuing them improper Notices of Right to Cancel based on the wrong Federal Reserve Board Model Form. (Dkt. Nos. 2332-36.)

In response to the *Furgeson* Motion, on August 27, 2008, Defendants filed a Motion to Compel Individual Plaintiffs to Follow This Court's November 7, 2006 Case Management Order, arguing that Opt-Out Plaintiffs could file only one consolidated summary judgment motion. (Dkt. No. 2337.) The next day, they also filed an objection to the *Bailey* Motion, again contending that our Case Management Order prohibits piecemeal, "test case" motion practice. (Dkt. No. 2339.) On September 19, 2008, Opt-Out Plaintiffs filed their Motion to Clarify November 7, 2006 Memorandum Opinion and Order (Dkt. No. 2377), asking that we clarify: (1) whether they may file only one summary judgment motion on behalf of all Opt-Out Plaintiffs; and (2) whether discovery in all MDL Opt-Out "cases must be completed before dispositive motions may be filed." (Mot. to Clarify at 1.) We hereby grant the motion and offer the following guidance.

As both parties have mentioned, the Case Management Order provides, in pertinent part, that "either or both sides may move for summary judgment on common legal issues." (11/07/06 Order at 13.) This language emphasizes, and we again stress, that we will entertain consolidated summary judgment motions "on common legal issues." (*Id.*) Opt-Out Plaintiffs thus are not limited to filing only a single summary judgment covering all parties and claims. They are, however, limited to filing summary judgment motions based on purely legal, global issues only. We will not be resolving unique factual disputes; summary judgment motions raising factual issues are not permitted and must be filed only before the transferor court, if and when remand occurs. Because no factual issues will be addressed, Opt-Out Plaintiffs are not necessarily required to wait until the close of discovery in all individual actions before filing summary judgment motions. Nonetheless, if a particular motion

**STATEMENT**

is filed prematurely, it shall be denied.

In addition, Opt-Out Plaintiffs must coordinate among themselves, prior to filing a summary judgment motion. Any ruling on a summary judgment motion, such as the *Furgeson* and *Bailey* Motions, will be binding on all Opt-Out Plaintiffs. Furthermore, we will not address duplicative motions that might stem from our initial ruling – each legal issue shall be addressed only once. Accordingly, it is in Opt-Out Plaintiffs' best interests to work together in developing, refining and presenting their common legal arguments and must file any such motion jointly.

In light of the above, we strike the pending *Furgeson* and *Bailey* Motions, with leave to refile within 45 days. Opt-Out Plaintiffs should evaluate these motions and ensure that they present truly legal, global issues. If they wish to proceed with summary judgment, Opt-Out Plaintiffs preparing such motions – with assistance as needed from the Individual Claims Steering Committee – must coordinate with other individual plaintiffs to ensure that all common issues and affected parties are included in the motion. Any motion filed must clearly identify which Opt-Out Plaintiffs have expressly joined therein. Pursuant to Opt-Out Plaintiffs' suggestion, submitted by the plaintiffs presenting the *Furgeson* Motion, we grant them 45 days, or until Monday, January 26, 2009, to refile these motions. (*See* Dkt. No. 2367, Resp. to Def.'s Mot. to Compel at 3.)

As set forth above, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) Lead Case No. 05 C 7097

THIS DOCUMENT RELATES TO ALL ACTIONS ) Centralized before The Hon. Marvin E. Aspen

**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**

A conference of the parties was conducted pursuant to Federal Rule of Civil Procedure 26(f) and this Court's July 23, 2009 Order, and attended by (a) members of the Steering Committees for the Opt-Out Plaintiffs; (b) members of the Steering Committee for the Third-Party Defendants, including Liaison Counsel for the Third-Party Defendants; and (c) counsel for the Defendants, (collectively "Representative Counsel"). In accordance with Rule 26(f), the parties hereby submit the following Joint Discovery Plan and Proposed Scheduling Order and request that this Court enter an Order Adopting the Joint Discovery Plan and Proposed Scheduling Order.

1. **Discovery.**

(a) Each Opt-Out Plaintiffs claim centers in large part on the closing documents for the home mortgage loan which each Opt-Out Plaintiff seeks to rescind (the "Loan Documents"). The relevant Loan Documents at issue may be in the possession, custody, or control of any of the Opt-Out Plaintiff(s), the Defendant(s), and/or the Third-Party Defendant(s). In addition to

the timing and protocols for the exchange of the Loan Documents between the Defendants and the Third-Party Defendants which are set forth in this Court's July 23, 2009 order, the parties have agreed to exchange the Loan Documents in their respective possession, custody or control.

(b) With respect to each opt-out claim, each Opt-Out Plaintiff who has not already done so shall have thirty (30) days from the date of this Scheduling Order to produce to the Defendants any Loan Documents in the Opt-Out Plaintiffs possession, custody, or control. Within fourteen (14) days of receipt of an Opt-Out Plaintiffs Loan Documents, or at the time set forth in the Court's July 23, 2009 order, whichever is later, the Defendant(s) shall provide the relevant Third-Party Defendant(s) with a copy of the Opt-Out Plaintiffs Loan Documents. Within twenty-eight (28) days of receipt of an Opt-Out Plaintiffs Loan Documents from that Opt-Out Plaintiff, Defendants shall produce to each Opt-Out Plaintiff who so requests copies of the relevant Loan Documents in its possession, as well as the Loan Documents, if any, that have been produced by that time by the relevant Third-Party Defendant(s). If Defendants receive Loan Documents from the relevant Third Party Defendant(s) at a later time, they shall produce them to that Opt-Out Plaintiff within fourteen (14) days of receipt from the Third-Party Defendant(s). (The timing and protocols for the exchange of the Loan Documents between the Defendants and the Third-Party Defendants, as well as for an exchange of any agreements between the Defendants and the Third-Party Defendants which those parties believe may govern the rights and obligations at issue, is governed by this Court's July 23, 2009 Order.) In addition, within 30 days of a

request for the same, the Defendants shall produce to the Opt-Out Plaintiffs such additional documents that the Opt-Out Plaintiffs reasonably require in order to prepare for, and participate in, the forthcoming mediation(s), provided that such documents are in Defendants' possession, custody, or control and not otherwise privileged.

