**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 1715 Lead Case No. 05-CV-7097 Centralized before the Honorable Marvin E. Aspen |
| THIS DOCUMENT APPLIES TO THE FOLLOWING INDIVIDUAL ACTION: *Wertepny v. Ameriquest Mortg. Co.,* 05-CV-1402 | ) ) ) ) | |

**THIRD PARTY DEFENDANT MORTGAGE INFORMATION SERVICES, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO TRANSFER CASE NUMBER 05-CV-1402**

Plaintiffs in Case No. 05-CV-1402 have filed a motion seeking to transfer that case back to the original trial court. Third Party Defendant Mortgage Information Services, Inc. ("MIS") opposes that motion for the reasons set forth herein.

1. This case was originally filed in the United States District Court for the Northern District of Illinois on March 9, 2005. As originally styled, this case involved claims against a single defendant, Ameriquest Mortgage Company. MIS was not involved in the original proceedings.

2. Apparently, on October 19, 2005, Judge Nordberg (on whose docket this case was originally set) set a discovery cutoff of November 16, 2005.

3. Subsequently, on November 2, 2005, Plaintiffs filed an amended complaint in which they added two new defendants: AMC Mortgage Services, Inc. and Washington Mutual Bank. Those parties were not served with process until mid-November 2005 (*i.e.* just days before the November 16, 2005 discovery cutoff). It is not clear from the docket what impact, if

any, the addition of the new parties had to the November 16, 2005 discovery cutoff (presumably, Judge Nordberg intended to allow those parties to engage in *some* discovery).

4. On April 24, 2006, this case was transferred to this Court as part of MDL No. 1715.

5. Subsequently (while the case was part of the MDL proceedings before this Court), Ameriquest filed a third party complaint that named MIS and several hundred other entities as third party defendants.

6. The third party defendants in these cases have filed numerous motions to dismiss Ameriquest's third party complaints, and Ameriquest has filed numerous amended complaints. Recently, this Court partially granted, and partially denied the third party defendants' motion to dismiss Ameriquest's Fifth Amended Third Party Complaint. Importantly, those proceedings occurred on a consolidated basis (*i.e.* Ameriquest filed a single third party complaint and several hundred third party defendants filed a single motion to dismiss).

7. As a result, MIS has not yet answered the third party complaint in this case. Nor has MIS had an opportunity to state any case-specific defenses or affirmative defenses it may have to the claims against it in this case. Moreover, very little discovery has occurred with respect to Ameriquest's third party complaint against MIS. MIS, for example, has not participated in any depositions or had the opportunity to propound any discovery targeted towards the facts of this case.

8. Plaintiffs now want to transfer this case back to the original court for summary judgment and trial proceedings. In support of their motion, Plaintiffs contend that all discovery proceedings are complete in this case.

9. MIS disagrees that discovery is complete in this case. MIS does not have information regarding the extent or nature of discovery that might have occurred between Plaintiffs and Ameriquest prior to transfer to this Court. MIS was not involved in the case at that time, and had no opportunity to participate in any such discovery. Moreover, very little has been done with respect to the third party claim against MIS (*e.g.* no answer has been filed, limited written discovery has occurred and no deposition discovery has occurred).

10. Accordingly, the principal contention in Plaintiffs' motion for transfer (*i.e.* the statement that all necessary discovery has been taken and this case is ripe for summary judgment and/or trial) is not accurate. Thus, MIS opposes Plaintiffs' motion for transfer. In the alternative, MIS requests that if the Court elects to transfer this case, that the Court make clear it is doing so without prejudice to MIS' right to file responsive pleadings and take discovery.

Dated: February 22, 2010                              Respectfully submitted,


  /s/ Timothy D. Elliott_____
Timothy D. Elliott
RATHJE & WOODWARD LLC
300 E. Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone: (630) 668-8500
Facsimile: (630) 668-7350

Counsel for Mortgage Information Services, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on February 22, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record through the Court's electronic filing system.

/s/Timothy D. Elliott