**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) | |
| MORTGAGE LENDING PRACTICES LITIGATION ) | Lead Case No. 05 C 7097 |
| ) | |

| | |
|---|---|
| ) | |
| TRUMAN ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06 CV 2736 |
| ) | |
| TOWN & COUNTRY CREDIT and ) | Centralized Before |
| SAXON MORTGAGE SERVICES, INC. ) | Hon. Marvin E. Aspen |
| ) | |
| Defendants. ) | |

<u>**SAXON MORTGAGE SERVICES' STATUS REPORT**</u>

Defendant, Saxon Mortgage Services Inc. ("Saxon"), by its attorneys, Neal, Gerber &

Eisenberg LLP, pursuant to this Court's February 16, 2010 Order, submits its Status Report

regarding the status of this action instituted by plaintiff, Truman Rogers ("Rogers"), in

connection with the Status Hearing that is scheduled before this Court on April 8, 2010.

**I.      <u>Plaintiff's Complaint</u>**

On May 16, 2006, Rogers filed his two-count Complaint against Town and Country

Credit ("Town & Country") and Saxon Mortgage Services, Inc. ("Saxon") seeking rescission and

damages under the Truth in Lending Act, ("TILA"), 15 U.S.C. §§1601 et seq., as a result of

Plaintiff's purchase of a property located at 13824 S. Emerald, Riverdale, Illinois (the

"Property").[1]  Rogers' Complaint alleges that defendant, Town & Country, refused to accept the

---

[1] A true and correct copy of Rogers' Complaint is attached as Exhibit A to this Status Report. Only Count I of Rogers' Complaint is directed against Saxon.

notice of right to cancel executed by Rogers on September 23, 2005.[2]  Ex. A. at ¶¶ 9-14.  In

addition, Plaintiff alleges that Town & Country violated TILA and the Illinois Consumer Fraud

Act by failing to clearly and conspicuously disclose the borrower's right to cancel the transaction

within three business days because Town & Country also provided Rogers with notice stating

that the loan could be cancelled within one week from the closing date. Ex. A at ¶¶ 10, 21-23.

The Complaint further alleges that Saxon is the current owner and servicer of the loan on the

Property. Ex. A at ¶ 6.

## II.    Saxon's Motion to Dismiss

On July 5, 2006, Saxon filed its Motion to Dismiss Count I of Rogers' Complaint against

Saxon on the grounds that Rogers is not entitled to rescission against Saxon because Saxon is a

mere servicer of the loan at issue and has absolutely no ownership interest in the loan.[3]  Saxon's

Motion to Dismiss remains pending. As Saxon explained in its Motion, TILA precludes liability

against the mere servicer of a loan. 15 U.S.C. § 1641(f);  *In Re Ameriquest Mortgage Co.*

*Mortgage Lending Practices Litigation*, 2008 U.S. Dist. LEXIS 99240, at *39 - *42 (N.D. Ill.

2008); *Walker et al. v. Gateway Fin. Corp.*, 286 F. Supp. 2d 965, 968-69 (N.D. Ill. 2003)

(rejecting arguments that the servicer of a loan was a necessary party and dismissing the servicer

as a party to claims for rescission under TILA); *Chow v. Aegis Mortgage Corp. d/b/a New Am.*

*Fin.*, 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003).

Further, Saxon asserted that, even if Saxon somehow is deemed to be an assignee (which

it is not), Rogers is not entitled to rescission as against Saxon because the alleged fraud was not

---

[2]  Rogers failed to attach a copy of this notice of right to cancel to his Complaint as an exhibit
even though the notice of right to cancel serves as the basis of his Complaint.
[3]  True and correct copies of Saxon's Motion to Dismiss and supporting Memorandum are
attached as Group Exhibit B to this Status Report.

