# Exhibit A

**FILED**

MAY 1 6 2006  **NA**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:06-cv-02736    Document 1    Filed 05/16/2006    Page 1 of 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| TRUMAN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY DEMANDED |
| | ) | |
| TOWN & COUNTRY CREDIT | ) | **06CV2736** |
| SAXON MORTGAGE SERVICES, INC. | ) | **JUDGE COAR** |
| Defendants. | ) | **MAGISTRATE VALDEZ** |

<u>COMPLAINT</u>

## <u>MATTERS COMMON TO MULTIPLE CLAIMS</u>

### <u>INTRODUCTION</u>

1.    Plaintiff, Truman Rogers, brings this action against mortgage lender Town and Country Credit ("Town & Country") to secure redress from predatory and fraudulent lending practices. Plaintiff seeks to rescind a residential mortgage loan for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and has named Saxon Mortgage Services, Inc. who is the current owner and servicer of the loan as a necessary party to the claim for rescission.

### <u>JURISDICTION</u>

2.    This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), 15 U.S.C. §1640 (TILA) and 28 U.S.C. §1367 (supplemental jurisdiction). Venue in this District is proper because defendants transact business here.

### <u>PARTIES</u>

3.    Plaintiff, Truman Rogers, is a resident of Riverdale, Illinois.

1

4.      Defendant Town and Country Credit is a national lender located in California. Its registered agent is National Registered Agents Inc. located at 200 W. Adams, Chicago, Illinois.

5.      Town & Country is a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

6.      Saxon Mortgage Services, Inc. is the current owner and servicer of the loan as a necessary party to the claim for rescission. Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, Il. 62703.

## FACTS RELATING TO PLAINTIFF'S LOAN

7.      Plaintiff met with Eric Mistal to apply for a refinance of his home loan.

8.      Eric Mistal was a Town & Country loan officer and member of its President's Club in 2005. All communications and documents concerning the loan and application were sent to or from Mr. Mistal.

9.      On September 21, 2005, plaintiff met with Eric Mistal and signed the closing documents for his loan. The loan had an interest rate of 9.4% even though plaintiff's former loan had a rate of 8.615%.

10.     Town and Country provided plaintiff with a Notice of Right to Cancel, which stated that the loan can be cancelled no later then midnight on September 24, 2005. Town and Country also provided a notice stating that the loan could be cancelled within one week from the closing date.

11.     On September 22, 2005, Plaintiff's original lender offered a significantly lower rate then the Town and Country rate.

12.     On Friday September 23, 2005, plaintiff sent Town & Country the executed

2

Notice of Right to Cancel via facsimile. Plaintiff even had the Notice of Right to Cancel notarized.

13.    Plaintiff telephoned Mr. Mistal that same day to confirm his cancellation. Mr. Mistal informed plaintiff to have his original creditor to confirm the rate and call him back on Monday.

14.    Mr. Rogers telephone Mr. Mistal again on Monday and confirmed that he was eligible for even a lower rate.

15.    On September 30, 2005, plaintiff learned that the refinance was funded.

16.    Despite receiving the executed Notice of Right to Cancel, Town & Country founded the loan. Plaintiff has complained to it as well as the Illinois Department of Financial and Professional Regulation. Town and Country has refused repeated requests by plaintiff for recession.

## COUNT I- TILA- RESCISSION

17.    Plaintiff incorporates ¶¶1-16.

18.    Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by TILA, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.23.

19.    Section 226.23 provides:

(a) Consumer's right to rescind.

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written

3

communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

4

20.    Because plaintiff timely executed and delivered the notice of right to cancel, he was is entitled to rescind.

21.    In addition, defendant's practice of providing its disclosure of One Week Cancellation Period form, when offered in conjunction with the Notice of Right to Cancel form, violates TILA's requirement that the creditor clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

22.    A consumer who relies on the One Week form instead of the three business day statutory right to cancel loses benefits without being warned as much in advance.

23.    Plaintiff has given notice of his election to rescind. Further, even if he did not, he has a continuing right to rescind as Town and Country did not clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

24.    15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against Town & Country Mortgage Company and Saxon Mortgage Services, Inc. for:

      a.    Rescission of the loan

      b.    Statutory damages for failing to honor the election to rescind.

      c.    Attorney's fees, litigation expenses and costs.

      d.    Such other or further relief as the Court deems appropriate.

