### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Centralized before The Honorable Marvin E. Aspen |

## THIRD-PARTY DEFENDANTS' STATUS REPORT

Third-Party Defendants, by their undersigned Liaison Counsel, submit this written status report pursuant to this Court's February 16, 2010 order.

**1.      Status of Discovery**

The timeline and requirements for discovery for the Third-Party actions were set by the Court's July 23, 2009 Order, Docket No. 2957, as well as the December 14, 2009 Joint Discovery Plan and Scheduling Order, Docket No. 3268.

First, upon request of each individual Third-Party Defendant, the Third-Party Plaintiffs and Third-Party Defendants were to engage in a simultaneous exchange of loan files within approximately four months of July 23, 2009 (or by approximately the end of November 2009). It is Liaison Counsel's belief that the majority of these document exchanges have occurred, at least among active Third-Party Defendants. Some Third-Party Defendants are not active in this case and have never filed an appearance, and it is unlikely that they will participate in the document exchange.

Second, the December 14, 2009 Joint Discovery Plan and Scheduling Order provided that "With respect to each Opt-Out Plaintiff's claim, within fourteen (14) days of completion of the document exchange contemplated in this Court's July 23, 2009 Order, the Third-Party Plaintiffs shall identify to each Third-Party Defendant, by Bates number, any and all contracts upon which its claims against that Third-Party Defendant is based. Within fourteen (14) days of receipt of that information, (and without conceding that the documents identified by the Defendants constitute a 'contract' between the parties), the Third-Party Defendant(s) shall identify by Bates number any contract(s) or agreement(s) with the Third-Party [Plaintiffs] relating to the corresponding plaintiff's or plaintiffs' loan."

Many Third-Party Defendants have requested this information from Third-Party Plaintiffs, but none have received it. Third-Party Plaintiffs have taken the position that this exchange of information need not occur until the first document exchange, described above, has been completed with respect to every Third-Party Defendant. This is an unreasonable interpretation, not least because with regard to the inactive Third-Party Defendants, it is unlikely that any discovery will be exchanged without court intervention. Third-Party Plaintiffs have nevertheless agreed to provide at least some of this information "before" the anticipated mediation (discussed below), but have not specified whether they will provide the information to every Third-Party Defendant that has requested it or how far in advance of the mediation they will provide it. It would be helpful for the Court to address the correct interpretation of this provision at the status hearing.

After these first and second exchanges have taken place, the December 14, 2009 Joint Discovery Plan and Scheduling Order provides that the Third-Party Plaintiffs' and Third-Party Defendants' obligations under Fed. R. Civ. P. 26(a) will be satisfied, and "no other

discovery shall be conducted in this MDL proceeding with respect to Plaintiffs' opt-out claims and the corresponding Third Party claims, until the completion of mediation proceedings …." It is Third-Party Defendants' position that no post-mediation discovery schedule should be set at this time. Once mediation is completed, the number of remaining plaintiffs will be known, which puts the parties in a much better position to assess the nature and extent of the discovery required, and whether the interests of the parties and Court are better served by discovery and dispositive motion practice being conducted in the transferor courts. Similarly, the time required to complete discovery can be better estimated once the number of remaining plaintiffs is known. In general, it is likely that the only discovery to be done after the mediation will be individual, case-specific discovery (including depositions of individual plaintiffs and Third-Party Defendants), which is inappropriate for this Multi-District Litigation. Moreover, Third-Party Defendants will be unable to participate in any requirement for consolidated Motions for Summary Judgment due to the unique facts and circumstances of their particular cases. Such a requirement would in any event lead to two motions for summary judgment in most cases: one consolidated motion in this court and one individual motion in the transferor courts when the cases are remanded. For all of these reasons, Third Party Defendants suggest that the better approach would be to postpone consideration and decision about a discovery schedule until after the mediation has occurred.

    **2.    Progress of Mediation**

Third-Party Plaintiffs' statement in a recent filing that the mediation has been scheduled for April 28, 2010 is not accurate because that is a date that was unilaterally selected by Third-Party Plaintiffs in order to reserve time on Judge O'Connell's calendar. Instead, the status of the mediation is as follows.

The obligation of the Third-Party Plaintiffs and the Third-Party Defendants to participate in a mediation was set forth in the Court's July 23, 2009 Order. In the December 14, 2009 Joint Discovery Plan and Scheduling Order, certain additional prerequisites for mediation were set forth, including that "at least 100 Opt-Out Plaintiffs have provided to the Defendants and the corresponding Third-Party Defendant(s) a numerical computation of the value of his or her rescission claim." Third-Party Plaintiffs have recently forwarded to Third-Party Defendants a list of certain Opt-Out Plaintiffs that would be willing to settle their claims for a certain fixed amount (plus, in some cases, unspecified loan modifications), and Third-Party Defendants are currently evaluating whether this satisfies the requirement for a numerical computation of the value of their claims. Additionally, as set forth above, the Joint Discovery Plan and Scheduling Order anticipated that the exchange of documents and identification of contracts by Bates number would have occurred by approximately the end of 2009, but no identification of contracts has occurred thus far. It is Third-Party Defendants' position that mediation would not be constructive and should not take place until after these prerequisites, which the parties mutually agreed upon, have been satisfied, allowing for a reasonable amount of time for Third-Party Defendants to evaluate the information provided before the mediation.

Third-Party Defendants are working together to come up with a proposal for the logistics, structure, and substance of a mediation. They would appreciate input from the Third-Party Plaintiffs as well. Third-Party Defendants have concerns regarding a mediation session involving only Defendants/Third-Party Defendants, as it would require negotiation of contributions for unknown demands. Third-Party Defendants are also not willing to have only representative members of categories of Third-Party Defendants participate in the mediation, as all or most Third-Party Defendants will want to personally negotiate any potential settlement.

    **3.**    **Pending Motions**

Third-Party Defendants filed a Motion for Extension of Time to File Answers on February 18, 2010, which is Docket No. 3410, on the basis that Third-Party Defendants cannot, consistent with their obligations under Federal Rules of Civil Procedure 8(b) and 11, answer the Fifth Amended Third Party Complaint on a consolidated basis, and it would not further the purposes of this Multidistrict Litigation for them to do so. Third-Party Plaintiffs responded on February 23, 2010, which is Docket No. 3423. According to the Court's Order of February 23, 2010, Docket No. 3427, Third-Party Defendants will file their Reply by March 5, 2010, and the Motion will then be ripe for ruling.

Dated: March 4, 2010                                Respectfully submitted,

                                                                      By: /s/ Kathryn B. Walter
                                                                      *Liaison Counsel for Third-Party*
                                                                      *Defendants and counsel for National*
                                                                      *Real Estate Information Services, Inc.*

                                                                      David J. Chizewer
                                                                      Steven A. Levy
                                                                      Kathryn B. Walter
                                                                      GOLDBERG KOHN LTD.
                                                                      55 East Monroe Street
                                                                      Suite 3300
                                                                      Chicago, Illinois 60603
                                                                      Telephone (312) 201-4000
                                                                      Facsimile (312) 332-2196

**CERTIFICATE OF SERVICE**

I, Kathryn B. Walter, hereby certify that on this 4th day of March, 2010, a true and correct copy of the foregoing document was filed electronically using the Court's ECF/electronic mailing system. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kathryn B. Walter