**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| _____ | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL INDIVIDUAL ACTIONS | |

**JOINT STATUS REPORT OF OPT-OUT PLAINTIFFS AND DEFENDANTS**

**PURSUANT TO THE COURT'S MINUTE ORDER ENTERED ON FEBRUARY 16, 2010**

Opt-Out Plaintiffs, through members of their Steering Committee, and Defendants hereby submit the following Joint Status Report in preparation for the April 8, 2010 Status Conference, as requested by the Court's Minute Order entered on February 16, 2010 (Docket No. 3399). Liaison counsel for the Third-Party Defendants have indicated that the Third-Party Defendants intend to file their own Status Report. Opt-Out Plaintiffs and Defendants respectfully reserve the right to respond to the issues raised by the Third-Party Defendants in their Status Report, or to supplement this Status Report based on events which occur between the date when this report is filed and the April 8th Status Conference.

**I.     INTRODUCTION AND SUMMARY OF CASES SETTLED**

Defendants have already resolved the claims of 125 Opt-Out Plaintiffs whose 41 lawsuits have been, or are about to be, dismissed. Defendants are also presently engaged in discussions for settlement of the claims of one-half of the remaining 1254 Opt-Out Plaintiffs. In addition, many borrowers, who filed or were threatening to file individual actions against Defendants, will be participating in the MDL class settlement instead.

As the Court is aware, Defendants have settled, with preliminary approval by this Court, the 29 borrower class actions consolidated in these MDL proceedings. The settlement classes include approximately 714,000 borrowers. The Motion for final approval of this settlement is set for hearing on April 15, 2010.

This class settlement is the latest of several significant settlements entered into by Defendants in recent years. In January 2006 certain Defendants entered into a $325 million settlement with the Attorneys General of the 49 States in which they conducted business. This settlement resolved all claims and charges alleged relating to certain Defendants' lending practices for the period from January 1, 1999 through December 31, 2005, including many of the types of allegations made by the plaintiffs in these MDL proceedings. Sixty-five percent of the individuals eligible to participate in the Attorney General Settlement filed claims and signed releases of their claims. The pending MDL class action settlement is intended to, among other things, resolve the claims of those borrowers who for one reason or another did not participate in the Attorney General Settlement.

Other noteworthy class settlements by Defendants have been (a) California Judicial Council Coordinated Proceeding No. 4162 (the "Pierceall Settlement") which included all Ameriquest loans from October 1996 through February 2004 secured by real property in California, Texas, Alabama and Alaska, and (b) *Luke Ricci, et al. v. Ameriquest Mortgage Company*, a Minnesota state court class action (the "Ricci Settlement") which included all Ameriquest loans from February 17, 1999 forward secured by real property in Minnesota.

## II.   **MEDIATION**

Pursuant to the Joint Discovery Plan and Scheduling Order (Docket No. 3268), which was submitted by all parties, and as required by this Court's Order entered on July 23, 2009

(Docket No. 2957), all parties are to participate in a mediation for the purpose of attempting to settle the Opt-Out Plaintiffs' claims and Defendants' related claims against the Third-Party Defendants. Mediation is to take place after certain events occurred, including a ruling by the Court on the Third-Party Defendants' Motion to Dismiss Defendants' Fifth Amended Consolidated Third-Party Complaint. By its Memorandum, Opinion and Order filed on January 19, 2010 (Docket No. 3311) the Court granted in part and denied in part the Motion to Dismiss. Specifically, the Court denied the Motion as to Defendants' breach of contract and negligent misrepresentation claims and granted the Motion as to their negligence claims against the Third-Party Defendants. All other conditions precedent to the mediation have occurred. (Third Party Defendants contend the requirement that at least 100 Opt-Out Plaintiffs provide a numerical computation of the value of his or her rescission claim has not been satisfied.)

Opt-Out Plaintiffs, Defendants and Third-Party Defendants have agreed to a two step mediation process with Judge O'Connell, which the Court has approved. First, the Defendants, Third-Party Defendants and Servicers will participate in a mediation session, tentatively scheduled for April 28, 2010. Next, those parties and the Opt-Out Plaintiffs will participate in a second mediation session, tentatively scheduled for the first week of May. Opt-Out Plaintiffs do not believe that one session is sufficient to even discuss resolution of the hundreds of Opt-Out Plaintiffs' claims.

