**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL INDIVIDUAL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**STATUS REPORT OF OPT-OUT PLAINTIFFS, DEFENDANTS AND THIRD-PARTY DEFENDANTS PURSUANT TO THE COURT'S MINUTE ORDER ENTERED ON FEBRUARY 16, 2010**

Opt-Out Plaintiffs, through members of their Steering Committee, Defendants and Third-Party Defendants, through their Liaison Counsel, hereby submit the following Status Report in preparation for the April 8, 2010 Status Conference, as requested by the Court's Minute Order entered on February 16, 2010 (Docket No. 3399).

**I.    INTRODUCTION AND SUMMARY OF CASES SETTLED**

Defendants have already resolved the claims of 125 Opt-Out Plaintiffs whose 41 lawsuits have been, or are about to be, dismissed. Defendants are also presently engaged in discussions for settlement of the claims of one-half of the remaining 1254 Opt-Out Plaintiffs. In addition, many borrowers, who filed or were threatening to file individual actions against Defendants, will be participating in the MDL class settlement instead.

As the Court is aware, Defendants have settled, with preliminary approval by this Court, the 29 borrower class actions consolidated in these MDL proceedings. The settlement classes

include approximately 714,000 borrowers. The Motion for final approval of this settlement is set for hearing on April 15, 2010.

This class settlement is the latest of several significant settlements entered into by Defendants in recent years. In January 2006 Defendants entered into a $325 million settlement with the Attorneys General of the 49 States in which they conducted business. This settlement resolved all claims and charges alleged relating to Defendants' lending practices for the period from January 1, 1999 through December 31, 2005, including many of the types of allegations made by the plaintiffs in these MDL proceedings. Sixty-five percent of the individuals eligible to participate in the Attorney General Settlement filed claims and signed releases of their claims. The pending MDL class action settlement is intended to, among other things, resolve the claims of those borrowers who for one reason or another did not participate in the Attorney General Settlement.

Other noteworthy class settlements by Defendants have been (a) California Judicial Council Coordinated Proceeding No. 4162 (the "Pierceall Settlement") which included all Ameriquest loans from October 1996 through February 2004 secured by real property in California, Texas, Alabama and Alaska, and (b) *Luke Ricci, et al. v. Ameriquest Mortgage Company*, a Minnesota state court class action (the "Ricci Settlement") which included all Ameriquest loans from February 17, 1999 forward secured by real property in Minnesota.

## II. MEDIATION

Pursuant to the Joint Discovery Plan and Scheduling Order (Docket No. 3268), which was submitted by all parties, and as required by this Court's Order entered on July 23, 2009 (Docket No. 2957), all parties are to participate in a mediation for the purpose of attempting to settle the Opt-Out Plaintiffs' claims and Defendants' related claims against the Third-Party

2

Defendants. Mediation is to take place after certain events occurred, including a ruling by the Court on the Third-Party Defendants' Motion to Dismiss Defendants' Fifth Amended Consolidated Third-Party Complaint. By its Memorandum, Opinion and Order filed on January 19, 2010 (Docket No. 3311) the Court granted in part and denied in part the Motion to Dismiss. Specifically, the Court denied the Motion as to Defendants' breach of contract and negligent misrepresentation claims and granted the Motion as to their negligence claims against the Third-Party Defendants. All other conditions precedent to the mediation have occurred. (Third Party Defendants contend the requirement that at least 100 Opt-Out Plaintiffs provide a numerical computation of the value of his or her rescission claim has not been satisfied.)

Opt-Out Plaintiffs, Defendants and Third-Party Defendants have agreed to a two step mediation with Judge O'Connell, which the Court has approved. First, the Defendants, Third-Party Defendants and Servicers will participate in a mediation session, tentatively scheduled for April 28, 2010. Next, those parties and the Opt-Out Plaintiffs will participate in a second mediation session, tentatively scheduled for the first week of May.

Defendants and Third-Party Defendants have not yet agreed to a specific framework or agenda for the first phase of the mediation, but expect to have done so prior to the Status Conference on April 8, 2010. Defendants have taken the position that any possibility of success in the first session will depend in large part on the good faith participation of at least the major title underwriters—Fidelity National Title (which owns Ticor, Commonwealth, Lawyer's Title, Chicago Title, etc.), First American Title, Stewart Title and Old Republic Title.

Defendants and Opt-Out Plaintiffs have discussed, and are continuing to discuss, the framework and agenda for the second session. Opt-Out Plaintiffs have stated that unless representatives of the Third-Party Defendants participate with Defendants in the second phase,

they want Defendants to make new monetary offers of settlement to all Opt-Out Plaintiffs in advance of the mediation. Defendants' position is that this pre-condition is neither necessary nor appropriate and inconsistent with the usual mediation process and, in any event, they expect the Third Party Defendants will participate in both mediation sessions.

On the other hand, Defendants have expressed a willingness to continue negotiating with any Opt-Out Plaintiffs who prefer settlements involving loan modifications, deeds in lieu of foreclosure or other resolutions tailored to his or her individual needs. Defendants have already settled the claims of many Opt-Out Plaintiffs through a combination of terms including, but not limited to, cash payments and/or loan modifications and are now engaged in settlement discussions with one half of the remaining Opt-Out Plaintiffs. Since settlements involving a modification, or other disposition, of borrowers' loans require the participation of the current loan servicers and owners, and sometimes detailed application and qualification procedures, the Opt-Out Plaintiffs have agreed to submit to Defendants as soon as practicable a list of those Opt-Out Plaintiffs interested in some type of settlement other than a cash payment.

### III. DISCOVERY

There is currently no discovery cutoff, all prior deadlines having been stricken (Docket No. 2957), and all discovery has been stayed until the completion of the mediation. (Docket No. 3268) Rather, pursuant to the most recent Joint Discovery Plan and Scheduling Order (Docket No. 3268), the parties have agreed to exchange loan files and related documents prior to the mediation with Judge O'Connell. The document exchange is nearly complete, with some exceptions relating to documents requested from Third-Party Defendants and to Defendants' and Third Party Defendants' subsequent identification of contracts. The parties have endeavored to limit discovery while pursuing settlement in order to enhance the amount of funds potentially

available for settlements, given the scarce resources of Defendants, who have not transacted any new loan business since 2007.

After the mediation with the Opt-Out Plaintiffs is completed, the parties intend to commence discovery on any cases not then settled. The period of time reasonably necessary to complete discovery will depend in large part on the number of remaining Opt-Out cases. At the present time, the parties have agreed to a proposed schedule for completion of discovery, including discovery relating to the Third Party Claims, and filing of dispositive motions. All of this discovery and motion practice would be completed before any remaining Opt-Out cases are returned to their respective transferor courts.

| Date | Event |
|---|---|
| November 15, 2010 | Completion of fact discovery |
| December 15, 2010 | Deadline to file consolidated motions for summary judgment |
| January 14, 2011 | Initial disclosure of experts, consistent with the requirements of FRCP 26(a)(2) |
| February 14, 2011 | Disclosure of rebuttal experts, consistent with the requirements of FRCP 26(a)(2) |
| March 31, 2011 | Completion of expert discovery. |

By way of explanation, the parties believe that a November 15, 2010 deadline for completion of fact discovery is the minimum amount of time necessary. Assuming that the mediation is completed as currently anticipated, discovery will not begin until mid-May. Defendants intend to take the deposition of each Opt-Out Plaintiff on a multi-track basis with the goal of completing at least 50 depositions each month. In addition, Plaintiffs intend to depose

5

representatives of Defendants, and both Plaintiffs and Defendants will depose various Third-Party Defendants, and possibly some non-parties such as closing agents and appraisers. If only a small percentage of the Opt-Out Cases are settled by mid-May, completion of fact discovery by November 15, 2010 may be impracticable, even if the parties jointly complete as many as 80 depositions per month, which they believe is the maximum reasonably possible.

The parties' proposed schedule includes expert disclosures and expert discovery after the deadline for filing motions for summary judgment because of the significant expense inherent in expert disclosures and discovery. However, if any summary judgment or other dispositive motions raise expert issues, the parties are prepared to incorporate necessary expert discovery in connection with the determination of those motions.

## IV.   PENDING MOTIONS

The Motion for final approval of the class action settlement in these MDL proceedings is set for hearing on April 15, 2010.

There are now two pending Motions in the Opt-Out cases. One is a Motion by Opt-Out Plaintiffs Furgeson, Pintsak and Wertepny to retransfer their cases to the original transferor courts for purposes of summary judgment and trial. (Docket No. 3338) Defendants have opposed the Motion (Docket No. 3416), as has a Third Party Defendant, Mortgage Information Services. (Docket No. 3419) The other Motion is by the Third-Party Defendants for an extension of time to respond to the operative Third-Party Complaint. (Docket No. 3410) Defendants have filed an opposition to a portion of the relief requested by that Motion. (Docket No. 3423) After any replies are filed, both Motions will be submitted to the Court for decisions.

Dated: March 4, 2010 By: /s/ William H. Robertson, V

*Attorneys for Certain Opt-Out Plaintiffs*

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

**CERTIFICATE OF SERVICE**

I, William H. Robertson, V, hereby certify that on this 4th day of March 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ William H. Robertson, V