IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION  _____  THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715  Lead Case No. 05-cv-07097  Centralized before The Honorable Marvin E. Aspen  Magistrate Judge Morton Denlow |

**THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT
OF MOTION FOR EXTENSION OF TIME TO FILE ANSWERS**

In Third-Party Defendants' Motion for Extension of Time to File Answers, Third-Party Defendants seek leave to extend the answer date until after the cases are remanded back to their transferor courts. As explained in that motion, the allegations that the Third-Party Defendants must answer require individualized inquiries and responses. Specifically, each answer will depend on the case-specific circumstances that occurred during the closing of the mortgage loans of each of approximately 1,500 third-party claims made against more than 300 different Third-Party Defendants, and it is both inappropriate and unnecessary for such individualized pleadings to be filed in this multidistrict litigation.

In their Response to the Third-Party Defendants' Motion, the Third-Party Plaintiffs do not contest that answering their Fifth Amended Third Party Complaint ("FATPC") requires unique responses with respect to each claim and each Third-Party Defendant, or that individual answers (as opposed to consolidated answers) are appropriate.

Nevertheless, Third-Party Plaintiffs oppose delaying those individual answers until the cases are remanded to their transferor courts. Citing to Section 1407 of the Federal Judiciary Act (the "MDL statute"), the Third-Party Plaintiffs argue that an answer is a "pretrial proceeding", and that the MDL was created to handle "pretrial proceedings". Thus, Third-Party Plaintiffs conclude that more than 300 individual answers must be filed in the MDL. That over-simplistic syllogism is based on both a wooden and incomplete reading of Section 1407. That statute states as follows:

> a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and *will promote the just and efficient conduct of such actions*. Each action so transferred shall be remanded by the panel at *or before* the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.*

28 U.S.C. § 1407 (emphasis added).

Third-Party Plaintiffs have ignored the essential parts of the MDL statute. First, the entire premise of the MDL is based on the "just and efficient conduct of the actions." Moreover, it is expressly contemplated both that (a) cases may be remanded to the transferor courts *before* the conclusion of the pretrial proceedings; and (b) third-party claims might be remanded before the remainder of the case. Now that this Court has decided the legal issues common to the third-party claims through motion practice, the answers to the Third-Party Complaint are nothing more than the initial step in an individual discovery

process to which the MDL offers no efficiency. The Panel on Multi-District Litigation has indicated that such circumstances favor a remand to the transferor courts. *In Re Factor VIII or IX Concentrate Blood Products Litigation*, 169 F.R.D. 632, 638 (N.D. Ill. 1996) ("the multidistrict proceeding is not the appropriate mechanism for the conduct of case-specific discovery"); *In re Patenaude,* 210 F.3d 135, 145 (3d Cir. 2000) ("Clearly the Panel has the discretion to remand a case when everything that remains to be done is case specific. This does not mean that consolidated proceedings have concluded at the point that only case-specific proceedings remain; rather the court can at that point exercise its discretion to remand 'before the conclusion of pretrial proceedings.'") (Citing 28 U.S.C. § 1407(a)).

Because the only reason for the Third-Party Defendants to file answers in this case is to articulate their specific positions with respect to each of the closings at issue, it serves no interest of justice or efficiency to require all 300+ Third-Party Defendants to prepare and file answers in the MDL. Rather, with respect to third-party claims, the only purpose left for the MDL is the possibility of some type of global mediation, as contemplated in this Court's July 23, 2009 and December 14, 2009 Scheduling Orders. See Dkt. Nos. 2957, 3268.

Notably, Third-Party Plaintiffs have misrepresented the current status of that mediation. In order to preserve a date in Judge O'Connell's mediation schedule, Third-Party Plaintiffs unilaterally scheduled a mediation of the third-party claims for April 28, 2010. As of the filing of this Reply, it is not clear that all of the court-sanctioned prerequisites for that mediation – to which all parties previously agreed – have been satisfied. For example, the December 14, 2009 Scheduling Order requires that mediation cannot occur until "at least 100 Opt-Out Plaintiffs have provided to the Defendants and the corresponding Third-Party

Defendant(s) a numerical computation of the value of his or her rescission claim …." Dkt. No, 3268, at Section 2. Third-Party Plaintiffs have recently forwarded to Third-Party Defendants a list of certain Opt-Out Plaintiffs that would be willing to settle their claims for a certain fixed amount (plus, in some cases, unspecified loan modifications), and Third-Party Defendants are currently evaluating whether this satisfies the requirement for a numerical computation of the value of their claims.

Moreover, the July 23, 2009 Order and the December 14, 2009 Scheduling Order together contemplate a schedule by which Third-Party Defendants and Third-Party Plaintiffs exchange documents related to the loan closings at issue, as well as any contracts that Third-Party Plaintiffs believe exist between Third-Party Plaintiffs and Third-Party Defendants, and that Third-Party Plaintiffs identify by Bates number the contract that governs each claim. Based on the timing specified in the order, this exchange and identification was to take place before the mediation would occur. See Dkt No. 2957, at Section 3 (providing for an exchange of documents within approximately four months from July 23, 2009); Dkt. No. 3268, at Section 1(c) ("within fourteen (14) days of completion of the document exchange contemplated in this Court's July 23, 2009 Order, the Third-Party Plaintiffs shall identify to each Third-Party Defendant, by Bates number, any and all contracts upon which its claim against that Third-Party Defendant is based"). Although most of the active Third-Party Defendants have produced the documents at issue, Third-Party Plaintiffs have not identified the Bates number of a single contract alleged to be at issue in the FATPC. They have agreed to provide at least some of this information "before" the anticipated mediation, but have not specified whether they will provide the information to

every Third-Party Defendant that is entitled to it or how far in advance of the mediation they will provide it.

In fact, it is not at all clear why the Third-Party Plaintiffs require the Third-Party Defendants' answers before proceeding with the mediation, and what information will be contained in those answers that will be useful at the mediation. The parties are in the process of negotiating an appropriate structure for a global mediation, for which Third-Party Plaintiffs do not need individual answers from Third-Party Defendants in order to participate. If they do need individual answers, that is an indication that the mediation will need to be conducted on an individual case-by-case basis and not in the context of this MDL.

By informing the court of their unilaterally scheduled mediation date, the Third-Party Plaintiffs have manufactured the urgency by which they believe answers must be filed. The better approach is to require the parties to satisfy the prerequisites of mediation, participate in the mediation, and then issue a suggestion of remand for any third-party claim which does not settle, with answers to be filed after remand.

## **CONCLUSION**

For these reasons, Third-Party Defendants respectfully request that this Court grant them an extension of time to file their Answers until the cases are remanded back to their transferor forums, or in the alternative, grant them leave to file individual answers within 30 days of the Court's ruling on this motion.

-6-

Dated:  March 5, 2010  By: /s/ Kathryn B. Walter

*Liaison Counsel for Third-Party Defendants and counsel for National Real Estate Information Services, Inc.*

David J. Chizewer
Steven A. Levy
Kathryn B. Walter
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
Telephone (312) 201-4000
Facsimile (312) 332-2196

**CERTIFICATE OF SERVICE**

I, Kathryn B. Walter, hereby certify that on this 5th day of March, 2010, a true and correct copy of the foregoing document was filed electronically using the Court's ECF/electronic mailing system. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kathryn B. Walter