**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO THE ) <br> FOLLOWING INDIVIDUAL ACTIONS: ) <br> ) <br> *Furgeson v. Ameriquest Mortg. Co.*, 04 C 7627, ) <br> *Wertepny v. Ameriquest Mortg. Co.*, 05 CV 1402, ) <br> *Pintsak v. Ameriquest Mortg. Co.*, 05 CV 5035. ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br><br> Centralized before Judge <br> Marvin E. Aspen |

**CERTAIN OPT-OUT PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
TO TRANSFER THEIR CASES BACK TO THE ORIGINAL TRIAL
COURTS FOR SUMMARY JUDGMENT AND TRIAL**

Certain opt-out plaintiffs, Marie Furgeson, William and Sandra Pintsak, and Brett Wertepny, submit the following reply in support of their motion to transfer their cases back to the original trial courts for summary judgment and trial.

**I.      DISCOVERY IS COMPLETE AS TO THESE PLAINTIFFS.**

Ameriquest contends that plaintiffs are somehow attempting to evade this Court's ruling by filing their motion. To the contrary, this Court has conclusively ruled that it will not entertain summary judgment motions of the sort necessary to resolve their claims, and that the originating courts must resolve such motions. The sole reason this Court gave for striking plaintiffs' motion for summary judgment was that "the issue here is not whether Ameriquest could formulate a cogent response to the motion but whether we should address it at all. These factual issues may or may not preclude summary judgment, but they do preclude our review of the present motion. While

we appreciate that *Ferguson* Plaintiffs have waited years for some resolution, our role as transferee court does not allow us to indulge in fact-specific analyses." (Dec. 16, 2009 Order) Plaintiff's motion is therefore a logical response to this Court's ruling – they are merely requesting that this Court use its discretion to transfer their cases back to the originating judges so their summary judgment motions may be resolved.[1]

In fact, it is Ameriquest who is ignoring prior court rulings when it contends that discovery is not concluded for these plaintiffs. Each of the originating courts set discovery cut-offs, complete discovery was conducted, and the cut-offs expired prior to the cases being transferred to the MDL.[2] Contrary to its assertion otherwise, Ameriquest has in fact deposed each and every one of these plaintiffs, at length, and when Ameriquest attempted to redepose them in response to the original filing of the motion for summary judgment, Magistrate Judge Denlow, who is overseeing discovery in this MDL proceeding, granted plaintiffs' motion for a protective order, preventing them

---

[1] Ameriquest claims plaintiffs are "wasting scarce judicial resources" by requesting to be transferred back to their original courts. Ameriquest seems to only be interested in preserving judicial resources when it serves its own purpose of delaying resolution of plaintiffs' meritorious claims ad infinitum. Another Judge in this District has been handling a hotly contested Ameriquest rescission case filed on April 30, 2008 (Case No. 08-cv-02475, Terry et al v. Ameriquest Mortgage Co., et al), involving no less than 612 docket entries. Ameriquest chose not to request a transfer of that clearly related case into the MDL, presumably because those plaintiffs sued the Arnall family along with Ameriquest, and Ameriquest did not want the other individual opt-out plaintiffs to take similar actions. Given the position Ameriquest has taken in the Terry case, it has no business arguing that these plaintiffs are somehow wasting judicial resources.

[2] Mortgage Information Service wonders what effect the addition of AMC Mortgage Services, Inc. and Washington Mutual Bank into the Wertepny case just prior to the discovery cut-off had on the discovery cut-off. The answer is none whatsoever. The two new defendants, the owner and servicer of the Wertepny loan, were represented by the same counsel as the original Ameriquest defendant. Those counsel filed a motion to extend discovery for the limited purpose of deposing Yvonne Wertepny who had been ill, in which they acknowledged the addition of the new parties but made no request for further discovery, apart from the deposition of Mrs. Wertepny, which has since been completed. (Exhibit A)

from redeposing these plaintiffs. See Exhibit B

A third party in the Wertepny case, Mortgage Information Services, has objected to that case being transferred out of the MDL because it has not yet undertaken discovery. It has not indicated what discovery it wishes to take, but plaintiffs' counsel has provided it with a copy of the Wertepny's lengthy deposition transcripts, along with the transcript of the November 14, 2005 Deposition of Stacey Richmond, the individual hired by Mortgage Information Services to conduct the Wertepny loan closing, so that it can see if it truly requires any additional discovery. (Exhibit C) Plaintiffs propose that Mortgage Information Services be required to report at or prior to this Court's April 8, 2010 status hearing as to whether or not it believes it requires any additional discovery after reviewing those transcripts.

Moreover, Mortgage Information Services has no liability for the Wertepnys' rescission claim under the Hamm theory. It is actually to its benefit to allow the Wertepny's motion for summary judgment motion to be decided. While the Wertepny complaint did also allege a blank notice rescission claim for which a title company could have liability, if the Wertepnys prevail on their Hamm motion, that claim will be moot.[3] Given this fact, Mortgage Information Services may wish to withdraw its objection to the Wertepnys' motion.

No third parties have objected to the motion with respect to the Pintsaks and Ms. Furgeson. In fact, the recent Third Party Defendants' Status Report takes a position that is consistent with these plaintiffs' position, contending that "In general, it is likely that the only discovery to be

---

[3] The individual issues Ameriquest has claimed might theoretically exist for these plaintiffs (such as a loan being for a business purpose) would also apply equally to the blank notice rescission claim. Thus, if Ameriquest somehow defeated a summary judgment based on the Hamm decision with that type of factual issue, the ruling would apply equally to defeat a blank notice claim.

done after the mediation will be individual, case specific discovery (including depositions of individual plaintiffs and Third Party Defendants), which is inappropriate for this Multi-District Litigation. Moreover, Third Party Defendants will be unable to participate in any requirement for consolidated Motions for Summary Judgment due to the unique facts and circumstances of their particular cases." (Third Party Defendants' Status Report, Document No. 3444, p. 3) Plaintiffs agree with the Third Party Defendants. Plaintiffs further note that the fact that Judge Denlow has ruled that the depositions of the other individual opt out plaintiffs must be taken in their home districts further supports the position that such discovery is not appropriate in this MDL.

In short, Ameriquest's argument that plaintiffs' motion to transfer should be denied because discovery has not yet completed is misguided, and should be rejected by this Court.

## II.     THESE PLAINTIFFS HAVE ALREADY MEDIATED WITH AMERIQUEST.

Ameriquest also contends that plaintiffs should be required to participate in mediation prior to being allowed to transfer out of the MDL. However, plaintiffs have, through counsel, participated in mediation with Ameriquest. In the mediation, Ameriquest made a uniform offer to all plaintiffs regardless of the strength of their claims, and plaintiffs rejected that offer. While it is true that the parties are attempting to restart the mediation process, and convince the third party defendants to participate, there is no third party title company liability for a rescission claim based on the Hamm theory. The claim is dependent solely on an Ameriquest Truth in Lending disclosure form. Thus, there is no reason to require these particular plaintiffs to wait for the new mediation with the third parties. This is especially true given the recent filing by the Third Party Defendants, which indicates that the Third Party Defendants (1) have not yet agreed to even participate in the upcoming mediation, despite Ameriquest's indications otherwise, and (2) believe that if mediation occurs, it

may need to be "conducted on an individual case-by-case basis and not in the context of this MDL." Third Party Defendants' Reply in Support of Motion for Extension of Time to File Answers, Document No. 3448, pp. 3, 5.

In fact, after discovery was completed in the Wertepny case, it was scheduled for a settlement conference with Magistrate Nolan four years ago (April 26, 2006), which was cancelled after the case was transferred into the MDL just two days earlier on April 24, 2006. These plaintiffs have waited far longer than most of the MDL plaintiffs for their claims to be resolved -- they should not be forced to wait any longer.

### III.    LOCAL RULE 40.3(B)(6) DOES NOT REQUIRE THE DENIAL OF PLAINTIFF'S MOTION.

Ameriquest finally argues that Local Rule 40.3(b)(6) does not allow transfer prior to the completion of consolidated discovery. The Local Rule at issue provides:

> (6) Tag-along cases in multidistrict proceedings. Where a civil case is filed as a potential tag-along action to a multidistrict litigation ("MDL") proceeding pending in the district, it shall be assigned directly to the judge handling the MDL proceeding. The judge handling the MDL proceeding may, at that judge's discretion, transfer to the Executive Committee for reassignment by lot any case assigned pursuant to this Rule that either-
>
>    (A) the MDL panel determines should not be included in the
> MDL proceeding, or
>
>    (B) the judge assigned to the MDL proceeding determines pursuant to Rule 13 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation is not a tag-along case, or
>
>    (C) requires trial following the completion of consolidated discovery.

Plaintiffs are asking the Court to use its discretion under subsection (C) to transfer their cases back to the original trial courts because discovery is already completed in their cases, as

5

confirmed by Judge Denlow in granting their motion for protective order, and because this Court has already held that their summary judgment motion must be heard by the originating court.

Moreover, as noted by the Third Party Defendants, even if discovery had not yet been completed in these cases, the type of discovery that would be necessary is not the sort of "consolidated discovery" that is appropriate for an MDL proceeding, and the MDL rules allow transfer before the conclusion of pretrial proceedings when everything that remains to be done is case specific. 28 U.S.C. §1407(a); In re Fedex Ground Package Sys., 2010 U.S.Dist. LEXIS 5757, *10 (N.D.Ind. Jan. 22, 2010) ("Justice is not served by making these plaintiffs wait without progress while other cases move forward through the summary judgment stage, just because later ADR might produce a settlement.")

Requiring plaintiffs to wait while Ameriquest deposes hundreds of other individual opt-out plaintiffs whose cases have nothing to do with plaintiffs' cases, and whose cases were filed years later than plaintiffs' cases,[4] serves no purpose other than to further delay justice for these plaintiffs, whose Hamm claims have already been decided in their favor by the Seventh Circuit. These plaintiffs have waited long enough. Their motion to transfer should be granted.

## CONCLUSION

For the reasons stated above and in plaintiffs' motion, plaintiffs request that this Court transfer their cases to the Executive Committee for reassignment.

---

[4] Ms. Furgeson filed her lawsuit on November 23, 2004. The Wertepnys filed suit on March 9, 2005. The Pintsaks filed suit on August 31, 2005. The MDL was not created until December, 2005, and new cases have been filed and added to the MDL as recently as August 31, 2009. (Exhibit D)

Respectfully submitted,

s/ Tara L. Goodwin
Tara L. Goodwin

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. La Salle Street, 18th Floor
Chicago, Illinois, 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Tara L. Goodwin, hereby certify that on March 8, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Notice will also be sent by U.S. Mail to parties that do not have access to the Court's electronic filing system.

s/ Tara L. Goodwin
Tara L. Goodwin

*Attorneys for Plaintiffs*
Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)