# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRETT WERTEPNY and YVONNE WERTEPNY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )    No. 05 C 1402 |
| AMERIQUEST MORTGAGE COMPANY, WASHINGTON MUTUAL BANK, FA, and AMC MORTGAGE SERVICES, INC. | ) )    Judge Nordberg ) ) |
| Defendant. | ) ) |

### NOTICE OF MOTION

To:    Daniel A. Edelman
       James O. Latturner
       Al Hofeld
       Edelman, Combs, Latturner & Goodwin, LLC
       120 South LaSalle Street
       18th Floor
       Chicago, Illinois 60603

PLEASE TAKE NOTICE that I shall appear before the Honorable Judge Nordberg, or any judge sitting in his stead in Room 1801 of the United States District Courthouse located at 219 South Dearborn Street, Chicago, Illinois, on Wednesday, October 19, 2005, at 2:30 p.m., or as soon thereafter as counsel may be heard and then and there present the attached **Defendant's (Agreed) Motion For Limited Extension Of Discovery**, a copy of which is hereby served upon you.

Dated: October 17, 2005         **AMERIQUEST MORTGAGE COMPANY,**
                                **Defendant**


                                By:  s/Jonathan N. Ledsky
                                     One of its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 S. Michigan Avenue, Suite 350
Chicago, Illinois   60604-2507
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Notice of Motion** was served electronically/facsimile upon counsel of record:

**James O. Latturner (jlatturner@edcombs.com)**

**Al Hofeld, III (ahofeld@edcombs.com)**

**Daniel A. Edelman (via facsimile) (312) 419-0379**

by the filing of said document through the Court's electronic filing system this 17th day of October,

2005.

s/Jonathan N. Ledsky _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT WERTEPNY and<br>YVONNE WERTEPNY, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05 C 1402 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Nordberg |
| WASHINGTON MUTUAL BANK, FA, and | ) | |
| AMC MORTGAGE SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S (AGREED) MOTION FOR LIMITED EXTENSION OF DISCOVERY**

Defendant Ameriquest Mortgage Company ("Ameriquest"), with the agreement of Plaintiff, moves this Court for a limited extension of discovery. In support of its motion, Ameriquest states as follows:

1.    Previously, this Court set a discovery closure in this case. Presently, fact discovery is scheduled to close October 17, 2005.

2.    The parties have been diligently conducting discovery.

3.    On August 16, 2005, Plaintiff was given leave to file an amended complaint, adding two new Defendants (AMC Mortgage Services, Inc. and Washington Mutual Bank, FA) as parties. Plaintiff has yet to serve the newly added Defendants.

4.    Ameriquest requests additional time for discovery for the limited purpose of deposing Plaintiff Yvonne Wertepny. Due to Ms. Wertepny's health, Ms. Wertepny could not attend a deposition for the originally noticed date. See Ameriquest's counsel's letter, of October 3, 2005, attached hereto. Plaintiff's counsel promised to alert Ameriquest's counsel when Ms. Wertepny was able to attend a deposition. Ms. Wertepny's counsel has yet to inform Ameriquest's

counsel of Ms. Wertepny's ability to attend a deposition or provide possible deposition dates for Ms. Wertepny.

    5.      Additionally, Plaintiffs' desire to depose Stacy Richmond, the person who may have conducted Plaintiffs' loan closing.

    6.      Plaintiff's counsel agrees to Ameriquest's request.

    WHEREFORE, Ameriquest Mortgage Company, requests that this Court enter an order extending discovery for 30 days, or until November 16, 2005, for the limited purpose of deposing Ms. Wertepny and Ms. Richmond.

Dated: October 17, 2005        **AMERIQUEST MORTGAGE COMPANY, Defendant**


                By:  s/Jonathan N. Ledsky_____
                             One of its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
224 S. Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312) 341-9400
(312) 341-2900 (facsimile)

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Defendant's (Agreed) Motion For Limited Extension Of Discovery** was served

electronically/facsimile upon counsel of record:

**James O. Latturner (**jlatturner@edcombs.com**)**

**Al Hofeld, III (ahofeld@edcombs.com)**

**Daniel A. Edelman (via facsimile) (312) 419-0379**

by the filing of said document through the Court's electronic filing system this 17th day of October,

2005.

s/Jonathan N. Ledsky

# VARGA BERGER LEDSKY HAYES & CASEY

A PROFESSIONAL CORPORATION

## ATTORNEYS AT LAW

SANTA FE BUILDING
224 SOUTH MICHIGAN AVENUE
SUITE 350
CHICAGO, ILLINOIS 60604-2507

TELEPHONE: 312-341-9400
FACSIMILE: 312-341-2900

JONATHAN N. LEDSKY
(312) 341-9840

jledsky@vblhc.com

October 3, 2005

**VIA FACSIMILE**

Mr. Al Hofeld
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, Illinois  60603

      Re:    <u>Wertepny v. Ameriquest Mortgage Company</u>
             No. 05 C 1402

Dear Al:

      As you know, Defendant Ameriquest Mortgage Company noticed Yvonne Wertepny's deposition for August 29, 2005.  Prior to August 29, you informed me that Ms. Wertepny had recently been hospitalized and requested that we postpone Ms. Wertepny's deposition until a later date.  Discovery is set to close October 17, 2005.  Please advise me if Ms. Wertepny is now healthy enough to sit for her deposition, and, if so, please propose several possible dates for her deposition. Thank you.

                     Very truly yours,

                     Jonathan N. Ledsky

JNL/sto

# EXHIBIT B

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.2
### Eastern Division

Ameriquest Mortgage Company, et al.

                                        Plaintiff,

v.                                                    Case No.: 1:05−cv−07097
                                                      Honorable Marvin E. Aspen

Ameriquest Mortgage Company, et al.

                                        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, September 25, 2008:

     MINUTE entry before the Honorable Morton Denlow:Motion hearing held on 9/25/2008. Plaintiffs' motion for protective order as to the six plaintiffs [2353] is granted without prejudice. Plaintiffs' motion for protective order [2348] is granted. Plaintiffs need not appear in Chicago for their depositions. Motions terminated: Mailed notice(dmk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS: | ) ) ) ) | Centralized before Judge Marvin E. Aspen |
| *Furgeson v. Ameriquest Mortg. Co., 04 C 7627,* <br> *Salazar v. Ameriquest Mortg. Co., 05 C 4162,* <br> *Jimenez v. Ameriquest Mortg. Co., 05 C 1009,* <br> *Wertepny v. Ameriquest Mortg. Co., 05 CV 1402,* <br> *Harris v. Ameriquest Mortg. Co., 05 CV 4025, and* <br> *Pintsak v. Ameriquest Mortg. Co., 05 CV 5035* | ) ) ) ) ) ) | |

## <u>PLAINTIFFS' MOTION FOR PROTECTIVE ORDER</u>

Plaintiffs Marie Furgeson, Sergio Salazar, Guadalupe Salazar, Nelson Jimenez,

Melinda Jimenez, Brett Wertepny, Yvonne Wertepny, William Pintsak, and Sandra Pintsak

(collectively, "plaintiffs") hereby request, pursuant to Fed. R. Civ. P. 26(c), that this Court enter

an order to protect plaintiffs in the above-captioned cases from the undue burden of being

deposed for the second time.

In support of their motion, Plaintiffs state as follows:

1.    The lawsuits for all six plaintiffs were filed at least three years ago.

        a.    Ms. Furgeson filed her lawsuit on November 23, 2004.

        b.    The Salazars filed their lawsuit on July 19, 2005.

        c.    The Jimenezes filed their lawsuit on February 18, 2005.

        d.    The Wertepnys filed their lawsuit on March 9, 2005.

1

       e.      Ms. Harris filed her lawsuit on July 12, 2005.

       f.      The Pintsaks filed their lawsuit on August 31, 2005.

2.      Plaintiffs and defendant Ameriquest Mortgage Co. ("Ameriquest") have already engaged in extensive discovery. In the case of Ms. Furgeson, discovery has already closed. Each of the plaintiffs listed herein has already been deposed by Ameriquest.[1] Plaintiffs were deposed on the following dates:

| | | |
|---|---|---|
| a. | Marie Furgeson: | August 26, 2005 |
| b. | Guadalupe & Sergio Salazar: | March 20 & 21, 2006 |
| c. | Nelson & Melinda Jimenez: | August 20 & Sept. 1, 2005 |
| d. | Brett & Yvonne Wertepny: | August 29 & Nov. 11, 2005 |
| e. | Castella Williams Harris: | March 9, 2006 |
| f. | William & Sandra Pintsak: | Feb. 22 & March 22, 2006 |

3.      On October 17, 2007, the Seventh Circuit ruled in the matter of *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th. Cir. 2007), *cert. denied*, 2008 U.S. LEXIS 2714 (March 24, 2008). In *Hamm*, the court held that the same TILA Disclosure Statement at issue in the instant cases violates the Truth in Lending Act ("TILA") because it does not explicitly state the payment period terms. *Id.* at 527, 531. The Seventh Circuit's ruling was not dependent on any facts unique to the *Hamm* case. Thus, factual inquiries are not required in the instant cases; the only issue is whether plaintiffs were given the TILA Disclosure Statements in question that

---

[1] Marie Furgeson's transcript is 172 pages long, with 178 pages of exhibits. Nelson Jimenez's transcript is 175 pages, with 414 pages of exhibits. Melinda Jimenez's transcript is 214 pages, with 406 pages of exhibits. Brett Wertepny's transcript is 178 pages, with 203 pages of exhibits. Yvonne Wertepny's transcript is 153 pages.

did not explicitly state the payment terms of their mortgage loans. This issue simply does not necessitate additional depositions.

    4.    On August 22, 2008, more than three years since filing their cases and after engaging in extensive discovery, plaintiffs moved for partial summary judgment on their respective rescission claims. The legal basis for the motion for partial summary judgment is the same issue the Seventh Circuit decided in *Hamm*—that the TILA Disclosure Statements issued to plaintiffs do not fully disclose the repayment schedules or the due dates of payments under the loans in violation of the Truth In Lending Act ("TILA") and Regulation Z, 15 U.S.C. § 1638(a)(6), 12 C.F.R. § 226.18(g) and FRB Commentary on Regulation Z, [12 C.F.R. part 226 Supp. I] par. 18(g).

    5.    On August 25, 2008, the Court entered a briefing schedule requiring defendants to respond to plaintiffs' motion for summary judgment by September 29, 2008 and plaintiffs to reply by October 14, 2008. (Dkt. No. 2311).

    6.    On August 27, 2008, defendants filed certain objections to plaintiffs' motion for summary judgment and related documents. (Dkt. No. 2337).

    7.    On August 29 and 30, 2008, counsel for Ameriquest sent deposition notices to counsel for plaintiffs, Michael Aschenbrener. (<u>Exhibit A</u>). The depositions for plaintiffs were noticed to commence on September 11, 2008.

    8.    Of the fourteen depositions noticed by Ameriquest, nine were noticed for plaintiffs who have already been deposed by Ameriquest in their respective cases. Re-deposing persons requires leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii). Ameriquest failed to obtain

3

leave of court before noticing these nine depositions.

9.     On September 2, 2008, counsel for plaintiffs, Tara Goodwin, sent a letter to counsel for Ameriquest, Randall Manvitz, explaining that nine of the fourteen plaintiffs have already been deposed and that defendants did not seek leave of court to redepose them, as required by Fed. R. Civ. P. 30(a)(2)(A)(ii).  Ms. Goodwin further explained that she would determine the availability of the plaintiffs who had not yet been deposed.  (Exhibit B).  This motion does not relate to those plaintiffs who have not yet been deposed; those plaintiffs will be produced for deposition.

10.     On September 5, 2008, members of the Individual Claimants Steering Committee, including counsel for plaintiffs, participated in a conference call with counsel for defendants to discuss a number of pending matters related to the MDL.  During that call, counsel for defendants, Bernie LeSage, indicated that defendants planned to take depositions of those persons who have already been deposed, despite plaintiffs' counsel's opposition.

11.     On September 5, 2008, counsel for defendant, Randall Manvitz, replied to Ms. Goodwin by letter.  In that letter, counsel indicated that defendant planned to depose those persons who have already been deposed.  (Exhibit C).

12.     On September 8, 2008, counsel for plaintiffs, Michael Aschenbrener, and counsel for defendants, Randall Manvitz, met and conferred via telephone in accordance with Local Rule 37.2 in a further attempt to resolve the parties' discovery dispute regarding depositions of plaintiffs who have already been deposed in their respective cases.

4

13.     Pursuant to Fed. R. Civ. P. 26(c)(1), Michael Aschenbrener certifies that counsel for plaintiffs have conferred with counsel for defendant in good faith to resolve this dispute without court action, but the parties have been unable to resolve their dispute.

14.     Plaintiffs move the court for a protective order because they have already been deposed at length in their respective cases; additional depositions are oppressive and an undue burden.

15.     Moreover, additional depositions are unnecessary for Ameriquest to respond to plaintiffs' motion for partial summary judgment. The issue before the Court is purely legal in nature having already been resolved by the Seventh Circuit in *Hamm*. Accordingly, there are no new facts for defendant to discover that will aid it in responding to plaintiffs' motion.

16.     Because additional depositions of plaintiffs already deposed cannot aid the litigation, allowing them will serve no purpose other than to harass plaintiffs and waste Ameriquest's scarce financial resources.

17.     Defendant claims that new depositions are appropriate because new defendants and allegations have been added to plaintiffs' complaints. Regarding the added defendants, the only new parties are the loans' respective owners and servicers, and the allegations made against these entities are identical to the allegations made against Ameriquest Mortgage Co. In other words, the information discovered at plaintiffs' prior depositions apply with equal force to the new parties. Thus, the new parties have no reason to depose plaintiffs for a second time other than to harass and intimidate them. Furthermore, only Ameriquest noticed

5

the depositions, not any other party, so Ameriquest's argument that other defendants need to take plaintiffs' depositions does not even make sense. (Exhibit A).

18.   Regarding the allegations added since their initial depositions, the Jimenezes and Wertepnys only have their existing TILA rescission claims. Thus, there is no reason to redepose them under any circumstances. The Salazars, Pintsaks, and Ms. Harris amended their complaints after their depositions to add allegations of breach of contract for fraudulent loan discount fees. These allegations are against Ameriquest only, so there is no reason for new defendants to depose them regarding this claim. Finally, Ms. Furgeson added a breach of contract claim for fraudulent loan discount fees and a claim under the Illinois Consumer Fraud Act after her deposition. These claims are also against Ameriquest only, so once again, the new allegations do not provide a sufficient basis for an additional deposition.

19.   Ameriquest has also wrongly asserted to plaintiffs that depositions are necessary because it needs to determine plaintiffs' respective abilities to repay the loans. This is incorrect. "TILA explicitly states that the obligor's duty only arises once 'the creditor's obligations under [TILA]' are completed." *Lippner v. Deutsche Bank Nat'l Trust Co.*, 544 F. Supp. 2d 695, 702 (N.D. Ill. 2008) (quoting TILA, 15 U.S.C. § 1635(b)). In other words, the lender must rescind before the borrower's ability to repay the loan is an issue. *Id.* ("TILA clearly requires that the creditor satisfy its obligations relating to the rescission *prior* to any obligation by the obligor to pay the balance of the loan." (emphasis in original)); *Velazquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 2d 1043, 1045 (N.D. Ill. 2003) ("In fact, the statute and the regulations are explicit that the consumer need not return money or property to the creditor until *after* the

6

creditor has fulfilled its obligations under the statute." (emphasis in original) (internal citations omitted)).

20.    Furthermore, the Wertepnys have already refinanced their loans, which means that they are entitled to full compensation for the value of rescission. *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 765-66 (7th Cir. 2006). Because their remedy does not involve paying off the existing loan, this issue is completely moot for them.

21.    Defendant also falsely believes it is entitled to discovery on the issue of whether plaintiffs continue to use their respective properties for consumer purposes after their prior depositions. Whether a credit transaction is for "personal, family or household" purposes, and thus subject to TILA, is determined at the time of the transaction. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. and Echevarria, McCalla, Raymer, Barrett, and Frappier*, 214 F.3d 872, 874-75 (7th Cir. 2000). Ameriquest has already had the opportunity to depose plaintiffs regarding the nature of the transaction at the time of the transaction. Nothing that has occurred since then could alter the consumer nature of these loans. Again, allowing Ameriquest to depose plaintiffs for a second time will not aid litigation and will only serve to unduly burden plaintiffs.

22.    Finally, Ameriquest claims it requires the depositions to ascertain whether any of the plaintiffs have filed for bankruptcy since their prior depositions. But whether any plaintiffs have filed for bankruptcy is a matter of public record. Defendant already has all pertinent contact information for plaintiffs, including social security numbers. Defendant can easily conduct a search of public bankruptcy records—a task that can be completed online in a

7

matter of minutes by any staff member of defendant's counsel—to determine whether any plaintiff has filed for bankruptcy. Certainly, a deposition is not necessary to discover this information. At most, defendant might issue written discovery, but under no circumstances are depositions necessary.[2]

23. In addition to the depositions, defendant attached a set of documents to the deposition notices. (Exhibit A). The set encompasses forty-eight (48) discrete requests and includes requests such as Request No. 47, "All Documents Relating To any agricultural use of any property owned by You. . . . " These requests—many of which do not even potentially relate to plaintiffs' rescission claims—are unduly burdensome and appear designed purely to harass and intimidate plaintiffs.

24. Because the legal issue underlying plaintiffs' motion for partial summary judgment is already settled in plaintiffs' favor, and because depositions could not possibly lead to information relevant to defending plaintiffs' motion for partial summary judgment, plaintiffs ask the Court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) to protect them from the undue burden of being deposed for the second time.[3]

---

[2]Ameriquest's arguments regarding plaintiffs' financial situations, principal dwellings, and bankruptcy statuses (*see supra* ¶¶ 19-22) could be used to attempt to justify repeated depositions of plaintiffs in their individual Ameriquest MDL cases. Plaintiffs urge the Court not to set this precedent.

[3]In the event the Court denies the instant motion, plaintiffs reserve the right to contest the location (Chicago) of the deposition of Marie Ferguson. Ms. Ferguson filed her case in the U.S. District Court for the Central District of Illinois and resides in Springfield, Ill.

WHEREFORE, plaintiffs respectfully request that this Court enter an to protect plaintiffs in the above-captioned cases from the undue burden of being deposed for the second time.

Respectfully Submitted,


s/ Michael J. Aschenbrener
Michael J. Aschenbrener


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

9

## CERTIFICATE OF SERVICE

I, Michael J. Aschenbrener, hereby certify that on September 10, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com, glewi@lchb.com, rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skikoler@muchshelist.com

Gary Edward Klein
klien@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com, sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfaucher.com,
jramirez@millerfaucher.com,
snyland@millerfaucher.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi

drizzi@millerfaucher.com

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

s/Michael J. Aschenbrener
Michael J. Aschenbrener

*Attorneys for Plaintiffs*
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>FURGESON V. AMERIQUEST MORTG. CO. ET AL., 04-CV-7627, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR MARIE FURGESON** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Marie Furgeson, beginning at 9:00 a.m. on September 11, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Marie Furgeson is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED:  August 29, 2008

BUCHALTER NEMER
A Professional Corporation

By: _/s/ Randall L. Manvitz_
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

Case No. MDL No. 1715
AMQ NOTICE OF DEPOSITION FOR MARIE FURGESON

BN 2224169v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| SALAZAR V. AMERIQUEST MORTG. CO. ET AL., 05-CV-4162, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR SERGIO SALAZAR** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Sergio Salazar, beginning at 9:00 a.m. on September 12, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Sergio Salazar is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

                                BUCHALTER NEMER
                                A Professional Corporation

                                By: _/s/ Randall L. Manvitz_
                                     RANDALL L. MANVITZ
                                     Attorneys for Defendant
                                AMERIQUEST MORTGAGE COMPANY

                                Randall L. Manvitz, Esq.
                                BUCHALTER NEMER,
                                A Professional Corporation
                                333 Market Street, Suite 2500
                                San Francisco, CA 94105

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| SALAZAR V. AMERIQUEST MORTG. CO. ET AL., 05-CV-4162, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR GUADALUPE SALAZAR** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Guadalupe Salazar, beginning at 9:00 a.m. on September 15, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

BN 2224169v1

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Guadalupe Salazar is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

BUCHALTER NEMER
A Professional Corporation

By: _/s/ Randall L. Manvitz_
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>SMITH V. AMERIQUEST MORTG. CO. ET AL., 05-CV-648, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR NELSON JIMENEZ** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Nelson Jimenez, beginning at 9:00 a.m. on September 16, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

BN 2224169v1

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Nelson Jimenez is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

BUCHALTER NEMER
A Professional Corporation

By: _/s/ Randall L. Manvitz_
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>SMITH V. AMERIQUEST MORTG. CO. ET AL., 05-CV-648, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR MELINDA JIMENEZ** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Melinda Jimenez, beginning at 9:00 a.m. on September 17, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

BN 2224169v1

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Melinda Jimenez is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED:  August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By:  /s/ Randall L. Manvitz
        RANDALL L. MANVITZ
        Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>JIMENEZ V. AMERIQUEST MORTG. CO. ET AL., 05-CV-1009, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR GILBERT TREADWELL** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Gilbert Treadwell, beginning at 9:00 a.m. on September 18, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Gilbert Treadwell is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED:  August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By:  /s/ Randall L. Manvitz
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

Case No. MDL No. 1715
AMQ NOTICE OF DEPOSITION FOR GILBERT TREADWELL

BN 2224169v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| JIMENEZ V. AMERIQUEST MORTG. CO. ET AL., 05-CV-1009, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR GENELLE TREADWELL** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Genelle Treadwell, beginning at 9:00 a.m. on September 19, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Genelle Treadwell is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED:  August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By: ___/s/ Randall L. Manvitz_____
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

Case No. MDL No. 1715
**AMQ NOTICE OF DEPOSITION FOR GENELLE TREADWELL**

BN 2224169v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>TREADWELL V. AMERIQUEST MORTG. CO. ET AL., 05-CV-1078, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR EARL KEY** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Earl Key, beginning at 9:00 a.m. on September 22, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Earl Key is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED:  August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By: _/s/ Randall L. Manvitz_
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| KEY V. AMERIQUEST MORTG. CO. ET AL., 05-CV-1077, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR BRENT WERTEPNY** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Brent Wertepny, beginning at 9:00 a.m. on September 23, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Brent Wertepny

is requested to produce at the deposition, the original and all copies of all documents described in

Appendix "A" attached.

DATED: August 29, 2008                 BUCHALTER NEMER
                                                A Professional Corporation


By:   */s/ Randall L. Manvitz*
                     RANDALL L. MANVITZ
                     Attorneys for Defendant
          AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

BN 2224169v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

THIS DOCUMENT RELATES TO:

KEY V. AMERIQUEST MORTG. CO. ET
AL., 05-CV-1077,

MDL Docket No. 1715

Lead Case No. 05-cv-07097

Centralized before The Honorable Marvin E.
Aspen

**DEFENDANT AMERIQUEST MORTGAGE
COMPANY'S NOTICE OF DEPOSITION
FOR YVONNE WERTEPNY**

    **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Yvonne Wertepny, beginning at 9:00 a.m. on September 24, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

    The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Yvonne Wertepny is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED:  August 29, 2008

BUCHALTER NEMER
A Professional Corporation

By:  /s/ Randall L. Manvitz
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| WERTEPNY V. AMERIQUEST MORTG. CO. ET AL., 05-CV-1402, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR KING SMITH** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, King Smith, beginning at 9:00 a.m. on September 25, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), King Smith is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

BUCHALTER NEMER
A Professional Corporation

By: _/s/ Randall L. Manvitz_
        RANDALL L. MANVITZ
        Attorneys for Defendant
    AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>HARRIS V. AMERIQUEST MORTG. CO. ET AL., 05-CV-4025, | DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR WILLIAM PINTSAK |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, William Pintsak, beginning at 9:00 a.m. on September 26, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), William Pintsak is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By: _/s/ Randall L. Manvitz_
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>HARRIS V. AMERIQUEST MORTG. CO. ET AL., 05-CV-4025, | DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR SANDRA PINTSAK |

      **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Sandra Pintsak, beginning at 9:00 a.m. on September 22, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

      The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Sandra Pintsak is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By: _/s/ Randall L. Manvitz_
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>MILLS V. AMERIQUEST MORTG. CO. ET AL., 05-CV-3976 | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR DELOIS MILLS** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Delois Mills, beginning at 9:00 a.m. on September 29, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Delois Mills is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By:  /s/ Randall L. Manvitz
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

MDL Docket No. 1715

Lead Case No. 05-cv-07097

Centralized before The Honorable Marvin E. Aspen

THIS DOCUMENT RELATES TO:

PINTSAK V. AMERIQUEST MORTG. CO. ET AL., 05-CV-5035.

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR CASTELLA WILLIAMS HARRIS**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Castella Williams Harris, beginning at 9:00 a.m. on October 1, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Castella Williams Harris is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008

BUCHALTER NEMER
A Professional Corporation


By: _/s/ Randall L. Manvitz_
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

Case No. MDL No. 1715
AMQ NOTICE OF DEPOSITION FOR CASTELLA WILLIAMS HARRIS
BN 2224169v1

## APPENDIX "A"

### DEFINITIONS

1.    "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

2.    "Complaint" means the most recent Complaint filed by You in this Action.

3.    "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

4.    "Defendant" or "Defendants" means Ameriquest Mortgage Company.

5.    "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6.    "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7.    "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8.    "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9.    "Person" or "Persons" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

10.    "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

11.    "Property" means real estate which was security for any loan You received from a Defendant.

12.    "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

13.    "You" "Your" and "PLAINTIFF" means the Plaintiff named in Notice of Deposition, his/her agents, employees and all other Person acting or purporting to act on his/her behalf.

## INSTRUCTIONS

1.    The PLAINTIFF is required to produce requested Loan Documents as they have been kept by the PLAINTIFF in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2.    The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

2

Defendant No. MDL No. 1715
AMERIQUEST DEPO. NOTICE APPENDIX A

3.      Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 1999 to the date of Your production.

4.      If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

5.      If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

6.      Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

7.      If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

8.      These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

9.      Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are

3                    Defendant No. MDL No. 1715
                     AMERIQUEST DEPO. NOTICE APPENDIX A

directed, pursuant to FRCP 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Defendant without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**
    All Documents Relating To Defendant.

**REQUEST NO. 2:**
    All Documents provided to You by Defendant.

**REQUEST NO. 3:**
    All Documents You have provided to Defendant.

**REQUEST NO. 4:**
    All Documents that were present at the Loan Closing.

**REQUEST NO. 5:**
    All Documents Relating To any Communication(s) You have had with any person (excluding privileged communications with Your attorneys) regarding any of the matters alleged in the Complaint.

**REQUEST NO. 6:**
    All Documents which identify any Person who has knowledge concerning any of the matters alleged in the Complaint.

**REQUEST NO. 7:**
    All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 8:**
    All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 9:**
    All Documents Relating To the allegations, assertions, facts or claims in the Complaint, including, but not limited to, transcribed testimony, any writings made with respect to You or Your attorneys' interviews of such Person, or any other such Documents.

Defendant No. MDL No. 1715
AMERIQUEST DEPO. NOTICE APPENDIX A

BN 2224107v1

**REQUEST NO. 10:**

All Documents Relating To any Communications between You and any Person regarding the subject matter of the Complaint.

**REQUEST NO. 11:**

All Documents Relating To any products or services offered or provided to You by Defendant.

**REQUEST NO. 12:**

All Documents Relating To any transactions between You and Defendant, or any alleged affiliate of Defendant.

**REQUEST NO. 13:**

All Documents Relating To any Communications involving You Relating To Defendant, or any alleged affiliate of Defendant.

**REQUEST NO. 14:**

All Documents Relating To any products or services offered or provided by any lender to You after January 1, 2000.

**REQUEST NO. 15:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 16:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 17:**

Documents sufficient to identify Your income, expenses, assets, debt, and liabilities for each year between January 2003 and the present.

**REQUEST NO. 18:**

All Documents showing bank account deposits maintained or drawn upon by You at any time from January 1, 2002 to the present, including periodic statements for any checking account, savings account, money market, or any other type of account in which You are or were a user, signatory, beneficiary or other type of person with access to the account.

Defendant No. MDL No. 1715
AMERIQUEST DEPO. NOTICE APPENDIX A

**REQUEST NO. 19:**

All Documents for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from 2005 to the present.

**REQUEST NO. 20:**

All Documents for any stock purchase accounts, mutual fund account, or any other investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from 2005 to the present.

**REQUEST NO. 21:**

All periodic statements for any credit card, debit card, or any other type of card You used for purchases from 2005 to the present, including any and all Documents reflecting the status of any payments, late payments, card termination, or debt collection efforts.

**REQUEST NO. 22:**

All Documents or records of property taxes assessed, paid, or owed on any real property that was owned in whole or in part by You on or after 2005.

**REQUEST NO. 23:**

All credit reports, credit statements, or other Documents reflecting Your credit score or status from January 2005 to the present.

**REQUEST NO. 24:**

Documents sufficient to identify Your debt outstanding from January 2005 through the present.

**REQUEST NO. 25:**

All Documents Relating To the value of the Property at any time from January 2005 to the present including any appraisals or valuations.

**REQUEST NO. 26:**

Any credit application or other statement of Your income, assets, or debt at any time from January 2003 to the present.

**REQUEST NO. 27:**

All Documents Relating To Communications between You and Defendant.

Defendant No. MDL No. 1715
AMERIQUEST DEPO. NOTICE APPENDIX A

**REQUEST NO. 28:**

    All Documents Relating To Your Loan from Defendant including Loan Documents.

**REQUEST NO. 29:**

    All Documents Relating To Your Communications with a mortgage broker.

**REQUEST NO. 30:**

    All Documents Relating To any loan obtained by You or any attempts by You to obtain a loan from January 1, 2005 to the present.

**REQUEST NO. 31:**

    All Documents Relating To any credit obtained by You which You challenged or about which You complained.

**REQUEST NO. 32:**

    All Documents Relating To any bankruptcy proceeding filed by You.

**REQUEST NO. 33:**

    All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 34:**

    All Documents Relating To any complaints, grievances, or reports made by You to any Person Relating To Defendant.

**REQUEST NO. 35:**

    All Documents Relating To Your attempts to rescind a Loan from Defendant.

**REQUEST NO. 36:**

    All Documents which You contend support Your allegations, claims, or requests for statutory, actual, attorneys' fees, costs or punitive damages in the Complaint.

**REQUEST NO. 37:**

    All Documents Relating To any injury or damages that You claim to have suffered as a result of the allegations in the Complaint.

**REQUEST NO. 38:**

    All Documents supporting Your contention that You are able to meet Your tender obligations or which otherwise show that You are financially able to reimburse Defendant for any Loan Proceeds paid to You or on Your behalf.

Defendant No. MDL No. 1715
AMERIQUEST DEPO. NOTICE APPENDIX A

BN 2224107v1

**REQUEST NO. 39:**

    All Documents supporting Your contention that You have sustained damages as a result of any act or omission of Defendant.

**REQUEST NO. 40:**

    All Documents Relating To Your purchase or sale of the Property.

**REQUEST NO. 41:**

    Documents sufficient to show Your current ownership interest in the Property.

**REQUEST NO. 42:**

    All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 43:**

    All Documents Relating To any effort to refinance the Loan.

**REQUEST NO. 44:**

    All Documents which You contend support Your allegations in the Complaint.

**REQUEST NO. 45:**

    All Documents Relating To any rental property owned by You at any time from January 2000 to the present.

**REQUEST NO. 46:**

    All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

**REQUEST NO. 47:**

    All Documents Relating To any agricultural use of any property owned by You such as for the production, harvest, exhibition, marketing, transportation, processing or manufacture of agricultural products, the care of livestock, farmland, real property with a farm residence, and personal property and services used in farming.

BN 2224107v1

**REQUEST NO. 48:**

    All Documents Relating To Your use or intended use of the Loan Proceeds.


DATED:  August 29, 2008               Buchalter Nemer
                                         A Professional Corporation



                                       By:_____/s/ Randall L. Manvitz_____
                                           Randall L. Manvitz
                                         Attorneys for Defendant
                                   AMERIQUEST MORTGAGE COMPANY

                                   Randall L. Manvitz, Esq.
                                   Buchalter Nemer,
                                   A Professional Corporation
                                   333 Market Street, Suite 2500
                                   San Francisco, CA 94105

# EXHIBIT B

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
### 120 S. LaSalle Street, 18th floor
### Chicago, Illinois 60603-3403
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)

September 2, 2008

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105
(415) 227-0770

RE: Deposition Notices for: Marie Furgeson, Sergio & Guadalupe Salazar,
Nelson & Melinda Jimenez, Brett & Yvonne Wertepny, Castella Williams
Harris, William and Sandra Pintsak, and others

Dear Randall:

We are in your receipt of the deposition notices you delivered to our office today. Initially, we
assume that you intend to depose each plaintiff about their own respective individual case, and
not about some other plaintiffs' case, as many of the deposition notices indicate. Please advise
us if this is not the case.

In addition, please be advised that the following plaintiffs have already been deposed on the dates
indicated below, as you should be well aware:

| | |
|---|---|
| Marie Furgeson | August 26, 2005 |
| Sergio & Guadalupe Salazar | March 21, 2006 and March 20, 2006 |
| Nelson & Melinda Jimenez | August 20, 2005 and September 1, 2005 |
| Brett & Yvonne Wertepny | August 29, 2005 and November 11, 2005 |
| Castella Williams Harris | March 9, 2006 |
| William & Sandra Pintsak | February 22, 2006 and March 22, 2006 |

There is absolutely no basis for your request to redepose these plaintiffs, your attempt to
redepose them without leave of court is in violation of Fed.R.Civ.P. 30(a), and we will move for
a protective order if you do not immediately withdraw your notices as to the above listed
plaintiffs.

As to the other plaintiffs, we will contact our clients and determine their availability on the dates
requested and get back to you as soon as possible. We will also be contacting you shortly
regarding our objections to certain of the document requests in the document rider.

Please let us know right away whether or not you will agree to withdraw the deposition notices for the above listed clients.   If we do not hear from you by September 5, 2008 regarding this matter, we will file a motion for a protective order.

Sincerely yours,


Tara L. Goodwin

cc: Bernard LeSage, 213-896-0400

# EXHIBIT C

Sep-05-08   05:26pm   From-Buchalter Nemer SF                    +              T-379  P.002/003  F-781

# BuchalterNemer
A Professional Law Corporation

333 MARKET STREET, 25TH FLOOR, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: 1.7526.0723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

September 5, 2008

Tara Goodwin, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

Re:   *In re: Ameriquest Mortgage Company Mortgage Lending Practices Litigation*
      MDL No. 1715

Dear Tara:

This letter responds to yours dated September 2, 2008 and follows up from today's teleconference. On August 29, 2008, Ameriquest noticed the depositions of all of the plaintiffs who have filed motions for summary judgment in order to oppose the motions. A deposition scheduling conference was requested for Tuesday, September 2. Instead of agreeing to attend the conference, we received your letter stating that you would provide available dates and objecting to 10 of the 15 depositions.

As an initial matter, we have not received any dates when your deponents are available for deposition. During today's conference, Plaintiffs suggested that the motions for summary judgment should be delayed so that all plaintiffs could file their motions for summary judgment at once. Taking the motions off-calendar would alleviate the urgency of the depositions and allow the parties to coordinate the deposition scheduling with more advance notice. We request that you confirm that you are taking the motions for summary judgment off-calendar, at least for the time being. We can then schedule a meet and confer concerning scheduling at your convenience.

We disagree that re-taking the depositions of the ten plaintiffs is inappropriate. Ten plaintiffs who received deposition notices were previously deposed in 2005 and early 2006. After their depositions, the complaints were amended to add a whole new array of allegations in support of their TILA and other consumer protection claims. We should be able to depose plaintiffs concerning the additional allegations in the Complaint and their factual allegations raised in their motions for summary judgment.

Moreover, the depositions were approximately three years ago. Information available since that time is relevant to the matter. For example, all Plaintiffs seek to rescind their loans. In determining whether to grant rescission, the court will analyze the equities of rescission such as the borrower's ability to repay the loan principal. *See e.g., Personius v. Homeamerican Credit, Inc.*, 247 F.Supp. 817, 819 (N.D. Ill. 2002). Of course, a plaintiffs' financial situation in 2008 would not have been known in 2005 during their first day of deposition.

BN 2242181v1               Los Angeles • Orange County • San Francisco • Scottsdale

Buchalter Nemer

Tara Goodwin, Esq.
September 5, 2008
Page 2

Likewise, rescission is only available for a person's "principal dwelling." The declarations accompanying the motion for summary judgment allege that each property at issue has been a plaintiff's principal dwelling "at all times relevant." We are entitled to explore each of those allegations. Similarly, we have discovered that some MDL plaintiffs have been involved in bankruptcy proceedings after the initiation of the MDL. A current examination into whether your clients have filed for bankruptcy is relevant to determine whether your clients have standing to assert a cause of action. *See e.g., Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447 (D. Hawaii 1996).

Also, there are a number of parties to the MDL who were not named at the time of the 2005 depositions. They have a fundamental due right to be able to participate in all of the depositions.

We are willing to discuss limiting the amount of time for the re-noticed depositions, if that would alleviate your objection.

We look forward to hearing at your earliest convenience.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By

Randall L. Manvitz

BN 2242181v1