**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO THE ) <br> FOLLOWING INDIVIDUAL ACTIONS: ) <br> ) <br> *Miller v. Ameriquest Mortg Co.,* ) <br> *07-cv-1623 (N.D. Ill.),* ) <br> *Grabs v. Argent Mortg. Co.,* ) <br> *06-cv-2809 (N.D. Ill.),* ) <br> *Campau v. Ameriquest Mortg. Co.,* ) <br> *07-cv-118 (N.D. Ill.),* ) <br> *Stratford v. Ameriquest Mortg. Co.,* ) <br> *07-cv-1314 (N.D. Ill.),* ) <br> *Adams v. Ameriquest Mortg. Co.,* ) <br> *07-cv-1626 (N.D. Ill.),* ) <br> *Karlin v. Ameriquest Mortg. Co.,* ) <br> *07-cv-75, and* ) <br> *Albarran v. Ameriquest Morg. Co.,* ) <br> *07-cv-1082 (N.D. Ill.)* ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

**PLAINTIFFS' CORRECTED SECOND MOTION TO ENFORCE SETTLEMENT**

Plaintiffs Katherine Miller, Benjamin Miller, Fredrich Grabs, Kathryn Campau, Thomas Campau, Christina Stratford, Samuel Stratford, Glenn Adams, Laverne Adams, David Karlin, Virginia Albarran, and Jose Rodriguez, respectfully request that opposing counsel deliver the executed documents and payment needed to finalize settlements. Plaintiffs respectfully request that this Court enter a judgment directing the parties to cooperate and perform under the terms of their respective agreements, in accordance with the further orders of this Court and provide for all

1

other appropriate relief, including additional attorney's fees associated with the presentation of this motion. In support of their motion, Plaintiffs state as follows:

**FACTS RELATING TO PLAINTIFFS KATHERINE MILLER AND BENJAMIN MILLER**

1. On October 26, 2008, plaintiffs Katherine Miller and Benjamin Miller signed a settlement agreement regarding their case in the Ameriquest MDL.

2. On April 23, 2009, plaintiffs Katherine Miller and Benjamin filed a motion to enforce their settlement terms.

3. Pursuant to plaintiffs' first motion to enforce settlement, defendant Citi Residential Lending, Inc. finally signed the settlement agreement on May 26, 2009.

4. On June 24, 2009, the Court issued a ruling on plaintiffs' first motion to enforce that said, in part, "As to the Millers, the appropriate defendants must deliver, by July 17, 2009, a fully-executed copy of the settlement agreement and loan modification documents related thereto." Exhibit A.

5. The order of June 24, 2009 also stated, "We will not require defendants to pay Enforcing Plaintiffs' attorneys' fees associated with this motion, pending their compliance with this order. We will not hesitate to award such fees in the future against dilatory parties, if necessary." Exhibit A.

6. On August 14, 2009, almost a month after the deadline of the court's order of June 24, 2009, a representative of Chase Home Finance, LLC emailed plaintiffs' counsel: "The loan mod was completed this week. Here is a screen shot of what the loan looks like now."

7. On December 7, 2009, plaintiffs' counsel sent defendants' counsel a letter requesting fully executed loan modification documents for the Millers, among other plaintiffs.

2

Exhibit B.

8. On information and belief, the Millers' loan modification has been effectuated. However, as of the date of this motion, plaintiffs still have never received loan modification documents, nor monthly statements from Chase Home Finance, LLC.

## FACTS RELATING TO PLAINTIFF FREDRICH GRABS

9. On November 3, 2008, plaintiff Fredrich Grabs signed a settlement agreement regarding his case in the Ameriquest MDL.

10. A representative of defendant Argent Mortgage Company, LLC signed the settlement agreement October 30, 2008. A representative of defendant WM Specialty Mortgage, LLC signed the settlement agreement on November 21, 2008. A representative of defendant Citi Residential Lending, Inc. also signed the settlement agreement, but did not date it.

11. On January 8, 2009, plaintiff Fredrich Grabs and his wife Maureen Grabs also signed a loan modification agreement as part of the settlement of his case in the Ameriquest MDL.

12. On April 20, 2009, plaintiffs' counsel sent defendants' counsel a letter requesting fully executed loan modification documents for Mr. Grabs, among other plaintiffs. Exhibit C.

13. Defendants' counsel sent the fully executed settlement agreement to plaintiff's counsel on September 29, 2009.

14. On September 30, 2009, defendants' counsel sent plaintiff's counsel an email stating, "Please see the attached loan mod document on the Grabs loan." However, the only attachment to this email was another copy of the original offer made to Mr. Grabs.

15. On December 7, 2009, plaintiff's counsel sent defendants' counsel a letter

3

requesting fully executed loan modification documents for Mr. Grabs, among other plaintiffs. Exhibit B.

16. Mr. Grabs's loan modification has been effectuated, but, as of the date of filing this motion, defendants still have not delivered a signed copy of the loan modification agreement.

**FACTS RELATING TO PLAINTIFFS KATHRYN CAMPAU AND THOMAS CAMPAU**

17. On August 4, 2008, plaintiffs Kathryn Campau and Thomas Campau signed a settlement agreement regarding their case in the Ameriquest MDL.

18. A representative of defendants Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc. signed the settlement agreement July 30, 2008. A representative of defendants Citi Residential Lending, Inc. and Deutsche Bank National Trust Company, N.A. signed the settlement agreement on September 8, 2008.

19. On November 20, 2008, plaintiffs Kathryn Campau and Thomas Campau also signed a loan modification agreement as part of the settlement of their case in the Ameriquest MDL.

20. On April 20, 2009, plaintiffs' counsel sent defendants' counsel a letter requesting fully executed loan modification documents for the Campaus, among other plaintiffs. Exhibit C.

21. On December 7, 2009, plaintiff's counsel sent defendants' counsel a letter requesting fully executed loan modification documents for the Campaus, among other plaintiffs. Exhibit B.

22. The Campaus' loan modification has been effectuated, but, as of the date of filing this motion, defendants still have not delivered a signed copy of the loan modification

agreement.

## FACTS RELATING TO PLAINTIFFS
## CHRISTINA STRATFORD AND SAMUEL STRATFORD

23. On July 18, 2008, defendants' counsel made a settlement offer to plaintiffs Christina Stratford and Samuel Stratford that included a cash payment of $3,000. Counsel for the Stratfords accepted the offer on July 11, 2008, re-specifying, "The Stratfords also accept Ameriquest's settlement offer of $3,000 cash." Exhibit D.

24. On November 8, 2008, plaintiffs Christina Stratford and Samuel Stratford signed the settlement agreement regarding their case in the Ameriquest MDL.

25. Paragraph I (A) of the Stratford settlement agreement states, "Within five business days after the execution of this Agreement by all Parties, Ameriquest shall deliver a check to the law firm of Edelman Combs Latturner & Goodwin, LLC in the amount of $3,000.00."

26. Plaintiffs' counsel mailed the settlement agreement with the Stratfords' signature to defendants' counsel on November 13, 2008.

27. On February 6, 2009, plaintiffs Christina Stratford and Samuel Stratford also signed a loan modification agreement as part of the settlement of their case in the Ameriquest MDL.

28. On December 7, 2009, plaintiff's counsel sent defendants' counsel a letter requesting fully executed loan modification documents, the fully executed settlement agreement, and payment for the Stratfords, among other plaintiffs. Exhibit B.

29. The Stratfords' loan modification has been effectuated, but, as of the date of filing this motion, defendants still have not paid the $3,000.00, nor have they delivered fully executed copies of the settlement agreement or the loan modification agreement.

**FACTS RELATING TO PLAINTIFFS GLENN ADAMS AND LAVERNE ADAMS**

30. On August 5, 2008, plaintiffs Glenn Adams and Laverne Adams signed a settlement agreement regarding their case in the Ameriquest MDL.

31. A representative of defendants Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc. signed the settlement agreement on July 30, 2008. A representative of defendants Citi Residential Lending, Inc. and Deutsche Bank National Trust Company, N.A. signed the settlement agreement on September 8, 2008.

32. On December 4, 2008, plaintiffs Glenn Adams and Laverne Adams also signed a loan modification agreement as part of the settlement of their case in the Ameriquest MDL.

33. On April 20, 2009, plaintiffs' counsel sent defendants' counsel a letter requesting fully executed loan modification documents for the Adams, among other plaintiffs. Exhibit C.

34. On December 7, 2009, plaintiff's counsel sent defendants' counsel a letter requesting fully executed loan modification documents, the fully executed settlement agreement, and payment for the Adams, among other plaintiffs. Exhibit B.

35. On or about December 21, 2009, defendants' counsel sent plaintiffs' counsel the Adams' fully executed settlement agreement and payment.

36. The Adams' loan modification has been effectuated, but, as of the date of filing this motion, defendants still have not delivered a signed copy of the loan modification agreement.

**FACTS RELATING TO PLAINTIFF DAVID KARLIN**

37. On August 5, 2008, plaintiff David Karlin signed a settlement agreement

regarding his case in the Ameriquest MDL.

38. A representative of defendant Argent Mortgage Company, LLC signed the settlement agreement August 1, 2008. A representative of defendants Citi Residential Lending, Inc. and Deutsche Bank National Trust Company, N.A. signed the settlement agreement on September 8, 2008.

39. On February 4, 2009, plaintiff David Karlin and his wife Rosa Karlin also signed a loan modification agreement as part of the settlement of Mr. Karlin's case in the Ameriquest MDL.

40. On December 7, 2009, plaintiff's counsel sent defendants' counsel a letter requesting fully executed loan modification documents for Mr. Karlin, among other plaintiffs. Exhibit B.

41. Mr. Karlin's loan modification has been effectuated, but, as of the date of filing this motion, defendants still have not delivered a signed copy of the loan modification agreement.

## FACTS RELATING TO PLAINTIFFS VIRGINIA ALBARRAN AND JOSE RODRIGUEZ

42. On November 5, 2008, plaintiffs Virginia Albarran and Jose Rodriguez signed a settlement agreement regarding their case in the Ameriquest MDL.

43. A representative of defendants Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc. signed the settlement agreement October 17, 2008. A representative of defendants Citi Residential Lending, Inc. and Deutsche Bank National Trust Company, N.A. signed the settlement agreement on November 20, 2008.

44. Plaintiffs Ms. Albarran and Mr. Rodriguez have also signed a loan

modification agreement as part of the settlement of their case in the Ameriquest MDL.

45. Plaintiffs' counsel sent the loan modification agreement with Ms. Albarran's and Mr. Rodriguez's signatures to defendants' counsel on March 3, 2010.

46. On December 7, 2009, plaintiffs' counsel sent defendants' counsel a letter requesting fully executed loan modification documents for Ms. Albarran and Mr. Rodriguez, among other plaintiffs. Exhibit B.

47. Ms. Albarran and Mr. Rodriguez's loan modification has been effectuated, but, as of the date of filing this motion, defendants still have not delivered a signed copy of the loan modification agreement.

## FACTS RELATING TO ALL PLAINTIFFS

48. Despite numerous attempts by Plaintiffs' counsel to resolve this matter, and despite the order of June 24, 2009 attached as Exhibit A, defendants have refused to deliver executed loan modification agreements which would allow Plaintiff to dismiss plaintiffs Millers', Grabs's, Campaus', Stratfords', Adams', Karlin's, or Albarran and Rodriguez's cases with prejudice.

49. Plaintiffs are requesting that the Court order Defendants to deliver fully executed copies of the above-mentioned loan modification agreements.

50. Plaintiffs Christina Stratford and Samuel Stratford are further requesting that the Court order Defendants to deliver a fully executed copy of their settlement agreement, and that Defendant be ordered to pay the $3,000.00 owed to Plaintiffs' counsel for its fees.

51. Plaintiffs Katherine Miller and Benjamin Miller are further requesting that the Court order their servicer, Chase Home Finance, LLC, to commence sending them monthly statements reflecting the modified mortgage terms.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment directing the parties to cooperate and execute the settlement documents, in accordance with the further orders of this Court and provide for all other appropriate relief, including additional attorney's fees associated with the presentation of this motion.

Respectfully submitted,

s/Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Cathleen M. Combs, hereby certify that on March 12, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)