# EXHIBIT A

Order Form (01/2005)   Case 1:05-cv-07097   Document 2914   Filed 06/24/2009   Page 1 of 2

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 6/24/2009 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

As set forth below, Enforcing Plaintiffs' motion to enforce settlement (2721) is granted in part and denied in part.

■ [ For further details see text below.]                                                                                           Notices mailed by Judicial staff.

**STATEMENT**

(Reserved for use by the Court)

## ORDER

On April 23, 2009, Plaintiffs Kevin and Rita Guydon, Cecilia Rowan, Benjamin and Katherine Miller, Ernie and Angelique McKimmy, James and Karen Stafford, and Mildred Clay ("Enforcing Plaintiffs") filed the pending Motion to Enforce Settlement. (Dkt. No. 2721.) Enforcing Plaintiffs contend that they negotiated and entered into settlement and loan modification agreements with various defendants, including Ameriquest and their current loan holders and servicers. (Mot. ¶¶ 1, 4-5, 10, 20, 24, 30-31.) According to Enforcing Plaintiffs, the parties to these agreements have not complied fully with the agreed-upon terms. As of June 1, 2009, several of the Enforcing Plaintiffs had not received fully executed copies of the settlement agreements, loan modification agreements for their signature, evidence that signed loan modification terms have been effectuated, and/or payments of settlement amounts. (Reply at 2-4.) They ask that we order Defendants to provide the necessary documents and payments owed under the relevant agreements. (Reply at 1.) As set forth below, Enforcing Plaintiffs' motion is granted in part and denied in part.

In their response, Ameriquest and its related entities describe further developments in the loan modification process related to Enforcing Plaintiffs. (Resp. at 3-5.) Ameriquest explains that these delays stemmed, in part, from a change in loan servicers for the Miller, Guydon, Stafford and McKimmy loans. (*Id.* at 3.) Enforcing Plaintiffs certainly have been patient in light of the servicer transition and other logistical issues – particularly the Millers who were threatened with foreclosure despite having reached an agreement with their prior servicer. (Mot. ¶¶ 10-19.) Having reviewed the parties' submissions, it appears that Ameriquest and the other defendants have been attempting in good faith to complete the loan modification process for Enforcing Plaintiffs. Nonetheless, we agree with Enforcing Plaintiffs that these delays have continued too long and the loan modifications must move forward *post haste*. Enforcing Plaintiffs had no control over the CitiResidential loan servicing transfers and have no way (other than by filing motions) to ensure that defendants are internally processing the relevant agreements. Enforcing Plaintiffs should not be asked to wait indefinitely to benefit from

Case 1:05-cv-07097    Document 2914    Filed 06/24/2009    Page 2 of 2

## STATEMENT

the previously agreed-upon loan modifications.

Accordingly, we grant much of the relief sought in the present motion. With respect to the Guydons, the appropriate defendants must deliver, by July 10, 2009, a fully-executed copy of their loan modification agreement and evidence that the new terms took effect as of June 1, 2009. With respect to Rowan, the appropriate defendants must deliver, by July 10, 2009, fully-executed copies of her settlement and loan modification agreements and evidence that her new terms will take effect on or by July 1, 2009. As to the Millers, the appropriate defendants must deliver, by July 17, 2009, a fully-executed copy of the settlement agreement and loan modification documents related thereto. The new terms for the Millers shall take effect by September 1, 2009. As to the McKimmys, the appropriate defendants must deliver, by August 7, 2009, fully-executed copies of the settlement and loan modification agreements. The new terms for the McKimmys shall take effect by September 1, 2009. Turning to the Staffords, the appropriate defendants shall deliver by July 10, 2009, fully-executed copies of the settlement and loan modification agreements and evidence that the new terms are in effect. Finally, as to Clay, the appropriate defendants shall deliver by July 10, 2009, a fully-executed copy of her settlement agreement. Checks to Plaintiffs Rowan, Miller, Stafford and Clay should be distributed as soon as practicable once all signatures are in order.

We will not require defendants to pay Enforcing Plaintiffs' attorneys' fees associated with this motion, pending their compliance with this order. We will not hesitate to award such fees in the future against dilatory parties, if necessary. It is so ordered.

# EXHIBIT B

LAW OFFICES OF
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
312-739-4200
FAX 312-419-0379
WEBSITE: www.edcombs.com
EMAIL: info@edcombs.com

December 7, 2009

**VIA E-MAIL**
Karen Stevenson
Buchalter Nemer
1000 Wilshire Blvd.
Suite 1500
Los Angeles, CA 90017
kstevenson@buchalter.com

RE: **In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation**
U.S. District Court, Northern District of Illinois
MDL No. 1715; Lead Case No. 05-cv-07097
ECL&G No.:16124

Dear Karen:

I am writing to request fully executed loan modification documents for the below listed cases. We believe that the modifications for these plaintiffs have been implemented, but we have yet to receive loan modification agreements signed by the defendants and servicers.

- Goods, et al. v. Ameriquest Mortgage Company, et al., 06-cv-3423 (N.D. Ill.): Either the original Loan Modification Agreement or the Amendment to settlement agreement dated November 24, 2008.

- Guydon, et al. v. Ameriquest Mortgage Company, et al., 06-cv-3423 (N.D. Ill.). The order on our motion to enforce, dated June 24, 2009, stated, "With respect to the Guydons, the appropriate defendants must deliver, by July 10, 2009, a fully-executed copy of their loan modification agreement and evidence that the new terms took effect as of June 1, 2009." We have received a revised copy of the loan modification agreement to take effect June 1, 2009,

but that agreement has not been signed by any representative of American Home Servicing, Inc.

- Anderson v. Ameriquest Mortgage Company, et al., 06-cv-1981 (N.D. Ill.)
- Grabs v. Argent Mortgage Company, LLC, et al., 06-cv-2809 (N.D. Ill.)
- Campau v. Ameriquest Mortgage Company, et al., 07-cv-118 (N.D. Ill.)
- Stratford v. Ameriquest Mortgage Company, et al., 07-cv-1343 (N.D. Ill.)
- Adams v. Ameriquest Mortgage Company, et al, 07-cv-1626 (N.D. Ill.)
- Miller v. Ameriquest Mortgage Company, et al., 07-cv-1623 (N.D. Ill.). The order on our motion to enforce, dated June 24, 2009, stated, "As to the Millers, the appropriate defendants must deliver, by July 17, 2009, a fully-executed copy of the settlement agreement and loan modification documents related thereto." We received a screen-shot from Chase Home Finance on August 14, 2009, but we still have not seen a loan modification agreement.[1]
- Karlin v. Ameriquest Mortgage Company, et al., 07-cv-75 (N.D. Ill.)
- Albarran v. Ameriquest Mortgage Company, et al., 07-cv-1082 (N.D. Ill.)

Of the above cases, we are also still missing your clients' signatures on the settlement agreements for *Anderson*, *Stratford*, *Adams*, and *Albarran*.

Furthermore, we are also still missing payment for the above cases *Stratford* and *Adams*.

Please send the documents and remit payment as soon as possible, or we will be forced to file another motion to enforce settlement. Thank-you.

Sincerely,

Catherine Ceko

---

[1] We have been unable thus far to contact the Millers to verify that their loan modification has in fact been implemented.

# EXHIBIT C

# 1EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603-3403
(312) 739-4200
(800) 644-4673
(312) 419-0379 (FAX)
Email: edcombs@aol.com
www.edcombs.com

April 20, 2009

**VIA E-MAIL**

Karen Stevenson
Buchalter Nemer
1000 Wilshire Blvd.
Suite 1500
Los Angeles, CA 90017

RE: **In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation**
U.S. District Court, Northern District of Illinois
MDL No. 1715; Lead Case No. 05-cv-07097
ECL&G No.:16124

Dear Karen:

I am writing to request fully executed loan modification documents for the below listed cases. The modifications for these plaintiffs have been implemented, but we have yet to receive loan modification documents signed by both parties.

- Goods, et al. v. Ameriquest Mortgage Company, et al., 06-cv-3423 (N.D. Ill.)
- Lurry-Payne v. Town & Country Mortgage Company, et al., 06-cv-1547 (N.D. Ill.)
- Anderson v. Ameriquest Mortgage Company, et al., 06-cv-1981 (N.D. Ill.)
- Grabs v. Argent Mortgage Company, LLC, et al., 06-cv-2809 (N.D. Ill.)
- Campau v. Ameriquest Mortgage Company, et al., 07-cv-118 (N.D. Ill.)
- Adams v. Ameriquest Mortgage Company, 07-cv-1626 (N.D. Ill.)
- Johnson v. Argent Mortgage Company, LLC, 07-cv-1345 (N.D. Ill.)

Please send the documents as soon as possible. Thank-you.

Sincerely,

*Catherine Ceko*

Catherine Ceko

# EXHIBIT D

2/03/2010

**From:** Michael Aschenbrener
**To:** 'Stevenson, Karen L.'; LeSage, Bernard
**Cc:** Cathleen M. Combs; Tara Goodwin
**Sent:** 7/11/2008   5:04PM
**Subject:** Loan mod acceptance re: escrow

Karen-

The Stratfords accept Citi's loan modification proposal on the condition that they will not escrow property tax and insurance money, but will take care of that on their own.  They understand that they have to keep current on tax and insurance in order for Citi to process the modification without escrow.  The Stratfords also understand that the issue with the lien still needs to be worked out. (They are sending me all of their paperwork on this now, and I will send it to you immediately.)  The Stratfords also accept Ameriquest's settlement offer of $3,000 cash.

Please forward the appropriate paperwork to me when ready.

Thanks,

MJA

---

Michael J. Aschenbrener
312-917-4521

---

From: Stevenson, Karen L. [mailto:kstevenson@buchalter.com]
Sent: Friday, July 11, 2008 4:27 PM
To: Michael Aschenbrener
Cc: LeSage, Bernard; Kam, Pamela; Jordan, William F.
Subject: FW: FW: ACC MDL file for Stratford 0067947606
Importance: High

REDACTED