**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Rockway & Jalia Studebaker, et al. v. American Home Mortgage Servicing, Inc., et al.*;<br>Case No. 05 CV 7097 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ("Defendant"), by and through its attorneys, answers Plaintiffs ROCKWAY and JALIA STUDEBAKER's ("Plaintiffs") Amended Complaint ("Complaint") as follows.

**AMENDED COMPLAINT**

Now comes the undersigned on behalf of Plaintiffs' Rockway L. and Jalia L. Studebaker ("Studebakers") and Christopher and Lisa Mullins ("Mullins") (collectively "Plaintiffs") to amend their Complaint to add Defendant American Home Mortgage Servicing Inc. ("AHMSI") and Deutsche Bank National Trust Company, as Trustee in trust for the benefit of the Certificateholders for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificates, Series 2004-R12 ("Deutsche Bank") and remove Defendant Citi Residential Lending Inc. and to correct the caption to reflect these changes. Plaintiffs' assert Claim One against Defendants AHMSI and Deutsche as representatives or agents of assignee of the Loan accountable for the actions of Ameriquest. AHMSI is named as a party Defendant pursuant to the liability provisions of 15 U.S.C. § 1641(a).

- 1 -

## ADDITIONAL PARTIES

1. American Home Mortgage Services, Inc. ("AHMSI") is a Delaware corporation that is registered as a foreign corporation in the State of Ohio and whose principal place of business is Texas.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and on that basis denies such allegations.**

2. Deutsche Bank is a global investment and banking association organized and existing under the laws of the United States. As trustee Deutsche Bank acquires, holds and transfers mortgages on property as well as receives assignments of promissory notes, enforces the notes, by suit or otherwise, and forecloses on the mortgages as the Trustee for notes and mortgages, including the Studebakers Loan for the Asset Backed Trust Pooling and Servicing Agreement ("PSA").

**ANSWER:** **Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it is trustee for Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-R12 under the Pooling and Servicing Agreement dated as of December 1, 2004, without recourse, which includes the Studebaker Plaintiffs' loan. Defendant denies any remaining allegations of paragraph 2.**

## SUPPLEMENTAL STATEMENT OF FACTS

3. Plaintiffs reiterate and incorporate all allegations and statements set forth in the preceding paragraphs and all of the facts set forth in their original Complaint.

**ANSWER:** **Defendant incorporates its responses to paragraphs 1 and 2 herein. As for the allegations of Plaintiffs' original Complaint, Defendant has not been served with the original Complaint and, accordingly, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that document and on that basis denies such allegations.**

4. AHMSI and any subsequent assignee of the Loan is accountable for the actions of Ameriquest as to the stated TILA violations pursuant to 15 U.S.C. § 1641(a).

**ANSWER:** **Because paragraph 4 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

5. AHMSI is a representative or agent of the assignee of Plaintiffs' Loan.

**ANSWER:** **Because paragraph 5 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

6. Citi Residential ("Citi") has transferred and sold its servicing and any ownership rights it may have had on the mortgage loan that is the subject of this case to AHMSI.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7. AHMSI is a creditor or agent of a creditor who acquired Plaintiffs' Loan on or about February 2009.

**ANSWER:** **Because paragraph 7 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8. AHMSI knew of allegations of predatory lending practices by Ameriquest for numerous loans made by Ameriquest at the time of its acquisition of loan assets from Ameriquest and Ameriquest Group and further knew of numerous lawsuits and claims there under by borrowers against Ameriquest and Ameriquest Group based on claims similar to Plaintiffs set forth in this complaint.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9. Deutsche as Trustee is the entity responsible for exercising oversight for distributions of payments to loan owners and as such knew or should have known allegations of predatory lending practices by Ameriquest for numerous loans made by Ameriquest at the time

of its acquisition of loan assets from Ameriquest and Ameriquest Group and further knew of numerous lawsuits and claims there under by borrowers against Ameriquest and Ameriquest Group based on claims similar to Plaintiffs set forth in this complaint.

**ANSWER:** **Because paragraph 9 states legal conclusions, no answer is required. In addition, Defendant objects to paragraph 9 as vague and ambiguous and is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of this paragraph, including the phrases "exercising oversight", "loan owners" and "predatory lending practices". On that basis, if an answer is required, Defendant denies the allegations of paragraph 9.**

## FIRST CLAIM – TILA DISCLOSURE VIOLATIONS

10. Plaintiffs reiterate and incorporate all allegations and statements set forth in the preceding paragraphs and in Plaintiffs' Complaint.

**ANSWER:** **Defendant incorporates its responses to paragraphs 1 through 9 herein. As for the allegations of Plaintiffs' original Complaint, Defendant has not been served with the original Complaint and, accordingly, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that document and on that basis denies such allegations.**

11. This claim applies to AHMSI as set forth in the First Claim of Plaintiffs' Complaint. See ¶ 115-122.

**ANSWER:** **No answer is required to this paragraph. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

WHEREFORE, Plaintiffs pray that the court enter judgment as follows:

a. Confirm the rescission of the Loan transaction by Plaintiffs, including a declaration that the Ameriquest/Deutsche Loan is void;

b. Order AHMSI and/or Deutsche Bank to return any money or property given by anyone, including payments paid by the Plaintiffs in connection with the Loan;

c. Award statutory damages of $2,000 for the TILA non-disclosures;

d. Order a forfeiture of return of any loan proceeds to the Plaintiff;

- 5 -

  e. Offset any damages awarded to Plaintiffs against any amounts determined as owed by the Plaintiffs on the Loan pursuant to tender under the TILA rescission pursuant to 15 U.S.C. § 1635(c);

  f. Award all reasonable attorney's fee and costs pursuant to §§ 1640(c) and 1691(d); and

  g. Award such other relief at law or equity as this Court may deem just and proper.

**ANSWER:** **No answer is required to this paragraph. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

- 7 -

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

                                                  Respectfully submitted,

DATED: March 19, 2010                  By: /s/ Bernard E. LeSage
                                                  *Attorneys for Deutsche Bank National Trust Company, as Trustee*

                                                  Bernard E. LeSage, Esq.
                                                  Sarah K. Andrus, Esq.
                                                  BUCHALTER NEMER, a P.C.
                                                  1000 Wilshire Boulevard, Suite 1500
                                                  Los Angeles, CA 90017-2457
                                                  Telephone: (213) 891-0700
                                                  Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 19th day of March 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Bernard E. LeSage

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

## SERVICE LIST

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

BN 5092182v1

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

Steven S. Elliott
12 E. Exchange Street
8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025

BN 5092182v1