IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Joseph Onesimus and Myra Onesimus v. Ameriquest Mortgage Company, et al.*;<br>Case No. 07 CV 0620 | |

**DEFENDANT JPMC SPECIALTY MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant JPMC SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs JOSEPH ONESIMUS and MYRA ONESIMUS ("Plaintiffs") Second Amended Complaint ("Complaint") as follows.

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Joseph Onesimus and Myra Onesimus bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

ANSWER: **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of this paragraph. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 et seq., or Regulation Z, 12 C.F.R. part 226.**

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331(general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of this paragraph.**

## PARTIES

3. Plaintiffs Joseph Onesimus and Myra Onesimus are husband and wife and jointly own and reside in a condominium unit at 1687 Liberty St., Hanover Park, IL 60133.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. Defendant Chase Home Finance, LLC services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11. Defendant JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to

some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property in the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.**

## FACTS RELATING TO PLAINTIFFS

12. Prior to December 22, 2004, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14. The loan was closed on December 22, 2004.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15. The following are documents relating to the loan:

    a. A note, Exhibit A;

    b. A mortgage, Exhibit B;

    c. A settlement statement, Exhibit C;

    d. A Truth in Lending statement, Exhibit D;

    e. A list of "items to be paid off from loan proceeds," Exhibit E;

    f. A "summary of debts and disbursements," Exhibit F;

      g.      The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit G</u>. Plaintiffs received one uncompleted copy of the notice between them.

      h.      A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit H</u>.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., then to Citi Residential Lending, Inc., and most recently to Chase Home Finance, LLC.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

17. On information and belief, JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, owns plaintiffs' loan.

**ANSWER:** **Defendant admits that it owns Plaintiffs' loan. Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

18. In the event JPMC Mortgage Specialty, formerly known as WM Specialty Mortgage, LLC does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### COUNT I – TRUTH IN LENDING ACT

19. Plaintiffs incorporate paragraphs 1-28.

**ANSWER:** **Defendant restates its answers to paragraphs 1-28 in response to this paragraph.**

20. This claim is against all defendants.

**ANSWER:** **No answer is required to this paragraph. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## RIGHT TO RESCIND

21. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) <u>Consumer's right to rescind</u>.
>
> (1) **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> (2) **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> (3) **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
>
> (4) **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> (b) <u>Notice of right to rescind</u>. **In a transaction subject to**

>>rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>>(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>>(2) The consumer's right to rescind the transaction.
>
>>(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>>(4) The effects of rescission, as described in paragraph (d) of this section.
>
>>(5) The date the rescission period expires. . . .
>
>(f) **Exempt transactions**. The right to rescind does not apply to the following:
>
>>(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>>(2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## GROUNDS FOR RESCISSION

22. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

23. Ameriquest only delivered to plaintiffs one notice of the right to cancel on the Federal Reserve Board form and it was not complete. See <u>Exhibit G</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without the benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 5695462v1

28. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

29. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

    a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

    c. If appropriate, statutory damages for failure to rescind;

    d. Attorney's fees, litigation expenses and costs; and

    e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

BN 5695462v1

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: April 5, 2010

By: /s/ Bernard E. LeSage
*Attorneys for JPMC Specialty Mortgage, LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 12 -

## **CERTIFICATE OF SERVICE**

     I, Bernard E. LeSage, hereby certify that on this 5th day of April, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

     By:    /s/ Bernard E. LeSage

BN 5695462v1

- 13 -

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

## SERVICE LIST

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

BN 5695462v1

- 14 -

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

Steven S. Elliott
12 E. Exchange Street
8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025

BN 5695462v1