**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO:<br>*Karen Gerbig and Mary Christine Houston v. Ameriquest Mortgage Company, et al.*, Case No. 06-cv-04868 (N.D. Ill.) | Centralized before The Honorable Marvin E. Aspen |

**DEFENDANTS' STATUS CONFERENCE STATEMENT**

Defendants Ameriquest Mortgage Company ("Ameriquest") and HSBC Mortgage Services, Inc. ("HSBC") (together, "Defendants") hereby submit the following statement in advance of the April 12, 2010 status hearing.

**A.    Plaintiffs' Claims**

On September 8, 2006, Plaintiff Karen Gerbig and Mary Huston ("Gerbig Plaintiffs" or "Plaintiffs"), residents of Illinois, filed a complaint against Ameriquest and HSBC ("Gerbig Complaint") alleging that at the closing of their mortgage loan originated by Ameriquest, Plaintiffs received a Notice of Right to Cancel ("NORTC") form that did not set forth the date on which the cancellation period expired and that HSBC, the assignee and servicer of the loan, later failed to honor a notice of rescission in violation of the Federal Truth-in-Lending Act.[1]  However, an independent title company, Tri-Star Title, LLC ("Tri-Star"), was contractually responsible for closing Plaintiffs' loan and presenting Plaintiffs with the complete NORTC at loan closing.  Thus, to the extent that TILA was not followed, Tri-Star is contractually liable to Ameriquest.  Moreover, as confirmed by Exhibit "1" attached

---

[1] HSBC filed its Answer on February 20, 2007, and Ameriquest filed its Answer on August 9, 2007. [Docket Nos. 22, 27]

hereto, Plaintiffs <u>did</u> in fact each sign and date a NORTC containing the date on which the cancellation period expired and signed their names below the following statements:

> **The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).**
>
> **Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.**

In addition to the NORTC, Plaintiffs each received, acknowledged, signed and dated a form at loan closing entitled "One Week Cancellation Period," a copy of which is attached as Exhibit "2" hereto. The One-Week Cancellation form explains in detail Ameriquest's policy of expanding federal protections to borrowers by providing a one week cancellation period, rather than the three days provided under TILA. The One-Week Cancellation form also explained in detail the procedure for canceling the loan, if Plaintiffs chose to do so. Plaintiffs each signed and dated the form beneath the following statements:

> **When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.**
>
> **We hereby acknowledge receiving a copy of this notice on the date signed below.**

Plaintiffs did not cancel their loan as instructed in the NORTC or the One-Week Cancellation forms they each executed at loan closing. For the foregoing reasons, among other reasons, Defendants contend that Plaintiffs are not entitled to any relief under their Complaint.

In 2006, Ameriquest and certain other entities entered into a $325 million settlement with the Attorneys General of the 49 States in which they conducted business, including the State of Illinois. That settlement resolved all claims and charges alleged relating to the certain entities' lending practices for the period from January 1, 1999 through December 31, 2005.

The Gerbig Plaintiffs were sent notice of the Attorneys General Settlement, but they did not elect to participate in that settlement.

### B. The Status Of The Multi-District Litigation And Settlement

On October 30, 2006, this action was transferred to Judge Marvin E. Aspen for inclusion in the Multi-District Litigation entitled *In Re Ameriquest Mortgage Co Multi-District Litigation*, MDL No. 1715, Lead Case No. 05-cv-07097 ("MDL"). The MDL consists of class action and opt-out lawsuits against Ameriquest and other defendants, arising out of allegations of unfair or unlawful lending practices, including allegations similar to those made in the Gerbig Complaint. The Gerbig Plaintiffs are among the opt-out plaintiffs in the MDL. Ameriquest has also filed third-party complaints against more than 280 closing agents, brokers, and title companies involved in the closing of the loans. Tri-Star is a cross-defendant in the MDL.

The MDL Defendants settled, with preliminary approval by Judge Aspen, the 29 borrower class actions consolidated in these MDL proceedings, with the motion for final approval of the settlement set for hearing on April 15, 2010. The settlement classes include approximately 714,000 borrowers. The Gerbig Plaintiffs received notice of the MDL class settlement, but they rejected the opportunity to participate in that settlement by requesting exclusion.

Pursuant to the Joint Discovery Plan and Scheduling Order in the MDL (MDL Docket No. 3268), and as required by the Order entered on July 23, 2009 (MDL Docket No. 2957), all MDL parties are to participate in a mediation for the purpose of attempting to settle the Opt-Out Plaintiffs' claims (including the claims in the *Gerbig* action) and Defendants' related claims against the Third-Party Defendants.[2]

---

[2] Mediation was ordered to take place after certain events occurred, including a ruling by the Court on the Third-Party Defendants' Motion to Dismiss Defendants' Fifth Amended Consolidated Third-Party Complaint. By the Memorandum, Opinion and Order filed on January 19, 2010 [MDL Docket No. 3311], Judge Aspen granted in part and denied in part the Motion to Dismiss. Specifically, Judge Aspen denied the Motion as to Defendants' breach of

The Opt-Out Plaintiffs, Defendants and Third-Party Defendants have agreed to a two-step mediation process with Judge O'Connell. First, the MDL Defendants and Third-Party Defendants will participate in a mediation session, currently proposed to take place at the end of April 2010. Next, those parties and the Opt-Out Plaintiffs (including the *Gerbig* plaintiffs) will participate in a second mediation session, currently proposed to take place during the first week of May. The MDL parties anticipate confirming the mediation dates shortly. The MDL parties are continuing to discuss the framework and agenda for the mediation sessions.

There has been discovery and motion practice in the MDL for the benefit of all MDL actions, including the Gerbig Complaint. There is currently no discovery cut-off in the MDL, as all prior deadlines having been stricken [MDL Docket No. 2957], and all discovery has been stayed until completion of mediation. [MDL Docket No. 3268]. Nevertheless, the MDL parties have agreed to exchange loan files and related documents prior to the mediation with Judge O'Connell.

As set forth above, the instant action is moving rapidly toward resolution either by way of settlement or trial. If this Court deems it appropriate, Ameriquest and HSBC are agreeable to a continuance of the April 12, 2010 status conference to a future date.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: April 6, 2010 | By: /s/ Bernard E. LeSage |
|  | *Attorneys for Ameriquest Mortgage Company and HSBC Mortgage Services, Inc.* |
|  | Bernard E. LeSage, Esq.<br>Sarah K. Andrus, Esq.<br>BUCHALTER NEMER, a P.C.<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400 |

---

contract and negligent misrepresentation claims and granted the Motion as to their negligence claims against the Third-Party Defendants. Defendants believe that all conditions precedent to the mediation have occurred.

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 6th day of April 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Bernard E. LeSage

BN 5652570v2