UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05-7097 |
| RITA FARMER,<br>        Plaintiff,<br>        v.<br>AMERIQUEST MORTGAGE CO., and JOSE OLIVIA,<br>        Defendants. | Centralized before the<br>Honorable Marvin E. Aspen<br><br>Individual Case No. 06-4724 |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Rita Farmer has asked us to suggest to the Judicial Panel on Mulitdistrict Litigation that her case be remanded to the United States District Court for the District of New Jersey. Because Farmer has not presented a sufficient basis for remand in light of the ongoing pretrial proceedings, we deny her application.

### BACKGROUND

In May 2006, Farmer filed a complaint against Ameriquest Mortgage Company and Jose Olivia in the Superior Court of New Jersey. Because Farmer alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* ("TILA"), Ameriquest removed the action to the federal district court on July 17, 2006. On August 8, 2006, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a conditional transfer order ("CTO"), transferring Farmer's case to the Northern District of Illinois pursuant to 28 U.S.C. § 1407. The Panel determined that Farmer's

claims would benefit from consolidated pretrial proceedings and discovery with other claims against Ameriquest alleging TILA violations. Although Farmer had an opportunity to oppose the CTO, she chose not to do so. Farmer now files this motion, seeking a suggestion of remand to the Panel and contending that her claims can be resolved more expediently in the New Jersey federal district court.

## STANDARD OF REVIEW

The "power to remand a case to the transferor lies solely" with the Panel. *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). However, the Panel has "consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate." *In re Managed Care Litig.*, 416 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006) (citing *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976)). As such, the Panel is "reluctant to order remand absent a suggestion of remand from the transferee district court." R.P.J.P.M.L. 7.6(d), 199 F.R.D. 425 (2001) (rev. Dec. 1, 2009). "The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended." *In re Holiday Magic Sec. and Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) (citing *In re Air Crash Disaster Near Dayton, Ohio*, 386 F. Supp. 908, 909 (J.P.M.L. 1975)). "Remand is inappropriate . . . when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 688 (S.D. Tex. 2005) (citing *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (internal citation omitted)). Therefore, if the remaining discovery to be

conducted is "'core' discovery," a suggestion of remand is not appropriate, but if the remaining discovery is "case-specific," then suggestion of remand may be warranted. *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d. at 1198.

## ANALYSIS

In the present case, Farmer's motion advances two principal arguments. First, Farmer argues extensively that her complaints against Ameriquest are dissimilar to the complaints of other parties transferred to the MDL by the Panel. Second, Farmer contends that the retention of her action by this court will not serve the efficiency interests that are the essential concern of the MDL statute. *See* 28 U.S.C. § 1407(a) (stating that the combined "proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). Because neither of these arguments meets the standard necessary for a suggestion of remand, we decline to issue such an order.

Although Farmer contends that her claims are distinct from some of the other causes of action included in the MDL, this argument is simply not the proper inquiry at this juncture. A suggestion of remand in this circumstance would essentially be an "abandonment of the Panel's judgment" in transferring her case in the first place. *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1198. Furthermore, although Farmer highlights the differences between her claims, some of which are state claims, and the other consolidated actions, her complaint demonstrates the undeniable similarities. Specifically, she alleges that Ameriquest "failed to provide her with disclosures required by" TILA. (RJN,[1] Ex. A, Compl. ¶ 7.) As the Panel has explained, however, it consolidated all "actions . . . that allege Ameriquest violated the . . . Truth in Lending

---

[1] "RJN" refers to the Request for Judicial Notice filed concurrently by Ameriquest in support of its opposition to Farmer's application.

Act by failing to provide borrowers with proper notice of their rescission rights and accurate disclosures of the loan terms." (RJN, Ex. D, June 16, 2006 Transfer Order). Farmer had an opportunity to challenge the Panel's initial determination that her case belonged in the MDL, but she declined to oppose the conditional transfer. The arguments she focuses on presently would have been appropriate at that time, more than three years ago. Farmer has acquiesced to the Panel's determination that her case shares common facts with the MDL matters, as is apparent from the face of her complaint, and we find no reason to abandon that judgment.

We are also not persuaded by Farmer's second argument, though it is more properly the subject of such a motion. The Panel will "remand an action prior to the completion of pretrial proceedings only upon a showing of good cause." *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972). Because pretrial proceedings are still ongoing in the present case, we find that Farmer has not made such a showing. Indeed, "[n]either party has been particularly forthcoming on the issue central to our determination of whether remand is appropriate, that is, whether this case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d. at 1197. Although we sympathize with the length of Farmer's litigation and her financial difficulties, the motion does not allege that discovery is complete or that the remaining discovery is "case-specific." *Id.* Only in her reply does she allege that she is "ready for trial" and that there are "no outstanding discovery requests." (Reply at 3–4). Simply because there are no outstanding requests does not mean that discovery has been completed, especially in a litigation in which pretrial proceedings remain ongoing. Although we acknowledge that Farmer may feel that the multidistrict litigation has not benefitted her, she has not identified any authority which would permit us to suggest a

remand because of the alleged uniqueness of her claims or the delay associated with inclusion in the MDL.

## CONCLUSION

For the reasons set forth above, we deny Farmer's application for a suggestion of remand.[2] It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: April 6, 2010

---

[2] If she so chooses, of course, she may petition the Panel directly for remand pursuant to Rule 7.6(c)(I).