# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 4/6/2010 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Under these specific circumstances, we grant the motion, (3338) with the caveat that neither *Furgeson* Plaintiffs, nor Ameriquest may propound additional discovery requests in these cases without leave of court. MIS is free to issue reasonable discovery requests in the *Wertepny* matter, if needed. It is so ordered.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

     Presently before us is a motion filed by five Opt-Out Plaintiffs ("*Furgeson* Plaintiffs"), asking that we transfer their cases back to the original trial courts for summary judgment and trial (Dkt. No. 3338). *Furgeson* Plaintiffs contend that Ameriquest provided them with loan documentation that failed to comply with TILA's strict requirements governing disclosure of payment schedules, as addressed by the Seventh Circuit in *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007) (affirming grant of summary judgment for plaintiffs on TILA payment schedule disclosure claim). (*See* Mot. ¶ 3.) On December 16, 2009, we struck *Furgeson* Plaintiffs' motion for summary judgment, indicating that we are not in a position to resolve factual disputes. In the instant motion, *Furgeson* Plaintiffs argue that we should release them from the MDL because discovery is complete, and has been complete for years, in their individual cases, and because their cases are ripe for summary judgment adjudication that only the transferor courts can provide. (*Id.* ¶¶ 2, 6; Reply at 1–3.)

     Ameriquest opposes the motion, as does Third-Party Defendant Mortgage Information Services, Inc. ("MIS"). Both contend that discovery is not complete as to the *Ferguson* Plaintiffs. (Ameriquest Resp. at 3–4; MIS Resp. ¶¶ 5, 7, 9–10.) MIS points out that it had no opportunity to take discovery in the Wertepny's case (the only case pertinent to MIS) before its transfer into the MDL, as MIS was not a party to the action until Ameriquest filed the third-party complaint thereafter. (MIS Resp. ¶¶ 5, 7.) For its part, Ameriquest discounts the original cut-off dates set by the transferor courts and correctly notes that there is no discovery deadline currently set in the MDL for any individual claims. (Ameriquest Resp. at 3–4.) Ameriquest argues that *Furgeson* Plaintiffs are required to participate in the intended mediation of individual claims and, moreover, that their motion fails to comply with Local Rule 40.3(b)(6). In response, *Furgeson* Plaintiffs support their claim that discovery is complete and further contend that they have already attempted to mediate, without success. (Reply at 1–2, 4.)

     As a preliminary matter, Local Rule 40.3(b)(6) does not govern this situation. Local Rule 40.3 addresses

**STATEMENT**

the initial assignment of cases and provides that tag-alongs *not previously assigned* to a non-MDL judge may be transferred to the Executive Committee for random assignment under certain circumstances, including when the case is ready for "trial following the completion of the consolidated discovery." We accepted transfer of the *Ferguson*, *Pinstak* and *Wertepny* cases from Judges Manning, Guzman and Nordberg, respectively; these cases were not initially assigned into the MDL at filing and thus, Local Rule 40.3 is not binding. Nonetheless, it provides some helpful guidance on how to evaluate the pending motion.

With that in mind, along with the related principles governing a suggestion of remand (as discussed in our opinion issued today in *Farmer v. Ameriquest Mortgage Co.*), we grant the motion. Plaintiffs in the *Ferguson*, *Pinstak* and *Wertepny* matters are among the very first to be reassigned as related to the MDL, four years ago on April 4, 2006 (Dkt. No. 110). At that time, discovery had closed in their individual matters, and no additional discovery of significance has been conducted in the MDL. Significantly, *Furgeson* Plaintiffs do not seek any further discovery but wish only to proceed to summary judgment and/or trial for prompt resolution of the factual disputes pending in their individual cases. Ameriquest has not identified what discovery it might require to defend these actions, beyond what it obtained prior to transfer. Because there is no additional consolidated discovery necessary and the case is ripe for a fact-specific resolution, we will not detain *Furgeson* Plaintiffs in the MDL any longer. Under these specific circumstances, we grant the motion, with the caveat that neither *Furgeson* Plaintiffs, nor Ameriquest may propound additional discovery requests in these cases without leave of court. MIS is free to issue reasonable discovery requests in the *Wertepny* matter, if needed. It is so ordered.