# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO:<br><br>BORROWER AND NON-BORROWER CLASS PLAINTIFFS' ACTIONS | (Centralized before The Honorable Marvin E. Aspen)<br><br>**DECLARATION OF JUDGE DANIEL H. WEINSTEIN (RET.) IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

I, Judge Daniel H. Weinstein (Ret.), hereby declare as follows:

### Background

1. From 1982 through 1988, I served as a Judge of the Superior Court of the State of California, County of San Francisco. I also served as an Associate Justice *Pro Tem* of the California Supreme Court, and of the First District Court of Appeal. Since retiring from the bench, I have been a full-time mediator. For the past twenty years, I have presided over the mediation of countless disputes, including many of the most complex multi-party disputes throughout the United States. By way of example only, I have mediated dozens of federal securities class actions involving public companies such as Enron, Homestore, Qwest, Adelphia Dynegy, Providian, Clarent, Marsh & McLennan Companies, and other major New York Stock Exchange and NASDAQ corporations. I have also mediated a host of other types of class actions, including product liability actions, toxic tort cases, environmental litigation, and litigation brought by borrowers, credit card customers, insurance purchasers, air crash victims and others. Many of the cases in which I am involved present complex fact patterns and legal issues, and involve hundreds of millions (or billions) of dollars in claimed damages. Often, they

include numerous plaintiffs and plaintiffs' counsel, as well as numerous defendants (issuers, directors, officers, insurance carriers, professional firms, et cetera) and defense counsel. For each of the last ten years, I have assisted parties in forging settlements of complex disputes involving billions of dollars in the aggregate.

2. I served as the mediator in connection with the proposed settlement of the above-referenced MDL Action, entitled *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, pending in the United States District Court, Northern District of Illinois.

3. I set forth my background as a mediator, above, to provide context for the comments that follow, and to demonstrate that my perspective on the settlement of this action is rooted in significant experience in the resolution of complex litigation. As described below, this action presented legal, factual and practical issues as complicated as any that I have ever encountered. The parties were represented during the mediation process through zealous and able counsel, who negotiated aggressively and at arms-length. I am very strongly of the view that the settlement of this Action reached at the end of the mediation process represents a reasonable and practical resolution of highly uncertain litigation. The Court, of course, will make determinations as to the "fairness" of the settlement under applicable legal standards. From a mediator's perspective, however, I can say that I unreservedly recommend the settlement that has been reached as reasonable, hard-fought, arms-length, and accurately reflective of the risks and potential rewards of the claims being settled.

### The Mediation Sessions

4. The first mediation was held on December 6, 2007 in San Francisco, California. The parties subsequently met with me in person for 12 additional mediation sessions, in both New York and San Francisco. The parties submitted extensive confidential mediation briefs and documentary evidence. Working closely with my associate mediator, Michelle

Yoshida, I met with each side on numerous occasions to try and get a fuller understanding of the full range of disputes that needed to be settled.

5. In addition to these sessions, my associate mediator and I have had dozens of telephone conferences with counsel for the parties, both individually and together as a group.

6. In these numerous sessions among all parties, and in small groups, various counsel made vigorous presentations regarding their clients' positions on key contested issues, and their adversaries responded in kind. All groups negotiated aggressively, effectively, and at arm's length. I believe that the parties' advocacy and ultimate compromise of the formidable disputed issues were the result of reasonable, arms-length bargaining and represent reasonable settlement terms in light of the strengths and weaknesses of the parties' factual and legal positions.

7. In addition to the hotly-disputed legal claims, defenses and damages issues, there were challenging and complicated financial issues due to the deteriorating position of the Company and the untimely death of its main investor. In addition, during negotiations, class member loans subject to discussions were sold to third parties, creating challenging issues. Negotiations were lengthy and hard-fought. Counsel for both sides made compelling presentations about the strength of their positions, and the weaknesses of the other side's. The parties' early settlement demands and offers reflected vastly different views about the merits, damages, and available financial resources to resolve the concerns. I do not intend to minimize the importance of these negotiations, all of which were formidable and ultimately compromised by the parties in the interest of reaching a settlement.

8. The parties' settlement discussions culminated in a Mediator's Proposal in May 2009. I made this proposal because of my belief that the Settling Parties were not, through

traditional negotiations, moving towards a settlement that was acceptable to either side. Rather than allow the negotiations to come to an impasse, and giving due consideration to the confidential mediation submissions and the extensive negotiations, I made a proposal and provided the parties with my reasoning as to why we believed it to be fair, reasonable, and deserving of their earnest consideration. The Mediator's Proposal was in a range that I believed reasonably reflected the parties' and factual, legal, and financial positions, and also took into consideration the risks and costs of litigation should this matter not settle.

9. Following some very strong advocacy on behalf of each group, the Mediator's Proposal was ultimately accepted by the Settling Parties, subject to the preparation of a binding settlement agreement on all issues. That agreement and its terms were memorialized in a Stipulation of Settlement and its supporting exhibits.

10. The Settlement of this Action provides monetary consideration to the Class of approximately Twenty-Two Million Dollars ($22,000,000).

11. In light of the formidable and complex factual, legal, damages, and financial issues involved, I view the total settlement amount as a testament to the abilities and efforts of a highly talented and committed group of counsel. I can state that each settlement term represents a heavily-negotiated and arms-length compromise of disputed claims among experienced and able counsel.

12. Based on, and as a result of the foregoing, I state to the Court that I am satisfied that the proposed settlement is fair, reasonable, and adequate. There is substantial monetary consideration flowing to the Class, given the complexity of the facts and legal contentions at issue, a palpable possibility of there being no available funds or, alternatively,

unyielding years of litigation. It was evident to me at all times that the parties vigorously advocated their respective best interests.

13. Therefore, based on my knowledge of this Action, all of the materials provided to me, the efforts of counsel, the intensity of the negotiations, the litigation risks, and the benefits reached in the proposed settlement, I believe that this is a fair, reasonable and adequate settlement of all claims against the Settling Defendants, and I respectfully recommend that it be approved by the District Court.

Respectfully submitted on this ⎯ of November, 2009.

_____
JUDGE DANIEL H. WEINSTEIN (Ret.)

## CERTIFICATE OF SERVICE

      I, Gary Klein, hereby certify that on this 7th day of April, 2010, the foregoing document was filed electronically. Notice of filing was sent to all Filing Users by the Court's ECF system. Filing users may access this document electronically through the Court's ECF system.

                                                */s/ Gary Klein*
                                                Gary Klein