# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>BORROWER AND NON-BORROWER CLASS PLAINTIFFS' ACTIONS | |

### RODDY KLEIN & RYAN
### ATTORNEY FEE DECLARATION

I, Gary Klein, declare as follows:

1. I am an attorney at law duly admitted to practice in the Commonwealth of Massachusetts. I am a partner in the law firm of Roddy Klein & Ryan ("RKR"). I submit this declaration in support of the settlement and the stipulation on attorney's fees and expenses reached by the parties in this case.

2. RKR, along with Lieff, Cabraser, Heimann & Bernstein ("LCHB") and James, Hoyer, Newcomer & Smiljanich, P.A. ("JHNS"), are the Court-appointed Co-Lead Counsel for all of the class actions transferred and consolidated into MDL 1715.

3. Since 2004, RKR has represented the Plaintiffs in *Murphy, et. al. v. Ameriquest Mortgage Co.*, Case No. 04-CV-12651 (RWZ) (D. Mass). Since 2005, RKR, with local counsel, has represented Plaintiffs in *Williams, et al. v. Ameriquest Mortgage Company*, Civil Action No. 05-cv-1036 (EAK) (Circuit Court of the Sixth Judicial District Pinellas County, Florida). Since 2005,

RKR, with LCHB, have represented the Plaintiffs in *Williams, et al., v. Ameriquest Mortgage Company*, Case No. 05-cv-06189 (LTS) (S.D.N.Y. 2005). Each of these class actions was transferred and consolidated into MDL 1715 and is encompassed in the settlement.

4. RKR participated in every aspect of the litigation and settlement of this case including investigation, preparation and drafting of pleadings, discovery, document review and analysis, deposition of witnesses, settlement negotiations, and preparation of settlement documentation, as summarized in the Joint Declaration of Counsel ("Joint Declaration") filed separately in this matter.

5. The spreadsheet extract set out below presents a summary indicating the time spent on this case from September 28, 2004 through April 8, 2010 by the attorneys and professionals of RKR. The chart includes the name of each professional who has worked on the case, his or her current hourly billing rate and the number of hours expended on this matter. This chart was derived from contemporaneous daily time records my firm compiled on this matter, which are kept in the billing program Filemaker Pro.

6. RKR's hourly billing rates are consistent with those of other lawyers with similar background and expertise in the relevant communities. They have routinely been approved in various courts in similar contexts to those present here.

7. Our firm has also expended a total of $73,219.59 in unreimbursed expenses in connection with the prosecution of this litigation. The expenses incurred

pertaining to this case are reflected in the books and records of RKR. These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred. The expenses are recorded at the same rates at which the firms bill all of our clients for such charges.

### AMERIQUEST: RKR TIME AND EXPENSE BILLING EXTRACT

| | TITLE | RATE | HOURS | TOTAL | Expenses |
|---|---|---|---|---|---|
| **RKR** | | | | | |
| Gary Klein | Partner | $625 | 2635 | $1,646,694 | |
| Shennan Kavanagh | Associate | $395 | 1880 | $742,482 | |
| John Roddy | Partner | $625 | 21 | $13,419 | |
| Elizabeth Ryan | Partner | $625 | 210 | $130,950 | |
| Gillian Feiner | Associate | $350 | 269 | $94,150 | |
| Kevin Costello | Associate | $395 | 7 | $2,568 | |
| Jennifer Pereira | Legal Assistant | $200 | 105 | $21,000 | |
| Mary McClay | Legal Assistant | $210 | 28 | $5,933 | |
| **TOTAL FEES** | | | 5155 | $2,657,196 | |
| | | | | | $73,220 |
| **TOTAL FEES AND EXPENSES** | | | | $2,730,416 | |

8. Throughout the litigation RKR maintained hourly time records and detailed cost records that support the above lodestar summary.

9. RKR's compensation for the services rendered to the class is wholly contingent. Any fees and reimbursement of expenses will be limited to the stipulated amount agreed to by Ameriquest, subject to the approval of the Court.

10. In addition, to the time and expenses described above, RKR expects to continue to work on this matter following final approval of the Settlement. That work will include supervision of the distribution of the Settlement Fund,

3

supervision of the organization handling requests for homeownership counseling, addressing filed appeals, if any, responding to class member inquiries, addressing late-filed claims, and oversight and enforcement of the terms of the Settlement Agreement. Based on experience with other settlements of this type, RKR anticipates spending a minimum of 100 additional hours on this matter at a blended rate of $450.

11. In my opinion, the attached lodestar summary reasonably reflects RKR's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

12. In my opinion, the time expended and expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation of the matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of April, 2010.

/s/ Gary Klein
Gary Klein