# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE AMERIQUEST MORTGAGE CO. )
MORTGAGE LENDING PRACTICES )
LITIGATION ) MDL No. 1715
)
) Lead Case No. 05-cv-07097
_____ )
)
THIS DOCUMENT RELATES TO THE )
BORROWER CLASS PLAINTIFFS' ACTIONS ) Centralized before Judge
) Marvin E. Aspen

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

**1.** Edelman, Combs, Latturner & Goodwin, LLC, has 7 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Michelle R. Teggelaar, Francis R. Greene and Julie Clark, and 7 associates.

**2.** **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Collection Defense (Ill. Inst. Cont. Legal Educ. 2008); Representing Consumers in Litigation with Debt Buyers (Chicago Bar Ass'n 2008); Predatory Mortgage Lending (Ill. Inst. for Cont. Legal. Educ. 2008), author of Chapter 6, "Predatory Lending and Potential Class Actions," in Real Estate Litigation (Ill. Inst. For Cont. Legal Educ. 2008), Chapter 4-1, "Truth in Lending Act," in Illinois Causes of Action (Ill. Inst. For Cont. Legal Educ. 2008), Predatory Lending and Potential Class Actions, ch. 6 of Illinois Mortgage Foreclosure Practice (Ill. Inst. For Cont. Legal Educ.2003); Predatory Lending and Potential Class Actions, ch. 5 of Real Estate Litigation (Ill. Inst. For Cont. Legal Educ.2004); Illinois Consumer Law, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); Payday Loans: Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection: The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing: Problems and Solutions, 7 Loy.Consumer L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking &

1

Financial Services 71 (April 24, 1996); author of <u>Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers,</u> 8 Loy.Consumer L.Rptr. 27 (1996); co-author of <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, <u>Attorney Liability Under the Fair Debt Collection Practices Act</u> (Chicago Bar Ass'n 1996); author of <u>The Fair Debt Collection Practices Act: Recent Developments,</u> 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

**3.**     **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Her reported decisions include: <u>Nielsen v. Dickerson,</u> 307 F. 3d 623 (7th Cir. 2002); <u>Chandler v. American General Finance, Inc.,</u> 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); <u>Miller v. McCalla Raymer,</u> 214 F. 3d 872 (7th Cir. 2000); <u>Bessette v. Avco Financial Services,</u> 230 F. 3d 439 (1st Cir.2000); and <u>Emery v. American Gen. Fin., Inc.,</u> 71 F. 3d 1343 (7th Cir. 1995). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Tenth Circuit Court of Appeals, and United States District Court for the District of Colorado. She is a member of the Northern District of Illinois trial bar.

**4.**     **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in <u>Federal Practice Manual for Legal Services Attorneys</u> (M. Masinter, Ed., National Legal Aid and Defender Association 1989); <u>Governmental Tort Immunity in Illinois,</u> 55 Ill.B.J. 29 (1966); <u>Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations,</u> 2 Loy.Consumer L.Rep. 64 (1990), and <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

**5.**     **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with

high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.** Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.IL 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

6. **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); ; Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D. Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D. Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

7. **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** Ruth v. Triumph Partnerships, 577 F.3d 790 (7th Cir. 2009); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7th Cir. 2006); Roquet v. Arthur Andersen LLP, 398 F.3d 585 (7th Cir. 2005); Tri-G, Inc. v. Burke, Bosselman & Weaver, 856 N.E.2d 389 (Ill. 2006); Johnson v. Thomas, 794 N.E.2d 919 (Ill.App.Ct. 2003); Hale v. Afni, Inc., 2010 U.S. Dist. LEXIS 6715 (N.D. Ill. 2010); Parkis v. Arrow Fin Servs., 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. 2008); Foster v. Velocity Investments, 2007 U.S. Dist. LEXIS 63302 (N.D.Ill. 2007); Foreman v. PRA III, LLC, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. 2007); Schutz v. Arrow Fin. Services, 465 F. Supp. 2d 872 (N.D. Ill. 2006); Pleasant v. Risk Management Alternatives, 2003 WL 22175390 (N.D. Ill. 2003); Hill v. Amoco Oil Co., U.S. Dist. LEXIS 1795 (N.D. Ill. 2003). He is a member of the Northern District of Illinois trial bar.

8. **Julie Clark** (nee Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:**

Qualkenbush v. Harris Trust & Savings Bank, 219 F. Supp.2d 935 (N.D. Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens 2002 WL 31369747 (N.D.Ill.,2002), 2003 WL 22359626 (N.D. Ill. 2003); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); Western Ry. Devices Corp. v. Lusida Rubber Prods., 06 C 52, 2006 U.S. Dist. LEXIS 43867 (N.D. Ill. June 13, 2006); Nautilus Ins. Co. v. Easy Drop Off, LLC, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D. Ill. June 4, 2007); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 07 C 5715, 2007 U.S. Dist. LEXIS 84425 (N.D. Ill. Nov. 14, 2007) ; Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill. May 17, 2008); Sadowski v. QCO Biomedical, Inc., 08 C 3225, 2008 U.S. Dist. LEXIS 96124 (N.D. Ill. Nov. 25, 2008).

### 9. Associates

**a.** **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 2006 U.S. Dist. LEXIS 80718 (S.D. Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2006 U.S. Dist. LEXIS 84035 (N.D. Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. Sept. 26, 2007).

**b.** **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D. Ill. 2006); Iosello v. Leiblys, Inc., 502 F.Supp.2d 782 (N.D. Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F.Supp.2d 776 (N.D. Ill. 2007); Cicilline v. Jewel Food Stores, Inc., 542 F.Supp.2d 842 (N.D.Ill. 2008); Randolph v. Crown Asset Management LLC, 254 F.R.D. 513 (N.D.Ill. 2008); Irvine v. 233 Skydeck LLC, 597 F.Supp.2d 799 (N.D.Ill. Feb. 12, 2009).

**c.** **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** Pietras v. Sentry Ins. Co., 513 F.Supp.2d 983 (N.D. Ill. 2007); Hernandez v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Sept. 25, 2007); Balogun v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. Oct. 5, 2007).

**d.** **Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001).

**e.** **Zachary A. Jacobs** is a graduate of the University of South Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

**f.** **Rupali R. Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois (J.D. *cum laude* 2007).

**g.** **Catherine A. Ceko** is a graduate of Northwestern University (B.A. 2005) and DePaul University (J.D. *summa cum laude* 2008).

**10.** The firm also has 15 legal assistants, as well as other support staff.

4

**11.** Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

**12. Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: ; Hamm v. Ameriquest Mortg. Co., 506 F.3d 525 (7th Cir. 2007); Handy v. Anchor Mortg. Corp., 464 F.3d 760 (7th Cir. 2006); Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 99 C 6884, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 90 C 3708, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 91 C 4223, 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 91 C 4542,1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); Robinson v. Empire of America Realty Credit Corp., 90 C 5063, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 94 C 3789, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

**13.** The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

**14.** The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

**15. Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

**16. Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

**a.** Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927 (7th Cir. 1998).

**b.** Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d

174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 94 C 2177, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 94 C 6723, 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302 (N.D.Ill. 1995); Shields v. Lefta, Inc., 888 F. Supp. 891 (N.D.Ill. 1995).

      **c.**    Spot delivery. Janikowski v. Lynch Ford, Inc., 98 C 8111, 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

      **d.**    Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

      **e.**    Improper obligation of cosigners. Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); Qualkenbush v. Harris Trust & Sav. Bank, 219 F. Supp. 2d 935 (N.D. Ill. 2002).

      **f.**    Evasion of FTC holder rule. Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

      **17.**    These cases also had a substantial effect on industry practices. The warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

      **18.**    **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Hamm v. Ameriquest Mortg. Co., 506 F.3d 525 (7th Cir. 2007); Handy v. Anchor Mortg. Corp., 464 F.3d 760 (7th Cir. 2006); Williams v. Chartwell Fin. Servs., 204 F.3d 748 (7th Cir. 2000); Hubbard v. Ameriquest Mortg. Co., 05 C 389, 2008 U.S. Dist. LEXIS 75799 (N.D.Ill., September 30, 2008); Martinez v. Freedom Mortg. Team, Inc., 527 F. Supp. 2d 827 (N.D.Ill. 2007); Pena v. Freedom Mortg. Team, Inc., 07 C 552, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); Miranda v. Universal Fin. Group, Inc., 459 F. Supp. 2d 760 (N.D.Ill. 2006); Parker v. 1-800 Bar None, a Financial Corp., Inc., 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D.Mich. 2001); Van Jackson v. Check 'N Go of Ill., Inc., 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); Henry v. Cash Today, Inc., 199 F.R.D. 566 (S.D.Tex. 2000); Donnelly v. Illini Cash Advance, Inc., 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); Jones v. Kunin, 99-818-GPM, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); Davis v. Cash for Payday, 193 F.R.D. 518 (N.D.Ill. 2000); Reese v. Hammer

Fin. Corp., 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); Pinkett v. Moolah Loan Co., 99 C 2700, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

> **19.** **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

> **a.** Phony nonfiling insurance. Edwards v. Your Credit Inc., 148 F.3d 427 (5th Cir. 1998); Adams v. Plaza Finance Co., 168 F.3d 932 (7th Cir. 1999); Johnson v. Aronson Furniture Co., 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

> **b.** The McCarran Ferguson Act exemption. Autry v. Northwest Premium Services, Inc., 144 F.3d 1037 (7th Cir. 1998).

> **c.** Loan flipping. Emery v. American General, 71 F.3d 1343 (7th Cir. 1995). Emery limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

> **d.** Home improvement financing practices. Fidelity Financial Services, Inc. v. Hicks, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; Heastie v. Community Bank of Greater Peoria, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

> **e.** Arbitration clauses. Wrightson v. ITT Financial Services, 617 So.2d 334 (Fla. 1st DCA 1993).

> **f.** Insurance packing. Elliott v. ITT Corp., 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

> **20.** **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims Subaru and Subaru Leasing, 92 C 6355, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 91 C 8014, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 94 C 3055, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit);

McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

      **21.**    Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

      **22.**    **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) (coverage of debt buyers); Peter v. GC Servs. L.P., 310 F.3d 344 (5th Cir. 2002); Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000); Johnson v. Revenue Management Corp., 169 F.3d 1057 (7th Cir. 1999); Keele v. Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232 (2nd Cir. 1998); Young v. Citicorp Retail Services, Inc., .97-9397, 1998 U.S.App. LEXIS 20268 (2nd Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 94 C 3234, 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Ramirez v. Apex Fin. Mgmt., LLC, 567 F. Supp. 2d 1035 (N.D.Ill. 2008); Cotton v. Asset Acceptance, LLC, 07 C 5005, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); Buford v. Palisades Collection, LLC, 552 F. Supp. 2d 800 (N.D.Ill. 2008); Martin v. Cavalry Portfolio Servs., LLC, 07 C 4745, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008); Hernandez v. Midland Credit Mgmt., 04 C 7844, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., March 6, 2007, amended Sept. 25, 2007) (balance transfer program); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 93 C 4183, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 98 C 6403, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); Davis v. Commercial Check Control, Inc., 98 C 631, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 93 C 4132, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 93 C 4151, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 93 C 4978, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 93 C 4941, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 93 C 4152, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995).

      **23.**    Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. I argued it before the Supreme Court and Seventh

Circuit. <u>Avila v. Rubin</u> is a leading decision on phony "attorney letters."

**24.** **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions. One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. Important decisions in this area include: <u>Cole v. U.S. Capital, Inc.</u>, 389 F.3d 719 (7th Cir. 2004), <u>Murray v. GMAC Mortgage Corp.</u>, 434 F.3d 948 (7th Cir. 2006); <u>Perry v. First National Bank</u>, 459 F.3d 816 (7th Cir. 2006); <u>Murray v. Sunrise Chevrolet, Inc.</u>, 441 F. Supp.2d 940 (N.D. Ill. 2006); <u>Shellman v. Countrywide Home Loans, Inc.</u>, 1:05-CV-234-TS, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind., April 12, 2007); <u>In re Ocean Bank</u>, 06 C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion, 2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); <u>Asbury v. People's Choice Home Loan, Inc.</u>, 05 C 5483, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); <u>Claffey v. River Oaks Hyundai, Inc.</u>, 238 F.R.D. 464 (N.D.Ill. 2006); <u>Murray v. IndyMac Bank, FSB</u>, 461 F.Supp.2d 645 (N.D.Ill. 2006); <u>Kudlicki v. Capital One Auto Finance, Inc.</u>, 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); <u>Thomas v. Capital One Auto Finance, Inc.</u>, 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); <u>Pavone v. Aegis Lending Corp.</u>, 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); <u>Murray v. E*Trade Financial Corp.</u>, 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); <u>Bonner v. Home 123 Corp.</u>, 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); <u>Murray v. Sunrise Chevrolet , Inc.</u>, 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and <u>Murray v. Finance America, LLC</u>, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006). More than 15 such cases have been settled on a classwide basis.

**25.** **Class action procedure:** Important decisions include <u>Crawford v. Equifax Payment Services, Inc.</u>, 201 F.3d 877 (7th Cir. 2000); <u>Blair v. Equifax Check Services, Inc.</u>, 181 F.3d 832 (7th Cir. 1999); <u>Mace v. Van Ru Credit Corp.</u>, 109 F.3d 338, 344 (7th Cir. 1997); and <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

**26.** **Landlord-tenant:** The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include failing to pay interest on security deposits or commingling security deposits. Reported decisions include <u>Wang v. Williams</u>, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); <u>Dickson v. West Koke Mill Vill. P'Ship</u>, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and <u>Onni v. Apt. Inv. & Mgmt. Co.</u>, 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

**27.** **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: <u>American Family Mut. Ins. Co. v. C.M.A. Mortg., Inc.</u>, 1:06-cv-1044-SEB-JMS, 2008 U.S. Dist. LEXIS 30233 (S.D.Ind. March 31, 2008); <u>Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.</u>, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); <u>Pietras v. Sentry Ins. Co.</u>, 06 C 3576, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); <u>Auto-Owners Ins. Co. v. Websolv Computing, Inc.</u>, 06 C 2092, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); <u>Nat'l Fire Ins. Co. v. Tri-State Hose & Fitting, Inc.</u>, 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); <u>Nautilus Ins. Co. v. Easy Drop Off, LLC</u>, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

**28.** **Debtors' rights.** Important decisions include: <u>Ramirez v. Palisades Collection LLC</u>, 07 C 3840, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (Illinois statute

of limitations for credit card debts); <u>Parkis v. Arrow Fin. Servs.</u>, 07 C 410, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill., Jan. 8, 2008) (same); <u>Rawson v. Credigy Receivables, Inc.</u>, 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); <u>Jones v. Kunin</u>, 99-818-GPM, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); <u>Qualkenbush v. Harris Trust & Sav. Bank</u>, 219 F. Supp. 2d 935 (N.D. Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); <u>Wilson v. Harris N.A.</u>, 06 C 5840, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill., September 4, 2007).

    **29. Telephone Consumer Protection Act.**  The firm has brought a number of cases under the "junk fax" and "spam text message" provisions of the statute. Important decisions include: <u>Brill v. Countrywide Home Loans, Inc.</u>, 427 F.3d 446 (7th Cir. 2005); <u>Sadowski v. Med1 Online, LLC</u>, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); <u>Benedia v. Super Fair Cellular, Inc.</u>, 07 C 01390, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., September 26, 2007); <u>Centerline Equip. Corp. v. Banner Pers. Serv.</u>, 545 F. Supp. 2d 768 (N.D.Ill. 2008).

    **30.**  Some of the other reported decisions in our cases include: <u>Elder v. Coronet Ins. Co.</u>, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); <u>Smith v. Keycorp Mtge., Inc.</u>, 151 B. R. 870 (N.D.Ill. 1992); <u>Gordon v. Boden</u>, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); <u>Armstrong v. Edelson</u>, 718 F.Supp. 1372 (N.D.Ill. 1989); <u>Newman v. 1st 1440 Investment, Inc.</u>, 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); <u>Mountain States Tel. & Tel. Co. v. District Court</u>, 778 P.2d 667 (Colo. 1989); <u>Disher v. Fulgoni</u>, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); <u>Harman v. Lyphomed, Inc.</u>, 122 F.R.D. 522 (N.D.Ill. 1988); <u>Haslam v. Lefta, Inc.</u>, 93 C 4311, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); <u>Source One Mortgage Services Corp. v. Jones</u>, 88 C 8441, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

    **31.**  Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. <u>Elder v. Coronet Insurance</u> held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

    **32.**  The majority of our practice is contingent fee litigation on the plaintiff's side. We regularly represent plaintiffs in contingent fee cases in Federal Court in Illinois and Indiana, and in Illinois state courts. We frequently work with other plaintiff's lawyers who handle cases on a contingent fee basis. We are generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

    **33.**  The hourly rates for the attorneys set forth below, are the same as the regular current rates charged for their services in other contingent matters in class action litigation. They are also consistent with fees charged to occasional hourly paying clients. The firm adjusts them annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area. The rates listed and used in this case represent rates previously approved in a number of cases plus an annual adjustment.

    **34.**  Examples of the approval of counsel's rates include:

    **a.**  Rates of $550 for Daniel A. Edelman, James O. Latturner and Cathleen M. Combs, $400 for Michelle R. Teggelaar, and $250 for former associate Jeremy P. Monteiro were approved in <u>Bruce v. Wells Fargo Bank</u>, 2:05cv243 (N.D.Ind.), on October 18, 2007.

**b.** Rates of $385 for Daniel A. Edelman, Cathleen M. Combs and James O. Latturner, $190 for Thomas Soule, and $100-$105 for legal assistants were approved in Smith v. American Revenue Corp., 2:04-cv-199-PRC (N.D.Ind., Oct. 24, 2005).

**c.** Rates of $425 for James O. Latturner, $190/ hour for Alex Burke were approved in Schulz v. Oxford Management, 05 C 3133 (N.D.Ill., Oct. 21, 2005), by Judge Leinenweber.

**d.** Rates of $400/hour for Daniel A. Edelman, Cathleen M. Combs and James O. Latturner, a rate of $335/hour for Tara L. Goodwin, and a rate of $190/hour for Francis R. Greene, were approved by Judge Darrah in Levin v. Kluever & Platt LLC, No. 03 C 2160 (N.D.Ill September 15, 2004)(Darrah, J.).

**e.** Rates of $370/hour for Daniel A. Edelman and James O. Latturner, and a rate of $210/hour for Michelle R. Teggelaar, were approved by Judge Holderman in Payton v. New Century Mortgage Co., 2004 WL 524693 (N.D. Ill. 2004).

**f.** Rates of $360/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $310 for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar, were approved by Judge Lefkow in Johnson v. Fast Cash Advance, Inc., No. 00 C 1875 (United States District Court, Northern District of Illinois, February 25, 2003).

**g.** Rates of $350/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $300/hour for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar and Keith J. Keogh, were approved by Judge Billik in Rentas v. Vacation Break U.S.A., No. 98 CH 02782 (Circuit Court of Cook County, May 9, 2002).

**h.** Rates of $300/hour were approved by Judge Kennelly for Daniel A. Edelman and James O. Latturner, and a rate of $275/hour for Cathleen M. Combs in Hobson v. Lincoln Insurance Agency, Inc., 2002 WL 338161 (N.D. Ill. 2002). Judge Kennelly also approved rates of $150/hour for associates James S. Harkness and Charles H. Lee and $135/hour for associate Francis R. Greene.

**i.** Rates of $275 were approved by the Seventh Circuit Court of Appeals in Tolentino v. Friedman, 46 F.3d 645 (1995) for Mr. Edelman.

**j.** Rates of $330 for Mr. Edelman and $170 for Charles H. Lee were approved in Clay v. Johnson, 97 C 6007 (N.D.Ill.), for work done in 1997-1999.

**k.** $330/ hour for Mr. Edelman and Mr. Latturner were approved by Judge Boharic in Johnson v. Thomas, 97 CH 10793 (Cir. Ct. Cook Co., April 24, 2001), a mortgage foreclosure action in which the borrower successfully prosecuted a Truth in Lending counterclaim through trial and rescinded the mortgage.

**l.** Rates were approved in Avila v. Van Ru Credit Corp., 1995 U.S. Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995), aff'd, 84 F.3d 222 (7th Cir. 1996), as follows: Daniel A. Edelman, $275.00; Cathleen M. Combs, $235.00; James O. Latturner, $275.00.

**m.** Edelman, Combs & Latturner was paid in excess of $25,000 by an

11

estate in connection with a usury case using the same rates as were approved in <u>Avila</u>. <u>Stob v. F.G.L.M. Enterprises</u>, 91 L 17357 (Cir.Ct. of Cook County). All of our bills were reviewed by principal counsel for the estate, who hired us, and found unobjectionable.

        **35.**     In determining the rates charged by the firm charges and requests, Counsel consults surveys of rates charged by other Chicago law firms. Such surveys have been relied upon by courts in awarding fees. <u>E.g.</u>, <u>FDIC v. Morris</u>, 1992 U.S. Dist. LEXIS 9439 (N.D. Ill., June 29, 1992); <u>Alliance to End Repression v. City of Chicago</u>, 1993 U.S. Dist. LEXIS 1972 (N.D. Ill., Feb. 22, 1993).

        **36.**     I am reasonably confident that the rates are accurate, based on my personal knowledge of large firm rates when I was at Kirkland & Ellis and Reuben & Proctor, my general awareness of rates in the legal community, court awards, negotiations with defendants, and discussions with other attorneys.

        **37.**     The rates we used are also consistent with fee awards by courts in this or other comparable areas for comparable work:

        **a.**     For example, in <u>Covington v. District of Columbia</u>, 839 F. Supp. 894 (D.D.C., December 13, 1993), Judge Lamberth found, on the basis of court-approved surveys of rates in the Washington, D.C., area, that it was appropriate to award $260 per hour to attorneys with between 11 and 19 years experience for the time period 1992-93. He further found that it was appropriate to have an annual increment of $10 per year or, alternatively, to multiply by 103.4% in accordance with the Consumer Price Index (the result is approximately the same). He also noted that it had been relied upon by six other District Judges in the District of Columbia and the Court of Appeals for the District of Columbia Circuit. Judge Lamberth awarded current rates for all work done in the past, in lieu of making the award at the then-current rate and awarding interest on it.

        **b.**     The figures used in the <u>Covington</u> case have been updated each year by the office of the U. S. Attorney for the District of Columbia. The updated figures (through 2010) are available on the Internet site of the U. S Attorney's office ("Laffey Matrix", after <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F.Supp. 354 (D.D.C. 1983)).

        **c.**     The use of the Laffey Matrix has been either expressly or implicitly approved by the courts in the Northern District and within the Seventh Circuit, at a minimum as a guide for adjusting attorney fee rates based on experience and cost of living increases. <u>See</u> <u>Arch v. Glendale Nissan</u>, 2005 WL 1421140, *1 (N.D. Ill. 2005); <u>Samuel v. Barnhart</u>, 316 F.Supp.2d 768, 781-82 (E.D. Wis. 2004); <u>Sadler v. Barnhart</u>, 2004 WL 419908, *3 (N.D. Ill. 2004); <u>Covington-McIntosh v. Mount Glenwood Memory Gardens South, Inc.</u>, 2004 WL 2700482, *4 (N.D. Ill. 2004); <u>Embry v. Barnhart</u>, 2003 WL 22478769, *2 (N.D. Ill. 2003). See also <u>In re HPL Technologies, Inc. Securities Litigation</u>, 366 F.Supp.2d 912, 921 (N.D. Call. 2005) (adjusting the Laffey Matrix rates higher, to account for a higher cost of living in the San Francisco Bay area).

        **d.**     The last case is instructive insofar it shows that the Laffey Matrix is applicable to the Chicago area. As explained in <u>HPL Technologies</u>, one must compare market rates to comparable market rates. The issue becomes, whether market rates in the D.C. area, which, in part, are based on the cost of living, are comparable to the market rates in Chicago. Based on the locality pay differentials within the federal courts, which may be found at http://www.opm.gov/oca/05tables/indexGS.asp (Office of Personnel Management webpage), the

court in <u>HPL Technologies</u> increased the rates for the San Francisco by 9%, because the locality pay differentials were +15.98% for the Washington-Baltimore area, and +26.39% for the San Francisco-Oakland-San Jose area.

    **e.**  The locality pay differential for Chicago is +25.10%, versus +24.22% for the D.C. area. Thus, to account for a higher cost of living in Chicago, as compared to Washington, D.C., the Laffey Matrix rates should be adjusted upward 0.88%.

    **f.**  In <u>Alliance to End Repression v. City of Chicago,</u> 1993 U.S.Dist. LEXIS 1972 (N.D.Ill., Feb. 22, 1993), then-Magistrate Judge Gottschall approved rates for experienced litigators in a civil rights case of $225 in 1991 and $250 in 1992.

    **g.**  In <u>Lewis v. General Employment Enterprises, Inc.,</u> 1992 U.S.Dist. LEXIS 5464 (N.D.Ill., April 14, 1992), Judge Rovner approved rates for experienced litigators of $195, $200 and $300 for work done in 1991-92, in a case that was "not particularly difficult or risky".

    **h.**  In <u>Spicer v. Chicago Board Options Exchange</u>, 844 F.Supp. 122 (N.D.Ill. 1993), Judge Will found appropriate rates of $275 and $240 to the partners in a small firm with a practice somewhat comparable to our own, $100-120 for junior associates, $140 and $150 for associates with some experience, and $65 and $70 for legal assistants.

  **38.**  The usual rates which I and the others in my firm charge fee-paying clients are as follows:

    **a.**  Daniel Edelman, Cathleen Combs, and James Latturner (partners): $550 an hour;

    **b.**  Tara Goodwin (partner): $450 an hour;

    **c.**  Michelle R. Teggelaar (partner): $400 an hour;

    **d.**  Francis R. Greene (partner): $350 an hour;

    **e.**  Julie Clark (partner): $310 an hour;

    **f.**  Associates: $190-280 an hour (based on experience); and

    **g.**  Paralegals: $100-$120 an hour (based upon experience).

  **39.**  All attorneys and legal assistants in my firm are required to and do in fact keep track of their time on a contemporaneous basis, on computer. Everyone enters their time into a computer program, by case number. The computer system automatically sorts the entries by case and generates totals. The total time and expenses our systems shows as being expended in Jewell, Harless, and class-related MDL matters are $207,119.50 in time and $12,461.52 in expenses. We have provided our time records to class counsel, who can submit it to the court if necessary.

_____
Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

14