## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT L. ALLAN, et al. | MDL No. 1715 |
| Plaintiffs, | Lead Case No. 05-cv-07097 |
| v. | (Centralized before The Honorable Marvin E. Aspen) |
| ARGENT MORTGAGE COMPANY, LLC | Case No. 06-cv-02470 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | |
| WM SPECIALTY MORTGAGE LLC | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004- W 1 UNDER THE POOLING & SERVICING AGREEMENT DATED FEBRUARY 1, 2004 WITHOUT RECOURSE | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003- W 1 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2003, WITHOUT RECOURSE | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-W8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF MAY 1, 2004, WITHOUT RECOURSE | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W6 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2003, WITHOUT RECOURSE | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES INC., ASSET BACKED PASS | |

THROUGH CERTIFICATES, SERIES
2004- W7 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS
OF MAY 1, 2004, WITHOUT
RECOURSE

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE
SECURITIES, INC. ASSET BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2003-AR2 UNDER THE
POOLING & SERVICING AGREEMENT
DATED AS OF MAY 1,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF ARGENT
SECURITIES, INC. ASSET BACKED
PASS THROUGH CERTIFICATES,
SERIES 2003- W9, and

GOLDMAN SACHS MORTGAGE
COMPANY.

                    Defendants.

## DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant ARGENT MORTGAGE COMPANY, LLC, ("Defendant"), by and through its attorneys, answers Plaintiffs ROBERT L. ALLAN, FRED R. & BARBARA J. BRUCH, RICHARD & MARYANN COLLIER, SCOTT J. & NANCY CONRY, GEORGE P. EDWARDS, DEBRA W. JENKINS, VERNON L. & KATHLEEN LANOU, GARDNER L. LEWIS II & PATRICIA T. BROWN, WILLIAM E. REIDELL & ROSEMARY ARBUCKLE, DE'ANA SHEPARD-SMITH, KENNETH F. SWEETEN JR. & ELIZABETH SWEETEN, FLOYD T. & HELEN WALLACE ("Plaintiffs") Second Amended Complaint as follows.

## INTRODUCTION

1.      This is a suit brought by twenty consumers residing in Connecticut who collectively entered into twelve mortgage loans with Defendant Argent Mortgage Company,

LLC ("Argent"). The Plaintiffs claim that Argent violated the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq., and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. (C.G.S.) § 36a-676, et seq. (hereinafter collectively referred to as "the Acts"), in each of their transactions by failing to provide them with notice of their right to rescind their mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 also contains conclusions of law to which no response is required. Defendant denies any remaining allegations in paragraph 1.

## PARTIES

2. The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Argent. Many of the mortgages were subsequently assigned to one of the other Defendants.

**ANSWER:** Defendant objects to the term "consumers" as vague. Defendant admit that Plaintiffs refinanced their home mortgages with Argent and that the mortgages were subsequently assigned to one of the other Defendants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2. Defendant denies any remaining allegations in paragraph 2.

3. All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4. All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

**ANSWER:** Paragraph 4 contains conclusions of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.      Defendant Argent is a foreign corporation with a primary place of business in Irvine, California.

**ANSWER:**      Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company.  Paragraph 5 contains conclusions of law to which no response is required.  Defendant denies the remaining allegations of paragraph 5.

6.      Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in New York, New York.  It holds legal title, as trustee, to some of the mortgage loans originated by Argent at issue in this suit and as further indicated in each count of this complaint below.  DBNT is the trustee of the following Defendant asset-backed securities:

a.      Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass Through Certificates, Series 2004-W1 Under the Pooling & Servicing Agreement dated February 1, 2004 Without Recourse

b.      Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W1 Under the Pooling & Servicing Agreement Dated as of August 1, 2003, Without Recourse

c.      Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-W8 Under the Pooling & Servicing Agreement Dated as of May 1, 2004, Without Recourse

d.      Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W6 Under the Pooling & Servicing Agreement Dated as of November 1, 2003, Without Recourse

e.      Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2004-W7 Under the Pooling & Servicing Agreement Dated as of May 1, 2004, Without Recourse

f.      Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series

2003-AR2 Under the Pooling & Servicing Agreement Dated as of May 1, 2003, Without Recourse

g.      Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W9.

**ANSWER:**    Defendant admits that Deutsche Bank National Trust Company serves as Trustee for the Asset Backed Pass-Through Certificates identified in subparagraphs (a) through (g) of Paragraph 6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

7.      Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company. It holds legal title to some of the mortgage loans originated by Argent at issue in this suit. Its registered agent is Corporation Service Company in Wilmington, Delaware.

**ANSWER:**    Defendant admits that WM Specialty Mortgage, LLC holds title to some of the mortgage loans originated by Argent at issue in this suit. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8.      Defendant Goldman Sachs Mortgage Company is a domestic limited partnership located in New York, New York.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

## JURISDICTION

9.      Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

**ANSWER:**    Paragraph 9 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 9.

10.     This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

**ANSWER:**    Defendant admits that it conducted business in the State of Connecticut as well as a number of other states through August 2007. The remaining allegations in

paragraph 10 contain conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 10.

11.     Venue in this Court is proper because this case has been transferred to this multidistrict litigation.  Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

**ANSWER:**     Paragraph 11 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 11.

### FIRST COUNT (ROBERT L. ALLAN V. ARGENT & DBNT)

12.     On or about November 18, 2003, Robert L. Allan ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 14 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 14.

15.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 15.

16. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** Paragraph 16 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 16.

17. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass Through Certificates, Series 2004-W1 Under the Pooling & Servicing Agreement dated February 1, 2004 Without Recourse.

**ANSWER:** Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company is Trustee of Argent Securities, Inc. Asset Backed Pass Through Certificates, Series 2004-W1 Under the Pooling & Servicing Agreement dated February 1, 2004 Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** Paragraph 18 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

**<u>ANSWER:</u>** Paragraph 19 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 19.

20.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**<u>ANSWER:</u>** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**<u>ANSWER:</u>** Paragraph 21 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**<u>ANSWER:</u>** Paragraph 21 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

23.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.  Forfeiture of loan proceeds;

   f.  Actual damages in an amount to be determined at trial; and

   g.  A reasonable attorney's fee.

**ANSWER:** Paragraph 23 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 23.

### SECOND COUNT (FRED R. BRUCH & BARBARA BRUCH V. ARGENT & DBNT)

24. On or about May 23, 2003, Fred R. Bruch & Barbara Bruch ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

26. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Paragraph 26 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 26.

27. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 27 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 27.

28.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 28 contains conclusions of law to which no answer is required.  Defendant denies any remaining allegations in paragraph 28.

29.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W1 Under the Pooling & Servicing Agreement Dated as of August 1, 2003, Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned."  Defendant admits that Deutsche Bank National Trust Company is Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W1 Under the Pooling & Servicing Agreement Dated as of August 1, 2003, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 30 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

**ANSWER:**     Paragraph 31 contains conclusions of law to which no answer is required.  Defendant denies any remaining allegations in paragraph 31.

32.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 33 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 34 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

     g.     A reasonable attorney's fee.

**ANSWER:**    Paragraph 35 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 35.

### THIRD COUNT (RICHARD & MARY ANN COLLIER V. ARGENT & DBNT)

36.    On or about March 22, 2004, Richard & Mary Ann Collier ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Defendant denies any remaining allegations in paragraph 36.

37.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Defendant denies any remaining allegations in paragraph 37.

38.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 38 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 38.

39.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 39 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 39.

40.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 40 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 40.

41.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-W8 Under the Pooling & Servicing Agreement Dated as of May 1, 2004, Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company is Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-W8 Under the Pooling & Servicing Agreement Dated as of May 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41. Defendant denies any remaining allegations in paragraph 41.

42.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 42 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42. Defendant denies any remaining allegations in paragraph 42.

43.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

**ANSWER:**     Paragraph 43 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 43.

44.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44. Defendant denies any remaining allegations in paragraph 44.

45.   The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**   Paragraph 45 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. Defendant denies any remaining allegations in paragraph 45.

46.   The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**   Paragraph 46 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46. Defendant denies any remaining allegations in paragraph 46.

47.   As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

**ANSWER:**   Paragraph 47 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 47.

## FOURTH COUNT

### (SCOTT J. & NANCY CONRY V. ARGENT & WM)

48.   On or about October 16, 2003, Scott J. & Nancy Conry ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. Defendant denies any remaining allegations in paragraph 48.

49.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49. Defendant denies any remaining allegations in paragraph 49.

50.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**   Paragraph 50 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 50.

51.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**   Paragraph 51 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 51.

52.      The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**      Paragraph 52 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 52.

53.      This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:**      Defendant denies the characterization and use of the term "assigned." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53. Defendant denies any remaining allegations in paragraph 53.

54.      The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**      Paragraph 54 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54. Defendant denies any remaining allegations in paragraph 54.

55.      The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**      Paragraph 55 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 55.

56.      More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56. Defendant denies any remaining allegations in paragraph 56.

57.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 57 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57. Defendant denies any remaining allegations in paragraph 57.

58.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 58 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58. Defendant denies any remaining allegations in paragraph 58.

59.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.     Rescission of this transaction;

   b.     Termination of any security interest in Plaintiff's property created under the transaction;

   c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.     Forfeiture of loan proceeds;

   f.     Actual damages in an amount to be determined at trial; and

   g.     A reasonable attorney's fee.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59. Defendant denies any remaining allegations in paragraph 59.

## FIFTH COUNT (GEORGE P. EDWARDS V. ARGENT & DBNT)

60.     On or about August 19, 2003, George P. Edwards ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60. Defendant denies any remaining allegations in paragraph 60.

61.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. Defendant denies any remaining allegations in paragraph 61.

62.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 62 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 62.

63.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 63 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 63.

64.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64. Defendant denies any remaining allegations in paragraph 64.

65.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W6 Under the Pooling & Servicing Agreement Dated as of November 1, 2003, Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company is Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W6 Under the Pooling & Servicing Agreement Dated as of November 1, 2003, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65. Defendant denies any remaining allegations in paragraph 65.

66.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 66 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66. Defendant denies any remaining allegations in paragraph 66.

67.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67. Defendant denies any remaining allegations in paragraph 67.

68.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68. Defendant denies any remaining allegations in paragraph 68.

69.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 69 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69. Defendant denies any remaining allegations in paragraph 69.

70.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 70 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70. Defendant denies any remaining allegations in paragraph 70.

71.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.      Rescission of this transaction;

b.      Termination of any security interest in Plaintiff's property created under the transaction;

c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.      Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.      Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney's fee.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71. Defendant denies any remaining allegations in paragraph 71.

<u>SIXTH COUNT</u>

<u>(DEBRA W. JENKINS V. ARGENT & DBNT)</u>

72.     On or about September 12, 2003, Debra W. Jenkins ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72. Defendant denies any remaining allegations in paragraph 72.

73.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73. Defendant denies any remaining allegations in paragraph 73.

74.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**<u>ANSWER:</u>**     Paragraph 74 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 74.

75.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**<u>ANSWER:</u>**     Paragraph 75 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 75.

76.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76. Defendant denies any remaining allegations in paragraph 76.

77.     On information and belief Argent assigned this mortgage loan to Deutsche Bank National Trust Company, as trustee for a pool of asset-backed certificates.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65. Defendant denies any remaining allegations in paragraph 65.

78.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received.

**ANSWER:**     Paragraph 78 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78. Defendant denies any remaining allegations in paragraph 78.

79.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79. Defendant denies any remaining allegations in paragraph 79.

80.     More than twenty calendar days have passed since Argent received the notice of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80. Defendant denies any remaining allegations in paragraph 80.

81.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**   Paragraph 81 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81. Defendant denies any remaining allegations in paragraph 81.

82.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**   Paragraph 82 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82. Defendant denies any remaining allegations in paragraph 82.

83.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.     Rescission of this transaction;

   b.     Termination of any security interest in Plaintiff's property created under the transaction;

   c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.     Statutory damages of $2,000 for Defendant Argent's failure to respond properly to the Plaintiff's rescission notices;

   e.     Forfeiture of loan proceeds;

   f.     Actual damages in an amount to be determined at trial; and

   g.     A reasonable attorney's fee.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83. Defendant denies any remaining allegations in paragraph 83.

### SEVENTH COUNT (VERNON L. & KATHLEEN LANOU V. ARGENT & DBNT)

84.     On or about December 15, 2003, Vernon L. & Kathleen Lanou ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84. Defendant denies any remaining allegations in paragraph 84.

  85. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85. Defendant denies any remaining allegations in paragraph 85.

  86. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Paragraph 86 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 86.

  87. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** Paragraph 87 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 87.

  88. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88. Defendant denies any remaining allegations in paragraph 88.

89.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass Through Certificates, Series 2004-W1 Under the Pooling & Servicing Agreement dated February 1, 2004 Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company is Trustee of Argent Securities, Inc. Asset Backed Pass Through Certificates, Series 2004-W1 Under the Pooling & Servicing Agreement dated February 1, 2004 Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89. Defendant denies any remaining allegations in paragraph 89.

90.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 90 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90. Defendant denies any remaining allegations in paragraph 90.

91.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91. Defendant denies any remaining allegations in paragraph 91.

92.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92. Defendant denies any remaining allegations in paragraph 92.

93.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 93 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93. Defendant denies any remaining allegations in paragraph 93.

94.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 94 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94. Defendant denies any remaining allegations in paragraph 94.

95.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95. Defendant denies any remaining allegations in paragraph 95.

## EIGHTH COUNT

## (GARDNER L. LEWIS II & PATRICIA T. BROWN V. ARGENT & DBNT )

96.      On or about October 27, 2003, Gardner L. Lewis II and Patricia T. Brown

("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on

Plaintiff's residence to secure the indebtedness.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 96. Defendant denies any remaining
allegations in paragraph 96.

97.      A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 97. Defendant denies any remaining
allegations in paragraph 97.

98.      This consumer credit transaction was subject to the right of rescission as

described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**      Paragraph 98 contains conclusions of law to which no answer is required.  Further
answering, Defendant denies the characterization and use of the terms "consumer
credit transaction."  Defendant denies any remaining allegations in paragraph 98.

99.      In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z §

226.23(b).

**ANSWER:**      Paragraph 99 contains conclusions of law to which no answer is required.  Further
answering, Defendant denies the characterization and use of the terms "consumer
credit transaction."  Defendant denies any remaining allegations in paragraph 99.

100.      The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100. Defendant denies any remaining allegations in paragraph 100.

101. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2003-W9.

**ANSWER:** Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company is Trustee of Argent Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2003-W9 Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101. Defendant denies any remaining allegations in paragraph 101.

102. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and the assignee of this mortgage loan, which notices have been received by Defendant.

**ANSWER:** Paragraph 102 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102. Defendant denies any remaining allegations in paragraph 102.

103. More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103. Defendant denies any remaining allegations in paragraph 103.

104. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104. Defendant denies any remaining allegations in paragraph 104.

105.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 105 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105. Defendant denies any remaining allegations in paragraph 105.

106.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 106 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106. Defendant denies any remaining allegations in paragraph 106.

107.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107. Defendant denies any remaining allegations in paragraph 107.

<u>**NINTH COUNT**</u>

**(WILLIAM E. REIDELL & ROSEMARY ARBUCKLE V. ARGENT & WM)**

108.    On or about June 10, 2004, William E. Reidell & Rosemary Arbuckle ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

<u>**ANSWER:**</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108. Defendant denies any remaining allegations in paragraph 108.

109.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

<u>**ANSWER:**</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.  Defendant denies any remaining allegations in paragraph 109.

110.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

<u>**ANSWER:**</u>    Paragraph 110 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 110.

111.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

<u>**ANSWER:**</u>    Paragraph 111 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 111.

112.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112. Defendant denies any remaining allegations in paragraph 112.

113.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC,

Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113.  Defendant denies any remaining allegations in paragraph 113.

114.     The Plaintiff exercised the extended right to rescind the contract by sending notice

by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which

notices have been received by each Defendant.

**ANSWER:**     Paragraph 114 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114. Defendant denies any remaining allegations in paragraph 114.

115.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to

15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115. Defendant denies any remaining allegations in paragraph 115.

116.     More than twenty calendar days have passed since Defendants received the

notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116. Defendant denies any remaining allegations in paragraph 116.

117.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 117 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117. Defendant denies any remaining allegations in paragraph 117.

118.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 118 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118. Defendant denies any remaining allegations in paragraph 118.

119.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

     a.    Rescission of this transaction;

     b.    Termination of any security interest in Plaintiff's property created under the transaction;

     c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

     e.    Forfeiture of loan proceeds;

     f.    Actual damages in an amount to be determined at trial; and

     g.    A reasonable attorney's fee.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.  Defendant denies any remaining allegations in paragraph 119.

## TENTH COUNT (DE'ANA E. SHEPARD-SMITH V. ARGENT & DBNT)

120. On or about December 12, 2003, De'Ana Shepard, now known as De'Ana Shepard-Smith, ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120. Defendant denies any remaining allegations in paragraph 120.

121. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121. Defendant denies any remaining allegations in paragraph 121.

122. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Paragraph 122 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 122.

123. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** Paragraph 123 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 123.

124. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124. Defendant denies any remaining allegations in paragraph 124.

125.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2004-W7 Under the Pooling & Servicing Agreement Dated as of May 1, 2004, Without Recourse.

**ANSWER:**    Defendant denies the characterization and use of the term "assigned."  Defendant admits that Deutsche Bank National Trust Company is Trustee of Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2004-W7 Under the Pooling & Servicing Agreement Dated as of May 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125. Defendant denies any remaining allegations in paragraph 125.

126.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    Paragraph 126 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126. Defendant denies any remaining allegations in paragraph 126.

127.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127. Defendant denies any remaining allegations in paragraph 127.

128.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128. Defendant denies any remaining allegations in paragraph 128.

129.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 129 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129. Defendant denies any remaining allegations in paragraph 129.

130.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 130 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130. Defendant denies any remaining allegations in paragraph 130.

131.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.     Forfeiture of loan proceeds;

    f.     Actual damages in an amount to be determined at trial; and

    g.     A reasonable attorney's fee.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131. Defendant denies any remaining allegations in paragraph 131.

<u>**ELEVENTH COUNT**</u>

<u>**(KENNETH F. SWEETEN JR. & ELIZABETH SWEETEN V. ARGENT & DBNT)**</u>

132.     On or about February 14, 2003, Kenneth F. Sweeten Jr. & Elizabeth Sweeten ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

<u>**ANSWER:**</u>     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132. Defendant denies any remaining allegations in paragraph 132.

133.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

<u>**ANSWER:**</u>     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.  Defendant denies any remaining allegations in paragraph 133.

134.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

<u>**ANSWER:**</u>     Paragraph 134 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 134.

135.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

<u>**ANSWER:**</u>     Paragraph 135 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 135.

136.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136. Defendant denies any remaining allegations in paragraph 136.

137.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-AR2 Under the Pooling & Servicing Agreement Dated as of May 1, 2003, Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company is Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-AR2 Under the Pooling & Servicing Agreement Dated as of May 1, 2003, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137. Defendant denies any remaining allegations in paragraph 137.

138.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 138 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138. Defendant denies any remaining allegations in paragraph 138.

139.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139. Defendant denies any remaining allegations in paragraph 139.

140.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.  Defendant denies any remaining allegations in paragraph 140.

141.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**<u>ANSWER:</u>**     Paragraph 141 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141. Defendant denies any remaining allegations in paragraph 141.

142.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**<u>ANSWER:</u>**     Paragraph 142 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142. Defendant denies any remaining allegations in paragraph 142.

143.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney's fee.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143. Defendant denies any remaining allegations in paragraph 143.

### TWELFTH COUNT

### (FLOYD T. & HELEN WALLACE V. ARGENT & GOLDMAN SACHS MORTGAGE COMPANY)

144.    On or about March 1, 2004, Floyd T. Wallace and Helen Wallace ("Plaintiff") entered into a loan agreement with Defendant Argent and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144. Defendant denies any remaining allegations in paragraph 144.

145.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145. Defendant denies any remaining allegations in paragraph 145.

146.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 146 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 146.

147.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 147 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 147.

148.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148. Defendant denies any remaining allegations in paragraph 148.

149.    This mortgage loan was assigned to Co-Defendant Goldman Sachs Mortgage Company.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149. Defendant denies any remaining allegations in paragraph 149.

150.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by Defendant.

**ANSWER:**     Paragraph 150 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150. Defendant denies any remaining allegations in paragraph 150.

151.    The assignee also has notice of the rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151. Defendant denies any remaining allegations in paragraph 151.

152.    More than twenty calendar days have passed since Defendant Argent and the assignee have received notice of the rescission.

**<u>ANSWER:</u>**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152. Defendant denies any remaining allegations in paragraph 152.

  153.  The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**<u>ANSWER:</u>**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153. Defendant denies any remaining allegations in paragraph 153.

  154.  The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a¬683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**<u>ANSWER:</u>**   Paragraph 154 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154. Defendant denies any remaining allegations in paragraph 154.

  155.  The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**<u>ANSWER:</u>**   Paragraph 155 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155. Defendant denies any remaining allegations in paragraph 155.

  156.  As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.      Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney's fee.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156. Defendant denies any remaining allegations in paragraph 156.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.       Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.       Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.       Plaintiffs' claims are barred by the applicable statute of frauds.

6.       Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7.       Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.       Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.       Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.      Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11.      As to each cause of action, Defendant is entitled to an offset.

12.      Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15.      Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.　　Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.　　Dismiss Plaintiffs' Second Amended Complaint;

2.　　Enter judgment for Defendant and against Plaintiffs in this action;

3.　　Award Defendant its costs of suit; and

4.　　Grant Defendant any and all further and additional relief as it deems just and appropriate.


DATED:  April 13, 2010　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　By: /s/  Thomas J. Wiegand

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Argent Mortgage Company, LLC*

　　　　　　　　　　　　　　　　　　Thomas J. Wiegand (twiegand@winston.com)
　　　　　　　　　　　　　　　　　　Gregory J. Miarecki
　　　　　　　　　　　　　　　　　　David E. Dahlquist
　　　　　　　　　　　　　　　　　　Winston & Strawn, LLP
　　　　　　　　　　　　　　　　　　35 W. Wacker Drive
　　　　　　　　　　　　　　　　　　Chicago, Illinois  60601-9703
　　　　　　　　　　　　　　　　　　Telephone: (312) 558-5600
　　　　　　　　　　　　　　　　　　Facsimile:  (312) 558-5700

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Dahlquist, hereby certify that on this 13th day of April 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:  _____ /s/  David E. Dahlquist _____

CHI:2388666.1