UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 Lead Case No. 05-7097 |
| THIS DOCUMENT RELATES TO: | Centralized before the Honorable Marvin E. Aspen |
| BORROWER PLAINTIFFS' CLASS ACTION | |

### ORDER

MARVIN E. ASPEN, District Judge:

As discussed in today's fairness hearing, Borrower Plaintiffs and their counsel must address a few remaining issues before final approval of the Settlement Agreement can be granted.[1] Borrower Plaintiffs and their counsel must submit the following:

1. Documentation substantiating the specific work performed by each individual Named Class Representative who is seeking a service award of $7500 under the Settlement Agreement.

2. Documentation supporting the lodestar value of attorneys' fees asserted by each counsel seeking a portion of the $7.33 million requested for attorneys' fees and costs. Specifically, more detailed information must be submitted with respect to the time claim by: (a) James Hoyer and its co-counsel; (b) Lieff Cabraser; (c) Robbins Geller; (d) Stanley Iola, LLP; (e) Andrew Kierstead; (f) Crowder,

---

[1] As I mentioned, of course, Settling Defendants may also submit any additional information they deem necessary to the Court's ongoing analysis of the Settlement Agreement.

Bedor & Paulson LLP; (g) Crowder Teske PLLP; (h) Mansfield, Tanick & Cohen; (i) Richardson, Patrick, Westbrook & Brickman; (j) Carlson Lynch LTD; (k) Quinn, Gordon & Wolf; and (l) Civil Justice, Inc. Lieff Cabraser must also explain the nature of the "Other" personnel working on the case, who together billed more than $60,000. If these lawyers or firms do not elect to submit detailed billing information or invoices, they must—at the very least—submit a chart or other summary akin to that provided by Donovan Searles, LLC, which was attached at Exhibit E to the Omnibus Declaration.

3. Information about the intended distribution of the $7.33 million fees award, after expenses are paid, among the various attorneys who have represented the Borrower classes throughout their litigation. Counsel may file this fees distribution information under seal for the Court's *in camera* review.

4. A response to any written objection filed by Paul Pemberton. As mentioned at the hearing, Mr. Pemberton has leave to file a late objection to the Settlement Agreement on or by April 22, 2010.

Counsel are reminded that the Court would like brief, straightforward answers to these questions. This supplemental information must be filed no later than June 1, 2010. It is so ordered.

                                                                         _____
                                                                         Honorable Marvin E. Aspen
                                                                         U.S. District Court Judge

Dated: April 15, 2010