IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> *Miller v. Ameriquest Mortgage Co*, Case No. 06-cv-1623 (N.D.Ill) <br><br> *Grabs v. Argent Mortgage Co., LLC*, Case No. 06-cv-2809 (N.D.Ill) <br><br> *Campau v. Ameriquest Mortgage Co.*, Case No. 07-0118 (N.D.Ill) <br><br> *Stratford v. Ameriquest Mortgage Co.*, Case No. 07-1343 (N.D.Ill) <br><br> *Adams v. Ameriquest Mortgage Co.*, Case No. 07-1626 (N.D.Ill) <br><br> *Karlin v. Ameriquest Mortgage Co.*, Case No. 07-0075 (N.D.Ill) <br><br> *Rodriguez v. Ameriquest Mortgage Co.*, 07-1082 (N.D.Ill) | |

**RESPONSE TO PLAINTIFFS' SECOND MOTION TO ENFORCE SETTLEMENT AND DECLARATION OF BERNARD E. LESAGE IN SUPPORT THEREOF**

### I.  INTRODUCTION

On March 8, 2010, counsel for certain opt-out plaintiffs ("Plaintiffs") filed the instant "Second" Motion to Enforce Settlement ("Motion"), apparently in reference to the fact that they had filed a prior Motion to Enforce Settlement.[1] [Docket No. 3450, 3452, 2721]. While Ameriquest shares Plaintiffs' desire to have all pending settlements finalized, it should be noted that, while Plaintiffs refer to this motion as a "Second" Motion, only one of the loans at issue

---

[1] On March 12, 2010, Plaintiffs filed a corrected version of the Motion. [Docket No. 3452.]

here was raised in the original. As to that loan, like all others at issue here, Ameriquest continues to use its best efforts to facilitate finalizing these settlements.

The Motion pertains to "pending" settlements that involve both a cash payment to the borrower, and a modification of the terms of the borrower's loan. Ameriquest does not own, or service, any of the loans at issue. However, Ameriquest has been working with the current servicers and opt-out plaintiffs to facilitate as many loan modifications as possible. Importantly, none of the parties dispute the existence of the settlements or loan modifications at issue. Instead, Plaintiffs allege that certain aspects of the settlements or loan modifications need to be finalized.

Finalization of the settlements has been affected by the fact that in 2009, CitiResidential Lending, Inc. sold its servicing portfolio, including the loans at issue in this motion, to new servicers. The transition has made the consummation of settlements more complex, especially in light of the sheer number of loans to be addressed. Nevertheless, most of the moving plaintiffs concede that they have received the benefits of the settlement agreements they entered into, with the primary issue being that Plaintiffs are seeking a copy of their fully executed loan modification agreements.[2]

As set forth below, and with respect to the loans specific to this Motion, Ameriquest has done, and continues to do, its best to facilitate the settlements under the circumstances. Accordingly, Plaintiffs are not entitled to attorneys' fees and any other requested relief is unnecessary.

## II.   BACKGROUND OF ENFORCEMENT SOUGHT BY THE PLAINTIFFS

On April 23, 2009, various plaintiffs filed a motion to enforce settlement, seeking certain performance pertaining to their respective settlement agreements. In particular, the plaintiffs contended that they did not receive fully executed copies of the settlement agreements and/or loan modification agreements, evidence that the signed loan modification agreements had been

---

[2] The current status of each settlement at issue in Plaintiffs' motion is summarized in Section III, *infra*.

- 3 -

effectuated and/or payment of settlement amounts. The plaintiffs seeking relief under the original motion were Kevin Guydon, Rita Guydon, Cecilia Rowan, Katherine Miller and Benjamin Miller (the "Millers"), Angelique McKimmy, Ernie McKimmy, Karen Stafford, James Stafford, and Mildred Clay. [Docket No. 2721] By Order dated June 24, 2009, the Court granted the motion in part and denied it in part. Among other things, the Court found that "**it appears Ameriquest and the other defendant have been attempting in good faith to complete the loan modification process for [plaintiffs]**." [Docket No. 2914.] With the exception of the Miller plaintiffs, the issues pertaining to all of the above plaintiffs have been resolved and are *no longer at issue.*

In the instant Motion, the following plaintiffs seek relief pertaining to their settlements: the Millers, Fredrich Grabs ("Grabs"), Kathryn Campau and Thomas Campau ("Campau"), Christina Stratford and Samuel Stratford ("Stratfords"), Glenn Adams and Laverne Adams ("Adams"), David Karlin ("Karlin"), Virigina Albarran and Jose Rodriguez ("Albarran/Rodriguez"). The relief that Plaintiffs seek are as follows:

### A Copy Of The Fully Executed Loan Modification Agreement

- <u>Grabs, Campau, Millers, Adams, Karlin, Stratfords, Albarran/Rodriguez</u>: Plaintiffs in the above loans concede that the terms of the loan modification have been effectuated. Nevertheless, Plaintiffs seek to obtain a copy of the fully executed loan modification agreement.

### A Copy of The Fully Executed Settlement Agreement and Settlement Payment

- <u>Stratfords</u>: The Stratfords concede that the loan modification has been effectuated, but claim that they have not received the settlement payment of $3,000.00, and seeks a copy of a fully executed settlement agreement (in addition to the fully executed loan modification agreement).

**Monthly Statements**

- <u>Millers</u>: In addition to a fully executed loan modification agreement, the Millers seek new relief of an order requiring the servicer, Chase Home Finance, LLC, to commence sending them monthly statements reflecting the modified mortgage terms.

On December 7, 2009, counsel for Plaintiffs sent counsel for Ameriquest a letter requesting various fully executed settlement agreements and/or loan modification agreements. As further discussed below, upon receiving the letter, Ameriquest's counsel has in good faith sought to facilitate the settlements at issue.

### III. AMERIQUEST HAS MADE A GOOD FAITH EFFORT TO COOPERATE WITH PLAINTIFFS' REQUESTS AND WILL CONTINUE TO DO SO.

Before this Motion was filed, Ameriquest was following the status of each of the relevant loans, and has taken action, to the extent possible, to cooperate in finalizing the settlements. Any delays in the process have been caused, in part, by the fact that all parties have not executed the relevant settlement or loan modification agreements, and by the transitioning of the underlying original loans from the initial servicer, CitiResidential, to new servicers.

As Ameriquest explained in connection with the prior motion, CitiResidential completed a loan service transfer to JP Morgan Chase Bank, NA, c/o Chase Home Finance LLC ("Chase"). This affected a transfer of the Miller and Grabs loans, previously owned by WM Specialty Mortgage LLC, n/k/a JPMC Specialty Mortgage LLC. CitiResidential also completed a loan service transfer to American Home Mortgage Servicing, Inc. ("AHMSI"). The Campau, Karlin, Adams, Stratford, Albarran/Rodriguez loans at issue here were all part of that loan transfer. Upon release of the servicing for these loans to Chase, and/or AHMSI, CitiResidential no longer held any interest in the loans, and had no further ability to modify the loan terms for the borrowers. Nonetheless, Ameriquest has every interest in finalizing these agreements and has used its best efforts to work with the new servicers to accomplish this goal.

### A. Grabs

The Grabs loan is currently serviced by Chase, which is not a party in the *Grabs* action. Plaintiffs do not appear to be disputing the effectuation of the loan modification terms. Instead, Plaintiffs are seeking a fully executed copy of the loan modification agreement. A copy of the fully executed loan modification that was previously sent to Grabs by Chase, was again provided to plaintiff's counsel on April 13, 2010. Therefore, any issues with respect to this loan are moot.

### B. Millers

The Miller loan is also currently serviced by Chase, which is not a party in the *Miller* action either. Plaintiffs do not dispute the effectuation of the loan modification terms. Instead, Plaintiffs are seeking a fully executed copy of the loan modification agreement. The terms are summarized in Exhibit A to the fully executed Settlement Agreement. After investigation it appears that, in order to ensure the loan modification took effect as soon as possible, non-party Chase did not create a formal loan modification agreement. Ameriquest will continue to work with Chase to obtain a resolution to this issue acceptable to all parties and believes it will be able to provide plaintiffs' counsel an update on status shortly. The Millers also claim that Chase needs to send them their monthly statements reflecting the modified terms. Nevertheless, Ameriquest is informed by Chase that it *has* been sending proper monthly statements to the Millers and that there is no hold on the statements.

### C. Campau, Adams, Stratford, Karlin, Albarran/Rodriguez

The Campau, Adams, Stratford, Karlin, and Albarran/Rodriguez loans are currently serviced by AHMSI, and it appears that Plaintiffs do not dispute that the relevant loan modification terms have been effectuated. Nevertheless, Plaintiffs are seeking a copy of the fully executed loan modification documents. As a result, on December 21, 2009, Ameriquest's counsel contacted counsel for AHMSI with a list of the foregoing loans (and a copy of the email to Plaintiff's counsel) requesting the status of the various loan modifications. Ameriquest has confirmed that AHMSI has sent Plaintiffs' counsel a copy of the fully executed loan

modification agreements for the Campau, Stratford, Adams, Karlin and Albarran/Rodriguez loans. Therefore, the above issues pertaining to those loans are moot.

In regard to the Stratford loan, Plaintiffs are also seeking a fully executed settlement agreement and settlement payment in the amount of $3,000.00. To date, Ameriquest has not been able to obtain all the required signatures for the settlement and authorization for payment of the same due to the transitioning of the servicing of this loan. To expedite this process, Ameriquest has proposed to Plaintiff's counsel that the Stratfords and Ameriquest execute a new Settlement Agreement with Ameriquest as the only other executing party. Plaintiffs are not agreeable to this option, so Ameriquest is preparing an updated Settlement Agreement with AHMSI (the current servicer) as the signatory in place of CitiResidential (the former servicer). The draft Settlement Agreement currently is in review. Ameriquest will be able to immediately disburse settlement payment after the Settlement Agreement is fully executed. Ameriquest will follow up on the status of this loan with Plaintiffs shortly.

As set forth above, Ameriquest has, to the best of its ability, attempted to cooperate in facilitating the settlements at issue, and in obtaining fully executed settlement or loan modification agreements. The process of finalizing the relevant settlements and loan modifications has taken longer than expected. The process has been frustrated by the gaps in servicer knowledge and authority as a result of the transfer of a number of these loans.

Certainly, Ameriquest's intent is, and remains, to do whatever is within its power to finalize the settlements and loan modifications by providing Plaintiffs with the relevant documents. That power however, is limited by the circumstances, as described above.

## IV. CONCLUSION

Based on the foregoing, Ameriquest requests the Court deny Plaintiffs' request for attorneys' fees and costs.

<table>
<tr><td>DATED: April 15, 2010</td><td>Respectfully submitted,<br><br>By: /s/ Bernard E. LeSage<br>*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*<br><br>Bernard E. LeSage, Esq.<br>Sarah K. Andrus, Esq.<br>BUCHALTER NEMER, a P.C.<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400</td></tr>
</table>

# DECLARATION OF BERNARD E. LESAGE

I, Bernard E. LeSage, hereby declare:

1. I am a shareholder with the law firm of Buchalter Nemer, A Professional Corporation, counsel of record for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. in this multi-district litigation. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could testify competently to these facts.

2. In 2009, CitiResidential completed a loan service transfer to JP Morgan Chase Bank, N.A., c/o Chase Home Finance, LLC ("Chase"). This effectuated a transfer of the Miller and Grabs loans.

3. CitiResidential also completed a loan service transfer to American Home Mortgage Servicing, Inc. ("AHMSI"). The Campau, Karlin, Stratford, Adams, Albarran/Rodriguez loans at issue here were part of that loan transfer.

4. Grabs loan: It is my understanding that plaintiff Grabs is only seeking a copy of the loan modification agreement for this loan. We have coordinated with Chase to locate a copy of the fully executed loan modification agreement, which it appears was already sent to Grabs. On April 13, 2010, our office emailed Grabs' counsel a copy of the fully executed loan modification agreement. I understand that there are no other pending issues with this loan.

5. Miller Loan: It is my understanding that at the time of the loan service transfer to Chase, the proposed loan modification terms for the Millers had been agreed upon pursuant to the parties' Settlement Agreement. I am further informed that Chase has effectuated the terms of the loan modification. It is my understanding that the loan modification terms are set forth in Exhibit A to the fully executed Settlement Agreement. Our office has diligently worked with Chase in order to research the status of the Miller loan modification agreement. It appears that due to the need to effectuate the loan modification terms on an expedited basis, Chase may not

have prepared a loan modification agreement before effectuating the terms. We plan to continue to work with Chase to further research the history of this loan from the time of service transfer, and to obtain a resolution to this issue acceptable to all parties. I believe that we will be able to provide plaintiffs with an update on the status of the loan modification agreement shortly. The Millers also appear to be seeking their monthly statements reflecting loan modification terms. We are informed that because there is <u>no</u> hold on the monthly statements (and there has not been for quite some time), the Millers should have been receiving their monthly statements.

6. <u>Campau, Adams, Karlin and Albarran/Rodriguez loans</u>: On December 21, 2009, our firm contacted counsel for AHMSI, Simon Fleischman, by email with a list of the foregoing loans (and a copy of the email to Plaintiffs' counsel) and requested the status of the various loan modifications and noted that the loan modification agreements appeared to be outstanding. We have confirmed that AHMSI counsel has provided a copy of the fully executed loan modification agreements to Plaintiffs' counsel for the Campau, Adams, Karlin and Albarran/Rodriguez loans.

7. <u>Stratford loan</u>: The Stratford loan was included in the list of loans sent to AHMSI counsel for status of the loan modification agreements, and we have confirmed that AHMSI counsel has now sent the fully executed loan modification agreement to Plaintiffs' counsel. Multiple signatures are missing from the Settlement Agreement and Ameriquest is making effort to collect a fully executed copy of the Settlement Agreement. Ameriquest will be able to obtain authorization to disburse the settlement payment of $3,000.00 as soon as it obtains a copy of the fully executed Settlement Agreement. To expedite this process, we have proposed to Plaintiffs' counsel that the Stratfords execute a new Settlement Agreement, with only Ameriquest and the Stratfords as executing parties. Since Plaintiffs are not agreeable to this option, we are preparing a revised Settlement Agreement for execution by AHMSI (in place of Citi Residential), the

/ / /

- 3 -

current servicer. If all parties are agreeable we anticipate obtaining a revised fully executed Settlement Agreement shortly and will provide Plaintiffs' counsel an updated status.

I declare under penalty of perjury under the laws of the United States and the state of Illinois that the foregoing is true and correct.

Executed this 15th day of April 2010 in Los Angeles, California.

                                                   /s/Bernard E. LeSage

                                                   Bernard E. LeSage

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 15th day of April 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 5583193v2