# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

_____

| | |
|---|---|
| STUART BELFELD and MARIANNE BELFELD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> ARGENT MORTGAGE COMPANY, LLC; ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, N.A.; WELLS FARGO ) <br> BANK, N.A., PARK PLACE SECURITIES, INC., ) <br> Asset Backed Pass Through Certificates Series ) <br> 2005-WCW1, BANK OF AMERICA, N.A., and ) <br> DOES 1-5, ) <br> ) <br> Defendant. ) | 07 C 1749 <br><br> Originally 1:07-cv-00143-GJQ <br> (W.D. Mich.) <br><br> Transferred to Judge Aspen for <br> pretrial proceedings under MDL <br> #1715, Lead Case #05 C 7097 <br><br><br> **JURY DEMANDED** |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE FOURTH AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Stuart Belfeld and Marianne Belfeld respectfully move this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file a Fourth Amended Complaint and to have it deemed filed *instanter*. A copy of their proposed Fourth Amended Complaint is attached hereto as <u>Appendix A</u>. In support of their motion, plaintiffs state as follows:

    1.    Mr. Belfeld and Ms. Belfeld filed this action against defendant Argent

Mortgage Company, LLC and affiliates on February 12, 2007 to rescind their mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

   2. Plaintiffs' proposed fourth amended complaint seeks merely to add as defendants BAC Home Loans Servicing, LP and Faslo Solutions, LLC, which have purchased the servicing rights to plaintiffs' loans, and to dismiss defendant Bank of America, N.A. without prejudice.

   3. The minor, proposed change would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

   4. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiffs respectfully request that this Court enter an Order (A) granting them leave to file the proposed Fourth Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Fourth Amended Complaint filed *instanter*, (C) dismissing defendant Bank of America, N.A., without prejudice, and (D) granting any further or other relief that the Court deems just.

Respectfully submitted,

s/Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS
     & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)