## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Centralized before The Honorable Marvin E. Aspen |

### LIAISON COUNSEL'S *AMENDED* MOTION FOR ENTRY OF JUDGMENT AGAINST CERTAIN THIRD-PARTY DEFENDANTS FOR ATTORNEYS' FEES AND COSTS

Liaison Counsel for the Third-Party Defendants, Goldberg Kohn Ltd. ("Goldberg Kohn"), hereby amends its April 29, 2010 motion for entry of judgment and hereby moves this Court to enter judgment for unpaid Liaison Counsel fees and costs against certain Third-Party Defendants pursuant to the terms of its orders of September 8, 2008 (Dkt. No. 2347), August 31, 2009 (Dkt. No. 3066), and November 24, 2009 (Dkt. No. 3235). In support of its amended motion, Goldberg Kohn states as follows:

1.    Goldberg Kohn was elected Liaison Counsel to the Third-Party Defendants in this MDL case on March 18, 2009, and appointed by the Court on April 27, 2009. Dkt. No. 2725.

2.    Liaison Counsel's duties and responsibilities are for the benefit of the Court and the Third-Party Defendants as a group, and include communicating with counsel

for individual Third-Party Defendants regarding the status of the case, drafting and coordinating filings on behalf of all Third-Party Defendants, presenting to the Court and opposing parties Third-Party Defendants' commonly held positions on all pretrial matters, and appearing in Court on behalf of all Third-Party Defendants to present those commonly held positions.  See Dkt. No. 2135-2, as adopted by Dkt. No. 2347.

3.     On August 31, 2009 (Dkt. No. 3066), this Court awarded Goldberg Kohn $30,502.24 in attorneys' fees and costs for work performed on behalf of Third-Party Defendants from March 18, 2009 through June 30, 2009, and ordered each Third-Party Defendant to reimburse Goldberg Kohn for its share of $30,502.24 pursuant to the formula set forth in its Order of September 8, 2008 (Dkt. No. 2347), which approved of a proposed formula set forth in a Proposed Order of May 5, 2008 (Dkt. No. 2135-2).

4.     On September 23, 2009, Goldberg Kohn sent an e-mail to counsel for the Third-Party Defendants attaching the relevant orders, setting forth the amount owed by each Third-Party Defendant for the March-June fees, and requesting immediate payment. This email is attached hereto as Exhibit A.

5.     On November 5, 2009, Goldberg Kohn sent an email reminder to Third-Party Defendants regarding its September 23, 2009 request for fees, noting that it had received only $4,229.78 of the $30,502.24 in fees and costs approved by the Court. Goldberg Kohn stated that if it did not receive payment by November 20, 2009 (two months after its request), it would request relief from the Court.  This email is attached hereto as Group Exhibit B.

6.      On November 24, 2009 (Dkt. No. 3235), this Court awarded Goldberg Kohn $52,757.48 in attorneys' fees and costs for work performed on behalf of Third-Party Defendants from July 1, 2009 through September 30, 2009, including briefing of the consolidated motion to dismiss, and ordered each Third-Party Defendant to reimburse Liaison Counsel for its share of $52,757.48 pursuant to the formula set forth in its Order of September 8, 2008 (Dkt. No. 2347), which approved of a proposed formula set forth in a Proposed Order of May 5, 2008 (Dkt. No. 2135-2).

7.      On December 28, 2009, Goldberg Kohn sent an e-mail to counsel for the Third-Party Defendants attaching the relevant orders, setting forth the amount owed by each Third-Party Defendant for the July-September fees, and requesting immediate payment. Additionally, Goldberg Kohn noted that it had still received only $19,482.47 out of the $30,502.24 that it was awarded for its March-June fees, and stated that it would soon be filing with the Court a motion for entry of judgment for the fees that remain unpaid. This email is attached hereto as Exhibit C.

8.      As of April 22, 2010, Goldberg Kohn has received $24,222.14 out of the $30,502.24 awarded for its March-June fees, and $35,846.99 out of the $52,757.48 awarded for its July-September fees. Therefore, it has received a total of $60,069.13 out of $83,259.72 for its March-September fees.

9.      Attached hereto as Exhibit D is a chart for the March-June fees showing the Third-Party Defendants, the amounts owed by each, and whether those amounts have been paid.

10.     Attached hereto as Exhibit E is a chart for the July-September fees showing the Third-Party Defendants, the amounts owed by each, and whether those amounts have been paid.

11.     On March 31, 2010, Goldberg Kohn circulated then-current versions of both charts to Third-Party Defendants and requested that if any Third-Party Defendant believed that the charts were inaccurate, that they notify Goldberg Kohn by April 2, 2010. This email is attached hereto as Exhibit F. Goldberg Kohn made all appropriate edits to the charts pursuant to these comments.

12.     Goldberg Kohn has spent significant attorney, paralegal, and support staff time, for which it is not compensated according to the Court's Order of December 10, 2008, 2008 WL 5170769, at *5 (N.D. Ill. Dec. 10, 2008), calculating exactly how much is owed by each of the hundreds of Third-Party Defendants and communicating with Third-Party Defendants who dispute the accuracy of the amounts owed.

13.     By the nature of its role as liaison counsel, Goldberg Kohn does not have direct client relationships with virtually any of the Third-Party Defendants of the type that typically serves as the basis for inducing a client to pay its attorneys' fees. For this reason, and because it has been seven months since Goldberg Kohn requested payment of its March-June fees, and four months since Goldberg Kohn requested payment for its July-September fees, despite several reminders to the Third-Party Defendants, Goldberg Kohn now requests Court assistance in recovering its fees from the Third-Party Defendants indicated as "unpaid" for having not yet paid those fees in Exhibits D and E (those parties are

also clearly listed in the Addenda to the proposed judgment order referenced below in paragraph 15).

14.     Furthermore, due to the difficulty experienced by Goldberg Kohn in recovering its fees from Third-Party Defendants, Goldberg Kohn respectfully requests that this Court reconsider its ruling in its December 10, 2008 order prohibiting Liaison Counsel from seeking reimbursement for time spent related to their fee proposals and recovery.

15.     Attached hereto as Exhibit G is a proposed judgment order granting Goldberg Kohn judgment against those Third-Party Defendants who have not paid their shares of the March-June and/or July-September liaison counsel fees, as listed in the Addenda to that proposed judgment order.[1]

WHEREFORE, Goldberg Kohn respectfully requests that this Court enter judgment against certain Third-Party Defendants and in favor of Goldberg Kohn for attorneys fees and costs in the amounts shown in Exhibits D and E and reconsider its December 10, 2008 order prohibiting Liaison Counsel from seeking reimbursement for time spent related to their fee proposals and recovery.

---

[1]     Goldberg Kohn notes that the total amounts shown on the Addenda to the proposed judgment order as "unpaid" are not the same as the difference between what Liaison Counsel is owed versus what has been paid listed in Paragraph 8 of this motion. That is because, as shown in Exhibits D and E, several Third-Party Defendants have declared bankruptcy or been dismissed from the case and Goldberg Kohn is therefore not seeking judgment against them, despite the fact that they have not yet paid their shares of Liaison Counsel fees. Additionally, in a small number of instances Third-Party Defendants disputed the amounts of their particular shares of Liaison Counsel fees and Goldberg Kohn agreed to receive less money instead of spending time disputing those matters, which affects the amounts paid but not the total amount of fees owed by the entire Third-Party Defendant group.

Dated:  April 30, 2009              Respectfully submitted,


                                   By_____/s/ Kathryn B. Walter_____

                                   David J. Chizewer
                                   Steven A. Levy
                                   Kathryn B. Walter
                                   GOLDBERG KOHN LTD.
                                   55 East Monroe Street
                                   Suite 3300
                                   Chicago, Illinois  60603
                                   (312) 201-4000

                                   Liaison Counsel for Third-Party Defendants and
                                   Counsel for Third-Party Defendant NATIONAL
                                   REAL ESTATE INFORMATION SERVICES

## <u>CERTIFICATE OF SERVICE</u>

  I, Kathryn B. Walter, hereby certify that on this 30th day of April, 2010, a true and correct copy of the foregoing document was filed electronically using the Court's ECF/electronic mailing system.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


      /s/  Kathryn B. Walter_____