IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| _____ | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTION: | |
| *Pintsak v. Ameriquest*, Case No. 05-CV-5035<br>*Furgeson v. Ameriquest*, Case No. 04-CV-7627<br>*Wertepny v. Ameriquest*, Case No. 05-CV-1402 | |

**JOINT MOTION TO TRANSFER THIRD-PARTY CLAIMS**

Through this motion, the Ameriquest Defendants and the Plaintiffs in the matters of *Pintsak v. Ameriquest*, Case No. 05-CV-5035, *Wertepny v. Ameriquest*, Case No. 05-CV-1402, and *Furgeson v. Ameriquest*, 04-CV-7627 respectfully request that the Court transfer Ameriquest's third-party claims associated with the *Pintsak*, *Wertepny*, and *Furgeson* matters back to the original transferor courts. Good cause exists to grant this motion, as set forth below.

1. On April 6, 2010, the Court granted a motion by Plaintiffs, and ordered the *Pintsak*, *Wertepny*, and *Furgeson* actions transferred back to the original transferor courts (Docket No. 3500).

2. In its Fifth Amended Consolidated Third-Party Complaint (Docket No. 2913), Ameriquest asserted claims against companies whom Ameriquest hired to close the Opt-Out Plaintiffs' loans, as well as companies which issued indemnity agreements covering, among other things, the closing of the Opt-Out Plaintiffs' loans. Of relevance to the instant motion, Ameriquest asserted claims against the following Third-Party Defendants in connection with the *Pintsak*, *Wertepny*, and *Furgeson* matters:

| Matter | Third-Party Defendants |
|---|---|
| *Pintsak v. Ameriquest*, Case No. 05-CV-5035 | Specialty Title Services, Inc.<br>Stewart Title Guaranty Company |
| *Wertepny v. Ameriquest*, Case No. 05-CV-1402 | Mortgage Information Services, Inc.<br>First American Title Insurance Company |
| *Furgeson v. Ameriquest*, Case No. 04-CV-7627 | Northwest Title and Escrow Corporation<br>American Pioneer Title Insurance |

3. The interests of judicial economy would best be served by having Ameriquest's third-party claims relating to the *Pintsak*, *Wertepny*, and *Furgeson* matters transferred back to the transferor courts so that they can be adjudicated along with the underlying actions. In particular, Ameriquest's claims against these Third-Party Defendants arise from the same operative facts as Plaintiffs' claims against Ameriquest, and the trials in these cases will involve similar witnesses and documents. Moreover, in the event that Ameriquest is found liable to one or more of the Plaintiffs, Ameriquest should be entitled to full or partial indemnity from the associated Third-Party Defendants. Trying Plaintiffs' claims against Ameriquest in a separate action from Ameriquest's claims against the Third-Party Defendants would result in the needless expenditure of attorneys' fees for all parties, and would be a poor use of judicial resources given that these claims can be easily be tried together in one action.

4. Prior to filing this motion, counsel for the Ameriquest Defendants contacted the liaison counsel for the Third-Party Defendants and inquired as to whether the relevant Third-Party Defendants would stipulate to the relief requested in this motion. As of the date that this motion is being filed, Third-Party Defendants' liaison counsel has not responded.

5. Accordingly, Plaintiffs and Ameriquest respectfully request that the Court transfer Ameriquest's claims against the Third-Party Defendants in the FATPC, which relate specifically to the *Pintsak*, *Wertepny*, and *Furgeson* matters back to the transferor courts, consistent with the Court's April 6, 2010 Order (Docket No. 3500).

DATED: May 4, 2010                    Respectfully submitted,


By:  /s/ Tara Goodwin                 By:  /s/ Bernard E. LeSage

*Attorneys for Plaintiffs William Pintsak*     *Attorneys for  ACC Capital Holdings Corporation,*
*Sandra Pintsak, Marie Furgeson, Brett*        *Ameriquest Mortgage Company, AMC Mortgage*
*Wertepny, and Yvonne Wertepny*                *Services, Inc., Town & Country Credit*
                                               *Corporation, and Olympus Mortgage Company*

Tara Goodwin, Esq.
Edelman, Combs, Latturner & Goodwin
120 S. LaSalle St., Suite 1800              Bernard E. LeSage, Esq.
Chicago, IL  60603                          BUCHALTER NEMER, a P.C.
Telephone:  (312) 739-4200                  1000 Wilshire Boulevard, Suite 1500
Facsimile:  (312) 419-0379                  Los Angeles, CA 90017-2457
                                            Telephone: (213) 891-0700
                                            Facsimile: (213) 896-0400

## PROPOSED ORDER

The Court, having considered the Joint Motion Transferring Third-Party Claims, and good cause appearing, Orders as follows:

1. Those claims in Ameriquest's Fifth Amended Consolidated Third-Party Complaint ("FATPC") against the Third-Party Defendants, which relate specifically to the *Pintsak v. Ameriquest*, Case No. 05-CV-5035, *Wertepny v. Ameriquest*, Case No. 05-CV-1402, and *Furgeson v. Ameriquest*, 04-CV-7627 matters, are hereby transferred back to the transferor courts, consistent with the Court's April 6, 2010 Order (Docket No. 3500).

2. The remaining claims in the FATPC are not effected by this Order, and shall remain a part of this MDL proceeding.

**IT IS SO ORDERED.**

_____
The Honorable Marvin E. Aspen

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 4th day of May 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage