IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS: *Pintsak v. Ameriquest,* No. 05-CV-5035 *Furgeson v. Ameriquest*, No. 04-CV-7627 *Wertepny v. Ameriquest*, No. 05-CV-1402 | MDL No. 1715 Lead Case No. 05-CV-07097 Centralized before The Honorable. Marvin E Aspen |

**THIRD-PARTY DEFENDANTS OLD REPUBLIC NATIONAL TITLE INSURANCE CO.'S AND STEWART TITLE GUARANTY CO.'S RESPONSE TO JOINT MOTION TO TRANSFER THIRD-PARTY CLAIMS**

Third-Party Defendants Old Republic National Title Insurance Company ("ORT") and Stewart Title Guaranty Company ("Stewart"), by their undersigned counsel, hereby respond to the Joint Motion To Transfer Third-Party Claims (DE #3563, "Joint Motion").

1. In their Joint Motion, Ameriquest Defendants and moving plaintiffs request that the Court transfer the third-party claims in the *Pintsak, Wertepny*, and *Furgeson* matters back to the transferor courts. The cases themselves had been transferred by this Court's Order dated April 6, 2010 (DE #3500).

2. Although not identified in the Joint Motion as such, ORT is named in the Ameriquest Defendants' Fifth Amended Third-Party Complaint (DE # 2913, "FATPC") as a third-party defendant in the *Furgeson* action. Stewart is named in the Ameriquest Defendants' Fifth Amended Third-Party Complaint and identified in the Joint Motion as a third-party defendant in the *Pintsak* action.

3. ORT and Stewart do not object to the requested transfer. But ORT and Stewart

1

respond to confirm that any transfer is without prejudice to their respective rights to take discovery and otherwise seek appropriate relief prior to summary judgment or trial on the third-party claims.

4. Even though it has been named as a party in connection with the *Furgeson* action, ORT has no record of its alleged involvement in the underlying transaction at issue in that case. Further, in the context of the limited discovery allowed in the present MDL, ORT has not received any documents that explain its alleged involvement.

5. ORT and Stewart were not served in the above-captioned matter until October 2, 2007 and October 3, 2007 respectively – almost two years after the November 22, 2005 final discovery cut-off in the *Furgeson* action and 18 months after the March 28, 2006 final discovery cut-off in the *Pinstak* action.. If not for the unique circumstances of these matters, ORT and Stewart would have had the opportunity to seek discovery on the basis of the claims asserted against them, and to seek appropriate relief from the Court.

6. ORT and Stewart's need for discovery may depend upon the resolution of the plaintiff's claims against the Ameriquest Defendants after the *Furgeson* and *Pinstak* actions are transferred. While the timing and sequence of such discovery are matters best left to the original transferor courts, ORT and Stewart respond to ensure that their rights to such discovery (and any other rights) are not affected by the transfer.

WHEREFORE, Third-Party Defendants Old Republic National Title Insurance Company and Stewart Title Guaranty Company respectfully request that any order transferring third-party claims in the matters of *Furgeson v. Ameriquest*, No. 04-CV-7627 and *Pintsak v. Ameriquest,* No. 05-CV-5035, clarify that the such transfer is without prejudice to their right to answer, take discovery, and seek appropriate relief from the Court prior to any summary judgment or trial

proceedings involving the third-party claims.

Dated: May 7, 2010 By: s/ Andrew R. Greene
*Counsel For Third-Party Defendant Old Republic National Title Company*

Andrew R. Greene (ARDC #6225072)
Johnston Greene LLC
542 South Dearborn Street, Suite 1100
Chicago, Illinois 60605
(312) 341-3900

By: s/ Michael C. Andolina
*Counsel For Third-Party Defendant Stewart Title Guaranty Company*

Michael C. Andolina
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

4

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that a true and correct copy of the **Third Party Defendants Old Republic National Title Insurance Co.'s and Stewart Title Guaranty Co.'s Response to Joint Motion to Transfer Third-Party Claims** were served electronically on all counsel of record on May 7, 2010 via the CM/ECF system.

                                                                               s/Andrew R. Greene