# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *Louis Pasacreta, et al.,* | MDL No. 1715 |
| Plaintiffs, | Lead Case No. 05-cv-07097 |
| *v.* | (Centralized before The Honorable Marvin E. Aspen) |
| AMERIQUEST MORTGAGE COMPANY, ARGENT MORTGAGE COMPANY, LLC, COUNTRYWIDE HOME LOANS, INC., | Case No. 1:06-cv-02468 |
| AMERIQUEST FUNDING II REO SUBSIDIARY, LLC, | |
| HSBC MORTGAGE SERVICES, INC., | |
| HSBC BANK USA, NATIONAL ASSOCIATION F/K/A HSBC BANK USA, | |
| HOUSEHOLD REALTY CORP., WM SPECIALTY MORTGAGE LLC, | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT | |
| SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W5 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE, | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED-THROUGH CERTIFICATES, SERIES 2003-1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2003, WITHOUT RECOURSE, | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUG 1, 2003, WITHOUT RECOURSE | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE SECURITIES
INC., ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2003-10 UNDER
THE POOLING & SERVICING
AGREEMENT DATED AS OF OCTOBER 1,
2003, WITHOUT RECOURSE,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE SECURITIES
INC., ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2003-13 UNDER
THE POOLING & SERVICING
AGREEMENT DATE DECEMBER 1,2003,
WITHOUT RECOURSE,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE SECURITIES
INC., ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2004-R7 UNDER
THE POOLING & SERVICING
AGREEMENT DATED AS OF JULY 1,
2004, WITHOUT RECOURSE,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF
AMERIQUEST MORTGAGE SECURITIES
INC., ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2004-R8 UNDER
THE POOLING & SERVICING
AGREEMENT DATED AS OF AUGUST 1,
2004, WITHOUT RECOURSE,

HOUSEHOLD FINANCE CORPORATION,
and

RESIDENTIAL FUNDING CORPORATION
(GMAC/RFC)

Defendants.

BN 5737542v1

## DEFENDANT HSBC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIFTH AMENDED COMPLAINT

Defendant HSBC MORTGAGE SERVICES, INC. ("Defendant"), by and through its attorneys, answers the Fifth Amended Complaint ("Complaint") of Plaintiffs Louis Pasacreta, et al. as follows.

## INTRODUCTION

1.      This is a suit brought by thirty consumers residing in Connecticut who collectively entered into twenty mortgage loans with the defendants. The plaintiffs claim that Defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 et seq., in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by TILA.

**ANSWER:      Defendant admits that certain Plaintiffs have filed a lawsuit against it. Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or any state law.**

## PARTIES

2.      The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company or Argent Mortgage Company, LLC. Many of the mortgages were subsequently assigned to one of the other Defendants.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

3.      All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.      All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

6.      Defendant Argent Mortgage Company, LLC, is a foreign corporation with a primary place of business in Irvine, California.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7.      Defendant HSBC Mortgage Services, Inc. is a Delaware corporation with a primary place of business in Prospect Heights, Illinois.

**ANSWER:** **Defendant admits that it is a foreign corporation with offices in Mettawa, Illinois. Defendant denies the remaining allegations of Paragraph 7.**

8.      Defendant HSBC Bank USA, National Association f/k/a HSBC Bank USA ("HSBC") is a foreign corporation with a primary place of business in Wilmington, Delaware.

**ANSWER:** **Defendant admits that HSBC Bank USA, N.A. is a national banking association. Defendant denies any remaining allegations of Paragraph 8.**

9.      Defendant Household Realty Corporation is a Delaware corporation with a primary place of business in Prospect Heights, Illinois.

**ANSWER:** **Defendant admits that Household Realty Corporation is a Delaware corporation with offices in Mettawa, Illinois. Defendant denies any remaining allegations of Paragraph 9.**

10. Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California. It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest and Argent at issue in this suit and as further indicated in each count of this complaint below. DBNT is the trustee of the following Defendant asset-backed securities:

   a. Deutsche Bank National Trust Company, As Trustee Of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003, Without Recourse,

   b. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-1, Under The Pooling & Servicing Agreement Dated As Of February 1, 2003, Without Recourse,

   c. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 Under The Pooling & Servicing Agreement Dated As Of Aug 1, 2003, Without Recourse

   d. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003, Without Recourse,

   e. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series

BN 5746684v1

2003-13 Under The Pooling & Servicing Agreement Date December

1,2003, Without Recourse,

    f.    Deutsche Bank National Trust Company, As Trustee Of Ameriquest

Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series

2004-R7 Under The Pooling & Servicing Agreement Dated As Of July 1,

2004, Without Recourse, g. Deutsche Bank National Trust Company, As

Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-

Through Certificates, Series 2004-R8 Under The Pooling & Servicing

Agreement Dated As Of August 1, 2004, Without Recourse.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11.    Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company. It holds legal title to some of the mortgage loans originated by Ameriquest and Argent at issue in this suit. Its registered agent is Corporation Service Company in Wilmington, Delaware.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

12.    Defendant Household Finance Corporation ("Household") is a foreign corporation with a primary place of business in Pomona, California.

**ANSWER:**    **Defendant denies the allegations of Paragraph 12 in its entirety.  Household Finance Corporation is not an existing corporate entity and has no business operations.**

13.    Defendant Residential Funding Corporation (GMAC/RFC) ("GMAC") is an issuer of non-agency mortgage backed securities and is a subsidiary of GMAC Financial Services that. GMAC is headquartered in Richfield, Minnesota.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

## JURISDICTION

14.    Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

**ANSWER:**    Defendant does not dispute subject matter jurisdiction.  Defendant denies any remaining allegations of Paragraph 14.

15.    This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

**ANSWER:**    Defendant does not dispute personal jurisdiction.  Defendant denies any remaining allegations of Paragraph 15.

16.    Venue in this Court is proper because this case has been transferred to this multidistrict litigation. Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

**ANSWER:**    Defendant does not dispute venue.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and on that basis denies such allegations.

## FIRST COUNT

**(LOUIS PASACRETA, JR. v. ARGENT MORTGAGE COMPANY, LLC & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W5 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)**

17.    On or about August 13, 2003, Louis Pasacreta, Jr. ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Because the First Count is not directed at HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information

**sufficient to form a belief as to the truth of the allegations of this paragraph
and on that basis denies such allegations.**

18.     A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If
any answer is required, Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations of this paragraph
and on that basis denies such allegations.**

19.     This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If
any answer is required, Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations of this paragraph
and on that basis denies such allegations.**

20.     In the course of this consumer credit transaction, Defendant violated the state and
federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the
transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z
§ 226.23(b).

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If
any answer is required, Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations of this paragraph
and on that basis denies such allegations.**

21.     The Plaintiff has a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after consummation
of the transaction.

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If
any answer is required, Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations of this paragraph
and on that basis denies such allegations.**

BN 5746684v1

22.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse.

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:     Because the First Count is not directed at HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

28.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney's fee.

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 8 -

## SECOND COUNT

### (STEPHEN & CORRENA LUKAS v. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC. & HOUSEHOLD REALTY CORP.)

29.     On or about January 9, 2004, Stephen & Correna Lukas ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

30.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

32.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

33.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

34.     This mortgage loan was assigned to, or otherwise obtained by, Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:**     **Defendant admits that at one time it serviced the Lukas' loan. Defendant denies that is currently holds any right, title or interest in the Lukas' loan. Defendant denies any remaining allegations of this paragraph.**

35.     Alternatively, or in addition, this mortgage loan was assigned to Co-Defendant Household Realty Corp.

**ANSWER:**     **Defendant admits that Household Realty Corp. at one time held an interest in the Lukas' loan. Defendant denies that Household Realty currently holds any right, title or interest in the Lukas' loan.**

36.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

37.     The assignees of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 10 -

38.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

39.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

40.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Defendant admits that Plaintiffs' loan was not rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

41.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

BN 5746684v1

g.  A reasonable attorney's fee.

**ANSWER:**  **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## THIRD COUNT

### (ANGELA DIMAIO DAWKINS v. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC., & HOUSEHOLD REALTY CORP.)

42.  On or about January 14, 2004, Angela DiMaio-Dawkins ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

43.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

44.  This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**  **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

45.  In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**  **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 12 -

46.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

47.     This mortgage loan was assigned to, or otherwise obtained by, Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:**     **Defendant admits that at one time it serviced the Dimaio-Dawkins' loan. Defendant denies that it currently holds any right, title or interest in the Dimaio-Dawkins' loan.  Defendant denies any remaining allegations of this paragraph.**

48.     Alternatively, or in addition, this mortgage loan was assigned to Co-Defendant Household Realty Corp.

**ANSWER:**     **Defendant admits that at one time Household Realty Corp. held an interest in the Dimaio-Dawkins' loan.  Defendant denies that Household Realty Corp. currently holds any right, title or interest in the Dimaio-Dawkins' loan. Defendant denies any remaining allegations of this paragraph.**

49.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

50.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 13 -

51.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

52.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:     Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

53.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:     Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

54.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiff's property created under the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

      e.     Forfeiture of loan proceeds;

      f.     Actual damages in an amount to be determined at trial; and

- 14 -

g.    A reasonable attorney's fee.

**ANSWER:    Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## FOURTH COUNT

## (FRANKLIN & DENISE MURPHY v. AMERIQUEST MORTGAGE COMPANY & GMAC)

55.    On or about January 16, 2004, Franklin & Denise Murphy ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:    Because the Fourth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

56.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:    Because the Fourth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

57.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:    Because the Fourth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

58.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

- 15 -

**ANSWER:** **Because the Fourth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

59.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Fourth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

60.     This mortgage loan was assigned to Co-Defendant GMAC.

**ANSWER:** **Because the Fourth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

61.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** **Because the Fourth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

62.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:** **Because the Fourth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 16 -

63.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Fourth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

64.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Fourth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

65.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiff's property created under the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

      e.     Forfeiture of loan proceeds;

      f.     Actual damages in an amount to be determined at trial; and

      g.     A reasonable attorney's fee.

**ANSWER:**     **Because the Fourth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 17 -

**FIFTH COUNT**

**(DWUITH PASCOE & TANYA PASCOE v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2004, WITHOUT RECOURSE)**

66.     On or about May 10, 2004, Dwuith Pascoe entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and both he and Tanya Pascoe ("Plaintiff") provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

67.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations..**

68.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

69.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without**

BN 5746684v1

**knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

70.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:     Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

71.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse.

**ANSWER:     Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

72.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:     Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

73.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:     Because the Fifth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

74. More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:** **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

75. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:** **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

76. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:** **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

77. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

- 20 -

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney's fee.

**ANSWER:**    **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## SIXTH COUNT

## (GLEN ROGERS & PATRICIA ROGERS v. AMERIQUEST MORTGAGE COMPANY & HOUSEHOLD FINANCE CORPORATION.)

78.      On or about July 8, 2004, Glen Rogers & Patricia Rogers ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    **Defendant admits that Plaintiffs entered into a mortgage loan with Ameriquest Mortgage Company. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

79.      A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

80.      This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

81.      In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z

§ 226.23(b).

> **ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

82. The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

> **ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

83. This mortgage loan was assigned, or otherwise transferred, to Co-Defendant

Household Finance Corporation. Household owns an interest in this mortgage loan.

> **ANSWER:** **Defendant denies the allegations of this paragraph. Household Finance Corporation is not an existing corporate entity and has no business operations.**

84. The Plaintiff exercised the extended right to rescind the contract by sending notice

by certified mail (via counsel) to both the originator of this mortgage loan and HSBC Mortgage

Services, Inc. ("the assignee"), which notices have been received by each Defendant.

> **ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

85. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to

15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

> **ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 22 -

86.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

87.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

88.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:     Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

89.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.     Forfeiture of loan proceeds;

    f.     Actual damages in an amount to be determined at trial; and

- 23 -

g.      A reasonable attorney's fee.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## SEVENTH COUNT

### (RICHARD & HEIDI CHARETTE v. AMERIQUEST MORTGAGE COMPANY & HSBC MORTGAGE SERVICES, INC.)

90.      On or about September 7, 2004, Richard & Heidi Charette ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

91.      A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

92.      This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

93.      In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

94.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

95.     This mortgage loan was assigned to Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:**     **Defendant admits that at one time it serviced the Charette loan.  Defendant denies that it currently holds any right, title or interest in the Charette loan. Defendant denies any remaining allegations of this paragraph.**

96.     The Plaintiff exercised the extended right to rescind the contract by sending notice

by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which

notices have been received by each Defendant.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

97.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to

15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

98.     More than twenty calendar days have passed since Defendants received the

notices of rescission.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 25 -

99.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

100.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Defendant admits that Plaintiffs' loan has not been rescinded.  Defendants deny any wrongdoing, deny any liability to Plaintiffs and deny that Plaintiffs are entitled to rescind their mortgage.**

101.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.     Forfeiture of loan proceeds;

    f.     Actual damages in an amount to be determined at trial; and

    g.     A reasonable attorney's fee.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 26 -

## EIGHTH COUNT

**(WILLIE MAE CUE v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED-THROUGH CERTIFICATES, SERIES 2003-1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2003, WITHOUT RECOURSE)**

102. On or about December 13, 2002, Willie Mae Cue ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** **Because the Eighth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

103. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Because the Eighth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

104. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because the Eighth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

105. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** **Because the Eighth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without**

**knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

106.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:     Because the Eighth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

107.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-1, under the Pooling & Servicing Agreement Dated as of February 1, 2003, Without Recourse.

**ANSWER:     Because the Eighth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

108.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:     Because the Eighth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

109.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:     Because the Eighth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 28 -

110.     More than twenty calendar days have passed since Defendants received the

notices of rescission.

**ANSWER:**     **Because the Eighth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

111.     The Defendants have failed to take any action necessary or appropriate to reflect

the termination of any security interest created under the transaction as required by C.G.S. § 36a-

683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Eighth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

112.     The Defendants have failed to return to the Plaintiff any money or property given

to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and

Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Eighth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

113.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S.

§ 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiff's property created under the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

- 29 -

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

**ANSWER:**    **Because the Eighth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### NINTH COUNT

**(JOANNE & JOSEPH ABBATEMATTEO v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-13 UNDER THE POOLING & SERVICING AGREEMENT DATE DECEMBER 1,2003, WITHOUT RECOURSE)**

114.    On or about October 24, 2003, Joanne & Joseph Abbatematteo ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

115.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

116.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 30 -

117.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:     Because the Ninth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

118.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:     Because the Ninth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

119.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1,2003, Without Recourse.

**ANSWER:     Because the Ninth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

120.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:     Because the Ninth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 31 -

121.　The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:　Because the Ninth Count is directed at defendants other than HSBC, no answer is required.　If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

122.　More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:　Because the Ninth Count is directed at defendants other than HSBC, no answer is required.　If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

123.　The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:　Because the Ninth Count is directed at defendants other than HSBC, no answer is required.　If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

124.　The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:　Because the Ninth Count is directed at defendants other than HSBC, no answer is required.　If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

125.　As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.　Rescission of this transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transaction;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

  d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney's fee.

**ANSWER:**  **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## TENTH COUNT

### (JERVIS & JUDITH BELL v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

  126.  On or about November 18, 2004, Jervis & Judith Bell ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**  **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

  127.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**  **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

128.   This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**   **Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

129.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**   **Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

130.   The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**   **Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

131.   This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:**   **Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

132.   The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

- 34 -

**ANSWER:**     **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

133.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

134.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

135.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

136.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

137. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

**ANSWER:** **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### ELEVENTH COUNT

**(CAROLYN F. BUNISKI v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003- 10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)**

138. On or about August 14, 2003, Carolyn F. Buniski ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

139. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

140.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

141.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

142.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

143.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

- 37 -

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

144. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

145. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

146. More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

147. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 38 -

148.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:    Because the Eleventh Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

149.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

**ANSWER:    Because the Eleventh Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 39 -

## TWELFTH COUNT

### (MATTHEW CAVALLO III v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004- R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2004, WITHOUT RECOURSE)

150.    On or about May 23, 2004, Matthew Cavallo III ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

151.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

152.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

153.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without**

**knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

154.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

155.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse.

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

156.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

157.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:    Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 41 -

158.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

159.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

160.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

161.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.    Rescission of this transaction;

   b.    Termination of any security interest in Plaintiff's property created under the transaction;

   c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

- 42 -

     e.      Forfeiture of loan proceeds;

     f.      Actual damages in an amount to be determined at trial; and

     g.      A reasonable attorney's fee.

**ANSWER:**    **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## THIRTEENTH COUNT

### (MARCI & ROBERT DAY v. ARGENT MORTGAGE COMPANY, LLC & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W5 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

162.    On or about August 18, 2003, Marci & Robert Day ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    **Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

163.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

164.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    **Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 5746684v1

165.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

166.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

167.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse.

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

168.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 44 -

169.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

170.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

171.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

172.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:    Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

173.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

        a.    Rescission of this transaction;

> b. Termination of any security interest in Plaintiff's property created under the transaction;
>
> c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;
>
> d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;
>
> e. Forfeiture of loan proceeds;
>
> f. Actual damages in an amount to be determined at trial; and
>
> g. A reasonable attorney's fee.

**ANSWER:** **Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FOURTEENTH COUNT

**(CHERYL DOUGLAS-CHISHOLM v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004- R8, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)**

174. On or about January 13, 2004, Cheryl Douglas-Chisholm ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

175. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

176.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:    Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

177.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:    Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

178.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:    Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

179.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

**ANSWER:    Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

180.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

181.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

182.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

183.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

184.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

185. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.      Rescission of this transaction;

      b.      Termination of any security interest in Plaintiff's property created under the transaction;

      c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.      Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney's fee.

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### FIFTEENTH COUNT

### (JEFFREY COUTANT & SHARON COUTANT v. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC., and HSBC BANK USA, NATIONAL ASSOCIATION F/K/A HSBC BANK USA)

186. On or about July 23, 2004, Jeffrey Coutant & Sharon Coutant ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 49 -

187.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

188.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

189.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

190.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

191.     This mortgage loan was assigned to Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:**     **Defendant admits that at one time it serviced the Coutant loan.  Defendant denies that it currently holds any right, title or interest in the Coutant loan.  Defendant denies any remaining allegations of this paragraph.**

- 50 -

192. Alternatively, or in addition, on information and belief, this mortgage loan was assigned to Co-Defendant HSBC Bank USA, National Association f/k/a HSBC Bank USA.

**ANSWER:** **Defendant admits that at one time HSBC Bank USA, N.A. held an interest in the Coutant loan. Defendant denies that HSBC Bank USA, N.A. currently holds any right, title or interest in the Coutant loan. Defendant denies any remaining allegations of this paragraph.**

193. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

194. The assignees of Plaintiff's mortgage are subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

195. More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

196. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 51 -

197.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    **Defendant admit that Plaintiffs' loan has not been rescinded.  Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled rescind their mortgage.**

198.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required.  If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## SIXTEENTH COUNT

### (SIMON A. DELL v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

199.    On or about July 3, 2003, Simon A. Dell ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without**

- 52 -

**knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

200.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:    Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

201.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:    Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

202.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:    Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

203.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:    Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

204.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:**     **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

205.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

206.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

207.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

208.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without**

- 54 -

**knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

209.   The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**   **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

210. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

**ANSWER:**   **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 55 -

## SEVENTEENTH COUNT

### (MIGDALIA FIGUEROA v. ARGENT MORTGAGE COMPANY, LLC & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

211.    On or about June 4, 2004, Migdalia Figueroa ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:    Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

212.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:    Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

213.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:    Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

214.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:    Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 56 -

215.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:     Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

216.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:     Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

217.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:     Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

218.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:     Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

219.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:     Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without**

**knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

220.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:     Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

221.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:     Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

222.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.     Forfeiture of loan proceeds;

    f.     Actual damages in an amount to be determined at trial; and

    g.     A reasonable attorney's fee.

**ANSWER:**     **Because the Seventeenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### EIGHTEENTH COUNT

**(NICHOLAS AND ANN GRIFFIN v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUG 1, 2003, WITHOUT RECOURSE)**

223. On or about June 21, 2003, Nicholas and Ann Griffin ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

224. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

225. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

226. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

227.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

228.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse.

**ANSWER:** **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

229.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:** **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

230.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

- 60 -

**ANSWER:**    **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

231.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

232.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

233.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

234.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.    Rescission of this transaction;

      b.    Termination of any security interest in Plaintiff's property created under the transaction;

- 61 -

      c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.      Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney's fee.

**ANSWER:** **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.      Assume jurisdiction of this case;

2.      Declare the security interest in the Plaintiffs' residences are void;

3.      Enter an order that the mortgage transactions are rescinded;

4.      Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.      Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.      Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the

finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

8.      Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

9.      Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

10.     Award actual damages in an amount to be established at trial;

11.     Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

12.     Award such other and further relief as the Court deems just and proper.

**ANSWER:**    **Because this paragraph states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief maybe granted because Defendant holds not right, title or interest in Plaintiffs' loans.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.     Dismiss Plaintiffs' Complaint;

- 64 -

2.      Enter Judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and

appropriate.

Respectfully submitted,

DATED:  May 11, 2010                    By:  /s/ Bernard E. LeSage
                                             *Attorneys for HSBC Mortgage Services,*
                                             *Inc.*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

BN 5746684v1

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 11th day of May, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the addressees on the attached Service List.

By: _____ /s/ Bernard E. LeSage _____

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST**

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

- 67 -

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Steven S. Elliott
12 E. Exchange Street
8th Floor
Akron, OH 44310

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

William Champion
1372 Myrick Road
Elmore, AL 36025

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

BN 5746684v1