**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>BORROWER CLASS PLAINTIFFS' ACTIONS | |

**DECLARATION OF SHENNAN KAVANAGH IN SUPPORT OF PLAINTIFFS'
REQUEST FOR CLASS REPRESENTATIVES' SERVICE PAYMENTS**

I, Shennan Kavanagh, declare as follows:

1. I am an attorney at law duly admitted to practice in the Commonwealth of Massachusetts. I am an attorney at the law firm of Roddy Klein & Ryan. The Court appointed the law firms of Roddy Klein & Ryan, Lieff Cabraser Heimann & Bernstein, LLP and James, Hoyer Newcomer, Smiljanich & Yanchunis, P.A. as Co-Lead Class Counsel for the Borrower Plaintiffs in the class actions consolidated in MDL 1715.

2. I submit this declaration pursuant to the Court's April 15, 2010 order requesting "[d]ocumentation substantiating the specific work performed by each individual Named Class Representative who is seeking a service award of $7,500 under the Settlement Agreement." April 15, 2010 Order, ("Order") ¶1 [Docket No. 3531].

3. There are a total of 91 Named Class Representatives that provided services in the 28 class actions consolidated into MDL 1715 over the five and a half years that the case has been pending. There were over 714,000 absent class members located across the country in the putative class.

4. After receiving notice, which clearly stated that Plaintiffs are seeking service payments of $7,500 for each individual Named Class Representative, no class member objected to the payment or amount of the payment.

5. In response to the Court's Order, on April 20, 2010, Co-Lead Class Counsel contacted each attorney who has a client that is a Named Class Representative listed in Borrowers' First Amended and Consolidated Class Action Complaint at paragraphs 19-109. [Docket No. 3269-2].

6. Co-Lead Class Counsel requested information from the attorneys about the services each Named Class Representative provided to the class in the litigation and settlement of this case. Specifically, attorneys were provided with a survey to complete for each of their clients.

7. Co-Lead Class Counsel collected all of the surveys and created a spreadsheet, attached to this declaration as Exhibit 1, which evidences all of the work performed by each individual Named Class Representative for whom Plaintiffs are seeking a service award of $7,500.

8. Co-Lead Class Counsel has been informed that the following individuals are not seeking to make a claim for service awards: Nona and Albert Knox, Maria Torres and Heladio and Maria Arellanes. Co-Lead Counsel has been informed that Monty Nicole Russell accepted benefits under the Attorneys' General settlement and is therefore not seeking to make a claim for a service award. Therefore, Exhibit 1 includes information about the services provided by 87 Named Class Representatives seeking service awards.

9. As set forth in Exhibit 1, the Named Class Representatives performed a variety of services that were necessary to the successful prosecution and settlement of this case, including, without limitation, keeping apprised of the status of the case, assisting counsel with pre and post-filing investigation, locating and providing relevant documents, informing counsel of their personal experiences concerning Ameriquest's lending processes, assisting counsel in drafting and reviewing the complaints and other court documents, responding to written discovery, identifying witnesses, reviewing and commenting on the Settlement and providing declarations on various issues relevant to the case.

10. On average, each Named Class Representative devoted approximately 50.65 hours of their time to this case to date. This amounts to about .75 hours per month over five and a half years.

11. Although, naturally, there are differences between the work performed by each individual Named Class Representative and the amount of time they spent, overall they made similar and substantial contributions to the case. As such, in the view of Co-Lead Class Counsel and all of the class counsel involved in MDL 1715, a service payment of $7,500 to each of these individuals is warranted. In order to meet the Settlement condition that all 28 class action cases be resolved, Co-lead Class Counsel could not draw fine distinctions between the service payments to Named Class Representatives in certain cases by comparison to the payments made in other cases.

12. In addition to the actual work performed and time dedicated to the class case, many of the Named Class Representatives' Ameriquest mortgages were in foreclosure at the time MDL 1715 was established. Many more of the Named Class

Representatives' Ameriquest mortgages went into foreclosure during the more than five and a half years duration of the class case. In lieu of relinquishing their duties to the class to pursue individual foreclosure defense or other types of litigation to save their homes, these individuals remained Named Class Representatives and assumed the risk associated with this role.

13. When Ameriquest sold its loans and transferred the servicing rights to third party entities, many Named Class Representatives whose foreclosures were stayed by the Standstill Agreement entered in this case were at a renewed risk of foreclosure. *See, e.g.*, [Docket Nos. 911-914]. Regardless of this ongoing risk of foreclosure, no Named Class Representative requested to be dropped from the class case. Rather, all of them continued to represent the interests of the class at their own litigation risk.

14. Additionally, the Named Class Representatives honored their duties to the class by foregoing relief available in other settlements. They therefore accepted the risk that the Settlement of this matter on behalf of the class would yield them less than what was available in Settlement reached, for example by a Coalition of state attorneys' general.

15. Under the Settlement, the $7,500 service payments Plaintiffs seek for each of the Named Class Representatives are being paid out the Settlement Fund. They are rationally related to the Named Class Representatives' services to the class and the benefits that were achieved on behalf of the putative class. Unlike the Named Class Representatives, members of the putative class did not and were not required to assume the risk of this litigation to receive the benefits from it. Unlike the Named Class

Representatives, members of the putative class did not and were not required to expend their time or resources to receive benefits.

Executed this 11th day of May, 2010, at Boston, Massachusetts.

<u>/s/ Shennan Kavanagh</u><br>
Shennan Kavanagh