# COMPOSITE EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL No. 1715

Lead Case No. 05-cv-07097

(Centralized before The Honorable
Marvin E. Aspen)

THIS DOCUMENT RELATES TO:

BORROWER CLASS PLAINTIFFS' ACTIONS

## AMENDED DECLARATION OF CO-LEAD COUNSEL, JILL H. BOWMAN, IN SUPPORT OF FINAL APPROVAL OF PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND EXPENSES

1.      My name is Jill H. Bowman. I along with my partner Terry A. Smiljanich and our firm have acted as co-lead counsel appointed by the Court representing the Borrower Class Plaintiffs in this multi-district proceeding. I am an attorney duly admitted to practice law in the state of Florida. I am a partner in the law firm of James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A. (hereinafter "James Hoyer").

2.      During the relevant period, from 2004 to the present, James Hoyer has served as: Co-Lead Counsel in the MDL for the putative class of borrowers with mortgages originated or serviced by Ameriquest and related entities, and as lead class counsel for Named Plaintiffs Tonya Sumner Brown, Guadalupe Hernandez, Kevin and Maria Cusanelli, Teresa Diaz, Ana Marlene Mendoza, Radames Delgado, Lee Dunbar, Porter Stadaker, Dave Henry, Raymond Thomas, and Darrell Powe.

3.      As Co-Lead Counsel, James Hoyer participated in all aspects of litigation and settlement in this case, including: pre-suit investigation, retention by clients, drafting of

pleadings, review of pleadings drafted by other co-lead counsel, drafting and participating in all motion practice, developing evidence through formal and informal discovery, reviewing documents, taking depositions, working with victims and former employee witnesses, reviewing all incoming evidence and information, developing and implementing litigation strategies, investigating and briefing pre-trial and settlement issues, and engaging in on-going settlement discussions and meetings.

4.      Notably, James Hoyer's professional team of lawyers and investigators invested more total time in this matter than any other co-lead counsel, but was able to do so very cost effectively principally by utilizing its unique and highly qualified investigative staff made up of former FBI agents, police detectives and investigative reporters. In this case, investigators from the James Hoyer firm aided all co-lead counsel performing significant and valuable informal discovery by putting shoe to pavement and identifying and developing the testimony of numerous victims and former employees from around the Country. Indeed, since 2004, James Hoyer has been contacted by over One Thousand Four Hundred (1,400) separate victims/putative class members seeking information and assistance. James Hoyer's substantial commitment to this matter is directly reflected in the time and professional resources it committed to these proceedings over the last six years.

5.      On April 15, 2010, following the Final Approval Hearing, the Court issued and order requesting more detailed information about the attorneys' fees incurred by James Hoyer and our co-counsel. [Docket 3531]. As previously set forth, James Hoyer's total lodestar through April 8, 2010 is:

**Total Hours: 6254.60**                    **Total Lodestar: $2,011,514.00**

2

The time reflected was time actually spent, in the exercise of reasonable judgment, by the lawyers and other professionals involved. In accordance with the Court's April 15, 2010 Order, I have prepared charts reflecting the work of each attorney and other professionals and added further explanatory notes. These charts are attached hereto as composite Exhibits A with a summary calculation included. I, and members of my firm, have sought and received awards of attorneys' fees in cases in which I have been counsel for the Class at the rates set forth in this declaration (Exhibit A) both with and without multipliers.

6.     In further compliance with the Court's Order, James Hoyer submits charts on behalf of its co-counsel, Kirby, Noonan, Lance and Hoge in support of their $50,710.00 lodestar and Glassman, Edwards, Wade & Wyatt, P.C. in support of their $12,312.50 lodestar as Exhibits B and C respectively.

7.     In addition to these lodestar amounts, James Hoyer incurred $170,237.58 in out-of-pocket expenses. As stated before, the total lodestar and expenses incurred by James Hoyer is **$2,181,751.58**. If co-counsels' lodestar and costs were added in, the total attorneys' fees and costs would be $2,247,088.67.

8.     There is also additional work remaining to be done in this case in the future in connection with the Settlement. As Co-Lead Class Counsel, my firm will have continuing obligations to verify that Defendant meets its respective obligations under the Settlement. James Hoyer will also be involved in supervising the distribution of the settlement fund, supervising the counseling organization, and responding to the on-going inquiries of class members. In addition, Co-Lead Class Counsel is responsible to represent the Class in connection with all post-judgment motions and any appellate proceedings. I anticipate that my firm will spend at least 100 additional hours performing such work for the Class. Although Co-Lead Class Counsel are

3

responsible to perform these substantial additional services, Class Counsel is not seeking fees beyond the 33.3% requested now.

9.      In light of the foregoing and with the addition of the submissions of other class counsel firms, I believe that Class Counsels' request for attorneys' fees and expenses in the amount of 33.3% of the common fund, which amount is well below the collective lodestar of all class counsel is modest and eminently reasonable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Tampa, Florida on May _10_, 2010.

                                 _/s/ Jill H. Bowman_
                                 JILL H. BOWMAN

# EXHIBIT A

TIME REPORT OF: JAMES, HOYER, NEWCOMER, SMILJANICH & YANCHUNIS, P.A.

Status: P=Partner, A=Associate, Pl=Paralegal, LC=Law Clerk, I=Investigator, OC=Of Counsel

TIME PERIOD: INCEPTION - to DATE

A  Pre-filing Investigation
B  Pleadings
C  Merits Discovery; Post-filing Fact Investigation;
D  Document Review
E  Class Certification
   Legal Research; Brief & Pretrial Motions

F  Settlement
G  Court Appearance & Preparation
H  Depositions & Experts
I  Case Mgmt., Conference, Interviews, Telephone Calls, Mtgs., Correspondence
J  Reviewing incoming Victim inquiries; Response to Putative Class Members' Victim Calls and Communication with Victims

| ATTORNEY NAME | Status | Date(s) | A | B | C | D | E | F | G | H | I | J | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Partners** | | | | | | | | | | | | | | | |
| Jill Bowman | P | 2004/Present | 20 | 65.9 | 246.9 | | 173.4 | 265.6 | 17.8 | 248.60 | 67.5 | | 1105.7 | $500-$550 | $ 608,125.00 |
| Terry Smiljanich | P | 2004/Present | 23.5 | 1.3 | 50.2 | | 37.9 | 103.6 | 44.4 | | 27.2 | 3.2 | 291.3 | $550-$600 | $ 161,765.00 |
| John Yanchunis[a] | P | 11/04 - 6/07 | 71.1 | 4.3 | 75 | | 89.8 | 0.2 | | | 13.8 | | 254.2 | $500-$550 | $ 139,425.00 |
| Christa Collins[b] | P | 4/07 - 2/08 | 117.7 | 9.9 | 12.9 | | | 2 | | | 44.4 | | 186.9 | $ 500.00 | $ 102,795.00 |
| J. Andrew Meyer[c] | P | 4/07 - 10/07 | | 10.5 | | 10 | 9.2 | | | | 8 | | 37.7 | $ 500.00 | $ 18,850.00 |
| Chris Hoyer[d] | P | 2004/Present | | | | | | 4.5 | | | 4.4 | 21.4 | 30.3 | $ 550.00 | $ 16,665.00 |
| TOTALS[Note] | | | | | | | | | | | | | 1906.1 | | $ 1,047,625.00 |

Total Hours and Lodestar Summary at Page 7

As lead counsel for the firm, Ms. Bowman and Mr. Smiljanich participated from the inception of the case through settlement in all aspects of the litigation and settlement process. This included: pre-suit investigation, retention by clients, drafting of pleadings, review of pleadings drafted by other co-lead counsel, drafting and participating in all motion practice, developing evidence through formal and informal discovery, providing direction and oversight to legal and investigative staff, reviewing documents, taking depositions, working with victims and former employee witnesses, reviewing all incoming evidence and information, developing and implementing litigation strategies, investigating and briefing pre-trial and settlement issues, and engaging in on-going settlement discussions and meetings. Ms. Bowman was principally responsible for the day-to-day management of the matter.

a - Mr. Yanchunis was actively involved in pre-suit investigation and early pleading stages of the case on behalf of the borrower plaintiffs. He also participated heavily in developing the initial discovery drawing on his experience in the Fairbanks MDL.

b, c - Ms. Collins and Mr. Meyer are specialists in racial discrimination. They aided in the pleading and development of such claims against Ameriquest and ultimately aided co-lead counsel in determining that such claims were adequately encompassed by the settled classes.

d - Mr. Hoyer as head of the firm often directly encounters, engages, and screens victims. In total James Hoyer was contacted by and directly provided information and or assistance to over One Thousand Four Hundred putative class members. James Hoyer Investigators also spent thousands of hours gathering information from and assisting putative class members with non-legal questions.

Note: Ms. Bowman's originally filed declaration correctly calculates the Total lodestar for James Hoyer of $2,011,514.00 and correctly identifies the rates and corresponding time worked by each identified group of attorneys and other professionals. However, the calculation of the sub-totals for (a) Other Partners, (b)Associate Attorneys/Law Clerks, and (c) Investigators in the original declaration are each incorrect as a result of a clerical error. The charts attached hereto accurately reflect the totals for all attorneys and other professionals both individually and categorically and as previously set forth still total correctly, $2,011,514.00.

**AMERIQUEST MDL CLASS ACTION SETTLEMENT**

TIME REPORT OF: JAMES, HOYER, NEWCOMER, SMILJANICH & YANCHUNIS, P.A.

Status: P=Partner, A=Associate, PL=Paralegal, LC=Law Clerk, I=Investigator, OC=Of Counsel

**TIME PERIOD: INCEPTION - to DATE**

A  Pre-filing Investigation
B  Pleadings
C  Merits Discovery; Post-filing Fact Investigation;
D  Document Review
E  Class Certification
   Legal Research, Brief & Pretrial Motions

F  Settlement
G  Court Appearance & Preparation
H  Depositions & Experts
I  Case Mgmt, Conference, Interviews, Telephone Calls, Mtgs., Correspondence
J  Reviewing incoming Victim inquiries; Response to Putative Class Members' Victim Calls and Communication with Victims

| ATTORNEY NAME | Status | Date(s) | A | B | C | D | E | F | G | H | I | J | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Associates** | | | | | | | | | | | | | | | |
| Jesse Ray[e] | A | 5/05 - 9/07 | | 10.9 | 73.4 | | 165.8 | | | | | | 255.6 | $ 350.00 | $ 89,460.00 |
| Jonathan B. Cohen[f] | A | 7/07 - 12/09 | | | 133 | | 33 | | | 19 | 5.5 | 1.1 | 187.1 | $350-$400 | $ 65,970.00 |
| Nicole Mayer[g] | A | 3/07 - 11/09 | | 28.6 | 1.9 | | 44.7 | | | | 3.4 | | 78.6 | $350-$400 | $ 31,345.00 |
| Jen McFarland[h] | A | 4/7-7/07 | | | 59.8 | | 12.6 | | | | | | 72.4 | $ 350.00 | $ 25,340.00 |
| Rachel Wagoner[i] | A | 12/04 - 1/05 | | | | | 31.1 | | | | | | 31.1 | $ 300.00 | $ 9,330.00 |
| Megan Davis[j] | LC/A | 7/07 & 1/10 | | | 7 | | | 8.7 | | | | | 15.7 | $130-$400 | $ 4,730.00 |
| Angela Mirabole[k] | A | 7/7 | | | 8 | | | | | | | | 8 | $ 350.00 | $ 2,800.00 |
| Sean Estes[l] | LC/A | 7/07-8/07; 8/09 | | | 16.9 | | | | | | 0.8 | | 17.7 | $130-$400 | $ 2,517.00 |
| **Total[Note]** | | | | | | | | | | | | | 666.2 | | $ 231,492.00 |
| | | | | | | | | | | | | | | | |
| **Paralegals** | | | | | | | | | | | | | | | |
| Jan Brown[m] | P | 11/07 - 4/10 | | | | | | 171 | | | 14.8 | | 185.8 | $ 180.00 | $ 33,444.00 |
| Kim Fowlkes[n] | P | 10/05 - 8/08 | | | 14 | | | | | | 16.1 | | 30.1 | $ 130.00 | $ 3,913.00 |
| **TOTALS** | | | | | | | | | | | | | 215.9 | | $ 37,357.00 |

e -Mr. Ray was the associate assigned to the case from inception until mid-year 2007. Mr. Ray was involved in all aspects of the litigation including research, pleading, pre-suit and post-suit fact investigation and formal discovery. Mr. Ray left James Hoyer in 2007 and his role was taken over by Mr. Cohen.

f - Mr. Cohen became the principal associate assigned to the Ameriquest case in the summer of 2007. Mr. Cohen has continued in this capacity through settlement.

g - Ms. Mayer became involved in the case as a part of the racial discrimination team (lead by Ms. Collins and Mr. Meyer above). She aided in the pleading and development of such claims against Ameriquest and ultimately aided co-lead counsel in determining that such claims were adequately encompassed by the settled classes. Ms. Mayer also provided additional limited research assistance to co-lead counsel through 2009.

h - I - Other firm associates and law clerks provided particularized assistance during brief periods of time. Ms. Wagoner aided in researching TILA claims in the pre-suit and early litigation period. Ms. McFarland and Ms. Mirabole aided in document review during intense deposition periods. Mr. Estes and Ms. Davis performed isolated research and aided in responding to calls from Class Members during the Settlement process.

m - Ms. Brown worked during the Settlement period to assist Class Members in completing claim forms and submitting adequate information to the claims administrator.

n - Ms. Fowlkes assisted investigators in making public records requests and other informal discovery throughout the litigation.

Note: Ms. Bowman's originally filed declaration correctly calculates the Total lodestar for James Hoyer of $2,011,514.00 and correctly identifies the rates and corresponding time worked by each identified group of attorneys and other professionals. However, the calculation of the sub-totals for (a) Other Partners, (b)Associate Attorneys/Law Clerks, and (c) Investigators in the original declaration are each incorrect as a result of a clerical error. The charts attached hereto accurately reflect the totals for all attorneys and other professionals both individually and categorically and as previously set forth still total correctly, $2,011,514.00.

## AMERIQUEST MDL CLASS ACTION SETTLEMENT

### TIME REPORT OF: JAMES, HOYER, NEWCOMER, SMILJANICH & YANCHUNIS, P.A.

Status: P=Partner, A=Associate, PL=Paralegal, LC=Law Clerk, I=Investigator, OC=Of Counsel

### TIME PERIOD: INCEPTION - to DATE

A Pre-filing Investigation
B Pleadings
C Merits Discovery; Post-Filing Fact Investigation;
D Document Review
E Class Certification
  Legal Research, Brief & Pretrial Motions

F Settlement
G Court Appearance & Preparation
H Depositions & Experts
I Case Mgmt, Conference, Interviews, Telephone Calls, Mtgs., Correspondence
J Reviewing incoming Victim inquiries; Response to Putative Class Members' Victim Calls and Communication with Victims

| TITLE | Status | Date(s) | A | B | C | D | E | F | G | H | I | J | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Investigators** | | | | | | | | | | | | | | | |
| Mike Mihok[o] | I | 11/04 - 12/08 | 151.5 | | 505.6 | | | | | | 16.2 | 1006 | 1679.1 | $200 | $ 335,820.00 |
| Rob Ulmer[p] | I | 10/07 - 5/09 | | | 5.5 | | | | | | 3.2 | 7.1 | 15.8 | $200-$250 | $ 3,625.00 |
| Jim Leusner[q] | I | 6/09 - 4/10 | | | | | | 10.3 | | | | 6.1 | 16.4 | $ 250.00 | $ 4,100.00 |
| Angie Moreschi[r] | I | 10/06 - 8/09 | | | 902.4 | | | | | | 43.5 | 65.4 | 1011.3 | $200-$250 | $ 202,735.00 |
| Frank Martelli[s] | I | 6/06 - 11/08 | | | 217.1 | | | | | | 13 | 2.8 | 232.9 | $ 200.00 | $ 46,580.00 |
| Larry Wiezycki[t] | I | | | | 216 | | | | | | | | 216 | $ 200.00 | $ 43,200.00 |
| Rob North[u] | I | 6/06 - 7/07 | | | 103.5 | | | | | | | | 103.5 | $ 200.00 | $ 20,700.00 |
| Chad Soriano[v] | I | 12/06 - 4/07 | | | 92 | | | | | | | | 92 | $ 200.00 | $ 18,400.00 |
| Larry Dougherty[w] | I | 11/04-8/06 | 7.6 | | 6.8 | 1.4 | | | | | 11.1 | 22.2 | 49.1 | $ 200.00 | $ 9,820.00 |
| Jim Ross[x] | I | 8/06 - 10/07 | | | 31.3 | | | | | | | | 31.3 | $ 200.00 | $ 6,260.00 |
| Ron Jordan[y] | I | 11/4 | | | | | | | | | 14 | | 14 | $ 200.00 | $ 2,800.00 |
| Lenny Savino[z] | I | 7/06 - 3/07 | | | 4.9 | | | | | | | | 4.9 | $ 200.00 | $ 980.00 |
| Al Scudieri[aa] | I | | | | 0.1 | | | | | | | | 0.1 | $ 200.00 | $ 20.00 |
| **TOTALS[Note]** | | | | | | | | | | | | | 3466.4 | | $ 695,040.00 |

James Hoyer has a unique internal investigative group consisting of former FBI agents, former police officers, and former investigative reporters. As a result, in cases like Ameriquest, James Hoyer is able to add significant strength to a co-lead counsel team utilizing its team of investigators to extensively pursue litigation through means of informal discovery very cost-effectively. In a nationwide class case such resources are imperative to develop the evidence and testimony aimed at both class certification and merits questions. Such informal discovery often, as here, produces essential information that can only be gained through former employee and victim interviews. In this case in particular, James Hoyer managed extensive contact by victims responding to inquires made by over 1,400 separate victims - many of whom contacted the firm numerous times to make inquires or request assistance.

o - Mr. Mihok, a former FBI agent, was the lead consumer investigator on the Ameriquest case assigned to handle all incoming victim inquiries and assist in the screening of consumer victims and former employee witnesses. For four years, Mr. Mihok spoke daily to victims; identifying patterns of conduct, obtaining documentary evidence of alleged conduct and interviewing and preserving the testimony of former employees throughout the United States. In total, Mr. Mihok responded to 1,400 separate victims many of whom inquired frequently about the case and provided information valuable to the prosecution of the case.

p - Mr. Ulmer, a former FBI agent, replaced Mr. Mihok when Mr. Mihok departed the firm in 2008 as lead investigator responding to victim inquires and assisting in the on-going informal discovery.

q - Mr. Leusner, a former investigative reporter, replaced Mr. Ulmer when Mr. Ulmer departed the firm in 2009 (who had stepped in for Mr. Mihok) as lead investigator responding to victim inquiries and providing information in aide of Settlement.

r - Ms. Moreshi , a former investigative reporter, was the investigator responsible for pursuing information relating to Roland Arnall - Ameriquest's founder - both for purposes of litigation and settlement. Ms. Moreshi worked to preserve the testimony of former employees and prepare media based information for the litigation and for settlement purposes. Ms. Moreschi additionally worked with victims in need of immediate assistance and non-legal support.

s - Frank Martelli, a former police detective, was responsible for gathering corporate information about Ameriquest and its other former executives providing valuable information concerning the potential fraudulent transfer claims that counsel ultimately determined were non-viable.

t-v - Mr. Wiezycki, Mr. North and Mr. Soriano pursued, interviewed, and worked with former employees preserving their testimony .

w - Mr. Daugherty assisted Mr. Mihok during intensive periods of victim contact.

x - Mr. Ross, a former investigator for the Florida Attorney General's Office, analyzed the secondary market transfers by Ameriquest aiding co-lead counsel in identifying targets and evaluating the viability of pursuing secondary market purchasers as Defendants.

y - Mr. Jordan was the original investigator assigned to the Ameriquest case in 2004. Mr. Mihok took over his responsibilities when he decided to retire at the end of 2004 just as the cases against Ameriquest were being filed.

z - aa - Mr. Savino and Mr. Scuderi each provided some spot assistance when assigned investigators were otherwise unavailable and counsel required immediate information or assistance.

Note: Ms. Bowman's originally filed declaration correctly calculates the Total lodestar for James Hoyer of $2,011,514.00 and correctly identifies the rates and corresponding time worked by each identified group of attorneys and other professionals. However, the calculation of the sub-totals for (a) Other Partners, (b)Associate Attorneys/Law Clerks, and (c) Investigators in the original declaration are each incorrect as a result of a clerical error. The charts attached hereto accurately reflect the totals for all attorneys and other professionals both individually and categorically and as previously set forth still total correctly, $2,011,514.00.

## LODESTAR SUMMARY

| Title | Hours | Lodestar | Reference |
|---|---|---|---|
| Partners | 1906.1 | $ 1,047,625.00 | Pgs. 1 & 2 |
| Associates | 666.2 | $ 231,492.00 | Pgs. 3 & 4 |
| Paralegals | 215.9 | $ 37,357.00 | Pgs. 3 & 4 |
| Investigators | 3466.4 | $ 695,040.00 | Pgs. 5-7 |
| **Total** | **6254.6** | **$ 2,011,514.00** | |

# EXHIBIT B

# AMERIQUEST MDL CLASS ACTION SETTLEMENT

## TIME REPORT OF KIRBY NOONAN LANCE & HOGE LLP

Status: P=Partner, A=Associate, PL=Paralegal, LC=Law Clerk, I=Investigator, IT=Information Technology, OC=Of Counsel

## TIME PERIOD: INCEPTION - to DATE

A  Pre-filing Investigation  
B  Pleadings  
C  Merits Discovery; Post-Filing Fact Investigation  
D  Class Certification  
E  Legal Research, Brief & Pretrial Motions  

F  Settlement  
G  Court Appearance & Preparation  
H  Depositions & Experts  
I  Case Mgmt, Conference, Interviews, Telephone Calls, Mtgs., Correspondence  

| ATTORNEY NAME | Status | A | B | C | D | E | F | G | H | I | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jonathan A. Boynton | P | | 5.5 | 61.2 | | 26.8 | | | | | 93.5 | $ 500.00 | $ 46,750.00 |
| Sarah B. Evans | A | | | 8.7 | | 4.5 | | | | | 13.2 | $300.00 | $ 3,960.00 |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| - | $ | | | | | | | | |
| - | $ | | | | | | | | |
| - | $ | | | | | | | | |
| - | $ | | | | | | | | |
| - | $ | | | | | | | | |
| - | $ | | | | | | | | |
| - | $ | | | | | | | | |
| - | $ | | | | | | | | |
| 50,710.00 | $ | 106.7 | | | | | | | TOTALS |

# EXHIBIT C

# AMERIQUEST MDL CLASS ACTION SETTLEMENT

TIME REPORT OF: GLASSMAN, EDWARDS, WADE & WYATT, P.C.

## TIME PERIOD: INCEPTION - to DATE

Status: P=Partner, A=Associate, PL=Paralegal, LC=Law Clerk, I=Investigator, IT=Information Technology, OC=Of Counsel

| | |
|---|---|
| A | Pre-filing Investigation |
| B | Pleadings |
| C | Merits Discovery; Post-Filing Fact Investigation |
| D | Class Certification |
| E | Legal Research, Brief & Pretrial Motions |

| | |
|---|---|
| F | Settlement |
| G | Court Appearance & Preparation |
| H | Depositions & Experts |
| I | Case Mgmt., Conference, Interviews, Telephone Calls, Mtgs., Correspondence |

| ATTORNEY NAME | Levels | A | B | C | D | E | F | G | H | I | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B. J. Wade | 1 | 7.6 | 2.3 | | | 0.6 | | 0.5 | | 2.8 | 13.8 | $ 475.00 | $ 6,555.00 |
| Sharon Marshall | 3 | 5.3 | | | | | | 1.6 | | 1.7 | 8.6 | $ 150.00 | $ 1,290.00 |
| Lewis Lyons | 2 | 5 | 5.8 | | | | | | | 0.8 | 11.6 | $ 275.00 | $ 3,190.00 |
| Shannon Crowe | 3 | 5.6 | | | | | | | | 1.7 | 7.3 | $ 175.00 | $ 1,277.50 |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |
| TOTALS | | | | | | | | | | | 41.3 | | $ 12,312.50 |