**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |
| *Stuart Belfeld And Marianne Belfeld v. Argent Mortgage Company, LLC*; *et al.* Case No. 07 C 1749 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its

attorneys, answers Plaintiffs STUART BELFELD AND MARIANNE BELFELD ("Plaintiffs")

Fourth Amended Complaint as follows.

**FOURTH AMENDED COMPLAINT**

**INTRODUCTION**

1.      Plaintiffs Stuart Belfeld and Marianne Belfeld bring this action against a

"subprime" mortgage lender and its assignees to rescind two mortgages for violations of the

Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve

Board Regulation Z, 12 C.F.R. part 226; and the Equal Credit Opportunity Act, 15 U.S.C. § 1691

*et seq.* ("ECOA").

**ANSWER:**      Paragraph 1 is a summary description of the allegations within Plaintiffs' Fourth
Amended Complaint to which no answer is required.  Paragraph 1 also contains
conclusions of law to which no response is required.  Further answering,
Defendant specifically denies the characterization and use of the term "subprime."
Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.        This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§ 1640 (TILA) and 1691e (ECOA).

**ANSWER:**        Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3.        Defendants do business in the District, have numerous offices within the District, and are deemed to reside here. Venue is therefore proper under 28 U.S.C. § 1391(c).

**ANSWER:**        Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states.  Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4.        Plaintiffs Stuart Belfeld and Marianne Belfeld are husband and wife and jointly own and reside in a home at 22471 Fairfax Street, Taylor, MI 48180.

**ANSWER:**        Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.        Defendant Argent Mortgage Company, LLC is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

**ANSWER:**        Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Michigan as well as numerous other states.  Further answering, Defendant admits that National Registered Agents, Inc. is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 5.

6.        Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER:**     Defendant admits that it provided residential mortgage loans through August 2007.  Defendant denies any remaining allegations of paragraph 6.

7.     Defendant Argent Mortgage Company, LLC made more than 26 loans per year.

**ANSWER:**     Defendant admits that for certain periods, it originated more than 26 mortgage loans per year.  Defendant denies any remaining allegations of paragraph 7.

8.     Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**     Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

9.     Defendant Argent Mortgage Company, LLC is an affiliate of Ameriquest Mortgage Company.

**ANSWER:**     Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies any remaining allegations in paragraph 9.

10.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.  Defendant denies any remaining allegations in paragraph 10.

11.     Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY. On information and belief, it holds legal title, probably as trustee, to the smaller of plaintiffs' two loans.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.  Defendant denies any remaining allegations in paragraph 11.

12.     Wells Fargo Bank, N.A., is an entity that holds title, as trustee, to some loans originated by defendant Argent. It holds title to the larger of plaintiffs' two loans. It may be found at 9062 Old Annapolis Road, Columbia, Maryland, 21045.

**ANSWER:**     Defendant admits that Wells Fargo Bank, N.A., serves as Trustee of Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-WCW1 Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.     Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, including the larger of plaintiffs' two loans. Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:**     Defendant admits that Wells Fargo Bank, N.A., serves as Trustee of Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-WCW1 Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in remaining paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     Defendant BAC Home Loans Servicing, L.P. is a partnership which transacts business in Illinois and Michigan. Its registered agent and office is C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. It claims an interest in the larger of plaintiffs' two loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15.     Defendant Faslo Solutions, LLC is a limited liability company which transacts business in Illinois and Michigan. Its registered agent and office is CSC-Lawyers Incorporating Service Company, 601 Abbott Road, East Lansing, MI 48823. It claims an interest in the smaller

of plaintiffs' two loans, including the right to receive payments thereunder. It is joined as a

necessary party.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.  Defendant denies any remaining allegations in paragraph 15.

16.     Does 1-5 are any other entities, currently unknown, that have or claim an interest

in plaintiffs' loans.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.  Defendant denies any remaining allegations in paragraph 16.

### FACTS RELATING TO PLAINTIFFS

17.     In January 2005, plaintiffs applied for a mortgage loan, through a mortgage

broker, to Argent Mortgage Company, LLC ("Argent"). Abe Nelson, an employee of the broker,

took plaintiffs' application information over the phone.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18.     Plaintiffs needed and used the loan for personal, family or household purposes,

namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.  Defendant denies any remaining allegations in paragraph 18.

19.     Mr. Nelson said that he could get a 30-year fixed loan for plaintiffs. Mr. Nelson

said nothing about two loans in an 80/20 split mortgage.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.     At the scheduled closing on March 14, 2005, plaintiffs discovered that instead of

the single fixed rate loan requested, plaintiffs were given two loans, one for 80% of the amount

sought and one for 20%, with an adjustable rate loan for the larger portion and a fixed rate for the smaller.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

21. Because the mortgage broker received a yield spread premium in connection with the March 14, 2005 transaction (Exhibit D, line 812), its actions are imputable to Argent.

**ANSWER:** Paragraph 21 references a document attached to the Fourth Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. Immediately prior to the closing, plaintiffs were informed by Argent that the terms for the 80% loan were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:** Paragraph 22 references a document attached to the Fourth Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. Mr. Nelson explained that Argent would treat the loans as one loan, and only charge one set of closing costs. He further said that they needed to do the loan that way and that it was standard procedure.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24. When plaintiffs hesitated, Mr. Nelson said, "We need to take care of this today in order for you to get the loan; otherwise, your rate will go way up or we won't be able to do the loan at all."

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.  Defendant denies any remaining allegations in paragraph 24.

25.   Plaintiffs reluctantly signed the documents on the 80% loan on March 14, 2005.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26.   The following are documents relating to the 80% March 14, 2005 loan: a.  An adjustable rate note, Exhibit B. Only Mr. Belfeld signed the note.

b.   A mortgage, Exhibit C. Both Mr. and Mrs. Belfeld signed the mortgage.

c.   A settlement statement, Exhibit D.

d.   A Truth in Lending statement, Exhibit E.

e.   The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F.

**ANSWER:**   Paragraph 26 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.   Plaintiffs were later directed to make payments on the 80% loan to Countrywide Home Loans, Inc., and subsequently to BAC Home Loans Servicing, L.P.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.  Defendant denies any allegations in paragraph 27.

28.   Two to three weeks after the 80% loan closed, Mr. Nelson told plaintiffs that he could get the 80% loan and the remaining 20% loan rolled into one loan, as long as plaintiffs came in and signed on the 20% loan.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.  Defendant denies any allegations in paragraph 28.

29.     Mr. Nelson said, "In a few months, we'll roll this into one loan rather than two."

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.  Defendant denies any allegations in paragraph 29.

30.     Plaintiffs signed on the 20% loan because they were under the impression that the loans would be consolidated into one loan within a few months.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.  Defendant denies any allegations in paragraph 30.

31.     Immediately prior to the closing, plaintiffs were informed by Argent that the terms for the 20% loan were being altered to their detriment, as set forth on Exhibit G.

**ANSWER:**     Paragraph 31 references a document attached to the Fourth Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32.     The following are documents relating to the 20% loan:

    a.     A fixed rate note, Exhibit H. Only Mr. Belfeld signed the note.

    b.     A mortgage, Exhibit I. Both Mr. and Mrs. Belfeld signed the mortgage.

    c.     A settlement statement, Exhibit J.

    d.     A Truth in Lending statement, Exhibit K.

    e.     The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit L.

**ANSWER:**     Paragraph 32 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33.     The documents for the 20% loan are misdated to represent that the closing took place on March 14, 2005 instead of a few weeks later.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.  Defendant denies any allegations in paragraph 33.

34.     A month after plaintiffs closed on the 20% loan, both loans were sold.  Plaintiffs were directed to make payments on the 20% loan to GMAC Mortgage Corporation, and later to Faslo Solutions, LLC.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.  Defendant denies any allegations in paragraph 34.

35.     Argent never honored its promise to roll both loans into one loan.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.  Defendant denies any allegations in paragraph 35.

36.     On information and belief, Deutsche Bank National Trust Company, N.A., as trustee, owns plaintiffs' 20% loan.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.  Defendant denies any allegations in paragraph 36.

37.     On information and belief, Wells Fargo Bank, N.A. holds legal title to plaintiffs' 80% loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass Through Certificates Series 2005-WCW 1.

**ANSWER:**     Defendant admits that Wells Fargo Bank, N.A., serves as Trustee of Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-WCW1 Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse.  Defendant denies any allegations in paragraph 37.

38.     On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' 20% loan.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.  Defendant denies any allegations in paragraph 38.

39.   To the extent any ownership information for either loan is incorrect (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.  Defendant denies any allegations in paragraph 39.

## COUNT I – TILA

40.   Plaintiffs incorporate paragraphs 1-39. This claim is against all defendants.

**ANSWER:**   Defendant repeats and reaffirms its answers to paragraphs 1 through 39.

41.   In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).

**ANSWER:**   Paragraph 41 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 41, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 41.

42.      To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)

**ANSWER:**    Paragraph 42 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(b) have been accurately quoted in paragraph 42, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(b) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 42.

43.      To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)

**ANSWER:**    Paragraph 43 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 43, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 43.

44.      Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to

rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R.

§ 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**    Paragraph 44 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 44, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  To the extent an answer is required, Defendant denies the allegations in paragraph 44.

45.    More specifically, the regulation provides:

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i)    The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii)    The consumer's right to rescind the transaction.

(iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv)    The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:**    Paragraph 45 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 45, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 45.

## DEFECTIVE NATURE OF DISCLOSURES

46.    In connection with plaintiffs' loans, Argent Mortgage Company, LLC failed to

provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of

15 U.S.C. § 1635 and 12 C.F.R. § 226.23, for (without limitation) the following reasons:

**ANSWER:**    Paragraph 46 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 46.

- 12 -

47.    Exhibit F and Exhibit L are inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:**    Paragraph 47 contains references to documents to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies the remaining allegations in paragraph 47.

48.    The top of Exhibit F and Exhibit L have only Mr. Belfeld's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:**    Paragraph 48 contains references to documents to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies the remaining allegations in paragraph 48.

49.    The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**    Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 49.

50.    Exhibit L is misdated, as plaintiffs did not close on the loan until several weeks after the filled-in closing date.

**ANSWER:**    Paragraph 50 references a document attached to the Fourth Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 50. Defendant denies any remaining allegations in paragraph 50.

## REMEDIES

51.     One remedy for disclosure violations of 15 U.S.C. § 1635 is statutory damages pursuant to 15 U.S.C. § 1640. A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover statutory damages. Nor is it necessary to show that the consumer was actually misled or deceived. The Truth in Lending Act allows a monetary recovery even if the disclosure violation caused the borrower no harm.

**ANSWER:**     Paragraph 51 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 51.

52.     In an individual mortgage case, statutory damages are twice the finance charge, provided however that the damages may not be less than $200 or more than $2,000. In a class action, TILA provides that statutory damages are to be "such as the court may allow," with no minimum applicable to each class member and a total cap of either $500,000 or 1 percent of the creditor's net worth, whichever is lower.

**ANSWER:**     Paragraph 52 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 52.

53.     Notice of rescission has been given to defendants. A copy is attached as Exhibit M.

**ANSWER:**     Paragraph 53 references a document attached to the Fourth Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53. Defendant denies any remaining allegations in paragraph 53.

54.     The loans have not been rescinded.

**ANSWER:**     Defendant admits that Plaintiffs' loan has not been rescind. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 54.

55.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**<u>ANSWER:</u>**     Paragraph 55 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 55.

56.     15 U.S.C. § 1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**<u>ANSWER:</u>**     Paragraph 56 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 56.

## <u>COUNT II – ECOA</u>

57.     Mrs. Belfeld incorporates paragraphs 1-39.

**<u>ANSWER:</u>**     Defendant repeats and reaffirms its answers to paragraphs 1 through 39.

58.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58. Defendant denies any remaining allegations in paragraph 58.

59.     On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59. Defendant denies any remaining allegations in paragraph 59.

60.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:**     Paragraph 60 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 60.

### COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

61.     Plaintiffs incorporate paragraphs 1-39. This claim is against Argent.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 39. Paragraph 61 is a summary description of the claim within Plaintiffs' Fourth Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 61.

62.     Defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL § 445.1672(b), by engaging in a "bait and switch" practice: promising plaintiffs that they would roll plaintiffs' two loans into a single loan, and then failing to do so.

**ANSWER:**     Paragraph 62 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 62.

63.     Defendant also engaged in fraud, deceit and material misrepresentation, in violation of MCL § 445.1672(b), by engaging in a "bait and switch" practice: promising plaintiffs a fixed-rate mortgage, and then giving plaintiffs an adjustable rate on their 80% loan.

**ANSWER:**     Paragraph 62 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 62.

64.     Furthermore, defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL § 445.1672(b), by engaging in a "bait and switch" practice: representing at the closing of March 14, 2005 that plaintiffs' settlement charges would be $7,723.71 (Exhibit D, line 1400), and then a couple weeks later charging plaintiffs another $466.12 in closing costs (Exhibit J, line 1400).

**ANSWER:**     Paragraph 64 contains references to documents to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64. Defendant denies any remaining allegations in paragraph 64.

65.     Defendant made these representations for the purpose of inducing plaintiffs' reliance in the form of plaintiffs taking out the loan. Defendant did this in order to increase the lender's "points and fees," interest and profits.

**ANSWER:**     Paragraph 65 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 65.

66.     Plaintiffs were induced to borrow a loan from defendant by means of these and other misrepresentations and deceits described above.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66. Defendant denies any remaining allegations in paragraph 66.

67.     Defendant made these representations in the course of trade and commerce.

**ANSWER:**     Paragraph 67 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 67.

68.     Plaintiffs have suffered injuries as a result of defendant's misrepresentations.

**ANSWER:**     Paragraph 68 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 68.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Fourth Amended Complaint so triable.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Fourth Amended Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Fourth Amended Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.     Dismiss Plaintiffs' Fourth Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  May 12, 2010                    Respectfully submitted,


                                        By: /s/  Thomas J. Wiegand

                                        *Attorneys for Defendant Argent Mortgage
                                        Company, LLC*

                                        Thomas J. Wiegand
                                        Gregory J. Miarecki
                                        David E. Dahlquist
                                        Winston & Strawn, LLP
                                        35 W. Wacker Drive
                                        Chicago, Illinois  60601-9703
                                        Telephone: (312) 558-5600
                                        Facsimile:  (312) 558-5700
                                        twiegand@winston.com

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Dahlquist, hereby certify that on this 12th day of May 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  _____/s/  David E. Dahlquist_____

CHI:2400132.1