**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |
| *Stuart Belfeld And Marianne Belfeld v. Argent Mortgage Company, LLC*; *et al.* Case No. 07 C 1749 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

("Defendant"), by and through its attorneys, answers Plaintiffs STUART BELFELD AND

MARIANNE BELFELD's ("Plaintiffs") Fourth Amended Complaint ("Complaint") as follows.

**FOURTH AMENDED COMPLAINT**

**INTRODUCTION**

1.    Plaintiffs Stuart Belfeld and Marianne Belfeld bring this action against a

"subprime" mortgage lender and its assignees to rescind two mortgages for violations of the

Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve

Board Regulation Z, 12 C.F.R. part 226; and the Equal Credit Opportunity Act, 15 U.S.C. § 1691

*et seq.* ("ECOA").

**ANSWER:**    **Defendant objects to the term "subprime" as vague.  Defendant is without
knowledge or information sufficient to form a belief as to the truth of the
intended characterization of the term "subprime".  Defendant specifically
denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq.,
Regulation Z., 12 C.F.R. part 226 or the Equal Credit Opportunity Act, 15
U.S.C. § 1691 et seq. or any state law.  Defendant denies the remaining
allegations of this paragraph.**

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1337 (interstate commerce), and 15 U.S.C. §§ 1640 (TILA) and 1691e

(ECOA).

**ANSWER:**      **Defendant does not contest subject matter jurisdiction.  Defendant denies
any remaining allegations of this paragraph.**

3.      Defendants do business in the District, have numerous offices within the District,

and are deemed to reside here. Venue is therefore proper under 28 U.S.C. § 1391(c).

**ANSWER:**      **Defendant does not contest venue.  Defendant is a national banking
association with a place of business located at 1761 East St. Andrew Place,
Santa Ana, California 92705.  Defendant denies any remaining allegations of
this paragraph.**

## PARTIES

4.      Plaintiffs Stuart Belfeld and Marianne Belfeld are husband and wife and jointly

own and reside in a home at 22471 Fairfax Street, Taylor, MI 48180.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

5.      Defendant Argent Mortgage Company, LLC is a foreign corporation which

maintains offices in and does business in Michigan. Its registered agent and office are National

Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

6.      Defendant Argent Mortgage Company, LLC is engaged in the business of

originating "subprime" mortgages.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

7. Defendant Argent Mortgage Company, LLC made more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9. Defendant Argent Mortgage Company, LLC is an affiliate of Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11. Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY. On information and belief, it holds legal title, probably as trustee, to the smaller of plaintiffs' two loans.

**ANSWER:** **Defendant admits that it is a national banking association with its place of business located at 1761 East St. Andrew Place, Santa Ana, CA 92705. Defendant objects to the term "the smaller of plaintiffs' two loans" as it does not provide sufficient information for Defendant to form a belief as to the truth of the allegations of this paragraph and, on that basis, Defendant**

BN 5958635v1

**denies such allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies such allegations. Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

12.     Wells Fargo Bank, N.A., is an entity that holds title, as trustee, to some loans originated by defendant Argent. It holds title to the larger of plaintiffs' two loans. It may be found at 9062 Old Annapolis Road, Columbia, Maryland, 21045.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13.     Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, including the larger of plaintiffs' two loans. Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14.     Defendant BAC Home Loans Servicing, L.P. is a partnership which transacts business in Illinois and Michigan. Its registered agent and office is C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. It claims an interest in the larger of plaintiffs' two loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15.     Defendant Faslo Solutions, LLC is a limited liability company which transacts business in Illinois and Michigan. Its registered agent and office is CSC-Lawyers Incorporating Service Company, 601 Abbott Road, East Lansing, MI 48823. It claims an interest in the smaller of plaintiffs' two loans, including the right to receive payments thereunder. It is joined as a necessary party.

- 4 -

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

16.     Does 1-5 are any other entities, currently unknown, that have or claim an interest in plaintiffs' loans.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

## FACTS RELATING TO PLAINTIFFS

17.     In January 2005, plaintiffs applied for a mortgage loan, through a mortgage broker, to Argent Mortgage Company, LLC ("Argent"). Abe Nelson, an employee of the broker, took plaintiffs' application information over the phone.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

18.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

19.     Mr. Nelson said that he could get a 30-year fixed loan for plaintiffs. Mr. Nelson said nothing about two loans in an 80/20 split mortgage.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

20.     At the scheduled closing on March 14, 2005, plaintiffs discovered that instead of the single fixed rate loan requested, plaintiffs were given two loans, one for 80% of the amount sought and one for 20%, with an adjustable rate loan for the larger portion and a fixed rate for the smaller.

- 5 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

21. Because the mortgage broker received a yield spread premium in connection with the March 14, 2005 transaction (Exhibit D, line 812), its actions are imputable to Argent.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22. Immediately prior to the closing, plaintiffs were informed by Argent that the terms for the 80% loan were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23. Mr. Nelson explained that Argent would treat the loans as one loan, and only charge one set of closing costs. He further said that they needed to do the loan that way and it was standard procedure.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24. When plaintiffs hesitated, Mr. Nelson said, "We need to take care of this today in order for you to get the loan; otherwise, your rate will go way up or we won't be able to do the loan at all."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25. Plaintiffs reluctantly signed the documents on the 80% loan on March 14, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26.     The following are documents relating to the 80% March 14, 2005 loan: a.  An adjustable rate note, <u>Exhibit B</u>. Only Mr. Belfeld signed the note.

b.     A mortgage, <u>Exhibit C</u>. Both Mr. and Mrs. Belfeld signed the mortgage.

c.     A settlement statement, <u>Exhibit D</u>.

d.     A Truth in Lending statement, <u>Exhibit E</u>.

e.     The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit F</u>.

**ANSWER:** **The referenced documents speak for themselves, therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.     Plaintiffs were later directed to make payments on the 80% loan to Countrywide Home Loans, Inc., and subsequently to BAC Home Loans Servicing, L.P.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

28.     Two to three weeks after the 80% loan closed, Mr. Nelson told plaintiffs that he could get the 80% loan and the remaining 20% loan rolled into one loan, as long as plaintiffs came in and signed on the 20% loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

29.     Mr. Nelson said, "In a few months, we'll roll this into one loan rather than two."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 5958635v1

30.     Plaintiffs signed on the 20% loan because they were under the impression that the loans would be consolidated into one loan within a few months.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31.     Immediately prior to the closing, plaintiffs were informed by Argent that the terms for the 20% loan were being altered to their detriment, as set forth on <u>Exhibit G</u>.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

32.     The following are documents relating to the 20% loan:

    a.     A fixed rate note, <u>Exhibit H</u>. Only Mr. Belfeld signed the note.

    b.     A mortgage, <u>Exhibit I</u>. Both Mr. and Mrs. Belfeld signed the mortgage.

    c.     A settlement statement, <u>Exhibit J</u>.

    d.     A Truth in Lending statement, <u>Exhibit K</u>.

    e.     The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit L</u>.

**ANSWER:     The referenced documents speak for themselves, therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

33.     The documents for the 20% loan are misdated to represent that the closing took place on March 14, 2005 instead of a few weeks later.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

34.     A month after plaintiffs closed on the 20% loan, both loans were sold.  Plaintiffs were directed to make payments on the 20% loan to GMAC Mortgage Corporation, and later to Faslo Solutions, LLC.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35.     Argent never honored its promise to roll both loans into one loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

36.     On information and belief, Deutsche Bank National Trust Company, N.A., as trustee, owns plaintiffs' 20% loan.

**ANSWER:     Defendant admits that it is a national banking association with its place of business located at 1761 East St. Andrew Place, Santa Ana, CA 92705. Defendant objects to the term "plaintiffs' 20% loan" as it does not provide sufficient information for Defendant to form a belief as to the truth of the allegations of this paragraph and, on that basis, Defendant denies such allegations.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies such allegations.  Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

37.     On information and belief, Wells Fargo Bank, N.A. holds legal title to plaintiffs' 80% loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass Through Certificates Series 2005-WCW 1.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

38.     On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' 20% loan.

**ANSWER:     Defendant admits that it is a national banking association with its place of business located at 1761 East St. Andrew Place, Santa Ana, CA 92705.**

- 9 -

**Defendant objects to the term "plaintiffs' 20% loan" as it does not provide sufficient information for Defendant to form a belief as to the truth of the allegations of this paragraph and, on that basis, Defendant denies such allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies such allegations. Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

39.     To the extent any ownership information for either loan is incorrect (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT I – TILA

40.     Plaintiffs incorporate paragraphs 1-39. This claim is against all defendants.

**ANSWER:     Defendant restates its answers to paragraphs 1-39 in response to this paragraph.**

41.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

**Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).**

**ANSWER:     Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 10 -

BN 5958635v1

42. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)**

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

43. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)**

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

44. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

    45.     More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> (i)     The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii)     The consumer's right to rescind the transaction.
>
> (iii)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv)     The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### DEFECTIVE NATURE OF DISCLOSURES

    46.     In connection with plaintiffs' loans, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, for (without limitation) the following reasons:

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

    47.     Exhibit F and Exhibit L are inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

- 12 -

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. The documents speak for themselves, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

48.     The top of Exhibit F and Exhibit L have only Mr. Belfeld's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:**     **The referenced documents speak for themselves, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

49.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

50.     Exhibit L is misdated, as plaintiffs did not close on the loan until several weeks after the filled-in closing date.

**ANSWER:**     **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### REMEDIES

51.     One remedy for disclosure violations of 15 U.S.C. § 1635 is statutory damages pursuant to 15 U.S.C. § 1640. A plaintiff in a TILA case need not prove that he or she suffered

actual monetary damages in order to recover statutory damages. Nor is it necessary to show that the consumer was actually misled or deceived. The Truth in Lending Act allows a monetary recovery even if the disclosure violation caused the borrower no harm.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

52. In an individual mortgage case, statutory damages are twice the finance charge, provided however that the damages may not be less than $200 or more than $2,000. In a class action, TILA provides that statutory damages are to be "such as the court may allow," with no minimum applicable to each class member and a total cap of either $500,000 or 1 percent of the creditor's net worth, whichever is lower.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

53. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit M</u>.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

54. The loans have not been rescinded.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

55. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 14 -

56.     15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**WHEREFORE**, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.      A judgment voiding plaintiffs' mortgages, capable of recordation in the public records, and binding on defendants;

b.      Statutory damages for the underlying disclosure violation;

c.      If appropriate, statutory damages for failure to rescind;

d.      Attorney's fees, litigation expenses and costs; and e.Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to damages.**

## COUNT II – ECOA

57.     Mrs. Belfeld incorporates paragraphs 1-39.

**ANSWER:** **Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant restates its answers to paragraphs 1-56 in response to this paragraph.**

58.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

BN 5958635v1

**ANSWER:**   **Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

59.     On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:**   **Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

60.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:**   **Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

**WHEREFORE**, plaintiff Mrs. Belfeld requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.      Appropriate statutory and punitive damages;

b.      Attorney's fees, litigation expenses and costs; and c.Such other or further relief as the Court deems appropriate.

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to damages.**

- 16 -

## COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

61.     Plaintiffs incorporate paragraphs 1-39. This claim is against Argent.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant restates its answers to paragraphs 1-60 in response to this paragraph.**

62.     Defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL § 445.1672(b), by engaging in a "bait and switch" practice: promising plaintiffs that they would roll plaintiffs' two loans into a single loan, and then failing to do so.

**ANSWER:     Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

63.     Defendant also engaged in fraud, deceit and material misrepresentation, in violation of MCL § 445.1672(b), by engaging in a "bait and switch" practice: promising plaintiffs a fixed-rate mortgage, and then giving plaintiffs an adjustable rate on their 80% loan.

**ANSWER:     Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

64.     Furthermore, defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL § 445.1672(b), by engaging in a "bait and switch" practice: representing at the closing of March 14, 2005 that plaintiffs' settlement charges would be $7,723.71 (Exhibit D, line 1400), and then a couple weeks later charging plaintiffs another $466.12 in closing costs (Exhibit J, line 1400).

**ANSWER:     Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required**

**because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

65.     Defendant made these representations for the purpose of inducing plaintiffs' reliance in the form of plaintiffs taking out the loan. Defendant did this in order to increase the lender's "points and fees," interest and profits.

**ANSWER:     Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

66.     Plaintiffs were induced to borrow a loan from defendant by means of these and other misrepresentations and deceits described above.

**ANSWER:     Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

67.     Defendant made these representations in the course of trade and commerce.

**ANSWER:     Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

68.     Plaintiffs have suffered injuries as a result of defendant's misrepresentations.

**ANSWER:     Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as**

**to the truth of the allegations of this paragraph and on that basis denies such allegations.**

**WHEREFORE**, the Court should enter judgment in favor of the plaintiffs and against Argent for:

a.    A declaratory judgment, MCL § 445.1681(1)(a);

b.    Injunctive relief, MCL § 445.1681(1)(b);

c.    Appropriate damages, MCL § 445.1681(1)(c);

d.    Attorney's fees, litigation expenses and costs of suit; and e. Such other and further relief as the Court deems proper.

**ANSWER:**    **Because it appears that this Count is directed at defendants other than this answering Defendant, no answer is required.  Further, no answer is required because this paragraph states legal conclusions.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.    Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.    Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

- 19 -

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.      Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.      As to each cause of action, Defendant is entitled to an offset.

12.      Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.      Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.      Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.      Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.      Dismiss Plaintiffs' Complaint;

2.      Enter Judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

- 20 -

Respectfully submitted,

DATED:   May 13, 2010

By: /s/ Bernard E. LeSage

    *Attorneys for Deutsche Bank National*
    *Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 5958635v1

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 13th day of May, 2010, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the addressees on the attached Service List.

By: _____/s/  Bernard E. LeSage_____

BN 5958635v1

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST**

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

BN 5958635v1

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

Steven S. Elliott
12 E. Exchange Street
8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025

- 24 -