Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 5/18/2010 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

We conclude that these circumstances do not warrant an award of attorneys' fees, pending compliance with this order. It is so ordered.

■[ For further details see text below.]   Notices mailed by Judicial staff.

**STATEMENT**

Reserved for use by the Court)

### ORDER

    Plaintiffs Katherine and Benjamin Miller, Fredrich Grabs, Kathryn and Thomas Campau, Christina and Samuel Stratford, Glenn and Laverne Adams, David Karlin, Virginia Albarran and Jose Rodriguez ("Enforcing Plaintiffs") filed the pending Second Motion to Enforce Settlement. (Dkt. No. 3452.) As with an earlier motion to enforce filed last year, which also involved the Millers, Enforcing Plaintiffs contend that they negotiated and entered into settlement and loan modification agreements with various defendants, including Ameriquest and their current loan holders and servicers. (Mot. ¶¶ 3, 6–8, 12–16, 18–22, 23–29, 32–36, 39–41, 45–47.) According to Enforcing Plaintiffs, however, they have not received: loan modification documents (as to all Enforcing Plaintiffs), corrected monthly statements (as to the Millers only), and a copy of the fully-executed settlement agreement along with payment (as to the Stratfords only). (*See id.* ¶¶ 49–51.)

    Enforcing Plaintiffs acknowledge, however, that Defendants delivered much of the relief sought by this motion after it was filed. (Reply ¶ 1.) Accordingly, Enforcing Plaintiffs' outstanding requests are: (1) a copy of the fully-executed settlement agreement and $3,000 payment for the Stratfords; and (2) a copy of the Millers' loan modification agreement. We grant the motion as to these requests. Specifically, Defendants must deliver the settlement agreement and its accompanying $3,000 payment to the Stratfords by June 25, 2010. The Millers must also be provided with a copy of their loan modification agreement by June 25, 2010.

    We decline to award attorneys' fees, however. With the exception of the Millers, this motion concerns a different set of plaintiffs than those who filed the similar motion in April 2009. Although we cannot comprehend why the Millers *still* have not received a copy of their loan modification agreement despite our order nearly a year ago, the modification has gone through and the current servicer is issuing proper monthly statements. Ameriquest and the other defendants and servicers continue their good-faith efforts to complete the loan modification process for Enforcing Plaintiffs. We conclude that these circumstances do not warrant an award of attorneys' fees, pending compliance with this order. It is so ordered.

**STATEMENT**