IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Centralized before The Honorable Marvin E. Aspen |

**THIRD-PARTY DEFENDANTS' OPPOSITION TO NOTICE OF ERRATA
RE: FIFTH AMENDED CONSOLIDATED THIRD PARTY COMPLAINT**

Third-Party Defendants, through their undersigned Liaison Counsel, submit this Opposition to the Notice of Errata re: Fifth Amended Consolidated Third Party Complaint filed by Third Party Plaintiffs on May 24, 2010, Dkt. No. 3597, and state as follows:

1. On May 24, 2010, Third Party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC ("Third Party Plaintiffs") filed a Notice of Errata re: Fifth Amended Consolidated Third-Party Complaint (the "Notice of Errata"), in which they represent that "certain inadvertent errors" were made in the identification of Third Party Defendants in the Fifth Amended Consolidated Third Party Complaint (the "FATPC") and its Exhibit A, which charted all of the cases involved in this MDL and identified the Third Party Defendants allegedly involved in each case and loan transaction. Notice of Errata at 1. Third Party Plaintiffs represent that they have "made no changes at all to the substance of the FATPC," and purport to be seeking merely to correct that "small number of errors." *Id*. The Notice of Errata, however, seeks to add brand new loan

transactions, to name certain Third Party Defendants in dozens of cases and loan transactions in which they have not previously been named as a third party, and to name new Third Party Defendants who have *never been named as a party to these cases before at all*. Adding Third Party Defendants to cases, loan transactions in which they have not previously been named, and to this multi-district litigation is certainly a substantive change to the FATPC. Third Party Plaintiffs' pleading is therefore not merely a benign Notice of Errata but instead a substantive motion to amend the FATPC dressed in errata clothing, and it must be denied under this Court's Order of June 23, 2009.

       2.      In its Order of June 23, 2009, Dkt. No. 2912, this Court addressed Third Party Plaintiffs' Motion for Leave to File the FATPC (Dkt. No. 2805). In that motion, Third Party Plaintiffs were seeking leave to file the FATPC and its Exhibit A. As Third Party Plaintiffs themselves have admitted, they added dozens of new cases to the FATPC and hundreds of new claims against significantly more Third Party Defendants than were involved in the Second Amended Consolidated Third Party Complaint. See Opposition to Motion to Dismiss Fifth Amended Consolidated Third Party Complaint, Dkt. No. 3090, at 5. In its Order of June 23, 2009, the Court recognized that expansion, as well as Third Party Defendants' opposition to it, as prejudicial to Third Party Defendants due to the additional claims and to Third Party Plaintiffs' delay in seeking to add those claims. Dkt. No. 2912, at 1. The Court said, "while we recognize that the FATPC prejudices Third-Party Defendants, particularly those facing new liabilities, that prejudice is not *undue* given the circumstances and evolving nature of this case. . . . We understand Third-Party Defendants' frustration, however; Third-Party Plaintiffs' practice of filing amended pleadings cannot go on indefinitely. Accordingly, we order that any motions for leave to further amend the

FATPC must be filed by September 18, 2009. We will not grant any such motion absent a showing of good cause, as required by Rule 16(b)." Dkt. No. 2912, at 2.

   3. September 18, 2009 has come and gone. Naming a motion to amend a Notice of Errata cannot get around the bar to such motions set by this Court. While Third Party Plaintiffs may and should delete Third Party Defendants who they have discovered after further review were not involved in loan transactions, it is too late to add new allegations against other Third Party Defendants.

   4. Moreover, Third Party Plaintiffs cannot, through a purported Notice of Errata, avoid their obligations under Rules 14(a) and 16(b) of the Federal Rules of Civil Procedure and this Court's June 23, 2009 Order to show good cause for the addition of a new third party and to serve the required process on Third Party Defendants who they seek to name as parties to cases in which they have not previously been named. While these cases have been consolidated for pretrial purposes, each of the opt-out cases is a separate case, and has to be treated as such under the applicable rules governing whether third parties may be added and whether the required process must be served. Third Party Plaintiffs' statements that they have reviewed additional loan files since the filing of the FATPC cannot constitute "good cause" under Rules 14(a) and 16(b) at this stage of the proceedings and after having filed numerous previous pleadings. The new parties that Third Party Plaintiffs seek to add would be prejudiced by being added at this date after motions to dismiss the FATPC (and its previous iterations) have been fully briefed and decided by this Court. *See* 6 Fed. Prac. & Proc. Civ. § 1454 (2d ed.) (Under Rule 14(a), courts consider potential prejudice to the third party defendant and whether the third party plaintiff can show a reasonable explanation for the delay in determining whether to grant leave for the service of a third party complaint).

5. Finally, some of the new allegations of involvement are made in cases that this Court has already remanded to the transferor courts. For example, in *Furgeson v. Ameriquest Mortgage Co.*, et al., Case No. 04-CV-07627 (N.D. Ill.), Third Party Plaintiffs seek to substitute American Pioneer Title Insurance Company for Old Republic National Title Insurance Company. The *Furgeson* case, however, was remanded by this Court to its transferor court by Order of April 6, 2010. Dkt. No. 3500. According to Rule 7.6(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, this Court had the power to order that remand without order of the Panel because the transferor court was the same court as the transferee court (the Northern District of Illinois). Now that that the *Furgeson* case has been remanded, this Court lacks jurisdiction to allow a substitution of parties in that case, and any others that have already been remanded.

6. If the Court for some reason is to permit the Notice of Errata, Third Party Plaintiffs must be required to comply with the applicable requirements under the Federal Rules of Civil Procedure in each case in which they seek to name a new or different Third Party Defendant.

7. For all of these reasons, Third Party Defendants oppose Third Party Plaintiffs' Notice of Errata insofar as it seeks to add new allegations of involvement in cases and loan transactions against Third Party Defendants who have not previously been named in those cases or transactions, in violation of this Court's Order of June 23, 2009 and the applicable Federal Rules of Civil Procedure. Third Party Plaintiffs should be permitted only to delete allegations previously made, and not to add any new allegations at this time.

- 5 -

Dated: May 26, 2010  By: /s/ Kathryn B. Walter
*Liaison Counsel for Third-Party Defendants and counsel for National Real Estate Information Services, Inc.*

David J. Chizewer
Steven A. Levy
Kathryn B. Walter
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
Telephone (312) 201-4000
Facsimile (312) 332-2196

- 5 -

**CERTIFICATE OF SERVICE**

I, Kathryn B. Walter, hereby certify that on this 26th day of May, 2010, a true and correct copy of the foregoing document was filed electronically using the Court's ECF/electronic mailing system. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kathryn B. Walter