IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**REPLY IN SUPPORT OF NOTICE OF ERRATA RE: FIFTH AMENDED
CONSOLIDATED THIRD-PARTY COMPLAINT**

The Third-Party Defendants argue in their Opposition (Docket No. 3598) that the Notice of Errata filed by Ameriquest was improper because it adds new parties to the Fifth Amended Consolidated Third-Party Complaint ("FATPC") after the September 18, 2009 deadline imposed by the Court. (Docket No. 2912). As discussed below, while the Notice of Errata did add a small number of new parties, the vast majority of the revisions made by Ameriquest involved substitutions of pre-existing Third-Party Defendants. The purpose of these substitutions, quite simply, was to bring greater efficiency to this action by ensuring that the exhibits to the FATPC are as accurate as possible. Since there is no discovery cut-off and no trial date in any of the Opt-Out matters, the Third-Party Defendants will not suffer any prejudice as a result of the revisions made by Ameriquest in the Notice of Errata.

Accordingly, Ameriquest respectfully requests that the Court allow Ameriquest to proceed with its claims against the correct Third-Party Defendants, as set forth in the Notice of Errata.

I. **History Regarding the Consolidated Third-Party Complaint.**

The Notice of Errata should be viewed in the context of the Court's original Order requiring Ameriquest to file a consolidated third-party complaint. Specifically, in February and March 2007, Ameriquest begin filing third-party complaints in each of the Opt-Out cases, asserting its rights against the Third-Party Defendants. After approximately 80 individual third-

party complaints had been filed, on March 16, 2007, the Court issued an Order stating as follows: "To salvage to the extent possible the interests of judicial economy in this action, we order defendants to file these and all future third-party complaints within one consolidated filing." (Docket No. 615).

At the time this Order was issued, the statute of limitations had not begun to run on Ameriquest's claims against the Third-Party Defendants. Indeed, to this day, the statute of limitations has not begun to run, and will not begin run until such time that Ameriquest suffers an adverse judgment or other damages in connection with the claims of the Opt-Out Plaintiffs. *See e.g., Mizuho Corporate Bank (USA) v. Cory & Assocs.*, 341 F.3d 644, 650 (7th Cir. 2003) (holding that "indemnity claims. . .do not accrue until the main action has been resolved via judgment or settlement"). Thus, Ameriquest filed its consolidated Third-Party Complaint not because its claims against the Third-Party Defendants were about to expire, but in keeping with the Court's Order to try to bring as much efficiency as possible to this MDL.

With respect to the original Third-Party Complaint, and each of the amended Third-Party Complaints, Ameriquest and its counsel have made a significant effort to ensure that the correct third-party defendants were named in connection with each of the Opt-Out Plaintiffs' cases. This effort involved an exhaustive review of each of the relevant loan files, and other documents, in Ameriquest's possession. It has always been Ameriquest's goal to identify 100% of the Third-Party Defendants correctly the first time around. Unfortunately, given the large number of loans, and the fact that, in many cases, the identity of the underwriter or closing agent is ambiguous from the documents in Ameriquest's file, a relatively small number of mistakes were made. The Notice of Errata was intended simply to correct these mistakes, and give the Third-Party Defendants notice of these corrections as quickly as possible.

In their Opposition to the Notice of Errata, the Third-Party Defendants suggest that because Ameriquest erroneously identified certain Third-Party Defendants, and did not realize and correct these errors until after September 18, 2009, Ameriquest forfeits some of its claims. This position finds no support in the law. In fact, Ameriquest has every right to wait until *after the trial* in each of the Opt-Out cases to file a new action against each of the Third-Party

Defendants. The problem with this approach is that it would require Ameriquest to file several hundred new lawsuits, in courts throughout the country. This would exponentially increase the costs of litigation for Ameriquest and the Third-Party Defendants and, worse, it would substantially burden all of the transferor courts. For these reasons, Ameriquest made the decision to correct the errors it discovered in a Notice of Errata, rather than simply waiting to file a new lawsuit at the conclusion of each of the Opt-Out Cases.

While Ameriquest still believes that filing a Notice of Errata was the best approach, and consistent with the Court's March 16, 2007 Order directing Ameriquest to maximize "judicial economy," Ameriquest reserves its right to file new actions against the Third-Party Defendants in the event that its Notice of Errata is disallowed.

## II. The Changes Made in the Notice of Errata Were Appropriate.

Contrary to the argument made by the Third-Party Defendants in their Opposition, the Notice of Errata does not add any new claims to the FATPC. In fact, the same number of Opt-Out cases are identified. Rather, as reflected in the redline attached as Exhibit 2 to the Notice of Errata, Ameriquest has made corrections with respect to a small number of the cases in terms of identifying which party is the correct "Underwriter" and which party is the correct "Title Defendant."

In the vast majority of cases where Ameriquest has made changes, the party identified by Ameriquest was already a named-defendant in the Third-Party Complaint. For example, in connection with the case of *Pasacreta, et al. v. Ameriquest Mortgage Co.*, Case No. 06-CV-02468 (N.D. Ill.), Ameriquest erroneously listed Stewart Title Guaranty Company in the FATPC as the Underwriter in connection with the loan made to borrowers Nicholas and Ann Griffin. Upon further review, Ameriquest learned that this was incorrect, as the actual Underwriter was Commonwealth Land Title Insurance Company. Accordingly, in the Notice of Errata, Ameriquest has deleted Stewart as the named Underwriter and listed Commonwealth instead.[1]

---

[1] In other cases, Ameriquest realized that it had erroneously named Commonwealth in connection with a particular loan and, accordingly, deleted Commonwealth as a third-party defendant. For example, in the case of *Belcher, et al. v. Ameriquest Mortgage Co.*, Case No. 06-CV-03124 (N.D. Ill.), Ameriquest named Commonwealth as the Underwriter in connection with the loan to Debra Jenkins. In fact, the correct Underwriter on this loan is Old Republic National Title Insurance Company. Ameriquest made the appropriate correction in the Notice of Errata.

BN 6466960v1

3

Notably, Commonwealth was already named in the FATPC in connection with *dozens of other loans*. It was served with the third-party complaint and summons long ago, and has been actively participating in this litigation for several years. And perhaps most importantly, Commonwealth has not, and cannot, dispute the fact that they were the Underwriter on the loan to Mr. and Mrs. Griffin. Indeed, absent from the Third-Party Defendants' Opposition is any contention that Amerqiuest has named the wrong parties in its Notice of Errata.[2]

In a small number of cases (less than 5% of the total number of revisions), Ameriquest did name a party which was not previously named in the FATPC. Ameriquest named these new parties for the purpose of making the exhibits to the FATPC as complete and accurate as possible. Ameriquest has no intention of pursuing its claims against some of these new Third-Party Defendants either because they are now in Chapter 11 (*e.g.* Express Financial Services, Inc., LandAmerica Onestop, Southern Star Mortgage, Ace Mortgage Funding, and Lender's First Choice), or because they have closed down and appear from all indications to be out of business (*e.g.,* Lake Front Mortgage and Adaptable Mortgage Center). For the handful of new parties whom Ameriquest does intend to pursue, the statute of limitations on Ameriquest's claims has not yet run out, and Ameriquest's only other option if it is not allowed to pursue these claims in the MDL would be to file separate actions in the various transferor courts. As discussed above, this would run contrary to the Court's (and Ameriquest's) goal of advancing the "interests of judicial economy" as much as possible.

### III. No Prejudice will Result from the Notice of Errata.

Finally, the Third-Party Defendants have not shown that they would suffer any prejudice whatsoever as a result of the Notice of Errata. As discussed above, there is no trial date or even a discovery cut-off in any of the Opt-Out Cases. Rather, the Court has ordered the parties to mediation, and has stayed any discovery pending the completion of mediation. The changes

---

[2] The vast majority of the Third-Party Defendants are sophisticated national companies with databases indicating which loans they have underwritten or closed. In those cases where Ameriquest named the wrong Third-Party Defendant, it would have been easy enough for the erroneously named party to simply check their database, and tell Ameriquest that they were not the Underwriter or Title Defendant on the loan in question. In fact, this did happen in a small number of cases prior to Ameriquest filing its Notice of Errata. In every case where Ameriquest was given notice that it named the wrong party, it immediately re-reviewed the loan file and, if a mistake was made, Ameriquest promptly dismissed the erroneously named Third-Party Defendant with respect to that particular claim.

made in the Notice of Errata do not in any way impair the Third-Party Defendants' ability to prepare for trial. And if anything, the Notice of Errata makes it easier for the Third-Party Defendants to prepare for mediation because they now have a more accurate picture of what specific loans Ameriquest is suing them on in the FATPC.

It appears that the Third-Party Defendants' main objection is that Ameriquest should not be allowed to assert any additional claims against them following the September 18, 2009 deadline set by the Court for amending the Third-Party Complaint. But, as discussed above, while Ameriquest may not be able to file further amendments to the Third-Party Complaint, there is nothing preventing Ameriquest from asserting claims against the Third-Party Defendants in a separate action after the conclusion of trial. In other words, while the Third-Party Defendants would, for obvious reasons, like to delay the scope of their involvement in this MDL, they cannot avoid Ameriquest's claims. And considerations of judicial economy weigh heavily in favor of allowing Ameriquest to proceed with these claims in a consolidated third-party complaint in the MDL, as opposed to in hundreds of individual actions.

**IV.     Conclusion.**

For the reasons set forth above, Ameriquest respectfully requests that the Court allow Ameriquest to proceed with its claims against the correct Third-Party Defendants as set forth in the Notice of Errata.

DATED: July 12, 2010                      Respectfully submitted,

                                          By:  /s/ Bernard E. LeSage

                                          *Attorneys for Ameriquest Mortgage Company;
                                          AMC Mortgage Services, Inc.; Town & Country
                                          Credit Corporation; Ameriquest Capital
                                          Corporation; Town & Country Title Services, Inc.;
                                          and Ameriquest Mortgage Securities, Inc.*

                                          Bernard E. LeSage, Esq.
                                          Brian H. Newman, Esq.
                                          BUCHALTER NEMER, a P.C.
                                          1000 Wilshire Boulevard, Suite 1500
                                          Los Angeles, CA 90017-2457
                                          Telephone: (213) 891-0700
                                          Facsimile: (213) 896-0400

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 12th day of July 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage