IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

**STATUS REPORT RE: SCHEDULING SETTLEMENT CONFERENCES FOR OPT-OUT PLAINTIFFS REPRESENTED BY THE EDELMAN AND HARRIS FIRMS**

Pursuant to the Court's Orders (Docket Nos. 3615 and 3616) a hearing has been scheduled for 10:00 a.m. on July 29, 2010 to set settlement conference dates for Opt-Out Plaintiffs represented by The Law Offices of Daniel Harris (the "Harris Firm") and Edelman, Combs, Latturner & Goodwin, LLC (the "Edelman Firm"). The Ameriquest Defendants respectfully submit the following status report regarding proposed settlement conference dates.

**I.    BACKGROUND.**

This status report provides the highlights of two related, but separately litigated, matters: (i) the opt-out claims of Plaintiffs in *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation* ("MDL") brought by the Harris Firm and Edelman Firm; and (ii) *Terry v. Ameriquest,* Case No. 08CV2475 (Coar, J.) ("*Terry*"), brought by the Harris Firm.

Throughout the MDL litigation the Ameriquest Defendants have willingly participated in multiple mediation sessions. To enhance the chance of settlement, all parties agreed to an informal exchange of loan files and related documentation and stay of all other discovery, including a stay on the taking of Plaintiffs' depositions, pending mediation. *See* Joint Discovery Plan and Scheduling Order (Docket No. 3268).

Through mutual agreement MDL Opt-Out Plaintiffs' counsel and the Ameriquest Defendants selected the Honorable Donald P. O'Connell (Ret.) to act as the mediator. Judge O'Connell presided over three mediation sessions that included the Edelman Firm and at least one that included the Harris Firm. While those sessions did not resolve the Edelman and Harris Firms' Opt-Out Plaintiffs' claims, Judge O'Connell became familiar with the claims in the case. Also, through mediation before the Honorable Daniel Weinstein (Ret.) the Ameriquest Defendants resolved **714,206 Class Claims** as reflected by the Court's recent Final Order and Judgment (Docket No. 3628).

In *Terry*, the parties participated in a November 2009 mediation before Judge O'Connell ("First Terry Mediation"). *Terry*, which is pending before the Honorable David H. Coar, involves claims raised by 26 plaintiffs. In *Terry*, the parties have engaged in formal discovery, including written discovery and the taking of depositions of all the plaintiffs. While the *Terry* case did not settle during the First Terry Mediation, Judge O'Connell did prepare a valuation of plaintiffs' claims in the *Terry* case. All parties have agreed that this Court can review the O'Connell valuation as part of mediation.

Some months later, the parties in the *Terry* case, including Ticor Title Insurance Company, the third-party defendant title underwriter, participated in a June 3, 2010 settlement conference before Magistrate Judge Michael T. Mason ("Second Terry Mediation"). During that mediation the parties recognized that an out of court resolution would be more likely if the *Terry* case was mediated with the Harris Firm's MDL Opt-Out Plaintiffs' cases. While Ameriquest was agreeable to rescheduling the *Terry* mediation before Judge Mason or Judge O'Connell, both of whom were now familiar with the *Terry* claims (and for Judge O'Connell the *Terry* and MDL claims), the Harris Firm preferred to continue mediation before this Court, which was also agreeable to the Ameriquest Defendants.

As for the Edelman Firm Plaintiffs, instead of continuing to proceed with mediation before Judge O'Connell, the Edelman Firm opted to participate in a settlement conference before this Court which was also agreeable with the Ameriquest Defendants.

In the MDL Ameriquest filed a consolidated third-party complaint against more than 280 defendants including closing agents, brokers, and title companies involved in the closing of the loans ("Third-Party Defendants"). Third-Party Defendants are also important participants in the settlement of the Edelman and Harris Firms' Opt-Out Plaintiffs' claims. Third-Party Defendants may have indemnity obligations to the Ameriquest Defendants to the extent the claims arise out of loan closings conducted by Third-Party Defendants or wherein Third-Party Defendants issued indemnity agreements providing coverage for errors that occurred during the loan closings.

## II.     STATUS OF MEDIATIONS.

Since the beginning of this year the Ameriquest Defendants have been actively engaged in mediating the remaining MDL Opt-Out Plaintiffs' cases.

- Between December 2005 and today, the Ameriquest Defendants have settled 191 MDL Opt-Out claims and another 225 MDL Opt-Out cases are in some stage of settlement negotiations.

- On February 8, 2010, the Ameriquest Defendants participated in a mediation in Alabama before mediator George M. Van Tassel, Jr. of Sirote & Permutt, P.C. for claims raised by **703 Plaintiffs** represented by the Beasley Allen law firm. At this mediation the Ameriquest Defendants were able to successfully resolve these Plaintiffs' claims. A motion to dismiss all the settled MDL Opt-Out claims filed by the Beasley Allen law firm is being prepared.

- On June 3, 2010, the Ameriquest Defendants participated in a settlement conference in Illinois before Magistrate Judge Michael T. Mason for claims raised by the **26 Plaintiffs** represented by the Harris Firm in the *Terry et al. v. Ameriquest Mortgage Company et al.* matter, which case has since been referred to this Court for a settlement conference along with the Harris Firm's MDL Plaintiffs' Opt-Out cases.

- On July 14, 2010, the Ameriquest Defendants participated in a mediation in Alabama before mediator Mr. Van Tassel for claims raised by **197 Plaintiffs** represented by Underwood & Reimer, P.C. The parties have entered into a settlement in principle which must be approved by each of the Opt-Out Plaintiffs represented by the Underwood Firm. Appropriate motions will be filed when such settlements are ratified.

In addition to the mediations which have taken place, the Ameriquest Defendants are scheduled to hold additional mediations for the following cases:

- On August 4, 2010, the Ameriquest Defendants will participate in a mediation to be held in Chicago, Illinois before Judge O'Connell for claims raised by **272 Plaintiffs** represented by The Consumer Law Group, LLC and the Bromberg Law Office, P.C.

- On September 22, 2010, the Ameriquest Defendants will participate in a mediation to be held in Chicago, Illinois before Judge O'Connell (Ret.) for claims raised by **243 Plaintiffs** represented by The Lefebvre Law Firm.

### III. PROPOSED SETTLEMENT CONFERENCE DATES.

In order to prepare for the above-referenced pending mediations the Ameriquest Defendants are compiling updated payment histories from various loan servicers and reviewing loan documentation. The Ameriquest Defendants will need to engage in the same preparation process for the settlement conferences for the **130 Plaintiffs** represented by the Harris Firm and **220 Plaintiffs** represented by the Edelman Firm. Plaintiffs' counsel will also need to examine these records to prepare for the settlement conference.

Additionally, the Ameriquest Defendants have provided notice of the July 29, 2010 scheduling date for the settlement conference to the Third-Party Defendants connected to claims raised by the Harris Firm and Edelman Firm Plaintiffs (Docket Nos. 3025 and 3030). Once a settlement conference date is set the Ameriquest Defendants will provide notice to the Third-Party Defendants of the settlement conference dates.

While the Edelman and Harris Firms have requested to the Ameriquest Defendants that their respective settlement conference be scheduled during late August or early September it would be difficult for the Ameriquest Defendants to be sufficiently prepared to participate in mediations on those dates in light of the other MDL mediations that have already been scheduled.[1] So far the Ameriquest Defendants' have been successful in resolving claims at

---

[1] While the Edelman Firm correctly points out that in the Agreed Motion to transfer the Edelman Firm cases to Magistrate Judge Denlow for settlement conference the parties contemplated that a settlement conference would be able to take place before August 31, 2010. Judge Aspen did not order that the mediation take place by that date and other MDL mediations have been scheduled which make that time period unworkable.

mediation and believe that they will be able to continue to do so if given the opportunity to adequately prepare for the mediations so that they can be meaningful.

Accordingly, in light of the Ameriquest Defendants' pending mediation schedule, time it will take to obtain updated payment histories, time to prepare for the settlement conference, and time required for reasonable advance notice to Third-Party Defendants, the Ameriquest Defendants respectfully request that the Court issue an Order setting the Edelman Firm's Opt-Out Plaintiffs' settlement conference for October 12, 13, or 14 and the Harris Firm's Opt-Out Plaintiffs' settlement conference for October 26, 27, or 28, assuming these dates also are convenient for the parties and the Court.

Respectfully submitted,

Dated: July 22, 2010

By:/s/ Bernard E. LeSage

*Attorneys for ACC Capital Holdings Corporation, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corporation, and Olympus Mortgage Company*

Bernard E. LeSage
BUCHALTER NEMER,
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 22nd day of July 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

BN 6617541v2