UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead case No. 05-7097 |
| THIS DOCUMENT RELATES TO:<br><br>*Neubeck, et al. v. Ameriquest Mortgage Company, et al.*, (Case No.: 08-cv-795 N.D. Ill.) | Centralized before the Honorable Marvin E. Aspen |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Christopher & Peggy Neubeck and Samuel & Kimberly Kirk respectfully move this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint and to have it deemed filed *instanter*. A copy of their proposed Amended Complaint is attached hereto as Appendix A. In support of their motion, plaintiffs state as follows:

1. The Neubcks and the Kirks filed this action against defendant Ameriquest Mortgage Company and the assignees of Plaintiffs' mortgages on February 9, 2009 to rescind their mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. Part 226.

2. Plaintiffs' proposed amended complaint merely seeks to add as defendant CitiGroup Global Markets and Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2005-R1 Under the Pooling and Servicing Agreement Dated as of December 1, 2005 Without Recourse. These parties are the assignees of Plaintiffs' loans.

3. The minor, proposed changes would not prejudice any defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

4. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial").

5. The Ameriquest defendants do not oppose this motion.

WHEREFORE, plaintiffs respectfully request that this Court enter an Order (A) granting them leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Amended Complaint filed *instanter*, (C) and granting any further or other relief that the Court deems just.

Respectfully submitted by:

/s/ Anthony P. Valach, Jr.
Counsel for the Plaintiffs

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris

150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: (312) 960-1802
Fax: (312) 960-1936
lawofficedh@yahoo.com

## CERTIFICATE OF SERVICE

    I, Anthony P. Valach, Jr., hereby certify that on this 23rd day of June 2010, a true and correct copy of **PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDEND COMPLAINT,** *INSTANTER* was served, via the Court's electronic filing system, upon counsel of record.

        /s/ Anthony Valach
        Anthony Valach