**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| _____ | ) ) | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) | Centralized before Judge Marvin E. Aspen |
| DELOIS MILLS, | ) ) | 05 C 3976 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Leinenweber Magistrate Judge Ashman |
| AMERIQUEST MORTGAGE COMPANY; AMERICAN HOME MORTGAGE SERVICING, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of AMERIQUEST MORTGAGE SECURITIES, INC., Asset Backed Pass-Through Certificates, Series 2002-4 under the Pooling & Servicing Agreement dated as of November 1, 2002, Without Recourse, and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) | Transferred to Judge Aspen for pretrial proceedings under MDL #1715, Lead Case #05 C 709 |
| Defendants. | ) ) ) | **JURY DEMANDED** |

**THIRD AMENDED COMPLAINT**

**INTRODUCTION**

1.     Plaintiff Delois Mills brings this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

1

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).   Defendant does business in the District and is deemed to reside here.

## PARTIES

3.     Plaintiff owns and resides in a home at 12449 S. Elizabeth, Calumet Park, IL 60827.

4.     Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.   It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

5.     Defendant American Home Mortgage Servicing, Inc. ("AMC") is a foreign corporation which does business in Illinois.  Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.  It services some loans originated by Ameriquest Mortgage Company, including plaintiff's, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

6.     Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005.  On information and belief, it is the trustee of plaintiff's loan, which is securitized in Ameriquest Mortgage Securities, Inc., under Asset Backed Pass-Through Certificates, Series 2002-4 under the  Pooling & Servicing Agreement dated as of November 1, 2002, Without Recourse.

7.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest

Mortgage Company, is a foreign corporation which transacts business in Illinois. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiff's. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

## FACTS RELATING TO PLAINTIFF

8.      On or about July 23, 2002, plaintiff and her now-deceased husband obtained a mortgage loan from Ameriquest.

9.      Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

10.      In connection with the loan, defendant Ameriquest failed to provide all notices and proper disclosures required by TILA.

11.      Ameriquest did not provide any federal notices of the right to cancel to plaintiff at her closing or anytime thereafter. They were simply omitted from the closing documents that were provided to plaintiff, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23(b).

12.      In addition, Ameriquest did not provide plaintiff with full disclosure of the payment schedule on the Truth In Lending Disclosure Statement, as required by 15 U.S.C. §1638(a)(6), 12 C.F.R. §226.18(g) and FRB Commentary on Regulation Z, par. 18(g)4, 12 C.F.R. part 226, Supp. I.

13.      Furthermore, Ameriquest charged plaintiff a "loan discount" fee of $2,565. See Exhibit B, line 802.

14.      However, on information and belief, plaintiff did not receive a discounted interest rate.

15.      Plaintiff has since been instructed to pay AMC Mortgage Services, Inc., and

3

later Citi Residential Lending, Inc., and subsequently American Home Mortgage Servicing, Inc.

16.     On information and belief, Deutsche Bank National Trust Company, N.A. is the Trustee of plaintiffs' loan.  Ameriquest Mortgage Securities, Inc. is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2002-4 under the  Pooling & Servicing Agreement dated as of November 1, 2002, Without Recourse.

17.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

## COUNT I - TILA

18.     Plaintiff incorporates paragraphs 1-17.  This claim is against all defendants.

## RIGHT TO RESCIND

19.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

**(a) Consumer's right to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

> **(3) The consumer may exercise the right to rescind until midnight of the**

4

**third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

20.     Plaintiff is entitled to rescind against "any assignee." 15 U.S.C. § 1641(c).

21.     Plaintiff has given proper notice of her rescission of the loan.

5

22.     The loan has not been rescinded.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a.     A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendant;

b.     Statutory damages for the underlying disclosure violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs.

e.     Such other or further relief as the Court deems appropriate.

## COUNT II – BREACH OF CONTRACT

23.     Plaintiff incorporates paragraphs 1-18.

24.     This claim is against Ameriquest Mortgage Company.

25.     Defendant undertook and contracted to lower plaintiff's interest rate if plaintiff paid a loan discount fee.

26.     Plaintiff paid a loan discount of $2,565.  Exhibit B, line 802.

27.     Defendant failed to lower plaintiff's interest rate.

28.     Defendant thereby breached its contract.

29.     Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a.     Appropriate damages;

b.     Costs.

6

      c.      Such other or further relief as the Court deems appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

7

<u>**CERTIFICATE OF SERVICE**</u>

   I, Daniel A. Edelman, hereby certify that on July 26, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jonathan N. Ledsky        American Home Mortgage Servicing, Inc.
jledsky@vbhlc.com        c/o Registered Agent
                C.T. Corporation System
Craig Allen Varga         208 S. LaSalle St.
cvarga@vbhlc.com        Suite 814
                Chicago, IL 60603
Harold Hilborn
hhilborn@vbhlc.com

Bernard LeSage
blesage@buchalter.com

          s/Daniel A. Edelman
          Daniel A. Edelman

T:\14893\Pleading\3rd Amended Complaint_Pleading.wpd

# EXHIBIT A

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER: Ameriquest Mortgage Company
9501 W. 144th Place, # 302
Orland Park, IL 60462
(708)403-0400

Preliminary [ ]   Final [X]

Borrowers: Delois Waymon Mills       Crosby Mills

Type of Loan: FIXED RATE
Date: July 23, 2002

Address:        12449 South Elizabeth Street
City/State/Zip: RIVERDALE, IL 60827

Loan Number: 0037658861 - 5530

Property:     12449 South Elizabeth Street, RIVERDALE, IL 60827

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.723 % | $ 128,375.26 | $ 81,590.04 | $ 209,965.30 |

YOUR PAYMENT SCHEDULE WILL BE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 359 | $583.27 | 09/01/2002 | | | |
| 1 | $571.37 | 08/01/2032 | | | |

VARIABLE RATE FEATURE:
[ ] Your loan has a variable rate feature . Disclosures about the variable rate feature have been provided to you earlier.

SECURITY:   You are giving a security interest in the property located at: 12449 South Elizabeth Street, RIVERDALE, IL 60827

ASSUMPTION: Someone buying this property  [X] cannot assume the remaining balance due under original terms.
[ ] may assume, subject to lender's conditions, the remaining balance due under original terms.

PROPERTY INSURANCE:   You may obtain property insurance from anyone you want that is acceptable to Ameriquest Mortgage Company

LATE CHARGES:   If a payment is late, you will be charged 5.000 % of the overdue payment .

PREPAYMENT: If you pay off your loan early, you
[ ] may  [X] will not   have to pay a penalty.
See your contract documents for any additional information regarding non-payment, default, required repayment in full before the scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Delois Waymon Mills_   7-23-02          _Crosby Mills_
Borrower Delois Waymon Mills      Date        Borrower Crosby Mills                      Date

Borrower                          Date        Borrower                                  Date

TIL1 (Rev. 7/01)         **Original**

07/23/2002 8:39:13 AM

# EXHIBIT B

|  |  |
|---|---|
| 12449 South Elizabeth Street    RIVERDALE,IL 60827 | 9501 W. 144th Place, # 302<br>Orland Park, IL 60462 |
| Property Location: (if different from above) | Settlement Agent: |
| 12449 South Elizabeth Street, RIVERDALE, IL  60827 | Place of Settlement: |

**L    Settlement Charges**

| | | Loan Number:<br>0037658861 - 5530 | Settlement Date: |
|---|---|---|---|

| 800. Items Payable In Connection with Loan | | **M.   Disbursement to Others** | |
|---|---|---|---|
| 801. Loan origination fee    % to | | | |
| 802. Loan discount  3.000  % to  Ameriquest Mortgage Company | $2,685.00 | 1501.<br>NATIONAL CITY MORTGAGE          (W) | $80,077.00 |
| 803. Appraisal fee to  Dan Laroche | $350.00 | |  |
| 804. Credit report to | | 1502. | |
| 805. Inspection fee to | | | |
| 806. | | 1503. | |
| 807. | | | |
| 808. Yield Spread Premium to | | 1504. | |
| 809. | | | |
| 810. Tax Related Service Fee to  Ameriquest Mortgage | $70.00 | 1505. | |
| 811. Flood Search Fee to  Ameriquest Mortgage Company | $16.00 | | |
| 812. Lenders Processing Fee to  Ameriquest Mortgage | $626.00 | 1506. | |
| 813.Admin to Ameriquest Mortgage Company | $239.00 | | |
| 814. Doc. Prep. Fee to | | 1507. | |
| 815. Credit Report Fee to | | | |
| 816.  Origination Fee    % to | | 1508. | |
| 817. Application Fee to  Ameriquest Mortgage Company | $360.00 | | |
| 818. Underwriting Fee to | | 1509. | |
| 819. Service Provider Fee to | | | |
| 820. Processing Fee to | | 1510. | |
| 821. Underwriting Fee to | | | |
| 822. Appraisal Fee to | | 1511. | |
| 900. Items Required by Lender to be Paid in Advance | | | |
| 901. Interest from 07/30/2002  to  08/01/2002  @  $16.98  per day | $33.96 | 1512. | |
| 902. Mortgage Insurance premium for          months to | | | |
| 903. Hazard Insurance premium to | | 1513. | |
| 904. Flood Insurance premium  to | | | |
| 1000. Reserves Deposited with Lender | | 1514. | |
| 1001. Hazard Insurance    months @ $    per month | | | |
| 1002. Mortgage Insurance     months @ $    per month | | 1515. | |
| 1003. City property taxes    months @ $    per month | | | |
| 1004. County prop. taxes  2   months @ $   116.67  per month | $233.34 | 1520. TOTAL DISBURSED (enter on line 1603) | |
| 1005. Annual assess.    months @ $    per month | | | $80,077.00 |
| 1006. Flood    months @ $    per month | | | |
| 1007.               months @ $            per month | | | |
| 1008. | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to | | | |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | Total Wire:    $81,356.70 | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to | | | |
| 1108. Title insurance to  Residential Title | $750.00 | | |
| 1109. Lender's coverage       $ | | | |
| 1110. Owner's coverage       $ | | | |
| 1111. Settlement/Disbursement fee to | | | |
| 1112. Escrow Fee to | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees | $100.00 | **N.   NET SETTLEMENT** | |
| 1202. City/county tax/stamps | | | |
| 1203. State tax/ stamps | | | |
| 1204. State specific fee | | 1600. Loan Amount | |
| 1205. State specific fee | | | 85,500.00 |
| 1300. Additional Settlement Charges | | 1601. Plus Cash/Check from Borrower | |
| 1301. Demand to | | | |
| 1302. Pest Inspection to | | 1602. Minus Total Settlement Charges<br>(line 1400) | |
| 1303. Survey Fee to | | | $5,343.30 |
| 1304. | | 1603. Minus Total Disbursements to Others<br>(line 1520) | |
| 1305. Reconveyance Fee to | | | $80,077.00 |
| 1306. | | 1604. Equals Disbursements to Borrower<br>(after expiration of any applicable rescission<br>period) | |
| 1307. | | | |
| 1308. Courier Fee | | | $79.70 |
| 1400. Total Settlement Charges (enter on line 1602) | $5,343.30 | | |

Borrower(s) Signature(s):

Delois J. Waymon Mills          7-23-02          Crosby Mills

Approved for Funding By:          Approved:          Branch:  Orland Park, IL 60462