**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Delois Mills v. Ameriquest Mortgage Company, et al.*; Case No. 05 C 3976 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiff DELOIS MILLS' ("Plaintiff") Third Amended Complaint as follows.

**THIRD AMENDED COMPLAINT**

**INTRODUCTION**

1.  Plaintiff Delois Mills brings this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, or 12 C.F.R. part 226.**

- 2 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendant does business in the District and is deemed to reside here.

**ANSWER:** **Defendant does not contest jurisdiction or venue. Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant denies the remaining allegations in Paragraph 2.**

## PARTIES

3. Plaintiff owns and resides in a home at 12449 S. Elizabeth, Calumet Park, IL 60827.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

5. Defendant American Home Mortgage Servicing, Inc. ("AMC") is a foreign corporation which does business in Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. It services some loans originated by Ameriquest Mortgage Company, including plaintiff's, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

6. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it is the trustee of plaintiff's loan, which is securitized in Ameriquest Mortgage Securities, Inc., under Asset Backed Pass-Through Certificates, Series 2002-4 under the Pooling & Servicing Agreement dated as of November 1, 2002, Without Recourse.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it is trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates Series 2002-4 under the Pooling and Servicing Agreement dated as of November 1, 2002, which includes the Plaintiff's loan. Defendant denies any remaining allegations of this paragraph.**

7. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiff's. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

8. On or about July 23, 2002, plaintiff and her now-deceased husband obtained a mortgage loan from Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

9. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

10. In connection with the loan, defendant Ameriquest failed to provide all notices and proper disclosures required by TILA.

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

11. Ameriquest did not provide any federal notices of the right to cancel to plaintiff at her closing or anytime thereafter. They were simply omitted from the closing documents that were provided to plaintiff, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23(b).

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

12. In addition, Ameriquest did not provide plaintiff with full disclosure of the payment schedule on the Truth In Lending Disclosure Statement, as required by 15 U.S.C. §1638(a)(6), 12 C.F.R. §226.18(g) and FRB Commentary on Regulation Z, par. 18(g)4, 12 C.F.R. part 226, Supp. I.

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

13. Furthermore, Ameriquest charged plaintiff a "loan discount" fee of $2,565. See Exhibit B, line 802.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

14. However, on information and belief, plaintiff did not receive a discounted interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

15. Plaintiff has since been instructed to pay AMC Mortgage Services, Inc., and later Citi Residential Lending, Inc., and subsequently American Home Mortgage Servicing, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

16. On information and belief, Deutsche Bank National Trust Company, N.A. is the Trustee of plaintiffs' loan. Ameriquest Mortgage Securities, Inc. is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2002-4 under the Pooling & Servicing Agreement dated as of November 1, 2002, Without Recourse.

**ANSWER:** **Defendant admits that it is trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates Series 2002-4 under the Pooling and Servicing Agreement dated as of November 1, 2002, without recourse. Defendant denies any remaining allegations of this paragraph.**

17. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

## COUNT I - TILA

18. Plaintiff incorporates paragraphs 1-17. This claim is against all defendants.

**ANSWER:** **Defendant restates its answers to Paragraphs 1 through 17 in response to this paragraph.**

- 5 -

## **RIGHT TO RESCIND**

19. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a)** **Consumer's right to rescind.**
>
> > **(1)** **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
> >
> > **(2)** **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
> >
> > **(3)** **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
> >
> > **(4)** **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b)** **Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

   **(1)** **The retention or acquisition of a security interest in the consumer's principal dwelling.**

   **(2)** **The consumer's right to rescind the transaction.**

   **(3)** **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

   **(4)** **The effects of rescission, as described in paragraph (d) of this section.**

   **(5)** **The date the rescission period expires. . . .**

  **(f)** <u>**Exempt transactions**</u>**. The right to rescind does not apply to the following:**

   **(1)** **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

   **(2)** **A credit plan in which a state agency is a creditor.**

**ANSWER:** Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

  20. Plaintiff is entitled to rescind against "any assignee." 15 U.S.C. § 1641(c).

**ANSWER:** Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

  21. Plaintiff has given proper notice of her rescission of the loan.

**ANSWER:** Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.

  22. The loan has not been rescinded.

- 7 -

**ANSWER:** **Defendant admits the loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that Plaintiff is entitled to rescind the loan.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a. A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendant;

b. Statutory damages for the underlying disclosure violation;

c. If appropriate, statutory damages for failure to rescind;

d. Attorney's fees, litigation expenses and costs.

e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT II – BREACH OF CONTRACT

23. Plaintiff incorporates paragraphs 1-18.

**ANSWER:** **Defendant restates its answers to Paragraphs 1 through 22 in response to this paragraph.**

24. This claim is against Ameriquest Mortgage Company.

**ANSWER:** **Because Count II is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

25. Defendant undertook and contracted to lower plaintiff's interest rate if plaintiff paid a loan discount fee.

**ANSWER:** **Because Count II is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies such allegations.**

- 8 -

26. Plaintiff paid a loan discount of $2,565. <u>Exhibit B</u>, line 802.

**ANSWER:** **Because Count II is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies such allegations.**

27. Defendant failed to lower plaintiff's interest rate.

**ANSWER:** **Because Count II is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies such allegations.**

28. Defendant thereby breached its contract.

**ANSWER:** **Because Count II is directed at defendants other than this answering Defendant, no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiff.**

29. Plaintiff was damaged as a result.

**ANSWER:** **Because Count II is directed at defendants other than this answering Defendant, no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiff.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a. Appropriate damages;

b. Costs.

c. Such other or further relief as the Court deems appropriate.

**ANSWER:** No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because she has failed to mitigate her damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiff's Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 19, 2010         By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 19th day of August, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the addressees on the attached Service List.

By:     /s/ Bernard E. LeSage

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST**

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

BN 6714247v1

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

Steven S. Elliott
12 E. Exchange Street
8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025

BN 6714247v1