**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Christopher & Peggy Neubeck, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 08-cv-795 N.D. Ill. | |

**DEFENDANT CITIGROUP GLOBAL MARKETS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant CITIGROUP GLOBAL MARKETS, INC. ("Defendant"), by and through its attorneys, answers the Amended Complaint ("Complaint") of Plaintiffs CHRISTOPHER & PEGGY NEUBECK, et al. ("Plaintiffs") as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C.§ 1635. Plaintiffs also charge defendants with violation of applicable state law.

**ANSWER: Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1635, et seq., or any state law. Defendant denies any remaining allegations of this paragraph 1.**

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law



BN 6694077v1

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**<u>ANSWER</u>: Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of this paragraph.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**<u>ANSWER</u>: Defendant does not dispute venue. Defendant denies any remaining allegations of this paragraph.**

## PARTIES

4. In 2006, plaintiffs Christopher and Peggy Neubeck decided that they wanted to refinance their existing mortgage to get a lower interest rate and to pay off some debt. At the time, the interest rate on the Neubecks' mortgage was around 9.5%. Mr. Neubeck began speaking with a representative from Ameriquest who said that he could give the Neubecks a 30 year fixed rated mortgage with an interest rate of 8%. Mr. Neubeck was also told that the fees charged in association with the loan would be minimal. In fact, the Neubecks obtained a $179,000 adjustable rate loan from Ameriquest on June 1, 2006 that had initial interest rate of 8.250% and could increase to 14.250%. Also, the Neubecks were charged $10,335.58 in points and fees to obtain the loan, of which $8,196.08 went directly to Ameriquest. The Neubecks have since refinanced their mortgage and now have a mortgage with an interest rate of 9.75%.

**<u>ANSWER</u>: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5. In 2005, plaintiffs Samuel and Kimberly Kirk spoke to an Ameriquest representative about refinancing their existing mortgage to pay off some credit card bills. The Ameriquest representative told Mrs. Kirk about a credit repair program and that he would be able

to get the Kirks an mortgage with an initial fixed rate of 6.5% that would adjust after three years. The Kirks were later told by the representative that the rate would be 6.7% and later 6.99%. The Kirks obtained a $167,197.00 adjustable rate loan from Ameriquest Mortgage Company that closed on October 7, 2005. The loan had an initial interest rate of 6.990% and could increase to 12.990% The Kirks paid $12,658.18 in points and fees to obtain the loan, of which $9,287.19 went to Ameriquest. Also, the Kirks were not told about the pre-payment penalty that they would be charged if their were to refinance their loan within three years of this transactions.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

6. Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages and in connection with those refinancing transactions and took a security interests in plaintiffs' homes. The company's main offices are in Orange, California, but it does business in this district.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Securities, Inc. is an indirect wholly-owned subsidiary of Ameriquest Mortgage Company.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8. CitiGroup Global Markets is the assignee of the Neubeck loan.

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies the allegations of this paragraph.**

9. Defendant Deutsche Bank National Trust Company, in its own capacity or in its capacity as a trustee, is or was an assignee of the Kirk mortgage and does business in this district.

**<u>ANSWER</u>: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. Defendant Deutsche Bank National Trust Company, either in its own capacity or as trustee for various trusts, has been an assignee of various mortgages originated by Ameriquest. The relevant trust for the Kirk loan has been identified as: Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R11 Under The Pooling and Servicing Agreement Dated As of December 1, 2005, Without Recourse. That same trust is are also being sued directly, as permitted by Rule 17(b) of the Federal Rules of Civil Procedure.

**<u>ANSWER</u>: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## <u>COUNT I - TRUTH IN LENDING ACT VIOLATION</u>

11. Plaintiffs incorporate paragraphs one through ten above.

**<u>ANSWER</u>: Defendant incorporates its answers to paragraphs 1-10 in response to this paragraph.**

12. Ameriquest's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**<u>ANSWER</u>: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## <u>REGULATORY FRAMEWORK</u>

13. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful

disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

14. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226.18, 226.22, 226.5.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

15. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

16. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final

TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

17. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

18. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

19. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction.

12 C.F.R. § 226.23(a)(1).

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

20. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

21. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires

12 C.F.R. § 226.23(b)(1).

**<u>ANSWER</u>: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

22. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

**<u>ANSWER</u>: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

23. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**<u>ANSWER</u>: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

24. The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. 12 C.F.R. Part 226, Supp. I, para. 23(d)(2)-1.

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

25. Moreover, under the statute, any consumer who has a right to rescind a mortgage refinancing transaction under 15 U.S.C. § 1635 "may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c).

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**DEFECTIVE DISCLOSURES**

26. Ameriquest did not comply with its disclosure obligations under the Truth in Lending Act in connection with the Neubeck mortgage refinancing transaction. The Notice of Right to Cancel forms that were delivered to the Neubecks were on an H-8 form, instead of an H¬9 form, in violation of 12 C.F.R. § 226.23(b)(2) and did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Also, the Neubecks were given a form which said they would owe either $350 or $207 for an appraisal fee if they backed out of the deal, which misrepresented the effects of rescission in violation of 12 C.F.R. § 226.23(b)(1)(iv). Accordingly, the Neubecks sent a rescission notice to Ameriquest and Deutsche Bank on August 13, 2008.

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

27. Ameriquest did not comply with its disclosure obligations under the Truth in Lending Act in connection with the Kirk refinancing transaction. The Kirks only received two

Notice of Right to Cancel forms, rather than two for each of them as required by 12 C.F.R. § 226.23(b)(1). Also, the Notice of Right to Cancel forms delivered at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Accordingly, the Kirks sent a rescission notice to Ameriquest and Deutsche Bank on June 26, 2008.

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

28. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

29. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs seeks rescission of the mortgage transactions.

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs' homes and paid back to plaintiffs any money or property that plaintiffs have paid to them in connection with the loan. *See* 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

31. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - VIOLATION OF STATE LAW

32. Plaintiffs incorporate paragraphs one through ten above.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-10 in response to this paragraph.**

33. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. More specifically, Ameriquest engaged in a bait and switch by baiting plaintiff into the mortgage transaction by offering a relatively favorable set of terms and then switching at the closing to more expensive terms.

**ANSWER:** **Because this Count appears to be directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

34. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable state law.

**ANSWER:** **Because this Count appears to be directed at Defendants other than this answering Defendant, no answer is required. Further, no answer is required because this paragraph states legal conclusions. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

**ANSWER:** **Because this Count appears to be directed at Defendants other than this answering Defendant, no answer is required. Further, no answer is required**

**because this paragraph states legal conclusions. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a. canceling the appropriate defendants' security interest in plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b. awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

c. awarding appropriate statutory damages;

d. ordering defendants to pay costs, penalties, and attorneys fees;

e. awarding plaintiffs actual and punitive damages;

f. granting such other relief as the Court deems just and proper.

**ANSWER: Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 19, 2010

By: /s/ Bernard E. LeSage
*Attorneys for Citigroup Global Markets, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 19th day of August, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the addressees on the attached Service List.

By: /s/ Bernard E. LeSage

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST**

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

Steven S. Elliott
12 E. Exchange Street
8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025