IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

**AMERIQUEST DEFENDANTS' REPLY TO RESPONSES TO AGREED MOTION REGARDING SETTING SETTLEMENT CONFERENCE DATES FILED BY NATIONS TITLE AGENCY AND OLD REPUBLIC NATIONAL TITLE INSURANCE CO.**

On August 19, 2010 Nations Title Agency and Old Republic National Title Insurance Company filed Responses (Docket Nos. 3677 and 3680) to the Agreed Motion Regarding Setting Settlement Conference Dates (Docket No. 3676). The Ameriquest Defendants have been working diligently with all of the Third-Party Defendants to coordinate the settlement conference dates and they respectfully defer to the Court on those issues where the parties have been unable to informally reach a resolution.

As Nations Title acknowledges, it is involved in at least 17 of the Edelman Firm claims. The Edelman Firm's settlement demand for these 17 claims is significant and the Ameriquest Defendants and the Edelman Firm recognize that resolution of these claims will require Nations Title's participation. The Ameriquest Defendants are not available on the November dates proposed by Nations Title. In the alternative, Nations Title proposes that mediation of Nations Title's Edelman Firm claims be consolidated with the mediation of the Harris Firm cases. Old Republic essentially makes the same request with the added demand that its representative not be required to appear in person.

With respect to the consolidation of the Edelman Firm and Harris Firm mediations for Nations Title and Old Republic, the Ameriquest Defendants have concerns about the

consequences of a piecemeal approach to mediation of the Edelman Firm cases and the potential disruption that the addition of the Edelman Firm claims may cause at the Harris Firm mediation. However, the Ameriquest Defendants also appreciate the challenge of coordinating mediations on such a large scale and will defer to the Court as to how it believes these claims should best be managed.

As for the in-person presence of representatives, the Ameriquest Defendants note that Nations Title is not asking the Court for leave to have its representative participate telephonically and we agree and the representative's in-person presence will result in more productive mediations. The Ameriquest Defendants have agreed that for those Third-Party Defendants who, between the two mediations, only have a few loans their representatives may be available telephonically. That is not the case with Old Republic, collectively it has 13 loans - 10 Edelman Firm loans and 3 Harris Firm loans - with significant damages claims associated with those loans. We also received a request this morning from Stewart Title Guaranty Company's counsel to have its representative attend the mediations telephonically. Stewart Title collectively has 16 loans - 4 Edelman Firm loans and 12 Harris Firm loans. While the Ameriquest Defendants are sensitive to the cost and inconvenience issues that counsel for Old Republic and Stewart Title have raised it also recognizes that for Third-Party Defendants who have more than just a few loans an in-person presence of a representative is more likely to result in productive settlement negotiations versus telephonic attendance. However, the Ameriquest Defendants respectfully defer to the Court as to its preference.

Respectfully submitted,

Dated:   August 20, 2010                  By: /s/ Bernard E. LeSage

*Attorneys for ACC Capital Holdings Corporation, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corporation, and Olympus Mortgage Company*

Bernard E. LeSage
BUCHALTER NEMER,
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 20th day of August 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 6817015v1