**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOBBY JUDE, JR., and KELLIE T. JUDE, | ) | |
| | ) | 06 C 1691 |
| Plaintiffs, | ) | |
| | ) | Judge Andersen |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| TOWN & COUNTRY CREDIT CORPORATION; | ) | (Transferred to Judge Aspen for |
| DEUTSCHE BANK NATIONAL TRUST | ) | pretrial proceedings under MDL |
| COMPANY, as Trustee of AMERIQUEST | ) | #1715, Lead Case #05 C 7097) |
| MORTGAGE SECURITIES, INC.; Asset Backed | ) | |
| Pass Through Certificates, Series 2004-R12, Under | ) | |
| the Pooling and Servicing Agreement dated as of | ) | |
| December 1, 2004, Without Recourse, and DOES | ) | |
| 1-5, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Bobby Jude, Jr., and Kellie T. Jude bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA). Defendants transact business in the District and are deemed to reside here.

1

## PARTIES

3.      Plaintiffs Bobby Jude, Jr., and Kellie T. Jude own and reside in a home at 441 Saginaw Avenue, Calumet City, IL, 60409.

4.      Defendant Town & Country Credit Corporation is a foreign corporation which maintains offices in and does business in Illinois.  It has offices at 184 Shuman Blvd., Suite 390, Naperville, IL 60563.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

5.      Defendant Town & Country Credit Corporation makes more than 26 loans per year.

6.      Defendant Town & Country Credit Corporation is a "creditor" as defined in TILA and Regulation Z.

7.      Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005.  On information and belief it holds legal title to plaintiffs' loan, as trustee.

8.      Defendant Ameriquest Mortgage Securities, Inc., is a foreign corporation which transacts business in Illinois.  It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.'  It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

## FACTS RELATING TO PLAINTIFFS

9.      Prior to November 17, 2004, plaintiffs applied for a mortgage with Town & Country Credit Corporation.

10.     Plaintiffs needed and used the loan for personal, family or household

purposes, namely, refinancing of prior debt incurred for such purposes.

11. The loan was closed on or about November 17, 2004.

12. The following are documents relating to the loan:

    a. A note, <u>Exhibit A</u>, which only Mr. Jude signed;

    b. A mortgage, <u>Exhibit B</u>, which both Mr. and Mrs. Jude signed;

    c. A Truth in Lending disclosure statement, <u>Exhibit C.</u>

    d. Three copies of the official Federal Reserve Board notice of right to cancel, <u>Exhibit D</u>, all with the required, final date to cancel missing; and

    e. A "one week cancellation period" document, <u>Exhibit E</u>.

13. Ameriquest also delivered to plaintiffs a document representing that payment of a "loan discount" fee would result in a lower interest rate. <u>Exhibit G</u>.

14. Plaintiffs paid a loan discount fee of $1,773. <u>Exhibit H</u>, line 802. However, on information and belief, they did not receive a lower interest rate.

15. The disbursements changed between the closing date and the disbursement of the loan.

16. The settlement statement that plaintiff Bobby Jude, Jr. signed at closing is attached as <u>Exhibit I</u>. When this settlement statement was produced in discovery, it had a copy of a post-it note on it which says, "Title has wrong loan amount on HUD. Branch is calling to correct. Please let me know if the borrower needs to resign HUD." It also has a typed loan amount of $117,000.00, which has been crossed out by hand and replaced by the handwritten number, "$118,200.00."

17. On information and belief, the accurate HUD settlement statement is

attached as <u>Exhibit J</u>. <u>Exhibit J</u> is signed by a representative of Northwest Title & Escrow Corp., but it is not signed by either plaintiff.

   18. On information and belief, plaintiffs were initially directed to make payments to Ameriquest Mortgage Company.

   19. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R3 under the Pooling & Servicing Agreement dated as of April 1, 2004 Without Recourse.

   20. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

<b><u>COUNT I – TRUTH IN LENDING</u></b>

   21 Plaintiffs incorporate paragraphs 1-20 above.

   22. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) <u>Consumer's right to rescind.</u>**
>
> > **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> > **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written**

4

>communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
>**(3)** The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
>**(4)** When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

**(b)** <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

>**(1)** The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>**(2)** The consumer's right to rescind the transaction.
>
>**(3)** How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>**(4)** The effects of rescission, as described in paragraph (d) of this section.
>
>**(5)** The date the rescission period expires. . . .

**(f)** <u>Exempt transactions.</u> The right to rescind does not apply to the following:

>**(1)** A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

5

**(2) A credit plan in which a state agency is a creditor.**

**GROUNDS FOR RESCISSION**

23. In connection with the loan, Town & Country Credit Corporation failed to provide the required disclosures of the plaintiffs' federal right to cancel.

24. The disclosure of the federal right to cancel is inherently unclear and inconspicuous where the statutorily required, final date to cancel is missing.

25. Plaintiffs were not given the statutorily required number of two notices of right to cancel per mortgagor residing in the home.

26. Additionally, Exhibit D is inherently confusing with respect to who has a right to cancel in a transaction in which less than all of the persons signing the mortgage sign the note. The top of the form has only Mr. Jude's name on it. The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

27. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and it requires a notice that unequivocally tells each such person that they have the right to cancel.

28. Finally, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The

reference to a "one week" cancellation period is misleading, as the period given is actually only six days long. Additionally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

29. The notices of right to cancel and financial disclosures were prepared as if the transaction had been consummated on the closing date.

30. Because the disbursements were changed between the closing date and the disbursement date, the terms of the loan were not agreed upon, and the loan was not consummated until the actual disbursements were made known to plaintiffs and the plaintiffs agreed to proceed with the loan.

31. As a result, the notices of right to cancel and financial disclosures are misdated.

32. Notice of rescission has been given to defendants. A copy is attached as Exhibit F.

33. The loan has not been rescinded.

34. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against "any assignee."

35. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court grant judgment against

defendants as follows:

    a.    Rescinding plaintiffs' mortgage;

    b.    Awarding appropriate statutory damages;

    c.    Awarding attorneys fees, litigation expenses and costs of suit;

    d.    Awarding such other relief as the Court deems just and proper.

## COUNT II – ECOA

36.    Plaintiff Mrs. Jude incorporates paragraphs 1-35.

37.    This claim is against Town & Country only.

38.    On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

39.    On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

40.    Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a.    Appropriate statutory and punitive damages;

    b.    Attorney's fees, litigation expenses and costs.

    c.    Such other or further relief as the Court deems appropriate.

## COUNT III – BREACH OF CONTRACT

41. Plaintiffs incorporate paragraphs 1-20. This claim is against Town & Country only.

42. Defendant Town & Country Credit Corp. contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee. <u>Exhibit G</u>.

43. Plaintiffs paid the fee but did not receive a discounted rate.

44. Town & Country Credit Corp. thereby breached its agreement.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a.    Appropriate damages;

    b.    Costs.

    c.    Such other or further relief as the Court deems appropriate.

                                          s/Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

                                                          s/Daniel A. Edelman
                                                          Daniel A. Edelman

## **CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on August 23, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that true and correct copies were additionally sent via email or by U.S. Mail to those parties without email addresses.

Harold B. Hillborn
hhilborn@vbhlc.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vbhlc.com, sortega@vbhlc.com

Craig Allen Varga
cvarga@vbhlc.com

                                                          s/ Daniel A. Edelman
                                                          Daniel A. Edelman