**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05 C 7097 |
| THIS DOCUMENT RELATES TO: | |
| *Camille J. Gburek v. Argent Mortgage, et al.*, Case No. 06 C 2639 (N.D. Ill.) | Centralized before The Honorable Marvin E. Aspen |

**MEMORANDUM IN SUPPORT OF DEFENDANT WMC'S MOTION TO ESTABLISH
ALTERNATE PROCEDURES FOR RESCISSION CLAIMED BY PLAINTIFF UNDER
15 U.S.C. § 1635 AND TO REQUIRE PLAINTIFF TO PROCEED WITH RESCISSION**

In Count IV of this action, Plaintiff, Camille J. Gburek ("Plaintiff"), seeks to rescind her mortgage loan with defendant WMC Mortgage, LLC as successor in interest to WMC Mortgage Corp. ("WMC"), and WMC is prepared to comply. After several attempts, however, to resolve this claim by proceeding with the rescission, it is now clear that Plaintiff presently lacks the financial resources to tender the loan proceeds that would bring the parties to *status quo ante*. As a result, WMC now seeks intervention from the Court: (1) to establish alternate procedures for rescission under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) to require Plaintiff to tender the non-rescindable portions of her loan before WMC is required to release its security interest in Plaintiff's property or return any monies to Plaintiff; (2) to impose a reasonable deadline of October 8, 2010, by which Plaintiff must rescind her loan; and (3) in the event Plaintiff is unable to tender the loan proceeds by the date listed above, to dismiss Plaintiff's rescission claim with prejudice as moot.

## BACKGROUND

Count IV of Plaintiff's Complaint seeks rescission of the mortgage loans she obtained on September 13, 2005, from WMC pursuant to the Truth in Lending Act, 15 U.S.C. § 1635 ("TILA"). Compl. ¶¶ 60-65 [DE 1]. Plaintiff alleges she gave notice of her election to rescind but did not allege when or how she did so. Compl. ¶ 64.

WMC denies that Plaintiff is entitled to rescission or that WMC violated any TILA disclosure provision.[1] Nonetheless, in the interest of settlement, on June 14, 2010, counsel for WMC sent a letter to Plaintiff's counsel offering to rescind the one loan that WMC still owns while seeking reasonable assurances from Plaintiff that she was ready, willing, and able to tender the non-rescindable balance for the loan. *See* Letter from Amy Jonker to Keith Keogh dated June 14, 2010, attached as Exhibit 1. Plaintiff did not respond. On July 20, 2010, WMC's counsel sent a second letter to Plaintiff's counsel requesting a response to WMC's offer to rescind. *See* Letter from Amy Jonker to Keith Keogh dated June 14, 2010, attached as Exhibit 2.

As of the date of the filing of this Motion—almost three months after WMC initially offered to rescind Plaintiff's loans—Plaintiff has not provided a response to WMC's request for assurances that Plaintiff is ready, willing, and able to proceed with rescission. In the event that WMC unilaterally released its lien and Plaintiff failed to tender the loan proceeds on the loan, WMC would be left without any collateral securing this debt, as discussed more fully below.

---

[1] Where a borrower's right to rescission is disputed, a lender is not required to rescind a loan until there is a finding of an underlying TILA violation. *See, e.g.*, *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003) ("[T]he natural reading of the language of § 1635(b) is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined . . . . Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.") (internal quotations and citations omitted).

## LEGAL STANDARD

Under 15 U.S.C. § 1635(b), when a borrower exercises a right to rescind, both parties are effectively obligated to return the situation to *status quo ante*, which includes the return of monies received from the other. Further, the lender must cancel any security interest and tender and return any payments received from the borrower, and the borrower must tender and return the loan proceeds to the lender. *Id*.; *see also* 12 C.F.R. § 226.23(d)(3).

Recognizing that there may be circumstances where it is appropriate to modify these procedures, both TILA and Regulation Z authorize this Court to order alternate procedures to effectuate a rescission. *See* 15 U.S.C. § 1635(b) ("The procedures prescribed by this subsection shall apply except when otherwise ordered by a court"); 12 C.F.R. § 226.23(d)(4) ("The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order").

## ARGUMENT

### I. THE COURT SHOULD ESTABLISH ALTERNATE RESCISSION PROCEDURES.

In light of Plaintiff's failure to provide assurances regarding her ability to proceed with rescission, and in order to protect WMC, this Court should alter the rescission procedures under 15 U.S.C. § 1635(b) to require Plaintiff to tender the non-rescindable portions of her loans before WMC is required to release its security interest in Plaintiff's property or return any monies to Plaintiff. In the event that Plaintiff is unable to proceed with the rescission, this Court should dismiss Count IV as moot. *Hasan v. BNC Mortgage, Inc.* No. 04 C 6987, slip op. at 2-3 (N.D. Ill. July 12, 2005) (attached as Exhibit 3) (dismissing as moot a TILA rescission claim where the borrowers did not provide the defendant with any assurances regarding her ability to repay the non-rescindable portions of her loan).

This Court should modify the procedures to protect WMC's security interest in these loans. "It is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon tender of the amounts previously advanced, leaving the security interest in place until the tender is made." *AFS Fin., Inc. v. Burdette*, 105 F. Supp. 2d 881, 881 (N.D. Ill. 2000) (citations omitted). *See also Personius v. HomeAmerican Credit, Inc.*, 234 F. Supp. 2d 817, 819 (N.D. Ill. 2002) ("there is no absolute prohibition against conditioning rescissions on some act by the borrower").

Furthermore, requiring Plaintiff to first tender the non-rescindable amounts of the respective loans before WMC releases its security interest and returns any monies to Plaintiff will ensure that WMC is not left "high and dry." *See Velazquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 2d 1043, 1045 (N.D. Ill. 2003) ("A scheme that requires the creditor to act first by canceling its security interest without assurance that the consumer will do her part risks leaving the creditor high and dry, an unsecured creditor forced to rely on the consumer's good graces and ability to tender."). For instance, if WMC released its security interest in Plaintiff's property before Plaintiff returned the non-rescindable portions of her loans and Plaintiff thereafter declared bankruptcy, WMC would be left without any collateralized interest.

Therefore, WMC requests that this Court alter the rescission procedure under 15 U.S.C. § 1635 to require Plaintiff to tender all non-rescindable loan amounts before WMC is required to release its security interest in the property or return any monies to Plaintiff.

## II.   THE COURT SHOULD REQUIRE PLAINTIFF TO TENDER THE LOAN PROCEEDS OR DISMISS THE DEMAND FOR RESCISSION.

This Court should also require Plaintiff to tender the non-rescindable amounts of her loans within a reasonable time period—by October 8, 2010—or else the Court should dismiss Plaintiff's TILA claim. WMC has made reasonable requests to proceed with rescission and has

not yet received adequate assurances that Plaintiff will be able to repay the non-rescindable portions of her loans. Rather than hold WMC at bay indefinitely, the Court should impose a reasonable deadline by which Plaintiff should be required to tender the non-rescindable portions of her loans, or else dismiss Plaintiff's rescission claim as moot. It is in Plaintiff's economic interest to drag out this process indefinitely. With each month that passes, the loans accrue interest for which Plaintiff will *not* be responsible once the rescission is made effective, and that extraordinary cost is borne directly by WMC. Plaintiff should not be allowed any further delay at WMC's expense.

Courts plainly have the equitable power to protect lenders from these situations, and numerous courts have confirmed that right. In *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 820-21 (4th Cir. 2007), for example, the court commented as follows:

> The trial court, in exercising its powers of equity, could have either denied rescission or based the unwinding of the transaction on the borrowers' reasonable tender of the loan proceeds. . . . Once the trial judge in this case determined that the [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate.

The same court noted that the district court, before dismissing the rescission claim, could have also allowed the plaintiffs a set period of time in which to tender the non-rescindable portions of the loan. *Id.* This is likewise the procedure approved by the court in *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003), where the Ninth Circuit affirmed the discretion of district courts to prevent a borrower from seeking rescission where the borrower cannot repay the non-rescindable portions of his or her loan. Most recently, in *Parker v. Long Beach Mortgage Co.*, 534 F. Supp. 2d 528, 537 n.9 (E.D. Pa. 2008), the court again reached the same conclusion: "When a borrower is unable to tender the loan proceeds, the remedy of unconditional rescission is inappropriate." (Citation omitted).

Consistent with TILA, Regulation Z, and the case precedent set forth above, WMC requests that this Court require Plaintiff to tender the non-rescindable loan amounts to WMC by Friday, October 8, 2010. If Plaintiff is unwilling or unable to do so, this Court should dismiss Count IV of Plaintiff's Complaint with prejudice as moot.

## <u>CONCLUSION</u>

For the forgoing reasons, this Court should alter the rescission procedure under 15 U.S.C. § 1635 to require Plaintiff to tender all non-rescindable loan amounts before WMC is required to release its security interest in the property or return any monies to Plaintiff, require Plaintiff to tender all non-rescindable loan amounts to WMC by October 8, 2010, and if Plaintiff fails to do so, dismiss Count IV of Plaintiff's Complaint as moot.

Dated: September 9, 2010

Respectfully submitted,

**WMC Mortgage, LLC as successor in interest to WMC Mortgage Corp.**

By:  s/ Amy R. Jonker
Patrick T. Stanton (pstanton@dykema.com)
Amy R. Jonker (ajonker@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Phone: 312-876-1700
Fax:    312-627-2302

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2010, I electronically filed the foregoing **Memorandum in Support of Defendant WMC's Motion to Establish Alternate Procedures for Rescission Claimed by Plaintiff Under 15 U.S.C. § 1635 and to Require Plaintiff to Proceed with Rescission** with the Clerk of the Court using the CM/ECF system, which sent electronic notification of the filing on the same day to all counsel of record, including:

Keith J. Keogh (keith@keoghlaw.com)
Ainat Margalit (amargalit@keoghlaw.com)

s/ Amy R. Jonker

CHICAGO\2992504.2
ID\ARJ - 104143/0008