# Exhibit 1

# Exhibit 1



Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
WWW.DYKEMA.COM

Tel: (312) 876-1700
Fax: (312) 627-2302

**Amy R. Jonker**
Direct Dial: (312) 627-8323
Email: AJONKER@DYKEMA.COM

June 14, 2010

Mr. Keith Keogh
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606

      Re:    *Gburek v. Argent Mortgage, et al.*
            N.D.I.L. Case No. 05 cv 7097

Dear Mr. Keogh:

As you know, we represent the defendant, WMC Mortgage ("WMC"), in the above referenced lawsuit. In plaintiff's Complaint dated May 11, 2006, plaintiff seeks rescission of the mortgage loans she obtained from WMC for the property located at 900 N. Merrill Street, Park Ridge, Illinois (the "Property"). Under federal law, rescission of a mortgage loan involves releasing the bank's lien against the property in exchange for the mortgagor's payment of the outstanding amount owed on the mortgage loan, minus certain fees and interest paid to date.

Without admitting any fault or liability, WMC hereby agrees to rescind plaintiff's mortgage loan number REDACTED. The balance due for plaintiff's mortgage loan is calculated as follows:

**Loan Number REDACTED**

**Loan Amounts**

| | |
|---|---|
| Current Principal: | $488,000.00 |
| Interest Paid: | ($0.00) |
| Fees Paid at Closing: | ($13,327.10) |
| **Balance Due:** | **$474,672.90** |

California | Illinois | Michigan | Texas | Washington D.C.

DYKEMA

Mr. Keith Keogh
June 14, 2010
Page 2


In order for WMC to proceed with the rescission of this loan, we ask that plaintiff provide written assurance of her willingness and ability to pay the non-rescindable balance due no later than June 21, 2010. If we have not heard from plaintiff by that date, we will assume that plaintiff is unwilling or unable to pay the balance due, and we will request that the court enter an order directing plaintiff to either (1) consummate her rescission demand within a set number of days, or (2) dismiss her rescission claims.

If you wish to discuss this matter further, please contact me directly.


Sincerely,

**DYKEMA GOSSETT** PLLC

Amy R. Jonker

CHICAGO\2945944.1
ID\ARJ - 104143/0001

# Exhibit 2

# Exhibit 2



Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606

WWW.DYKEMA.COM

Tel: (312) 876-1700
Fax: (312) 627-2302

**Amy R. Jonker**
Direct Dial: (312) 627-8323
Email: AJONKER@DYKEMA.COM

**VIA FACSIMILE (312) 726-1093**

July 20, 2010

Mr. Keith Keogh
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606

      Re:   *Gburek v. Argent Mortgage, et al.*
           N.D.I.L. Case No. 05 cv 7097

Dear Mr. Keogh:

    As you know, we represent the defendant, WMC Mortgage ("WMC"), in the above referenced lawsuit. On June 14, 2010, we sent a letter to you indicating that WMC will agree to rescind Plaintiff's loan. We requested that Plaintiff provide us with assurances in writing within seven days of that letter that she was ready, willing, and able to tender the present non-rescindable balance for the loan, and we provided a payoff amount for the loan.

    To date, we have not received a response from you or Plaintiff providing the requested assurances. As of the date of this letter, after calculating the rescission amounts (closing fees, interest, etc.), the payoff amount for the loan is **$474,672.90.**

    By the close of business on Friday, July 23, 2010, please provide a response to this letter, indicating either (1) that Plaintiff wishes to proceed with rescission and providing assurances in writing that she is now ready, willing, and able to tender the present non-rescindable balances listed above for each loan, or (2) that Plaintiffs no longer wishes to proceed with rescission. With respect to the first point, if Plaintiff does wish to proceed, please provide the date by which she is prepared to tender these amounts.

    If we do not hear from you by that time, we will assume that Plaintiff is unable to provide us with assurances that she is able to tender the payoff amount listed above, and we will take appropriate action with the Court to protect our WMC's interests.

    If you wish to discuss this matter further, please contact me directly.

California | Illinois | Michigan | Texas | Washington D.C.

DYKEMA

Mr. Keith Keogh
July 20, 2010
Page 2

Sincerely,

**DYKEMA GOSSETT** PLLC

Amy R. Jonker

CHICAGO\2992322.1
ID\ARJ - 104143/0001

California | Illinois | Michigan | Texas | Washington D.C.

# Exhibit 3

# Exhibit 3

04-6987.051-TCM                                           July 12, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAMES HASAN and JEANNA HASAN,        )
                                     )
            Plaintiffs,              )
                                     )
        v.                           )      No. 04 C 6987
                                     )
BNC MORTGAGE, INC.,                  )
MERSCORP, INC., and CHASE            )
MANHATTAN MORTGAGE CORPORATION,      )
                                     )
            Defendants.              )

### MEMORANDUM OPINION AND ORDER

Plaintiffs James and Jeanna Hasan have brought this action under the Truth in Lending Act, 15 U.S.C. §§ 1635, 1637, against defendants BNC Mortgage, Inc. ("BNC"), Merscorp, Inc., and Chase Manhattan Mortgage Corporation. The complaint seeks (i) rescission of a $127,500 mortgage loan from BNC that was secured by plaintiffs' residence and personal property (Count I), and (ii) damages for defendants' alleged failure to disclose the security interest in plaintiffs' personal property (Count II). Before the court is BNC's motion to dismiss Count I under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

BNC has notified plaintiffs of its willingness to rescind the loan transaction. The court has ordered, on BNC's oral motion, that rescission is conditioned upon plaintiffs (who have already defaulted on the loan) providing assurances that the non-

-2-

rescindable amount of the loan will be repaid upon BNC's release of
their security interest.  See <u>AFS Financial, Inc. v. Burdette</u>, 105
F.Supp.2d 881, 881-82 (N.D. Ill. 2000) ("It is now well settled
that a court, in the exercise of its equitable discretion, as
confirmed by the last sentence of § 1635(b), can condition
rescission upon tender of the amounts previously advanced, leaving
the security interest in place until the tender is made.");
<u>Velazquez v. HomeAmerican Credit, Inc.</u>, 254 F.Supp.2d 1043, 1045
(N.D. Ill. 2003) ("A scheme that requires the creditor to act first
by canceling its security interest without assurance that the
consumer will do her part risks leaving the creditor high and dry,
an unsecured creditor forced to rely on the consumer's good graces
and ability to tender.").

BNC now moves to dismiss the rescission claim on the ground
that plaintiffs have expressed no willingness, or ability, to
provide BNC with any assurances of payment.  The only response by
plaintiffs that merits discussion is its representation that it
*will* have the ability to tender the non-rescindable loan proceeds
because they have listed their property for sale and have received
a letter from a prospective buyer indicating an intent to make a
cash offer.  As of today's order, we have received no indication
from plaintiffs that the property has been sold, and unless and
until it is, plaintiffs' *attempts* to sell their property will not
suffice as an adequate assurance of payment.

-3-

Without a satisfactory representation that plaintiffs are willing and able to tender they cannot comply with the court's order, and rescission is unavailable. Because the remedy plaintiffs seek is not available, their rescission claim does not present a justiciable "case or controversy," and must be dismissed as moot. See U.S. Const., Art. III, § 2; United States v. Balint, 201 F.3d 928, 936 (7th Cir. 2000) ("[A] case is moot if there is no possible relief which the court could order that would benefit the party seeking it.").

Accordingly, BNC's motion to dismiss [30-1] is granted, and Count I is dismissed as to all parties for lack of subject matter jurisdiction. The dismissal is without prejudice to renewing the rescission claim should plaintiffs come forward with adequate assurances of payment. Failure to do so will result in a dismissal with prejudice.

DATE:   July 12, 2005

ENTER:  _____

        John F. Grady, United States District Judge