**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Rose J. Black and David E. Black v. Argent Mortgage Company, LLC, et al.*;<br>Case No. 06 C 4418 | |

## DEFENDANT WELLS FARGO BANK, N.A., AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

Defendant WELLS FARGO BANK, N.A, as Trustee ("Defendant"), by and through its attorneys, answers Plaintiffs ROSE J. BLACK and DAVID E. BLACK's ("Plaintiffs") Third Amended Complaint ("Complaint") as follows.

## THIRD AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Rose J. Black and David E. Black, Sr. bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA").

**ANSWER:**   **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 et seq. and/or Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and/or the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. Defendant denies any remaining allegations of Paragraph 1.**

- 1 -

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:    Defendant does not contest subject matter jurisdiction.  Defendant denies any remaining allegations of Paragraph 2.**

3.    Defendants do business in the District and are deemed to reside here.  Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:    Defendant does not contest venue.  Defendant denies any remaining allegations of Paragraph 3.**

## PARTIES

4.    Plaintiffs Rose J. Black and David E. Black, Sr., are husband and wife and own and reside in a single family home located at 415 Helen, Third City, MI 48135.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.    Defendant Argent Mortgage Company, LLC is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

6.    Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7.    Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9. Defendant HomEq Servicing Corporation is a foreign corporation which transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. HomEq claimed the right to payments under plaintiffs' loan.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. Defendant Ocwen Loan Servicing, LLC is a foreign limited liability company which transacts business in Illinois and Michigan. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. Ocwen claims the right to payments under plaintiffs' loan and is a necessary party.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11. Defendant Wells Fargo Bank, N.A., ("Wells Fargo") is a Maryland corporation that does business in Illinois. It has offices at 9062 Old Annapolis Road, Columbia, MD 21045-1951. It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent.

**ANSWER:**  **Defendant admits that it is a foreign corporation that has offices located at 9062 Old Annapolis Road, Columbia, Maryland, 21045. Defendant admits that it serves as Trustee of Park Place Securities, Inc., Asset Backed Pass**

**Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

12. Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, including plaintiffs.' Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER: Defendant admits that it serves as Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

13. In the event Wells Fargo does not own plaintiffs' loan, the owners are named as Does 1-5.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

14. Prior to August 12, 2004, plaintiffs applied for a mortgage with Argent Mortgage Company, LLC.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 6883212v1

16. The loan was closed on August 12, 2004. However, the terms were changed on August 17, 2004, after the closing.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

17. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

18. The following are documents relating to the loan:

    a. A note, Exhibit B. Only David E. Black, Sr. signed the note.

    b. A mortgage, Exhibit C. Both Rose J. Black and David E. Black, Sr. signed the mortgage.

    c. Two settlement statements, one dated August 12, 2004, Exhibit D, and one dated August 17, 2004, Exhibit E.

    d. A Truth in Lending disclosure statement, Exhibit F.

    e. The official Federal Reserve Board notice of right to cancel, Exhibit G.

**ANSWER:** **The referenced documents speak for themselves, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

19. Prior to closing, Argent or its agent arranged for an appraisal of plaintiffs' property.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

20. Plaintiffs never saw an appraiser come to inspect the property, nor did they receive a copy of the appraisal report or information on how to obtain one.

- 5 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

21.    On the pre-typed loan application prepared by Argent, plaintiffs' property is appraised at $167,500. Exhibit I, section VI. This appraisal value was substantially and artificially inflated.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22.    On information and belief, other houses in plaintiffs' neighborhood had a listed market value of $140,000 at the time of plaintiffs' refinancing.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23.    Additionally, on the pre-typed loan application prepared by Argent, Mr. Black's monthly income is listed as $6,918.75. Exhibit I, section V.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24.    This statement was false. Mr. Black's monthly income was $5,500 per month.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.    Plaintiffs provided truthful and accurate information concerning their income to Argent, including supporting documentation. Plaintiffs did not learn about the inflated income on the loan application until after contacting his current attorneys.

BN 6883212v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26. Also, on the pre-typed loan application prepared by Argent, plaintiffs' property is listed as being acquired by plaintiffs in 1987. Exhibit I, section II.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27. On information and belief, plaintiffs purchased the property in 1989.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

28. Argent intended to falsify the value of plaintiffs' home, Mr. Black's income, and the year plaintiffs purchased their home on the application it prepared. It did so in order to increase the loan amount for which plaintiffs appeared to qualify; this, in turn, increased the lender's "points and fees," interest income and profits - the amount of each of which is to a substantial degree determined by the size of the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

29. Argent then arranged to have plaintiffs sign the application containing false information at closing. The application was one of scores of documents and hundreds of pages of documents presented to plaintiffs at closing. Plaintiffs could not possibly have reviewed each for accuracy at that time.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

30.     Finally, the disbursements on the two settlement statements are different.  The actual consummation occurred when plaintiffs received the statement dated August 17, 2004 and proceeded with the loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31.     Plaintiffs were later directed to make payments to HomEq Servicing Corporation, and then subsequently to Ocwen Loan Servicing, LLC.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

32.     After plaintiffs filed suit, Argent and/or HomEq stopped sending them monthly statements. They received their last statement in approximately October, 2006. Plaintiffs called HomEq to inquire, and the HomEq employees who answered the phone simply said they would "look into it."

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

33.     In 2006, plaintiffs mailed HomEq a check for their monthly payment as usual. HomEq mailed it back to them, without explanation.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

34.     All such servicing problems are the direct result of plaintiffs having filed suit against defendants. Customers who do not file lawsuits do not experience these types of problems at all, to the same extent or with the same degree of regularity.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35.     On information and belief, Wells Fargo Bank, N.A., holds legal title to plaintiffs' loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004.

**ANSWER:     Defendant admits that it serves as Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

36.     In the event Park Place Securities, Inc., does not own plaintiffs' loan or Wells Fargo Bank, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### COUNT I – TILA

37.     Plaintiffs incorporate paragraphs 1-36.

**ANSWER:     Defendant incorporates its answers to paragraphs 1-36 in response to this paragraph.**

38.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the**

- 9 -

> **information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).**

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

39.   To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)**

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

40.   To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)**

**ANSWER:**   **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

BN 6883212v1

41.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

42.     More specifically, the regulation provides:

**In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(i)     The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(ii)     The consumer's right to rescind the transaction.**

**(iii)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(iv)     The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)**

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## DEFECTIVE NATURE OF DISCLOSURES

43.     In connection with the plaintiffs' loan, Argent Mortgage Company, L.L.C. failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, and the financial disclosures, required by 15 U.S.C. §1638 and 12 C.F.R. §226.18, for (without limitation) the following reasons:

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**Notices Confusing Where Less Than All Owners Are Obligated**

44.     Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:**     **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

45.     The top of Exhibit E has only Mr. Black's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:**     **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

46.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## **Misdating**

47.     Since the final loan terms were not agreed upon until plaintiffs received the

August 17, 2004 settlement statement and elected to proceed with the loan, all of the documents

are misdated, and the rescission period was misdescribed.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

48.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit</u>

<u>H</u>.

**ANSWER:     The referenced document speaks for itself, therefore no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

49.     The loan has not been rescinded.

**ANSWER:     Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies any remaining allegations of this paragraph.**

50.     Under 15 U. S. C. § 1641(c), the right to rescind may be exercised against any

assignee.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

51.     15 U.S.C. §1635(g) provides: Additional relief In any action in which it is

determined that a creditor has violated this section, in addition to rescission the court may award

relief under section 1640 of this title for violations of this subchapter not relating to the right to

rescind.

**ANSWER:     Because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b. Statutory damages for the underlying disclosure violation;

c. If appropriate, statutory damages for failure to rescind;

d. Attorney's fees, litigation expenses and costs.

e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II – ECOA

52. Mrs. Black incorporates paragraphs 1-51.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-51 in response to this paragraph.**

53. This claim is against Argent.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

54. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

55.     On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

56.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a.     Appropriate statutory and punitive damages;

b.     Attorney's fees, litigation expenses and costs.

c.     Such other or further relief as the Court deems appropriate.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

57.     Plaintiffs incorporate paragraphs 1-36. This claim is against Argent Mortgage Company.

**ANSWER:     Defendant incorporates its answers to paragraphs 1-36 in response to this paragraph.**

58.     Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by fraudulently putting an inflated value of plaintiffs' property on the loan application.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

59.     Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by misrepresenting plaintiffs' ability to qualify for the mortgage loan and the value of the dwelling that secured payment of the mortgage loan.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

60.     On August 12, 2004, Argent represented that the plaintiffs qualified for a $142,375 loan and plaintiffs were induced to close with Argent by means of this misrepresentation.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

61.     Defendant Argent made the representation in the course of trade and commerce.

**ANSWER:     Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

62.     Defendant Argent made the representation for the purpose of inducing reliance, in the form of the plaintiffs securing a $142,375 loan for which they did not qualify, in order to increase the broker's commission and the lender's points and fees, interest and profits.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

63.     Plaintiffs have suffered an injury as a result of defendants' misrepresentations. Their options for refinancing with reputable mortgage companies have been severely limited by defendants' actions.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

64.     Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by misrepresenting Mr. Black's monthly income.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

65.     Plaintiffs were induced to close with Argent by means of these misrepresentations.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

66.     Defendant Argent made the representation in the course of trade and commerce.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 17 -

67.     Defendant Argent made the representation for the purpose of inducing reliance, in the form of the plaintiffs securing a $142,375 loan for which they did not qualify, in order to increase the broker's commission and the lender's points and fees, interest and profits.

**ANSWER:**     **Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

68.     Plaintiffs have suffered an injury as a result of defendants' misrepresentations.

**ANSWER:**     **Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of the plaintiffs and against Argent for:

a.     A declaratory judgment, MCL §445.1681(1)(a);

b.     Injunctive relief, MCL §445.1681(1)(b);

c.     Appropriate damages, MCL §445.1681(1)(c)

d.     Attorney's fees, litigation expenses and costs of suit; and

e.     Such other and further relief as the Court deems proper.

**ANSWER:**     **Because this Count is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### COUNT IV - ECOA

69.     Plaintiffs incorporate ¶¶ 1-36 above. This claim is against defendants Argent and HomEq.

**ANSWER:**     **Defendant incorporates its answers to paragraphs 1-36 in response to this paragraph.**

70. Plaintiffs were applicants within the meaning of 15 U.S.C. §1691a(b) and Regulation B (which defines "applicant" to include persons who have received credit).

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

71. By filing this lawsuit in good faith pursuant to the Consumer Credit Protection Act, plaintiffs were and are engaged in a statutorily protected activity.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

72. As a result of filing this lawsuit, plaintiffs have suffered and continue to suffer adverse actions at the hands of defendants. Argent and HomEq have, in ways detailed above and in other ways, taken retaliatory action against these and other plaintiffs and their accounts. These actions constitute "an unfavorable change in the terms of an account that does not affect all or a substantial portion of a class of the creditor's accounts." 12 C.F.R. § 202.2 (c)(1)(ii).

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

73. A direct causal connection exists between plaintiffs' filing suit and defendants' subsequent treatment of their accounts, as detailed above.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

74. As a result of defendants' conduct, plaintiffs have suffered actual damages and are entitled to recover actual damages as well as statutory damages, punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.    Actual and statutory and punitive damages according to proof;

b    Reasonable attorneys' fees and costs;

c.    Injunctive relief, if the practices complained of have not ceased or do not cease immediately; and

d.    Such other and further relief the court deems proper and just.

**ANSWER:** **Because this Count is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.    Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

- 20 -

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.      Dismiss Plaintiffs' Complaint;

2.      Enter Judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  September 10, 2010      By: /s/ Bernard E. LeSage

*Attorneys for Wells Fargo Bank, N.A., as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 22 -

BN 6883212v1

CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 10th day of September, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the addressees on the attached Service List.

By: _____/s/ Bernard E. LeSage_____

- 23 -

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

### SERVICE LIST

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road, Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

BN 6883212v1

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street, Suite 700
Chicago, IL 60603

Steven S. Elliott
12 E. Exchange Street, 8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025

BN 6883212v1