**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

_____

| | |
|---|---|
| TERRY A. BOTHWELL, and ) <br> CHERYL A. BOTHWELL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> AMERIQUEST FUNDING II, LLC, ) <br> CITIMORTGAGE, INC., and DOES 1-5, ) <br> ) <br> Defendants. ) | Case No. 06 C 4716 (N.D. Ill.) <br><br> Originally Case No. 06 CV 175 <br> (N.D. Ind.) <br><br> MDL #1715 <br> Lead Case No. 05-cv-07097 <br> Judge Marvin E. Apsen <br><br> **JURY DEMANDED** |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE FOURTH AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Terry A. Bothwell and Cheryl A. Bothwell respectfully move this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file a Fourth Amended Complaint and to have it deemed filed *instanter*. A copy of their proposed Fourth Amended Complaint is attached hereto as Appendix A. In support of their motion, plaintiffs state as follows:

1. Mr. Bothwell and Ms. Bothwell filed this action against defendant Ameriquest Mortgage Company and affiliates on May 8, 2006 to rescind their mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and

1

implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2. Plaintiffs' proposed amended complaint seeks merely to add as defendant Fay Servicing, LLC, which recently purchased the servicing rights to plaintiffs' loan, and to dismiss defendant CitiMortgage, Inc., without prejudice. CitiMortgage, Inc. no longer services plaintiffs' loan.

3. The minor, proposed changes would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

4. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiffs respectfully request that this Court enter an Order (A) granting them leave to file the proposed Fourth Amended Complaint, a copy of which is attached

as Appendix A, (B) deeming the Fourth Amended Complaint filed *instanter*, (C) dismissing defendant CitiMortgage, Inc., without prejudice, and (D) granting any further or other relief that the Court deems just.

> Respectfully submitted,
>
> s/Cathleen M. Combs
> Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS
    & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)