IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| THIS DOCUMENT RELATES TO: THE BORROWER CLASS ACTION SETTLEMENT | (Centralized before the Honorable Marvin E. Aspen) |

**MOTION TO REFER ATTORNEY'S FEE CLAIM ARISING IN BORROWER
CLASS CASE FOR RESOLUTION BY
JUDGE DANIEL WEINSTEIN (ret.) AT JAMS**

Roddy Klein & Ryan, ("RKR"), one of Lead Class Counsel for the Borrower Class Plaintiffs, moves this Court for an order referring a settlement-related attorney's fee dispute for resolution by Judge Daniel Weinstein (ret.) at JAMS ("Judge Weinstein") pursuant to paragraph XXI of the Settlement Agreement as finally approved by order of the Court. [Docket No. 3628] ("Settlement Agreement"); [Docket No. 3506-1] ("Final Approval Order").

In support of this motion, RKR alleges the following facts:

**RKR's Leadership Role in the MDL**

1.      RKR is one of the Lead Class Counsel in this matter having been appointed by the Court on November 7, 2006. [Docket No. 284].

2.      In light of this appointment, for six years RKR has and continues to spend time on this proceeding daily — responding to class members inquiries, addressing the distribution process, assisting plaintiffs and class members with foreclosure prevention and dealing with the myriad issues involved in resolving 28 class actions that include

more than 700,000 class members.

    3.    Prior to the MDL formation, RKR was counsel in four class cases transferred and consolidated into the MDL:

- *Murphy v. Ameriquest Mortgage Co.*, Case No. 04-CV-12651 (RWZ), U.S. District Court for the District of Massachusetts;

- *Graham, et al. v. Ameriquest Mortgage Co., Argent Mortgage Co., et al.*, 4:06- 40195, U.S. District Court for the District of Massachusetts;

- *Williams v. Ameriquest Mortgage Co.*, Case No. 05 CV 6189 (LTS), U. S. District Court for the Southern District of New York; and

- *Williams v. Ameriquest Mortgage Co.*, Case No. 05-CV-01036 (EAK), U.S. District Court for the Middle District of Florida ("*Williams Fla.*").

    4.    The Final Approval Order provides at paragraph 11 that "distribution of attorney's fees among Class Counsel will be at the sole discretion of Lead Class Counsel."

**RKR's Co-Counseling Arrangement in Connection with *Williams Fla.***

    5.    In one of these cases, *Williams Fla.*, RKR had co-counsel, Theresa Wigginton ("Ms. Wigginton"), whose office is located in Florida.

    6.    RKR and Ms. Wigginton have a Fee Agreement governing attorney's fees and costs in *Williams Fla.* (attached as Exhibit 1).

    7.    The Fee Agreement provides that fee disputes, if any, shall be resolved by arbitration or mediation. Exhibit 1.

    8.    Ms. Wigginton has failed to honor the Fee Agreement in numerous ways.

    9.    Ms. Wigginton, despite requests, did not timely submit any time records or other information to support the fee award in this case.

    10.    Ms. Wigginton did not participate in the MDL proceedings, did not return

phone calls placed to her during the litigation about work to be performed and failed to honor her duties as counsel to the named Plaintiffs in *Williams Fla.* including, without limitation, by failing to return their phone calls.

11. Ms. Wigginton is now seeking fees that are neither supported by her efforts in *Williams Fla.* nor due under the Fee Agreement.

12. Another Florida lawyer, Nicholas J. Taldone, has asserted that he has a right to a fee from the settlement amount in light of a referral agreement he had with Ms. Wigginton for *Williams Fla.*

13. Before *Williams Fla.* was filed, Mr. Taldone asserted to RKR that he represented certain closing agents of Ameriquest in Florida who wished to function as "whistleblowers" and that he would assist them in providing information to RKR in support of that litigation. Despite requests, Mr. Taldone never produced any information from the purported "whistleblowers," nor did he produce their names and addresses or a summary of the testimony they might offer.

14. Instead, on information and belief, Mr. Taldone represented those whistleblowers in an action against Ameriquest that was settled by payment from Ameriquest to the "whistleblowers" together with a confidentiality agreement and a release. On information and belief, Mr. Taldone received a non-disclosed contingency fee for his representation.

15. On information and belief, Mr. Taldone used the proffer of "whistleblower" testimony to RKR in order to obtain a more favorable settlement of the case for his clients, thereby creating not just a conflict of interest, but also a situation in which he was leveraging his promise to perform a service for the *Williams Fla.* Plaintiffs

3

for the benefits of his "whistleblower" clients and himself.

16. Like Ms. Wigginton, Mr. Taldone is now seeking fees that are not supported by his efforts in this case or by the Fee Agreement.

17. RKR has attempted to work cooperatively to resolve these fee disputes including by telephone conferences, email exchange and correspondence over several months. Those efforts have not been successful and the dispute remains unresolved.

18. Despite the Fee Agreement, requiring mediation or arbitration of any disputes, Ms. Wigginton has expressed an intention to file litigation in "civil court" – asserting that the resulting fees would be more "minimal."

**The Court's Jurisdiction to Refer the Dispute**

19. The 28 Borrower Class Actions in the MDL, including *Williams Fla.*, have been settled by an agreement between the parties [Docket No. 3506-1] ("Settlement Agreement") and the Settlement Agreement has been finally approved by an order of the Court. [Docket No. 3628] ("Final Order and Judgment"). Fees were approved under the Final Order and Judgment.

20. The Court has retained jurisdiction to enforce the settlement. Paragraph XXII of the Settlement Agreement and Paragraph 10(b) of the Final Approval Order.

21. Paragraph XXI of the Settlement Agreement governing the Borrower Class Cases in the MDL, including the *Williams Fla.* case, provides that, "...by order of court, Judge Weinstein of JAMS may assist the parties in resolving open issues that may arise." [Docket No. 3506-1].

22. Because this dispute arises in connection with a case that was transferred to this Court and is covered by the Settlement Agreement, RKR requests that this court

exercise its jurisdiction of this matter pursuant to Paragraph XXII of the Settlement Agreement and Paragraph 10(b) of the Final Approval Order and refer this matter for dispute resolution to Judge Weinstein.

**Judge Weinstein's Qualifications to Hear the Dispute**

23. Judge Weinstein is a dispute resolution expert at JAMS with a national practice. He is among the best known dispute resolution experts in the country. He assisted the parties in resolving this extraordinarily complicated set of class action cases and is therefore intimately familiar with both the Class Settlement and the issues in this proceeding. Judge Weinstein is capable of providing either arbitration or mediation as mandated by the Fee Agreement. JAMS Website: Biography of the Hon. Daniel Weinstein (Ret.), *available at* http://www.jamsadr.com/professionals/xpqProfDet.aspx?xpST=ProfessionalDetail&professional=1115&ajax=no (last viewed Sept. 20, 2010).

24. In light of the parties' agreement to mediate and/or arbitrate their dispute and of Paragraph XXI of the Settlement Agreement, Judge Weinstein at JAMS is the most appropriate neutral to assist in that process. His prior involvement in this matter makes his participation efficient and cost-effective.

25. In addition, JAMS' neutral office locations ensure that neither party is prejudiced by having to travel to the jurisdiction of the other party.

WHEREFORE, Roddy Klein & Ryan requests an order referring any fee disputes arising in connection with *Williams Fla*. including, without limitation, disputes raised by Ms. Wigginton and Mr. Taldone to Judge Weinstein.

Dated: September 21, 2010

                                            Respectfully submitted,

                                            */s/ Gary Klein*
                                            Gary Klein
                                            Shennan Kavanagh
                                            RODDY KLEIN & RYAN
                                            727 Atlantic Avenue
                                            Boston, MA 02111-2810

## **CERTIFICATE OF SERVICE**

      I, Gary Klein, hereby certify that on this 21st day of September, 2010 the foregoing document was filed electronically. Notice of filing was sent to all Filing Users by the Court's ECF system. Filing users may access this document electronically through the Court's ECF system. The foregoing document was also sent by first class mail on September 21, 2010 to the following:

    Theresa I. Wigginton, Esq.
    The Law Office of Theresa I. Wigginton, P.A.
    1463 Oakfield Drive, Suite 122
    Brandon, Florida 33511

    Nicholas J. Taldone, Esq.
    Law Offices of Nicholas J. Taldone
    2536 Countryside Boulevard, Suite 100 E
    Clearwater, Florida 33763

                                                            */s/ Gary Klein*
                                                            Gary Klein