*EXHIBIT 1*

RODDY KLEIN & RYAN

Attorneys at Law

727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111

Gary Klein

Tel. (617) 357-5500 x. 15
Fax (617) 357-5030
klein@roddykleinryan.com

May 1, 2006

Theresa I. Wigginton
Theresa I. Wigginton, PA
915 Oakland Drive, Suite F
Brandon, FL 33511

RE:    Claims against Ameriquest
       --Amended Fee Agreement

Dear Terry:

This letter will supercede any prior fee agreement between us regarding the above referenced matter. We make this amendment in light of transfer of *Williams et al. v. Ameriquest Mortgage Co.*, pending in the Middle District of Florida to the *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, (MDL No. 1715) pending in the Northern District of Illinois.

Teresa I. Wigginton, PA ("Wigginton") will continue to have primary responsibility for communication with the Florida clients (Williams and Tolbert) and will share responsibility for any litigation issues relevant to resolution of the *Williams* matter in Florida including, without limitation, preventing foreclosure on the Florida clients and communicating with any potential witnesses who reside in Florida. Roddy Klein & Ryan ("RKR") will participate fully in the MDL proceeding; will seek appointment as co-lead counsel in that proceeding and will communicate all important litigation developments to Wigginton as early as practicable.

We agree that Wigginton will be entitled to receive any fee specifically awarded to it in the litigation, in the event a fee becomes allocable by settlement or successful litigation result. In the event that Wigginton is not specifically awarded a fee in the litigation, Wigginton will be entitled to share in any fee awarded to and collected by RKR (the "undifferentiated fee"). If there is an undifferentiated fee, Wigginton and RKR will treat the fee recovery for Florida as a percentage of the total national fee recovery by RKR, based on the percentage of Florida residents included in the national settlement or judgment (the "Florida-percentage Fee"). The Florida-percentage Fee will be allocated equally between the two firms and such allocation shall constitute Wigginon's attorney's fees for the litigation.

June 30, 2004
Page 2

Actual costs, as advanced, will be reimbursed from any money recovered for counsel in these cases before there is any division of fees. The costs of litigation relevant to this matter shall include referral fees payable to other counsel in an amount not to exceed 20% of total fees received for work in this matter attributable to the Florida litigation, consistent with Florida law and ethical rules. Any referral fee attributable to the Florida litigation will be determined based on the methodology described above for determining the "Florida-percentage fee" included in the undifferentiated fee.

At the time of any division of fees, we agree to work cooperatively to ensure that the division of fees is fair and equitable. Disputes, if any, will be submitted to a mutually acceptable arbitration and/or mediation process.

Wigginton agrees to inform Nicholas Taldone of this agreement and to gain his assent thereto.

Please call me if you have any questions or concerns. If this agreement is acceptable to you, please countersign a copy of the letter and return it to me by fax or mail.

Thanks.

Very truly yours,

Gary Klein

Agreed: _____     Date: _June 27, 2006_
Theresa Wigginton
_____             Date: _June 20 2006_
Nicholas Taldone