

FILED by _____ D.C.
ELECTRONIC
August 13, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **08-CV-61296-Cohn-Seltzer**

CHRISTOPHER THOMPSON AND
BLEU THOMPSON,

    Plaintiff(s),

vs.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,
IN TRUSTFOR THE REGISTERED
HOLDERS OF ARGENT
SECURITIES INC, ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2006-M2, ARGENT
MORTGAGE COMPANY, LLC AND
CITI RESIDENTIAL LENDING,
INC.,

    Defendant(s).

## COMPLAINT FOR RESCISSION OF MORTGAGE AND DAMAGES

  Plaintiff(s), CHRISTOPHER THOMPSON AND BLEU THOMPSON, by and through undersigned counsel, sues the Defendant(s) DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUSTFOR THE REGISTERED HOLDERS OF ARGENT SECURITIES INC, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-M2, ARGENT MORTGAGE COMPANY, LLC AND CITI RESIDENTIAL LENDING, INC. and states as follows:



EXHIBIT A

## JURISDICTION AND VENUE

1. This action arises under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et. seq.* and its implementing regulation 24 C.F.R. § 3500 *et. seq*; The Federal Truth-in-Lending Act (TILA), 15 U.S.C. § 1602, *et. seq.* and its implementing regulation, 12 C.F.R. § 226 *et. seq.*

2. This Court has jurisdiction over the subject matter pursuant to 12 U.S.C. § 2601 *et. seq.*, TILA, 15 U.S.C. § 1602, *et. seq.*, and 28 U.S.C. § 1331. This is a civil action arising under the laws of the United States, and governed by the principles of supplemental jurisdiction in accordance with 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C.. § 1391(b)(2); and 28 U.S.C. § 1391(c), as the Plaintiff(s)' principal residence is located within this District. Further, the Defendant(s) retained security interest in connection with the subject loan, as well as the acts and transactions that constitute the violations of law, including the Defendant(s) fraudulent conduct, and the failure to disclose material information regarding the subject mortgage loan as required by TILA and RESPA, occurred in this District.

## GENERAL ALLEGATIONS

4. The Plaintiff(s) are borrowers who entered into a consumer credit transaction (hereafter described as "Mortgage Loan") with the Defendant(s), and are otherwise *sui juris*.

5. The Plaintiff(s) principal residence is located at 9828 NW 15th Street, Hollywood, FL 33024, which is within this District.

6. The Defendant(s) DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUSTFOR THE REGISTERED HOLDERS OF ARGENT SECURITIES INC, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-M2 is and was at all times material, a banking financial institution, Servicer and/or Mortgage Company incorporated in the State of Delaware, with its principal place of business in CA located at 1100 Town & Country Road, Orange CA 92868.

7. The Defendant(s) ARGENT MORTGAGE COMPANY, LLC is and was at all times material, a banking financial institution, Servicer and/or Mortgage Company incorporated in the State of Delaware, with its principal place of business in CA located at 1100 Town & Country Road, Orange CA 92868.

8. The Defendant(s) CITI RESIDENTIAL LENDING, INC. is and was at all times material, a banking financial institution, Servicer and/or Mortgage Company incorporated in the State of Delaware, with its principal place of business in NY located at 390 Greenwich Street New York, NY 10013.

9. The Defendant(s) individually and/or through its agents and brokers originate mortgage loans throughout the United States, including Broward County, Florida which is within the District of this Court.

10. The Defendant(s) operate as a mortgage lender. The Defendant(s) through various nationwide brokers and agents directly markets, advertises, solicits, and brokers mortgage loans.

11. The Defendant(s) individually and/or through its agents and/or brokers prepares and completes loan applications for mortgage loans, including the mortgage loan issued to

5400

3

Plaintiff(s). As part of the completion of the lending process, the Plaintiff(s)' loan application is submitted to the Defendant(s)' underwriters for approval.

12. Plaintiff(s) applied for a mortgage loan with the Defendant(s).

13. On or about, June 26, 2006 the Plaintiff(s) closed on the mortgage loan.

14. Pursuant to the mortgage loan transaction, the Defendant(s) retained and/or acquired a security interest in the Plaintiff(s)' principal dwelling located at 9828 NW 15th Street Hollywood, FL 33024.

15. During the application process and prior to the closing of the loan, the Plaintiff(s) provided the Defendant(s) with verification of their income, including but not limited to, their tax returns, pay stubs, W-2s, bank statements and other information regarding the Plaintiff(s)' household income.

16. The Defendant(s) individually and/or through its broker and/or agent that facilitated the loan transaction, fraudulently increased and grossly overstated the Plaintiff(s)' income qualifying the Plaintiff(s) for a higher loan than their verifiable income could support.

**COUNT I - VIOLATION OF RESPA, 12 U.S.C § 2601 ET SEQ.,
AND HUD'S REGULATION X (24 C.F.R. § 3500).**

Plaintiff(s) re-adopts and re-alleges each and every allegation contained in paragraphs 1-16 of the Complaint as if fully set forth below, and further states as follows:

17. The Defendant(s) individually and/or through its brokers and/or agents provided the Plaintiff(s) with the Good Faith Estimate (hereafter "GFE") with respect to the subject mortgage loan.

5400

4

18. The GFE failed to timely provide the Plaintiff(s) with full disclosure regarding the nature and the cost of the loan in violation of the RESPA, 12 U.S.C. § 2601, *et. seq.* and 24 C.F.R. § 3500 *et. seq.*

19. In violation of RESPA, 12 U.S.C. § 2604(c), and 24 C.F.R. §3500.7(b) and (c), the Defendant(s) failed to provide the Plaintiff(s) with a GFE disclosing the amount or range of settlement charges with respect to the subject loan within three (3) days of the loan application.

20. In violation of RESPA, 12 U.S.C. § 2604(c), and 24 C.F.R. § 3500.7(c), prior to the closing of the subject loan, the Defendant(s) failed to provide the Plaintiff(s) with a GFE disclosing the fact and the amount of any Yield Spread Premium(s) associated with the subject loan.

21. In violation of RESPA, 12 U.S.C. § 2605(b) and (c), and 24 C.F.R. § 3500.7(c), the Defendant(s) failed to provide the Plaintiff(s) with the required fifteen (15) day notice of change of loan servicer upon the assignment of the loan.

22. As a direct and proximate result of the Defendant(s)' violation of and/or failure to comply with the disclosure requirements of RESPA and HUD's Regulation X, as set forth above, the Plaintiff(s) have suffered the following damages:

   a) Actual Damages for all unnecessarily high settlement charges incurred by the Plaintiff(s), including but not limited to, the undisclosed Yield Spread Premium due to the Defendant(s)' failure to comply with RESPA, 12 U.S.C. § 2604(c), and 24 C.F.R. § 3500 *et. seq.*

   b) Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

WHEREFORE, the Plaintiff(s) demand judgment for damages against the Defendant(s) for actual and/or consequential damages, attorneys' fees and costs.

### COUNT II - RESCISSION OF MORTGAGE IN VIOLATION OF THE TRUTH-IN-LENDING ACT ("TILA") PRIOR TO CLOSING

The Plaintiff(s) re-adopts and re-alleges each and every allegation contained in paragraphs 1-16 and paragraphs 17-22 of the Complaint above as if fully set forth below, and further states as follows:

23. Prior to the closing for the subject mortgage loan, the Truth-in-Lending Disclosure Statement that was provided to the Plaintiff(s) by the Defendant(s) was not clear and conspicuous. The inaccurate material disclosure regarding all loan charges associated with the mortgage loan is in violation of TILA, 15 U.S.C. § 1601 *et. seq.*, and its implementing Regulation Z, 12 C.F.R. Part 226. Specifically, the Disclosure Statement failed to adequately disclose the following:

    (a)   The annual percentage rate to be charged for the loan pursuant to TILA; 15 U.S.C. § 601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226.18(e); and

    (b)   The finance charge(s) for the loan pursuant to TILA; 15 U.S.C. § 601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226.18(d); and

    (c)   The amount financed pursuant to TILA; 15 U.S.C. § 601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226.18(b); and

    (d)   The total payments pursuant to TILA; 15 U.S.C. § 601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226.18(h); and

(e) The payment schedule pursuant to TILA; 15 U.S.C. § 601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226.18(g).

24. The Defendant(s) individually and/or through its agents and/or brokers further violated TILA, 15 U.S.C. § 601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226 by engaging in the following pre-closing activities:

   1. Artificially inflating the Plaintiff(s)' gross income to qualify them for a higher loan amount than their income could support; and/or

   2. Failing to deliver a HUD 1 Settlement Statement to the Plaintiff(s) within twenty-four (24) hours prior to closing of the loan; and/or

   3. Failing to disclose to the Plaintiff(s) other closing expenses at the time the loan was closed.

25. The Plaintiff(s) have complied with all conditions precedent to the bringing of this action.

26. As a direct and proximate result of the Defendant(s)' failure to provide the Plaintiff(s) with clear and accurate material disclosure regarding all charges associated with the subject mortgage loan in violation of TILA, 15 U.S.C. § 1601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226, the Plaintiff(s) have been damaged and are entitled to the following damages:

   (a) Rescission of the mortgage;

   (a) The voiding of the Defendant(s)' security interest in the Plaintiff(s)' property that is subject to the existing mortgage; and

   (b) Actual damages for the amounts incurred by the Plaintiff(s) due to the Defendant(s)' violation of TILA, 15 U.S.C. § 601 *et. seq.*, and Regulation

Z, 12 C.F.R. Part 226, including but not limited to, the reimbursement of all mortgage payments, finance charges and interest paid to date by the Plaintiff(s). The reimbursement of the monies paid to the Defendant(s) by the Plaintiff(s) regarding the subject mortgage loan; and

(c) Attorneys' fees and cost; and

(d) All other damages the Court deems just, proper and equitable.

WHEREFORE, the Plaintiff(s) demand judgment for damages against the Defendant(s) for rescission of the mortgage, actual and consequential damages, and attorneys' fees and costs.

## COUNT III - VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA), § 501.201 *ET. SEQ.*, FLA.STAT.

Plaintiff(s) re-adopts and re-alleges each and every allegation contained in paragraphs 1-16; paragraphs 17-23 and paragraphs 24-26 of the Complaint as if fully set forth below, and further states the following:

27. This is an action for damages brought pursuant to Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2007)("FDUTPA").

28. Defendant(s)', at all times material hereto, provided goods and/or services as defined within Section 501.203(8), Florida Statutes (2007).

29. Defendant(s)', at all times material hereto, solicited consumers within the definitions of Section 501.203(7), Florida Statutes (2007).

30. Defendant(s)', at all times material hereto, were engaged in a trade or commerce within the definition of Section 501.203(8), Florida Statute (2007).

31. To foster a culture of loan approvals regardless of the borrowers' capacity to pay, Defendant(s)' compensated its underwriters with bonuses. Defendant(s)' underwriters therefore had incentives to approve as many loans as possible, regardless of credit risk.

32. Defendants(s)' had no procedures or rigid guidelines on how "no documentation or reduced documentation" Subprime Loans were to be approved. It was the underwriters' responsibility to make the loan work, regardless of whether or not the loan fit the professed underwriting standards.

33. Defendant(s)' made Subprime Loans to borrowers when they knew or should have known that the borrowers would not be able to repay the loan once the initial ARM period expired.

34. In furtherance of its policy to place the generation of consumer loans (and maximization of its profits) above concerns about the consumers' ability to meet their loan obligations, Defendants(s)' made material misrepresentations to consumers relating to its ARM's by:

   a) Misrepresenting the amount of time the initial "fixed" interest rates would be in effect;

   b) Misrepresenting that the interest rates on the loans were "fixed" when that was not the case;

   c) Misrepresenting the manner and degree in which payments would increase subsequent to the termination of the initial fixed rate period, and/or;

   d) Employing and advertising extremely low "teaser" rates while not properly disclosing that these rates would dramatically increase, resulting in monthly

payments which were beyond the capacity for consumers to meet, given the financial income/information provided by these consumers to the Defendant(s)'.

35. The aforesaid misrepresentations were either direct and/or the result of hiding and/or the material terms were not sufficiently disclosed to the consumer prior to the closing of the loans.

36. Defendant(s)' employed deceptive marketing practices in an attempt to influence and steer unwary consumers toward the purchase of risky and costly mortgages and home loans.

37. Defendant(s)' failed to afford borrowers the opportunity to avail themselves to alternate loan options, certain of which carried lower rates of interest. Thus, Defendant(s)' made Subprime Loans to borrowers when they knew or should have known that the borrowers were qualified for alternate loans at lower rates of interest or not qualified for the loan that they were ultimately provided.

38. Defendant(s)' violated Chapter 501, Part II, Florida Statutes (2007) in part by representing to borrowers that the Defendant(s)' review of the Subprime Loan applications, either expressly or implied, was done in accordance with underwriting standards to confirm that the borrowers were able to repay the loans pursuant to its terms.

39. Defendant(s)' violated Chapter 501, Part II, Florida Statutes (2007) in part by representing to borrowers that the Defendant(s)' closing and funding of the borrowers' Subprime Loan mortgages, either expressly or implied, confirmed that the borrowers were able to repay the loans pursuant to its terms.

40. The Defendant(s)' violation and/or failure to comply with the disclosure requirements of RESPA and HUD's Regulation X, in combination with the fraudulent inflation of Plaintiff(s)' income, constitute an unfair and deceptive business practice under FDUTPA, Fla.Stat. §501.203 *et. seq.*

41. The Defendant(s)' violation and/or failure to provide the Plaintiff(s) with clear and accurate material disclosure regarding all charges associated with the subject mortgage loan, and the Defendant(s)' other actions in violation of TILA, 15 U.S.C. § 1601 *et. seq.*, and Regulation Z, 12 C.F.R. Part 226, and knowingly inflating Plaintiff(s)' income to meet their underwriting requirements to secure the loan, constitute an unfair and deceptive business practice under FDUTPA, Fla. Stat. §501.203 *et. seq.*

42. As a direct and proximate result of the Defendant(s)' unfair and deceptive business practice under FDUTPA, Fla.Stat. §501.203 *et. seq.*, the Plaintiff(s) have been damaged, and are entitled to the following damages:

   a) Actual Damages sustained by the Plaintiff(s) due to the unfair and deceptive business practices of Defendant(s); and

   b) Attorneys' fees and costs pursuant to 501.211(2); and

   c) To grant such further relief as this honorable Court deem just and proper

## COUNT IV - FRAUD

Plaintiff(s) re-adopts and re-alleges each and every allegation contained in paragraphs 1-16; paragraphs 17-22 and paragraphs 23-26 of the Complaint as if fully set forth below, and further states as follows:

5400

43. Defendant(s) individually and/or through or its agents made the following statements to Plaintiff(s) that were false and misleading prior to the closing of the mortgage loan at issue:

   a) The annual percentage rate to be charged for the loan;

   b) The finance charge(s) for the loan;

   c) The amount financed;

   d) The total payments;

   e) The payment schedule;

   f) Length of loan and any adjustable rates; and

   g) Ensuring that it was the best loan possible or only loan available.

44. Defendant(s) individually and/or through its agents and/or brokers knew that the statements and terms set forth in paragraph 43 were false and/or materially misleading.

45. Defendant(s)' intent in making these false and material misleading statements was to induce the Plaintiff to act on them and accept the terms of the loan transaction.

46. Plaintiff(s) relied on these false and misleading statements of the Defendant(s) in consummating the loan transaction, which resulted in their financial injury and their being unable to satisfy the terms of the loan.

47. As a result, Plaintiff(s) have been damaged in an amount that must be determined by the Court.

WHEREFORE, Plaintiff(s) respectfully requests the Court award damages in an amount to be determined by the Court, attorneys fees and costs and grant such other and further relief that this court deems just and proper.

5400

## COUNT V - RESCISSION

Plaintiff(s) re-adopts and re-alleges all of the allegations contained in paragraphs 1-14; paragraphs 17-22; paragraphs 23-26; paragraphs 27-42 and paragraphs 43-47 of the Complaint as if set forth fully below, and further states as follows:

48. As a direct result of the fraudulent and misleading loan transaction set forth above, Plaintiff(s) and Defendant(s) entered into a contract for a loan and pledged a security interest in the property using a mortgage as collateral for the loan.

49. The Defendants(s)' actions as stated in paragraphs 23, 24, 34 and 43 constitutes fraud and entitles Plaintiff(s)' to rescission of the mortgage and cancellation of said security interest and mortgage on the property.

50. Plaintiff(s) stands ready to restore any benefits received from the transaction to Defendant(s).

5400

51. Plaintiff(s) has no adequate remedy at law.

**WHEREFORE**, Plaintiff(s) respectfully requests a rescission of the mortgage and the cancellation of the security interest on its property, attorney's fees and costs and for this honorable Court to grant such other and further relief that it deems just and proper.

Plaintiff(s) demand a Jury Trial of all issues so Triable as a matter of right

Dated: 8-8-08

                Respectfully Submitted;

                THE REAL ESTATE LAW GROUP, PLLC
                Attorney for Plaintiff(s)
                201 S. Biscayne Boulevard
                Suite 2856
                Miami, Florida 33131
                Telephone: (305) 913-1319
                Facsimile; (305) 913-1320

By: _____
     Kirsten E. Franklin
     **FL Bar #: 624322**

§JS 44 (Rev 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Bleudeige Thompson and Christopher Thompson

**(b)** County of Residence of First Listed Plaintiff  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

The Real Estate Law Group, PLLC
201 S. Biscayne Boulevard STE 2856
Miami, FL 33131
Phone (305) 913-1319

## DEFENDANTS
Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Argent Securities Inc, Asset-Backed

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:08 CV 61296 - Cohn - BSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☑ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☑ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
(RESPA) 12 USC 2601 et. seq.; (TILA) 15 USC 1602, et. seq.

LENGTH OF TRIAL via 4-5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD    DATE 5/8/08

FOR OFFICE USE ONLY
AMOUNT 350-    RECEIPT # 543912    IFP