MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. LENDING PRACTICES LITIGATION | MDL NO. 1715 |
| THIS DOCUMENT RELATES TO: THE BORROWER CLASS ACTION SETTLEMENT | (Centralized before the Honorable Marvin E. Aspen) |

FILED
9-30-10
SEP 30 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

05 C 7097

## MOTION FOR RECONSIDERATION OF ORDER GRANTING RODDY KLEIN & RYAN'S MOTION TO REFER ATTORNEYS FEES CLAIM ARISING IN BORROWER'S CLASS ACTION FOR RESOLUTION BY JUDGE DANIEL WEINSTEIN AT JAMS

Theresa Wigginton, Esq. and Nicholas Taldone, Esq. hereby move this Court to reconsider its prior Order for the following reasons.

1. In 2005, Nicholas Taldone, Esq., a Clearwater, Florida attorney, referred to Theresa Wigginton, Esq., a Brandon, Florida attorney, individuals who had financed the initial purchase of their homes, or had refinanced their homes, through Ameriquest or its affiliates, for the purpose of pursuing litigation for Ameriquest's unlawful mortgage practices. Taldone and Wigginton agreed to share fees from this referral in full compliance with Florida law and the Rules Regulating to The Florida Bar.

2. Thereafter, via a letter agreement dated May 1, 2006, Wigginton and Roddy Klein & Ryan (RKR) entered into an agreement to prosecute a class action in Florida against Ameriquest. The style of that case was <u>Latoya Williams v. Ameriquest Mortgage Company,</u> Case No. 05-1036 ("Williams Class Action"). A copy of the letter agreement is attached as Exhibit A and will hereafter be referred to as "Fee Agreement".

1

3. The Fee Agreement provides that if there is an undifferentiated fee awarded in the litigation with Ameriquest, Wigginton and RKR would "treat the fee recovery for Florida as a percentage of the total national fee recovery by RKR based on the percentage of Florida residents included in the national settlement or judgment." Taldone, who was to receive 20% of the total fees recovered under the aforesaid quoted language, was asked to and did assent to the new arrangement..

4. The Williams Class Action and other similar lawsuits were consolidated in this Court before Hon. Marvin Aspen and shall hereafter be referred to as the "MDL Litigation".

5. After the MDL Litigation was settled via a Settlement Agreement, Taldone and Wigginton contacted Gary Klein of RKR regarding the division of fees per the Fee Agreement.

6. After a dispute arose under the Fee Agreement[1], RKR moved on September 21, 2010 before this Court for an Order referring the attorneys' dispute to Judge Daniel Weinstein and JAMS. RKR made their Motion for Referral despite that Wigginton repeatedly had advised RKR, both orally and in writing, that Wigginton would be in Europe until mid-October. See copies of letter and e-mail dated September 13, 2010 to Gary Klein attached collectively as Exhibit B.

7. The "jurisdictional grounds" for the Court cited in the Motion for Referral are Paragraphs XXI and XXII of the Settlement Agreement, neither of which are set forth at length nor is the Settlement Agreement attached to the Motion. Paragraph XXI states:

XXI. MEDIATOR'S CONTINUED INVOLVEMENT

---

[1] The Motion For Referral's characterization of the conduct and/or contribution of Wigginton and Taldone is not relevant to said Motion, and is, in any event, completely false. Moreover, the contribution of Wigginton and Taldone to the Settlement Agreement does not determine the amount of their fees under the plain language of the Fee Agreement with RKR.

2

> Upon joint request of the Parties or by order of court, Judge Weinstein of JAMS may assist the parties in resolving open issues that may arise

Paragraph XXII states in pertinent part:

> XXII. Dispute Resolution
> Any dispute regarding the parties' obligations pursuant to this Settlement Agreement and/or interpretation of the terms of this Settlement Agreement (that cannot be resolved by the mediator in the event of a joint request for mediation under Section XXI) will be presented to, and resolved by, Judge Marvin E. Aspen, or if he is unavailable, by another judge of the Northern District of Illinois, which Judge shall be appointed by the Presiding Judge of the Northern District of Illinois

8. Neither RKR nor Wigginton nor Taldone are within the definition of "Parties" to the Settlement Agreement.

9. On September 28, 2010, before allowing any response to the Motion for Referral, the Court granted the motion via a "minute entry". As will be shown, the Court should reconsider its Order and upon reconsideration, vacate the Order because the Court lacked personal and/or subject matter jurisdiction over Wigginton and Taldone and even if it had jurisdiction over Wigginton and Taldone; the Order violates the parties' Fee Agreement and basic principles of alternative dispute resolution.

## THE COURT HAD NO PERSONAL JURISDICTION OR SUBJECT MATTER JURISDICTION OVER WIGGINTON AND/OR TALDONE

### The Court Has No Personal Jurisdiction

10. RKR'S Motion for Referral is ambiguous in the relief it seeks. The Motion generally seeks to "refer this matter (dispute) for dispute resolution to Judge Weinstein" See Motion for Referral at paragraph 22, page 9, in its "Wherefore" clause, the Motion requests the Court refer any "fee dispute" to Judge Weinstein. The Fee Agreement states that the parties will submit their dispute to "mutually acceptable mediation and/or arbitration." In other words, RKR's Motion is to compel "arbitration and/or mediation."

3

Regardless of how this ambiguous language is to be resolved since it mentions no forum or arbitrator, the Court must first have personal jurisdiction over the contracting parties to the arbitration agreement. Initially, it must be emphasized that RKR has the burden of establishing that this Court has personal jurisdiction over Wigginton and Taldone. Taylor v. Phelan, 912 F. 2d 429,432 (10th Cir. 1990) and Davis International Inc. v. Republic of Yemen, 218 F. 2d 1292, 1302 (11th Cir. 2000) Under FRCP 4(e) a federal court looks either to a federal statute or to the long arm statute of the state in which it sits to determine whether a litigant is amenable to service, a prerequisite to personal jurisdiction. See Omni Cap. Int'l, Ltd. V. Rudolf Wolff and Co. Ltd., 484 U.S. 97, 105(1987). The only relevant federal statute, the Federal Arbitration Act, has been construed as not conferring subject matter or personal jurisdiction on federal courts. See, e.g. Johns v. Taramita, 132 F. Supp. 1021 (S.D. Fl. 2001) ( Court holds that Federal Arbitration Act does not vest federal courts with personal jurisdiction over petitions to compel arbitration, and therefore dismisses petition to compel arbitration for lack of personal jurisdiction over party resisting arbitration)

11. The Court also does not have personal jurisdiction over Wigginton and Taldone under the so-called Illinois "long arm" statute, 735 ILCS 5/2-209. Neither Wigginton nor Taldone did any acts in Illinois that related to the fee dispute. Nor did they do any of the specific acts mentioned in the Illinois long arm statute, e.g., transacted any business in Illinois nor committed a tort in Illinois. Thus Wigginton and Taldone could not reasonably believe they would be "haled into Illinois court for" entering into the Fee Agreement in Florida. The mere fact that the parties agreed to arbitrate and/or mediate a fee dispute for a case

4

that due to a mere administrative decision wound up in Illinois does not confer personal jurisdiction under the aforesaid Illinois statute.

12. Therefore, the reliance of RKR on a mediation provision in the Ameriquest Settlement Agreement to which Taldone and Wigginton were not parties is misplaced. First of all, as was just established, the Settlement Agreement does not confer personal jurisdiction over Wigginton and Taldone. Second, RKR does not merely seek referral to mediation but of the "entire dispute", i.e. **arbitration** and/or mediation, to Judge Weinstein and JAMS. Thus, even if the Court had jurisdiction it could not compel arbitration to JAMS because the parties did not agree to arbitration necessarily; rather they agreed to arbitration and/**or** mediation.

### The Court Has No Subject Matter Jurisdiction

13. There is no federal mediation statute, but there is a federal arbitration statute. The Federal Arbitration Act, 9 U.S.C section 1 et seq. does not confer subject matter jurisdiction on federal courts. See <u>Baltin v. Alaron Trading Corp.</u>, 128 F. 3d 1466,1468 (11th Cir. 1997) (stating that section 9 of the FAA provides for an order compelling arbitration only when there is an independent basis for subject matter jurisdiction). The Court has no subject matter jurisdiction merely because the Williams Class Action was transferred to this Court.

### The Court's Order Violates The Clear Language Of The Fee Agreement

14. The Court's Order is also defective because it purports to override the clear language of a contract by referring mediation <u>and</u> arbitration of this dispute to Judge Weinstein at JAMS when a)the parties did not agree on one ADR method over the other and certainly not agree to Judge Weinstein and/or JAMS; and b)the parties did not agree to both

mediation **and** arbitration. The Court's conduct seeks to impair the parties' contract in violation of the Contracts Clause of the U.S. Constitution. Also, Judge Weinstein could not ethically be both the mediator and arbitrator of the same dispute unless the parties agreed to waive a host of conflict issues that arise when one person performs both roles. For example, how does confidential information divulged to Judge Weinstein by a party in mediation be "erased" from his memory in arbitration?

15. Finally, it would be grossly unfair to Taldone and Wigginton to be referred to JAMS in California when the only relevant witnesses other than the fee disputants, Ms. Williams and the other class representatives in the Williams Class Action, are all located in Florida. For all the above reasons, the Court's Order should be vacated.

Dated: September 30, 2010

Respectfully submitted,

Nicholas J. Taldone, Esquire
2536 Countryside Blvd., Suite 100 E
Clearwater, FL 33763-1607
Phone: (727) 712-1400
Fax: (727) 364-5846
taldonelaw@msn.com


Theresa L. Wigginton, Esquire
The Law Office of Theresa L. Wigginton, P.A.
1463 Oakfield Drive, Suite 122
Brandon, FL 33511-0800
Phone: (813) 653-2992
Fax: (813) 655-7082
terri@twiggintonlaw.com
*Co-Counsel*

## CERTIFICATE OF SERVICE

I, Nicholas J. Taldone, hereby certify that on this 30th day of September, 2010 the foregoing document was sent by e-mail and first class mail to the following:

Gary Klein, Esquire
Shennan Kavanagh
Roddy Klein & Ryan
727 Atlantic Avenue
Boston, MA 02111-2810

_____
Nicholas J. Taldone

# EXHIBIT A

## RODDY KLEIN & RYAN
Attorneys at Law

727 Atlantic Avenue, 2nd Floor
Boston, Massachusetts 02111

Gary Klein

Tel. (617) 357-5500 x. 15
Fax (617) 357-5030
klein@roddykleinryan.com

May 1, 2006

Theresa I. Wigginton
Theresa I. Wigginton, PA
915 Oakland Drive, Suite F
Brandon, FL 33511

RE: Claims against Ameriquest
—Amended Fee Agreement

Dear Terry:

This letter will supercede any prior fee agreement between us regarding the above referenced matter. We make this amendment in light of transfer of *Williams et al. v. Ameriquest Mortgage Co.*, pending in the Middle District of Florida to the *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, (MDL No. 1715) pending in the Northern District of Illinois.

Teresa I. Wigginton, PA ("Wigginton") will continue to have primary responsibility for communication with the Florida clients (Williams and Tolbert) and will share responsibility for any litigation issues relevant to resolution of the *Williams* matter in Florida including, without limitation, preventing foreclosure on the Florida clients and communicating with any potential witnesses who reside in Florida. Roddy Klein & Ryan ("RKR") will participate fully in the MDL proceeding; will seek appointment as co-lead counsel in that proceeding and will communicate all important litigation developments to Wigginton as early as practicable.

We agree that Wigginton will be entitled to receive any fee specifically awarded to it in the litigation, in the event a fee becomes allocable by settlement or successful litigation result. In the event that Wigginton is not specifically awarded a fee in the litigation, Wigginton will be entitled to share in any fee awarded to and collected by RKR (the "undifferentiated fee"). If there is an undifferentiated fee, Wigginton and RKR will treat the fee recovery for Florida as a percentage of the total national fee recovery by RKR, based on the percentage of Florida residents included in the national settlement or judgment (the "Florida-percentage Fee"). The Florida-percentage Fee will be allocated equally between the two firms and such allocation shall constitute Wigginon's attorney's fees for the litigation.

June 30, 2004
Page 2

Actual costs, as advanced, will be reimbursed from any money recovered for counsel in these cases before there is any division of fees. The costs of litigation relevant to this matter shall include referral fees payable to other counsel in an amount not to exceed 20% of total fees received for work in this matter attributable to the Florida litigation, consistent with Florida law and ethical rules. Any referral fee attributable to the Florida litigation will be determined based on the methodology described above for determining the "Florida-percentage fee" included in the undifferentiated fee.

At the time of any division of fees, we agree to work cooperatively to ensure that the division of fees is fair and equitable. Disputes, if any, will be submitted to a mutually acceptable arbitration and/or mediation process.

Wigginton agrees to inform Nicholas Taldone of this agreement and to gain his assent thereto.

Please call me if you have any questions or concerns. If this agreement is acceptable to you, please countersign a copy of the letter and return it to me by fax or mail.

Thanks.

Very truly yours,

Gary Klein

Agreed: _____   Date: June 27, 2006
Theresa Wigginton
_____   Date: June 20, 2006
Nicholas Taldone

# EXHIBIT B

The Law Office of
*Theresa I. Wigginton, P.A.* _____ Attorney at Law

Theresa I. Wigginton, Esquire

# Facsimile Coversheet

Date: September 13, 2010

To: Gary Klein, Esquire

Facsimile Number: 617-357-5030

From: Carol Ann Ransone, Law Clerk to Theresa I. Wigginton, Esquire

Re: Ameriquest Mortgage Company

Number of Pages: 2

Message: Correspondence of even date follows.

## CONFIDENTIALITY NOTICE:

THIS DOCUMENT IS PROTECTED BY ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE. The information contained in this facsimile message may be legally privileged and confidential and is intended only for the use of the above-mentioned individual or entity. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmission in error, please immediately notify this office by calling (813) 653-2992, and return the original transmission to our office at the address listed below via the United States Postal Service. Thank You.

*Practicing in the areas of Personal Injury & Consumer Fraud*
*Member The National Association of Consumer Advocates*
1463 Oakfield Dr., Suite 122, Brandon, Florida 33511
Phone (813) 653-2992  Facsimile (813) 655-7082

**The Law Office of**
***Theresa I. Wigginton, P.A.***

<u>Theresa I. Wigginton, Esquire</u>
Attorney at Law

September 13, 2010

<u>Via U.S. Mail Certified 70060100000681724754</u>
Gary Klein, Esquire
Roddy, Klein and Ryan
727 Atlantic Avenue, Suite 200
Boston, Massachusetts 02111

Re: Ameriquest

Dear Mr. Klein:

As you know, Ms. Wigginton is out of the Country until mid-October. She asked that I confirm that via regular mail and facsimile.

Thank you for your attention.

Sincerely,

Carol Ann Ransone, Law Clerk to
Theresa I. Wigginton, Esquire

---

*Practicing in the areas of Personal Injury & Consumer Fraud*
*Member The National Association of Consumer Advocates*
1463 Oakfield Drive, Suite 122, Brandon, Florida 33511
Phone (813) 653-2992   Facsimile (813) 655-7082

**From:** Theresa Wigginton [mailto:terri@twiggintonlaw.com]
**Sent:** Monday, September 13, 2010 3:37 PM
**To:** 'Gary Klein'
**Subject:** FW: Ameriquest

Mr. Klein,

Forwarding at Ms. Wigginton's request.

---

**From:** Theresa [mailto:legaltender3@gmail.com]
**Sent:** Monday, September 13, 2010 3:06 PM
**To:** Theresa Wigginton
**Subject:** Re: Ameriquest

Gary, As I told you last week, I am out of the country until August 11. You keep ruminating on the same old thing, while Nick and I only want info in order to consider what counter we might make. If you continue to stone wall then you are inviting litigation if that is what you want. The number of members in a particular class is never confidential. That particular number is simply used to calculate each members share, Those who don't claim their designated portion loses it to the assigned beneficiary that both sides agree to per the very public settlement agreement. So if you want cooperation, make this easy on us.

Terri


Sent from my iPad

On Sep 10, 2010, at 2:39 PM, "Theresa Wigginton" <terri@twiggintonlaw.com> wrote

*Law Offices of*
# Nicholas J. Taldone, Esquire
❧ Also admitted in New York, New Jersey, and California ☙
❧ Attorney at Law • Certified Mediator ☙
Phone: (727) 712-1400 ❧ Facsimile: (727) 725-3689
E-mail - taldonelaw@msn.com
www.taldonelaw.com

September 30, 2010

Clerk's Office
U.S. District Court
219 South Dearborn Street
Chicago, IL 60604

In Re: **Ameriquest Mortgage Co. Lending Practices Litigation**
MDL No. 1715

Dear Clerk:

Enclosed please find a Motion for Reconsideration of Order Granting Roddy Klein & Ryans' Motion to Refer Attorneys Fees Claim Arising In Borrower's Class Action for Resolution by Judge Daniel Weinstein at JAMS. We would request to be excused from the electronic filing requirement because we believe this is the only document that we will need to file in this case. If we need to file additional documents, we will obtain pro hac vice status and file electronically.

We are sending a courtesy copy of this motion to Judge Aspens for his consideration.

Sincerely,

Nicholas J. Taldone

NJT/psh

Enclosure

cc: Honorable Marvin E. Aspen
Gary Klein, Esq.

**2536 Countryside Boulevard ☙ Suite 100 E ☙ Clearwater, Florida 33763-1607**