**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO: THE BORROWER CLASS ACTION SETTLEMENT | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the<br>Honorable Marvin E. Aspen |

**OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING RODDY KLEIN & RYAN'S MOTION TO REFER ATTORNEYS FEES CLAIM ARISING IN BORROWER'S CLASS ACTION FOR RESOLUTION BY JUDGE DANIEL WEINSTEIN AT JAMS**

## I.     INTRODUCTION

Theresa Wigginton's and Nicholas Taldone's ("Wigginton/Taldone") Motion for Reconsideration, [Docket No. 3757], should be summarily denied. The Court's order referring the fee dispute to Judge Weinstein [Docket No. 3741], was proper and squarely within the Court's authority under the MDL statute, 28 U.S.C. § 1407, applicable case law and the Court's Final Approval Order governing the distribution of attorneys fees in this proceeding. The Wigginton/Taldone Motion for Reconsideration fails to address any of this law, which is not a surprise since it is clearly inconsistent with the jurisdictional arguments it urges the Court to reconsider. The Court properly exercised its jurisdiction in referring the fee dispute and Judge Weinstein is the appropriate neutral to resolve the dispute.[1]

## II.     LEGAL STANDARD

"To succeed on a Rule 59(e) motion, the moving party must present newly discovered evidence, point out an intervening change in controlling law, or clearly establish that the court committed a manifest error of law or fact." *Clemmer v. Office of the Chief Judge of Circuit Court of Cook County*,

---

[1] Moreover, the Motion for Reconsideration was not timely filed in compliance with Local Rule 5.3(b), requiring the motion to be noticed and should be denied on that basis as well.

No. 06 C 3361, 2009 WL 765303, at *1 (N.D. Ill. Mar. 23, 2009 (Aspen, J.) (citations omitted). A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Id*., quoting, *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (internal citation omitted). Reconsideration is appropriate only in very limited circumstances. *Id*. (citations omitted). None of these circumstances is present here - Wigginton/Taldone do not argue that there is newly discovered evidence or a change in controlling law. It is Wigginton/Taldone, not the Court, that mistake the jurisdictional law they want reconsidered.

### III. ARGUMENT

**A.  The Court Properly Exercised its Subject Matter Jurisdiction to Refer the Dispute**

The Court's referral order is consistent with an abundance of case law by courts across the country, including the Seventh Circuit Court of Appeals, that finds that the Court has ancillary jurisdiction over attorney fee disputes in the cases before it. *Baer v. First Options of Chicago, Inc*., ("Baer") 72 F.3d 1294 (7th Cir.1995) (referral fee dispute between attorneys including one who was not attorney of record). *Accord In re Linerboard Antitrust Litigation*, 361 Fed. Appx. 392, 399, 2010 WL 129712, at *7 (3rd Cir. 2010); *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) (citing numerous opinions holding that ancillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation); *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 843-44 (2d Cir.1977) (per curiam) (finding that the court had ancillary jurisdiction to supervise distribution of attorneys fees, including resolving disputes among attorneys claiming fees); *Iowa v. Union Asphalt & Roadoils, Inc*., 409 F.2d 1239, 1243-44 (8th Cir.1969) (finding that after attorneys had been granted leave to withdraw, court had ancillary jurisdiction to adjudicate attorneys' claim for fees). *See also Threlkeld v. White Castle Systems, Inc.* 180 F.Supp.2d 985, 987 (N.D. Ill. 2002) (Bucklo J.) (finding it had ancillary jurisdiction over witness fee dispute arising after case is resolved); *Avery v. Manitowoc*

*County*, 428 F.Supp.2d 891, 894 (E.D.Wis. 2006); *Alderman v. Pan Am World Airways, et al*. 169 F. 3d 99, 101-102 (2nd Cir. 1999) (confirming the district court's jurisdictional basis for reviewing the attorney fee dispute); *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir.1980) (per curiam) ("[c]laims for attorneys' fees ancillary to the case survive independently under the court's equitable jurisdiction...."), *cert. denied*, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981). *Cf Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939) (case arising prior to statutory grant of ancillary jurisdiction holding that attorney's fees disputes are "supplemental to the original proceeding"); *Marino v. Pioneer Edsel Sales, Inc.,* 349 F.3d 746, 753 (4th Cir. 2003) (district court had continuing jurisdiction to resolve a dispute as to attorneys' fees "in order to protect the continued integrity of its order approving fair and reasonable fees in the first instance").

*Baer* alone is sufficient jurisdictional authority for the referral order entered here. Wigginton/Taldone cite no law that contradicts these long-standing principles.

**B.    The Court Properly Exercised Personal Jurisdiction Over Wigginton and Taldone Under the MDL Statute, which Authorizes National Personal Jurisdiction**

Wigginton/Taldone's personal jurisdiction argument is also outright wrong because this is a national MDL proceeding. The MDL statute, 28 U.S.C. § 1407, authoriz[es] the federal courts to exercise nationwide personal jurisdiction in consolidated and transferred cases. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir. 1987); *see also In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) ([t]ransfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue. . . . Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer.)

**C.      The Court Expressly Retained Jurisdiction to Enforce the Settlement, which Includes the Distribution of Attorneys Fees**

As explained in Plaintiffs' Motion to Refer Attorney's Fee Claim [Docket No. 3730], the Court's Final Approval Order explicitly provided that the Court retained jurisdiction to enforce the settlement. Final Approval Order, Paragraph 10 [Docket No. 3628]. Wigginton/Taldone's Motion for Reconsideration does not address the substance or finality of the Court's order, but rather attempts to argue that the Settlement Agreement does not provide the proper jurisdictional grounds for the Court to refer the dispute. Here, the Court's Final Approval Order governs and unequivocally bestows power on the Court to refer the fee dispute. The Court has therefore acted properly in its referral. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("[i]t is well established that a federal court may consider collateral issues after an action is no longer pending. This Court has indicated that motions for costs or attorney's fees are '"independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree."') (citations omitted). *See also Chesley v. Union Carbide Corp.*, 927 F.2d 60, 65 (2nd Cir.1991) (finding, ancillary jurisdiction to resolve fee disputes continues after the initial litigation is no longer before the court.). *Cf. Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378-79, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (court can properly retain jurisdiction following settlement).

**D.      Granting Wigginton/Taldone's Motion for Reconsideration Would Unjustly Prejudice Roddy Klein & Ryan**

Wigginton/Taldone lastly argue that it would be "grossly unfair" to them for the fee dispute to be referred to a neutral at JAMS in San Francisco[2] for resolution, because they are located in Florida and it would require them to travel. [Motion for Reconsideration, p. 6]. They apparently believe that requiring

---

[2] JAMS has offices both in California and in New York. In connection with this case, Judge Weinstein has made himself available at both locations and Roddy Klein & Ryan is amenable to requesting that Judge Weinstein hold mediation and/or arbitration in New York if he is so inclined.

Roddy Klein & Ryan to travel to Florida at their convenience is the fair way to resolve this dispute. It is ironic that Wigginton/Taldone are asserting an entitlement to a disproportionate share of the attorneys fees awarded by the Court in this 5-year long MDL proceeding adjudicated in Chicago, yet they are unwilling to leave the state of Florida to resolve this dispute. Indeed, they have never incurred travel costs associated with this MDL. Roddy Klein & Ryan, on the other hand, spent years traveling across the country to California for depositions and mediations and to Chicago for numerous court hearings to ensure the successful resolution of this case. Absent Roddy Klein & Ryan's and its co-counsel's devotion to this proceeding, Wigginton/Taldone, and the Florida clients, would have received nothing. As Wigginton/Taldone acknowledges, only after the case was settled did they contact Roddy Klein & Ryan (for the first time in years) - only to ask how much they would get paid. [Motion for Reconsideration, ¶ 5].

Finally, Judge Weinstein is intimately familiar with the MDL proceeding and its resolution, and is therefore the most suitable neutral to resolve this dispute.[3] He has already agreed to participate in the resolution of disputes arising under the Settlement Agreement. Settlement Agreement, ¶ XXI. Any differences in the costs of travel would no doubt be offset by utilizing a neutral who would not need to be paid to learn the six-year history of these cases and their resolution. Nor would he need to be paid to understand the structure of the settlement or the basis on which fees are claimed and were awarded. Wigginton/Taldone have not, because they cannot, recommend a more appropriate neutral. Rather, they have only threatened litigation, which runs completely afoul of the parties' fee agreement. [Motion for Reconsideration, Exhibit B].

---

[3] There is no inherent conflict as Wigginton/Taldone suggest between the role of arbitrator and the role of mediator. However, the same issues would arise in the context of any neutral chosen by the parties under their agreement to mediate or arbitrate. Judge Weinstein could, of course, choose among any number of qualified neutrals at JAMS to assist if the parties ultimately require separate neutrals for mediation and arbitration. In the alternative, the parties could agree to arbitrate without prior mediation.

5

## IV. CONCLUSION

The Court's order referring this fee dispute is not a result of a manifest error of law. Wigginton/Taldone's jurisdictional arguments are entirely unfounded and without legal support. The Court properly has jurisdiction to refer the dispute and has acted appropriately. Judge Weinstein role in the resolution of this case to date, and his agreement to resolve disputes arising under the Settlement make him the most appropriate neutral in the circumstances of the Settlement. Wigginton/Taldone's Motion to Reconsider should therefore be denied.

Dated: October 12, 2010

                                        Respectfully submitted,

                                        */s/ Gary Klein*
                                        Gary Klein
                                        Shennan Kavanagh
                                        RODDY KLEIN & RYAN
                                        727 Atlantic Avenue
                                        Boston, MA 02111

## **CERTIFICATE OF SERVICE**

I, Gary Klein, hereby certify that on this 12th day of October, 2010 the foregoing document was filed electronically. Notice of filing was sent to all Filing Users by the Court's ECF system. Filing users may access this document electronically through the Court's ECF system. The foregoing document was also sent by first class mail on October 12, 2010 to the following:

Theresa I. Wigginton, Esq.
The Law Office of Theresa I. Wigginton, P.A.
1463 Oakfield Drive, Suite 122
Brandon, Florida 33511

Nicholas J. Taldone, Esq.
Law Offices of Nicholas J. Taldone
2536 Countryside Boulevard, Suite 100 E
Clearwater, Florida 33763

                                        */s/ Gary Klein*
                                        Gary Klein