**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) | MDL No. 1715 |
| | ) | Lead Case No. 05-cv-07097 |
| | ) | Centralized before Judge Marvin E. Aspen |
| JOSEPH A. WISNIEWSKI and TASHA WISNIEWSKI, | ) | 06-cv-2697 |
| Plaintiffs, | ) | |
| TOWN & COUNTRY CREDIT CORP., WELLS FARGO BANK, N.A., PARK PLACE SECURITIES, INC., Asset Backed Pass Through Certificates Series 2004-MCW1, and DOES 1-5, | ) | (Transferred for pre-trial proceedings to MDL 1715, Lead Case No. 05-cv-07097) |
| | ) | Judge Marvin E. Aspen |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**MOTION TO WITHDRAW REPRESENTATION OF PLAINTIFF JOSEPH A. WISNIEWSKI**

Counsel for plaintiff, Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner of EDELMAN, COMBS, & LATTURNER, LLC ("Counsel") respectfully request that this Court grant them leave to withdraw their appearances on behalf of plaintiff Joseph A. Wisniewski pursuant to Rule 83.17 of the Northern District of Illinois.

In support of this motion, Counsel state the following:

1. As plaintiffs have stated in their complaint, the mortgage which is the subject of this rescission action was always intended to bind Tasha Wisniewski and not her ex-

husband Joseph Wisniewski. Joseph Wisniewski has quit-claimed his interest in the property to Tasha Wisniewski. Joseph Wisniewski never signed the note in connection with the mortgage.

2. Approximately three weeks before closing their mortgage with Town & Country Credit Corporation, Tasha Wisniewski explained to a Town & Country employee named "Joe" that she and Joseph Winiewski were in the process of filing for divorce and that they had agreed that the mortgage should be in her name only. Joe repeatedly assured both Tasha and Joseph Wisniewski that the mortgage would be in Tasha's name only. A few days before closing, the Wisniewskis were informed that Joseph Wisniewski would have to sign certain documents at the closing in order to "get him off of the mortgage." On information and belief, Joseph Wisnewski signed a quit claim deed before closing , but the document was never recorded, and plaintiffs were never given a copy. Plaintiffs were rushed through the closing. A Town & Country employee whom they had not dealt with previously assured them repeatedly, "This is normal procedure. Just sign." Soon after the closing, Tasha Wisniewski realized that Town & Country had listed Joseph Wisniewski on the mortgage (Second Amended Complaint, ¶¶ 13-19)

3. Only Tasha Wisniewski signed the Note in connection with this mortgage loan.

4. On September 23, 2010, Ameriquest produced in discovery a letter that Tasha Wisniewski sent to Ameriquest Mortgage Company on or about July 22, 2004 (less than two months after closing the loan with Town & Country), stating, "Please cancel Joseph A. Wisniewski from 3rd party Authorization to obtain Information. This is strictly my loan." Exhibit A.

5. On September 23, 2010, Ameriquest also produced in discovery letters that Ameriquest sent to Tasha Wisniewski on July 28, 2004 and on November 19, 2006, requesting a Quit Claim Deed to remove Joseph A. Wisniewski as a "third party obligor." Exhibits B and C.

6. Joseph Wisniewski did execute and record a quit-claim deed to Tasha Wisniewski on March 3, 2007. Exhibit D.

7. Despite repeated attempts, Counsel has been unable to contact Joseph Wisniewski.

8. This communication breakdown between Joseph Wisniewski and Counsel has made it unreasonably difficult to represent Joseph Wisniewski.

9. Notice of this motion has been sent by certified and regular U.S. mail to Joseph Wisniewski's last known address.

10. Counsel will continue to pursue this case on behalf of Tasha Wisniewski.

WHEREFORE, Counsel respectfully request that this Court grant leave to withdraw their appearances on behalf of plaintiff Joseph A. Wisniewski and grant Joseph A. Wisniewski 60 days to find other counsel, and/or file a supplementary appearance.

Respectfully submitted,

s/Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street
Suite 1800

Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Cathleen M. Combs, hereby certify that on October 19, 2010, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jonathan N. Ledsky
jledsky@vbhlc.com

Craig Allen Varga
cvarga@vbhlc.com

Bernard E. LeSage
blesage@buchalter.com

s/Cathleen M. Combs
Cathleen M. Combs