Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 11/19/2010 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is a Motion to Establish Alternate Procedures for Rescission (Dkt. No. 3718) filed by defendant WMC Mortgage Corp. ("WMC") in one of the Opt-Out actions within the MDL (Indiv. Case No. 06C2639). For the reasons stated in the statement section of this order, WMC's motion is denied. It is so ordered.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

(Reserved for use by the Court)

# ORDER

Presently before us is a Motion to Establish Alternate Procedures for Rescission (Dkt. No. 3718) filed by defendant WMC Mortgage Corp. ("WMC") in one of the Opt-Out actions within the MDL (Indiv. Case No. 06C2639). WMC asks that we order plaintiff Camille Gburek to proceed with rescission of one of her mortgages with WMC. (Mem. at 1.) According to WMC, while it offered to proceed with rescission, Gburek is unable to complete the rescission process because she lacks the financial resources to repay the loan proceeds. (*Id.*) Indeed, Gburek neglected to respond to WMC's letters, which sought confirmation that she could tender the loan proceeds. (*Id.* at 2.) WMC seeks a modification of the rescission procedures set forth in the Truth in Lending Act, 15 U.S.C. § 1635(b), such that Gburek must repay WMC *before* it releases its security interest in her home. (*Id.* at 1, 3–4.) In the alternative, if Gburek does not have the funds to complete the rescission, WMC seeks dismissal of the rescission claim as moot. (*Id.* at 1, 3–5.) We have the authority to grant such relief. *See AFS Fin., Inc. v. Burdette*, 105 F. Supp. 2d 881, 881 (N.D. Ill. 2000)

We understand WMC's reluctance to proceed with rescission and release its interest without any indication that Gburek can meet her statutory responsibility to repay the loan balance. We also understand Gburek's interest in offsetting that amount due with any damages WMC may owe her for her other pending claim against it and in participating in some type of structured repayment plan. Regardless, we are in no position to evaluate the respective merits of these arguments. It would be premature for us to address these issues at this time, on what is essentially a motion to dismiss. *See, e.g.*, *Tulumbuta v. Wilmington Fin., Inc.*, No. 09 C 4123, 2010 WL 1792171, at *2 (N.D. Ill. May 3, 2010) (holding that, at the pleadings stage, the court could not "determine that the homeowners are unable to tender repayment as a matter of fact").

Moreover, these issues are case-specific and, as we have stated in the past, we will not address such individualized motions. "[I]t defeats the whole idea of an MDL for [us] to take all these cases and decide individual fact-specific motions." (12/19/08 Hr'g Tr. at 16:21–24 (discussing proposed motions for summary judgment).)

**STATEMENT**

Many Opt-Out claims remain, and we have no intention of evaluating dozens, if not hundreds, of similar motions. Motions raising factual issues must be filed before the transferor court, if and when remand occurs. As always, we encourage the parties to continue their good faith settlement negotiations.

For the reasons discussed above, WMC's motion is denied. It is so ordered.