Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 11/19/2010 |
| **CASE TITLE** | In Re: Ameriquest Mortgage | | |

**DOCKET ENTRY TEXT**

Presently before us is a motion for reconsideration filed by two Florida attorneys, Theresa Wigginton and Nicholas Taldone (collectively, "Florida Counsel"). (Dkt. No. 3757.) We thus grant the motion for reconsideration and vacate our September 27, 2010 order (Dkt. No. 3741). It is so ordered.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us is a motion for reconsideration filed by two Florida attorneys, Theresa Wigginton and Nicholas Taldone (collectively, "Florida Counsel"). (Dkt. No. 3757.) For the reasons stated below, we grant the motion.

Florida Counsel appear locked in a fee dispute with Co-Lead Plaintiff Class Counsel for the Borrower Plaintiffs, Roddy Klein & Ryan ("RKR"). RKR and Florida Counsel were co-counsel to a class case against Ameriquest, which was initially filed in Florida ("*Williams*") and dismissed pursuant to the Settlement Agreement we approved on June 29, 2010 (*see* Dkt. No. 3628). RKR and Florida Counsel previously executed a June 2006 letter fee agreement, which provided that any fee disputes "will be submitted to a mutually acceptable arbitration and/or mediation process." (Mot. to Refer, Dkt. No. 3730, Ex. 1 at 2.) On September 21, 2010, RKR filed a motion for referral of the underlying fee dispute to Judge Weinstein at JAMS for resolution. (Mot. to Refer ¶¶ 19–25.) Judge Weinstein previously mediated the Borrower Plaintiffs' consolidated class action, resulting in the Settlement Agreement with Ameriquest. RKR argued that, given his knowledge of the Ameriquest MDL, Judge Weinstein was the appropriate neutral to resolve the fee dispute with Florida Counsel, pursuant to the terms of the Settlement Agreement and RKR's 2006 agreement with Florida Counsel. (*Id.*) On September 27, 2010, we granted RKR's motion and referred the matter to Judge Weinstein (Dkt. No. 3741). We now reassess that ruling.

Although Florida Counsel argue that we lack jurisdiction over them personally and over this dispute, they are mistaken. It is well-established that the MDL statute authorizes "the federal courts to exercise nationwide personal jurisdiction." *In re Agent Orange Product Liability Litig.*, 818 F.2d 145, 163 (2nd Cir. 1987); *see* 28 U.S.C. § 1407; *see also In re Teletronics Pacing Sys., Inc.*, 953 F. Supp. 909, 913 (S.D. Ohio 1997); *In re FMC Corp. Patent Litig.*, 422 F. Supp, 1163, 1165 (J.P.M.L. 1976). We have jurisdiction over parties to an MDL, and all pretrial matters, to the same extent that the transferor courts had jurisdiction prior to transfer here by the Judicial Panel on Multidistrict Litigation. Florida Counsel does not claim that the transferor district court in Florida lacked jurisdiction over them. Absent any such argument, and pursuant to the authority granted by 28 U.S.C. § 1407, we

## STATEMENT

have personal jurisdiction over Florida Counsel.

We also have ongoing jurisdiction to resolve disputes, including attorneys' fees disputes, as necessary to enforce and effectuate the Settlement Agreement. Although Florida Counsel are not parties to the Settlement Agreement, they served as co-counsel for settling parties in *Williams*, and the present disagreement clearly relates to the fee award we approved as part of the Settlement Agreement. We retained jurisdiction over such matters, (*see* 6/29/10 Final Order ¶ 10, Dkt. No. 3628), and the Seventh Circuit has recognized and validated this exercise of jurisdiction. *Baer v. First Options of Chi., Inc.* 72 F.3d 1294, 1299–1301 (7th Cir. 1995); *see also In re Sulzer Hip Prosthesis & Knee Prosthesis Litig.*, 290 F. Supp. 2d 840, 848–49 (N.D. Ohio 2003). Accordingly, this question is properly before us.

That being said, we agree with Florida Counsel that our referral of the dispute for mediation before Judge Weinstein is contrary to their June 2006 agreement with RKR. For its part, RKR does not address this argument. In the June 2006 agreement, Florida Counsel and RKR stated that any disputes between them would be "submitted to a mutually acceptable arbitration and/or mediation process." (Mot. to Refer, Dkt. No. 3730, Ex. 1 at 2.) Our order referring this dispute to Judge Weinstein for mediation, without consulting Florida Counsel, shortchanges this prior agreement as it attempts to impose a specific process that may not be "mutually acceptable." Although Florida Counsel and RKR should seriously consider using Judge Weinstein for this issue—particularly in light of RKR's flexibility as described in footnotes 2 and 3 of its brief—we will not force Florida Counsel to proceed before Judge Weinstein if this process is not agreeable to them. We thus grant the motion for reconsideration and vacate our September 27, 2010 order (Dkt. No. 3741). It is so ordered.