# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 11/22/2010 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us are several motions filed by plaintiffs Roberta and Paul Zaremba in their individual case against Ameriquest Mortgage Co. (Indiv. Case No. 07 C 312). In light of the death of her husband and co-plaintiff earlier this year, we grant Roberta Zaremba's motion for substitution as Executrix of the Estate of Paul R. Zaremba. (Indiv. Dkt. No. 21.) We also grant, in part, the Zarembas' unopposed motion to opt-out of the Borrower class action. (Indiv. Dkt. No. 19.) We deny the Zarembas' request, however, for transfer out of the MDL and back to the District of Massachusetts.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us are several motions filed by plaintiffs Roberta and Paul Zaremba in their individual case against Ameriquest Mortgage Co. (Indiv. Case No. 07 C 312).

In light of the death of her husband and co-plaintiff earlier this year, we grant Roberta Zaremba's motion for substitution as Executrix of the Estate of Paul R. Zaremba. (Indiv. Dkt. No. 21.)

We also grant, in part, the Zarembas' unopposed motion to opt-out of the Borrower class action. (Indiv. Dkt. No. 19.) Apparently the Zarembas filed this motion on April 19, 2010, after receiving the class action settlement claim notice and realizing—purportedly for the first time—that their case was part of the MDL. (Mot. to Opt-Out ¶¶ 2–4.) We did not rule promptly on the motion because it was not filed under the main MDL case number (05 C 7097), and we did not receive a courtesy copy until recently. Had we received the motion in a timely manner, we would have granted it at that time. Moreover, we see no reason to hold the Zarembas responsible for counsel's confusion, and we permit the opt-out.

We deny the Zarembas' request, however, for transfer out of the MDL and back to the District of Massachusetts. First and foremost, the "power to remand a case to the transferor lies solely" with Judicial Panel on Multidistrict Litigation ("the Panel"). *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). Second, while we could suggest to the Panel that remand is appropriate, *see In re Managed Care Litig.*, 416 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006) (citing *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976)), such a recommendation is not warranted at this time. Contrary to the Zarembas' assertion, the MDL has not been resolved, and hundreds of similar Opt-Out claims remain.

**STATEMENT**

Accordingly, the Zarembas' case shall continue in the MDL. We encourage counsel to contact the Individual Claims Steering Committee, chaired by the National Consumer Law Center and the Consumer Law Group, for information on the handling of the individual cases and the status of ongoing mediation. Counsel shall also note that, pursuant to prior orders, all filings must be made under the main MDL case number and courtesy copies to chambers are required. It is so ordered.