# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097(09C1149) | **DATE** | 1/12/2011 |
| **CASE TITLE** | In Re: Ameriquest Mortgage ,et al | | |

**DOCKET ENTRY TEXT**

We grant the Mortgage Defendants' motion to join (3859) and now turn to consider the merits of the pending Rule 41(b) motion. According to BuyOwner, the Thompsons have not only ignored the above orders, but also failed to respond to correspondence initiating settlement discussions and neglected to file an appearance in this MDL. (Mot. ¶¶ 5, 7.) Under these circumstances—where the Thompsons have done nothing to litigate their case and, moreover, have disobeyed court orders—we agree with BuyOwner that dismissal under Rule 1(b) is appropriate. The Thompsons' total failure to prosecute their case has made it impossible for BuyOwner and Mortgage Defendants to defend and resolve this matter, including the third-party action. We thus grant the motion (3844) pursuant to Rule 41(b), with prejudice. This case is terminated. It is so ordered.

*/s/ Marvin E. Aspen*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

    Presently before us are two motions concerning the case filed by Christopher and Bleu Thompson (Indiv. Case No. 09 C 1149, originating in the Southern District of Florida as Case No. 08 C 61296). On December 8, 2010, third-party defendant BuyOwner Title, Inc., sued as BuyOwner Title of South Florida, Inc. ("BuyOwner"), filed a motion for involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 3844.) Several weeks later, defendants Argent Mortgage Company, Deutsche Bank National Trust Company, and Citi Residential Lending, Inc. ("Mortgage Defendants") filed a motion to join in BuyOwner's Rule 41(b) motion. We grant the Mortgage Defendants' motion to join and now turn to consider the merits of the pending Rule 41(b) motion.

    Rule 41(b) authorizes us to dismiss any matter "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is warranted "when there is a clear record of delay or contumacious conduct," *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted), including "any willful and unexcused violation of a court order," *Williams v. Adams*, No. 05 C 646, 2010 WL 3025598, at *1 (N.D. Ill. July 30, 2010) (internal citations omitted). Our decision whether to grant a Rule 41(b) motion is discretionary. *Esposito v. Piatrowski*, 23 F.3d 497, 499 (7th Cir. 2000).

    Here, BuyOwner's motion recounts the Thompsons' unexcused violations of court orders. Indeed, the

**STATEMENT**

Thompsons failed to comply with two court orders, both of which required them to engage in the ongoing mediation process by submitting a written itemization of damages and a settlement demand by specific dates. (Mot. ¶¶ 1–4; *see* 7/29/10 and 9/27/10 Orders, Dkt. Nos. 3659 & 3742.) The Thompsons also neglected to oppose the present motion to dismiss, despite our order seeking a response by December 27, 2010. (*See* 12/9/10 Order, Dkt. No. 3846.) This failing alone is sufficient grounds for dismissing the case. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that "[f]ailure to respond to an argument . . . results in waiver"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) (holding that "by failing to respond . . . to the motion to dismiss . . . [the plaintiff] forfeited her right to continue litigating her claim"); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (noting that the plaintiff must articulate a legal basis supporting the claim to defeat a motion to dismiss).

    According to BuyOwner, the Thompsons have not only ignored the above orders, but also failed to respond to correspondence initiating settlement discussions and neglected to file an appearance in this MDL. (Mot. ¶¶ 5, 7.) Under these circumstances—where the Thompsons have done nothing to litigate their case and, moreover, have disobeyed court orders—we agree with BuyOwner that dismissal under Rule 41(b) is appropriate. The Thompsons' total failure to prosecute their case has made it impossible for BuyOwner and Mortgage Defendants to defend and resolve this matter, including the third-party action. We thus grant the motion pursuant to Rule 41(b), with prejudice. This case is terminated. It is so ordered.