Tim Dooley
Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 279-7327
Fax:    (907) 258-0801
e-mail: timdooley@ak.net
        barbdooley@ak.net

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> PLAINTIFF REQUEST FOR AN ORDER ) <br> THAT PLAINTIFF IS NOT PART OF THE MDL ) <br> OR, THAT PLAINTIFF WILL BE PERMITTED ) <br> TO OPT-OUT OF THE CLASS ) | MDL No. 1715 <br> Lead Case No. 05-7097 <br><br><br><br> Centralized before the <br> Honorable Marvin E. Aspen |

**VERIFIED MEMORANDUM IN SUPPORT OF
MOTION TO DEEM AN ALASKA STATE COURT ACTION AS NOT PART OF THE
MULTIDISTRICT LITIGATION, OR, TO ALLOW LATE FILED NOTICE TO OPT
OUT**

1.  The following exhibits accompany this motion:

    **Exhibit A**    Affidavit of Don Ellis denying that he ever received Argent's "notice" of the class action.

    **Exhibit B**    Affidavit of Kewanna Ellis denying that she ever received Argent's "notice" of the class action.

    **Exhibit C**    Affidavit of Tim Dooley, attorney for the plaintiffs, denying that he ever

received Argent's "notice" of the class action.

**Exhibit D**   Argent's Lack of Response to Discovery Requests Concerning Its Denials, Defenses, and Affirmative Defenses.

2.   **Background:**   On July 17, 2008, Don and Kewanna Ellis filed a lawsuit against Argent Mortgage Company, LLC (Argent) and fourteen other defendants in Alaska state court over issues involved the purchase of their home in Anchorage, Alaska. [Ellis v Alyeska Title, et al, 3AN-08-9154 Civil][1]   In the Alaska state case, Argent has filed a motion for summary judgment in which Argent asserts that it should be dismissed from the case based on the settlement in the Ameriquest Illinois multi-district litigation class action.

3.   **Purpose of this Motion.**   Don and Kewanna Ellis request a ruling from the court that their Alaska state litigation is not a part of the multi-district litigation (MDL) that is currently handled by the Illinois federal court.  In the alternative, if the court finds that Don and Kewanna Ellis *are* part of the MDL, then the Ellises request that they be excused from the class action and permitted to proceed with the Alaska state court action.  At the request of Don and Kewanna Ellis, the Alaska state court has stayed the litigation in Alaska pending a ruling by the Illinois federal court.

4.   **Procedural Background in Alaska:**   Both Don and Kewanna Ellis are Alaska residents.  The defendants included twelve Alaska residents.[2]   The claims against the defendants were primarily based on Alaska state law such as fraud, violation of Alaska's Unfair Trade Practices Act, and quiet title.  Federal claims in the original complaint included violation of the Truth In Lending Act.  In the months after the original filing, the plaintiffs dropped all federal

---

[1]   Available at : http://www.courtrecords.alaska.gov/pa/pa.urd/pamw2000.o_case_sum?305559

[2]   Most of the individually named defendants were convicted in federal court for participation in a real estate flipping and mortgage fraud scheme which caused harm to several families, including the Ellis family.  See U.S. v Lockard, US District Court-Alaska; 3:07-CR-00148 . Argent was not indicted or convicted for any crime.

claims. Accordingly, the case was never removed to federal court and remains in the Alaska state court.

5. **Argent's Summary Judgment Motion in Alaska.** In the Alaska state court litigation, defendant Argent Mortgage Company, LLC filed a motion for summary judgment based on res judicata and settlement and release relying on the settlement of the MDL class action in the Illinois federal court. Plaintiffs Don and Kewanna Ellis contend that they are not part of the Illinois class action or, in the alternative, that they should be excused from the class action. The reasons are:

*************************

6. **Argent Did Not Comply With The MDL Rules.** Argent never filed a motion in our Alaska state court action for the action to be consolidated with the Federal Multi District Litigation (MDL) in Illinois 28 USC § 1407(c)(iii). Consequently, the Alaska state court never entered an order to comply with such a request, therefore our case was never transferred into the MDL. Based on this alone, the court should rule that the Ellises were not part of the federal MDL, and that their case should be allowed to proceed in the Alaska state court.

7. **Argent Was Dishonorable in Not Disclosing the Existence of the Illinois MDL Class Action Until After the Time for Opting Out Had Already Passed.** In the Alaska case, Argent purposely did not reveal in discovery or Rule 26 disclosures that Argent intended to use the Ameriquest class action litigation as part of their defense. Argent has admitted that it was relying on the allegedly mailed notice to the Ellises as the sole means of disclosing the existence of the MDL to the Ellises and their counsel.

8. Because Alaska was recently a federal territory, Alaska state court civil procedure is almost exactly the same as federal court civil procedure. In particular, the pleading requirements of Civil Rule 8, and the compulsory disclosure requirements of Civil Rule 26 and 37 are functionally the same.

9. The terms "Settlement and Release" or "Res Judicata" or even "Class Actions" were not listed by Argent as affirmative defenses, or as defenses, or in any other way. The class actions were not referred to in Argent's Rule 26 initial disclosures and Argent never provided any supplement to its Rule 26 disclosures regarding this class action until 7 days (August 2, 2010) before filing a motion for summary judgment regarding the class action (August 9, 2010). In addition, Plaintiffs specifically requested all discovery that "supports, contradicts, or relates in any way" to Argent's denials, defenses, or affirmative defenses. Argent never mentioned anything concerning any class actions, settlement and release, or res judicata until August 2010. These disclosures did not occur until after the opt-out date had passed in the MDL.

10. In the Alaska case, the Alaska claims are different from those in the MDL class action. None of the claims in the MDL have to do with the Alaska State Unfair Trade Practices Act or Alaska State Law on Tortious Interference and Alaska State law on Negotiable Instruments. Thus, there was no reason for plaintiffs to suspect litigation existed in other jurisdictions relating to these state law claims.

11. **The Unfair Prejudice to the Ellises.** Since it is the named party, Argent has obviously known about the MDL class action for many months. Under the federal court's class action order of January, 2010, the time for opting out of the class was February 22, 2010 and the time for asserting a claim was March 9, 2010. Because of the lapse of time and Argent's failure to make required disclosures under Alaska state law, the Ellises would get nothing under the federal class action. Lying in wait until this time to ambush the Ellises with the class action issue would completely deprive the Ellises of any recovery from Argent if the Ellises were deemed to be covered by the federal MDL. Moreover, given how the Ellis' case involves state law claims, the Ellises would have simply opted out of the federal class had they been given proper and timely notice of it. If the Ellises had been given notice of the class action long ago, the Ellises would have simply opted out of the class action.

12. **No True Notice to the Plaintiffs in This Case.** In the days before Argent filed its motion for summary judgment, plaintiffs counsel told Argent's counsel, Dave McGee, that counsel had received no notice of the class action and neither had the Ellises. [Exhibits A, B, C]

Knowing that Don Ellis was represented by counsel, Argent should have sent notice to his attorney, but never did. [Exh C]   Argent has provided an affidavit of a Mr. Fenwick that the notice to Don Ellis "was sent".    Don Ellis and his wife state they did not receive any such notice. [Exhibits A, B].   Nevertheless, the plaintiffs recognize that the law on notice is against them and that because an affidavit was signed that notice was sent to them, the courts may treat the notice as actually received.

13.     **Don Ellis is Not A Member of Any of the Five Classes Covered by The Settlement Agreement.**    The Ellises do not fit in the TILA (Truth in Lending Act) Rescission Class.  They do not fit within the three types of the Bait and Switch Class.  They have not made a claim which would put them into the "Discount Points Class" or the "Wholesale Borrower Class" or the "Loan Servicing Class."   The Ellis' claims are all based on Common Law and Alaska State statutory claims.

### Request For Relief

14.     Ellis requests the following relief in the alternative

    a)     A declaration that their Alaska case is not a part of the MDL case in Chicago and may proceed in Alaska without regard to it; or

    b)     That Ellis' be granted leave to opt out after the deadline and that the Court grant them the right to opt out and proceed in Alaska.

DATED this 4th day of February, 2011 at Anchorage, Alaska.

I, Timothy D. Dooley, declare under penalty of perjury that the foregoing statements are true and correct.

By: /s/ Timothy D. Dooley
Attorney for Don and Kewanna Ellis


Tim Dooley
Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 279-7327
Fax:   (907) 258-0801
e-mail: timdooley@ak.net
              barbdooley@ak.net

**Certificate of Service**

I, Timothy D. Dooley, certify that on this 4th day of February, 2011, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Timothy D. Dooley