## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 (07C7182) | **DATE** | 2/22/2011 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

In light of this conflict of interest, we grant counsel's motion to withdraw. (3863). It is so ordered.

*[signature: Marvin E Aspen]*

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

### ORDER

Presently before us is a motion related to the individual matter brought by Wilbert and Kandee Cooley, Case No. 07 C 7182. Plaintiffs originally filed this case in the Southern District of Alabama and it was transferred to us on January 3, 2008 for inclusion in the Ameriquest MDL, Case No. 05 C 7097. In 2009, the Cooleys' counsel in this MDL—Underwood & Reimer, PC—filed a motion for leave to withdraw their representation in light of the Cooleys' pending divorce. On December 15, 2009, we denied that motion because counsel had not demonstrated that any actual conflict of interest existed. (12/15/09 Order, Dkt. No. 3270.) At that time, we specifically stated that the interests of Wilbert and Kandee remained aligned, such that counsel could continue their representation of both Cooleys despite the divorce proceedings. (*Id.* at 2.) Counsel have now renewed their motion to withdraw. (Mot., Dkt. No. 3863.) Wilbert opposes the motion and relies on the arguments he advanced in opposition to the original motion. (Resp. ¶ 2, Dkt. No. 3877; *see* 8/13/09 Resp. & 9/25/09 Surreply, Dkt. Nos 3039 & 3132.) Wilbert explains that either he or Kandee will need representation once the Alabama court decides who will receive the marital home. (Resp. ¶ 3.) He contends that counsel, who solicited the Cooleys to represent them in their case against Ameriquest, "should not be allowed to abandon plaintiffs at the eleventh hour regardless to which plaintiff ultimately benefits from their representation." (*Id.*)

Despite the intuitive appeal of Wilbert's argument, we grant the motion. In their motion, counsel state that they "have received conflicting and irreconcilable instructions from the [Cooleys] regarding how the case should be handled." (Mot. ¶ 3.) Counsel represent that the Cooleys "have conflicting views as to how to proceed . . . and this renders it impossible for [the] firm to continue to represent either one of them in this case." (*Id.* ¶ 4.) Unlike with their earlier motion, counsel have averred that an actual conflict exists. *See, e.g.,* L.R. 83.51.7, *Conflict of Interest: Gen'l Rule* (providing that "[a] lawyer shall not represent a client if the representation of that client would be *directly adverse* to another client" or if the representation "may be *materially limited* by the

**STATEMENT**

lawyer's responsibilities to another client") (emphasis added).  In his objection to the motion, Wilbert neither denies that he and Kandee are giving counsel conflicting instructions, nor suggests how counsel could possibly decide whose instructions to obey.  (*See* Resp. ¶¶ 1–3.)  In light of this conflict of interest, we grant counsel's motion to withdraw.  It is so ordered.