**EXHIBIT 4**

In the Superior Court at Anchorage Alaska

| | | | |
|---|---|---|---|
| **Media No:** | Courtroom 603 | **Judge:** | Sharon Gleason |
| **Date:** | Tuesday, December 21, 2010 | **Clerk:** | Holly Fuentes |
| **Case No:** | 3AN-08-09154CI | | |
| **Case Title:** | Donald Ellis & Kewanna Ellis vs. Alyeska Title Guaranty Agency, et al | | |
| **Type of Proceeding:** | Oral Argument | | |

**Counsel Present:**

| | |
|---|---|
| **Plaintiff:** | Tim Dooley – Present |
| **Plaintiff:** | Clayton Walker – Present |
| **Defendant:** | David McGee – Present *(for Argent Mortgage Co LLC)* |
| **Defendant:** | Paul Stockler – **Not** Present *(for Keith Facer)* |
| **Defendant:** | Brett Von Gemmingen – **Not** Present *(for Gary Paterna)* |
| **Third-Party Defendant:** | Kevin Fitzgerald – Present *(for Jason Wooten)* |

**Court Orders:**
- Matter Taken Under Advisement
- Parties agree to defer filing of trial briefs until next Thursday
- Preset> Jury Trial: January 5, 2011 @ 8:30am-1:30pm

---

**Summary of Proceedings:**

| Time | |
|---|---|
| 3:02:01 PM | **On record**<br><br>*Court identifies case and parties* |
| 3:02:34 PM | **Fitzgerald**<br>-I filed the original downstairs…that's all<br><br>*Mr. Fitzgerald leaves courtroom* |
| 3:02:53 PM | **COURT:**<br>-I got the supplemental materials…ready to proceed? |
| 3:03:16 PM | **McGee**<br>-Want to object to…want to put that on the record<br>-As far as the class action…can answer any questions you have |
| 3:03:53 PM | **COURT:**<br>-Asserting the Ellis' were not members…you addressed this in your earlier briefing |
| 3:04:14 PM<br><br>3:05:24 PM | **McGee**<br>-One of the arguments plaintiffs makes…it's misstating clause…says class doesn't apply to…just in general tort and contract claims<br>-Nothing they've done since then has changed that fact<br>-That's the definition in the settlement agreement…costs is over…Mr. Ellis is still in class…he was given notice…everything should be settled, class action terms should be applied to him |
| 3:06:24 PM | **COURT:**<br>-So, as an alternative argument…if you have comments to that |

| | |
|---|---|
| 3:06:38 PM | **McGee**<br>-Would stand mostly by what we wrote…one point…the issue of damages<br>-We said Ellis hasn't brought any evidence of damage…self-serving affidavits |
| 3:07:14 PM | -Important because…Mr. Ellis purchased the house without paying any money out of his own pocket…same time he's taking in rent money from people living in duplex…then he stopped paying his mortgage…possibility he's made money…collecting rent money still to this day and haven't paid mortgage for 24 months |
| 3:08:17 PM | -He might walk away…made money on this…for both his claims, an actual showing of damages…he hasn't brought any evidence of that so far<br>-Sounds like Mr. Ellis is targeting people…has an opportunity to file charges against broker…those causes of action can go forward |
| 3:09:28 PM | -Argent can't do anything about a foreclosure now…no judgment that can stop or postpone a foreclosure |
| 3:10:23 PM | -There was some question about how the foreclosure was postponed…they did so as a courtesy<br>-Nothing that Argent can do to keep that foreclosure from going…nothing to do to stop it<br>-No, that was Ameriquest…City Bank is not among those |
| 3:11:39 PM | -The only claims remaining is the unfair…and the quiet title claim<br>-We both agree since Argent doesn't have an interest…our contention is, because the Defendant's interest in property…that doesn't mean Mr. Ellis wins against us |
| 3:12:27 PM | -By Mr. Ellis's reasoning he can sue anybody…he says okay, I win…winning law suits against everybody in town<br>-So we argue that quiet title shouldn't be a claim going forward…happy to rest on briefing |
| 3:13:23 PM | **Dooley**<br>-When we began this claim Argent held the note…that's why they were sued |
| 3:14:22 PM | -As discovery has unfolded…we find that other people have one note…there's four documents<br>-And we find more and more of these entities, some just shells, has an interest…that's part of the reason we had to amend<br>-I don't think granting a summary judgment on all claims…it seems to me…established by Argent they have no interest in property |
| 3:15:39 PM | -It certainly was before a good reason to pursue it…but sounds like that issue is completely over now<br>-If we find that Argent was involved in some way in issuing the loan it did, we have a claim against holders of note |
| 3:16:25 PM | -We do…if they are not holders in due course…we asked for copy of note, no one has produced<br>-Even if they are holders…they all will not qualify as holders…be subject to defenses…could not enforce them if we prevail on tort claims |
| 3:17:17 PM | -That's why it's important for us to pursue tort claims on Argent…now we no longer have them as the Master/Agent relationship…we asserted relationship…looked like the facts were the same here |
| 3:18:08 PM | -I thought it peculiar they wanted to dismiss those cases…the big defense…is that they had a privilege based on the Master/Agent relationship…no difference in the proof of facts |
| 3:19:26 PM | -Testified Argent no longer exists…sold all the paper we were asking for to City Group<br>-David was mentioning City Bank, that has not appeared on our radar scope…City Group A bought boxes of paper…had more proof of agency relationship |
| 3:20:14 PM | -There was a mention of self-serving affidavits…Mr. Ellis filed affidavits and he filed discovery responses…they were objecting to it…we had failed to add the verification sheet concerning damages so we provided that |
| 3:20:58 PM | -If Argent is found guilty…could double or triple…never been addressed in Alaska<br>-The base amount would be the amount of the loan…I would not because Argent had the advantage of selling the inflated amount |
| 3:21:52 PM | -I would not…mainly because it was a gut reaction…there's a good argument for subtracting it |

3AN-08-09154CI 12-21-10

Page 2 of 4

| Time | Transcript |
|---|---|
| 3:22:43 PM | -In other jurisdictions, the person wronged by the mortgage company has maintained the house and had the note taken away…had it doubled or tripled<br>-I will confess I don't know the rationale for keeping the house<br>-Argent mortgage company is one of the four big companies…Ameriquest…both are owned by ACC Capital Holdings…all were owned by one man who is now dead, he had total control over that |
| 3:23:49 PM | -They've left whole neighborhoods empty…victimized the markets |
| 3:24:27 PM | -But that entire scheme is what has disrupted the whole country…a number of law suits<br>-Argent and Ameriquest…that's why I think we'll eventually see a ruling or verdict on predatory lending |
| 3:25:26 PM | -We did file a cross motion…please don't rule on that…that was another case<br>-I said we'd still have claims remaining if you did this<br>-In terms of the class action…none of that class action had to do with predatory lending<br>-They only had five elements of a class…we've argued it already…fundamentally unfair |
| 3:26:26 PM | -Mr. Ellis has filed an affidavit he never got a notice, he gets all his mail forwarded…I didn't get any notice…haven't seen anything but affidavit…I think they're mistaken |
| 3:27:12 PM | -It's quite a packet of material they sent out, don't think it'd be overlooked<br>-I have nothing to add but may be quite a bit of questions<br><br>**COURT**:<br>-What's your opinion if I find notice was adequate…would you see the class action… |
| 3:27:51 PM | **Dooley**<br>-Yes, it would preclude claims in class action…in there… |
| 3:28:47 PM | **McGee**<br>-Honestly, that doesn't make any sense to me…he may have paid some of that back but as far as damages go, that's something that comes out of his pocket |
| 3:29:17 PM | -He was given $370,000 dollars…no rhyme or reason behind it…he has to be out some kind of money…believe he's made money |
| 3:30:19 PM | -This case was filed in 2008, Argent sold the note in 2007…been transferred already<br>-It may not have been recorded yet but…we weren't asked if we had the note till this summer of 2010…so this information has been out for several months now…Argent has no role in foreclosure |
| 3:31:08 PM | -The only claim…any other claim for monetary damages…the terms that describe the release claim…it would include unfair trade practice<br>-The process would be to go after the current not holder…then that end of the chain can start reaching back…can sue the party they received it from…Mr. Ellis can't short circuit that |
| 3:32:40 PM | **COURT**:<br>-If a litigant…has issues with notice… |
| 3:32:58 PM | **McGee**<br>-They need to be with the class action…due process needs to be taken up with that court<br>-That's the court that's responsible for it…not this court's job to decide whether it was properly done |
| 3:33:42 PM | -That's the court Mr. Ellis can take up his problems with…if he wants to take advantage…he may be able to find his way into that class<br>-Any tort claims he brings now…this all happened in summer of 2005…two year statute of limitation…still wouldn't be in time…should have been discovered at the time it happened |
| 3:34:54 PM | -Really no grounds for any new tort claims to be brought up now<br>-I think that's all I have…thank you |

| | |
|---|---|
| 3:35:26 PM | **Dooley**<br>-Mr. Ellis filed an affidavit and verification…damages are listed at Exhibit 9…starts with supplement…Argent did a supplement and we did a supplement |
| 3:36:15 PM | -That should say plaintiff's responses to…Exhibit 9 to Ellis's reply |
| 3:36:53 PM | **COURT**:<br>-For whatever reason…what's the date of filing? |
| 3:37:06 PM | *Mr. Dooley approaches bench* |
| 3:37:16 PM | **COURT**:<br>-I found it…the point you wanted to make |
| 3:37:27 PM | **Dooley**<br>-I keep hearing we submitted nothing on damages…affidavits that are self-serving…should be from the plaintiff |
| 3:37:58 PM | **COURT**:<br>-I'm going to take it under advisement and will get you a decision next week<br>-On the notice issue, record demonstrates notice was consistent…see that as an issue brought before the court in Illinois |
| 3:39:01 PM | -Likely to have my office call…will give you decision on record |
| 3:39:20 PM | **Dooley**<br>-May we have leave to file…don't know if I have to request it |
| | **COURT:**<br>-I don't have jurisdiction…I am not affording any directives to the Illinois court |
| 3:40:13 PM | -I think the affidavit is adequate…there's a Supreme Court case…the allegation there was the testimony of the obligor…he had not received notice…as long as there was an affidavit it had been mailed, that was adequate |
| 3:41:09 PM | **Dooley**<br>-I doubt we're pursuing anything in Federal court |
| | **COURT**:<br>-Anything further? |
| 3:41:32 PM | **McGee**<br>-We have trial briefs due tomorrow, question of what claims are being brought |
| 3:41:49 PM | **COURT**:<br>-Would these two parties agree to defer trial briefs…can be delayed until next Thursday |
| 3:42:11 PM | **Off record** |

In the Superior Court at Anchorage Alaska

| | | | |
|---|---|---|---|
| **Media No:** | 603 | **Judge:** | S. Gleason |
| **Date:** | Wednesday, December 29, 2010 | **Clerk:** | M. Malalang |
| **Case No:** | 3AN-08-9154CI | | |
| **Case Title:** | Donald Ellis | Vs. | Alyeska Title Guaranty Agency |
| **Type of Proceeding:** | Decision on Record | | |
| **Counsel Present:** | | | |
| Plaintiff: | Timothy Dooley/p, Clayton Walker/p | | |
| Defendant: | David McGee/p | | |

**Court Orders:**
- ➢ Vacate Trial date
- ➢ Continuance Granted
- ➢ **Summary judgment by Wooten is denied**
- ➢ **Status report within 90 days, April 29, 2011**
- ➢ **Parties ordered to Motion file before the federal court by January 31, 2011**

---

**Summary of Proceedings:**

| Time | |
|---|---|
| 4:04:32 PM | On record<br>Court in session / identifies case and parties |
| 4:04:52 PM | **COURT**:<br>-reviewed plaintiff's motion on continuance<br>-continuance is warranted<br>-initial Rule disclosure, Rule 26, not disclosed until August<br>-Argent's argument, 4.5 month delay, no relief from Federal Court<br>-Release from class action – not an action that I was going to take |
| 4:07:36 PM | -grant continuance |
| 4:07:43 PM | -summary judgment ripe<br>-need a motion filed before the federal court by January 31, 2011 |
| 4:08:21 PM | -Status report within 90 days, April 29, 2011<br>-grant motion to amend complaint<br>-accord to Argent, right to seek additional fees to re-depose people<br>-extent—trial preparation, no duplication of depositions<br>-justification for reasonable fees |
| 4:10:25 PM | -pending motion on second summary judgment by Argent- under advisement, will issue written decision, it is running on it's own path |
| 4:11:36 PM | -Wooten's summary judgment<br>-merit in arguments of Wooten, warranting the continuance<br>-summary judgment is mooted by Wooten<br>-basis for superior liability – naming directly the employee<br>-summary judgment by Wooten is denied |
| 4:13:52 PM | -civil rule 82 |
| 4:14:24 PM | McGee<br>-new trial date? Wait to see what happens in 90 days? |

| | |
|---|---|
| | COURT:<br>-waiting 120 days<br>-hope to conclude this in 2011<br>-no knowledge to the back log in Illinois |
| 4:16:05 PM | McGee<br>-preliminary ruling on notice last week |
| | COURT:<br>-ruling stands from last week<br>-context of this case, notice appeared to comply with federal court requirements<br>-did not invalidate the notice |
| | McGee<br>-basis of continuance, from the Rule 26 disclosures? |
| 4:17:31 PM | COURT:<br>-most responsibility of where we are today is part of the plaintiff's<br>-February of 2010, did not accord notice to Dooley, Rule 26A1D<br>-copies of all documents – not apportion fault<br>-some responsibility on Argent and plaintiff |
| | McGee<br>-not sufficient under Rule 26 |
| | COURT:<br>-2 different types of sufficiency, Illinois – no opinion<br>-sufficiency of notice on class action is not my authority<br>-when argent is aware of class action lawsuit, then obligation to alert counsel in it's effects on this case |
| 4:20:45 PM | -outside of my per-view<br>-this case, it has critical baring on this case |
| 4:21:38 PM | Vacate Trial date<br>-will issue orders on this matter |
| 4:22:08 PM | **Off record** |