**EXHIBIT  A**

Michael R. Mills #8911074
David T. McGee #0811075
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

**COPY**
Original Received

AUG 09 2010

Clerk of the Trial Courts

Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT AT ANCHORAGE

DONALD ELLIS and KEWANNA
ELLIS,

               Plaintiffs,

vs.

ALYESKA TITLE GUARANTY
AGENCY, et al.,

               Defendants.

ALASKA STATE MORTGAGE
COMPANY, INC. and SUSAN
MCCREADY,

          Third-Party Plaintiffs,

vs.

JASON WOOTEN,

          Third-Party Defendant.

**DOCKETED**

Case No. 3AN-08-9154 CI

## ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT

Defendant Argent Mortgage Company, LLC ("Argent"), by and through the

undersigned counsel, hereby files this memorandum of law in support of its motion for

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

summary judgment on all claims by Plaintiffs Donald and Kewanna Ellis ("Ellis").

## I.    INTRODUCTION

Plaintiff Donald Ellis is a member of a class that has settled a lawsuit against Defendant Argent Mortgage Company and certain of its affiliates.  Ellis received notice of the settlement, and he was notified that one of the terms of the settlement would be the release of all claims relating to mortgage origination by Argent.  Ellis was provided the opportunity to opt out of the class, but did not.  Consequently, he is bound by the terms of the settlement, and all of his claims against Argent are barred by the doctrines of release and res judicata.

## II.    RELEVANT FACTUAL BACKGROUND

In 2005 Donald Ellis took out two loans from Argent – an 80% note and a 20% note – which were used to finance the acquisition of the property located at 521 Bitterroot Circle, Anchorage, Alaska (the "Property").[1]  In July, 2008, Ellis filed a complaint against Argent seeking rescission of the loan based on an alleged violation of the Truth in Lending Act ("TILA"), and seeking to quiet title to the Property.[2]  The Court granted, in part, Argent's motion for summary judgment and dismissed Ellis's claim for rescission under TILA.[3]  Ellis then filed a Second Amended Complaint in June, 2009, alleging a violation of the Alaska Unfair Trade Practices Act, negligence, vicarious liability for and negligent supervision of Alaska State Mortgage Company, violation of the Equal Credit

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

---

[1]  *See* Complaint, Exhibit 1.
[2]  *Id.*
[3]  Court Order, Exhibit 2.

ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Page 2 of 17

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

Opportunity Act, quiet title, and rescission.[4] (It is unclear what the rescission claim refers to, after the Court has already dismissed Ellis's claim for rescission.) Each of these claims relates to Ellis's borrowing of two loans from Argent.

Sometime in January 2010, Ellis received a notice from the United States District Court for the Northern District of Illinois informing him that he was a member of a class that had reached a class action settlement (the "Settlement").[5] The notice identified Argent as one of the settling defendants (the notice clearly identifies Argent and the other settling defendants and refers to them together as "Ameriquest"), and explained the nature of the pending action:

> The Class Action lawsuit was brought against Ameriquest for alleged improper mortgage lending and mortgage loan servicing activities in violation of numerous federal and state laws, including the Truth in Lending Act ("TILA"), breach of contract, unjust enrichment, and state Consumer Protection and Deceptive Trade Practices Acts. Ameriquest denies all allegations made against it, denies that its lending or loan servicing practices violated any law, and denies that it financially harmed any of its customers.[6]

The notice presented the terms of the settlement, including that class members would receive settlement payments and foreclosure prevention services, and that in return class members would "release all known or unknown claims against Ameriquest and related parties."[7] The notice informed class members that they could opt out of the settlement if they so chose, but if they did not, they would be bound by the terms of the settlement.[8]

---

[4] Second Amended Complaint, Exhibit 3.
[5] *See* Class Action Settlement Notice, Attached to Affidavit of Scott Fenwick, Exhibit 4.
[6] *Id.* at 2.
[7] *Id.* at 4-6.
[8] *Id.* at 1, 6-7.

ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM SUPPORTING MOTION FOR SUMMARY JUDGMENT
Page 3 of 17
4820-1492-6599\1\473707\00038

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Class members were also directed to a website where they could receive access to complete and detailed information on the settlement, which states that the settlement releases:

> all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort (including but not limited to personal injury, and emotional distress and RICO claims), statute, regulation, or common law, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted.[9]

Class members were also provided a chance to appear and be heard at a fairness hearing.[10] The settlement notice was sent and approved by Judge Marvin E. Aspen of the United States District Court of the Northern District of Illinois.[11]

Ellis did not opt out.[12] The settlement has been approved by the U.S. District Court.[13]

## III. ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when a party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Alaska R. Civ. P. 56(c); *Ellingstad v. State, Dept. Natural Resources*, 979 P.2d

---

[9] Settlement Agreement, Attached to Affidavit of Scott Fenwick, Exhibit 4 at p. 15.
[10] Settlement Notice at p. 7.
[11] *Id.* at 8.
[12] Affidavit of Scott Fenwick, Exhibit 4. See also Exh. A to Final Court Order and Judgment, Exhibit 5.
[13] Final Order and Judgment, Exhibit 5.

ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Page 4 of 17

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

1000, 1004 (Alaska 1999). Once the movant shows the case presents no material issues of fact and that the law requires judgment in its favor, the opposing party may only avoid summary judgment by producing competent evidence to show there are material issues of fact to be tried. *See Brock v. Rogers & Babler, Inc.*, 536 P. 2d 778, 782 (Alaska 1975). A "scintilla of contrary evidence" is not sufficient to create a genuine issue of fact. *Yurioff v. American Honda Motor Co.*, 803 P.2d 386, 389 (Alaska 1990). Unsupported conclusory allegations in the non-movant's affidavit are insufficient to create a genuine issue of fact. *Fomby v. Wisenhunt*, 680 P.2d 787, 792-93 (Alaska 1984). Moreover, "[m]ere assertions of fact in pleadings and memoranda are insufficient for denial of a motion for summary judgment." *State Dept. of Highway v. Green*, 586 P.2d 595, 606 n.32 (Alaska 1978).

**B.     ELLIS'S CLAIMS AGAINST ARGENT ARE BARRED BY THE DOCTRINES OF RELEASE AND RES JUDICATA BECAUSE OF THE CLASS ACTION SETTLEMENT.**

Ellis's claims are barred by the doctrines of release and res judicata because, as a member of the class that has settled its claims with Argent, he is bound by the settlement terms. Although Alaska law does not speak to all the issues presented here, federal law is unanimous in holding that Ellis's claims are barred, and the Alaska Supreme Court has held that "federal decisions will be 'especially persuasive' in interpreting Alaska Civil Rule 23,"[14] the rule governing class actions. Ellis is bound by the settlement, and so all his claims must be dismissed.

---

[14] *Bartek v. State, Dept. of Natural Resources, Div. of Forestry*, 31 P.3d 100, 102 (Alaska 2001) (quoting *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1041 (Alaska

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

### 1.    The Settlement Covers All of Plaintiff's Claims.

All of Ellis's claims against Argent relate to the origination of two loans Ellis took from Argent for the financing of the acquisition of the Property.  Each of these claims is covered by the Settlement release.  The Settlement Notice informed Ellis that members of the settling class would "release all known or unknown claims" against Argent.[15]  The Settlement Agreement makes explicit that the release includes "all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, without limitation, in contract, in tort (including but not limited to personal injury, and emotional distress and RICO claims), statute, regulation, or common law."[16]

Because Ellis did not opt out of the Settlement class and because the Settlement release specifically covers the "claims, causes of actions, or liabilities" Plaintiff asserts here (i.e., claims relating to the origination of his loans by Argent), Argent respectfully requests that the Court grant its Motion and dismiss the claims against Argent in their entirety.

### 2.    Ellis Was Properly Notified of the Class Action Settlement.

A Settlement Notice was sent to Donald Ellis's home address, 521 Bitterroot Circle, Anchorage, Alaska, in January 2010.[17]  Alaska law states that class settlement notices pursuant to Civil Rule 23(e) are "sufficient if they inform the class members of the nature of the pending action, the general terms of the settlement, that complete and

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

---

1981)).
[15] *Id.*
[16] Settlement Agreement at p. 15.
[17] Settlement Notice at 10.

detailed information is available from the court files, and that any class member may appear and be heard at the hearing."[18]  As discussed above, the notice provided to Ellis clearly satisfied all these factors.  It described the nature of the action, provided the general terms of the settlement, provided directions for finding more detailed and complete information, and stated when and where class members could appear and be heard at a hearing.  Further, the notice also satisfies Civil Rule 23(c)(2) because it notifies each member that the court will exclude the member if the member requests exclusion by February 22, 2010,[19] and because the notice also informs class members that the judgment will include any member who does not opt out.  The notice sent to Ellis satisfies the requirements of due process as stated by Civil Rule 23 and the Alaska Supreme Court in *Neese v. State*, 218 P.3d 983 (Alaska 2009).

> **3.** **The Law Does Not Excuse Class Members Who Were Mailed a Settlement Notice But Claim to Have Not Received It.**

Adequate notice was provided to Ellis when the U.S. District Court sent the Settlement Notice to Ellis's home address.[20]  It is anticipated that Ellis will argue that he never received or read the Settlement Notice and that, as a consequence, he should not be bound by it.  However, courts unanimously reject this excuse: "Generally speaking, notice sent by mail—without any indication that it was not received by the addressee—is

---

[18] *Neese v. State*, 218 P.3d 983, 990-91 (Alaska 2009) (quoting *Weiss v. State*, 939 P.2d 380, 400 (Alaska 1997)).
[19] Settlement Notice at 1, 6-7.
[20] Settlement Notice.

ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Page 7 of 17

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

constitutionally sufficient."[21]  In examining due process requirements, the United States

Supreme Court has "ample precedent condoning notice by mail."[22]  The Second Circuit

Court of Appeals states: "proper inquiry is whether the state acted reasonably in selecting

means likely to inform persons affected, not whether each affected person actually

received notice.  Furthermore, under most circumstances, notice sent by ordinary mail is

deemed reasonably calculated to inform interested parties that their rights are in

jeopardy."[23]  The First Circuit says: "Individual notice of class proceedings is not meant

to guarantee that every member entitled to individual notice receives such notice," but "it

is the court's duty to ensure that the notice ordered is reasonably calculated to reach the

absent class members."[24]  The Eighth Circuit holds that due process "does not require a

showing by the State that an interested party received actual notice, and notice by mail is

ordinarily presumed to be constitutionally sufficient."[25]

    This rule makes sense because the alternative would lead to absurd results,

preventing class action settlements from ever achieving finality.  A class member who is

---

[21] *Sanchez v. Northwest Airlines, Inc.*, ___ B.R. ___, 2010 WL 2090083 *5 (D. Minn. 2010).
[22] *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citing *Dusenbery v. United States*, 534 U.S. 161, 169 (2002); *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318-19 (1950).
[23] *Weinstein v. Albright*, 261 F.3d 127, 135 n.7 (2d Cir. 2001) (quoting *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)) (internal quotes, citations, brackets, and ellipses removed).
[24] *Reppert v. Marvin Lumber and Cedar Co., Inc.*, 359 F.3d 53, 56 (1st Cir. 2004) (citing *Hallman v. Pa. Life Ins. Co.*, 536 F. Supp. 745, 748-49 (N.D. Ala. 1982); *In re Viatron Computer Sys. Corp. Litig.*, 614 F.2d 11, 13 (1st Cir. 1980); *Key v. Gillette Co.*, 90 F.R.D. 606, 612 (D. Mass.1981).
[25] *Crum v. Vincent*, 493 F.3d 988, 993 (8th Cir. 2007).  *See also Lewis v. City of St. Louis*, 607 F. Supp. 614, 617 (E.D. Mo. 1985) ("Personal service constitutes actual notice and notice by mail is designed to ensure actual notice and thereby satisfies minimal requirements of due process.").

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

upset with the final settlement would only have to say that he never received the notice, and the settling parties would be right back where they started, relitigating the same issues that had been resolved in the settlement. Class action settlements would never occur if the parties had to worry about repeatedly fighting battles against plaintiffs who merely claim the mail never arrived. If Ellis argues in his opposition that he never received the Settlement Notice, this excuse should be rejected by the Court because the mailing of the notice was reasonably calculated to provide Ellis with actual notice, thereby meeting all legal requirements of settlement notification. Ellis received adequate notice, and his failure to opt out cannot be blamed on the mail.

**4. Ellis Did Not Opt Out of the Class, and Is Bound By the Settlement.**

It is undisputed that Ellis failed to opt out of the settlement class in the manner prescribed by the Settlement Notice—he never submitted a form informing the court that he had opted out.[26] It is anticipated, however, that Ellis will claim that by maintaining the lawsuit against Argent that he filed prior to receipt of the Settlement Notice, he implicitly opted out. Although Alaska law is silent on this issue, federal law is unanimous in rejecting the claim that maintenance of an existing lawsuit qualifies as opting out of the settlement class. The courts are clear: "It is well-established that pendency of an individual action does not excuse a class member from filing a valid request for exclusion."[27] There is no dispute among the circuits that a "judgment or

---

[26] Affidavit of Scott Fenwick, Exhibit 4; Ex. A to Final Order and Judgment, Exhibit 5.
[27] *In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 164 F.R.D. 362, 370 (S.D.N.Y. 1996) (citing *Berman v. L.A. Gear, Inc.*, 1993 WL 437733 at *5 n.1 (S.D.N.Y. Oct. 26, 1993), *aff'd*, 29 F.3d 621 (2d Cir.1994); *Supermarkets Gen. Corp. v. Grinnell*

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

consent decree entered in a class action can bind the absent class member even though the member had filed a claim or instituted a personal suit before the decision in the class action."[28]  There is absolute agreement that "the pendency of a separate, individual action neither excuses a litigant from compliance with an applicable 'opt out' procedure in a related class action nor obligates any party or court to treat the litigant as unique or different in any respect from other potential class members."[29]  Courts emphasize that "the mere pendency and continued prosecution of a separate suit, which the litigant instituted before commencement of the 'opt out' period in a related class action, neither registers nor preserves a litigant's election to 'opt out' of the related class action."[30]

The only case that adds any limitation to this unanimous rule is *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 69 (N.D. Cal.1976), which holds that the filing of a separate suit *after* receipt of the class action notice but before expiration of the opt out period "constituted an effective expression of [the plaintiffs'] desire to opt out of" the class action.  However, this limitation does not apply here, as Ellis's case was

---

*Corp.*, 59 F.R.D. 512, 513 (S.D.N.Y.1973), *aff'd*, 490 F.2d 1183 (2d Cir. 1974) (individuals not excluded from class by mere fact of having filed an independent action)).

[28] *Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 996 (5th Cir. 1981) (citing *National Student Marketing Litigation v. Barnes Plaintiffs*, 530 F.2d 1012 (D.C. Cir. 1976); *Manhattan-Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183 (2d Cir. 1974); *Taunton Gardens Co. v. Hills*, 421 F. Supp. 524 (D.Mass.1976), *aff'd*, 557 F.2d 877 (1st Cir. 1977).

[29] *Demint v. NationsBank Corp.*, 208 F.R.D. 639, 641 (M.D. Fla. 2002) (citing *Sloan v. Winn-Dixie Raleigh, Inc.*, 25 Fed. Appx. 197-98 (4th Cir. 2002); *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 996 (5th Cir. 1981); *In re Nat'l Student Mktg. Litig. v. Barnes*, 530 F.2d 1012, 1015 (D.C. Cir.1976); *U.S. West, Inc. v. Bus. Disc. Plan, Inc.*, 196 F.R.D. 576, 585-86 (D. Colo. 2000); *Holmes v. CSX Transp.*, 1999 WL 447087, at *3-4 (E.D. La. June 24, 1999); *Manji v. New York Life Ins. Co.*, 945 F. Supp. 919, 921-22 (D.S.C. 1996); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 164 F.R.D. 362, 370 (S.D.N.Y. 1996); *In re VMS Sec. Litig.*, 1992 WL 203832, at *3-4 (N.D. Ill. Aug.13, 1992); *Supermarkets Gen. Corp. v. Grinnell Corp.*, 59 F.R.D. 512, 514 (S.D.N.Y. 1973)).

[30] *Id.* (citing *Sloan*, 25 Fed. Appx. at 197-98; *US West*, 196 F.R.D. at 585; *Holmes*, 1999 WL 447087, at *3-4).

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

filed well before the Settlement Notice was sent. Courts have rejected the application of *McCubbrey* in situations like Ellis's, where the lawsuit predates the settlement notice.[31] The record is clear that Ellis did not effectively opt out, and so he is bound by the terms of the Settlement Agreement.

> **5.      Plaintiff's Claims Are Barred by the Doctrine of Release.**

As part of the Settlement approved by the court and entered into by Ellis's class, Ellis released his claims against Argent. Under Alaska law, "a valid release will bar any subsequent claims covered by the release."[32] With regard to class actions, federal courts state that it is "not at all uncommon for settlements to include a global release of all claims past, present, and future, that the parties might have brought against each other."[33] In particular, a "court-approved settlement containing a release may be applied against a class member who is not a representative member, even if that member objects to the settlement, so long as acceptable procedural safeguards have been employed."[34] The United States Supreme Court has approved of releases of this type in the context of class action settlements, stating: "[I]n order to achieve a comprehensive settlement that would prevent litigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not even have

---

[31] *See, e.g., Demint*, 208 F.R.D. at 641; *Sloan*, 25 Fed. Appx. at 197-98; *US West*, 196 F.R.D. at 585; *Holmes*, 1999 WL 447087, at *3-4.
[32] *Petroleum Sales, Ltd. v. Mapco Alaska, Inc.*, 687 P.2d 923, 929 (Alaska 1984) (citing *Mitchell v. Mitchell*, 655 P.2d 748, 751 (Alaska 1982)).
[33] *Williams v. Gen. Elec. Capital Auto Lease*, 159 F.3d 266, 274 (7th Cir. 1998).
[34] *Reppert v. Marvin Lumber and Cedar Co., Inc.*, 359 F.3d 53, 58 (1st Cir. 2004) (quoting *Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 33 (1st Cir. 1991)).

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

been presentable in the class action."[35]  The release of Ellis's claims was approved as a term of settlement by the United States District Court of the Northern District of Illinois.[36]

The release is valid even if Ellis did not know the full extent of the claims being released: "a release incorporated into an order approving a class action settlement bars subsequent litigation based on the released claims.  The fact that each individual class member did not know the full extent of the burden she would suffer is unimportant."[37] Here, the terms of the Settlement Agreement clearly state that Argent

> shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort (including but not limited to personal injury, and emotional distress and RICO claims), statute, regulation, or common law, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted.[38]

This release is adequately broad to cover all of Ellis's claims against Argent.  The law requires that "[w]here the terms of the release are clear and explicit, the court must

---

[35] *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 377 (1996).
[36] Final Order and Judgment, Attached as Exhibit 5.
[37] *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 596 (7th Cir. 2004) (quoting *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002)) (citation omitted).
[38] Settlement Agreement at p. 15.

ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Page 12 of 17

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

enforce the release as written."[39]  Accordingly, Ellis has released his claims against

Argent and summary judgment should be granted.

**6.    Plaintiff's Claims Are Barred by the Doctrine of Res Judicata.**

The Alaska Supreme Court has stated that:

> Under the doctrine of res judicata, a judgment on the merits of the
> controversy bars subsequent actions between the same parties upon the
> same claim. The doctrine implements "the generally recognized public
> policy that there must be some end to litigation and that when one appears
> in court to present his case, is fully heard, and the contested issue is decided
> against him, he may not later renew the litigation in another court." It is
> settled that res judicata precludes relitigation by the same parties, not only
> of claims raised in the first proceeding, but also of those relevant claims
> that could have been raised.[40]

The final order approving settlement in a class action is the "equivalent to a final

judgment for res judicata purposes."[41]  Under Alaska law, res judicata applies to class

action settlements when the plaintiff has had "a full and fair opportunity to litigate the

issue," and when "the class representative provided adequate and fair representation."[42]

The Plaintiff's claims will be precluded when he receives "reasonable notice of the

claim" and "the class representatives are found to have made a competent attempt to

protect the interests of the individual who now seeks to litigate the issue."[43]  As discussed

above, there is no question that Ellis received adequate notice, that he received an

---

[39] *Tropp*, 381 F.3d at 596.
[40] *Ferguson v. State, Dept. of Corrections*, 816 P.2d 134, 137-38 (Alaska 1991) (quoting
*DeNardo v. State*, 740 P.2d 453, 455 (Alaska 1987)).
[41] *Johnson v. American Airlines, Inc.*, 157 Cal. App. 3d 427, 431 (1984).
[42] *Ferguson*, 816 P.2d at 138.
[43] *Id.*

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

opportunity to opt out and litigate the issue, and that the class representative provided adequate and fair representation.

"The question of adequate representation can best be resolved by determining whether the interests of those who would attack the judgment were vigorously pursued and protected in the class action by qualified counsel."[44] The fact that the class representation was fair and adequate is clear from the Settlement Agreement, which states that the class plaintiffs "have undertaken substantial formal and informal discovery over the course of approximately 4 years" of litigation, including 15 depositions and testimony from the settling defendants' former employees.[45] Settling defendants produced 212,690 pages of loan files and other documents, as well as "several terabytes of computerized data" about class member loan files.[46] Plaintiffs' class counsel reviewed "substantial financial information regarding the Settling Defendants' assets, insurance policies, and revenue projections."[47] The record is clear that the plaintiff class vigorously pursued its claim and members' representation was adequate.

This conclusion is supported by case law. In a case cited by the Alaska Supreme Court in *Ferguson v. State, Dept. of Corrections*, 816 P.2d 134, 137-38 (Alaska 1991), the 10th Circuit found "[t]he fact that the . . . litigation went on for seven years is evidence in itself that it was a hard-fought contest," and held that the representation had

---

[44] *Id.* (quoting *Garcia v. Board of Educ.*, 573 F.2d 676, 679-80 (10th Cir. 1978)).
[45] Settlement Agreement at p. 5.
[46] *Id.*
[47] *Id.*

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

been adequate, therefore precluding the plaintiff's claims because of res judicata.[48] The court held that the "plaintiffs' argument that their interests were not identical with all those of the plaintiff class . . . does not preclude the application of res judicata."[49] The court made a point of stating that "as a general matter [collateral attacks on class action judgments] should not be encouraged. The policy behind the class action device is, of course, to facilitate the final determination of numerous claims in one suit. This policy is not furthered by allowing subsequent collateral attacks by class members."[50] The Settlement at issue in Ellis's case was the product of adequate representation, and the policies supporting class action settlements encourage that any attacks made by Ellis should be denied. As such, Argent respectfully requests the court apply res judicata and dismiss Ellis's claims.

## C.     RESERVATION OF RIGHTS TO MOTION ON MERITS

Argent believes Ellis's claims are precluded because of release and res judicata. However, if the court finds that one or more of Ellis's claims are not so precluded, Argent reserves the right to move for summary judgment on the merits of those baseless claims.

## IV.     CONCLUSION

Donald Ellis was part of a class that has settled its claims against Argent Mortgage Company. Ellis received adequate notice of the settlement, and did not opt out. Accordingly, he is bound by the terms of the settlement, and his claims are precluded by the doctrines of release and res judicata. Argent respectfully requests its motion for

---

[48] *Garcia*, 573 F.2d at 679-80.
[49] *Id.* at 680.
[50] *Id.* at 679.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

summary judgment be granted and Ellis's claims against Argent be dismissed in their entirety.

DATED this  9  day of August, 2010, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Attorney for Defendant
Argent Mortgage Company, LLC

By: _____
Michael R. Mills, ABA #8911074
David T. McGee, ABA #0811075

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Page 16 of 17

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ☐ hand
delivery and/or ☑ mail this _____9_____ day of August, 2010, to:

Mr. Tim Dooley
Law Office of Tim Dooley
921 West 6th Avenue., Suite 200
Anchorage, Alaska 99501
*Attorney for Plaintiffs*

Mr. Howard S. Trickey
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
*Attorneys for AK Title Guaranty Agency*

Mr. Mark A. Sandberg
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, Alaska 99501
*Attorneys for Vista Real Estate, Inc.*

Mr. Paul J. Nangle
Paul J. Nangle & Associates
Kerry Building, 101 Christensen Drive
Anchorage, Alaska 99501
*Attorneys for Jonathan Ruf*

Mr. Paul Stockler
Law Office of Paul D. Stockler
1309 West 16th Avenue
Anchorage, Alaska 99501
*Attorney for Keith Facer*

Mr. Brett von Gemmingen
Law Office of Brett von Gemmingen
637 West 3rd Avenue
Anchorage, Alaska 99501
*Attorney for Gary Paterna*

Richard Ullstrom
Routh Crabtree Olsen, PS
3000 A Street, Suite 200
Anchorage, AK 99503
*Attorneys for Litton Loan Servicing,
Soundview Home Loan Trust,
Deutsche Bank National Trust Co.*

Mr. Kevin G. Clarkson
Brena, Bell & Clarkson, P.C.
810 N. Street, Suite 1000
Anchorage, Alaska 99501
*Attorneys for Don Murray*

Michael A. Brain
Law Offices of Royce & Brain
1407 W 31st Avenue, 7th Floor
Anchorage, AK 99503-3678
*Attorneys for Suzan McCready,
Alaska State Mortgage Co.*

Mr. Kevin T. Fitzgerald
Ingaldson Maassen & Fitzgerald, P.C.
813 W. 3rd Avenue
Anchorage, Alaska 99501
*Attorneys for Third-Party Defendant
Jason Wooten*

I further certify that this document was produced in Times New Roman 13.

_____
Certification signature

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

ARGENT MORTGAGE COMPANY, LLC'S MEMORANDUM
SUPPORTING MOTION FOR SUMMARY JUDGMENT
Page 17 of 17

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

DONALD ELLIS, and KEWANNA ELLIS, )
)
Plaintiffs, )
)
vs. )
)
Alyeska Title Guaranty Agency, Vista Real )
Estate, Inc., Argent Mortgage Company, )
LLC, Citi Residential Lending, Inc., Litton )
Loan Servicing, Soundview Home Loan )
Trust, Deutsche Bank National Trust )
Company, Jonathan Ruf, Keith Facer, Holli )
Stroud, Lance Lockhard, Gary Paterna, Don )
Murray, Cerise Sanders, ans Susan )
McCready ) 3AN-08- 9154 _____ CI
)
Defendants. )

**COMPLAINT**

**The Plaintiffs**

1.    Plaintiff, Donald Ellis is a resident of Alaska and owns a one half undivided interest in a home at 521 Bitterroot, Anchorage Alaska.

2.    Plaintiff, Kewanna Ellis, owns a one half undivided interest in a home at 521 Bitterroot, Anchorage which she obtained by gift from her husband Donald Ellis.

**The Facts and the Defendants**

3.    The defendants Lockard, Facer, Stroud and Carlson, Sanders, McCready and Alaska State Mortgage, licensed professionals in their fields,  engaged in a conspiracy with others to

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska  99501
Phone:( 907) 279-7327   Fax: ( 907) 258-0801

Complaint
Ellis v Alyeska Title Guaranty Agency et al
Case No. 3AN-08-_____ CI                    Page 1 of 11

EXHIBIT 1
Page 1 of 11

commit fraud on unsophisticated investors as documented in the US v. Lockard, (US Dist Ct.–Alaska, 3:07-CR-00148-(01-09) (Filed ). Basically the fraud was to buy homes and flip them to other conspirators for higher prices until it is ultimately sold to a person outside the conspiracy, Donald Ellis in this case. The allegations in that indictment are incorporated herein as though copied verbatim. The indictment and superseding indictment are attached as Exhibit A and B to this complaint.

4. The conspirators engaged in the simultaneous purchase of 13 properties.

5. Ruf acted as the nominee for the conspirators and claimed he would occupy all 13 residences as a primary residence.

6. Carlson inflated the appraisals on the acquisitions and used his own previously inflated values as comparables in subsequent appraisals.

7. Cerise Sanders and Susan McCready placed the loans with 12 different lenders to hide the purchases.

8. Holli Stroud, employed by Alyeska Title Guaranty Agency, falsified the documents to hide the fact that all of the properties were acquired without down payments and with 100% financing.

9. Carlson then provided further inflated appraisals so that Ruf and Lockard could sell the property to innocent buyers.

10. Defendant Gary Paterna was the father-in-law of Lance Lockart and an investor in the scheme and active participant in the conspiracy as described in the indictment.

11. Defendant Don Murray was a real estate agent, acted as an investor and buyer in the

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

conspiracy as described in the indictment.

12.     Members in the conspiracy received fees or commissions on the transactions and were given payment in kind through acquisition of property on favorable terms.

13.     Keith Facer, an employee of Vista Real Estate failed to disclose to Don Ellis the facts regarding the existence of the conspiracy, the terms of the conspiracy the methods of the conspiracy, the multiple related party transactions, the existence of multiple fraudulent valuations, the use of related parties or fictitious renters as tenants for income valuation purposes.

14.     Ellis told his agent that he was only interested in the property if the property had a cash flow.

15.     To induce Ellis to enter the contract of sale and to proceed to closing, the Keith Facer made misrepresentations of material facts and concealed material facts necessary for his statements not be false or misleading, in failing to apprise Ellis of true facts, known or reasonably ascertainable by the agent regarding the past earnings and profits from the property.

16.     The defendants failed to exercise reasonable care in making their misrepresentations and engaging in concealments, in view of the fact that Ellis was unaware of the past earnings and profits from the property, Ellis requested such information from the defendant, the defendant knew that Ellis was only interested in the property if it generated positive annual income before taxes. Defendants knew, or in the exercise of reasonable care should have known that Ellis would reasonably rely on the representations and proceed to closing.

17.     The defendants misrepresentations and concealments concerned presently existing facts which were material to Ellis' decision to execute the contract to purchase the property and to proceed to closing.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327   Fax:( 907) 258-0801

Complaint
Ellis v Alyeska Title Guaranty Agency et al          Page 3 of 11
Case No. 3AN-08-_____ CI

EXHIBIT 1
Page 3 of 11

18.     The defendant's by their misrepresentations and concealments, induced Ellis to execute the contact of sale, to proceed to closing on the contract.

19.     Ellis justifiably relied on the defendants' misrepresentations and concealments in concluding that the property had previously generated a profit, and likely would continue to generate a reasonable annual net profit and, therefore, in executing the contract of sale and proceeding to closing on the contract.

20.     Ellis has been injured as a proximate result of the defendant's negligent misrepresentations and concealment in that the purchased property materially differed from that which was represented to him, the value of the Property is radically different from that which was represented to him.

21.     Ellis relied on the information provided by the agent regarding valuation and the present leases and cash flow on the premises.

22.     Ellis has been damaged in that the property does not have a cash flow.  The property is located in a neighborhood where many of the other properties have now been foreclosed because they were sold for inflated prices that were not supported by economic reality.  The property cannot fetch a price adequate to retire the debt on the property.  Ellis's credit record has been damaged.

### The Defendants

23.     Defendant, Keith Jack Facer, residing at 1634 Juneau Dr., Apt. C. Anchorage, Alaska was the  real estate agent employed by Vista Real Estate, Inc.  at the time of the events giving rise to this complaint.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska  99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

24.    Defendant Vista Real Estate, Inc. was doing business as Prudential Jack White Real Estate, an Alaska corporation that employed Keith Facer as an agent and had the duty to supervise Keith Facer's work at the time of the events giving rise to this complaint.

25.    Defendant Alyeska Title Guaranty Agency was a business that employed Ms. Holli Stroud as its employee and had the duty to supervise her work at the time of the events giving rise to this complaint.

26.    Ms. Stroud's responsibilities included loan closing, preparing closing documents for real estate transactions, preparation of settlement statements, accurate documentation of all disbursements and receiving money for all parties in the transactions.

27.    Defendant Citi Residential Lending, Inc. is a foreign corporation in the state of Alaska and has named CT Corporation system of 1960 Glacier Highway, Suite 202, Juneau, Alaska as its registered agent. Citi Residential Lending is the current holder of the first mortgage on the premises.

28.    Citi Residential Lending, Inc. is a necessary party to get complete relief on the quiet title action and on the rescission action.

29.    Lance Lockhard is an individual residing in the State of Alaska was in the business of real estate investments and was the broker and sole proprietor of his own firm, Overlooked Properties. Mr. Lockhard purchased the property which was flipped to Mr. Ruf before the conspirators sold it to Ellis.

30.    Charles P. Carlson is an individual residing at 7817 Brentwood Cir., Anchorage, Alaska who provided the appraisal to support the property valuation.

31.    Jonathan Siegfried Ruf was an individual residing at 6551 Limestone Cir., Anchorage,

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327   Fax:( 907) 258-0801

Alaska. Ruf was a straw owner for the group and sold the subject property to Mr. Ellis.

32.    Defendant Argent Mortgage Company, LLC can be served at National Registered Agents, Inc. 9630 Glacier Highway, Ste. 202, Juneau, Alaska. Argent was the original lender that the conspirators selected to place two promissory notes—an 80% note and a 20% note—which were used to finance Ellis' acquisition of the property.

33.    Argent is a necessary party to get complete relief on the quiet title action and on the rescission action.

34.    Defendant Soundview Home Loan Trust 2006-A Asset-Backed Certificates, Series 2006-A (Soundview) asserts that it is the current owner of the second mortgage on the property. Soundview is a foreign entity not in good standing with the State of Alaska.

35.    Soundview Home Loan Trust is a necessary party to get complete relief on the quiet title action and on the rescission action.

36.    Defendant Deutsche Bank National Trust Company, in various transactional documents, has asserted that it is a trustee for Soundview. Deutsche is a foreign entity not in good standing with the State of Alaska. Deutsche is also not an entity recognized by the U.S. Federal Deposit Insurance Corporation.

37.    Deutsche Bank National Trust Company is a necessary party to get complete relief on the quiet title action and on the rescission action.

38.    Defendant Litton Loans Servicing, LP can be served at National Registered Agents, Inc. 9630 Glacier Hwy., Ste. 202, Juneau, Alaska. Litton asserts that it is the loan servicing agent for Soundview and Deutsche Bank on the second mortgage..

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax:( 907) 258-0801

Complaint
Ellis v Alyeska Title Guaranty Agency et al
Case No. 3AN-08-_____ CI

Page 6 of 11

EXHIBIT 1
Page 6 of 11

39.    Litton Loans Servicing, LP may be a necessary party to get complete relief on the quiet title action and on the rescission action.

40.    Defendant Susan McCready, residing at 6633 Brayton Drive, Anchorage, Alaska, is the sole owner and registered agent of Alaska State Mortgage Company and was a member of the conspiracy to inflate property values and obtain fraudulent loans.

41.    Defendant Alaska State Mortgage Company is an Alaska Corporation with Susan McCready as its registered Agent. It is the corporate entity owned by Susan McCready.

42.    Defendant Cerise Tye Sanders, residing at 4131 Vance Dr., Anchorage Alaska and was a member of the conspiracy.

**The Property**

43.    The property subject to this lawsuit is Lot 3, Block 4 of Mountaindale Subdivision, Third Judicial District for the State of Alaska at Anchorage, commonly known as 521 Bitterroot Circle, Anchorage, Alaska, tax parcel number 006-391-58-000.

**Appraiser Liability.**

44.    Ellis through his agent contracted with Carlson to provide an appraisal of the property.

45.    Carlson owed a duty to perform the undertaking with the ordinary car and competence reasonably expected of members of their profession.

46.    An appraisal is a valuation or estimation of the value of property by an impartial, disinterested person of suitable qualifications.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax:( 907) 258-0801

47.     The capitalization of income approach to valuation is the most relevant to income producing property.

48.     Carlson failed to perform due diligence supporting the financial assertions in the appraisals.

49.     Carlson failed to provide a copy of the appraisal to Ellis and only provided a copy of the appraisal to the mortgage company.

50.     On information and belief, the appraisal failed to account for the three prior sales of the same unit at substantially lower values within the preceding 18 months.

51.     Carlson failed to disclose that he was a member of a conspiracy with the selling agent, owner, mortgage closer and other members of the conspiracy to engage in land flips and overvalue land being sold to innocent investors.

52.     Ellis relied upon the agent, appraiser, loan closer and lending company that the property had adequate cash flow to satisfy the loan.

53.     Ellis' reliance was reasonable.

54.     The property was overvalued and could not pay the loan.

### Causes of Action

55.     Fraud, including negligent and intentional misrepresentation of material facts with the intent that the Plaintiff reasonably rely upon those representations to his harm.

56.     Negligent supervision and training of employees.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

57.    Breach of contracts.

58.    Civil conspiracy

59.    Quiet Title to the property.

60.    Declaratory judgment that the mortgages and deeds of trust are void due to their procurement by fraud.

61.    Breach of fiduciary duties.

62.    An order restraining the mortgage holders, their trustees or their servicing agents from proceeding with foreclosure of the subject property.

### Statutory Claims

63.    Truth in Lending Act (TILA), 15 U.S.C. sec. 1601 et seq, as amended and the Federal Reserve Boards Regulation Z, 12 C.F.R. sec. 226.1 et seq.  TILA provides in pertinent part that any consumer credit transaction may be rescinded within three days of the deliver of recision forms.  Defendants never delivered the notice of rescission rights.  Ellis exercised his right to rescind by letter.  After rescinding the loan Ellis was not obligated to pay the note and the mortgage company was obligated to discharge the mortgage.  15 U.S.C. sec 1635(b).  Rescission rights are equally enforceable against original creditors and assignees.  15 U.S.C. sec 1641©. *Stone v. Mehlberg*, 728 F.Supp. 1341 (Mich 1989).

64.    Violation of the Alaska Unlawful Acts and Practices Act, A.S. 45.50.417

       a        .Fraudulently conveying or transferring goods or services by representing them to

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska  99501
Phone:( 907) 279-7327    Fax:( 907) 258-0801

Complaint
Ellis v Alyeska Title Guaranty Agency et al
Case No. 3AN-08-_____ CI

Page 9 of 11

EXHIBIT 1
Page 9 of 11

be those of another;

b.   using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been mislead, deceived or damaged;

**Relief Requested**

65.   To quiet title in the property to the plaintiffs.

66.   Statutory rescission of the mortgage with a declaration that the fee title to the property vests in Donald Ellis and that the mortgages are cancelled  as in *Stone v. Mehlberg*, 728 F.Supp. 1341 (Mich 1989); alternatively,

67.   Rescission of the contract and recover all amounts paid on the property though the date of judgment

68.   Damages including:

A.   .Benefit of the bargain, the difference between the actual value of the property at the time of making the contract and the value it would have possessed had the representations concerning income and profits been true.

B.   The difference between the purchase price and the fair market value of the property at the time of purchase

C.   Recovery of incidental costs and expenses incurred including, but not limited to:

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska  99501
Phone:( 907) 279-7327   Fax:( 907) 258-0801

Complaint
Ellis v Alyeska Title Guaranty Agency et al
Case No. 3AN-08-_____ CI

Page 10 of  11

EXHIBIT 1
Page 10 of 11

Excessive Interest, Lost Profits, Real Estate Commissions, Mortgage Broker Fees, Other Fees and charges, Secret profits earned by the conspirators;

D.    Expenses incurred as a result of foreclosure, if any;

E.    Punitive Damages

F.    Prejudgment Interest

G    Costs of Court

H    Attorneys fees, statutory full reasonable attorneys fees under Alaska Statute 45.50.537 or alternatively under court rule 82.

DATED this 17th day of July, 2008 at Anchorage, Alaska.

LAW OFFICE OF TIM DOOLEY

By: _____

Timothy D. Dooley
Alaska Bar No. 8310114
Attorney for the Plaintiffs

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

Complaint
Ellis v Alyeska Title Guaranty Agency et al
Case No. 3AN-08-_____ CI

Page 11 of 11

EXHIBIT 1
Page 11 of 11

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

DONALD ELLIS and
KEWANNA ELLIS,
                Plaintiffs,

v.

ALYESKA TITLE GUARANTY AGENCY,
VISTA REAL ESTATE, INC., ARGENT
MORTGAGE COMPANY, LLC, LITTON
LOAN SERVICING, SOUNDVIEW HOME
LOAN TRUST, DEUTSCHE BANK NATIONAL
TRUST COMPANY, ALASKA STATE
MORTGAGE COMPANY, JONATHON RUF,
KEITH FACER, HOLLI STROUD,
LANCE LOCKHARD, GARY
PATERNA, DON MURRAY, CERISE
SANDERS, SUZAN McCREADY, and
CHARLES P. CARLSON,

                Defendants.

**RECEIVED**

MAY 2 7 2009

DORSEY & WHITNEY L.L.P.
ANCHORAGE

Case No. 3AN-08-9154 CI

## ORDER RE ALL PENDING MOTIONS

      This case concerns a real estate transaction for the property located at 521 Bitterroot, Anchorage.  Before the court are the motions to dismiss filed by defendant Don Murray and defendant Alyeska Title Guaranty Agency.  Also pending is defendant Argent Mortgage Company, LLC's motion for summary judgment.  Oral argument was not requested on any of the motions.  For the reasons set forth below, the court denies each of the motions to dismiss.  Summary judgment is granted in part to Argent, and denied in part.

EXHIBIT 2
Page 1 of 7

***The standard for motions to dismiss***

When considering a motion to dismiss under 12(b)(6), a complaint should be "taken as true and leniently construed."[1] To survive such a motion, the complaint need "only allege a set of facts 'consistent with and appropriate to some enforceable cause of action.'"[2] The Alaska Supreme Court has emphasized that "a complaint should not be dismissed for failure to state a claim *unless it appears beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3]

The Alaska Supreme Court recently reversed a trial court's order granting a motion to dismiss. In its decision, the Supreme Court stated:

> We have explained that: "[i]f, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. We must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party." Because motions to dismiss are disfavored, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." Even if the relief demanded is unavailable, the claim should not be dismissed as long as some relief might be available on the basis of the alleged facts.[4]

Civil Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In *Law Office of Vincent Vitale v. Tabbytite*, 942 P.2d 1141 (Alaska 1997), a self-represented litigant had asserted, without any explanation, that an award of a fee arbitration panel was "based on fraud." *Id.* at 1146. The Supreme Court, citing to Civil Rule 9(b), upheld the dismissal of this claim, noting that "no instance of fraud [was] specified in this

---

[1] *Guerrero v. Alaska Housing Finance Corp.*, 6 P.3d 250, 257 (Alaska 2000).
[2] *Guerrero*, 6. P.3d at 254 (internal citations omitted).
[3] *Id.* (emphasis in original).
[4] *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009) (internal citations omitted).

argument." *Id.* at 1147. This court does not interpret that decision to impose such a rigorous interpretation of Civil Rule 9(b) so as to effectively override the Supreme Court's rulings with respect to the lenient standard for review of motions to dismiss that it has repeatedly articulated.

Here, when the plaintiffs' Amended Complaint is read in conjunction with the superceding indictment appended to it, the allegations of fraud are sufficiently pled with respect to both Mr. Murray and Alyeska Title for purposes of the motions to dismiss.

Mr. Murray is alleged to have been part of a conspiracy that included among its acts a pattern of fraudulently inflating property values in the neighborhood in which 521 Bitterroot is located.[5] In paragraph 29 of the superceding indictment, Mr. Murray is alleged to have "assisted and arranged to sell properties located in Anchorage, Alaska, at 510 , 520, **521**, 540, and 541 Bitterroot Circle ...."[6] He is also alleged to have "assisted LOCKHARD in knowingly arranging fraudulent cash back transactions for each of the above transactions."[7] Even though Mr. Murray was not charged with a federal crime in connection with the 521 Bitterroot property, the plaintiffs have adequately pled their fraud claim against Mr. Murray with respect to that particular property for purposes of their motion to dismiss. Moreover, the Amended Complaint and appended superceding indictment adequately allege that Mr. Murray engaged in fraudulent conduct with respect to properties located near 521 Bitterroot. Plaintiffs allege that this conduct resulted in the over-inflation of the value of 521 Bitterroot.[8]

---

[5] *See, e.g.,* superceding indictment at 8, ¶22.
[6] *See* superceding indictment at 13, ¶29 (emphasis added).
[7] *Id.*
[8] *See, e.g.,* Amended Complaint at ¶¶ 3, 11.

Ellis v. Alaska Title Guaranty Agency, et al., 3AN-08-9154 CI
*Order re All Pending Motions*
Page 3 of 7

EXHIBIT 2
Page 3 of 7

Such alleged conduct could constitute a basis for relief, at least for purposes of the pending motion to dismiss. Accordingly, Mr. Murray's motion to dismiss is denied.

Alyeska Title seeks dismissal of the claims against it for fraud, intentional and negligent misrepresentation, and civil conspiracy. Paragraph 8 of the Amended Complaint alleges that "Holli Stroud, employed by Alyeska Title Guaranty Agency, falsified the documents to hide the fact that all of the properties were acquired without down payments and with 100% financing." And paragraph 25 of the Amended Complaint alleges that "[d]efendant Alyeska Title Guaranty Agency was a business that employed Ms. Holli Stroud as its employee and had the duty to supervise her work at the time of the events giving rise to this complaint." Holli Stroud has been named as a defendant in the federal indictment. Alyeska Title asserts that the plaintiffs have failed to plead that Alyeska Title or Ms. Stroud had any participation in the allegedly fraudulent sale of 521 Bitterroot Circle. The point may have had some merit based solely on a review of the Amended Complaint, but Exhibit C to the Ellises' opposition to Argent's motion for summary judgment indicates that Alyeska Title Guaranty Agency was the settlement agent for the Ellises' purchase of 521 Bitterroot. Given that documentation now in the record, dismissal of the Amended Complaint for failing to make that precise allegation would truly place form over substance.[9] Likewise, the Amended Complaint adequately asserts that Ms. Stroud's allegedly fraudulent actions took place within the course and scope of her employment, given that conduct that is the subject of the complaint was Ms. Stroud's work as a closing agent at the title company. In sum, for purposes of Alyeska Title's motion to dismiss, the Amended Complaint adequately

---

[9] Cf. Fornby v. Whisenhut, 680 P.2d 787, 789 (Alaska 1984).

Ellis v. Alaska Title Guaranty Agency, et al., 3AN-08-9154 CI
*Order re All Pending Motions*
Page 4 of 7

EXHIBIT 2
Page 4 of 7

alleges that Alyeska Title should be liable to the plaintiffs for the fraudulent acts of Holli Stroud based on the theory of respondeat superior. Accordingly, Alyeska Title's motion to dismiss these claims is denied.

Defendant Argent Mortgage Company, LLC has moved for summary judgment on all claims against it. In paragraph 61 of the Amended Complaint, the plaintiffs assert a violation of the federal Truth in Lending Act. Argent has asserted that this act does not apply to residential real estate transactions. The plaintiffs have conceded this point in their partial opposition to Argent's motion. Accordingly, summary judgment is granted with respect to the claim brought against Argent seeking statutory rescission of the loans under the federal Truth in Lending Act, as set forth in paragraph 61 of the Amended Complaint.

Argent asserts that the plaintiffs have not alleged any other cause of action against Argent apart from the TILA claim, and that Argent should therefore be dismissed from the action completely. In their partial opposition, the plaintiffs assert that they are also maintaining claims against Argent for alleged negligence, vicarious liability, and violations of the Alaska Unfair Trade Practices Act. In reply, Argent asserts that none of these claims has been pled in the Amended Complaint against Argent. In effect, Argent is seeking a motion to dismiss any such claims, not summary judgment.

Read in its broadest sense, the Amended Complaint adequately pleads claims other than the federal TILA action against Argent. In paragraph 30 of the Amended Complaint, Argent is identified as the original lender on the promissory notes used to finance the Ellises' acquisition of the property. Paragraph 31 alleges that "Argent is a necessary party to get complete relief on the quiet title action and on the rescission

action." Among the causes of action alleged in the Amended Complaint are "quiet title to the property" and "rescission."[10]  In light of these allegations, Argent's motion for complete summary judgment and dismissal from the action is denied.  However, this court concurs with Argent's analysis that to the extent the plaintiffs seek to advance claims against Argent for alleged negligence, vicarious liability, and/or violations of the Alaska Unfair Trade Practices Act, the plaintiffs must seek leave of the court to amend their complaint to specifically add such allegations.  For example, the only claim now pled under the Alaska Unfair Trade Practices Act relates to the allegedly false appraisal.[11]  In light of the foregoing, the plaintiffs' motion for a Rule 56(f) continuance is moot.

Two completely separate issues bear mention:  first, no trial date has yet been set because not all defendants have appeared.  An order for alternative service on Charles Carlson was recently entered.  Within 10 days of the date of distribution of this order, the plaintiffs are ordered to submit proof of alternate service upon Mr. Carlson Also, within 10 days of distribution, the plaintiffs shall seek entry of default against all defendants that have been served but have not yet appeared.  The other separate issue that bears mention relates to counsel for Alyeska Title.    Attorney Howard Trickey entered his appearance for Alyeska Title in this action.  However, the motion to dismiss was signed not only by Mr. Trickey, but also by Gregory Dorrington, an associate with Mr. Trickey.  Mr. Dorrington was previously employed as my law clerk during the 2007-2008 year.  I do not believe that this former employment relationship has any effect on

---

[10] See, e.g., Amended Complaint at ¶¶ 57, 65.
[11] See Amended Complaint at ¶ 62.

Ellis v. Alaska Title Guaranty Agency, et al., 3AN-08-9154 CI
*Order re All Pending Motions*
Page 6 of 7

EXHIBIT 2
Page 6 of 7

my ability to be fair and impartial to all parties to this action, but am providing this information to all parties in the interest of full disclosure.

### Conclusion

For the foregoing reasons, Mr. Murray and Alyeska Title Guaranty Agency's motions to dismiss are each denied. Argent Mortgage Company's motion for summary judgment is granted with respect to the federal Truth in Lending Act claim, but its motion for complete dismissal from this action is denied.

ENTERED at Anchorage, Alaska this 26 day of May 2009.

SHARON L. GLEASON
Superior Court Judge

I certify that on 5-26-09 a copy
of the above was mailed to each of the
following at their addresses of record:

_____
Administrative Assistant

ullstrom
Sandberg
von gemminger
nangle
stockler
mcgee
trickey
clarkson
dooley
brain

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

DONALD ELLIS and KEWANNA ELLIS,   )
              Plaintiff,   )
           vs.   )
   )
Alyeska Title Guaranty Agency, Vista Real   )
Estate, Inc., Argent Mortgage Company, LLC,   )
Litton Loan Servicing, Soundview Home Loan   )
Trust, Deutsche Bank National Trust Company,   )
Alaska State Mortgage Company, Jonathan Ruf,   )
Keith Facer, Holli Stroud, Lance Lockard, Gary   )
Paterna, Don Murray, Cerise Sanders, Suzan   )
McCready, and Charles P. Carlson   )
   )
          Defendants.   )

**RECEIVED**

JUN 0 2 2009

DORSEY & WHITNEY L.L.P
ANCHORAGE

**3AN-08-9154 CI**
(Judge Sharon Gleason)

**DOCKETED**

## SECOND AMENDED COMPLAINT

### The U.S. District Court Indictment

1.      Attached as Exhibit A to this amended complaint is the superseding indictment in the related criminal case, US v. Lockard, et al (US District Court.-Alaska, 3:07-CR-00148-(01-09)). The allegations in that indictment are incorporated herein as though copied verbatim.

### The Plaintiffs

2.    Plaintiff, Donald Ellis, is a resident of Alaska and owns a one half undivided interest in a home at 521 Bitterroot, Anchorage, Alaska.

3.    Plaintiff, Kewanna Ellis, is a resident of Alaska and owns a one half undivided interest in a home at 521 Bitterroot, Anchorage, Alaska, which she obtained by gift from her husband Donald Ellis.

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI         Page 1 of 17

EXHIBIT 3
Page 1 of 17

*Law Office of Tim Dooley*
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327  Fax: ( 907) 258-0801

cc:mrm, mAG, Dm. client

**The Property**

4.     The property subject to this lawsuit is Lot 3, Block 4 of Mountain Dale Subdivision, Third Judicial District for the State of Alaska at Anchorage, commonly known as 521 Bitterroot Circle, Anchorage, Alaska, tax parcel number 006-391-58-000.

**The "Pre-Mortgage" Defendants**
**Facer and Vista Real Estate, Holli Stroud and Alyeska Title Guaranty Agency, Suzan McCready and Alaska State Mortgage Company, Lance Lockard, Jonathan Ruf, Charles Carlson, Cerise Sanders**

5.     Defendant, Keith Jack Facer, residing at 1634 Juneau Drive, Apartment C, Anchorage, Alaska was the real estate agent employed by Vista Real Estate, Inc. at the time of the events giving rise to this complaint.

6.     Defendant Vista Real Estate, Inc. was doing business as Prudential Jack White Real Estate, an Alaska corporation that employed Keith Facer as an agent, and had the duty to supervise Keith Facer's work at the time of the events giving rise to this complaint.

7.     Defendant Alyeska Title Guaranty Agency was a business that employed Ms. Holli Stroud as its employee and had the duty to supervise her work at the time of the events giving rise to this complaint. As her employer, Alyeska Title Guaranty Agency is liable for her actions under the doctrine of respondeat superior. In addition, Alyeska Title Guaranty Agency was the settlement agent for the Ellises purchase of 521 Bitterroot.

8.     Ms. Stroud's responsibilities included loan closing, preparing closing documents for real estate transactions, preparation of settlement statements, accurate documentation of all disbursements and receiving money for all parties in the transactions.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI          Page 2 of 17

EXHIBIT 3
Page 2 of 17

9.     Defendant Lance Lockhard is an individual residing in the State of Alaska was in the business of real estate investments and was the broker and sole proprietor of his own firm, Overlooked Properties.  Mr. Lockhard purchased the property which was flipped to Mr. Ruf before the conspirators sold it to Ellis.

10.     Defendant Charles P. Carlson is an individual residing at 7817 Brentwood Cir., Anchorage, Alaska who provided the false appraisal to support the property valuation.

11.     Defendant Jonathan Siegfried Ruf was an individual residing at 6551 Limestone Cir., Anchorage, Alaska.  Ruf was a straw owner for the group and sold the subject property to Mr. Ellis.

12.     Defendant Suzan McCready, residing at 6633 Brayton Drive, Anchorage, Alaska, is the sole owner and registered agent of Alaska State Mortgage Company and was a member of the conspiracy to inflate property values and obtain fraudulent loans.

13.     Defendant Alaska State Mortgage Company is an Alaska Corporation with Suzan McCready as its registered Agent.  It is the corporate entity owned by Suzan McCready.

14.     Defendant Cerise Tye Sanders, resides at 4131 Vance Dr., Anchorage, Alaska and was a member of the conspiracy as described in Exhibit A to this complaint.

### Facts

15.     The defendants Facer and his employer Vista Real Estate, Stroud and her employer Alyeska Title, McCready and Alaska State Mortgage, and Lockard, Carlson, and Sanders, licensed professionals in their fields, engaged in a conspiracy with others to commit fraud on unsophisticated investors as documented in the case of US v. Lockard, et al, referred to in the first paragraph.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI                 Page 3 of 17

EXHIBIT 3
Page 3 of 17

16.     Basically the fraud was to buy homes and flip them to other conspirators for higher prices until they are ultimately sold to a person outside the conspiracy, Donald Ellis in this case.

17.     Members in the conspiracy received fees or commissions on the transactions and were given payment in kind through acquisition of property on favorable terms.

18.     The conspirators engaged in the near contemporaneous purchase of 13 properties.

19.     Jonathan Ruf acted as the nominee for the conspirators and claimed he would occupy all 13 residences as a primary residence.

20.     Charles Carlson inflated the appraisals on the acquisitions and used his own previously inflated values as comparables in subsequent appraisals.

21.     In particular, Ellis, through his agent, contracted with Carlson to provide an appraisal of the property.

22.     Carlson owed a duty to perform the undertaking with the ordinary care and competence reasonably expected of members of their profession.

23.     An appraisal is a valuation or estimation of the value of property by an impartial, disinterested person of suitable qualifications.

24.     The capitalization of income approach to valuation is the most relevant to income producing property.

25.     Carlson failed to perform due diligence supporting the financial assertions in the appraisals.

26.     Carlson failed to provide a copy of the appraisal to Ellis and only provided a copy of the appraisal to the mortgage company.

27.     On information and belief, Carlson failed to account for the three prior sales of the same

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:(907) 279-7327    Fax: (907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI                    Page 4 of 17

EXHIBIT 3
Page 4 of 17

unit at substantially lower values within the preceding 18 months.

28.    Carlson failed to disclose that he was a member of a conspiracy with the selling agent, owner, mortgage closer and other members of the conspiracy to engage in land flips and overvalue land being sold to innocent investors.

29.    Ellis relied upon the agent, appraiser, loan closer and lending company that the property had adequate cash flow to satisfy the loan.

30.    Ellis' reliance was reasonable.

31.    The property was overvalued and could not pay the loan.

32.    Cerise Sanders and Suzan McCready placed the loans with 12 different lenders to hide the purchases.

33.    Holli Stroud, employed by Alyeska Title Guaranty Agency, falsified the documents to hide the fact that all of the properties were acquired without down payments and with 100% financing.

34.    Charles Carlson then provided further inflated appraisals so that Ruf and Lockard could sell the property to innocent buyers.

35.    Defendant Gary Paterna was the father-in-law of Lance Lockard and an investor in the scheme and active participant in the conspiracy as described in the indictment.

36.    Defendant Don Murray was a real estate agent, who acted as an investor and buyer in the conspiracy as described in the indictment

37.    Keith Facer, an employee of Vista Real Estate failed to disclose to Don Ellis the facts regarding the existence of the conspiracy, the terms of the conspiracy, the methods of the conspiracy, the multiple related party transactions, the existence of multiple fraudulent

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327   Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI     Page 5 of 17

EXHIBIT 3
Page 5 of 17

valuations, and the use of related parties or fictitious renters as tenants for income valuation purposes.

38.     To induce Ellis to enter the contract of sale and to proceed to closing, Keith Facer made misrepresentations of material facts and concealed material facts necessary for his statements not to be false or misleading.

39.     In view of the fact that Ellis was unaware of the past earnings and profits from the property, Ellis requested such information from the defendant.

40.     Facer knew that Ellis was only interested in the property if it generated positive annual income before taxes.

41.     Defendants knew, or in the exercise of reasonable care should have known, that Ellis would reasonably rely on the representations and proceed to closing.

42.     The defendants' misrepresentations and concealments concerned facts which were material to Ellis' decision to execute the contract to purchase the property and to proceed to closing.

43.     The defendants, by their misrepresentations and concealments, induced Ellis to execute the contract of sale and proceeded to close on the contract.

44.     The facts which Facer concealed were the fact that the property did not meet its appraised value and that the past earnings and profits from the property were false.

45.     Ellis justifiably relied on the defendants' misrepresentations and concealments in concluding that the property had previously generated a profit, and likely would continue to generate a reasonable annual net profit and, therefore, executed the contract of sale and proceeded to close the contract.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: (907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI                    Page 6 of 17

EXHIBIT 3
Page 6 of 17

46.     Ellis has been injured as a proximate result of the defendant's negligent misrepresentations and concealment in that the purchased property materially differed from that which was represented to him; the value of the Property is radically different from that which was represented to him.

47.     Ellis relied on the information provided by the defendants regarding valuation and the present leases and cash flow on the premises.

48.     Ellis has been damaged in that the property does not have a cash flow. The property is located in a neighborhood where many of the other properties have now been foreclosed because they were sold for inflated prices that were not supported by economic reality. The property cannot fetch a price adequate to retire the debt on the property. Ellis' credit record has been damaged.

49.     The mortgage broker told Ellis he would get a new loan on a fixed rate within three years. At closing, however, Argent required Ellis to waive all oral promises related to the sale of the mortgage.

50.     The change in terms was included as one page within a compilation of more than 160 pages presented for signature at the closing.

51.     Ellis originally applied for a mortgage through Jason Wooten of First Rate Financial. First Rate Financial recommended the Argent mortgage. At closing, Ellis' mortgage broker, First Rate Financial, was not on the paperwork. Instead, Argent Mortgage Company's broker, Alaska State Mortgage Company, was on the document.

52.     The Ellis's were injured by the foregoing acts.

53.     The foregoing facts state a cause of action for fraud against the individuals and

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI                    Page 7 of 17

EXHIBIT 3
Page 7 of 17

companies charged in Exhibit A and their employers and principals under the theory of respondeat superior. This includes negligent and intentional misrepresentation of material facts with the intent that the Plaintiff reasonably rely upon those representations to his harm.

54.    The foregoing facts state a cause of action against the companies for negligent supervision and training of employees.

55.    The foregoing facts state a cause of action for breach of contract.

56.    The foregoing facts state a cause of action for civil conspiracy.

57.    The foregoing facts state causes of action for Unfair and Deceptive Trade Practices under A.S. 45.50.471.

      "(4)    Representing that goods and services have characteristics uses or benefits that they do not have

      (5)    Advertising goods or services with intent not to sell as advertised.

      (12)    False promises

58.    The foregoing facts state causes of action for Unfair and Deceptive Trade Practices under AS 45.50.561 which applies to transactions involving an indebtedness secured by the borrowers residence.

59.    The false appraisal of the property was known to the conspirators to be a service that would be relied on by third persons and was a Violation of the Alaska Unfair Trade Practices and Consumer Protection Act, A.S. 45.50.471 (12) :

      using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression or omission in

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

connection with the sale or advertisement of goods or services whether or not a

person has in fact been mislead, deceived or damaged;

### LIABILITY OF ARGENT MORTGAGE COMPANY AND ITS AGENT ALASKA STATE MORTGAGE COMPANY

60.    Defendant Argent Mortgage Company, LLC can be served at National Registered

Agents, Inc. 9630 Glacier Highway, Ste. 202, Juneau, Alaska.

61.    Argent was the original lender that the conspirators selected to place two promissory

notes—an 80% note and a 20% note— which were used to finance Ellis' acquisition of the

property.

62.    Argent is a necessary party to get complete relief on the quiet title action and on the

rescission action.

63.    Argent Mortgage Company is the principal behind actions of its agent, Alaska State

Mortgage Company.

64.    As such, Argent is vicariously liable for the acts of Alaska State Mortgage Company

under the doctrine of respondeat superior..

65.    Alaska State Mortgage Company, a defendant in this case, was indicted for numerous

counts in U.S. District Court case 3:07-CR-00148-10-RRB-4.  Plaintiffs Don and Kewanna Ellis

were among those harmed by the action of Alaska State Mortgage Company and others named in

the indictment.

66.    As pointed out in the indictment, Alaska State Mortgage Company and the other

conspirators were falsely raising the valuation of homes in the same market area as the property

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska  99501
Phone:( 907) 279-7327    Fax:( 907) 258-0801

of the plaintiffs.

67.     Because the other homes were in same market, the falsely high sales values were used to falsely raise the value of plaintiffs' property sold to them.

68.     Even if Alaska State Mortgage Company had not been directly involved in the closing on the sale of the property to the plaintiffs, Alaska State Mortgage Company and the other conspirators would be liable to the plaintiffs since the harm to the plaintiffs was foreseeable.

69.     Alaska State Mortgage Company is not a true mortgage company.  Mortgage companies typically loan money on deals and Alaska State Mortgage Company did not loan any money.  Rather Alaska State Mortgage Company is a mortgage broker.

70.     As the broker, Alaska State Mortgage Company arranged for Argent Mortgage Company to be the true mortgage company on the deal.

71.     Alaska State Mortgage Company told the Ellis family – falsely – that their best deal was to borrow money from Argent.  In exchange for steering people to Argent, Alaska State Mortgage Company, made money because Argent paid a 1% bonus to Alaska State Mortgage Company for what is called the "yield premium" on each loan.

72.     A "yield premium" is a bonus for getting the sucker in the deal to pay more interest than is necessary.

73.     Argent paid Alaska State Mortgage Company a yield premium of $2,960 or 1% of the loan.

74.     The Ellis' had good to excellent credit ratings from the three major credit agencies.

75.     Don Ellis had a 682 rating from Equifax, a 692 from Expiion, and 710 from Trans Union.

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI                Page 10 of  17

EXHIBIT 3
Page 10 of 17

76.    A good rating would qualify the Ellis family for a low normal fixed rate loan instead of a volatile high rate interest rate adjustable rate loan.

77.    Instead of getting the Ellis family a low interest fixed rate mortgage their "independent" broker steered Ellis to two Argent variable rate mortgages.

78.    On information and belief, Argent regularly held seminars and training for mortgage brokers on how to make money by steering business to Argent.

79.    These methods included targeting minorities in a reverse red lining for the purpose of luring them into more profitable sub prime debt.  Don Ellis is a minority.

80.    The mortgage documents relied on by Argent Mortgage Company contain characteristics that are comparable to predatory high cost mortgage loans and therefore are an unfair trade practice.  Those characteristics are:

    1)    Adjustable rate loans with an introductory period of three years or less;

    2)    Loans with an introductory rate that is lower than a fully indexed rate;

    3)    Loans where the debt to income ration exceeds 50 percent had the Argent's underwriters measured the debt, not by the debt due under the introductory rate, but by the debt that would be due under the fully indexed rate;

    4)    Mortgages with a loan to value ratio of 100% or a substantial prepayment penalty;

    5)    Mortgages that were interest only during the introductory period;

    6)    Loans marketed with the express statement that the lender would refinance the note during the introductory period.

81.    Argent should have recognized that after the introductory period, the borrower would be unlikely to make the scheduled mortgage payments and the loan was doomed to foreclosure

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: (907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI                    Page 11 of 17

EXHIBIT 3
Page 11 of 17

unless the fair market value of the property had increased and enabled the borrower to obtain a new loan.

82.     The process the Ellis family went through and an examination of the loan documents themselves show that the loan process and the loans were unfair and misleading to the Ellis family, that default was likely and thus the transaction and the loan were not prepared by Argent in good faith.

83.     Argent designed the loan program either intentionally, recklessly, or negligently without adequate analysis of the effects or risks to consumers.  On information and belief, the loan program was with the intent that the company would profit even if the loans failed.

84.     Under the foregoing facts, Argent was negligent in its own loan practices and negligent in its supervision of Alaska State Mortgage Company and Suzan McCready.

85.     Under the foregoing facts, Argent is vicariously liable for the acts of Alaska State Mortgage Company and Suzan McCready.

86.     Under the foregoing facts, Argent is liable under the Alaska Unfair Trade Practices Act, AS 45.50.471.

## EQUAL CREDIT OPPORTUNITY ACT

87.     Kewanna Ellis incorporates the previous paragraphs of the complaint.

88.     This claim is against Argent Mortgage Company.

89.     On information and belief, it was Argent's practice to have the husband, but not the wife, sign the promissory note in favor of Argent.

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327     Fax: ( 907) 258-0801

90.     Argent would then have the wife sign a waiver of her right to cancel the transaction and a waiver of her homestead rights under Alaska law.

91.     Argent's practice thus impairs the cancellation rights of women and married women in particular because of their gender and marital status in violation of the ECOA prohibition against discrimination on such basis.

**Soundview Home Loan Trust,
Deutsche Bank National Trust Company, and Litton Loan Servicing,**

92.     Defendant Soundview Home Loan Trust 2006-A Asset-Backed Certificates, Series 2006-A (Soundview) asserts that it is the current owner of the second mortgage on the property. Soundview is a foreign entity not in good standing with the State of Alaska.

93.     Defendant Deutsche Bank National Trust Company, in various transactional documents, has asserted that it is a trustee for Soundview. Deutsche is a foreign entity not in good standing with the State of Alaska. Deutsche is also not an entity recognized by the U.S. Federal Deposit Insurance Corporation.

94.     Defendant Litton Loans Servicing, LP can be served at National Registered Agents, Inc. 9630 Glacier Hwy., Ste. 202, Juneau, Alaska. Litton asserts that it is the loan servicing agent for Soundview and Deutsche Bank on the second mortgage.

95.     Litton Loan Servicing, Soundview Home Loan Trust, and Deutsche Bank National Trust Company are the successors in interest, or agents of the successors in interest, to the promissory note made by Argent Mortgage Company.

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: (907) 258-0801

96.     As stated before, these companies are necessary parties to get complete relief on the quiet title action and on the rescission action.

97.     These three companies did not, to Ellis' knowledge at this time, participate in the fraudulent transactions that led to the US District Court indictment.

98.     Nevertheless, the three companies did not take adequate steps to determine the payability of the note. An examination of the documents themselves show that the loans were unfair that default was likely.

99.     Therefore, the transaction and the commercial paper deriving from it were not acquired by these companies in good faith no without notice of defenses to the note.

100.    Thus, pursuant to AS 45.03.302(a)(2)(B) and the provisions of AS 45.03.305, the three companies are deprived of any holder-in-due-course status as to the Ellis's.

101.    They should seek their remedy from Argent and the companies and individuals named in the second superseding indictment (Exhibit A).

### Relief Requested

102.    Quiet Title to the property.

103.    Declaratory judgment that the mortgages and deeds of trust are void due to their procurement by fraud, or other illegality.

104.    Injunctive relief restraining the mortgage holders, their trustees or their servicing agents from proceeding with foreclosure of the subject property.

105.    Rescission of the contract and recovery all amounts paid on the property through the date of judgment.

106.    Damages including:

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax:( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI        Page 14 of 17

EXHIBIT 3
Page 14 of 17

A.  Benefit of the bargain, the difference between the actual value of the property at the time of making the contract and the value it would have possessed had the representations concerning income and profits been true.

B.  The difference between the purchase price and the fair market value of the property at the time of purchase

C.  Recovery of incidental costs and expenses incurred including, but not limited to: Excessive Interest, Lost Profits, Real Estate Commissions, Mortgage Broker Fees, Other Fees and charges, Secret profits earned by the conspirators;

D.  Expenses incurred as a result of foreclosure, if any;

E.  Punitive Damages

F.  Prejudgment Interest

G.  Costs of Court

H.  Statutory full reasonable attorneys fees under Alaska Statute 45.50.537 or alternatively under Alaska Court Rule 82 or Rule 68 or other applicable laws.

DATED June 1, 2009 at Anchorage, Alaska.

LAW OFFICE OF TIM DOOLEY

Timothy D. Dooley
Alaska Bar No. 8310114
Attorney for the Plaintiffs

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327   Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI            Page 15 of 17

EXHIBIT 3
Page 15 of 17

| | |
|---|---|
| **CERTIFICATE OF SERVICE:**<br>I certify that I caused the following persons to be served by mail on Monday, June 1, 2009.<br><br>s/:<br>Timothy D. Dooley<br>Alaska Bar No. 8310114 | Mr. Howard S. Trickey<br>Jermain Dunnagan & Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, Alaska 99503<br>Phone: 563-8844<br>Fax:    563-7322<br>Alaska Bar No. 7610138<br>**Attorney for Alyeska Title Guaranty Agency** |
| Mr. Paul J. Nangle<br>Paul J. Nangle & Associates<br>Kerry Building, 101 Christensen Drive<br>Anchorage, Alaska  99501<br>Phone: 274-8866<br>Fax:    279-1794<br>Alaska Bar No. 7011066<br>**Attorney for Jonathan Ruf** | Mr. Kevin G. Clarkson<br>Brena, Bell & Clarkson, PC<br>810 N Street, Suite 100<br>Anchorage, Alaska  99501<br>Phone: 258-2000<br>Fax:<br>Alaska Bar No. 8511149<br>**Attorney for Don Murray** |
| Mr. Mark A. Sandberg<br>SANDBERG, WUESTENFELD & COREY<br>701 West 8th Avenue, Suite 1100<br>Anchorage, Alaska  99501<br>Phone: 276-6363<br>Fax: 276-3528<br>Alaska Bar No. 7510084<br>**Attorney for Prudential Jack White/Vista Real Estate** | Mr. Brett von Gemmingen<br>Law Office of Brett von Gemmingen<br>637 West Third Avenue<br>Anchorage, Alaska  99501<br>Phone: 278-5935<br>Fax: 278-2532<br>Alaska Bar No. 8606073<br>**Attorney for Gary Paterna** |
| Mr. Paul Stockler<br>Law Office of Paul D. Stockler<br>1309 West 16th Avenue<br>Anchorage, Alaska  99501<br>Phone: 277-8574<br>Fax: 272-4877<br>Alaska Barb No. 8606032<br>**Attorney for Keith Facer** | Mr. Allen Clendaniel<br>Mr. David McGee<br>Dorsey & Whitney, LLP<br>1031 West Fourth Avenue, Suite 600<br>Anchorage, Alaska  99501-5007<br>Phone: 276-4557<br>Fax: 276-4152<br>Alaska Bar No. 0411084 – Clendaniel<br>Alaska Bar No. 0811075 – McGee<br>**Attorney for Argent Mortgage Company, LLC** |

Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327    Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI                Page 16 of  17

EXHIBIT 3
Page 16 of 17

| | |
|---|---|
| Mr. Richard Ullstrom<br>Routh Crabtree Olsen, PS<br>3000 A Street, Suite 200<br>Anchorage, Alaska 99503<br>Phone: 222-4300<br>Fax: 222-4396<br>Alaska Bar No. 8811204<br>**Attorney for Litton Loan Servicing, LP, Deutsche Bank National Trust Company, and Soundview Home Loan Trust** | Mr. Michael A. Brain<br>LAW OFFICES OF ROYCE & BRAIN<br>1407 West Thirty-First Avenue, 7th Floor<br>Anchorage, Alaska 99503-3678<br>Phone: 258-6792<br>Fax: 276-2919<br>Alaska Bar No. 8505024<br>**Attorney for Suzan McCready** |

**Law Office of Tim Dooley**
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone:( 907) 279-7327 Fax: ( 907) 258-0801

Second Amended Complaint
Ellis, et al v. Alyeska Title Guaranty Agency, et al
Case No. 3AN-08-9154 CI               Page 17 of 17

EXHIBIT 3
Page 17 of 17

Michael R. Mills #8911074
David T. McGee #0811075
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

DONALD ELLIS and KEWANNA
ELLIS,

                              Plaintiffs,

vs.

ALYESKA TITLE GUARANTY
AGENCY, et al.,

                              Defendants.                    Case No. 3AN-08-9154 CI

ALASKA STATE MORTGAGE
COMPANY, INC. and SUSAN
MCCREADY,

                Third-Party Plaintiffs,

vs.

JASON WOOTEN,

                Third-Party Defendant.

**AFFIDAVIT OF SCOTT M. FENWICK IN SUPPORT OF ARGENT
MORTGAGE COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT**

STATE OF MINNESOTA      )
                        ) ss.
COUNTY OF RICE          )

EXHIBIT 4
Page 1 of 4

**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

SCOTT FENWICK, being first duly sworn upon oath, states as follows:

1.  I am a Managing Senior Project Administrator at Rust Consulting, Inc., and I have personal knowledge of the notification process used in the class action lawsuit In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, MDL No. 1715, in the United States District Court for the Northern District of Illinois.

2.  The statements I make in this affidavit are based on my review of business records which were created and kept in the ordinary course of business at Rust Consulting.  I am competent to testify under the penalty of perjury.

3.  The Settlement Notice attached as Exhibit 1 to this affidavit is a true and correct copy of the notice that was sent to plaintiff Donald Ellis, 521 Bitterroot Circle, Anchorage, AK, in January 2010.

4.  Records maintained by Rust Consulting indicate that Donald Ellis did not submit the required documentation indicating a decision to opt out of the MDL 1715 litigation class.

5.  The Settlement Agreement attached as Exhibit 2 to this affidavit is a true and correct copy of the agreement submitted to the U.S. District Court by the parties to the litigation.

FURTHER AFFIANT SAYETH NAUGHT.

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

EXHIBIT 4
Page 2 of 4

AFFIDAVIT OF SCOTT FENWICK IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
Page 2 of 4

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

_Scott M Fenwick_
Scott Fenwick

SUBSCRIBED AND SWORN to before me this _9th_ day of August, 2010.

_Michelle D. Lynch_
Notary Public in and for Minnesota
My commission expires: _Jan. 31, 2012_



MICHELLE D. LYNCH
Notary Public-Minnesota
My Commission Expires Jan 31, 2012

DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

EXHIBIT 4
Page 3 of 4

AFFIDAVIT OF SCOTT FENWICK IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
Page 3 of 4
4829-5433-3447\1\473707\00038

_Ellis v. Alyeska Title, et al._

Case No. 3AN-08-9154 CI

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ☐ hand delivery and/or ☑ mail this _9_ day of August, 2010, to:

Mr. Tim Dooley
Law Office of Tim Dooley
921 West 6th Avenue., Suite 200
Anchorage, Alaska 99501
*Attorney for Plaintiffs*

Mr. Mark A. Sandberg
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, Alaska 99501
*Attorneys for Vista Real Estate, Inc.*

Mr. Paul Stockler
Law Office of Paul D. Stockler
1309 West 16th Avenue
Anchorage, Alaska 99501
*Attorney for Keith Facer*

Richard Ullstrom
Routh Crabtree Olsen, PS
3000 A Street, Suite 200
Anchorage, AK 99503
*Attorneys for Litton Loan Servicing,
Soundview Home Loan Trust,
Deutsche Bank National Trust Co.*

Michael A. Brain
Law Offices of Royce & Brain
1407 W 31st Avenue, 7th Floor
Anchorage, AK 99503-3678
*Attorneys for Suzan McCready,
Alaska State Mortgage Co.*

Mr. Howard S. Trickey
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, Alaska 99503
*Attorneys for AK Title Guaranty Agency*

Mr. Paul J. Nangle
Paul J. Nangle & Associates
Kerry Building, 101 Christensen Drive
Anchorage, Alaska 99501
*Attorneys for Jonathan Ruf*

Mr. Brett von Gemmingen
Law Office of Brett von Gemmingen
637 West 3rd Avenue
Anchorage, Alaska 99501
*Attorney for Gary Paterna*

Mr. Kevin G. Clarkson
Brena, Bell & Clarkson, P.C.
810 N. Street, Suite 1000
Anchorage, Alaska 99501
*Attorneys for Don Murray*

Mr. Kevin T. Fitzgerald
Ingaldson Maassen & Fitzgerald, P.C.
813 W. 3rd Avenue
Anchorage, Alaska 99501
*Attorneys for Third-Party Defendant
Jason Wooten*

I further certify that this document was produced in Times New Roman 13.

Certification signature

<div style="writing-mode: vertical">
**DORSEY & WHITNEY LLP**
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
</div>

EXHIBIT 4
Page 4 of 4

AFFIDAVIT OF SCOTT FENWICK IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
Page 4 of 4

*Ellis v. Alyeska Title, et al.*

Case No. 3AN-08-9154 CI

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 Lead Case No. 05-cv-07097 Centralized before the Honorable Marvin E. Aspen |

**THIS IS LEGAL NOTICE OF A CLASS ACTION SETTLEMENT INVOLVING MORTGAGE LOANS MADE OR SERVICED BY AMERIQUEST, ARGENT OR ONE OF THEIR AFFILIATES ON OR AFTER DECEMBER 14, 2001.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Una copia de este aviso está disponible en español en www.AmeriquestMDLSettlement.com. Usted puede también obtener una copia escrita de este aviso en español si se comunicó con el administrador por el teléfono, 1-877-872-3812.**

THE SETTLEMENT COVERS MORTGAGE LOANS MADE BY AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., BEDFORD HOME LOANS, INC., TOWN & COUNTRY CREDIT CORPORATION, OLYMPUS MORTGAGE COMPANY, AND ARGENT MORTGAGE COMPANY, LLC. (IN THIS NOTICE, THIS GROUP OF COMPANIES IS CALLED "AMERIQUEST.") YOU ARE GETTING THIS NOTICE BECAUSE, ACCORDING TO AMERIQUEST'S RECORDS, YOU ARE A CLASS MEMBER WHO IS AFFECTED BY THIS SETTLEMENT.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM** | If you file a claim by March 9, 2010 and the claim is determined to be valid, you will be entitled to receive a payment from the Settlement Fund. More information about the Settlement Fund is provided in section 5A below. You will also release your claims. More information about the release is provided in section 5B below. Instructions for filing a claim are on the Claim Form attached to this Notice and in section 7 below. |
| **EXCLUDE YOURSELF** | If you choose to exclude yourself from the Settlement, you must do so by February 22, 2010. You will not receive payments from the Settlement Fund. This is the only option that allows you to retain the claims you have against Ameriquest and to pursue your claims in another case at your own cost and expense. More information about excluding yourself from the Settlement is provided in section 8 below. |
| **OBJECT** | If you wish to object to the Settlement, you must meet the requirements for objections described below by February 22, 2010. You (or your attorney) may also appear in Court provided you file a timely objection and a notice of appearance. More information about objecting to the Settlement is provided in section 9 below. |
| **DO NOTHING** | If you do nothing, you will release claims against Ameriquest, but you will not receive a payment from the Settlement Fund. However, you will still be eligible to receive foreclosure prevention counseling. More information about the release is provided in section 5B below. |

EXHIBIT 1
to Fenwick Affidavit
Page 1 of 10

**This Notice answers the following questions:**

1.   Why should I read this Notice?
2.   What is this lawsuit about?
3.   What are the Classes?
4.   How do I know if I am a Class Member?
5.   What are the terms of the Settlement?
6.   Why are Plaintiffs' attorneys recommending this Settlement?
7.   What are the procedures for participating in the Settlement?
8.   What if I don't want to participate in the Settlement?
9.   What are the procedures relating to Court review and approval of the Settlement? How can I object?
10.  Where can I find additional information?

### 1.   WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an Order of the United States District Court for the Northern District of Illinois  (the "Court"), dated December 8, 2009. The purpose of this Notice is to inform you of the Settlement of a Class Action, entitled *In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715, Lead Case No. 05-cv-07097 (the "Action"), which concerns residential mortgage loans in the United States originated or serviced by the following entities (collectively, "Ameriquest"): Ameriquest Mortgage Company; AMC Mortgage Services, Inc. (FKA Bedford Home Loans, Inc.); Town & Country Credit Corporation; Olympus Mortgage Company (NKA Bedford Home Loans, Inc.); and Argent Mortgage Company, LLC.

The Settlement is subject to final approval by the Court. If the Court grants final approval, the Settlement will result in: (1) the distribution of money and other relief to the Classes (as described below); and (2) the dismissal of the Action and the release of claims (as described below) against Ameriquest and other related entities and individuals as defined below.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court about the merits of the claims or defenses of any party to the Action.

### 2.   WHAT IS THIS LAWSUIT ABOUT?

The Class Action lawsuit was brought against Ameriquest for alleged improper mortgage lending and mortgage loan servicing activities in violation of numerous federal and state laws, including the Truth in Lending Act ("TILA"), breach of contract, unjust enrichment, and state Consumer Protection and Deceptive Trade Practices Acts. Ameriquest denies all allegations made against it, denies that its lending or loan servicing practices violated any law, and denies that it financially harmed any of its customers.

### 3.   WHAT ARE THE CLASSES?

There are five (5) Classes.  You are a Class Member if you fall into *any* of these Classes. *You received this Notice because Ameriquest's records show that you are a member of at least one Class.*  The following is a summary of the Classes.

EXHIBIT 1
to Fenwick Affidavit
Page 2 of 10

Note: If you received a payment in the 2006 Settlement between 49 state Attorneys General and Ameriquest or if you released your claims in a prior case against Ameriquest,[1] you are excluded from all of the Classes in this Settlement.

**CLASS ONE: TILA RESCISSION CLASS**

The TILA Rescission Class is a nationwide class of borrowers who at any time on or after February 8, 2003, (or, for residents of Massachusetts, at any time on or after February 8, 2002) have actually requested rescission in writing of their loans pursuant to applicable provisions of the Truth in Lending Act or state disclosure laws on or before December 1, 2009.

**CLASS TWO: BAIT AND SWITCH CLASS**

The Bait and Switch Class is a nationwide class of borrowers who meet one or more of the following criteria:

(i) loan records establish a final disclosed annual percentage rate that is at least 0.9% higher (as calculated pursuant to TILA) than the disclosed annual percentage rate (calculated pursuant to TILA) contained in preclosing written disclosures made to the borrower;

(ii) loan records establish that the borrower received a loan containing a prepayment penalty, but preclosing written disclosures made to the borrower described a loan without a prepayment penalty; or

(iii) loan records establish that the borrower received a loan containing a variable rate, but preclosing written disclosures made to the borrower described a loan containing a fixed rate.

**CLASS THREE: DISCOUNT POINTS CLASS**

The Discount Points Class is a nationwide class of borrowers who either entered into loans (i) made after December 14, 2001, and before February 3, 2003, on which they had to pay discount points in *any* amount; or (ii) made on or after February 3, 2003 on which they had to pay at least *three* discount points.

**CLASS FOUR: WHOLESALE BORROWER CLASS**

The Wholesale Borrower Class is a nationwide class of borrowers who paid an amount constituting more than 3% of their funded loan amount in settlement charges to Ameriquest or a mortgage broker.

**CLASS FIVE: LOAN SERVICING CLASS**

The Loan Servicing Class is a nationwide class of borrowers who paid Ameriquest default and delinquency fees or costs in an amount in excess of a total of $1,000. These fees and costs include fees listed in Ameriquest's records as late fees, legal fees, phone pay non sufficient fund (NSF) fees, bad check non sufficient fund (NSF) fees, appraisal fees, inspection fees, and recoverable corporate advance fees.

---

[1] These settlements include: Ricci v. Ameriquest Mortgage Co., Civil File Case No. 05-2546 (State of Minnesota, Hennepin County) and Pierceall v. Ameriquest, Judicial Council Coordination Proceeding No. 4162 (Superior Court of the State of California, San Mateo County).

EXHIBIT 1
to Fenwick Affidavit
Page 3 of 10

4. **HOW DO I KNOW IF I AM A CLASS MEMBER?**

You are receiving this Notice because, according to Ameriquest's records, Ameriquest originated and/or serviced your loan during the Class Period (which is from December 14, 2001, to the present unless otherwise stated) and because its records indicate that you fall into at least one of the Classes summarized above.

5. **WHAT ARE THE TERMS OF THE SETTLEMENT?**

After more than three years of hard-fought litigation followed by two years of intensive mediation with an experienced retired judge acting as a third-party mediator, the parties have reached a Settlement Agreement on the following terms:

A. **Settlement Fund**

The Settlement provides a monetary fund of $22 Million ("Settlement Fund"), which will be used for (1) Settlement Payments to Class Members, (2) Foreclosure Prevention Services, (3) Notice and Claims Administration Costs, (4) Service Payments to the plaintiffs who brought these lawsuits (the "Class Representatives"), and (5) Attorneys' Fees and Costs approved by the Court. Each item is described more fully below.

1. **Settlement Payments**

After payments of other items covered by the Settlement, the entire balance of the fund will be divided, according to a formula, among Class Members who file timely, valid claims. A Claim Form is included with this Notice. Please follow the instructions carefully and submit the form no later than March 9, 2010 if you wish to be paid. If you do not file a timely valid claim, you will not be paid. As explained below, you can submit your claim by mail or online or by facsimile at 1-866-590-8535.

The amount of your payment will be determined by a formula that is contained in the Distribution Plan included with the Settlement Agreement. The formula is based on expert evaluation of data contained in Ameriquest's records. In general, the formula is designed to reflect the amount of average potential harm associated with the claims of each Class adjusted for the legal strengths and weaknesses of those claims.

You will be entitled to a payment for the harm associated with each Class for which you are a member. Your payment will be based on the number of points assigned to your claim in relation to the total number of points of all claimants.

There are more than 700,000 Class Members. Because we do not know how many claims will be filed or how many points will ultimately be assigned, we cannot accurately tell you the size of your likely Settlement Payment. Although you can receive more information about the Settlement Agreement and the Distribution Plan (see section 10, below), the Settlement Administrator will not be able to answer inquiries about the exact amount of your payment until shortly before payments are made.

EXHIBIT 1
to Fenwick Affidavit
Page 4 of 10

## 2. Foreclosure Prevention Services

In addition to Settlement Payments, $200,000 of the Settlement Fund will be used to provide foreclosure prevention counseling services to eligible Class Members. Eligible Class Members are those who still have a loan originated by Ameriquest, regardless of what company is currently servicing your loan. Plaintiffs have designated Neighborhood Housing Services of Chicago ("NHS") to provide foreclosure prevention counseling to such eligible Class Members. These services will be available to eligible Class Members if and when the Settlement becomes effective (see 9 below).

Once the Settlement is final, eligible Class Members will be able to access the foreclosure prevention counseling by contacting NHS at 1-866-690-8562. Counseling will be on a first come-first served basis until funding for the program is fully expended or until one year from the date of settlement approval, whichever is earlier. You may access this benefit whether or not you file a claim.

## 3. Donation of Amounts Left Over in the Settlement Fund to Charities

Any amounts left over in the Settlement Fund (uncashed checks, for example) will be donated to one or more charities that serve similar populations to Ameriquest borrowers. The charities will be selected by Ameriquest and approved by Plaintiffs.

## 4. Plaintiffs' Litigation Costs and Fees

The Court will determine what fees to award to the attorneys who have brought these actions. Plaintiffs intend to apply for attorneys' fees and costs in an amount not to exceed $7.33 million. The attorneys expect to show that they have expended more than that amount in time and costs on this litigation. The attorneys' fees and costs awarded by the Court will be paid from the Settlement Fund.

## 5. Service Payments

The Court will determine what Service Payment to make to the Class Representatives in these actions. Plaintiffs intend to apply for fees and costs from the Settlement Fund in an amount not to exceed $7,500 per Class Representative household. Service payments awarded by the Court will be paid from the Settlement Fund.

## B. Release By Class Members

*The following is a summary of the Release. A complete description of the release can be found in the Settlement Agreement. See section 10, below.*

Unless you opt out of the Settlement, in exchange for the consideration provided pursuant to this Settlement, you will release all known or unknown claims against Ameriquest and related parties. Related parties include owners, executives, officers, investors and attorneys working for Ameriquest as well as affiliated companies. Despite the release, you will retain your right to bring defenses to any foreclosure claim on an Ameriquest loan, except that those defenses cannot result in an affirmative award of damages to you.

EXHIBIT 1
to Fenwick Affidavit
Page 5 of 10

**C. Termination**

Ameriquest has reserved the right to terminate the Settlement in certain circumstances. If events occur that give Ameriquest the right to terminate the Settlement and it exercises that right, there will be no Final Approval Hearing and the litigation will continue. In the event of termination, information will be posted on the Settlement Administrator's website. (See section 10, below.)

**6. WHY ARE PLAINTIFFS' ATTORNEYS RECOMMENDING THIS SETTLEMENT?**

Class Counsel recommends this Settlement because it provides real, substantial monetary and equitable benefits to the Classes, and the additional value provided by Ameriquest's payment of attorneys' fees, costs, notice, and administration. This case has been extensively prosecuted for more than five years — following a period of very active and hard-fought litigation, the parties engaged in extensive and also hard-fought mediation. Based on the litigation so far and in the judgment of Class Counsel, who have extensive experience in such litigation, the Settlement is fair and reasonable in light of the risks, difficulties, delays, and uncertainties of trial and appeal. In particular, at trial, the Class would have had the burden of proof to establish liability and entitlement to relief. Even if the Class obtained a favorable judgment at trial, there was a known risk that Ameriquest would file an appeal, resulting in a delay of payment to the Class, and/or the potential that the trial judgment would be reversed, or the amount of monetary relief to be paid to the Class reduced.

Class Counsel also recommends the Settlement because Ameriquest, like many other subprime lenders, went out of business during the litigation. Ameriquest has transferred all of its interest in almost all of the loans in question. Even if the Class had prevailed, based on the current and expected future financial condition of Ameriquest, there is the material risk that Ameriquest would not have had the resources to satisfy such a judgment. Under the Settlement described above, Class Members will receive substantial benefits that are both immediate and certain, thus avoiding the many obstacles that might have prevented them from obtaining relief through trial.

**7. WHAT ARE THE PROCEDURES FOR PARTICIPATING IN THE SETTLEMENT?**

If you wish to participate in the Settlement, **you must complete and submit the accompanying Claim Form** in accordance with the instructions provided on that form no later than **March 9, 2010**. If you submit the claim form by mail it must be postmarked by **March 9, 2010**. You may also complete and submit your Claim Form online by visiting www.AmeriquestMDLSettlement.com, or by facsimile at 1-866-590-8535 no later than **March 9, 2010**.

If you are eligible to receive money, but do not mail, fax or electronically submit your Claim Form on time, **you will be barred** from sharing in the distribution of the Settlement Fund, but will nonetheless be subject to the Release, unless you have opted out as described in Section 8, below.

**8. WHAT IF I DON'T WANT TO PARTICIPATE IN THE SETTLEMENT?**

If you wish, you can exclude yourself from the Class Settlement ("opt out"). **If you choose to opt out, you will not receive any benefit through the Settlement, and you will not be bound by the Final Order and Judgment which may be entered dismissing this lawsuit against Ameriquest.** You would then be free to pursue whatever legal rights you may have by pursuing your own lawsuit against Ameriquest at your own cost and expense.

EXHIBIT 1
to Fenwick Affidavit
Page 6 of 10

To opt out, you must send a Request for Exclusion by first class mail, postage prepaid, to: Ameriquest MDL Settlement Administrator at P.O. Box 2278, Faribault, MN 55021-2413. Your Request for Exclusion must be in writing and postmarked by **February 22, 2010**. To be effective, a Request for Exclusion must include: (1) the name of this Class Action (*In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715, Lead Case No. 05-cv-07097); (2) your name, address, and telephone number; (3) a statement that you wish to be excluded from this Class Action. Note that you may not exclude any other person, including your co-borrowers, or any class of individuals from the Settlement.

If the Request for Exclusion is not timely submitted and you are a Class Member, you will be automatically included in the Class and will be legally bound by the proposed Settlement, including its Release provisions. *You may not submit a Claim Form and also exclude yourself from the Settlement.*

9. **WHAT ARE THE PROCEDURES RELATING TO COURT REVIEW AND APPROVAL OF THE SETTLEMENT? HOW CAN I OBJECT?**

A hearing will be held on April 15, 2010, at 10:30 a.m. before the Honorable Marvin E. Aspen, Judge of the United States District Court for the Northern District of Illinois, located at 219 S. Dearborn Street, Chicago, IL 60604, in Courtroom #2658 (the "Fairness Hearing").

The purpose of the Fairness Hearing is to determine, among other things, (1) whether the terms of the Settlement are fair, reasonable, and adequate; (2) whether the application of Class Counsel for an award of attorneys' fees and costs should be approved and, if so, the amount to be awarded; (3) whether the Class Representatives' application for an award of service payments should be approved; and (4) whether a Final Order and Judgment should be entered dismissing this Class Action with prejudice and on the merits against the Class Representatives and all members of the Class (except for those persons who timely and properly request to be excluded from the Settlement). The Court has the power to adjourn or reschedule the Fairness Hearing from time to time without further notice of any kind.

**There is no need for you to attend the Fairness Hearing if you wish to participate in the proposed Settlement, as Plaintiffs' attorneys will represent your rights.**

**Objections/Appearances in Court**

Any Class Member who has not provided a timely written request for exclusion and who wishes to object to the proposed Settlement must provide to Class Counsel and Ameriquest's attorneys, and file with the Court, no later than **February 22, 2010**, a statement specifically describing his/her objection, together with any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection.

Any Class Member and/or his/her attorney who intends to make an appearance in court at the Fairness Hearing must, no later than February 22, 2010 or as the Court may otherwise direct, both (1) file a notice of appearance with the Clerk of the Court and (2) serve a copy of the notice of appearance on Plaintiffs' attorneys and Ameriquest's attorneys. All such objections, papers, and briefs shall expressly refer to the name of this Class Action as it appears at the top of this Notice, as well as to the Honorable Marvin E. Aspen and the case number. All written objections must clearly identify the name and address of the Class Member making the objection, and must provide documentation demonstrating that the person making the objection is in fact a Class Member. All written objections also must

EXHIBIT 1
to Fenwick Affidavit
Page 7 of 10

clearly identify any and all witnesses, documents, and other evidence of any kind that are to be presented at the Fairness Hearing in connection with such objections, and also must set forth the substance of any testimony to be given by such witnesses, if any. The pertinent addresses are as follows:

**Court:**
Hon. Marvin E. Aspen
United States District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, IL 60604

**Class Counsel:**

Kelly M. Dermody
Lieff Cabraser Heimann & Bernstein LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, CA 94111

Rachel Geman
Lieff Cabraser Heimann & Bernstein LLP
250 Hudson Street
8th Floor
New York, NY 10013

Gary Klein
Shennan Kavanagh
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111

Jill Bowman
James Hoyer et. al.
One Urban Centre, Suite 550
4830 West Kennedy Blvd.
Tampa, FL 33609-2589

**Ameriquest Defendants' Attorneys:**
Bernard E. LeSage
Buchalter Nemer, A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Any Class Member who does not comply with these requirements will be deemed to have waived such objection, and will be forever foreclosed from making any objection to the proposed Settlement.

**10.  WHERE CAN I FIND ADDITIONAL INFORMATION?**

This Notice contains only a summary of the terms of the proposed Settlement. You may find the complete Settlement Agreement, the Distribution Plan and other information at www.AmeriquestMDLSettlement.com.

Updates will be posted on the Settlement Administrator's website at www.AmeriquestMDLSettlement.com as information about the settlement process becomes available. Obtaining final settlement approval and accurately reviewing the filed claims and exclusions is a slow process. Please be patient.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE,
OR AMERIQUEST OR AMERIQUEST'S ATTORNEYS CONCERNING THIS CASE.

**BY ORDER OF THE COURT**

Date: January 8, 2010

/s/ Marvin E. Aspen
Judge, United States District Court

Page 8

EXHIBIT 1
to Fenwick Affidavit
Page 8 of 10

## IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION
## CLAIM FORM

**Ameriquest MDL Settlement Administrator**
**P.O. Box 2278**
**Faribault, MN 55021-2413**
**1-877-872-3812**
**www.AmeriquestMDLSettlement.com**

**TO: ALL CLASS MEMBERS**

**I.  INSTRUCTIONS**

A.  To receive a Settlement Payment based on your claims in the above-entitled action, ALL borrowers and co-borrowers must complete and sign this Claim Form and mail it to the above address, postmarked by no later than March 9, 2010. You can also complete, sign and submit your Claim Form to the Settlement Administrator online at www.AmeriquestMDLSettlement.com or by facsimile at 1-866-590-8535. IF YOU FAIL TO SUBMIT A COMPLETED CLAIM FORM (EITHER BY MAIL, ON-LINE, OR FACSIMILE) ON OR BEFORE MARCH 9, 2010, YOUR CLAIM WILL BE REJECTED AND YOU WILL NOT RECEIVE A SETTLEMENT PAYMENT IN THIS ACTION. YOU WILL NEVERTHELESS BE SUBJECT TO THE RELEASE DESCRIBED IN THE NOTICE UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT. A Claim Form will be deemed submitted on the date postmarked or, if submitted other than by first-class mail, on the date actually received by the Settlement Administrator.

B.  **You must fill out the information requested in Section II below and sign as indicated in Section II below.**

C.  If you are eligible, you will receive your share of the recovery pursuant to the terms of the overall Distribution Plan, which is summarized in the Notice and available for review at www.AmeriquestMDLSettlement.com.

D.  *Untimely Claims:* Because the settlement process requires *pro rata* distribution of a fixed fund pursuant to the Distribution Plan, Claim Forms that are not timely will not be allowed unless you obtain a court order allowing your claim (at your own cost and expense) prior to Final Approval of the Settlement.

E.  *Claims of Deceased Persons:* Claims of deceased persons will not be allowed unless a claim is submitted by a person authorized to act on behalf of the deceased person's estate together with proof of such authorization.

F.  *Claims of Joint Borrowers:* Joint borrowers will be treated for the purposes of distribution as if they have a single claim. However, the entire amount of the claim of joint borrowers will be paid to any joint borrower making a claim if only one claim is timely submitted on the joint account. If more than one claim is timely submitted on a joint account, the claim payment will be divided in equal shares among the number of claimants on the joint account.

G.  *Incomplete or Improper Claims:* The Settlement Administrator has final authority, in consultation with Lead Class Counsel, to disallow any incomplete or improperly filed claims and will send notice of and the reasons for such disallowance, if any, no later than twenty (20) days prior to the hearing set on Final Approval of the Settlement.

H.  *Deficient Claims.* If you submit a deficient claim (for example, if you forget to sign your claim), you may correct it at any time prior to an order on final approval of the Settlement. To the extent that deficiencies in filed claims are not corrected prior to an order entered on final approval of the Settlement, and if no relief from the Court is obtained by the claimant at the claimant's sole cost and expense, said claim will be permanently and finally disallowed.

I.  THE BENEFITS OF THIS CLAIM FORM MAY BE TAXABLE AND THE SETTLEMENT ADMINISTRATOR IS LEGALLY OBLIGATED TO REPORT TO THE IRS ALL AMOUNTS OF $600 OR GREATER PAID TO YOU PURSUANT TO YOUR CLAIM. PLEASE CONSULT A TAX ADVISOR IF YOU HAVE QUESTIONS.

EXHIBIT 1
to Fenwick Affidavit
Page 9 of 10

☐         **CLAIMANT INFORMATION**         ☐

This section must be completed for a claim to be considered valid.

‖‖‖‖‖‖‖‖‖‖‖‖
\* 5 9 5 6 3 9 5 \*

DONALD ELLIS
521 BITTERROOT CIR
ANCHORAGE AK 99504-4802

Please Print:

_____        ____ ____ ____ - ____ ____ - ____ ____ ____ ____
*Borrower No. 1 (Name)*               *Social Security No.*

_____        ____ ____ ____ - ____ ____ - ____ ____ ____ ____
*Borrower No. 2 (Name)*               *Social Security No.*

Borrower No. 1 Mailing Address:          Borrower No. 2 Mailing Address:

_____        _____
*Street*                         *Street*

_____        _____
*City*         *State*    *Zip Code*        *City*       *State*    *Zip Code*

Address of the Property on which your Loan was written (if different):

                                             Loan Number: _____

_____
*Street*                         Date of Loan(s): ____ ____ / ____ ____ / ____ ____

_____
*City*         *State*    *Zip Code*

II. **REQUIRED SIGNATURE TO COMPLETE VALID CLAIM**

*You must complete the below in order to submit a valid claim.*

I affirm to the best of my/our knowledge, all the above information is true and correct. I had a mortgage loan with Ameriquest or one of the other companies referenced in the Notice and believe I was affected by one or more improper lending practices.

____ ____ / ____ ____ / ____ ____    _____    _____
Date                        *Signature of Borrower No. 1*     *Print Name of Borrower No. 1*

____ ____ / ____ ____ / ____ ____    _____    _____
Date                        *Signature of Borrower No. 2*     *Print Name of Borrower No. 2*

     PLEASE **DO NOT** CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION
IF YOU HAVE QUESTIONS, PLEASE CONTACT THE SETTLEMENT ADMINISTRATOR AS LISTED IN THE NOTICE

‖‖‖‖‖‖‖‖‖‖‖
\* A M O L \*                                ‖‖‖‖‖‖‖‖‖‖‖ ☐
                                                         EXHIBIT 1
                                                       to Fenwick Affidavit
                                                       Page 10 of 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> BORROWER CLASS PLAINTIFFS' ACTIONS | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement") is entered into among: (i) the Plaintiffs named in the Borrowers' First Amended and Consolidated Class Action Complaint ("Plaintiffs"); and (ii) Ameriquest Mortgage Company; AMC Mortgage Services, Inc. (FKA Bedford Home Loans, Inc); Town & Country Credit Corporation; Olympus Mortgage Company (NKA Bedford Home Loans, Inc.); and Argent Mortgage Company, LLC (collectively, the "Settling Defendants") by and through their respective counsel of record, subject to approval of the Court.

IT IS HEREBY STIPULATED AND AGREED, by and among the parties, that all claims that were or could have been alleged in the Borrowers' First Amended and Consolidated Class Action Complaint ("FACC"), filed in the above captioned proceeding, are settled on the terms and conditions set forth in this Settlement Agreement, subject to the approval of the Court. For the purposes of this agreement, the class actions whose claims are being consolidated in the the FACC ("Consolidated Actions") shall include:

- *Barber v. Ameriquest Capital Corp.*, Case No. 04-CV-01296 (TJC-TEM), U.S. District Court for the Middle District of Florida;
- *Becker v. J.M. Closing Services, Inc., et al.*, Case No. 1:06-cv-02810 (RDB), U.S.

- 1 -

EXHIBIT 2<br>to Fenwick Affidavit<br>Page 1 of 35

District Court for the District of Maryland;
- *Boudin v. ATM Holdings, Inc. D/B/A ATM Corp. of America and Ameriquest Co.,* Case No. 1:07-CV-0018, U.S. District Court for the Southern District of Alabama;
- *Brown v. Ameriquest Capital Corp.,* Case No. SACV05-285 (AHS), U.S. District Court for the Central District of California;
- *Campbell v. Ross v. Ameriquest Mortgage Co.,* Case No. 05-CV-00107 (WLS), U.S. District Court for the Middle District of Georgia;
- *Capasso v. Ameriquest Mortgage Co.,* Case No. 06-CV-01221 (JCL), U.S. District Court for the District of New Jersey;
- *Carlson v. Ameriquest Mortgage Co.,* Case No. 06-CV-03129 (PAM), U.S. District Court for the District of Minnesota;
- *D'Ambrogi v. Ameriquest Mortgage Co.,* Case No. 05-CV-04427 (CMR), U.S. District Court for the Eastern District of Pennsylvania;
- *Doherty v. Town & Country Credit Corp.,* Case No. 05-CV-00589 (JRT), U.S. District Court for the District of Minnesota;
- *Graham, et al. v. Ameriquest Mortgage Co., Argent Mortgage Co., et al.;* 4:06-40195 U.S. District Court for the District of Massachusetts;
- *Harless v. Ameriquest Mortgage Co.,* Case No. 06-CV-1391 (SEB-VSS), U.S. District Court for the Southern District of Indiana;
- *Harless v. Ameriquest Mortgage Co.,* Case No. 06-CV-0695 (LJM), U.S. District Court for the Southern District of Indiana;
- *Hines, et al. v. Ameriquest Mortgage Co.,* Case No. 4 06-CV-00133 U.S. District Court for the Northern District of Georgia;
- *Jewell v. Ameriquest Mortgage Co.,* Case No. 06-CV-00269, U.S. District Court for the Northern District of Illinois;
- *Jones v. Ameriquest Mortgage Co.,* Case No. 07-AP-1079 (MAM-ALS) U.S. Bankruptcy Court for the Southern District of Alabama;
- *Juillerat v. Ameriquest Mortgage Co.,* Case No. 8:05-CV-01117 (DOC), U.S. District Court for the Central District of California;
- *Kahrer v. Ameriquest Mortgage Co.,* Case No. CIV.A.05-391, U.S. District Court for the Western District of Pennsylvania;
- *Knox v. Ameriquest Mortgage Co.,* Case No. C 05 00240 (SC), U.S. District Court for the Northern District of California;
- *Madrazo v. Ameriquest Mortgage Co.,* Case No. CV 05 3987 (BRK), U.S. District Court for the Eastern District of New York;
- *Montanez v. Ameriquest Mortgage Co.,* Case No. 06 CV 10244 (RWZ), U.S. District Court for the District of Massachusetts;
- *Murphy v. Ameriquest Mortgage Co.,* Case No. 04-CV-12651 (RWZ), U.S. District Court for the District of Massachusetts;
- *Russell v. Ameriquest Mortgage Co.,* Case No. 06-CV-401 (TLS-APR) U.S. District Court for the Northern District of Indiana;
- *Sanchez v. Argent Mortgage Co.,* Case No. SACV07-CV-984 (CJC) U.S. District Court for the Central District of California;
- *Saunders v. Ameriquest Mortgage Co.,* Case No. 5-CV-01126 (CAB), U.S. District Court for the Northern District of Ohio;
- *Stadaker v. Ameriquest Mortgage Co.,* Case No. 3:07-CV-00409, U.S. District Court for

- 2 -

EXHIBIT 2
to Fenwick Affidavit
Page 2 of 35

the Middle District of Tennessee;

- *Ungar v. Ameriquest Mortgage Co.*, Case No. 05 CIV 01849 (JDW), U.S. District Court for the Middle District of Florida;
- *Valdes v. Ameriquest Mortgage Co.*, Case No. RG05236537, Alameda County Superior Court;
- *Williams v. Ameriquest Mortgage Co.*, Case No. 05 CV 6189 (LTS), U. S. District Court for the Southern District of New York; and
- *Williams v. Ameriquest Mortgage Co.*, Case No. 05-CV-01036 (EAK), U.S. District Court for the Middle District of Florida.

## I.    RECITALS

A.    On or about December 14, 2005, the Judicial Panel on Multidistrict Litigation consolidated and transferred certain of the class action cases pending in this proceeding and thereafter transferred most of the balance of the Consolidated Actions. Other class action cases pending in this proceeding were transferred and consolidated in this Court under the rule governing related actions in the United States District Court for the Northern District of Illinois. Each of the Consolidated Actions alleged that one or more of the Settling Defendants violated state, federal and/or common law consumer protections in originating and/or servicing loans to the Plaintiffs and other similarly situated individuals.

B.    On December 6, 2006, the Plaintiffs in the Consolidated Actions filed a Borrowers' Consolidated Class Action Complaint ("CCAC") [Docket No. 325]. On June 18, 2007, Plaintiffs in the Consolidated Actions filed a Motion for Leave to file a First Amended Consolidated Class Action Complaint. The Court has not issued any ruling on this Motion, the Proposed First Amended and Consolidated Class Action Complaint has not been filed and the Settling Parties hereby agree that the Motion is withdrawn.

C.    The Plaintiffs intend to file a new Borrowers First Amended and Consolidated Class Action Complaint ("FACC") to consolidate additional later transferred class action cases and for other purposes. The FACC shall be approved by the Settling Defendants before filing and shall include as plaintiffs all parties previously named as a plaintiff in any of the

- 3 -

EXHIBIT 2
to Fenwick Affidavit
Page 3 of 35

Consolidated Actions, including those previously omitted from *Saunders v. Ameriquest Mortgage Co.*, Case No. 5-CV-01126, but shall not include those individuals who previously released claims in the AG Settlement.

D.     On or about November 7, 2006, the Court appointed the undersigned counsel for the Plaintiffs to act as lead counsel for the Borrower Class Plaintiffs and they have done so in consultation with their Executive Committee and counsel for other Plaintiffs in the Consolidated Actions [Docket No. 284].

E.     The Settling Defendants deny the allegations of the Consolidated Actions and of both the CCAC and the FACC and deny that Plaintiffs or the Class have been harmed by any act or omission of the Settling Defendants.

F.     In or about September 2007, the Settling Defendants ceased making new loans and over a period of time transferred certain interests in various businesses to other unrelated and non-affiliated entities in arms length transactions. From approximately September 30, 2007, none of the Settling Defendants were engaged in substantial business activities other than managing assets and liabilities arising from its prior business operations.

G.     In January 2006, ACC Capital Holdings Corporation, Ameriquest Mortgage Company, Ameriquest Mortgage Services f/k/a Bedford Home Loans and Town & Country Credit Corporation ("AG Defendants") entered into a $325 million settlement with the Attorneys General of the 49 States in which the AG Defendants conducted business ("AG Settlement"). The AG Settlement resolved all claims and charges alleged relating to the AG Defendants' lending practices, which included many of the types of allegations made by Plaintiffs in this action and provided for general releases in favor of Ameriquest by borrowers who participated in that settlement. This Settlement Agreement is intended to, among other things, resolve the

claims of those individuals who either intentionally or unintentionally failed to participate in the AG Settlement.

## II.   DISCOVERY COMPLETED

A.   Plaintiffs, by and through their counsel, have undertaken substantial formal and informal discovery over the course of approximately 4 years of MDL litigation. Approximately 15 depositions were conducted, including depositions of the Settling Defendants' employees, officers, directors, and/or managing agents. In addition, Plaintiffs conducted substantial discovery in several cases before they were transferred and consolidated into the MDL proceeding. Plaintiffs also subpoenaed various former employees of the Settling Defendants' and received their testimony.

B.   In addition, Settling Defendants produced over 212,690 pages of loan files and other documents regarding company policies and procedures and corporate activities during the class period.  They further produced several terabytes of computerized data about Class Member loan files. The parties had numerous disagreements regarding the scope or relevance of Plaintiffs' requested discovery, which were the subject of dozens of discovery conferences and substantial discovery practice.

C.   Prior to entering into this Settlement, Lead Class Counsel reviewed substantial financial information regarding the Settling Defendants' assets, insurance policies, and revenue projections, which the Settling Defendants will also confirm through a Declaration to be submitted to the Court, for *in camera* review in conjunction with the Settlement.

## III.   SETTLEMENT PROCEEDINGS

A.   On December 6, 2007 the parties began to pursue, by agreement, a settlement by mediation before an agreed-upon neutral: retired San Francisco Superior Court Judge Daniel Weinstein, at JAMS in San Francisco, California. The parties met with the mediator on over 12

EXHIBIT 2
to Fenwick Affidavit
Page 5 of 35

occasions, in San Francisco and New York and by phone. In addition to the sessions with Judge

Weinstein, the parties engaged in dozens of hours of in-person meetings, conference calls, and

other communications intended to further the process of settlement. Judge Weinstein

recommends this Settlement.

      B.     Negotiations were at arms length, hard fought, and frequently acrimonious.

      C.     In May 2009, the parties reached agreement, in principal, on economic terms for

the Class.

      D.     That agreement was contingent on additional data review, development of a

process for identifying class members from available data and development of a Distribution

Plan that considers the relative harm suffered by class members and the strengths and

weaknesses of the claims of members of each class. Those activities were completed prior to

execution of this agreement.

      E.     Plaintiffs agree to settle this class action pursuant to the provisions of this

Settlement Agreement, set forth in detail below, considering, among other things:

          1.     The substantial benefits to the Class under the terms of this Settlement

Agreement;

          2.     The attendant expense, risks, difficulties, delays, and uncertainties of trial

and post-trial proceedings; and

          3.     The Settling Defendants' financial circumstances and the risk the Class

could obtain little or no relief if the proceedings did not resolve.

      F.     Both Class Counsel and the Class Representatives agree that the Settlement

Agreement provides fair, reasonable, and adequate relief to the Class in the circumstances

EXHIBIT 2
to Fenwick Affidavit
Page 6 of 35

presented, and that settlement on the agreed terms, set forth below, is in the best interests of the Settlement Classes described below.

      G.    Class Counsel, after consultation with relevant experts, have carefully evaluated and compared the strengths, weaknesses, and relative merits of the claims of the several classes and have developed a distribution plan for division of the economic relief that recognizes, to the extent possible based on the available data and the uncertainties of litigation, the relative value of those claims.

## IV.   **SETTLEMENT RELIEF**

      A.    The Settlement Monetary Fund ("Settlement Fund") shall consist of $22 million.

      B.    The $22 million Settlement Fund is intended to be inclusive of:

          1.    Settlement payments to class members;

          2.    Notice and claims administration costs (including the costs of identifying class members based on data supplied or to be supplied by the Settling Defendants to Rust Consulting);

          3.    Service Awards to named Plaintiffs; and

          4.    Reasonable attorneys' fees and costs in an amount to be determined and which the Settling Defendants will not oppose for the purposes of Settlement Approval.

      C.    The Settlement Fund does not include costs associated with resolving any other case or matter not within the Consolidated Actions including, without limitation, *Ricci, et al. v. Ameriquest*, Civil File No. 05-2546.

      D.    Creation of the Settlement Fund:

          1.    One-third of the Settlement Fund shall be deposited into a designated account within seven business days after the parties execute the Settlement Agreement;

EXHIBIT 2
to Fenwick Affidavit
Page 7 of 35

2.  One-third shall be deposited within seven business days after entry of the Preliminary Approval Order; and

3.  One-third shall be deposited within seven business days after entry of the Final Approval Order by the District Court.

Interest on the deposited Settlement Fund shall be accumulated for the benefit of the Settling Defendants until seven business days after entry of the Final Approval Order by the District Court, if any. Settling Defendants' payments may therefore be reduced by the amount of any interest accrued on the fund as of the date that is seven business days after the date of entry of the Final Approval Order. Following the date that is seven business days after the date of entry of the Final Approval Order, interest shall accumulate for the benefit and augmentation of the fund.

If the Settlement Agreement terminates for any reason, including if the Effective Date (as determined below) does not occur, the Settling Defendants will be entitled to receive the entire amount of the Settlement Fund (including accrued interest), other than amounts previously spent, so provided for in the Settlement Agreement, for notice and administration (including Rust Consulting's costs of identifying class members) ("Reimbursement"). The Reimbursement shall be made by the holder of the funds upon written instruction from Settling Defendants no later than five (5) business days following the termination of the Settlement Agreement.

If the Settlement Agreement *does* reach the Effective Date (as defined below), and does not terminate for any reason, the Settling Defendants will have no right to any portion of the Settlement Fund (other than with respect to interest as set forth in the first full paragraph following subsection 3 above), but instead such amounts will be expended for the Settlement.

Amounts, if any, in the Settlement Fund not used for other purposes permitted in this Settlement Agreement shall be donated, by way of an award in the nature of *cy pres* to one or more charities. The charities shall be selected by Settling Defendants, subject to approval by the Plaintiffs, which approval will not be unreasonably withheld. In the event that the Plaintiffs do not approve the Settling Defendants' selection of charities, the parties will submit the dispute to Judge Daniel Weinstein of JAMS, who will have sole authority, after appropriate consultation with the parties, to make a binding decision on whether the charity or charities is an appropriate recipient of Settlement Funds.

      E.    **Distribution Plan**: A plan of distribution ("Distribution Plan") for the settlement fund is attached hereto and labeled Exhibit 1. The Distribution Plan is subject to review and approval by the Court.

**V.    NON-BORROWER CLAIMS**

      The Non-Borrower Class Plaintiffs through their counsel and the Settling Defendants have reached an agreement that the Class Allegations of the Non-Borrower Complaint will be dismissed in their entirety without prejudice within two business days of the granting of the Motion for Preliminary Approval, and that original counsel for each of the named Plaintiffs may take further action in connection with their claims as appropriate in light of the Supreme Court's decision in *Safeco Insurance v. Burr*, 127 S. Ct 2201 (2007), and the Seventh Circuit's decisions in *Murray v. New Cingular Wireless Services*, 523 F. 3d 719 (7th Cir 2008) and *Calvin v. Home Loan Center*, 531 F. 3d 526 (7th Cir. 2008).

      The Non-Borrower Class Plaintiffs and the putative class(es) they sought to represent are not included in the Settlement and shall not be entitled to compensation from the Settlement Fund.

EXHIBIT 2
to Fenwick Affidavit
Page 9 of 35

## VI.    SETTLEMENT CLASSES

A.    **Class Definitions**: For the purpose of the definition of the settlement classes, the "Class Period" is from December 14, 2001, to the present unless otherwise stated. Only borrowers included in one of the following classes are covered by the Settlement. For the purposes of these definitions, the term "Ameriquest" includes each of the Settling Defendants.

### Class 1: "TILA RESCISSION CLASS"

The TILA Rescission Class consists of a nationwide class of Borrowers (excluding: (i) Released Parties ; (ii) the parents, subsidiaries and affiliates, officers and directors of the Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the legal representatives, successors, or assigns of any such excluded persons) who: (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States and (b) entered into a mortgage loan transaction relating to such property with any Settling Defendant or its predecessors at any time on or after February 8, 2003, or, for residents of Massachusetts, at any time on or after February 8, 2002, and who have requested rescission of their loans pursuant to applicable provisions of TILA or state disclosure laws on or before the date of the Settlement Agreement.

Excluded from the TILA Rescission Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

### Class 2: "BAIT AND SWITCH CLASS"

The Bait and Switch Class consists of a nationwide class of Borrowers (excluding: (i) Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the Released Parties or of any entity in which a Released Party has a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons) who: (a) presently

EXHIBIT 2
to Fenwick Affidavit
Page 10 of 35

own, or during the Class Period owned, property (including mobile homes) in the United States;

and (b) entered into a retail mortgage loan transaction during the Class Period relating to such

property with any Settling Defendant or its predecessors and who meet one of the following

criteria:

> i. loan records establish a final disclosed annual percentage rate that is at least 0.9% higher (as calculated pursuant to TILA) than the disclosed annual percentage rate (calculated pursuant to TILA) contained in any pre-closing written disclosures made to the borrower.

> ii. loan records establish that the borrower received a loan containing a prepayment penalty, but pre-closing written disclosures made to the borrower described a loan without a prepayment penalty.

> iii. loan records establish that the borrower received a loan containing a variable rate, but pre-closing written disclosures made to the borrower described a loan containing a fixed rate.

Excluded from the Bait and Switch Class are all individuals who have previously

released claims in contract or in tort, individually or as a member of a class action, or by

accepting a benefit in the Attorneys General Settlement.

## Class 3: "DISCOUNT POINTS CLASS"

The Discount Points Class consists of a nationwide class of Borrowers (excluding: (i)

Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the

Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the

legal representatives, successors, or assigns of any such excluded persons) who (a) presently

own, or during the Class Period owned, property (including mobile homes) in the United States;

(b) entered into a retail mortgage loan transaction during the Class Period relating to such

property with any Settling Defendant or its predecessors and (c) either entered into loans:

> (i) made after December 14, 2001, and before February 3, 2003, on which they had to pay discount points in any amount; or

> (ii) made on or after February 3, 2003, to the present on which they had to pay at least

- 11 -

EXHIBIT 2
to Fenwick Affidavit
Page 11 of 35

three (3) discount points.

Excluded from the Discount Points Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

**Class 4: "WHOLESALE BORROWER CLASS"**

The Wholesale Borrower Class consists of a nationwide class of Borrowers (excluding: (i) Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the legal representatives, successors, or assigns of any such excluded persons) who: (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States; (b) entered into a wholesale mortgage loan transaction during the Class Period relating to such property with any Settling Defendant or its predecessors; (c) paid fees to a loan broker in connection with the mortgage loan; and (d) paid an amount constituting more than 3% of their funded loan amount in Settlement Charges to the Settling Defendant or a mortgage broker.

For the purposes of this definition, "Settlement Charges" include all fees paid to the Settling Defendant, a mortgage broker or a third party settlement service provider at or about the time of the origination of the loan and which are denominated in the Settling Defendants' electronic records as prepaid finance charges.

Excluded from the Wholesale Borrower Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

**Class 5: "LOAN SERVICING CLASS"**

The Loan Servicing Class consists of a nationwide class of Borrowers (excluding: (i) Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the

- 12 -

EXHIBIT 2
to Fenwick Affidavit
Page 12 of 35

Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the legal representatives, successors, or assigns of any such excluded persons) who: (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States; (b) entered into a mortgage loan transaction relating to such property that was serviced by any Settling Defendant during the Class Period; and (c) paid Default and Delinquency Fees or Costs to the Settling Defendant in an amount in excess of a total of $1,000.

For the purpose of this definition, Default and Delinquency Fees and Costs include fees denominated in the Settling Defendants' electronic servicing records as late, legal, phone pay NSF, bad check NSF, appraisal and inspection fees and recoverable corporate advance.

Excluded from the Loan Servicing Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

B. **Settlement Certification**: For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order, the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Classes subject to final findings and certification in the Final Order, and appointing both Plaintiffs and Class Counsel as representatives of the Settlement Classes. For settlement purposes only, the Settlement Classes will be certified pursuant to Rule 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

The Parties do not consent to certification of the Settlement Classes for any purpose other than to effectuate the settlement of the actions and claims identified in this Agreement. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction that is not subject to appeal, the Parties hereby stipulate that the order certifying the Settlement Classes and all

preliminary and/or final findings or stipulations regarding certification of the Settlement Classes shall be automatically vacated.

C.    The "Releasing Parties" under this settlement are all members and Named Representatives of any Settlement Class who have not and do not validly exclude themselves from the Settlement under procedures set forth in Section XI of this Agreement whether or not they submit a claim, receive or accept any benefit, or cash any check in connection with the Settlement.

## VII.    FIRST CONSOLIDATED AND AMENDED COMPLAINT

A.    For the purposes of Settlement only, Plaintiffs will file the Borrowers FACC incorporating and superseding all pending consolidated complaints in this matter. The Settling Defendants will stipulate to the filing of the FACC after approval as set forth in Section I.C above.

B.    The Settling Defendants do not consent to the filing of the FACC except for the purposes of settlement. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, any party to this motion may seek to have the FACC vacated and the other parties to this agreement will consent to such motion. If the FACC is vacated it will be of no further force and effect and the parties will be returned to the *status quo ante* in the litigation as if the FACC had never been filed.

## VIII.    RELEASE

A.    The Settling Defendants, together with Argent Securities LLC; Ameriquest Mortgage Insurance Services Corporation; Ameriquest Funding II, LLC; Ameriquest Funding II REO Subsidiary, LCC; Ameriquest Securities LLC; Park Place Securities LLC, Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; Argent Securities, Inc.; Park Place

- 14 -

EXHIBIT 2
to Fenwick Affidavit
Page 14 of 35

Securities, Inc.; ACC Capital Holdings Corporation; SBP Capital Corporation (FKA Ameriquest Capital Corporation); Dawn Arnall in all capacities; The Roland and Dawn Arnall Living Trust; the Estate of Roland Arnall; and All Pass-Through entities created to facilitate the securitization process including, without limitation as to each of the foregoing entities, all current and former officers, directors, managers, employees, owners, shareholders, heirs, estates, related companies by common ownership, parent companies, insurers, successors, assigns, servicers, investors, trustees, agents and attorneys (the forgoing entities and individuals shall hereinafter be collectively referred to as the "Ameriquest Released Parties") shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort (including but not limited to personal injury, and emotional distress and RICO claims), statute, regulation, or common law, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted in the FACC and/or the Consolidated Actions (collectively, the "Released Claims"). Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor as of the Final Approval Date. Releasing Parties, on behalf of themselves individually and in their representative capacities acknowledge, and all Releasing Parties are deemed to acknowledge that they are aware that any of them may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally and forever all Released Claims,

- 15 -

EXHIBIT 2
to Fenwick Affidavit
Page 15 of 35

and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

B.   All Servicers, Investors and Trustees (collectively, the "Additional Released Parties") shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may have or have had during the Class Period, including without limitation, in contract, in tort (including but not limited to personal injury, and emotional distress and RICO claims), statute, regulation, or common law, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted in the Complaints (collectively, the "Additional Released Claims"). Without limiting the foregoing, the Additional Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor as of the Final Approval Date.  Releasing Parties, on behalf of themselves individually and in their representative capacities acknowledge, and all Releasing Parties are deemed to acknowledge that: i) they are aware that any of them may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally and forever all Additional Released Claims, and ii) in furtherance of such intention, the release of the Additional Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

Notwithstanding the forgoing, the release of the Additional Released Parties extends only to Additional Released Claims based upon or arising out of conduct of the Ameriquest Released

EXHIBIT 2
to Fenwick Affidavit
Page 16 of 35

Parties and does not apply to claims based upon or arising out of the direct conduct of any Additional Released Party.

      C.    ***Foreclosure Exception***: Notwithstanding any language herein, the release given to Ameriquest Mortgage Company; AMC Mortgage Services, Inc. (FKA Bedford Home Loans, Inc); Town & Country Credit Corporation; Olympus Mortgage Company (NKA Bedford Home Loans, Inc.); and Argent Mortgage Company, LLC (collectively, the "Originator Defendants") and to the Additional Released Parties shall not extend to, and shall have no effect on statutory or common law foreclosure claims and defenses raised in response to, an actual or threatened judicial or non-judicial foreclosure of any loan originated by a Defendant to a Class Member who is a borrower and whose loan has not been paid off or liquidated as of the Final Approval Date. This exception to the Released Claims shall not apply to any Ameriquest Released Party other than the Settling Defendants and is, in any event, not intended to, and shall not, permit affirmative recovery of monetary damages in connection with any foreclosure-related, or other, proceeding.

## IX.    RELEASE BY DEFENDANTS

      In exchange for the releases herein provided, the Ameriquest Released Parties are hereby deemed to have released, on behalf of themselves and all of their parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, and assigns ("Ameriquest Releasing Parties"), the Plaintiffs and Class Counsel, from all claims, causes of actions, or liabilities of which any and all of the Ameriquest Releasing Parties may have or have had against the Plaintiffs or Class Counsel, whether known or unknown, that arise from matters alleged in the FACC or the Consolidated Actions. Nothing contained herein, however, shall release any Plaintiff from the obligations or benefits of any loan obtained from the Ameriquest Releasing Parties or limit Defendants' affirmative defenses or cross claims arising from any loan obtained from the

EXHIBIT 2
to Fenwick Affidavit
Page 17 of 35

Ameriquest Releasing Parties.

## X.  NOTICE AND APPROVAL OF SETTLEMENT

A.     Lead Class Counsel will submit preliminary approval papers for the Settlement, including a Motion for Preliminary Approval along with a proposed order for preliminary approval and certification of settlement classes substantially in the form of Exhibit 2 (the "Preliminary Approval Order"), an agreed proposed form of mailed notice and a summary notice substantially in the Form of Exhibits 3 and 4 (the "Notice" and "Summary Notice"), the proposed form of the final order ("Final Order") in the form of Exhibit 5, and the executed Agreement, within a reasonable time following of execution of this Agreement. The Settling Defendants will assent to the Motion for Preliminary Approval.

B.     The Preliminary Approval Order will, among other things, certify the Settlement Classes for settlement purposes only, approve Plaintiffs as adequate representatives of the Settlement Classes, and allow the court to enter a date for a "Final Approval Hearing." The Preliminary Approval Order also will approve the form of the Notice, will find that the method of notice selected constitutes the best notice to all persons within the definition of the Settlement Classes that is practicable under the circumstances, and will find that the form and method of notice each comply fully with all applicable law.

C.     The Parties will propose the following notice protocol for approval by the Court:

(a)     The appropriate form of notice, along with a claim form, will be mailed to the last known address of Settlement Class Members in the Settling Defendants' records, by first class mail no later than thirty (30) days after the Court enters the Preliminary Approval Order;

(b)     The Settlement Administrator and each Lead Class Counsel will provide a link on its website to a central site maintained by the Settlement Administrator to obtain downloadable and printable copies of the Settlement Agreement, the Notice and the Claim Form;

- 18 -

EXHIBIT 2
to Fenwick Affidavit
Page 18 of 35

(c)    The Settlement Administrator will also provide publication notice of the Agreement ("Summary Notice") through one (1) notice to be published in Parade and USA Today, or as otherwise ordered by the Court, not later than thirty (30) days after the Court enters the Preliminary Approval Order.

(d)    The Settlement Administrator will promptly re-mail any notices returned by the Post Office with a forwarding address.

D.    All costs of notice and administration will be borne by the Settlement Fund.

E.    The Settlement Administrator will file with the Court and serve upon Lead Class Counsel and Settling Defendants' counsel no later than ten (10) days prior to the Final Approval Hearing an affidavit or declaration stating that notice has been completed in accordance with the terms of the Preliminary Approval Order.

F.    The Final Approval Hearing will be held at a date and time to be set by the Court after mailing of the Notice and the passing of the Opt-Out Date.  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement and the Distribution Plan should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether attorney's fees, costs and named representative service payments should be approved in the amounts requested, and whether a judgment and order finally approving the Settlement and dismissing any of the actions should be entered. Lead Class Counsel for the Plaintiffs will file the Motion for Final Approval of the Settlement on the schedule ordered by the Court and the Settling Defendants will assent to the Motion.  The parties will submit a proposed order for Final Approval and Dismissal ("Final Order") substantially in the Form of Exhibit 5.

EXHIBIT 2
to Fenwick Affidavit
Page 19 of 35

G.     The "Effective Date" for purposes of the Settlement shall be five (5) business days after the latest of the following dates: (a) the date upon which the time to commence an appeal of the Final Approval Order and Judgment has expired, if no one has commenced any appeal or writ proceeding challenging the Final Order and Judgment; or (b) the date the Final Approval Order and Judgment has been affirmed on appeal or writ review (or the appeal or writ petition has been dismissed), and the time within which to seek further review has expired. Notwithstanding the foregoing, the Settling Defendants may, within their sole discretion, declare an earlier Effective Date, namely, any date after the Final Approval Order and Judgment is entered.

H.     Subject to Court approval, Plaintiffs will propose the firms on the list attached as Exhibit 6 as "Class Counsel" for the purposes of Settlement and Fed. R. Civ. P. 23(g) (except to the extent that all of the Plaintiffs represented by such firm opt out of the Settlement).

I.     Subject to Court approval, Plaintiffs will propose the following firms, who have served as interim Lead Class Counsel, as Lead Class Counsel for the purposes of Settlement and Fed. R. Civ. P. 23(g):

Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810

Kelly M. Dermody
Rachel Geman
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Jill Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard

EXHIBIT 2
to Fenwick Affidavit
Page 20 of 35

Tampa, FL 33609

### XI. <u>EXCLUSIONS FROM THE SETTLEMENT</u>

A.     The last date for class members to exclude themselves from the Settlement ("Opt-Out Date") will be forty-five (45) days after the date of initial mailing date of the Mailed Notice. Said date will be conspicuously listed in the Mailed Notice and in the Summary Notice.

B.     Each Class Member who wishes to be excluded from the Settlement must mail to the Settlement Administrator, postmarked or received in a manner allowed by the class notice on or before forty-five (45) days after the initial mailing date, an appropriate written request for exclusion, including his or her name, address, telephone number, and loan number, that is personally signed by the Class Member. No Class Member, or any person acting on behalf or in concert or participation with that Class Member, may exclude another Class Member from the Settlement.

C.     No later than fourteen days after the last date on which class members may exclude themselves from the Settlement, Plaintiffs' counsel shall direct the Settlement Administrator to provide a list of those members of each class who have attempted timely and validly to opt out ("Administrator's Report"), on an attorney's eyes only basis, to Lead Class Counsel and designated counsel for the Settling Defendants. A copy of the form used for each such attempted opt out will be appended to the Administrator's Report.

D.     The final list of requests for exclusion will be filed with the Court by the Settlement Administrator not later than ten (10) days before the Final Approval Hearing. Copies of the requests for exclusion will be provided by the Settlement Administrator to Lead Class Counsel and Counsel for the Settling Defendants as soon as practicable before the Final Approval Hearing. If the Settlement is approved by the Court at the Final Approval Hearing and

- 21 -

EXHIBIT 2
to Fenwick Affidavit
Page 21 of 35

reaches the Effective Date, any and all Class Members who have not submitted a timely, written request for exclusion to the Settlement Administrator, will be bound by the releases set forth herein, and all proceedings, orders, and judgments entered in this class action litigation, even if those persons have previously initiated or subsequently initiate individual claims, litigation or other proceedings against the Settling Defendant related to the claims released pursuant to this Settlement.

E.    Named Class Representatives who exclude themselves from the Settlement shall no longer be considered a Plaintiff or a Named Class Representative under this Settlement Agreement and shall be entitled to no benefits of the Settlement including without limitation, Service Payments, settlement payments, or payment of Attorney's Fees and Costs.

## XII.  OBJECTIONS TO SETTLEMENT

A.    Any Class Member who has not filed a timely written request for exclusion and who wishes to object to or oppose the fairness, reasonableness or adequacy of this Settlement Agreement, or to any award of attorneys' fees and expenses, must serve upon Lead Class Counsel and Counsel for the Settling Defendants, and must file with the Court, no later than forty-five (45) days after the initial mailing date of the Mailed Notice, a statement of his/her objection, as well as the specific reason(s), if any, for such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection. Class Members may so object either on their own or through an attorney hired at their own expense. Class members who intend to appear and be heard at the Final Approval Hearing shall be required to so state in connection with their objection. The Deadline for Objections will be conspicuously listed in the Mailed Notice and in the Summary Notice.

EXHIBIT 2
to Fenwick Affidavit
Page 22 of 35

B.    Class Counsel and Counsel for the Settling Defendants may, in their discretion, file and serve a written response to objection(s), if any, filed and served by any Class Member. Any such written response shall be filed with the Court, and served upon the Class Member or the Class Member's attorney, if any, in the most expeditious manner practicable, not later than seven (7) days before the Final Approval Hearing.

C.    The Final Approval Hearing will be the only opportunity for any Class Member who objects to the proposed Settlement, to this Settlement Agreement, to the release of the Released Claims, or to the entry of an order awarding attorneys' fees and costs to Class Counsel, to appear and be heard.

## XIII.  CLAIMS

A.    Pursuant to this Settlement Agreement, certain monetary benefits are available to eligible Class Members only upon submission of a timely and substantially compliant claim on a "Claim Form" approved by the Court. Court-approved Claim Forms shall be mailed together with the Mailed Notice and shall have a return date of no later than sixty (60) days from the date of the initial Mailed Notice. However, no Claim Forms will be sent to Class Members who opted out of the Class prior to submission of the Settlement for Preliminary Approval by the Court.

B.    The parties will discuss with the Settlement Administrator the feasibility of return of Claims Forms by other means including, for example, fax, email, or online submission, and will establish a process for return of Claims Forms by those other means if reasonably economical and practicable. In the event that alternative means for filing claims is permitted, such means will be explained in the class notice and on the Settlement Administrator's website.

C.    A copy of the Claim Form for which Court-approval will be sought is attached hereto as Exhibit 7.

- 23 -

EXHIBIT 2
to Fenwick Affidavit
Page 23 of 35

D.    *Untimely Claims*: Because the settlement process requires *pro rata* distribution of a fixed fund pursuant to the Distribution Plan, Claims Forms that are not timely will not be allowed absent relief from the court specifically granting allowance prior to Final Approval of the Settlement.

E.    *Claims of Deceased Persons*: Claims of deceased persons will not be allowed unless a claim is submitted by a person generally authorized to act on behalf of the deceased person's estate together with proof of such authorization.

F.    *Claims of Joint Borrowers*: Joint borrowers will be treated for the purposes of distribution as if they have a single claim. However, the entire amount of the claim of joint borrowers will be paid to any joint borrower making a claim if only one claim is timely submitted on the joint account. If more than one claim is timely submitted on a joint account, the claim payment will be divided in equal shares among the number of claimants on the joint account.

G.    *Incomplete or Improper Claims*: The Settlement Administrator will have final authority, in consultation with Lead Class Counsel, to disallow any incomplete or improperly filed claims and will send notice of and the reasons for such disallowance, if any, no later than twenty (20) days prior to the hearing set on Final Approval of the Settlement.

H.    To the extent that deficiencies in filed claims are not resolved prior to an order entered on final approval of the Settlement, and if no relief from the court is obtained by the claimant at the claimant's sole cost and expense, said claim will be permanently and finally disallowed.

## XIV.  CLAIMS ADMINISTRATION PROCESS

As soon as practicable after the Effective Date, the Settlement Administrator will apply the Distribution Plan to the properly filed claims (and to any other claims allowed by the Court)

EXHIBIT 2
to Fenwick Affidavit
Page 24 of 35

and will provide Lead Class Counsel and Counsel for the Settling Defendants with a Distribution

List identifying all Class Members who submitted allowed Claims, and the amount of the

payment that claimant is allowed under the Distribution Plan.  Payments will be made by the

Settlement Administrator within thirty (30) days of the approval of the Distribution List by Lead

Class Counsel.

## XV.  SELECTION OF SETTLEMENT ADMINISTRATOR

The settlement administrator will be Rust Consulting, Inc. ("Settlement Administrator").

## XVI.  CONFIRMATORY INVESTIGATION/REPRESENTATIONS AND WARRANTIES

In addition to the discovery already completed, Settling Defendants will provide a

declaration or affidavit, under penalty of perjury, confirming, under oath to Lead Class Counsel

and subject to *in camera* inspection by the Court, the current financial condition of:  Ameriquest

Mortgage Company; AMC Mortgage Services, Inc. (FKA Bedford Home Loans, Inc); Town &

Country Credit Corporation; Olympus Mortgage Company (NKA Bedford Home Loans, Inc.);

and Argent Mortgage Company, LLC. The confirming declaration shall not be filed with the

Court and shall be for attorneys' eyes and *in camera* inspection by the Court. No copies of the

declaration shall be retained by any party or counsel, but instead shall be returned to counsel for

the Settling Defendants promptly following review by Lead Class Counsel and the Court. Said

declaration will also include a statement that the Settling Defendants are not currently making

mortgage loans and have no present intention to resume.

## XVII.  ATTORNEYS' FEES AND COSTS/SERVICE PAYMENTS TO NAMED CLASS REPRESENTATIVES

A.       Class Counsel has prosecuted this action and the Consolidated Actions in some

cases since November, 2004, at their own expense without having received any benefit for their

services. Class Counsel will ask the Court to approve an award of Class Counsel's attorneys' fees

and costs from the Settlement Fund. The Settling Defendants will not object to payment from the Settlement Fund for Class Counsel's attorneys' fees and costs in an amount up to $7,333,333 (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund). Distribution of attorneys' fees among Class Counsel will be at the sole discretion of Lead Class Counsel.

B.      The named class representatives will apply for Service Payments from the Settlement Fund in the amount of $7,500 (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund) in recognition of their efforts and contribution to the case and for their service to the class. Class representatives who were joint borrowers will apply for a single payment in the amount of $7,500 (plus applicable interest). The Settling Defendants will not object to payment from the Settlement Fund of these amounts.

C.      Approval of the Settlement will not be contingent upon approval of the Attorneys' Fees and Costs or of Service Payments in the amounts requested. To the extent of approval, Attorneys' Fees and Costs as well as Service Payments will be payable from the Settlement Fund as of the first business day that is at least ten (10) days after the Effective Date.

D.      Ameriquest will bear its own legal fees and costs in connection with Settlement Approval and Administration of the Settlement.

## XVIII.  NO ADMISSION OF WRONGDOING

A.      The parties hereto acknowledge that the execution of this Settlement Agreement and consummation of the transactions contemplated hereby do not constitute an admission of liability or of any facts by the Ameriquest Released Parties or the Additional Released Parties. This Settlement Agreement, whether or not consummated, and any proceedings or events that occur pursuant to it:

- 26 -

EXHIBIT 2
to Fenwick Affidavit
Page 26 of 35

1.　　Shall not be offered or received against the Ameriquest Released Parties, or the Additional Released Parties for any purpose or used as evidence of, or to be construed as or deemed to be evidence of, any admission or concession by either the Ameriquest Released Parties or the Additional Released Parties of the truth or relevance of any fact alleged by Plaintiffs and/or the Class, the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or of any liability, fault, or wrongdoing of any kind by or on behalf of the Ameriquest Released Parties or the Additional Released Parties.

2.　　Shall not be offered or received against any of the Ameriquest Released Parties , or any Additional Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, the Ameriquest Released Parties and the Additional Released Parties may refer to it to effectuate the liability protection granted them hereunder; and

3.　　Is not, and shall not be construed against any party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial, or as a reflection of the value of claims in any other litigation.

## XIX.　PUBLIC STATEMENTS

Absent prior written approval by the other parties, there shall be no press release or other

- 27 -

EXHIBIT 2
to Fenwick Affidavit
Page 27 of 35

public statements by either side, including Counsel for the Class, Counsel in any Consolidated

Case, Class Representatives or Class Members, regarding the Settlement other than the Court

filings necessary to obtain Preliminary and Final Approval of the Settlement. The parties

expressly recognize the continuing need for confidentiality concerning all aspects of the

proposed Settlement pending the parties' Motion for Preliminary Approval, other than as

required by the Court. Nothing in this Section, however, is intended to limit communications

between and among Counsel for the Class and Counsel in any Consolidated Case and/or

between and among said Counsel and Class Representatives.

## XX.   TERMINATION

A.   *Termination Events:* The parties will have the right to terminate the Settlement

Agreement if certain events occur ("Termination Events"). The agreement concerning

Termination Events will be contained in a confidential side letter to this agreement and will be

available for *in camera* inspection by the Court. The parties agree to maintain the Termination

Events and the confidential side letter concerning the Termination Events in strictest confidence,

except as otherwise agreed.

B.   *Termination for Delay:* At any time following one year from Final Approval, in

the event that the Settlement is not proceeding satisfactorily to conclusion and such lack of

progress is causing material harm, either party shall have the right to seek relief from the

Settlement. If the parties cannot reach agreement on whether the Settlement is proceeding

satisfactorily to conclusion, after notice and conference, the parties will submit the dispute to

Judge Daniel Weinstein of JAMS, who will have sole authority, after appropriate consultation

with the parties, to direct any party to take specific steps to facilitate or accelerate the approval

or, if applicable, review on appeal, of the Settlement or to determine that the Settlement shall be

terminated either because the final approval (or appellate review) of the Settlement has been

EXHIBIT 2
to Fenwick Affidavit
Page 28 of 35

substantially delayed and is not reasonably likely in a reasonable period of time or because one or more parties are prejudiced by a delay in the approval (or appellate review) of the Settlement and should not be required to remain bound by the Settlement.

## XXI. MEDIATOR'S CONTINUED INVOLVEMENT

Upon joint request of the Parties or by order of court, Judge Weinstein of JAMS may assist the parties in resolving open issues that may arise.

## XXII. CONTINUING JURISDICTION OF THE UNITED STATES DISTRICT COURT

The United States District Court for the Northern District of Illinois will have continuing jurisdiction over this Action for the purpose of implementing the Settlement and all related matters, including this Settlement Agreement, the Settlement, Final Approval of the Settlement, Entry of Judgment, post-judgment issues, until all related matters are fully resolved. Any dispute regarding the parties' obligations pursuant to this Settlement Agreement and/or interpretation of the terms of this Settlement Agreement (that cannot be resolved by the mediator in the event of a joint request for mediation under Section XXI) will be presented to, and resolved by, Judge Marvin E. Aspen, or if he is unavailable, by another judge of the Northern District of Illinois, which Judge shall be appointed by the Presiding Judge of the Northern District of Illinois.

## XXIII. DISMISSAL

In connection with Final Approval of the Settlement, a Judgment of Dismissal with Prejudice shall be entered by the Court.

## XXIV. MISCELLANEOUS PROVISIONS

A. *Neutral Interpretation.* This Settlement Agreement will not be construed more strictly against one party than another merely because it may have been prepared by counsel for one of the parties, it being recognized that, because of the arms' length negotiations resulting in

the Settlement Agreement, all parties hereto have contributed substantially materially and equally to the preparation of the Settlement Agreement.

B. *Choice of Law.* This Settlement Agreement is to be construed, enforced, and administered in accordance with the laws of the State of Illinois. In the event legal action is necessary to effectuate this Settlement Agreement, or any term or obligation contained therein, the parties agree that such action shall be brought and venued in the United States District Court for the Northern District of Illinois and further agree that any dispute arising under this Settlement Agreement shall be adjudicated by the Hon. Marvin Aspen, as a matter related to the proceeding in which this settlement is to be filed.

C. *Additional Acts to Effectuate Settlement Agreement.* The parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement and to obtain the benefit of the Settlement Agreement for the parties.

D. *No Oral Modification.* Subject to any power of the Court to order a modification, this Settlement Agreement may not be modified or amended except by a writing signed by all parties thereto and their respective attorneys.

E. *Competency; Independent Counsel.* Each party to this Settlement Agreement represents and warrants that he, she, or it is competent to enter into this Settlement Agreement and in doing so is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, or any nature or kind by any other party, other than the warranties and representations expressly set forth in this Settlement Agreement itself.

EXHIBIT 2
to Fenwick Affidavit
Page 30 of 35

F. *Entire Agreement.* This Settlement Agreement constitutes the entire agreement between and among the parties with respect to the Settlement of the Action, except as otherwise stated herein, and supersedes any and all prior negotiations and agreements.

G. *Counterparts.* This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

H. *Authority to Bind.* Each of the undersigned Plaintiffs' counsel represents that he or she is authorized to sign this Agreement on behalf of the Class and to resolve the FACC. Each of the undersigned counsel for Settling Defendants represents that he or she is authorized to sign this Agreement on behalf of the particular Settling Defendant or Defendants designated in the respective signature blocks below.

EXHIBIT 2
to Fenwick Affidavit
Page 31 of 35

Dated: December __4__, 2009      By: _____

                                  Gary Klein
                                  Shennan Kavanagh
                                  RODDY KLEIN & RYAN
                                  727 Atlantic Avenue
                                  Boston, MA 02111-2810
                                  Telephone: (617) 357-5500
                                  Facsimile: (617) 357-5030

                                  *Attorneys for the Class*

Dated: December ___, 2009
                                  _____
                                  Kelly M. Dermody
                                  Rachel Geman
                                  LIEFF, CABRASER, HEIMANN
                                    & BERNSTEIN, LLP
                                  275 Battery Street, 29th Floor
                                  San Francisco, CA 94111-3339
                                  Telephone: (415) 956-1000
                                  Facsimile: (415) 956-1008

                                  *Attorneys for the Class*

Dated: December ___, 2009
                                  _____
                                  Jill Bowman
                                  Terry Smiljanich
                                  JAMES, HOYER, NEWCOMBER
                                    & SMILJANICH, P.A.
                                  One Urban Center, Suite 550
                                  4830 West Kennedy Boulevard
                                  Tampa, FL 33609
                                  Telephone: (813) 286-4100
                                  Facsimile: (813) 286-4174

                                  *Attorneys for the Class*

                                  *Plaintiffs' Co-Lead Counsel*

                                  Marvin A. Miller
                                  MILLER LAW LLC
                                  115 S. LaSalle Street
                                  Suite 2910
                                  Chicago, IL 60603
                                  (312) 332-3400

                                  *Plaintiffs' Liaison Counsel*

- 32 -

EXHIBIT 2
to Fenwick Affidavit
Page 32 of 35

Dated: December ___, 2009

By: _____

Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500
Facsimile: (617) 357-5030

*Attorneys for the Class*

Dated: December 4, 2009                _____

Kelly M. Dermody
Rachel Geman
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for the Class*

Dated: December ___, 2009                _____

Jill Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER
& SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Attorneys for the Class*

*Plaintiffs' Co-Lead Counsel*

Marvin A. Miller
MILLER LAW LLC
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400

*Plaintiffs' Liaison Counsel*

- 32 -

EXHIBIT 2
to Fenwick Affidavit
Page 33 of 35

Dated: December ___, 2009

By: _____
Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500
Facsimile. (617) 357-5030

*Attorneys for the Class*

Dated: December ___, 2009

_____
Kelly M. Dermody
Rachel Geman
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3359
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for the Class*

Dated: December 8th, 2009

_____
Bill Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER
& SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Attorneys for the Class*

*Plaintiffs' Co-Lead Counsel*

Marvin A. Miller
MILLER LAW LLC
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400

*Plaintiffs' Liaison Counsel*

- 32 -

EXHIBIT 2
to Fenwick Affidavit
Page 34 of 35

Dated: December 4, 2009

By: _Bernard E. LeSage_

Bernard E. LeSage
Sarah K. Andrus
Adam Bass
BUCHALTER NEMER,
a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 891-0400

*Attorneys for Ameriquest Mortgage
Company; AMC Mortgage Services, Inc.
(FKA Bedford Home Loans, Inc); Town &
Country Credit Corporation; Olympus
Mortgage Company (NKA Bedford Home
Loans, Inc.*

Dated: December 4, 2009

By: _Thomas Wiegand_   _By Bernard LeSage_

Thomas Wiegand
WINSTON & STRAWN, LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Argent Mortgage Company,
LLC*

- 33 -

EXHIBIT 2
to Fenwick Affidavit
Page 35 of 35

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 Lead Case No. 05-7097 |
| THIS DOCUMENT RELATES TO: | ) ) ) | Centralized before the Honorable Marvin E. Aspen |
| BORROWER PLAINTIFFS' CLASS ACTION | ) ) ) ) | |

FINAL ORDER AND JUDGMENT

MARVIN E. ASPEN, District Judge:

WHEREAS, a set of putative class actions are pending in the Court entitled *In Re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, Case No. 05CV07097, MDL No. 1715, by way of a First Amended and Consolidated Class Action Complaint ("FACC") [No. 3245], which is a court-ordered consolidation of all the class action complaints listed in the Settlement Agreement;[1]

WHEREAS, the Court has been advised by the Parties of a Settlement Agreement [Dkt. No. 3247] to resolve all claims and issues raised or could be raised in the FACC upon the terms and conditions set forth in that Settlement Agreement;

WHEREAS, the Plaintiffs have moved with the assent of the Settling Defendants, pursuant to Federal Rule of Civil Procedure 23(e), for an order finally approving the Settlement (the "Final Approval Motion"), in accordance with the Settlement Agreement and the exhibits

_____

[1] Capitalized terms herein shall have the same meaning as in the Settlement Agreement, if defined.

EXHIBIT 5
Page 1 of 20

annexed thereto, and for dismissal of the FACC with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, in compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the Settling Defendants served written notice of the proposed class settlement on December 11, 2009 [Dkt. No. 3269];

WHEREAS, the Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated December 8, 2009 [Dkt. No. 3251] and approved the form, content and method of notice proposed by the parties;

WHEREAS notice was thereafter given to all members of the Settlement Classes pursuant to the terms of the Preliminary Approval Order [Dkt. No. 3495];

WHEREAS, the Court has read and considered the papers filed in support of the Final Approval Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiffs, the Settlement Classes and the Settling Defendants, together with supporting declarations. The Court has also considered any objections or other written comments submitted to the Clerk of the Court by class members, together with any response of the Parties thereto;

WHEREAS the Court held a Final Approval Hearing on April 15, 2010, at which time the parties and all other interested persons were heard in support of and in opposition to the proposed settlement;

WHEREAS the Court requested the parties to file supplemental information by order dated April 15, 2010 [Dkt. No. 3531], which information has been duly filed and reviewed;

WHEREAS the Court provided additional time to Class Member Paul Pemberton to

-2-

EXHIBIT 5
Page 2 of 20

object to the Settlement and Mr. Pemberton having not timely objected within such additional

time period;

WHEREAS the Court provided additional time to Class Member Marty Green to file a

late claim or to object to the Settlement [Dkt. No. 3538] and Mr. Green not having timely

objected within such additional time period; and

WHEREAS, based on the papers filed with the Court and the presentations made to the

Court by the parties and by other interested persons at the hearing, it appears to the Court that the

Settlement Agreement is fair, adequate, and reasonable. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   For purposes of this Settlement only, the Court has jurisdiction over the subject

matter of the FACC and personal jurisdiction over the parties and the members of

the Settlement Classes.

2.   Pursuant to Federal Rules of Civil Procedure 23(b)(1) and (b)(3), the Court

certifies, solely for purposes of effectuating this Settlement, the Settlement

Classes.  The Court finds that each of the Settlement Classes satisfies the

applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a),

namely:

A.  The Class Members are so numerous that joinder of all of them in the FACC

is impracticable;

B.  There are questions of law and fact common to the Class Members, which

predominate over any individual questions;

C.  The claims of the Named Plaintiffs are typical of the claims of the Class

EXHIBIT 5
Page 3 of 20

Members;

    D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members;

and for the purposes of Federal Rule of Civil Procedure 23(b)(1) and (b)(3), that:

    A. Class treatment will prevent separate actions by individual class members that would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

    B. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

3. The Court has determined that the Notice given to members of the Settlement Classes fully and accurately informed members of each Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Classes consistent with all applicable requirements.

4. The persons who made timely and valid requests for exclusion are excluded from the Settlement Classes and are not bound by this Settlement Approval Order and Final Judgment. The identities of such persons are set forth in Exhibit A attached hereto.

5. The Court finally approves the settlement of this Action in accordance with the terms of the Settlement Agreement and having considered the matters required under

EXHIBIT 5
Page 4 of 20

Case 1:05-cv-07097   Document 3628   Filed 06/29/10   Page 5 of 9

applicable law finds that the Settlement and the Distribution Plan are in all respects

fundamentally fair, reasonable, adequate, and in the best interest of the Class

Members, especially in light of: the benefits to the Class Members; the strength of the

Plaintiffs' case; the potential defenses, the complexity, expense, and probable

duration of further litigation; the risk and delay inherent in possible appeals; and the

risk that any judgment obtained on behalf of the class would not be collectable.  The

Court has determined that the Settlement is fair given the evidence of the value of

Plaintiffs' Claims in comparison to the Value of the Settlement Fund, specifically in

light of the evidence of the likelihood of collecting any judgment obtained on behalf

of the class.  The Court has also evaluated the evidence submitted concerning the

relative value of the Claims of Class Members and finds that the Distribution Plan

fairly, adequately and reasonably accounts for such relative value of claims

appropriately adjusted for the relative likelihood of success on the merits of such

claims.  The Court further finds that the common treatment of Class Members in each

of the Classes is adequate given the relative value of the comparative claims in

comparison to the Settlement Fund and the inherent consideration of limitations

matters within the Class definitions.  In making such findings, the Court has

considered and accounted for the stage of these proceedings where substantial and

sufficient discovery has been taken to permit the fair and adequate evaluation of

claims by Lead Class Counsel, the substantial expense the further duration of the

litigation if not settled, the large number of claims filed, the small number of

exclusions from the settlement and objections by class members, and the opinions of

-5-

EXHIBIT 5
Page 5 of 20

Case 1:05-cv-07097   Document 3628   Filed 06/29/10   Page 6 of 9

competent counsel concerning such matters.

The Court has also considered duly filed objections to the Settlement, and to the extent such objections have not been withdrawn or otherwise resolved, they are overruled and denied in all respects on their merits.  In particular, the Court granted the motion of class member Marty Green [Dkt. Nos. 3435, 3502], as well as Mr. Green's motion for additional time to file a claim or object to the Settlement [Dkt. No. 3538].  Mr. Green failed to timely object within such additional time period.  However, to the extent, if any, that class member Mr. Green's Motion for Additional Time or his Request For District Court Review Of Deadline For Designating Class Members Who Have Been Victim Of Identity Theft [Dkt. No. 3434] can be read as an objection to the settlement, Mr. Green's objections are overruled as frivolous and without support in the record.  At the fairness hearing, the Court also granted Class Member Paul Pemberton further time to object to the Settlement [Dkt. No. 3530], and Mr. Pemberton failed to timely object within the additional time period.  The Court treats the submission of Steven and Patricia Dye as a request to opt out of the Settlement and finds that those class members appear on the opt out list attached as Exhibit 1 to this Order.  Consequently, the Dyes are without standing to object and, in any event, the Court finds that the Dyes have not raised any objections that find support in the record.  Therefore, the Dyes' objections are also overruled on the merits.

6. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement and Distribution Plan.

-6-

EXHIBIT 5
Page 6 of 20

Payments pursuant to the Distribution Plan are to be made consistent with the terms of the Settlement Agreement and Distribution Plan.

7.  Late-filed Claims and Claims not otherwise made in accordance with the requirements for Claims under the Settlement Agreement and Notice are disallowed unless previously approved by the Court.  [*See, e.g.*, Dkt. No. 3522, allowing as timely all late-filed claims received up to and including April 15, 2010.]

8.  The Court dismisses the FACC, and all claims and causes of action asserted therein with prejudice.  This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

9.  The Court adjudges that the Class Representatives and all Settlement Class members who are not listed on Exhibit A shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged their claims to the extent provided in the Settlement Agreement.

10.  Without affecting the finality of this Settlement Approval Order and Final Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this Settlement and to implement the Settlement Agreement; and © the enforcement, construction, and interpretation of the Settlement Agreement.

11.  The Court has considered Plaintiffs' request for attorneys' fees and expenses in the

-7-

EXHIBIT 5
Page 7 of 20

Case 1:05-cv-07097   Document 3628   Filed 06/29/10   Page 8 of 9

amount of $7.33 million (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund), as well as the plan for allocation among counsel of any award. The Court finds the requested fees and expenses appropriate and reasonable because:

    A. The Settlement provides substantial benefits for the Class Members.

    B. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

    C. The requested fee is below the total lodestar fees of Class Counsel, based on declarations submitted to and reviewed by the Court.

    D. This litigation raised numerous questions of law and fact, Plaintiff's counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

    E. The Settlement was negotiated at arms' length and without collusion, with the assistance of a highly-qualified mediator.

    F. By receiving payment from a common fund, Class Counsel's interests were fully aligned, during the settlement negotiation process, with those of members of the Settlement Classes, such that Class Counsel had appropriate incentives to maximize the size of the common fund.

Approved attorneys' fees and costs shall be paid from the Settlement Fund as provided by the Settlement Agreement and Distribution Plan. Distribution of attorneys' fees among Class Counsel will be at the sole discretion of Lead Class Counsel.

-8-

EXHIBIT 5
Page 8 of 20

12. The Court has considered submissions concerning Service Payments for each of the Named Plaintiffs in the amount of $7,500 (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund). The Court approves such awards to 87 Named Plaintiffs, based on a finding that such amounts represent an appropriate payment for service to the Settlement Classes. Class representatives who were joint borrowers will apply for a single payment in the amount of $7,500 (plus applicable interest). Approved Service Payments shall be paid from the Settlement Fund as provided by the Settlement Agreement and Distribution Plan.

13. This Settlement Approval Order and Final Judgment is not a finding or a determination of any wrongdoing by any of the Settling Defendants.

14. The Court finds that no just reason exists for delay in entering this Order and Final Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Order and Final Judgment.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: June 29, 2010

-9-

EXHIBIT 5
Page 9 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 1 of 11      EXHIBIT A
AMERIQUEST MDL OPT OUT LIST

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| 7243592 | AARON STROWBRIDGE | ANDREA STROWBRIDGE | Beasley Allen |
| 7245237 | ALFRED JOHNSON | BERNICE JOHNSON | Beasley Allen- signed by attorney |
| 3242094 | ALFREDO JAIME | ANA JAIME | The Law Offices of Daniel Harris |
| 1901962 | ALLEN COWARY | KAY COWART | Earl P Underwood Jr. |
| 7180865 | ALVIN MOORE | | Kenneth J Riemer |
| 5418600 | AMELIA JONES | | Beasley Allen |
| 7234248 | ANANIAS COLISTER | ETHEL COLISTER | The Law Offices of Daniel Harris |
| 3765647 | ANDRE CORMIER | | |
| 7189401 | ANGELA SANDERSON | | Earl P Underwood Jr. |
| 1373837 | ANNIE ROBINSON | | Beasley Allen |
| 2153445 | ANNIE RUSSELL | | Beasley Allen |
| 2291918 | ANNIE WILLIAMS | JESSE WILLIAMS | Beasley Allen |
| 6938482 | ANTHONY BROWN | | |
| 6823232 | ANTHONY ROBINSON | | |
| 7182242 | AQUANITA ORR | LESLIE THOMAS | Kenneth J Riemer |
| 1390667 | ARMIN HEGENHEISER | RITA HEGENHEISER | Beasley Allen |
| 1248883 | ARTHUR APPLING | SUSAN APPLING | |
| 1742237 | ARTHUR DERCKSEN | NELL DERCKSEN | |
| 2280233 | ARTHUR FLEMING | | Beasley Allen |
| 6955298 | ARTHUR MCDONALD | | Earl P Underwood Jr. |
| 7174896 | ARTHUR WALKER | | Earl P Underwood Jr. |
| 7234231 | ASENCIO SALAZAR | ALICIA SALAZAR | The Law Offices of Daniel Harris |
| 1608359 | ASHLEY WALKER | JOEL WALKER | Charles A Shadid |
| 7242977 | AVERY GRIFFIN | | Beasley Allen |
| 1562675 | AZRA ZAHIROVIC | OSMAN ZAHIROVIC | The Law Offices of Daniel Harris |
| 7242595 | BARBARA ANDERSON-SHELTON | | Beasley Allen |
| 16162 | BARBARA ANDREWS | | |
| 7176289 | BENJAMIN JOHNSON | | Earl P Underwood Jr. |
| 2209513 | BENJAMIN LEWIS | MAIA LEWIS | Earl P Underwood Jr. |
| 7245169 | BETTY HARRIS | | Beasley Allen- signed by attorney |
| 7242618 | BEVERLY BALLARD | ISAAC BALLARD | Beasley Allen |
| 7174506 | BILLY JOE BROWN JR | MELODIE BROWN | Earl P Underwood Jr. |
| 742092 | BOBBY JAQOE | | The Law Offices of Daniel Harris |
| 7243509 | BOBBY OLIVER | JEWEL OLIVER | Beasley Allen |
| 7243240 | BONITA LOVE | CHARLIE LOVE JR | Beasley Allen |
| 3959718 | BRAD LEWIS | REBECCA LEWIS | |
| 7242687 | BRENDA BRYANT | | Beasley Allen |
| 6862497 | BRENDA MORAGNE-DIFFAY | | |
| 7234323 | BRONWEN ELLIOT-LABIN | | The Law Offices of Daniel Harris |
| 7241482 | BRUCE BUCK | SHANNON BUCK | |
| 1955989 | BRUCE LEVINE | DANIEL MCCORKLE | The Law Offices of Daniel Harris |
| 2537322 | BRYAN YOUNG | JILL YOUNG | |
| 7243202 | BURN KENDRICKS | DIANE KENDRICKS | Beasley Allen |
| 2055657 | BURNIE SPRINGER | | Beasley Allen |
| 2234182 | CAREY LEE | DENISE LEE | The Law Offices of Daniel Harris |
| 1738889 | CARLTON WILSON | | Beasley Allen |
| 419833 | CAROLYN HAGAN | | E Allen Walker |
| 1768237 | CARDLYN RODGERS | | Earl P Underwood Jr. |
| 7189456 | CARRIE ROBINSON | | D Turner Matthews |
| 3191095 | CATHERYN DUMAS | | The Law Offices of Daniel Harris |
| 1091502 | CATHLEEN KESSLER | | Beasley Allen |
| 2242303 | CAUSBY HOLT | | Beasley Allen |
| 1769443 | CECELIA REED | WILLIAM REED | Earl P Underwood Jr. |
| 7242502 | CECIL ABERNATHY | | Beasley Allen- signed by attorney |
| 1057997 | CELIA DUPREE | NELSON DUPREE | Earl P Underwood Jr. |
| 592994 | CHANTEL THIBODEAU | JEFFREY THIBODEAU | The Law Offices of Daniel Harris |
| 1772999 | CHARLES ARTIS | MARTHA ARTIS | Earl P Underwood Jr. |
| 7242885 | CHERYL EASON | | Beasley Allen |
| 2173348 | CHONITA DARBY | | Earl P Underwood Jr. |
| 3557198 | CHRISTINA NALLS | | |
| 7187254 | CHRISTINE FINKLEA | | Earl P Underwood Jr. |
| 7174964 | CHRISTINE MEANS | | Earl P Underwood Jr. |
| 7180514 | CHRISTINE SPARKS | | Earl P Underwood Jr. |
| 7176263 | CHRISTOPHER F WILSON | SHANNON N WILSON | Earl P Underwood Jr. |
| 2121147 | CHRISTOPHER NEUBECK | PEGGY NEUBECK | The Law Offices of Daniel Harris |
| 469683 | CINDY DERDA | PAUL DERDA | Johnson & Johnson |
| 1643749 | CLARENCE HOLLAND | | The Law Offices of Daniel Harris |
| 7243615 | CLARENCE SWAIN | ROSEMARY SWAIN | Beasley Allen |
| 7241593 | CLARICE MALLORY | | Earl P Underwood Jr. |
| 2405063 | CLAUDE WILLIAMS | GLENNIE WILLIAMS | Earl P Underwood Jr. |
| 7202667 | CLEMON MCGILL | LOUISE MCGILL | Earl P Underwood Jr. |
| 7202674 | CLEOPHAS GRIMES | | Edelman, Combs, Lattumer & Goodwin |
| 1344042 | CLIFF O FONSECA | DEBORA E FONSECA | The Law Offices of Daniel Harris |
| 1704105 | CLINT DORN | CHRISTI DORN | Earl P Underwood Jr. |
| 828512 | CLYDE MADDEN | | Earl P Underwood Jr. |
| 7174940 | CONNELL LIKELY | CYNTHIA LIKELY | Earl P Underwood Jr. |
| 7242922 | CONNIE FREEMAN | | Beasley Allen |
| 1762440 | CORY ONEAL | YULANDA ONEAL | Beasley Allen |
| 7187223 | CURTIS RACKLEY | | Earl P Underwood Jr. |
| 7242755 | CYNTHIA CASTEEL | | Beasley Allen |
| 7243547 | CYNTHIA PHILLIPS | | Beasley Allen |
| 500319 | DAN CASHEN | DONNA CASHEN | The Law Offices of Daniel Harris |

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 2 of 11   EXHIBIT A
AMERIQUEST MDL OPT OUT LIST

| Class Number / ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| 1406757 | DANIEL LING | | Dallas Barrington |
| 7245091 | DANIEL WHITAKER | CHRISTINE WHITAKER | Beasley Allen |
| 6227313 | DANIELLA JEAN-PIERRE | | |
| 7180613 | DANNY P MALLORY | PAMELA D MALLORY | Earl P Underwood Jr. |
| 7241888 | DARLENE BROWN | JOHN WOODARD | Earl P Underwood Jr. |
| 2497093 | DARMO RUBIJONO | PAULA RUBIJONO | |
| 1435863 | DAVID ALBRITTON | | Earl P Underwood Jr. |
| 7242861 | DAVID DAVIS | CONNIE DAVIS | Beasley Allen |
| 1929485 | DAYONE EASLEY | | Beasley Allen- signed by attorney |
| 2083773 | DEBRA PHIFER | LONNIE PHIFER | Beasley Allen |
| 7234606 | DENNIS ONEIL | RITA ONEIL | The Law Offices of Daniel Harris |
| 7182303 | DERECK KING | | Kenneth J Riemer |
| 7174421 | DERREL POWELL | LYNDA POWELL | Earl P Underwood Jr. |
| 380539 | DIANA HINKLEY | | |
| 3031681 | DIANNE BRIMMAGE | | |
| 931151 | DINAH LAMBERT | BERNARD LAMBERT | Earl P Underwood Jr. |
| 1506341 | DONALD COOPER | PATRICIA COOPER | The Law Offices of Daniel Harris |
| 6626952 | DONALD CRITTENDEN | AQUEA CRITTENDEN | |
| 1256178 | DONALD GREEN | SHARON GREEN | The Law Offices of Daniel Harris |
| 1419474 | DONALD MARTINDELL | | The Law Offices of Daniel Harris |
| 1986976 | DONNA GUNN | | Beasley Allen |
| 1359350 | DORETHA BRADLEY | | Earl P Underwood Jr. |
| 2010816 | DORIS GRAESSLE | | |
| 2903170 | DORLE MCQUEEN | | Law offices of Naber, Joyner & Jaffe |
| 2310483 | DOROTHY HOLLOWAY | | Beasley Allen |
| 664660 | DOROTHY ROBERSON | ODELL ROBERSON | Earl P Underwood Jr. |
| 7241819 | DUAINE LISCOMB | SUE LISCOMB | Earl P Underwood Jr. |
| 7243066 | DWIGHT HEWATT | BRENDA HEWATT | Beasley Allen |
| 7243554 | EARL PITTS | | Beasley Allen |
| 7176241 | EDDIE GERMAN | | Earl P Underwood Jr. |
| 7242526 | EDWARD ABRAMS | BARBARA ABRAMS | Beasley Allen |
| 4130253 | EDWARD NUNDA | | |
| 2012650 | EFIGENIO ARRIETA | | Beasley Allen |
| 717596 | ELEANOR SCHIANO | RALPH SCHIANO | |
| 7214547 | ELGIN SWANIGAN | DENISE SWANIGAN | |
| 4528920 | ELIZABETH GONZALEZ | | |
| 2200613 | ELIZABETH HILL | | The Law Offices of Daniel Harris |
| 7187322 | ELLAWEEN BYRD | | Earl P Underwood Jr. |
| 2287188 | ELMER GARCIA | DIANTHA GARCIA | |
| 7182778 | EMANUAL BROWN | VIRGINIA BROWN | Kenneth J Riemer |
| 5980819 | EMMA RICHARDSON | | |
| 458823 | ERIN BLUME | RICHARD BLUME | Robert F Corliss |
| 5246694 | ERNEST KOONCE | | |
| 1817584 | ERWIN GRAYSON | LILLIAN GRAYSON | Earl P Underwood Jr. |
| 7242878 | ESMER DAVIS | JOSEPHINE DAVIS | Beasley Allen |
| 7242731 | ESTELLA BYRD | | Beasley Allen |
| 7242700 | FAY BUTLER | | Beasley Allen |
| 1311709 | FAY JACKSON | HENRY JACKSON | Earl P Underwood Jr. |
| 1567687 | FLORASTINE HOWARD | WILLIE HOWARD | Earl P Underwood Jr. |
| 1856835 | FRANKLIN WATKINS | | Beasley Allen |
| 7242717 | FREDDIE BUTLER JR | | Beasley Allen |
| 474788 | FREDERICK DOPP | GLORIA DOPP | |
| 7187292 | FREDERICK JOSEPH HUNTER | | Earl P Underwood Jr. |
| 1773187 | GARRICK PHILLIPS | | Beasley Allen |
| 2008864 | GARY HANNAH | | Jacksonville Area Legal Aid |
| 3003747 | GARY RATHKEY | | |
| 1735499 | GAYLE PERRY | RONALD PERRY | Beasley Allen |
| 2068787 | GENE MCDONALD | | The Law Offices of Daniel Harris |
| 6678470 | GEOFFREY WILNER | | |
| 7242472 | GEORGE ABBO | EMMA ABBO | Beasley Allen |
| 7182938 | GEORGE GRAY | BOBBIE GRAY | Earl P Underwood Jr. |
| 341271 | GEORGE MURPHY | | |
| 1690866 | GEORGE SCOTT | CYNTHIA SCOTT | The Law Offices of Daniel Harris |
| 2312439 | GEORGE TROTTER | | Beasley Allen |
| 6942809 | GERALD CORUS | | |
| 2868448 | GERALDINE BESS | | Elliott S Barrat |
| 7182945 | GLADYS FULLER | | Earl P Underwood Jr. |
| 829823 | GLENN LEACH | NANETTA PEVARSKI | The Law Offices of Daniel Harris |
| 764781 | GLENN PEVARSKI | | Bordas & Bordas PLLC |
| 7241697 | GLORIA TERRELL | | Earl P Underwood Jr. |
| 1924886 | GREGORY DAY | | Beasley Allen |
| 756686 | GREGORY PRICE | KAREN PRICE | Jack E Houghton Jr |
| 7234330 | GWEN FAUST | EILEEN RUSSELL | The Law Offices of Daniel Harris |
| 7242984 | GWENDOLYN HALE | | Beasley Allen |
| 7180521 | GWENOLDYN JOYCE WILCOX | | Earl P Underwood Jr. |
| 6760731 | HAROLD ALNESS | CHRISTY ALNESS | |
| 7187315 | HAROLD L HOWARD | | Earl P Underwood Jr. |
| 2270777 | HAROLD WELLS | | The Law Offices of Daniel Harris |
| 7242625 | HARRY BODIN | | Beasley Allen |
| 1389630 | HARVEY CLARK | | The Law Offices of Daniel Harris |
| 1945799 | HATTIE JONES | | Kenneth J Riemer |
| 6066475 | HAZEL STREET | | The Law Offices of Daniel Harris |

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 3 of 11   EXHIBIT A
AMERIQUEST MDL OPT OUT LIST

| Class Number / ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| 557795 | HENRY BLANCK | JOANNE BLANCK | |
| 313698 | HENRY COYER | | Mark Dubay |
| 7242823 | HOLLAND COX III | | Beasley Allen |
| 7234460 | HOPE GELMAN | CARL GELMAN | The Law Offices of Daniel Harris |
| 7176258 | HUGH TIPTON | MARY TIPTON | Earl P Underwood Jr. |
| 7242892 | IDA EPPS | | Beasley Allen |
| 7174957 | IRMA HENDERSON | | Earl P Underwood Jr. |
| 7242847 | JAMES CRAW | LORONDA CRAW | Beasley Allen |
| 4077602 | JAMES KEMP | VONDA KEMP | |
| 7234415 | JAMES KRAUSE | GENISE KRAUSE | The Law Offices of Daniel Harris |
| 1166026 | JAMES MCNAMARA | | Norekus & Nelson |
| 7245077 | JAMEY WATKINS | KIMBERLY WATKINS | Beasley Allen |
| 7243189 | JAMIE JONES | | Beasley Allen |
| 6554231 | JAN ROE | | |
| 1591712 | JANET SOLNIN | | The Law Offices of Daniel Harris |
| 2175430 | JANICE LONG | | Beasley Allen |
| 2027692 | JEAN MARIE TILFORD | ANTHONY TILFORD | The Law Offices of Daniel Harris |
| 7245121 | JEFFERY ALEXANDER | ETHEL ALEXANDER | Beasley Allen- signed by attorney |
| 6170462 | JEFFREY HARRIS | | |
| 7243233 | JENNIFER LOVE | | Beasley Allen |
| 1258745 | JEREMY HARRISON | | The Law Offices of Daniel Harris |
| 1406733 | JEROME GIVHAN | JOANNE GIVHAN | Beasley Allen |
| 7199134 | JEROME MITCHELL | JANICE MITCHELL | Earl P Underwood Jr. |
| 7243585 | JEROME STOVALL | | Beasley Allen |
| 5718146 | JERRILYN BILAL | | |
| 7243394 | JERRY MCCRUM | JEANNIE MCCRUM | Beasley Allen |
| 7180606 | JESSE DUNCAN | ADRA DUNGAN | Earl P Underwood Jr. |
| 2333144 | JESSIE FLOYD | MARY FLOYD | Beasley Allen |
| 881890 | JESUS DIAZ | | Quat Law Offices |
| 7245251 | JEWEL ROPER | | David Anthony Wiggins |
| 1987522 | JOAN JAWORSKI | | |
| 7243493 | JOAN NEAL | EMERALD MCCARTHY-ERVIN | Beasley Allen |
| 4572213 | JO-ANN ICAO | | |
| 7241529 | JOANNE BAKER | | Chris Jackson |
| 4713050 | JOAQUIN BONILLA | | |
| 7240218 | JODIE ROBINSON | | Earl P Underwood Jr. |
| 7174933 | JOE RILEY | | Earl P Underwood Jr. |
| 2166650 | JOHANNA GUYTON | | The Law Offices of Daniel Harris |
| 7000478 | JOHN AMERSON | | |
| 7245145 | JOHN BISHOP | TAMMY BISHOP | Beasley Allen- signed by attorney |
| 756785 | JOHN DOUGHERTY | GERALDINE POMILIO | The Law Offices of Daniel Harris |
| 7245176 | JOHN HAWKER | | Beasley Allen- signed by attorney |
| 2325897 | JOHN KRUGER | | The Law Offices of Daniel Harris |
| 7243516 | JOHN PARKER | WENDY PARKER | Beasley Allen |
| 223584 | JOHN PUGA | CONSTANCE PUGA | The Law Offices of Daniel Harris |
| 2521046 | JOHN STRAWN | | Steven A Royston |
| 437356 | JOHN STRICKLAND | TANYA STRICKLAND | Financial Protection Law Center |
| 6952242 | JOHNENE PROBERT | GARY PROBERT | |
| 7167690 | JOHNNIE MOSELEY | WANDA MOSELEY | Earl P Underwood Jr. |
| 1987065 | JOHNNY PITTS | | Beasley Allen |
| 5835041 | JONATHAN KELLY | | |
| 4871316 | JOSE GONZALES | | |
| 1958126 | JOSE MEJIA | ROSA MEJIA | The Law Offices of Daniel Harris |
| 7242557 | JOSEPH ABRUSCATO | | Beasley Allen |
| 1705331 | JOSEPH BUSH | DOROTHY MULLER | The Law Offices of Daniel Harris |
| 6678456 | JOSEPH FARSETTA | | |
| 6245801 | JOSEPH PICK | KIMBERLY PICK | |
| 7234644 | JOYCE GRIGGS | | The Law Offices of Daniel Harris |
| 7189395 | JOYCE H WILLIAMS | | Earl P Underwood Jr. |
| 1420807 | JOYCE LUCAS | | Beasley Allen |
| 165313? | JUAN BAEZ | CRUZ RIVERA | The Law Offices of Daniel Harris |
| 1922790 | JUANITA DOLLAR | | Beasley Allen |
| 1255492 | JUDY HORN | | Beasley Allen |
| 2332352 | JUDY REUSSER | | Earl P Underwood Jr. |
| 1699688 | JUDY SHIELDS | | The Law Offices of Daniel Harris |
| 1779851 | JULIE WISE | JEFFREY WISE | Beasley Allen- signed by attorney |
| 7241543 | JUSTIN HIGGINS | HEATHER HIGGINS | Earl P Underwood Jr. |
| 7187186 | KANDEE RUDOLPH COOLEY | | Earl P Underwood Jr. |
| 658539 | KAREN GERBIG | MARY HUSTON | The Law Offices of Daniel Harris |
| 7243424 | KAREN MOBLEY | | Beasley Allen |
| 2199511 | KEITH TAYLOR | HELEN TAYLOR | Earl P Underwood Jr. |
| 7242571 | KELLIE ALLGOOD | | Beasley Allen |
| 586436 | KELLY MEEK | RICHARD MEEK | Dennis P Strong |
| 285346 | KELLY SEDGWICK | JO LYNN SEDGWICK | The Law Offices of Daniel Harris |
| 7245152 | KENNETH COMEAUX | TINA COMEAUX | Beasley Allen- signed by attorney |
| 3289518 | KENNETH LILLY | | |
| 1681932 | KEVIN GENRY | DEBBIE GENRY | Beasley Allen |
| 269568 | KEVIN WESSEL | SHERRY WESSEL | The Law Offices of Daniel Harris |
| 1574173 | KEVIN WHITE | JULIE WHITE | Fred Schmerberg |
| 2061932 | KIMBERLY KIRK | SAMUEL KIRK | The Law Offices of Daniel Harris |
| 7242649 | LAFRANCO BRIDGES | | Beasley Allen |
| 2257815 | LARAMIE TYSON | CYNTHIA TYSON | Earl P Underwood Jr. |

EXHIBIT 5
Page 12 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 4 of 11

EXHIBIT A
AMERIQUEST MDL OPT OUT LIST

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| 7243141 | LARRY JENNINGS | EMMA JENNINGS | Beasley Allen |
| 1673111 | LARRY STEARLEY | NANCY STEARLY | Earl P Underwood Jr. |
| 931175 | LARRY TOWNSEND | MILDRED TOWNSEND | Beasley Allen |
| 6604622 | LAURA CORRAL | | |
| 1772272 | LAURIE BASS | | Earl P Underwood Jr. |
| 1854548 | LAYTON OVERSTREET | | |
| 1704181 | LEONARD HUNTING | CAMMI HUNTING | |
| 278959 | LEONARD RICHARDSON | | Robert C Maland |
| 1357684 | LESLIE LAWRENCE | NORMA HAMILTON | |
| 1393880 | LILLIE JOHNSON | | Earl P Underwood Jr. |
| 4975595 | LINDA CREECH | | |
| 1043181 | LINDA LAPPIN | WILLIAM LAPPIN | The Law Offices of Daniel Harris |
| 7234354 | LINDA MOSS | | The Law Offices of Daniel Harris |
| 7174315 | LINDA PETTWAY | | Earl P Underwood Jr. |
| 7176272 | LINDA ROBINSON | | Earl P Underwood Jr. |
| 5916290 | LINDA WILLIAMS | IONA PHILLIPS | |
| 7245275 | LINDSAY SMITHERMAN | ROSS SMITHERMAN | Earl P Underwood Jr. |
| 7174025 | LISA CRUSE THOMAS | | Earl P Underwood Jr. |
| 7243523 | LISA PARKER | | Beasley Allen |
| 1645446 | LOIS ESTABROOK | WILLIAM ESTABROOK | Earl P Underwood Jr. |
| 299886 | LORENZO WILSON | JACQUELYN WILSON | |
| 1294983 | LORETTA WYCHE | EDGAR WYCHE | |
| 1165593 | LORI OMALLEY | | The Law Offices of Daniel Harris |
| 7240232 | LOUIE BROWN | | Earl P Underwood Jr. |
| 2415475 | LUCRETIA WYATT | MICHAEL WYATT | Beasley Allen |
| 174771 | LUISA BOLO | JORGE BOLO | The Law Offices of Daniel Harris |
| 1743159 | LUTHER MARBURY | | Beasley Allen |
| 513784 | MADELINE CORDOVA | | G Michael Schuyler PC |
| 1306316 | MARCIA NOWIK | | The Law Offices of Daniel Harris |
| 705097 | MARGARET CRADDOCK | | |
| 3007426 | MARGOT DILLON | | Law Offices Edelman, Combs, Latturner & Goodwin LLC |
| 7240034 | MARIA HENDERSON | WENCES GARCIA | The Law Offices of Daniel Harris |
| 1977516 | MARIA LARA | GARY MOSES | Beasley Allen |
| 7243486 | MARIA MOSES | | |
| 1097481 | MARK TERRELL | | |
| 1211733 | MARSELL GLOVER | BARBARA GLOVER | Bell & Boyd |
| 948753 | MARTY PITTMAN | JANET PITTMAN | Earl P Underwood Jr. |
| 7245084 | MARVIN WEBB | PRISCILLA WEBB | Beasley Allen |
| 1734284 | MARY BERDEGA | ZELIA ANGELE | |
| 7242779 | MARY CHEEVERS | | Beasley Allen |
| 2251967 | MARY HALL | | The Law Offices of Daniel Harris |
| 1824612 | MARY HOLYFIELD | JESSIE HOLYFIELD | Earl P Underwood Jr. |
| 1803839 | MARY KANTOR | JOHN KANTOR | Earl P Underwood Jr. |
| 5469758 | MARY LUCAS | | Chris Jackson |
| 7180583 | MARY TILLMAN | JAMIE TILLMAN | Earl P Underwood Jr. |
| 2407333 | MATTIE PACE | | Beasley Allen |
| 4256090 | MEHDI BOORBOOR | | |
| 7245282 | MELVIN ABRAMS | ALICE ABRAMS | Earl P Underwood Jr. |
| 7180590 | MELVIN MCCOMBS | BARBARA MCCOMBS | Earl P Underwood Jr. |
| 7245107 | MEREDITH WHITE | | Beasley Allen |
| 7234255 | MICHAEL COX | SUSAN LAWRENCE | The Law Offices of Daniel Harris |
| 1119473 | MICHAEL EVANS | ROBIN EVANS | |
| 2323152 | MICHAEL GRUHLKE | LORIE GRUHLKE | The Law Offices of Daniel Harris |
| 7240225 | MICHAEL HILL | TARA HILL | Earl P Underwood Jr. |
| 1900538 | MICHAEL JONES | DEBBIE JONES | Beasley Allen |
| 7192135 | MICHAEL W KINARD | CHERYL L KINARD | Earl P Underwood Jr. |
| 1762648 | MICHEAL OKEEFE | SUSAN OKEEFE | The Law Offices of Daniel Harris |
| 7192128 | MICHELLE DUNGAN | JOHNATHAN DUNGAN | Earl P Underwood Jr. |
| 7234286 | MICHELLE GALLANT | TRAYVASS GALLANT | The Law Offices of Daniel Harris |
| 7243417 | MICHELLE MCNAMARA | | Beasley Allen |
| 2353586 | MICHELLE PRATER | ROBERT PRATER | Beasley Allen |
| 1469785 | MIRIAM HASKINS | | The Law Offices of Daniel Harris |
| 1857887 | MONDRIA MARSHALL | THOMAS MARSHALL | Earl P Underwood Jr. |
| 7234408 | MONTREA KITE | JOSEPH KITE | The Law Offices of Daniel Harris |
| 1458510 | MONYA SKIDMORE | FREDERICA WALLACE | Beasley Allen - signed by attorney |
| 724685 | MORRIS GILLIAM | | Beasley Allen |
| 7242793 | NANCY CONNELL | | Beasley Allen |
| 7234613 | NANCY FULLER | KURT FULLER | The Law Offices of Daniel Harris |
| 7242601 | NARDA BAKER | | Beasley Allen |
| 7233852 | NATALIE CLEMONS | | The Law Offices of Daniel Harris |
| 954792 | NINA OLSEN | | |
| 7287374 | NORMAN DOBBINS | | UAW Legal Services Plan |
| 1666427 | ORA PATTERSON | | Beasley Allen |
| 7335082 | PAM BARLETTA | STEVEN NELSON | The Law Offices of Daniel Harris |
| 3670118 | PAM KUBIA | | The Law Offices of Daniel Harris |
| 1687606 | PAMELA BROWN | | Beasley Allen |
| 7243165 | PAMELA JOHNSON | | Winters & King inc |
| 1066265 | PATRICIA PORTELLI | SHERRI ABEYTA | |
| 1885019 | PAUL ABEYTA | DIANE HOWELL | Geoff Giles |
| 7180576 | PAUL H HOWELL | | Earl P Underwood Jr. |
| 7234361 | PAUL NEWBOLT | | The Law Offices of Daniel Harris |
| 7243080 | PAULA JACKSON | | Beasley Allen |

EXHIBIT 5
Page 13 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 5 of 11   EXHIBIT A
AMERIQUEST MDL OPT OUT LIST

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| 1718720 | PEDRO BENJUELOS | CELIA BANUELOS | The Law Offices of Daniel Harris |
| 1742428 | PENNY STEYER | | |
| 7234477 | PETER GRABOWSKI | | The Law Offices of Daniel Harris |
| 7243820 | PHILIP TUCKER | LETRINA TUCKER | Earl P Underwood Jr. |
| 7199004 | PKANITA BONNER | | The Law Offices of Daniel Harris |
| 994361 | PRESTON JOYNER | | Beasley Allen- signed by attorney |
| 7245114 | QUINCY ALEXANDER | | The Law Offices of Daniel Harris |
| 2160115 | R BEAN | BARBARA BEAN | The Law Offices of Daniel Harris |
| 7234491 | RALPH RODRIGUEZ | BARBARA CHAPMAN | Beasley Allen |
| 7243578 | RALPH SLACK JR | CATHA SLACK | Kenneth J Riemer |
| 7182365 | RAMONA & LEWIS GULLEY | | Earl P Underwood Jr. |
| 7187209 | RANDOLPH CARPENTER | | The Law Offices of Daniel Harris |
| 7233838 | RANDY KENNEDY | AMII KENNEDY | Beasley Allen |
| 7243097 | RAOUL JACKSON | | |
| 244060 | RAYMOND MARTENS | | Beasley Allen- signed by attorney |
| 7245220 | RENA JACKSON | | |
| 4895404 | RENGOLD ASKEROV | | Earl P Underwood Jr. |
| 884259 | RENOSHIA KING | | |
| 2865317 | REX SUTHERLAND | | Beasley Allen |
| 2374628 | RHONDA TAYLOR | | |
| 297332 | RICHARD BAXTER | | |
| 7180620 | RICHARD BOWLING | CHARRYL BOWLING | Earl P Underwood Jr. |
| 3394472 | RICHARD CUTTS | | Beasley Allen |
| 7242946 | RICHARD GRIFFIN | REBECCA GRIFFIN | The Law Offices of Daniel Harris |
| 1364484 | RICHARD JANEWAY | | Earl P Underwood Jr. |
| 2183077 | RICHARD PIPKINS | | Earl P Underwood Jr. |
| 7189425 | RICHARD POE | CHERYL POE | |
| 5702718 | RIGOBERTO LEON | | |
| 785532 | ROBERT BODINE | | |
| 7187376 | ROBERT MORGAN | MARJORIE MORGAN | Earl P Underwood Jr. |
| 3264744 | ROBERT SMITH | JOYAN SMITH | The Law Offices of Daniel Harris |
| 859653 | ROBERT VIGIL | MARLINNA VIGIL | The Law Offices of Daniel Harris |
| 7234545 | ROCCO TIERI | | Chris Jackson |
| 266710 | RODNEY MEANS | | |
| 5729746 | RONALD BROWNELL | JUDITH HOUSEKEEPER | Beasley Allen- signed by attorney |
| 7245190 | RONALD HOUSEKEEPER | FLORITA HARRIS | Earl P Underwood Jr. |
| 7180569 | ROOSEVELT G HARRIS | | Beasley Allen |
| 1372854 | RORAL HALL | PATRICIA HALL | Beasley Allen |
| 7243004 | ROSA HALL | | |
| 7234651 | ROSALIND VAN GORP | SHERRY VAN GORP | The Law Offices of Daniel Harris |
| 1738070 | ROSE TERRY | | The Law Offices of Daniel Harris |
| 2141862 | ROY PARNELL | TERRY WATT | The Law Offices of Daniel Harris |
| 2318394 | RUBY WILLIAMS | KENNETH WILLIAMS | Beasley Allen |
| 3466313 | RUFO CARDENAS | SHAROLYNN CARDENAS | |
| 1546439 | RUSSELL BITTER | | |
| 2376660 | SAMUEL ANDREWS | | Beasley Allen |
| 7202711 | SANDRA JONES | LEWIS JONES | |
| 1860245 | SANDRA LEUTSCH | | Beasley Allen |
| 606487 | SANDRA WYNN | | Beasley Allen- signed by attorney |
| 1320800 | SARA DELCAMBRE | TERRY DELCAMBRE | The Law Offices of Daniel Harris |
| 918183 | SCOTT DEARDEN | | |
| 2092874 | SCOTT OLIVER | | Earl P Underwood Jr. |
| 1451726 | SCOTT TRAWICK | | |
| 7234293 | SELVIN QUIRE | BEATRICE QUIRE | The Law Offices of Daniel Harris |
| 7192166 | SHARON WESLEY | | Earl P Underwood Jr. |
| 7234583 | SHAWN MALDONADO | SHARI MALDONADO | The Law Offices of Daniel Harris |
| 1397352 | SHAWNDREE CAMPBELL | | Earl P Underwood Jr. |
| 7234569 | SHEILA WARREN | | The Law Offices of Daniel Harris |
| 7245350 | SHELBY RULEY | | |
| 2208855 | SHELIA JACKSON | MICHAEL GARITY | Earl P Underwood Jr. |
| 4526117 | SHERRETH RUSSELL | JOSEPH PEARSON | The Law Offices of Daniel Harris |
| 1015830 | SHERRY PEARSON | | |
| 4706525 | SHERYL RIDDLE | BURT DEDMON | |
| 2182339 | SHIRLEY DEDMON | MICHAEL WHITE | Beasley Allen |
| 1606386 | SHIRLEY WHITE | | Beasley Allen |
| 1607062 | SIM HOLMES | | Earl P Underwood Jr. |
| 7189414 | STANLEY DANIELS | APRIL ROLLIN | Earl P Underwood Jr. |
| 7174070 | STEPHEN ROLLIN | RITA RUTLAND | Beasley Allen |
| 7243561 | STEPHEN RUTLAND | | |
| 156622 | STEVE DYE | DAWN PEIL | The Law Offices of Daniel Harris |
| 7234392 | STEVEN STEELE | MARGARET ZERBACH | POA signed |
| 1688290 | STEVEN ZERBACH | | |
| 333191 | STUART BORGERT | | Beasley Allen |
| 7242748 | SUSAN CANNON | | The Law Offices of Daniel Harris |
| 2184456 | SUSAN FERRARA | | Beasley Allen |
| 1737523 | SUSAN HUDGINS | | Beasley Allen |
| 7243138 | SUSAN JOHNSON | | Beasley Allen- signed by attorney |
| 7245138 | SYLVIA ANDREWS | | Beasley Allen |
| 2134918 | SYLVIA ROBERTSON | JERRY ROBERTSON | Beasley Allen |
| 1284294 | TCHAIKOUSKY THOMAS | SONYA THOMAS | Beasley Allen |
| 1150391 | TED CORBIN | | |
| 5845255 | TERRY SMITH | | |

PAGE 5 OF 11

EXHIBIT 5
Page 14 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 6 of 11

| Class Number ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| 7243460 | TERRY TOODLE | | Beasley Allen |
| 5278756 | THEODORE NOFER | ESTHER NOFER | |
| 4507109 | THERESA DESMARAIS | ROBERT DESMARAIS | Beasley Allen |
| 7243431 | THERESA MOORE | CHARLIE MOORE | The Law Offices of Daniel Harris |
| 454742 | THOMAS APPLEGATE | | Earl P Underwood Jr. |
| 7176425 | THOMAS HEINEMAN | MARIAN HEINEMAN | Earl P Underwood Jr. |
| 7208324 | THOMAS JACKSON | DOROTHY JACKSON | Earl P Underwood Jr. |
| 2192628 | THOMAS SMITH | SHEILA HANN | Beasley Allen |
| 7214448 | TIMMY HUGHES | | Earl P Underwood Jr. |
| 412728 | TIMOTHY VINSON | | The Law Offices of Daniel Harris |
| 804929 | TROY MORGIDA | MELISSA MORGIDA | Earl P Underwood Jr. |
| 7245398 | VALECIA MCCRANEY | | Earl P Underwood Jr. |
| 7187278 | VERLETTA DONALD | | The Law Offices of Daniel Harris |
| 3470220 | VERNELL BALL-DANIEL | | |
| 5015436 | VERNON SERR | BARBARA SERR | Beasley Allen |
| 7243400 | VERONICA MCNAB | | |
| 871884 | VICENTE TOSCANO | | The Law Offices of Daniel Harris |
| 769730 | VICKI CALDER | | Earl P Underwood Jr. |
| 7199141 | VILMA HALL | | Earl P Underwood Jr. |
| 7182932 | WALLACE RESMONDO | CAROL RESMONDO | Earl P Underwood Jr. |
| 7174391 | WILBERT COOLEY | | Earl P Underwood Jr. |
| 7240003 | WILLET NOON | | Earl P Underwood Jr. |
| 1530346 | WILLIAM ANDERSON | | Earl P Underwood Jr. |
| 2017835 | WILLIAM BALDWIN | GWEN BALDWIN | Earl P Underwood Jr. |
| 1751338 | WILLIAM CHAMPION | JACKIE CHAMPION | Beasley Allen |
| 7243226 | WILLIAM KERVIN | | Beasley Allen |
| 3058985 | WILLIAM MOREL | ARI MOREL | Parker & Dufresne PA |
| 7189432 | WILLIE CHANEY | SHIRLEY CHANEY | Earl P Underwood Jr. |
| 2234434 | WILLIE GOLSTON | SIMON GOLSTON | Earl P Underwood Jr. |
| 7187261 | WILLIE JAMES FINKLEA JR | | Earl P Underwood Jr. |
| 7243271 | WILLIE MCCLOUD | RHONDA MCCLOUD | Beasley Allen |
| 7180545 | WILLIS MITCHELL | LESIA MITCHELL | Earl P Underwood Jr. |

The following opt out requests were submitted in groups by Counsel as indicated. They were not individually signed and could not all be located as class members.

| Class Number ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| N/A | ALLEN COWART | KAY COWART | Earl P Underwood Jr |
| N/A | ALVIN MOORE | | Earl P Underwood Jr |
| N/A | ANDREW SZURLEY | BERNADINE SZURLEY | Family and Consumer Law Center |
| N/A | ANGEL RAMIREZ | BRENDA RAMIREZ | Family and Consumer Law Center |
| N/A | ANGELA SANDERSON | | Earl P Underwood Jr |
| N/A | ANNE PARKER | MARY ANN HORNE | Edelman, Combs, Latturner & Goodwin |
| N/A | ANTHONY BRICKER | MICHELLE BRICKER | Edelman, Combs, Latturner & Goodwin |
| 387705 | ANTHONY IBARRONDO | | Family and Consumer Law Center |
| N/A | ANTHONY LEPORE | LAURIE LEPORE | Family and Consumer Law Center |
| N/A | ANTHONY RAIA | LORIANNE RAIA | Family and Consumer Law Center |
| 1201581 | ANTOINETTE GRAHAM | | Family and Consumer Law Center |
| N/A | ANTONIO OLIVEIRA | | Family and Consumer Law Center |
| N/A | ANTONIO OLIVEIRA | | Family and Consumer Law Center |
| N/A | AQUANTA ORR | | Earl P Underwood Jr |
| N/A | ARTHUR WALKER | | Earl P Underwood Jr |
| N/A | BABATUNDE ISHMAEL | SEIDAT ISHMAEL | Edelman, Combs, Latturner & Goodwin |
| 7236891 | BARBARA BURKE | | Family and Consumer Law Center |
| N/A | BARBARA HARPER | | Earl P Underwood Jr |
| 1014280 | BARBARA HOLLAND | | Edelman, Combs, Latturner & Goodwin |
| N/A | BARBARA JOHNSON | ANDREW JOHNSON | Family and Consumer Law Center |
| N/A | BARBARA SHERMAN | | Edelman, Combs, Latturner & Goodwin |
| N/A | BARBARA SKANES | | Edelman, Combs, Latturner & Goodwin |
| N/A | BARRY LAFLEUR | | Family and Consumer Law Center |
| N/A | BENJAMIN JOHNSON | | Earl P Underwood Jr |
| N/A | BENJAMIN LEWIS | | Earl P Underwood Jr |
| N/A | BENJAMIN MILLER | KATHERINE MILLER | Edelman, Combs, Latturner & Goodwin |
| 485968 | BERNARD BEAUREGARD | JEAN MORIN | Family and Consumer Law Center |
| N/A | BERNARD LAMBERT | DINAH LAMBERT | Earl P Underwood Jr |
| 1500851 | BETTY FARIZER | ROBERT FARIZER | Family and Consumer Law Center |
| N/A | BEVERLY CHILDRES | | Edelman, Combs, Latturner & Goodwin |
| N/A | BOBBY JUDE JR | KELLIE JUDE | Edelman, Combs, Latturner & Goodwin |
| N/A | BRENDA BOWDEN | DARRON BOWDEN | Edelman, Combs, Latturner & Goodwin |
| N/A | BRETT BURRIS | CHRISTINA BURRIS | Edelman, Combs, Latturner & Goodwin |
| N/A | BRETT WERTEPNY | YVONNE WERTEPNY | Edelman, Combs, Latturner & Goodwin |
| N/A | BRYAN ESON | KAREN ESON | Edelman, Combs, Latturner & Goodwin |
| N/A | BYRON FLEMING | VICKI FLEMING | Edelman, Combs, Latturner & Goodwin |
| N/A | CALVIN BROWN | CORA BROWN | Edelman, Combs, Latturner & Goodwin |
| N/A | CARLOS ARCHER | CAROLYN ARCHER | Edelman, Combs, Latturner & Goodwin |
| N/A | CARLOS FILIAN | ALICIA MARGARITA FILIAN | Edelman, Combs, Latturner & Goodwin |
| N/A | CASTELLA HARRIS JONES (WILLIAMS HARRIS) | | Edelman, Combs, Latturner & Goodwin |
| 379618 | CATHY DANEAU | RICHARD DANEAU | Family and Consumer Law Center |
| N/A | CECILIA ROWAN | | Edelman, Combs, Latturner & Goodwin |
| N/A | CHARLES FOSTER | | Edelman, Combs, Latturner & Goodwin |
| N/A | CHARLES MOSS | | Family and Consumer Law Center |
| N/A | CHARLES PARISI | | Family and Consumer Law Center |
| N/A | CHARLES REHBOCK | LINDA REHBOCK | Edelman, Combs, Latturner & Goodwin |

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 7 of 11

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| N/A | CHARLES SULLIVAN | | Family and Consumer Law Center |
| N/A | CHERIE CONNER | DOUGLAS CONNER | Edelman, Combs, Latturner & Goodwin |
| N/A | CHESTER JONES | JULIETTE JONES | Earl P Underwood Jr |
| N/A | CHONITA MEANS | | Earl P Underwood Jr |
| N/A | CHRISTENA BLAIN | THOMAS BLAIN | Edelman, Combs, Latturner & Goodwin |
| N/A | CHRISTINE KOSLA | JOSEPH KOSLA | Edelman, Combs, Latturner & Goodwin |
| N/A | CHRISTINE MEANS | | Earl P Underwood Jr |
| N/A | CHRISTINE SPARKS | | Earl P Underwood Jr |
| N/A | CHRISTOPHER CLARKE | KARIE CLARKE | Edelman, Combs, Latturner & Goodwin |
| 400916 | CHRISTOPHER DEPERRO | SUSAN DEPERRIO | Family and Consumer Law Center |
| N/A | CHRISTOPHER DORTCH | | Earl P Underwood Jr |
| N/A | CHRISTOPHER KING | CHRISTINA KING | Edelman, Combs, Latturner & Goodwin |
| N/A | CHRISTOPHER LANCASTER | | Family and Consumer Law Center |
| N/A | CHRISTOPHER ROOP | SARAH ROOP | Edelman, Combs, Latturner & Goodwin |
| N/A | CHRISTOPHER WILSON | SHARON WILSON | Earl P Underwood Jr |
| N/A | CINDY GILLESPIE | | Edelman, Combs, Latturner & Goodwin |
| 5257805 | CLAIRE DINOBILE | | Family and Consumer Law Center |
| N/A | CLARENCE WAYLAND | | Edelman, Combs, Latturner & Goodwin |
| N/A | CLAUDE WILLIAMS | GLENNIE WILLIAMS | Earl P Underwood Jr |
| N/A | CLEMON MCGILL | LOUISE MCGILL | Earl P Underwood Jr |
| N/A | CLEO REID | | Earl P Underwood Jr |
| N/A | CLEOPHUS GRIME | | Edelman, Combs, Latturner & Goodwin |
| N/A | CLIFF FONSECA | DEBORA FONSECA | Edelman, Combs, Latturner & Goodwin |
| N/A | CLYDE MADDEN | CAROLYN MADDEN | Earl P Underwood Jr |
| N/A | CONNELL LIKELY | CYNTHIA LIKELY | Earl P Underwood Jr |
| N/A | CONSTANCE WHITTALL | | Family and Consumer Law Center |
| N/A | CURTIS GREEN | PAMELA GREEN | Earl P Underwood Jr |
| N/A | CURTIS RACKLEY | | Earl P Underwood Jr |
| N/A | DALE CHURCHILL | KELLEY CHURCHILL | Edelman, Combs, Latturner & Goodwin |
| 840378 | DANIEL BOYLE | | Family and Consumer Law Center |
| N/A | DANIEL SUTTON | JEANIE SUTTON | Edelman, Combs, Latturner & Goodwin |
| N/A | DANIEL VINCER | | Edelman, Combs, Latturner & Goodwin |
| N/A | DANNY MALLORY | PAMELA MALLORY | Earl P Underwood Jr |
| N/A | DARLENE MANDEVILLE | | Family and Consumer Law Center |
| 920490 | DAVID CROCKER | | Edelman, Combs, Latturner & Goodwin |
| N/A | DAVID DUCHENE | | Edelman, Combs, Latturner & Goodwin |
| N/A | DAVID KARLIN | | Family and Consumer Law Center |
| N/A | DAVID LACASSE | DOROTHY LACASSE | Edelman, Combs, Latturner & Goodwin |
| N/A | DAVID LANDGREN | | Family and Consumer Law Center |
| N/A | DAVID LHEUREUX | BARBARA LHEUREUX | Edelman, Combs, Latturner & Goodwin |
| N/A | DEAN ANDERSON | DIANE ANDERSON | Edelman, Combs, Latturner & Goodwin |
| 742061 | DEBRA JONES | | Family and Consumer Law Center |
| N/A | DELOIS MILLS | | Edelman, Combs, Latturner & Goodwin |
| N/A | DENISE RITTER | LYLE RITTER | Family and Consumer Law Center |
| N/A | DENISE RITTER | | Family and Consumer Law Center |
| N/A | DENNIS BELFORD | | Edelman, Combs, Latturner & Goodwin |
| 1790627 | DENNIS ISOM | LISA ISOM | Family and Consumer Law Center |
| N/A | DERECK KING | | Earl P Underwood Jr |
| N/A | DEREK ANTHONY | PATRINA ANTHONY | Edelman, Combs, Latturner & Goodwin |
| N/A | DEREK NELSON | CHRISTOPHER ALMOND | Edelman, Combs, Latturner & Goodwin |
| N/A | DERREL POWELL | LYNDA POWELL | Earl P Underwood Jr |
| N/A | DIANE RACINE | THEODORE RACINE | Family and Consumer Law Center |
| N/A | DINA NELUCCI | | Family and Consumer Law Center |
| 1742121 | DONALD DESLAURIES | | Family and Consumer Law Center |
| N/A | DONALD PELTIER | LINDA PELTIER | Edelman, Combs, Latturner & Goodwin |
| N/A | DONALD STURGIS | | Edelman, Combs, Latturner & Goodwin |
| N/A | DOROTHY BROWN | | Family and Consumer Law Center |
| 7237072 | DOROTHY GAETA | JOSEPH GAETA | Family and Consumer Law Center |
| N/A | DOROTHY ROBERSON | | Edelman, Combs, Latturner & Goodwin |
| N/A | EARL KEY | | Earl P Underwood Jr |
| N/A | EDDIE GERMAN | | Family and Consumer Law Center |
| N/A | EDDY PENA | | Edelman, Combs, Latturner & Goodwin |
| N/A | EDWARD DOOLITTLE | BABETTE DOOLITTLE | Family and Consumer Law Center |
| 7237096 | EDWARD GIUOTTA | | Family and Consumer Law Center |
| N/A | EDWIN VAZQUEZ | DENISE GONZALEZ | Family and Consumer Law Center |
| 1475494 | EILEEN EMERSON | | Earl P Underwood Jr |
| N/A | ELLAWEEN BYRD | | Earl P Underwood Jr |
| N/A | EMMIT RODGERS | CAROLYN RODGERS | Edelman, Combs, Latturner & Goodwin |
| N/A | ERIC BALARK | MICHELLE MCMILLER | Edelman, Combs, Latturner & Goodwin |
| N/A | ERIC SMITH | GUILLERMINA YANONG | Edelman, Combs, Latturner & Goodwin |
| N/A | ERNEST BURGESS | PEGGY BURGESS | Edelman, Combs, Latturner & Goodwin |
| 1264883 | ERRICK JONES | CAROL SIECZKOWSKI | Family and Consumer Law Center |
| 344197 | ERRICK JONES | CAROL SIECZKOWSKI | Earl P Underwood Jr |
| N/A | ERWIN GRAYSON | LILLIAN GRAYSON | Edelman, Combs, Latturner & Goodwin |
| N/A | ESTELLE PATTERSON | | Edelman, Combs, Latturner & Goodwin |
| N/A | EVELYN WRIGHT | MARY BATTLE | Edelman, Combs, Latturner & Goodwin |
| N/A | EVERETT ROSEMON | GRAUNDIA ROSEMON | Edelman, Combs, Latturner & Goodwin |
| N/A | FLOYD DUMAS II | BRENDA DUMAS | Family and Consumer Law Center |
| 1724417 | FRANCES HENNESSEE | | Family and Consumer Law Center |
| N/A | FRANCES MCCRAY | HAROLD MCCRAY | Family and Consumer Law Center |
| N/A | FRANK REGINE | | Earl P Underwood Jr |
| N/A | FREDERICK HUNTER | | Earl P Underwood Jr |

EXHIBIT 5
Page 16 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 8 of 11

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| N/A | FREDRICH GRABS | | Edelman, Combs, Latturner & Goodwin |
| N/A | GAIL SMITH | EDWARD SMITH | Edelman, Combs, Latturner & Goodwin |
| N/A | GARY LYNESS | LINDA LYNESS | Family and Consumer Law Center |
| 785914 | GAYLE ANDERHOLM | DAVID GEYSTER | Family and Consumer Law Center |
| 440134 | GAYLE ANDERHOLM | | Family and Consumer Law Center |
| N/A | GEARLD LAFONTAINE | ALINE LAFOUNTAINE | Family and Consumer Law Center |
| N/A | GEORGE GRAY | BOBBIE GRAY | Earl P Underwood Jr |
| N/A | GEORGE KRISE | DAYNA HAYNES | Edelman, Combs, Latturner & Goodwin |
| N/A | GERDA LAPORTE | | Family and Consumer Law Center |
| N/A | GILBERT TREADWELL | GENELLE TREADWELL | Edelman, Combs, Latturner & Goodwin |
| N/A | GLADYS FULLER | | Earl P Underwood Jr |
| N/A | GLENN ADAMS | LAVERNE ADAMS | Edelman, Combs, Latturner & Goodwin |
| 1521788 | GLENN DUPUS | HOLLY DUPUS | Family and Consumer Law Center |
| N/A | GRANT MORRING | MICHELLE MORRING | Earl P Underwood Jr |
| N/A | GWENDOLYN WILCOX | | Earl P Underwood Jr |
| N/A | HAROLD HOWARD | WILLIE MAE HOWARD | Earl P Underwood Jr |
| N/A | HATTIE JONES | | Earl P Underwood Jr |
| N/A | HECTOR RODRIGUEZ | BRENDA RODRIGUEZ | Family and Consumer Law Center |
| N/A | HENERY JACKSON | FAY JACKSON | Earl P Underwood Jr |
| N/A | HENRY BUMPERS | ELIZABETH BUMPERS | Edelman, Combs, Latturner & Goodwin |
| N/A | HENRY HOWARD | | Earl P Underwood Jr |
| N/A | HUGH TIPTON | MARY TIPTON | Earl P Underwood Jr |
| N/A | IDALIA MONTALVO (MARTINEZ) | | Family and Consumer Law Center |
| N/A | INGRID SALES | | Family and Consumer Law Center |
| N/A | IRA THOMPSON | | Edelman, Combs, Latturner & Goodwin |
| N/A | IRMA HENDERSON | | Earl P Underwood Jr |
| 7237034 | ISHA ETIENNE | | Family and Consumer Law Center |
| N/A | JACK FULLER | RHONDA FULLER | Earl P Underwood Jr |
| N/A | JACK PREIMESBERGER | DEBORAH PREIMESBERGER | Edelman, Combs, Latturner & Goodwin |
| N/A | JACOB BILLINGS | TAYLOR BILLINGS | Edelman, Combs, Latturner & Goodwin |
| 1676204 | JACQUELINE ARCHAMBAULT | | Family and Consumer Law Center |
| N/A | JACQUELINE BUCKNER | | Edelman, Combs, Latturner & Goodwin |
| N/A | JACQUELINE PECOR | | Family and Consumer Law Center |
| N/A | JACQUELINE TITUS-ASHFORD | | Edelman, Combs, Latturner & Goodwin |
| N/A | JAMES BUTLER | ADDIE BUTLER | Earl P Underwood Jr |
| 2137797 | JAMES BUTY | STEPHANIE CHARRON BUTT | Family and Consumer Law Center |
| N/A | JAMES MORRIS | PEGGY MORRIS | Earl P Underwood Jr |
| N/A | JAMES PACHECO | | Family and Consumer Law Center |
| 390088 | JAMIE BERTENSHAW | EARL BERTENSHAW | Family and Consumer Law Center |
| N/A | JANE KANTER | ALAN KANTER | Edelman, Combs, Latturner & Goodwin |
| N/A | JANET DIGGINS | | Edelman, Combs, Latturner & Goodwin |
| 1541854 | JANICE BURKE | CHARLES BURKE | Family and Consumer Law Center |
| 1645590 | JASON GOULD | DEANNA LACKEY | Family and Consumer Law Center |
| N/A | JEANNIE MONTEIRO | | Family and Consumer Law Center |
| N/A | JEFFREY BUSH | DEBORAH BUSH | Edelman, Combs, Latturner & Goodwin |
| 6618230 | JENNIFER CHANDLER | | Family and Consumer Law Center |
| N/A | JEROME MITCHELL | JANICE MITCHELL | Earl P Underwood Jr |
| N/A | JERRY ROTH | KATRINA PURDY-ROTH | Edelman, Combs, Latturner & Goodwin |
| N/A | JESSE DUNGAN | ADRIA DUNGAN | Earl P Underwood Jr |
| N/A | JESSIE HOLYFIELD | THERESA HOLYFIELD | Earl P Underwood Jr |
| 1537260 | JOAN FORTIN | WILFRED FORTIN | Family and Consumer Law Center |
| N/A | JOE RILEY | | Earl P Underwood Jr |
| N/A | JOE WINTERS | | Edelman, Combs, Latturner & Goodwin |
| N/A | JOEL ORRISON | LANA ORRISON | Edelman, Combs, Latturner & Goodwin |
| N/A | JOHN EGGERT | JOHNNETTE EGGERT | Edelman, Combs, Latturner & Goodwin |
| N/A | JOHN KANTOR | MARY ANN KANTOR | Earl P Underwood Jr |
| N/A | JOHN MARINO | CHERYL MARINO | Family and Consumer Law Center |
| N/A | JOHN MCGEE | EVELYN MCGEE | Family and Consumer Law Center |
| N/A | JOHNNIE MOSELEY | WANDA MOSELEY | Earl P Underwood Jr |
| N/A | JOHNNY MARTIN | | Edelman, Combs, Latturner & Goodwin |
| N/A | JONATHAN DUNGAN | MICHELLE DUNGAN | Earl P Underwood Jr |
| N/A | JOSE RODRIGUEZ | VIRGINIA ALBARRON | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSE SALINAS | JUANITA & RUTH SALINAS | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSEPH BLACKBURN | SHERRY BLACKBURN | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSEPH BYRD | JOSIE BYRD | Earl P Underwood Jr |
| 7237010 | JOSEPH DONNELLY | JACQUELINE DONNELLY | Family and Consumer Law Center |
| N/A | JOSEPH MIKOWSKI | PATRICIA MIKOWSKI | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSEPH NAURACY | GERADINE NAURACY | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSEPH ONESIMUS | MYRA ONESIMUS | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSEPH ROCCO | NANCY ROCCO | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSEPH RODRIGUEZ | LYNORE RODGRIGUEZ | Edelman, Combs, Latturner & Goodwin |
| N/A | JOSEPH WISNIEWSKI | TASHA WISNIEWSKI | Edelman, Combs, Latturner & Goodwin |
| N/A | JOYCE WILLIAMS | | Earl P Underwood Jr |
| N/A | JUAN PEREZ | CONSUELA PEREZ | Edelman, Combs, Latturner & Goodwin |
| 756486 | JULIE ADAMS | TODD ADAMS | Family and Consumer Law Center |
| N/A | KANDEE COOLEY | | Earl P Underwood Jr |
| 2002873 | KAREN BOWLES | | Family and Consumer Law Center |
| 7237089 | KAREN GRIFFIN | | Family and Consumer Law Center |
| N/A | KAREN JOHNSON | STANLEY JOHNSON | Edelman, Combs, Latturner & Goodwin |
| N/A | KATHLEEN SOUSA | | Family and Consumer Law Center |
| N/A | KEITH TAYLOR | HELEN TAYLOR | Earl P Underwood Jr |
| N/A | KEITH WALSH | YVONNE WALSH | Edelman, Combs, Latturner & Goodwin |

EXHIBIT 5
Page 17 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 9 of 11

EXHIBIT A
AMERIQUEST MDL OPT OUT LIST

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| 522953 | KELLIE KELSEY | | Family and Consumer Law Center |
| 2111841 | KENNETH BURTON | | Family and Consumer Law Center |
| 1430714 | KENNETH DEMERS | DAWN DEMERS | Family and Consumer Law Center |
| N/A | KENNETH SCOTT | MARCEY SCOTT | Edelman, Combs, Latturner & Goodwin |
| N/A | KENNETH THOMPSON | LINDA THOMPSON | Edelman, Combs, Latturner & Goodwin |
| N/A | KEVIN MORGAN | | Family and Consumer Law Center |
| N/A | KIM WRIGHT | | Edelman, Combs, Latturner & Goodwin |
| 820240 | KIMBERLEE OGRADY | | Family and Consumer Law Center |
| N/A | KING SMITH | | Edelman, Combs, Latturner & Goodwin |
| N/A | KURT WILSON SR | TERESA WILSON | Edelman, Combs, Latturner & Goodwin |
| N/A | LAMAR GRAY | VERNA GRAY | Edelman, Combs, Latturner & Goodwin |
| N/A | LARAMIE TYSON | CYNTHIA TYSON | Earl P Underwood Jr |
| N/A | LARRY STEARLEY | | Earl P Underwood Jr |
| N/A | LAURIE NEGRI | | Earl P Underwood Jr |
| N/A | LAYTON OVERSTREET | | Family and Consumer Law Center |
| N/A | LEO ROSSI | | Family and Consumer Law Center |
| N/A | LEONOR RAMOS | | Earl P Underwood Jr |
| N/A | LEROY MCCRANEY | VALECIA MCCRANEY | Earl P Underwood Jr |
| N/A | LILLIE JOHNSON | | Earl P Underwood Jr |
| 7236860 | LINDA BARRETT | | Family and Consumer Law Center |
| N/A | LINDA PETTWAY | | Earl P Underwood Jr |
| N/A | LINDA RITA | | Family and Consumer Law Center |
| N/A | LINDA ROBINSON | | Earl P Underwood Jr |
| N/A | LINDA SILVA | | Family and Consumer Law Center |
| N/A | LISA THOMAS | | Earl P Underwood Jr |
| N/A | LLOYD BRADLEY | DORETHA BRADLEY | Earl P Underwood Jr |
| N/A | LORI ANN DUSSIA | | Edelman, Combs, Latturner & Goodwin |
| N/A | LUANN SINGLETON | | Family and Consumer Law Center |
| N/A | MACKENZIE WILLIAMS | | Family and Consumer Law Center |
| N/A | MADISON PITTMAN | | Earl P Underwood Jr |
| N/A | MARGARET CRADDOCK | | Earl P Underwood Jr |
| 7237041 | MARIA EYRE | | Family and Consumer Law Center |
| N/A | MARIA PENA | | Family and Consumer Law Center |
| 7237065 | MARIAN FITZSIMONS | | Family and Consumer Law Center |
| N/A | MARIE FURGESON | | Edelman, Combs, Latturner & Goodwin |
| 190442 | MARK BENNISON | MARIA BENNISON | Family and Consumer Law Center |
| 1928716 | MARK FAZIO | GAYLE FAZIO | Family and Consumer Law Center |
| N/A | MARK LEHR | PATRICIA LEHR | Edelman, Combs, Latturner & Goodwin |
| N/A | MARLON MANIER | TANYA MANIER | Edelman, Combs, Latturner & Goodwin |
| N/A | MARTY PITTMAN | JANET PITTMAN | Earl P Underwood Jr |
| N/A | MARY LOUISSANT | | Family and Consumer Law Center |
| N/A | MARY TILLMAN | | Earl P Underwood Jr |
| N/A | MARY WRIGHT | | Family and Consumer Law Center |
| N/A | MATTIE REED | | Earl P Underwood Jr |
| N/A | MAURICE RICHER JR | STACEY RICHER | Family and Consumer Law Center |
| N/A | MELISSA HARRIS | | Edelman, Combs, Latturner & Goodwin |
| N/A | MELISSA RAY | | Family and Consumer Law Center |
| N/A | MELVIN ABRAMS | ALICE ABRAMS | Earl P Underwood Jr |
| N/A | MELVIN MCCOMBS | BARBARA MCCOMBS | Earl P Underwood Jr |
| N/A | MERVIN THOMAS | | Earl P Underwood Jr |
| 1217490 | MICHAEL CHAMPAGNE | | Family and Consumer Law Center |
| 842624 | MICHAEL CORREIA | SUSAN CORREIA | Family and Consumer Law Center |
| N/A | MICHAEL FOX | | Earl P Underwood Jr |
| 1017519 | MICHAEL FROST | KARLEEN FROST | Family and Consumer Law Center |
| N/A | MICHAEL GARITY | SHEILA GARITY | Edelman, Combs, Latturner & Goodwin |
| N/A | MICHAEL HOLZMEISTER | | Edelman, Combs, Latturner & Goodwin |
| N/A | MICHAEL IGAZ | CONNIE IGAZ | Edelman, Combs, Latturner & Goodwin |
| 7237126 | MICHAEL KELLEY | MARIA KELLEY | Family and Consumer Law Center |
| N/A | MICHAEL KINARD | CHERYL KINARD | Earl P Underwood Jr |
| N/A | MICHAEL MANNING | | Earl P Underwood Jr |
| N/A | MICHAEL MONTGOMERY | MICHELLE MONTGOMERY | Edelman, Combs, Latturner & Goodwin |
| N/A | MICHAEL PIERCE | JENNIFER PIERCE | Edelman, Combs, Latturner & Goodwin |
| 7237058 | MICHELLE FARRELL | | Family and Consumer Law Center |
| 7237102 | MICHELLE GUILLEMETTE | MICHAEL GUILLEMETTE | Edelman, Combs, Latturner & Goodwin |
| N/A | MIGUEL SANCHEZ | | Edelman, Combs, Latturner & Goodwin |
| N/A | MIKE KUKLA | | Edelman, Combs, Latturner & Goodwin |
| N/A | MIKE MAGLIANO | JUDITH MAGLIANO | Edelman, Combs, Latturner & Goodwin |
| N/A | MILTON RAMALHO | MARLENE RAMALHO | Family and Consumer Law Center |
| N/A | MINNIE LINDSAY | | Earl P Underwood Jr |
| N/A | MONICA JONES | EVERETT WASHINGTON | Edelman, Combs, Latturner & Goodwin |
| N/A | NANCY GARCIA | | Edelman, Combs, Latturner & Goodwin |
| N/A | NANCY PATRIE | | Family and Consumer Law Center |
| N/A | NANCY SULLIVAN | | Family and Consumer Law Center |
| N/A | NELSON JIMENEZ | MELINDA JIMENEZ | Edelman, Combs, Latturner & Goodwin |
| N/A | NILE HAWKINS | | Edelman, Combs, Latturner & Goodwin |
| N/A | NORMAN MARTIN | CHRISTINE MARTIN | Edelman, Combs, Latturner & Goodwin |
| N/A | OSCAR FREEBERG | MARIANNE FREEBERG | Edelman, Combs, Latturner & Goodwin |
| N/A | PATRICIA LEAL | | Family and Consumer Law Center |
| N/A | PATRICK LEWIS | VIOLATA LEWIS | Edelman, Combs, Latturner & Goodwin |
| 1914320 | PAUL AGUIAR | GUILHERMINA AGUIAR | Family and Consumer Law Center |
| N/A | PAUL HOWELL | DIANE HOWELL | Earl P Underwood Jr |
| N/A | PAULE SPENCER | ALAINE SPENCER | Family and Consumer Law Center |

EXHIBIT 5
Page 18 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 10 of 11   EXHIBIT A
AMERIQUEST MDL OPT OUT LIST

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| N/A | RACHEL NASON | DAVID NASON | Family and Consumer Law Center |
| N/A | RAMONA GULLEY | | Earl P Underwood Jr |
| N/A | RANDALL SMITH | CINDY SMITH | Edelman, Combs, Latturner & Goodwin |
| N/A | RANDOLPH CARPENTER | | Earl P Underwood Jr |
| N/A | RANDY PARKER | CAROLYN PARKER | Edelman, Combs, Latturner & Goodwin |
| N/A | RENEE LECLERC | | Family and Consumer Law Center |
| N/A | RENZA HEARD | GLORES HEARD | Edelman, Combs, Latturner & Goodwin |
| 881845 | RICHARD GABORIAULT | KERRY GABORIAULT | Family and Consumer Law Center |
| N/A | RICHARD LENAHAN | | Family and Consumer Law Center |
| N/A | RICHARD PIPKINS | | Earl P Underwood Jr |
| N/A | RICHARD POE | CHERYL POE | Earl P Underwood Jr |
| 7236983 | RITA CORREIA | BRUCE CORREIA | Family and Consumer Law Center |
| N/A | RITA GUYDON | KEVIN GUYDON | Edelman, Combs, Latturner & Goodwin |
| N/A | ROBERT COBURN | DEBORAH COBURN | Earl P Underwood Jr |
| N/A | ROBERT COLE | BRENDA COLE | Edelman, Combs, Latturner & Goodwin |
| 244985 | ROBERT KENNY | DEBORAH KENNY | Family and Consumer Law Center |
| 559898 | ROBERT KENNY | DEBORAH KENNY | Family and Consumer Law Center |
| N/A | ROBERT MORGAN | MARJORIE MORGAN | Earl P Underwood Jr |
| N/A | ROBERT WAYNE | TWILA WAYNE | Edelman, Combs, Latturner & Goodwin |
| N/A | ROCHELLE WASHINGTON | SIDNEY WASHINGTON | Edelman, Combs, Latturner & Goodwin |
| N/A | ROGER LUEDTKE | CHRISTINE LUEDTKE | Edelman, Combs, Latturner & Goodwin |
| 833004 | ROLAND DANIS | LORI DANIS | Family and Consumer Law Center |
| N/A | ROLAND VADENAIS | SHIRLEY VADENAIS | Family and Consumer Law Center |
| 2050232 | RONALD BEAUDOIN | CAROL BEAUDOIN | Family and Consumer Law Center |
| 1781571 | RONALD BENOIT | MONIQUE BENOIT | Family and Consumer Law Center |
| N/A | ROOSEVELT HARRIS | FLORITA HARRIS | Earl P Underwood Jr |
| N/A | ROSE BLACK | DAVID BLACK | Edelman, Combs, Latturner & Goodwin |
| 389969 | ROSS HARTINGTON | | Family and Consumer Law Center |
| N/A | ROSS SMITHERMAN | LINDSEY SMITHERMAN | Earl P Underwood Jr |
| N/A | SAMUEL STRATFORD | CHRISTINA STRATFORD | Edelman, Combs, Latturner & Goodwin |
| N/A | SANDRA BERQUIST | | Edelman, Combs, Latturner & Goodwin |
| N/A | SANDRA HARRIS | | Edelman, Combs, Latturner & Goodwin |
| N/A | SANDRA MCGOWAN | | Edelman, Combs, Latturner & Goodwin |
| N/A | SARAH CHAUMLEY | | Edelman, Combs, Latturner & Goodwin |
| N/A | SCOTT JEFFRESS | PAMELA JEFFRESS | Edelman, Combs, Latturner & Goodwin |
| N/A | SCOTT TRAWICK | | Earl P Underwood Jr |
| N/A | SERGIO SALAZAR | GUADALUPE SALAZAR | Edelman, Combs, Latturner & Goodwin |
| N/A | SHARON BOYD | | Earl P Underwood Jr |
| N/A | SHARON COLEMAN | | Edelman, Combs, Latturner & Goodwin |
| N/A | SHARON CRAWFORD | | Earl P Underwood Jr |
| N/A | SHERRY ADKINS | JAMES ADKINS | Edelman, Combs, Latturner & Goodwin |
| N/A | SHREE ROBINSON | JAMES ROBINSON | Edelman, Combs, Latturner & Goodwin |
| N/A | SIGISMUND OGUN | | Family and Consumer Law Center |
| N/A | SIMON GOLSTON | WILLIE MAE GOLSTON | Earl P Underwood Jr |
| N/A | SONJA DAVIS | DONYA DAVIS | Edelman, Combs, Latturner & Goodwin |
| N/A | SPTROS POLYDOROS | BETTY POLYDOROS | Edelman, Combs, Latturner & Goodwin |
| N/A | STACEY MAILHOT | | Family and Consumer Law Center |
| N/A | STACY-ANN MCNAMEE | GEORGE MCNAMEE | Family and Consumer Law Center |
| N/A | STANLEY DANIELS | GLADYS DANIELS | Earl P Underwood Jr |
| N/A | STEPHEN BOOHER | | Edelman, Combs, Latturner & Goodwin |
| 1819045 | STEPHEN KORLACKI | DAWN KORLACKI | Family and Consumer Law Center |
| N/A | STEPHEN ROLLIN | APRIL ROLLIN | Earl P Underwood Jr |
| 7237027 | STEVEN DURTA | KAREN DURTA | Family and Consumer Law Center |
| N/A | STEVEN HODOR | VALERIE HODOR | Edelman, Combs, Latturner & Goodwin |
| N/A | STEVEN SILVA | | Family and Consumer Law Center |
| N/A | STUART BELFELD | MARIANNE BELFELD | Edelman, Combs, Latturner & Goodwin |
| 7236914 | SUSAN CAULEY | | Family and Consumer Law Center |
| 7236952 | SUSAN CORREIA | | Family and Consumer Law Center |
| N/A | SUZETTE ADDISON | | Edelman, Combs, Latturner & Goodwin |
| N/A | TAMMY GOODS | | Edelman, Combs, Latturner & Goodwin |
| N/A | TARA WALCZAK-DAEGE | JONATHAN DAEGE | Edelman, Combs, Latturner & Goodwin |
| N/A | TERRANCE SHEPARD | BARBARA SHEPARD | Edelman, Combs, Latturner & Goodwin |
| N/A | TERRY BOTHWELL | CHERYL BOTHWELL | Edelman, Combs, Latturner & Goodwin |
| N/A | TERRY TALLEY | CHERYL TALLEY | Edelman, Combs, Latturner & Goodwin |
| N/A | THELMA COWLES | TERRY COWLES | Edelman, Combs, Latturner & Goodwin |
| N/A | THOMAS CAMPAU | KATHRYN BAMPAU | Edelman, Combs, Latturner & Goodwin |
| N/A | THOMAS HEINEMAN | MARIAM HEINEMAN | Earl P Underwood Jr |
| N/A | THOMAS JACKSON | DOROTHY JACKSON | Earl P Underwood Jr |
| N/A | THOMAS WILDERMUTH | VICTORIA WILDERMUTH | Edelman, Combs, Latturner & Goodwin |
| N/A | THOMASINA TURNER | | Family and Consumer Law Center |
| N/A | TIMMY TYRENE HUGHES | | Earl P Underwood Jr |
| N/A | TIMOTHY MILLER | ANGELA MILLER | Earl P Underwood Jr |
| 1451528 | TRACY BUTLER | | Family and Consumer Law Center |
| N/A | TREGG HOWZE | WANDA HOWZE | Edelman, Combs, Latturner & Goodwin |
| N/A | VELMA JEAN JILES | | Edelman, Combs, Latturner & Goodwin |
| N/A | VENUS ROBBINS | | Earl P Underwood Jr |
| N/A | VERLATTA DONALD | | Earl P Underwood Jr |
| 771535 | VERONICA CARNEY | | Family and Consumer Law Center |
| N/A | VILMA HALL | | Earl P Underwood Jr |
| 7237119 | VINCENT KELLEHER | | Family and Consumer Law Center |
| N/A | VIOLA GREEN | | Edelman, Combs, Latturner & Goodwin |
| N/A | VIRGINIA BEANE | ROBERT BEANE | Edelman, Combs, Latturner & Goodwin |

PAGE 10 OF 11

EXHIBIT 5
Page 19 of 20

Case 1:05-cv-07097   Document 3631   Filed 07/06/10   Page 11 of 11   EXHIBIT A

AMERIQUEST MDL OPT OUT LIST

| Class Member ID | Name1 | Name2 | Counsel Represented |
|---|---|---|---|
| N/A | WALLACE RESMONDO | | Earl P Underwood Jr |
| N/A | WALTER CAMPBELL | SHAWNDRESS CAMPBELL | Earl P Underwood Jr |
| N/A | WILBERT COOLEY | | Earl P Underwood Jr |
| N/A | WILLIAM ESTABROOK | LOIS ESTABROOK | Earl P Underwood Jr |
| N/A | WILLIAM MEEHAN | | Family and Consumer Law Center |
| N/A | WILLIAM PINTSAK | SANDRA PINTSAK | Edelman, Combs, Latturner & Goodwin |
| N/A | WILLIAM REED | CECILIA REED | Earl P Underwood Jr |
| N/A | WILLIE CHANEY | SHIRLEY CHANEY | Earl P Underwood Jr |
| N/A | WILLIE FINKLEA | CHRISTENE FINKLEA | Earl P Underwood Jr |
| N/A | WILLIE HOWARD | FLORASTINE HOWARD | Earl P Underwood Jr |
| N/A | WILLIE MITCHELL | LISA MITCHELL | Earl P Underwood Jr |
| N/A | YVETTE WILLIAMS | JESSTIN WILLIAMS | Edelman, Combs, Latturner & Goodwin |
| N/A | YVONNE NIMOX | | Edelman, Combs, Latturner & Goodwin |
| N/A | ZENAIDA PENA | | Family and Consumer Law Center |