Tim Dooley
Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 279-7327
Fax:    (907) 258-0801
e-mail: timdooley@ak.net
        barbdooley@ak.net

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES<br>LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>PLAINTIFF REQUEST FOR AN ORDER<br>THAT PLAINTIFF IS NOT PART OF THE MDL<br>OR, THAT PLAINTIFF WILL BE PERMITTED<br>TO OPT-OUT OF THE CLASS | MDL No. 1715<br>Lead Case No. 05-7097<br><br><br><br>Centralized before the<br>Honorable Marvin E. Aspen |

**VERIFIED REPLY TO AMERIQUEST/ARGENT MORTGAGE COMPANY'S
OPPOSITION AND OBJECTION TO MOTION TO DEEM AN ALASKA STATE
COURT ACTION AS NOT PART OF THE MULTIDISTRICT LITIGATION, OR, TO
ALLOW LATE FILED NOTICE TO OPT OUT**

1.      This reply brief is accompanied by the following additional exhibits:

Exhibit E:   A time line of events pertinent to this motion.
Exhibit F:   Don Ellis's release of his TILA claim. Alaska state court order releasing his TILA claim.
Exhibit G:   Notice of Default and Foreclosure filed against Don Ellis by Argent's successors-in-interest.
Exhibit H:   Argent's stipulation that the Default and Foreclosure would not go forward until a later date.

2.	At page 17 of its brief, Ameriquest/Argent argues that the terms of the MDL settlement apply to cases in state courts, but does not provide any portion of the settlement agreement that supports Argent's claim.  In fact, nothing in the MDL Settlement Agreement supports Ameriquest/Argent's argument.

**There Are Four Reasons Why Don Ellis Is Not Part of the MDL Class Action Settlement.**

3.	**Ellis Case Was Never in Federal Court.**   Ameriquest/Argent admits, at page 17 of its brief, that "the only cases that could be joined in the MDL proceedings were cases taking place in federal court."  The Don Ellis case was never in federal court.

4.	**The Settlement Agreement Specifically Excludes Persons, such as Don Ellis, Who Are Not Part of the "Consolidated Actions."**   The MDL agreement affirmatively indicates that the Don Ellis case is *not* a part of the class action settlement.  At page 7, part IV C of the Settlement Agreement, it states:

> **The Settlement Fund does not include costs associated with resolving any other case or matter not within the Consolidated Actions** including, without limitation, Ricci, et al. v. Ameriquest, Civil File No. 05-2546.

[Emphasis added.]
The Consolidated Actions are listed at pages 1, 2, and 3 of the Settlement Agreement.  The Don Ellis case is not listed as one of the Consolidated Actions.

5.	**Don Ellis Is Not a Class Member within the TILA Claimants.**   Although Ameriquest/Argent argues that Don Ellis is a class member of the Truth-In-Lending-Act (TILA) claimants, he is not.  The specific terms of the Settlement Agreement at page 10 state that:

> **Excluded from the TILA Rescission Class are all individuals who have previously released claims in contract or in tort**, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

(Emphasis added.) Although Don Ellis filed a claim in Alaska state court under TILA, he released that claim on May 4, 2009. [Exh F] Therefore, under this provision of the Settlement Agreement, he is not a member of the TILA class.

6. **The MDL Settlement Agreement Excludes Persons Such as Don Ellis Who Have Been Threatened with Foreclosure.** At page 17 of the Settlement Agreement, VIII C. *Foreclosure Exception,* the release

> [. . . .] shall not extend to, and **shall have no effect on statutory or common law foreclosure claims and defenses raised in response to, an actual or threatened judicial or non-judicial foreclosure** of any loan originated by a Defendant to a Class Member who is a borrower and whose loan has not been paid off or liquidated as of the Final Approval Date. [. . . .]

[Emphasis added.] On October 14, 2008, Don Ellis was threatened with foreclosure by successors-in-interest to Argent Mortgage Company, LLC. [Exh G] Attorneys for Argent stipulated that the foreclosure would not go forward until a later date. [Exh H] Don Ellis has still not paid off the loan or liquidated it. He still remains under threat of foreclosure.

**OTHER MATTERS RAISED BY ARGENT'S OPPOSITION**

7. Ameriquest/Argent uses a legal presumption to falsely convey "facts" which are not facts. For example, in its opposition at page 1, Ameriquest/Argent states as fact that "Ellis received personally addressed mailed notice of the settlement . . . ." At page 3 of its brief,

Ameriquest/Argent again asserts the same "fact" that Ellis received notice of the class action. That is not true; neither Ellis, nor his wife, nor his attorney received any such notice. [Exhibits A, B, and C] Ameriquest/Argent would have been accurate to state that Ameriquest/Argent had someone file an affidavit that notice of the class settlement was sent to Ellis and the law presumes that Ellis received the notice even if the affidavit of service is the product of perjury. But this is a legal presumption, not a fact.

8. **Perjury** is a strong word; one that invites duels. Nevertheless, there is evidence by which one could infer that the affidavit of service was perjured. If the notice to Ellis was truly sent out to Ellis, an honorable litigant would have disclosed the class action in its Rule 26 disclosures and in a motion to amend its answer to include the class action. Argent did not do this because if Ellis had actual timely notice, Ellis would have opted out. Why else would Argent fail to timely disclose the existence of the class action in the Alaska litigation? The reason was that Argent was trying to keep the class action a secret in the Alaska litigation until the opt-out date had passed. To effectively keep the secret, Argent needed to submit to the Illinois court an *affidavit* of service while, at the same time, not actually sending out the notice to Don Ellis.

9. **Argent's Intentional Misconduct.** Argent was carrying out intentional misconduct in the Alaska litigation by not disclosing the existence of the class action in Argent's Rule 26 disclosures until after the opt out date had passed. On August 2, 2010, Argent, for the first time, supplemented its Rule 26 disclosures with the existence of the MDL class action. The opt-out date had already passed on February 22, 2010. At page 7 of its brief, Ameriquest/Argent argues that once Argent disclosed the existence of the class action, Ellis should have immediately filed a motion with the MDL court seeking to opt out. First, Ellis is not a part of the class. Also, the opt-out date had long passed. The date is still long passed. Argent had not amended its answer in the Alaska court to include the MDL class action as an affirmative defense and thus could not use the MDL class action in the Alaska litigation. Argent did not amend its answer until December 8, 2010 and only then did the class action become a threat. Ameriquest/Argent argues that Ellis had inexcusable delay in not filing a motion with the

MDL class action court, but Argent would have avoided this MDL litigation were it not for Argent's intentional misconduct and inexcusable delay in supplementing its Rule 26 disclosures with facts about the class action and its inexcusable delay in filing an amended answer with the class action as an affirmative defense.

10. **Argent's "Floodgates" Argument.** At page 9 of its brief, Ameriquest/Argent claims that if the MDL court rules in favor of Don Ellis in this case, then the whole class action would be subject to attack by people who are unhappy with the checks that they received. Two things are wrong with this. First, Ellis never got a check and his basis for opting out is not based on him being unhappy with any check that he received. Secondly, Ellis bases his opt-out on the fact that Argent never disclosed the class action in the Rule 26 disclosures or responses to discovery or in an amended answer. If Argent had done this with other litigants, then perhaps the class action *should be* undone with respect to those other litigants.

11. For the foregoing reasons, Don Ellis requests that the court rule that he is not part of the MDL class, or, if he is a member of the class, that he be permitted to opt out of the class action settlement.

I, Timothy D. Dooley, declare under penalty of perjury that the foregoing statements are true and correct.

By: /s/ Timothy D. Dooley
Attorney for Don and Kewanna Ellis

Tim Dooley
Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 279-7327
Fax: (907) 258-0801
e-mail: timdooley@ak.net
barbdooley@ak.net

**Certificate of Service**

      I, Timothy D. Dooley, certify that on this 7th day of March, 2011, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.
      By: /s/ Timothy D. Dooley