# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL No. 1715

Lead Case No. 05-cv-07097

Centralized before The Honorable
Marvin E. Aspen

**AMERIQUEST MORTGAGE COMPANY'S SUR-REPLY TO ELLIS' REPLY BRIEF RE DEEMING AN ALASKA STATE COURT ACTION AS NOT PART OF THE MULTIDISTRICT LITIGATION, OR, TO ALLOW LATE FILED NOTICE TO OPT OUT**

Ameriquest Mortgage Company ("Ameriquest") hereby files its Sur-Reply to the Reply Brief filed by Donald and Kewanna Ellis re their Motion to Deem an Alaska State Court Action As Not Part of the Multidistrict Litigation, or, to Allow Late-Filed Notice to Opt Out (the "Motion"). Donald Ellis ("Ellis") claims there are four reasons why he is not part of the MDL class action settlement. He is wrong because his arguments are based on a tortured and out of context reading of the Settlement Agreement.

1.  Ellis claims that the Ellis case "was never in federal court, therefore it was not joined in the MDL proceedings." This argument ignores the fact that the Court approved class action Settlement Agreement [Docket #3255] and provided for the claims administrator to send notice to certain identified classes of borrowers [Docket #3247 and #3255]. Class notice was sent to all identified class members [Docket #3247; #3495, para. 5] which included Ellis. Ellis is part of the TILA rescission class, which, as set forth in the Settlement Agreement, covered persons who requested rescission of their loans pursuant to TILA. [Docket #3247, p. 10]. There was no requirement that

1

a borrower had to have filed a lawsuit (either in federal court or otherwise) to receive notice. [Docket #3247]. As established in Ameriquest's Opposition, it is undisputed that Ellis requested TILA rescission, and as such, is a class member. [Declaration of David McGee; Docket #3950, Exhibit 2].

2. Ellis claims that the Settlement Agreement specifically excludes persons such as Ellis, who are not part of the "Consolidated Actions." However, "Consolidated Actions" is a defined term in the Settlement Agreement [Docket #3247, p. 1-3] which covers class action complaints from around the country which were consolidated in this MDL [Docket #3247]. Although the Ellis case is not specifically listed in the Consolidated Actions, Ellis was identified as a class member of these "Consolidated Actions" since he requested TILA rescission [Docket #3950, Exhibit 2], and since he received mailed notice. [Docket #3495, para. 5; Exhibit "A" to RJN, Fenwick Affidavit, para. 5].[1] To be a class member, it was not a requirement that a borrower file a lawsuit, or that the lawsuit be listed as one of the class actions in the Consolidated Actions [Docket #3247]. Accordingly, as set forth in the Declaration of Amy Lake, the claims administrator mailed notice to Ellis at his last known address, as it did to all identified class members. [See Docket #3495 para. 5] [*See also,* RJN Exhibit "A": Class Action Settlement Notice, Attached to Affidavit of Scott Fenwick, Exhibit "4"].

3. Ellis claims that he is not a member of the TILA rescission class because he "released" that claim [Docket #3965]. However, a review of the evidence he submits in support of that statement shows the contrary. While Ellis dismissed his TILA claims, he did not provide any release to Ameriquest regarding them [Docket #3695, Exhibit F].

4. Ellis claims that the Settlement Agreement does not apply to him because it excludes

---

[1] Ameriquest cites to the Request for Judicial Notice it filed along with its opposition papers (Document #3951-1).

persons who have been threatened with foreclosure.   Again, this argument misinterprets the Settlement Agreement.  The language of the Settlement Agreement provides that "the release given . . . shall not extend to, and shall have no effect on statutory or common law foreclosure claims and defenses raised in response to, an actual or threatened . . . foreclosure . . . and shall not, permit affirmative recovery of monetary damages in connection with any foreclosure-related or other proceeding." [Docket #3247, p. 17].  Although Ellis may be threatened with foreclosure, his Alaska lawsuit is not limited to claims or defenses in response to that foreclosure, and he is seeking recovery of monetary damages.  Accordingly, contrary to his assertions, this language does not exclude Ellis from being a class member.

The terms of the Settlement Agreement in the MDL apply to all members of the class, regardless of whether their individual state actions were joined in the MDL proceeding.  As a class member, Ellis has released his claims against Argent and Ameriquest, and his claims are precluded by the doctrine of res judicata.  However, the fact that Ellis may no longer pursue Argent does not end his "day in court."  Ellis does not dispute the fact that in his Alaska litigation, he is still maintaining claims against Alaska State Mortgage Company (his mortgage broker); Jason Wooten (his loan officer), Citi Residential Lending, CR Title Services, Inc., Greenwich Capitol Financial Products, Inc., Deutsche Bank National Trust Company, Litton Loan Servicing, Soundview Home Loan Trust, Real Time Resolutions, Inc., and several other individuals.   Based upon the above (as well as the opposition and supporting documentation Ameriquest previously filed)  Ameriquest respectfully requests that this Court deny the Motion in its entirety.

DATED: March 11, 2011

Respectfully submitted,

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700/(213) 896-0400 (fax)

**CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 11th day of March 2011, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the addressees on the attached Service List.  I also certify that a hard copy was served via certified and regular mail to:


Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

## SERVICE LIST

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard , Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

David McGee, Esq.
Dorsey & Whitney LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK  99501

Steven S. Elliott
12 E. Exchange Street
8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025

Tim Dooley
Law Office of Tim Dooley
921 West Sixth Avenue, Suite 200
Anchorage, Alaska  99501

BN 8413287v1