## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Jerome L. Sievers, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06-1734 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs JEROME L. SIEVERS and CHERYL M. SIEVERS ("Plaintiffs") Complaint as follows.

## COMPLAINT

## INTRODUCTION

1.	This is a suit brought pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, Connecticut Truth-in-Lending Act, Cons Gem Stan. Sec. 36a-676 *et seq.*, and includes pendent state law claims for violations of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* and negligent misrepresentation.

**ANSWER:	Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or state law.**

## PARTIES

2.	The plaintiffs are natural persons residing in Oakdale, Connecticut.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

3.  The defendant, Ameriquest Mortgage Company ("Ameriquest"), is a foreign

corporation with a place of business in Orange, California.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.  The defendant, Deutsche Bank National Trust Company is a foreign corporation

with a place of business in Los Angeles, CA.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it is trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R8 under the Pooling and Servicing Agreement dated as of August 1, 2004, without recourse, which includes the Plaintiffs' loan. Defendant denies any remaining allegations of this paragraph.**

## JURISDICTION

5.  Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C.

§ 1331 and §1337, and Fed. R Civ. P. 18(a).

**ANSWER:** **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue. Defendant denies any remaining allegations in Paragraph 5.**

6.  This court has jurisdiction over the defendant because it regularly conducts

business in this state.

**ANSWER:** **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue. Defendant denies any remaining allegations in Paragraph 6.**

7.  Venue in this court is proper, as the plaintiffs are a residents of Oakdale,

Connecticut and the action concerns real property located in this state.

**ANSWER:** **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue. Defendant is without knowledge or information sufficient to form**

**a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTUAL BACKGROUND

8.      Plaintiffs are homeowners who own the home at 36 Beechwood Road, Oakdale, CT.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9.      Until the transaction with Defendant, Ameriquest, the home was subject to a mortgage with Accredited Home Mortgage, which had an unpaid balance of $133,457.00 and a mortgage with Citifinancial, which had an unpaid balance of $33,566.64.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10.      Until the transaction with Defendant, Ameriquest, Plaintiffs also had accrued a credit card debt to Providian Financial in the amount of $8,481.00 due primarily to funeral expenses incurred from a death in the family.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11.      On or about October of 2003, Plaintiffs received a telephone call from a representative from Defendant, Ameriquest, asking them if they were interested in refinancing their mortgages to lower their monthly payments.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

12.      At that time Plaintiffs were negotiating refinancing an existing mortgage whereby no prepayment penalties would be incurred

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13.     Agents and representatives of Defendant, Ameriquest assured Plaintiffs that if they refinanced with Ameriquest they could save money.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14.     Defendant Ameriquest also induced Plaintiffs to refinance with Defendant corporation by agreeing to fund an excess so that Plaintiffs would receive approximately $5,600.00 at the closing. At some time during negotiations with Defendant, Ameriquest, Plaintiff bad made arrangements with a contractor to use these funds for some preliminary measures necessary to build an additional mom for Plaintiffs house.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15.     On June 15, 2004, plaintiffs received a "Good Faith Estimate" from Defendant Ameriquest which indicated that Defendant would be charging a "Loan Discount" fee of 3.004% for a total of $4,956.60.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16.     On June 23, 2004, Plaintiffs borrowed the principal sum of $189,000 from the defendant and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

17.     The proceeds went towards the pay-off of the existing mortgages on the

residence, towards the payment of said credit card debt and Real Estate Taxes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

18.     On June 23, 2004, Plaintiffs received a "HUD" Settlement Statement, as well as

an itemization of settlement charges which indicated that Defendant Ameriquest was charging a

"Loan Discount" fee of $6,484.59. This was $1,527.99 more than what had previously been

represented and agreed to.

**ANSWER:     The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

19.     On June 23, without any prior notice or approval, Defendant Ameriquest had also

increased the "points" they were charging from 3.004% to 3.431%.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

20.     Said "HUD" Settlement Statement also indicated that Plaintiffs would be

receiving $5,636.82 after disbursement of the loan.

**ANSWER:     The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

21.     Defendant at all times assured Plaintiff that they would be receiving $5,636.82

after the loan was disbursed.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22.     On or about July 6, 2004, Plaintiffs received a check for $1,687.46 and a letter from the office of the Settlement Attorney stating: "This amount is less than you expected due to additional interest."

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23.     Between July 6,2004 and November 1, 2004, several letters were sent by Plaintiff, and on Plaintiffs behalf, regarding the fact that Plaintiff's received approximately $4,000.00 less than what was represented to them on June 23, 2005.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24.     On November 1, 2004, Defendant issued to Plaintiff a check in the amount of $3,900.00. Plaintiffs deposited the check in their account on November 26, 2004.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.     On or about March 23, 2005, Defendant sold or assigned the loan to Deutsche Bank National Trust Company.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

### FIRST CAUSE OF ACTION - TILA VIOLATIONS

26.     This consumer credit transaction was subject to the Plaintiffs right of rescission as described by C.G.S. sec. 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:     Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

27.     In the course of this consumer credit transaction, Defendant Ameriquest violated

C.G.S. sec. 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the

Plaintiff two copies of a notice of the right to rescind (Attached as Exhibit "A") which clearly,

and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

28.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

29.     On March 21, 2005, Plaintiffs exercised their extended right to rescind the

contract by sending notice (via counsel) to Defendant Ameriquest by certified mail, in which

receipt was acknowledged on or about March 28, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

30.     More than twenty calendar days have passed since Defendant Ameriquest

received the notice of rescission.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31.     Defendant Deutsche Bank, as an assignee is subject to all claims and defenses that

the borrower has against Defendant Ameriquest.

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations. Defendant further denies that it is subject to all claims and defenses that the borrower has against Defendant Ameriquest.**

32.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(6) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

33.     The Defendants have failed to return to the Plaintiff any money or properly given by the Plaintiff to anyone, including the Defendant, as required by 15 U.S.C. § 1635(6) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

34.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U. S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for.

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiffs property created under the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.     Statutory damages of $2,000 for the disclosure violation;

      e.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff s rescission notice;

      f.     Forfeiture of loan proceeds;

g.    Actual damages in as amount to be determined at trial; and

h.    A reasonable attorney fee.

**ANSWER:**    **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

## SECOND CAUSE OF ACTION - CUTPA

35.    Plaintiff herein incorporates the allegations in paragraphs 1 through 34 above.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1 through 34 in response to this paragraph.**

36.    Plaintiff brings the second cause of action against defendant under the

Connecticut Unfair Trade Practices Act, Conn. Gen. Star. § 42-110a *et seq*. ("CUTPA"). This

Court has supplemental jurisdiction to adjudicate this cause in that it arises out of the same credit

transaction as the First Count and is so related to that claim that it forms part of the same case or

controversy.

**ANSWER:**    **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue.  Defendant denies any remaining allegations in Paragraph 36.**

37.    Defendants have committed unfair and deceptive acts and practices in violation of

CUTPA by its violations of TILA, as aforedescribed.

**ANSWER:**    **Because this paragraph states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

38.    Defendant has also committed unfair and deceptive acts and practices though their

oral and written misrepresentations made fraudulently with actual intent to mislead, or recklessly

with gross disregard to their truth and falsity.

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

39. During the course of the transaction, Defendant, Ameriquest made the following misrepresentations:

      a. Defendant overstated the funds that Plaintiffs would receive after the loan disbursed by nearly $4,000.

      b. Prior to dune 23, 2004, Defendant understated the fees and points to be charged.

      c. Defendant understated the amount needed to payoff an existing mortgage.

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. Further, because this paragraph is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

40. At all times relevant here, The Defendant knew or should have known that Plaintiff would rely on said representations when agreeing to the terms of the Consumer Credit transaction.

**ANSWER:** **Because this paragraph states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

41. Plaintiff did in fact rely upon said representations when agreeing to the terms of the Consumer Credit Transaction.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## TIIIRD CAUSE OF ACTION- NEGLIGENT MISREPRESENTATION

42.    This Court has supplemental jurisdiction to adjudicate this cause in that it arises

out of the same credit transaction as the First Count and is so related to that claim that it forms

part of the same case or controversy.

**ANSWER:    Because this paragraph states a legal conclusion, no answer is required. Because this cause of action is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

43.    Plaintiff herein incorporates the allegations in paragraphs 1 through 25 above.

**ANSWER:    Defendant restates its answers to Paragraphs 1 through 25 in answer to this paragraph.**

44.    Plaintiff herein incorporates the allegations in Paragraph 39 above.

**ANSWER:    Defendant restates its answer to Paragraph 39 in answer to this paragraph.**

45.    The various misrepresentations made by Defendant, Ameriquest, his agents and

employees were, in fact, untrue and were negligently made and in breach of the legal duty owed

to the Plaintiff in that

        a.    the Defendant, Ameriquest knew or should have known that it was unreasonable to make such representations as they were untrue.

        b.    the Defendant, Ameriquest knew or should have known that such representations would not be fulfilled and honored.

**ANSWER:    Because this paragraph states a legal conclusion, no answer is required. Because this cause of action is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

46.    Plaintiff herein incorporates the allegations in paragraphs 40 through 41 above.

**ANSWER:**    **Defendant restates its answer to Paragraphs 40 through 41 in answer to this paragraph.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.     Dismiss plaintiffs' Complaint;

2.     Enter judgment for defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  April 29, 2011

By:  /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank, National Trust Company, Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 8903613v1                                    - 13 -

- 14 -

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 29th day of April 2011, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/  Bernard E. LeSage_____