**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |

**PLAINTIFFS' STATUS REPORT ON SETTLEMENT OF EDELMAN CASES**

Multi-District Litigation Plaintiffs represented by Edelman, Combs, Latturner, & Goodwin, LLC (the "Edelman Plaintiffs") hereby submit the following Status Report, as requested by the Court's Minute Order entered on May 2, 2011 (Docket No. 4076).

**I.    INTRODUCTION**

The Edelman Plaintiffs, the AMC Entities, and related servicers participated in mediation with Magistrate Judge Morton Denlow on December 1, 2010 and December 2, 2010.   On December 2, 2010, Edelman Plaintiffs and Defendants reached a settlement in principle relating to 128 Edelman Plaintiffs.  The settlement agreement was fully executed on April 22, 2011.

**II.    STATUS OF EDELMAN CASES**

Of the 128 Edelman Plaintiffs' cases, 105 currently do not have any known cause preventing their settlement and dismissal.  Of these:

1.    Eight-two (82) have now executed and implemented individual settlement agreements and have filed stipulations to dismiss.  Of these:

a.    Forty-one (41) have been dismissed;

b.    Five (5) have been dismissed as individual cases, but have not yet been dismissed under the multi-district litigation lead case number, 05-cv-7097.  (These cases include

1

*Archer v. Ameriquest Mortgage Company, et al.,* 07-cv-328; *Bush v. Ameriquest Mortgage Company, et al.,,* 07-cv-321; *Doolittle v. Ameriquest Mortgage Company, et al.,* 05-cv-5033); *Krise, et al. v. Ameriquest Mortgage Company, et al.*, 06-cv-5700); and *Kukla v. Ameriquest Mortgage Company*, 06-cv-4720.)

    c.  Thirty-six (36) are still awaiting dismissal.

  2.  Five (5) executed and implemented individual settlement agreements between May 1, 2011 and May 15, 2011. The Edelman Plaintiffs are still waiting for settlement funds to clear, but anticipate filing stipulations to dismiss these cases on May 31, 2011. (These cases include *Brown v. Ameriquest Mortgage Company, et al.*, 05-cv-4723; *Filian, et al. v. Ameriquest Mortgage Company, et al.*, 06-cv-2826; *Scott v. Argent Mortgage Company, LLC, et al.*, 07-cv-252; *Winters v. Ameriquest Mortgage Company, et al.*, 07-cv-1341; and *Wright, et al. v. Ameriquest Mortgage Company, et al.*, 07-cv-1027.)

  3.  Three (3) have executed individual settlement agreements since May 15, 2011. The AMC Entities anticipate releasing settlement funds for these cases on June 6, 2011. The Edelman Plaintiffs anticipate filing stipulations of dismissal ten days after receipt of the settlement funds. (These cases include *Dumas v. Ameriquest Mortgage Company, et al.*, 07-cv-108; *Nauracy v. Ameriquest Mortgage Company, et al.*, 06-cv-3424 and *Rodriguez v. Town & Country Credit Corp.*, 06-cv-1950.)

  4.  One (1) individual settlement agreement has been executed by Plaintiffs and by servicer Chase Home Finance, LLC, but Chase Home Finance, LLC has not yet executed the loan modification agreement on which the settlement agreement is contingent, and Ameriquest Mortgage Company has not yet executed the settlement agreement. (*Pintsak v. Ameriquest Mortgage Company, et al.*, 05-cv-5035.)

5.    One (1) individual settlement agreement has been executed by Plaintiffs any by servicer American Home Mortgage Servicing, Inc., but has not yet been executed by Ameriquest Mortgage Company.  (*Talley v. Ameriquest Mortgage Company, et al.*, 05-cv-1080.)

6.    Seven (7) individual settlement agreements have been executed by Plaintiffs and sent to Defendants' counsel, but have not yet been executed by the AMC Entities or by their respective servicers.  Of these seven:

    a.    Five (5) are serviced by Chase Home Finance, LLC.  (These cases include *Blackburn v. Ameriquest Mortgage Company, et al.*, 07-cv-309; *Bowden v. Argent Mortgage Company, LLC,* 06-cv-5991; *Burgess v. Ameriquest Mortgage Company, et al.*, 06-cv-6748; *Gillespie v. Ameriquest Mortgage Company, et al.*, 06-cv-3427; *Igaz v. Ameriquest Mortgage Company*, 07-cv-126.)

    b.    Two (2) are serviced by BAC Home Loans Servicing, LP.  (These cases include *Belfeld v. Argent Mortgage Company, LLC, et al.*, 07-cv-1749 and *Blain v. Argent Mortgage Company, et al.*, 07-cv-124.)

7.    Five (5) individual settlement agreements have been drafted but have not yet been executed by the Parties.  (These cases include *Jimenez, et al. v. Ameriquest Mortgage Company, et al.*, 05-cv-1009; *Jones v. Ameriquest Mortgage Company, et al.*, 05-cv-4025; *Salazar v. Ameriquest Mortgage Company, et al.,* 05-cv-4162; *Shepard v. Ameriquest Mortgage Company, et al.*, 07-cv-320; and *Vincer v. Ameriquest Mortgage Company, et al.*, 06-cv-6749.)

8.    *Garcia v. Argent Mortgage Company, LLC* (06-cv-1829) is settling with Litton Loan Servicing, LP outside the MDL.

Of the remaining twenty-three (23) cases that may need more time to settle:

9.      One (1) individual settlement agreement has been executed by Plaintiffs in facsimile, but counsel has been unable to obtain Plaintiff Joseph Onesimus's original signature as Mr. Onesimus is currently outside the country.  (*Onesimus v. Ameriquest Mortgage Company, et al.,* 07-cv-620.)

10.      The parties are disputing the language of *Manier v. Argent Mortgage Company, LLC, et al.*, 07-cv-2773, with Ocwen Loan Servicing, LP.  The Maniers would benefit greatly from a deed-in-lieu, but are incapable of meeting the requirements imposed by Ocwen, their mortgage loan servicer, for obtaining such relief.  The Maniers would be willing to give Ocwen a quit-claim deed in exchange for a release from all liability under the Note and Mortgage.  If Ocwen will not accept this, then the Maniers must be awarded some monetary relief if they are to release their claims.  Plaintiffs request the Court's assistance in coming to a resolution that is agreeable to all parties.

11.      Four (4) plaintiffs with open loans do not have offers from their respective servicers.  Of these:

a.      David and Rose Black (06-cv-4418) received a reduced payoff offer from Ocwen Loan Servicing, LP, but were unable to obtain financing before the offer expired.  Ocwen's counsel has suggested that Ocwen may be amenable to a similar offer in the future if the Blacks are able to obtain financing for a reduced payoff; the Blacks are currently diligently exploring their options for financing.

b.      Derek Nelson and Christopher Almond (06-cv-3422) have applied to American Home Mortgage Servicing, Inc. ("AHMSI") for a loan modification, and AHMSI has requested more documents in order to process the application.  Mr. Nelson and Mr. Almond are currently collecting more documents for AHMSI's review.

c.      Katrina Purdy-Roth and Jerry Roth (06-cv-1738) are in the process of clearing the title to their home so that they can be considered for a deed-in-lieu.

d.      For Edward and Gail Smith (06-cv-2828), AHMSI is awaiting the results of an appraisal before making a settlement offer.

12.     Three (3) plaintiffs are waiting for approval from bankruptcy courts regarding open Ch. 13 bankruptcies.  Of these:

a.      Plaintiffs' counsel has made repeated attempts to contact Cheryl Bothwell's bankruptcy attorney, Seth Buitendorp, to request that he file a motion to approve a loan modification offered by Fay Servicing, LLC.  Mr. Buitendorp has not responded.

b.      David Duchene's loan modification has been approved by the bankruptcy court, but counsel is waiting for instructions regarding the disbursement of settlement funds.

c.      Clarence Wayland's bankruptcy attorney filed a motion for approval of Mr. Wayland's loan modification on May 11, 2011.  The motion was denied without prejudice, and Plaintiff's Counsel anticipates that it will be re-filed.

13.     Two (2) have accepted a *trial* loan modification under the Home Affordable Modification Program, where the final date of trial modification is July 1, 2011, and the servicers have not yet drafted a permanent loan modification agreement.  Of these:

a.      One is serviced by BAC Home Loans Servicing, LP.   (Sarah Chaumley, 06-cv-6748).

b.      One is serviced by American Home Mortgage Servicing, Inc. (Rochelle & Sidney Washington, 05-cv-1007).

14.   John Eggert's Chapter 7 bankruptcy trustee, Kenneth Nathan, has communicated to plaintiff's counsel that he does not intend to pursue Mr. Eggert's portion of the settlement funds.  Plaintiff's counsel has confirmed this in writing to Mr. Nathan and has withdrawn from representing Mr. Nathan.   However, Mr. Nathan has not responded to counsel's inquiries whether he would authorize his signature on the stipulation to dismiss Mr. Eggert's case.

15.   Velma Jean Jiles has accepted a settlement in principle without the involvement of her servicer BAC Home Loans Servicing, LP, but has first requested that BAC confirm that she is not in default on the mortgage.   While awaiting that confirmation, BAC is also investigating how title transferred to Ms. Jiles from her late husband.

16.   Nine (9) have accepted offers in principle, but have not yet received agreements regarding these offers.  Of these:

    a.   Four (4) are serviced by American Home Mortgage Servicing, Inc. (*Hawkins v. Ameriquest Mortgage Company, et al.*, 06-cv-1848; *Lehr v. Ameriquest Mortgage Company, et al.*, 06-cv-4721; *Lewis v. Ameriquest Mortgage Company, et al.*, 07-cv-120; and *Wayne v. Ameriquest Mortgage Company, et al.*, 07-cv-274.)

    b.   Two (2) are serviced by Chase Home Finance, LLC.   (*Martin v. Ameriquest Mortgage Company, et al.*, 07-cv-324 and *Williams v. Ameriquest Mortgage Company, et al.*, 07-cv-127.)

    c.   Two (2) are serviced by HSBC Mortgage Services, Inc.  (*Kosla v. Ameriquest Mortgage Company, et al.*, 07-cv-1630 and *Rehbock v. Ameriquest Mortgage Company, et al.*, 06-cv-1581.)

    d.   Randall and Cindy Smith (06-cv-4719) agreed to a settlement not involving their servicer.

17.     Ira Thompson (07-cv-323) is waiting for Chase Home Finance, LLC to substantively address a qualified written request concerning significant account discrepancies. Chase's counsel provided a partial response on April 22, 2011, but acknowledged therein that he was still "working on obtaining information to respond" to a discrepancy of more than $8,000.00, among others.

Respectfully submitted,

s/ Catherine A. Ceko
Catherine A. Ceko

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
          & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Catherine A. Ceko, hereby certify that on May 26, 2011, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Catherine A. Ceko
Catherine A. Ceko