## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 6/21/2011 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is a motion filed by Don and Kewanna Ellis (Dkt. No. 3875), asking that we deem their Alaska state court case as falling outside the class action settlement finalized here last year, or, in the alternative, that we allow them to opt out of that settlement. For the reasons set forth below, we hereby deny the motion.

■[ For further details see text below.]   Notices mailed by Judicial staff.

**STATEMENT**

(Reserved for use by the Court)

## ORDER

Presently before us is a motion filed by Don and Kewanna Ellis (Dkt. No. 3875), asking that we deem their Alaska state court case as falling outside the class action settlement finalized here last year, or, in the alternative, that we allow them to opt out of that settlement. In 2008, the Ellises filed suit in Alaska state court against Argent Mortgage Company, an affiliate of Ameriquest Mortgage Company. (*See* Mem. ¶ 2.) Although the original complaint included federal claims, such as violation of the Truth in Lending Act ("TILA"), the Ellises dropped those claims, and the case remained in state court. (*Id.* ¶ 4.) Following our final approval of the Consolidated Class Action settlement ("Settlement") in this MDL on June 29, 2010, Argent informed the Ellises around August 2, 2010 that it intended to assert defenses in the Alaska action based on the terms of the Settlement. Facing Argent's August 9, 2010 summary judgment motion, the Ellises filed this motion on February 4, 2011, seeking an order that they are not bound by the Settlement. We hereby deny the motion.

The Ellises advance several arguments, though none hold water. First, the Ellises contend that the Settlement does not cover their lawsuit because it was never in federal court or transferred into the MDL. This argument is plainly meritless, as approved class actions routinely encompass individuals who are party neither to the specific lawsuit, nor any lawsuit at all. Relatedly, the Ellises contend that the Settlement does not bar their claims against Argent because they do not fall within the classes defined, or Consolidated Actions identified, in the Settlement. (*See* Settlement, Dkt. No. 3247.) Again, the Settlement covers all class members—not just those whose lawsuits were consolidated into the MDL. Thus, the absence of the Ellis lawsuit from the list of Consolidated Actions is inconsequential.

Moreover, as Ameriquest points out, Don Ellis falls squarely within the definition of the TILA Rescission Class. (*See* Settlement at 10.) This class includes any Argent borrower who owned property in the United States during the relevant time period and requested rescission pursuant to TILA or state disclosure laws prior to the date of the Settlement. (*Id.*) The Ellises do not dispute that Don entered into the loan with Argent in 2005 and requested rescission on July 1, 2008. (*See* Opp'n at 2–3.) The Ellises argue that their voluntary dismissal of TILA claims

**STATEMENT**

against Argent excludes Don from the TILA Rescission Class because he thus "previously released claims in contract or tort." (Reply, Ex. F ¶ 2; Settlement at 10.) Such dismissal, however, does not constitute a "release," either by its customary legal usage or as contemplated by the Settlement. We note that the Ellises' Second Amended Complaint—filed after their dismissal of TILA claims—continued to seek rescission against Argent for alleged violations of state law, including Alaska's unfair trade practices act, and under negligence and vicarious liability theories. (*See* Dkt. No. 3951, Ex. A (Argent MSJ) at Ex. 3, 2d Am. Compl. ¶¶ 62, 105 (alleging that Argent was a necessary party to the state law rescission action).) We conclude that Don did not " release" claims against Argent and cannot avoid his membership in the TILA Rescission Class. (Settlement at 10.)

We find the Ellises' remaining arguments similarly unavailing. For example, the Ellises' claim that the Foreclosure Exception of the Settlement offers safe harbor is based on an apparent misreading of that provision. (Settlement at 17.) The exception simply ensures that borrowers can continue to fight foreclosure on their homes; while it limits the broader release, it does not affect Don's status as a class member. In addition, and as the Ellises' acknowledge (Mem. ¶ 12), the court-approved notice mailed to their Bitterroot home address is sufficient—even if they never received it. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–76; 94 S. Ct. 2140, 2150–52 (1974); *In re AT&T Mobility Wireless Data Services Sales Litig.*, 270 F.R.D. 330, 350–51 (N.D. Ill. 2010); *see also Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987). Finally, even if Argent should have told the Ellises about the MDL prior to August 2, 2010 (an issue we need not address), the Ellises present no excuse for their six-month delay in seeking relief. Had they immediately filed a late opt-out request, we might have been inclined to grant it. Indeed, we allowed additional opt-outs into August 2010. (*See* Dkt. Nos. 3641–42, 3646; *see also* Dkt. No. 3684 (Ameriquest's non-opposition to two more opt-out requests filed August 10, 2010).) It is now far too late to consider such relief. As such, the motion is denied. It is so ordered.

Bu But It is