

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE: Ameriquest Mortgage Co.,          *
Mortgage Lending Litigation              *

FILED

MAR 21 2011
Mar 21 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MDL No. 1715

Lead Case No. 05-CV-07097
Centralized before the Honorable
Marvin E. Aspen

*Wilbert Cooley et al. v. Ameriquest*          *
*Mortgage Company, et al*                      *
Case No. 07 C 7182                             *

## PLAINTIFF'S LETTER TO THE HONORABLE MARVIN E. ASPEN REQUESTING PERMISSION TO FILE THE ATTACHED MOTION AND MEMORANDUM PURSUANT TO RULE 60 (B) (1) AND (3) FOR RECONSIDERATION OF THE FEBRUARY 22, 2011 ORDER GRANTING PLANTIFF'S ATTORNEY'S RENEWED MOTION TO WITHDRAW
## ALTERNATIVELY PLAINTIFF REQUEST THAT THE COURT DIRECT THE CLERK TO PROVIDE AN APPLICATION TO APPLY TO THE COURT TO HAVE COUNSEL APPOINTED PURSUANT TO LR83.36 APOINTMENT PROCEDURES

Comes now plaintiff Wilbert Cooley and files the above described letter Pro Se requesting leave of the Court to file same requesting permission to file the attached Motion and Memorandum based on the grounds articulated above. Plaintiff prays that the Court will grant the leave requested herein and entertain the serious nature of the arguments that plaintiff will advance in support of why the order of February 22, 2011 must be reconsidered and set aside. The adverse consequence of the Court's Order granting plaintiff's renewed motion to withdraw without leave of the Court to reconsider plaintiff's motion will be unjust and cause plaintiff great harm in his effort to adjudicate his claim regarding his home which is his most valued possession.

Plaintiff will state with particularity his counsel's pattern of actions that should have precluded the Court from granting plaintiff's counsel's motion that the Court approved on February 22, 2011.

1. Plaintiff's counsel never apprised plaintiff of the alleged contradicting instructions alluded to in counsel's cursory Renewed Motion to Withdraw. See attached email from plaintiff sent to counsel while the aforementioned motion was pending before the court as well as counsel's subsequent reply. (Exhibit A)

2. Plaintiff Wilbert Cooley has conclusive evidence that plaintiff's counsel engaged in ex parte discussions took place with plaintiff's estranged wife. See attached note discovered by plaintiff Wilbert Cooley that was written by his estranged wife, prior to plaintiff's attorney requesting permission from the Bankruptcy Court Trustee, which would have in effect resulted in him and my estranged wife taking control of the Case in Chief due to plaintiff's interest in the case being within the purview of the Bankruptcy Trustee and my estranged wife. (Exhibit B).

3. Upon learning of the ex parte communications coupled with the defendants request to the Bankruptcy Court to have the Stay Lifted, plaintiff Wilbert Cooley contacted Attorney Earl P. Underwood on or about 26 May of 2009 to ask if he thought that it would possibly be a conflict of interest if he were successful with his request to become the Bankruptcy Court Trustee without telling him that plaintiff knew that he had been in communication with his estranged wife, based on the note herein described as exhibit (b).

4. Initially Mr. Underwood's reply was absolutely not, there would not be a conflict of interest if he was appointed to serve as the Bankruptcy Trustee. At that time plaintiff Wilbert Cooley was unaware of the fact that his prior counsel had herself contacted Mr. Underwood via email requesting that he file something with the Bankruptcy Court insisting that the Stay not be lifted. Mr. Underwood never replied to Attorney April England-Albright's email request. Before plaintiff's conversation with Mr. Underwood ended on or about 26 May of 2009, he had become quite agitated with plaintiff's questions and possibly the email that plaintiff was unaware of regarding the Stay that had been sent to him by Attorney England-Albright. (See attached copies of emails sent to Attorney Underwood regarding the Stay from Attorney England-Albright, (Exhibit C).

5. Subsequently, plaintiff contacted Attorney England-Albright to inform here of his dilemma, at which time plaintiff was informed that she too had received a copy of the defendant's Motion To Lift the Stay and that she had forwarded an email to Attorney Underwood but she had not received a response back. Attorney England-Albright then informed me that she would call him and ask him to file an objection with the Bankruptcy Court on my behalf.

6. Consequently, on or about 5 June of 2009 plaintiff received a letter from Mr. Underwood along with a Motion to Withdraw as Counsel for the Plaintiffs. See attached copy of letter dated 10 June of 2009, (Exhibit D). Attorney Underwood had full knowledge of the fact that plaintiff Wilbert Cooley would have to obtain new counsel to appear with him before the Bankruptcy Court on 15 June of 2009 or appear Pro Se. Plaintiff Wilbert Cooley did appear Pro Se before said Court and the Court

deferred any ruling to the MDL based on the Objection filed by the plaintiff with the Court. Said objection is already a part of the record and plaintiff would request that it along with the District Court's ruling entered in December of 2010, denying plaintiffs counsel's initial Motion to Withdraw be made a part of this petition and cited as (Exhibits E and F respectively).

7. Plaintiff Wilbert Cooley exchanged several letters with Attorney Underwood after plaintiff refused to accept the $2,000.00 Settlement Offer recommended to him on or about July 21 of 2010. See letter dated 20 July of 2010, Exhibit (G). I wrote several letters to attorney Underwood following that letter in an attempt to answer his request to tell him what it would take to settle plaintiff's case. Plaintiff Wilbert Cooley requested information pertaining to what attorney Underwood had concluded to be the settlement value of our case and what he had taken into consideration to derive at that value. Attorney Underwood refused repeatedly to answer that question and he insisted that plaintiff come in to discuss the matter. Plaintiff admits that he felt uncomfortable with Attorney Underwood's apparent unwillingness to answer plaintiff's questions in writing. Plaintiff was deeply disturbed when he received disc of file from Attorney Underwood's office that contained letters dated 15 July of 2010, one addressed to plaintiff Wilbert Cooley requesting that he come in to discuss his case in reply to plaintiff's letter to Mr. Underwood dated 8 July of 2010, and one addressed to plaintiff's estranged wife dated 15 July of 2010 which stated "I would like to discuss the status of your cases with you in the next few days." See attached letters dated 15 July of 2010, Exhibits (H) and (I).

The above described letters confirmed my suspicion that an attorney-client relationship between my estranged wife and Attorney Underwood existed and it in effect compromised his ability to provide plaintiff Wilbert Cooley with the impartial and unabridged representation that he is entitled to. Therefore, it calls into question who the real loser really is from his on the face withdrawal from the case and his possible behind the scene protection of plaintiff's estranged wife's interest even if it is accomplished through a mutual arrangement. See also emails alluded to above from Attorney April England-Albright that attorney Underwood chose to ignore and not to respond to related to the Lifting of the Bankruptcy Stay that played such a crucial role in the litigating of the Case in Chief, Exhibits (H through M collectively) described above as Exhibit (C).

Plaintiff prays that the Court will grant the aforementioned relief and any other such relief that the Court deems is appropriate under circumstances and facts as described herein that will not be contrary to Courts inherent interest of truly executing just resolutions. After all, plaintiff's most prized possession (their home) is resting in the balance of justice.

Respectfully Submitted,

Wilbert Cooley, Pro Se

Date: March 21, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of March, 2011, served the foregoing on the Deputy

Clerk of the United States District Court for the Northern District of Illinois' Eastern Division

(MDL 1715) as well as the following parties by placing same in the U.S. Mail, First Class

Postage Prepaid.

Gladys Lugo, Deputy Clerk
For the Honorable Marvin E. Aspen
U.S. District Court
For The Northern District Of Illinois'
Eastern Division
219 South Dearborn Street
Chicago, Illinois 60604


Earl P. Underwood, Jr. (UNDEE6591)
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36533-0969
Telephone:     251.990.5558
Facsimile:     251.990.0626

James D. Patterson, (PATJ6485)
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36533-0969
Telephone:     251.990.5558
Facsimile:     251.990.0626

Kenneth J. Riemer, (RIEMK8712
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL 36533-0969
Telephone:     251.990.5558
Facsimile:     251.990.0626

Wilbert Cooley

Date: <u>March 21, 2011</u>

**wilbert cooley**

| | |
|---|---|
| **From:** | Earl P. Underwood, Jr, [epunderwood@alalaw.com] |
| **Sent:** | Tuesday, February 01, 2011 3:52 PM |
| **To:** | 'wcooley1' |
| **Subject:** | RE: Response to your January 10, 2011 letter. |

Mr. Cooley, you guys really need separate lawyers.

-----Original Message-----
From: wcooley1 [mailto:wcooley1@bellsouth.net]
Sent: Tuesday, February 01, 2011 3:46 PM
To: Earl P. Underwood, Jr.
Subject: Response to your January 10, 2011 letter.

Dear Attorney Underwood:

After a closer review of your letter dated 10 January of 2011, I realized that while I cannot say whether you apprised my wife of the direction that I feel that the case should proceed regarding possible settlement, I can say that your failure to apprise me of the direction that she feels that the case should proceed negates any possibility of compromise between the two of us.

Would you consider mediating a meeting or conference call between myself and Ms. Cooley so that we can reach consensus and move forward?

Yours Truly,
Wilbert Cooley

*Exhibit (A)*

1

Front Side
See Back Side

Exhibit (B)
Note
TO DO List written
during return Trip
From California
On or about
6 January of
2009

## Hilton
New Orleans Airport

Check #    24

| Date | Room # | Server | |
|------|--------|--------|--|

| qty | Description | each | total |
|-----|-------------|------|-------|
| | Chef's Salad | $ 6.50 | |
| | Grilled Chicken Club Salad | $ 7.50 | |
| | Grilled Chicken Caesar | $ 7.50 | |
| | Ham & American Cheese sandwich | $ 7.25 | |
| | Smoked Turkey sandwich | $ 7.25 | |
| | Sliced Roasted Beef sandwich | $ 7.25 | |
| | Soft Drink | $ 2.50 | |
| | 1/2 Pint Milk | $ 2.50 | |
| | Dry Cereal | $ 3.50 | |
| | Fresh Fruit Cup | $ 2.50 | |
| | Yogurt | $ 3.50 | |
| | Muffin | $ 3.50 | |

Sub-total
20% Gratuity
Tax
Total

Gratuity: _____

Total: _____

Room #: _____

Guest Name (Please Print)

Guest Signature

| Date | Room # | Server | Check # | 24 |
|------|--------|--------|---------|-----|

Guest Copy

| Date | Room # | Server | Check # | 24 |
|------|--------|--------|---------|-----|

Guest Copy



To Do

Call Underwood
Parking Dept — Amerigest
Call phone co.
Call phone Corp.
get deals
Landigo deal
bry — check postoffice
Call Kenith

Exhibit (B)

# Underwood & Riemer, P.C.

Earl P. Underwood, Jr.
Kenneth J. Riemer
James D. Patterson

July 15, 2010

Kandee Cooley
3601 Pleasant valley Rd
Mobile AL 36609

  Re: Status of case

Dear Ms. Cooley:

  I would like to discuss the status of your cases with you in the next few days. Please call to make an appointment with me at our Mobile office.

      Sincerely,

      Earl P. Underwood, Jr.

EPUjr/dcl

(C)

Exhibit (H)

21 South Section Street
Fairhope, Alabama 36532
Voice: (251) 990-5558
Fax: (251) 990-0626

http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

# Underwood & Riemer, P.C.

Earl P. Underwood, Jr.
Kenneth J. Riemer
James D. Patterson

July 15, 2010

Wilbert Cooley
1070 Zurich St.
Mobile AL 36608

        Re:    Letter of July 8, 2010

Dear Mr. Cooley:

    I am in receipt of your letter of July 8, 2010. I would like to discuss this matter with you in the next few days. Please call to make an appointment with me at our Mobile office.

                            Sincerely,

                            Earl P. Underwood, Jr.

EPUjr/dcl

(C)

Exhibit (I)

21 South Section Street
Fairhope, Alabama 36532
Voice: (251) 990-5558
Fax: (251) 990-0626

http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

**wilbert cooley**

| | |
|---|---|
| **From:** | aprilalbright1@bellsouth.net |
| **Sent:** | Friday, May 22, 2009 11:40 AM |
| **To:** | Earl P. Underwood, Jr. |
| **Subject:** | Wilbert Cooley Bankrupcty |

Good afternoon. I received a notice from the bankruptcy court regarding Wilbert's Chapter 13. It appears that Ameriquest or the company who purchased the Cooley's mortgage company is trying to get the court to lift the stay so that they can foreclose on the property.

Even though I am no longer in the case, please file some form of notice or motion with the bankruptcy court basically asking the court to uphold the stay until the case against Ameriquest is resolved, especially since your case squarely deals with mortgage the company is now seeking relief of stay.

Thank you.

(C)

Exhibit (J)

1

**wilbert cooley**

| | |
|---|---|
| **From:** | aprilalbright1@bellsouth.net |
| **Sent:** | Tuesday, May 26, 2009 11:27 AM |
| **To:** | Earl P. Underwood, Jr. |
| **Subject:** | Wilbert Cooley Bankrupcty |

Wilbert called me and said that you did not understand my email. Even though there is presently no stay issued by the Multi District Court, what I meant is that


you can still file a motion in the Bankruptcy Court whereby you ask the Court to enforce the stay until the Federal Case against Ameriquest has been fully adjudicated. If the mortgage company is able to foreclose on the mortgage, then it will essentially make the federal case you presently represent Wilbert/Kandee on Moot, and probaly allow Ameriquest to dismiss the case you have. The two are linked together. It is therefore essential that the stay be upheld in Bankruptcy until your case is adjudicated in federal court. You can also tell the court that a possible remedy in your case which may be afforded to the Cooley's for a violation of federal lending statutes is reinstatement, forgiveness, or a modification. Therefore, the loan must stay in place.

(C)

Exhibit (K)

Yes. This mortgage is the basis of a federal lawsuit. A stay is necessary to preclude a foreclosure, which could gravely impact his federal lawsuit.

April

Sent via BlackBerry by AT&T

---

**From:** "Edie Pickett"
**Date:** Fri, 29 May 2009 15:37:15 -0500
**To:** <bgalloway@gallowayllp.com>; <aprilalbright1@bellsouth.net>
**Subject:** 06-10213 Wilbert NMI Cooley
Bob/April,

I recently filed a motion for relief from stay on behalf of American Home Mortgage Services in the referenced case with regard to the property located at 1070 Zurich Street in Mobile.  Please advise whether either of you have any objection to the motion being granted.  Thanks

Edie Pickett
Managing Partner
Shapiro & Pickett, L.L.P.
Please note our new address:
651 Beacon Parkway West
Suite 115
Birmingham, Alabama 35209
205-323-7757 ext. 125
205-323-8750 fax
epickett@logs.com

**Pursuant to the Fair Debt Collection Practices Act, you are advised that this office is deemed to be a debt collector and any information obtained may be used for that purpose.**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

*This email, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution, or copying of this email, and any attachments thereto, is strictly prohibited. If you have received this email in error, please notify me immediately at 205-323-7757 ext 125. Permanently delete the original and any copy of any email and any printout thereof.*

(C)    Exhibit (L)

2

**wilbert cooley**

| | |
|---|---|
| **From:** | aprilalbright1@bellsouth.net |
| **Sent:** | Monday, June 01, 2009 10:42 AM |
| **To:** | wcooley1 |
| **Subject:** | FW: RE: 06-10213 Wilbert NMI Cooley |

This is a copy of the exchange with the attorney for the new mortgage compnay so you can have for your records.

April

------------- Forwarded Message: -------------
From: "Edie Pickett" <epickett@LOGS.com>
To: <aprilalbright1@bellsouth.net>
Subject: RE: 06-10213 Wilbert NMI Cooley
Date: Mon, 01 Jun 2009 15:22:58 +0000


Thanks

Edie Pickett
Managing Partner
Shapiro & Pickett, LLP
205-323-7757 ext. 125

---

**From:** aprilalbright1@bellsouth.net [mailto:aprilalbright1@bellsouth.net]
**Sent:** Monday, June 01, 2009 10:13 AM
**To:** Edie Pickett
**Subject:** RE: 06-10213 Wilbert NMI Cooley

Attached please find the order transfering the case, with the requested information. Thank you.

April England-Albright

------------- Original message from "Edie Pickett" <epickett@LOGS.com>: -------------

Can you please advise me the case number and where the case is pending?  Thanks

Edie Pickett
Managing Partner
Shapiro & Pickett, LLP
205-323-7757 ext. 125

---

**From:** aprilalbright1@bellsouth.net [mailto:aprilalbright1@bellsouth.net]
**Sent:** Friday, May 29, 2009 3:45 PM
**To:** Edie Pickett
**Subject:** Re: 06-10213 Wilbert NMI Cooley

Exhibit (M)

(C)

1

The Law Offices of
# Earl P. Underwood, Jr.

Earl P. Underwood, Jr.
James D. Patterson

June 10, 2009

Wilbert Cooley                    Kandy Cooley
1070 Zurich St.                   616 Hinson Ave.
Mobile AL 36608                   Prichard, AL  36610

    **RE:**    **Wilbert Cooley, et al. v. Ameriquest Mortgage co., et al.**
              **07-C-7182, Northern District of Illinois**
    **Our file #:**    **07-108 (CLOSED)**

Dear Mr. Cooley and Ms. Cooley:

    As stated in my letter of June 4, 2009, I have closed my file on this matter and withdrawn as your counsel.  Keep in mind that if you intend to pursue this matter, it is important that you contact another attorney immediately.   In Alabama, there are applicable statutes of limitation which may bar you from bringing a claim in the future if you wait too long.

    Please find enclosed two CDs containing your file, which your new attorney will want to review.  Of course, I will be happy to speak with your new attorney regarding your case.

    Again, we appreciate your interest in our law firm. Let us know if we can be of assistance at some future date.

                              Sincerely,

                              James D. Patterson, Esq.

JDP/rim

*Exhibit (D)*

21 South Section Street Post Office Box 969 Fairhope, Alabama 36533-0969 Voice (251) 990-5558
Fax (251) 990-0626 www.alalaw.com Email: jpatterson@alalaw.com

# Underwood & Riemer, P.C.

| | | |
|---|---|---|
| Earl P. Underwood, Jr. | July 20th 2010 | Mobile office 251-432-921□ |
| Kenneth J. Riemer | | Fairhope office 251-990-5558 |
| James D. Patterson | | |

As you know, there was a mediation session with Ameriquest last Thursday in Birmingham. While the results of the mediation were not what we hoped, the mediation ended with Ameriquest offering a settlement package that is somewhat better for our clients than the previous $3,000 lump sum offer. Here is what is currently being offered to you:

**-Payment to you of $2,000.** This is actually more than the previous $3,000 because Ameriquest is paying the attorneys fee and expenses separately. In other words, the $2,000 would be your portion of the settlement. No deductions will be made. Under the previous $3,000 offer, attorneys fees and costs were deducted so that the client's portion was around $1,800.

**-Attorneys Fees Paid by Ameriquest.** Attorneys fees will be paid separately to us in the amount of $775 per settled case.

**-Expenses Paid by Ameriquest.** Costs incurred in litigating the cases, which would otherwise be deducted from the client's funds, will be paid directly to us.

**-No Release of Servicers.** For those of you who are still dealing with the loan originated by Ameriquest, you will not be releasing the company currently servicing your loan (American Home, Citibank, etc.....) from any potential claims.

If you accept this settlement, you would release all your claims against Ameriquest and the company that currently owns your loan. This means you would give up your ability to argue that the loan has been cancelled, even in defense of a foreclosure. **If you are in foreclosure or behind on your payments, please call us as soon as you can so that we can go over your situation.**

While Mr. Riemer and I were disappointed that there was not more money offered, this is not surprising given the situation. Ameriquest is out of business and running out of money. These settlements are being funded from limited reserves set aside to settle the class action and the, over 900, individual cases. Also, many of the other companies that are responsible for the violations are defunct. In the Mobile area, most of the Ameriquest loans were closed by Heritage Title, which went out of business. Another consideration is the fact that this settlement is much better than the settlement offer extended to borrowers who did not bring their own lawsuit. The Attorney General settlement, for example, generated a cash payment of around $500 to most borrowers. The recent class settlement generated a payment to borrowers of less than $100.

**Whether this settlement makes sense for you depends on your situation. That is why we are asking each of you to call the office and make arrangements to meet with one of us to go over your situation. If it is difficult for you to get to the office, we will be happy to talk to you about this over the telephone. Because the settlement expires by August 20th, please give us a call soon or sign below and return this letter if you wish to accept the settlement.**

Sincerely,

*Earl P. Underwood, Jr.*

I/we want to accept the settlement as offered.

_____      _____

*Exhibit (G)*

21 South Section Street
Fairhope, Alabama 36532
Voice: (251) 990-5558
Fax: (251) 990-0626

http://www.alalaw.com
E-mail address:
epunderwood@alalaw.com

Wilbert Cooley
1070 Zurich Street
Mobile, AL 36608

July 30, 2010

Earl P. Underwood, Jr., Esq.
21 South Section Street
Fairhope, AL 36532

                    Re: Ameriquest's Settlement Package Offer of July 15, 2010.

Dear Attorney Underwood:

I am in receipt of your letter dated July 20$^{th}$, 2010, describing the settlement package offer made by Ameriquest during the mediation session in Birmingham.

Unfortunately, I do not share your sentiments as they relate to your desire to accept the settlement as offered. Consequently, i am writing to inform you that I do not wish to accept the settlement package.

Thank you in advance for your anticipated continued cooperation related to pursuing my claims against Ameriquest and Heritage Title Company, for the actions described in my complaint.

Sincerely,

Wilbert Cooley

Wilbert Cooley

Exhibit G