IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE D. NIMOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 316 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | (Originally 06 C 177 (W.D. Mich.) |
| U.S. BANK, N.A., as Trustee for the Home | ) | |
| Equity Asset Trust 2005-4, Home Equity | ) | |
| Pass Through Certificates, Series 2005-4 | ) | (Transferred to Judge Aspen for pre- |
| WELLS FARGO HOME MORTGAGE | ) | Trial) |
| COMPANY, INC., d/b/a AMERICA'S | ) | |
| SERVICING CO., AND DOES 1-5, | ) | Proceeding under MDL #1715 |
| | ) | Lead Case No. 05 C 7097 |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS WELLS FARGO HOME MORTGAGE, INC., d/b/a AMERICA'S SERVICING COMPANY AND U.S. BANK, N.A., AS TRUSTEE FOR THE HOME EQUITY ASSET TRUST 2005-4, HOME EQUITY PASS THROUGH CERTIFICATES, SERIES 2005-4 41(b) MOTION TO DISMISS**

NOW COME Defendants WELLS FARGO HOME MORTGAGE, INC., d/b/a AMERICA'S SERVICING COMPANY ("Wells Fargo"), and U.S. BANK, N.A., as Trustee for the Home Equity Asset Trust 2005-4, Home Equity Pass Through Certificates, Series 2005-4 ("US Bank") by and through their attorneys, Litchfield Cavo LLP, pursuant to Federal Rule of Civil Procedure 41(b), and move to Dismiss Plaintiff's Complaint, and in support thereof, states as follows:

1. Pursuant to Federal Rules of Civil Procedure Rule 41(b), if the Plaintiff fails to prosecute, a defendant may move to dismiss the action or any claim against it. Fed. R.Civ.P. 41(b).

2. Plaintiff originally filed this matter in 2006 in the Western District of Michigan.

3. In 2007, this case was added to the Multi-District Litigation before Judge Aspen.

4. On or about March 5, 2008, Plaintiff filed a Second Amended Complaint adding Wells Fargo and U.S. Bank.

5. Since Wells Fargo and U.S. Bank were added as defendants, Plaintiff's have not prosecuted this matter.

6. On March 26, 2010, counsel for Plaintiff filed their Motion to Withdraw as Counsel for the Plaintiff, citing a communication breakdown that made it unreasonably difficult to represent the plaintiff. See Plaintiff's counsel's Motion to Withdraw as Counsel attached as Ex. A.

7. On May 3, 2010, the Court granted Plaintiff's counsel's Motion to Withdraw and Plaintiff was given 60 days to retain new counsel. See May 3, 2010 order attached as Ex. B.

8. Over one year later, Plaintiff has failed to retain new counsel and/or file a supplementary appearance to proceed as a pro se plaintiff. Moreover, Plaintiff has failed to actively move the case along in any fashion.

9. On July 21, 2010, Defendant, Wells Fargo moved to dismiss the case for want of prosecution. At that time, Wells Fargo forwarded the motion and notice of hearing to Plaintiff at her last known address via regular mail and certified mail. Although the motion was ultimately denied on August 9, 2010, Plaintiff failed to file any response or contact counsel for Wells Fargo prior to the ruling

10. In short, Plaintiff has failed to prosecute the case, attempt to settle, retain new counsel or otherwise communicate with counsel for Wells Fargo and U.S. Bank.

11. Where plaintiff has failed to take any specific and concrete action over length of time, his complaint may be dismissed for failure to prosecute. *West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990).

12. Furthermore, under federal rules authorizing involuntary dismissal for failure to prosecute, a defendant is not under any duty to take any steps to bring case to trial. *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375, 378 (E.D.Pa., 1962).

13. A District court has the authority to dismiss a case with prejudice for want of prosecution; the power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant. *Anderson v. City of Northlake*, 87 F.R.D. 143 (D.C.Ill., 1980); *citing Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (C.A.Puerto Rico 1977).

14. As the Plaintiff has failed to take any steps to prosecute the case, either as a pro se plaintiff or through retention of new counsel, , this Court should dismiss the Plaintiff's Complaint.

15. A copy of this Motion to Dismiss has been sent to the Plaintiff's last known address via regular and certified mail.

WHEREFORE, for the reasons set forth above, defendants, WELLS FARGO HOME MORTGAGE, INC., d/b/a AMERICA'S SERVICING COMPANY, and U.S. BANK, N.A., as Trustee for the Home Equity Asset Trust 2005-4, Home Equity Pass Through Certificates, Series 2005-4, hereby move this Honorable Court to dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b), and any other relief this honorable Court deems necessary.

July 1, 2011                                              Respectfully submitted,


                                                          s/ Thomas M. Crawford
                                                          Thomas M. Crawford


Thomas M. Crawford, Esq. (06210832)
Steven M. Brandstedt, Esq. (6277173)
Nicholas D. Butovich, Esq. (6277209)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
Phone: (312) 781-6679
Fax: (312) 781-6630 (fax)
Firm I.D. No. 36351
crawford@litchfieldcavo.com
brandstedt@litchfieldcavo.com