# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 7/6/2011 |
| **CASE TITLE** | In Re: Ameriquest Mortgage | | |

**DOCKET ENTRY TEXT**

Presently before us are two motions filed by Wilbert Cooley related to his pending individual claim (Case No. 07 C 7182) against Ameriquest in this MDL. In both motions, Cooley asks us to reconsider our February 22, 2011 order ("Order") granting his counsel's motion to withdrawal. In short, Cooley has not articulated any persuasive reason why we might vacate the Order. We strongly encourage Cooley to search for a new attorney and, in the meantime, to continue his diligent and thorough enforcement of his legal rights. It is so ordered.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us are two motions filed by Wilbert Cooley related to his pending individual claim (Case No. 07 C 7182) against Ameriquest in this MDL. In both motions, Cooley asks us to reconsider our February 22, 2011 order ("Order") granting his counsel's motion to withdrawal. Cooley's counsel, Underwood & Reimer, PC ("Underwood"), stated in its withdrawal motion that a conflict of interest had arisen between Cooley and his estranged wife. (*See* Dkt. No. 3863.) At the time, the Alabama state court had yet to finalize the Cooleys' divorce proceedings or award the marital home, the property at issue in the MDL. Underwood stated that Cooley and his estranged wife gave irreconcilable instructions on the case, thereby precluding effective representation. In the Order, we allowed Underwood to withdraw its representation in light of the conflict of interest. (Dkt. No. 3929.) Cooley asks that we rule expeditiously on his motions for reconsideration, as he is now facing foreclosure proceedings. (Dkt. No. 4342.)

In the first pending motion, dated March 21, 2011, Cooley argues that the Order must be set aside because of Underwood's conflict of interest. It appears this conflict came to a head during a bankruptcy proceeding. For example, Cooley alleges that Underwood's attorney-client relationship with Cooley's ex-wife "existed and it in effect compromised [Underwood's] ability to provide plaintiff Wilbert Cooley with the impartial and unabridged representation that he is entitled to." (3/21/11 Mot. ¶ 7.) Having confirmed that a conflict arose, as Underwood averred in its earlier motion, Cooley then requests that we reinstate that very attorney-client relationship—a request that defies common sense. As best we understand the motion, Cooley essentially argues that because Underwood did not previously deliver the representation he desired, it should be required to do so now. Additionally, Cooley's March 21, 2011 motion demonstrates a serious mistrust of Underwood. In light of the very real conflict of interest and this mistrust, the March 21, 2011 motion for reconsideration must fail.

In the second pending motion, dated April 25, 2011, Cooley contends that Underwood should be reinstated as counsel because the termination of divorce proceedings nullified the conflict between the Cooleys

**STATEMENT**

and Underwood. (4/25/11 Mot. ¶¶ 3–4.) Cooley was awarded the home and is now authorized to determine how to proceed in the MDL. Underwood will not face competing instructions from another interested party and thus, according to Cooley, should return to the case. (*Id.*) There are several problems with this argument, however. First, as discussed above, Cooley does not trust Underwood. While we acknowledge that Cooley seeks guidance for his important legal matters, we do not comprehend why he wants Underwood to represent him in light of their history. Second, Underwood does not want to work with Cooley. We cannot force Underwood to undertake representation that is quite plainly unacceptable to both lawyer and client.

In short, Cooley has not articulated any persuasive reason why we might vacate the Order. We strongly encourage Cooley to search for a new attorney and, in the meantime, to continue his diligent and thorough enforcement of his legal rights. It is so ordered.