# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES LITIGATION | )<br>)<br>) | Lead Case No. 05 C 7097 |
| | ) | |
| THIS DOCUMENT RELATES TO ALL ACTIONS | )<br>) | Centralized before<br>The Hon. Marvin E. Aspen |

## JOINT DISCOVERY PLAN AND SCHEDULING ORDER

A conference of the parties was conducted pursuant to Federal Rule of Civil Procedure 26(f) and this Court's July 23, 2009 Order, and attended by (a) members of the Steering Committees for the Opt-Out Plaintiffs; (b) members of the Steering Committee for the Third-Party Defendants, including Liaison Counsel for the Third-Party Defendants; and (c) counsel for the Defendants, (collectively "Representative Counsel"). In accordance with Rule 26(f), the parties hereby submit the following Joint Discovery Plan and Proposed Scheduling Order and request that this Court enter an Order Adopting the Joint Discovery Plan and Proposed Scheduling Order.

   1. **Discovery.**

   (a) Each Opt-Out Plaintiffs claim centers in large part on the closing documents for the home mortgage loan which each Opt-Out Plaintiff seeks to rescind (the "Loan Documents"). The relevant Loan Documents at issue may be in the possession, custody, or control of any of the Opt-Out Plaintiff(s), the Defendant(s), and/or the Third-Party Defendant(s). In addition to

the timing and protocols for the exchange of the Loan Documents between the Defendants and the Third-Party Defendants which are set forth in this Court's July 23, 2009 order, the parties have agreed to exchange the Loan Documents in their respective possession, custody or control.

(b) With respect to each opt-out claim, each Opt-Out Plaintiff who has not already done so shall have thirty (30) days from the date of this Scheduling Order to produce to the Defendants any Loan Documents in the Opt-Out Plaintiffs possession, custody, or control. Within fourteen (14) days of receipt of an Opt-Out Plaintiffs Loan Documents, or at the time set forth in the Court's July 23, 2009 order, whichever is later, the Defendant(s) shall provide the relevant Third-Party Defendant(s) with a copy of the Opt-Out Plaintiffs Loan Documents. Within twenty-eight (28) days of receipt of an Opt-Out Plaintiffs Loan Documents from that Opt-Out Plaintiff, Defendants shall produce to each Opt-Out Plaintiff who so requests copies of the relevant Loan Documents in its possession, as well as the Loan Documents, if any, that have been produced by that time by the relevant Third-Party Defendant(s). If Defendants receive Loan Documents from the relevant Third Party Defendant(s) at a later time, they shall produce them to that Opt-Out Plaintiff within fourteen (14) days of receipt from the Third-Party Defendant(s). (The timing and protocols for the exchange of the Loan Documents between the Defendants and the Third-Party Defendants, as well as for an exchange of any agreements between the Defendants and the Third-Party Defendants which those parties believe may govern the rights and obligations at issue, is governed by this Court's July 23, 2009 Order.) In addition, within 30 days of a

request for the same, the Defendants shall produce to the Opt-Out Plaintiffs such additional documents that the Opt-Out Plaintiffs reasonably require in order to prepare for, and participate in, the forthcoming mediation(s), provided that such documents are in Defendants' possession, custody, or control and not otherwise privileged.

(c) With respect to each Opt-Out Plaintiffs claim, within fourteen (14) days of completion of the document exchange contemplated in this Court's July 23, 2009 Order, the Third-Party Plaintiffs shall identify to each Third-Party Defendant, by Bates number, any and all contracts upon which its claim against that Third-Party Defendant is based. Within fourteen (14) days of receipt of that information, (and without conceding that the documents identified by the Defendants constitute a "contract" between the parties), the Third-Party Defendant(s) shall identify by Bates number any contract(s) or agreement(s) with the Third-Party Defendants relating to the corresponding plaintiffs or plaintiffs' loan.

(d) The exchange described in Sections (b) and (c) above and in this Court's July 23, 2009 Order shall satisfy each party's obligations under Federal Rule of Civil Procedure 26(a). No other discovery shall be conducted in this MDL proceeding with respect to Plaintiffs' opt-out claims and the corresponding Third Party claims, until the completion of mediation proceedings, as set forth in Section 2 below.

2. **Mediation.** As soon as practicable, after all of the following events have occurred: (i) this Court has ruled on the Third-Party Defendants' Motion to Dismiss Fifth Amended Consolidated Third-Party Complaint; (ii) at least 100 Opt-Out Plaintiffs have

provided to the Defendants and the corresponding Third-Party Defendant(s) a numerical computation of the value of his or her rescission claim; (iii) the Defendant(s) have disclosed to the Third-Party Defendants the terms of any class action settlement, or the class action has been otherwise resolved; (iv) the time has passed for the Defendants to add any new Third-Party Claims; and (v) if the Third-Party Defendants' have sought leave to file a Sixth Amended Third-Party Complaint, the Court's ruling on any motion to dismiss that pleading; the parties, through their Representative Counsel, shall participate in a mediation designed to devise a procedure for settling the Opt-Out Plaintiffs' claims in a systematic way. Within twenty-one (21) days of the date of this Scheduling Order the parties, through their Representative Counsel, may provide to each other their proposal as to how such mediation should be structured.

WHEREFORE, the parties request that this Court enter an Order Adopting the Joint Discovery Plan.

Dated: September 2 , 2009               By: <u>Charles M. Delbaum</u>

*Attorneys for Certain Opt-Out Plaintiffs*
Charles M. Delbaum
National Consumer Law Center
10th Floor
77 Summer Street
Boston, Massachusetts 01220
(617) 266-0313


Dated: September 2, 2009                By <u>Daniel S. Blinn</u> _____
*Attorneys for Certain Opt-Out Plaintiffs*

Daniel S. Blinn Consumer Law Group
Suite 512
35 Cold Spring Road
Rocky Hill, Connecticut 06067

(860) 571-0408

Dated: September 2, 2009  By Thomas J. Wiegand
*Attorneys for Argent Mortgage Company, LLC*

        Thomas J. Wiegand
        Winston & Strawn LLP
        35 West Wacker Drive
        Chicago, Illinois 60601-9703
        (312) 558-5947

Dated: September 2, 2009  By _ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; CitiFinancial Mortgage; CitiResidential Lending Inc.; Deutsche Bank National Trust Company, as Trustee; HSBC Mortgage Services Inc.; GMAC ResCap; Barclays Capital; US Bank, Litton Loan Servicing; Merrill Lynch Credit Corp.; Wells Fargo Bank, as Trustee; WMSpecialty Mortgage LLC; Countrywide; Wilshire Credit Corp., and Bank of NY Trust Co.*

        Bernard E. LeSage
        Sarah K. Andrus
        Buckalter Nemer, a Professional Corporation
        Suite 1500
        1000 Wilshire Boulevard
        Los Angeles, California 90017-2457
        (213) 891-5230

September 2 , 2009  By: David J. Chizewer
        *Liaison Counsel for Third-Party Defendants*

        David J. Chizewer
        Goldberg Kohn Bell Black
        Rosenbloom & Moritz, Ltd.
        Suite 3300
        55 East Monroe Street
        Chicago, Illinois 60603
        (312) 201-3938

**IT IS SO ORDERED.**

*Morton Denlow*

_____
The Honorable Morton Denlow


Dated: 12/14/2009