# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Rose Terry, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| Ameriquest Mortgage Company, et al., | ) |
| Defendants. | ) No. 08-cv-02475 |
| | ) Judge Coar |
| Ameriquest Mortgage Company, et al., | ) Magistrate Judge Mason |
| Third-Party Plaintiffs, | ) |
| v. | ) |
| First American Title Insurance Company, et al., | ) |
| Third-Party Defendants. | ) |

## TICOR TITLE INSURANCE COMPANY'S MOTION TO DISMISS COUNTS IV AND VIII OF THE THIRD-PARTY COMPLAINT

Third-party defendant Ticor Title Insurance Company ("Ticor"), by and through its counsel of record, hereby moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Counts IV and VIII of the Third-Party Complaint. In support of its motion, Ticor states as follows:

1. In their Second Amended Complaint, the plaintiffs allege that Ameriquest Mortgage Company and the other defendants (collectively "Ameriquest") violated the Truth in Lending Act ("TILA") by not providing them with the disclosures required by TILA, including those relating to the right to cancel their mortgage transactions.

CENTRAL\31204777.1

2. In its Third-Party Complaint Ameriquest, in turn, seeks to recover from Ticor those amounts for which Ameriquest may be held liable to the plaintiffs resulting from the alleged TILA violations under theories of contractual indemnification (Count II) and equitable contribution (Count IV). Ameriquest also seeks a declaration from this Court that Ticor has a duty to indemnify Ameriquest for those amounts (Count VIII). Ticor has answered Count II, but Counts IV and VIII should be dismissed because both counts fail to state a claim against Ticor.

3. In Count IV, Ameriquest claims that Ticor is liable to it, under the theory of equitable contribution, for amounts Ameriquest may be found liable to the plaintiffs for Ameriquest's alleged TILA violations. However, there is no legally recognized cause of action for equitable contribution for Ameriquest's alleged TILA violations. *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, 589 F. Supp. 2d 987 (N.D. Ill. 2008); *McSherry v. Capital One FSB*, 236 F.R.D. 516, 520-22 (W.D. Wash. 2006). Therefore, Count IV should be dismissed with prejudice.

4. Count IV should also be dismissed with prejudice because Ameriquest does not allege that it and Ticor both owed the plaintiffs the statutory duty of disclosure under TILA. A cause of action for equitable contribution only arises from "the compulsory payment by a *joint obligor* of more than his share of a *common obligation*." *Canadian Pacific R.R. Co. v. Williams-Hayward Protective Coatings, Inc.*, 2004 WL 2108413, at *3 (N.D. Ill. 2004) (emphasis added). Since TILA imposes the duty of disclosure only upon creditors such as Ameriquest, Ticor did not also owe this statutory duty to the plaintiffs. Further, Ameriquest does not allege that Ticor breached any such duty. Therefore, Ameriquest fails to state a claim for equitable contribution against Ticor.

CENTRAL\31204777.1

5.	Count VIII should be dismissed because it is duplicative of the other claims asserted by Ameriquest. In Count VIII, Ameriquest seeks a declaration that Ticor owes a duty to indemnify Ameriquest for amounts it may be found liable to the plaintiffs. However, Ameriquest already asserts a claim for contractual indemnification in Count II of its Third-Party Complaint. As such, Count VIII is duplicative and this Court should exercise its discretion to decline to adjudicate this claim. *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987); *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002).

6.	In further support of its motion, Ticor submits its Memorandum in Support.

WHEREFORE, third-party defendant Ticor Title Insurance Company respectfully requests this Court to dismiss Count IV with prejudice and dismiss Count VIII of the Third-Party Complaint.

Dated: March 24, 2009                              TICOR TITLE INSURANCE COMPANY

                                                   By: /s/ Albert E. Fowerbaugh, Jr.
                                                        One of Its Attorneys

Albert E. Fowerbaugh, Jr.                          James S. Schreier
David J. Pivnick                                   Eric P. Early
DLA Piper LLP (US)                                 GLASER, WEIL, FINK, JACOBS &
203 N. LaSalle Street, Suite 1900                  SHAPIRO, LLP
Chicago, IL 60601-1293                             10250 Constellation Blvd., 19th Floor
Tel: (312) 368-6804 (AEF)                          Los Angeles, California 90067-6219
Fax: (312) 251-2177 (AEF)                          (310) 553-3000

CENTRAL\31204777.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of the preceding document was served on March 24, 2009 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and served on the following persons by United States mail this March 24, 2009:

Joan M. Pridgeon
448 West Englewood Street
Chicago, IL  60621

Helen F. Mitchell-Carter
7646 S. Merrill Ave.
Chicago, IL  60649

Isiah P. Ward
303 Waterford Dr.
Willowbrook, IL  60527-5463

                                                s/  Albert E. Fowerbaugh, Jr.

RECEIVED

MAR 13 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rose Terry, et al
**Plaintiff(s)**

V.

Case No. 08 CV 02475

Isiah P. Ward
**Defendant(s)**

Third Party Defendant, Isiah P. Ward, Motion to Dismiss

I, Defendant Isiah P. Ward, ask this court to dismiss this complaint for the following reasons:

1. The complaint fails to explain what it is that I did.
2. The complaint does not state what law I have violated.
3. The complaint is too vague to respond to.

For these reason, the complaint should be dismissed pursuant to Rule 12b(6) and 12(E.) Defendant respectfully request that this honorable court grant his motion to dismiss and grant any additional relief that is just and appropriate under the circumstances.

Respectfully submitted,

Isiah P. Ward

Isiah P. Ward
303 Waterford Dr.
Willowbrook, IL 60527
630 986 9273

RECEIVED

MAR 13 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## APPEARANCE FORM FOR PRO SE LITIGANTS
## DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Information entered on this form is required for any person filing a case in this court as a pro se party (that is, without an attorney).

NAME: _ISIAH P. WARD_
(Please print)

STREET ADDRESS: _303 WATERFORD DR._

CITY/STATE/ZIP: _WILLOWBROOK, IL_

PHONE NUMBER: _630 986 9273_

CASE NUMBER: _1:08-CV-02475_

_Isiah P. Ward_                    _13 MAR 09_
Signature                                Date



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Plaintiff(s)
Rose, Terry et al

08cv2475

v.

Case No. 08 CV02475

Defendant(s)
Joan M Pridgeon

FILED
JN Mar 31 2009
MAR 3 1 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Third-Party Defendant Joan M Pridgeon's Motion under Rules 12b (6) and 12(c)

The complainant fails to explain specifically what defendant Joan M Pridgeon did and against which plaintiff.

Under the requirements for pleading in the Federal Courts only notice pleading is required, however third party complainants failed to allege even the most basic allegations required by notice pleading.

Without more information regarding the allegations, the defendant Joan M Pridgeon cannot adequately answer the complaint.

Wherefore the defendant Joan M Pridgeon respectfully requests that pursuant to Rule 12b (6) this court dismiss third-party complainant's complaint against third-party defendant Joan M Pridgeon or in the alternative grant defendant Joan M Pridgeon's Rule 12 (e) motion for a more definite statement.

_____
Joan M Pridgeon

Joan M Pridgeon
448 W Englewood Ave
Chicago, ILL 60621
773-488-5149

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Rose, Terry et al
Plaintiffs

V.

Case No. 08CV02475

Judge Coar

Joan M Pridgeon
Third Party Defendant

Certificate of Service

I, Joan M Pridgeon certify that copies of defendant's motion to dismiss pursuant to Rule 12b (6) and 12 (e) were served by US Mail on March 31, 2009, upon:

Anthony P. Valach Jr
The Law Offices of Daniel Harris
150 N Wacker Drive
Suite 3000
Chicago, Ill 60606
312-960-1806

Thomas Joseph Wiegand
Winston and Strawn LLP
35 W Wacker Drive
Chicago, ILL 60601-9703
312-588-5600

Bernard E LeSage
Buchalter Nemer
1000 Wilshire Boulevard
#1500
Los Angeles, CA 90017-2457
213-891-0700

Joanne N Davies
Buchalter Nemer, A Professional Corporation
18400 Von Karman Avenue
Suite 800
Irvine, CA 92612
949-760-1121

David Edward Dahlquist
Winston & Strawn LLP
35 W Wacker Drive
Chicago, ILL 60601-9703
312-558-5600

Allan Norris Salpeter
Dewey & LeBoeuf LLP
180 N Stetson Ave
Suite 3700
Chicago, Ill 60601
312-784-8088

Therese King Nohos
LeBoeuf, Lamb, Greene & Mac Rae, LLP
Two Prudential Plaza
180 N Stetson Ave
Suite 1175
Chicago, ILL 60657
312-794-8027

Jason A Frye
Neal, Gerber & Eisenberg
Two North LaSalle Street
Suite 1700
Chicago, Ill 60602
312-827-1066

Albert Edwin Fowerbaugh, Jr
DLA Piper US LLP IL
203 N LaSalle Street
20th Floor
Chicago, ILL 60601
312-368-6804

Russell J Stewart
Attorney at Law
805 W Touhy Ave
Park Ridge, Ill 60068
708-692-3350

Isiah P Ward
303 Waterford Drive
Willowbrook, Ill 60527

Helen F Mitchell-Carter
7646 S Merrill Ave
Chicago, IL 60649

xSTATE OF ILLINOIS)
                   §
COUNTY OF C O O K)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

ROSE TERRY, et. al.,            )
                                )
        Plaintiff               )
vs.                             )    No:  08 CV 2475
                                )
AMERIQUEST MORTGAGE COMPANY,    )    Honorable David H. Coar
et. al.,                        )
        Defendants              )    Magistrate Judge Michael Mason

AMERIQUEST MORTGAGE COMPANY,    )
et. al.,                        )
    Third-Party Plaintiffs      )
vs.                             )
FIRST AMERICAN TITLE INSURANCE  )
COMPANY et.al.,                 )
    Third-Party Defendants      )

### MOTION TO DISMISS AS TO THIRD PARTY DEFENDANT JACKIE VASQUEZ PURSUANT TO F.R.C.P. 12(b)(6)

NOW COMES one of the Third Party Defendants, **JACKIE VASQUEZ**, by and through their attorney, **RUSS STEWART**, and for their **MOTION TO DISMISS AS TO THIRD PARTY DEFENDANT JACKIE VASQUEZ PURSUANT TO F.R.C.P. 12(b)(6)**, says as follows:

1. That Defendant, **JACKIE VASQUEZ**, was contract closer/closing agent for Tristor Title, LLC, a closing service company.

2. That, set forth in the Third Party Complaint (Par.26), Plaintiffs are seeking a remedy against Defendants/Third Party Plaintiffs for mortgage fraud and/or misrepresentation in the refinance of their loans Ameriquest Mortgage Co., and for failing to tender certain documents and/or failing to fulfill oral promises concerning loan terms.

3. That Defendant is not an employee or agent of Ameriquest Mortgage Company.

4. That the Plaintiff's Third Party Complaint makes no allegation that the closing service company prepared any closing documents. That all said documents were prepared by Ameriquest Mortgage Company, and were forwarded to the closing for review and execution by respective Plaintiffs.

5. That Defendant did not prepare any documents for Plaintiffs Mueller, Lara, Jaime, or Garcia.

6. That the Third-Party Complaint fails to state a valid cause of action against Defendant Vasquez.

7. That the Defendant is not named with specificity in any of the Third-Party Complaints' eight counts, and the complaint is

so vague and ambiguous that Defendant cannot reasonably frame a response pleading.

8. Under the federal rule of notice pleading, "all the Rules require is a short and plain statement of the claim that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests. "Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit, 507 U.S. 163 (1993). For fair notice to be given, a complaint must at least include the operative facts which the Plaintiff bases his claim. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1986). A Plaintiff can plead conclusions but the conclusions must give defendants minimal notice of the claim. Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995).

WHEREFORE, pursuant to F.R.C.P Rule 12(b)(6) and Rule 12(e), Defendant Vasquez prays that the Third Party Complaint brought against her be stricken and dismissed.

_____
RUSS STEWART

**RUSS STEWART**
Attorney for Third Party Defendant
805 West Touhy Avenue
Park Ridge, Illinois  60068
(847) 692-3350
#24584