UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05-7097 |
| RITA FARMER, | Centralized before the<br>Honorable Marvin E. Aspen |
| Plaintiff, | |
| v. | Individual Case No. 06-4724 |
| AMERIQUEST MORTGAGE CO., and JOSE OLIVIA, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge.

Plaintiff Rita Farmer has asked us to dismiss the sole federal count in her complaint and to suggest to the Judicial Panel on Multidistrict Litigation that her case be remanded to the United States District Court for the District of New Jersey. We need not make such a suggestion, however, because we grant her request to amend the complaint and remand this matter to the Superior Court of New Jersey.

### BACKGROUND

In May 2006, Farmer filed a complaint against Ameriquest Mortgage Company ("Ameriquest") and Jose Olivia in the Superior Court of New Jersey. On July 17, 2006, Ameriquest removed the action to federal court because Farmer alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* ("TILA"). On August 8, 2006, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a conditional transfer order ("CTO"), transferring

Farmer's case to the Northern District of Illinois pursuant to 28 U.S.C. § 1407. The Panel determined that Farmer's claims would benefit from consolidated pretrial proceedings with other claims against Ameriquest that allege violations of TILA in connection with Ameriquest's lending practices.

Farmer previously applied for a suggestion of remand, which we denied on April 6, 2010. In the present motion, Farmer seeks a voluntary dismissal of her TILA claim in the hope of obtaining a suggestion of remand to the Panel. (Mem. at 3.) Farmer contends that, by dismissing the TILA claim, her case would no longer be similar to the others in the MDL, and her remaining state law claims would be resolved more expediently in the New Jersey federal district court.

Farmer frames her request for dismissal of the TILA claim in the context of a suggestion of remand to New Jersey district court, perhaps because she misunderstands the scope of our authority in this MDL. Farmer plainly desires for this case to find its way back to New Jersey state court. (Mem. at 3–5; Reply at 3–5.) Although we are not authorized under the Panel's Rules of Procedure to directly transfer the case out of the MDL and back to the New Jersey federal court, we can remand the case to state court for lack of jurisdiction. We construe Farmer's motion as requesting such a remand. We thus consider not whether a suggestion to the Panel is warranted but, given Farmer's request to dismiss her TILA claim, whether remand to state court is appropriate.

### A. **Voluntary Dismissal**

We turn first to evaluate Farmer's request for voluntary dismissal of her TILA claim, found in Count III of the complaint. Farmer moves pursuant to Federal Rule of Civil Procedure

42(a)(2).  (Mem. at 3 (citing the rule and "seeking leave of this Court to dismiss Count III which is the lone federal count").)  Rule 42, however, governs only dismissal of an entire action, not dismissal of a particular claim within an action.  *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) (explaining that Rule 41 "speaks of dismissing 'an action'–which is to say, the whole case"); *see Remien v. EMC Corp.*, No. 04 C 3727, 2004 WL 2381876, at *1 (N.D. Ill. Oct. 19, 2004); *Loutfy v. R.R. Donnelly & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill 1993).  Rather, "a motion to voluntarily dismiss a single claim in a multi-count complaint is properly treated as an amendment under Rule 15(a)."  *Loutfy*, 148 F.R.D. at 602; *Remien*, 2004 WL 2381876, at *1; *see also Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, No. 10 C 255, 2010 WL 3927508, at *2 (N.D. Ind. Oct. 4, 2010).

Pursuant to Rule 15(a)(2), Farmer may amend her complaint with our leave, which we "should freely give when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In making this assessment, we may exercise our sound discretion to "deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."  *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  Ameriquest does not dispute Farmer's ability to eliminate the TILA claim if she so chooses.  Although Ameriquest contends that Farmer has delayed dismissal of the TILA claim for years (Opp'n at 5–6), we perceive no excessive delay or undue prejudice under these circumstances.  If anything, it is the delay caused by Ameriquest and the MDL process itself—not Farmer—that has rendered her willing to rather drastically drop her federal TILA claim to propel this litigation forward.

Other courts facing similar circumstances have found "the purpose of dismissing all federal claims from a complaint in order to remand the case back to state court to be perfectly justified." *Cedar Lake*, 2010 WL 3927508, at *2; *Childress v. City of E. St. Louis, Ill.*, No. 10 C 254, 2010 WL 5289261, at *2 (S.D. Ill. Dec. 20, 2010); *Harkness v. CCA of Tenn., LLC*, No. 09 C 1049, 2010 WL 326797, at *2 (S.D. Ind. Aug. 20, 2010). In the special context of an MDL, we must proceed cautiously in considering a dismissal request with this underlying motive. Nonetheless, we cannot conclude that Farmer's voluntary dismissal of the TILA claim would unduly prejudice Ameriquest. Under these circumstances, we grant Farmer's request to amend her complaint so as to dismiss the TILA claim.

**B.     Remand to State Court**

Having granted Farmer's motion for dismissal of the TILA claim, we must decide whether to retain pendent jurisdiction over the remaining state law claims. A district court may retain supplemental jurisdiction over state law claims even after it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Supreme Court has recognized that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966); *see also Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727–28 (7th Cir. 1998); *Kevin's Towing, Inc. v. Thomas*, 217 F. Supp. 2d 903, 910 (N.D. Ill. 2002). In fact, the Seventh Circuit has repeatedly characterized the district court's discretion to relinquish pendent jurisdiction as "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. *Kennedy*, 140 F.3d at 728 (citing *Huffman v.*

*Hains*, 865 F.2d 920, 923 (7th Cir. 1989)); *see Pleva v. Norquist*, 195 F.3d 905, 918 (7th Cir. 1999); *Kevin's Towing, Inc.*, 217 F. Supp. 2d at 910.

Furthermore, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001). Under such circumstances, the balancing of "judicial economy, convenience, fairness and comity . . . will point to declining to exercise jurisdiction over any remaining pendent state-law claims." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). Thus, "the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252; *see Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (explaining that, prior to trial, "substantial judicial and party resources will probably not have been expended on the litigation, and so the economies from retaining jurisdiction over the state-law claims will be slight"). Indeed, "[a]t that point, respect for the state's interest in applying its own law, along with the state's greater expertise in applying state law, become paramount concerns." *Kennedy*, 140 F.3d at 728 (citing *Huffman*, 865 F.2d at 923). Pursuant to these authorities, we hold that the posture of this case gives rise to the general presumption in favor of remand.

That being said, the Seventh Circuit has articulated three exceptions to this general presumption. *Wright*, 29 F.3d at 1251–52; *see Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008); *Williams*, 509 F.3d at 404. The presumption may be overcome, and pendent jurisdiction appropriately retained, if "any of the following three circumstances exist: (1) the state law claims

may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis*, 526 F.3d at 990; *Williams*, 509 F.3d at 404. None of these three exceptions apply here. We are not aware of any statute of limitations issues, nor is it obvious how the New Jersey state claims will pan out. Most importantly, we have not committed any—let alone substantial—resources on the state claims. We have not spent time familiarizing ourselves with the state law applicable to the remaining claims or the facts pertinent thereto. Accordingly, remanding this case would further the interests of judicial economy, as well as comity. *See, e.g..*, *Childress*, 2010 WL 5289261, at *3; *Loutfy*, 148 F.R.D. at 603 ("[C]omity is served by allowing state courts to determine state law.").

In addition, remand would not unduly inconvenience or prejudice Ameriquest, whose efforts to litigate and resolve this matter will be applicable to the state court proceedings. *Childress*, 2010 WL 5289261, at *3; *Cedar Lake*, 2010 WL 3927508, at *3. While litigating this matter in New Jersey may slightly inconvenience Ameriquest, "[i]t is certainly fair to allow the plaintiff[] to return to [her] initially selected forum for adjudication of a state claim." *Loutfy*, 148 F.R.D. at 603. Farmer "clearly prefer[s] to be in state court, but there is no suggestion of improper manipulation" here such that remand should be denied. *Radke's Inc. v. Bastian*, 09 C 1258, 2011 WL 817549, at *6 (C.D. Ill. Feb. 8, 2011). In sum, we accept the presumption that this case, involving only New Jersey state law claims, belongs in state court.

## CONCLUSION

For the reasons set forth below, we grant Farmer's motion to amend her complaint by voluntarily dismissing Count III, the TILA claim, without prejudice. We also grant her request for remand to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1367(c). It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: July 22, 2011