IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Gordon R. Howard and Nola R. Howard v. Ameriquest Mortgage Company, et al.*;<br>Case No. 07 C 0095 | |

**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R2**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R2 ("Defendant"), by and through its attorneys, answers the Amended Complaint of Plaintiffs GORDON R. HOWARD and NOLA R. HOWARD ("Plaintiffs") as follows.

**AMENDED COMPLAINT**

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1. Plaintiffs, Gordon R. Howard and Nola R. Howard, bring this action against mortgage lender Ameriquest Mortgage to secure redress from predatory and fraudulent lending practices. Plaintiffs seek to rescind a residential mortgage loan for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

- 1 -

**ANSWER:** **Defendant denies the allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z, 12 C.F.R. part 226.**

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), 15 U.S.C. §1640 (TILA) and 28 U.S.C. §1367 (supplemental jurisdiction). Venue in this District is proper because defendant transacts business here.

**ANSWER:** **Defendant does not contest jurisdiction or venue. Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant denies any remaining allegations in Paragraph 2.**

## PARTIES

3. Plaintiffs, Gordon R. Howard and Nola R. Howard are husband and wife who reside in their home in Port Byron, Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a national lender located in California. Its registered agent is National Registered Agents Inc. located at 200 W. Adams, Chicago, Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

5. Ameriquest is a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

6. Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling and Servicing Agreement dated as of March 1, 2004 was the current owner or trustee who has filed a foreclosure action against plaintiff. It is a necessary party to the claim for rescission.

**ANSWER:** **Defendant admits that it is trustee of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-R2 under the Pooling and Servicing Agreement dated as of April 1, 2004 and has filed a foreclosure action in connection with the loan. Defendant denies any remaining allegations of this paragraph.**

7. American Home Mortgage Servicing Inc. was established in April 2008 and is now one of the country's largest servicers of Alt-A and subprime loans. It is based in Coppell, Texas, with servicing operations in Irvine, Calif., Jacksonville, Fla., and Pune, India. It is a necessary party to the claim for rescission.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFFS' LOAN

8. On January 27, 2004, plaintiffs obtained a $70,000 refinance loan from Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

9. The loan had an adjustable interest rate of 10.250 %.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

10. On January 27, 2004, Ameriquest Mortgage provided plaintiff with a Notice of Right to Cancel and a One Week Cancellation Period form.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

11. The Notice of Right to Cancel stated that the loan can be cancelled within three (3) business days from whichever of the following events occurs last: (1) The date of the transaction, (2) the date you receive your Truth In Lending disclosures or (3) the date you receive this notice of your right to cancel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

12. This Notice of the Right to Cancel was not filled out and did not contain the date by which plaintiffs had to cancel the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

13. The One Week Cancellation Period form provided a one week in which to cancel the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

## COUNT I- TILA RESCISSION

14. Plaintiffs incorporate ¶¶1-13.

**ANSWER:** **Defendant restates its answers to Paragraphs 1 through 13 in response to this paragraph.**

15. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by TILA, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

16. Section 226.23 provides:

   **(a)** **Consumer's right to rescind.**

   **(1)** **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

   **(2)** **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

   **(3)** **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn] 48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

   **(4)** **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

   **(b)** **Notice of right to rescind.** In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

   **(1)** **The retention or acquisition of a security interest in the consumer's principal dwelling.**

   **(2)** **The consumer's right to rescind the transaction.**

   **(3)** **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

   **(4)** **The effects of rescission, as described in paragraph (d) of this section. (5) The date the rescission period expires. . . .**

  **(f)** **<u>Exempt transactions</u>. The right to rescind does not apply to the following:**

   **(1)** **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

   **(2)** **A credit plan in which a state agency is a creditor.**

**<u>ANSWER</u>:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

  17. Because Ameriquest failed to comply with Section 226.23 , plaintiffs have a continuing right to rescind.

**<u>ANSWER</u>:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

  18. Defendant's practice of providing its disclosure of One Week Cancellation Period form, when offered in conjunction with the Notice of Right to Cancel form, violates TILA's requirement that the creditor clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

**<u>ANSWER</u>:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

19. A consumer who relies on the One Week form instead of the three business day statutory right to cancel loses benefits without being warned as much in advance.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

20. Plaintiffs have a continuing right to rescind as Ameriquest did not clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

21. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

    a. Rescission of the 2004 Ameriquest loan

    b. Statutory damages for the disclosure violation

    c. Attorney's fees, litigation expenses and costs.

    d. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 9 -

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter Judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 26, 2011

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Serioes 2004-R2*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 10 -

**CERTIFICATE OF SERVICE**

      I, Bernard E. LeSage, hereby certify that on this 26th day of August, 2011, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to the addressees on the attached Service List.

      By:    /s/ Bernard E. LeSage

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

## SERVICE LIST

Alexander Edward Sklavos
Law Offices of Alexander E. Sklavos, PC
1 Old Country Road, Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Cheryl Talley
1577 Deer Path Lane
Franklin Grove, IL 61031

Cynthia Casteel
705 9th Street, NW
Huntsville, AL 35805

Daniel J Whitaker
113 Daventry Drive
Calera, AL 35040

David J. Tarpley
Legal Aid Society of Middle Tennessee
300 Deaderick Street
Nashville, TN 37201

Estella Byrd
910 Woodall Lane
Huntsville, AL 35816

Gregory Day
6345 Stablewood Way
Lithonia, GA 30058

Jackie Champion
1372 Myrick Road
Elmore, AL 36025

John Cseh
12800 Shaker Boulevard, Suite U12
Cleveland, OH 44120

John J. McDonough
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St., Suite 2
London, KY 40741

John Robert King
Law Office of John King
3409 N. 10th Street, Suite 100
McAllen, TX 78601

Jonathan Lee Riches
#40948-018
Lexington
P. 0. Box 14500
Lexington, KY 40512

Joseph Abruscato
607 East Barksdale Drive
Mobile, AL 36606

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman Street, Suite 28
Westborough, MA 01581

Janice Long
2400 Scarlette Lane, Southeast
Conyers, GA 30013

Lisa Parker
425 Water Street
Prattville, AL 36067

- 12 -

IN RE AMERIQUEST CO. MORTGAGE LENDING PRACTICES LITIGATION
MDL No. 1715
Lead Case No. 05-cv-07097

**SERVICE LIST (cont.)**

Michael Swistak
Swistak and Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334-3174

Michael S. Deck
Law Office of John King
3409 N. 10th Street
McAllen, TX 78501

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Robert W. Smyth , Jr.
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street, Suite 700
Chicago, IL 60603

Matthew J. Dunn
The Dunn Law Group
15 Broad Street, Fifth Floor
Boston, MA 02108

Steven S. Elliott
12 E. Exchange Street, 8th Floor
Akron, OH 44310

Walter J. Manning
1260 Greenwich Avenue
Warwick, RI 02886

William Champion
1372 Myrick Road
Elmore, AL 36025

Dorothy Holloway
6416 Marsh Avenue
Huntsville, AL 35806

Ted Corbin
122 Eagle Crest Drive
Brunswick, GA 31525