IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: *Bronwen Elliot-Labin, et al. v. Ameriquest Mortgage Company, et al.*, 07-CV-06191, N.D. Ill. | |

**JOINT STIPULATION OF DISMISSAL OF RICHARD JANEWAY'S CLAIMS AGAINST DEFENDANTS**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff **RICHARD JANEWAY** ("Plaintiff Janeway") and Defendants **AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., AMERIQUEST MORTGAGE SECURITIES, INC., ACC CAPITAL HOLDINGS, AMERICA'S SERVICING COMPANY, EMC MORTGAGE CORPORATION** *erroneously sued as* **BEAR STEARNS/EMC, DEUTSCHE BANK NATIONAL TRUST COMPANY,** individually and as Trustee for the following: Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R5 and Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-R1, and **WM SPECIALTY MORTGAGE, LLC nka JPMC SPECIALTY MORTGAGE, LLC** erroneously sued as **WASHINGTON MUTUAL BANK**[1] (collectively "Defendants") hereby stipulate that Plaintiff Janeway's claims in the *Bronwen Elliot-Labin, et al. v. Ameriquest Mortgage Company, et al.*, 07-CV-06191 (N.D. Ill) (transferred

---

[1] Washington Mutual Bank ("WaMu") is named as a defendant in this action. In September 2008, the United States Office of Thrift Supervision seized WaMu and placed it into the receivership of the Federal Deposit Insurance Corporation. Also in September 2008, the FDIC entered into a Purchase and Assumption Agreement with JPMorgan Chase Bank, N.A. ("Chase") through which Chase acquired certain WaMu assets. A copy of the Purchase and Assumption Agreement through which Chase acquired certain WaMu assets is available on the FDIC's website at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.

into the MDL) matter be dismissed with prejudice as to all defendants. This stipulation relates only to the claims of Plaintiff Janeway. The stipulation does not apply to the other Plaintiffs in this case who are not dismissing their claims against any Defendants at this time. Each party shall bear their own costs and attorneys' fees.

Defendants expressly reserve all of their Third-Party claims in connection with the claims being dismissed through this stipulation including, without limitation, any and all claims set forth in the Fifth Amended Consolidated Third-Party Complaint.

DATED: September 19, 2011

Respectfully submitted,

By:/s/ Anthony P. Valach, Jr
*Attorneys for the Plaintiffs*

THE LAW OFFICES OF DANIEL HARRIS
Daniel Harris, Esq.
Anthony P. Valach, Esq.
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802

DATED: September 19, 2011

Respectfully submitted,

By: /s/ Bernard E. LeSage
*Attorneys for Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., ACC Capital Holdings, EMC Mortgage Corporation erroneously used as Bear Stearns/EMC, Deutsche Bank National Trust Company, individually and as Trustee, and WM Specialty Mortgage, LLC nka JPMC Specialty Mortgage, LLC erroneously sued as Washington Mutual Bank*

Bernard E. LeSage, Esq.
Joanne N. Davies, Esq.
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

DATED: September 19, 2011

Respectfully submitted,

By: /s/ Susan J. Miller Overbey
*Attorneys for Defendant America's Servicing Company*

Susan J. Miller Overbey
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue
22nd Floor
Chicago, IL 60611
(312) 840-7000
Email: soverbey@burkelaw.com

**CERTIFICATE OF SERVICE**

    I, Anthony P. Valach, hereby certify that on this 19th day of September 2011, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          By: /s/ Anthony P. Valach