UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION** | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge Marvin E. Aspen |
| **THIS DOCUMENT RELATES TO:**<br><br>**JULIEN V. AMERIQUEST MORTGAGE CO.**, Case No. 06 C 4037 (N.D. Ill.) (transferred for pretrial proceedings; transferor court case no. 1:06-CV-00320-CAP (N.D. Ga.)) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION
TO DISMISS FOR FAILURE TO PROSECUTE**

Lynn Julien and Denise Julien ("the Juliens"), Plaintiffs in the above-referenced individual action, urge that this Court deny the Motion to Dismiss for Failure to Prosecute ("Motion"; Doc. 4530) filed by American Home Mortgage Servicing, Inc. ("AHMSI"). The Motion relates to over sixty individual opt-out cases in the present multi-district litigation, including the Juliens' action, Case No. 06 C 4037. The Motion should be denied for the following reasons:

1. The Motion improperly seeks dismissal of actions, including the Juliens' action, in which AHMSI is not a party, .

2. The Motion is based on unsubstantiated general assertions made with regard to the plaintiffs listed in Exhibit A to the Motion. The sole apparent ground for

these assertions is plaintiffs' failure to respond to letters from AHMSI's counsel to their counsel such as those attached as Exhibit B to the Motion. However, the attached letters make no reference to pending legal claims; they merely solicit applications for loan modifications under the Home Affordable Modification Program ("HAMP") and threaten "collection activity" (Mot., Ex. B).

3. The plaintiffs to whom the letters were sent could have applied for HAMP modifications on their own initiative if they had wanted to. Thus the AHMSI letters offered nothing new that might encourage settlement of plaintiffs' claims, in addition to not even mentioning the claims. Hence failure to respond to such letters was not, as AHMSI asserts, "refusing to participate in the settlement process" (Mot. ¶ 2). This is especially so with regard to the Juliens, who do not seek a settlement involving a loan modification.

4. The Motion also asserts that Exhibit A plaintiffs are "failing to prosecute their purported claims" (Id.). This ignores the fact that for individual opt-out cases the period for discovery has not begun, because the mediation phase has not yet been completed. The Motion is especially inappropriate with regard to the Juliens, whose case, as AHMSI well knows, is set for mediation on December 14, 2011.

5. Finally, the Motion asserts, "on information and belief," that "many" opt-out plaintiffs "have failed or refused to dismiss their claims," despite settlement of those claims. (Mot. ¶ 4.) If there are such plaintiffs, the Juliens are not among them, because their case has not settled. Furthermore, any such plaintiffs should

be dealt with individually, with motions to enforce the individual settlement agreements, and not by the present Motion.

## CONCLUSION

For all of the above reasons, AHMSI's Motion must be denied. Should the Motion be granted, the Juliens hereby assert their intention to continue prosecuting their claims herein.

Respectfully submitted,

s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500
Attorney at Law
1270 Caroline Street, Suite D120-440
Atlanta, Georgia 30307-2758
(404) 522-9485
charlesmbairdattorney@comcast.net

Attorney for Plaintiffs
Lynn Julien and Denise Julien

## CERTIFICATE OF SERVICE

I certify that on December 7, 2011, the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Charles M. Baird