# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE AMERIQUEST MORTGAGE CO. )
MORTGAGE LENDING PRACTICES ) No. 05-CV-7097
LITIGATION )

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

Defendants have moved to dismiss and for more definite statements of the claims in those cases in which individual plaintiffs have opted out of the two master class actions. Defendants contend that: a) certain plaintiffs' claims for statutory and actual damages under the Truth in Lending Act, 15 U.S.C. § 1601 (TILA), are barred by a one-year statute of limitations; b) certain plaintiffs' claims for punitive damages under TILA are barred altogether; c) certain plaintiffs must make a more definite statement as to the "factual cause" of their alleged injuries; and d) certain plaintiffs have failed to allege the state laws at issue in their complaints.

For the reasons stated below, we deny the defendants' motions.[1]

**I. Statutory and Actual Damages Under the Truth in Lending Act**

The plaintiffs identified in Appendix 1 to defendants' motion allege, among other things, violations of the Truth in Lending Act, 15 U.S.C. § 1601. Defendants contend that to the extent these complaints state claims for failures to make necessary disclosures at the time of loan consummation, their damages claims are barred by a one-year statute of limitations applicable to TILA disclosure claims. (*See* Mem. in Supp. of Mot. to Dismiss at 2-3.) Plaintiffs respond that

---

1    Although certain defective disclosure claims are dismissed. *See* p. 2, n.2 *infra*.

1

many of their complaints state claims based on defendants' failures to respond to valid rescission notices, and that the statute of limitations should therefore run only from the date defendants failed to comply with the notices. (Consumer Law Group, LLC's (hereinafter, "Plaintiffs" or "Pls") Br. at 2.)

First, some plaintiffs' claims for disclosure damages are untimely, and we grant defendants' motion to dismiss those damages claims. TILA provides that claims for actual and statutory damages based on alleged defective disclosures must be filed within one year of the "occurrence of the [TILA] violation." *See* 15 U.S.C. § 1640(e). Plaintiffs acknowledge that certain claims for disclosure damages are untimely, because those claims were filed more than one year after the close of their loans – the applicable "occurrence" date. (*See* App. A to Pls' Br.) To the extent plaintiffs pursue damages based on alleged defective disclosures, and plaintiffs filed their complaints more than one year after their loans closed, we dismiss those defective disclosure damages claims.[2]

Second, to the extent plaintiffs claim damages resulting from defendants' failure to respond to timely requests for rescission of their loans, all but two of those damages claims

---

2   This applies to the following cases or plaintiffs: *Belcher, et al. v. Ameriquest Mortgage Co.*, No. 06-cv-3124 (includes no claim related to a rescission request); Carolyn Justus, Gary and Tricia Safferstein, Michael Smail, and Mauro Troetti (plaintiffs within *Bowe, et al. v. Ameriquest Mortgage Co.*, No. 06-cv-2471) (claims related to rescission requests survive); Huberto Adrian, James and Donna Dugan, Calvin Duncan, Janet Edwards, Joseph and Nadine Fernandez, John and Kristen Grammatico, Beverly Howlett, Shawn and Yvonne Jennings, Mylani and Charlie Juano, Nicole Rankin, Ricardo Richards, Twinewa Young, Mathias and Jan Rondeau, Thomas Sherman, Sandra and Carlos Silva, Jose and Joanna Soto, Donna Stewart, Todd Tofil, Corrine Robar, and Edward Zilli (plaintiffs within *Duncan v. Ameriquest Mortgage Co.*, No. 06-cv-2467) (claims related to rescission requests survive); *Fitzgerald, et al. v. Ameriquest Mortgage Co.*, No. 06-cv-3123 (includes no claim related to a rescission request); Montria Hospod and Michael Rosh (plaintiffs within *Pasacreta, et al. v. Ameriquest Mortgage Co., et al.* No. 06-cv-2468) (claims related to rescission requests survive).

2

survive the motion to dismiss. Section 1635(b) of TILA provides that "[w]ithin 20 days after receipt of a notice of rescission [from a debtor], the creditor shall return to the [debtor] any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created upon the transaction." 15 U.S.C. § 1635(b). If a creditor does not take the steps prescribed in § 1635(b), that failure is itself a separate violation: plaintiffs can sue for statutory and actual damages, and the limitations period is measured from the date of this new "occurrence." 15 U.S.C. § 1640(a) (providing for damages against "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title..."); *see also id.* at § 1640(e) (actions under this section must be filed "within one year from the date of the occurrence of the violation"); *see also, e.g., Mount v. LaSalle Bank Lakeview*, 886 F. Supp. 650, 651 (N.D. Ill. 1995) (although plaintiffs' loan closed more than one year before plaintiffs filed suit, "[a] lender's failure to rescind is a separate violation of TILA which gives rise to claims for statutory and actual damages."). Plaintiffs clearly allege that they sent notices of rescission to defendants and that defendants did not timely respond to those notices; as such, they have stated claims for violations of § 1635(b). *See, e.g., Calder v. Ameriquest Mortgage Co., et al.*, No. 06-cv-5146, at ¶¶ 18, 24, & 33-34 ("[w]ithin twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiff's home and paid back to plaintiff any money or property that plaintiff has paid to them in connection with the loan. . . . Defendants have not done either."); *see also, e.g., Cleveland v. Ameriquest Mortgage Co.*, No. 06-cv-4306, at ¶¶ 16-22 & 28-29 (same); *Grabowski v. Ameriquest Mortgage Co.*, No. 06-cv-

3

2549, at ¶¶ 15-22 & 29-30 (same); *Leach v. Ameriquest Mortgage Co., et al.*, No. 06-cv-5000, at ¶¶ 17-23 & 29-31 (same).

Defendants argue that plaintiffs' right to rescind their loans only lasted three days after closing, and that any later attempts at rescission were invalid and rightfully ignored. (Reply Br. at 4-5.) Under TILA, debtors normally have just three days after closing to rescind their loans. 16 U.S.C. § 1635(a). However, where plaintiffs allege defects or non-delivery of required disclosures, the rescission period extends to three years. *See Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1455 (N.D. Ill. 1996). Plaintiffs herein allege that their loans contained material defective disclosures. *See, e.g., Kessler v. Ameriquest Mortgage Co., et al.*, No. 06-cv-4999, at ¶¶ 25-28 (listing four ways in which defendants' notice and TILA disclosures were allegedly defective); *see also, e.g., Tieri v. Ameriquest Mortgage Co., et al.*, No. 06-cv-2683 (listing three alleged disclosure defects, then alleging that "Ameriquest's rescission and material TILA disclosures were defective"). Because we accept all well-pleaded factual allegations as true in resolving this motion to dismiss, *Johnson v. Martin*, 943 F.2d 15, 16 (7th Cir. 1991), we will not preclude plaintiffs' damages claims for failure to rescind within three days of closing.[3,4]

---

3   We also deny defendants' motion to the extent it relates to the counterclaims in *Ameriquest v. Mattix, et al.*, No. 06-cv-1719. In addition to rescission-related damages, the counterclaimants in that action requested recoupment of an alleged debt owed by Ameriquest. (*Id.* at ¶¶ 69, 81, and 95.) Because § 1640's limitations period does not operate to limit defendants from asserting recoupment where, as here, the defense and the original claim arise out of the same transaction, the Mattix counterclaimants are not precluded from advancing that counterclaim here. *See* 15 U.S.C. § 1640(e); *Bull v. United States*, 295 U.S. 247, 262 (1935).

4   Robert Muro and Samuel Green, Jr., two plaintiffs within the action *Bailey, et al. v. Ameriquest Mortgage Co.*, No. 06-cv-1733, filed their complaints 411 days and 420 days, respectively, after their rescission dates. Their damages claims are therefore untimely, and we grant the defendants' motion with respect to these two plaintiffs' claims for rescission-related damages. 15 U.S.C. § 1640(e).

4

## II. Claims for Punitive Damages

Next, defendants move to dismiss plaintiffs' claims for punitive damages. TILA does not provide for recovery of punitive damages. *See* 15 U.S.C. § 1640(a) (providing only for actual and other specified damages without mention of punitive damages). However, plaintiffs contend that they do not seek punitive damages based on their TILA claims, but instead as a result of alleged state law violations. (*See* Pls' Br. at 7; App. 2 to Pls' Br.) In their complaints, plaintiffs do not specifically request punitive damages under TILA. *See, e.g., Applegate, et al. v. Ameriquest Mortgage Co., et al.*, No. 06-cv-4867, at ¶ 31 ("Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief."); *see also Barletta v. Ameriquest Mortgage Co., et al.*, No 06-cv-4560, at ¶ 31 (same); *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, No. 06-cv-2482, at ¶ 36 (same). Rather, plaintiffs state their request for punitive damages in a general "Prayer for Relief" section, following their TILA and state law counts. *See, e.g., Calder v. Ameriquest Mortgage Co., et al.*, No. 06-cv-5146, at p. 8 (listing damages, fees, and other awards in plaintiff's prayer for relief). Although plaintiffs cannot recover punitive damages pursuant to TILA, they may be able to recover such damages if permitted under the various state laws plaintiffs have invoked.

## III. Motion for More Definite Statements

Defendants also move for more definite statements of plaintiffs' claims. Defendants contend that plaintiffs "fail to allege the factual cause of their purported injury" and that plaintiffs failed to specify which state laws are at issue in their respective complaints. We deny this motion.

5

Federal Rule of Civil Procedure 12(e) provides that a party may request a more definite statement where a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." As we stated in *United States, for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F.Supp. 298, 302-03 (N.D. Ill. 1987), "Rule 12(e) motions are generally disfavored." We typically grant such motions "only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *Id.* at 303. Moreover, "[w]hile we do not want to make it impossible for the defendant to respond to the complaint, we also do not want to conduct discovery via the pleading stage." *Id.* Here, plaintiffs have satisfied their minimal Rule 8(a) burden of setting forth short and simple allegations of their claims. Through discovery, defendants will have a fair opportunity to investigate plaintiffs' claims. Should defendants discover that any plaintiffs lack factual support for their claims or that those claims otherwise fail to satisfy the statutory requirements, such defects may be raised in motions for summary judgment.

## IV. Conclusion

For the reasons stated above, we deny defendants' motion to dismiss (other than as to the defective disclosure claims discussed herein) and for a more definite statement.

It is so ordered.

Dated: 6/25/07

Honorable Marvin E. Aspen
U.S. District Court Judge

6