## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |

*Arthur Coleman and Ethelyn Coleman v. Ameriquest Mortgage Company, et al.,* 07-cv-2459, N.D. Ill.
*Geraldine W. Holt v. Ameriquest Mortgage Company, et al.,* 07-cv-3843, N.D. Ill
*Dwayne McLin and Bridgette McLin v. Ameriquest Mortgage Company, et al.,* 07-cv-2460, N.D. Ill.
*Brenda Cox Moore v. Ameriquest Mortgage Company, et al.,* 07-cv-1817, N.D. Ill.
*Elgin Swanigan, Jr. and Denise Swanigan v. Argent Mortgage Company, et al.,* 07-cv-3315, N.D. Ill
*Sarah Tucker v. Argent Mortgage Company, et al.,* 08-cv-0992, N.D. Ill
*William Yeaman and Pamela Yeaman v. Ameriquest Mortgage Company, et al.,* 06-cv-6967, N.D. Ill.

## MOTION TO COMPEL DISCOVERY RESPONSES FROM

## BROOKS LAW FIRM PLAINTIFFS

Defendants Argent Mortgage Company, LLC ("Argent") and Ameriquest Mortgage Company, LLC ("Ameriquest") move this Court for an Order pursuant to Federal Rules of Civil Procedure Rules 33, 34 and 37 to compel Plaintiffs Arthur Coleman ("Coleman"), Geraldine W. Holt ("Holt"), Dwayne McLin ("McLin"), Brenda Cox Moore ("Moore"), Denise Swanigan ("Swanigan"), Sarah Tucker ("Tucker"), and William Yeaman ("Yeaman") (collectively, the "Plaintiffs") to respond to Argent's and Ameriquest's Requests for Production of Documents (Set One) and Interrogatories (Set One). Plaintiffs are represented by Lloyd Brooks, Esq.

This motion seeks to compel responses to requests for production and interrogatories, most of which have been due since October 20, 2011, over 45 days at the time of the motion. After Plaintiffs' counsel was pressed for responses, he represented that they would be forthcoming by November 10, 2011. Since then, no responses have been received and Plaintiffs refuse to communicate about the discovery, ignoring subsequent letters imploring Plaintiffs to provide some assurance as to when responses should be expected. Because Plaintiffs are ignoring the discovery requests and letters about the requests, this motion to compel is necessary to prompt Plaintiffs to respond.

This motion further seeks an order pursuant to Rules 33(b) and 34(b)(2) that Plaintiffs have waived all objections as a result of their failure to timely respond to the Interrogatories and Requests for Production of Documents.

In support of their Motion to Compel, Ameriquest and Argent state:

1.    Despite the best efforts of Ameriquest and Argent to informally resolve the issues without resorting to court intervention, Plaintiffs have continually failed and refused to respond to various requests for production of documents and interrogatories. Plaintiffs will not even state when or if they will respond to the overdue discovery. Counsel responsible for trial of the case on behalf of Ameriquest and Argent, Randall Manvitz, made several good faith attempts by telephone and by written correspondence to convince Mr. Brooks to respond to the overdue discovery or at a minimum to provide some assurance that responses would be provided. Plaintiffs' counsel is simply non-responsive to those inquiries and it appears to be a litigation strategy and practice to refuse to respond to discovery until faced with a motion to compel. Ameriquest's counsel complied with L.R. 37.2 per the following good faith efforts to communicate with Plaintiffs' counsel, to no avail.

2.    On October 26, 2011, counsel for Ameriquest and Argent, Randall Manvitz, wrote to Plaintiffs' counsel, Mr. Brooks, requesting responses to overdue discovery. See Exhibit 1. Mr. Brooks failed to respond.

3.     On November 1, 2011 at approximately 10:00 a.m, Mr. Manvitz spoke with Mr. Brooks via telephone and inquired about the status of the then-overdue responses. Mr. Brooks represented that the responses were partially drafted and would be served within 7 to 10 days. Mr. Manvitz sent a confirming email soon thereafter. See Ex. 2.  However, no responses were ever served and Mr. Brooks has been silent and non-responsive to communications following that assurance.

4.     On November 15, 2011, Mr. Manvitz again contacted Mr. Brooks regarding the overdue discovery responses and Mr. Brooks' representation that responses would be forthcoming. See Exhibit 3. Mr. Brooks never responded.

5.     On November 22, 2011, Mr. Manvitz again wrote to Mr. Brooks regarding the overdue discovery responses and summarized the lack of responsiveness by Mr. Brooks.

> You previously represented that the discovery responses would be provided by November 1, 2011. Since then, you have been silent and have not responded to my follow-up correspondence imploring that you respond, or alternatively, to let us know a time in the near future when you will provide discovery responses.
>
> While you are ignoring my communications and discovery requests, you have plenty of time to propound discovery, file motions in related cases, and send terse letters. Thus, your delay appears to be a litigation strategy.
>
> **If you will not communicate about the outstanding discovery, we will have no choice but to move to compel, promptly. Again, we hope that will not be necessary but if you don't respond to my communications, what choice do I have?**

See Ex. 4.  Mr. Brooks never responded.

5.     On December 6, 2011, Mr. Manvitz again wrote to Mr. Brooks and again reiterated that a motion to compel would be forthcoming without a prompt response. Mr. Brooks never responded. See Ex. 5.

6.    The following discovery was served on Plaintiffs but no response has been received and it is long overdue:

(a) Ameriquest's Interrogatories to Coleman, Set One;  Argent's Interrogatories to Swanigan; Ameriquest's Interrogatories to Holt, Set One;  Ameriquest's Interrogatories to McLin, Set One;  Ameriquest's Interrogatories to Moore, Set One;  Ameriquest's Interrogatories to Sims, Set One;  Ameriquest's Requests for Production to Yeaman, Set One;  Argent's Requests for Production to Tucker, Set One.  Responses were due on October 20, 2011.  See Exhibit 6.

(b) Ameriquest's Requests for Production to Coleman, Set One; Argent's Requests for Production to Swanigan, Set One; Ameriquest's Requests for Production to Holt, Set One. Responses were due on November 3, 2011.  See Exhibit 7.

7.    Without responses to the requests for production and interrogatories, defendants will be significantly hindered in defending these claims.

WHEREFORE, Defendants Argent and Ameriquest respectively request this Court grant its Motion to Compel and enter an order compelling Plaintiffs Arthur Coleman, Geraldine W. Holt , Dwayne McLin, Brenda Cox Moore, Denise Swanigan, Sarah Tucker, and William Yeaman to respond to the aforementioned overdue discovery within 30 days, without objection, as all objections have been waived.

DATED: December 9, 2011

Respectfully submitted,

By: /s/ Randall L. Manvitz
*Attorneys for Ameriquest Mortgage Company and*
*Ameriquest Mortgage Company*

Bernard E. LeSage, Esq. (admitted *pro hac vice*)
Randall L. Manvitz, Esq. (admitted *pro hac vice*)
BUCHALTER NEMER
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

## <u>CERTIFICATE OF SERVICE</u>

I, Randall Manvitz, hereby certify that on this 9th day of December 2011, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Randall Manvitz

# Exhibit 1

 **BuchalterNemer**
A Professional Law Corporation

333 MARKET STREET, 25TH FLOOR, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

October 26, 2011

Lloyd Brooks
The Brooks Law Firm
18110 Dixie Highway, Ste. 2N
Homewood, IL 60430

Re:     Overdue Discovery Responses

Dear Mr. Brooks:

The following discovery requests are overdue:

- Ameriquest Mortgage Company's Interrogatories (Set One) to Arthur Coleman

- Ameriquest Mortgage Company's Interrogatories (Set One) to Geraldine W. Holt

- Ameriquest Mortgage Company's Interrogatories (Set One) to Dwayne McLin

- Ameriquest Mortgage Company's Interrogatories (Set One) to Brenda Cox Moore

- Ameriquest Mortgage Company's Interrogatories (Set One) to Ivan Sims

- Argent's Interrogatories (Set One) to Denise Swanigan

- Argent's Requests for Production (Set One) to Sarah Tucker

- Ameriquest Mortgage Company's Requests for Production (Set One) to William Yeaman

A prompt response is requested.

BuchalterNemer
Lloyd Brooks
October 26, 2011
Page 2

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By _____

Randall L. Manvitz

# Exhibit 2

**From:** Manvitz, Randall L.
**Sent:** Tuesday, November 01, 2011 10:42 AM
**To:** 'lloyd.brooks@thebrooksfirm.com'
**Subject:** Various outstanding discovery responses

Mr. Brooks,

This will confirm our phone conversation of earlier today concerning the overdue discovery requests: you will provide responses by email within seven to ten days for all outstanding discovery referenced in my prior letter, dated October 26, 2011.

Please note that the discovery responses should be substantive and without objection as all objections have been waived.

We look forward to speaking with you soon.

*Randall Manvitz*
*Sr. Counsel*
**BuchalterNemer**, A Professional Corporation
333 Market Street, 25th Floor | San Francisco, CA 94105-2126
Direct Dial: (415) 227-3644 | Cell Phone: (415) 819-0955 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900
Email: rmanvitz@buchalter.com | www.buchalter.com | Bio

1

Exhibit 3



BuchalterNemer
A Professional Law Corporation

333 MARKET STREET, 25TH FLOOR, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

November 15, 2011

Lloyd Brooks
The Brooks Law Firm
18110 Dixie Highway, Ste. 2N
Homewood, IL 60430

      Re:    Overdue Discovery Responses

Dear Mr. Brooks:

      The following discovery requests were due on October 20, 2011. After you missed the deadlines, you represented that you would provide responses in seven to ten days. However, it has now been 14 days since that representation and almost two months since they were due and I have not heard anything from you. Similarly, the discovery requests due on November 3, 2011 have been ignored.

      We again request that you promptly provide substantive discovery responses. If we have not received an adequate assurance that you will respond to the outstanding discovery, we will be forced to file motions to compel.

- Ameriquest Mortgage Company's Interrogatories (Set One) to Arthur Coleman (Due on October 20, 2011)

- Ameriquest Mortgage Company's Interrogatories (Set One) to Geraldine W. Holt (Due on October 20, 2011)

- Ameriquest Mortgage Company's Interrogatories (Set One) to Dwayne McLin (Due on October 20, 2011)

- Ameriquest Mortgage Company's Interrogatories (Set One) to Brenda Cox Moore (Due on October 20, 2011)

- Ameriquest Mortgage Company's Interrogatories (Set One) to Ivan Sims (Due on October 20, 2011)

- Argent's Interrogatories (Set One) to Denise Swanigan (Due on October 20, 2011)

- Argent's Requests for Production (Set One) to Sarah Tucker (Due on October 20, 2011)

BN 10458286v1

BuchalterNemer
Lloyd Brooks
November 15, 2011
Page 2

- Ameriquest Mortgage Company's Requests for Production (Set One) to William Yeaman (Due on October 20, 2011)

- Ameriquest Mortgage Company's Requests for Production (Set One) to Arthur Coleman (Due on November 3, 2011)

- Argent Mortgage Company's Requests for Production (Set One) to Denise Swanigan (Due on November 3, 2011)

- Ameriquest Mortgage Company's Requests for Production (Set One) to Geraldine W. Holt (Due on November 3, 2011)

I will generally be in the office all week. Call me as soon as you are available to let me know whether you intend to respond and when.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By

Randall L. Manvitz

# Exhibit 4



**BuchalterNemer**
A Professional Law Corporation

333 MARKET STREET, 25TH FLOOR, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: rmanvitz@buchalter.com

November 22, 2011

VIA FACSIMILE: 708.841.8080

Lloyd Brooks
The Brooks Law Firm
18110 Dixie Highway, Ste. 2N
Homewood, IL 60430

Re:    Following up on Overdue Discovery Responses

Dear Mr. Brooks:

You previously represented that the discovery responses would be provided by November 1, 2011. Since then, you have been silent and have not responded to my follow-up correspondence imploring that you respond, or alternatively, to let us know a time in the near future when you will provide discovery responses.

While you are ignoring my communications and discovery requests, you have plenty of time to propound discovery, file motions in related cases, and send terse letters. Thus, your delay appears to be a litigation strategy.

If you will not communicate about the outstanding discovery, we will have no choice but to move to compel, promptly. Again, we hope that will not be necessary but if you don't respond to my communications, what choice do I have?

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By

Randall L. Manvitz

# Exhibit 5



**BuchalterNemer**
A Professional Law Corporation

333 MARKET STREET, 25TH FLOOR, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: rmanvitz@buchalter.com

December 6, 2011

**VIA FACSIMILE: (708) 841-8080**

Lloyd Brooks
The Brooks Law Firm
18110 Dixie Highway, Ste. 2N
Homewood, IL 60430

Re:    Sarah Tucker v. Argent Mortgage Co., 08CV992

Dear Mr. Brooks:

This letter responds to yours received on November 23, 2011 and dated November 17, 2011 in which you inquired whether Argent would respond to Sarah Tucker's outstanding discovery "without court intervention." Your threat of court intervention seems premature given that the discovery requests were previously stayed pending mediation in the MDL. Your recent letter is the first time that you have suggested that you desired responses following the discovery stay. That being said, we will have responses to your discovery requests within 30 days from today.

Your letter also references the requests for production propounded by Argent in September. As explained earlier, you failed to timely respond and waived any objections to those requests. A motion to compel will be forthcoming unless we promptly hear from you that you will provide responses.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By

Randall L. Manvitz

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTHUR COLEMAN and ETHELYN
COLEMAN,

        Plaintiff,

    vs.

AMERIQUEST MORTGAGE COMPANY,
ACC CAPITAL HOLDINGS
CORPORATION, AMC MORTGAGE
SERVICES, INC. and DOES 1 – 5,

        Defendants.

Case No. 07-cv-2459

**DEFENDANT AMERIQUEST
MORTGAGE COMPANY'S
INTERROGATORIES (SET ONE)
PROPOUNDED UPON ARTHUR
COLEMAN**

**PROPOUNDING PARTY:** Defendant AMERIQUEST MORTGAGE COMPANY

**RESPONDING PARTY:** Plaintiff ARTHUR COLEMAN

**SET NO.:** ONE (1)

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST"), hereby requests that plaintiff ARTHUR COLEMAN answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.
## DEFINITIONS AND INSTRUCTIONS

    1.    "Ameriquest" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

    2.    The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the closing that is the subject matter of Your Complaint.

3.    "Communications" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

4.    "Complaint" means the Complaint filed by You in this Action, on or about May 3, 2007.

5.    "Defendant" means Ameriquest Mortgage Company, its employees, agents, and assigns.

6.    A request to "Describe" the use of the Loan Proceeds related to the Closing is a request to state:

    (a)    the amount of the Loan Proceeds from the Closing;

    (b)    all purposes for which the Loan Proceeds were used;

    (c)    the name and address of each Person who received any portion of the Loan Proceeds related to the Closing and the amount of the total Loan Proceeds the Person received;

    (d)    the date on which the Loan Proceeds related to the Closing were provided to that Person;

    (e)    the purpose of providing that Person a portion of the Loan Proceeds related to the Closing; and

    (f)    the purpose disclosed by you to Ameriquest for the use of the Loan Proceeds.

7.    A request to "Describe" how property, including the Property that is the subject of your Complaint, has been "Used" is a request to state:

    (a)    the dates during which you have resided on the property;

    (b)    during the time you resided on the property, the date of any period of time greater than two weeks in duration in which you were not present on the property, including the reason for your absence;

    (c)    the identity of any Person who has occupied any portion of the property on or since the date you first entered into a secured transaction with Defendant;

    (d)    whether the property has been used exclusively by you;

    (e)    whether the property was used by you exclusively for residential purposes;

    (f)    whether any portion of the property was rented or leased to any other

Person, and if so, the identity of the Person, the dates of the rental or lease, a description of the portion of the property leased, and the total amount paid to you under the terms of the lease; and

(g)    whether any portion of the property was used for any business or commercial purpose, and if so, the identity of the persons engaged in the business or commercial purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment you received as a result of this use.

8.    "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

9.    "Identify" means:

(a)    when used in connection with a Person, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this action and from 2000 to the present date;

(b)    when used in connection with a Document, means to classify the Document by date, substance and content, and to Identify all Persons who participated in or were present during the creation and/or maintenance of the Document;

(c)    when used in connection with Communications, means to classify the

Communication by type (face-to-face, telephone, email, etc.), date, substance and content with specificity, and to Identify all Persons who participated in the Communication; and

      (d)     when used in connection with an event or facts supporting an allegation, means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all Persons involved in the event, and (iii) state the date and place of the occurrence.

      10.     The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

      11.     The term "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

      12.     The term "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

      13.     "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

      14.     The term "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

      15.     "Property" means real estate which was security for any loan You received from Defendants.

      16.     "You" and "Your" means Arthur Coleman, his agents, employees and all other persons acting or purporting to act on his behalf.

      17.     In lieu of Identifying a Document, the responding party may produce the Document or Communication itself, provided that its interrogatory response specifies with particularity the Document or Communication(s) responsive thereto.

      18.     If a Document once existed and has since been lost, destroyed, or is otherwise missing or unavailable, Plaintiff shall Identify the Document and state the details concerning the unavailability of such Document.

      19.     These interrogatories impose on Plaintiff a continuous obligation. If Plaintiff subsequently become aware of information that renders their answers to these interrogatories incomplete or inaccurate, it is required to supplement or amend its answers promptly to make

Case No. 07CV2459

**AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES TO ARTHUR COLEMAN, SET 1**
BN 9814786v3

such responses complete and accurate.

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "The 'One Week' cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protection of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long," as alleged in paragraph 30 of the Complaint.

**INTERROGATORY NO. 2:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "The 'Understanding Your Loan' further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA," as alleged in paragraph 31 of the Complaint.

**INTERROGATORY NO. 3:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Ameriquest knew that the Colemans' home was only worth $230,000 at the time of the (sic) November 23, 2005," as alleged in paragraph 47 of the Complaint.

**INTERROGATORY NO. 4:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Ameriquest purposefully made the misrepresentation regarding the value of the home to falsely inflate the loan amount to the Colemans and thereby inflate the fees and interest payments to be charged to the Colemans" as alleged in paragraph 48 of the Complaint.

**INTERROGATORY NO. 5:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that

"Ameriquest knew of the Colemans creditworthiness prior to making the representation to the Colemans that they (sic) new loan would be made at a fixed interest rate of 7.3%" as alleged in paragraph 49 of the Complaint.

**INTERROGATORY NO. 6:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Ameriquest knew at the time of making the offer to the Colemans that it would not make a fixed rate loan to the Colemans at 7.3%" as alleged in paragraph 50 of the Complaint.

**INTERROGATORY NO. 7:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "The Colemans reasonably relied upon Ameriquest's representations regarding the value of their home and the offer of the interest rate terms" as alleged in paragraph 51 of the Complaint.

**INTERROGATORY NO. 8:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "The Colemans have suffered damages from Ameriquest's misrepresentations, as now they have borrowed more money against their home than it is worth and have paid significantly more interest to Ameriquest than they were led to believe" as alleged in paragraph 52 of the Complaint.

**INTERROGATORY NO. 9:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention that any alleged wrongful act or omission by Ameriquest against You was intentional.

**INTERROGATORY NO. 10:**

Identify any and all of Your Communications with Ameriquest that form the basis for any of Your contentions in the Complaint.

**INTERROGATORY NO. 11:**

Aside from Ameriquest, did any Person at any time before or at the Closing provide You with any description of the meaning or potential consequences of any of the Loan Documents or any portion thereof? If so, identify said Person and all Communications You had with said

Person on that topic.

## INTERROGATORY NO. 12:

For each of Your Principal Dwelling(s) from January 2000 to the present, state:

(a)     the address;

(b)     the date of Your purchase or lease of it;

(c)     the dates You resided there;

(d)     Your percentage of ownership, if any;

(e)     Identify all Persons holding an ownership interest in it;

(f)     Describe how the Property has been Used from January 2000 to the present.

## INTERROGATORY NO. 13:

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar amount.

## INTERROGATORY NO. 14:

IDENTIFY each person present at the Closing.

## INTERROGATORY NO. 15:

For your contention that you received less favorable loan terms than as represented by Ameriquest state the circumstances of You learning of the less favorable term including the date and whether or not You learned of the less favorable term in advance of the Closing and/or signing of the Loan Documents.

## INTERROGATORY NO. 16:

For the document titled: "ONE WEEK CANCELLATION PERIOD DISCLOSURE," a sample of which is attached hereto, state:

(a)     the date on which You first received the document;

(b)     the date You first read all or any portion of the document;

(c)     Identify any Communication with You about the document; and

(d)     state the date on which You first understood that You had one week to rescind the loan.

## INTERROGATORY NO. 17:

Describe the manner in which You stored the Loan Documents since the Closing, including a description of each and every location where they have been stored since the Closing and all Persons who have accessed, or who have had access, to the Loan Documents since the

Closing. If any of the Loan Documents have been lost, destroyed, modified, altered, or separated from the other Loan Documents from the time of the Closing, Identify such documents, explain how or why they were lost, destroyed, modified, altered, or separated, describe what happened to the document, the date of the occurrence, and Identify all Communications reflecting, evidencing, or referring to the occurrence.

**INTERROGATORY NO. 18:**

Identify each item of damage or cost You claim Ameriquest is liable for, separately for each cause of action and for each wrongful act or omission by Ameriquest, including the dates of occurrence, amount, the total damages and show how You computed the damage.

**INTERROGATORY NO. 19:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your damage calculation.

**INTERROGATORY NO. 20:**

If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state any and all facts supporting Your contention including an identification of the means by which You intend to pay back Ameriquest and any and all steps You have taken to ensure that You are able to obtain the requisite funds to rescind the Loan.

DATED: September 16, 2011          Respectfully submitted,

By: _____

*Attorneys for Defendant* Ameriquest Mortgage
Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

# ONE WEEK CANCELLATION PERIOD

Loan Number: _____          Borrower(s): _____

Date: _____

You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have received today.

_____ believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____                    _____
Borrower/Owner                              Date

_____                    _____
Borrower/Owner                              Date

_____                    _____
Borrower/Owner                              Date

_____                    _____
Borrower/Owner                              Date

Case No. 07CV2459

**AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES TO ARTHUR COLEMAN, SET 1**
BN 9814786v3

# REQUEST TO CANCEL

I/We want to cancel loan #_____.

_____     _____

Borrower/Owner Signature                     Date

850(10/00)                                                                    **LENDER COPY**

Case No. 07CV2459
**AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES TO ARTHUR COLEMAN, SET 1**
BN 9814786v3

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and

not a party to the within action. My business address is at BUCHALTER NEMER, A

Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 16, 2011, I served the foregoing document described as:

1. **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
   INTERROGATORIES (SET ONE) PROPOUNDED UPON ARTHUR
   COLEMAN**

on all other parties and/or their attorney(s) of record to this action as follows:

| | |
|---|---|
| Lloyd J. Brooks | Counsel for Plaintiffs Arthur Colemen and |
| The Brooks Law Firm | Ethelyn Colemen |
| 18110 Dixie Hwy, Suite 2N | |
| Homewood, Illinois 60430-2252 | |
| T: 708.841.8000 | |
| F: 708.841.8080 | |
| Lloyd.brooks@thebrooksfirm.com | |

**BY MAIL**   I am readily familiar with the business' practice for collection and processing of
correspondence for mailing with the United States Postal Service. The address(es) shown above
is(are) the same as shown on the envelope. The envelope was placed for deposit in the United
States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below.
The envelope was sealed and placed for collection and mailing with first-class prepaid postage on
this date following ordinary business practices.   Service made pursuant to CCP § 1013a(3), upon
motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter
date on the envelope is more than one day after the date of deposit for mailing contained in the
affidavit.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge. Executed on September 16, 2011, at

San Francisco, California.

_____
Darlene Haun

Case No. 07CV2459
AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES TO ARTHUR COLEMAN, SET 1
BN 9814786v3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELGIN SWANIGAN, JR. AND DENISE SWANIGAN, | Case No. 07-CV-3315 |
| Plaintiffs, | **DEFENDANT ARGENT'S INTERROGATORIES (SET ONE) PROPOUNDED UPON DENISE SWANIGAN** |
| vs. | |
| ARGENT MORTGAGE COMPANY, ACC CAPITAL HOLDINGS CORPORATION, MIDWEST HOME FUNDING LLC and DOES 1 – 5, | |
| Defendants. | |

PROPOUNDING PARTY:   Defendant ARGENT MORTGAGE COMPANY

RESPONDING PARTY:   Plaintiff DENISE SWANIGAN

SET NO.:          ONE (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant ARGENT MORTGAGE COMPANY ("ARGENT"), hereby requests that plaintiff DENISE SWANIGAN answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.
## DEFINITIONS AND INSTRUCTIONS

1.     "Argent" means Argent Mortgage Company, its agents, employees, and all persons acting on its behalf.

2.     The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the closing that is the subject matter of Your Complaint.

3.     "Communications" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

4.     "Complaint" means the Complaint filed by You in this Action, on or about May 3, 2007.

5.     "Defendant" means Argent Mortgage Company, its employees, agents, and assigns.

6.     A request to "Describe" the use of the Loan Proceeds related to the Closing is a request to state:

    (a)     the amount of the Loan Proceeds from the Closing;

    (b)     all purposes for which the Loan Proceeds were used;

    (c)     the name and address of each Person who received any portion of the Loan Proceeds related to the Closing and the amount of the total Loan Proceeds the Person received;

    (d)     the date on which the Loan Proceeds related to the Closing were provided to that Person;

    (e)     the purpose of providing that Person a portion of the Loan Proceeds related to the Closing; and

    (f)     the purpose disclosed by you to Argent for the use of the Loan Proceeds.

7.     A request to "Describe" how property, including the Property that is the subject of your Complaint, has been "Used" is a request to state:

    (a)     the dates during which you have resided on the property;

    (b)     during the time you resided on the property, the date of any period of time greater than two weeks in duration in which you were not present on the property, including the reason for your absence;

    (c)     the identity of any Person who has occupied any portion of the property on or since the date you first entered into a secured transaction with Defendant;

    (d)     whether the property has been used exclusively by you;

    (e)     whether the property was used by you exclusively for residential purposes;

    (f)     whether any portion of the property was rented or leased to any other Person, and if so, the identity of the Person, the dates of the rental or lease, a description of the

portion of the property leased, and the total amount paid to you under the terms of the lease; and

      (g)   whether any portion of the property was used for any business or commercial purpose, and if so, the identity of the persons engaged in the business or commercial purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment you received as a result of this use.

      8.   "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

      9.   "Identify" means:

      (a)   when used in connection with a Person, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this action and from 2000 to the present date;

      (b)   when used in connection with a Document, means to classify the Document by date, substance and content, and to Identify all Persons who participated in or were present during the creation and/or maintenance of the Document;

      (c)   when used in connection with Communications, means to classify the Communication by type (face-to-face, telephone, email, etc.), date, substance and content with

ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO DENISE SWANIGAN, SET 1

specificity, and to Identify all Persons who participated in the Communication; and

        (d)    when used in connection with an event or facts supporting an allegation, means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all Persons involved in the event, and (iii) state the date and place of the occurrence.

        10.    The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

        11.    The term "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

        12.    The term "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

        13.    "Person" or "Persons" means any natural Person, or any legal entity or organization, including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

        14.    The term "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

        15.    "Property" means real estate which was security for any loan You received from Defendants.

        16.    "You" and "Your" means Arthur Coleman, his agents, employees and all other persons acting or purporting to act on his behalf.

        17.    In lieu of Identifying a Document, the responding party may produce the Document or Communication itself, provided that its interrogatory response specifies with particularity the Document or Communication(s) responsive thereto.

        18.    If a Document once existed and has since been lost, destroyed, or is otherwise missing or unavailable, Plaintiff shall Identify the Document and state the details concerning the unavailability of such Document.

        19.    These interrogatories impose on Plaintiff a continuous obligation. If Plaintiff subsequently become aware of information that renders their answers to these interrogatories incomplete or inaccurate, it is required to supplement or amend its answers promptly to make such responses complete and accurate.

Case No. 07CV3315
ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO DENISE SWANIGAN, SET 1
BN 9886951v3

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "In an effort to increase its profits through higher interest payments from its borrowers and higher selling prices for the loans it sells, Argent encourages mortgage brokers to arrange for loans to borrowers with higher than 'par rate' interest rates" as alleged in paragraph 13 of the Complaint.

**INTERROGATORY NO. 2:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Midwest Home Funding does not reveal to its customers that they are paying higher than "par rate" interest rates. Midwest Home Funding does not reveal to its customers that they qualify for lower interest rates. Midwest Home Funding does not reveal that they are being paid a yield spread premium or why they are being paid a yield spread premium" as alleged in paragraph 18 of the Complaint.

**INTERROGATORY NO. 3:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Argent is aware that its mortgage brokers, including Midwest Home Funding, do not reveal the nature or purpose of the yield spread premium that the mortgage broker is receiving and that mortgage brokers, including Midwest Home Funding, induce borrowers to enter into loan agreements with Argent by using fraud and deceit, including misrepresentations and concealment of material facts regarding the existence, nature, and purpose of the yield spread premium and the increased interest rate the borrower is paying" as alleged in paragraph 19 of the Complaint.

**INTERROGATORY NO. 4:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "... Argent and Midwest Home Funding had previously entered into the above described scheme whereby Midwest Home Funding would refer increased interest rate loan business to Argent in exchange for Argent providing Midwest Home Funding with a yield spread premium for such referrals" as

Case No. 07CV3315
ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO DENISE SWANIGAN, SET 1
BN 9886951v3

alleged in paragraph 24 of the Complaint.

**INTERROGATORY NO. 5:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "... the payment of the yield spread premium is a kickback from Argent to Midwest Home Funding for the referral of business and also for the agreement to increase the interest rate on the borrower above that which the borrower might otherwise qualify for" as alleged in paragraph 26 of the Complaint.

**INTERROGATORY NO. 6:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that the Swanigans "qualified for an interest rate lower than the one he was charged for the subject loan" as alleged in paragraph 27 of the Complaint. .

**INTERROGATORY NO. 7:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "The amount of total compensation paid to Midwest Home Funding did not reasonably relate to the value of the services provided by Midwest Home Funding and is in excess of what a reasonable mortgage broker should be paid in a similar transaction" as alleged in paragraph 30 of the Complaint.

**INTERROGATORY NO. 8:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Midwest Home Funding was in a position of trust as to the Swanigans in acting as their agent for the purpose of procuring financing for the purchase of the subject property" as alleged in paragraph 33 of the Complaint.

**INTERROGATORY NO. 9:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Argent offered Midwest Home Funding a yield spread premium payment in exchange for referring the Swanigans's loan application to them and for the increased interest rate charged to the

Case No. 07CV3315

ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO DENISE SWANIGAN, SET 1

BN 9886951v3

Swanigans above the rate at which the Swanigans would otherwise qualify" as alleged in paragraph 43 of the Complaint.

**INTERROGATORY NO. 10:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that "Due to Argent's scheme with Midwest Home Funding and inducement by Argent to Midwest Home Funding to breach its fiduciary duties, the Swanigans suffered substantial damages including the higher interest payments on the subject loan than would otherwise be necessary and the payment of exorbitant and unlawful fees to Midwest Home Funding" as alleged in paragraph 46 of the Complaint.

**INTERROGATORY NO. 11:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention that any alleged wrongful act or omission by Argent against You was intentional.

**INTERROGATORY NO. 12:**

Identify any and all of Your Communications with Midwest Home Funding that form the basis for any of Your contentions in the Complaint.

**INTERROGATORY NO. 13:**

Identify any and all of Your Communications with Midwest Home Funding for the Loan or any other loan or potential loan including but not limited to describing which property the communication related to, the date, and purpose of the communication.

**INTERROGATORY NO. 14:**

Identify any and all of Your Communications with a mortgage broker at any time form January 1, 2002 to January 1, 2006.

**INTERROGATORY NO. 15:**

For any real estate owned by you at any time from January 1, 2002 to January 1, 2008, state (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; (d) Identify all Persons leasing or using the property and dates thereof; and (e) Describe how the Property has been Used from January 2000 to the present.

**INTERROGATORY NO. 16:**

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar

amount.

**INTERROGATORY NO. 17:**

IDENTIFY each person present at the Closing.

**INTERROGATORY NO. 18:**

Describe the manner in which You stored the Loan Documents since the Closing, including a description of each and every location where they have been stored since the Closing and all Persons who have accessed, or who have had access, to the Loan Documents since the Closing. If any of the Loan Documents have been lost, destroyed, modified, altered, or separated from the other Loan Documents from the time of the Closing, Identify such documents, explain how or why they were lost, destroyed, modified, altered, or separated, describe what happened to the document, the date of the occurrence, and Identify all Communications reflecting, evidencing, or referring to the occurrence.

**INTERROGATORY NO. 19:**

Identify any loan terms which were available to you and which you qualified for which were better than those you agreed to as part of the Loan including but not limited to Identifying the lender, the interest rate, closing costs, and all other material terms.

**INTERROGATORY NO. 20:**

Identify each item of damage or cost You claim any defendant in this action is liable for, separately for each cause of action, including the dates of occurrence, amount, the total damages and show how You computed the damage.

**INTERROGATORY NO. 21:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your damage calculation.

**INTERROGATORY NO. 22:**

If you contend that there is any valid reason for waiting more than three years beyond the date of the closing to file the Complaint, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

**INTERROGATORY NO. 23:**

If you contend that the compensation received by Midwest Home Funding LLC for the Loan was above market rates in the same area for similar services, Identify all facts, including all

Case No. 07CV3315
ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO DENISE SWANIGAN, SET 1
BN 9886951v3

related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

DATED: September 21, 2011                    Respectfully submitted,

                                             By: _____

                                             *Attorneys for Defendant* Argent Mortgage
                                             Company

                                             Randall L. Manvitz (admitted *pro hac vice*)
                                             Buchalter Nemer
                                             333 Market Street, 25th Floor
                                             San Francisco, California 94105
                                             Telephone: (415) 227-0900
                                             Facsimile: (415) 227-0770

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 21, 2011, I served the foregoing document described as:

**1. DEFENDANT ARGENT'S INTERROGATORIES (SET ONE) PROPOUNDED UPON DENISE SWANIGAN**

on all other parties and/or their attorney(s) of record to this action as follows:

The Brooks Law Firm
18110 Dixie Highway
Suite 2N
Homewood, IL 60430
T: 708.841.8000
F: 708.841.8080
lloyd.brooks@thebrooksfirm.com

Counsel for Plaintiffs Elgin Swanigan, Jr. and Denise Swanigan

BY OVERNIGHT DELIVERY   On the date set forth below I placed the Overnite Express package for overnight delivery in a box or location regularly maintained by Overnite Express at my office, or I delivered the package to an authorized courier or driver authorized by Overnite Express to receive documents. The package was placed in a sealed envelope or package designated by Overnite Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, as last given by that person on any document filed in the cause; otherwise at that party's place of residence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on September 21, 2011, at San Francisco, California.

Heidi Bennett

Case No. 07CV3315
**ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO DENISE SWANIGAN, SET 1**
BN 9886951v3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GERALDINE W. HOLT,

               Plaintiff,

      v.

AMERIQUEST MORTGAGE
COMPANY,

               Defendant.

CASE NO. 07CV3843

**DEFENDANT AMERIQUEST
MORTGAGE COMPANY'S
INTERROGATORIES (SET ONE)
PROPOUNDED UPON GERALDINE
HOLT**

**PROPOUNDING PARTY: Defendant AMERIQUEST MORTGAGE COMPANY**

**RESPONDING PARTY:**   **Plaintiff GERALDINE W. HOLT**

**SET NO.:**          **ONE (1)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST"), hereby requests that plaintiff GERALDINE HOLT answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.
## DEFINITIONS AND INSTRUCTIONS

1.     "Ameriquest" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

2.     The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the closing that is the subject matter of Your Complaint.

3.     "Communications" means and includes correspondence, conversations, and all

BN 9864334v1

other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

4.     "Complaint" means the most recent complaint filed by You in this Action.

5.     "Defendant" means Ameriquest Mortgage Company, its employees, agents, and assigns.

6.     A request to "Describe" the use of the Loan Proceeds related to the Closing is a request to state:

   (a)     the amount of the Loan Proceeds from the Closing;

   (b)     all purposes for which the Loan Proceeds were used;

   (c)     the name and address of each Person who received any portion of the Loan Proceeds related to the Closing and the amount of the total Loan Proceeds the Person received;

   (d)     the date on which the Loan Proceeds related to the Closing were provided to that Person; and

   (e)     the purpose of providing that Person a portion of the Loan Proceeds related to the Closing.

7.     A request to "Describe" how property, including the Property that is the subject of your Complaint, has been "Used" is a request to state:

   (a)     the dates during which you have resided on the property;

   (b)     during the time you resided on the property, the date of any period of time greater than two weeks in duration in which you were not present on the property, including the reason for your absence;

   (c)     the identity of any Person who has occupied any portion of the property on or since the date you first entered into a secured transaction with Defendant;

   (d)     whether the property has been used exclusively by you;

   (e)     whether the property was used by you exclusively for residential purposes;

   (f)     whether any portion of the property was rented or leased to any other Person, and if so, the identity of the Person, the dates of the rental or lease, a description of the portion of the property leased, and the total amount paid to you under the terms of the lease; and

   (g)     whether any portion of the property was used for any business or commercial purpose, and if so, the identity of the persons engaged in the business or commercial

Case No. 07CV3843
AMERIQUEST'S INTERROGATORIES TO GERALDINE HOLT SET 1

BN 9864334v1

purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment you received as a result of this use.

8.      "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

9.    "Identify" means:

(a)    when used in connection with a Person, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this action and from 2000 to the present date;

(b)    when used in connection with a Document, means to classify the Document by date, substance and content, and to Identify all Persons who participated in or were present during the creation and/or maintenance of the Document;

(c)    when used in connection with Communications, means to classify the Communication by type (face-to-face, telephone, email, etc.), date, substance and content with specificity, and to Identify all Persons who participated in the Communication; and

(d)    when used in connection with an event or facts supporting an allegation, means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all Persons

involved in the event, and (iii) state the date and place of the occurrence.

10.    The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

11.    The term "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

12.    The term "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

13.    "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

14.    The term "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time but also includes 848 S. Poplar, Elmhurst, Illinois and 1411 W. Harrison.

15.    "Property" means real estate which was security for any loan You received from Defendants.

16.    "You" and "Your" means Geraldine Holt, her agents, employees and all other persons acting or purporting to act on her behalf.

17.    In lieu of Identifying a Document, the responding party may produce the Document or Communication itself, provided that its interrogatory response specifies with particularity the Document or Communication(s) responsive thereto.

18.    If a Document once existed and has since been lost, destroyed, or is otherwise missing or unavailable, Plaintiff shall Identify the Document and state the details concerning the unavailability of such Document.

19.    These interrogatories impose on Plaintiff a continuous obligation.  If Plaintiff subsequently become aware of information that renders their answers to these interrogatories incomplete or inaccurate, it is required to supplement or amend its answers promptly to make such responses complete and accurate.

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**

    Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that Ameriquest violated the Truth in Lending Act by providing the document titled "Understanding Your Loan" as alleged in paragraphs 13 and 15 of the Complaint.

**INTERROGATORY NO. 2:**

    Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that Ameriquest violated the Truth in Lending Act by providing the document titled "One Week Cancellation Period" as alleged in paragraph 14 of the Complaint.

**INTERROGATORY NO. 3:**

    Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention, if any, that any alleged wrongful act or omission by Ameriquest against You was intentional.

**INTERROGATORY NO. 4:**

    Identify any and all of Your Communications with Ameriquest that form the basis for any of Your contentions in the Complaint.

**INTERROGATORY NO. 5:**

    Aside from Ameriquest, did any Person at any time before or at the Closing provide You with any description of the meaning or potential consequences of any of the Loan Documents or any portion thereof? If so, identify said Person and all Communications You had with said Person on that topic.

**INTERROGATORY NO. 6:**

    For each of Your Principal Dwelling(s) from January 2000 to the present including 848 S. Poplar, Elmhurst, Illinois and 1411 W. Harrison, Chicago, Illinois, Describe how the Property has been Used from January 2000 to the present including but not limited to: (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; (d) Identify all renters and dates thereof; and e) Identify all Persons holding an ownership interest in it.

**INTERROGATORY NO. 7:**

For each year from 2003 to the present, what property address did you identify to others as your primary residence?

**INTERROGATORY NO. 8:**

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar amount.

**INTERROGATORY NO. 9:**

IDENTIFY each person present at the Closing.

**INTERROGATORY NO. 10:**

For the document titled: "ONE WEEK CANCELLATION PERIOD DISCLOSURE," a sample of which is attached hereto, state:

     (a)     the date on which You first received the document;

     (b)     the date You first read all or any portion of the document;

     (c)     Identify any Communication with You about the document; and

     (d)     state the date on which You first understood that You had one week to rescind the loan.

**INTERROGATORY NO. 11:**

Identify each item of damage or cost You claim Ameriquest is liable for, separately for each cause of action and for each wrongful act or omission by Ameriquest, including the dates of occurrence, amount, the total damages and show how You computed the damage.

**INTERROGATORY NO. 12:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your damage calculation.

**INTERROGATORY NO. 13:**

If you contend that there is any valid reason for waiting three years beyond the date of the closing to file the Complaint, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

**INTERROGATORY NO. 14:**

If you contend that you have any valid reason for not including this lawsuit against Ameriquest, 07CV3843, in your bankruptcy petition and schedules and statement of financial

BN 9864334v1

affairs, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

DATED: September 6, 2011

Respectfully submitted,

By: _____

*Attorneys for Defendant* Ameriquest Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

# ONE WEEK CANCELLATION PERIOD

Loan Number: _____        Borrower(s): _____

Date: _____

You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have received today.

_____ believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.
If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____        _____
Borrower/Owner        Date

_____        _____
Borrower/Owner        Date

_____        _____
Borrower/Owner        Date

_____        _____
Borrower/Owner        Date

## REQUEST TO CANCEL

I/We want to cancel loan #_____

_____        _____
Borrower/Owner Signature        Date

850(10/00)        **LENDER COPY**

8        Case No. 07CV3843
AMERIQUEST'S INTERROGATORIES TO GERALDINE HOLT SET 1

BN 9864334v1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and

not a party to the within action. My business address is at BUCHALTER NEMER, A

Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 6, 2011, I served the foregoing document described as:

1. **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
   INTERROGATORIES (SET ONE) PROPOUNDED UPON GERALDINE
   HOLT**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks                        Counsel for Plaintiff
The Brooks Law Firm
15008 Woodlawn Ave.
Dolton, Illinois 60419
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

BY MAIL   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge. Executed on September 6, 2011, at

San Francisco, California.

*Heidi Bennett*
Heidi Bennett

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DWAYNE McLIN and BRIDGETTE McLIN,

                Plaintiffs,

        v.

AMERIQUEST MORTGAGE COMPANY, et al.,

                Defendants.

Case No.: 07CV2460

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES (SET ONE) PROPOUNDED UPON DWAYNE MCLIN**

**PROPOUNDING PARTY:** Defendant **AMERIQUEST MORTGAGE COMPANY**

**RESPONDING PARTY:** Plaintiff **DWAYNE MCLIN**

**SET NO.:**            **ONE (1)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST"), hereby requests that plaintiff DWAYNE MCLIN answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.
## DEFINITIONS AND INSTRUCTIONS

1.    "Ameriquest" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

2.    The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the closing that is the subject matter of Your Complaint.

3. "Communications" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

4. "Complaint" means the most recent complaint filed by You in this Action.

5. "Defendant" means Ameriquest Mortgage Company, its employees, agents, and assigns.

6. A request to "Describe" the use of the Loan Proceeds related to the Closing is a request to state:

(a)     the amount of the Loan Proceeds from the Closing;

(b)     all purposes for which the Loan Proceeds were used;

(c)     the name and address of each Person who received any portion of the Loan Proceeds related to the Closing and the amount of the total Loan Proceeds the Person received;

(d)     the date on which the Loan Proceeds related to the Closing were provided to that Person; and

(e)     the purpose of providing that Person a portion of the Loan Proceeds related to the Closing.

7. A request to "Describe" how property, including the Property that is the subject of your Complaint, has been "Used" is a request to state:

(a)     the dates during which you have resided on the property;

(b)     during the time you resided on the property, the date of any period of time greater than two weeks in duration in which you were not present on the property, including the reason for your absence;

(c)     the identity of any Person who has occupied any portion of the property on or since the date you first entered into a secured transaction with Defendant;

(d)     whether the property has been used exclusively by you;

(e)     whether the property was used by you exclusively for residential purposes;

(f)     whether any portion of the property was rented or leased to any other Person, and if so, the identity of the Person, the dates of the rental or lease, a description of the portion of the property leased, and the total amount paid to you under the terms of the lease; and

(g)     whether any portion of the property was used for any business or

commercial purpose, and if so, the identity of the persons engaged in the business or commercial purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment you received as a result of this use.

8.     "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

9.     "Identify" means:

(a)     when used in connection with a Person, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this action and from 2000 to the present date;

(b)     when used in connection with a Document, means to classify the Document by date, substance and content, and to Identify all Persons who participated in or were present during the creation and/or maintenance of the Document;

(c)     when used in connection with Communications, means to classify the Communication by type (face-to-face, telephone, email, etc.), date, substance and content with specificity, and to Identify all Persons who participated in the Communication; and

(d)     when used in connection with an event or facts supporting an allegation,

means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all Persons involved in the event, and (iii) state the date and place of the occurrence.

10.     The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

11.     The term "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

12.     The term "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

13.     "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

14.     The term "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

15.     "Property" means real estate which was security for any loan You received from Defendants.

16.     "You" and "Your" means Dwayne Mclin, his agents, employees and all other persons acting or purporting to act on his behalf.

17.     In lieu of Identifying a Document, the responding party may produce the Document or Communication itself, provided that its interrogatory response specifies with particularity the Document or Communication(s) responsive thereto.

18.     If a Document once existed and has since been lost, destroyed, or is otherwise missing or unavailable, Plaintiff shall Identify the Document and state the details concerning the unavailability of such Document.

19.     These interrogatories impose on Plaintiff a continuous obligation. If Plaintiff subsequently become aware of information that renders their answers to these interrogatories incomplete or inaccurate, it is required to supplement or amend its answers promptly to make such responses complete and accurate.

Case No. 07CV2460
AMERIQUEST'S INTERROGATORIES TO DWAYNE MCLIN SET 1

BN 9864336v1

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that Ameriquest violated the Truth in Lending Act by providing the document titled "Understanding Your Loan" as alleged in paragraph 20 of the Complaint.

**INTERROGATORY NO. 2:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that Ameriquest violated the Truth in Lending Act by providing the document titled "One Week Cancellation Period" as alleged in paragraph 19 of the Complaint.

**INTERROGATORY NO. 3:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention, if any, that any alleged wrongful act or omission by Ameriquest against You was intentional.

**INTERROGATORY NO. 4:**

Identify any and all of Your Communications with Ameriquest that form the basis for any of Your contentions in the Complaint.

**INTERROGATORY NO. 5:**

Aside from Ameriquest, did any Person at any time before or at the Closing provide You with any description of the meaning or potential consequences of any of the Loan Documents or any portion thereof? If so, identify said Person and all Communications You had with said Person on that topic.

**INTERROGATORY NO. 6:**

For each of Your Principal Dwelling(s) from January 2000 to the present, Describe how the Property has been Used from January 2000 to the present including but not limited to: (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; and d) Identify all Persons holding an ownership interest in it.

**INTERROGATORY NO. 7:**

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar

BN 9864336v1

amount.

## INTERROGATORY NO. 8:

IDENTIFY each person present at the Closing.

## INTERROGATORY NO. 9:

For the document titled: "ONE WEEK CANCELLATION PERIOD DISCLOSURE," a sample of which is attached hereto, state:

(a)     the date on which You first received the document;

(b)     the date You first read all or any portion of the document;

(c)     Identify any Communication with You about the document; and

(d)     state the date on which You first understood that You had one week to rescind the loan.

## INTERROGATORY NO. 10:

Describe the manner in which You stored the Loan Documents since the Closing, including a description of each and every location where they have been stored since the Closing and all Persons who have accessed, or who have had access, to the Loan Documents since the Closing. If any of the Loan Documents have been lost, destroyed, modified, altered, or separated from the other Loan Documents from the time of the Closing, Identify such documents, explain how or why they were lost, destroyed, modified, altered, or separated, describe what happened to the document, the date of the occurrence, and Identify all Communications reflecting, evidencing, or referring to the occurrence.

## INTERROGATORY NO. 11:

Identify each item of damage or cost You claim Ameriquest is liable for, separately for each cause of action and for each wrongful act or omission by Ameriquest, including the dates of occurrence, amount, the total damages and show how You computed the damage.

## INTERROGATORY NO. 12:

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your damage calculation.

## INTERROGATORY NO. 13:

If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state any and all facts supporting Your contention including an identification of the means by which You intend to pay back Ameriquest and any

BN 9864336v1

and all steps You have taken to ensure that You are able to obtain the requisite funds to rescind the Loan.

**INTERROGATORY NO. 14:**

If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state Your assets, liabilities, and annual income for the years 2010 through the present.

**INTERROGATORY NO. 15:**

If you contend that you have any valid reason for not including this lawsuit against Ameriquest, 07CV2460, in your bankruptcy petition and schedules and statement of financial affairs, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

DATED: September 6, 2011

Respectfully submitted,

By: _____

*Attorneys for Defendant* Ameriquest Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

# ONE WEEK CANCELLATION PERIOD

Loan Number: _____     Borrower(s): _____

Date: _____

You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have received today.

_____ believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____     _____
Borrower/Owner                        Date

_____     _____
Borrower/Owner                        Date

_____     _____
Borrower/Owner                        Date

_____     _____
Borrower/Owner                        Date

## REQUEST TO CANCEL

I/We want to cancel loan # _____.

_____     _____
Borrower/Owner Signature              Date

850(10/00)                                        **LENDER COPY**

BN 9864336v1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and

not a party to the within action. My business address is at BUCHALTER NEMER, A

Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 6, 2011, I served the foregoing document described as:

1. **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
   INTERROGATORIES (SET ONE) PROPOUNDED UPON DWAYNE MCLIN**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks                              Counsel for Plaintiff
The Brooks Law Firm
15008 Woodlawn Ave.
Dolton, Illinois 60419
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

BY MAIL    I am readily familiar with the business' practice for collection and processing of
correspondence for mailing with the United States Postal Service. The address(es) shown above
is(are) the same as shown on the envelope. The envelope was placed for deposit in the United
States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below.
The envelope was sealed and placed for collection and mailing with first-class prepaid postage on
this date following ordinary business practices.  Service made pursuant to CCP § 1013a(3), upon
motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter
date on the envelope is more than one day after the date of deposit for mailing contained in the
affidavit.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge. Executed on September 6, 2011, at

San Francisco, California.

_Heidi Bennett_
Heidi Bennett

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENDA COX MOORE,

Plaintiff,

v.

AMERIQUEST MORTGAGE
COMPANY, et al.,

Defendants.

Case No.: 07CV1817

**DEFENDANT AMERIQUEST
MORTGAGE COMPANY'S
INTERROGATORIES (SET ONE)
PROPOUNDED UPON BRENDA C.
MOORE**

**PROPOUNDING PARTY:** Defendant AMERIQUEST MORTGAGE COMPANY

**RESPONDING PARTY:** Plaintiff BRENDA C. MOORE

**SET NO.:** ONE (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST"), hereby requests that plaintiff BRENDA C. MOORE answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.
## DEFINITIONS AND INSTRUCTIONS

1. "Ameriquest" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

2. The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the closing that is the subject matter of Your Complaint.

3.     "Communications" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

4.     "Complaint" means the most recent complaint filed by You in this Action.

5.     "Defendant" means Ameriquest Mortgage Company, its employees, agents, and assigns.

6.     A request to "Describe" the use of the Loan Proceeds related to the Closing is a request to state:

      (a)     the amount of the Loan Proceeds from the Closing;

      (b)     all purposes for which the Loan Proceeds were used;

      (c)     the name and address of each Person who received any portion of the Loan Proceeds related to the Closing and the amount of the total Loan Proceeds the Person received;

      (d)     the date on which the Loan Proceeds related to the Closing were provided to that Person; and

      (e)     the purpose of providing that Person a portion of the Loan Proceeds related to the Closing.

7.     A request to "Describe" how property, including the Property that is the subject of your Complaint, has been "Used" is a request to state:

      (a)     the dates during which you have resided on the property;

      (b)     during the time you resided on the property, the date of any period of time greater than two weeks in duration in which you were not present on the property, including the reason for your absence;

      (c)     the identity of any Person who has occupied any portion of the property on or since the date you first entered into a secured transaction with Defendant;

      (d)     whether the property has been used exclusively by you;

      (e)     whether the property was used by you exclusively for residential purposes;

      (f)     whether any portion of the property was rented or leased to any other Person, and if so, the identity of the Person, the dates of the rental or lease, a description of the portion of the property leased, and the total amount paid to you under the terms of the lease; and

      (g)     whether any portion of the property was used for any business or

commercial purpose, and if so, the identity of the persons engaged in the business or commercial purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment you received as a result of this use.

8.      "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

9.      "Identify" means:

(a)      when used in connection with a Person, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this action and from 2000 to the present date;

(b)      when used in connection with a Document, means to classify the Document by date, substance and content, and to Identify all Persons who participated in or were present during the creation and/or maintenance of the Document;

(c)      when used in connection with Communications, means to classify the Communication by type (face-to-face, telephone, email, etc.), date, substance and content with specificity, and to Identify all Persons who participated in the Communication; and

(d)      when used in connection with an event or facts supporting an allegation,

means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all Persons involved in the event, and (iii) state the date and place of the occurrence.

10. The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

11. The term "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

12. The term "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

13. "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

14. The term "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

15. "Property" means real estate which was security for any loan You received from Defendants.

16. "You" and "Your" means Brenda C. Moore, her agents, employees and all other persons acting or purporting to act on her behalf.

17. In lieu of Identifying a Document, the responding party may produce the Document or Communication itself, provided that its interrogatory response specifies with particularity the Document or Communication(s) responsive thereto.

18. If a Document once existed and has since been lost, destroyed, or is otherwise missing or unavailable, Plaintiff shall Identify the Document and state the details concerning the unavailability of such Document.

19. These interrogatories impose on Plaintiff a continuous obligation. If Plaintiff subsequently become aware of information that renders their answers to these interrogatories incomplete or inaccurate, it is required to supplement or amend its answers promptly to make such responses complete and accurate.

Case No. 07CV1817
AMERIQUEST'S INTERROGATORIES TO BRENDA MOORE SET 1

BN 9871218v1

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that Ameriquest violated the Truth in Lending Act by providing the document titled "Understanding Your Loan" as alleged in paragraphs 20 and 22 of the Complaint.

**INTERROGATORY NO. 2:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that Ameriquest violated the Truth in Lending Act by providing the document titled "One Week Cancellation Period" as alleged in paragraphs 20 and 21 of the Complaint.

**INTERROGATORY NO. 3:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention, if any, that any alleged wrongful act or omission by Ameriquest against You was intentional.

**INTERROGATORY NO. 4:**

Identify any and all of Your Communications with Ameriquest that form the basis for any of Your contentions in the Complaint.

**INTERROGATORY NO. 5:**

Aside from Ameriquest, did any Person at any time before or at the Closing provide You with any description of the meaning or potential consequences of any of the Loan Documents or any portion thereof? If so, identify said Person and all Communications You had with said Person on that topic.

**INTERROGATORY NO. 6:**

For each of Your Principal Dwelling(s) from January 2000 to the present, Describe how the Property has been Used from January 2000 to the present including but not limited to: (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; and d) Identify all Persons holding an ownership interest in it.

**INTERROGATORY NO. 7:**

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar

amount.

## INTERROGATORY NO. 8:

IDENTIFY each person present at the Closing.

## INTERROGATORY NO. 9:

For the document titled: "ONE WEEK CANCELLATION PERIOD DISCLOSURE," a sample of which is attached hereto, state:

      (a)     the date on which You first received the document;

      (b)     the date You first read all or any portion of the document;

      (c)     Identify any Communication with You about the document; and

      (d)     state the date on which You first understood that You had one week to rescind the loan.

## INTERROGATORY NO. 10:

Describe the manner in which You stored the Loan Documents since the Closing, including a description of each and every location where they have been stored since the Closing and all Persons who have accessed, or who have had access, to the Loan Documents since the Closing. If any of the Loan Documents have been lost, destroyed, modified, altered, or separated from the other Loan Documents from the time of the Closing, Identify such documents, explain how or why they were lost, destroyed, modified, altered, or separated, describe what happened to the document, the date of the occurrence, and Identify all Communications reflecting, evidencing, or referring to the occurrence.

## INTERROGATORY NO. 11:

Identify each item of damage or cost You claim Ameriquest is liable for, separately for each cause of action and for each wrongful act or omission by Ameriquest, including the dates of occurrence, amount, the total damages and show how You computed the damage.

## INTERROGATORY NO. 12:

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your damage calculation.

## INTERROGATORY NO. 13:

If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state any and all facts supporting Your contention including an identification of the means by which You intend to pay back Ameriquest and any

and all steps You have taken to ensure that You are able to obtain the requisite funds to rescind the Loan.

**INTERROGATORY NO. 14:**

If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state Your assets, liabilities, and annual income for the years 2010 through the present.

**INTERROGATORY NO. 15:**

If you contend that there is any valid reason for waiting more than one year beyond the date of the closing to file the Complaint, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

**INTERROGATORY NO. 16:**

If you contend that you have any valid reason for not including this lawsuit against Ameriquest, 07CV1817, in your bankruptcy petition and schedules and statement of financial affairs, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

DATED: September 6, 2011

Respectfully submitted,

By: _____

*Attorneys for Defendant* Ameriquest Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

BN 9871218v1

## ONE WEEK CANCELLATION PERIOD

Loan Number: _____   Borrower(s): _____

Date: _____

You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have received today.

_____ believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____          _____
Borrower/Owner                     Date

_____          _____
Borrower/Owner                     Date

_____          _____
Borrower/Owner                     Date

_____          _____
Borrower/Owner                     Date

### REQUEST TO CANCEL

I/We want to cancel loan #_____.

_____          _____
Borrower/Owner Signature           Date

850(10/00)                                          **LENDER COPY**

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER NEMER, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 6, 2011, I served the foregoing document described as:

**1.  DEFENDANT AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES (SET ONE) PROPOUNDED UPON BRENDA C. MOORE**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks                        Counsel for Plaintiff
The Brooks Law Firm
15008 Woodlawn Ave.
Dolton, Illinois 60419
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

BY MAIL   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope.  The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.  Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on September 6, 2011, at San Francisco, California.

Heidi Bennett
Heidi Bennett

Case No. 07CV1817
AMERIQUEST'S INTERROGATORIES TO BRENDA MOORE SET 1

BN 9871218v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IVAN SIMS,

                  Plaintiff,

        v.

AMERIQUEST MORTGAGE
COMPANY, et al.,

         Defendants.

Case No.: 07CV2462

**DEFENDANT AMERIQUEST
MORTGAGE COMPANY'S
INTERROGATORIES (SET ONE)
PROPOUNDED UPON IVAN SIMS**

**PROPOUNDING PARTY: Defendant AMERIQUEST MORTGAGE COMPANY**

**RESPONDING PARTY:   Plaintiff IVAN SIMS**

**SET NO.:           ONE (1)**

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST"), hereby requests that plaintiff IVAN SIMS answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

**I.
DEFINITIONS AND INSTRUCTIONS**

      1.    "Ameriquest" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

      2.    The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the closing that is the subject matter of Your Complaint.

3.     "Communications" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

4.     "Complaint" means the most recent complaint filed by You in this Action.

5.     "Defendant" means Ameriquest Mortgage Company, its employees, agents, and assigns.

6.     A request to "Describe" the use of the Loan Proceeds related to the Closing is a request to state:

      (a)     the amount of the Loan Proceeds from the Closing;

      (b)     all purposes for which the Loan Proceeds were used;

      (c)     the name and address of each Person who received any portion of the Loan Proceeds related to the Closing and the amount of the total Loan Proceeds the Person received;

      (d)     the date on which the Loan Proceeds related to the Closing were provided to that Person; and

      (e)     the purpose of providing that Person a portion of the Loan Proceeds related to the Closing.

7.     A request to "Describe" how property, including the Property that is the subject of your Complaint, has been "Used" is a request to state:

      (a)     the dates during which you have resided on the property;

      (b)     during the time you resided on the property, the date of any period of time greater than two weeks in duration in which you were not present on the property, including the reason for your absence;

      (c)     the identity of any Person who has occupied any portion of the property on or since the date you first entered into a secured transaction with Defendant;

      (d)     whether the property has been used exclusively by you;

      (e)     whether the property was used by you exclusively for residential purposes;

      (f)     whether any portion of the property was rented or leased to any other Person, and if so, the identity of the Person, the dates of the rental or lease, a description of the portion of the property leased, and the total amount paid to you under the terms of the lease; and

      (g)     whether any portion of the property was used for any business or

2

Case No. 07CV2462
AMERIQUEST'S INTERROGATORIES TO IVAN SIMS SET 1

BN 9871234v1

commercial purpose, and if so, the identity of the persons engaged in the business or commercial purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment you received as a result of this use.

8.     "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

9.     "Identify" means:

(a)     when used in connection with a Person, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this action and from 2000 to the present date;

(b)     when used in connection with a Document, means to classify the Document by date, substance and content, and to Identify all Persons who participated in or were present during the creation and/or maintenance of the Document;

(c)     when used in connection with Communications, means to classify the Communication by type (face-to-face, telephone, email, etc.), date, substance and content with specificity, and to Identify all Persons who participated in the Communication; and

(d)     when used in connection with an event or facts supporting an allegation,

means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all Persons involved in the event, and (iii) state the date and place of the occurrence.

10. The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

11. The term "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

12. The term "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

13. "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

14. The term "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time during any period of time greater than one month.

15. "Property" means real estate which was security for any loan You received from Defendants.

16. "You" and "Your" means Ivan Sims, her agents, employees and all other persons acting or purporting to act on her behalf.

17. In lieu of Identifying a Document, the responding party may produce the Document or Communication itself, provided that its interrogatory response specifies with particularity the Document or Communication(s) responsive thereto.

18. If a Document once existed and has since been lost, destroyed, or is otherwise missing or unavailable, Plaintiff shall Identify the Document and state the details concerning the unavailability of such Document.

19. These interrogatories impose on Plaintiff a continuous obligation. If Plaintiff subsequently become aware of information that renders their answers to these interrogatories incomplete or inaccurate, it is required to supplement or amend its answers promptly to make such responses complete and accurate.

Case No. 07CV2462
**AMERIQUEST'S INTERROGATORIES TO IVAN SIMS SET 1**

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that Ameriquest violated the Truth in Lending Act by providing the document titled "One Week Cancellation Period" as alleged in paragraphs 18 and 19 of the Complaint.

**INTERROGATORY NO. 2:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention, if any, that any alleged wrongful act or omission by Ameriquest against You was intentional.

**INTERROGATORY NO. 3:**

Identify any and all of Your Communications with Ameriquest that form the basis for any of Your contentions in the Complaint.

**INTERROGATORY NO. 4:**

Aside from Ameriquest, did any Person at any time before or at the Closing provide You with any description of the meaning or potential consequences of any of the Loan Documents or any portion thereof? If so, identify said Person and all Communications You had with said Person on that topic.

**INTERROGATORY NO. 5:**

For each of Your Principal Dwelling(s) from January 2000 to the present, Describe how the Property has been Used from January 2000 to the present including but not limited to: (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; and d) Identify all Persons holding an ownership interest in it.

**INTERROGATORY NO. 6:**

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar amount.

**INTERROGATORY NO. 7:**

IDENTIFY each person present at the Closing.

**INTERROGATORY NO. 8:**

For the document titled: "ONE WEEK CANCELLATION PERIOD DISCLOSURE," a

Case No. 07CV2462
AMERIQUEST'S INTERROGATORIES TO IVAN SIMS SET 1

BN 9871234v1

sample of which is attached hereto, state:

> (a)    the date on which You first received the document;
>
> (b)    the date You first read all or any portion of the document;
>
> (c)    Identify any Communication with You about the document; and
>
> (d)    state the date on which You first understood that You had one week to rescind the

loan.

## INTERROGATORY NO. 9:

Describe the manner in which You stored the Loan Documents since the Closing, including a description of each and every location where they have been stored since the Closing and all Persons who have accessed, or who have had access, to the Loan Documents since the Closing. If any of the Loan Documents have been lost, destroyed, modified, altered, or separated from the other Loan Documents from the time of the Closing, Identify such documents, explain how or why they were lost, destroyed, modified, altered, or separated, describe what happened to the document, the date of the occurrence, and Identify all Communications reflecting, evidencing, or referring to the occurrence.

## INTERROGATORY NO. 10:

Identify each item of damage or cost You claim Ameriquest is liable for, separately for each cause of action and for each wrongful act or omission by Ameriquest, including the dates of occurrence, amount, the total damages and show how You computed the damage.

## INTERROGATORY NO. 11:

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your damage calculation.

## INTERROGATORY NO. 12:

If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state any and all facts supporting Your contention including an identification of the means by which You intend to pay back Ameriquest and any and all steps You have taken to ensure that You are able to obtain the requisite funds to rescind the Loan.

## INTERROGATORY NO. 13:

If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state Your assets, liabilities, and annual income for the

years 2010 through the present.

**INTERROGATORY NO. 14:**

If you contend that there is any valid reason for waiting more than one year beyond the date of the closing to file the Complaint, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention.

DATED: September 6, 2011

Respectfully submitted,

By: _____

*Attorneys for Defendant* Ameriquest Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

BN 9871234v1

# ONE WEEK CANCELLATION PERIOD

Loan Number: _____          Borrower(s): _____


Date: _____

You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have received today.

_____ believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:


When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.


_____          _____
Borrower/Owner                                          Date


_____          _____
Borrower/Owner                                          Date


_____          _____
Borrower/Owner                                          Date


_____          _____
Borrower/Owner                                          Date


Case No. 07CV2462
                              AMERIQUEST'S INTERROGATORIES TO IVAN SIMS SET 1

BN 9871234v1

REQUEST TO CANCEL

I/We want to cancel loan #_____ .


_____          _____
        Borrower/Owner Signature                              Date

850(10/00)                                                      **LENDER COPY**

Case No. 07CV2462
AMERIQUEST'S INTERROGATORIES TO IVAN SIMS SET 1

BN 9871234v1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and

not a party to the within action. My business address is at BUCHALTER NEMER, A

Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 6, 2011, I served the foregoing document described as:

**1. DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
INTERROGATORIES (SET ONE) PROPOUNDED UPON IVAN SIMS**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks                          Counsel for Plaintiff
The Brooks Law Firm
15008 Woodlawn Ave.
Dolton, Illinois 60419
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

**BY MAIL**   I am readily familiar with the business' practice for collection and processing of
correspondence for mailing with the United States Postal Service. The address(es) shown above
is(are) the same as shown on the envelope. The envelope was placed for deposit in the United
States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below.
The envelope was sealed and placed for collection and mailing with first-class prepaid postage on
this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon
motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter
date on the envelope is more than one day after the date of deposit for mailing contained in the
affidavit.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge. Executed on September 6, 2011, at

San Francisco, California.

_Heidi Bennett_
Heidi Bennett

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM YEAMAN and PAMELA YEAMAN<br><br>       Plaintiffs,<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY, AMERIQUEST MORTGAGE SECURITIES, AMC MORTGAGE SERVICES, INC. and DOES 1-5,<br><br>       Defendants. | Case No.: 06CV6967<br><br>**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON WILLIAM YEAMAN** |

**PROPOUNDING PARTY:** Defendant AMERIQUEST MORTGAGE COMPANY

**RESPONDING PARTY:** Plaintiff WILLIAM YEAMAN

**SET NO.:** ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST") hereby requests that plaintiff WILLIAM YEAMAN, produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 333 Market Street, Suite 2500, San Francisco, CA, 94105. Defendant's inspection and copying will not permanently alter the items inspected or copied.

### DEFINITIONS

1. "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

2.      "Complaint" means the most recent Complaint filed by You in this Action.

3.      "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

4.      "Defendant" or "Defendants" means Ameriquest Mortgage Company, its employees, agents, and assigns.

5.      "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6.      "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7.      "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8.      "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9.      "Person" or "Persons" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated

**AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1**

BN 9862492v2

associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

10. "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

11. "Property" means real estate which was security for any loan You received from a Defendant.

12. "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

13. "You" "Your" and "Plaintiff" means William Yeaman, his agents, employees and all other Person acting or purporting to act on his behalf.

## INSTRUCTIONS

1. The Plaintiff is required to produce requested Loan Documents as they have been kept by the Plaintiff in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2. The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

3. Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2003 to the date of Your production.

4. If any responsive Document was, but is no longer, in Your possession, custody or control, provide the following information:

(a) The disposition of the Document;

(b) The date such disposition was made;

3

AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1

(c)    The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

(d)    Identify the Person who made the decision to dispose of the Document;

(e)    State the reason for the disposition;

(f)    Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

(a)    Identify the nature of the privilege (including work product) that is being claimed; and

(b)    Provide the following information in a privilege log accompanying Your response:

(i)    The paragraph of this request to which such Document is responsive;

(ii)    The type of Document,

(iii)    The general subject matter of the Document;

(iv)    The date of the Document, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6.    If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

7.    If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of

4

the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

8. Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

9. If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

10. Your obligation to produce Documents responsive to these requests is continuing. If You create or discover responsive Documents after Your initial response to these requests, promptly produce such Documents in accordance with these instructions or follow the procedures specified for Documents withheld under a claim of privilege or otherwise.

11. These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

12. Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed, pursuant to Fed. R. Civ. Proc. Rule 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Ameriquest without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Documents Relating To Ameriquest.

**REQUEST NO. 2:**

All Documents provided to You by Ameriquest.

AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1

BN 9862492v2

**REQUEST NO. 3:**

All Documents You have provided to Ameriquest.

**REQUEST NO. 4:**

All Documents Relating To Communications between You and Ameriquest.

**REQUEST NO. 5:**

All Documents Relating To Your Loan from Ameriquest including Loan Documents.

**REQUEST NO. 6:**

All Documents that were present at the Loan Closing.

**REQUEST NO. 7:**

All Documents Relating To any Communication(s) You have had with any person Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 8:**

All Documents which identify any Person who has knowledge concerning any of the matters alleged in the Complaint.

**REQUEST NO. 9:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 10:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 11:**

All Documents Relating To the allegations, assertions, facts or claims in the Complaint, including, but not limited to, transcribed testimony, any writings made with respect to You or Your attorneys' interviews of such Person, or any other such Documents.

**REQUEST NO. 12:**

All Documents Relating To any Communications between You and any Person regarding the subject matter of the Complaint.

**REQUEST NO. 13:**

All Documents Relating To any products or services offered or provided to You by Ameriquest.

AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1

**REQUEST NO. 14:**

All Documents Relating To any transactions between You and Ameriquest, or any alleged affiliate of Ameriquest.

**REQUEST NO. 15:**

All Documents Relating To any Communications involving You Relating To Ameriquest, or any alleged affiliate of Ameriquest.

**REQUEST NO. 16:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 17:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 18:**

Documents sufficient to identify Your income, assets, debt, and liabilities for the years 2002 to 2006 and 2010 to the present.

**REQUEST NO. 19:**

All Documents showing bank account deposits maintained or drawn upon by You at any time from January 1, 2002 to January 1, 2005 and January 1, 2010 to the present, including periodic statements for any checking account, savings account, money market, or any other type of account in which You are or were a user, signatory, beneficiary or other type of person with access to the account.

**REQUEST NO. 20:**

All Documents for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2002 to January 1, 2005 and January 1, 2010 to the present.

**REQUEST NO. 21:**

All Documents for any stock purchase accounts, mutual fund account, or any other investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2002 to January 1, 2005 and January 1, 2010 to the present.

AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1

**REQUEST NO. 22:**

All periodic statements for any credit card, debit card, or any other type of card You used for purchases at any time from January 1, 2002 to January 1, 2005 and January 1, 2010 to the present, including any and all Documents reflecting the status of any payments, late payments, card termination, or debt collection efforts.

**REQUEST NO. 23:**

All credit reports, credit statements, or other Documents reflecting Your credit score or status at any time from January 1, 2002 to January 1, 2005 and January 1, 2010 to the present.

**REQUEST NO. 24:**

Documents sufficient to identify Your debt outstanding at any time from January 1, 2002 to January 1, 2005 and January 1, 2010 to the present.

**REQUEST NO. 25:**

All Documents Relating To the value of the Property at any time January 1, 2002 to January 1, 2005 and January 1, 2010 to the present including any appraisals or valuations.

**REQUEST NO. 26:**

Any credit application or other statement of Your income, assets, or debt at any time January 1, 2002 to January 1, 2005 and January 1, 2010 to the present.

**REQUEST NO. 27:**

All Documents Relating To any loan obtained by You or any attempts by You to obtain a loan after January 1, 2002.

**REQUEST NO. 28:**

All Documents Relating To any credit obtained by You which You challenged or about which You complained.

**REQUEST NO. 29:**

All Documents Relating To any bankruptcy proceeding filed by You.

**REQUEST NO. 30:**

All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 31:**

All Documents Relating To any complaints, grievances, or reports made by You to any Person Relating To Ameriquest.

AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1

**REQUEST NO. 32:**

All Documents Relating To Your attempts to rescind a Loan from Ameriquest.

**REQUEST NO. 33:**

All Documents which You contend support Your allegations, claims, or requests for damages in the Complaint including but not limited to actual damages, statutory damages, or costs.

**REQUEST NO. 34:**

All Documents Relating To any injury or damages that You claim to have suffered as a result of the allegations in the Complaint.

**REQUEST NO. 35:**

All Documents supporting Your contention that You are able to meet Your tender obligations or which otherwise show that You are financially able to reimburse Ameriquest for any Loan Proceeds paid to You or on Your behalf.

**REQUEST NO. 36:**

All Documents supporting Your contention that You have sustained damages as a result of any act or omission of Ameriquest.

**REQUEST NO. 37:**

All Documents Relating To Your purchase or sale of the Property.

**REQUEST NO. 38:**

Documents sufficient to show Your current ownership interest in the Property.

**REQUEST NO. 39:**

All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 40:**

All Documents Relating To any effort to refinance the Loan.

**REQUEST NO. 41:**

All Documents which You contend support Your allegations in the Complaint.

**REQUEST NO. 42:**

All Documents Relating To any rental property owned by You at any time from January 2002 to the present.

**AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1**

BN 9862492v2

**REQUEST NO. 43:**

All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

**REQUEST NO. 44:**

All Documents Relating To Your use or intended use of the Loan Proceeds.

**REQUEST NO. 45:**

All Documents identified in Your responses to Defendant's interrogatories propounded upon you.

**REQUEST NO. 46:**

All Documents from any financing you have obtained from January 2002 to the present.

**REQUEST NO. 47:**

All Documents Relating To Your Communications with a mortgage broker.

**REQUEST NO. 48:**

All Documents Relating To Your contention that any alleged wrongful act or omission by Ameriquest against You was intentional.

**REQUEST NO. 49:**

All Documents Relating To Your contention that "The 'One Week' cancellation further confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protection of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long," as alleged in paragraph 29 of the Complaint.

**REQUEST NO. 50:**

All Documents Relating To Your contention that Documents you received were confusing concerning your right to cancel the Loan as alleged in paragraph 26, 27, 28, 29, and 31 of the Complaint.

**REQUEST NO. 51:**

All Documents Relating To Your contention that "Ameriquest a. fraudulently inflated Mr. Yeaman's assets ... b. fraudulent inflated and misrepresenting the value of Plaintiff's home

on Ameriquest's loan application; c. misrepresenting Mr. Yeaman's ability to qualify for the mortgage loan" as alleged in paragraph 54 of the Complaint.

**REQUEST NO. 52:**

All Documents Relating To Your contention that "Ameriquest's conduct was unfair and deceptive to Mr. Yeaman" as alleged in paragraph 55 of the Complaint.

**REQUEST NO. 53:**

All Documents Relating To Your contention that "Ameriquest acted ...in order to increase its commissions, points and fees, interest and profits" as alleged in paragraph 56 of the Complaint.

DATED: September 16, 2011                    Respectfully submitted,

By: _____

*Attorneys for Defendant* Ameriquest Mortgage
Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and

not a party to the within action. My business address is at BUCHALTER NEMER, A

Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 16, 2011, I served the foregoing document described as:

**1. DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON WILLIAM YEAMAN**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks                    Counsel for Plaintiffs
The Brooks Law Firm
18110 Dixie Hwy, Suite 2N
Homewood, Illinois 60430-2252
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

**BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge. Executed on September 16, 2011, at

San Francisco, California.

_____
Darlene Haun

AMERIQUEST MORTGAGE COMPANY'S RFP TO WILLIAM YEAMAN SET 1

BN 9862492v2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARAH TUCKER,

                    Plaintiffs,

            v.

ARGENT MORTGAGE COMPANY and
DOES 1 -5,

                    Defendants.

Case No.: 08CV0992

**DEFENDANT ARGENT MORTGAGE
COMPANY'S REQUESTS FOR
PRODUCTION (SET ONE)
PROPOUNDED UPON SARAH TUCKER**

**PROPOUNDING PARTY: Defendant ARGENT MORTGAGE COMPANY**

**RESPONDING PARTY:    Plaintiff SARA TUCKER**

**SET NO.:    ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant ARGENT
MORTGAGE COMPANY ("ARGENT") hereby requests that plaintiff SARAH TUCKER,
produce the documents requested below within thirty (30) days of the date of service hereof, at
the offices of Buchalter Nemer, 333 Market Street, Suite 2500, San Francisco, CA, 94105.
Defendant's inspection and copying will not permanently alter the items inspected or copied.

### DEFINITIONS

1.      "Closing" means and refers to the closing that is the subject matter of your
Complaint. The term "closing" has the same meaning as commonly used in the real estate and
mortgage industry to describe the process by which representatives of the lender meet (in person
or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing
all related documents.

2.      "Complaint" means the most recent Complaint filed by You in this Action.

3.      "Communications" means and includes correspondences, conversations and all

other forms of information exchange. whether written, verbal, by telephone. electronic mail, facsimile or other mode of transmission.

4.     "Defendant" or "Defendants" means Argent Mortgage Company, its employees. agents. or assigns.

5.     "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include. without limitation, papers, writings. memoranda, contracts. agreements. books. journals. ledgers. statements, reports. bills, billings. invoices, work sheets, projections. notes. letters. email, instant messaging. text messaging. correspondence. Communications. abstracts. advertisements, drawings, photographs. audits. charges. balance sheets. income statements. checks. diagrams. certificates. diaries. calendars. logs. drafts. recordings, instructions. lists. minutes of meetings. orders. resolutions, recitals, telegrams. wires. cables. telexes. facsimiles. messages, telephone bills. resumes. summaries. tabulations, tallies. statistical analyses. magnetic and electronic media (tapes, hard disks. floppy disks. computer tapes. computer printouts. input/output computer systems. whether optical. visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image. magnetic or electronic impulse. or other form of communication is recorded or reproduced. and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6.     "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7.     "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8.     "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9.     "Person" or "Persons" means any natural person, or any legal entity or organization including corporations. firms. joint ventures. voluntary or unincorporated associations. organizations. proprietorships, trusts, estates. governmental agencies. commissions, bureaus corporations and divisions. and any subsidiaries and departments thereof.

10.     "Principal Dwelling" means any residential structure (including a single or multi-

family home, mobile home, condominium, or cooperative) where you have resided most of the time.

11.  "Property" means real estate which was security for any loan You received from a Defendant.

12.  "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

13.  "You" "Your" and "Plaintiff" means Sarah Tucker, her agents, employees and all other Person acting or purporting to act on her behalf.

## INSTRUCTIONS

1.  The Plaintiff is required to produce requested Loan Documents as they have been kept by the Plaintiff in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2.  The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

3.  Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2003 to the date of Your production.

4.  If any responsive Document was, but is no longer, in Your possession, custody or control, provide the following information:

(a)  The disposition of the Document;

(b)  The date such disposition was made;

(c)  The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

(d)  Identify the Person who made the decision to dispose of the Document;

(e)  State the reason for the disposition;

3

      (f)      Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

      5.      Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

      (a)      Identify the nature of the privilege (including work product) that is being claimed; and

      (b)      Provide the following information in a privilege log accompanying Your response:

      (i)      The paragraph of this request to which such Document is responsive;

      (ii)      The type of Document,

      (iii)      The general subject matter of the Document;

      (iv)      The date of the Document, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

      6.      If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

      7.      If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

      8.      Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that

production in a specified electronic format is overly burdensome. You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

9.     If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

10.     Your obligation to produce Documents responsive to these requests is continuing. If You create or discover responsive Documents after Your initial response to these requests, promptly produce such Documents in accordance with these instructions or follow the procedures specified for Documents withheld under a claim of privilege or otherwise.

11.     These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

12.     Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed, pursuant to Fed. R. Civ. Proc. Rule 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Argent without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Documents Relating To Argent.

**REQUEST NO. 2:**

All Documents provided to You by Argent.

**REQUEST NO. 3:**

All Documents You have provided to Argent.

**REQUEST NO. 4:**

All Documents Relating To Communications between You and Argent.

**REQUEST NO. 5:**

All Documents Relating To Your Loan from Argent including Loan Documents.

ARGENT MORTGAGE COMPANY'S RFP TO SARAH TUCKER SET 1

**REQUEST NO. 6:**

All Documents that were present at the Loan Closing.

**REQUEST NO. 7:**

All Documents Relating To any Communication(s) You have had with any person Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 8:**

All Documents which identify any Person who has knowledge concerning any of the matters alleged in the Complaint.

**REQUEST NO. 9:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 10:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 11:**

All Documents Relating To the allegations, assertions, facts or claims in the Complaint, including, but not limited to, transcribed testimony, any writings made with respect to You or Your attorneys' interviews of such Person, or any other such Documents.

**REQUEST NO. 12:**

All Documents Relating To any Communications between You and any Person regarding the subject matter of the Complaint.

**REQUEST NO. 13:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 14:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 15:**

All Documents Relating To Garfield Mortgage.

**REQUEST NO. 16:**

All Documents Relating To any loan secured by the Property since 2004.

**REQUEST NO. 17:**

All Documents Relating To lease or rental agreements for the Property since 2003.

**REQUEST NO. 18:**

All Documents Relating To lease or rental income for the Property.

**REQUEST NO. 19:**

All Documents Relating To any bankruptcy proceeding filed by You.

**REQUEST NO. 20:**

All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 21:**

All Documents Relating To any complaints, grievances, or reports made by You to any Person Relating To Argent.

**REQUEST NO. 22:**

All Documents Relating To Your attempts to rescind a Loan from Argent.

**REQUEST NO. 23:**

All Documents which You contend support Your allegations, claims, or requests for damages in the Complaint including but not limited to actual damages, statutory damages, or costs.

**REQUEST NO. 24:**

All Documents Relating To any injury or damages that You claim to have suffered as a result of the allegations in the Complaint.

**REQUEST NO. 25:**

All Documents supporting Your contention that You have sustained damages as a result of any act or omission of Argent.

**REQUEST NO. 26:**

All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 27:**

All Documents which You contend support Your allegations in the Complaint.

ARGENT MORTGAGE COMPANY'S RFP TO SARAH TUCKER SET 1

BN 9910431v1

**REQUEST NO. 28:**

All Documents Relating To any rental property owned by You at any time from January 2000 to the present.

**REQUEST NO. 29:**

All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

**REQUEST NO. 30:**

All Documents Relating To Your use or intended use of the Loan Proceeds.

**REQUEST NO. 31:**

All Documents identified in Your responses to Defendant's interrogatories propounded upon you.

DATED:  September 16, 2011

Respectfully submitted,

By: _____

*Attorneys for Defendant* Argent Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile:  (415) 227-0770

8

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 16, 2011, I served the foregoing document described as:

1. **DEFENDANT ARGENT MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON SARAH TUCKER**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks                                    Counsel for Plaintiff
The Brooks Law Firm
18110 Dixie Highway
Suite 2N
Homewood, IL 60430
(708) 841-8000
708-841-8080 (fax)
lloyd.brooks@thebrooksfirm.com

BY MAIL   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.   Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on September 16, 2011, at San Francisco, California.

Heidi Bennett

ARGENT MORTGAGE COMPANY'S RFP TO SARAH TUCKER SET 1

BN 9910431v1

# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARTHUR COLEMAN and ETHELYN
COLEMAN,

Plaintiff,

v.

AMERIQUEST MORTGAGE COMPANY,
ACC CAPITAL HOLDINGS
CORPORATION, AMC MORTGAGE
SERVICES, INC. and DOES 1 – 5,

Defendants.

Case No. 07-2459

**DEFENDANT AMERIQUEST
MORTGAGE COMPANY'S
REQUESTS FOR PRODUCTION (SET
ONE) PROPOUNDED UPON ARTHUR
COLEMAN**

**PROPOUNDING PARTY:** Defendant AMERIQUEST MORTGAGE COMPANY

**RESPONDING PARTY:** Plaintiff ARTHUR COLEMAN

**SET NO.:** ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST") hereby requests that plaintiff ARTHUR COLEMAN, produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 333 Market Street, Suite 2500, San Francisco, CA, 94105. Defendant's inspection and copying will not permanently alter the items inspected or copied.

## DEFINITIONS

1. "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

2. "Complaint" means the most recent Complaint filed by You in this Action.

1

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

3.    "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

4.    "Defendant" or "Defendants" means Ameriquest Mortgage Company, its employees, agents, and assigns.

5.    "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6.    "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7.    "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8.    "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9.    "Person" or "Persons" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

BN 9828463v1

10.    "Property" means real estate which was security for any loan You received from a Defendant.

11.    "Relating To." when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

12.    "You" "Your" and "Plaintiff" means Arthur Coleman, his agents, employees and all other Person acting or purporting to act on his behalf.

## INSTRUCTIONS

1.    The Plaintiff is required to produce requested Loan Documents as they have been kept by the Plaintiff in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2.    The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

3.    Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2003 to the date of Your production.

4.    If any responsive Document was, but is no longer, in Your possession, custody or control, provide the following information:

(a)    The disposition of the Document;

(b)    The date such disposition was made;

(c)    The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

(d)    Identify the Person who made the decision to dispose of the Document;

(e)    State the reason for the disposition;

(f)    Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and

3

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

      5.    Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

      (a)    Identify the nature of the privilege (including work product) that is being claimed; and

      (b)    Provide the following information in a privilege log accompanying Your response:

      (i)    The paragraph of this request to which such Document is responsive;

      (ii)    The type of Document,

      (iii)    The general subject matter of the Document;

      (iv)    The date of the Document, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

      6.    If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

      7.    If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

      8.    Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant

reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

9.     If, in responding to this Document request. You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

10.     Your obligation to produce Documents responsive to these requests is continuing. If You create or discover responsive Documents after Your initial response to these requests. promptly produce such Documents in accordance with these instructions or follow the procedures specified for Documents withheld under a claim of privilege or otherwise.

11.     These requests are not intended to be duplicative. Each request should be responded to fully. and to the extent not covered by other requests. If Documents are responsive to more than one request. You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

12.     Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed. pursuant to Fed. R. Civ. Proc. Rule 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Ameriquest without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

    All Documents Relating To Ameriquest.

**REQUEST NO. 2:**

    All Documents provided to You by Ameriquest.

**REQUEST NO. 3:**

    All Documents You have provided to Ameriquest.

**REQUEST NO. 4:**

    All Documents Relating To Communications between You and Ameriquest.

**REQUEST NO. 5:**

    All Documents Relating To Your Loan from Ameriquest including Loan Documents.

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

BN 9828463v1

**REQUEST NO. 6:**

All Documents that were present at the Loan Closing.

**REQUEST NO. 7:**

All Documents Relating To any Communication(s) You have had with any person Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 8:**

All Documents which identify any Person who has knowledge concerning any of the matters alleged in the Complaint.

**REQUEST NO. 9:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 10:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 11:**

All Documents Relating To the allegations, assertions, facts or claims in the Complaint. including, but not limited to, transcribed testimony, any writings made with respect to You or Your attorneys' interviews of such Person, or any other such Documents.

**REQUEST NO. 12:**

All Documents Relating To any Communications between You and any Person regarding the subject matter of the Complaint.

**REQUEST NO. 13:**

All Documents Relating To any products or services offered or provided to You by Ameriquest.

**REQUEST NO. 14:**

All Documents Relating To any transactions between You and Ameriquest, or any alleged affiliate of Ameriquest.

**REQUEST NO. 15:**

All Documents Relating To any Communications involving You Relating To Ameriquest, or any alleged affiliate of Ameriquest.

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

BN 9828463v1

**REQUEST NO. 16:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 17:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 18:**

Documents sufficient to identify Your income, assets, debt, and liabilities for the years 2003 to 2006 and 2010 to the present.

**REQUEST NO. 19:**

All Documents showing bank account deposits maintained or drawn upon by You at any time from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present, including periodic statements for any checking account, savings account, money market, or any other type of account in which You are or were a user, signatory, beneficiary or other type of person with access to the account.

**REQUEST NO. 20:**

All Documents for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 21:**

All Documents for any stock purchase accounts, mutual fund account, or any other investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 22:**

All periodic statements for any credit card, debit card, or any other type of card You used for purchases at any time from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present, including any and all Documents reflecting the status of any payments, late payments, card termination, or debt collection efforts.

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

**REQUEST NO. 23:**

All credit reports, credit statements, or other Documents reflecting Your credit score or status at any time from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 24:**

Documents sufficient to identify Your debt outstanding at any time from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 25:**

All Documents Relating To the value of the Property at any time January 1, 2003 to January 1, 2006 and January 1, 2010 to the present including any appraisals or valuations.

**REQUEST NO. 26:**

Any credit application or other statement of Your income, assets, or debt at any time January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 27:**

All Documents Relating To any loan obtained by You or any attempts by You to obtain a loan after January 1, 2003.

**REQUEST NO. 28:**

All Documents Relating To any credit obtained by You which You challenged or about which You complained.

**REQUEST NO. 29:**

All Documents Relating To any bankruptcy proceeding filed by You.

**REQUEST NO. 30:**

All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 31:**

All Documents Relating To any complaints, grievances, or reports made by You to any Person Relating To Ameriquest.

**REQUEST NO. 32:**

All Documents Relating To Your attempts to rescind a Loan from Ameriquest.

**REQUEST NO. 33:**

All Documents which You contend support Your allegations, claims, or requests for damages in the Complaint including but not limited to actual damages, statutory damages, or costs.

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

BN 9828463v1

**REQUEST NO. 34:**

All Documents Relating To any injury or damages that You claim to have suffered as a result of the allegations in the Complaint.

**REQUEST NO. 35:**

All Documents supporting Your contention that You are able to meet Your tender obligations or which otherwise show that You are financially able to reimburse Ameriquest for any Loan Proceeds paid to You or on Your behalf.

**REQUEST NO. 36:**

All Documents supporting Your contention that You have sustained damages as a result of any act or omission of Ameriquest.

**REQUEST NO. 37:**

All Documents Relating To Your purchase or sale of the Property.

**REQUEST NO. 38:**

Documents sufficient to show Your current ownership interest in the Property.

**REQUEST NO. 39:**

All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 40:**

All Documents Relating To any effort to refinance the Loan.

**REQUEST NO. 41:**

All Documents which You contend support Your allegations in the Complaint.

**REQUEST NO. 42:**

All Documents Relating To any rental property owned by You at any time from January 2002 to the present.

**REQUEST NO. 43:**

All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

**REQUEST NO. 44:**

All Documents Relating To Your use or intended use of the Loan Proceeds.

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1
BN 9828463v1

**REQUEST NO. 45:**

All Documents identified in Your responses to Defendant's interrogatories propounded upon you.

**REQUEST NO. 46:**

All Documents Relating To any financing you have obtained from January 2002 to the present.

**REQUEST NO. 47:**

All Documents Relating To Your Communications with a mortgage broker.

**REQUEST NO. 48:**

All Documents Relating To Your contention that any alleged wrongful act or omission by Ameriquest against You was intentional.

**REQUEST NO. 49:**

All Documents Relating To Your contention that "The 'One Week' cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protection of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long," as alleged in paragraph 30 of the Complaint.

**REQUEST NO. 50:**

All Documents Relating To Your contention that "The 'Understanding Your Loan' further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA," as alleged in paragraph 31 of the Complaint.

**REQUEST NO. 51:**

All Documents Relating To Your contention that "Ameriquest knew that the Colemans' home was only worth $230,000 at the time of the (sic) November 23, 2005," as alleged in paragraph 47 of the Complaint.

**REQUEST NO. 52:**

All Documents Relating To Your contention that "Ameriquest purposefully made the misrepresentation regarding the value of the home to falsely inflate the loan amount to the

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

BN 9828463v1

**REQUEST NO. 53:**

All Documents Relating To Your contention that "Ameriquest knew of the Colemans creditworthiness prior to making the representation to the Colemans that they (sic) new loan would be made at a fixed interest rate of 7.3%" as alleged in paragraph 49 of the Complaint.

**REQUEST NO. 54:**

All Documents Relating To Your contention that "Ameriquest knew at the time of making the offer to the Colemans that it would not make a fixed rate loan to the Colemans at 7.3%" as alleged in paragraph 50 of the Complaint.

**REQUEST NO. 55:**

All Documents Relating To Your contention that "The Colemans reasonably relied upon Ameriquest's representations regarding the value of their home and the offer of the interest rate terms" as alleged in paragraph 51 of the Complaint.

**REQUEST NO. 56:**

All Documents Relating To Your contention that "The Colemans have suffered damages from Ameriquest's misrepresentations, as now they have borrowed more money against their home than it is worth and have paid significantly more interest to Ameriquest than they were led to believe" as alleged in paragraph 52 of the Complaint.

DATED: September 30, 2011

Respectfully submitted,

By: _____

*Attorneys for Defendant* Ameriquest Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

11

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 30, 2011, I served the foregoing document described as:

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON ARTHUR COLEMAN**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks               Counsel for Plaintiffs
The Brooks Law Firm
18110 Dixie Highway, Ste. 2N
Homewood, IL 60430
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

BY MAIL   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on September 30, 2011, at San Francisco, California.

_Heidi Bennett_
Heidi Bennett

AMERIQUEST MORTGAGE COMPANY'S RFP TO ARTHUR COLEMAN, SET 1
BN 9828463v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELGIN SWANIGAN, JR. AND DENISE
SWANIGAN,

          Plaintiffs,

     v.

ARGENT MORTGAGE COMPANY, ACC
CAPITAL HOLDINGS CORPORATION,
MIDWEST HOME FUNDING LLC and
DOES 1 – 5,

          Defendants.

Case No. 07CV3315

**DEFENDANT ARGENT MORTGAGE
COMPANY'S REQUESTS FOR
PRODUCTION (SET ONE)
PROPOUNDED UPON DENISE
SWANIGAN**

**PROPOUNDING PARTY: Defendant ARGENT MORTGAGE COMPANY**

**RESPONDING PARTY:**    **Plaintiff DENISE SWANIGAN**

**SET NO.:**            **ONE**

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant ARGENT MORTGAGE COMPANY ("ARGENT") hereby requests that plaintiff DENISE SWANIGAN, produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 333 Market Street, Suite 2500, San Francisco, CA, 94105. Defendant's inspection and copying will not permanently alter the items inspected or copied.

## DEFINITIONS

    1.    "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

    2.    "Complaint" means the most recent Complaint filed by You in this Action.

3. "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

4. "Defendant" or "Defendants" means Argent Mortgage Company, its employees, agents, and assigns.

5. "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6. "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7. "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8. "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9. "Person" or "Persons" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

2

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

10. "Property" means real estate which was security for any loan You received from a Defendant.

11. "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

12. "You" "Your" and "Plaintiff" means Arthur Coleman, his agents, employees and all other Person acting or purporting to act on his behalf.

## INSTRUCTIONS

1. The Plaintiff is required to produce requested Loan Documents as they have been kept by the Plaintiff in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2. The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

3. Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2003 to the date of Your production.

4. If any responsive Document was, but is no longer, in Your possession, custody or control, provide the following information:

   (a)    The disposition of the Document;

   (b)    The date such disposition was made;

   (c)    The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

   (d)    Identify the Person who made the decision to dispose of the Document;

   (e)    State the reason for the disposition;

   (f)    Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and

recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.     Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

(a)     Identify the nature of the privilege (including work product) that is being claimed; and

(b)     Provide the following information in a privilege log accompanying Your response:

(i)     The paragraph of this request to which such Document is responsive;

(ii)     The type of Document,

(iii)     The general subject matter of the Document;

(iv)     The date of the Document, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6.     If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

7.     If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

8.     Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

    9.    If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

    10.    Your obligation to produce Documents responsive to these requests is continuing. If You create or discover responsive Documents after Your initial response to these requests, promptly produce such Documents in accordance with these instructions or follow the procedures specified for Documents withheld under a claim of privilege or otherwise.

    11.    These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

    12.    Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed, pursuant to Fed. R. Civ. Proc. Rule 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Argent without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

    All Documents Relating To Argent.

**REQUEST NO. 2:**

    All Documents provided to You by Argent.

**REQUEST NO. 3:**

    All Documents You have provided to Argent.

**REQUEST NO. 4:**

    All Documents Relating To Communications between You and Argent.

**REQUEST NO. 5:**

    All Documents Relating To Midwest Home Funding.

**REQUEST NO. 6:**

    All Documents provided to You by Midwest Home Funding.

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

**REQUEST NO. 7:**

All Documents You have provided to Midwest Home Funding.

**REQUEST NO. 8:**

All Documents Relating To Communications between You and Midwest Home Funding.

**REQUEST NO. 9:**

All Documents Relating To any mortgage broker for any loan or potential loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 10:**

All Documents provided to You by any mortgage broker for any loan or potential loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 11:**

All Documents You have provided to any mortgage broker for any loan or potential loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 12:**

All Documents Relating To Communications between You and any mortgage broker for any loan or potential loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 13:**

All Documents Relating To any loan or potential loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 14:**

All Documents provided to You by any lender at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 15:**

All Documents provided to any lender for any loan or potential loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 16:**

All Documents Relating To Communications between You and any lender for any loan or potential loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 17:**

All Documents Relating To Your Loan from Argent including Loan Documents.

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

BN 9893340v1

**REQUEST NO. 18:**

All Documents Relating To any loan at any time between January 1, 2001 and January 1, 2009.

**REQUEST NO. 19:**

All Documents that were present at the Loan Closing.

**REQUEST NO. 20:**

All Documents Relating To any Communication(s) You have had with any person Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 21:**

All Documents which identify any Person who has knowledge concerning any of the matters alleged in the Complaint.

**REQUEST NO. 22:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 23:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 24:**

All Documents Relating To the allegations, assertions, facts or claims in the Complaint, including, but not limited to, transcribed testimony, any writings made with respect to You or Your attorneys' interviews of such Person, or any other such Documents.

**REQUEST NO. 25:**

All Documents Relating To any Communications between You and any Person regarding the subject matter of the Complaint.

**REQUEST NO. 26:**

All Documents Relating To any products or services offered or provided to You by Argent or Midwest Home Funding.

**REQUEST NO. 27:**

All Documents Relating To any transactions between You and Argent, or any alleged affiliate of Argent.

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

**REQUEST NO. 28:**

All Documents Relating To any transactions between You and Midwest Home Funding or any alleged lender for a loan involving Midwest Home Funding.

**REQUEST NO. 29:**

All Documents Relating To any Communications involving You Relating To Argent, or any alleged affiliate of Argent.

**REQUEST NO. 30:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 31:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 32:**

Documents sufficient to identify Your income, assets, debt, and liabilities for the years 2003 to 2006.

**REQUEST NO. 33:**

All Documents showing bank account deposits maintained or drawn upon by You at any time from January 1, 2003 to January 1, 2006, including periodic statements for any checking account, savings account, money market, or any other type of account in which You are or were a user, signatory, beneficiary or other type of person with access to the account.

**REQUEST NO. 34:**

All Documents for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2003 to January 1, 2006.

**REQUEST NO. 35:**

All Documents for any stock purchase accounts, mutual fund account, or any other investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2003 to January 1, 2006.

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

BN 9893340v1

**REQUEST NO. 36:**

All periodic statements for any credit card, debit card, or any other type of card You used for purchases at any time from January 1, 2003 to January 1, 2006, including any and all Documents reflecting the status of any payments, late payments, card termination, or debt collection efforts.

**REQUEST NO. 37:**

All credit reports, credit statements, or other Documents reflecting Your credit score or status at any time from January 1, 2003 to January 1, 2006.

**REQUEST NO. 38:**

Documents sufficient to identify Your debt outstanding at any time from January 1, 2003 to January 1, 2006.

**REQUEST NO. 39:**

All Documents Relating To the value of the Property at any time January 1, 2003 to January 1, 2006 including any appraisals or valuations.

**REQUEST NO. 40:**

Any credit application or other statement of Your income, assets, or debt at any time January 1, 2003 to January 1, 2008.

**REQUEST NO. 41:**

All Documents Relating To any loan obtained by You or any attempts by You to obtain a loan after January 1, 2003.

**REQUEST NO. 42:**

All Documents Relating To any credit obtained by You which You challenged or about which You complained.

**REQUEST NO. 43:**

All Documents Relating To any bankruptcy proceeding filed by You.

**REQUEST NO. 44:**

All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 45:**

All Documents Relating To any complaints, grievances, or reports made by You to any Person Relating To Argent.

9

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

**REQUEST NO. 46:**

All Documents Relating To Your attempts to rescind a Loan from Argent.

**REQUEST NO. 47:**

All Documents which You contend support Your allegations, claims, or requests for damages in the Complaint including but not limited to actual damages, statutory damages, or costs.

**REQUEST NO. 48:**

All Documents Relating To any injury or damages that You claim to have suffered as a result of the allegations in the Complaint.

**REQUEST NO. 49:**

All Documents supporting Your contention that You have sustained damages as a result of any act or omission of Argent.

**REQUEST NO. 50:**

All Documents Relating To Your purchase or sale of the Property.

**REQUEST NO. 51:**

Documents sufficient to show Your current ownership interest in the Property.

**REQUEST NO. 52:**

All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 53:**

All Documents Relating To any effort to refinance the Loan.

**REQUEST NO. 54:**

All Documents which You contend support Your allegations in the Complaint.

**REQUEST NO. 55:**

All Documents Relating To any rental property owned by You at any time from January 2002 to the present.

**REQUEST NO. 56:**

All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

BN 9893340v1

**REQUEST NO. 57:**

All Documents Relating To Your use or intended use of the Loan Proceeds.

**REQUEST NO. 58:**

All Documents identified in Your responses to Defendant's interrogatories propounded upon you.

**REQUEST NO. 59:**

All Documents from any financing you have obtained from January 2002 to the present.

**REQUEST NO. 60:**

All Documents Relating To Your Communications with a mortgage broker.

**REQUEST NO. 61:**

All Documents Relating To Your contention that any alleged wrongful act or omission by Argent against You was intentional.

**REQUEST NO. 62:**

All Documents Relating To Your contention that "In an effort to increase its profits through higher interest payments from its borrowers and higher selling prices for the loans it sells, Argent encourages mortgage brokers to arrange for loans to borrowers with higher than 'par rate' interest rates" as alleged in paragraph 13 of the Complaint.

**REQUEST NO. 63:**

All Documents Relating To Your contention that "Midwest Home Funding does not reveal to its customers that they are paying higher than "par rate" interest rates. Midwest Home Funding does not reveal to its customers that they qualify for lower interest rates. Midwest Home Funding does not reveal that they are being paid a yield spread premium or why they are being paid a yield spread premium" as alleged in paragraph 18 of the Complaint.

**REQUEST NO. 64:**

All Documents Relating To Your contention that "Argent is aware that its mortgage brokers, including Midwest Home Funding, do not reveal the nature or purpose of the yield spread premium that the mortgage broker is receiving and that mortgage brokers, including Midwest Home Funding, induce borrowers to enter into loan agreements with Argent by using fraud and deceit, including misrepresentations and concealment of material facts regarding the existence, nature, and purpose of the yield spread premium and the increased interest rate the borrower is paying" as alleged in paragraph 19 of the Complaint.

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

**REQUEST NO. 65:**

All Documents Relating To Your contention that "... Argent and Midwest Home Funding had previously entered into the above described scheme whereby Midwest Home Funding would refer increased interest rate loan business to Argent in exchange for Argent providing Midwest Home Funding with a yield spread premium for such referrals" as alleged in paragraph 24 of the Complaint.

**REQUEST NO. 66:**

All Documents Relating To Your contention that "... the payment of the yield spread premium is a kickback from Argent to Midwest Home Funding for the referral of business and also for the agreement to increase the interest rate on the borrower above that which the borrower might otherwise qualify for" as alleged in paragraph 26 of the Complaint.

**REQUEST NO. 67:**

All Documents Relating To Your contention that the Swanigans "qualified for an interest rate lower than the one he was charged for the subject loan" as alleged in paragraph 27 of the Complaint.

**REQUEST NO. 68:**

All Documents Relating To Your contention that "The amount of total compensation paid to Midwest Home Funding did not reasonably relate to the value of the services provided by Midwest Home Funding and is in excess of what a reasonable mortgage broker should be paid in a similar transaction" as alleged in paragraph 30 of the Complaint.

**REQUEST NO. 69:**

All Documents Relating To Your contention that "Midwest Home Funding was in a position of trust as to the Swanigans in acting as their agent for the purpose of procuring financing for the purchase of the subject property" as alleged in paragraph 33 of the Complaint.

**REQUEST NO. 70:**

All Documents Relating To Your contention that "Argent offered Midwest Home Funding a yield spread premium payment in exchange for referring the Swanigans's loan application to them and for the increased interest rate charged to the Swanigans above the rate at which the Swanigans would otherwise qualify" as alleged in paragraph 43 of the Complaint.

**ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1**

BN 9893340v1

<u>REQUEST NO. 71:</u>

All Documents Relating To Your contention that "Due to Argent's scheme with Midwest Home Funding and inducement by Argent to Midwest Home Funding to breach its fiduciary duties, the Swanigans suffered substantial damages including the higher interest payments on the subject loan than would otherwise be necessary and the payment of exorbitant and unlawful fees to Midwest Home Funding" as alleged in paragraph 46 of the Complaint.

DATED:  September 30, 2011

Respectfully submitted,

By: _____

*Attorneys for Defendant* Argent Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile:  (415) 227-0770

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

BN 9893340v1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 30, 2011, I served the foregoing document described as:

1. **DEFENDANT ARGENT MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON DENISE SWANIGAN**

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks
The Brooks Law Firm
18110 Dixie Highway, Ste. 2N
Homewood, IL 60430
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

Counsel for Plaintiffs Elgin Swanigan, Jr. and Denise Swanigan

BY MAIL    I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on September 30, 2011, at San Francisco, California.

*Heidi Bennett*
Heidi Bennett

ARGENT MORTGAGE COMPANY'S RFP TO DENISE SWANIGAN, SET 1

BN 9893340v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALDINE W. HOLT,<br><br>                 Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>            Defendant. | Case No.: 07CV3843<br><br>**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON GERALDINE W. HOLT** |

**PROPOUNDING PARTY:** Defendant AMERIQUEST MORTGAGE COMPANY

**RESPONDING PARTY:** Plaintiff GERALDINE W. HOLT

**SET NO.:** ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST") hereby requests that plaintiff GERALDINE W. HOLT, produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 333 Market Street, Suite 2500, San Francisco, CA, 94105. Defendant's inspection and copying will not permanently alter the items inspected or copied.

## DEFINITIONS

1. "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

2. "Complaint" means the most recent Complaint filed by You in this Action.

1

3.  "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

4.  "Defendant" or "Defendants" means Ameriquest Mortgage Company, its employees, agents, or assigns.

5.  "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6.  "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7.  "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8.  "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9.  "Person" or "Persons" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

10.     "Property" means real estate which was security for any loan You received from a Defendant.

11.     "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

12.     "You" "Your" and "Plaintiff" means Geraldine W. Holt, her agents, employees and all other Person acting or purporting to act on her behalf.

## INSTRUCTIONS

1.     The Plaintiff is required to produce requested Loan Documents as they have been kept by the Plaintiff in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2.     The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

3.     Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2003 to the date of Your production.

4.     If any responsive Document was, but is no longer, in Your possession, custody or control, provide the following information;

(a)     The disposition of the Document;

(b)     The date such disposition was made;

(c)     The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

(d)     Identify the Person who made the decision to dispose of the Document;

(e)     State the reason for the disposition;

(f)     Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and

3

AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

     5.    Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

        (a)    Identify the nature of the privilege (including work product) that is being claimed; and

        (b)    Provide the following information in a privilege log accompanying Your response:

            (i)    The paragraph of this request to which such Document is responsive;

            (ii)    The type of Document,

            (iii)    The general subject matter of the Document;

            (iv)    The date of the Document, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

     6.    If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

     7.    If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

     8.    Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant

4
AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

9.    If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

10.    Your obligation to produce Documents responsive to these requests is continuing. If You create or discover responsive Documents after Your initial response to these requests, promptly produce such Documents in accordance with these instructions or follow the procedures specified for Documents withheld under a claim of privilege or otherwise.

11.    These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

12.    Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed, pursuant to Fed. R. Civ. Proc. Rule 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Ameriquest without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Documents Relating To Ameriquest.

**REQUEST NO. 2:**

All Documents provided to You by Ameriquest.

**REQUEST NO. 3:**

All Documents You have provided to Ameriquest.

**REQUEST NO. 4:**

All Documents Relating To Communications between You and Ameriquest.

**REQUEST NO. 5:**

All Documents Relating To Your Loan from Ameriquest including Loan Documents.

**AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1**

BN 9864335v1

**REQUEST NO. 6:**

All Documents that were present at the Loan Closing.

**REQUEST NO. 7:**

All Documents Relating To any Communication(s) You have had with any person Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 8:**

All Documents which identify any Person who has knowledge concerning any of the matters alleged in the Complaint.

**REQUEST NO. 9:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 10:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 11:**

All Documents Relating To the allegations, assertions, facts or claims in the Complaint, including, but not limited to, transcribed testimony, any writings made with respect to You or Your attorneys' interviews of such Person, or any other such Documents.

**REQUEST NO. 12:**

All Documents Relating To any Communications between You and any Person regarding the subject matter of the Complaint.

**REQUEST NO. 13:**

All Documents Relating To any products or services offered or provided to You by Ameriquest.

**REQUEST NO. 14:**

All Documents Relating To any transactions between You and Ameriquest, or any alleged affiliate of Ameriquest.

**REQUEST NO. 15:**

All Documents Relating To any Communications involving You Relating To Ameriquest, or any alleged affiliate of Ameriquest.

6

AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

**REQUEST NO. 16:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 17:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 18:**

All Documents Relating To Your Communications with Deadra Woods Stokes & Associates.

**REQUEST NO. 19:**

All Documents Relating To Your purchase of 1411 W. Harrison.

**REQUEST NO. 20:**

All Documents Relating To any loan secured by 1411 W. Harrison.

**REQUEST NO. 21:**

All Documents Relating To lease or rental agreements for 1411 W. Harrison.

**REQUEST NO. 22:**

All Documents Relating To lease or rental income for 1411 W. Harrison.

**REQUEST NO. 23:**

All Documents Relating To any foreclosure proceedings concerning 1411 W. Harrison.

**REQUEST NO. 24:**

All Documents Relating To Your purchase of 848 S. Poplar.

**REQUEST NO. 25:**

All Documents Relating To any loan secured by 848 S. Poplar.

**REQUEST NO. 26:**

All Documents Relating To lease or rental agreements for 848 S. Poplar.

**REQUEST NO. 27:**

All Documents Relating To lease or rental income for 848 S. Poplar.

**REQUEST NO. 28:**

All Documents Relating To any foreclosure proceedings concerning 848 S. Poplar.

**REQUEST NO. 29:**

All Documents Relating To any ownership, lease, usage, or purchase of any residential

7

AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

property from 2002 to the present including but not limited to any property in California.

**REQUEST NO. 30:**

All Documents Relating To any bankruptcy proceeding filed by You.

**REQUEST NO. 31:**

All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 32:**

All Documents Relating To any complaints, grievances, or reports made by You to any Person Relating To Ameriquest.

**REQUEST NO. 33:**

All Documents Relating To Your attempts to rescind a Loan from Ameriquest.

**REQUEST NO. 34:**

All Documents which You contend support Your allegations, claims, or requests for damages in the Complaint including but not limited to actual damages, statutory damages, or costs.

**REQUEST NO. 35:**

All Documents Relating To any injury or damages that You claim to have suffered as a result of the allegations in the Complaint.

**REQUEST NO. 36:**

All Documents supporting Your contention that You have sustained damages as a result of any act or omission of Ameriquest.

**REQUEST NO. 37:**

All Documents Relating To Your purchase or sale of the Property.

**REQUEST NO. 38:**

Documents sufficient to show Your current ownership interest in the Property.

**REQUEST NO. 39:**

All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 40:**

All Documents which You contend support Your allegations in the Complaint.

**REQUEST NO. 41:**

All Documents Relating To any rental property owned by You at any time from January

8

AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

2000 to the present.

**REQUEST NO. 42:**

All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

**REQUEST NO. 43:**

All Documents Relating To Your use or intended use of the Loan Proceeds.

**REQUEST NO. 44:**

All Documents identified in Your responses to Defendant's interrogatories propounded upon you.

DATED: September 30, 2011

Respectfully submitted,

By:_____

*Attorneys for Defendant* Ameriquest Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

BN 9864335v1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On September 30, 2011, I served the foregoing document described as:

### DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON GERALDINE W. HOLT

on all other parties and/or their attorney(s) of record to this action as follows:

Lloyd J. Brooks                                        Counsel for Plaintiffs
The Brooks Law Firm
18110 Dixie Highway, Ste. 2N
Homewood, IL 60430
T: 708.841.8000
F: 708.841.8080
Lloyd.brooks@thebrooksfirm.com

**BY MAIL**    I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on September 30, 2011, at San Francisco, California.

Heidi Bennett

AMERIQUEST MORTGAGE COMPANY'S RFP TO GERALDINE HOLT SET 1

BN 9864335v1