## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: *Peterson v. Argent Mortgage Company, LLC et al.,* 1:08-cv-07281, N.D. Ill. | |

## DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Defendant Argent Mortgage Company, LLC ("Defendant" or "Argent"), by and through its attorneys, Buchalter Nemer, A Professional Corporation, respectfully moves this Court for summary judgment in its favor on the one cause of action asserted against it by Plaintiff Cedric Peterson ("Plaintiff" or "Mr. Peterson") in his Complaint, filed August 19, 2008 in the Los Angeles Superior Court, removed to federal court on September 24, 2008, and transferred into this Multidistrict Litigation ("MDL") on January 5, 2009. This Motion is made on the grounds that there is no genuine issue of material fact to support Plaintiff's claim, and Defendant is entitled to judgment as a matter of law.

If summary judgment is not entered in favor of Defendant for the full relief sought, Defendant requests that this Court determine what material facts remain in dispute pursuant to Rule 56(g) of the Federal Rules of Civil Procedure. In that event, Defendant further requests that this Court issue an order specifying the facts that appear without substantial controversy and directing such further proceedings in this action as are just.

This Motion is brought pursuant to Federal Rules of Civil Procedure 7, 54(b), 56, and Rules 7.1 and 56.1 of the Local Rules of Practice for the United States District Court for the Northern District of Illinois. The Motion is based on the attached memorandum of law, the statement of undisputed material facts filed concurrently herewith, the request for judicial notice filed concurrently herewith, the affidavits and exhibits attached thereto, the files and records

herein, and such further and additional matters as may be presented prior to and at the hearing on this Motion, all of which are incorporated herein by this reference.

Respectfully submitted,

DATED: January 27, 2012

By: /s/ Bernard E. LeSage

*Attorneys for Argent Mortgage Company, LLC*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.   INTRODUCTION

Plaintiff Cedric Peterson ("Plaintiff" or "Mr. Peterson") has no claim against Argent Mortgage Company, LLC ("Defendant" or "Argent") because he falls squarely within the class action settlement in this MDL finalized by the Court on June 29, 2010.[1] Moreover, Plaintiff even accepted class settlement funds in exchange for a release of any and all of his claims. Plaintiff asserted one cause of action against Argent for alleged violations of the federal Truth in Lending Act ("TILA"), seeking rescission of his loan. But, as discussed in detail below, Plaintiff was a member of the Consolidated Class Action settlement ("Settlement") approved by final order of this Court on June 29, 2010. Specifically, Plaintiff is a member of the "TILA Rescission Class" and subject to the release contained in the Settlement Agreement, which released all claims against Argent, including the claim currently pending before the Court.

First, the Court's Final Order and Judgment approving the Settlement bars any further litigation of Plaintiff's claim. Second, Plaintiff filed a claim to participate in the class settlement and received money from the settlement fund. At no time has Plaintiff sought to opt out of the Settlement. Accordingly, Plaintiff released his claims under the terms of the Settlement Agreement and is barred from maintaining this suit against Argent. Therefore, as illustrated below, this case presents no genuine dispute of material fact and Defendant is entitled to judgment as a matter of law.[2]

### II.   THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF IS A CLASS MEMBER SUBJECT TO THE SETTLEMENT AGREEMENT APPROVED BY THIS COURT'S FINAL ORDER

This action stems from Plaintiff's 2005 refinance of real property located at 9345 Rocky Lane, Orangevale, California 95662 (the "Property"). [Separate Statement of Undisputed Material Facts ("UF") Nos. 1 and 2.] Plaintiff currently owns, and has owned, the Property at all relevant times. [UF No. 3.] On August 11, 2005, Plaintiff executed an Adjustable Rate Note

---

[1] As discussed further below, the Court has addressed this issue before in this MDL holding that the "Settlement covers all class members" and a borrower "cannot avoid his membership in the TILA Rescission Class." [*See* RJN, 11; Dkt. No. 4341, pp. 1-2.]

[2] On or about October 11, 2011, counsel for Argent mailed a letter to Mr. Peterson's counsel requesting that this case be dismissed by joint stipulation of dismissal. Plaintiff's counsel, who has since withdrawn, would not agree to the stipulation and Plaintiff has not responded or agreed to dismiss this case by joint stipulation. [*See* RJN, Ex. 11.] Therefore, Argent brings this motion to dispose of the case.

bearing loan number 0084967512, for the amount of $727,500.00 (the "Loan"). [UF No. 1.] Also, on August 11, 2005, Plaintiff secured the Loan against the Property by executing a first deed of trust in favor of Argent. [UF No. 2.]

A little more than a year later, Mr. Peterson defaulted on the Loan. On October 18, 2006, Argent initiated nonjudicial foreclosure proceedings by serving and recording a Notice of Default and, thereafter a Notice of Trustee's Sale. [UF No. 4.] After Plaintiff defaulted on the Loan and foreclosure proceedings were in motion, Plaintiff filed his "Complaint for rescission Under 15 U.S.C. § 1635" on August 19, 2008. [UF. No. 5.] Plaintiff filed his Complaint in the Superior Court of California, County of Los Angeles alleging a single claim against Argent, Deutsche Bank National Trust Company, and Does 1 to 10 for rescission of his loan under the TILA. [UF. No. 5.]

Pursuant to 28 U.S.C. Sections 1441(B) & 1446, which provide for federal question jurisdiction over this suit, Argent filed a Notice of Removal of the action to United States District Court, Central District of California on September 24, 2008. [UF No. 6.] The Peterson Case was removed to federal court that same day. [UF No. 7.] Argent answered Plaintiff's complaint on October 1, 2008. [UF No. 8.] The United States Judicial Panel on Multidistrict Litigation then ordered that Plaintiff's case be transferred into the above-captioned MDL on December 18, 2008 because this action shared common questions of fact with the cases consolidated in the MDL. [UF No. 9.] Specifically, like hundreds of other plaintiffs, Mr. Peterson sought rescission of his loan alleging that Argent failed to provide a proper notice of right to cancel. [UF No. 5.] Plaintiff did not oppose the Court's transfer. [UF No. 11.]

On December 4, 2009, the parties to the MDL reached a settlement. [UF No. 12.] The Court approved the Settlement Agreement by Preliminary Approval Order on December 8, 2009. [UF. No. 13.] The Court held a fairness hearing on April 15, 2010, so all interested parties could be heard in support or opposition to the proposed Settlement Agreement. [UF No. 14.] Plaintiff raised no objection at any time before or during the fairness hearing. [UF No. 15.] On June 29, 2010, the Court entered its Final Order and Judgment in the MDL adjudging "[a]ll Settlement Class members who are not listed on Exhibit A shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged their claims to the extent provided in the Settlement Agreement." [UF Nos. 16 and 17.]

Plaintiff's claim for rescission has been settled and released by the terms of the Settlement Agreement approved by final order of this Court. Specifically, Plaintiff is a member of the "TILA Rescission Class" as defined in Section VI.A of the Settlement Agreement. [UF No. 20.] The TILA Rescission Class is comprised of borrowers who owned property during the class period (February 8, 2003—December 4, 2009), who entered into a mortgage loan transaction relating to such property with Argent at any time on or after February 8, 2003 and who have requested rescission of their loans pursuant to the provisions of TILA. [UF No. 20.] Plaintiff meets each and every one of these criteria.

Plaintiff both owned property and entered into a mortgage loan transaction with Argent during the class period (February 8, 2003—June 29, 2010). Specifically, Plaintiff entered a mortgage loan transaction on August 11, 2005. [UF No. 1.] Plaintiff requested rescission of his loan on or before August 19, 2008, prior to the date of the settlement. [UF No. 5.]

The MDL Settlement included the following release of claims against Argent:[3] "[Argent] . . . **shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort** (including but not limited to personal injury, and emotional distress and RICO claims), **statute, regulation, or common law**[.]" [UF No. 22.] (emphasis added).[4]

In addition to the Court's approval of the notice procedure, Mr. Peterson received actual notice of the settlement. [UF Nos. 17 and 23.] The settlement administrator mailed notice of the settlement and a claim form to Plaintiff on January 8, 2010. [UF No. 23.] Plaintiff signed and faxed the claim form to the settlement administrator on January 16, 2010 requesting payment according to the terms of the Settlement Agreement. [UF No. 24.] At no time did Rust Consulting receive any objection from Mr. Peterson; thus, on October 15, 2010 the administrator mailed check number 118022 to Plaintiff. [UF Nos. 25 and 26.] In fact, Plaintiff accepted the settlement funds and the check cleared on October 20, 2010. [UF No. 27.]

Further, even before Plaintiff received actual notice, Rust Consulting arranged for notice to be published on January 3, 2010 in Parade magazine and on January 4, 2010 in USA Today

---

[3] The settling defendants in the Class Action include, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Argent Mortgage Company, LLC, Town & Country Credit Corporation and Olympus Mortgage Company. RJN Ex. 7, p. 1.

[4] Releasing Parties is defined in the Settlement Agreement to be "all members and Named Representatives of any Settlement Class who have not and do not validly exclude themselves from the Settlement under procedures set forth in Section XI of this Agreement whether or not they submit a claim, receive or accept any benefit, or cash any check in connection with the Settlement." RJN Ex. 7, § VI.C.

newspaper. [UF No. 29.] The settlement information was also provided on a website: www.AmeriquestMDLSettlement.com. [UF No. 30.]

Plaintiff made no attempt to opt out of the settlement class, his name does not appear on the official opt out list, and the period of time to opt out has long passed. [UF Nos. 25 and 32.] Instead of opting out, Plaintiff requested and received compensation pursuant to the Settlement Agreement. [UF Nos. 24, 26 and 27.] Therefore, Plaintiff is bound by the Court's final judgment, his claim has been released pursuant to the terms of the Settlement Agreement, and Argent is entitled to judgment as a matter of law.

## III.   LEGAL STANDARD

Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When a party moving for summary judgment carries its burden of demonstrating the absence of a genuine issue of material fact, its opponent must do more than simply show that there is a mere doubt as to the existence of material facts. Instead, the opposing party must come forward with specific facts that establish a genuine issue for trial. *See Matsushita Elec., Inc. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

In coming to its decision, the court may consider admissions in the opposing party's pleadings (even if unverified) as admissible evidence (FRE 801(d)(2)) and therefore such admissions can serve as the basis for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Further, judicial notice may be taken of "adjudicative facts" (*e.g.*, court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *See* FRE 201(b); Request for Judicial Notice, filed herewith.

## IV. ANALYSIS

### A.     The Court's Final Judgment and Order Precludes Plaintiff's Rescission Claim as a Matter of Law

A fundamental principle of class actions is that "the final judgment, *whether favorable or adverse to the class, will be binding on the entire class.*" 2 Alba Conte & Herbert B. Newberg, Newberg On Class Actions § 5:38 (4th ed. 2002) (citing Fed. R. Civ. P. 23(c)(2)) (emphasis added). Moreover, "[a]mended Rule 23 was drafted to eliminate doubts concerning the binding

scope of the judgment a court may enter in a class action. All members of the class, whether a class of plaintiffs or defendants, are bound by the judgment entered in the action under the amended rule, unless in a Rule 23(b)(3) action, an absent member makes a timely election for exclusion." 5 Alba Conte & Herbert B. Newberg, Newberg On Class Actions § 16:21 (4th ed. 2002) (citing *Richard's Lumber & Supply Co. v. U.S. Gypsum Co.*, 545 F.2d 18 (7th Cir. 1976) (holding that execution of a settlement release on behalf of a class of which plaintiff was a member bars subsequent claims and has res judicata effect on the class members)).

On June 21, 2011, this Court decided the same issue unfavorably for Plaintiff. Two borrowers, Don and Kewanna Ellis, filed a motion for declaratory relief seeking a determination from the Court that an Alaska state court action they filed fell outside the scope of the Settlement. The Court rejected each of their arguments and denied their motion. First, the Court concluded that "[t]he Settlement covers all class members—not just those whose lawsuits were consolidated into the MDL." [*See* RJN, 11; Dkt. No. 4341, p. 1.] Further, "[a]pproved class actions routinely encompass individuals who are party neither to the specific lawsuit, nor any lawsuit at all." [*Id.*] The borrowers' claims fell "[s]quarely within the definition of the TILA Rescission Class . . . [because they] owned property in the United States during the relevant time period and requested rescission pursuant to TILA or state disclosure laws prior to the date of the Settlement." [*Id.*] Therefore, the borrower "[c]annot avoid his membership in the TILA Rescission Class." [*Id.*] In declining the Ellis borrowers' request to opt out back in June, the Court stated, "[i]t is now far too late to consider such relief." [*Id.*]

Here, the basis for dismissing Plaintiff's claims is even more solid because his case was transferred into the MDL, he received actual notice of the settlement, accepted class settlement funds, and made no attempt to opt out in over two years. [UF Nos. 9, 23, 24, 25 and 32.]

The Seventh Circuit came to the same conclusion. In *Richard's Lumber & Supply Co.*, the plaintiff filed suit against United States Gypsum Company ("USG") alleging various improprieties associated with a "rebate scheme" USG had in place with several dealers of its products. *Richard's Lumber & Supply Co.*, 545 F.2d at 19. But USG had been the defendant in a prior antitrust class action which ended with a settlement. *Id.* at 20. The settlement agreement in the prior antitrust class action included a covenant not to sue.[5] The Seventh Circuit agreed with

---

[5] The covenant not to sue stated in pertinent part:

the district court's conclusion that the class settlement release barred plaintiff's claims against USG. Therefore, the district court properly granted USG's motion for summary judgment because the plaintiff was a member of the settling class, received notice of the settlement, failed to opt out or object to the fairness of the proposed settlement, and actually participated in the settlement fund. *Id.*

Here, like the Ellis borrowers previously before this Court and the plaintiff in *Richard's Lumber & Supply Co.*, Mr. Peterson was a member of the "TILA Rescission Class," he received notice of the settlement, he failed to opt out or object to the fairness of the settlement, and he even received money from the settlement fund. As a result, his claim for rescission has been settled, and he released Argent from any further claims related to the Loan.

First, to use the Court's own language, Plaintiff's claim "[f]alls squarely within the definition of the TILA Rescission Class." [*See* RJN, 11; Dkt. No. 4341, p. 1.] That class "[c]onsists of a nationwide class of Borrowers . . . who: (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States and (b) entered into a mortgage loan transaction relating to such property with any settling defendant or its predecessor at any time on or after February 8, 2003, . . . and who have requested rescission of their loans pursuant to applicable provisions of TILA or state disclosure laws on or before the date of the Settlement Agreement[.]" [UF No. 20.] Plaintiff owned the Property during the Class Period. [UF Nos. 1, 2, and 3.] And Plaintiff entered into a mortgage loan transaction with Argent relating to the Property after February 8, 2003, but before the date of the class settlement (December 4, 2009). [UF Nos. 1, 2, 3, and 12.] Finally, Plaintiff requested rescission of his loan from Argent pursuant to the provisions of TILA on or before August 19, 2008. [UF No. 5.] Therefore, Plaintiff is a class member and "[c]annot avoid his membership in the TILA Rescission Class." [*See* RJN, 11; Dkt. No. 4341, p. 2.]

---

[e]ach plaintiff and intervenor, and each class member which does not elect to be excluded as herein provided, shall be deemed to have covenanted to refrain from proceeding against the settling defendants, or any of them, on any present or prospective claim pertaining to any building and construction products manufactured from gypsum, including any gypsum or related products and relating to any direct or indirect purchases or transactions occurring prior to the dates of the settlement agreements, which agreements are dated in the period July 10 to August 15, 1973, and which claims are asserted under Federal or State antitrust law or based on any allegations of collusion, conspiracy or similar assertions.

*Id.*

Second, Plaintiff received actual notice of the settlement, requested and received payment from the settlement fund, and never sought to exclude himself from the settlement.[6] On January 8, 2010, Rust Consulting mailed written notice of the class settlement and a claim form to Plaintiff. [UF No. 23.] On January 16, 2010, Plaintiff returned a signed claim form requesting to participate in the class settlement and receive payment from the settlement fund. [UF No. 24.] Plaintiff never requested exclusion from the class settlement and is not listed on the Court's official opt out list. [UF Nos. 19 and 25.] And, in any event, "it is now far too late to consider such relief." [*See* RJN, 11; Dkt. No. 4341, p. 2.] Therefore, as stated in the Court's Final Order and Judgment, because Plaintiff is a class member, Plaintiff shall "[c]onclusively be deemed to have released and discharged [his] claims to the extent provided in the Settlement Agreement." [UF No. 18.]

Finally, the release in the Settlement Agreement eliminates Plaintiff's TILA rescission claim currently pending before the Court. The MDL Settlement included the following release of claims against Argent:

> [Argent] . . . **shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort** (including but not limited to personal injury, and emotional distress and RICO claims), **statute, regulation, or common law**, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted in the FACC and/or the Consolidated Actions (collectively "Released Claims"). Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor as of the Final Approval Date. Releasing Parties, on behalf of themselves individually and in their representative capacities acknowledge, and all Releasing Parties are deemed to acknowledge that they are aware that any of them may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this Agreement, but that **it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect**

---

[6] Even if Plaintiff did not receive actual notice, "the court-approved notice mailed to [his] home address is sufficient—even if [he] never received it." [*See* RJN, 11; Dkt. No. 4341, p. 1.] The Court cited the following cases in support of its conclusion: *See Eisen v. Carslisle & Jacquelin*, 417 U.S. 156, 173-75 (1974); *In re AT&T Mobility Wireless Data Services Sales Litig.*, 270 F.R.D. 330, 350-51 (N.D. Ill. 2010); *see also Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987).

**notwithstanding the discovery or existence of any such additional or different facts**.

[UF No. 22 (emphasis added).] Plaintiff bases his claim on TILA, codified as federal statute 15 U.S.C. § 1635, *et. seq.* [UF No. 5.] TILA is a "statute" and "regulation" as defined by the Section VIII.A in the Settlement Agreement. Therefore, his claim for rescission has been released by the terms of the Settlement Agreement and been deemed conclusively released and discharged by the Court's Final Order and Judgment.

### B.    Plaintiff Affirmatively Agreed to Release His Rescission Claim

A general release is valid, enforceable, and discharges all claims, absent evidence of duress. *Fabert Motors, Inc. v. Ford Motor Co.*, 355 F.2d 888, 890-91 (7th Cir. 1966). Here, Plaintiff knowingly and voluntarily participated in the class settlement. On January 16, 2010, Plaintiff submitted a signed claim form requesting settlement funds from Argent. [UF No. 26.] And Plaintiff accepted the settlement payment in exchange for a release of his claims. [UF No. 27.] The signed claim form submitted by Plaintiff stated, in all caps, that he would be "SUBJECT TO THE RELEASE DESCRIBED IN THE NOTICE UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT." [UF No. 31.] As discussed above, Plaintiff did not exclude himself from the settlement. [UF Nos. 19, 25, and 32.] To the contrary, Plaintiff affirmatively participated in the settlement and released his claims against all the Settling Defendants, including Argent. Therefore, Plaintiff executed a general release and Argent is entitled to judgment as a matter of contract law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.    CONCLUSION

Plaintiff was a member of the class settlement, received payment from the class settlement fund, and released all claims against Argent as adjudged by final order of this Court. Plaintiff can take nothing more from Argent or the MDL. Moreover, Plaintiff executed a general release of all claims. Therefore, Argent respectfully requests that summary judgment be granted in its favor and that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

DATED: January 27, 2012          By:/s/ Bernard E. LeSage

*Attorneys for Argent Mortgage Company, LLC*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 10880846v1