EXHIBIT 5

BUCHALTER NEMER
A Professional Corporation
  BERNARD E. LESAGE (SBN: 61870)
  SARAH K. ANDRUS (SBN: 174323)
  KAREN K. STEVENSON (SBN: 198482)
  MELODY A. PETROSSIAN (SBN: 227624)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Defendant ARGENT MORTGAGE
COMPANY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC PETERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ARGENT MORTGAGE COMPANY, LLC, a California limited liability company; DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No. CV 08-06302 VBF (JTLx)<br><br>**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER TO COMPLAINT** |

Plaintiff CEDRIC PETERSON ("Plaintiff") alleges:

## PREFATORY ALLEGATIONS

1. Plaintiff CEDRIC PETERSON is and at all times mentioned herein was a resident of the State of California.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1. Defendant denies any remaining allegations in paragraph 1.

2. The property which is the subject of this action is the primary dwelling of the Plaintiff Its address is 9345 Rocky Lane, Orangevale, California 95662 (the "Property").

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2. Defendant denies any remaining allegations in paragraph 2.

3. Defendant ARGENT MORTGAGE COMPANY, LLC ("Argent") is and at all times herein mentioned was a California limited liability company doing substantial business within this judicial district.

**ANSWER:** Defendant denies that Argent Mortgage Company, LLC was a California limited liability company. Defendant admits that it did business within this judicial district.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche Bank") is and at all times herein mentioned was conducting substantial business within this judicial district.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries and right to compensations herein alleged were proximately caused by the acts, errors, and omissions of said fictitiously named Defendants and each of them.

ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, were the agents, employees, partners, joint venturers, owners, principals, and employers of the remaining Defendants, and each of them, are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, ownership, or joint venture. Plaintiff is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

ANSWER: Paragraph 6 contains conclusions of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

## FIRST CAUSE OF ACTION

(Against An Defendants and DOES 1 to 10)

(Rescission and Damages under 15 U.S.C. § 1635)

7. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 8, inclusive, as though set forth at length herein again.

ANSWER: Defendant repeats and reaffirms its answers to paragraphs 1 through 6.

8. On or about August 29, 2005, Plaintiff executed a deed of trust in the amount of $727,500.00 in favor of Defendant Argent, and secured by the Property. The loan number is 0084967512. The loan was a refinance.

ANSWER: Paragraph 8 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. On said date, Defendant Argent committed the following non-exhaustive list of violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq.:

(1) Argent failed to provide Plaintiff with two copies of fully completed Notices of Right to Cancel;

(2) Argent failed to note the correct transaction date of August 29, 2005;

(3) Argent failed to note the correct date of expiration of the right to cancel.

**ANSWER:** Paragraph 9 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 9.

10. Plaintiff will amend this Complaint when additional Truth in Lending violations are discovered.

**ANSWER:** Paragraph 10 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 10.

11. Plaintiff is informed and believes and based thereon alleges that after closing the said loan, Argent sold and assigned the note and deed of trust to Defendant Deutsche Bank.

**ANSWER:** Defendant admits that Deutsche Bank serves as trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W3 Under the Pooling and Servicing Agreement dated as of October 1, 2005, Without Recourse. Defendant denies the remaining allegations of paragraph 11.

12. On August 11, 2008 and August 19, 2008, Plaintiff served Defendants with a letter giving them notice of Plaintiff's election to rescind the loan. The notice

further demanded that Defendants return all money given as earnest money, down payment, or otherwise and take any action to reflect the termination of the above-described deed of trust.

**ANSWER:** Paragraph 12 contains references to documents to which no answer is required. Defendant references the cited document in their entirety for a complete and accurate statement of its contents. Paragraph 12 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. As a direct and proximate cause of Defendants' violations of the law, Defendants were compelled to rescind the loan. As a further direct and proximate cause of such violations, Defendants were required to return such sums as required under 15 U.S.C. § 1635(b).

**ANSWER:** Paragraph 13 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. As of the date of filing this action, Defendants, and each of them, have failed to rescind the loan or return the monies owed to Plaintiff.

**ANSWER:** Paragraph 14 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. By virtue of the foregoing violations of the Truth in Lending Act, Plaintiff's right to rescind the said loan was extended from 3 days to 3 years after consummation of the transaction. 15 U.S.C. § 1635(f).

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. As a direct and proximate cause of Defendants' violations under the Truth in Lending Act, Plaintiff has incurred attorney's fees which amount will be proven at the time of trial.

**ANSWER:** Paragraph 16 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For rescission of Loan no. 89719312 under 15 U.S.C. § 1635(a) and (b);

2. For all sums to be paid under 15 U.S.C. § 1635(b);

3. For attorney's fees pursuant to 15 U.S.C. § 1601, et seq.

4. For pre-judgment interest at the legal rate from the time of injury;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

# DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

# AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not

1  Defendant, and any such intervening or superseding action of said parties and/or
2  persons or entities bars Plaintiffs' recovery.

3   10.   Plaintiff, by his knowledge, statements and/or conduct, has consented
4  and/or acquiesced to the alleged acts and/or omissions of Defendant described in
5  the Complaint.

6   11.   As to each cause of action, Defendant is entitled to an offset.

7   12.   Plaintiff's claims are barred in whole or in part, because Defendant has
8  committed no act or omission causing any damage to Plaintiff.

9   13.   Plaintiff's claims are barred in whole or in part, because Plaintiff
10 expressly, ostensibly and/or implicitly authorized or ratified the transactions at
11 issue.

12  14.   Plaintiff's claims are barred in whole or in part, because Plaintiff
13 would be unjustly enriched if allowed to recover on the Complaint.

14  15.   Plaintiff's claims are barred in whole or in part, because he is a
15 member of a prior settlement or class that released some or all claims alleged by
16 Plaintiff.

17  16.   Defendant alleges that it presently has insufficient knowledge or
18 information on which to form a belief as to whether it may have additional, as yet
19 unstated, affirmative defenses. Defendant reserves its right to file an amended
20 answer asserting additional defenses, and/or to file a counter or cross-complaint in
21 the event that discovery indicates that either is appropriate.

22                              **PRAYER**

23  Defendant prays this court to:

24  1.   Dismiss Plaintiff's Complaint;

25  2.   Enter judgment for Defendant and against Plaintiff in this action;
26
27  3.   Award Defendant its costs of suit; and

28

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: October 1, 2008

BUCHALTER NEMER
A Professional Corporation
BERNARD E. LESAGE
SARAH K. ANDRUS
KAREN K. STEVENSON
MELODY A. PETROSSIAN

By:/s/ Jason E. Goldstein

Attorneys for Plaintiff