# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |
| BORROWER CLASS PLAINTIFFS' ACTIONS | |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement" or "Agreement") is entered into among:  (i) the Plaintiffs named in the Borrowers' First Amended and Consolidated Class Action Complaint ("Plaintiffs"); and (ii) Ameriquest Mortgage Company; AMC Mortgage Services, Inc. (FKA Bedford Home Loans, Inc); Town & Country Credit Corporation; Olympus Mortgage Company (NKA Bedford Home Loans, Inc.); and Argent Mortgage Company, LLC (collectively, the "Settling Defendants") by and through their respective counsel of record, subject to approval of the Court.

IT IS HEREBY STIPULATED AND AGREED, by and among the parties, that all claims that were or could have been alleged in the Borrowers' First Amended and Consolidated Class Action Complaint ("FACC"), filed in the above captioned proceeding, are settled on the terms and conditions set forth in this Settlement Agreement, subject to the approval of the Court. For the purposes of this agreement, the class actions whose claims are being consolidated in the the FACC ("Consolidated Actions") shall include:

- *Barber v. Ameriquest Capital Corp.*, Case No. 04-CV-01296 (TJC-TEM), U.S. District Court for the Middle District of Florida;
- *Becker v. J.M. Closing Services, Inc., et al.*, Case No. 1:06-cv-02810 (RDB), U.S.

District Court for the District of Maryland;
- *Boudin v. ATM Holdings, Inc. D/B/A ATM Corp. of America and Ameriquest Co.,* Case No. 1:07-CV-0018, U.S. District Court for the Southern District of Alabama;
- *Brown v. Ameriquest Capital Corp.,* Case No. SACV05-285 (AHS), U.S. District Court for the Central District of California;
- *Campbell v. Ross v. Ameriquest Mortgage Co.,* Case No. 05-CV-00107 (WLS), U.S. District Court for the Middle District of Georgia;
- *Capasso v. Ameriquest Mortgage Co.,* Case No. 06-CV-01221 (JCL), U.S. District Court for the District of New Jersey;
- *Carlson v. Ameriquest Mortgage Co.,* Case No. 06-CV-03129 (PAM), U.S. District Court for the District of Minnesota;
- *D'Ambrogi v. Ameriquest Mortgage Co.,* Case No. 05-CV-04427 (CMR), U.S. District Court for the Eastern District of Pennsylvania;
- *Doherty v. Town & Country Credit Corp.,* Case No. 05-CV-00589 (JRT), U.S. District Court for the District of Minnesota;
- *Graham, et al. v. Ameriquest Mortgage Co., Argent Mortgage Co., et al.;* 4:06-40195 U.S. District Court for the District of Massachusetts;
- *Harless v. Ameriquest Mortgage Co.,* Case No. 06-CV-1391 (SEB-VSS), U.S. District Court for the Southern District of Indiana;
- *Harless v. Ameriquest Mortgage Co.,* Case No. 06-CV-0695 (LJM), U.S. District Court for the Southern District of Indiana;
- *Hines, et al. v. Ameriquest Mortgage Co.,* Case No. 4 06-CV-00133 U.S. District Court for the Northern District of Georgia;
- *Jewell v. Ameriquest Mortgage Co.,* Case No. 06-CV-00269, U.S. District Court for the Northern District of Illinois;
- *Jones v. Ameriquest Mortgage Co.,* Case No. 07-AP-1079 (MAM-ALS) U.S. Bankruptcy Court for the Southern District of Alabama;
- *Juillerat v. Ameriquest Mortgage Co.,* Case No. 8:05-CV-01117 (DOC), U.S. District Court for the Central District of California;
- *Kahrer v. Ameriquest Mortgage Co.,* Case No. CIV.A.05-391, U.S. District Court for the Western District of Pennsylvania;
- *Knox v. Ameriquest Mortgage Co.,* Case No. C 05 00240 (SC), U.S. District Court for the Northern District of California;
- *Madrazo v. Ameriquest Mortgage Co.,* Case No. CV 05 3987 (BRK), U.S. District Court for the Eastern District of New York;
- *Montanez v. Ameriquest Mortgage Co.,* Case No. 06 CV 10244 (RWZ), U.S. District Court for the District of Massachusetts;
- *Murphy v. Ameriquest Mortgage Co.,* Case No. 04-CV-12651 (RWZ), U.S. District Court for the District of Massachusetts;
- *Russell v. Ameriquest Mortgage Co.,* Case No. 06-CV-401 (TLS-APR) U.S. District Court for the Northern District of Indiana;
- *Sanchez v. Argent Mortgage Co.,* Case No. SACV07-CV-984 (CJC) U.S. District Court for the Central District of California;
- *Saunders v. Ameriquest Mortgage Co.,* Case No. 5-CV-01126 (CAB), U.S. District Court for the Northern District of Ohio;
- *Stadaker v. Ameriquest Mortgage Co.,* Case No. 3:07-CV-00409, U.S. District Court for

the Middle District of Tennessee;

- *Ungar v. Ameriquest Mortgage Co.*, Case No. 05 CIV 01849 (JDW), U.S. District Court for the Middle District of Florida;
- *Valdes v. Ameriquest Mortgage Co.*, Case No. RG05236537, Alameda County Superior Court;
- *Williams v. Ameriquest Mortgage Co.*, Case No. 05 CV 6189 (LTS), U. S. District Court for the Southern District of New York; and
- *Williams v. Ameriquest Mortgage Co.*, Case No. 05-CV-01036 (EAK), U.S. District Court for the Middle District of Florida.

## I.   **RECITALS**

A.   On or about December 14, 2005, the Judicial Panel on Multidistrict Litigation consolidated and transferred certain of the class action cases pending in this proceeding and thereafter transferred most of the balance of the Consolidated Actions. Other class action cases pending in this proceeding were transferred and consolidated in this Court under the rule governing related actions in the United States District Court for the Northern District of Illinois. Each of the Consolidated Actions alleged that one or more of the Settling Defendants violated state, federal and/or common law consumer protections in originating and/or servicing loans to the Plaintiffs and other similarly situated individuals.

B.   On December 6, 2006, the Plaintiffs in the Consolidated Actions filed a Borrowers' Consolidated Class Action Complaint ("CCAC") [Docket No. 325]. On June 18, 2007, Plaintiffs in the Consolidated Actions filed a Motion for Leave to file a First Amended Consolidated Class Action Complaint. The Court has not issued any ruling on this Motion, the Proposed First Amended and Consolidated Class Action Complaint has not been filed and the Settling Parties hereby agree that the Motion is withdrawn.

C.   The Plaintiffs intend to file a new Borrowers First Amended and Consolidated Class Action Complaint ("FACC") to consolidate additional later transferred class action cases and for other purposes. The FACC shall be approved by the Settling Defendants before filing and shall include as plaintiffs all parties previously named as a plaintiff in any of the

Consolidated Actions, including those previously omitted from *Saunders v. Ameriquest Mortgage Co.*, Case No. 5-CV-01126, but shall not include those individuals who previously released claims in the AG Settlement.

D. On or about November 7, 2006, the Court appointed the undersigned counsel for the Plaintiffs to act as lead counsel for the Borrower Class Plaintiffs and they have done so in consultation with their Executive Committee and counsel for other Plaintiffs in the Consolidated Actions [Docket No. 284].

E. The Settling Defendants deny the allegations of the Consolidated Actions and of both the CCAC and the FACC and deny that Plaintiffs or the Class have been harmed by any act or omission of the Settling Defendants.

F. In or about September 2007, the Settling Defendants ceased making new loans and over a period of time transferred certain interests in various businesses to other unrelated and non-affiliated entities in arms length transactions. From approximately September 30, 2007, none of the Settling Defendants were engaged in substantial business activities other than managing assets and liabilities arising from its prior business operations.

G. In January 2006, ACC Capital Holdings Corporation, Ameriquest Mortgage Company, Ameriquest Mortgage Services f/k/a Bedford Home Loans and Town & Country Credit Corporation ("AG Defendants") entered into a $325 million settlement with the Attorneys General of the 49 States in which the AG Defendants conducted business ("AG Settlement"). The AG Settlement resolved all claims and charges alleged relating to the AG Defendants' lending practices, which included many of the types of allegations made by Plaintiffs in this action and provided for general releases in favor of Ameriquest by borrowers who participated in that settlement. This Settlement Agreement is intended to, among other things, resolve the

- 4 -

claims of those individuals who either intentionally or unintentionally failed to participate in the AG Settlement.

## II.   DISCOVERY COMPLETED

A.    Plaintiffs, by and through their counsel, have undertaken substantial formal and informal discovery over the course of approximately 4 years of MDL litigation. Approximately 15 depositions were conducted, including depositions of the Settling Defendants' employees, officers, directors, and/or managing agents. In addition, Plaintiffs conducted substantial discovery in several cases before they were transferred and consolidated into the MDL proceeding. Plaintiffs also subpoenaed various former employees of the Settling Defendants' and received their testimony.

B.    In addition, Settling Defendants produced over 212,690 pages of loan files and other documents regarding company policies and procedures and corporate activities during the class period. They further produced several terabytes of computerized data about Class Member loan files. The parties had numerous disagreements regarding the scope or relevance of Plaintiffs' requested discovery, which were the subject of dozens of discovery conferences and substantial discovery practice.

C.    Prior to entering into this Settlement, Lead Class Counsel reviewed substantial financial information regarding the Settling Defendants' assets, insurance policies, and revenue projections, which the Settling Defendants will also confirm through a Declaration to be submitted to the Court, for *in camera* review in conjunction with the Settlement.

## III.   SETTLEMENT PROCEEDINGS

A.    On December 6, 2007 the parties began to pursue, by agreement, a settlement by mediation before an agreed-upon neutral: retired San Francisco Superior Court Judge Daniel Weinstein, at JAMS in San Francisco, California. The parties met with the mediator on over 12

occasions, in San Francisco and New York and by phone. In addition to the sessions with Judge Weinstein, the parties engaged in dozens of hours of in-person meetings, conference calls, and other communications intended to further the process of settlement. Judge Weinstein recommends this Settlement.

      B.     Negotiations were at arms length, hard fought, and frequently acrimonious.

      C.     In May 2009, the parties reached agreement, in principal, on economic terms for the Class.

      D.     That agreement was contingent on additional data review, development of a process for identifying class members from available data and development of a Distribution Plan that considers the relative harm suffered by class members and the strengths and weaknesses of the claims of members of each class. Those activities were completed prior to execution of this agreement.

      E.     Plaintiffs agree to settle this class action pursuant to the provisions of this Settlement Agreement, set forth in detail below, considering, among other things:

           1.     The substantial benefits to the Class under the terms of this Settlement Agreement;

           2.     The attendant expense, risks, difficulties, delays, and uncertainties of trial and post-trial proceedings; and

           3.     The Settling Defendants' financial circumstances and the risk the Class could obtain little or no relief if the proceedings did not resolve.

      F.     Both Class Counsel and the Class Representatives agree that the Settlement Agreement provides fair, reasonable, and adequate relief to the Class in the circumstances

presented, and that settlement on the agreed terms, set forth below, is in the best interests of the
Settlement Classes described below.

        G.     Class Counsel, after consultation with relevant experts, have carefully evaluated
and compared the strengths, weaknesses, and relative merits of the claims of the several classes
and have developed a distribution plan for division of the economic relief that recognizes, to the
extent possible based on the available data and the uncertainties of litigation, the relative value of
those claims.

**IV.**    <u>**SETTLEMENT RELIEF**</u>

        A.     The Settlement Monetary Fund ("Settlement Fund") shall consist of $22 million.

        B.     The $22 million Settlement Fund is intended to be inclusive of:

            1.     Settlement payments to class members;

            2.     Notice and claims administration costs (including the costs of identifying
class members based on data supplied or to be supplied by the Settling Defendants to
Rust Consulting);

            3.     Service Awards to named Plaintiffs; and

            4.     Reasonable attorneys' fees and costs in an amount to be determined and
which the Settling Defendants will not oppose for the purposes of Settlement Approval.

        C.     The Settlement Fund does not include costs associated with resolving any other
case or matter not within the Consolidated Actions including, without limitation, *Ricci, et al. v.
Ameriquest*, Civil File No. 05-2546.

        D.     Creation of the Settlement Fund:

            1.     One-third of the Settlement Fund shall be deposited into a designated

account within seven business days after the parties execute the Settlement

Agreement;

2.      One-third shall be deposited within seven business days after entry of the

Preliminary Approval Order; and

3.      One-third shall be deposited within seven business days after entry of the

Final Approval Order by the District Court.

Interest on the deposited Settlement Fund shall be accumulated for the benefit of the

Settling Defendants until seven business days after entry of the Final Approval Order by the

District Court, if any. Settling Defendants' payments may therefore be reduced by the amount of

any interest accrued on the fund as of the date that is seven business days after the date of entry

of the Final Approval Order. Following the date that is seven business days after the date of

entry of the Final Approval Order, interest shall accumulate for the benefit and augmentation of

the fund.

If the Settlement Agreement terminates for any reason, including if the Effective Date (as

determined below) does not occur, the Settling Defendants will be entitled to receive the entire

amount of the Settlement Fund (including accrued interest), other than amounts previously spent,

so provided for in the Settlement Agreement, for notice and administration (including Rust

Consulting's costs of identifying class members) ("Reimbursement"). The Reimbursement shall

be made by the holder of the funds upon written instruction from Settling Defendants no later

than five (5) business days following the termination of the Settlement Agreement.

If the Settlement Agreement *does* reach the Effective Date (as defined below), and does

not terminate for any reason, the Settling Defendants will have no right to any portion of the

Settlement Fund (other than with respect to interest as set forth in the first full paragraph

following subsection 3 above), but instead such amounts will be expended for the Settlement.

Amounts, if any, in the Settlement Fund not used for other purposes permitted in this Settlement Agreement shall be donated, by way of an award in the nature of *cy pres* to one or more charities. The charities shall be selected by Settling Defendants, subject to approval by the Plaintiffs, which approval will not be unreasonably withheld. In the event that the Plaintiffs do not approve the Settling Defendants' selection of charities, the parties will submit the dispute to Judge Daniel Weinstein of JAMS, who will have sole authority, after appropriate consultation with the parties, to make a binding decision on whether the charity or charities is an appropriate recipient of Settlement Funds.

E. **Distribution Plan**: A plan of distribution ("Distribution Plan") for the settlement fund is attached hereto and labeled Exhibit 1. The Distribution Plan is subject to review and approval by the Court.

## V. NON-BORROWER CLAIMS

The Non-Borrower Class Plaintiffs through their counsel and the Settling Defendants have reached an agreement that the Class Allegations of the Non-Borrower Complaint will be dismissed in their entirety without prejudice within two business days of the granting of the Motion for Preliminary Approval, and that original counsel for each of the named Plaintiffs may take further action in connection with their claims as appropriate in light of the Supreme Court's decision in *Safeco Insurance v. Burr*, 127 S. Ct 2201 (2007), and the Seventh Circuit's decisions in *Murray v. New Cingular Wireless Services*, 523 F. 3d 719 (7th Cir 2008) and *Calvin v. Home Loan Center*, 531 F. 3d 526 (7th Cir. 2008).

The Non-Borrower Class Plaintiffs and the putative class(es) they sought to represent are not included in the Settlement and shall not be entitled to compensation from the Settlement Fund.

## VI.    SETTLEMENT CLASSES

A.    **Class Definitions**:  For the purpose of the definition of the settlement classes, the "Class Period" is from December 14, 2001, to the present unless otherwise stated.  Only borrowers included in one of the following classes are covered by the Settlement. For the purposes of these definitions, the term "Ameriquest" includes each of the Settling Defendants.

### Class 1:  "TILA RESCISSION CLASS"

The TILA Rescission Class consists of a nationwide class of Borrowers (excluding:  (i) Released Parties ; (ii) the parents, subsidiaries and affiliates, officers and directors of the Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the legal representatives, successors, or assigns of any such excluded persons) who:  (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States and (b) entered into a mortgage loan transaction relating to such property with any Settling Defendant or its predecessors at any time on or after February 8, 2003, or, for residents of Massachusetts, at any time on or after February 8, 2002, and who have requested rescission of their loans pursuant to applicable provisions of TILA or state disclosure laws on or before the date of the Settlement Agreement.

Excluded from the TILA Rescission Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

### Class 2:  "BAIT AND SWITCH CLASS"

The Bait and Switch Class consists of a nationwide class of Borrowers (excluding:  (i) Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the Released Parties or of any entity in which a Released Party has a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons) who:  (a) presently

- 10 -

own, or during the Class Period owned, property (including mobile homes) in the United States;
and (b) entered into a retail mortgage loan transaction during the Class Period relating to such
property with any Settling Defendant or its predecessors and who meet one of the following
criteria:

> i. loan records establish a final disclosed annual percentage rate that is at least 0.9%
> higher (as calculated pursuant to TILA) than the disclosed annual percentage rate
> (calculated pursuant to TILA) contained in any pre-closing written disclosures made to
> the borrower.

> ii. loan records establish that the borrower received a loan containing a prepayment
> penalty, but pre-closing written disclosures made to the borrower described a loan
> without a prepayment penalty.

> iii. loan records establish that the borrower received a loan containing a variable rate, but
> pre-closing written disclosures made to the borrower described a loan containing a fixed
> rate.

Excluded from the Bait and Switch Class are all individuals who have previously
released claims in contract or in tort, individually or as a member of a class action, or by
accepting a benefit in the Attorneys General Settlement.

## Class 3: "DISCOUNT POINTS CLASS"

The Discount Points Class consists of a nationwide class of Borrowers (excluding: (i)
Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the
Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the
legal representatives, successors, or assigns of any such excluded persons) who (a) presently
own, or during the Class Period owned, property (including mobile homes) in the United States;
(b) entered into a retail mortgage loan transaction during the Class Period relating to such
property with any Settling Defendant or its predecessors and (c) either entered into loans:

> (i) made after December 14, 2001, and before February 3, 2003, on which they had to pay
> discount points in any amount; or

> (ii) made on or after February 3, 2003, to the present on which they had to pay at least

three (3) discount points.

Excluded from the Discount Points Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

**Class 4: "WHOLESALE BORROWER CLASS"**

The Wholesale Borrower Class consists of a nationwide class of Borrowers (excluding: (i) Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the legal representatives, successors, or assigns of any such excluded persons) who: (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States; (b) entered into a wholesale mortgage loan transaction during the Class Period relating to such property with any Settling Defendant or its predecessors; (c) paid fees to a loan broker in connection with the mortgage loan; and (d) paid an amount constituting more than 3% of their funded loan amount in Settlement Charges to the Settling Defendant or a mortgage broker.

For the purposes of this definition, "Settlement Charges" include all fees paid to the Settling Defendant, a mortgage broker or a third party settlement service provider at or about the time of the origination of the loan and which are denominated in the Settling Defendants' electronic records as prepaid finance charges.

Excluded from the Wholesale Borrower Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

**Class 5: "LOAN SERVICING CLASS"**

The Loan Servicing Class consists of a nationwide class of Borrowers (excluding: (i) Released Parties; (ii) the parents, subsidiaries and affiliates, officers and directors of the

Released Parties or of any entity in which a Released Party has a controlling interest; and (iii) the legal representatives, successors, or assigns of any such excluded persons) who: (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States; (b) entered into a mortgage loan transaction relating to such property that was serviced by any Settling Defendant during the Class Period; and (c) paid Default and Delinquency Fees or Costs to the Settling Defendant in an amount in excess of a total of $1,000.

For the purpose of this definition, Default and Delinquency Fees and Costs include fees denominated in the Settling Defendants' electronic servicing records as late, legal, phone pay NSF, bad check NSF, appraisal and inspection fees and recoverable corporate advance.

Excluded from the Loan Servicing Class are all individuals who have previously released claims in contract or in tort, individually or as a member of a class action, or by accepting a benefit in the Attorneys General Settlement.

B.   **Settlement Certification**: For settlement purposes only, the Parties agree that, as part of the Preliminary Approval Order, the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Classes subject to final findings and certification in the Final Order, and appointing both Plaintiffs and Class Counsel as representatives of the Settlement Classes. For settlement purposes only, the Settlement Classes will be certified pursuant to Rule 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

The Parties do not consent to certification of the Settlement Classes for any purpose other than to effectuate the settlement of the actions and claims identified in this Agreement. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction that is not subject to appeal, the Parties hereby stipulate that the order certifying the Settlement Classes and all

preliminary and/or final findings or stipulations regarding certification of the Settlement Classes shall be automatically vacated.

C.     The "Releasing Parties" under this settlement are all members and Named Representatives of any Settlement Class who have not and do not validly exclude themselves from the Settlement under procedures set forth in Section XI of this Agreement whether or not they submit a claim, receive or accept any benefit, or cash any check in connection with the Settlement.

## VII.    FIRST CONSOLIDATED AND AMENDED COMPLAINT

A.     For the purposes of Settlement only, Plaintiffs will file the Borrowers FACC incorporating and superseding all pending consolidated complaints in this matter. The Settling Defendants will stipulate to the filing of the FACC after approval as set forth in Section I.C above.

B.     The Settling Defendants do not consent to the filing of the FACC except for the purposes of settlement. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, any party to this motion may seek to have the FACC vacated and the other parties to this agreement will consent to such motion. If the FACC is vacated it will be of no further force and effect and the parties will be returned to the *status quo ante* in the litigation as if the FACC had never been filed.

## VIII.   RELEASE

A.     The Settling Defendants, together with Argent Securities LLC; Ameriquest Mortgage Insurance Services Corporation; Ameriquest Funding II, LLC; Ameriquest Funding II REO Subsidiary, LCC; Ameriquest Securities LLC; Park Place Securities LLC, Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; Argent Securities, Inc.; Park Place

Securities, Inc.; ACC Capital Holdings Corporation; SBP Capital Corporation (FKA Ameriquest

Capital Corporation); Dawn Arnall in all capacities; The Roland and Dawn Arnall Living Trust;

the Estate of Roland Arnall; and All Pass-Through entities created to facilitate the securitization

process including, without limitation as to each of the foregoing entities, all current and former

officers, directors, managers, employees, owners, shareholders, heirs, estates, related companies

by common ownership, parent companies, insurers, successors, assigns, servicers, investors,

trustees, agents and attorneys (the forgoing entities and individuals shall hereinafter be

collectively referred to as the "Ameriquest Released Parties") shall be released from all claims,

causes of actions, or liabilities of which any and all Releasing Parties may or did have during the

Class Period, including without limitation, in contract, in tort (including but not limited to

personal injury, and emotional distress and RICO claims), statute, regulation, or common law,

whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as

part of a class of claims or claims on behalf of the general public, whether known or unknown,

suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or

unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have

been alleged or asserted in the FACC and/or the Consolidated Actions (collectively, the

"Released Claims"). Without limiting the foregoing, the Released Claims specifically extend to

claims that the Releasing Parties do not know or suspect to exist in their favor as of the Final

Approval Date. Releasing Parties, on behalf of themselves individually and in their

representative capacities acknowledge, and all Releasing Parties are deemed to acknowledge that

they are aware that any of them may hereafter discover facts in addition to, or different from,

those facts which they now know or believe to be true with respect to the subject matter of this

Agreement, but that it is their intention to release fully, finally and forever all Released Claims,

and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

B.      All Servicers, Investors and Trustees (collectively, the "Additional Released Parties") shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may have or have had during the Class Period, including without limitation, in contract, in tort (including but not limited to personal injury, and emotional distress and RICO claims), statute, regulation, or common law, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted in the Complaints (collectively, the "Additional Released Claims"). Without limiting the foregoing, the Additional Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor as of the Final Approval Date.  Releasing Parties, on behalf of themselves individually and in their representative capacities acknowledge, and all Releasing Parties are deemed to acknowledge that: i) they are aware that any of them may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally and forever all Additional Released Claims, and ii) in furtherance of such intention, the release of the Additional Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

Notwithstanding the forgoing, the release of the Additional Released Parties extends only to Additional Released Claims based upon or arising out of conduct of the Ameriquest Released

- 16 -

Parties and does not apply to claims based upon or arising out of the direct conduct of any Additional Released Party.

      C.    **_Foreclosure Exception_:**  Notwithstanding any language herein, the release given to Ameriquest Mortgage Company; AMC Mortgage Services, Inc. (FKA Bedford Home Loans, Inc); Town & Country Credit Corporation; Olympus Mortgage Company (NKA Bedford Home Loans, Inc.); and Argent Mortgage Company, LLC (collectively, the "Originator Defendants") and to the Additional Released Parties shall not extend to, and shall have no effect on statutory or common law foreclosure claims and defenses raised in response to, an actual or threatened judicial or non-judicial foreclosure of any loan originated by a Defendant to a Class Member who is a borrower and whose loan has not been paid off or liquidated as of the Final Approval Date. This exception to the Released Claims shall not apply to any Ameriquest Released Party other than the Settling Defendants and is, in any event, not intended to, and shall not, permit affirmative recovery of monetary damages in connection with any foreclosure-related, or other, proceeding.

## IX.    RELEASE BY DEFENDANTS

      In exchange for the releases herein provided, the Ameriquest Released Parties are hereby deemed to have released, on behalf of themselves and all of their parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, and assigns ("Ameriquest Releasing Parties"), the Plaintiffs and Class Counsel, from all claims, causes of actions, or liabilities of which any and all of the Ameriquest Releasing Parties may have or have had against the Plaintiffs or Class Counsel, whether known or unknown, that arise from matters alleged in the FACC or the Consolidated Actions. Nothing contained herein, however, shall release any Plaintiff from the obligations or benefits of any loan obtained from the Ameriquest Releasing Parties or limit Defendants' affirmative defenses or cross claims arising from any loan obtained from the

- 17 -

Ameriquest Releasing Parties.

**X.    NOTICE AND APPROVAL OF SETTLEMENT**

A.    Lead Class Counsel will submit preliminary approval papers for the Settlement, including a Motion for Preliminary Approval along with a proposed order for preliminary approval and certification of settlement classes substantially in the form of Exhibit 2 (the "Preliminary Approval Order"), an agreed proposed form of mailed notice and a summary notice substantially in the Form of Exhibits 3 and 4 (the "Notice" and "Summary Notice"), the proposed form of the final order ("Final Order") in the form of Exhibit 5, and the executed Agreement, within a reasonable time following of execution of this Agreement. The Settling Defendants will assent to the Motion for Preliminary Approval.

B.    The Preliminary Approval Order will, among other things, certify the Settlement Classes for settlement purposes only, approve Plaintiffs as adequate representatives of the Settlement Classes, and allow the court to enter a date for a "Final Approval Hearing." The Preliminary Approval Order also will approve the form of the Notice, will find that the method of notice selected constitutes the best notice to all persons within the definition of the Settlement Classes that is practicable under the circumstances, and will find that the form and method of notice each comply fully with all applicable law.

C.    The Parties will propose the following notice protocol for approval by the Court:

(a)    The appropriate form of notice, along with a claim form, will be mailed to the last known address of Settlement Class Members in the Settling Defendants' records, by first class mail no later than thirty (30) days after the Court enters the Preliminary Approval Order;

(b)    The Settlement Administrator and each Lead Class Counsel will provide a link on its website to a central site maintained by the Settlement Administrator to obtain downloadable and printable copies of the Settlement Agreement, the Notice and the Claim Form;

- 18 -

(c)     The Settlement Administrator will also provide publication notice of the Agreement ("Summary Notice") through one (1) notice to be published in Parade and USA Today, or as otherwise ordered by the Court, not later than thirty (30) days after the Court enters the Preliminary Approval Order.

(d)     The Settlement Administrator will promptly re-mail any notices returned by the Post Office with a forwarding address.

D.     All costs of notice and administration will be borne by the Settlement Fund.

E.     The Settlement Administrator will file with the Court and serve upon Lead Class Counsel and Settling Defendants' counsel no later than ten (10) days prior to the Final Approval Hearing an affidavit or declaration stating that notice has been completed in accordance with the terms of the Preliminary Approval Order.

F.     The Final Approval Hearing will be held at a date and time to be set by the Court after mailing of the Notice and the passing of the Opt-Out Date.  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement and the Distribution Plan should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether attorney's fees, costs and named representative service payments should be approved in the amounts requested, and whether a judgment and order finally approving the Settlement and dismissing any of the actions should be entered. Lead Class Counsel for the Plaintiffs will file the Motion for Final Approval of the Settlement on the schedule ordered by the Court and the Settling Defendants will assent to the Motion.  The parties will submit a proposed order for Final Approval and Dismissal ("Final Order") substantially in the Form of Exhibit 5.

G.     The "Effective Date" for purposes of the Settlement shall be five (5) business days after the latest of the following dates: (a) the date upon which the time to commence an appeal of the Final Approval Order and Judgment has expired, if no one has commenced any appeal or writ proceeding challenging the Final Order and Judgment; or (b) the date the Final Approval Order and Judgment has been affirmed on appeal or writ review (or the appeal or writ petition has been dismissed), and the time within which to seek further review has expired. Notwithstanding the foregoing, the Settling Defendants may, within their sole discretion, declare an earlier Effective Date, namely, any date after the Final Approval Order and Judgment is entered.

H.     Subject to Court approval, Plaintiffs will propose the firms on the list attached as Exhibit 6 as "Class Counsel" for the purposes of Settlement and Fed. R. Civ. P. 23(g) (except to the extent that all of the Plaintiffs represented by such firm opt out of the Settlement).

I.     Subject to Court approval, Plaintiffs will propose the following firms, who have served as interim Lead Class Counsel, as Lead Class Counsel for the purposes of Settlement and Fed. R. Civ. P. 23(g):

> Gary Klein
> Shennan Kavanagh
> RODDY KLEIN & RYAN
> 727 Atlantic Avenue
> Boston, MA 02111-2810
>
> Kelly M. Dermody
> Rachel Geman
> LIEFF, CABRASER, HEIMANN
>   & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
>
> Jill Bowman
> Terry Smiljanich
> JAMES, HOYER, NEWCOMBER
>   & SMILJANICH, P.A.
> One Urban Center, Suite 550
> 4830 West Kennedy Boulevard

Tampa, FL 33609

## XI. <u>EXCLUSIONS FROM THE SETTLEMENT</u>

A.     The last date for class members to exclude themselves from the Settlement ("Opt-Out Date") will be forty-five (45) days after the date of initial mailing date of the Mailed Notice. Said date will be conspicuously listed in the Mailed Notice and in the Summary Notice.

B.     Each Class Member who wishes to be excluded from the Settlement must mail to the Settlement Administrator, postmarked or received in a manner allowed by the class notice on or before forty-five (45) days after the initial mailing date, an appropriate written request for exclusion, including his or her name, address, telephone number, and loan number, that is personally signed by the Class Member. No Class Member, or any person acting on behalf or in concert or participation with that Class Member, may exclude another Class Member from the Settlement.

C.     No later than fourteen days after the last date on which class members may exclude themselves from the Settlement, Plaintiffs' counsel shall direct the Settlement Administrator to provide a list of those members of each class who have attempted timely and validly to opt out ("Administrator's Report"), on an attorney's eyes only basis, to Lead Class Counsel and designated counsel for the Settling Defendants. A copy of the form used for each such attempted opt out will be appended to the Administrator's Report.

D.     The final list of requests for exclusion will be filed with the Court by the Settlement Administrator not later than ten (10) days before the Final Approval Hearing. Copies of the requests for exclusion will be provided by the Settlement Administrator to Lead Class Counsel and Counsel for the Settling Defendants as soon as practicable before the Final Approval Hearing. If the Settlement is approved by the Court at the Final Approval Hearing and

- 21 -

reaches the Effective Date, any and all Class Members who have not submitted a timely, written

request for exclusion to the Settlement Administrator, will be bound by the releases set forth

herein, and all proceedings, orders, and judgments entered in this class action litigation, even if

those persons have previously initiated or subsequently initiate individual claims, litigation or

other proceedings against the Settling Defendant related to the claims released pursuant to this

Settlement.

       E.      Named Class Representatives who exclude themselves from the Settlement shall

no longer be considered a Plaintiff or a Named Class Representative under this Settlement

Agreement and shall be entitled to no  benefits of the Settlement including without limitation,

Service Payments, settlement payments, or payment of Attorney's Fees and Costs.

## XII.    OBJECTIONS TO SETTLEMENT

       A.      Any Class Member who has not filed a timely written request for exclusion and

who wishes to object to or oppose the fairness, reasonableness or adequacy of this Settlement

Agreement, or to any award of attorneys' fees and expenses, must serve upon Lead Class

Counsel and Counsel for the Settling Defendants, and must file with the Court, no later than

forty-five (45) days after the initial mailing date of the Mailed Notice, a statement of his/her

objection, as well as the specific reason(s), if any, for such objection, including any legal support

the Class Member wishes to bring to the Court's attention and any evidence the Class Member

wishes to introduce in support of the objection. Class Members may so object either on their own

or through an attorney hired at their own expense. Class members who intend to appear and be

heard at the Final Approval Hearing shall be required to so state in connection with their

objection. The Deadline for Objections will be conspicuously listed in the Mailed Notice and in

the Summary Notice.

B.     Class Counsel and Counsel for the Settling Defendants may, in their discretion, file and serve a written response to objection(s), if any, filed and served by any Class Member. Any such written response shall be filed with the Court, and served upon the Class Member or the Class Member's attorney, if any, in the most expeditious manner practicable, not later than seven (7) days before the Final Approval Hearing.

C.     The Final Approval Hearing will be the only opportunity for any Class Member who objects to the proposed Settlement, to this Settlement Agreement, to the release of the Released Claims, or to the entry of an order awarding attorneys' fees and costs to Class Counsel, to appear and be heard.

## XIII.  CLAIMS

A.     Pursuant to this Settlement Agreement, certain monetary benefits are available to eligible Class Members only upon submission of a timely and substantially compliant claim on a "Claim Form" approved by the Court. Court-approved Claim Forms shall be mailed together with the Mailed Notice and shall have a return date of no later than sixty (60) days from the date of the initial Mailed Notice. However, no Claim Forms will be sent to Class Members who opted out of the Class prior to submission of the Settlement for Preliminary Approval by the Court.

B.     The parties will discuss with the Settlement Administrator the feasibility of return of Claims Forms by other means including, for example, fax, email, or online submission, and will establish a process for return of Claims Forms by those other means if reasonably economical and practicable.  In the event that alternative means for filing claims is permitted, such means will be explained in the class notice and on the Settlement Administrator's website.

C.     A copy of the Claim Form for which Court-approval will be sought is attached hereto as Exhibit 7.

D.      *Untimely Claims*: Because the settlement process requires *pro rata* distribution of a fixed fund pursuant to the Distribution Plan, Claims Forms that are not timely will not be allowed absent relief from the court specifically granting allowance prior to Final Approval of the Settlement.

E.      *Claims of Deceased Persons*: Claims of deceased persons will not be allowed unless a claim is submitted by a person generally authorized to act on behalf of the deceased person's estate together with proof of such authorization.

F.      *Claims of Joint Borrowers*: Joint borrowers will be treated for the purposes of distribution as if they have a single claim. However, the entire amount of the claim of joint borrowers will be paid to any joint borrower making a claim if only one claim is timely submitted on the joint account. If more than one claim is timely submitted on a joint account, the claim payment will be divided in equal shares among the number of claimants on the joint account.

G.      *Incomplete or Improper Claims*: The Settlement Administrator will have final authority, in consultation with Lead Class Counsel, to disallow any incomplete or improperly filed claims and will send notice of and the reasons for such disallowance, if any, no later than twenty (20) days prior to the hearing set on Final Approval of the Settlement.

H.      To the extent that deficiencies in filed claims are not resolved prior to an order entered on final approval of the Settlement, and if no relief from the court is obtained by the claimant at the claimant's sole cost and expense, said claim will be permanently and finally disallowed.

## XIV.   CLAIMS ADMINISTRATION PROCESS

As soon as practicable after the Effective Date, the Settlement Administrator will apply the Distribution Plan to the properly filed claims (and to any other claims allowed by the Court)

- 24 -

and will provide Lead Class Counsel and Counsel for the Settling Defendants with a Distribution List identifying all Class Members who submitted allowed Claims, and the amount of the payment that claimant is allowed under the Distribution Plan. Payments will be made by the Settlement Administrator within thirty (30) days of the approval of the Distribution List by Lead Class Counsel.

**XV.  SELECTION OF SETTLEMENT ADMINISTRATOR**

The settlement administrator will be Rust Consulting, Inc. ("Settlement Administrator").

**XVI.  CONFIRMATORY INVESTIGATION/REPRESENTATIONS AND WARRANTIES**

In addition to the discovery already completed, Settling Defendants will provide a declaration or affidavit, under penalty of perjury, confirming, under oath to Lead Class Counsel and subject to *in camera* inspection by the Court, the current financial condition of: Ameriquest Mortgage Company; AMC Mortgage Services, Inc. (FKA Bedford Home Loans, Inc); Town & Country Credit Corporation; Olympus Mortgage Company (NKA Bedford Home Loans, Inc.); and Argent Mortgage Company, LLC. The confirming declaration shall not be filed with the Court and shall be for attorneys' eyes and *in camera* inspection by the Court. No copies of the declaration shall be retained by any party or counsel, but instead shall be returned to counsel for the Settling Defendants promptly following review by Lead Class Counsel and the Court. Said declaration will also include a statement that the Settling Defendants are not currently making mortgage loans and have no present intention to resume.

**XVII.  ATTORNEYS' FEES AND COSTS/SERVICE PAYMENTS TO NAMED CLASS REPRESENTATIVES**

A.  Class Counsel has prosecuted this action and the Consolidated Actions in some cases since November, 2004, at their own expense without having received any benefit for their services. Class Counsel will ask the Court to approve an award of Class Counsel's attorneys' fees

and costs from the Settlement Fund. The Settling Defendants will not object to payment from the Settlement Fund for Class Counsel's attorneys' fees and costs in an amount up to $7,333,333 (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund). Distribution of attorneys' fees among Class Counsel will be at the sole discretion of Lead Class Counsel.

      B.    The named class representatives will apply for Service Payments from the Settlement Fund in the amount of $7,500 (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund) in recognition of their efforts and contribution to the case and for their service to the class. Class representatives who were joint borrowers will apply for a single payment in the amount of $7,500 (plus applicable interest). The Settling Defendants will not object to payment from the Settlement Fund of these amounts.

      C.    Approval of the Settlement will not be contingent upon approval of the Attorneys' Fees and Costs or of Service Payments in the amounts requested. To the extent of approval, Attorneys' Fees and Costs as well as Service Payments will be payable from the Settlement Fund as of the first business day that is at least ten (10) days after the Effective Date.

      D.    Ameriquest will bear its own legal fees and costs in connection with Settlement Approval and Administration of the Settlement.

## XVIII. NO ADMISSION OF WRONGDOING

      A.    The parties hereto acknowledge that the execution of this Settlement Agreement and consummation of the transactions contemplated hereby do not constitute an admission of liability or of any facts by the Ameriquest Released Parties or the Additional Released Parties. This Settlement Agreement, whether or not consummated, and any proceedings or events that occur pursuant to it:

1.      Shall not be offered or received against the Ameriquest Released Parties, or the Additional Released Parties for any purpose or used as evidence of, or to be construed as or deemed to be evidence of, any admission or concession by either the Ameriquest Released Parties or the Additional Released Parties of the truth or relevance of any fact alleged by Plaintiffs and/or the Class, the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or of any liability, fault, or wrongdoing of any kind by or on behalf of the Ameriquest Released Parties or the Additional Released Parties.

2.      Shall not be offered or received against any of the Ameriquest Released Parties , or any Additional Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, the Ameriquest Released Parties and the Additional Released Parties may refer to it to effectuate the liability protection granted them hereunder; and

3.      Is not, and shall not be construed against any party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial, or as a reflection of the value of claims in any other litigation.

XIX.   **PUBLIC STATEMENTS**

Absent prior written approval by the other parties, there shall be no press release or other

- 27 -

public statements by either side, including Counsel for the Class, Counsel in any Consolidated Case, Class Representatives or Class Members, regarding the Settlement other than the Court filings necessary to obtain Preliminary and Final Approval of the Settlement. The parties expressly recognize the continuing need for confidentiality concerning all aspects of the proposed Settlement pending the parties' Motion for Preliminary Approval, other than as required by the Court. Nothing in this Section, however, is intended to limit communications between and among Counsel for the Class and Counsel in any Consolidated Case and/or between and among said Counsel and Class Representatives.

## XX. __TERMINATION__

A. *Termination Events:* The parties will have the right to terminate the Settlement Agreement if certain events occur ("Termination Events"). The agreement concerning Termination Events will be contained in a confidential side letter to this agreement and will be available for *in camera* inspection by the Court. The parties agree to maintain the Termination Events and the confidential side letter concerning the Termination Events in strictest confidence, except as otherwise agreed.

B. *Termination for Delay*: At any time following one year from Final Approval, in the event that the Settlement is not proceeding satisfactorily to conclusion and such lack of progress is causing material harm, either party shall have the right to seek relief from the Settlement. If the parties cannot reach agreement on whether the Settlement is proceeding satisfactorily to conclusion, after notice and conference, the parties will submit the dispute to Judge Daniel Weinstein of JAMS, who will have sole authority, after appropriate consultation with the parties, to direct any party to take specific steps to facilitate or accelerate the approval or, if applicable, review on appeal, of the Settlement or to determine that the Settlement shall be terminated either because the final approval (or appellate review) of the Settlement has been

substantially delayed and is not reasonably likely in a reasonable period of time or because one or more parties are prejudiced by a delay in the approval (or appellate review) of the Settlement and should not be required to remain bound by the Settlement.

## XXI. MEDIATOR'S CONTINUED INVOLVEMENT

Upon joint request of the Parties or by order of court, Judge Weinstein of JAMS may assist the parties in resolving open issues that may arise.

## XXII. CONTINUING JURISDICTION OF THE UNITED STATES DISTRICT COURT

The United States District Court for the Northern District of Illinois will have continuing jurisdiction over this Action for the purpose of implementing the Settlement and all related matters, including this Settlement Agreement, the Settlement, Final Approval of the Settlement, Entry of Judgment, post-judgment issues, until all related matters are fully resolved. Any dispute regarding the parties' obligations pursuant to this Settlement Agreement and/or interpretation of the terms of this Settlement Agreement (that cannot be resolved by the mediator in the event of a joint request for mediation under Section XXI) will be presented to, and resolved by, Judge Marvin E. Aspen, or if he is unavailable, by another judge of the Northern District of Illinois, which Judge shall be appointed by the Presiding Judge of the Northern District of Illinois.

## XXIII. DISMISSAL

In connection with Final Approval of the Settlement, a Judgment of Dismissal with Prejudice shall be entered by the Court.

## XXIV. MISCELLANEOUS PROVISIONS

A. *Neutral Interpretation.* This Settlement Agreement will not be construed more strictly against one party than another merely because it may have been prepared by counsel for one of the parties, it being recognized that, because of the arms' length negotiations resulting in

the Settlement Agreement, all parties hereto have contributed substantially materially and equally to the preparation of the Settlement Agreement.

B.      *Choice of Law.*  This Settlement Agreement is to be construed, enforced, and administered in accordance with the laws of the State of Illinois. In the event legal action is necessary to effectuate this Settlement Agreement, or any term or obligation contained therein, the parties agree that such action shall be brought and venued in the United States District Court for the Northern District of Illinois and further agree that any dispute arising under this Settlement Agreement shall be adjudicated by the Hon. Marvin Aspen, as a matter related to the proceeding in which this settlement is to be filed.

C.      *Additional Acts to Effectuate Settlement Agreement.*  The parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement and to obtain the benefit of the Settlement Agreement for the parties.

D.      *No Oral Modification.*  Subject to any power of the Court to order a modification, this Settlement Agreement may not be modified or amended except by a writing signed by all parties thereto and their respective attorneys.

E.      *Competency; Independent Counsel.*  Each party to this Settlement Agreement represents and warrants that he, she, or it is competent to enter into this Settlement Agreement and in doing so is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, or any nature or kind by any other party, other than the warranties and representations expressly set forth in this Settlement Agreement itself.

F.      *Entire Agreement.*  This Settlement Agreement constitutes the entire agreement between and among the parties with respect to the Settlement of the Action, except as otherwise stated herein, and supersedes any and all prior negotiations and agreements.

G.      *Counterparts.*  This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

H.      *Authority to Bind.*  Each of the undersigned Plaintiffs' counsel represents that he or she is authorized to sign this Agreement on behalf of the Class and to resolve the FACC. Each of the undersigned counsel for Settling Defendants represents that he or she is authorized to sign this Agreement on behalf of the particular Settling Defendant or Defendants designated in the respective signature blocks below.

Dated: December 4, 2009      By: _____

                                            Gary Klein
                                            Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500
Facsimile: (617) 357-5030

*Attorneys for the Class*

Dated: December ___, 2009

_____

Kelly M. Dermody
Rachel Geman
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for the Class*

Dated: December ___, 2009

_____

Jill Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Attorneys for the Class*

*Plaintiffs' Co-Lead Counsel*

Marvin A. Miller
MILLER LAW LLC
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400

*Plaintiffs' Liaison Counsel*

- 32 -

Dated: December ___, 2009                By: _____

                                              Gary Klein
                                              Shennan Kavanagh
                                              RODDY KLEIN & RYAN
                                              727 Atlantic Avenue
                                              Boston, MA 02111-2810
                                              Telephone: (617) 357-5500
                                              Facsimile: (617) 357-5030

                                              *Attorneys for the Class*

Dated: December **4**, 2009                _____

                                              Kelly M. Dermody
                                              Rachel Geman
                                              LIEFF, CABRASER, HEIMANN
                                                & BERNSTEIN, LLP
                                              275 Battery Street, 29th Floor
                                              San Francisco, CA 94111-3339
                                              Telephone: (415) 956-1000
                                              Facsimile: (415) 956-1008

                                              *Attorneys for the Class*

Dated: December ___, 2009                _____

                                              Jill Bowman
                                              Terry Smiljanich
                                              JAMES, HOYER, NEWCOMBER
                                                & SMILJANICH, P.A.
                                              One Urban Center, Suite 550
                                              4830 West Kennedy Boulevard
                                              Tampa, FL 33609
                                              Telephone: (813) 286-4100
                                              Facsimile: (813) 286-4174

                                              *Attorneys for the Class*

                                              *Plaintiffs' Co-Lead Counsel*

                                              Marvin A. Miller
                                              MILLER LAW LLC
                                              115 S. LaSalle Street
                                              Suite 2910
                                              Chicago, IL 60603
                                              (312) 332-3400

                                              *Plaintiffs' Liaison Counsel*

Dated: December ___, 2009                    By: _____
                                                  Gary Klein
                                                  Sherman Kavanagh
                                                  RODDY KLEIN & RYAN
                                                  727 Atlantic Avenue
                                                  Boston, MA 02111-2810
                                                  Telephone: (617) 357-7800
                                                  Facsimile: (617) 357-5030

                                                  *Attorneys for the Class*

Dated: December ___, 2009                         _____
                                                  Kelly M. Dermody
                                                  Rachel Geman
                                                  LIEFF, CABRASER, HEIMANN
                                                    & BERNSTEIN, LLP
                                                  275 Battery Street, 29th Floor
                                                  San Francisco, CA 94111-3339
                                                  Telephone: (415) 956-1000
                                                  Facsimile: (415) 956-1008

                                                  *Attorneys for the Class*

Dated: December ___, 2009                         _____
                                                  Jill Bowman
                                                  Terry Smiljanich
                                                  JAMES, HOYER, NEWCOMBER
                                                    & SMILJANICH, P.A.
                                                  One Urban Center, Suite 550
                                                  4830 West Kennedy Boulevard
                                                  Tampa, FL 33609
                                                  Telephone: (813) 286-4100
                                                  Facsimile: (813) 286-4174

                                                  *Attorneys for the Class*

                                                  *Plaintiffs' Co-Lead Counsel*

                                                  Marvin A. Miller
                                                  MILLER LAW LLC
                                                  115 S. LaSalle Street
                                                  Suite 2910
                                                  Chicago, IL 60603
                                                  (312) 332-3400

                                                  *Plaintiffs' Liaison Counsel*

- 32 -

Dated:  December 4, 2009

By: *Bernard E. LeSage*

Bernard E. LeSage
Sarah K. Andrus
Adam Bass
BUCHALTER NEMER,
a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 891-0400

*Attorneys for Ameriquest Mortgage*
*Company; AMC Mortgage Services, Inc.*
*(FKA Bedford Home Loans, Inc); Town &*
*Country Credit Corporation; Olympus*
*Mortgage Company (NKA Bedford Home*
*Loans, Inc.*

Dated:  December 4, 2009

By: *Thomas Wiegand*

Thomas Wiegand          *By Bernard LeSage*
WINSTON & STRAWN, LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Argent Mortgage Company,*
*LLC*

- 33 -

*EXHIBIT 1*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>BORROWER AND NON-BORROWER CLASS PLAINTIFFS' ACTIONS | |

## PLAINTIFFS' PROPOSED DISTRIBUTION PLAN
## FOR CLASS SETTLEMENT FUND

Pursuant to Paragraph IV.E of the Settlement Agreement between the Parties in this matter and subject to preliminary and final approval of the Court, Plaintiffs' propose the following Distribution Plan for the Settlement Fund. The Settling Defendants assent to this Proposal. Capitalized terms herein have the same meaning as in the Settlement Agreement, if defined therein.

### *DISTRIBUTION OF THE SETTLEMENT FUND*

The Settlement Fund will be distributed in the following order of priority:

1) *Administrative Costs/Costs of Notice/Taxes on the Settlement Fund*: All valid Administrative Costs, Notice Costs and taxes covered by the Settlement until such amounts are paid in full.

2) *Attorneys Fees Costs and Service Payments*: All Attorney's Fees, Costs and Service Payments to Named Class Representatives to the extent approved by the Court until such amounts are paid in full.

3) *Foreclosure Prevention Counseling Services*: $200,000 of the Settlement Fund will be used to provide foreclosure prevention counseling services to eligible class members.

   a. *Benefit Description*: Plaintiffs will designate a nationally known non-profit housing counseling organization, Neighborhood Housing Services of Chicago, Inc., (the "Designated Organization") to provide foreclosure prevention counseling to eligible class members who currently have loans originated by a Settling Defendant that are now being serviced by an entity that either directly or indirectly received a transfer of the servicing rights on the loan from a Settling Defendant or a related entity. The foreclosure prevention counseling services available to class members will be provided by telephone (through an 800 number on a national basis). Foreclosure prevention counselors providing services to eligible class members will communicate with class members about the servicer-specific loan modification options available to them (including HAMP options). The Designated Organization will facilitate foreclosure avoidance by providing options counseling to homeowners who are delinquent on their mortgages and by acting as an intermediary between class members and their respective loan servicers, when appropriate, to ensure that all applications for loss mitigation relief are accurate and complete and submitted properly to servicing entities under the servicing entities' respective guidelines. Foreclosure prevention counselors will be available to assist class members with any follow up issues that may arise in connection with their loss mitigation applications. The availability of the this counseling benefit does not assure that any Class Member will be entitled to a

particular foreclosure avoidance plan.

b. *Eligibility.* Class Members will be eligible for this benefit if they remain obligated on a loan originated by a Settling Defendant. Eligibility will commence on the Effective Date and will be on a first come, first served, basis thereafter. The Designated Organization will have the right to refuse services to class members at their discretion in the event that the available services are unlikely to provide meaningful assistance to the Class Member based on then existing servicer guidelines.

c. *Duration.* Foreclosure prevention counseling services will be available to class members through the Designated Organization for up to one year from the Effective Date. The benefit may be terminated earlier than one-year from the Effective Date in the event that funding for the project is fully expended prior to that date.

d. The Designated Organization shall be strictly limited by the funding agreement to those services described above and shall not be permitted, under any circumstances, to recommend litigation or to offer referrals to lawyers or other parties for litigation.

4) *Settlement Payments to Class Members.*

a. *Pro rata payments.* The entire remaining balance of the Settlement Fund will be divided pro rata and paid to Class Members who make timely valid Claims. Each allowed Claim will be assigned a payment amount based on the ratio between the number of points available on the claim (under the formula described below) and the total number of points assigned to all timely valid Claims.

3

b. *Invalid Claims.* Claims that are not allowed under the terms of the Settlement Agreement will not be assigned any payment. Class Members filing invalid claims are still bound by all of the terms and conditions set forth in the Court approved Settlement Agreement.

c. *Payment Formula.*

    i. *Summary.* The payment formula is based on certain loan level account data made available to Plaintiffs' experts from which average putative damage calculations were performed. These calculations are described more fully below. Plaintiffs' experts have also estimated the likelihood of recovery of damages ("LR") on the legal theories available to members of each class. The number of points assigned to each claim will be based on average putative damages associated with claims in that class (APD) multiplied by a the likelihood of recovery ("LR"). Each Claim will be assigned points based on this formula for each Class for which the Claimant is a member.

    ii. *APD.* The method for calculating APD for different classes is described in the chart below. For each class, some outlying data points were eliminated to avoid anomalies.

| Class | |
|---|---|
| Class 1 – TILA Rescission | Total finance charge paid. |
| Class 2 – Bait and Switch | Monthly payment difference between loan terms promised and loan terms received over a presumptive loan life of sixty (60) months. |

Case: 1:05-cv-07097 Document #: 3506-2 Filed: 04/08/10 Page 41 of 45 PageID #:40809

| | |
|---|---|
| Class 3 – Discount Points | Class 3A-Total Discount Points Paid<br>Class 3B-Payment Differences for Loans with and without points over a presumptive loan life of sixty (60) months) |
| Class 4 – Wholesale Borrower | Finance charge paid in excess of 3% of Total Loan Amount |
| Class 5 – Loan Servicing | Servicing fees paid in excess of $1000. |

iii.  The APD for each class is given in the chart below:

| Class | |
|---|---|
| Class 1 – TILA Rescission | $7,847 |
| Class 2 – Bait and Switch | 2Bi.-$13,443<br>2Bii.-$2,555<br>2Biii.-$12,947 |
| Class 3 – Discount Points | 3A-$4,245<br>3B-$5,295 |
| Class 4 – Wholesale Borrower | $6,225 |
| Class 5 – Loan Servicing | $2,949 |

iv.  *LR.* The LR for each class is given in the chart below:

| Class | |
|---|---|
| Class 1 – TILA Rescission | 70% |
| Class 2 – Bait and Switch | 70% |
| Class 3 – Discount Points | 3A – 70%<br>3B – 60% |
| Class 4 – Wholesale Borrower | 55% |
| Class 5 – Loan Servicing | 50% |

5

v.  Based on the formula, class members will receive points in the following amounts:

| Class | |
|-------|---|
| Class 1 – TILA Rescission | 5,493 |
| Class 2 – Bait and Switch | 2Bi. – 9,410<br>2Bii. – 1,789<br>2Biii. – 9,063 |
| Class 3 – Discount Points | 3A – 2,972<br>3B – 3,177 |
| Class 4 – Wholesale Borrower | 3,424 |
| Class 5 – Loan Servicing | 1,475 |

5)  *Cy Pres*. Any balance of the Settlement Fund (such as residual funds arising because Class Members do not cash their checks) will be distributed by the *cy pres* mechanism identified in the Settlement Agreement at the earliest practicable date.

## OTHER DISTRIBUTION ISSUES

1)  *Right to Payment*. A Class Member's right to a Settlement Payment pursuant to this Distribution Plan is a conditional right that terminates if a class member fails to return a Valid Claim or, in the event that the Administrator mails a Settlement payment, if said Class Member fails to cash his or her check within six months of its mailing date. The termination of any such class member's right to Settlement Payment does not terminate or change all other terms and conditions of the Settlement Agreement. In such case the check shall become null and void (the checks shall be stamped or printed with a legend to that effect) and the Administrator and the Parties shall have

6

no further obligation under the terms of this Agreement to make payment to such class member, with such amount reverting to the Settlement Fund. Lead Class Counsel, at its sole discretion, may direct the Administrator to reissue checks to class members whose checks are lost or expired.

2) *Disputes*. Settlement class members waive and generally release any right to proceed against Class Counsel, Class Plaintiffs, the Claims Administrator, the Settling Defendants, Ameriquest Released Parties, Additional Released Parties, Additional Released Claims or the Settlement Fund with respect to any dispute arising under the Settlement Agreement or based on a disputed claim.

3) *Settlement Fund*. The Settlement Fund shall be maintained by the Settlement Administrator in an interest bearing account that is held at a banking institution chosen jointly by the Settlement Administrator, Lead Class Counsel and the Settling Defendants.

4) *Distribution Reports*.

   a. The Settlement Administrator will provide a Distribution List to Lead Class Counsel by the most economical practical means no later than ten days prior to the date on which settlement payments are anticipated to be made to class members.

   b. The Settlement Administrator will provide to Lead Class Counsel and said counsel will file with the Court a final accounting of the Settlement Fund within 30 days after the Settlement Fund Account is closed.

5) In the event of any inconsistency between this Distribution Plan and the Settlement Agreement, the Settlement Agreement will control.

7

Dated: December 4, 2009        By:   /s/ Gary Klein
                                              Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500
Facsimile: (617) 357-5030

*Attorneys for the Class*

Dated: December 4, 2009         /s/ Kelly M. Dermody
Kelly M. Dermody
Rachel Geman
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for the Class*

Dated: December 4, 2009         /s/ Jill Bowman
Jill Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMER
 & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Attorneys for the Class*

*Plaintiffs' Co-Lead Counsel*

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

8

Case: 1:05-cv-07097 Document #: 3506-2  Filed: 04/08/10 Page 45 of 45 PageID #:40813

Telephone:  (312) 332-2400
Facsimile:  (312) 676-2676

*Plaintiffs' Liaison Counsel*


ASSENTED TO ON BEHALF OF THE
SETTLING DEFENDANTS



Dated:  December 4, 2009          By:  /s/ Bernard E. LeSage
                                        Bernard E. LeSage
                                        Sarah K. Andrus
                                        Adam Bass
                                        BUCHALTER NEMER,
                                        a Professional Corporation
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 891-0400

                                        *Attorneys for Ameriquest Mortgage*
                                        *Company; AMC Mortgage Services, Inc.*
                                        *(FKA Bedford Home Loans, Inc); Town &*
                                        *Country Credit Corporation; Olympus*
                                        *Mortgage Company (NKA Bedford Home*
                                        *Loans, Inc.*



Dated:  December 4, 2009          By:  /s/ Thomas Wiegand
                                        Thomas Wiegand
                                        WINSTON & STRAWN, LLP
                                        35 West Wacker Drive
                                        Chicago, IL 60601-9703
                                        Telephone: (312) 558-5600
                                        Facsimile: (312) 558-5700

                                        *Attorneys for Argent Mortgage Company,*
                                        *LLC*

9