# EXHIBIT 8

I.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>BORROWER AND NON-BORROWER CLASS PLAINTIFFS' ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

### ORDER OF
### PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, a set of putative class actions are pending in the Court entitled *In Re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, Case No. 05-cv-07097, MDL No. 1715, by way of a First Amended and Consolidated Class Action Complaint (ÒFACCÓ) [Docket No. 3245] which is a court ordered consolidation of all the class action complaints listed in the Settlement Agreement;[1]

WHEREAS, the Court has been advised by the Parties of the Settlement Agreement [Docket No. 3247] to resolve all claims and issues raised and could have been raised in the FACC upon the terms and conditions set forth in that Settlement Agreement; and

WHEREAS, the parties have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement, in accordance

---

[1] Capitalized terms herein shall have the same meaning as in the Settlement Agreement, if defined.

with the Settlement Agreement and the Exhibits annexed thereto, and for dismissal of the FACC with prejudice upon the terms and conditions set forth therein;

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on April 15, 2010, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered;

IT IS HEREBY ORDERED:

1. For purposes of this settlement only, the Court has jurisdiction over the subject matter of the FACC and personal jurisdiction over the parties and the members of the settlement classes described below.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(1) and (b)(3), the Court certifies, solely for purposes of effectuating this Settlement, ÒSettlement ClassesÓ as defined in the Settlement Agreement;

3. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the Settling Defendants shall serve written notice of the proposed class settlement as required by the Statute.

4. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL</u> --Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints the Named Plaintiffs listed in the FACC as the Class Representatives, the law firms of Roddy Klein & Ryan, Lieff Cabraser Heimann & Bernstein and James, Hoyer, Newcomer & Smiljanich as Lead Class

Counsel, and the firms listed in Exhibit 7 to the Settlement Agreement as Class Counsel for the purposes of Settlement and Fed. R. Civ. P. 23(g).

5. <u>PRELIMINARY CLASS CERTIFICATION</u> – The Court preliminarily finds, for reasons consistent with those set out in the Parties moving papers, that each of the Settlement Classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a), namely:

A. The Class Members are so numerous that joinder of all of them in the FACC is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Named Plaintiffs are typical of the claims of the Class Members;

D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members;

and for the purposes of Fed. R. Civ. P. 23(b)(1) and (b)(3), that:

E. Class treatment will prevent separate actions by individual class members that would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

F. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient

adjudication of this controversy.

6. The Court preliminarily finds that settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the risk of collecting any judgment obtained on behalf of the class.

7. <u>NOTICES</u> – The Court approves the form and substance of the Notices of Class Action Settlement attached to the Settlement Agreement as Exhibits 3 and 4, finding that that the methods of notice selected constitute the best notice to all persons within the definition of the Settlement Classes that is practicable under the circumstances, and the form and method of notice each comply fully with all applicable laws.

The proposed notice along with a claim form will be mailed to the last known address of Settlement Class Members in the Settling Defendants' records, by first class mail no later than thirty (30) days after the Court enters this Preliminary Approval Order, or no later than January 8, 2010;

The Settlement Administrator and each Lead Class Counsel will provide a link on its website to a central site maintained by the Settlement Administrator to obtain downloadable and printable copies of the Settlement Agreement, the Notice and the Claim Form;

The Settlement Administrator will also provide publication notice of the

Agreement ("Summary Notice") through one (1) notice to be published in Parade and USA Today, or as otherwise ordered by the Court, not later than thirty (30) days after the Court enters this Preliminary Approval Order, or no later than January 8, 2010.

The Settlement Administrator will promptly re-mail any notices returned by the Post Office with a forwarding address. The Settlement Administrator will file with the Court and serve upon Lead Class Counsel and Settling Defendants' counsel no later than ten (10) days prior to the Final Approval Hearing, or no later than April 5, 2010, an affidavit or declaration stating that notice has been completed in accordance with the terms of the Preliminary Approval Order.

All costs of notice and administration will be borne by the Settlement Fund.

8. <u>EXCLUSIONS</u> – The last date for class members to exclude themselves from the Settlement ("Opt-Out Date") shall be forty-five (45) days after the date of initial mailing date of the Mailed Notice. Said date shall be conspicuously listed in the Mailed Notice and in the Summary Notice.

Each Class Member who wishes to be excluded from the Settlement must mail to the Settlement Administrator, postmarked or received in a manner allowed by the class notice on or before forty-five (45) days after the initial mailing date, an appropriate written request for exclusion, including his or her name, address, telephone number, and loan number, that is personally signed by the Class Member. No Class Member, or any person acting on behalf or in concert or participation with that Class Member, may exclude another Class Member from the Settlement.

No later than fourteen (14) days after the last date on which class members may exclude themselves from the Settlement, Plaintiffs' counsel shall direct the Settlement

Administrator to provide a list of those members of each class who have attempted timely and validly to opt out ("Administrator's Report"), on an attorney's eyes only basis, to Lead Class Counsel and designated counsel for the Settling Defendants. A copy of the form used for each such attempted opt out will be appended to the Administrator's Report.

The final list of requests for exclusion will be filed with the Court by the Settlement Administrator not later than ten (10) days before the Final Approval Hearing, or no later than April 5, 2010. Copies of the requests for exclusion shall be provided by the Settlement Administrator to Lead Class Counsel and Counsel for the Settling Defendants as soon as practicable before the Final Approval Hearing. If the Settlement is approved by the Court at the Final Approval Hearing and reaches the Effective Date, any and all Class Members who have not submitted a timely, written request for exclusion to the Settlement Administrator, shall be bound by the releases set forth in the Settlement Agreement, and all proceedings, orders, and judgments entered in this class action litigation, even if those persons have previously initiated or subsequently initiate individual claims, litigation or other proceedings against the Settling Defendants as defined in the Settlement Agreement related to the claims released pursuant to this Settlement.

9. <u>OBJECTIONS</u> – Any Class Member who has not filed a timely written request for exclusion and who wishes to object to or oppose the fairness, reasonableness or adequacy of the Settlement Agreement, or to any award of attorneys' fees and expenses, must serve upon Lead Class Counsel and Counsel for the Settling Defendants, and must file with the Court, no later than forty-five (45) days after the

initial mailing date of the Mailed Notice, a statement of his/her objection, as well as the specific reason(s), if any, for such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection. Class Members may so object either on their own or through an attorney hired at their own expense. Class members who intend to appear and be heard at the Final Approval Hearing shall be required to so state in connection with their objection. The Deadline for Objections shall be conspicuously listed in the Mailed Notice and in the Summary Notice.

Class Counsel and Counsel for the Settling Defendants may, in their discretion, file and serve a written response to objection(s), if any, filed and served by any Class Member. Any such written response shall be filed with the Court, and served upon the Class Member or the Class Member's attorney, if any, in the most expeditious manner practicable, not later than seven (7) days before the Final Approval Hearing, or no later than April 8, 2010.

The Final Approval Hearing shall be the only opportunity for any Class Member who objects to the proposed Settlement Agreement, to the release of the Released Claims, or to the entry of an order awarding attorneys' fees and costs to Class Counsel, to appear and be heard.

10. <u>CLAIM FORMS</u> – The Court preliminarily approves the form and substance of the Claim Form, attached to the Settlement Agreement as Exhibit 7. Court-approved Claim Forms shall be mailed together with the Mailed Notice and shall have a return date of no later than sixty (60) days from the date of the initial Mailed

Notice. However, no Claim Forms will be sent to Class Members who opted out of the Class prior to submission of the Settlement for Preliminary Approval by the Court.

The parties shall discuss with the Settlement Administrator the feasibility of return of Claims Forms by other means including, for example, fax, email, or online submission, and shall establish a process for return of Claims Forms by those other means if reasonably economical and practicable. In the event that alternative means for filing claims is permitted, such means shall be explained in the class notice and on the Settlement Administrator's website.

Untimely Claims, Claims of Deceased Persons, Claims of Joint Borrowers and Incomplete or Improper Claims and Deficient Claims shall be treated in accordance with the Settlement Agreement.

11. FINAL APPROVAL – The Court shall conduct a hearing (the "Fairness Hearing") on April 15, 2010, at the United States District Court for the Eastern Division of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 in Courtroom #2568, commencing at 10:30 a.m to review and rule upon the following issues:

A. whether the provisions of the Settlement Agreement and the Distribution Plan should be finally approved as fair, reasonable and adequate;

B. whether any objections to the Settlement Agreement should be overruled;

C. whether attorney's fees, costs and named representative service payments should be approved in the amounts requested, and

D. whether a judgment and order finally approving the Settlement Agreement and dismissing any of the actions should be entered; and

E. To discuss and review other issues as the Court deems appropriate.

Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing, *i.e.*, no later than April 8, 2010.

12. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

DATED: December 8, 2009

                                             The Honorable Marvin E. Aspen
                                             United States District Court