# EXHIBIT 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-7097 |
| THIS DOCUMENT RELATES TO: ) ) | Centralized before the<br>Honorable Marvin E. Aspen |
| BORROWER PLAINTIFFS' CLASS ACTION ) ) ) | |

**FINAL ORDER AND JUDGMENT**

MARVIN E. ASPEN, District Judge:

WHEREAS, a set of putative class actions are pending in the Court entitled *In Re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, Case No. 05CV07097, MDL No. 1715, by way of a First Amended and Consolidated Class Action Complaint ("FACC") [No. 3245], which is a court-ordered consolidation of all the class action complaints listed in the Settlement Agreement;[1]

WHEREAS, the Court has been advised by the Parties of a Settlement Agreement [Dkt. No. 3247] to resolve all claims and issues raised or could be raised in the FACC upon the terms and conditions set forth in that Settlement Agreement;

WHEREAS, the Plaintiffs have moved with the assent of the Settling Defendants, pursuant to Federal Rule of Civil Procedure 23(e), for an order finally approving the Settlement (the "Final Approval Motion"), in accordance with the Settlement Agreement and the exhibits

---

[1] Capitalized terms herein shall have the same meaning as in the Settlement Agreement, if defined.

annexed thereto, and for dismissal of the FACC with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, in compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the Settling Defendants served written notice of the proposed class settlement on December 11, 2009 [Dkt. No. 3269];

WHEREAS, the Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated December 8, 2009 [Dkt. No. 3251] and approved the form, content and method of notice proposed by the parties;

WHEREAS notice was thereafter given to all members of the Settlement Classes pursuant to the terms of the Preliminary Approval Order [Dkt. No. 3495];

WHEREAS, the Court has read and considered the papers filed in support of the Final Approval Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiffs, the Settlement Classes and the Settling Defendants, together with supporting declarations. The Court has also considered any objections or other written comments submitted to the Clerk of the Court by class members, together with any response of the Parties thereto;

WHEREAS the Court held a Final Approval Hearing on April 15, 2010, at which time the parties and all other interested persons were heard in support of and in opposition to the proposed settlement;

WHEREAS the Court requested the parties to file supplemental information by order dated April 15, 2010 [Dkt. No. 3531], which information has been duly filed and reviewed;

WHEREAS the Court provided additional time to Class Member Paul Pemberton to

object to the Settlement and Mr. Pemberton having not timely objected within such additional time period;

WHEREAS the Court provided additional time to Class Member Marty Green to file a late claim or to object to the Settlement [Dkt. No. 3538] and Mr. Green not having timely objected within such additional time period; and

WHEREAS, based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. For purposes of this Settlement only, the Court has jurisdiction over the subject matter of the FACC and personal jurisdiction over the parties and the members of the Settlement Classes.

2. Pursuant to Federal Rules of Civil Procedure 23(b)(1) and (b)(3), the Court certifies, solely for purposes of effectuating this Settlement, the Settlement Classes. The Court finds that each of the Settlement Classes satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a), namely:

    A. The Class Members are so numerous that joinder of all of them in the FACC is impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of the Named Plaintiffs are typical of the claims of the Class

Members;

D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members;

and for the purposes of Federal Rule of Civil Procedure 23(b)(1) and (b)(3), that:

A. Class treatment will prevent separate actions by individual class members that would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and

B. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

3. The Court has determined that the Notice given to members of the Settlement Classes fully and accurately informed members of each Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Classes consistent with all applicable requirements.

4. The persons who made timely and valid requests for exclusion are excluded from the Settlement Classes and are not bound by this Settlement Approval Order and Final Judgment. The identities of such persons are set forth in Exhibit A attached hereto.

5. The Court finally approves the settlement of this Action in accordance with the terms of the Settlement Agreement and having considered the matters required under

applicable law finds that the Settlement and the Distribution Plan are in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of: the benefits to the Class Members; the strength of the Plaintiffs' case; the potential defenses, the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the risk that any judgment obtained on behalf of the class would not be collectable. The Court has determined that the Settlement is fair given the evidence of the value of Plaintiffs' Claims in comparison to the Value of the Settlement Fund, specifically in light of the evidence of the likelihood of collecting any judgment obtained on behalf of the class. The Court has also evaluated the evidence submitted concerning the relative value of the Claims of Class Members and finds that the Distribution Plan fairly, adequately and reasonably accounts for such relative value of claims appropriately adjusted for the relative likelihood of success on the merits of such claims. The Court further finds that the common treatment of Class Members in each of the Classes is adequate given the relative value of the comparative claims in comparison to the Settlement Fund and the inherent consideration of limitations matters within the Class definitions. In making such findings, the Court has considered and accounted for the stage of these proceedings where substantial and sufficient discovery has been taken to permit the fair and adequate evaluation of claims by Lead Class Counsel, the substantial expense the further duration of the litigation if not settled, the large number of claims filed, the small number of exclusions from the settlement and objections by class members, and the opinions of

competent counsel concerning such matters.

The Court has also considered duly filed objections to the Settlement, and to the extent such objections have not been withdrawn or otherwise resolved, they are overruled and denied in all respects on their merits. In particular, the Court granted the motion of class member Marty Green [Dkt. Nos. 3435, 3502], as well as Mr. Green's motion for additional time to file a claim or object to the Settlement [Dkt. No. 3538]. Mr. Green failed to timely object within such additional time period. However, to the extent, if any, that class member Mr. Green's Motion for Additional Time or his Request For District Court Review Of Deadline For Designating Class Members Who Have Been Victim Of Identity Theft [Dkt. No. 3434] can be read as an objection to the settlement, Mr. Green's objections are overruled as frivolous and without support in the record. At the fairness hearing, the Court also granted Class Member Paul Pemberton further time to object to the Settlement [Dkt. No. 3530], and Mr. Pemberton failed to timely object within the additional time period. The Court treats the submission of Steven and Patricia Dye as a request to opt out of the Settlement and finds that those class members appear on the opt out list attached as Exhibit 1 to this Order. Consequently, the Dyes are without standing to object and, in any event, the Court finds that the Dyes have not raised any objections that find support in the record. Therefore, the Dyes' objections are also overruled on the merits.

6. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement and Distribution Plan.

Payments pursuant to the Distribution Plan are to be made consistent with the terms of the Settlement Agreement and Distribution Plan.

7. Late-filed Claims and Claims not otherwise made in accordance with the requirements for Claims under the Settlement Agreement and Notice are disallowed unless previously approved by the Court. [*See, e.g.*, Dkt. No. 3522, allowing as timely all late-filed claims received up to and including April 15, 2010.]

8. The Court dismisses the FACC, and all claims and causes of action asserted therein with prejudice. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

9. The Court adjudges that the Class Representatives and all Settlement Class members who are not listed on Exhibit A shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged their claims to the extent provided in the Settlement Agreement.

10. Without affecting the finality of this Settlement Approval Order and Final Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this Settlement and to implement the Settlement Agreement; and © the enforcement, construction, and interpretation of the Settlement Agreement.

11. The Court has considered Plaintiffs' request for attorneys' fees and expenses in the

amount of $7.33 million (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund), as well as the plan for allocation among counsel of any award. The Court finds the requested fees and expenses appropriate and reasonable because:

A. The Settlement provides substantial benefits for the Class Members.

B. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

C. The requested fee is below the total lodestar fees of Class Counsel, based on declarations submitted to and reviewed by the Court.

D. This litigation raised numerous questions of law and fact, Plaintiff's counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

E. The Settlement was negotiated at arms' length and without collusion, with the assistance of a highly-qualified mediator.

F. By receiving payment from a common fund, Class Counsel's interests were fully aligned, during the settlement negotiation process, with those of members of the Settlement Classes, such that Class Counsel had appropriate incentives to maximize the size of the common fund.

Approved attorneys' fees and costs shall be paid from the Settlement Fund as provided by the Settlement Agreement and Distribution Plan. Distribution of attorneys' fees among Class Counsel will be at the sole discretion of Lead Class Counsel.

12. The Court has considered submissions concerning Service Payments for each of the Named Plaintiffs in the amount of $7,500 (plus interest accrued thereon from the date interest begins to accrue for the benefit of the Settlement Fund). The Court approves such awards to 87 Named Plaintiffs, based on a finding that such amounts represent an appropriate payment for service to the Settlement Classes. Class representatives who were joint borrowers will apply for a single payment in the amount of $7,500 (plus applicable interest). Approved Service Payments shall be paid from the Settlement Fund as provided by the Settlement Agreement and Distribution Plan.

13. This Settlement Approval Order and Final Judgment is not a finding or a determination of any wrongdoing by any of the Settling Defendants.

14. The Court finds that no just reason exists for delay in entering this Order and Final Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Order and Final Judgment.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: June 29, 2010