## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 2/3/2012 |
| **CASE TITLE** | In Re: Ameriquest, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is a motion to dismiss (MDL Dkt. No. 4349) filed by Defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and U.S. Bank, N.A. ("US Bank") (collectively, "Defendants"). Defendants ask that we dismiss Plaintiff Yvonne Nimox's complaint pursuant to Federal Rule of Civil procedure 41(b) for her failure to prosecute this lawsuit. As discussed below, we will continue this motion and grant Ms. Nimox one final opportunity to pursue this action. Nimox must file her response no later than Friday, February 24, 2012. If Nimox fails to file a response by February 24, 2012 expressing her intent to proceed with this lawsuit, this case may very well be dismissed in its entirety for lack of prosecution pursuant to Rule 41(b). Defendants' motion to dismiss is entered and continued pending Nimox's response.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

    Presently before us is a motion to dismiss (MDL Dkt. No. 4349) filed by Defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and U.S. Bank, N.A. ("US Bank") (collectively, "Defendants"). Defendants ask that we dismiss Plaintiff Yvonne Nimox's complaint pursuant to Federal Rule of Civil procedure 41(b) for her failure to prosecute this lawsuit. As discussed below, we will continue this motion and grant Ms. Nimox one final opportunity to pursue this action.

    Under Rule 41(b), a defendant may seek dismissal of a claim or action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Because involuntary dismissal is such a severe sanction, it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). "[D]ismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity." *Tome Engenharios E. Transportes v. Malki*, 98 Fed. Appx. 518, 520, 2004 WL 764130, at *2 (7th Cir. Apr. 5, 2004) (citing cases); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). The Seventh Circuit has identified several factors we should consider when evaluating a Rule 41(b) motion, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561; *see Tome*, 98 Fed. Appx. at 520; *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). In addition, we must give due warning to a plaintiff facing a Rule 41(b) dismissal that the case may be closed imminently in favor of the defendant. *Kasalo*, 656 F.3d at 562; *Aura Lamp*,

**STATEMENT**

325 F.3d at 908.

Here, Nimox has arguably received ample notice that her case "is on thin ice." *Kasalo*, 656 F.3d at 562. Indeed, this is the second Rule 41(b) motion filed by Defendants in the last eighteen months. (*See* Indiv. Dkt. Nos. 82, 85.) Yet Nimox failed to oppose either motion, despite the fact that we ordered her to respond to the present motion on or by August 23, 2011. (MDL Dkt. No. 4358.) Moreover, Defendants assert that Nimox has not actively prosecuted this matter since March 2008. (Mot. ¶¶ 4–5.) Nimox's attorney was permitted to withdraw in 2010, but Nimox has neither retained new counsel, nor attempted to move the case along on her own. (*Id.* ¶¶ 6–8.)

At this juncture in the proceedings, Nimox must decide if she intends to prosecute this lawsuit or abandon it. Accordingly, we order Nimox to file a response to this order that informs us, as well as all of the defendants, what she plans to do. Nimox must file her response no later than Friday, February 24, 2012. If Nimox fails to file a response by February 24, 2012 expressing her intent to proceed with this lawsuit, this case may very well be dismissed in its entirety for lack of prosecution pursuant to Rule 41(b). Defendants' motion to dismiss is entered and continued pending Nimox's response. It is so ordered.

*Marvin E. Aspen*