UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No.: 05-CV-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br> *Surin v. Alpha Mortgage Lending, LLC, et al.,* Case No. 05-CV-1653 (D.Conn.) <br> Case No. 06-CV-03584 (N.D. Ill) | |
| AMERIQUEST MORTGAGE COMPANY, *et. al.* <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> NORTHWEST TITLE AND ESCROW CORPORATION, *et. al.*, <br><br> Third-Party Defendants. | <br><br><br><br><br><br><br><br> MARCH 14, 2012 |

**ADVANTAGE EQUITY SERVICES, INC. AND CBC COMPANIES, INC.'S
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Third Party Defendants, Advantage Equity Services, Inc. and CBC Companies, Inc.,[1] by and through their attorneys, move under Federal Rule of Civil Procedure 41(b)

---

[1] Advantage Equity Services and CBC Companies filed a motion to dismiss on November 27, 2007 (Doc. No. 1663 and 1664). The Court has yet to rule on that motion.

for an Order dismissing the claims brought against them by Plaintiff Wetzer Surin for failure to prosecute. In support of their Motion, Advantage Equity Services and CBC Companies, Inc. state as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(b), if the Plaintiff fails to prosecute, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b).

2. Plaintiff, by and through his attorney, Paul L. Broazdowski, Esq., originally filed his complaint in this matter in the District of Connecticut in 2006 as Case Number 3:05-1653.

3. On June 30, 2006, Plaintiff's claims were transferred to the Multi-District Litigation Docket.

4. In the intervening five (5) years since this matter was transferred to the Multi-District Litigation Docket, no appearance has been filed on behalf of Plaintiff.

5. On November 7, 2007, the Court (Aspen, J.) issued a Memorandum Opinion and Order (Doc. No. 284) requiring individuals who wished to opt-out of the class actions to do so by January 5, 2007 and that any later-added party must do so within ten (10) days after the party received notice of the Order. Upon information and belief, Plaintiff has not done so.

6. On June 29, 2010, the Court (Aspen, J.) entered a Final Order and Judgment relative to a class wide Settlement Agreement (Doc. No. 3628). In its Final Order, the Court ordered that all class members who had not expressly opted out of the Settlement Agreement would be deemed to have released and discharged their claims to the extent provided in the Settlement Agreement.

Those class members who opted out of the Settlement Agreement were listed in Exhibit A to the Court's Final Order. Plaintiff's name does not appear on the list of opted-out plaintiffs.

7. In addition to his failure to comply with the Court's June 29, 2010 order, commencing with the transfer to the Multi-District Litigation Docket, Plaintiff has failed to prosecute this matter in any way.

8. For example, the Court issued an order requiring a party who has opted out to file a settlement demand by August 18, 2010 (Doc. No. 3659). Plaintiff has not complied with the Court's order.

9. Pursuant to Fed. R. Civ. P. 41(b), where a plaintiff fails to take any action in connection with his claim, his complaint may be dismissed for failure to prosecute. As this Court noted in its February 3, 2012 Order (Doc. No. 4686), among the factors that the Seventh Circuit considers in ruling on a Rule 41(b) motion are "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff … or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Kasalo v. Harris & Harris, Ltd.* 656 F.3d 557, 561 (7th Cir. 2011) (citations, internal quotations marks and modifications omitted).

10. Here, Plaintiff has not made any effort to prosecute his claims for over five (5) years; he has failed to comply with the Court's orders; and his counsel has not filed an appearance in the

Multi-District Litigation Docket case despite his actual notice of the transfer of Plaintiff's claims to that docket.

11. In sum, the delay caused by Plaintiff's failure to prosecute his claims has resulted in considerable prejudice to the Third Party Defendants Advantage Equity Services, Inc. and CBC Companies, Inc. and Plaintiff's claims should be dismissed.

12. Therefore, Advantage Equity Services, Inc. and CBC Companies, Inc. respectfully request that this matter be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

13. In the alternative, Advantage Equity Services, Inc. and CBC Companies, Inc. request dismissal for failure to prosecute this matter and respectfully request the following relief:

    a. entry of a preliminary Order warning Plaintiff that his case will be dismissed for failure to prosecute unless he files a short statement of his intent to prosecute no later than March 15, 2012;

    b. dismissing, by March 31, 2012, Plaintiff's claims, with prejudice, under Federal Rule of Civil Procedure 41(b) absent a filed statement of Plaintiff's intent to prosecute as provided above; and

    c. such further relief as the Court finds just and appropriate.

Dated at Bridgeport, Connecticut this 14th day of March, 2012,

/s/_____
Peter Dagostine
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
Phone: (203) 366-3438
Fax: (203) 384-0317
pdagostine@durantnic.com
ATTORNEY FOR ADVANTAGE
EQUITY SERVICES, INC.
AND CBC COMPANIES, INC.

## **CERTIFICATION**

I, Peter Dagostine, hereby certify that on this 14th day of March, 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/_____
                Peter Dagostine

P:\LIT\JW\143800\230\00091495.DOCX