IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: *Peterson v. Argent Mortgage Company, LLC et al.*, 1:08-cv-07281, N.D. Ill. | (Centralized before The Honorable Marvin E. Aspen) |

**REPLY TO PLAINTIFF'S OPPOSITION TO ARGENT MORTGAGE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

I.  **SUMMARY OF REPLY**

Nothing in Plaintiff's opposition changes the facts that entitle Argent to judgment as a matter of law: (1) Plaintiff is a member of the class settlement ("TILA Rescission Class"); (2) notice of the settlement was mailed to Plaintiff; and (3) Plaintiff failed to opt out. Instead, Plaintiff affirmatively filed a claim form to participate in the class settlement and accepted class settlement funds.

Moreover, Plaintiff has completely failed to raise a genuine dispute as to any material fact. None of the facts established by Argent in its moving papers have been controverted so the Court may deem these facts admitted in ruling on this Motion. Fed. R. Civ. Proc. 56(e)(2); Local Rule 56.1(b); *Huey v. United Parcel Service, Inc.*, 165 F3d 1084, 1085 (7th Cir. 1999) (concluding that local rules have the force of law and summary judgment may be upheld on a party's failure to comply). Therefore, Argent is entitled to judgment as a matter of law.

II. **PLAINTIFF POINTS TO NO EVIDENCE TO DISPUTE THAT HE IS A CLASS MEMBER, WAS MAILED CLASS NOTICE, ACCEPTED CLASS SETTLEMENT FUNDS, AND DID NOT OPT OUT**

Plaintiff does not dispute that he requested or received the class settlement check. Instead he begins his opposition by arguing that his claim should not be barred because the settlement check did not state, on its face, that it was a settlement check for all claims. (Pl.'s

1

Opp. at ¶¶ 2-3). This argument fails as Plaintiff ignores the undisputed facts that he received actual notice of the class settlement and affirmatively requested a class settlement payment by submitting a signed claim form *before* receiving the settlement check. (UF ¶¶ 23-24). The claim form that Plaintiff signed and submitted to the settlement administrator expressly stated: "IF YOU FAIL TO SUBMIT A COMPLETED CLAIM FORM . . . YOUR CLAIM WILL BE REJECTED AND YOU WILL NOT RECEIVE A SETTLEMENT PAYMENT IN THIS ACTION. YOU WILL NEVERTHELESS BE SUBJECT TO THE RELEASE DESCRIBED IN THE NOTICE UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT." (*Id.*). The claim form further informed Plaintiff that he if he was eligible he would "receive [his] share of the recovery pursuant to the terms of the overall Distribution Plan." (*Id.*). In addition, "Ameriquest MDL Settlement Administrator" was printed at the top of the settlement check that Plaintiff cashed. In other words, Plaintiff was sent the settlement check that he requested. Thus, the undisputed facts establish that Plaintiff was not only mailed notice, but received actual notice of the settlement, and affirmatively sought to participate in the class settlement. Therefore, his claims are barred as a matter of law.

Plaintiff's next argument, that he should not be bound by the class settlement because the settlement "[c]heck was arbitrarily deposited by [his] spouse," is equally unavailing. (Pl.'s Opp. ¶ 3.) Even assuming, *arguendo*, that his spouse did deposit the settlement check, his claims would still be barred because acceptance of class settlement payment is not required under the terms of the court-approved class action settlement agreement. In fact, the court-approved notice mailed to Plaintiff's home address is sufficient to trigger release of these claims. (Dkt. No. 4341, p. 2., citing *Eisen v. Carslisle & Jacquelin*, 417 U.S. 156, 173-75 (1974); *In re AT&T Mobility Wireless Data Services Sales Litig.*, 270 F.R.D. 330, 350-51 (N.D. Ill. 2010); *see also Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987).) Moreover, contrary to his arguments, Plaintiff affirmatively sought to participate in the class settlement by submitting a signed claim form dated January 13, 2010. (UF ¶ 24). Therefore, who cashed the settlement check, after-the-fact, has no significance and his claims are barred as a matter of law.

Further, Plaintiff claims that his former counsel never apprised him of the option to opt out of the class settlement. (Pl.'s Opp. ¶ 4). This argument lacks significance as the undisputed facts establish that Plaintiff received a copy of the class settlement notice and claim form which themselves explain of his option to opt out of the class settlement. (UF ¶¶ 23-24 and 30; *see also* Amy Lake Affidavit ¶¶ 7-8).[1] The class notice specifically notified Plaintiff that the only way to pursue his claims in another case was to exclude himself from the class settlement. (UF ¶ 30). Additionally, the class notice explained that Plaintiff would need to submit a "Request for Exclusion" if he wanted to opt out of the class settlement and further notified him that *"You may not submit a Claim Form and also exclude yourself from the Settlement."* (*Id.*). Further, the claim form that Plaintiff signed and returned stated: "[Y]OU WILL NEVERTHELESS BE SUBJECT TO THE RELEASE DESCRIBED IN THE NOTICE UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT." (UF ¶ 31). Instead of opting out, Plaintiff affirmatively sought to participate in the class settlement. (UF ¶¶ 23-24). As a result, even if his former counsel did not apprise him of the option to opt out, the class notice and claim form that Plaintiff signed and returned provided express written notice that he would be bound by the release unless he excluded himself from the settlement. But he did not exclude himself and his claims have been released as a matter of law. (UF ¶¶ 25 and 32).

Finally, Plaintiff failed to comply with Local Rule 56.1(b) requiring any party opposing a motion for summary judgment to file and serve a concise response to the moving party's separate statement of undisputed facts. But even if the facts that Plaintiff alleges in his opposition are substituted as the required concise statement, as demonstrated above, Plaintiff's facts do not dispute Argent's statement of undisputed facts. Additionally, the exhibits that Plaintiff attaches to his opposition do not act to dispute Argent's statement of undisputed facts as they have no relevance to the issues presented by Argent's motion for summary judgment and are immaterial to resolving any issue before the Court. Therefore, even giving Plaintiff the benefit of treating

---

[1] A copy of the class notice can be found at www.AmeriquestMDLSettlement.com. (UF ¶ 30).

his opposition as though it included the required concise statement, Plaintiff still fails to affirmatively show a genuine dispute as to a material fact and Argent's motion for summary judgment should be granted. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994); Fed. R. Civ. Proc. 56(c)(1)(B) and 56(c)(2).

### III. CONCLUSION

For these reasons, Plaintiff has released all defendants from all claims. The undisputed facts make clear that Plaintiff is subject to the class settlement agreement approved by this Court's final order and Plaintiff has failed to affirmatively show a genuine dispute as to any material fact. Therefore, nothing further can be obtained from the defendants. Argent respectfully requests that summary judgment be granted in its favor and that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

DATED: April 27, 2012

By: /s/ Joanne N. Davies
*Attorneys for Argent Mortgage Company, LLC*

Joanne N. Davies, Esq.
BUCHALTER NEMER, a P.C.
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 27th day of April 2012, a true and correct copy of the foregoing document was filed electronically and also mailed, via U.S. mail, to Plaintiff at: Cedric Peterson, 9345 Rocky Lane, Orangevale, CA 95662. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

BN 11452557v1