**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: | (Centralized before The Honorable Marvin E. Aspen) |
| *Arndt, et al. v. Ameriquest*, 1:06-cv-02479, N.D. Ill. *Burton v. Ameriquest, et al.,* 1:07-06714, N.D. Ill. *Curtis et al. v. Ameriquest, et al*., 1:08-cv-04549, N.D. Ill. *Dailey v. Citi Residential Lending, et al.,* 1:07-cv-05426, N.D. Ill *Delaney et al. v. AMC Mtg. Serv., et al*., 1:09-cv-00216, N.D. Ill. *Dickerson v. Royal Mortgage, et al*., 1:07-cv-03580, N.D. Ill. *Evans v. Ameriquest, et al*., 1:09-cv-01150, N.D. Ill. *Goodell, et al. v. Ameriquest, et al*., 1:07-cv-03583, N.D. Ill. *Ivery, et al. v. Ameriquest, et al.*, 1:08-cv-04293, N.D. Ill. *Lewark v. AMC Mtg. Services, et al*., 1:09-cv-00218, N.D. Ill. *Myers v. Ameriquest, et al*., 1:07-cv-03584, N.D. Ill. *Null, et al. v. Ameriquest, et al*., 1:08-cv-01584 *Powell et al. v. Ameriquest,* 1:06-cv-03585, N.D. Ill. *Sorah v. Deutsche Bank Natl., et al*., 1:08-cv-04993, N.D. Ill. *Surin v. Ameriquest Mtg. Co., et al*., 1:06-cv-03584, N.D. Ill. *Taylor, et al. v. Ameriquest, et al*., 1:08-cv-04993, N.D. Ill. *Threlkel, et al. v. Ameriquest, et al*., 1:07-cv-03578, N.D. Ill. *Vermurlen, et al. v. Ameriquest, et al*., 1:07-cv-06812, N.D. Ill. *Villagran v. Ameriquest*, 1:06-cv-05699, N.D. Ill. *Walker, et al. v. Ameriquest, et al*., 1:06-cv-02807, N.D. Ill. *Whitsett, et al. v Ameriquest, et al*., 1:08-04291, N.D. Ill. | |

**DEFENDANTS AMERIQUEST MORTGAGE COMPANY'S AND ARGENT
MORTGAGE COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT AND
SUPPORTING MEMORANDUM OF LAW**

Defendants Ameriquest Mortgage Company and Argent Mortgage Company, LLC (collectively the "AMC Entities"), by and through their attorneys, Buchalter Nemer, A Professional Corporation, respectfully move this Court for summary judgment in their favor on each and every cause of action asserted by the above-captioned plaintiffs (collectively, "Plaintiffs") in their complaints, which have been transferred into this Multidistrict Litigation ("MDL"). This Motion is made on the grounds that there is no genuine issue of material fact to support Plaintiffs' claims, and the AMC Entities are entitled to judgment as a matter of law.

1

If summary judgment is not entered in favor of the AMC Entities for the full relief sought, the AMC Entities requests that this Court determine what material facts remain in dispute pursuant to Rule 56(g) of the Federal Rules of Civil Procedure. In that event, the AMC Entities further request that this Court issue an order specifying the facts that appear without substantial controversy and directing such further proceedings in this action as are just.

This Motion is brought pursuant to Federal Rules of Civil Procedure 7, 54(b), 56, and Rules 7.1 and 56.1 of the Local Rules of Practice for the United States District Court for the Northern District of Illinois. The Motion is based on the attached memorandum of law, the separate statement of undisputed material facts filed with this Motion, the supporting affidavits and attached exhibits, the Court's files and records in this MDL, and such further and additional matters as may be presented prior to and at the hearing on this Motion, all of which are incorporated by this reference.

DATED: May 8, 2012

Respectfully submitted,

By: /s/ Joanne N. Davies
*Attorneys for Ameriquest Mortgage Company and Argent Mortgage Company, LLC*

Joanne N. Davies, Esq.
BUCHALTER NEMER, a P.C.
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

**I.  INTRODUCTION**

The complaints filed by the above-captioned Plaintiffs have at least one thing in common—they present no claim for relief against the AMC Entities because their claims fall squarely within the class action settlement finalized by the Court on June 29, 2010.[1] Moreover, many of the Plaintiffs filed a claim with the settlement administrator and even accepted class settlement funds in exchange for a release of any and all of their claims. In either case, as discussed in detail below, all of these Plaintiffs are members of the Consolidated Class Action settlement ("Settlement") approved by final order of this Court on June 29, 2010 and subject to the release contained in the Settlement Agreement, which released all of the Plaintiffs' claims currently pending before the Court. The Court's Final Order and Judgment approving the Settlement bars any further litigation of Plaintiffs' claims. Therefore, as illustrated below, these cases present no genuine dispute of material fact and the AMC Entities are entitled to judgment as a matter of law.

**II.  THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFFS ARE CLASS MEMBERS SUBJECT TO THE SETTLEMENT AGREEMENT APPROVED BY THIS COURT'S FINAL ORDER**

All of these actions stem from a mortgage loan transaction between Plaintiffs and the AMC Entities. Each of the Plaintiffs is a class member under the terms of the Consolidated Class Action settlement. (Separate Statement of Undisputed Material Facts ("UF") ¶ 1). Specifically, like other plaintiffs, these Plaintiffs alleged various defects with the origination of their loans based on various federal and state laws.

Plaintiffs have had notice of this class action litigation beginning in November 2006. (UF ¶ 2). On November 7, 2006, the Court issued a Memorandum Opinion and Order appointing class counsel and establishing a deadline for filing two class action complaints. (UF ¶ 2). As the Court's order required, class counsel filed the Borrower Consolidated Class Action

---

[1] As discussed further below, the Court has addressed this issue before in this MDL holding that the "Settlement covers all class members" and a borrower "cannot avoid his membership." *See* Dkt. No. 4341, pp. 1-2.

Complaint on December 6, 2006. (UF ¶¶ 2 and 4). At that time the Court also ordered that any individual Plaintiffs wishing to opt out of the class action must give notice. (UF ¶ 3).

On December 4, 2009, the parties to the MDL reached a settlement. (UF ¶ 5). The Court approved the Settlement Agreement by Preliminary Approval Order on December 8, 2009. (UF. ¶ 6). The Court held a fairness hearing on April 15, 2010, so all interested parties could be heard in support or opposition to the proposed Settlement Agreement. (UF ¶ 7). Not a single one of these Plaintiffs raised an objection at any time before or during the fairness hearing. (UF ¶ 8). On June 29, 2010, the Court entered its Final Order and Judgment in the MDL adjudging "[a]ll Settlement Class members who are not listed on Exhibit A shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged their claims to the extent provided in the Settlement Agreement." (UF ¶¶ 9-11).

Plaintiffs' claims have been settled and released by the terms of the Settlement Agreement approved by final order of this Court. All of these Plaintiffs are members to one of the five Settlement Classes defined in Section VI of the Settlement Agreement. (UF ¶¶ 1 and 17).

The MDL Settlement included the following release of claims against the AMC Entities:[2] "[The AMC Entities] . . . **shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort** (including but not limited to personal injury, and emotional distress and RICO claims), **statute, regulation, or common law**." (UF ¶ 15) (emphasis added).[3] The release contained in Section VIII cast a wide net to cover claims against a number of entities and defendants. (UF ¶ 16).

---

[2] The settling defendants in the Class Action include, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Argent Mortgage Company, LLC, Town & Country Credit Corporation and Olympus Mortgage Company. Dkt. No. 3506-2, p. 1.

[3] Releasing Parties is defined in the Settlement Agreement to be "all members and Named Representatives of any Settlement Class who have not and do not validly exclude themselves from the Settlement under procedures set forth in Section XI of this Agreement whether or not they submit a claim, receive or accept any benefit, or cash any check in connection with the Settlement." Dkt. No. 3506-2, § VI.C.

4

In addition to the Court's approval of the notice procedure, and being mailed notice, many of the Plaintiffs received actual notice of the settlement. (UF ¶¶ 18-21 and 25). The settlement administrator mailed notice of the settlement and a claim form to Plaintiffs on January 8, 2010. (UF ¶ 21). Eleven of the Plaintiffs even signed and mailed the claim form to the settlement administrator requesting payment according to the terms of the Settlement Agreement. (UF ¶ 25). Thus, at the request of these Plaintiffs, the administrator mailed them a settlement check. (UF ¶¶ 25-26 and 28).

Further, even before Plaintiffs received actual notice, Rust Consulting arranged for notice to be published on January 3, 2010 in Parade magazine and on January 4, 2010 in USA Today newspaper. (UF ¶ 19). The settlement information was also provided on a website: www.AmeriquestMDLSettlement.com. (UF ¶ 20).

Plaintiffs were mailed notice, made no attempt to opt-out of the settlement class, their names do not appear on the official opt-out list, and the period of time to opt-out has long passed. (UF ¶¶ 21 and 29-30). Instead of opting out, these Plaintiffs either did nothing or requested and were sent compensation pursuant to the Settlement Agreement. (UF ¶¶ 22, and 24-30). Therefore, Plaintiffs are bound by the Court's final judgment, their claims have been released pursuant to the terms of the Settlement Agreement, and the AMC Entities are entitled to judgment as a matter of law.

### III.　　LEGAL STANDARD

Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When a party moving for summary judgment carries its burden of demonstrating the absence of a genuine issue of material fact, its opponent must do more than simply show that there is a mere doubt as to the existence of material facts. Instead, the opposing party must come forward with specific facts that establish a genuine issue for trial. *See Matsushita Elec., Inc. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

In coming to its decision, the court may consider admissions in the opposing party's pleadings (even if unverified) as admissible evidence (FRE 801(d)(2)) and therefore such admissions can serve as the basis for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Further, judicial notice may be taken of "adjudicative facts" (*e.g.*, court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *See* FRE 201(b).

## IV. THE COURT'S FINAL JUDGMENT AND ORDER PRECLUDES CLASS PLAINTIFFS' CLAIMS AS A MATTER OF LAW

A fundamental principle of class actions is that "the final judgment, *whether favorable or adverse to the class, will be binding on the entire class.*" 2 Alba Conte & Herbert B. Newberg, Newberg On Class Actions § 5:38 (4th ed. 2002) (citing Fed. R. Civ. P. 23(c)(2)) (emphasis added). Moreover, "[a]mended Rule 23 was drafted to eliminate doubts concerning the binding scope of the judgment a court may enter in a class action. All members of the class, whether a class of plaintiffs or defendants, are bound by the judgment entered in the action under the amended rule, unless in a Rule 23(b)(3) action, an absent member makes a timely election for exclusion." 5 Alba Conte & Herbert B. Newberg, Newberg On Class Actions § 16:21 (4th ed. 2002) (citing *Richard's Lumber & Supply Co. v. U.S. Gypsum Co.*, 545 F.2d 18 (7th Cir. 1976) (holding that execution of a settlement release on behalf of a class of which plaintiff was a member bars subsequent claims and has res judicata effect on the class members)).

On June 21, 2011, this Court decided the same issue unfavorably for Plaintiffs. Two borrowers, Don and Kewanna Ellis, filed a motion for declaratory relief seeking a determination from the Court that an Alaska state court action they filed fell outside the scope of the Settlement. *See* Docket No. 3875. The Court rejected each of their arguments and denied their motion. *See* Dkt. No. 4341. First, the Court concluded that "[t]he Settlement covers all class members—not just those whose lawsuits were consolidated into the MDL." Dkt. No. 4341, p. 1. Further, "[a]pproved class actions routinely encompass individuals who are party neither to the

specific lawsuit, nor any lawsuit at all." *Id.* Therefore, a borrower "[c]annot avoid his membership in the . . . Class settlement.]" *Id.* In declining the Ellis borrowers' belated request to opt-out, the Court stated, "[i]t is now far too late to consider such relief." *Id.*

The Seventh Circuit came to the same conclusion. In *Richard's Lumber & Supply Co.*, the plaintiff filed suit against United States Gypsum Company ("USG") alleging various improprieties associated with a "rebate scheme" USG had in place with several dealers of its products. *Richard's Lumber & Supply Co.*, 545 F.2d at 19. But USG had been the defendant in a prior antitrust class action which ended with a settlement. *Id.* at 20. The settlement agreement in the prior antitrust class action included a covenant not to sue.[4] The Seventh Circuit agreed with the district court's conclusion that the class settlement release barred plaintiff's claims against USG. Therefore, the district court properly granted USG's motion for summary judgment because the plaintiff was a member of the settling class, received notice of the settlement, and failed to opt-out or object to the fairness of the proposed settlement. *Id.*

Here, like the Ellis borrowers previously before this Court and the plaintiff in *Richard's Lumber & Supply Co.*, Plaintiffs are members of the Class Settlement, were sent notice of the settlement, and failed to opt-out or object to the fairness of the settlement. As a result, their claims have been settled, and Plaintiffs released the AMC Entities from any further claims.[5]

---

[4] The covenant not to sue stated in pertinent part:

> [e]ach plaintiff and intervenor, and each class member which does not elect to be excluded as herein provided, shall be deemed to have covenanted to refrain from proceeding against the settling defendants, or any of them, on any present or prospective claim pertaining to any building and construction products manufactured from gypsum, including any gypsum or related products and relating to any direct or indirect purchases or transactions occurring prior to the dates of the settlement agreements, which agreements are dated in the period July 10 to August 15, 1973, and which claims are asserted under Federal or State antitrust law or based on any allegations of collusion, conspiracy or similar assertions.

*Id.*

[5] The release of claims extends to all defendants named in Plaintiffs' complaints because Section VIII.A-B provides in pertinent part:

> The Settling Defendants, together with Argent Securities LLC; Ameriquest Mortgage Insurance Services Corporation; Ameriquest Funding II, LLC; Ameriquest Funding II REO Subsidiary, LCC; Ameriquest Securities LLC; Park Place Securities LLC; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; Argent Securities, Inc.; Park Place Securities, Inc.; ACC Capital Holdings Corporation; SBP Capital Corporation (FKA Ameriquest Capital Corporation); Dawn Arnall in all capacities; The Roland and Dawn Arnall Living Trust; the Estate

First, to use the Court's own language, Plaintiffs' claims fall squarely within the class settlement finalized last year. Dkt. No. 4341, p. 1. Therefore, Plaintiffs are class members and "[c]annot avoid [their] membership in the . . . Class." Dkt. No. 4341, p. 2.

Second, as discussed below, at least eleven Plaintiffs indisputably received *actual* notice of the settlement, requested and were sent payment from the settlement fund, and never sought exclusion from the settlement.[6] On January 8, 2010, Rust Consulting mailed written notice of the class settlement and a claim form to Plaintiffs. (UF ¶ 21). Plaintiffs never requested exclusion from the class settlement and are not listed on the Court's official opt-out list. (UF ¶¶ 12, and 25-30). And, in any event, "it is now far too late to consider such relief." Dkt. No. 4341, p. 2. Therefore, as stated in the Court's Final Order and Judgment, because Plaintiffs are class members, Plaintiffs shall "[c]onclusively be deemed to have released and discharged [their] claims to the extent provided in the Settlement Agreement." (UF ¶ 11).

Finally, the release in the Settlement Agreement eliminates all of Plaintiffs' claims currently pending before the Court. The MDL Settlement included the following release of claims against the AMC Entities:

> [The AMC Entities] . . . **shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort** (including but not limited to personal injury, and emotional distress and RICO claims), **statute, regulation, or common law**, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or

---

of Roland Arnall; all Pass-Through entities created to facilitate the securitization process including, without limitation as to each of the foregoing entities, all current and former officers, directors, managers, employees, owners, shareholders, heirs, estates, related companies by common ownership, parent companies, insurers, successors, assigns, servicers, investors, trustees, agents and attorneys[.] All Servicers, Investors, and Trustees . . . shall be released [to the same extent as the Settling Defendants.]

Dkt. No. 3506-2.

[6] Even if Plaintiffs did not receive actual notice, "the court-approved notice mailed to [their] home address is sufficient—even if [they] never received it." Dkt. No. 4341, p. 1. The Court cited the following cases in support of its conclusion: *See Eisen v. Carslisle & Jacquelin*, 417 U.S. 156, 173-75 (1974); *In re AT&T Mobility Wireless Data Services Sales Litig.*, 270 F.R.D. 330, 350-51 (N.D. Ill. 2010); *see also Fontana v. Elrod*, 826 F.2d 729, 732 (7th Cir. 1987).

8

> unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted in the FACC and/or the Consolidated Actions (collectively "Released Claims"). Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor as of the Final Approval Date. Releasing Parties, on behalf of themselves individually and in their representative capacities acknowledge, and all Releasing Parties are deemed to acknowledge that they are aware that any of them may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this Agreement, but that **it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts**.

(UF ¶ 15 (emphasis added)). All the Plaintiffs base their claims on a statute (generally TILA), regulation, state disclosure law, or a common law cause of action. (UF ¶¶ 1 and 4-5). Therefore, all Plaintiffs' claims have been released by the terms of the Settlement Agreement and deemed conclusively released and discharged by the Court's Final Order and Judgment.[7]

## V.  CONCLUSION

Plaintiffs are members of the class settlement, were sent notice of the class settlement fund, and released all claims against the AMC Entities as adjudged by final order of this Court. Plaintiffs can take nothing more from the AMC Entities or the MDL. Therefore, the AMC Entities respectfully request that summary judgment be granted in their favor and that Plaintiffs' complaints be dismissed in their entirety.

---

[7] As further grounds for summary judgment, eleven of the Plaintiffs returned a signed claim form requesting to participate in the class settlement and receive payment from the settlement fund. (UF ¶ 25). For these cases, the Plaintiffs knowingly and voluntarily participated in the class settlement by submitting a signed claim form requesting money from the AMC Entities. (UF ¶¶ 25-29). And these Plaintiffs were sent, and in nearly all instances, deposited the settlement payment. (UF ¶¶ 28-29). The signed claim form stated, in all caps, that Plaintiffs would be "SUBJECT TO THE RELEASE DESCRIBED IN THE NOTICE UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT." (UF ¶ 24). As discussed above, none of these Plaintiffs excluded themselves from the Settlement. (UF ¶¶ 12 and 25-28). To the contrary, these individuals affirmatively participated in the settlement and released their claims against all the Settling Defendants.

                Respectfully submitted,

DATED: May 8, 2012      By: /s/ Joanne N. Davies
                *Attorneys for Ameriquest Mortgage Company*
                *and Argent Mortgage Company, LLC*

                Joanne N. Davies, Esq.
                BUCHALTER NEMER, a P.C.
                18400 Von Karman Avenue, Suite 800
                Telephone: (949) 760-1121
                Facsimile: (949) 720-0182

11396651v3

**CERTIFICATE OF SERVICE**

I, Joanne N. Davies, hereby certify that on this 8th day of May 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Joanne N. Davies