IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| THIS DOCUMENT RELATES TO:<br><br>*Arndt, et al. v. Ameriquest*, 1:06-cv-02479, N.D. Ill.<br>*Burton v. Ameriquest, et al.*, *1:07-06714, N.D. Ill.*<br>*Curtis et al. v. Ameriquest, et al.*, 1:08-cv-04549, N.D. Ill.<br>*Dailey v. Citi Residential Lending, et al.*, 1:07-cv-05426, N.D. Ill<br>*Delaney et al. v. AMC Mtg. Serv., et al.*, 1:09-cv-00216, N.D. Ill.<br>*Dickerson v. Royal Mortgage, et al.*, 1:07-cv-03580, N.D. Ill.<br>*Evans v. Ameriquest, et al.*, 1:09-cv-01150, N.D. Ill.<br>*Goodell, et al. v. Ameriquest, et al.*, 1:07-cv-03583, N.D. Ill.<br>*Ivery, et al. v. Ameriquest, et al.*, 1:08-cv-04293, N.D. Ill.<br>*Lewark v. AMC Mtg. Services, et al.*, 1:09-cv-00218, N.D. Ill.<br>*Myers v. Ameriquest, et al.*, 1:07-cv-03584, N.D. Ill.<br>*Null, et al. v. Ameriquest, et al.*, 1:08-cv-01584<br>*Powell et al. v. Ameriquest,* 1:06-cv-03585, N.D. Ill.<br>*Sorah v. Deutsche Bank Natl., et al.*, 1:08-cv-04993, N.D. Ill.<br>*Surin v. Ameriquest Mtg. Co., et al.*, 1:06-cv-03584, N.D. Ill.<br>*Taylor, et al. v. Ameriquest, et al.*, 1:08-cv-04993, N.D. Ill.<br>*Threlkel, et al. v. Ameriquest, et al.*, 1:07-cv-03578, N.D. Ill.<br>*Vermurlen, et al. v. Ameriquest, et al.*, 1:07-cv-06812, N.D. Ill.<br>*Villagran v. Ameriquest*, 1:06-cv-05699, N.D. Ill.<br>*Walker, et al. v. Ameriquest, et al.*, 1:06-cv-02807, N.D. Ill.<br>*Whitsett, et al. v Ameriquest, et al.*, 1:08-04291, N.D. Ill. | Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable<br><br>Marvin E. Aspen) |

**DEFENDANTS AMERIQUEST MORTGAGE COMPANY'S AND ARGENT MORTGAGE COMPANY'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants Ameriquest Mortgage Company and Argent Mortgage Company, LLC (collectively the "AMC Entities"), by and through their attorneys, Buchalter Nemer, A Professional Corporation, submits this separate statement of material facts pursuant to Local Rule 56.1 as there is no genuine issue as to these facts thereby entitling Ameriquest to judgment as a matter of law.

1.  Plaintiffs in each of the above-captioned cases (collectively, the "Plaintiffs") are a Settlement Class[1] member of the Consolidated Class Action settlement approved by final order

---
[1] Capitalized terms shall have the same meaning as in the Consolidated Class Action settlement agreement.

of this Court on June 29, 2010. Settlement Agreement (Dkt. No. 3247); Affidavit of Amy Lake ("Lake Aff.") ¶ 6; Final Order and Judgment (Dkt. No. 3628).

2. This class action litigation was authorized by the Court's November 7, 2006 Memorandum Opinion and Order ("November 6 Order") providing that two consolidated class action complaints should be filed by December 6, 2006. Memorandum Opinion and Order, p. 6, section II (Dkt. No. 284).

3. The November 6 Order also required any individual who wished to opt out of the class action to give notice. Memorandum Opinion and Order, p. 7, section II (Dkt. No. 284). And the November 6 Order applied to each action subsequently filed in or transferred to the Court alleging similar claims. Memorandum Opinion and Order, p. 7, section III (Dkt. No. 284).

4. Class counsel filed the Borrower Consolidated Class Action Complaint on December 6, 2006. Borrower Consolidated Class Action Complaint (Dkt. No. 325).

5. On December 4, 2009, class counsel and Settling Defendants[2] entered a Settlement Agreement. Settlement Agreement (Dkt. No. 3247).

6. On December 8, 2009, the Court approved the Settlement Agreement by Preliminary Approval Order. Preliminary Approval Order (Dkt. No. 3251).

7. On April 15, 2010, the Court held a fairness hearing, at which time all interested parties could be heard in support of and in opposition to the proposed Settlement Agreement. Final Order and Judgment, p. 2 (Dkt. No. 3628).

8. Plaintiffs raised no objection at any time before or during the fairness hearing. Final Order and Judgment, pp. 4-6, ¶ 5 (Dkt. No. 3628).

9. On June 29, 2010, the Court issued its Final Order and Judgment in the MDL approving the proposed Settlement Agreement with all borrower class plaintiffs. Final Order and Judgment (Dkt. No. 3628).

---

[2] The settling defendants in the Class Action include, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Argent Mortgage Company, LLC, Town & Country Credit Corporation and Olympus Mortgage Company. Settlement Agreement, p. 1 (Dkt. No. 3247).

11416607v3

10. In the Final Order and Judgment, the Court "determined that the Notice given to members of the Settlement Classes fully and accurately informed members of each Settlement Class of all material elements of the proposed settlement and constituted valid, due and sufficient notice to all members of the Settlement Classes consistent with all applicable requirements." Final Order and Judgment, p. 4, ¶ 3 (Dkt. No. 3628).

11. The Court adjudged that "[a]ll Settlement Class members who are not listed on Exhibit A shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged their claims to the extent provided in the Settlement Agreement." Final Order and Judgment, p. 7, ¶ 9 (Dkt. No. 3628).

12. The Plaintiffs' names are not listed on Exhibit A to the Final Order and Judgment. Final Order and Judgment, Exhibit A (Dkt. No. 3628).

13. Section VI of the Settlement Agreement approved by final order of this Court includes five (5) settlement classes. Settlement Agreement, p. 10, § VI (Dkt. No. 3247).

14. The Settlement Agreement defines the Releasing Parties as: "all members and Named Representatives of any Settlement Class who have not and do not validly exclude themselves from the Settlement under procedures set forth in Section XI of this Agreement whether or not they submit a claim, receive or accept any benefit, or cash any check in connection with the Settlement." Settlement Agreement, p. 14, § VI.C (Dkt. No. 3247).

15. The Settlement Agreement included the following release of claims:

> [The AMC Entities] . . . shall be released from all claims, causes of actions, or liabilities of which any and all Releasing Parties may or did have during the Class Period, including without limitation, in contract, in tort (including but not limited to personal injury, and emotional distress and RICO claims), statute, regulation, or common law, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as part of a class of claims or claims on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that relate to or arise from the matters that were alleged or asserted, or could have been alleged or asserted in the FACC and/or the Consolidated Actions (collectively "Released Claims"). Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor as of the Final Approval Date. Releasing Parties, on

11416607v3

>behalf of themselves individually and in their representative capacities acknowledge, and all Releasing Parties are deemed to acknowledge that they are aware that any of them may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

Settlement Agreement, p. 15, § VIII.A (Dkt. No. 3247).

16. The release of claims extends to all defendants named in Plaintiffs' complaints because Section VIII.A-B provides in pertinent part:

>The Settling Defendants, together with Argent Securities LLC; Ameriquest Mortgage Insurance Services Corporation; Ameriquest Funding II, LLC; Ameriquest Funding II REO Subsidiary, LCC; Ameriquest Securities LLC; Park Place Securities LLC; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; Argent Securities, Inc.; Park Place Securities, Inc.; ACC Capital Holdings Corporation; SBP Capital Corporation (FKA Ameriquest Capital Corporation); Dawn Arnall in all capacities; The Roland and Dawn Arnall Living Trust; the Estate of Roland Arnall; all Pass-Through entities created to facilitate the securitization process including, without limitation as to each of the foregoing entities, all current and former officers, directors, managers, employees, owners, shareholders, heirs, estates, related companies by common ownership, parent companies, insurers, successors, assigns, servicers, investors, trustees, agents and attorneys[.] All Servicers, Investors, and Trustees . . . shall be released [to the same extent as the Settling Defendants.]

Settlement Agreement, pp. 14-16 (Dkt. No. 3247).

17. All of the Plaintiffs are members in one or more of the five Settlement Classes as defined in Section VI of the Settlement Agreement. Lake Aff. ¶ 6.

18. The Settlement Agreement permitted notice by mail, publication in a newspaper and magazine, and on a website. Settlement Agreement, § X (Dkt. No. 3247); Lake Aff. ¶ 7.

19. Notice was published on January 3, 2010 in Parade magazine and on January 4, 2010 in USA Today newspaper. Settlement Agreement, § X (Dkt. No. 3247); Lake Aff. ¶ 7.

20. The settlement information was also included on a website: www.AmeriquestMDLSettlement.com. Lake Aff. ¶ 7.

11416607v3

21. On January 8, 2010, the court-approved settlement administrator, Rust Consulting, Inc. ("Rust Consulting"), mailed written notice addressed to all Plaintiffs at their last known address according to the national address database. Lake Aff. ¶ 8.

22. The court-approved notice mailed to Plaintiffs stated: "If you do nothing, you will release claims against Ameriquest, but you will not receive a payment from the Settlement Fund." Lake Aff. ¶ 8, Legal Notice of a Class Action Settlement attached as Ex. 1, p. 1.

23. The court-approved notice mailed to Plaintiffs made clear that "*You may not submit a Claim Form and also exclude yourself from the Settlement.*" Lake Aff. ¶ 8, Legal Notice of a Class Action Settlement attached as Ex. 1, p. 7 (emphasis in original).

24. The claim form mailed to Plaintiffs on January 8, 2010, stated: "[Y]OU WILL NEVERTHELESS BE SUBJECT TO THE RELEASE DESCRIBED IN THE NOTICE UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT." Lake Aff. ¶ 9, Claim Form attached as Ex. 2, p. 1 (emphasis in original).

25. Rust Consulting received signed claim forms from the following eleven Plaintiffs: Maura C. Burton, Joseph and Elizabeth Curtis, Robert and Rhonda Delaney, Dionne Dickerson, Lee and Rebecca Goodell, Danette Lewark, Kimberly Sorah, Betty Taylor, Thomas Threlkel, Jr. and Kelli Fisher, Patrick and Sherrie Vermurlen, and Tyrone and Betty Walker (the "Responding Plaintiffs"). Lake Aff. ¶ 9.

26. The Responding Plaintiffs returned signed claim forms requesting compensation as part of the court-approved Settlement Agreement. Lake Aff. ¶ 9 a-k, Exs. 3-13.

27. By signing the claim form, the Responding Plaintiffs affirmed they entered into a mortgage loan transaction relating to the Property. Lake Aff. ¶ 9 a-k, Exs. 3-13.

28. Rust Consulting caused settlement checks to be mailed to the Responding Plaintiffs in the amount owed under the terms of the Settlement Agreement. Lake Aff. ¶¶ 9 and 10, Exs. 3-13.

29. Rust Consulting did not receive any response from Maria Arndt and Forrest Pendergraph, Rosa Dailey, Cheryl E. Evans, Jerry Ivery and Jacqueline Ivery, Gail D. Myers,

James Null and Mildren Null, John Powell and Sylvia Powell, Wetzer Surin, Maynor Villagran, and Carleton and Kimberly Whitsett (the "Non Responding Plaintiffs"). Lake Aff. ¶¶ 6 - 12.

30. Non Responding Plaintiffs did nothing. Non Responding Plaintiffs did not return the claim form and the Non Responding Plaintiffs did not opt out of the settlement class and the period of time to opt out has passed. Settlement Agreement, § XI, p. 21 (Dkt. No. 3247); Final Order and Judgment, ¶ 9, p. 7 (Dkt. No. 3628); Opt Out List to Final Order and Judgment, Exhibit A (Dkt. No. 3628); Lake Aff. ¶¶ 11, 12; Order Denying Motion For Declaratory Relief That Borrowers' Claims Not Barred By Class Settlement ("Ellis Order") (Dkt. No. 4341).

Respectfully submitted,

DATED: May 8, 2012      By:      /s/ Joanne N. Davies
*Attorneys for Ameriquest Mortgage Company and Argent Mortgage Company, LLC*

Joanne N. Davies, Esq.
BUCHALTER NEMER, a P.C.
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

11416607v3

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 8th day of May 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

11416607v3