## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 (07 C 316) | **DATE** | 5/25/2012 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Although we acknowledge that this dismissal represents a harsh sanction, Nimox has left us with no other choice. She refuses to step forward on her own behalf and make any effort to litigate or otherwise move this case toward resolution—despite Defendants' motions and our orders requiring her participation. We will not require Defendants to linger indefinitely here in federal court with no chance of being heard or offering a meaningful defense. Accordingly, Nimox's complaint is dismissed in its entirety, against all Defendants, pursuant to Rule 41(b). It is so ordered.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

Reserved f or use by the Court)

### ORDER

On July 2, 2011, Defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and U.S. Bank, N.A. ("US Bank") filed a second motion to dismiss plaintiff Yvonne Nimox's complaint, in its entirety, for failure to prosecute. (MDL Dkt. No. 4349.) (We denied the first motion on August 19, 2010. (MDL Dkt. No. 3682).) We ordered Nimox to respond to the pending motion to dismiss by August 23, 2011. (MDL Dkt. No. 4358.) She failed to do so.

In light of Nimox's failure to comply, we issued a more detailed order on February 3, 2012 and required her to respond to the pending motion to dismiss no later than February 24, 2012. (MDL Dkt. No. 4686 ("2/3/12 Order").) We recounted several critical, uncontested facts supporting the motion, including the fact that Nimox has not actively prosecuted the case since March 2008. Although we permitted Nimox's former attorney to withdraw representation in May 2010, Nimox has done absolutely nothing in the intervening two years to move this case forward. (2/3/12 Order at 2.) In our 2/3/12 Order, we explicitly informed Nimox that if she failed to file a response by February 24, 2012, expressing her interest in litigating her case, it "may very well be dismissed in its entirety for lack of prosecution pursuant to Rule 41(b)." (*Id.* at 2.) We indicated that we considered this her "one final opportunity to pursue this action." (*Id.* at 1.) Yet Nimox did not avail herself of that opportunity.

As indicated in our 2/3/12 order, involuntary dismissal under Rule 41(b) is authorized where the plaintiff's conduct reflects "a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). Although "a lengthy period of inactivity" may warrant involuntary dismissal, *Tome Engenharios E. Transportes v. Malki*, 98 Fed. Appx. 518, 520, 2004 WL 764130, at *2 (7th Cir. Apr. 5, 2004) (citing cases), we should also consider the following factors before granting a Rule 41(b) motion:

the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for

**STATEMENT**

mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561; *see Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). Here, Nimox has ignored each of our scheduling orders on Defendants' two Rule 41(b) motions. She failed to comply with our February 24, 2012 deadline, despite our unambiguous warning that her case was on thin ice. Given that her counsel withdrew in 2010, she is personally responsible for these recent failings. Although this stalemate does not waste significant effort or resources, we conclude that this prolonged inactivity and violation of court orders amounts to prejudice. Nimox's intransigence ties the hands of both Defendants and the court, leaving us unable to work toward any disposition of this matter. We cannot seriously evaluate the potential merit of this suit on the record before us, but the social objectives underlying it have been adequately satisfied throughout the ongoing MDL proceedings.

Although we acknowledge that this dismissal represents a harsh sanction, Nimox has left us with no other choice. She refuses to step forward on her own behalf and make any effort to litigate or otherwise move this case toward resolution—despite Defendants' motions and our orders requiring her participation. We will not require Defendants to linger indefinitely here in federal court with no chance of being heard or offering a meaningful defense. Accordingly, Nimox's complaint is dismissed in its entirety, against all Defendants, pursuant to Rule 41(b). It is so ordered.