Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 6/13/2012 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

AHMSI's motion to dismiss is denied without prejudice. (Dkt. No. 4530.) It is so ordered.

*[signature: Marvin E. Aspen]*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

  Presently before us is a motion to dismiss (MDL Dkt. No. 4530) filed by American Home Mortgage Servicing, Inc. ("AHMSI"), a loan servicer for many of the mortgages at issue in this litigation. AHMSI initially asked that we dismiss the claims of approximately 65 borrowers pursuant to Federal Rule of Civil Procedure 41(b). (Mot. ¶¶ 2–5 & Ex. A.) AHMSI argued that these borrowers, identified in the motion, had failed to prosecute their claims and thus continued to take advantage of the delay afforded by the litigation process to stay in their homes without payment of any kind and without making any effort to resolve the disputes. (*Id.*) After conferring with Ameriquest's and certain plaintiffs' counsel and reviewing several opposition briefs, AHMSI amended its request. (Reply at 1.) AHSMI now seeks dismissal of only those identified opt-out claimants who failed to respond to its motion and otherwise seem to have abandoned their claims. (*Id.* ¶ 3.)

  Under Rule 41(b), a defendant may seek dismissal of a claim or action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Because involuntary dismissal is such a severe sanction, it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). "[D]ismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity." *Tome Engenharios E. Transportes v. Malki*, 98 Fed. Appx. 518, 520, 2004 WL 764130, at *2 (7th Cir. Apr. 5, 2004) (citing cases); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). The Seventh Circuit has identified several factors we should consider when evaluating a Rule 41(b) motion, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social

**STATEMENT**

objectives that the litigation represents. *Kasalo*, 656 F.3d at 561; *see Tome*, 98 Fed. Appx. at 520; *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). In addition, we must give due warning to a plaintiff facing a Rule 41(b) dismissal that the case may be closed imminently in favor of the defendant. *Kasalo*, 656 F.3d at 562; *Aura Lamp*, 325 F.3d at 908.

Here, most of the borrowers identified by AHMSI in the original motion objected, expressed their interest in pursuing their claims, are currently participating in settlement negotiations, and/or have since dismissed their claims. (Reply ¶¶ 2–3.) In its February 3, 2012 reply, AHSMI identified only 11 borrowers who remained passive, but at least two of them have since dismissed their claims as well. In light of the borrowers' overall responses and ongoing settlement negotiations, we deny AHSMI's motion at this time. The motion seems to have achieved its desired effect in grabbing the attention of this set of borrowers. That being said, opt-out borrowers—particularly those now handling their cases pro se—should note that they are expected to participate in this lawsuit and can face dismissal if they refuse to do so, as explained above. Given our ruling, we need not address the argument that AHSMI lacks standing to seek relief under Rule 41(b) where it is not a named defendant in these cases.

For these reasons, AHMSI's motion to dismiss is denied without prejudice. (Dkt. No. 4530.) It is so ordered.