Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 6/13/2012 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is a motion filed by Plaintiffs Arthur and Nell Dercksen, seeking remand of their lawsuit against Ameriquest out of the MDL proceedings and back to the Circuit Court of Johnson County, Arkansas. (Case No. 06 C 6742, Indiv. Dkt. No. 20.) Plaintiffs argue that because they have opted out of litigation here, they should go back to state court "from which this case was improvidently removed so that this case may there proceed to disposition." (Mot. ¶ 3.) Plaintiffs' motion is denied. It is so ordered.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

(Reserved for use by the Court)

## ORDER

   Presently before us is a motion filed by Plaintiffs Arthur and Nell Dercksen, seeking remand of their lawsuit against Ameriquest out of the MDL proceedings and back to the Circuit Court of Johnson County, Arkansas. (Case No. 06 C 6742, Indiv. Dkt. No. 20.) Plaintiffs argue that because they have opted out of litigation here, they should go back to state court "from which this case was improvidently removed so that this case may there proceed to disposition." (Mot. ¶ 3.)

   As Ameriquest points out in its opposition, however, there are two major flaws with this argument. First, this case was not removed to federal court from state court. Indeed, Plaintiffs filed this lawsuit in the Eastern District of Arkansas—not in state court. (*See* Compl., Indiv. Dkt. No. 18-1.) In addition, Plaintiffs alleged that Ameriquest violated several federal laws, including the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Home Ownership and Equity Protection Act. (*Id.*) Plaintiffs specifically alleged that the Arkansas federal court had jurisdiction over their claims. (*Id.* ¶ 1.) We, too, have jurisdiction over the claims asserted by Plaintiffs. Simply put, we have no basis to remand to state court.

   Second, to the extent that Plaintiffs seek a remand back to Arkansas federal court, we lack the authority to grant such relief. (In the MDL context, "remand" can carry two meanings: remand of a removed case back to the state court where it originated, or remand out of the MDL back to the federal court from which it was transferred.) The "power to remand a case to the transferor lies solely" with the Judicial Panel on Multidistrict Litigation ("Panel"). *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The most we could do is suggest to the Panel that remand would be appropriate.

   The Panel has "consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate." *In re Managed Care Litig.*, 416 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006) (citing *In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L.

**STATEMENT**

1976)).  Nonetheless,"[r]emand is inappropriate . . . when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'"  *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 688 (S.D. Tex. 2005) (citing *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (internal citation omitted)).  Here, Plaintiffs have not persuaded us that a suggestion of remand is warranted at this time.  Discovery in this matter is just beginning, and consolidated discovery may yet be needed.  Plaintiffs' disinterest in settlement negotiations, (Mot. ¶¶ 2, 4), does not render the MDL process moot.  The MDL exists to coordinate all pretrial proceedings, not just settlement.

For the reasons set forth above, Plaintiffs' motion is denied.  It is so ordered.