IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br>*Surin v. Alpha Mortgage Lending, LLC, et al.*, 1:06-cv-035874, N.D. Ill. | Assigned to Magistrate Judge Denlow |

## DEFENDANTS JOINT MOTION TO ENFORCE SETTLEMENT AGREEMENT AS TO PLAINTIFF WETZER SURIN

Defendants Argent Mortgage Company, LLC ("Argent"), AMC Mortgage Services, Inc., Advantage Equity Services, Inc., and CBC Companies, Inc. (collectively, "Defendants"), by and through their undersigned attorneys, respectfully move this Court for an order granting this joint motion to enforce the settlement agreement reached at the May 9, 2012 settlement conference between all parties to this lawsuit and Plaintiff Wetzer Surin ("Plaintiff").

### I. INTRODUCTION

Plaintiff refuses to sign the settlement and release agreement after reaching a settlement agreement at the May 9, 2012 settlement conference. None of the parties dispute the settlement terms or object to the settlement. But a dispute between Plaintiff and his counsel has prevented Plaintiff from agreeing to sign the settlement agreement. Defendants bring this joint motion so Plaintiff will sign the release documents and resolve this case. The settlement should not be derailed by this unrelated attorney-client fee dispute.

## II. PLAINTIFF AND DEFENDANTS REACHED AN UNCONDITIONAL SETTLEMENT AGREEMENT ON MAY 9, 2012

On May 9, 2012, the Honorable Judge Morton Denlow held a settlement conference to assist the litigants in resolving this case. Dkt. No. 4923. Plaintiff and his counsel appeared at the settlement conference via telephone. The parties reached an acceptable settlement agreement. Dkt. No. 4923. The parties agreed to document and complete the settlement agreement by July 1, 2012. Dkt. No. 4923.

Counsel for Argent prepared the settlement documents and forwarded to Plaintiff's counsel for review. Plaintiff's counsel approved of the form of the settlement agreement and the settlement agreement was circulated for signature. On or about June 5, 2012, counsel for Defendants received notice that Plaintiff refused to sign the agreement. It does not appear that Plaintiff has any objection to the settlement agreement's terms. Instead, Plaintiff and his counsel have a dispute as to how the settlement funds should be allocated amongst themselves. All of the Defendants have signed the settlement agreement and stand waiting to proceed with their obligations under the settlement agreement—the only thing needed is Plaintiff's signature.

## III. THE COURT SHOULD ORDER PLAINTIFF TO SIGN THE SETTLEMENT AGREEMENT HE AGREED TO

A motion to enforce a settlement agreement is essentially the same as a motion to enforce a contract. *See Porter v. Chicago Bd. of Educ.*, 981 F. Supp. 1129 (N.D. Ill. 1997) (internal citations and quotations omitted). An oral settlement reached at a settlement conference is enforceable against the settling plaintiff. *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454 (7th Cir. 1986). "Federal law does not require . . . that the settlement be reduced to writing. Absent a factual basis rendering it invalid, an oral agreement to settle . . . is enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." *Id.* (internal quotations and citations omitted).

In *Glass*, the Seventh Circuit affirmed the enforcement of a settlement agreement against a plaintiff when the plaintiff had orally agreed to the settlement before the court. *Id.* A party to a settlement "cannot avoid the agreement merely because he subsequently believes the settlement

insufficient[.] [T]hat party remains bound by the terms of the agreement." *Id.* at 454-55 (citations omitted); *see also Tracy v. Jewel Food Stores, Inc.*, No. 99 C 2736, 2001 U.S. Dist. LEXIS 25527 (N.D. Ill. May 10, 2001) (enforcing settlement agreement against plaintiff when she had previously agreed to the settlement terms in a settlement conference with the judge), aff'd, No. 03-1042, 2003 U.S. App. LEXIS 16636 (7th Cir. 2003). In *Glass* and *Tracy*, the courts enforced settlement agreements although the plaintiffs in those cases, like Plaintiff here, refused to sign the settlement agreement. In *Tracy*, the court did not allow the plaintiff to avoid her oral settlement obligations merely because she had a change of heart. *Tracy*, 2001 U.S. Dist. LEXIS 25527 at * 4-5.

In this case, nothing suggests that Plaintiff has had a change of heart or is dissatisfied with the settlement reached. To the contrary, all parties agree to the settlement terms, all Defendants have signed the settlement agreement, and Plaintiff would execute but for the dispute between Plaintiff and his attorney over the allocation of the settlement funds. Plaintiff's attorney-client issues should not stand in the way of fully resolving this case. Therefore, the Court should order Plaintiff to execute the settlement agreement so this case can be dismissed.

## IV.    CONCLUSION

For these reasons, the Court should enforce the settlement agreement reached between the parties.

DATED: June 18, 2012

Respectfully submitted,

By: /s/ Joanne N. Davies
*Attorneys for Defendants Argent Mortgage Company, LLC, and AMC Mortgage Services, Inc.*

Joanne N. Davies, Esq.
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

BN 11710985v1

DATED: June_18, 2012                Respectfully submitted,

By: /s/ Stephen M. Sedor
*Attorneys for Defendants Advantage Equity Services, Inc., through its parent company and successor in interest CBCInnovis, Inc., and CBC Companies, Inc.*

Stephen M Sedor, Esq.
DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, PC
1057 Broad Street
Bridgeport, CT 06604
Telephone: (203) 366-3438
Facsimile: (203) 384-0317

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 18th day of June 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies