# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 (06C3584) | **DATE** | 7/26/2012 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is a motion to dismiss filed March 20, 2012, (MDL Dkt. No. 4785), by Third-Party Defendants Advantage Equity Services, Inc. and CBC Companies, Inc. (collectively, "Third Party Defendants"). Third-Party Defendants ask that we dismiss the complaint brought by Wetzer Surin (Case No. 06 C 3584) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. For the reasons set forth, we deny the motion to dismiss.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us is a motion to dismiss filed March 20, 2012, (MDL Dkt. No. 4785), by Third-Party Defendants Advantage Equity Services, Inc. and CBC Companies, Inc. (collectively, "Third Party Defendants"). Third-Party Defendants ask that we dismiss the complaint brought by Wetzer Surin (Case No. 06 C 3584) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Under Rule 41(b), a defendant may seek dismissal of a claim or action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Because involuntary dismissal is such a severe sanction, it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). "[D]ismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity." *Tome Engenharios E. Transportes v. Malki*, 98 Fed. Appx. 518, 520, 2004 WL 764130, at *2 (7th Cir. Apr. 5, 2004) (citing cases); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). The Seventh Circuit has identified several factors we should consider when evaluating a Rule 41(b) motion, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561; *see Tome*, 98 Fed. Appx. at 520; *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). In addition, we must give due warning to a plaintiff facing a Rule 41(b) dismissal that the case may be closed imminently in favor of the defendant. *Kasalo*, 656 F.3d at 562; *Aura Lamp*, 325 F.3d at 908.

**STATEMENT**

    Here, Third-Party Defendants have simply overlooked the parties' recent and apparently successful efforts at settlement. Although the individual case docket reflects no activity on the case in many years, the parties participated in a settlement conference with Magistrate Judge Denlow on May 9, 2012. (*See* MDL Dkt. No. 4921.) Indeed, Judge Denlow's order of July 2, 2012 indicates that the parties reached an agreement and are in the process of effectuating the terms of settlement. (MDL Dkt. No. 5017.) We therefore deny the motion. It is so ordered.

*[signature: Marvin E. Aspen]*