IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: <br><br> Geraldine W. Holt v. Ameriquest Mortgage Company, et al., 07-cv-3843, N.D. Ill | (Centralized before The Honorable Marvin E. Aspen) <br><br> Assigned to Magistrate Judge Morton Denlow |

**AMERIQUEST'S MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO APPEAR FOR DEPOSITION AND PRODUCE DOCUMENTS**

**I.    INTRODUCTION**

Defendant Ameriquest Mortgage Company ("Ameriquest"), pursuant to the Federal Rules of Civil Procedure, Rule 37(b) and (d), moves for sanctions against Plaintiff Geraldine Holt, Esq. ("Holt" or "Plaintiff") for: (1) failing to appear for deposition; and (2) failing to produce documents required by Court order.  (Dkt. 4552).  Plaintiff's counsel represented that he would move to dismiss her case almost two months ago, but now is ignoring all correspondence about the matter.

Plaintiff is an attorney who practices bankruptcy law in the Northern District of Illinois and also apparently lives in Hollywood, California practicing law in the talent industry.  Like the Brooks' firms 10 other cases against Ameriquest, Plaintiff seeks significant damages against Ameriquest and the rescission of her mortgage loan based on a claim that certain forms violate the Truth-In-Lending Act ("TILA").

Because certain portions of TILA including the rescission remedy only apply to residential property used as a primary residence, Ameriquest sought discovery in the form of documents and a deposition concerning her multiple properties and records of where she lived. Plaintiff has owned at least two properties in Chicago reportedly worth over $1.5 million and owned or rented others including a Hollywood, California property.

1

Because Plaintiff filed a petition for Chapter 7 bankruptcy while this matter was pending and concealed her lawsuit against Ameriquest from the Trustee and her creditors, Ameriquest sought to inquire about the background of the bankruptcy petition. Plaintiff does not have standing to pursue her claims and will be judicially estopped after concealing the claims in her bankruptcy. Again, Plaintiff is a bankruptcy lawyer and has filed over 100 bankruptcy petitions in the Northern District of Illinois alone. She was represented by her former law partner and Lloyd Brook's colleague. And this was not a small bankruptcy – she stayed the foreclosure of $1.5 million worth of real estate and discharged over $400,000 of unsecured debt. (*In Re: Geraldine Holt*, N.D. Ill. Bkr., Case No. 10-49923, Dkt. 1.) So Ameriquest is particularly interested to determine her explanation why she concealed her lawsuit against Ameriquest from her creditors.

To avoid discovery, Plaintiff finally agreed to a deposition date, but then cancelled it on the eve of the deposition after Ameriquest's counsel had already traveled to Chicago. And she refuses to produce documents about her various properties although there is an order requiring to substantively respond. Plaintiff repeatedly confirmed almost two months ago that she would dismiss her claims, but now she will not dismiss her claims or participate in discovery. An order compelling her participation is necessary.

## II. PLAINTIFF'S FAILURE TO APPEAR AT DEPOSITION

By agreement, the parties scheduled Plaintiff's deposition on a date and place convenient to Plaintiff – June 5, 2012 in Chicago. A week before the deposition, the parties again confirmed that the deposition was still on schedule for June 5. (Ex. 1.)

However, at 4:37 p.m. CST, after Ameriquest's counsel had already traveled from San Francisco to Chicago, Plaintiff's counsel stated for the first time that Plaintiff would not appear for the deposition scheduled to begin the next morning. Plaintiff's counsel reported that Plaintiff understood that her case was being voluntarily dismissed, and she scheduled another court appearance in Chicago for the same time. (Ex. 2.) Plaintiff's counsel was informed that Plaintiff

2

11977575v1

would be obligated to pay for the travel expenses due to her last minute cancellation if she did not appear. (*Id.*) Nonetheless, she still refused to appear.

Plaintiff's counsel has ignored repeated requests for the identification of the court and case number of the matter which allegedly prevented Plaintiff from appearing at deposition at any time during the day. (*See* Exs. 2, 3, 4, 5.) Plaintiff's refusal to provide details about the alleged all-day conflict suggests that this was a made-up excuse.

Plaintiff's counsel has repeatedly represented that a motion to voluntarily dismiss all claims would be filed on June 5, 2012, but that was almost two months ago. (Ex. 4, Brooks' email of 6/4/12 ("This will confirm that Ms. Holt is voluntarily dismissing her claims against all defendants. **I will prepare the documentation tomorrow**."), Ex. 4, email of 6/5/12.))

On June 22, 2012, Ameriquest's counsel tried to get a response from Plaintiff's counsel and explained:

> We still have not received the motion for voluntary dismissal that you represented would be filed on June 6. If we have not received your motion to dismiss by Wednesday, we will assume that Geraldine Holt intends to proceed with the litigation and refuses to reimburse my client for its out of pocket costs related to the cancelled deposition.
>
> If you will not move to dismiss the matter by Wednesday, let us know when she is available for deposition, and we will proceed with a motion for sanctions. If by Wednesday we have not received either a motion to voluntarily dismiss the matter with prejudice or deposition dates in the near future, we will move to compel her appearance at deposition and request sanctions.
>
> By the way, we are still waiting for you to identify the case and courtroom that necessitated Ms. Holt to cancel the deposition the night before the deposition.
>
> We look forward to hearing from you.

(Ex. 5.) No response has been received.

On July 6, 2012, having received no response, Ameriquest's counsel reiterated:

> We still have not received any response to these issues, and it is obviously not related to a lack of time: you sent a nine-page single-space letter demanding discovery on another case. I assume you will not move to dismiss the Holt case or participate in discovery without an order compelling you to do so. **If there is any reason why a motion to compel**

3

**Holt to participate in discovery or dismiss her case and to pay costs and sanctions is not justified and necessary, let me know by Tuesday.**

Otherwise, we have no choice other than to seek relief from the court.

(Ex. 6.) No response has been received.

Federal Rule of Civil Procedure, Rule 37(d)(1)(A), states that "[t]he Court . . . may, on motion, order sanctions if: (i) a party … fails, after being served with proper notice, to appear for that person's deposition." (Fed. R. Civ. P. 37(d).) Rule 37(d)(3) provides that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (*Id*.)

Plaintiff and Plaintiffs' counsel should be responsible for paying the out of pocket costs to Ameriquest for reasonable attorney's fees and travel expenses related to the cancelled deposition and the expense incurred for bringing this motion.

### III. PLAINTIFF'S FAILURE TO PRODUCE DOCUMENTS DESPITE AN ORDER COMPELLING THEIR PRODUCTION

Plaintiff and her counsel should also be sanctioned for refusing to produce documents despite this Court ordering her to substantively respond. On December 21, 2011, the Court granted Ameriquest's Motion to Compel and ordered Plaintiff to provide substantive responses to requests for production of documents by January 4, 2012. (Dkt. No. 4552.)

But instead of providing substantive responses, most of the Plaintiff's responses are mere boilerplate objections. (*See* Ex. 7, Response to Request No. 1, 2, 3, 4, 5, 6, 17, 20-27, 41, 42.) Although the documents were due in January, to date, Plaintiff refuses to update the responses and provide the additional responsive documents.

Plaintiff's counsel has been reminded that she is in violation of the Order by Plaintiff's objections and failure to produce documents, but they refuse to amend their responses or simply address the objections. (Ex. 8.) Plaintiff's counsel repeatedly provided assurances that documents would beforthcoming, but on May 29, 2012, her counsel explained that Plaintiff was not cooperating in producing documents. (Ex. 1.)

4

Relatively few documents have been produced. Practically all documents about her other residences and rental properties have been withheld. Plaintiff's counsel blames Plaintiff but her counsel was the one handling her foreclosure defense – he obviously has many of the real estate documents at issue. These documents are all relevant to whether the house at issue was her primary residence, a necessary predicate to her rescission claim.

Rule 37(b)(2)(A) states that sanctions may be issued for the failure to comply with an order compelling discovery. Sanctions may include reasonable expenses caused by the failure to comply with the order. (Fed. R. Civ. Proc. 37(b)(2)(C).) Plaintiff should be ordered to pay for the expense incurred in bringing this motion.

Pursuant to Rule 37 and Local Rule 37.2, the undersigned counsel certifies that the movant has in good faith conferred or at least attempted to confer with Plaintiff's counsel, through the aforementioned letter of April 15, phone conference on June 4, and multiple follow-up emails on June 4, 5, 6, 22, and July 6, in an effort to obtain the discovery without court intervention, to no avail.

WHEREFORE, based on the foregoing, Ameriquest respectfully requests that the Court grant its motion for monetary sanctions, order Holt to appear for deposition and produce all outstanding documents or alternatively move to dismiss her claims with prejudice, and award such further relief as the Court deems just and proper.

DATED: July 26, 2012                         Respectfully submitted,

                                                           By: /s/ Randall L. Manvitz
*Attorneys for Ameriquest Mortgage Company*

Randall L. Manvitz, Esq. (admitted *pro hac vice*)
BUCHALTER NEMER
55 Second Street, 17th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

11977575v1

## **CERTIFICATE OF SERVICE**

I, Randall Manvitz, hereby certify that on this 26th day of July 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: /s/ Randall Manvitz

11977575v1