# Exhibit 1

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 7097 08C2475) | DATE | 7/26/2012 |
| CASE TITLE | In Re: Ameriquest Mortgge, etal | | |

**DOCKET ENTRY TEXT**

Presently before us is Third-Party Plaintiff Ameriquest Mortgage Company's Motion for Reassignment (Dkt. No. 4348), asking that we accept *Terry v. Ameriquest Mortgage Company et al.* (08 C 2475), currently pending before Judge Chang. We therefore grant the pending motion. The parties shall continue with discovery as ordered by Judge Chang. They shall also submit status reports (joint or separate, at the parties' discretion) by August 31, 2012. It is so ordered.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT
(Reserved for use by the Court)

### ORDER

Presently before us is Third-Party Plaintiff Ameriquest Mortgage Company's Motion for Reassignment (Dkt. No. 4348), asking that we accept *Terry v. Ameriquest Mortgage Company et al.* (08 C 2475), currently pending before Judge Chang. Ameriquest contends that, pursuant to Local Rule 40.4, the *Terry* matter should be reassigned as related to the Ameriquest MDL (05 C 7097). The underlying plaintiffs in *Terry* have settled their claims against Ameriquest, but Ameriquest's claims against certain third-party defendants remain. One of the third-party defendants, Ticor/Fidelity, opposes the motion. (Dkt. No. 4367.) According to Ameriquest, it is pursuing more than 200 claims against Ticor/Fidelity, both in and out of the MDL.

To succeed on a motion for reassignment under Local Rule 40.4, the movant must first demonstrate that one of the following conditions is satisfied: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." L.R. 40.4(a). The parties here agree that the *Terry* matter shares legal and factual issues with the third-party claims covered by the MDL.

We turn then to Local Rule 40.4(b), which provides that related cases can be reassigned only if:
> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; *and* (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b) (emphasis added). The parties are also required to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." L.R. 40.4©.

Here, the first factor is plainly satisfied. Additionally, the third factor is easily met because the MDL third-party action has not progressed to the point that the inclusion of *Terry* would cause any delay.

Turning to the second element, Ameriquest convincingly argues that reassignment would preserve judicial

| STATEMENT |
|---|

resources, as only one judge need address the common claims and defenses present in both cases, which focus on the indemnity language and closing protection letters entered into between the parties. Reassignment would also make the most of coordinated discovery—already underway in *Terry* but relevant to the similar claims in the MDL—into the practices of the third-party defendants, including their interpretations of the indemnity language. Although Ticor/Fidelity insists that some individualized discovery will still be necessary, (Opp'n at 10–11), the need for such discovery has not disqualified other cases from reassignment in the past.

As to the fourth element, Ameriquest contends that these cases are susceptible to disposition in a single proceeding—likely a summary judgment motion addressing the coverage of the indemnity language allegedly common to the hundreds of matters covered by *Terry* and the MDL. (Reply at 12.) To the contrary, Ticor/Fidelity contends that there are numerous case-specific differences (ie,. affirmative defenses) that prevent such a disposition. (Opp'n at 12.) For example, Ticor/Fidelity claims that some of the closing protection letters in the MDL have language excluding coverage for TILA damages, an issue not present in *Terry*. In addition, there is an affirmative defense applicable in certain states that may not be argued in *Terry*. Ameriquest acknowledges the existence of case-specific defenses but argues that those questions would not prevent us from resolving the common issues that apply to more than one *Terry* or MDL loan. (Reply at 12.) We again agree with Ameriquest. Given the similarity of the claims between *Terry* and the MDL, resolution of any common claims in a single proceeding will promote efficiency, economy, and consistency. We therefore grant the pending motion. The parties shall continue with discovery as ordered by Judge Chang. They shall also submit status reports (joint or separate, at the parties' discretion) by August 31, 2012. It is so ordered.

In addition, we have routinely declined to accept cases into the Ameriquest MDL where fully-briefed substantive motions are pending, as in the *Terry* case. Accordingly, we deny First American's motion, without prejudice. It is so ordered.