# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rose Terry, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08 CV 02475 |
| Ameriquest Mortgage Company, et al., ) | |
| ) | Judge Edmond E. Chang |
| Defendants. ) | |
| _____ ) | |
| Ameriquest Mortgage Company, et al, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| v. ) | |
| ) | |
| First American Title Insurance Company, et al.,) | |
| ) | |
| Third-Party Defendants. ) | |

## NOTICE OF DEPOSITION OF AMERIQUEST MORTGAGE COMPANY REGARDING CLOSING PROTECTION LETTERS

TO:   All Parties of Record:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Third-Party Defendant Ticor Title Insurance Company ("Ticor") will take the deposition of Third-Party Plaintiff Ameriquest Mortgage Company ("Ameriquest"), to be recorded by videotape and stenographic means, at the office of Butler Rubin Saltarelli & Boyd LLP, 70 West Madison Street, Ste. 1800, Chicago, IL 60602. Ameriquest is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of Ameriquest concerning the subject matters set forth in Exhibit A hereto. The deposition will commence at 9:00 am on June 18, 2012. If necessary, the deposition will be adjourned until completed.

TICOR TITLE INSURANCE COMPANY

By: _____
One of Its Attorneys

Albert E. Fowerbaugh
Andrew D. Shapiro
Thomas G. Ward
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, IL 60602-4257
Phone: (312) 444-9660
Fax: (312) 444-9287

## EXHIBIT A

## DEFINITIONS

1. "ALTA Closing Protection Letters" has the same meaning ascribed to the term in Paragraph 43 of the Third-Party Complaint.

2. "Ameriquest" means Ameriquest Mortgage Company, its affiliates, subsidiaries, divisions, predecessors, successors and assigns; its present and former officers directors, members, employees, agents, accountants, auditors, consultants, and attorneys; and all other persons acting or purporting to act on its behalf.

3. "Closing Protection Agreements" has the same meaning ascribed to the term in Paragraph 41 of the Third-Party Complaint.

4. "First Set of Document Requests" means Ticor's First Set of Document Requests to Ameriquest, dated June 25, 2009.

5. "Loans" mean the credit transactions that are the subject of this lawsuit, set forth in Exhibit A to the Third-Party Complaint.

6. "Multi-Transaction Closing Protection Letter" means a closing protection letter applicable to multiple transactions, including blanket, global, and master closing protection letters.

7. "Northwest Title" means Northwest Title and Escrow Corporation, its affiliates, subsidiaries, divisions, predecessors, successors and assigns; its present and former officers directors, members, employees, agents, accountants, auditors, consultants, and attorneys; and all other persons acting or purporting to act on its behalf.

8. "Relating to" means in any way referencing, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting,

evidencing, comprising, recording, or in any other way pertaining to, the subject, either in whole or in part whether directly or indirectly.

9. "Second Set of Document Requests" means Ticor's Second Set of Document Requests to Ameriquest, dated May 25, 2011.

10. "Third-Party Complaint" means the complaint filed by Ameriquest on January 23, 2009.

11. "Third Set of Document Requests" means Ticor's Third Set of Document Requests to Ameriquest, dated September 2, 2011.

12. "Tristar" means Tristar Title LLC, its affiliates, subsidiaries, divisions, predecessors, successors and assigns; its present and former officers directors, members, employees, agents, accountants, auditors, consultants, and attorneys; and all other persons acting or purporting to act on its behalf.

## TOPICS

1. The allegations set forth in Counts II, IV, and VIII of the Third-Party Complaint.

2. The identity of any Closing Protection Agreements or ALTA Closing Protection Letters applicable to any of the Loans.

3. The circumstances under which Ameriquest received, or first learned of, any Closing Protection Agreements or ALTA Closing Protection Letters applicable to any of the Loans.

4. The date on which Ameriquest received, or first learned of, any Closing Protection Agreements or ALTA Closing Protection Letters applicable to any of the Loans.

5. Ameriquest's system for filing and storing Closing Protection Agreements and ALTA Closing Protection Letters issued in connection with loans closed by Tristar between January 1, 2005, and June 30, 2006.

6. Ameriquest's system for filing and storing Closing Protection Agreements and ALTA Closing Protection Letters issued in connection with loans closed by Northwest Title between January 1, 2005, and June 30, 2006.

7. The process by which Ameriquest verified the existence of Closing Protection Agreements and ALTA Closing Protection Letters applicable to any of the Loans before Ameriquest funded each of the Loans.

8. Ameriquest's policies and procedures relating to obtaining Closing Protection Agreements or ALTA Closing Protection Letters, which were applicable to any of the Loans.

9. Communications between Ameriquest and Tristar regarding any requirement that Ameriquest receive a Multi-Transaction Closing Protection Letter.

10. Communications between Ameriquest and Northwest Title regarding any requirement that Ameriquest receive a Multi-Transaction Closing Protection Letter.

11. Ameriquest's instructions to Tristar regarding the issuance or receipt of Closing Protection Agreements or ALTA Closing Protection Letters in connection with any of the Loans.

12. Ameriquest's instructions to Northwest Title regarding the issuance or receipt of Closing Protection Agreements or ALTA Closing Protection Letters in connection with any of the Loans.

13. Any analysis conducted by Ameriquest, prior to the commencement of this action, to determine if Ameriquest received any Closing Protection Agreements, ALTA Closing

Protection Letters, or Multi-Transaction Closing Protection Letters applicable to any of the Loans.

14. Ameriquest's search for the Closing Protection Agreements and ALTA Closing Protection Letters applicable to each the Loans.

15. Ameriquest's search for the documents requested in the First Set of Document Requests.

16. Ameriquest's search for the documents requested in the Second Set of Document Requests.

17. Ameriquest's search for the documents requested in the Third Set of Document Requests.

18. Ameriquest's assignment of any or all of its rights under the Closing Protection Agreements or ALTA Closing Protection Letters applicable to any of the Loans.

## CERTIFICATE OF SERVICE

I, Albert E. Fowerbaugh, Jr., hereby certify that a true and correct copy of this document was served on the following by United States mail this May 23, 2012:

| | |
|---|---|
| Randall Manvitz, Esq.<br>Buchalter Nemer, PC<br>333 Market Street, 25th Floor<br>San Francisco, CA 94105-2126<br>Tel: (415) 227-3644<br>Fax: (415) 904-3102<br>Email: rmanvitz@buchlter.com | Attorneys for Defendants and Third-Party Plaintiffs, Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., Citigroup Global Markets Realty Corp. erroneously sued as CitiGroup Global Markets, Inc., CitiFinancial Mortgage Company, Inc. n/k/a CitiMortgage, Inc., Deutsche Bank National Trust Company, as Trustee of the named Trusts, Greenwich Capital Financial Products, Inc., and WM Specialty Mortgage, LLC n/k/a JPMC Specialty Mortgage LLC |
| James D. Major, Esq.<br>Riordan McKee & Piper, LLC<br>20 North Wacker Drive – Suite 910<br>Chicago, IL 60606<br>Tel: (312) 663-9400<br>Fax: (312) 663-1028<br>Email: jmajor@rdlmlaw.com | Attorneys for Third-Party Defendant Helen Mitchell Carter |
| Joan M. Pridgeon<br>448 West Englewood Street<br>Chicago, IL 60621<br>Tel: (714) 448-5149 | Pro Se Third Party Defendant |
| Isiah P. Ward<br>303 Waterford Drive<br>Willowbrook, IL 60527<br>Tel: (630) 906-9273 | Pro Se Third Party Defendant |

By: _____