# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE TERRY, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.<br><br>Defendants.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.<br><br>Third-Party Plaintiffs,<br>vs.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, ET AL.,<br><br>Third-Party Defendants. | Case No. 08 CV 2475<br><br>Honorable Edmond E. Chang |

### AMERIQUEST MORTGAGE COMPANY'S RESPONSES AND OBJECTIONS TO TICOR TITLE INSURANCE COMPANY'S NOTICE OF DEPOSITION REGARDING CLOSING COMPANIES

Defendant Ameriquest Mortgage Company ("Ameriquest") hereby objects to Third-Party Defendant Ticor Title Insurance Company's ("Ticor") Notice of Deposition of Ameriquest Mortgage Company Regarding Closing Companies (the "Notice"), as follows:

### GENERAL OBJECTIONS

The following objections shall apply to the Notice in its entirety. The objections are hereby incorporated into each response.

1. Ameriquest objects to the Notice on the ground that it purports to require one or more Ameriquest witnesses to attend depositions in Chicago, Illinois on June 19, 2012. This is not "reasonable notice" pursuant to Fed. R. Civ. Proc. 30(b)(1) given the complexity of the case.

2. Ameriquest objects to the Notice on the ground that it purports to require Ameriquest to produce its witnesses in Chicago, Illinois for the deposition(s). Ameriquest's principal place of business is in Orange County, California and thus, the deposition of its agents and officers should be taken in Orange County, California.

3. Ameriquest objects to the Notice to the extent that it seeks the disclosure of attorney-client communications or attorney work product on the grounds that such discovery is not permissible under the Federal Rules of Civil Procedure.

4. Ameriquest objects to the Notice on the ground that it fails to identify the Areas of Inquiry with "reasonable particularity," making the designation and preparation of a witness not feasible or unduly burdensome.

5. Ameriquest objects to the Notice to the extent it is vague, ambiguous, overbroad as to time and scope, and is unduly burdensome.

6. Ameriquest objects to each and every one of the Areas of Inquiry to the extent they seek information wholly irrelevant to the claims or defenses in this action.

7. To the extent that Ameriquest provides information in response to specific Areas of Inquiry to which it has objected, Ameriquest reserves the right to maintain such objections with respect to any additional information and such objections are not waived by the furnishing of such information.

8. A response to a specific Area of Inquiry which states that Ameriquest will produce information is not a representation that such information exists or ever has existed. Further, Ameriquest does not by any response to any Area of Inquiry admit to the accuracy of any factual matter or the validity of any legal conclusion asserted in the text of any Area of Inquiry.

9. Ameriquest reserves the right to revise, correct, add to, supplement, and clarify any of its objections.

Ameriquest incorporate the foregoing General Objections into each Response herein as if fully set forth.

## OBJECTIONS TO "DEFINITIONS"

For the convenience of the parties and the Court, and to avoid needless repetition in each of the responses to individual Areas of Inquiry, Ameriquest sets forth its "Objections to Definitions" to the Notice:

1. Ameriquest objects to the Definitions on the grounds that they are so compound, vague, ambiguous and unintelligible that they require Ameriquest to speculate as to their meaning and scope, and to make impossible choices between illogical alternatives.

2. Ameriquest objects to the definition of "AMERIQUEST" on the grounds that such definition would cause the Areas of Inquiry to be overbroad, seek information that is irrelevant to the subject matter of this lawsuit, are vague and ambiguous, and include third parties and individuals and/or entities outside of Ameriquest's personal knowledge and/or control and such limitation to Ameriquest's personal knowledge and/or control in responding thereto is an appropriate limitation as set forth in the Federal Rules of Civil Procedure and other applicable law. Accordingly, in responding to the Areas of Inquiry Ameriquest will interpret "Ameriquest" as Ameriquest Mortgage Company and will respond and produce only information within its possession, custody or control as required by the Federal Rules of Civil Procedure. Also, to the extent "AMERIQUEST" is defined to include "all agents," this definition calls for information that is privileged, and it is improper. Ameriquest therefore assumes for purposes of these requests that the term "AMERIQUEST" refers only to Ameriquest and does not include any individuals who may have stood in a privileged or otherwise confidential position *vis-a-vis* Ameriquest.

3. Ameriquest objects to the definitions of "NORTHWEST TITLE" and "TRISTAR TITLE" on the grounds that such definitions would cause the Areas of Inquiry to be overbroad, seek information that is irrelevant to the subject matter of this lawsuit, are vague and ambiguous, and include unnamed third parties and individuals and/or entities outside of Ameriquest's personal knowledge and such limitation to Ameriquest's personal knowledge in responding thereto is an appropriate limitation as set forth in the Federal Rules of Civil Procedure and other

applicable law. Accordingly, in responding to the Areas of Inquiry Ameriquest will interpret "NORTHWEST TITLE" as Northwest Title and Escrow Corporation, and "TRISTAR TITLE" as TriStar Title, LLC.

4. Ameriquest objects to the definition of "LOANS" on the grounds that such definition would cause the Areas of Inquiry to be overbroad, seek information that is irrelevant to the subject matter of this lawsuit, and are vague and ambiguous. Accordingly, in responding to the Areas of Inquiry Ameriquest will interpret "LOANS" to mean only those Loans wherein allegations have been raised against Ticor.

## OBJECTIONS TO SPECIFIC AREAS OF INQUIRY

**AREA OF INQUIRY NO. 1:**

Any non-transaction-specific agreement between Ameriquest and Tristar relating to the closing of any loan funded by Ameriquest between January 1, 2005, and June 30, 2006.

**RESPONSE TO AREA OF INQUIRY NO. 1:**

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous as to the phrase "non-transaction-specific" and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

### AREA OF INQUIRY NO. 2:

Any Non-transaction-specific agreement between Ameriquest and Northwest Title relating to the closing of any loan funded by Ameriquest between January 1, 2005, and June 30, 2006.

### RESPONSE TO AREA OF INQUIRY NO. 2:

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous as to the phrase "non-transaction-specific" and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

### AREA OF INQUIRY NO. 3:

Any agreement between Ameriquest and Tristar relating to the closing of any of the Loans.

### RESPONSE TO AREA OF INQUIRY NO. 3:

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous as to the phrase "non-transaction-specific" and fails to identify the Area of Inquiry with reasonable particularity.

L7526.0762 BN 11665853v1

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

**AREA OF INQUIRY NO. 4:**

Any agreement between Ameriquest and Northwest Title relating to the closing of any of the Loans.

**RESPONSE TO AREA OF INQUIRY NO. 4:**

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous as to the phrase "non-transaction-specific" and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

**AREA OF INQUIRY NO. 5:**

Any instructions, including any Closing Instructions, given to Tristar by Ameriquest regarding the closing of any of the Loans.

### RESPONSE TO AREA OF INQUIRY NO. 5:

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

### AREA OF INQUIRY NO. 6:

Any instructions, including any Closing Instructions, given to Northwest Title by Ameriquest regarding the closing of any of the Loans.

### RESPONSE TO AREA OF INQUIRY NO. 6:

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

L7526.0762 BN 11665853v1

### AREA OF INQUIRY NO. 7:

Any investigation, review, or audit conducted by, or an behalf of, Ameriquest to determine whether Tristar complied with Ameriquest's instructions regarding the closing of any of the Loans.

### RESPONSE TO AREA OF INQUIRY NO. 7:

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Ameriquest objects to this Area of Inquiry in that it seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

### AREA OF INQUIRY NO. 8:

Any investigation, review, or audit conducted by, or an behalf of, Ameriquest to determine whether Northwest Title complied with Ameriquest's instructions regarding the closing of any of the Loans.

### RESPONSE TO AREA OF INQUIRY NO. 8:

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Ameriquest objects to this Area of Inquiry in that it seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

**AREA OF INQUIRY NO. 9:**

Any audit of Tristar's books or records conducted by, or on behalf of, Ameriquest since January 1, 2005.

**RESPONSE TO AREA OF INQUIRY NO. 9:**

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Ameriquest objects to this Area of Inquiry in that it seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

AREA OF INQUIRY NO. 10:

Any audit of Northwest Title's books or records conducted by, or on behalf of, Ameriquest since January 1, 2005.

RESPONSE TO AREA OF INQUIRY NO. 10:

Ameriquest incorporates by reference its General Objections as set forth above.

Ameriquest objects to this Area of Inquiry on the grounds that it is vague and ambiguous and fails to identify the Area of Inquiry with reasonable particularity.

Ameriquest objects to this Area of Inquiry to the extent it is overbroad as to scope, unduly burdensome, and seeks information which is not relevant to the claim or defense of any party in this action, and includes information already in Ticor's possession.

Ameriquest objects to this Area of Inquiry to the extent it is not relevant and is not likely to lead to admissible evidence.

Ameriquest objects to this Area of Inquiry in that it seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Based on the ambiguity in and objections concerning this Area of Inquiry Ameriquest is unable to designate a witness at this time without further clarification from Ticor as to the testimony sought.

DATED: June 15, 2012

Respectfully submitted,

By: _____
Attorneys for Ameriquest Mortgage Company

Joanne N. Davies (admitted *pro hac vice*)
Buchalter Nemer
18400 Von Karman Ave., Ste. 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612-0514.

On the date set forth below, I served the foregoing document described as:

**AMERIQUEST MORTGAGE COMPANY'S RESPONSES AND OBJECTIONS TO TICOR TITLE INSURANCE COMPANY'S NOTICE OF DEPOSITION REGARDING CLOSING COMPANIES; AND AMERIQUEST MORTGAGE COMPANY'S RESPONSES AND OBJECTIONS TO TICOR TITLE INSURANCE COMPANY'S NOTICE OF DEPOSITION REGARDING CLOSING PROTECTION LETTERS**

on all other parties and/or their attorney(s) of record to this action by ☐ faxing and/or ☒ placing a true copy thereof in a sealed envelope as follows:

(See Attached Service List)

☒ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on June 15, 2012. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒ **BY EMAIL** On June 15, 2012, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on June 15, 2012, at Irvine, California.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 15, 2012, at Irvine, California.

Christine T. Emerson

_Christine T. Emerson_
(Signature)

BN 11599683v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

| | |
|---|---|
| Albert E. Fowerbaugh, Esq.<br>Andrew D. Shapiro, Esq.<br>Thomas G. Ward, Esq.<br>Butler Rubin Saltarelli & Boyd LLP<br>70 West Madison Street, Suite 1800<br>Chicago, Illinois 60602-4257<br>Phone: (312) 444-9660<br>Fax: (312) 444-9287<br>AFowerbaugh@butlerrubin.com<br>ashapiro@butlerrubin.com<br>tward@butlerrubin.com | <u>Serve electronically and by mail</u><br><br>Attorneys for Third-Party Defendant Ticor Title Insurance Company |
| James D. Major, Esq.<br>Riordian McKee & Piper, LLC<br>20 North Wacker Drive, Suite 910<br>Chicago, California 60602 | <u>Serve by mail</u><br><br>Attorneys for Third-Party Defendant Helen Mitchell Carter |
| Joan M. Pridgeon<br>448 West Englewood Street<br>Chicago, Illinois 60621 | <u>Serve by mail</u><br><br>Pro Se |
| Isiah P. Ward<br>303 Waterford Drive<br>Willowbrook, Illinois 60527 | <u>Serve by mail</u><br><br>Pro Se |