# Exhibit 7

# BUTLER RUBIN SALTARELLI & BOYD LLP

June 22, 2012

Andrew D. Shapiro
Direct Dial: 312-696-4489
Direct Fax: 312-873-4120
ashapiro@butlerrubin.com

**BY E-MAIL**

Randall L. Manvitz
Buchalter Nemer, P.C.
333 Market Street, 25th Floor
San Francisco, California 94105

      *Re:*    *Terry, et al. v. Ameriquest Mortgage Company, et al.*

Dear Randall:

On May 23, 2012, Ticor served Ameriquest with two Rule 30(b)(6) Notices of Deposition, one concerning "Closing Companies" and the other concerning "Closing Protection Letters." On June 15, 2012, Ameriquest served its responses and objections to both notices. I write pursuant to Federal Rule of Civil Procedure 37(a) to raise Ticor's concerns with Ameriquest's responses and objections.

**I.**    **Deposition Dates**

Ticor's May 23 deposition notices set the depositions for June 18 and 19, 2012, respectively. On June 4, 2012, however, you informed me—for the first time—that Ameriquest would "not be able to identify and prepare 30(b)(6) witnesses for your 28 deposition topics and numerous subtopics until at least mid-July."[1] After I asked you to provide specific dates, you responded on June 15, 2012, as follows: "I am waiting for confirmation from the witness which I should have on Monday but July 31 and August 1 in Orange County appear to work for counsel and the witness. The witness was certain that those days work but needed to double-check something."[2] To date, Ameriquest has not provided any additional information about its witness's availability.

Nonetheless, this will confirm that Ticor is available to depose Ameriquest's Rule 30(b)(6) witness on July 31 and August 1 in Orange County. On July 31 we intend to depose the witness on the 18 topics set forth in the "Closing Protection Letters" notice and on August 1 we intend to depose the witness on the 10 topics set forth in the "Closing Companies" notice. Both depositions will begin at 9:00 am. We will provide the location in advance of the depositions.

---

[1]  June 4, 2012, E-mail from R. Manvitz to A. Shapiro.

[2]  June 15, 2012, E-mail from R. Manvitz to A. Shapiro.



BUTLER RUBIN    70 WEST MADISON STREET  |  SUITE 1800  |  CHICAGO, IL 60602-4257
TEL 312-444-9660  |  FAX 312-444-9287  |  WWW.BUTLERRUBIN.COM

7-1

Randall Manvitz
June 22, 2012
Page 2


## II.   Ameriquest's Objections to Ticor's Notice Regarding Closing Companies

Ticor's deposition notice concerning "closing companies" seeks an Ameriquest corporate representative to testify about 10 different topics. Ameriquest provides a litany of generic objections to each of those topics and refuses to produce a corporate representative to testify about *any* of the 10 topics. For Topics 1-4, Ameriquest objects that the phrase "non-transaction-specific" is "vague and ambiguous." But Topics 3 and 4 do not even contain that phrase. Moreover, Ameriquest's objection is curious given that Ameriquest's counsel used the same term when questioning Donald Cole during his deposition.[3] Nonetheless, for the avoidance of doubt, Ticor intends the term "non-transaction-specific agreements" to mean agreements applicable to multiple transactions.

Please confirm by June 27, 2012, that Ameriquest will produce a corporate representative on August 1, 2012, to testify about each of the 10 topics set forth in the deposition notice concerning "closing companies." If Ameriquest continues to refuse to produce a corporate representative to testify about any of those topics, please let us know when you are available next week for a Rule 37(a) meet-and-confer conference during which we can discuss Ameriquest's objections.

## III.   Ameriquest's Objections to Ticor's Notice Regarding Closing Protection Letters

Ticor's deposition notice concerning "closing companies" seeks an Ameriquest corporate representative to testify about 18 different topics. Ameriquest provides a litany of generic objections to each of those topics and refuses to produce a corporate representative to testify about 15 of the 18 topics set forth in that notice. Moreover, for the three topics for which Ameriquest agreed to provide a corporate representative, Ameriquest purports to limit the scope of those topics (Topic Nos. 2, 11, and 12). Ticor does not agree to Ameriquest's purported limitations.

For Topic Nos. 3, 4, 5, and 7, Ameriquest asks Ticor to "explain the relevance of the Area of Inquiry so that the parties may attempt to resolve the objection." Each of those topics is relevant to Ameriquest's allegation that Ameriquest and Ticor "entered into Closing Protection Agreements whereby [Ticor] agreed to reimburse Ameriquest for any actual losses incurred by Ameriquest with any closings conducted by . . . Tristar."[4] Each of those topics is also relevant to Ameriquest's allegation that "on or about the date each loan closed, [Ticor] issued Closing Protection Letters in the form authorized by the American Land Title Association ('ALTA Closing Protection Letters') for each loan where [Ticor] issed the preliminary title commitments and final title policies."[5] Topic Nos. 3 and 4 seek testimony regarding the circumstances under,

---

[3]   *See* D. Cole Dep. Tr. at 120:14-20.

[4]   Third Party Complaint at ¶ 41.

[5]   *Id.* at ¶ 43.

Randall Manvitz
June 22, 2012
Page 3

and the date on which, Ameriquest received, or first learned of, any Closing Protection
Agreements or ALTA Closing Protection Letters applicable to the relevant loans. Topic Nos. 5
and 6 seek testimony regarding Ameriquest's system for filing Closing Protection Agreements or
ALTA Closing Protection Letters issued in connection with loans closed by Tristar or Northwest
Title between January 1, 2005, and June 30, 2006. Topic No. 7 seeks testimony regarding the
process by which Ameriquest verified the existence of Closing Protection Agreements or ALTA
Closing Protection Letters applicable to any of the relevant loans before Ameriquest funded each
such loan. Each of those topics is relevant to the allegations in Ameriquest's complaint.
Specifically, they each relate to the very contracts pursuant to which Ameriquest purports to
assert its claims against Ticor.

Accordingly, please confirm by June 27, 2012, that Ameriquest will produce a corporate
representative on July 31, 2012, to testify about each of the 18 topics set forth in the deposition
notice concerning "closing protection letters." If Ameriquest continues to refuse to produce a
corporate representative to testify about any of those topics, please let us know when you are
available next week for a Rule 37(a) meet-and-confer conference during which we can discuss
Ameriquest's objections.

Sincerely,

Andrew D. Shapiro

cc:     Joanne Davis (via e-mail)
        Albert Fowerbaugh (via e-mail)
        Jim Sojoodi (via e-mail)

493767

# BUTLER RUBIN SALTARELLI & BOYD LLP

July 5, 2012

Andrew D. Shapiro
Direct Dial: 312-696-4489
Direct Fax: 312-873-4120
ashapiro@butlerrubin.com

**BY E-MAIL**

Randall L. Manvitz
Buchalter Nemer, P.C.
333 Market Street, 25th Floor
San Francisco, California 94105

> *Re:*   *Terry, et al. v. Ameriquest Mortgage Company, et al.*

Dear Randall:

On May 23, 2012, Ticor served Ameriquest with two Rule 30(b)(6) deposition notices, one concerning "Closing Protection Letters" and the other concerning "Closing Companies." On June 15, 2012, Ameriquest served its responses and objections to both notices. On June 22, 2012, Ticor provided a written response to Ameriquest's objections. On July 2, 2012, you, Joanne Davies, Jim Sojoodi, and I participated in a meet-and-confer teleconference pursuant to Northern District of Illinois Local Rule 37.2, and I write to memorialize that discussion and provide additional information about Ticor's deposition topics.

## I.    Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters

Ticor's deposition notice concerning "Closing Protection Letters" seeks an Ameriquest corporate representative to testify about 18 different topics. The following summarizes our discussion regarding each topic and provides additional information.

- **Topic No. 1**: This topic seeks testimony concerning the allegations set forth in Counts II, IV, and VIII of the Third-Party Complaint. Ameriquest contends that this topic is too broad and refuses to provide a corporate representative to testify about the topic as written. During the call, I invited Ameriquest to propose limitations to the topic that would satisfy Ameriquest's concerns, but you declined that invitation.

  In the interest of compromise, and in an effort to address Ameriquest's contention that Topic No. 1 is overly broad, Ticor agrees to limit Topic No. 1 to the allegations contained in the following paragraphs of the Third-Party Complaint: Paragraphs 10, 19-28, 40-46, and 55-58. Please confirm by July 11, 2012, whether Ameriquest will provide a corporate representative to testify about the facts alleged in those paragraphs.

- **Topic No. 2**: This topic seeks testimony concerning the identity of any closing protection letter applicable to any of the relevant loans. You stated that Ameriquest will produce a witness to testify about this topic, as written.

---

**BR** | BUTLER RUBIN

70 WEST MADISON STREET  |  SUITE 1800  |  CHICAGO, IL 60602-4257
TEL 312-444-9660  |  FAX 312-444-9287  |  WWW.BUTLERRUBIN.COM

Randall Manvitz
July 5, 2012
Page 2

- **Topic Nos. 3-6:** These topics seek testimony concerning the circumstances under, and the date on, which Ameriquest received, or first learned of, the relevant closing protection letters. The topics also seek testimony concerning Ameriquest's system for filing and storing closing protection letters issued in connection with loans closed by Tristar and Northwest Title between January 1, 2005, and June 30, 2006. You stated that Ameriquest will not produce a witness to testify about any of these topics because Ameriquest contends that the issue of whether Ameriquest actually received the relevant closing protection letters is not relevant to the issues in the case. I noted that whether Ameriquest received the closing protection letters was at issue, as Ameriquest's files apparently do not contain the closing protection letters upon which Ameriquest's claims are based. You stated that the only relevant issue was whether closing protection letters were issued, not whether Ameriquest actually received the letters. Ticor disagrees. For instance, Count II of Ameriquest's complaint purports to state a cause of action for breach of contract. Thus, Ameriquest has the burden of establishing the existence of the relevant contracts (the closing protection letters) and Ticor is entitled to discovery on that issue.

  You requested that Ticor provide Ameriquest with authority establishing that Ticor is entitled to take discovery on whether Ameriquest received the closing protection letters. Ticor has no obligation to do so. And the topics plainly seek relevant information. Based on our discussion, it appears that the parties are at an impasse with regards to Topic Nos. 3-6. If Ameriquest disagrees, please let us know by July 11, 2012.

- **Topic Nos. 7-13:** You stated that Ameriquest will produce a witness to testify about these topics. But for Topic Nos. 11 and 12, Ameriquest will not produce a witness to testify about Ameriquest's receipt of closing protection letters for the reasons set forth above concerning Topics Nos. 3-6. Based on our discussion, it appears that the parties are at an impasse with regards to that portion of Topic Nos. 11 and 12. If Ameriquest disagrees, please let us know by July 11, 2012.

- **Topic Nos. 14-17:** Pursuant to Ameriquest's request Ticor agrees to withdraw these topics.

- **Topic No. 18:** This topic seeks testimony concerning Ameriquest's assignment of rights under the relevant closing protection letters. Ameriquest refuses to provide a corporate representative to testify about this topic because the topic is purportedly irrelevant, lacks reasonable particularity, and seeks legal conclusions. During our call, I noted that Ameriquest argued in its response to Ticor's motion for summary judgment that the assignees under the closing protection letters have standing, (*see* Response Br. at 14), and that whether the assignees have standing is relevant to Ticor's defense of lack of standing. Ameriquest contends that providing the assignment itself should be sufficient. But Ticor is entitled to obtain, via a Rule 30(b)(6) deposition, Ameriquest's knowledge of the facts concerning the assignments that Ameriquest contends provide the assignees standing to sue. Based on our discussion, it appears that the parties are at an impasse with regards to Topic No. 18. If Ameriquest disagrees, please let us know by July 11, 2012.

Randall Manvitz
July 5, 2012
Page 3

- **General Objections**: You confirmed that Ameriquest is not refusing to produce a corporate representative based on any of its general objections.

II.  **Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies**

Ticor's deposition notice concerning "Closing Companies" seeks an Ameriquest corporate representative to testify about 10 different topics. The following summarizes our discussion regarding each topic and provides additional information.

- **Topic Nos. 1-2**: These topics seek testimony concerning any non-transaction-specific agreements between Ameriquest and Tristar or Northwest Title relating to any loan funded by Ameriquest between January 1, 2005, and June 30, 2006. You expressed a concern about the scope of the topic and stated that it would be overly burdensome to require Ameriquest to try to educate a witness about every non-transaction-specific agreement (whether oral or contained in an e-mail) during that period. I responded that Ameriquest was required to make reasonable, good-faith efforts to collect Ameriquest's knowledge on the topic.

  You stated that Ameriquest is willing to produce a witness to testify about these topics if Ticor agrees to limit them to "formal written agreements" and to limit the end date to the date of the last relevant closing for each title company, which you stated was February 21, 2006, for Tristar and March 15, 2006, for Northwest Title. After considering your proposal, Ticor agrees to: (1) limit the end date of each topic to the date of the last relevant closing for each title company; and (2) narrow the request to non-transaction-specific agreements applicable to any of the relevant loans. We will not, however, agree to limit the testimony to "formal written agreements" because that term is too vague and it could omit relevant agreements. Accordingly, we expect Ameriquest to make reasonable, good-faith efforts to collect Ameriquest's corporate knowledge about non-transaction-specific agreements, which may include oral agreements or agreements recorded in e-mails or in some other manner. Please confirm by July 11, 2012, whether Ameriquest will provide a corporate representative to testify about Topic Nos. 1 and 2, as limited above.

- **Topic Nos. 3-4**: These topics seek testimony concerning any agreement between Ameriquest and Tristar or Northwest Title relating to the closing of any relevant loan. You accurately noted that these topics were not limited to agreements relating to closing protection letters. The topics seek testimony about *any* agreement related to the relevant loans because the parties dispute on whose behalf Tristar and Northwest Title closed the relevant loans. Ameriquest contends that Tristar and Northwest Title "were acting as Ticor's agents in closing the Loans." (*See* Ameriquest's Opp'n to Mot. for S.J. at 10-11.) Ticor disagrees. Thus, Ticor is entitled to take discovery on any agreements between Ameriquest and Tristar or Northwest Title that may shed light on the agency issue.

  Similar to Topic Nos. 1 and 2, you proposed limiting Topic Nos. 3 and 4 to "formal written agreements." For the above-stated reasons, Ticor does not agree to that

Randall Manvitz
July 5, 2012
Page 4

limitation. To the contrary, we expect Ameriquest to make reasonable, good-faith efforts to collect Ameriquest's corporate knowledge on these topics, which may include oral agreements or agreements recorded in e-mails or in some other manner. Please confirm by July 11, 2012, whether Ameriquest will provide a corporate representative to testify about Topic Nos. 3 and 4, as written.

- **Topic Nos. 5-6:** These topics seek testimony about any instructions, including Closing Instructions, given to Tristar or Northwest Title regarding the closing of any of the relevant loans. You asked why the topics were relevant and I directed you to paragraph 44 of Ameriquest's complaint which states: "Likewise, Ameriquest and the Closing Services Companies entered into the Closing Instructions wherein the Closing Services Companies agreed to indemnify Ameriquest for any losses incurred as a result of the Closing Services Companies' closing of the loans." The topics also seek information relevant to Ameriquest's contention that Tristar and Northwest Title were acting as Ticor's agent when they closed the relevant loans, which Ticor disputes.

  You proposed limiting the topics to the identity of "formal written closing instructions," which would not include other instructions such as instructions contained in e-mails. We do not agree to limit the testimony to formal written closing instructions for the same reasons we will not agree to limit testimony about agreements to "formal written agreements." Please confirm by July 11, 2012, whether Ameriquest will provide a corporate representative to testify about Topic Nos. 5 and 6, as written.

- **Topic Nos. 7-8:** These topics seek testimony concerning Ameriquest's investigations, reviews, or audits concerning Tristar and Northwest Title's compliance with Ameriquest's instructions regarding the closing of any relevant loan. You asked why the topics were relevant and I directed you to paragraph 57 of Ameriquest's complaint, where Ameriquest alleges that it reasonably relied on representations made by Tristar and Northwest Title, as one example. I further explained that Ticor is entitled to discovery into the steps Ameriquest took to ensure its agents were properly following Ameriquest's instructions. The topics also seek testimony relevant to the agency issues described above. You said Ameriquest would consider these topics and get back to us about whether it will agree to provide a witness to testify about Topic Nos. 7 and 8. Kindly provide us with Ameriquest's response by July 11, 2012.

- **Topic Nos. 9-10:** These topics seek testimony about any audit of Tristar or Northwest Title by Ameriquest since January 1, 2005. The information sought by these topics is relevant for the reasons set forth in the discussion of Topic Nos. 7 and 8 above. You said Ameriquest would consider these topics and get back to us about whether it will agree to provide a witness to testify about Topic Nos. 9 and 10. Kindly provide us with Ameriquest's response by July 11, 2012.

- **General Objections:** You confirmed that Ameriquest is not refusing to produce a corporate representative based on any of its general objections.

7-7

Randall Manvitz
July 5, 2012
Page 5

III.     **Identification of Ameriquest's Corporate Representative(s)**

      During our call, I asked you to provide the name(s) of the Ameriquest corporate representative(s) who will testify on July 31 and August 1, 2012. You refused, stating that you would not provide the name(s), because Al Fowerbaugh did not previously reveal the name of Ticor's corporate representative before his deposition. But contrary to your statement, Al identified Ticor's corporate representative, David Scott, before he was deposed on February 3, 2010. (*See* January 7, 2010, e-mail from A. Fowerbaugh to R. Manvitz cc J. Davies.) Accordingly, Ticor reiterates its request for Ameriquest to identify the name(s) of its corporate representative witness(es) who will testify on July 31 and August 1.

                                        Sincerely,

                                         Andrew D. Shapiro

cc:    Joanne Davies (via e-mail)
       Al Fowerbaugh (via e-mail)
       Jim Sojoodi (via e-mail)

494184



BuchalterNemer
A Professional Law Corporation

55 SECOND STREET, SUITE 1700, SAN FRANCISCO, CALIFORNIA 94105-3493
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.0762
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

July 11, 2012

**VIA E-MAIL**

Andrew D. Shapiro, Esq.
Albert Fowerbaugh, Esq.
Butler, Rubin, Saltarelli & Boyd, LLP
70 West Madison Street, Suite 1800
Chicago, Illinois  60602

      **Re:    Terry, et al. v. Ameriquest Mortgage Company, et al.**

Dear Andy and Albert:

**Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters**

<u>**Topic 1**</u>

      Given your explanation and limitation on the topics you are seeking, we are agreeable to producing a witness on these topics.  If we believe you are straying outside what we understand is the topic, we can address it at the time of the deposition.

      We continue to take issue with one paragraph of the 19 you identified as at issue, Complaint Paragraph 10 which appears to be the same as Topic 18 about assignments.  As we explained previously, although you assert that you want to challenge the standing of the assignees, you have not explained why this is not a question of law, not fact.  Additionally, the issue is moot given that even if the assignees do not have standing, you do not contest that the originator of the loan, Ameriquest does.  Thus, the argument is academic at best and does not merit the time to prepare a 30(b)(6) witness.

      With respect to Complaint paragraphs 46, 58, we request that you identify what you expect a witness to be prepared to address because it is not clear what a witness could testify about from looking at the referenced paragraph.

<u>**Topic 2**</u>

      Ameriquest agreed to provide a witness.

<u>**Topics 3 to 13**</u>

      Although the parties disagree on the relevance of this topic, in the interest of

Andrew D. Shapiro, Esq.
Albert Fowerbaugh, Esq.
July 11, 2012
Page 2

compromise, we will produce a witness on this topic in accord with your explanation in the July 5 letter and what we understand you are seeking.

**Topics 14 to 17**

You have withdrawn these topics because Ticor refused to provide the same information to Ameriquest.

**Topic 18**

The parties' positions are covered in Topic 1.

## I. Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies

**Topic 1 to 4**

Ameriquest has agreed to produce a witness about formal written agreements during the time period mentioned in your letter. Your recent correspondence states that formal written agreements is too vague. As we explained, we are open to suggestions for defining the phrase. Ameriquest is also willing to broaden the scope of agreements during the relevant time period as long you identify the agreement in advance of the deposition so we can prepare a witness about it.

But, your unwillingness to limit the subject matter and type of agreements at issue makes it far overbroad and fails the reasonable particularity requirement. For example, you contend you want a witness to be prepared to testify about any agreement, such as whether two persons agree to use a certain fax number because one fax machine is not working; agree to provide a title policy a certain date; agree to have a closing completed by a holiday weekend; or simply agree to meet for lunch. One can imagine lots of informal agreements, written or oral, which is why a limiter is needed. We have requested that you propose a different phrase if formal written agreements is too vague, but you have declined.

It would be unduly burdensome to restore e-mail back-up tapes to try to find communications with Chicago, Illinois Tristar and Northwest employees in the hope of finding some agreement, written or oral, regardless of subject matter or relevance. The cost of restoring back-up tapes has already been before the court in other discovery proceedings, and we again refer you to those declarations regarding costs. Concerning burden, we note that Ticor has refused to provide a significant search of its emails systems about blanket closing protection letters and claims that simply providing an Excel spreadsheet about closing protection letter is too burdensome.

Andrew D. Shapiro, Esq.
Albert Fowerbaugh, Esq.
July 11, 2012
Page 3

**Topics 5 to 6:**

  Ameriquest has agreed to provide a witness about its written Closing Instructions which are the topic of the Complaint. But like Topics 1 to 4, "instructions," without limiting the topic to the written closing instructions provided for each loan, is overbroad, not relevant to any issue at bar, and would require an unduly burdensome effort of restoring back-up tapes to fish the ocean for some possible instruction that has nothing to do with anything in this litigation.

  As we have explained, any instruction includes an instruction to use a certain fax number because a fax machine is broken, to finish a closing by a holiday weekend, and to issue a title policy by a certain date. Because Ticor will not be more specific, we are at an impasse.

**Topics 7 to 10**

  We will produce a witness concerning "investigations, reviews, or audits" concerning the Ameriquest's Closing Instructions for the particular loans at issue which is requested by Topics 7 and 8. However, Topics 9 and 10 are far too overbroad. Topics 9 and 10 are not limited to any of the relevant loans and could (depending on how "audit" is defined) include the thousands of times Ameriquest analyzed anything related to the closing such as confirming that a policy has been issued for any of the thousands of loans closed by Tristar/Northwest.

**Conclusion**

  Overall, we are trying to work with you to prepare a witness or potentially witnesses about what encompasses about 22 broad topics. But the topics we have objected to seek information far beyond what Ticor has ever agreed to provide. We look forward to hearing from you to discuss these issues further and determine if we can come to a resolution on the remaining issues.

       Very truly yours,

       BUCHALTER NEMER
       A Professional Corporation

     By   */s/ Randall L. Manvitz*
        Randall L. Manvitz

# BUTLER RUBIN SALTARELLI & BOYD LLP

July 16, 2012

Andrew D. Shapiro
Direct Dial: 312-696-4489
Direct Fax: 312-873-4120
ashapiro@butlerrubin.com

**BY E-MAIL**

Randall L. Manvitz
Buchalter Nemer, P.C.
333 Market Street, 25th Floor
San Francisco, California 94105

> Re:  *Terry, et al. v. Ameriquest Mortgage Company, et al.*

Dear Randall:

I write in response to your July 11, 2012, letter concerning Ameriquest's objections to the two Rule 30(b)(6) deposition notices Ticor served on May 23, 2012.

## I.    Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters

- **Topic No. 1**:  With respect to Ticor's request for corporate representative testimony regarding Paragraphs 46 and 58 of Ameriquest's third-party complaint, Ticor expects Ameriquest's witness to be prepared to address the factual basis for the allegations set forth in those paragraphs.  Similarly, Ticor also expects Ameriquest's corporate representative to be prepared to testify about the factual basis for the allegations set forth in the other paragraphs identified in my July 5, 2012, letter.

  Ameriquest's concern about Paragraph 10 of the third-party complaint is addressed below.

- **Topic Nos. 3-13**:  To be clear, Ticor has not agreed to limit these topics in any manner. We understand that Ameriquest will produce a witness to testify about these topics as written.

- **Topic No. 18**:  Ticor is willing to withdraw Topic No. 18—and its request for testimony in Topic No. 1 concerning Paragraph 10 of Ameriquest's third-party complaint—if Ameriquest agrees to identify, on or before July 30, 2012, the Bates-numbers for any document that Ameriquest contends assigned any right relating to any of the relevant loans to any third-party plaintiff.

**BR** | BUTLER RUBIN.     70 WEST MADISON STREET   I   SUITE 1800   I   CHICAGO, IL  60602-4257
TEL 312-444-9660  I  FAX 312-444-9287  I  WWW.BUTLERRUBIN.COM

7-12

Randall Manvitz
July 16, 2012
Page 2

**II.**     **Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies**

- **Topic Nos. 1-4**: To assuage Ameriquest's concerns about these topics, Ticor is willing to further limit the topics as follows:

    Topic No. 1 – Any non-transaction specific agreement in force between January 1, 2005, and February 21, 2006, between Ameriquest and Tristar relating to any closing service provided by Tristar applicable to any of the Loans, but excluding loan-specific accommodations such as agreements to use a certain fax number, provide a title policy by a certain date, have a closing completed by a holiday weekend, or to meet for lunch.

    Topic No. 2 – Any non-transaction specific agreement in force between January 1, 2005, and March 21, 2006, between Ameriquest and Northwest Title relating to any closing service provided by Northwest Title applicable to any of the Loans, but excluding loan-specific accommodations such as agreements to use a certain fax number, provide a title policy by a certain date, have a closing completed by a holiday weekend, or to meet for lunch.

    Topic No. 3 – Any agreement between Ameriquest and Tristar relating to any closing service provided by Tristar as to any of the Loans, but excluding loan-specific accommodations such as agreements to use a certain fax number, provide a title policy by a certain date, have a closing completed by a holiday weekend, or to meet for lunch.

    Topic No. 4 – Any agreement between Ameriquest and Northwest Title relating to any closing service provided by Northwest Title as to any of the Loans, but excluding loan-specific accommodations such as agreements to use a certain fax number, provide a title policy by a certain date, have a closing completed by a holiday weekend, or to meet for lunch.

Please let us know by July 18 if Ameriquest will agree to provide a witness to testify about those topics as limited above.

- **Topic Nos. 5-6**: As set forth above, Ticor is willing to exclude from these topics instructions relating to loan-specific accommodations such as instructions to use a certain fax number, provide a title policy by a certain date, or have a closing completed by a holiday weekend. Please confirm by July 18 whether Ameriquest will agree to produce a witness to testify about these topics as limited above.

- **Topic Nos. 7-8**: We understand that Ameriquest will produce a witness to testify about these topics as written.

- **Topic Nos. 9-10**: We understand that Ameriquest will not agree to provide a witness to testify about these topics. In the interest of compromise, Ticor is willing to limit the requests to audits permitted pursuant to any audit and inspection rights agreed to by

Randall Manvitz
July 16, 2012
Page 3

   Ameriquest and Tristar or Northwest Title.  Please confirm by July 18 whether
Ameriquest will agree to produce a witness to testify about these topics as limited above.

            Sincerely,

            Andrew D. Shapiro

cc:  Joanne Davies (via e-mail)
   Al Fowerbaugh (via e-mail)
   Jim Sojoodi (via e-mail)

494639

BuchalterNemer
A Professional Law Corporation

18400 Von Karman Avenue, Suite 800 Irvine, California 92612-0514
Telephone (949) 760-1121 / Fax (949) 720-0182

File Number: L7526-0762
Direct Dial Number: (949) 224-6221
Direct Facsimile Number: (949) 224-6209
E-Mail Address: jdavies@buchalter.com

July 18, 2012

**VIA ELECTRONIC DELIVERY**

Andrew D. Shapiro, Esq.
Butler, Rubin, Saltarelli & Boyd, LLP
70 West Madison Street, Ste. 1800
Chicago, IL 60602

   Re: *Terry et al. v. Ameriquest Mortgage Company, et al.*

Dear Andrew:

## I. Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters

<u>Topic 1</u>

With respect to Complaint Paragraphs 46 and 58, Ameriquest is agreeable to producing a witness on these topics. If we believe that you are straying outside what we understand is the topic, we can address it at the time of the deposition.

<u>Topic 3-13</u>

As we stated in our July 11, 2012 letter, Ameriquest is agreeable to providing a witness on these topics.

<u>Topic 18 and Topic 1 Complaint Pargraph 10</u>

We have asked you for the relevance of this information. We understand that you contest the standing of the assignees, not Ameriquest. Please confirm so we can address your request.

## II. Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies

<u>Topics 1-6:</u>

Unfortunately your proposed limiter does not assist in addressing the issues that we were demonstrating with the examples raised in our July 11, 2012 letter. As with Ticor and its issuing agents, there was a process for a title company to do business with Ameriquest. As such,

Los Angeles • Irvine • San Francisco • Scottsdale

Andrew D. Shapiro, Esq.
July 18, 2012
Page 2

Ameriquest is able to prepare a witness to speak to that process just as Ticor prepared a witness to speak to its process. Additionally, each loan file at issue, all of which have been produced by Ameriquest, contain documents specific to the loan that Ameriquest is able to prepare a witness to address. Anything else would be burdensome and beyond the scope of what Ameriquest can feasibly do to prepare a witness.

As we discussed during our July 2nd meet and confer call, the only way that Ameriquest could determine whether there are any other possible "agreements" would be to search its entire electronic database which is located on disaster recovery back-up tapes. While we are amenable to considering other suggested limiters that you may have, they need to address the burden concerns that we have raised. As explained above, Ameriquest will prepare and produce a witness about formal written agreements during the time period mentioned in your July 5th and July 16th letters.

Topics 7 and 8:

In our July 11th letter we explained that Ameriquest will produce a witness concerning "investigations, review, or audits" concerning Ameriquest's Closing Instructions for the particular loans at issue. The term Closing Instructions refers to the "Closing Instructions" document in each loan file.

Topics 9 and 10:

We understand by your limiter you are seeking a witness to discuss audit rights whereby Tristar or Northwest were contractually obligated to allow an on-site inspection (by agreement within the relevant time period). Please confirm.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

/s/ Joanne N. Davies

By

Joanne N. Davies

cc:   Albert Fowerbaugh, Esq. (via e-mail)
      James E. Sojoodi, Esq. (via e-mail)
      Randall Manvitz, Esq. (via e-mail)

# BUTLER RUBIN SALTARELLI & BOYD LLP

July 23, 2012

Andrew D. Shapiro
Direct Dial: 312-696-4489
Direct Fax: 312-873-4120
ashapiro@butlerrubin.com

**BY E-MAIL**

Joanne N. Davis
Buchalter Nemer, P.C.
18400 Von Karman Avenue
Suite 800
Irvine, California 92612-0514

> Re:   *Terry, et al. v. Ameriquest Mortgage Company, et al.*

Dear Joanne:

I write in response to your July 18, 2012, letter concerning Ameriquest's objections to the two Rule 30(b)(6) deposition notices Ticor served on May 23, 2012.

## I.   Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters

- **Topic No. 18 and Topic No. 1 (Complaint Paragraph 10):** As stated during our July 2 meet-and-confer teleconferences and as set forth in my July 5 letter, information concerning Ameriquest's assignment of rights under the relevant closing protection letters is relevant to Ticor's defense of lack of standing. Indeed, Ameriquest's response to Ticor's motion for summary judgment argues that the assignees under the closing protection letters have standing. (*See* Resp. Br. at 14.) Thus, Ticor is entitled to take discovery to determine which, if any, of the third-party plaintiffs have proper standing. If Ameriquest assigned its rights under the relevant closing protection letters to other third-party plaintiffs, then Ameriquest may not have standing to bring an action pursuant to those letters. Alternatively, if Ameriquest did not assign its rights, then the other third-party plaintiffs may lack standing. Either way, Ticor is entitled to discovery on this topic.

  In my July 16 letter, Ticor agreed to withdraw Topic No. 18—and its request for testimony in Topic No. 1 concerning Paragraph 10—if Ameriquest agrees to identify, on or before July 30, the Bates-numbers for any document that Ameriquest contends assigned any right relating to any of the relevant loans to any third-party plaintiff. Please confirm by the end of the day tomorrow whether that proposal is acceptable or confirm that Ameriquest refuses to produce a corporate-representative to testify about those topics.

**BR** | BUTLER RUBIN    70 WEST MADISON STREET   |   SUITE 1800   |   CHICAGO, IL  60602-4257
TEL 312-444-9660   |   FAX 312-444-9287   |   WWW.BUTLERRUBIN.COM

7-17

Joanne N. Davis
July 23, 2012
Page 2

**II.**     <u>Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies</u>

- **Topic Nos. 1-6**: Your proposal to limit testimony about these topics to "formal written agreements" is unacceptable because that term is too vague and could exclude relevant agreements. As explained in my July 5 letter, we expect Ameriquest to make a reasonable, good-faith effort to collect Ameriquest's knowledge about these topics, including relevant oral agreements/instructions or agreements/instructions recorded in e-mails or in some other manner, as limited per my July 16 letter. It appears that we have reached an impasse concerning the scope of these topics. If you disagree, please let us know by the end of the day tomorrow.

- **Topic Nos. 7-8**: For the reasons set forth above, your proposal to limit these topics to "Closing Instructions" is unacceptable. It appears that we have reached an impasse concerning the scope of these topics. If you disagree, please let us know by the end of the day tomorrow.

- **Topic Nos. 9-10**: These topics seek testimony about any audit of Tristar or Northwest Title by Ameriquest since January 1, 2005. As set forth in my July 16 letter, Ticor is willing to limit the requests to audits permitted pursuant to any audit and inspection rights agreed to by Ameriquest and Tristar or Northwest Title. Please let us know by tomorrow whether Ameriquest will agree to produce a witness to testify about these topics.

Joanne, we have been meeting and conferring about these topics for many weeks now during which time Ticor has worked in good faith to limit the scope of its topics in an effort to assuage Ameriquest's concerns. If the parties are still at an impasse on one or more of the remaining issues, however, Ticor intends to file a motion to compel before it conducts the depositions. Proceeding in that manner will ensure that the Ameriquest corporate representatives will not need to be re-deposed after the Court rules on the motion. To that end, if the parties are at an impasse on one or more topics, we will need to postpone next week's depositions. Accordingly, kindly confirm by the end of the day tomorrow which, if any, of the remaining issues are at an impasse so that we can get our motion on file.

Sincerely,

Andrew D. Shapiro

cc:     Randall Manvitz (via e-mail)
         Al Fowerbaugh (via e-mail)
         Jim Sojoodi (via e-mail)

494867

7-18



BuchalterNemer
A Professional Law Corporation

55 SECOND STREET, SUITE 1700 SAN FRANCISCO, CALIFORNIA 94105-3493
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526-0762
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

July 25, 2012

**VIA ELECTRONIC DELIVERY**

Andrew D. Shapiro, Esq.
Butler, Rubin, Saltarelli & Boyd, LLP
70 West Madison Street, Ste. 1800
Chicago, IL 60602

Re:     *Terry et al. v. Ameriquest Mortgage Company, et al.*

Dear Andrew:

We are disappointed by Ticor's insistence that Ameriquest incur hundreds of thousands if not millions of dollars on a fishing expedition for emails about informal agreements and closing related instructions that theoretically could have occurred over the course of the many years that Ameriquest did business with the two title companies.   Your recent correspondence once again fails to address Ameriquest's concern and instead, just "expects" Ameriquest to go search the ocean of emails.  This hardly suffices to fulfill your Rule 37.2 responsibilities and is hypocritical of your successful argument to Judge Chang that this matter is too small to warrant any significant expense.

Ticor can hardly complain about Ameriquest's willingness to compromise on the other topics. Ameriquest has agreed to produce a witness on 25 of the 28 topics, and Ticor withdrew the other 3 topics only because it had refused to produce a witness on the same topics requested by Ameriquest.

I.      **Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters**

Topic 18 and Topic 1 Complaint Pargraph 10

Ticor does not dispute that one or more of the third-party plaintiffs have standing.  Accordingly, as we have previously explained, the standing arguments are academic, at best, and do not warrant the effort of preparing a 30(b)(6) witness to discuss the industry's treatment of the letters as being enforceable by any successor to the loan or the practices of the industry in enforcing them.  That being said, as you offered, we are willing to identify the previously produced or publicly available assignment-related documents, but will need an extra week to do so beyond

Los Angeles • Irvine • San Francisco • Scottsdale

BN 12071655v1

Andrew D. Shapiro, Esq.
July 25, 2012
Page 2

your proposed July 30 date. Given your cancellation of the depositions, we assume this is not a problem.

## II.    Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies

Topics 1-6:

Ameriquest has agreed to produce a witness about formal written agreements or any agreements Ticor identifies in advance of the deposition as a compromise. As currently written, the 30(b)(6) notice would require an unduly burdensome restoration of back-up tapes and search of emails for any reference to a theoretically possible oral or informal agreement having nothing to do with this case. As we have explained, this is a cost-prohibitive fishing expedition, costing hundreds of thousands to millions of dollars. Nonetheless, you insist that Ameriquest must incur the cost and "go fish."

Your insistence is hypocritical and contradicts your recent assertions to Judge Chang that this matter is too small to require incurring any significant expense.

Your unwillingness to identify the agreements in advance of the deposition makes the notice far too overbroad and fails the reasonable particularity requirement. For example, you contend you want a witness to be prepared to testify about *any* agreement, such as whether two persons agree to use a certain fax number or agree to provide title policies within a certain number of days. As we have explained, one can imagine lots of informal agreements, written or oral, that have no relevance to this matter.

We again note that fishing the ocean of emails should not be necessary. We have proposed having a witness prepared to testify concerning the process of a title company doing business with Ameriquest. Additionally, each loan file at issue, all of which have been produced by Ameriquest, contain documents specific to the loan that Ameriquest is able to prepare a witness to address. Ticor also has the records of Tristar. Further, we recently produced some miscellaneous documents for the two title companies. At least one or two documents are agreements and may be the agreement you are seeking.

Topics 7 and 8:

Ameriquest has explained that the term closing instructions is too vague and would also require the same prohibitively expensive fishing expedition as described above. As a compromise, Ameriquest has explained that we will produce a witness on the Closing Instructions document contained each loan file. And if there are other closing instructions which you believe are relevant, refer us to a document sufficiently in advance of the deposition, and we should be able to have a witness prepared to discuss it.

We are perplexed why this is not sufficient, and you have not provided any explanation. Instead, your correspondence just ignores the issue. We once again reiterate that this appears to be an

BN 12071655v1

**7-20**

Andrew D. Shapiro, Esq.
July 25, 2012
Page 3

extremely expensive fishing expedition, and request an explanation why Ticor contends
Ameriquest should incur such an expense.

Topics 9 and 10:

Based on the confirmation in response to my July 18, 2012 letter, Ameriquest will produce a
witness based on the limited topics.

Ticor has cancelled the depositions set for July 31 and August 1, although they have long been
scheduled, apparently because you are not ready. We have let our witness know and will address
scheduling once you are prepared.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

*/s/ Randall Manvitz*

By
Randall L. Manvitz

RLM:dlh

Albert Fowerbaugh, Esq. (via e-mail)
James E. Sojoodi, Esq. (via e-mail)
Randall Manvitz, Esq. (via e-mail)