# EXHIBIT 4



BuchalterNemer
A Professional Law Corporation

55 SECOND STREET, SUITE 1700, SAN FRANCISCO, CALIFORNIA 94105-3493
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.0762
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

July 11, 2012

**VIA E-MAIL**

Andrew D. Shapiro, Esq.
Albert Fowerbaugh, Esq.
Butler, Rubin, Saltarelli & Boyd, LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602

Re:     **Terry, et al. v. Ameriquest Mortgage Company, et al.**

Dear Andy and Albert:

**Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters**

**Topic 1**

Given your explanation and limitation on the topics you are seeking, we are agreeable to producing a witness on these topics. If we believe you are straying outside what we understand is the topic, we can address it at the time of the deposition.

We continue to take issue with one paragraph of the 19 you identified as at issue, Complaint Paragraph 10 which appears to be the same as Topic 18 about assignments. As we explained previously, although you assert that you want to challenge the standing of the assignees, you have not explained why this is not a question of law, not fact. Additionally, the issue is moot given that even if the assignees do not have standing, you do not contest that the originator of the loan, Ameriquest does. Thus, the argument is academic at best and does not merit the time to prepare a 30(b)(6) witness.

With respect to Complaint paragraphs 46, 58, we request that you identify what you expect a witness to be prepared to address because it is not clear what a witness could testify about from looking at the referenced paragraph.

**Topic 2**

Ameriquest agreed to provide a witness.

**Topics 3 to 13**

Although the parties disagree on the relevance of this topic, in the interest of

Andrew D. Shapiro, Esq.
Albert Fowerbaugh, Esq.
July 11, 2012
Page 2

compromise, we will produce a witness on this topic in accord with your explanation in the July 5 letter and what we understand you are seeking.

### Topics 14 to 17

You have withdrawn these topics because Ticor refused to provide the same information to Ameriquest.

### Topic 18

The parties' positions are covered in Topic 1.

### I. Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies

### Topic 1 to 4

Ameriquest has agreed to produce a witness about formal written agreements during the time period mentioned in your letter. Your recent correspondence states that formal written agreements is too vague. As we explained, we are open to suggestions for defining the phrase. Ameriquest is also willing to broaden the scope of agreements during the relevant time period as long you identify the agreement in advance of the deposition so we can prepare a witness about it.

But, your unwillingness to limit the subject matter and type of agreements at issue makes it far overbroad and fails the reasonable particularity requirement. For example, you contend you want a witness to be prepared to testify about any agreement, such as whether two persons agree to use a certain fax number because one fax machine is not working; agree to provide a title policy a certain date; agree to have a closing completed by a holiday weekend; or simply agree to meet for lunch. One can imagine lots of informal agreements, written or oral, which is why a limiter is needed. We have requested that you propose a different phrase if formal written agreements is too vague, but you have declined.

It would be unduly burdensome to restore e-mail back-up tapes to try to find communications with Chicago, Illinois Tristar and Northwest employees in the hope of finding some agreement, written or oral, regardless of subject matter or relevance. The cost of restoring back-up tapes has already been before the court in other discovery proceedings, and we again refer you to those declarations regarding costs. Concerning burden, we note that Ticor has refused to provide a significant search of its emails systems about blanket closing protection letters and claims that simply providing an Excel spreadsheet about closing protection letter is too burdensome.

Andrew D. Shapiro, Esq.
Albert Fowerbaugh, Esq.
July 11, 2012
Page 3

**Topics 5 to 6:**

Ameriquest has agreed to provide a witness about its written Closing Instructions which are the topic of the Complaint. But like Topics 1 to 4, "instructions," without limiting the topic to the written closing instructions provided for each loan, is overbroad, not relevant to any issue at bar, and would require an unduly burdensome effort of restoring back-up tapes to fish the ocean for some possible instruction that has nothing to do with anything in this litigation.

As we have explained, any instruction includes an instruction to use a certain fax number because a fax machine is broken, to finish a closing by a holiday weekend, and to issue a title policy by a certain date. Because Ticor will not be more specific, we are at an impasse.

**Topics 7 to 10**

We will produce a witness concerning "investigations, reviews, or audits" concerning the Ameriquest's Closing Instructions for the particular loans at issue which is requested by Topics 7 and 8. However, Topics 9 and 10 are far too overbroad. Topics 9 and 10 are not limited to any of the relevant loans and could (depending on how "audit" is defined) include the thousands of times Ameriquest analyzed anything related to the closing such as confirming that a policy has been issued for any of the thousands of loans closed by Tristar/Northwest.

**Conclusion**

Overall, we are trying to work with you to prepare a witness or potentially witnesses about what encompasses about 22 broad topics. But the topics we have objected to seek information far beyond what Ticor has ever agreed to provide. We look forward to hearing from you to discuss these issues further and determine if we can come to a resolution on the remaining issues.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation


By      */s/ Randall L. Manvitz*
        Randall L. Manvitz