# EXHIBIT 5



BuchalterNemer
A Professional Law Corporation

55 SECOND STREET, SUITE 1700 SAN FRANCISCO, CALIFORNIA 94105-3493
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526-0762
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

July 25, 2012

**VIA ELECTRONIC DELIVERY**

Andrew D. Shapiro, Esq.
Butler, Rubin, Saltarelli & Boyd, LLP
70 West Madison Street, Ste. 1800
Chicago, IL 60602

    Re:    *Terry et al. v. Ameriquest Mortgage Company, et al.*

Dear Andrew:

We are disappointed by Ticor's insistence that Ameriquest incur hundreds of thousands if not millions of dollars on a fishing expedition for emails about informal agreements and closing related instructions that theoretically could have occurred over the course of the many years that Ameriquest did business with the two title companies. Your recent correspondence once again fails to address Ameriquest's concern and instead, just "expects" Ameriquest to go search the ocean of emails. This hardly suffices to fulfill your Rule 37.2 responsibilities and is hypocritical of your successful argument to Judge Chang that this matter is too small to warrant any significant expense.

Ticor can hardly complain about Ameriquest's willingness to compromise on the other topics. Ameriquest has agreed to produce a witness on 25 of the 28 topics, and Ticor withdrew the other 3 topics only because it had refused to produce a witness on the same topics requested by Ameriquest.

### I.    Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Protection Letters

Topic 18 and Topic 1 Complaint Pargraph 10

Ticor does not dispute that one or more of the third-party plaintiffs have standing. Accordingly, as we have previously explained, the standing arguments are academic, at best, and do not warrant the effort of preparing a 30(b)(6) witness to discuss the industry's treatment of the letters as being enforceable by any successor to the loan or the practices of the industry in enforcing them. That being said, as you offered, we are willing to identify the previously produced or publicly available assignment-related documents, but will need an extra week to do so beyond

Los Angeles • Irvine • San Francisco • Scottsdale

BN 12071655v1

**7-19**

Andrew D. Shapiro, Esq.
July 25, 2012
Page 2

your proposed July 30 date. Given your cancellation of the depositions, we assume this is not a problem.

### II. Ticor's Rule 30(b)(6) Deposition Notice Regarding Closing Companies

Topics 1-6:

Ameriquest has agreed to produce a witness about formal written agreements or any agreements Ticor identifies in advance of the deposition as a compromise. As currently written, the 30(b)(6) notice would require an unduly burdensome restoration of back-up tapes and search of emails for any reference to a theoretically possible oral or informal agreement having nothing to do with this case. As we have explained, this is a cost-prohibitive fishing expedition, costing hundreds of thousands to millions of dollars. Nonetheless, you insist that Ameriquest must incur the cost and "go fish."

Your insistence is hypocritical and contradicts your recent assertions to Judge Chang that this matter is too small to require incurring any significant expense.

Your unwillingness to identify the agreements in advance of the deposition makes the notice far too overbroad and fails the reasonable particularity requirement. For example, you contend you want a witness to be prepared to testify about *any* agreement, such as whether two persons agree to use a certain fax number or agree to provide title policies within a certain number of days. As we have explained, one can imagine lots of informal agreements, written or oral, that have no relevance to this matter.

We again note that fishing the ocean of emails should not be necessary. We have proposed having a witness prepared to testify concerning the process of a title company doing business with Ameriquest. Additionally, each loan file at issue, all of which have been produced by Ameriquest, contain documents specific to the loan that Ameriquest is able to prepare a witness to address. Ticor also has the records of Tristar. Further, we recently produced some miscellaneous documents for the two title companies. At least one or two documents are agreements and may be the agreement you are seeking.

Topics 7 and 8:

Ameriquest has explained that the term closing instructions is too vague and would also require the same prohibitively expensive fishing expedition as described above. As a compromise, Ameriquest has explained that we will produce a witness on the Closing Instructions document contained each loan file. And if there are other closing instructions which you believe are relevant, refer us to a document sufficiently in advance of the deposition, and we should be able to have a witness prepared to discuss it.

We are perplexed why this is not sufficient, and you have not provided any explanation. Instead, your correspondence just ignores the issue. We once again reiterate that this appears to be an

BN 12071655v1

Andrew D. Shapiro, Esq.
July 25, 2012
Page 3

extremely expensive fishing expedition, and request an explanation why Ticor contends Ameriquest should incur such an expense.

Topics 9 and 10:

Based on the confirmation in response to my July 18, 2012 letter, Ameriquest will produce a witness based on the limited topics.

Ticor has cancelled the depositions set for July 31 and August 1, although they have long been scheduled, apparently because you are not ready. We have let our witness know and will address scheduling once you are prepared.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

/s/ *Randall Manvitz*

By
       Randall L. Manvitz

RLM:dlh

    Albert Fowerbaugh, Esq. (via e-mail)
    James E. Sojoodi, Esq. (via e-mail)
    Randall Manvitz, Esq. (via e-mail)