**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) MDL No. 1715 ) ) Lead Case No. 05-cv-07097 ) ) (Centralized before the Honorable ) Marvin E. Aspen) ) ) |

**STATUS REPORT BY THE FIDELITY THIRD-PARTY DEFENDANTS**

Third-party defendants Alamo Title Insurance Company, American Pioneer Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Company, Commonwealth Land Title Insurance Company, Fidelity National Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, and Transnational Title Insurance Company (collectively the "Fidelity Third Party Defendants") hereby submit their status report pursuant to this Court's July 26, 2012 order entered in *Terry v. Ameriquest Mortgage Co.*, No. 08-cv-2475 (Docket No. 782), and this Court's June 12, 2012 order entered in this proceeding (Docket No. 4985).

**I.    Terry v. Ameriquest Mortgage Co., No. 08-cv-2475**

On April 30, 2008, the *Terry* plaintiffs[1] commenced this action against Ameriquest Mortgage Company and related entities (collectively "Ameriquest") alleging that they violated

---

[1] Rose Terry, Terry Watt, Roy Parnell, Johanna Guyton, Luisa & Jorge Bolo, Selvin & Beatrice Quire, Juan Baez, Cruz Rivera, Julie Noradin, Ananais & Ethel Colister, Michael Cox, Susan Lawrence, Ramses Favela, Wences Garcia, Maria Lara, Elizabeth Hill, Alfredo & Ana Velia Jaime, Denise & Carey Lee, Daryl Monson, Lawrence Mueller, Benjamin Neeley, John & Constance Puga, James Shew, and Harold Wells.

the Illinois Consumer Fraud Act by misrepresenting to them the terms of their mortgage loans, and the Truth-in-Lending Act ("TILA") by not complying with TILA's disclosure requirements, including using the wrong form for the Notice of Right to Cancel ("NORTC"), not listing all the property owners on the NORTC, and not giving plaintiffs two completed copies of the NORTC. Accordingly, plaintiffs sought damages from Ameriquest for its alleged consumer fraud violations, its alleged TILA violations, and for rescission of their mortgage loans.

On January 23, 2009, Ameriquest asserted its third-party claims against those who allegedly were involved in plaintiffs' individual loans, including: (i) the individuals who allegedly acted as both notary publics and settlement service providers in connection with plaintiffs' loans; (ii) the title insurance agents that allegedly conducted the closings of plaintiffs' loans, including Tristar Title LLC ("Tristar") and Northwest Title & Escrow Corporation ("Northwest Title"); and (iii) the title insurance underwriters that issued title insurance policies to Ameriquest, including Ticor Title Insurance Company ("Ticor").

Ameriquest does not allege that Ticor had any involvement in either setting the terms of plaintiffs' loans, communicating those terms to plaintiffs, or in closing plaintiffs' loans. Rather, Ameriquest's claims against Ticor hinge on Ameriquest's contention that Ticor, through Tristar and Northwest Title, issued closing protection letters to Ameriquest applicable to fifteen of the loans at issue. Ameriquest asserted claims against Ticor for contractual indemnity, contribution, and declaratory judgment. (Third Party Complaint, Counts II, IV, and VIII). On March 24, 2009, Ticor filed its answer to Count II of the Third Party Complaint and its motion to dismiss Counts IV and VIII.[2]

---

[2] This motion remained pending until July 26, 2012, when this Court denied that motion "without prejudice" in order to facilitate the transfer of this action to this Court. (Docket No. 782, p. 2). On August 9, 2012, Ticor filed its answer to Counts IV and VIII without waiving its right to re-file the motion to dismiss those counts once this case is remanded back to the transferor court.

The only remaining claims in the *Terry* case are Ameriquest's third-party claims against Ticor, Tristar, Northwest Title, and the individual third-party defendants. All the plaintiffs have dismissed their claims against Ameriquest with prejudice in connection with settlements reached between them. (Docket Nos. 707, 716). Ameriquest also reached a settlement with third-party defendant First American Title Insurance Company.

In transferring the *Terry* case to this MDL proceeding, this Court stated that the "parties shall continue with discovery as ordered by Judge Chang." (Docket No. 782, p. 1). On March 13, 2012, Judge Chang ordered that all fact discovery be completed by August 31, 2012. (Docket No. 760). Judge Chang also issued two orders that significantly limited the scope of discovery sought by Ameriquest. (Docket Nos. 759-1, 781). With the exception of the deposition of one witness (which was to have taken place on August 30, 2012, but is being rescheduled at Ameriquest's counsel's request), all fact discovery in the *Terry* case has been completed. However, Judge Chang had not yet set a time by which the parties were to make their Rule 26(a)(2) expert disclosures, a time by which expert discovery should be completed, or a time by which the parties are to file their dispositive motions.

## II. In re Ameriquest

In its Fifth-Amended Third Party Complaint, Ameriquest asserts a breach of contract claim[3] against each of the fourteen Fidelity Third Party Defendants. Ameriquest generally alleges that each of these companies issued to Ameriquest closing protection letters "whereby the Title Underwriters agreed to reimburse the lenders for actual loss incurred by the lenders with the closings conducted by the Closing Agents and/or Title Companies …" Fifth Amended Third Party Complaint, ¶ 11. As set forth in the Fifth Amended Third Party Complaint as "corrected"

---

[3] This Court dismissed Ameriquest's negligence claims and deferred the ruling on the motion to dismiss the negligent misrepresentation claim. Docket No. 3311, pp. 10-11, 14.

3

– to the extent permitted by this Court – by Ameriquest's Errata to that pleading, Ameriquest currently seeks indemnification from the Fidelity companies in connection with approximately 205 opt-out cases. (Docket Nos. 2913, 3597, 3597-1, 3597-2, 3831).

To date, discovery in connection with the third-party claims has been limited, by order of Magistrate Judge Denlow, to the exchange of loan files and agreements that governed the closing of the loan or loans at issue. (Docket Nos. 2957, 3268). The remaining discovery to be taken in these cases, which is primarily case and loan specific, has been stayed. For example, the Fidelity Third Party Defendants have not yet had the opportunity to depose the plaintiffs or the closers in each of the opt out cases, who may provide testimony to support the defense of Ameriquest's third party claims. For example, in many of the opt-out cases, the plaintiffs allege that Ameriquest did not provide them with either properly completed NORTC forms or with the proper number of copies of that form.[4] However, these deposition may show, as they have already done so in both the *Terry* case and in at least one of the MDL opt-out cases, that: (i) many of these plaintiffs did in fact receive the correct number of properly completed NORTC forms; (ii) neither the closing agents nor the Fidelity Third Party Defendants engaged in any of the alleged conduct giving rise to the plaintiffs' claims; or (iii) neither the closing agents nor the Fidelity Third Party Defendants were involved in the closing of the plaintiffs' loans. The Fidelity Third Party Defendants have other defenses to Ameriquest's claims that may likewise be supported by the testimony of the plaintiffs, the closers, or others involved in each of the loans at issue.

Similarly, any remaining discovery Ameriquest may need regarding the existence and terms of any applicable closing protection letters will not be common to all the opt-out cases, but

---

[4] This Court already held that as a matter of law, the statutory duty to provide the correct number of properly completed NORTC forms to the plaintiffs lied solely with Ameriquest. *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, 589 F. Supp. 987, 990-991 (N.D. Ill. 2008). *See also* Docket No. 3311, pp. 4, 10-11.

4

instead be both third-party defendant and state specific. For most of the loans at issue in the Fifth Amended Third Party Complaint, each of the fourteen Fidelity Third Party Defendants had their own policies and practices regarding the issuance of closing protection letters, and those policies and practices varied by state. In addition, the terms of the closing protection letters varied by both state and party. For example, some of the closing protection letter forms used by some of the Fidelity Third Party Defendants contain language that expressly excludes liability for TILA-related damages, while others impose time limits upon Ameriquest. Other states mandate the form of closing protection letters used by every title insurance company, and at least one state, New York, prohibits the issuance of closing protection letters. Discovery regarding these letters cannot be done on a coordinated basis, but instead should be done on a case-by-case basis.

On several occasions, the Fidelity Third Party Defendants participated in settlement conferences conducted by Magistrate Judge Denlow with Ameriquest.[5] However, the parties were unable to reach a settlement. It is the Fidelity Third Party Defendants' belief that further settlement discussions will not be productive, at least until there are rulings on the case specific factual and legal issues in some of the opt-out cases. However, this Court has already stated that it will not decide specific state-law or case-specific factual issues in this MDL action. *See* Docket Nos. 3311, p. 14 ("We are in no position to determine the legal duties of Third-Party Defendants, who held varying roles in thousands of transactions, or to evaluate the common law of more than twenty states . . . . Accordingly, we leave this question for another day (and potentially the transferor court) . . . ."); 2553, p. 1 ("We will not be resolving unique factual

---

[5] These discussions encompassed all claims asserted by Ameriquest against the Fidelity Third Party Defendants, including those asserted against Ticor in the *Terry* action.

5

disputes; summary judgment motions raising factual issues are not permitted and must be filed only before the transferor court, if and when remand occurs.")

The Fidelity Third Party Defendants have been parties to the MDL proceeding since November 2, 2007. Since that time, this Court has only permitted certain common discovery, common motion practice, and settlement discussions to proceed. Those matters have now been concluded – the parties have engaged in the discovery permitted by Magistrate Judge Denlow, this Court has ruled on the third-party defendants' motion to dismiss the Fifth Amended Third Party Complaint, and the settlement discussions between Ameriquest and the Fidelity Third Party Defendants have reached an impasse. Thus, the Fidelity Third Part Defendants request that this Court remand the third-party claims against them to the transferor courts so that the case-specific discovery can be completed, dispositive motions can be filed and ruled upon, and, if necessary, trials of the third-party claims can occur.

Respectfully submitted,

Alamo Title Insurance Company, American Pioneer Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Company, Commonwealth Land Title Insurance Company, Fidelity National Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, and Transnational Title Insurance Company.

By:     /s/ Albert E. Fowerbaugh, Jr.
            One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
James E. Sojoodi
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il  60602
Phone:  (312) 444-9660
Fax:  (312) 444-9287

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true copy of *Status Report By Tthe Fidelity Third-Party Defendants* was served on August 31, 2012 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Albert E. Fowerbaugh, Jr.