### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

**STATUS REPORT OF THE AMERIQUEST DEFENDANTS**

The Ameriquest Defendants respectfully submit the following Status Report pursuant to this Court's Order of June 12, 2012 (Docket No. 4985).

**I.     INTRODUCTION AND SUMMARY OF CASES SETTLED.**

Defendants have now settled the claims of 1488 Opt-Out Plaintiffs. There remain approximately 95 lawsuits, 173 Opt-Out Plaintiffs, as well as the claims against non-settling Third-Party Defendants left to be settled or transferred for trial. Of the remaining Opt-Out Plaintiffs there are approximately 34 lawsuits, 70 Opt-Out Plaintiffs where the parties continue to engage in settlement discussions. Mediations for all remaining Opt-Out Plaintiffs and non-settling Third-Party Defendants have been, may be, or are set before either the Hon. Morton Denlow or the Hon. Donald O'Connell. (Ret.) as explained below.

As approved by this Court (Docket No. 3628), the Ameriquest Defendants also settled 29 borrower class actions consolidated before this Court, together with a class action filed in a state court of California. Distribution of the class settlement amounts has been completed. The class settlement included approximately 714,000 borrowers.

12284131v1

## II.     STATUS OF MEDIATIONS.

Throughout the MDL litigation the Ameriquest Defendants have willingly participated in multiple mediation sessions. To enhance the chance of settlement, all parties agreed to an informal exchange of loan files and related documentation and stay of all other discovery, including a stay on the taking of Plaintiffs' depositions, pending mediation. *See* Joint Discovery Plan and Scheduling Order (Docket No. 3268).

- On February 8, 2010, the Ameriquest Defendants participated in a mediation in Alabama before mediator George M. Van Tassel, Jr. of Sirote & Permutt, P.C. and successfully resolved claims raised by **703 Plaintiffs** represented by the Beasley Allen law firm.

- On June 3, 2010, the Ameriquest Defendants participated in a settlement conference in Illinois before Magistrate Judge Michael T. Mason for claims raised by the **26 Plaintiffs** represented by the Harris Firm in the *Terry et al. v. Ameriquest Mortgage Company et al.* matter, which case was subsequently referred to this Court for a settlement conference along with the Harris Firm's MDL Plaintiffs' Opt-Out cases.

- On July 14, 2010, the Ameriquest Defendants participated in a mediation in Alabama before mediator Mr. Van Tassel and successfully resolved claims raised by **197 Plaintiffs** represented by Underwood & Reimer, P.C.

- On August 4, 2010, the Ameriquest Defendants participated in a mediation in Illinois before Judge Donald P. O'Connell (Ret.) and successfully resolved claims raised by **272 Plaintiffs** represented by The Consumer Law Group, LLC and the Bromberg Law Office, P.C.

- On September 22, 2010, the Ameriquest Defendants participated in a mediation held in Illinois before Judge O'Connell (Ret.) and successfully resolved claims raised by **243 Plaintiffs** represented by The Lefebvre Law Firm.

- On December 1 and December 2, 2010, the Ameriquest Defendants participated in a settlement conference before Magistrate Judge Morton Denlow and successfully resolved claims raised by **217 Plaintiffs** represented by the Edelman, Combs, Laturner & Goodwin, LLC firm. Almost all of these settlements have been finalized with dismissals filed with the Court.

- On December 14, 2010, the Ameriquest Defendants participated in a settlement conference before Judge Denlow and successfully resolved claims raised by **26 Plaintiffs** represented by the Law Offices of Daniel Harris in connection with the *Terry v. Ameriquest,* Case No. 08CV2475.

- On December 14, 2010, and again on June 1, 2011, the Ameriquest Defendants participated in a settlement conference before Judge Denlow and successfully resolved claims raised by the **116 Plaintiffs** represented by the Law Offices of Daniel Harris in connection with the *Ameriquest MDL*. The majority of these settlements have been finalized with dismissals filed with the Court. The remaining cases are still in the process of being finalized.

- On August 4, 2011, the Ameriquest Defendants participated in a mediation held in Illinois before Judge O'Connell (Ret.) and successfully resolved claims raised by **23 Plaintiffs** represented by the Law Office of D. Richard Black Firm and **6 Plaintiffs** represented by Thompson & Deveny.

- On September 14, 2011, December 14, 2011, and February 16, 2012, the Ameriquest Defendants participated in mediations held in Illinois before Judge O'Connell (Ret.) and successfully resolved claims raised by **12 Plaintiffs** and made progress in discussing settlement with numerous other Plaintiffs.

The Ameriquest Defendants have also mediated claims with Third-Party Defendants.

- On December 2, 2010, December 15, 2010, and June 1, 2011, the Ameriquest Defendants participated in settlement conferences held before Judge Denlow and successfully resolved claims against numerous Third-Party Defendants.

- On September 14, 2011 and December 14, 2011, the Ameriquest Defendants participated in a mediation held in Illinois before Judge O'Connell (Ret.) and successfully resolved their claims against Third-Party Defendants the Nations Title Entities.

- On March 14, 2012, the Ameriquest Defendants participated in a settlement conference before Judge Denlow in connection with the claims against Third-Party Defendants. Numerous Third-Party Defendants have agreed to also participate in this settlement conference including the <u>Fidelity Entities</u> (Fidelity National Title Company, Alamo Title Insurance Company, American Pioneer Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Company, Commonwealth Lang Title Insurance Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, security Union Title Insurance Company, and Ticor Title Insurance Company), Mortgage Information Services, Inc., Northwest Title & Escrow Corporation, and Tek Title, LLC. Through the March 14, 2012 settlement conference and additional settlement discussions the Ameriquest Defendants were able to successfully resolve their claims against Advantage Equity Services, Inc., CBC Companies, Inc., Tek Title, LLC, Equity Settlement Services, and Stateside Funding. The Ameriquest Defendants were unable to resolve their claims against the <u>Fidelity Entities</u>, Mortgage Information Services, Inc., Northwest Title, and other remaining Third-Party Defendants.

- On May 9, 2012, the Ameriquest Defendants participated in settlement conferences held before Judge Denlow with numerous Opt-Out Plaintiffs and successfully resolved claims raised by certain Opt-Out Plaintiffs.

- On July 18, 2012, the Ameriquest Defendants participated in settlement conferences held before Judge Denlow with numerous Opt-Out Plaintiffs and successfully resolved claims raised by certain Opt-Out Plaintiffs.

In addition to the mediations which have taken place, the Ameriquest Defendants are also scheduled to participate in the following settlement conference:

- On September 13, 2012, the Ameriquest Defendants are scheduled to participate in a settlement conference before Judge Denlow in connection with claims raised by Michael and Susan O'Keefe in the *O'Keefe v. Ameriquest Mortgage* action.

The Ameriquest Defendants remain open to scheduling further mediations or settlement conferences if they would be beneficial.

## III.   DISCOVERY

Recently, the Ameriquest Defendants have propounded discovery requests on almost all of the Opt-Out Plaintiffs who are not involved in settlement discussions. Approximately 50 of the Opt-Out Plaintiffs failed to respond to the discovery served upon them and have not requested an extension. Other responses are due next week. Within the next 30 days, each non-responding Opt-Out Plaintiff will receive follow-up correspondence requesting a response. For those Opt-Out Plaintiffs who continue to be non-responsive, a single motion to compel will be filed. For those Opt-Out Plaintiffs who have stated that they are unwilling to try to resolve their cases in mediation, Ameriquest is scheduling depositions. Numerous depositions have taken place in recent months and more are being scheduled for the upcoming months.

With respect to Third-Party Defendants, Ameriquest has recently propounded uniform discovery requests on the Third-Party Defendants involved with the largest number of loans concerning about 400 loans. It is expected that the Third-Party Defendants will take about 120 days to provide substantive responses and then depositions and subsequent discovery will

follow. Likewise, Ameriquest has recently produced witnesses for deposition and responded to discovery about its third-party claims.

The period of time reasonably necessary to complete discovery will depend in large part on the number of remaining Opt-Out cases and the responses of Third-Party Defendants. At the present time, the Ameriquest Defendants suggest the following proposed schedule for completion of discovery, including discovery relating to the third-party claims, and the filing of dispositive motions. All of this discovery and motion practice would be completed before any remaining Opt-Out cases are returned to their respective transferor courts.

| | |
|---|---|
| April 30, 2013 | Completion of fact discovery |
| May 31, 2012 | Deadline to file consolidated motions for summary judgment |
| June 28, 2013 | Initial disclosure of experts, consistent with the requirements of FRCP 26(a)(2) |
| July 31, 2013 | Disclosure of rebuttal experts, consistent with the requirements of FRCP 26(a)(2) |
| September 15, 2013 | Completion of expert discovery |

By way of explanation, the Ameriquest Defendants believe that an April 30, 2013 deadline for completion of fact discovery is the minimum amount of time necessary. It is expected that any of the remaining Opt-Out Plaintiffs and Third-Party Defendants will be completed in the next two months. Discovery for parties expressing a willingness to mediate will not begin in earnest until October/November 2012.

The Ameriquest Defendants intend to take the deposition of each Opt-Out Plaintiff on a multi-track basis. In addition, the Ameriquest Defendants will depose various Third-Party Defendants, and possibly some non-parties such as closing agents and appraisers. Depending on the number of parties involved in the Opt-Out cases that are not settled and subject to motions to dismiss for lack of prosecution, the completion of fact discovery by April 30, 2013 may be impracticable.

The Ameriquest Defendants' proposed schedule includes expert disclosures and expert discovery after the deadline for filing motions for summary judgment because of the significant expense inherent in expert disclosures and discovery. However, if any summary judgment or other dispositive motions raises expert issues, the Ameriquest Defendants are prepared to incorporate necessary expert discovery in connection with the determination of these motions.

The Status Report by the Fidelity Third-Party Defendants, Dkt. No. 5065, argues for the transfer to the transferor courts of all of the Fidelity-related cases (about 292 claims) and attempts to re-argue issues recently decided by this Court. Dkt. No. 5065 at 4. *First*, Fidelity claims that the cases should be transferred out of the MDL because discovery does not involve common issues. *Id.* at 4-5. The Court already rejected Fidelity's argument the last time Fidelity made that assertion in the context of transferring the *Terry* matter to the MDL, ruling that coordinated discovery merited reassignment to the MDL:

> Reassignment would also make the most of coordinated discovery – already underway in *Terry* but relevant to the similar claims in the MDL – into the practices of third-party defendants, including the interpretations of the indemnity language. Although Ticor/Fidelity insists that some individualized discovery will still be necessary, (Opp'n at 10-11), the need for such discovery has not disqualified other cases from reassignment in the past.

Order, Dkt. No. 782 at p.2. Discovery regarding the practices of Fidelity and its interpretations of the indemnity language are in its infancy as noted by the Court and are relevant to *Terry* and the other 292 claims against Fidelity.

*Second*, Fidelity again claims that transfer out of the MDL is necessary under the guise that discovery in the MDL is stayed by Judge Denlow's order. See Dkt. No. 5065 at 4, citing Dkt. No. 3268. But the Court already rejected Fidelity's argument that discovery was stayed and therefore, Fidelity could not pursue common discovery issues in the MDL. Order, Dkt. 782 at p. 2; *Cf.* Fidelity Opp., Dkt. No. 4367 at 10. Contrary to Fidelity's assertion, discovery is not stayed. Judge Denlow's order states that the discovery stay only applies "until the completion of

6

12284131v1

mediation proceedings, as set for the in Section 2 below." Dkt. No. 3268 at p. 3 of 6. Because the mediation proceedings are over, there is no discovery stay, and Fidelity recently received Ameriquest's uniform discovery requests about the standard form indemnity agreements that apply to the 292 claims.

*Third*, Fidelity claims that transfer is warranted because it is barred from a summary judgment motion. But the Court already rejected Fidelity's argument, noting that "Ameriquest contends that these cases are susceptible to disposition in a single proceeding – likely a summary judgment motion addressing the coverage of the indemnity language allegedly common to the hundreds of matters covered by *Terry* and the MDL." Dkt. No. 782 at p. 2. Accordingly, Fidelity's arguments for the transfer of its matters out of the MDL should be rejected, once again.

Respectfully submitted,

Dated: August 31, 2012

By: /s/ Joanne N. Davies

*Attorneys for ACC Capital Holdings Corporation, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corporation, and Olympus Mortgage Company*

Joanne N. Davies
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

7

12284131v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 31st day of August 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

12284131v1