Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| ) | |
| ) | |
| ) | MDL No. 1715 |
| ) | |
| IN RE AMERIQUEST MORTGAGE CO. ) | Lead Case No. 05-cv-07097 |
| MORTGAGE LENDING PRACTICES ) | |
| LITIGATION ) | (Centralized before the Honorable |
| ) | Marvin E. Aspen) |
| ) | |
| ) | |

**FIDELITY THIRD-PARTY DEFENDANTS'**
**OBJECTIONS AND ANSWERS TO AMERIQUEST'S**
**INTERROGATORIES (SET ONE) PROPOUNDED ON FIDELITY ENTITIES**

Third-Party Defendants Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively the "Fidelity Third-Party Defendants"), by and through their undersigned counsel of record, hereby object and respond to third-party plaintiff Ameriquest Mortgage Company's ("AMC") Interrogatories (Set One) Propounded on Fidelity Entities as follows:

**GENERAL OBJECTIONS**

1.     The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent they purport to impose obligations upon the Fidelity Third-Party Defendants that are inconsistent with or greater than the duties imposed by the Federal Rules of Civil Procedure.

2.     The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Such information will not be provided. In the event that any such

information is disclosed, such disclosure is inadvertent and does not constitute a waiver of privilege. In responding to the interrogatories, the Fidelity Third-Party Defendants do not waive, but expressly preserve, all such privileges.

3.      The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent they seek information that is outside the Fidelity Third-Party Defendants' possession, custody, or control.

4.      The Fidelity Third-Party Defendants object to AMC's interrogatories in their entirety insofar as they purport to require the Fidelity Third-Party Defendants to obtain and review electronically-stored information that is not reasonably accessible.

5.      The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent they exceed the scope of discovery permitted in the July 23, 2009 order entered by Magistrate Judge Denlow. (Docket No. 2957).

6.      The Fidelity Third-Party Defendants' responses to AMC's interrogatories are based on information currently available, at this stage of the litigation. The Fidelity Third-Party Defendants' investigation and discovery in this matter is ongoing. Further information and examination may disclose additional information related to AMC's interrogatories. As such, the Fidelity Third-Party Defendants' responses are provided without prejudice to their right to supplement these responses and provide additional information, or object to the production of further information, subsequently discovered.

7.      The Fidelity Third-Party Defendants object to the definition of "Chart" in these interrogatories because it is overbroad because it includes loans and lawsuits that are not at issue in the Fifth-Amended Third Party Complaint. In particular, the "Chart" references: (i) loans and lawsuits involving class-action plaintiffs for which AMC already stated it is not seeking

indemnification from any third-party plaintiff; (ii) loans and lawsuits not listed in the Fifth

Amended Third-Party Complaint; (iii) loans and lawsuits which Judge Aspen prohibited AMC

and the other third-party-plaintiffs from adding to the Fifth Amended Third-Party Complaint in

his November 22, 2010 order (Docket No. 3831); and (iv) loans and lawsuits originated by third

party plaintiffs other than AMC.

        8.     The Fidelity Third-Party Defendants object to the time frame of AMC's

interrogatories as being overbroad, unduly burdensome, and not reasonably calculated to lead to

the discovery of admissible evidence. AMC's interrogatories relate to specific loans entered into

on specific dates. Thus, the six-year time period set forth in AMC's interrogatories has no

rational relationship to any of the loans at issue.

        9.     These General Objections are incorporated by reference into each of the Fidelity

Third-Party Defendants' specific responses below.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

> Identify by Bates number(s) Documents reflecting each form of Blanket Closing
> Protection Letter used by Third-Party Defendants for each of the corresponding
> states marked with an "X" on the Chart.

       **ANSWER:** The Fidelity Third-Party Defendants object to Interrogatory No. 1 as overly

broad and unduly burdensome to the extent it seeks information that AMC already possesses or

that has previously been provided in the litigation. In addition, the Fidelity Third-Party

Defendants also object to the request on the grounds that it is vague, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

extent it seeks information that post-dates, or is unrelated to, the loans identified in the Fifth

Amended Complaint, as amended by those changes permitted by Judge Aspen in his November

3

22, 2010 order (Docket No. 3831). Subject to and without waiving any of these objections or the

General Objections stated above, to the extent that AMC provides the dates of the AMC-

originated loans listed in the Fifth Amended Third-Party Complaint, as amended by those

changes permitted by Judge Aspen in his November 22, 2010 order (Docket No. 3831), the

Fidelity Third-Party Defendants will identify any closing protection letters that they are able to

locate applicable to those loans.

Investigation continues.

**INTERROGATORY NO. 2:**

Describe how Blanket Closing Protection Letters were issued by Third-Party
Defendants for each of the corresponding states marked with an "X" on the Chart
including, but not limited to, the process for completing the letters such as
whether blanks in the regarding line or other particular language were used to
indicate that a closing protection letter is blanket, any characteristics that would
distinguish it from a transaction-specific letter, any approval process, and any
website for generation of the letter.

**ANSWER:** The Fidelity Third-Party Defendants object to Interrogatory No. 2 as overly

broad and unduly burdensome to the extent it seeks information that AMC already possesses or

that has previously been provided in the litigation. In addition, the Fidelity Third-Party

Defendants also object to the request on the grounds that it is vague, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

extent it seeks information that post-dates, or is unrelated to, the loans identified in the Fifth

Amended Complaint, as amended by those changes permitted by Judge Aspen in his November

22, 2010 order (Docket No. 3831). Subject to and without waiving any of these objections or the

General Objections stated above, to the extent that AMC provides the dates of the AMC-

originated loans listed in the Fifth Amended Third-Party Complaint, as amended by those

changes permitted by Judge Aspen in his November 22, 2010 order (Docket No. 3831), the

Fidelity Third-Party Defendants will identify any closing protection letters that they are able to locate applicable to those loans.

      Investigation continues.

                      Respectfully submitted,

                      Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

By: _____

                One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
James E. Sojoodi
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

## CERTIFICATE OF SERVICE

The undersigned on oath states that he served the foregoing on:

Randall L. Manvitz
Buchalter Nemer, P.C.
333 Market Street, 25th Floor
San Francisco, California 94105

Joanne Davies, Esq.
BuchalterNemer, P.C.
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514

by mailing same in a properly addressed envelope, postage prepaid, and by depositing same in the U.S. mail and by electronic mail on the 13th day of September, 2011.

Albert E. Fowerbaugh, Jr.

496387

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES<br>LITIGATION | )<br>)<br>) MDL No. 1715<br>)<br>) Lead Case No. 05-cv-07097<br>)<br>) (Centralized before the Honorable<br>) Marvin E. Aspen)<br>)<br>) |

### FIDELITY THIRD-PARTY DEFENDANTS'
### OBJECTIONS AND RESPONSES TO AMERIQUEST'S REQUESTS
### FOR PRODUCTION (SET ONE) PROPOUNDED ON FIDELITY ENTITIES

Third-Party Defendants Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively the "Fidelity Third-Party Defendants"), by and through their undersigned counsel of record, hereby object and respond to Third-Party Plaintiff Ameriquest Mortgage Company's ("AMC") Requests for Production (Set One) Propounded on Fidelity Entities as follows:

### GENERAL OBJECTIONS

1.      The Fidelity Third-Party Defendants object to AMC's document requests to the extent they purport to impose obligations upon the Fidelity Third-Party Defendants that are inconsistent with or greater than the duties imposed by the Federal Rules of Civil Procedure.

2.      The Fidelity Third-Party Defendants object to AMC's document requests to the extent they seek documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Such information will not be provided. In the event that any

such information is disclosed, such disclosure is inadvertent and does not constitute a waiver of privilege. In responding to the requests, the Fidelity Third-Party Defendants do not waive, but expressly preserve, all such privileges.

3. The Fidelity Third-Party Defendants object to AMC's document requests to the extent they seek documents that are outside the Fidelity Third-Party Defendants' possession, custody, or control.

4. The Fidelity Third-Party Defendants object to AMC's document requests in their entirety insofar as they seek production of electronically-stored information that is not reasonably accessible. The Fidelity Third-Party Defendants further object on the grounds that AMC's requests purport to require the restoration, search, and production of electronically-stored information.

5. The Fidelity Third-Party Defendants object to AMC's document requests to the extent the requests seek documents: (i) as to which AMC has equal access; (ii) that have already been produced in the litigation or that are already in the possession, custody, or control of AMC; and (iii) that are a matter of public record or are otherwise as easily obtained by AMC as the Fidelity Third-Party Defendants.

6. The Fidelity Third-Party Defendants object to AMC's requests to the extent they seek the production of documents beyond the scope of discovery permitted in the July 23, 2009 order entered by Magistrate Judge Denlow. (Docket No. 2957).

7. The Fidelity Third-Party Defendants' responses to AMC's requests are based on information currently available, at this stage of the litigation. The Fidelity Third-Party Defendants' investigation and discovery in this matter is ongoing. Further information and examination may disclose additional information related to these requests. As such, the Fidelity

Third-Party Defendants' responses are provided without prejudice to their right to supplement these responses and provide additional information, or object to the production of further information, subsequently discovered.

8.      A response to a request which states that the Fidelity Third-Party Defendants will produce documents is not a representation that such documents exist or ever have existed, but instead is a representation that to the extent such documents exist and are in the possession, custody, or control of the Fidelity Third-Party Defendants, they will be produced in accordance with the terms of the Fidelity Third-Party Defendants' response to the specific request.

9.      The Fidelity Third-Party Defendants object to the time frame of AMC's requests as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. AMC's document requests relate to specific loans entered into on specific dates. Thus, the six-year time period set forth in AMC's requests has no rational relationship to any of the loans at issue.

10.      The Fidelity Third-Party Defendants object to Exhibit A to AMC's requests on the grounds that the exhibit is overbroad because it includes loans and lawsuits that are not at issue in the Fifth-Amended Third Party Complaint. In particular, Exhibit A includes: (i) loans and lawsuits involving class-action plaintiffs for which AMC already stated it is not seeking indemnification from any third-party defendant; (ii) loans and lawsuits not listed in the Fifth Amended Third-Party Complaint; (iii) loans and lawsuits which Judge Aspen prohibited AMC and the other third-party plaintiffs from adding to the Fifth Amended Third-Party Complaint in his November 22, 2010 order (Docket No. 3831); and (iv) loans and lawsuits originated by third-party plaintiffs other than AMC.

11.     The Fidelity Third-Party Defendants object to the definition of "Chart" in AMC's requests as overbroad because it includes loans and lawsuits that are not at issue in the Fifth-Amended Third Party Complaint. In particular, Exhibit A includes: (i) loans and lawsuits involving class-action plaintiffs for which AMC already stated it is not seeking indemnification from any third-party defendant; (ii) loans and lawsuits not listed in the Fifth Amended Third-Party Complaint; (iii) loans and lawsuits which Judge Aspen prohibited AMC and the other third-party plaintiffs from adding to the Fifth Amended Third-Party Complaint in his November 22, 2010 order (Docket No. 3831); and (iv) loans and lawsuits originated by third-party plaintiffs other than AMC.

12.     These General Objections are incorporated by reference into each of the Fidelity Third-Party Defendants' specific responses below.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

Documents sufficient to show any and all forms of blanket closing protection letters used by Third-Party Defendants for each of the corresponding states marked with an "X" on the Chart.

**RESPONSE:** The Fidelity Third-Party Defendants object to Request No. 1 as overly broad and unduly burdensome to the extent it requires the Fidelity Third-Party Defendants to produce documents that AMC already possesses or that have previously been produced in the litigation. In addition, the Fidelity Third-Party Defendants also object to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that post-date, or are unrelated to, the loans identified in the Fifth Amended Complaint, as amended by those changes permitted by Judge Aspen in his November 22, 2010 order (Docket No. 3831). The Fidelity

Third-Party Defendants further object that the request is also unduly burdensome to the extent it

seeks closing protection letters that AMC already possesses and that AMC has already identified

and asserted to be applicable to the relevant loans. Subject to and without waiving any of these

objections or the General Objections stated above, to the extent that AMC provides the dates of

the AMC-originated loans listed in the Fifth Amended Third-Party Complaint, as amended by

those changes permitted by Judge Aspen in his November 22, 2010 order (Docket No. 3831), the

Fidelity Third-Party Defendants will produce any closing protection letters applicable to those

loans that they are able to locate within their possession, custody, or control.

**REQUEST NO. 2:**

> Any and all Documents Relating To the loan closings for the loans referenced at
> Ex. A including but not limited to applicable closing protection letters, closing
> affidavits, closing instructions, closing files, title files, or loan files.

> **RESPONSE:**  The Fidelity Third-Party Defendants object to Request No. 2 as overly

broad and unduly burdensome to the extent it requires the Fidelity Third-Party Defendants to

produce documents that AMC already possesses or that have previously been produced in the

litigation. In addition, the Fidelity Third-Party Defendants also object to the request on the

grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence to the extent it seeks documents that post-date the loans

identified in the Fifth Amended Complaint, as amended by those changes permitted by Judge

Aspen in his November 22, 2010 order (Docket No. 3831). The Fidelity Third-Party Defendants

further object that the request is also unduly burdensome to the extent it seeks closing protection

letters that AMC already possesses and that AMC has already identified and asserted to be

applicable to the relevant loans. The Fidelity Third-Party Defendants further object to this

request on the grounds that it is overly broad and unduly burdensome to the extent it requires a

nationwide search of legacy databases for each of the Fidelity Third-Party Defendants or requires

any of the Fidelity Third-Party Defendants to locate, restore, and search e-mails for all employees. Subject to and without waiving any of these objections or the General Objections stated above, the Fidelity Third-Party Defendants state that they have already produced documents relating to the loan closings for the AMC-originated loans listed in the Fifth Amended Third-Party Complaint, as amended by those changes permitted by Judge Aspen in his November 22, 2010 order (Docket No. 3831). If additional responsive, non-privileged documents relating to the relevant loan closings are located while this MDL proceeding is pending, the Fidelity Third-Party Defendants will produce them.

## REQUEST NO. 3:

For each row of Ex. A, any and all closing protection letters for Ameriquest which reference the title underwriter and title company/approved attorney dated on or before the date of the loan which do not reference a specific loan transaction.

### RESPONSE:

The Fidelity Third-Party Defendants object to Request No. 3 as overly broad and unduly burdensome to the extent it requires the Fidelity Third-Party Defendants to produce documents that AMC already possesses or that have previously been produced in the litigation. The Fidelity Third-Party Defendants also object to the request to the extent it is duplicative of Request No. 2. The Fidelity Third-Party Defendants also object to this request on the ground that the request for closing protection letters "on or before the date of" certain loans set forth in Exhibit A is vague, ambiguous, overly broad and unduly burdensome because Exhibit A does not include the dates on which any of the relevant loans were purportedly closed. In addition, the Fidelity Third-Party Defendants also object to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that post-date, or are unrelated to, the loans identified in the Fifth Amended Complaint, as amended by those changes permitted by Judge Aspen in his November

22, 2010 order (Docket No. 3831). The Fidelity Third-Party Defendants further object that the

request is also unduly burdensome to the extent it seeks closing protection letters that AMC

already possesses and that AMC has already identified and asserted to be applicable to the

relevant loans. The Fidelity Third-Party Defendants further object to this request on the grounds

that it is overly broad and unduly burdensome to the extent it requires a nationwide search of

legacy databases for each of the Fidelity Third-Party Defendants or requires any of the Fidelity

Third-Party Defendants to locate, restore, and search e-mails for all employees. Subject to and

without waiving any of these objections or the General Objections stated above, to the extent that

AMC provides the dates of the AMC-originated loans listed in the Fifth Amended Third-Party

Complaint, as amended by those changes permitted by Judge Aspen in his November 22, 2010

order (Docket No. 3831), the Fidelity Third-Party Defendants will produce any closing

protection letters applicable to those loans that they are able to locate within their possession,

custody, or control.

**REQUEST NO. 4:**

>    Any and all Documents memorializing any closing protection letter generated for
>    Ameriquest with respect to a title underwriter and title company/approved
>    attorney listed on a row of Ex. A (such as, for example, a spreadsheet from the
>    database of closing protection letters from Fidelity's websites and corresponding
>    form of closing protection letter as produced in the *Terry* matter).

>    **RESPONSE:** The Fidelity Third-Party Defendants object to Request No. 4 as overly

broad and unduly burdensome to the extent it requires the Fidelity Third-Party Defendants to

produce documents that AMC already possesses or that have previously been produced in the

litigation. The Fidelity Third-Party Defendants also object to the request to the extent it is

duplicative of Request Nos. 2 and 3. In addition, the Fidelity Third-Party Defendants also object

to the request on the grounds that it is vague, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

documents that post-date, or are unrelated to, the loans identified in the Fifth Amended

Complaint, as amended by those changes permitted by Judge Aspen in his November 22, 2010

order (Docket No. 3831). The Fidelity Third-Party Defendants further object that the request is

also unduly burdensome to the extent it seeks closing protection letters that AMC already

possesses and that AMC has already identified and asserted to be applicable to the relevant loans.

The Fidelity Third-Party Defendants further object to this request on the grounds that it is overly

broad and unduly burdensome to the extent it requires a nationwide search of legacy databases

for each of the Fidelity Third-Party Defendants or requires any of the Fidelity Third-Party

Defendants to locate, restore, and search e-mails for all employees. Subject to and without

waiving any of these objections or the General Objections stated above, to the extent that AMC

provides the dates of the AMC-originated loans listed in the Fifth Amended Third-Party

Complaint, as amended by those changes permitted by Judge Aspen in his November 22, 2010

order (Docket No. 3831), the Fidelity Third-Party Defendants will produce any closing

protection letters applicable to those loans that they are able to locate within their possession,

custody, or control.

**REQUEST NO. 5:**

> Any and all agreements between Ameriquest and any title underwriter listed on
> Ex. A. which is not limited in scope to a specific loan transaction.

**RESPONSE:** The Fidelity Third-Party Defendants object to Request No. 5 as overly

broad and unduly burdensome to the extent it requires the Fidelity Third-Party Defendants to

produce documents that AMC already possesses or that have previously been produced in the

litigation. The Fidelity Third-Party Defendants also object that the term "[a]ny and all

agreements" is vague and ambiguous and overly burdensome to the extent it is not limited to

formal written agreements contained in a loan's closing file. The Fidelity Third-Party

Defendants also object to the request to the extent it is duplicative of Request Nos. 2, 3, and 4. In addition, the Fidelity Third-Party Defendants also object to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that post-date, or are unrelated to, the loans identified in the Fifth Amended Complaint, as amended by those changes permitted by Judge Aspen in his November 22, 2010 order (Docket No. 3831). The Fidelity Third-Party Defendants further object that the request is also unduly burdensome to the extent it seeks closing protection letters that AMC already possesses and that AMC has already identified and asserted to be applicable to the relevant loans. The Fidelity Third-Party Defendants further object to this request on the grounds that it is overly broad and unduly burdensome to the extent it requires a nationwide search of legacy databases for each of the Fidelity Third-Party Defendants or requires any of the Fidelity Third-Party Defendants to locate, restore, and search e-mails for all employees.

**REQUEST NO. 6:**

Any and all agreements between any title underwriter and title company listed on a row of Ex. A in effect at any time from January 1, 2001 to December 31, 2005.

**RESPONSE:** The Fidelity Third-Party Defendants object to Request No. 6 as overly broad and unduly burdensome to the extent it requires the Fidelity Third-Party Defendants to produce documents that AMC already possesses or that have previously been produced in the litigation. The Fidelity Third-Party Defendants also object that the term "[a]ny and all agreements" is vague and ambiguous and overly burdensome to the extent it is not limited to formal written agreements contained in a loan's closing file. In addition, the Fidelity Third-Party Defendants also object to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the

extent it seeks documents that post-date, or are unrelated to, the loans identified in the Fifth

Amended Complaint, as amended by those changes permitted by Judge Aspen in his November

22, 2010 order (Docket No. 3831. The Fidelity Third-Party Defendants further object to this

request on the grounds that it is overly broad and unduly burdensome to the extent it requires a

nationwide search of legacy databases for each of the Fidelity Third-Party Defendants or requires

any of the Fidelity Third-Party Defendants to locate, restore, and search e-mails for all

employees. The Fidelity Third-Party Defendants also object on the grounds that the request for

"agreements between any title underwriter and title company" seeks irrelevant information that is

not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 7:

> Any and all files or folders (electronic or hard copy) for any of the title companies
> listed on Ex. A including but not limited to the agent files and audit files.

**RESPONSE:** The Fidelity Third-Party Defendants object to Request No. 5 as overly

broad and unduly burdensome to the extent it requires the Fidelity Third-Party Defendants to

produce documents that AMC already possesses or that have previously been produced in the

litigation. The Fidelity Third-Party Defendants also object that the request for "[a]ny and all

files or folders" is vague, ambiguous, overly burdensome, and not reasonably calculated to lead

to the discovery of admissible evidence. The Fidelity Third-Party Defendants also object to the

request to the extent it is duplicative of Request Nos. 2, 3, 4, and 5. In addition, the Fidelity

Third-Party Defendants also object to the request on the grounds that it is vague, overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks documents that post-date, or are unrelated to, the loans identified

in the Fifth Amended Complaint, as amended by those changes permitted by Judge Aspen in his

November 22, 2010 order (Docket No. 3831). The Fidelity Third-Party Defendants further

object to this request on the grounds that it is overly broad and unduly burdensome to the extent

it requires a nationwide search of legacy databases for each of the Fidelity Third-Party

Defendants or requires any of the Fidelity Third-Party Defendants to locate, restore, and search

e-mails for all employees.

Respectfully submitted,

Chicago Title Insurance Company, Commonwealth Land
Title Insurance Company, Fidelity National Title Insurance
Company, Lawyers Title Insurance Company, Ticor Title
Insurance Company, American Pioneer Title Insurance
Company, and Transnation Title Insurance Company.

By: _____
One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
James E. Sojoodi
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

## CERTIFICATE OF SERVICE

The undersigned on oath states that he served the foregoing on:

> Randall L. Manvitz
> Buchalter Nemer, P.C.
> 333 Market Street, 25th Floor
> San Francisco, California 94105
>
> Joanne Davies, Esq.
> BuchalterNemer, P.C.
> 18400 Von Karman Avenue, Suite 800
> Irvine, California 92612-0514

by mailing same in a properly addressed envelope, postage prepaid, and by depositing same in the U.S. mail and by electronic mail on the 13th day of September, 2011.

Albert E. Powerbaugh, Jr.

496386

12

# BUTLER RUBIN SALTARELLI & BOYD LLP

September 13, 2012

Albert E. Fowerbaugh, Jr
Direct Dial: 312-696-4440
Direct Fax: 312-896-9174
afowerbaugh@butlerrubin.com

**BY E-MAIL AND U.S. MAIL**

Randall L. Manvitz
Buchalter Nemer, P.C.
333 Market Street, 25th Floor
San Francisco, California 94105

> Re: *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*
> MDL No. 1715

Dear Randall:

Enclosed please find: (1) Fidelity Third-Party Defendants' Objections and Responses to Ameriquest's Requests for Production (Set One) Propounded on Fidelity Entities; and (2) Fidelity Third-Party Defendants' Objections and Answers to Ameriquest's Interrogatories (Set One) Propounded on Fidelity Entities. Although we are under no obligation to do so, we are e-mailing you a copy of both discovery responses as you requested in your September 7 e-mail.

Before you even received my clients' responses to Ameriquest's document requests and interrogatories, you indicated a desire to meet-and-confer about those unseen responses. After you have had the opportunity to review my clients' responses, please let us know if Ameriquest still believes that a meet-and-confer conference is necessary. If it does, we would be happy to engage in a meet-and-confer teleconference pursuant to Local Rule 37.2. To ensure that call is productive, however, we kindly request that Ameriquest provide us with a letter or e-mail setting forth any issues or concerns that Ameriquest has with my clients' discovery responses that Ameriquest would like to discuss during the call. You will recall that this is the same procedure Ameriquest insisted upon before it would meet-and-confer about Ticor's concerns with Ameriquest's objections. (*See e.g.*, June 27, 2012, E-mail from R. Manvitz to A. Shapiro.)

Randall L. Manvitz
September 13, 2012
Page 2

      You previously requested a meet-and-confer conference tomorrow, the day after we served our responses. Due to our schedules and the upcoming Rosh Hashana holiday, Andy and I are unable to participate in a call tomorrow or on Monday. Andy and I, however, are available for a Rule 37.2 meet-and-confer conference at 2:00 p.m. (central) on Tuesday, September 18. If that works for you, please provide us by 5:00 p.m. (central) on September 17 with the letter/ e-mail setting forth the issues Ameriquest would like to discuss during that call.

Sincerely,

Albert E. Fowerbaugh, Jr.

AEF:clp

Enclosures

cc:   Andrew Shapiro

496625v1