# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 1715<br><br>Lead Case No. 05 CV 07097<br><br>(Centralized before the Honorable Marvin E. Aspen)<br><br>Magistrate Judge Morton Denlow |

**THE FIDELITY THIRD-PARTY DEFENDANTS'
OPPOSITION TO AMERIQUEST'S MOTION TO
COMPEL DISCOVERY RE: FIDELITY AGREEMENTS**

On August 10, 2012, third-party Plaintiff Ameriquest Mortgage Company ("Ameriquest") served discovery requests on several third-party defendants (collectively "Fidelity").[1]  Six days ago—on September 13—Fidelity timely filed its responses and objections to those requests.  On that same day, Fidelity's counsel agreed to make themselves available three business days later—on September 18—to discuss any issues Ameriquest had with Fidelity's responses and objections.  But the day before the parties were set to meet and confer—and only two business days after Fidelity served its responses and objections—Ameriquest filed its Motion to Compel [Docket No. 5082] (the "Motion").

Ameriquest failed to comply with its Rule 37.2 meet-and-confer obligations before filing its motion.  Therefore, as set forth in Judge Denlow's Case Management Procedures, the Court should deny the Motion and sanction Ameriquest.  The Motion should also be denied because Ameriquest's discovery responses are overbroad.  First, the requests seek documents and information beyond that permitted by the Joint Discovery Plan previously agreed to by Ameriquest and entered by this Court.  These requests are also overbroad because they seek discovery as to loans not at issue in Ameriquest's Fifth Amended Third Party Complaint ("FATPC"), loans in which Fidelity is not alleged to be involved, or loans originated by parties other than Ameriquest—the only party propounding these requests.  Finally, the time period of these requests is overbroad.  These requests relate to specific loans yet Ameriquest seeks discovery over a six-year period of time, regardless of when the loan at issue was made.

Due to Ameriquest's failure to comply with its meet-and-confer obligations, and because

---

[1]  For purposes of this brief, the term "Fidelity" refers to the following third-party defendants: Alamo Title Insurance Company, American Pioneer Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Company, Commonwealth Land Title Insurance Company, Fidelity National Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security National Title Insurance Company, Ticor Title Insurance Company, and Transnational Title Insurance Company.

the requested discovery is not appropriate at this time, Fidelity requests that the Court deny

Ameriquest's Motion, award attorney's fees to Fidelity, and sanction Ameriquest in any other

manner the Court considers appropriate.

**I.      The Court Should Deny the Motion and Sanction Ameriquest for Violating Local Rule 37.2's Meet-and-Confer Requirements.**

Local Rule 37.2 states that the Court should "refuse to hear any and all motions for

discovery and production of documents" unless the parties have engaged in good-faith efforts to

resolve their differences.  Moreover, this Court's own Case Management Procedures similarly

provide that "the court *will not hear or consider* any discovery motions unless the parties have

complied with Local Rule 37.2" and that "[f]ailure to comply with these rules *will result in the*

*imposition of sanctions*."  Nonetheless, Ameriquest filed the Motion without complying with

Local Rule 37.2's meet-and-confer requirements.

Fidelity served is discovery responses and objections on Thursday, September 13, 2012.

In the cover letter accompanying its responses, Fidelity's counsel stated that they "would be

happy to engage in a meet-and-confer teleconference pursuant to Local Rule 37.2."

(September 13, 2012, email from A. Fowerbaugh to R. Manvitz, attached as Exhibit 1).  Due to

their schedules and the upcoming Rosh Hashanah holiday, however, Fidelity's counsel stated

that they would be unable to participate in such a call until the following Tuesday, September 18.

*Id.*  Thus, Fidelity's counsel agreed to meet-and-confer within three business days after sending

Fidelity's discovery responses.

But Ameriquest filed its motion on September 17, before the parties were to meet and

confer and without having first raised any specific issues or concerns with Fidelity's responses.

Ameriquest's decision to file its motion before meeting and conferring in good faith violated

Local Rule 37.2 and this Court's Case Management Procedures.  Ameriquest's actions have also

2

wasted the Court's time and caused Fidelity to incur the expense associated with responding to the Motion.

Ameriquest's contention that it needed to file its motion prematurely to ensure your Honor could resolve the dispute before retiring is unavailing. Upon retirement, Magistrate Judge Martin is scheduled to take over this case and he is equally fit to resolve the parties' dispute, to the extent one exists after the parties have met and conferred. Moreover, your Honor's impending retirement was announced long ago. Had Ameriquest truly believed that your Honor was the only person capable of resolving the issues related to these specific discovery requests, it should not have waited until August, 2012, to serve them. Indeed, Ameriquest's decision to wait so long to serve those requests does not justify prematurely filing a motion in violation of Rule 37.2. Finally, Ameriquest's contention that there was a "deadline" by which it needed to file the Motion, (Mot. at 1), is false. No such deadline exists.

Accordingly, because Ameriquest chose to prematurely file the Motion and ignore its obligation to engage in good-faith meet-and-confer discussions, the Court should deny the Motion and sanction Ameriquest by requiring it to reimburse Fidelity for the expenses incurred in responding to the Motion.

## II.    If the Court Considers Ameriquest's Motion Before the Parties Meet and Confer, the Motion Should be Denied on Substantive Grounds.

If the Court decides to consider the substance of Ameriquest's Motion, the Motion should be denied for the following reasons:

### A.    The Court's Orders Preclude Case-Specific Discovery Other Than the Limited Discovery Set Forth in the Orders.

In July 2009, counsel for the Opt-out plaintiffs, Ameriquest, and the third-party defendants (through their liaison counsel) presented this Court with an agreed order limiting the

3

scope of discovery on the third-party claims as follows: (i) Ameriquest was to produce to each third-party defendant the particular loan files related to claims against it; and (ii) each third-party defendant shall produce to Ameriquest the particular loan file(s) at issue along with any agreement with Ameriquest that governed the closing of the particular loan or loans at issue. (Docket No. 2957, ¶ 3). This order further provided that "*[a]ll other discovery* related to the Opt-Out Claims by any party in this case *is stayed* until the Rule 26(f) Conference scheduled by this Order." (*Id.*, emphasis added). This Court signed this order on July 23, 2009. (Exhibit 2).

Counsel for all the parties in the Opt-Out Actions participated in the Rule 26(f) Conference and on September 2, 2009, presented this Court with an order, agreed to by all parties, setting forth the parties' Joint Discovery Plan. This Plan set forth the time by which the plaintiffs were required to produce their loan-related documents to Ameriquest, and the time by which Ameriquest was to provide copies of those documents to the third-party defendants. As to discovery between Ameriquest and the third-party defendants regarding the third-party claims, the discovery plan provided that such discovery is governed by the July 23, 2009, Order. (Exhibit 3, ¶¶ 1(a), 1(b)). The agreed-upon discovery plan further stated that "[*n]o other discovery shall be conducted in this MDL proceeding* with respect to Plaintiffs' opt-out claims and the corresponding Third Party claims, until the completion of mediation proceedings" relating to the settlement of "the Opt-Out Plaintiffs' claims." (*Id.* at ¶¶ 1(d), 2, emphasis added). This Court signed this Joint Discovery Plan on December 14, 2009. As a result, this Court expressly ordered that discovery relating to Ameriquest's third-party claims, including those against Fidelity, was limited to the exchange of loan files and agreements governing the closings of the specific loans at issue, until the mediation of the opt-out plaintiffs' claims concluded. Since those mediations continue to this date, the parties' Joint Discovery Plan applies and limits

the scope of permissible discovery to the loan files and other agreement relating to the specific loans at issue in this MDL proceeding.

For more than two years, Ameriquest and the third-party defendants understood the limits of discovery on the third-party claims imposed by these two orders—Ameriquest did not serve any discovery requests upon Fidelity (and presumably the other third-party defendants as well), and Fidelity produced to Ameriquest more than 13,615 pages of documents relating to closing files and agreements relating to the loans at issue in the MDL proceeding.[2]   However, it appears that your Honor's upcoming retirement caused Ameriquest and its counsel to ignore both these orders and Local Rule 37.2 in an attempt to get this matter before this Court before the end of this month.   Ameriquest's counsel initially sought to "meet and confer," and later threatened to file a motion to compel, regarding Fidelity's objections even before Fidelity's responses were due.  Although Ameriquest abandoned that foolish plan, it nonetheless filed this motion to compel without first complying with Local Rule 37.2.  In his September 7, 2012, email to Fidelity's counsel, Ameriquest's counsel stated that he would "wait until *after the 13th* to raise the issue with Judge Denlow…"  (Exhibit 4).  However, that statement was false.  Rather, on September 13, 2012, without any prior notice to Fidelity or any other third-party defendant, Ameriquest's counsel requested this Court to change the terms of both the July 23, 2009, and December 14, 2009, discovery orders.  (Hearing Tr. at 6:16-7:8, excerpts attached as Exhibit 5).  Ameriquest's *ex parte* request to this Court was improper.

There are significant reasons why discovery in the MDL proceeding as to the third-party claims should continue to be limited to the matters set forth in the prior orders.  First, neither Ameriquest nor the third-party defendants have answered any of the allegations of the FATPC

---

[2]  Fidelity has also produced to Ameriquest several thousand additional pages of documents in the *Terry v. Ameriquest* litigation which, until recently, was not part of this MDL proceeding.

5

and thus are not at issue. After Judge Aspen ruled on the third-party defendants' motion to

dismiss the FATPC[3], the third-party defendants requested the Court to remand these cases to the

transferor courts before requiring the third-party defendants to answer or otherwise respond to

the FATPC.   That motion was prompted by the considerable difficulty associated with filing

answers (and affirmative defenses, and individualized motions to dismiss) with respect to

generalized allegations regarding hundreds of third-party defendants and more than a thousand

different loan transactions.  For example, Fidelity would have to individually answer each of the

allegations for the 281 loans alleged in the FATPC.  Judge Aspen in part agreed, stayed any

obligation to answer the FATPC, and took the remaining requests for relief under advisement

(including the request for remand).  (Docket No. 3503, attached as Exhibit 6). There is no reason

why the parties should now have to undertake burdensome and expensive discovery on issues

that may be admitted when answers are ultimately filed.

     Allowing full discovery on the third-party claims is also improper at this time because

Judge Aspen made it clear that he will not decide case-specific motions to dismiss or motions for

summary judgment as part of the MDL proceeding.  (*See* Docket Nos. 3311, p. 14 ("We are in no

position to determine the legal duties of Third-Party Defendants, who held varying roles in

thousands of transactions, or to evaluate the common law of more than twenty states . . . .

Accordingly, we leave this question for another day (and potentially the transferor court) . . . .");

2553, p. 1 ("We will not be resolving unique factual disputes; summary judgment motions

raising factual issues are not permitted and must be filed only before the transferor court, if and

when remand occurs.")).  However, this prevents Fidelity and the other third-party defendants

from avoiding the costs of unnecessary discovery by obtaining early dismissals or judgments in

---

[3]  Judge Aspen denied the motion as to the breach of contract claim, granted the motion as to the negligence claims, and deferred ruling on the motion to dismiss the negligent misrepresentation claim.  (Docket No. 3311).

some of these cases. Allowing Ameriquest unfettered discovery, but handcuffing the third-party defendants by not giving them the means to avoid that discovery through early dispositive motions, is patently unfair.

Finally, permitting full discovery on all the third-party claims will likely result in numerous case-specific discovery motions before this Court. Fidelity is alleged in the FATPC to have been involved in 281 loans. Since the plaintiffs' claims against Ameriquest (and thus Ameriquest's third-party claims for indemnity) turn on the facts of each loan, Fidelity will be required to engage in discovery, in each of the 281 opt-out cases, as to the plaintiffs, Ameriquest, and other parties involved in the closing of each of these loans to develop its defenses to the third-party claims. This will ultimately lead to numerous case-specific discovery disputes, none of which are appropriate in an MDL proceeding.

In light of Ameriquest's improper *ex parte* conduct and the significant implications of extending full discovery to the third-party claims, this Court should not alter the limitations of discovery set forth in the July 23, 2009, and December 14, 2009, discovery orders until all the third-party defendants have been given a full opportunity to be heard on this issue. Therefore, this Court should deny Ameriquest's Motion to the extent that it seeks discovery beyond the scope of those two orders.

**B.      For the Discovery the Court has Permitted, Ameriquest is Attempting to Include Loans the Court Previously Prohibited.**

This Court should deny Ameriquest's motion to compel because its discovery requests are overbroad as they seek discovery regarding numerous loans that are not at issue in the FATPC. In the FATPC, Ameriquest specified in connection with each plaintiff and opt-out lawsuit the identity of the third-party defendants allegedly involved. However, Ameriquest seeks

discovery regarding a number of loans and opt-out lawsuits that are not part of the FATPC or

which, on the face of the FATPC, do not involve Fidelity.

For example, the following borrowers, listed on Exhibit A to Ameriquest's document

requests, are not included in the FATPC and thus Fidelity is not a third-party defendant to any

lawsuit arising from those plaintiffs' claims:

- Clark, Harvey
- Gruhlke, Michael & Lori
- Guiditta, Edward & Nina
- Jagoe, Bobby & Karen (both loans)
- Jones, Sentueal and Palmer, Cecily O.
- Kruger, John
- Sullivan, David and Bathin, Drucie
- Washington, Rochelle and Sidney
- Wildermuth, Victoria and Thomas

Since Fidelity is not a third-party defendant (or any other type of party) to any action brought by

these plaintiffs against Ameriquest, Ameriquest cannot obtain discovery from Fidelity other than

by a subpoena pursuant to Rule 45. Therefore, this Court should deny Ameriquest any discovery

as to these loans.

Ameriquest also seeks discovery as to a number of loans which Judge Aspen *refused* to

permit Ameriquest leave to add to the FATPC. On May 24, 2010, Ameriquest filed an "Errata"

to the FATPC, purporting to correct a number of "errors" in it, including changing the identity of

third-party defendants with respect to a number of the loans listed in that pleading. On the third-

party defendants' objections, Judge Aspen refused to permit Ameriquest to change the identity of

the third-party defendants listed in the FATPC (except to the extent to remove a third-party

defendant):

> To be clear, we will not allow the changes included in the Notice
> [of Errata] to the extent that entirely new parties would be added to
> the FATPC. We also reject any attempt to associate previously-
> named Third-Party Defendants with additional cases, claims or

8

> loans not previously alleged.  As Third-Party Defendants point out
> (*see* Opp'n ¶ 5), we also cannot approve changes concerning
> matters already remanded to the transferor courts here in the
> Northern District of Illinois, such as in the *Ferguson* case.

(Docket 3831, p. 2, attached as Exhibit 7).  Ameriquest improperly seeks discovery from Fidelity

for the following loans in which Fidelity was not initially named a third-party defendant and for

which leave was expressly denied by Judge Aspen to include Fidelity as a third-party defendant:

- Chaney, Shirley & Willie
- Diaz, Jesus and Karen
- Ferencz, Dawn and Steven
- Fitzner, Kenneth & Dawn
- Furgeson, Marie[4]
- Gburek, Camille
- Griffin, Nicholas & Ann
- Hodor, Steven & Valerie
- Jaye, Patrick & Laurie
- Juillerat, Deborah
- McGowan, Sandra
- Miller, Benjamin & Katherine
- Mills, Delois
- Montgomery, Michele & Mark
- Olynciw, Michael
- Sherman, Thomas
- Steinmiller, Gary and Kelly
- Walsh, Keity and Yvonne

Since Judge Aspen has held that Fidelity cannot be added as a third-party defendant as to these

loans, Ameriquest cannot obtain any discovery relating to them from Fidelity.

Finally, although these proceedings relate to the Opt-out plaintiffs, Ameriquest

improperly seeks discovery regarding a number of *class action* plaintiffs, including:

- Adamowicz, Timothy & Francis
- Carlson, Raymond and Rebecca
- Galvan, Patrick
- Knox, Nona & Albert

---

[4]  This Court also does not have jurisdiction to order any discovery as to this loan because on May 10, 2010, Judge Aspen remanded Marie Furgeson's lawsuit out of the MDL to the transferor court.  (Docket No. 3574).

- Madrazo, Richard
- Peabody, Robert & Debra
- Ross, Johnnie & Kareem
- Russo, Michael
- Saunders, Pegi
- Wakefield, David & Janet

In addition to seeking discovery regarding plaintiffs not at issue in the FATPC,

Ameriquest improperly seeks discovery of loans originated by parties other than Ameriquest, the

only third-party defendant that propounded the document requests and interrogatories. As shown

in the FATPC, more than half of the loans at issue were originated by Argent Mortgage

Company or Town & Country Credit Corporation, yet neither party has sought discovery from

Fidelity. Ameriquest can only seek discovery for loans it originated. Therefore, this Court

should deny Ameriquest's motion to compel.

**C.      The Temporal Scope of Ameriquest's Interrogatories and Document Requests Is Overbroad.**

Ameriquest's requests seek documents and information from January 1, 2000, to

December 31, 2005, from seven different title underwriters. But the temporal scope of those

requests is overbroad because the closing protection letters purportedly applicable to each of the

relevant loans were issued within a much narrower date range, which was different for each of

the seven title underwriters.[5] Moreover, Ameriquest contends that each loan is covered by only

one closing protection letter. (*See, e.g.*, M. Gibson Dep. Tr. at 106:6-14, excerpts attached as

Exhibit 8). And the closing protection letter that Ameriquest contends covers each relevant loan

is the most recent letter preceding the closing date. (*See, e.g.*, *id.* at 127:11-18, 139:22-140:17).

Thus, there is no need for Ameriquest to take discovery from 2000 or 2004 concerning, for

instance, a closing protection letter purportedly issued in 2005. Accordingly, Ameriquest's

---

[5]  The exact range is not clear from Ameriquest's requests and Fidelity objected that Exhibit A to the requests failed to specifically set forth the date on which each of the relevant loans closed.

request for documents and information throughout a six-year period is overbroad and unduly

burdensome.

## IV.    CONCLUSION

For the reasons set forth above, this Court should deny Ameriquest's motion to compel,

award attorney's fees to Fidelity, and sanction Ameriquest in any other matter the Court deems

appropriate.

Dated:  September 19, 2012

> Alamo Title Insurance Company, American Pioneer Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Company, Commonwealth Land Title Insurance Company, Fidelity National Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, and Transnational Title Insurance Company.

> By:____s/ Albert E. Fowerbaugh, Jr._____
> One of Its Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
James E. Sojoodi
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, IL 60602-4257
Phone: (312) 444-9660
Fax: (312) 444-9287

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a true copy of the preceding document was served on September 19, 2012, on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/ Albert E. Fowerbaugh, Jr.

496826

12