# EXHIBIT 7

Order Form (01/2005) Case: 1:05-cv-07097 Document #: 3831 Filed: 11/22/10 Page 1 of 2 PageID #:44913

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 11/22/2010 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is a contested Notice of Errata (Dkt. No. 3597), filed by Defendants/Third-Party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC (collectively, "Ameriquest"). Ameriquest asks that we allow it to correct "certain inadvertent errors" in the Fifth Amended Consolidated Third-Party Complaint ("FATPC"). (Notice at 1.) Ameriquest discovered numerous mistakes while reviewing loan files related to the Opt-Out Claims and now wishes to make some changes to its prior identification of Third-Party Defendants. (*Id.*) For the reasons stated in the statement section of this order, it is granted in part and denied in part.

■[ For further details see text below.]      Notices mailed by Judicial staff.

**STATEMENT**

(Reserved for use by the Court)

# ORDER

Presently before us is a contested Notice of Errata (Dkt. No. 3597), filed by Defendants/Third-Party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC (collectively, "Ameriquest"). Ameriquest asks that we allow it to correct "certain inadvertent errors" in the Fifth Amended Consolidated Third-Party Complaint ("FATPC"). (Notice at 1.) Ameriquest discovered numerous mistakes while reviewing loan files related to the Opt-Out Claims and now wishes to make some changes to its prior identification of Third-Party Defendants. (*Id.*)

Ameriquest proposed four types of changes in the Notice of Errata: (1) removal of certain defendants and replacement with different defendants involved in particular loans; (2) correction of the categorization of properly-named defendants (i.e. identifying an unchanged defendant as an Underwriter, rather than a Title Defendant); (3) separation and clarification where borrowers had more than one Ameriquest loan; and (4) correction of loans placed on the Ameriquest list as opposed to the Argent list, and vice versa. (*Id.* at 2.)

Third-Party Defendants oppose these changes, however, insofar as the Notice "seeks to add new allegations of involvement in cases and loan transactions against Third-Party Defendants who have not previously been named in those cases or transactions." (Opp'n ¶ 7.) Third-Party Defendants contend that the proposed corrections would substantively amend the FATPC in violation of our June 23, 2009 order. In that order—entered more than a year before the filing of the Notice of Errata—we allowed an amendment to the FATPC and further held that any additional revisions must be sought by September 18, 2009. (6/23/09 Order, Dkt. No. 2912, at 2.) Third-Party Defendants correctly argue that the Notice's attempt to add new parties to the FATPC contravenes our earlier order, and as described below, we decline to allow the Notice in that respect.

We carefully reviewed the briefs on this issue, as well as the exhibits to the Notice. Although Ameriquest suggests that the Notice "does not add any new claims to the FATPC," (Reply at 3), that argument overlooks the Notice's significant effect on the parties to the litigation, particularly from Third-Party Defendants' perspective.

Case: 1:05-cv-07097 Document #: 3831 Filed: 11/22/10 Page 2 of 2 PageID #:44914

| STATEMENT |
|---|

Here, Third-Party Defendants have been researching and mediating certain claims, only to find out now that perhaps they should have focused at least some of their energies elsewhere. We acknowledge that Ameriquest has been reviewing files for hundreds of loans, but it alone bears the responsibility for its record-keeping and any resulting difficulty in identifying defendants. Ultimately, while the actual counts of the FATPC may remain the same with the Notice, the defendants change and so must the pleading as a practical matter. We also find Ameriquest's judicial economy argument unavailing in this instance. At this juncture and given our prior order on this point, we disallow the Notice in part.

    To be clear, we will not allow the changes included in the Notice to the extent that entirely new parties would be added to the FATPC. We also reject any attempt to associate previously-named Third-Party Defendants with additional cases, claims or loans not previously alleged. As Third-Party Defendants pointed out (*see* Opp'n ¶ 5), we also cannot approve changes concerning matters already remanded to the transferor courts here in the Northern District of Illinois, such as in the *Ferguson* case. We accept the Notice for purposes of re-categorizing defendants previously associated with a particular loan; thus, we permit Ameriquest to clarify where a defendant should be named an Underwriter rather than a Title Defendant for a loan, and the like. We also accept Ameriquest's release of certain defendants from particular claims based on the results of its investigation, as well as its clarification regarding loans placed on the Ameriquest list instead of the Argent list, and vice versa. It is so ordered.