**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | Case No. 05 C 7097 |
| | Chicago, Illinois September 13, 2012 |
| THIS DOCUMENT RELATES TO ALL CASES | 10:46 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MORTON DENLOW, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:    MR. DANIEL M. HARRIS
                       The Law Offices of Daniel Harris
                       150 N. Wacker Drive
                       Suite 3000
                       Chicago, IL  60606
                       (312) 960-1802

                       MR. CATHERINE A. CEKO
                       Edelman, Combs, Latturner & Goodman, LLC
                       120 S. LaSalle Street
                       18th Floor
                       Chicago, IL  60603
                       (312) 739-4200

Transcriber:

KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
Official Court Reporter
United States District Court
219 South Dearborn Street, Suite 2144-A
Chicago, Illinois  60604
Telephone:  (312) 435-5569
e-mail:  Kathyfennell@earthlink.net

```
 1  APPEARANCES: (Continued)

 2  For the Plaintiffs:    MR. KEITH J. KEOGH
                           Keogh Law, Ltd.
 3                         101 N. Wacker Drive
                           Suite 604
 4                         Chicago, IL  60606
                           (312) 726-1092
 5

 6
    For the Ameriquest
 7  Defendants:            MS. JOANNE N. DAVIES
                           Buchalter Nemer
 8                         18400 Von Karman Avenue
                           Suite 800
 9                         Irvine, CA  92612
                           (949) 760-1121
10
    For Chase Defendants:  MR. BENJAMIN P. WIECK
11                         Jenner & Block LLP
                           353 North Clark Street
12                         Chicago, IL  60654
                           (312) 840-7117
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        (Proceedings heard in open court:)
 2            THE CLERK:  05 C 7097, In Re Ameriquest.
 3            THE COURT:  Save the best for last here.
 4            MR. HARRIS:  Good morning, your Honor.  Daniel
 5   Harris, H-A-R-R-I-S, for various plaintiffs.
 6            MS. DAVIES:  Good morning, your Honor.  Joanne
 7   Davies, D-A-V-I-E-S, on behalf of the Ameriquest defendants.
 8            MS. CEKO:  Good morning, your Honor.  Catherine Ceko,
 9   C-E-K-O on behalf of the Edelman plaintiffs.
10            MR. KEOGH:  Good morning, your Honor.  Keith Keogh on
11   behalf of Rogers and Howards.  I only have two left.
12            MR. WIECK:  Good morning, your Honor.  Benjamin
13   Wieck, W-I-E-C-K, on behalf of Chase and Chase defendants.
14            THE COURT:  Okay.  Mr. Keogh, you didn't spell your
15   name.
16            MR. KEOGH:  Sorry, your Honor.  K-E-O-G-H.
17            THE COURT:  Okay.  I saw a whole bunch of status
18   reports that were sent in, I guess, to Judge Aspen.
19            MS. DAVIES:  Yes, we have a November 1 status
20   conference date in front of Judge Aspen.
21            THE COURT:  So anything anybody wants to enlighten
22   me?  Did we have this set for a settlement conference today?
23            MS. DAVIES:  There is a settlement conference on one
24   case involving --
25            MR. HARRIS:  Right.  Michael O'Keefe's case.
```

|    |    |
|----|----|
| 1  | THE COURT:  Okay. |
| 2  | MR. HARRIS:  And they're with Chase. |
| 3  | THE COURT:  Okay.  So let's do the status, and then |
| 4  | we'll deal with Mr. O'Keefe. |
| 5  | Okay.  So let's start with the Edelman Combs |
| 6  | plaintiffs.  I have this report, Ms. Ceko, I printed off. |
| 7  | MS. CEKO:  Yes, your Honor.  We have four cases left. |
| 8  | As of next week, it will be three.  We will be dismissing |
| 9  | Rehbock.  There's only one that I wanted to bring to your |
| 10 | Honor's attention.  Velma Jiles versus BAC.  We have applied |
| 11 | for a loan modification with BAC back in June, and Ms. Davies |
| 12 | has followed up with her client continuously, but we still |
| 13 | don't have a response. |
| 14 | So I would appreciate it if the Court could order |
| 15 | that they at least respond one way or the other to the loan |
| 16 | modification application by the next status date. |
| 17 | THE COURT:  Okay.  In the Velma Jiles matter, 06 CV |
| 18 | 2771, which is part of this MDL case, BAC Home Loan Servicing, |
| 19 | LP shall respond to plaintiff's request for a loan |
| 20 | modification on or before -- I'm just going to give them |
| 21 | 21 days -- on or before, and that will be -- |
| 22 | THE CLERK:  October 4. |
| 23 | THE COURT:  -- October 4, October 4, or have a |
| 24 | representative appear in court at the next status date, and we |
| 25 | can figure out when that is. |

1     MS. CEKO: Okay. Thank you very much, your Honor.

2     THE COURT: Okay. So that takes care of you?

3     MS. CEKO: Yes. The other two cases are still coming
4 along, but I don't see anything that needs to be brought to
5 the Court's attention.

6     THE COURT: Okay. Mr. Harris?

7     MR. HARRIS: The only thing I'd like to say is that
8 the counsel for Homeward couldn't make it today, but we have
9 been working together in good faith -- they've been acting in
10 good -- they and their client have been acting in good faith,
11 and they wanted me to convey that to your Honor.

12     THE COURT: Okay. So you still have nine that are
13 negotiating with Homeward and two with Chase?

14     MR. HARRIS: Right.

15     THE COURT: Okay. But everything appears to be
16 moving along?

17     MR. HARRIS: Yeah. I mean, there are some people who
18 are problems, your Honor, but I think we're undertaking the
19 steps that need to be taken in that regard.

20     THE COURT: Mr. Keogh?

21     MR. KEOGH: Your Honor, we have a settlement
22 conference on the two. Ms. Howard, we have her agreement out
23 for signature. She actually made the first payment. She
24 qualified for a loan modification before receiving any
25 payment, so she's set with that.

1  And Mr. Rogers, you may recall, had until the end of
2  this month to pay off a loan servicer. We're still working on
3  that. It's -- as we're getting closer, it seems doubtful, but
4  we're still pushing it, and hopefully they'll come up with
5  funds.
6  THE COURT: Okay.
7  MR. KEOGH: So --
8  THE COURT: So, Ms. Davies, what do you want to tell
9  me?
10  MS. DAVIES: Yeah, things have been going very well.
11  It's a little slower as we get to the end just because those
12  are the more difficult loans, but we continue to work through
13  these things, and periodically I have status calls with
14  Mr. Harris just to go over his cases, and we did that
15  yesterday and it does look like things are moving forward.
16  The one issue I did want to bring to the Court's
17  attention, which is in our status conference statement that we
18  filed in front of Judge Aspen, is that there is a -- appears
19  to be a disagreement in terms of being able to pursue
20  discovery with respect to third-party defendants.
21  We understand the Court's order that as soon as
22  mediation efforts essentially have failed, that the parties
23  could resume discovery; and with respect to the third-party
24  defendants, some of whom we've mitigated with four or five
25  times, those efforts have not been fruitful in terms of

1  resolving and settlement, so we have initiated discovery with
2  respect to those third-party defendants.
3       In their status conference statements, specifically
4  the Fidelity entities, they have responded stating that they
5  believe discovery is stayed.
6       THE COURT: Okay. So let me make a clarification.
7  With respect to all third-party claims, discovery shall
8  proceed unless the parties jointly agree otherwise.
9       MS. DAVIES: Thank you, your Honor.
10      THE COURT: Okay. So if the parties decided -- if
11 the third parties and Ameriquest decide that they want to
12 mediate as opposed to litigate, they can do that; but if you
13 don't jointly agree to do that, then everybody can -- can go
14 ahead with discovery.
15      Okay. So I'm not going to be here, so when do you
16 want to see my successor?
17      MS. DAVIES: We were wondering whether the week
18 sometime the week of November 12th might work for the Court?
19      THE COURT: It probably will.
20      THE CLERK: Which date do you prefer?
21      MS. DAVIES: Tuesday, Wednesday or Thursday.
22      THE CLERK: Okay. Do you want Thursday, the 15th?
23      MS. DAVIES: That works. Does that work?
24      MR. HARRIS: Fine, your Honor.
25      THE COURT: Okay. That will be at 10:15.

1         Servicer want to say anything?

2         MR. WIECK: No, your Honor. I just echo the

3 thoughts. We're getting close to one of these wrapped up, and

4 we have two outstanding with Mr. Harris's firm, Nowick and

5 O'Keefe. Nowick we're receiving -- I've been told today that

6 we will receive a loan mod packet this week, so hopefully that

7 will progress to settlement. And then O'Keefe we're going to

8 discuss shortly, so that's it.

9         THE COURT: Okay. Very good.

10         MS. DAVIES: Your Honor, if I may, the last thing I

11 did want to say is that we certainly really appreciate your

12 willingness to really be involved in this case. It has helped

13 all of the parties reach -- reach -- get a meeting of the

14 minds and really resolve these cases in a way that's been

15 beneficial to plaintiffs, allowed many of them to stay in

16 their home, and we sincerely thank you for all of your

17 efforts.

18         MR. HARRIS: Yes, your Honor. We all thank you.

19         THE COURT: For me it was gratifying to play a role

20 in helping real people deal with real problems, which is

21 common to millions of people across the country. So to make a

22 little difference in some people's lives, it felt good.

23         And I think it -- you know, the fact that the lawyers

24 were all working cooperatively to make it happen, to me this

25 is the profession at its best, including the servicers, which,

1 you know, the financial community has taken a lot of
2 criticism, but I think in this case that they were cooperative
3 and helpful.
4     So, I mean, this is what we should be working to do,
5 and it's one of the reasons I really enjoyed my job. You
6 brought certain challenges. You weren't always on the same
7 page, but I see nothing but smiles out there. I don't think
8 we saw all those smiles when we first started with this over a
9 year ago.
10     So it's been a pleasure, and it's one of the real
11 great things about being a lawyer. On the plaintiffs' side,
12 you see yourselves helping these people, making a difference
13 in their lives. On the defendants' side, not so much, but you
14 can be helpful in these situations.
15     Ms. Davies, you certainly have quarterbacked this
16 case in an unbelievable way. I think all the parties
17 appreciate your leadership in making this happen, and so I
18 think it was a really good team effort, a really good team
19 effort.
20     So I wish you all well, and stay in touch. Stay in
21 touch.
22     MS. DAVIES: Thank you, your Honor.
23     THE COURT: Okay. So I'll come down for the
24 settlement conference. We're doing that by phone?
25     MR. HARRIS: Yes.

1       THE COURT:  Do I have any papers on this?
2       MR. HARRIS:  I don't think so.  I don't think you
3   need any.
4       THE COURT:  Okay.
5       MR. HARRIS:  Are you going to be able to stay, or are
6   you going to have to go catch a plane?
7       (Which were all the proceedings heard.)
8                       CERTIFICATE
9       I certify that the foregoing is a correct transcript from
10  the digital recording of proceedings in the above-entitled
11  matter to the best of my ability, given the limitations of
12  using a digital-recording system.
13
14  */s/Kathleen M. Fennell*            *September 17, 2012*
15  _____      _____
    Kathleen M. Fennell                    Date
16  Official Court Reporter