UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) MDL No. 1715<br>Lead Case No. 05 CV 07097<br><br>Centralized before the<br>Honorable Marvin E. Aspen |

**MOVING THIRD-PARTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF CERTAIN THIRD-PARTY DFEENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR A SUGGESTION OF REMAND**

NOW COME Third-Party Defendants, Hillard N. Einbinder, Desautels, Mahoney & Kohn, LLC, Fred D. Sette, and Sette & Bonadies, P.C., The Matlusky Firm, LLC, Baruti, Scola & Smith P.C. f/k/a Law Offices of Borner, Scola, Baruti & Vancini P.C., (hereinafter, "the Moving Third-Party Defendants"), by and through their attorneys, Gary T. Jansen and Nicole D. Milos of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, and as their *Reply Brief in Support of Certain Third-Party Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for a Suggestion of Remand*, state as follows:

## I. INTRODUCTION

When "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Electronics Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009), *citing Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir.1994).

The Moving Third-Party Defendants are named as Third-Party Defendants in *Defendants'/Third-Party Plaintiffs' Fifth Amended Consolidated Third-Party Complaint* ("FATPC"). *See* Doc. No. 2319. The following Plaintiffs are the Borrowers/Plaintiffs in the cases involving the Moving Third-Party Defendants: Scott J. Conry, Nancy Conry, Richard

Collier, Maryann Collier, Kenneth F. Sweeten, Jr., Elizabeth Sweeten, Yvonne Sourragh, Roan Sourragh, Brian Dixon, Cynthia Dixon, Laurie Negri, Timothy Adamowicz[1], and Francis Adamowicz.[1]

All of the federal claims relating to the Moving Third-Party Defendants have been resolved. *See* Doc. Nos. 3628, 3892; 3940; 4479; 4488. The only claims which remain pending against the Moving Third-Party Defendants are state law claims that are contained within the FATPC. *See* Doc. No. 2319. Therefore, this Honorable Court should relinquish jurisdiction and issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation.

## II. ARGUMENT

On September 24, 2012, Certain Third-Party Defendants filed a *Motion to Dismiss for Lack of Subject Matter Jurisdiction and for a Suggestion of Remand*. *See* Doc. No. 5101. On September 28, 2012, the Moving Third-Party Defendants filed a *Motion for Joinder*. *See* Doc. No. 5103. On October 1, 2012, this Honorable Court granted the Moving Third-Party Defendants' *Motion for Joinder*. *See* Doc. No. 5106. On October 17, 2012, Defendants filed their *Opposition to Motion to Dismiss*. *See* Doc. No. 5123.

Defendants' *Opposition* brief fails to address the Moving Third-Party Defendants or respond to the issues specific to the Moving Third-Party Defendants. Instead. Defendants' position brief speaks only to the Certain Third-Party Defendants who filed the *Motion to Dismiss for Lack of Subject Matter Jurisdiction and for a Suggestion of Remand*.

Therefore, as Defendants raise no arguments in opposition to the Moving Third-Party Defendants, Defendants has waived any opposition to the motion. The *Motion to Dismiss for*

---

[1] Plaintiffs Timothy Adamowicz and Francis Adamowicz are named as Plaintiffs in the FATPC, but are class action Plaintiffs, whose case was dismissed pursuant to the court's Final Order and Judgment. Doc. No. 3628.

*Lack of Subject Matter Jurisdiction and for a Suggestion of Remand* should be granted as to the Moving Third-Party Defendants.

Assuming *arguendo* this Honorable Court considers the arguments raised in the Defendants' *Opposition* brief as opposition to the dismissal and remand of actions involving the Moving Third-Party Defendants, this Honorable Court should grant the *Motion* as to the Moving Third-Party Defendants because the claims pending against the Moving Third-Party Defendants are not subject to subject matter jurisdiction. In addition, the principles of discretion favor remand of the state claims pled against the Moving Third-Party Defendants to the transferor courts.

The claims pending against the Moving Third-Party Defendants are not based upon generalized claims that require generalized discovery, common to multiple parties. Rather, the pending claims against the Moving Third-Party Defendants are state law claims based upon the state laws of three different states and the individual facts regarding thirteen (13) different Borrower/Plaintiffs. Judicial oversight of these claims will involve fact-specific pleading, case-specific discovery, and motion practice regarding the interpretation and application of specific state laws. The state courts have an interest in deciding localized controversies locally. Therefore, remanding the claims against the Moving Third-Party Defendants further the interests of judicial economy and comity.

### A. This Court Lacks Subject Matter Jurisdiction Over the Claims Filed Against the Moving Third-Party Defendants

In the instant case, the federal claims have been dismissed. The only remaining claims pending against the Moving Third-Party Defendants are state law claims. There are no common or global discovery issues pertaining to the Moving Third-Party Defendants. The claims pled

against the Moving Third-Party Defendants are based upon state law claims that rely upon the interpretation of the state law of three different states.

There are no substantive law commonalities between the state law claims pled against the Moving Third-Party Defendants and any of the other Third-Party Defendants named in the MDL; there are only two procedural commonalities. These procedural commonalities include, first, all of the Plaintiffs in the cases involving the Moving Third-Party Defendants have settled with Defendants and, second, all actions against the Moving Third-Party Defendants involve the same Defendants. *See* Doc. Nos. 3628, 3892; 3940; 4479; 4488. These two procedural commonalities provide an insufficient basis to maintain supplemental jurisdiction.

This Honorable Court has previously recognized the, "well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, MDL 1715, 2011 WL 3021229 (N.D. Ill. July 22, 2011), *citing Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir.1999); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir.2008); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir.2007); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir.2001).

This Honorable Court has previously recognized that as a result of the well-established law of this circuit, the balancing of "judicial economy, convenience, fairness and comity … will point to declining to exercise jurisdiction over any remaining pendent state-law claims." *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, MDL 1715, 2011 WL 3021229 (N.D. Ill. July 22, 2011) *citing Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir.1994). Thus, "the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252; *see Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir.2007) (explaining that, prior

to trial, "substantial judicial and party resources will probably not have been expended on the litigation, and so the economies from retaining jurisdiction over the state-law claims will be slight").

The Seventh Circuit has articulated three exceptions to the general presumption that state supplemental claims should be dismissed whenever all federal claims have been dismissed prior to trial. *Wright*, 29 F.3d at 1251–52; *see Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir.2008); *Williams*, 509 F.3d at 404. The exceptions include circumstances when: (1) the state law claims may not be re-filed because a statute of limitations has expired; (2) substantial judicial resources have been expended on the state claims; or (3) it is clearly apparent how the state claims are to be decided. *Dargis*, 526 F.3d at 990; *Williams*, 509 F.3d at 404.

None of these three exceptions apply to the claims asserted against the Moving Third-Party Defendants. First, the jurisdictions relevant to the Moving Third-Party Defendants' claims recognize that the applicable statutes of limitation are tolled while the claims are pending in federal court. Second, there have not been substantial judicial resources expended on the claims regarding the Moving Third-Party Defendants. There has been no case specific discovery relating to the Moving Third-Party Defendants. There has been no motion practice specific to the Moving Third-Party Defendants. The judicial resources expended to date have been to encourage settlement of the claims between the Borrowers/Plaintiffs and Defendants. *See* Doc. Nos. 3628, 3892; 3940; 4479; 4488. These settlement conferences and mediations have not involved the Moving Third-Party Defendants.

Third, there is no clearly apparent way in which the state law claims filed against the Moving Third-Party Defendants are to be decided. The claims pled against the Moving Third-Party Defendants are based on individual state's laws and must be decided through an individual,

5

factual-based analysis. Therefore, supplemental jurisdiction should not be extended to the actions involving the Moving Third-Party Defendants.

Defendants rely upon the *Carnegie-Mellon University v. Cohill* decision. However, an examination of the *Carnegie* decision supports the Moving Third-Party Defendants' position. The *Carnegie* court recognized that the modern doctrine of pendent jurisdiction stems from the *Gibbs* decision. In *Gibbs,* the Court stated that, "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130 at 1139, 16 L.Ed.2d 218 (1966). Therefore, the *Carnegie* court held that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988).

In addition, Defendants rely upon the *Terry* decision. However, this decision is inapplicable to the Moving Third-Party Defendants' claims. In the *Terry* decision, discovery had been exchanged regarding common claims and the outstanding claims involved common third-party issues. These facts are not present in the instant case. The Moving Third-Party Defendants have not exchanged discovery, nor have discovery requests been propounded upon them. The only remaining claims regarding the Moving Third-Party Defendants are not substantively similar to the other Third-Party Defendants. The claims against the Moving Third-Party Defendants involve specific state causes of action that are best decided by a court of the state whose laws are being applied and discussed. Therefore, contrary to the facts presented in the *Terry* case, in the instant case, it is against the notion of comity to remove jurisdiction of a state legal issue from a state court.

6

Defendants relies upon *In re Repository Technologies, Inc.,* however, this decision is distinguishable from the instant facts. *In re Repository Technologies, Inc.,* 601 F. 3d 710 (7th Cir. 2010). The *In re Repository Technologies, Inc.,* court considered that, "if the supplemental and federal claims are so entangled that the rejection of the latter probably entails rejection of the former, the court should retain supplemental jurisdiction. 601 F. 3d at 701. The *In re Repository Technologies, Inc.* court found that there was a substantial entanglement between the state law claims and the dismissed abuse of the bankruptcy process claim. *Id.* The remaining state claims in the *In re Repository Technologies, Inc.* case involved civil conspiracy and tortuous interference that were predicated upon the federal bankruptcy process. *Id.* at 727. Due to the fact that these claims were so entangled, it was appropriate for the court to retain supplemental jurisdiction over the entire lawsuit. *Id.*

Unlike the cases relied upon by Defendants, the cases *sub judice* filed against the Moving Third-Party Defendants do not involve the entanglement of federal and state claims. The state law claims against the Moving Third-Party Defendants are based on the interpretation and application of individual state's laws. These individual, state-based claims will require discovery specifically tailored to the factual scenario of each claim.

The claims asserted against the Moving Third-Party Defendants can only be resolved through an analysis of the individual laws of the states of Connecticut, Rhode Island and Delaware. A court of competent jurisdiction must apply the laws of the specific state at issue to the specific factual scenario presented in each individual claim. It has never been the intention of the judiciary to resolve pendent jurisdiction claims that are based solely upon state law causes of action and individual, fact-specific scenarios.

Defendants correctly state that this Honorable Court has discretion in deciding whether to retain jurisdiction over supplemental claims. However, there is no basis for the court to maintain jurisdiction over the supplemental claims against the Moving Third-Party Defendants in the instant case. Therefore, the Moving Third-Party Defendants' *Motion* should be granted.

**B.     This Honorable Court Should Remand the Claims against the Moving Third-Party Defendants so State Courts can Decide State Claims**

As stated *supra*, the claims against the Moving Third-Party Defendants are based on state law claims that require interpretation of individual state's law, discovery regarding the individual claims and the application of the individual state's law to the specific factual scenario of the individual claims. It is totally contrary to the intent of the MDL and the interests of preserving judicial economy to impose upon the MDL court the burden of presiding over individualized, case specific discovery in a state law based claim.

Defendants cites *In re Ford Motor Company Ignition*, 19 F Supp 2d 263 (D.NJ 1998), *In re Nigeria Charter Flights Contract Litigation* (E.D.N.Y. 2007) 520 F Supp 2d 447 and *Grispino v. New England Mut. Life Ins. Co.*, 358 F 3d 16 (1st Cir. 2004) to support the proposition that one of the purposes of multi-district litigation is to alleviate the burden of pretrial management that would otherwise be placed on the state and federal judicial systems and parties. Although it is correct that one of the purposes of the MDL is to alleviate the burden on individual courts, the cases relied upon by Defendants are irrelevant to the instant *Motion* regarding the disposition of the actions filed against the Moving Third-Party Defendants.

In *In re Ford Motor Company Ignition*, 19 F Supp 2d 263, two groups of class action plaintiffs sought damages against Ford Motor Company based upon a product liability action. After dismissal of the Magnuson-Moss Act claims there was no longer a basis for federal question jurisdiction over the remaining claims. *Id.* at 268. Further, there was no basis to assert

8

diversity jurisdiction because the amount in controversy had not bee satisfied. *Id.* However, the court held that the same factors that were weighed by the MDL Panel in determining whether to transfer the cases to the MDL court for consolidated pretrial proceedings had not changed. *Id.* at 270. The court found that concerns of comity did not apply to the *Ford* litigation. *Id.* The court held that although only state law causes of action were being applied, the consolidated complaint and the underlying individual complaints involved putative nationwide class actions. *Id.* Thus, the laws of up to fifty states, rather than of one particular state, were at issue. *Id.* at 271.

The *In re Nigeria Charter Flights,* 520 F.Supp.2d 447 (E.D. NY 2007), case involved ticketed passengers who brought a class action against an airline alleging violations of the Warsaw and Montreal Conventions and various common law claims. The *In re Nigeria Charter Flights* court recognized that if all federal claims are dismissed before trial the state claims should be dismissed. 520 F.Supp.2d at 470. However, the court also recognized that when the dismissal of the federal claims occur late in the action, after there has been substantial expenditures of time, effort and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. *Id.* The *In re Nigeria Charter Flights* court held that the parties had been litigating in federal court for several years and discovery had taken place; therefore, dismissal on jurisdictional grounds would frustrate the goals of judicial economy, convenience and fairness. 520 F.Supp.2d at 471.

In *Grispino v. New England Mutual Life Ins. Co.* 358 F. 3d 16 (1st Cir. 2004), the First Circuit affirmed the district court's denial of plaintiff's motion to remand. The court held that district court had already handled a large class action involving the same sort of claims as those presented by plaintiffs. 358 F. 3d at 19. Therefore, the district court's familiarity with the

9

claims provided a sufficient basis for the district court's decision to retain supplemental jurisdiction. *Id.*

The Moving Third-Party Defendants' cases present markedly different facts when compared to the factual scenarios set forth in the cases relied upon by Defendants. In the instant case, the Borrowers/Plaintiffs who are the subject of the Moving Third-Party Defendants' claims have settled; no substantive discovery has been conducted regarding the Moving Third-Party Defendants'; the remaining claims asserted against the Moving Third-Party Defendants require an analysis of varying laws from three different states; and the MDL court has not previously decided substantially similar cases that involve the analysis and application of the laws of Connecticut, Rhode Island and Delaware. Therefore, Defendants' reliance upon these cases is misplaced.

In addition, the cases cited by Defendants recognize that when determining whether to continue exercising supplemental jurisdiction, a number of factors should be considered by the district court, including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims. *In re Ford Motor Company Ignition,* 19 F Supp 2d at 269. Third-Party Defendants have been unable to proceed with discovery and filing motions. Defendants' claims that they have spent several years litigating with Third-Party Defendants. In fact, discovery and motion practice as to the Moving Third-Party Defendants have been stayed.

The Moving Third-Party Defendants have incurred the expense associated with the MDL proceeding for approximately five (5) years. During that time, no discovery has been propounded upon the Moving Third-Party Defendants. During that time, Defendants settled the claims filed by the Borrowers/Plaintiffs involved in the Moving Third-Party Defendants'

transactions. Therefore, the length of time the litigation has been pending fails to provide a basis to prove the judicial involvement in the Moving Third-Party Defendants' claims; rather, the salient issue is what has occurred in the litigation in relation to the Third-Party Defendants.

In the case at bar, the only claims that remain pending relating to the Moving Third-Party Defendants are state law claims. The time required to address pleadings issues, discovery issues, and substantive motion practice will all be based on the individual state law of the states where the transactions occurred. There are no pending issues of commonality between the Moving Third-Party Defendants and any other Third-Party Defendants. Therefore, the Moving Third-Party Defendant seeks to have the claims at issue remanded to the transferor court because the transferor court is in the best position to rule upon issues of state law.

### C. Defendants' Claims are Not Subject to Diversity Jurisdiction

As stated *supra*, this Honorable Court lacks subject matter jurisdiction to hear the actions plead against the Moving Third-Party Defendants. The only other way in which these matters could remain pending in the federal court is if Defendants' claims were subject to diversity jurisdiction.

Defendants' claim against Third-Party Defendant Baruti, Scola & Smith P.C. f/k/a Law Offices of Borner, Scola, Baruti & Vancini P.C. is not subject to diversity jurisdiction because the parties are not diverse. Both parties are Delaware corporations. As such, diversity is destroyed.

In addition, Defendants' claims are not subject to diversity because Defendants cannot meet the burden of establishing the amount in controversy. Defendants' claims against the Borrowers/Plaintiffs who are the subject of the Moving Third-Party Defendants' claims are resolved; therefore, the amount of damages sought from the Moving Third-Party Defendants is

11

certain. There is no evidence to support that the settlements of the Borrowers/Plaintiffs who are the subject of the Moving Third-Party Defendants' claims exceed $75,000. There is no evidence that the amount sought by Defendants against the Moving Third-Party Defendants exceeds $75,000. Defendants' *Opposition* brief fails to acknowledge this fact and is further silent to the issue of the damages relating to the Moving Third-Party Defendants.

Defendants' Affidavit, Exhibit H to the *Opposition* brief, attests to the damages sought from Certain Third-Party Defendants and not the Moving Third-Party Defendants, identified herein. Defendants cannot meet the burden of establishing the amount in controversy by combining the claims of multiple unrelated parties.

This Honorable Court has previously held that multiple persons' claims cannot be combined to reach the minimum amount in controversy. *Nicholson v. Marine Corps W. Fed. Credit Union*, 953 F. Supp. 1012, 1018 (N.D. Ill. 1997); *see also O'Neill v. Pointer*, CIV. 2009 WL 3575267 (S.D. Ill. Oct. 26, 2009) (holding: the amount in controversy in a given case is determined normally from the allegations of a plaintiff's complaint, and the claims of multiple plaintiffs against a single defendant cannot be aggregated to satisfy the jurisdictional minimum amount for diversity purposes).

Defendants have failed to offer any evidence that the value of their individual claims against the Hillard N. Einbinder, Desautels, Mahoney & Kohn, LLC, Fred D. Sette, and Sette & Bonadies, P.C., The Matlusky Firm, LLC, exceeds $75,000.00. As such, Defendants failed to meet their burden of establishing the amount in controversy. Due to the fact that Defendants fail to meet the burden to establish the amount in controversy, the actions claimed against the Moving Third-Party Defendants are not subject to diversity jurisdiction.

WHEREFORE, for the foregoing reasons, Third-Party Defendants, Hillard N. Einbinder,

Desautels, Mahoney & Kohn, LLC, Fred D. Sette, and Sette & Bonadies, P.C., The Matlusky Firm, LLC, Baruti, Scola & Smith P.C. f/k/a Law Offices of Borner, Scola, Baruti & Vancini P.C., pray that this Honorable Court enter an *Order* dismissing said Third-Party Defendants for Lack of Subject Matter Jurisdiction, issue a *Suggestion* of remand to the MDL Panel regarding any cases involving said Third-Party Defendants, and any other relief this Honorable Court deems just.

Respectfully submitted,

/s/ Gary T. Jansen
One of the Attorneys for Third-Party Defendants
CREMER, SPINA, SHAUGHNESSY, JANSEN AND SPINA
One North Franklin, 10th Floor
Chicago, Illinois 60606
(312) 726-3800 – Telephone
ARDC No. 1688081
287561

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2012, the foregoing was electronically filed with the Clerk of the Circuit Court using CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished, electronically through the CM/ECF system.

Gary T. Jansen
Nicole D. Milos
Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC
One North Franklin, 10th Floor
Chicago, Illinois 60606
Telephone: (312) 726-3800
Facsimile: (312 726-3818
gjansen@cremerspina.com