# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

# MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS MDL

BN 12644965v2

Through this motion, Ameriquest Mortgage Company ("Ameriquest") respectfully requests that the Court grant it leave to file a four-page Sur-Reply in response to 27 pages of reply briefs filed by third-party defendants in support of their Motion To Dismiss And For A Suggestion Of Remand. See Dkt. 5132 (the reply brief filed by the original moving parties, hereinafter the "Reply") and Dkt. 5131 (the reply brief filed by the parties joining the motion).

Good cause exists to permit the requested Sur-Reply for the following reasons:

(1) The Reply (Dkt. 5132) distorts and misrepresents the arguments and facts raised by Ameriquest's opposition (Dkt. 5123) in such a confusing manner that a brief Sur-Reply is necessary to set the record straight.

(2) The Reply contends that "the most significant issue" before the Court is a claim that third-party defendants are being denied due process by the Court's prior case management ruling limiting summary judgment motions to non-fact specific motions. This argument was understated in the moving brief and was first mentioned at page 13 in a different context so additional opposition is warranted.

(3) The Reply contains misstatements of the law surrounding the aggregation of claims for diversity jurisdiction and due process and the Court should be informed of the relevant case law.

(4) The Reply raises a new straw-man argument that the purpose of Ameriquest's request is to drag out the litigation so they will settle, concluding that: "The Court should not endorse that approach." Reply at 1. Ameriquest should be able to address this attack and explain which party is trying to drag out this litigation.

(5) The joinder parties filed a "me-too" motion for joinder (Dkt. 5103) but then followed it up with a 13-page reply (Dkt. 5131) of their own, claiming that they are different than the original moving parties. Leave is requested to address the alleged differences.

The proposed Sur-Reply is attached as Exhibit 1. Accordingly, Ameriquest respectfully request that the Court grant the motion, and allow them to file a Sur-Reply forthwith.

BN 12644965v2

DATED:  November 9, 2012    Respectfully submitted,

By: /s/  Randall L. Manvitz
*Attorneys for Third-Party Plaintiffs*
Randall Manvitz, Esq. (admitted *pro hac vice*)
BUCHALTER NEMER,
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 227-0900

2

## CERTIFICATE OF SERVICE

    I, Randall L. Manvitz, hereby certify that on this 9th day of November 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        By: /s/  Randall L. Manvitz