IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Honorable Marvin E. Aspen) |

### STATUS REPORT BY CERTAIN THIRD-PARTY DEFENDANTS

Third-Party Defendants Mortgage Information Services, Inc. ("MIS"), the Fidelity Third-Party Defendants,[1] and the Superior Third-Party Defendants[2] hereby submit their joint status report as required by this Court's October 4, 2012 Order (Docket No. 5108).

In its Fifth-Amended Third-Party Complaint, Ameriquest asserts a breach of contract claim[3] against each of the reporting Third-Party Defendants, therein identified as "Title Defendants." Fifth-Amended Third-Party Complaint, ¶ 4. Ameriquest generally alleges that each of these companies are ultimately responsible to Ameriquest for any losses due to some failure in the closing of its mortgage loans to the underlying plaintiffs, such as "failing to provide the plaintiffs with a complete and accurate Notice of Right to Cancel form and/or the HUD-1

---

[1] The "Fidelity Third-Party Defendants" are Alamo Title Insurance Company, American Pioneer Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Company, Commonwealth Land Title Insurance Company, Fidelity National Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, and Transnational Title Insurance Company.

[2] The "Superior Third-Party Defendants" are Superior Closing Serv., LLC, Heights Title Agency, Inc., Battersby Title, Inc., Colonial Title & Escrow Inc., Nat'l Real Estate Info. Serv. of NJ, Towne & Country Land Title Agency, Inc., Taylor Abstract Co., Title-Tech Networks, Anchor Title, and Equititle.

[3] Judge Aspen previously dismissed Ameriquest's negligence claims and deferred the ruling on the motion to dismiss the negligent misrepresentation claim. Docket No. 3311, pp. 10-11, 14.

Settlement Statement, failing to provide the correct number of copies of the Notice of Right to Cancel form and/or failing to provide accurate and complete information at the closing of plaintiffs loans." *Id.* at ¶ 9. Moreover, as to the fourteen Fidelity Third-Party Defendants, it is alleged that they issued to Ameriquest closing protection letters "whereby the Title Underwriters agreed to reimburse the lenders for actual loss incurred by the lenders with the closings conducted by the Closing Agents and/or Title Companies ..." *Id.* at ¶ 11. The Fidelity Third-Party Defendants, the Superior Third-Party Defendants, and MIS have been named as third-party defendants in connection with hundreds of separate transactions. With regard to a vast majority of these transactions, Ameriquest has settled the claims asserted against it by the opt-out plaintiffs, all for amounts less than $75,000 per claim. For these transactions, the sole remaining claims are the state-law third-party claims asserted against the third-party defendants.

To date, discovery in connection with the third-party claims has been limited, by order of Magistrate Judge Denlow, to the exchange of loan files and agreements that governed the closing of the loan or loans at issue. (Docket Nos. 2957, 3268). The remaining discovery to be taken in these cases, which is primarily case and loan specific, has been stayed. On September 20, 2012, Magistrate Judge Denlow denied Ameriquest's motion to compel certain discovery served upon the Fidelity Third-Party Defendants:

> in order to permit the parties in this MDL to clarify the scope of proceedings either by agreement or by submitting a motion to Judge Aspen. The scope of discovery should be consistent with the scope of the third party proceedings that Judge Aspen will allow to take place in this court. (Docket No. 5090).

In light of this ruling, Ameriquest's counsel has agreed that the discovery previously served upon MIS is likewise stayed.

In light of the facts that nearly all of the plaintiffs' Truth-in-Lending Act ("TILA") claims against Ameriquest have been settled, none of the settlement payments exceed $75,000, and the

2

remaining third-party claims arise solely under state law, the Fidelity Third-Party Defendants, MIS, and the Superior Third-Party Defendants, along with third-party defendants Northwest Title and Escrow Corporation and CloseNet, LLC,[4] filed a motion with Judge Aspen seeking the dismissal of the third-party claims for lack of subject matter jurisdiction and the issuance of a suggestion of remand to the Judicial Panel on Multidistrict Litigation (a copy of which is attached hereto as Exhibit A). That motion is currently pending.

The Superior Third-Party Defendants, MIS, and the Fidelity Third-Party Defendants have engaged in a number of settlement conferences with Ameriquest. However, the parties were unable to reach a settlement and further settlement discussions will likely be fruitless.

Dated: November 20, 2012

Respectfully submitted:

/s/Timothy D. Elliott
Timothy D. Elliott (ARDC 6237023)
RATHJE & WOODWARD, LLC
300 East Roosevelt Rd., Suite 300
Wheaton, IL 60187
Telephone: (630) 668-8500
*Attorneys for Mortgage Information Services*

/s/Christopher H. Murphy
Cozen O'Connor
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 382.3155
*Attorney for Superior Third-Party Defendants*

/s/Albert E. Fowerbaugh, Jr.
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Ste. 1800
Chicago, IL 60602-4257
Telephone: (312) 696-4440
*Attorney for Fidelity-Third Party Defendants*

---

[4] In addition, the following third-party defendants have joined in this motion: Hillard N. Einbinder, Desautels, Mahoney & Kohn, LLC, Fred D. Sette, and Sette & Bonadies, P.C., The Matlusky Firm, LLC, and Baruti, Scola & Smith P.C. f/k/a Law Offices of Borner, Scola, Baruti & Vancini P.C.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of *Status Report By Certain Third-Party Defendants* was served on November 20, 2012 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Albert E. Fowerbaugh, Jr.