## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST DEFENDANTS FOR STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Defendants respectfully submit the following Status Report in connection with the status conference scheduled to take place on November 27, 2012 before Magistrate Judge Daniel G. Martin.

**I.    GENERAL OVERVIEW OF THE AMERIQUEST MDL**

With the retirement of Magistrate Judge Morton Denlow, a general description of the case may be helpful to understanding the status. Ameriquest Mortgage Company was a residential mortgage lender. Ameriquest's affiliates were also involved in residential mortgage lending and/or loan servicing. Ameriquest and its affiliates (the "Ameriquest Defendants") were named in 30 borrower class actions and in numerous actions brought by individual plaintiffs who opted-out of the class cases. Plaintiffs' claims against the Ameriquest Defendants are generally based on allegations that errors took place during the loan origination process, such as the closing agent's alleged failure to provide plaintiffs with completed copies of the Notice of Right to Cancel required under the Truth-In-Lending Act or failure to provide plaintiffs with copies of their loan documents at closing.

The Ameriquest MDL was established to consolidate the borrower class actions and the individual opt-out cases. All of the class-action cases have been settled as approved by this

Court (Dkt. No. 3628) and a significant number of the individual opt-out cases have also been resolved. However, there remain **93 cases** involving **166 opt-out plaintiffs**.

The Ameriquest Defendants have also brought claims against third-party defendants, such as the closing/title agents, who were responsible for the loan closings and the title insurance underwriters who agreed to indemnify the Ameriquest Defendants for losses arising out of the loan closings. The Ameriquest Defendants' claims against third-party defendants are significant. For instance, third-party defendants the Fidelity Entities, Superior Closing, Mortgage Information Services, and Northwest Title are collectively involved in approximately **400 loans** where opt-out plaintiffs have alleged that the loan closings were botched by the closing agent's failure to provide plaintiffs with the Notice of Right to Cancel forms.

The Ameriquest Defendants engaged in numerous mediations with opt-out plaintiffs and third-party defendants including several settlement conferences presided over by Judge Denlow. *See* Ameriquest Defendants' August 2012 Status Report (Dtk. No. 5069) (providing a detailed overview of the settlement conferences held and breakdown of cases settled). The Ameriquest Defendants continue to reach out to opt-out plaintiffs and third-party defendants to engage in settlement discussions but are also pursuing discovery against those opt-out plaintiffs where settlement discussions are not ongoing. There are many opt-out plaintiffs who have failed to respond to discovery and the Ameriquest Defendants will be moving to compel their response.

The Ameriquest Defendants will also be seeking discovery against third-party defendants where settlement discussions are not ongoing however that discovery is on hold pending the Honorable Judge Marvin Aspen's ruling on certain third-party defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 5101) (notably this motion was brought by the same third-party defendants referenced above who are collectively involved in approximately 400 loans wherein the opt-out plaintiffs have alleged that the loan closings were botched by the closing agents). The Ameriquest Defendants have opposed third-party defendants' motion as it is without merit (Dkt. Nos. 5123 and 5134). The Ameriquest Defendants are confident that discovery against third-party defendants will be allowed to proceed as Judge Aspen has already

ruled on this issue when ordering reassignment of the *Terry v. Ameriquest* case and finding that "[r]eassignment would also make the most of coordinated discovery – already underway in *Terry* but relevant to similar claims in the MDL – into the practices of third-party defendants, including their interpretations of the indemnity language." *See Terry* Order (Dkt. No. 782) attached hereto as Exhibit A.

## II.    HISTORY OF SETTLEMENT CONFERENCES WITH OPT-OUT PLAINTIFFS

This Court assisted in holding settlement conferences for many groups of opt-out plaintiffs including for one group of opt-out plaintiffs represented by Edelman, Combs, Laturner & Goodwin, LLC (the "Edelman Firm") and another group of opt-out plaintiffs represented by the Law Offices of Daniel Harris (the "Harris Firm").

On December 1 and December 2, 2010, the Ameriquest Defendants participated in a settlement conference before Judge Denlow and reached settlements in principle involving **217 Plaintiffs** represented by the Edelman Firm in connection with the *Ameriquest MDL.*

On December 14, 2010, the Ameriquest Defendants participated in a settlement conference before Judge Denlow and reached settlements in principle involving claims raised by **26 Plaintiffs** represented by the Harris Firm in connection with the *Terry v. Ameriquest,* Case No. 08CV2475.

On December 14, 2010, and again on June 1, 2011, the Ameriquest Defendants participated in a settlement conference before Judge Denlow and reached settlements in principle involving claims raised by the **116 Plaintiffs** represented by the Harris Firm in connection with the *Ameriquest MDL.*

In addition to the Court held settlement conferences, the Ameriquest Defendants have also participated in private mediations with several groups of opt-out plaintiffs.

On August 4, 2010, the Ameriquest Defendants participated in a private mediation in Illinois before Judge Donald P. O'Connell (Ret.) and successfully resolved claims raised by **272**

**Plaintiffs** represented by The Consumer Law Group, LLC and the Bromberg Law Office, P.C. (the "Consumer Law Group").

## III. HISTORY OF STATUS CONFERENCES BEFORE JUDGE DENLOW REGARDING OPT-OUT PLAINTIFFS' CLAIMS

While settlements in principle were reached at the settlement conference for the Edelman Firm plaintiffs and the Harris Firm plaintiffs finalization of those settlements was often contingent upon review and approval by the applicable loan servicer of loan modifications, deeds in lieu, consent foreclosures, etc. that were sought by plaintiffs.

As a result of the ongoing work needed to finalize the settlements, Judge Denlow scheduled periodic status conferences to discuss the Edelman Firm and Harris Firm settlements. This allowed the parties to update Judge Denlow on the progress of settlement and provided an opportunity for the parties to discuss any difficulties they were facing with finalizing a particular settlement.

The last status conference before Judge Denlow was held on September 13, 2012 at which time Judge Denlow scheduled a follow-up status conference on the Edelman Firm and Harris Firm cases for November 15, 2012 (Dkt. No. 5081). That hearing was later continued to November 27, 2012 (Dkt. No. 5108).

The parties have made tremendous strides in finalizing the Edelman Firm and Harris Firm settlements. Only **4** out of the **217** Edelman Firm plaintiffs have pending claims. Also, only **17** out of the **142** Harris Firm plaintiffs have pending claims.[1] As demonstrated by the status reports filed by the Edelman Firm (Dkt. No. 5133) and Harris Firm (Dkt. No. 5137), the parties are continuing to work together to finalize settlements for these remaining matters.

The Ameriquest Defendants have also worked closely with the Consumer Law Group to finalize the settlements reached at private mediation. As demonstrated by the status report filed by the Consumer Law Group (Dkt. No. 5138) only **22** out of the **272** Consumer Law Group

---

[1] The Ameriquest Defendants' count is based on the number of plaintiffs with remaining claims. The Edelman Firm's and Consumer Law Group's count is based on case although some cases have more than one plaintiff. The Harris Firm's count is based on household although some households have more than one plaintiff.

12705247v1

plaintiffs have pending claims and for **7** of these claims the parties are hopeful that settlement will be finalized.

Respectfully submitted,

Dated:   November 20, 2012

By:/s/ Joanne N. Davies

*Attorneys for ACC Capital Holdings Corporation, Ameriquest Mortgage Company, Argent Mortgage Company, LLC, AMC Mortgage Services, Inc., Town & Country Credit Corporation, and Olympus Mortgage Company*

Joanne N. Davies
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

12705247v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 20th day of November 2012, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Joanne N. Davies

# EXHIBIT A

Order Form (01/2005) Case: 1:08-cv-02475 Document #: 782 Filed: 07/26/12 Page 1 of 2 PageID #:16338

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 (08C2475) | **DATE** | 7/26/2012 |
| **CASE TITLE** | In Re: Ameriquest Mortgage ,et al | | |

### DOCKET ENTRY TEXT

Presently before us is Third-Party Plaintiff Ameriquest Mortgage Company's Motion for Reassignment (Dkt. No. 4348), asking that we accept *Terry v. Ameriquest Mortgage Company et al.* (08 C 2475), currently pending before Judge Chang. We therefore grant the pending motion. The parties shall continue with discovery as ordered by Judge Chang. They shall also submit status reports (joint or separate, at the parties' discretion) by August 31, 2012. It is so ordered.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

### STATEMENT

(Reserved for use by the Court)

### ORDER

Presently before us is Third-Party Plaintiff Ameriquest Mortgage Company's Motion for Reassignment (Dkt. No. 4348), asking that we accept *Terry v. Ameriquest Mortgage Company et al.* (08 C 2475), currently pending before Judge Chang. Ameriquest contends that, pursuant to Local Rule 40.4, the *Terry* matter should be reassigned as related to the Ameriquest MDL (05 C 7097). The underlying plaintiffs in *Terry* have settled their claims against Ameriquest, but Ameriquest's claims against certain third-party defendants remain. One of the third-party defendants, Ticor/Fidelity, opposes the motion. (Dkt. No. 4367.) According to Ameriquest, it is pursuing more than 200 claims against Ticor/Fidelity, both in and out of the MDL.

To succeed on a motion for reassignment under Local Rule 40.4, the movant must first demonstrate that one of the following conditions is satisfied: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." L.R. 40.4(a). The parties here agree that the *Terry* matter shares legal and factual issues with the third-party claims covered by the MDL.

We turn then to Local Rule 40.4(b), which provides that related cases can be reassigned only if:
(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; *and* (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b) (emphasis added). The parties are also required to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." L.R. 40.4©.

Here, the first factor is plainly satisfied. Additionally, the third factor is easily met because the MDL third-party action has not progressed to the point that the inclusion of *Terry* would cause any delay.

Turning to the second element, Ameriquest convincingly argues that reassignment would preserve judicial

---

## STATEMENT

resources, as only one judge need address the common claims and defenses present in both cases, which focus on the indemnity language and closing protection letters entered into between the parties. Reassignment would also make the most of coordinated discovery—already underway in *Terry* but relevant to the similar claims in the MDL—into the practices of the third-party defendants, including their interpretations of the indemnity language. Although Ticor/Fidelity insists that some individualized discovery will still be necessary, (Opp'n at 10–11), the need for such discovery has not disqualified other cases from reassignment in the past.

As to the fourth element, Ameriquest contends that these cases are susceptible to disposition in a single proceeding—likely a summary judgment motion addressing the coverage of the indemnity language allegedly common to the hundreds of matters covered by *Terry* and the MDL. (Reply at 12.) To the contrary, Ticor/Fidelity contends that there are numerous case-specific differences (ie,. affirmative defenses) that prevent such a disposition. (Opp'n at 12.) For example, Ticor/Fidelity claims that some of the closing protection letters in the MDL have language excluding coverage for TILA damages, an issue not present in *Terry*. In addition, there is an affirmative defense applicable in certain states that may not be argued in *Terry*. Ameriquest acknowledges the existence of case-specific defenses but argues that those questions would not prevent us from resolving the common issues that apply to more than one *Terry* or MDL loan. (Reply at 12.) We again agree with Ameriquest. Given the similarity of the claims between *Terry* and the MDL, resolution of any common claims in a single proceeding will promote efficiency, economy, and consistency. We therefore grant the pending motion. The parties shall continue with discovery as ordered by Judge Chang. They shall also submit status reports (joint or separate, at the parties' discretion) by August 31, 2012. It is so ordered.

In addition, we have routinely declined to accept cases into the Ameriquest MDL where fully-briefed substantive motions are pending, as in the *Terry* case. Accordingly, we deny First American's motion, without prejudice. It is so ordered.