# EXHIBIT  B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTOPHER R. ROOP and SARAH
ROOP,

          Plaintiffs,

    v.

ARGENT MORTGAGE COMPANY, LLC;
EMC MORTGAGE CORPORATION;
LASALLE BANK, N.A., BEAR STERNS
MORTGAGE CAPITAL CORPORATION,
Asset Back Securities I LLCAsset Backed
Certificates, Series 2005-AQ1; and DOES 1-5,

          Defendants.

Case No. ILN 1:07-01347

**DEFENDANT ARGENT MORTGAGE
COMPANY'S INTERROGATORIES
(SET ONE) PROPOUNDED UPON
SARAH ROOP**

**PROPOUNDING PARTY:**   **Defendant ARGENT MORTGAGE COMPANY**

**RESPONDING PARTY:**    **Plaintiff SARAH ROOP**

**SET NO.:**           **ONE (1)**

     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant ARGENT MORTGAGE COMPANY ("Argent"), hereby requests that plaintiff SARAH ROOP answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.
## DEFINITIONS AND INSTRUCTIONS

     1.    "Argent" means Argent Mortgage Company, its agents, employees, and all persons acting on its behalf.

     2.    The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the

closing that is the subject matter of Your Complaint.

3.      "Communications" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

4.      "Complaint" means the Complaint filed by You in this Action.

5.      "Defendant" means Argent Mortgage Company, its employees, agents, and assigns.

6.      A request to "Describe" the use of the Loan Proceeds related to the Closing is a request to state:

(a)      the amount of the Loan Proceeds from the Closing;

(b)      all purposes for which the Loan Proceeds were used;

(c)      the name and address of each Person who received any portion of the Loan Proceeds related to the Closing and the amount of the total Loan Proceeds the Person received;

(d)      the date on which the Loan Proceeds related to the Closing were provided to that Person;

(e)      the purpose of providing that Person a portion of the Loan Proceeds related to the Closing; and

(f)      the purpose disclosed by you to Argent for the use of the Loan Proceeds.

7.      A request to "Describe" how property, including the Property that is the subject of your Complaint, has been "Used" is a request to state:

(a)      the dates during which you have resided on the property;

(b)      during the time you resided on the property, the date of any period of time greater than two weeks in duration in which you were not present on the property, including the reason for your absence;

(c)      the identity of any Person who has occupied any portion of the property on or since the date you first entered into a secured transaction with Defendant;

(d)      whether the property has been used exclusively by you;

(e)      whether the property was used by you exclusively for residential purposes;

(f)      whether any portion of the property was rented or leased to any other Person, and if so, the identity of the Person, the dates of the rental or lease, a description of the

**ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO SARAH ROOP, SET 1**         Case No. ILN 1:07-01347
BN 10673564v1

portion of the property leased, and the total amount paid to you under the terms of the lease; and

(g)    whether any portion of the property was used for any business or commercial purpose, and if so, the identity of the persons engaged in the business or commercial purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment you received as a result of this use.

8.    "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

9.    "Identify" means:

(a)    when used in connection with a Person, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this action and from 2000 to the present date;

(b)    when used in connection with a Document, means to classify the Document by date, substance and content, and to Identify all Persons who participated in or were present during the creation and/or maintenance of the Document;

(c)    when used in connection with Communications, means to classify the Communication by type (face-to-face, telephone, email, etc.), date, substance and content with

specificity, and to Identify all Persons who participated in the Communication; and

      (d)    when used in connection with an event or facts supporting an allegation, means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all Persons involved in the event, and (iii) state the date and place of the occurrence.

10.    The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

11.    The term "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

12.    The term "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

13.    "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

14.    The term "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

15.    "Property" means real estate which was security for any loan You received from Defendants.

16.    "You" and "Your" means Sarah Roop, his/her agents, employees and all other persons acting or purporting to act on his/her behalf.

17.    In lieu of Identifying a Document, the responding party may produce the Document or Communication itself, provided that its interrogatory response specifies with particularity the Document or Communication(s) responsive thereto.

18.    If a Document once existed and has since been lost, destroyed, or is otherwise missing or unavailable, Plaintiff shall Identify the Document and state the details concerning the unavailability of such Document.

19.    These interrogatories impose on Plaintiff a continuous obligation. If Plaintiff subsequently become aware of information that renders their answers to these interrogatories incomplete or inaccurate, it is required to supplement or amend its answers promptly to make such responses complete and accurate.

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**

For each cause of action in your complaint, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contentions.

**INTERROGATORY NO. 2:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that (if any) that any defendant inflated the appraisal of your property.

**INTERROGATORY NO. 3:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention that (if any) any alleged wrongful act or omission by Argent Mortgage Company against You was intentional.

**INTERROGATORY NO. 4:**

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that (if any) any defendant engaged in any fraudulent or misleading act or practice as alleged in the Complaint.

**INTERROGATORY NO. 5:**

For any real estate owned by you at any time from January 1, 2002 to January 1, 2008, state (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; (d) Identify all Persons leasing or using the property and dates thereof; and (e) Describe how the Property has been Used from January 2000 to the present.

**INTERROGATORY NO. 6:**

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar amount.

**INTERROGATORY NO. 7:**

For your contention (if any) that you received less favorable loan terms than as represented by any defendant state the circumstances of You learning of the less favorable term including the date and whether or not You learned of the less favorable term in advance of the Closing and/or signing of the Loan Documents.

Case No. ILN 1:07-01347
ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO SARAH ROOP, SET 1

**INTERROGATORY NO. 8:**

Identify each item of damage or cost You claim Argent Mortgage Company is liable for, separately for each cause of action and for each wrongful act or omission by Argent, including the dates of occurrence, amount, the total damages and show how You computed the damage.

**INTERROGATORY NO. 9:**

If You contend You are able to pay back to Argent Mortgage Company the amount of the Loan Proceeds less any payment to Argent by You, state any and all facts supporting Your contention including an identification of the means by which You intend to pay back Argent and any and all steps You have taken to ensure that You are able to obtain the requisite funds to rescind the Loan.

**INTERROGATORY NO. 10:**

Identify the name, current address, and phone number of all lay witnesses who you may call as a witness at trial and general subject matter of each individual witness's testimony.

**INTERROGATORY NO. 11:**

For each time Plaintiff has refinanced the property since acquiring it, please identify (a) the date of the refinance; (b) the name(s) of any and all mortgage brokers and lenders used for said refinance; and (c) the amount of the loan secured by a mortgage for each such refinance.

DATED:  December 19, 2011

Respectfully submitted,

By:_____/s/ Randall Manvitz_____

*Attorneys for Defendant* Argent Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile:  (415) 227-0770

Case No. ILN 1:07-01347
ARGENT MORTGAGE COMPANY'S INTERROGATORIES TO SARAH ROOP, SET 1
BN 10673564v1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at Buchalter Nemer, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On December 19, 2011, I served the foregoing documents described as:

1. **DEFENDANT ARGENT MORTGAGE COMPANY'S INTERROGATORIES (SET ONE), REQUEST FOR PRODUCTION (SET ONE), REQUEST FOR ADMISSIONS (SET ONE) PROPOUNDED UPON CHRISTOPHER R. ROOP**

on all other parties and/or their attorney(s) of record to this action as follows:

Sarah Roop
11102 Pine Street
Taylor, MI 48180
(734) 374-2969

**BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on December 19, 2011, at San Francisco, California.

_____ / s / Heidi Bennett _____
Heidi Bennett

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER R. ROOP and SARAH ROOP, | Case No.: ILN 1:07-01347 |
| Plaintiffs, | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF SARAH ROOP** |
| v. | |
| ARGENT MORTGAGE COMPANY, LLC; EMC MORTGAGE CORPORATION; LASALLE BANK, N.A., BEAR STERNS MORTGAGE CAPITAL CORPORATION, Asset Back Securities I LLCAsset Backed Certificates, Series 2005-AQ1; and DOES 1-5, | |
| Defendants. | |

**PROPOUNDING PARTY: Defendant**

**RESPONDING PARTY:    Plaintiff SARAH ROOP**

**SET NO.:                        One (1)**

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to the provisions of Rule 36 of the Federal Rules of Civil Procedure, Defendant Argent Mortgage Company ("Argent") propounds the following Requests for Admissions (Set One) to Plaintiff Sarah Roop ("Plaintiff"). requests that Plaintiff respond to these Requests, in writing, under oath, within 30 days of service hereof.

### DEFINITIONS

1.        "Closing" means and refers to the closing that is the subject matter of your Complaint.  The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

2. "Loan" or "Loans" refers to the credit transaction(s) engaged in by you which is/are the subject of this lawsuit.

3. "Loan Documents" shall mean all documents provided by anyone to you at or during the Closing of your Loan.

4. "Loan Proceeds" means any and all funds disbursed to you related to the Loan.

5. "You" or "Your" means the Plaintiff responding to these Requests for Admissions.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that You did not make any misrepresentations in the Loan Application you signed for the Loan.

### REQUEST FOR ADMISSION NO. 2:

Admit that You did not make any misrepresentation in the Loan Documents.

### REQUEST FOR ADMISSION NO. 3:

Admit that You were given the opportunity to read your Loan Documents before signing them.

### REQUEST FOR ADMISSION NO. 4:

Admit that You signed the Notice of Right to Cancel attached hereto as Exhibit "A".

### REQUEST FOR ADMISSION NO. 5:

Admit that You received two copies of the Notice of Right to Cancel completed the same as the form attached hereto as Exhibit "A" at the loan closing.

### REQUEST FOR ADMISSION NO. 6:

Admit that You signed the Understanding Your Loan form attached hereto as Exhibit "B".

### REQUEST FOR ADMISSION NO. 7:

Admit that the document Understanding Your Loan attached hereto as Exhibit "B" is not confusing concerning the right to cancel the loan.

### REQUEST FOR ADMISSION NO. 8:

Admit that you were not damaged by any act of any defendant in this action.

Case No. ILN 1:07-01347
AMERIQUEST'S RFA TO SARAH ROOP (SET ONE)

**REQUEST FOR ADMISSION NO. 9:**

Admit that no misrepresentation was made to you by any defendant in this action.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you are not entitled to damages for any claim asserted against defendants.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the appraisal of your home for the Loan was not inflated.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you received all appropriate disclosures required by the Truth-In-Lending Act.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you were aware of all material terms of the Loan at the time you signed the Loan Documents.

**REQUEST FOR ADMISSION NO. 14:**

Admit that there were no statutory violations related to your Loan by any defendant in this action.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you were satisfied with the terms of your loan for at least one week following the Loan Closing.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you defaulted on your loan payments for the Loan.

DATED:  December 19, 2011                          BUCHALTER NEMER
                                                   A Professional Corporation


                                          By:____/s/ Randall Manvitz_____
                                                   RANDALL L. MANVITZ
                                             Attorneys for Ameriquest Mortgage Company

                                          Randall L. Manvitz, Esq.
                                          BUCHALTER NEMER,
                                          A Professional Corporation
                                          333 Market Street, Suite 2500
                                          San Francisco, CA 94105

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and

not a party to the within action. My business address is at Buchalter Nemer, A Professional

Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On December 19, 2011, I served the foregoing documents described as:

1. **DEFENDANT ARGENT MORTGAGE COMPANY'S INTERROGATORIES (SET ONE), REQUEST FOR PRODUCTION (SET ONE), REQUEST FOR ADMISSIONS (SET ONE) PROPOUNDED UPON SARAH ROOP**

on all other parties and/or their attorney(s) of record to this action as follows:

Sarah Roop
11102 Pine Street
Taylor, MI 48180
(734) 374-2969

**BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge. Executed on December 19, 2011, at

San Francisco, California.

_____ / s / Heidi Bennett _____
Heidi Bennett

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| CHRISTOPHER R. ROOP and SARAH ROOP,<br><br>       Plaintiffs,<br><br>       v.<br><br>ARGENT MORTGAGE COMPANY, LLC; EMC MORTGAGE CORPORATION; LASALLE BANK, N.A., BEAR STERNS MORTGAGE CAPITAL CORPORATION, Asset Back Securities I LLCAsset Backed Certificates, Series 2005-AQ1; and DOES 1-5,<br><br>       Defendants. | Case No. ILN 1:07-01347<br><br>**DEFENDANT ARGENT MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION (SET ONE) PROPOUNDED UPON SARAH ROOP** |

**PROPOUNDING PARTY: Defendant ARGENT MORTGAGE COMPANY**

**RESPONDING PARTY:**    **Plaintiff SARAH ROOP**

**SET NO.:**           **ONE**

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Argent Mortgage Company ("Argent") hereby requests that plaintiff Sarah Roop, produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 333 Market Street, Suite 2500, San Francisco, CA, 94105. Defendant's inspection and copying will not permanently alter the items inspected or copied.

### DEFINITIONS

     1.    "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

     2.    "Complaint" means the most recent Complaint filed by You in this Action.

3.     "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

4.     "Defendant" or "Defendants" means Argent Mortgage Company, its employees, agents, and assigns.

5.     "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6.     "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7.     "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8.     "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9.     "Person" or "Persons" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

**ARGENT MORTGAGE COMPANY'S RFP TO SARAH ROOP, SET 1**

10.  "Property" means real estate which was security for any loan You received from a Defendant.

11.  "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

12.  "You" "Your" and "Plaintiff" means Sarah Roop, his/her agents, employees and all other Person acting or purporting to act on his/her behalf.

### INSTRUCTIONS

13.  The Plaintiff is required to produce requested Loan Documents as they have been kept by the Plaintiff in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

14.  The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

15.  Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2002 to the date of Your production.

16.  If any responsive Document was, but is no longer, in Your possession, custody or control, provide the following information:

 (a) The disposition of the Document;

 (b) The date such disposition was made;

 (c) The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

 (d) Identify the Person who made the decision to dispose of the Document;

 (e) State the reason for the disposition;

 (f) Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and

recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

17.     Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

    (a)     Identify the nature of the privilege (including work product) that is being claimed; and

    (b)     Provide the following information in a privilege log accompanying Your response:

        (i)     The paragraph of this request to which such Document is responsive;

        (ii)     The type of Document,

        (iii)     The general subject matter of the Document;

        (iv)     The date of the Document, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

18.     If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

19.     If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

20.     Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant

reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

21.     If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

22.     Your obligation to produce Documents responsive to these requests is continuing. If You create or discover responsive Documents after Your initial response to these requests, promptly produce such Documents in accordance with these instructions or follow the procedures specified for Documents withheld under a claim of privilege or otherwise.

23.     These requests are not intended to be duplicative.  Each request should be responded to fully, and to the extent not covered by other requests.  If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

24.     Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed, pursuant to Fed. R. Civ. Proc. Rule 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Argent Mortgage Company without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Documents Relating To Argent Mortgage Company.

**REQUEST NO. 2:**

All Documents provided to You by Argent Mortgage Company.

**REQUEST NO. 3:**

All Documents You have provided to Argent Mortgage Company.

**REQUEST NO. 4:**

All Documents Relating To Communications between You and Argent Mortgage Company.

**REQUEST NO. 5:**

All Documents Relating To Your Loan from Argent Mortgage Company including Loan

Documents.

**REQUEST NO. 6:**

All Documents that were present at the Loan Closing.

**REQUEST NO. 7:**

All Documents Relating To any Communication(s) You have had with any person Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 8:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 9:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 10:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 11:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 12:**

Documents sufficient to identify Your income, assets, debt, and liabilities for the years 2003 to 2006 and 2010 to the present.

**REQUEST NO. 13:**

All Documents showing bank account deposits maintained or drawn upon by You at any time from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present, including periodic statements for any checking account, savings account, money market, or any other type of account in which You are or were a user, signatory, beneficiary or other type of person with access to the account.

**REQUEST NO. 14:**

All Documents for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period

**ARGENT MORTGAGE COMPANY'S RFP TO SARAH ROOP, SET 1**

from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 15:**

All Documents for any stock purchase accounts, mutual fund account, or any other investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 16:**

All periodic statements for any credit card, debit card, or any other type of card You used for purchases at any time from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present, including any and all Documents reflecting the status of any payments, late payments, card termination, or debt collection efforts.

**REQUEST NO. 17:**

All credit reports, credit statements, or other Documents reflecting Your credit score or status at any time from January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 18:**

All Documents Relating To the value of the Property at any time January 1, 2003 to January 1, 2006 and January 1, 2010 to the present including any appraisals or valuations.

**REQUEST NO. 19:**

Any credit application or other statement of Your income, assets, or debt at any time January 1, 2003 to January 1, 2006 and January 1, 2010 to the present.

**REQUEST NO. 20:**

All Documents Relating To any loan obtained by You or any attempts by You to obtain a loan after January 1, 2003.

**REQUEST NO. 21:**

All Documents Relating To any collection letter or other effort to collect money from you at any time from 2002 to the present.

**REQUEST NO. 22:**

All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 23:**

All Documents Relating To Your attempts to rescind a Loan from Argent Mortgage Company.

**REQUEST NO. 24:**

All Documents supporting Your contention that You are able to meet Your tender obligations or which otherwise show that You are financially able to reimburse Argent Mortgage Company for any Loan Proceeds paid to You or on Your behalf.

**REQUEST NO. 25:**

All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 26:**

All Documents Relating To any effort to refinance the Loan including but not limited to communications with lenders, loan applications, and loan documents.

**REQUEST NO. 27:**

All Documents which You contend support Your allegations in the Complaint.

**REQUEST NO. 28:**

All Documents Relating To any rental property owned by You at any time from January 2002 to the present.

**REQUEST NO. 29:**

All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

**REQUEST NO. 30:**

All Documents Relating To Your use or intended use of the Loan Proceeds.

**REQUEST NO. 31:**

All Documents identified in Your responses to Defendant's interrogatories propounded upon you.

**REQUEST NO. 32:**

All Documents Relating To any loan you have obtained from January 2002 to the present including but not limited to any refinance of your residence.

**ARGENT MORTGAGE COMPANY'S RFP TO SARAH ROOP, SET 1**

**REQUEST NO. 33:**

      All Documents Relating To Your Communications with a mortgage broker.

DATED:  December 19, 2011           Respectfully submitted,

                        By:_____/s/ Randall Manvitz_____

                        *Attorneys for Defendant*
                        Argent Mortgage Company

                        Randall L. Manvitz (admitted *pro hac vice*)
                        Buchalter Nemer
                        333 Market Street, 25th Floor
                        San Francisco, California 94105
                        Telephone: (415) 227-0900
                        Facsimile:  (415) 227-0770

**ARGENT MORTGAGE COMPANY'S RFP TO SARAH ROOP, SET 1**

BN 10672871v1

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at Buchalter Nemer, A Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

On December 19, 2011, I served the foregoing documents described as:

1. **DEFENDANT ARGENT MORTGAGE COMPANY'S INTERROGATORIES (SET ONE), REQUEST FOR PRODUCTION (SET ONE), REQUEST FOR ADMISSIONS (SET ONE) PROPOUNDED UPON CHRISTOPHER R. ROOP**

on all other parties and/or their attorney(s) of record to this action as follows:

Sarah Roop
11102 Pine Street
Taylor, MI 48180
(734) 374-2969

**BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on December 19, 2011, at San Francisco, California.

_____ / s / Heidi Bennett _____
Heidi Bennett

BN 10663096v1