

11

1   BUCHALTER NEMER
    A Professional Corporation
2     BERNARD E. LESAGE (SBN: 61870)
    SARAH K. ANDRUS (SBN: 174323)
3     KAREN K. STEVENSON (SBN: 198482)
    MELODY A. PETROSSIAN (SBN: 227624)
4   1000 Wilshire Boulevard, Suite 1500
    Los Angeles, CA 90017-2457
5   Telephone: (213) 891-0700
    Facsimile: (213) 896-0400
6

7   Attorneys for Defendant ARGENT MORTGAGE
    COMPANY, LLC

8

9           **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

12   CEDRIC PETERSON, an individual,     Case No. CV 08-06302 VBF (JTLx)

13         Plaintiff,     **DEFENDANT ARGENT**
                      **MORTGAGE COMPANY, LLC'S**
14       vs.     **ANSWER TO COMPLAINT**

15   ARGENT MORTGAGE
    COMPANY, LLC, a California
16   limited liability company;
    DEUTSCHE BANK NATIONAL
17   TRUST COMPANY; and DOES 1 to
    10, inclusive,
18
        Defendant.
19

20

21       Plaintiff CEDRIC PETERSON ("Plaintiff") alleges:

22            **PREFATORY ALLEGATIONS**

23       1.    Plaintiff CEDRIC PETERSON is and at all times mentioned herein

24   was a resident of the State of California.

25   **ANSWER:**   Defendant is without knowledge or information sufficient to form a

26       belief as to the truth of the allegations in paragraph 1. Defendant
      denies any remaining allegations in paragraph 1.

27

28

1    2.    The property which is the subject of this action is the primary dwelling

2    of the Plaintiff Its address is 9345 Rocky Lane, Orangevale, California 95662 (the

3    "Property").

4    **ANSWER:**    Defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations in paragraph 2. Defendant
5    denies any remaining allegations in paragraph 2.

6

7    3.    Defendant ARGENT MORTGAGE COMPANY, LLC ("Argent") is

8    and at all times herein mentioned was a California limited liability company doing

9    substantial business within this judicial district.

10   **ANSWER:**    Defendant denies that Argent Mortgage Company, LLC was a
California limited liability company.  Defendant admits that it did
11   business within this judicial district.

12

13   4.    Plaintiff is informed and believes, and based thereon alleges, that

14   Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche

15   Bank") is and at all times herein mentioned was conducting substantial business

16   within this judicial district.

17   **ANSWER:**    Defendant is without knowledge or information sufficient to form a
belief as to the truth of the allegations in paragraph 4. Defendant
18   denies any remaining allegations in paragraph 4.

19

20   5.    Plaintiff is ignorant of the true names and capacities of Defendants

21   sued herein as DOES 1 to 10, inclusive, and therefore sues these Defendants by

22   such fictitious names. Plaintiff will amend this Complaint to allege their true names

23   and capacities when ascertained. Plaintiff is informed and believes and thereon

24   alleges that each of the fictitiously named Defendants is responsible in some

25   manner for the occurrences herein alleged, and that Plaintiff's injuries and right to

26   compensations herein alleged were proximately caused by the acts, errors, and

27   omissions of said fictitiously named Defendants and each of them.

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 2300905v1

2

DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER

1 **ANSWER:** Defendant is without knowledge or information sufficient to form a
2 belief as to the truth of the allegations in paragraph 5. Defendant
3 denies any remaining allegations in paragraph 5.

4 6. Plaintiff is informed and believes, and based thereon alleges, that

5 Defendants, and each of them, were the agents, employees, partners, joint venturers,

6 owners, principals, and employers of the remaining Defendants, and each of them,

7 are, and at all times herein mentioned were, acting within the course and scope of

8 that agency, partnership, employment, ownership, or joint venture. Plaintiff is

9 further informed and believes and based thereon alleges that the acts and conduct

10 herein alleged of each such Defendant were known to, authorized by, and/or ratified

11 by the other Defendants, and each of them.

12 **ANSWER:** Paragraph 6 contains conclusions of law to which no response is
13 required. Defendant is without knowledge or information sufficient to
14 form a belief as to the truth of the remaining allegations in paragraph
     6. Defendant denies any remaining allegations in paragraph 6.

15 ## FIRST CAUSE OF ACTION

16 (Against An Defendants and DOES 1 to 10)

17 (Rescission and Damages under 15 U.S.C. § 1635)

18 7. Plaintiff realleges and incorporates by reference the allegations of

19 paragraphs 1 through 8, inclusive, as though set forth at length herein again.

20 **ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 6.

22 8. On or about August 29, 2005, Plaintiff executed a deed of trust in the

23 amount of $727,500.00 in favor of Defendant Argent, and secured by the Property.

24 The loan number is 0084967512. The loan was a refinance.

25 **ANSWER:** Paragraph 8 contains references to documents to which no answer is
26 required. Defendant references the cited documents in their entirety
27 for a complete and accurate statement of their contents.  Further
     answering, Defendant is without knowledge or information sufficient

28

to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9.      On said date, Defendant Argent committed the following non-exhaustive list of violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq.:

(1)     Argent failed to provide Plaintiff with two copies of fully completed Notices of Right to Cancel;

(2)     Argent failed to note the correct transaction date of August 29, 2005;

(3)     Argent failed to note the correct date of expiration of the right to cancel.

**ANSWER:**   Paragraph 9 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 9.

10.     Plaintiff will amend this Complaint when additional Truth in Lending violations are discovered.

**ANSWER:**   Paragraph 10 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 10.

11.     Plaintiff is informed and believes and based thereon alleges that after closing the said loan, Argent sold and assigned the note and deed of trust to Defendant Deutsche Bank.

**ANSWER:**   Defendant admits that Deutsche Bank serves as trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-W3 Under the Pooling and Servicing Agreement dated as of October 1, 2005, Without Recourse.  Defendant denies the remaining allegations of paragraph 11.

12.     On August 11, 2008 and August 19, 2008, Plaintiff served Defendants with a letter giving them notice of Plaintiff's election to rescind the loan. The notice

1 further demanded that Defendants return all money given as earnest money, down

2 payment, or otherwise and take any action to reflect the termination of the above-

3 described deed of trust.

4 **ANSWER:** Paragraph 12 contains references to documents to which no answer is
5 required. Defendant references the cited document in their entirety for
a complete and accurate statement of its contents. Paragraph 12
6 contains conclusions of law to which no answer is required.
7 Defendant is without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations in paragraph 12.
8 Defendant denies any remaining allegations in paragraph 12.

9

10 13. As a direct and proximate cause of Defendants' violations of the law,

11 Defendants were compelled to rescind the loan. As a further direct and proximate

12 cause of such violations, Defendants were required to return such sums as required

13 under 15 U.S.C. § 1635(b).

14 **ANSWER:** Paragraph 13 contains conclusions of law to which no answer is
required. Defendant is without knowledge or information sufficient to
15 form a belief as to the truth of the remaining allegations in paragraph
16 13. Defendant denies any remaining allegations in paragraph 13.

17 14. As of the date of filing this action, Defendants, and each of them, have

18 failed to rescind the loan or return the monies owed to Plaintiff.

19 **ANSWER:** Paragraph 14 contains conclusions of law to which no answer is
20 required. Defendant is without knowledge or information sufficient to
21 form a belief as to the truth of the remaining allegations in paragraph
14. Defendant denies any remaining allegations in paragraph 14.

22

23 15. By virtue of the foregoing violations of the Truth in Lending Act,

24 Plaintiff's right to rescind the said loan was extended from 3 days to 3 years after

25 consummation of the transaction. 15 U.S.C. § 1635(f).

26 **ANSWER:** Paragraph 15 contains conclusions of law to which no answer is
27 required. Defendant is without knowledge or information sufficient to

28

form a belief as to the truth of the remaining allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16.   As a direct and proximate cause of Defendants' violations under the Truth in Lending Act, Plaintiff has incurred attorney's fees which amount will be proven at the time of trial.

**ANSWER:**   Paragraph 16 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17.   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For rescission of Loan no. 89719312 under 15 U.S.C. § 1635(a) and (b);

2.   For all sums to be paid under 15 U.S.C. § 1635(b);

3.   For attorney's fees pursuant to 15 U.S.C. § 1601, et seq.

4.   For pre-judgment interest at the legal rate from the time of injury;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the Court may deem just and proper.

**ANSWER:**   Paragraph 17 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

# DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations.

3.     Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiff's claims are barred by the applicable statute of frauds.

6.     Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7.     Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not

1   Defendant, and any such intervening or superseding action of said parties and/or

2   persons or entities bars Plaintiffs' recovery.

3       10.   Plaintiff, by his knowledge, statements and/or conduct, has consented

4   and/or acquiesced to the alleged acts and/or omissions of Defendant described in

5   the Complaint.

6       11.   As to each cause of action, Defendant is entitled to an offset.

7       12.   Plaintiff's claims are barred in whole or in part, because Defendant has

8   committed no act or omission causing any damage to Plaintiff.

9       13.   Plaintiff's claims are barred in whole or in part, because Plaintiff

10  expressly, ostensibly and/or implicitly authorized or ratified the transactions at

11  issue.

12      14.   Plaintiff's claims are barred in whole or in part, because Plaintiff

13  would be unjustly enriched if allowed to recover on the Complaint.

14      15.   Plaintiff's claims are barred in whole or in part, because he is a

15  member of a prior settlement or class that released some or all claims alleged by

16  Plaintiff.

17      16.   Defendant alleges that it presently has insufficient knowledge or

18  information on which to form a belief as to whether it may have additional, as yet

19  unstated, affirmative defenses.  Defendant reserves its right to file an amended

20  answer asserting additional defenses, and/or to file a counter or cross-complaint in

21  the event that discovery indicates that either is appropriate.

22                          **PRAYER**

23  Defendant prays this court to:

24      1.   Dismiss Plaintiff's Complaint;

25      2.   Enter judgment for Defendant and against Plaintiff in this action;

26

27      3.   Award Defendant its costs of suit; and

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 2300905v1

8

DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER

1        4.    Grant Defendant any and all further and additional relief as it deems

2    just and appropriate.

3

4    DATED: October 1, 2008        BUCHALTER NEMER
                                       A Professional Corporation
5                                      BERNARD E. LESAGE
                                       SARAH K. ANDRUS
6                                      KAREN K. STEVENSON
                                       MELODY A. PETROSSIAN
7

8

9                                      By:/s/ Jason E. Goldstein

10                                             Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 2300905v1          9

DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER







ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br> *Peterson, et al. v. Argent Mortgage Company, et al.,* Case No. 1:08-07281 | |

### JOINT STIPULATION OF DISMISSAL OF CLAIMS AGAINST DEFENDANTS

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiffs Cedric and Cherrone Peterson (collectively "Plaintiffs") and Defendant **ARGENT MORTGAGE COMPANY** ("Defendant") hereby stipulate that the *Peterson, et al. v. Argent Mortgage Company, et al.,* Case No. 1:08-07281 (N.D. Ill) (transferred into the MDL from the United States District Court, Central District of California) matter be dismissed with prejudice as to all defendants. Each party shall bear their own costs and attorneys' fees.

Defendants expressly reserve all of their Third-Party claims in connection with the case being dismissed through this stipulation including, without limitation, any and all claims set forth in the Fifth Amended Consolidated Third-Party Complaint.

*Please Return in the envelope provided. Thanx.*

DATED: _____, 2011                 Respectfully submitted,

                                    By: _____
                                    *Cedric and Cherrone Peterson*

                                    Cedric and Cherrone Peterson
                                    9345 Rocky Lane
                                    Orangevale, California 95662
                                    Telephone:  (916) 987-3547

DATED: _____, 2011                 Respectfully submitted,

                                    By: _____
                                    *Attorneys for Argent Mortgage Company*

                                    Bernard E. LeSage, Esq.
                                    Joanne N. Davies, Esq.
                                    BUCHALTER NEMER
                                    18400 Von Karman Avenue, Suite 800
                                    Irvine, California 92612
                                    Telephone:  (949) 760-1121
                                    Facsimile:  (949) 720-0182



Exhibit 2

**Subject:**   FINAL UPDATE ON AMERIQUEST CASE

**From:**   Marshall Rosenbach (marshall@marshallrosenbach.com)

**To:**   genesisgrp@yahoo.com;

**Date:**   Friday, October 21, 2011 8:02 AM

Cherrone - I guess you've chosen not to send me anymore payments. I won't ask you again about it. On the Ameriquest case, I got a letter from the other side. They say that in October 2010, you received a check for $189.99 which you deposited. That was the payout under the class action with Ameriquest. That does not stop you from pursuing your loan modification which is basically your final remedy (the only exception is that if there is some inequity/fraud associated with the ultimate foreclosure of your home (if it goes that far), you can pursue that claim). Otherwise, the claims against Ameriquest are now at an end and my representation will end at this point. On your behalf, I did argue with the attorney for Ameriquest and say it wasn't fair that you were paid the $189.99 without my knowledge and that you should be entitled to the $1,600 they offered more recently. The lawyer got back to me and said that $189.99 payment was how everyone was paid under the class action settlement so there's really nothing wrong with it. I tend to agree. In any case, I told the lawyer I'd talk to you guys and see what you wanted to do. Do you want me to go back to him and say you demand the difference between the $1600 and the $189.99? You might as well try, but there are no guarantees of course.

If I don't hear back from you, I'll assume you're not interested and I'll be closing my file on this. I wish you luck on the modification.

*Law Offices of Marshall E. Rosenbach*

***WE HAVE MOVED!*** *Please update your files to reflect our new address located in North Palm Beach, Florida.*

**Florida Office**
11430 US Highway 1
North Palm Beach, Florida 33408
Phone: (561) 627-8990  Fax: (561) 694-1359

**Beverly Hills Office**
468 N. Camden Drive, Suite 200
Beverly Hills, California 90210
Phone: (310) 860-4764  Fax: (310) 860-4763

"Please visit our new website at www.marshallrosenbach.com"

The information contained in this electronic mail transmission and any attachments is a privileged, privilege and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of any communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (561) 575-8990 or immediately reply to the sender.

--- On **Fri, 6/10/11, C.Peterson <*genesisgrp@yahoo.com*>** wrote:

From: C.Peterson <genesisgrp@yahoo.com>

| | |
|---|---|
| **Subject:** | My withdrawal from Cedric's case. |
| **From:** | Marshall Rosenbach (marshall@marshallrosenbach.com) |
| **To:** | genesisgrp@yahoo.com; |
| **Date:** | Monday, August 8, 2011 6:35 AM |

Hi Cherrone. Regrettably, I am going to have to withdraw from Cedric's case. Will Cedric sign a stipulation for my withdrawal as his attorney? If not, I will have to file a motion to withdraw. Please let me know by the end of the day. Thanks.

*Law Offices of Marshall E. Rosenbach*

**Florida Office**
*3950 RCA Boulevard, Suite 5008*
*Palm Beach Gardens, Florida 33410*
*Phone: (561) 627-8990  Fax: (561) 694-1359*

**Beverly Hills Office**
*468 N. Camden Drive, Suite 200*
*Beverly Hills, California 90210*
*Phone: (310) 860-4764  Fax: (310) 860-4763*

*The information contained in this electronic mail transmission and any attachments are attorney/client privilege and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (310) 860-4764 or immediately reply to the sender, via electronic mail. Thank you.*

**Subject:** Can you please tell me what happened with the Rocky Lane house?

**From:** Marshall Rosenbach (rosenbachlaw@yahoo.com)

**To:** genesisgrp@yahoo.com;

**Date:** Saturday, March 6, 2010 8:40 AM

Law Offices of Marshall E. Rosenbach

**_Florida Office_**
3950 RCA Boulevard, Suite 5000
Palm Beach Gardens, Florida 33410
Phone: 561.627.8990
Fax: 561.694.1359

**_California Office_**
468 N. Camden Drive, Suite 200
Beverly Hills, California 90210
Phone: 310.860.4764
Fax: 310.860.4763

The information contained in this electronic mail transmission and any attachments are attorney/client privilege and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (310) 860-4764 or immediately reply to the sender, via electronic mail. Thank you.



Exhibit 3

Securitization Audit for

# Cedric V. Peterson

9345 Rocky Lane
Orangevale CA 95662

Disclosure

You have engaged our audit service to examine your real estate documents. The information contained in this report shall not be construed as legal advice or the practice of law, pursuant to the auditors' and independent contractors' practice of not engaging in activities that could be considered the practice of law through conduct exhibiting any of the following: ". . . the doing and/or performing of services in a court of justice in any manner depending therein throughout the various stages and in conformity with any applicable adopted rules or procedures of law. This includes legal advice and the preparation of instruments and contracts by which legal rights are secured, although such actions may or may not be admissible, depending on the court." The trust noted in this report was located using factors such as origination data, type of loan, loan amount, loan term, and interest rate. This yields a high degree of reliability; however, this loan may have been entered into an unlisted private securitization trust. The trust noted herein may not reflect the exact match, and due to this would leave a certain degree of error which may be rectified only in an actual review through a private banking system.

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## Table of Contents

| Section Title | Page |
|---|---|
| The Debt and the Security Instruments | 3 |
| The Parties to the Debt and the Security Instruments | 4 |
| The Parties to the Securitization Trust | 5 |
| How the Loan Came Into the Securitization Trust | 6 |
| How the Loan Fits in the Trust's Pool | 7 |
| The Certificates Issued by the Trust | 8 |
| The Links to the Trust Documents | 9 |
| Other Information on the Trust | 10 |
| A Diagram on the Typical Process of Securitization | 11 |
| The Diagram Explained | 12 |
| The Chain of Title and the Foreclose Process | 13 |
| Notes on the Chain of Title and the Foreclose Process | 16 |
| A Diagram on this Securitization | 17 |
| The Examiner's Closing Statement | 18 |
| Attachments | 19 |

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## The Debt & the Security Instruments

| | | |
|---|---|---|
| General | Principal Amount | $727,500.00 |
| | Date Granted | August 11, 2005 |
| | Maturity Date | September 1, 2035 |
| | Term | 30 Years |
| The Debt Instrument | Type of Note | Adjustable Rate Note |
| | Initial Interest Rate | 8.500% p.a. |
| | First Interest Rate Change Date | September 1, 2007 |
| | Loan Number | 0084987512-9502 |
| The Security Instrument | Type of Document | Deed of Trust |
| | Date Executed | August 11, 2005 |
| | Lien Priority | First Lien |
| | MERS ID Number | None |

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## The Parties to the Debt & the Security Instruments

| Borrower | Name | Cedric Peterson |
| | Mailing Address | 9345 Rocky Lane<br>Orangevale CA 95662 |
| | Property Address | 9345 Rocky Lane<br>Orangevale CA 95662 |
| Co-Borrower | Name | None |
| Lender | Name | Argent Mortgage Co., LLC |
| | Mailing Address | One City Boulevard West<br>Orange CA 92868 |
| Beneficiary | Name | Argent Mortgage Co., LLC |
| Trustee | Name | Town & Country Title Services, Inc. |
| | Mailing Address | 1111 Town & Country<br>Orange CA 92868 |
| Mortgage Servicer | Name | Citi Residential Lending, Inc. |
| | Mailing Address | PO Box 1500<br>Rancho Cucamonga CA 91729 |
| Title Company | Name | Unknown |

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## The Parties to the Securitization Trust

| | |
|---|---|
| Issuing Entity | Argent Securities, Inc., Series 2005-W3 Trust |
| Title of the Offered Securities | Argent Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-W3 |
| Depositor | Argent Securities, Inc. |
| Seller | Ameriquest Mortgage Co. |
| Originator | Argent Mortgage Co., LLC |
| Master Servicer | Ameriquest Mortgage Co. |
| Trustee | Deutsche Bank National Trust Co. |
| Custodian | Deutsche Bank National Trust Co., as Trustee |
| Insurers | No specific insurer is mentioned. The applicable provisions on insurance are found in the sections titled Description of the Credit Support, page 57 and Description of the Primary Insurance Policies, page 67 of the Prospectus and Article III, Administration and Servicing of the Mortgage Loans of the Pooling and Servicing Agreement. |
| Affiliations | Argent Securities, Inc., Ameriquest Mortgage Co., and Argent Mortgage Co., LLC are affiliates. They are not affiliated with Deutsche Bank National Trust Co. |

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## How the Loan Came Into the Securitization Trust

1   The loan that is the subject of this securitization audit was granted on August 11, 2005. The promissory note was not among the documents that were presented for this audit, but only the Adjustable Rate Rider which was prepared and signed on this date.  It names Argent Mortgage Co., LLC as the lender.

2   The Deed of Trust was executed on August 11, 2005. The lender is the beneficiary and the trustee is Town and Country Title Services, Inc. It has a term of 30 years to mature on September 1, 2035. The mortgaged property is located at 9345 Rocky Lane, Orangevale, California 95662.

3   A Notice of Default and Election to Sell Under Deed of Trust dated December 21, 2007 discloses that the subject loan is serviced by Citi Residential Lending, Inc.

4   On October 26, 2006 an Assignment of Mortgage was executed by AMC Mortgage Services, Inc. as authorized agent for Argent Mortgage Co., LLC. This document names the assignee as Deutsche Bank National Trust Co. as Trustee of Argent Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-W3. This indicates that the subject loan was securitized into this trust.

5   Argent Securities, Inc., Series 2005-W3 Trust was established under a Pooling and Servicing Agreement dated October 1, 2005. The parties were Argent Securities, Inc. as depositor, Ameriquest Mortgage Co. as master servicer, and Deutsche Bank National Trust Co. as trustee.

6   The Prospectus Supplement of Argent Securities, Inc., Series 2005-W3 Trust names Ameriquest Mortgage Co. as seller and Argent Securities Co., LLC as originator.

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## How the Loan Fits in the Trust's Pool

Hereunder is a comparison of the features of the subject loan with the characteristics of the loans in the mortgage pool of Argent Securities, Inc., Series 2005-W3 Trust

| Feature | This Loan | The Mortgage Pool, All Loans |
|---|---|---|
| Date Granted/Closing Date | August 11, 2005 | October 28, 2005 |
| Remaining Term on Closing Date | 358 months | 301 to 360 months for 9,736 loans |
| Interest Rate Type | Adjustable | 6,819 of 9,903 loans are Adjustable Rate Loans |
| Interest Rate | 8.500% p.a. initially | 5.000 % p.a. to 12.499 % p.a. |
| Original Amount | $727,500 | 75 loan are $700,000 and over |
| Property Location | California | 1,595 Property Locations in the state of California |
| References | Deed of Trust, Adjustable Rate Ride | Page III-2, Prospectus Supplement |

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## The Certificates Issued by the Trust

| Class | Pass-Through Rate | Original Par | CUSIP No. |
|---|---|---|---|
| A-1 | Variable | 736,186,000 | 040104NX5 |
| A-2A | Variable | 368,900,000 | 040104NY3 |
| A-2B | Variable | 153,275,000 | 040104NZ0 |
| A-2C | Variable | 164,324,000 | 040104PA3 |
| A-2D | Variable | 128,315,000 | 040104PB1 |
| M-1 | Variable | 72,000,000 | 040104PC9 |
| M-2 | Variable | 68,000,000 | 040104PD7 |
| M-3 | Variable | 45,000,000 | 040104PE5 |
| M-4 | Variable | 33,000,000 | 040104PF2 |
| M-5 | Variable | 33,000,000 | 040104PG0 |
| M-6 | Variable | 29,000,000 | 040104PH8 |
| M-7 | Variable | 32,000,000 | 040104PJ4 |
| M-8 | Variable | 23,000,000 | 040104PK1 |
| M-9 | Variable | 21,000,000 | 040104PL9 |
| M-10 | Variable | 14,000,000 | 040104PM7 |
| M-11 | Variable | 15,000,000 | 040104PN5 |
| M-12 | Variable | 10,000,000 | 040104PP0 |
| CE | N/A | 54,001,896 | |
| P | N/A | 100 | |
| R | N/A | N/A | |
| R-X | N/A | N/A | |

Reference:  Pooling and Servicing Agreement dated October 1, 2005

The loan that is the subject of this securitization audit is an adjustable rate loan.  As such it should be part of the mortgage pool that was used to guarantee the issuance of all types of variable rate certificates bearing the CUSIP numbers mentioned above.

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## The Links to the Trust Documents

| Date of Filing | Particulars |
|---|---|
| October 28, 2005 | Prospectus Supplement and Prospectus under Form 424-B5. |
| | The main parties are Argent Securities, Inc. as depositor, Ameriquest Mortgage Co. as seller and master servicer, Argent Mortgage Co., LLC as originator, and Deutsche Bank National Trust Co. as trustee. |
| | http://www.secinfo.com/dr66r.z2Zx.htm |
| March 28, 2006 | Annual Report under Form 10-K. |
| | This document names Ameriquest Mortgage Co. as servicer and reports the filings of an Annual Statement of Compliance for the servicer as of December 31, 2005. |
| | http://www.secinfo.com/dv4at.v9e.htm |
| January 13, 2006 | Notice of Suspension of Duty to File Reports under Form 15-15D. |
| | This document was filed by Deutsche Bank National Trust Co., as trustee . The number of certificateholders as of report date was 17. |
| | http://www.secinfo.com/dv4at.v25.htm |
| November 14, 2005 | Pooling and Servicing Agreement. |
| | The parties are Argent Securities, Inc. as depositor, Ameriquest Mortgage Co. as master servicer, and Deutsche Bank National Trust Co. as trustee. |
| | http://www.secinfo.com/dqTm6.z355.d.htm#1stPage |

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

## Other Information on the Trust

| | |
|---|---|
| Cut-off Date | October 1, 2005 |
| Closing Date | October 28, 2005 |
| Approximate Amount of Total Assets Held | $1,946,000,00 |
| The Link to all Document Filings with the Securities and Exchange Commission | http://www.secinfo.com/$/SEC/Registrant.asp?CIK=1342852 |

Securitization Audit for Cedric V. Peterson
9345 Rocky Lane, Orangevale, California 95662

A Diagram on the Typical Process of Securitization

