**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Ivan Sims v. Ameriquest Mortgage Company, et al.*, Case No. 07-2462 (N.D. Ill.) | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiff Ivan Sims' ("Plaintiff") First Amended Complaint as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against a subprime mortgage lender, its affiliates and assignees for rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to clearly and conspicuously disclose the borrower's right to cancel a mortgage loan.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act.**

## PARTIES

2.      Plaintiff Ivan Sims ("Ivan") resides in a single family home which she owns at 436 W. 101st Place, Chicago, Illinois.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

3.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices located in Orange, California and maintains offices in and does business in Illinois.   Ameriquest is or was engaged in the business of originating "subprime" mortgages.  Ameriquest made more than 26 loans in the calendar year of 2004.

**ANSWER:      Defendant admits that Ameriquest Mortgage Company is a corporation, that it is incorporated in a state other than Illinois, and that it has maintained offices and does business in Illinois.   Defendant objects to the term "subprime" as vague.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime."   Defendant admits that at the time the Plaintiff entered into their loan with Defendant, Defendant was in the business of originating loans secured by mortgages when Plaintiff obtained his loan.  Defendant admits that, during the relevant time period of Plaintiff's loan, Ameriquest Mortgage Company originated more than 26 loans per year.   Defendant denies the remaining allegations of Paragraph 3.  Defendant does not object to service.**

4.      Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business located in Orange, California and does business in Illinois.

**ANSWER:      Defendant admits that AMC Mortgage Services, Inc. is a corporation, that it is incorporated in a state other than Illinois and that it does business in Illinois.  Defendant objects to the term "affiliate" as vague.**

5.      AMC is an affiliate of Ameriquest.    AMC services loans originated by Ameriquest and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:      Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company.   Defendant denies the remaining allegations in Paragraph 5.**

BN 13338015v1

6.      Defendant ACC Capital Holdings Corporation, ("ACC") is an affiliate of Ameriquest and transacts business in Illinois.  ACC purports to have an interest in loans originated by Ameriquest.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

7.      Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a national trust company with its principal offices located in Santa Ana, California.  Deutsch Bank is believed to be acting as the trustee of a mortgage back security trust entitled Ameriquest Mortgage Securities Inc., asset backed pass through certificates, series 2005-R11.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

8.      Defendant Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward") is a Delaware corporation with its principal offices located in Coppell, Texas and does business in Illinois.  Homeward is engaged in the business of dealing in and servicing "subprime" mortgages. Homeward is believed to have acquired an interest in the subject loan, including the right to receive payments thereunder.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

**ANSWER:**      **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue.  Defendant denies any remaining allegations in Paragraph 9.**

10.     This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections,

**ANSWER:**      **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue.  Defendant denies any remaining allegations in Paragraph 10.**

3

11.     Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

**ANSWER:     Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue.  Defendant denies any remaining allegations in Paragraph 11.**

## FACTS SUPPORTING CAUSE OF ACTION

12.     On October 14, 2005 Ivan closed a loan with Ameriquest secured by a mortgage lien against Ivan's home.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13.     The following are documents relating to the loan:

        a.      An incomplete Notice of Right to Cancel, See Exhibit A, attached to this

                pleading: and

        b.      A document entitled "One Week Cancellation Period", See Exhibit B,

                attached to this pleading.

**ANSWER:     The documents speak for themselves; therefore, no answer is required.  To the extent this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.  Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.  Defendant denies all remaining allegations of the paragraph.**

14.     Ivan was later directed to make payments to AMC.

**ANSWER:     Defendant admits that the servicing of the loan was transferred to AMC Mortgage Services, Inc.**

15.     On information and belief, at the time this action was first filed, ACC and/or Ameriquest owned Ivan's loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

16.     On information and belief, subsequent to this action being first filed, Deutsche Bank and Homeward acquired ownership interests in the subject loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such**

**allegations.**

17.    Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

18.    Because this transaction was secured by Plaintiff's home and was not entered into for purposes of its initial purchase or construction. the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

**ANSWER:**    **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegation that the transaction was secured by Plaintiff's home and on that basis denies such allegation.    Defendant denies the allegations in Paragraph 18 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute.    Defendant denies any liability to Plaintiff and denies that Plaintiff may rescind his mortgage. Defendant denies the remaining allegations in Paragraph 18.**

19.    Regulation Z reads in pertinent part:

§226.23

a.    *Consumer's right to rescind.*

(1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (I) of this section.

(2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's Interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

5

      b.    *Notice of right to rescind*:

            (1)    In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226. 36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

                  (i)    The retention or acquisition of a security interest in the consumer's principal dwelling.

                  (ii)    The consumer's right to rescind the transaction.

                  (iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

                  (iv)    The effects of rescission, as described in paragraph (d) of this section ___.

                  (v)    The date the rescission period expires.

      c.    *Effects of rescission*.

            (1)    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

            (2)    Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

            (3)    If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

**<u>ANSWER</u>:**    **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies all remaining allegations of the paragraph.**

20.     TILA provides in pertinent part:

15 U.S.C.§1640

Except as otherwise provided in this section. any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-

> (1)     any actual damage sustained by such person as a result of the failure;
>
> (2)     (A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling. not less than $400 or greater than $4,000:
>
> (3)     in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**ANSWER:**     **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies all remaining allegations of the paragraph.**

21.     The incomplete notice of right to cancel provided to Ivan failed to properly inform him of his right to cancel the transaction, specifically the incomplete notice failed to inform Ivan of the date his right to cancel would expire.

**ANSWER:**     **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies all remaining allegations of the paragraph.**

22.     Furthermore, Ivan was provided a document labeled "One Week Cancellation Period" that contains language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

**ANSWER:**     **To the extent this paragraph states conclusions of law, no answer is required. The documents referenced speak for themselves; therefore, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiff.  Defendant denies all remaining allegations of the paragraph.**

23.     The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TJLA *[sic]* damages, attorney's fees or the procedural

protections of §1635, Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long,

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies all remaining allegations of the paragraph.**

24. The provision of a document that conflicts with the required Notice of Right to Cancel violates TJLA *[sic]* and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies all remaining allegations of the paragraph.**

25. AMC, ACC and Ameriquest currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Ivan on the subject loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

26. Ivan has exercised his right to rescind the loan. See Exhibit C.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. The document referenced speaks for itself; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan. Defendant denies the remaining allegations of the paragraph.**

27. More than 20 days has passed since the cancellation of Ivan's loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan. Defendant admits the loan has not been rescinded. Defendant denies the remaining allegations of this paragraph.**

28. Homeward and Deutsche Bank currently claim to have an interest in the subject Note and Mortgage and a right to collect payments from Mr. Sims on the subject loan. It is

8

believed that Homeward and Deutsche Bank obtained their interest in the subject loan after the election to cancel was made and after this action was originally filed.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

29.     Homeward and Deutsche Bank have actual notice of Plaintiff's election to cancel the subject loan, prior to or at the time they obtained an interest in the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

30.     On information and belief, Homeward has been reporting adverse information to credit bureaus regarding the history of payments on Mr. Sims' now cancelled loan account, including the period of time after Plaintiff cancelled the subject loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.     Plaintiff's purported causes of action fail to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitation or statute of repose.

3.     Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiff's claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

5.     Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.    Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

7.    Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiff.

8.    Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

9.    Plaintiff's claims are barred in whole or in part, because Plaintiff misrepresented their credit, income or other information association with obtaining the loan.

10.    Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.    Plaintiff is not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12.    Plaintiff is not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13.    If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.    Plaintiff's claims must be offset against money owed by Plaintiffs or money paid by any defendant on behalf of Plaintiff.

15.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiff, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  February 25, 2013                By:  /s/ Randall L. Manvitz
_Attorneys for Ameriquest Mortgage Company_

Randall L. Manvitz, Esq.
BUCHALTER NEMER, a P.C.
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

11

BN 13338015v1

**<u>CERTIFICATE OF SERVICE</u>**

I, Randall L. Manvitz, hereby certify that on this 25th day of February 2013, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:  _____ /s/  Randall L. Manvitz _____

BN 13338015v1