#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: *Peterson v. Argent Mortgage Company, LLC et al.*, 1:08-cv-07281, N.D. Ill. | (Centralized before The Honorable Marvin E. Aspen) |
| | (Assigned to Magistrate Judge Daniel G. Martin) |

### ARGENT MORTGAGE COMPANY'S OPPOSITION TO CEDRIC PETERSON'S MOTION FOR EXTENSION OF TIME (DKT. 5199)

Plaintiff Cedric Peterson failed to respond to Argent Mortgage Company's discovery requests.[1] As a result, Peterson was included in the recent Motion to Compel and the Court ordered Peterson to respond to missing discovery by February 9, 2013 [Dkt. 5181]. Instead of responding, Peterson requests an extension of time to respond to May 1, 2013 but does not provide any valid reason for further delay [Dkt. 5199]. After receiving Peterson's motion, counsel for the Ameriquest Defendants contacted Peterson in an effort to discuss a reasonable extension of time to respond, but Peterson was unwilling to agree to any date other than May 1, 2013. Moreover, Peterson did not provide any compelling reason as to why he needs so long to respond to the discovery. His request should be denied and he should be ordered to respond to discovery by March 21, 2013.

In his motion, Peterson argues that he should not have to respond to the discovery until May based on the mistaken belief that Argent is obligated to respond to a filing by Peterson titled "Second Reply to Motion for Summary Judgment," Peterson's argument fails because filing a reply in support of a motion for summary judgment has nothing to do with his request to delay

---

[1] Cherrone Peterson is not a party to the lawsuit nor was any discovery served upon her.

1

discovery responses. Also, no reply is warranted. By way of background, Argent filed a motion for summary judgment based on Peterson's settlement of his claims [Dkt. 4669]. Peterson filed an opposition, and Argent filed a reply in accord with the Court's briefing schedule [Dkts. 4783 (briefing schedule), 4886 (reply), 4887 (certificate of mailing)]. Subsequently, Peterson filed a brief titled "Second Reply to Motion for Summary Judgment" [Dkt. 4919] which rehashes his first opposition, is not contemplated by the scheduling order, does not justify another reply, and has nothing to do with his discovery obligations.

Intermingled in Peterson's motion and attachments is a request for Argent to agree to a neutral party to perform a "securitization audit" and "forensic loan audit." The requested relief is ill-fated for many reasons, mainly, the requested audit: (1) has nothing to do with whether Peterson should respond to the outstanding discovery; (2) is irrelevant to Peterson's claim of a Truth-In-Lending violation or the pending motion for summary judgment based on Peterson's settlement of his claims, and there is no foreclosure claim proceeding; and (3) there is no such procedure provided for by the Federal Rules of Civil Procedure.

Peterson's final requested relief is moot: He states that he wants to litigate his case instead of being subject to a motion to dismiss for lack of prosecution. However, because he filed the present motion, the Ameriquest Defendants did not include Peterson in the motion to dismiss for lack of prosecution pending before this Court.

Also, while not relevant to any claim at bar, Peterson complains that he has not received a loan modification. In response to his request to be considered for a loan modification, counsel for Argent reached out to Peterson and provided him with the loan modification application paperwork. Peterson claims to have submitted the completed loan modification paperwork to the loan servicer, Homeward Residential, Inc., on February 15, 2013. However, Homeward's counsel advised Peterson that the loan modification paperwork needed to be submitted to him so that he could direct it to the appropriate parties at Homeward since there is pending litigation. Peterson refused to do so.

In sum, Peterson should be ordered to respond to the outstanding discovery in accord with the Court's prior order [Dkt. 5181], by March 21, 2013.

Dated: February 28, 2013

By:/s/ Joanne N. Davies
*Attorneys for Argent Mortgage Company, LLC*

Joanne N. Davies
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 28th day of February, 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing was sent by electronic mail to all counsels of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail to Cedric Peterson, 9345 Rocky Lane, Orangevale, CA 95662.

By:    */s/* Joanne N. Davies