(c) With respect to each Opt-Out Plaintiffs claim, within fourteen (14) days of completion of the document exchange contemplated in this Court's July 23, 2009 Order, the Third-Party Plaintiffs shall identify to each Third-Party Defendant, by Bates number, any and all contracts upon which its claim against that Third-Party Defendant is based. Within fourteen (14) days of receipt of that information, (and without conceding that the documents identified by the Defendants constitute a "contract" between the parties), the Third-Party Defendant(s) shall identify by Bates number any contract(s) or agreement(s) with the Third-Party Defendants relating to the corresponding plaintiffs or plaintiffs' loan.

(d) The exchange described in Sections (b) and (c) above and in this Court's July 23, 2009 Order shall satisfy each party's obligations under Federal Rule of Civil Procedure 26(a). No other discovery shall be conducted in this MDL proceeding with respect to Plaintiffs' opt-out claims and the corresponding Third Party claims, until the completion of mediation proceedings, as set forth in Section 2 below.

2. **Mediation.** As soon as practicable, after all of the following events have occurred: (i) this Court has ruled on the Third-Party Defendants' Motion to Dismiss Fifth Amended Consolidated Third-Party Complaint; (ii) at least 100 Opt-Out Plaintiffs have

provided to the Defendants and the corresponding Third-Party Defendant(s) a numerical computation of the value of his or her rescission claim; (iii) the Defendant(s) have disclosed to the Third-Party Defendants the terms of any class action settlement, or the class action has been otherwise resolved; (iv) the time has passed for the Defendants to add any new Third-Party Claims; and (v) if the Third-Party Defendants' have sought leave to file a Sixth Amended Third-Party Complaint, the Court's ruling on any motion to dismiss that pleading; the parties, through their Representative Counsel, shall participate in a mediation designed to devise a procedure for settling the Opt-Out Plaintiffs' claims in a systematic way. Within twenty-one (21) days of the date of this Scheduling Order the parties, through their Representative Counsel, may provide to each other their proposal as to how such mediation should be structured.

WHEREFORE, the parties request that this Court enter an Order Adopting the Joint Discovery Plan.

Dated: September 2 , 2009

By: Charles M. Delbaum

*Attorneys for Certain Opt-Out Plaintiffs*

Charles M. Delbaum
National Consumer Law Center
10th Floor
77 Summer Street
Boston, Massachusetts 01220
(617) 266-0313

Dated: September 2, 2009

*Attorneys for Certain Opt-Out Plaintiffs*

By Daniel S. Blinn ________________

Daniel S. Blinn Consumer Law Group
Suite 512
35 Cold Spring Road
Rocky Hill, Connecticut 06067

(860) 571-0408

Dated: September 2, 2009 By Thomas J. Wiegand ____________
*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
(312) 558-5947

Dated: September 2, 2009 By _ Bernard E. LeSage _______________
*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; CitiFinancial Mortgage; CitiResidential Lending Inc.; Deutsche Bank National Trust Company, as Trustee; HSBC Mortgage Services Inc.; GMAC ResCap; Barclays Capital; US Bank, Litton Loan Servicing; Merrill Lynch Credit Corp.; Wells Fargo Bank, as Trustee; WMSpecialty Mortgage LLC; Countrywide; Wilshire Credit Corp., and Bank of NY Trust Co.*

Bernard E. LeSage
Sarah K. Andrus
Buckalter Nemer, a Professional Corporation
Suite 1500
1000 Wilshire Boulevard
Los Angeles, California 90017-2457
(213) 891-5230

September 2 , 2009 By: David J. Chizewer
*Liaison Counsel for Third-Party Defendants*

David J. Chizewer
Goldberg Kohn Bell Black
Rosenbloom & Moritz, Ltd.
Suite 3300
55 East Monroe Street
Chicago, Illinois 60603
(312) 201-3938

**IT IS SO ORDERED.**

Morton Denlow

The Honorable Morton Denlow

Dated: 12/14/2009

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 4.0.3**
**Eastern Division**

Ameriquest Mortgage Company, et al.

Plaintiff,

v.

Case No.: 1:05–cv–07097
Honorable Marvin E. Aspen

Ameriquest Mortgage Company, et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, February 16, 2010:

MINUTE entry before Honorable Marvin E. Aspen:In preparation for the April 8, 2010 status conference, the non–class parties including the Defendants/Third–Party Plaintiffs, Third–Party Defendants (for both third–party actions), and Opt–Out Plaintiffs must file a written status report updating the Court on the progress of their relevant portion(s) of the MDL by March 4, 2010. In their reports, counsel should summarize the progress of mediation and the status of discovery to date, identify any pending motions, describe any issues that may be raised at the status hearing, and further note any additional matters that may require our attention. These reports may be filed jointly or separately, at the parties discretion. Judicial staff mailed notice(gl, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.