apparent on the face of the mortgage documents and TILA precludes rescission under those circumstances. TILA provides that an action "may be maintained against any assignee of [a] creditor *only if* the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement."[4] 15 U.S.C. §1641(a) (emphasis added). As such, an assignee of a mortgage cannot be held liable if the alleged wrongdoing is not apparent on the face of the assigned document. 15 U.S.C. §1641(a); *In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, supra*, 2008 U.S. Dist. LEXIS 99240, at *39 - *42; *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998) (noting that Section 1641(a) considerably narrowed the potential scope of assignee liability and rejecting the assertion that assignees have a duty to inquire about the transaction and details underlying the assigned documents); *Briggs v. Provident Bank*, 349 F. Supp. 2d 1124, 1132 (N.D. Ill. 2004); *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 746 (N.D. Ill. 2002); *Lippner v. Deutsche Bank Nat'l. Trust Co.*, 544 F. Supp. 2d 695, 704 (N.D. Ill. 2008); *Ware v. Indymac Bank, FSB*, 534 F. Supp. 2d 835, 844 (N.D. Ill. 2008); *Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 776 (N.D. Ill. 2007); *Jackson v. South Holland Dodge, Inc.*, 197 Ill. 2d 39, 48, 755 N.E.2d 462, 468 (2002) (holding that an assignee is not responsible for the misrepresentations made by the original creditor to the consumer that are not apparent from reviewing the face of the assigned document for apparent defects). *see also Murry v. America's Mortgage Banc, Inc.*, 03 C 5811, 2004 U.S. Dist. LEXIS 12818, at *13 (N.D. Ill. 2004).

Rogers' claims for rescission, based on the alleged fraudulent actions of Town & Country, are not based upon defects apparent on the face of the assigned documents. Ex. A. at

---

[4] Under this section, a violation apparent on the face of the disclosure statement includes: "(1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by [TILA]." 15 U.S.C. §1641(a).

¶¶ 17-24. The assigned documents contain no indicia of Rogers' alleged transmittal of his notice of right to cancel. Moreover, Rogers did not allege that Saxon initiated any of the incorrect or misleading disclosures, otherwise participated in any wrongdoing or had any knowledge of the alleged wrongdoing. See Ex. A. at ¶¶ 17-24. To the contrary, Rogers alleges solely that Saxon merely is the servicer of the loan on the Property.

Saxon also asserted that TILA precludes an award of statutory damages against Saxon. TILA Section 1641(a) specifically limits assignee liability so that statutory damages based on TILA Section 1635 are not available against assignees or servicers. *In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, supra*, 2008 U.S. Dist. LEXIS 99240, at *39 - *42; *Walker*, 286 F. Supp. 2d at 968-69; *Payton v. New Century Mortgage Corp.*, No. 03 C. 333, No. 03 C 703, 2003 U.S. Dist. LEXIS 18366, at *22 (N.D. Ill. 2003).

### III.    Status of Mediation Proceedings

The parties have not engaged in any mediation proceedings.

### IV.    Status of Discovery

The Joint Discovery Plan and Scheduling Order entered by this Court on December 14, 2009 provided that, other than the exchange of certain loan documents, "[n]o other discovery shall be conducted in this MDL proceeding with respect to Plaintiffs' opt-out claims and the corresponding Third Party claims, until the completion of mediation proceedings." The parties have exchanged certain loan documents, but not engaged in any other discovery.

### V.    Issues

Saxon respectfully requests that, during the Status Hearing, this Court set a briefing schedule on Saxon's pending Motion to Dismiss Rogers' Complaint.

Date:  March 4, 2010

Respectfully submitted,

SAXON MORTGAGE SERVICES,  INC.


By:  s/ Mark A. Rabinowitz
      One of its Attorneys

Mark A. Rabinowitz
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 1700
Chicago, IL  60602
Tel:  (312) 269-8000
Fax:  (312) 429-3555

## CERTIFICATE OF SERVICE

I, Mark Rabinowitz, an attorney, hereby certify that on March 4, 2010, I caused a copy of Saxon Mortgage, Inc.'s Mortgage Services' Status Report to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court System.

> Keith James Keogh
> Elizabeth A. Monkus
> Law Offices of Keith J. Keogh
> 227 W. Monroe St., Ste 2000
> Chicago, IL 60606
>
> Harry N. Arger
> Richard Eric Gottlieb
> David A. Wheeler
> Dykema Gossett PLLC
> 10 S. Wacker Drive, Suite 2300
> Chicago, IL 60606

> s/Mark A. Rabinowitz
> Mark A. Rabinowitz

NGEDOCS: 1691267.1