5

## COUNT II – CONSUMER FRAUD ACT CLAIM

25.     Plaintiff incorporates ¶¶1-16.  This claim is against Town & Country.

26.     Defendant engaged in unfair and deceptive acts and practices, in violation of §§2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 by:

27.     Failing to disclose the following material facts to plaintiffs:

a.     That plaintiff would lose benefits if he relied on the One Week form rather the statutory three business day right to rescind.

28.     Defendant's actions were also unfair actions in violation of §2 as it is an unfair practice to receive a facsimile that elected to cancel the refinance and lead plaintiff to believe that the refinance was cancelled during several telephone calls when it was not.

29.     Section 2 of the Consumer Fraud Act provides:

**Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. § 45].**

30.     Defendant engaged in such unfair and deceptive acts and practices in the course of trade and commerce in financial services.

31.     Defendant intended that plaintiff rely on the undisclosed facts, by signing both disclosures forms.

32.     Plaintiff did so rely, and was damaged.

6

33.    The conduct of defendant was deliberately oppressive, corrupt and dishonest.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff

and against Town and Country for:

        a.     Compensatory and punitive damages;

        b.     Attorney's fees, litigation expenses and costs.

        c.     Such other or further relief, including rescission as the Court deems

appropriate.

Respectfully submitted,
Plaintiff

By: _____
      Her Attorney

Keith J. Keogh
Elizabeth Monkus
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Ste. 2000
Chicago, Illinois  60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**
Plaintiff demands trial by jury.

7

# Exhibit B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| TRUMAN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 2736 |
| | ) | |
| TOWN & COUNTRY CREDIT | ) | Honorable Judge Coar |
| AND SAXON MORTGAGE SERVICES, INC. | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

### SAXON MORTGAGE SERVICES INC.'S
### MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

NOW COMES the Defendant, Saxon Mortgage Services Inc. ("Saxon"), by and through

its undersigned counsel, and moves this Honorable Court to enter an Order pursuant to Federal

Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's Complaint.  In support of its Motion to

Dismiss, Saxon Mortgage Services, Inc. submits the following Memorandum in Support of Its

Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date:  July 5, 2006

Respectfully submitted,

Saxon Mortgages Services, Inc.

By:     s/ Blair B. Hanzlik
        One of its Attorneys

Linda B. Dubnow
Blair B. Hanzlik (ARDC # 6279664)
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL  60601
Tel:  (312) 849-8100
Fax:  (312) 849-3690

NGEDOCS: 1562389.1

## CERTIFICATE OF SERVICE

I, Blair B. Hanzlik, an attorney, hereby certify that on July 5, 2006, I caused a copy of Saxon Mortgage, Inc.'s Motion to Dismiss to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court System.

Keith James Keogh
Elizabeth A. Monkus
Law Offices of Keith J. Keogh
227 W. Monroe St., Ste. 2000
Chicago, IL 60606

Harry N. Arger
Richard Eric Gottlieb
David A. Wheeler
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606

s/ Blair B. Hanzlik
Blair B. Hanzlik (ARDC # 6279664)
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUMAN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 C 2736 |
| | ) | |
| TOWN & COUNTRY CREDIT | ) | Honorable Judge Coar |
| and SAXON MORTGAGE SERVICES, INC. | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

**SAXON MORTGAGE SERVICES INC.'S MEMORANDUM**
**IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES Defendant Saxon Mortgage Services Inc. ("Saxon"), by and through its

undersigned counsel, McGuireWoods LLP, and submits the following Memorandum in Support

of Its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.     INTRODUCTION

On May 16, 2006, Plaintiff filed a two-count complaint ("Complaint") against Town and

Country Credit ("Town & Country") and Saxon Mortgage Services, Inc. ("Saxon") for rescission

and damages under the Truth in Lending Act, ("TILA"), 15 U.S.C. §§1601 et seq., related to

Plaintiff's purchase of a property located at 13824 S. Emerald, Riverdale, Illinois (the

"Property").  A copy of the Complaint is attached hereto as Exhibit A.  The Complaint alleges

that defendant Town & Country refused to accept the notice of right to cancel executed by the

Plaintiff on September 23, 2005.[1]  Ex. A. at ¶¶ 9-14.  In addition, Plaintiff alleges that Town &

Country violated TILA and the Illinois Consumer Fraud Act by failing to clearly and

conspicuously disclose the borrower's right to cancel the transaction within three business days

---

[1] Interestingly, Plaintiff failed to attach a copy of this notice of right to cancel to his Complaint
as an exhibit even though the notice of right to cancel serves as the basis of his Complaint.

because Town & Country also provided the Plaintiff with notice stating that the loan could be cancelled within one week from the closing date. Ex. A at ¶¶ 10, 21-23. The Complaint further alleges Saxon is the current owner and servicer of the loan on the Property. Ex. A at ¶ 6.

In Count 1, entitled "TILA-Rescission", Plaintiff seeks to rescind his purchases of the Property based upon the alleged fraudulent and improper acts of Town & Country. Ex. A. at ¶¶ 17-24. However, this Count fails as a matter of law. Plaintiff cannot be granted rescission under Count 1 because Saxon is a mere servicer of the loan at issue, and because even if Saxon was an assignee, the alleged fraud was not apparent on the face of the mortgage documents.

Accordingly, for the reasons more fully described below, Plaintiff's claims against Saxon in Count 1 fail, and this Court should grant Saxon's Motion to Dismiss pursuant to Rule 12(b)(6).[2]

## II.     STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must construe all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations in the complaint as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of the complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, courts should consider "the pleadings, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs," as well as any material of which a court may properly take judicial notice. Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994). As shown

---

[2] The remaining Count in Plaintiff's Complaint is not addressed to Saxon and therefore is not discussed in this Memorandum.

below, the instant complaint fails to state a claim upon which relief may be granted and Plaintiff's Complaint may properly be dismissed with prejudice.

### III. ANALYSIS

**A. PLAINTIFFS' CLAIMS MUST FAIL BECAUSE TILA PRECLUDES RESCISSION AGAINST SAXON.**

**1. Under TILA, rescission is not available against the servicer of a loan.**

Plaintiff's Complaint against Saxon must fail as TILA precludes liability against the mere servicer of a loan. 15 U.S.C. § 1641(f); Walker et al. v. Gateway Fin. Corp., 286 F. Supp. 2d 965, 968-69 (N.D. Ill. 2003) (rejecting arguments that the servicer of a loan was a necessary party and dismissing the servicer as a party to claims for rescission under TILA); Chow v. Aegis Mortgage Corp. d/b/a New Am. Fin., 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003).

TILA provides that "a servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). Moreover, "a servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2). For the definition of "servicer", TILA refers to section 6(i)(2) of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2605(i)(2). Section 2605(i)(2) provides: "the term 'servicer' means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2).

Saxon is the servicer of Plaintiff's loan. Saxon's interest in servicing the loan is not tantamount to ownership on the basis of its serving the obligation. 15 U.S.C. § 1641(f)(2).

Plaintiff's Complaint does not allege any facts showing that Saxon has an ownership interest in the loan beyond its interest in servicing the loan. As such, TILA precludes Plaintiff from recovering against Saxon and Count 1 must be dismissed as to Saxon.

**2.      Rescission is not available against Saxon because the alleged fraud is not apparent on the face of the mortgage documents.**

Even if Saxon is the "owner" of the loan and is treated as an assignee, Plaintiff's Complaint cannot be sustained against Saxon because TILA precludes rescission as to the servicer/assignee of a loan when the alleged fraud is not apparent on the face of the loan and mortgage documents.

TILA provides that an action "may be maintained against any assignee of [a] creditor *only if* the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement."[3] 15 U.S.C. §1641(a) (emphasis added). As such, an assignee of a mortgage cannot be held liable if the alleged wrongdoing is not apparent on the face of the assigned document. 15 U.S.C. §1641(a); Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir. 1998) (noting that Section 1641(a) considerably narrowed the potential scope of assignee liability and rejecting the notion that assignees have a duty to inquire about the transaction and details underlying the assigned documents); Jackson v. South Holland Dodge, Inc., 197 Ill. 2d 39, 48, 755 N.E.2d 462, 468 (2002) (holding that an assignee is not responsible for the misrepresentations made by the original creditor to the consumer outside of reviewing the face of the assigned document for apparent defects).

Plaintiff's claims for rescission, based on the alleged fraudulent actions of Town & Country, are not based upon defects apparent on the face of the assigned documents. Ex. A. at

---

[3] Under this section, a violation apparent on the face of the disclosure statement includes: "(1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by [TILA]." 15 U.S.C. §1641(a).

¶¶ 17-24.  The assigned documents contain no indicia of Plaintiff's alleged transmittal of his notice of right to cancel.  Moreover, Plaintiff fails to make any allegation that Saxon initiated any of the incorrect misleading disclosures or otherwise participated in any wrongdoing, and Plaintiff fails to make any allegation that Saxon had any knowledge of the alleged wrongdoing.  See Ex. A. at ¶¶ 17-24.  To the contrary, plaintiff alleges solely that Saxon is the servicer of the loan on the Property.

As Plaintiffs plead that Saxon is the servicer on the property at issue, Saxon did not have a duty to inquire beyond the face of the assigned mortgage documents under Section 1641 of TILA.  Taylor, 150 F.3d at 694; see also Murry v. America's Mortgage Banc, Inc., 03 C 5811, 2004 U.S. Dist. LEXIS 12818, at *13 (N.D. Ill. 2004).  Plaintiff fails to allege – nor can he – that Saxon is liable for defects apparent on the face of the assigned mortgage documents, which have no apparent defects.

Therefore, because Plaintiff has failed to allege that there were any defects apparent on the face of the assigned loan documents or that Saxon participated in the alleged wrongdoing, Plaintiff has no grounds to support a claim for rescission under TILA against Saxon and the Complaint should be dismissed.

**3.      TILA precludes Plaintiff from recovering statutory damages against Saxon.**

TILA Section 1641(a) specifically limits assignee liability so that statutory damages based on TILA Section 1635 are not available against assignees or servicers.  Walker, 286 F. Supp. 2d at 968-69.  Plaintiff's Count 1 seeks statutory damages under TILA Section 1635(g) against a servicer for failure to rescind.  However, this Court has twice considered and rejected the same argument.

In <u>Walker</u>, the plaintiffs sought statutory damages under TILA against the assignee of a loan for a failure to rescind. <u>Id</u>. The court rejected plaintiffs' arguments and held that the sole remedy against an assignee would be rescission.

> Like the court in *Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 359 (E.D. Pa. 1994), this Court instead finds that the imposition of any such damages on an assignee would create an impermissible end run around the obvious congressional purpose that underlies the Section 1641(a) enactment of a statutory equivalent to a bona fide purchaser rule.

<u>Id</u>.

Similarly, in <u>Payton v. New Century Mortgage Corp.</u>, the court held that TILA does not allow statutory damages under TILA Section 1635(g) against an assignee for failure to rescind. <u>Payton v. New Century Mortgage Corp.</u>, No. 03 C. 333, No. 03 C 703, 2003 U.S. Dist. LEXIS 18366, at *22 (N.D. Ill. 2003).

As in <u>Walker</u> and <u>Payton</u>, the Plaintiff in this matter seeks statutory damages under TILA against a servicer for failure to rescind. Ex. A at Count 1. However, as the court made clear in <u>Walker</u> and <u>Payton</u>, Plaintiff's claim must be rejected as to Saxon because such damages are not available against an assignee and surely are not available against the mere servicer of a loan where the alleged misrepresentations were not apparent on the face of the mortgage documents.

## IV.    CONCLUSION

WHEREFORE, Defendant, Saxon Mortgage Services, Inc. respectfully prays that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and for any further relief this Court deems just and necessary.

Date: July 5, 2006

Respectfully submitted,
Saxon Mortgages Services, Inc.

By:  s/ Blair B. Hanzlik
    One of its Attorneys

- 7 -

Linda B. Dubnow
Blair B. Hanzlik (ARDC # 6279664)
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

## CERTIFICATE OF SERVICE

I, Blair B. Hanzlik, an attorney, hereby certify that on July 5, 2006, I caused a copy of Saxon Mortgage, Inc.'s Memorandum in support of Its Rule 12(b)(6) Motion to Dismiss to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court System.

Keith James Keogh
Elizabeth A. Monkus
Law Offices of Keith J. Keogh
227 W. Monroe St., Ste 2000
Chicago, IL 60606

Harry N. Arger
Richard Eric Gottlieb
David A. Wheeler
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606

s/ Blair B. Hanzlik
Blair B. Hanzlik (ARDC # 6279664)
McGuireWoods LLP
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

NGEDOCS: 1562357.1