Defendants and Third-Party Defendants have not yet agreed to a specific framework or agenda for the first phase of the mediation, but expect to have done so prior to the Status Conference on April 8, 2010. Defendants have taken the position that any possibility of success in the first session will depend in large part on the good faith participation of at least the major

title underwriters—Fidelity National Title (which owns Ticor, Commonwealth, Lawyer's Title, Chicago Title, etc.), First American Title, Stewart Title and Old Republic Title.

Defendants and Opt-Out Plaintiffs have discussed, and are continuing to discuss, the framework and agenda for the second session. Opt-Out Plaintiffs have stated that unless representatives of the Third-Party Defendants participate with Defendants in the second phase, if Defendants intend to make another unified settlement offer, they want Defendants to make that offer in advance of the mediation. Defendants' position is that this pre-condition is neither necessary nor appropriate and inconsistent with the usual mediation process and, in any event, they expect the Third Party Defendants will participate in both mediation sessions. Further, Opt-Out Plaintiffs believe—as does Judge O'Connell—that the Third-Party Defendants are essential to the mediation process and should be at the table.

On the other hand, Defendants have expressed a willingness to continue negotiating with any Opt-Out Plaintiffs who prefer settlements involving loan modifications, deeds in lieu of foreclosure or other resolutions tailored to his or her individual needs. Opt-Out Plaintiffs' position is that they have submitted many such offers to date and have received few responses. Defendants' position is that they have promptly forwarded any and all loan modification requests to the applicable servicers, and have engaged in considerable follow-up communication with these servicers. Defendants have already settled the claims of many Opt-Out Plaintiffs through a combination of terms including, but not limited to, cash payments and/or loan modifications and are now engaged in settlement discussions with one half of the remaining Opt-Out Plaintiffs. Since settlements involving a modification, or other disposition, of borrowers' loans require the participation of the current loan servicers and owners, and sometimes detailed application and

qualification procedures, the parties have discussed a submission of a list of those Opt-Out Plaintiffs interested in some type of settlement other than a cash payment.

Opt-Out Plaintiffs note that many of them have previously submitted loan modification applications to which they received no response or an inadequate response, or requests to re-submit the same application. Defendants' position on this is that Defendants do not own or service the loans in question, and cannot compel the current servicers to take any particular action. While Defendants can—and have—spent a considerable amount of time and resources trying to facilitate loan modifications, the ultimate decision on any particular loan modification request is made by the current servicer, and is beyond the control of Defendants.

## III. <u>DISCOVERY</u>

There is currently no discovery cutoff, all prior deadlines having been stricken (Docket No. 2957), and all discovery has been stayed until the completion of the mediation. (Docket No. 3268) Rather, pursuant to the most recent Joint Discovery Plan and Scheduling Order (Docket No. 3268), the parties have agreed to exchange loan files and related documents prior to the mediation with Judge O'Connell. The document exchange is nearly complete, with some exceptions relating to documents requested from Third-Party Defendants and to Defendants' and Third Party Defendants' subsequent identification of contracts. The parties have endeavored to limit discovery while pursuing settlement in order to enhance the amount of funds potentially available for settlements, given the scarce resources of Defendants, who have not transacted any new loan business since 2007.

After the mediation with the Opt-Out Plaintiffs is completed, the parties intend to commence discovery on any cases not then settled. The period of time reasonably necessary to complete discovery will depend in large part on the number of remaining Opt-Out cases. At the

present time, based on the assumption that a mediation will occur in May, Defendants have suggested the following proposed schedule for completion of discovery, including discovery relating to the Third Party Claims, and filing of dispositive motions. All of this discovery and motion practice would be completed before any remaining Opt-Out cases are returned to their respective transferor courts.

| | |
|---|---|
| November 15, 2010 | Completion of fact discovery |
| December 15, 2010 | Deadline to file consolidated motions for summary judgment |
| January 14, 2011 | Initial disclosure of experts, consistent with the requirements of FRCP 26(a)(2) |
| February 14, 2011 | Disclosure of rebuttal experts, consistent with the requirements of FRCP 26(a)(2) |
| March 31, 2011 | Completion of expert discovery. |

By way of explanation, Defendants believe that a November 15, 2010 deadline for completion of fact discovery is the minimum amount of time necessary. Assuming that the mediation is completed as currently anticipated, discovery will not begin until mid-May; alternatively, if the mediation is not completed in May, discovery will not begin until later, and Defendants' proposed discovery cut-off will need to be extended. Opt-Out Plaintiffs do not believe that fact discovery can be completed by November 15, 2010.

Defendants intend to take the deposition of each Opt-Out Plaintiff on a multi-track basis with the goal of completing at least 50 depositions each month. In addition, Plaintiffs intend to depose representatives of Defendants, and both Plaintiffs and Defendants will depose various

Third-Party Defendants, and possibly some non-parties such as closing agents and appraisers. If only a small percentage of the Opt-Out Cases are settled by mid-May, completion of fact discovery by November 15, 2010 may be impracticable, even if the parties jointly complete as many as 80 depositions per month, which they believe is the maximum reasonably possible.

The parties' proposed schedule includes expert disclosures and expert discovery after the deadline for filing motions for summary judgment because of the significant expense inherent in expert disclosures and discovery. However, if any summary judgment or other dispositive motions raise expert issues, the parties are prepared to incorporate necessary expert discovery in connection with the determination of those motions.

## IV.    **PENDING MOTIONS**

The Motion for final approval of the class action settlement in these MDL proceedings is set for hearing on April 15, 2010.

There are now two pending Motions in the Opt-Out cases. One is a Motion by Opt-Out Plaintiffs Furgeson, Pintsak and Wertepny to transfer their cases back to the original transferor courts for purposes of summary judgment and trial. (Docket No. 3338) Defendants have opposed the Motion (Docket No. 3416), as has a Third Party Defendant, Mortgage Information Services. (Docket No. 3419) The other Motion is by the Third-Party Defendants for an extension of time to respond to the operative Third-Party Complaint. (Docket No. 3410) Defendants have filed an opposition to a portion of the relief requested by that Motion. (Docket No. 3423) After any replies are filed, both Motions will be submitted to the Court for decisions.

Dated:  March 4, 2010                    By:  /s/ Charles M. Delbaum

                                          *Attorneys for Certain Opt-Out Plaintiffs*
                                          Charles M. Delbaum
                                          National Consumer Law Center
                                          77 Summer Street, 10th Floor
                                          Boston, Massachusetts 01220
                                          (617) 266-0313

Dated:  March 4, 2010                    By:  /s/ Daniel Blinn

                                          *Attorneys for Certain Opt-Out Plaintiffs*

                                          Daniel S. Blinn Consumer Law Group
                                          35 Cold Spring Road, Suite 512
                                          Rocky Hill, Connecticut 06067
                                          (860) 571-0408

Dated:  March 4, 2010                    By:  /s/ Thomas J. Wiegand

                                          *Attorneys for Argent Mortgage Company, LLC*

                                          Thomas J. Wiegand
                                          Winston & Strawn LLP
                                          35 West Wacker Drive
                                          Chicago, Illinois 60601-9703
                                          (312) 558-5947

Dated: March 4, 2010

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;
AMC Mortgage Services, Inc.; Town & Country
Credit Corporation; Ameriquest Capital
Corporation; Town & Country Title Services, Inc.;
and Ameriquest Mortgage Securities, Inc.,
CitiFinancial Mortgage; CitiResidential Lending
Inc.; Deutsche Bank National Trust Company, as
Trustee; HSBC Mortgage Services, Inc., GMAC
ResCap; Barclays Capital; US Bank, Litton Loan
Servicing; Merrill Lynch Credit Corp.; Wells Fargo
Bank, as Trustee; WMSpecialty Mortgage LLC;
Countrywide; Wilshire Credit Corp., and Bank of
NY Trust Co.*

Bernard E. LeSage
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 4th day of March 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage