

FILED

MAR 21 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

)
IN RE AMERIQUEST MORTGAGE CO.     )     MDL No. 1715
  MORTGAGE LENDING PRACTICES     )
  LITIGATION     )     Lead Case No. 05-cv-07097
)
)     Centralized before The Honorable
SCHEBEL, JOSEPH F     )     Marvin E. Aspen
          Plaintiff,     )
)     Assigned to Magistrate Judge Daniel G.
v.     )     Martin
)
DEUTSCHE BANK, et al.     )
         Defendant     )
)
Case No. 1:07-c-6810, N.D. ILL.     )
)

## PLAINTIFF'S
## MOTION IN OPPOSITION
## TO DEFENDANTS MOTION ENTITLED
## "NOTICE OF MOTION TO DISMISS FOR WANT OF PROSECUTION"

1       Now comes the Plaintiff, Joseph F. Schebel ("Schebel"), and opposes Defendant,

2   Ameriquest Mortgage Company (Ameriquest), motion entitled "Notice of Motion to Dismiss for

3   Want of Prosecution."

4       Schebel has submitted, despite the defendants claims, in response to the defendants

5   request for admissions, request for documents, along with the defendant interrogatory on or

6   about November 12, 2012 the following documents;

7       "Answers to Interrogatories to Plaintiff Propounded By Defendant Ameriquest Mortgage
8       Company"
9           (Exhibit "A")

1   "Plaintiff's Responses To Ameriquest Mortgage Company's Requests for Production of
2   Documents"
3           (Exhibit "B")

4   "Plaintiff Joseph F. Schebel's Responses To Set One Of Requests For Admissions
5   Propounded By Ameriquest Mortgage Company"
6           (Exhibit "C")

7   These documents have been resubmitted, by Schebel, to the defendants as they were

8   submitted on or about November 12, 2012, with the exception of the change of date.

9           Schebel asserts that the defendants, knowing that Schebel was a pro se litigant, have

10  engaged in tactics that have placed Schebel at an unfair disadvantage from the onset of this case.

11          This case was originally filed within the jurisdiction of a Massachusetts Superior Court,

12  where all the property is located along with where Schebel is domiciled.

13          The defendants moved the district court, against Schebel's opposition, to the United

14  States First District Court.

15          Once at this level the defendants then moved this case, with all respect this honorable

16  court, to a location that was unsuitable for Schebel.

17          The defendants and their attorney's knew under Massachusetts General Law's that

18  Schebel's remedies to seek redemption for the defendants deceptive trade practices where held to

19  a much greater standard, with all respect to this honorable court, under Massachusetts Consumer

20  Protection laws and that Schebel would have been awarded punitive damages not available at the

21  federal level.

22          That the defendants deliberately and methodically used the federal courts to usurp any

23  remedies Schebel would have been entitled to under Massachusetts Consumer Protection laws.

24          The defendants have continued to place undue emotional and mental stress upon Schebel.

25          In November of 2011 this case was ordered to mediation.

1    Schebel informed the meditator, retired Judge O'Connell, along with the defendants that

2  Schebel wanted to participate via teleconference in this mediation process

3    No contact was made, either by the mediator or by the defendants, with Schebel during

4  those proceedings despite Schebel making himself available all day.

5    The defendants have further asserted they did not have nor were they made privy to

6  Schebel's telephone number.

7    This claim is simply not true!

8    It was the defendant's attorney Bradley G. Grumbley who contacted Schebel via

9  telephone while Schebel was in Dallas on business.

10    Schebel hereby asserts the defendants have repeatedly hindered any attempts to settle this

11  case with Schebel, despite attempts by Schebel to settle.

12    Schebel has made countless offers to settle to both Bradley F. Grumbley and Pooya E.

13  Sohi.

14    Not only were any offers simply been outright denied, the defendants have never once

15  made a counter offer to Schebel.

16    Instead of trying to settle this case the defendants through their attorneys have used

17  deceptive and misleading practices to increase their billable hours.

18    In the defendants motion *"Notice of Motion to Dismiss for Want of Prosecution"* the

19  defendants on page seven state; *"The envelope was placed for deposit in the United States Postal*

20  *Service at Buchalter Nemer in Irvene…"*

21    The defendants mailed their motion to the Schebel on Friday, February 15, 2013,

22  knowing that Monday the 18th was a federal holiday and no mail would be processed or

23  delivered on Monday the 18th.

1       Schebel did not receive the defendant's motion until the evening of February 21st, the

2    evening after they had scheduled a hearing.

3       If it were not for this honorable court recognizing the constraints the defendants had

4    placed on the plaintiff's this case may have been dismissed on the deceitful tactics of the

5    defendants through a motion to dismiss fro want to prosecute.

6       These are the tactics the defendants and their attorneys have used against the Plaintiff

7    throughout these proceedings

8       Schebel has provided this court with a copy of his a proposal to settle he has sent to the

9    defendants. (Exhibit "D")

10  March 13, 2013

11

12                   Joseph F. Schebel

13                   71 Columbia Drive

14                   Feeding Hills, MA 01030
                         413-262-7319

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I, Joseph F. Schebel, hereby certify that on 13 March, 2013, I sent by certified first-class mail a copy of the within document on Pooya E. Sohi, Esq., c/o BuchalterNemer, 1000 Wilshire Boulevard. Suite 2500, Los Angeles, CA 90017-2457.

Joseph F. Schebel

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 07-cv-06810

JOSEPH F. SCHEBEL
Plaintiff

v.

DEUTSCHE BANK NATIONAL TRUST, et al.
Defendants

## ANSWERS TO INTERROGATORIES TO PLAINTIFF
## PROPOUNDED BY DEFENDANT AMERIQUEST MORTGAGE COMPANY

Joseph F. Schebel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

hereby responds to each numbered paragraph of the Interrogatories propounded by Defendant

Ameriquest Mortgage Company ("Ameriquest") as follows:

### GENERAL OBJECTIONS

**A.** Joseph F. Schebel objects to Defendant Ameriquest's Interrogatories to the extent that

they seek to impose upon Joseph F. Schebel obligations or burdens which are greater than, or in-

consistent with, Rule 33 of the Federal Rules of Civil Procedure.

**B.** Joseph F. Schebel objects generally to Defendant Ameriquest's Interrogatories on the

grounds that they are overly broad and burdensome. Joseph F. Schebel has made a good faith ef-

fort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacat-

ed, all of Defendant Ameriquest's Interrogatories.

**C.** The following responses and objections are based upon information now known. Jo-

seph F. Schebel has not yet completed discovery or preparation for trial in this action and therefore

will supplement these responses and objections to the extent required by the Federal Rules of Civil

Procedure.

**D.** The following responses and objections are based upon information now known. Giv-

en Joseph F. Schebel has learned through an attorney, Bradley Grumbley, who has neither made

an appearance in this case nor has written anything but letters to Schebel, but who alleged that he

represented Ameriquest in 2012, that Ameriquest has been out of business since 2006.

    **E.** The following responses and objections are based upon information now known.

Through Pooya E. Sohi, an attorney who also has not made an appearance in this case but alleged-

ly is replacing Grumbley, who seems to have left the law firm, **(a)**that there was a Settlement Fund

set up by Ameriquest or an entity on its behalf, **(b)** that the amount of money in the unidentified

Settlement Fund is also unknown, **(c)** that it is likely the amount remaining in the Settlement Fund

is insufficient to pay Mr. Schebel the amount he is likely to be awarded by a jury in a court in

Massachusetts, the forum of and locus about which Ameriquest and the other defendants commit-

ted alleged fraud.

    **F.** The following responses and objections are based upon information now known.

Amongst the information known is the so-called attempt at settlement between Bradley Grumbley

and Mr. Schebel's representative. Grumbley promised to send certain documents, including a

copy of the promissory note, and to inquire as to the identities of the assignees of the mortgage.

Before responding affirmatively to his promise Grumbley sent a threatening letter to Mr. Schebel

regarding the two-week delayed response to the discovery. **[Exhibits X, Y, and Z.]**

    **G.** On the record of this case, there is nothing that specifically relates to the Schebel case

(including scheduling orders), but there is a general status hearing that has been rescheduled for

2/28/13.

    **H.** The following responses and objections are based information **UN**known which might

be relevant to the interrogatory or leading to the answer of the interrogatory.

    **I.** Without waiving these objections and by way of response, Joseph F. Schebel provides

the following responses.

## ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
For each cause of action in Your complaint, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contentions.

**Response to Interrogatory #1:**
Objection to the interrogatory on the grounds that the request is burdensome and harassing. To list the facts for eleven counts would consume **(a)** considerable work, work that is tantamount to recreating the documents and that is not required by the rules of civil procedure, and **(b)** considerable time, time which is not available, given my work schedule was established long before the receipt of this set of interrogatories.

As to the documents, I intend to introduce in the trial of this matter the documents that I have received from the debt collectors whom I assume were collecting for unidentified assignees.

As to persons having knowledge, Ameriquest and its assignees and its trustee Deutsche Bank never—with the exception of a few minor letters--sent any documentation to me, Mr. Schebel. I, the plaintiff, received documents from time to time from the debt collectors and nothing was signed by any named individuals.

**INTERROGATORY NO. 2:**
Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that (if any) that any defendant inflated the appraisal of Your property.

**Response to Interrogatory #2:**
Objection to the interrogatory on the grounds that the request is burdensome and harassing. This interrogatory is essentially repetitious of Interrogatory #1 with one primary exception.

Given that my complaint does not contain the words *appraise, appraisal, appraised,* I can only assume these interrogatories were written using boilerplate and that this interrogatory was targeting an individual other than me.

**INTERROGATORY NO. 3:**
Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention that (if any) any alleged wrongful act or omission by Ameriquest against You was intentional.

**Response to Interrogatory #3:**
Objection to the interrogatory on the grounds that the request is burdensome and harassing. To list the facts for eleven counts would consume **(a)** considerable work, work that is tantamount to recreating the documents and that is not required by the rules of civil procedure, and **(b)** considerable time, time which is not available, given my work schedule was established long before the receipt of this set of interrogatories.

In Count 3, I alleged that in the course and conduct of servicing and collecting, the Defendants in numerous instances represented wrongly, expressly or by implication, that I owed amounts specified in Defendants' communications.

See also Count 4 for other misrepresentations that were unfair and deceptive.

## INTERROGATORY NO. 4:

Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that (if any) any defendant engaged in any fraudulent or misleading act or practice as alleged in the Complaint.

### Response to Interrogatory #4:
See response to Interrogatory #3.

## INTERROGATORY NO. 5:

For any real estate owned by You at any time from January 1, 2002 to the present, state (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; (d) Identify all Persons leasing or using the property and dates thereof, and (e) Describe how the Property has been Used from January 2002 to the present.

### Response to Interrogatory #5:
Objection to the interrogatory on the grounds that the request is totally irrelevant to this action. The defendant propounding this interrogatory knows the address of the subject property. If the defendant does not know the address of the subject property, then every effort to force money out of me, Mr. Schebel, is criminal. Certainly when I purchased or leased it, or resided there, or leased it or how I used the property from January 2002 to the present is irrelevant to this action.

Given that my complaint does not involve anything about which the interrogatory was written, I can assume the interrogatory is from an unrelated boilerplate document and has no relevance to this action. See my response to Interrogatory #2.

## INTERROGATORY NO. 6:

Describe each and every use of the Loan Proceeds from the Closing delineated by dollar amount.

### Response to Interrogatory #6:
Objection to the interrogatory on the grounds that the request is irrelevant to this action. If not, I object on the grounds that I do not understand what the interrogatory is seeking to know.

## INTERROGATORY NO. 7:

For Your contention (if any) that You received less favorable loan terms than as represented by Ameriquest state the circumstances of You learning of the less favorable term including the date and whether or not You learned of the less favorable term in advance of the Closing and/or signing of the Loan Documents.

**Response to Interrogatory #7:**
I object to this interrogatory on the grounds that it is ambiguous.

Given that my complaint does not involve anything about which the interrogatory was written, I can assume the interrogatory is from an unrelated boilerplate document and has no relevance to this action. See my response to Interrogatory #2.

## INTERROGATORY NO 8
Identify each item of damage or cost You claim Ameriquest is liable for, separately for each cause of action and for each wrongful act or omission by Ameriquest including the dates of occurrence, amount, the total damages and show how You computed the damage.

**Response to Interrogatory #8:**

I object to this interrogatory on the grounds that it is burdensome, considering the amount of time to do all necessary computations. Also, considering Ameriquest has not provided me with the necessary documentation, I'd not be able to accurately calculate my damages. They are to produce copies of the promissory note, mortgage, and insurance documents along with other pertinent information.

## INTERROGATORY NO. 9:
If You contend You are able to pay back to Ameriquest the amount of the Loan Proceeds less any payment to Ameriquest by You, state any and all facts supporting Your contention including an identification of the means by which You intend to pay back Ameriquest and any and all steps You have taken to ensure that You are able to obtain the requisite funds to rescind the Loan.

**Response to Interrogatory #9:**
My damages exceed any amount Ameriquest alleges I owe Ameriquest. The company is out of business. The loan has been assigned numerous times. I believe that AMC has received all the money due it when it allegedly went out of business.

## INTERROGATORY NO. 10:
Identify the name, current address, and phone number of all lay witnesses who you may call as a witness at trial and general subject matter of each individual witness's testimony.

**Response to Interrogatory #10:**
This has not yet been determined. It shall be determined after my discovery is complete. AMC has to identify all individuals with whom I allegedly spoke, for instance, the loan officer, his Massachusetts license (if any), and the attorney who prepared and represented Ameriquest.

## INTERROGATORY NO. 11:
For each time You have refinanced the property since acquiring it, please identify (a) the date of the refinance; (b) the name(s) of any and all mortgage brokers and lenders used for said refinance; and (c) the amount of the loan secured by a mortgage for each such refinance.

**Response to Interrogatory #11:**
The only time I refinanced the property was when I gave Ameriquest a mortgage and promissory note. Ameriquest knows these details.

\* \* \* \* \*

Plaintiff, Joseph F. Schebel, states under the penalty of perjury that he has read the foregoing Interrogatory answers and knows the contents thereof; that said answers were prepared with the assistance and advice of a friend; that the answers set forth above, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these answers; that Plaintiff reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to these limitations the Interrogatory answers are true to the best of his knowledge, information, and belief.

November 12, 2012

_____
Joseph F. Schebel
71 Columbia Drive
Feeding Hills, MA 01030
413-262-7319

## CERTIFICATE OF SERVICE

I, Joseph F. Schebel, hereby certify that on November 12, 2012, I sent by certified first-class mail a copy of the within document on Pooya E. Sohi, Esq., c/o BuchalterNemer, 1000 Wilshire Boulevard. Suite 2500, Los Angeles, CA 90017-2457.

_____
Joseph F. Schebel

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CASE NO. 07-cv-06810

JOSEPH F. SCHEBEL
     Plaintiff

v.

DEUTSCHE BANK NATIONAL TRUST, et al.
     Defendants

## PLAINTIFF'S RESPONSES TO AMERIQUEST MORTGAGE COMPANY'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Joseph F. Schebel, pursuant to Rule 34of the Federal Rules of Civil Procedure, hereby responds to each numbered paragraph of the Requests for the Production of Documents propounded by Defendant Ameriquest Mortgage Company ("Ameriquest") as follows:

### GENERAL OBJECTIONS

**A.** Joseph F. Schebel objects to Defendant Ameriquest Mortgage Company's Requests for Production of Documents to the extent that they seek to impose upon Joseph F. Schebel obligations or burdens which are greater than, or inconsistent with, Rule 34 of the Federal Rules of Civil Procedure.

**B.** Joseph F. Schebel objects generally to Defendant Ameriquest Mortgage Company's Requests for Production of Documents on the grounds that they are overly broad and burdensome. Joseph F. Schebel has made a good faith effort to respond to the Requests for Production of Documents, but reserves the right to object to, and to move to have vacated, all of the Defendant's Requests for Production of Documents.

**C.** The following responses and objections are based upon information now known. Joseph F. Schebel has not yet completed discovery or preparation for trial in this action and therefore will supplement these responses and objections to the extent required by the Federal Rules of Civil Procedure.

**D.** Without waiving these objections and by way of response, Joseph F. Schebel pro-

vides the following responses.

## RESPONSES TO DOCUMENTS AND TANGIBLE THINGS
## REQUESTED TO BE PRODUCED

**DOCUMENT REQUEST** NO. 1:
All Documents Relating To Ameriquest.

> **Response #1:** These are available for inspection, or will be supplied upon scanning, but scanning cannot take place until the end of January 2013.

**DOCUMENT REQUEST NO. 2:**
All Documents provided to You by Ameriquest.

> **Response #2:** These are available for inspection, or will be supplied upon scanning, but scanning cannot take place until the end of January 2013.

**DOCUMENT REQUEST NO. 3:** .
All Documents You have provided to Ameriquest.

> **Response #3:** These are available for inspection, or will be supplied upon scanning, but scanning cannot take place until the end of January 2013.

**DOCUMENT REQUEST NO. 4:**
All Documents Relating To Communications between You and Ameriquest.

> **Response #4:** These are available for inspection, or will be supplied upon scanning, but scanning cannot take place until the end of January 2013. .

**DOCUMENT REQUEST** NO. 5:
All Documents Relating To Your Loan from Ameriquest including Loan Documents.

> **Response #5:** These are notavailable for inspection, for I did not receive copiesaspromised by Ameriquest loan officer and attorney.

**DOCUMENT REQUEST NO. 6:**
All Documents that were present at the Loan Closing.

> **Response #6:** These are not available for inspection, for I did not receive copiesaspromised by Ameriquest loan officer and attorney.

**DOCUMENT REQUEST NO. 7:**

All Documents Relating To any Communication(s) You have had with any person Relating To any of the matters alleged in the Complaint.

>   **Response #7:** These are available for inspection, or will be supplied upon scanning, but scanning cannot take place until the end of January 2013.

**DOCUMENT REQUEST NO. 8:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

>   **Response #8:** This request is vague and ambiguous. Are you looking for letters? Documents relating to the entities unilaterally changing insurers? Letters from Santa Claus?

**DOCUMENT REQUEST NO. 9:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

>   **Response #9:** This request is vague and ambiguous. Are you looking for letters? Documents relating to the entities unilaterally changing insurers? Letters from Santa Claus?

**DOCUMENT REQUEST NO. 10:**

All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

>   **Response #10:** I object on the grounds of relevancy, privacy, confidentiality, statutes of limitation.

**DOCUMENT REQUEST NO. 11:**

Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

>   **Response #11:** None exist for the ownership of the subject property.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to identify Your income, assets, debt, and liabilities for the years 2002 to the present.

>   **Response #12:** I object on the grounds of relevance, privacy, confidentiality, statutes of limitation.

**DOCUMENT REQUEST NO. 13:**
All Documents showing bank account deposits maintained or drawn upon by You at any time from January 1, 2002 to the present, including periodic statements for any checking account, savings account, money market, or any other type of account in which You are or were a user, signatory, beneficiary or other type of person with access to the account.

> **Response #13:** I object on the grounds of relevancy, privacy, confidentiality, statutes of limitation.

**DOCUMENT REQUEST NO. 14:**
All Documents for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2002 to the present.

> **Response #14:** None exist. I also object on the grounds of relevancy, privacy, confidentiality, statutes of limitation, harassment, burdensome.

**DOCUMENT REQUEST NO. 15:**
All Documents for any stock purchase accounts, mutual fund account, or any other investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2002 to the present.

> **Response #15:** None exist. I also object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment, burdensome.

**DOCUMENT REQUEST NO. 16:**
All periodic statements for any credit card, debit card, or any other type of card You used for purchases at any time from January 1, 2002 to the present, including any and all Documents reflecting the status of any payments, late payments, card termination, or debt collection efforts.

> **Response #16:** I object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment.

**DOCUMENT REQUEST NO. 17:**
All credit reports, credit statements, or other Documents reflecting Your credit score or status at any time from January 1, 2002 to the present.

> **Response #17:** I object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment. Any of these documents, if they existed, are replete with hearsay and inadmissible in a court of law.

**DOCUMENT REQUEST NO. 18:**
All Documents Relating To the value of the Property at any time January 1, 2002 to the present including any appraisals or valuations.

> **Response #18:** I object on the grounds of ambiguity, vagueness, broadness.

**DOCUMENT REQUEST NO. 19:**
Any credit application or other statement of Your income, assets, or debt at any time January 1, 2002 to the present.

> **Response #19:** I object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment. Any of these documents, if they existed, are replete with hearsay and inadmissible in a court of law.

**DOCUMENT REQUEST NO. 20:**
All Documents Relating To any loan obtained by You or any attempts by You to obtain a loan after January 1, 2002.

> **Response #20:** I object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment. Any of these documents, if they existed, are replete with hearsay and inadmissible in a court of law.

**DOCUMENT REQUEST NO. 21:**
All Documents Relating To any collection letter or other effort to collect money from You at any time from 2002 to the present.

> **Response #21:** I object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment. Any of these documents, if they existed, are replete with hearsay and inadmissible in a court of law.

**DOCUMENT REQUEST NO. 22:**
All pleadings served or filed in any lawsuit filed by You or involving You.

> **Response #22:** I object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment.

**DOCUMENT REQUEST NO. 23:**
All Documents Relating To Your attempts to rescind a Loan from Ameriquest.

> **Response #23:** I wrote a complaint against Ameriquest et al, but there was no count for rescission in it.

**DOCUMENT REQUEST NO. 24:**
All Documents supporting Your contention that You are able to meet Your tender obligations or which otherwise show that You are financially able to reimburse Ameriquest for any Loan Proceeds paid to You or on Your behalf.

> **Response #24:** I object on the grounds that the assumption of this request is faulty. It assumes that I owe Ameriquest money. I also object on the grounds of relevancy, privacy, confidentiality, statutory law, harassment.

**DOCUMENT REQUEST NO. 25:**
All Documents Relating To any effort to refinance the Loan including but not limited to communications with lenders, loan applications, and loan documents.

    **Response #25:** None exist.

**DOCUMENT REQUEST** NO. 26:
All Documents which You contend support Your allegations in the Complaint.

    **Response #26:** I have not yet made the determination which documents I shall use at trial.

**DOCUMENT REQUEST NO. 27:**
All Documents Relating To any rental property owned by You at any time from January 2002 to the present.

    **Response #27:** None exist.

**DOCUMENT REQUEST NO. 28:**
All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

    **Response #28:** None exist.

**DOCUMENT REQUEST NO. 29:**
All Documents Relating To Your use or intended use of the Loan Proceeds.

    **Response #29:** This request is vague and ambiguous.

**DOCUMENT REQUEST NO. 30:**
All Documents identified in Your responses to Ameriquest's interrogatories propounded upon You.

    **Response #30:** None.

**DOCUMENT REQUEST NO. 31:**
All Documents Relating To any loan You have obtained from January 2002 to the present including but not limited to any refinance of Your residence.

    **Response #31:** None exist.

**DOCUMENT REQUEST NO. 32:**
All Documents Relating To Your Communications with a mortgage broker from January 2002 to the present.

    **Response #32:** None exist.

**DOCUMENT REQUEST NO. 33:**
All Documents Relating To Your Communications with any mortgage lender from January 2002 to the present.

     **Response #33:** None exist.

* * * * *

Joseph F. Schebel has diligently searched for all the requested documents in the very limited time he has had to search. He reserves the right to supplement the production should he find more documents.

November 11, 2012

                            Joseph F. Schebel
                            71 Columbia Drive
                            Feeding Hills, MA 01030
                            413-262-7319

**CERTIFICATE OF SERVICE**

I, Joseph F. Schebel, hereby certify that on November 11 2012, I sent by certified first-class mail a copy of the within document on Pooya E. Sohi, Esq.,c/o BuchalterNemer, 1000 Wilshire Boulevard. Suite 2500, Los Angeles, CA 90017-2457.

                            Joseph F. Schebel

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 07-cv-06810

JOSEPH F. SCHEBEL
    Plaintiff

v.

DEUTSCHE BANK NATIONAL TRUST, et al.
    Defendants

### PLAINTIFF JOSEPH F. SCHEBEL'S RESPONSES TO
### SET ONE OF REQUESTS FOR ADMISSIONS
### PROPOUNDED BY AMERIQUEST MORTGAGE COMPANY

Now comes Joseph F. Schebel and hereby responds to each numbered paragraph of the

Requests for Admissions propounded by Defendant Ameriquest Mortgage Company

("Ameriquest") as follows:

**REQUEST FOR ADMISSION NO. 1:**
Admit that You signed the Uniform Residential Loan Application attached hereto as Exhibit "A."

> **RESPONSE #1:**
> Denied. This document was signed without being provided the time to read it or any doc-
> uments. The alleged attorney and the loan officer who arrived at my house never provided
> any identification. It was around 7 o'clock at night and they stated they were running late
> and had other appointments they needed to get to. These individuals came to my house and
> had me sign them on my kitchen countertop, informing me these were traditional mortgage
> papers.

**REQUEST FOR ADMISSION NO. 2:**
Admit that You represented to Ameriquest that each and every statement contained on the afore-
mentioned Uniform Residential Loan Application, Exhibit "A," was true.

> **RESPONSE #2:**
> Denied. I can NOT represent that "each and every statement contained on the aforemen-
> tioned Uniform Residential Loan Application" is true, as these documents were compiled
> and completed by representatives of Ameriquest. The documents were presented to me in
> my kitchen where I was not allowed to scrutinize them. It was around 7 o'clock at night
> when they arrived, and the alleged attorney and a loan officer stated they were running late
> and had other appointments they needed to get to. Neither of them provided any identifica-
> tion. They were in a hurry. These two individuals were in my home between 5 and 10
> minutes.

**REQUEST FOR ADMISSION NO. 3:**
Admit that none of the information stated in the Uniform Residential Loan Application, Exhibit "A" was false on the date You signed it.

> **RESPONSE #3:**
> Denied. I can NOT represent that any of the information was false. I do not know, as these documents were compiled and completed by representatives of Ameriquest. The documents were presented to me in my kitchen, where I was not allowed to scrutinize them. It was around 7 o'clock at night when they arrived, and the alleged attorney and a loan officer stated they were running late and had other appointments they needed to get to. They never provided any identification. They were in my home between 5 and 10 minutes.

**REQUEST FOR ADMISSION NO. 4:**
Admit that You were given the opportunity to read Your Loan Documents before signing them.

> **RESPONSE #4:**
> Denied. I was not given the opportunity to read the "Loan Documents." Documents were presented to me in my kitchen, where I was not allowed to scrutinize them. It was around 7 o'clock at night when they arrived, and the alleged attorney and a loan officer stated they were running late and had other appointments they needed to get to. They never provided any identification. They were in my home between 5 and 10 minutes.

**REQUEST FOR ADMISSION NO. 5:**
Admit that You were given the opportunity to read Your Loan Documents contemporaneous with signing them.

> **RESPONSE #5:**
> Denied. I was not given the opportunity to read the "Loan Documents." Documents were presented to me in my kitchen, where I was not allowed to scrutinize them. It was around 7 o'clock at night when they arrived, and the alleged attorney and a loan officer stated they were running late and had other appointments they needed to get to. They never provided any identification. They were in my home between 5 and 10 minutes.

**REQUEST FOR ADMISSION NO. 6:**
Admit that You were not prevented from reading Your Loan Documents prior to signing them.

> **RESPONSE #6:**
> Denied. I was prevented from reading the "Loan Documents." Documents were presented to me in my kitchen, where I was not allowed to scrutinize them as the alleged attorney and a loan officer stated they were running late and had other appointments they needed to get to. They never provided any identification. It was around 7 o'clock at night when they arrived and they were in my home between 5 and 10 minutes.

**REQUEST FOR ADMISSION NO. 7:**
Admit that You read Your Loan Documents at the Closing.

> **RESPONSE #7:**
> Denied. I was not given ample time to read the "Loan Documents" at the "Closing," if
> that's what you call it. Documents were presented to me in my kitchen, where I was not
> allowed to scrutinize them. It was around 7 o'clock at night when they arrived, and the al-
> leged attorney and a loan officer stated they were running late and had other appointments
> they needed to get to. hey never provided any identification. They had me sign them on my
> kitchen countertop, informing me these were traditional mortgage papers. They were in my
> home between 5 and 10 minutes.

**REQUEST FOR ADMISSION NO. 8:**
Admit that You signed the Truth in Lending Disclosure Statement attached hereto as Exhibit "B."

> **RESPONSE #8:**
> Denied. Although it appears to be my signature attached to the "Truth in Lending Disclo-
> sure," I can NOT unequivocally state that my signature was not digitally affixed to these
> documents. I further can NOT accurately state this was the actual "Truth In Lending Dis-
> closure Statement" that I may have signed, as I was not provided ample time to read any of
> the documents presented to me. The alleged attorney and the loan officer, who never pro-
> vided any identification, stated they were running late—it was around 7 o'clock at night
> when they arrived-- and had other appointments they needed to get to. These individuals
> came to my house and had me sign them on my kitchen countertop, informing me these
> were traditional mortgage papers. This transaction took place under 10 minutes.

**REQUEST FOR ADMISSION NO. 9:**
Admit that You signed the Truth in Lending Disclosure Statement attached hereto as Exhibit "B"
on the date indicated immediately next to Your signature.

> **RESPONSE #9:**
> Denied. Refer to "Response #8."

**REQUEST FOR ADMISSION NO 10:**
Admit that You received a copy of the Truth In Lending Disclosure Statement attached hereto as
Exhibit "B" at the time You signed Your Loan Documents.

> **RESPONSE #10:**
> Denied. I can NOT unequivocally state that I received Truth In Lending Disclosure State-
> ment at time of closing.

**REQUEST FOR ADMISSION NO. 11:**
Admit that You signed the Notice of Right to Cancel attached hereto as Exhibit "C".

> **RESPONSE #11:**
> Denied. Although it appears to be my signature attached to the "Notice of Right to Cancel," I can NOT unequivocally state that my signature was not digitally affixed to these documents. I further can NOT accurately state this was the actual "Notice of Right to Cancel" that I may have signed as I was not provided ample time to read any of the documents presented to me. The alleged attorney and the loan officer—neither of them ever provided any identification--stated they were running late and had other appointments they need to get too. These individuals came to my house around 7 o'clock and had me sign the papers on my kitchen countertop, informing me these were traditional mortgage papers. This transaction took place between 5 and 10 minutes.

**REQUEST FOR ADMISSION NO. 12:**
Admit that You signed the Notice of Right to Cancel attached hereto as Exhibit "C" on the date indicated immediately next to Your signature.

> **RESPONSE #12:**
> Denied. Refer to "Response #11."

**REQUEST FOR ADMISSION NO. 13:**
Admit that You received two copies of the Notice of Right to Cancel completed the same as the form attached hereto as Exhibit "C" at the loan closing.

> **RESPONSE #13:**
> Denied. I did NOT receive two copies of the "Notice of Right to Cancel."

**REQUEST FOR ADMISSION NO. 14:**
Admit that You acknowledged receipt of two copies of the Notice of Right to Cancel form attached hereto as Exhibit "C."

> **RESPONSE #14:**
> Denied. I do not acknowledge the receipt of two copies of the "Notice of Right to Cancel."

**REQUEST FOR ADMISSION NO. 15:**
Admit that You read the Notice of Right to Cancel form attached hereto as Exhibit "C" on the date You signed Your Loan Documents.

> **RESPONSE #15:**
> Denied. I was not provided the opportunity to read these documents. The alleged attorney who never provided any identification--along with the loan officer-- stated they were running late and had other appointments they need to get to. These individuals came to my house around 7 o'clock at night and had me sign them on my kitchen countertop, informing me these were traditional mortgage papers.

**REQUEST FOR ADMISSION NO. 16:**

Admit that You were not prevented from reading the Notice of Right to Cancel form attached hereto as Exhibit "C" on the date You signed Your Loan Documents.

> **RESPONSE #16:**
>
> Denied. I was not provided the ample time to read these documents. The alleged attorney who never provided any identification--along with the loan officer-- stated they were running late and had other appointments they need to get to. These individuals came to my house around 7 o'clock at night and had me sign them on my kitchen countertop, informing me these were traditional mortgage papers. They were at my home between 5 and 10 minutes.

**REQUEST FOR ADMISSION NO. 17:**

Admit that You understood that You had at least three business days from the date You signed the Notice of Right to Cancel form attached hereto as Exhibit "C" to cancel the Loan.

> **RESPONSE #17:**
>
> Denied. I can NOT admit that I understood that I had at least three business days from the date I signed the "Notice of Right to Cancel" as I do not recall being provided a copy of these documents.

**REQUEST FOR ADMISSION NO. 18:**

Admit that You were not damaged by any act of any defendant in this action.

> **RESPONSE #18:**
>
> Denied. I can NOT admit that I was not damaged by the defendants in this action, because I have been damaged by the defendants' actions.

**REQUEST FOR ADMISSION NO. 19:**

Admit that no misrepresentation was made to You by any defendant in this action.

> **RESPONSE #19:**
>
> Denied. I can NOT admit that no misrepresentation was made to me by the defendants in this action, because Ameriquest representatives did misrepresent information to me.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You are not entitled to damages for any claim asserted against defendants.

> **RESPONSE #20:**
>
> Denied. I can NOT admit that I am not entitled to damages for any claim asserted against defendants, for the defendants have caused me damage.

**REQUEST FOR ADMISSION NO. 21:**
Admit that the appraisal of Your home for the Loan was not inflated.

**RESPONSE #21:**
Denied. I can NOT admit the appraisal of my home was not inflated, for it was an Ameriquest appraiser who conducted ANY appraisal and I was never provided any appraisal documentation. In fact, I questioned the amount the Ameriquest appraisers appraised the house for. I was informed that similar houses in the surrounding areas were selling for what my home was appraised at.

**REQUEST FOR ADMISSION NO 22:**
Admit that You received all appropriate disclosures required by the Truth-In-Lending Act.

**RESPONSE #22:**
Denied. I can NOT state that I received all appropriate disclosures required by the Truth-In-Lending Act. In fact, the alleged attorney and the loan officer did not provide me with copies of the documents I signed. I had no copier in my house and they had me sign only one copy. I don't recall having been given a copy—even a blank copy.

**REQUEST FOR ADMISSION NO. 23:**
Admit that You were aware of all material terms of the Loan at the time You signed the Loan Documents.

**RESPONSE #23:**
Denied. I can NOT admit I was aware of all material terms of the loan at the time I signed the "Loan Documents" as I was not provided ample time to read any and all "Loan Documents." They states they were running late and had other appointments they needed to get to.

**REQUEST FOR ADMISSION NO. 24:**
Admit that there were no statutory violations related to Your Loan by any defendant in this action.

**RESPONSE #24:**
Denied. Even though I was and am a pro se individual with no legal training, I can state there were statutory violations related to my loan by any defendant in this action. Because I should have been given time to read the documents and should have been given copies of those documents.

**REQUEST FOR ADMISSION NO. 25:**
Admit that You were satisfied with the terms of Your loan for at least one week following the Loan Closing.

**RESPONSE #25:**
Denied. I can NOT admit I was satisfied with the terms of my loan, as I was not provided with all the documents to read at any time.

**REQUEST FOR ADMISSION NO. 26:**
Admit that You defaulted on Your loan payments for the Loan.

> **RESPONSE #26:**
> Denied. I can NOT admit I was ever in default in my loan payments. If there were alleged defaults, they were a direct result of the mishandling of this loan.

November 11, 2012

_____
Joseph F. Schebel
71 Columbia Drive
Feeding Hills, MA 01030
413-262-7319

## CERTIFICATE OF SERVICE

I, Joseph F. Schebel, hereby certify that on November 11. 2012, I sent by certified first-class mail a copy of the within document on Pooya E. Sohi, Esq.,c/o BuchalterNemer, 1000 Wilshire Boulevard. Suite 2500, Los Angeles, CA 90017-2457.

_____
Joseph F. Schebel

# EXHIBIT "D"

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> SCHEBEL, JOSEPH F ) <br>            Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEUTSCHE BANK, et al. ) <br>            Defendant ) <br> ) <br> Case No. 1:07-c-6810, N.D. ILL. ) <br> ) | MDL No. 1715 <br> <br> Lead Case No. 05-cv-07097 <br> <br> Centralized before The Honorable <br> Marvin E. Aspen <br> <br> Assigned to Magistrate Judge Daniel G. <br> Martin |

### PLAINTIFF'S
### PROPOSAL TO SETTLE

Now come the plaintiff, Joseph F. Schebel ("Schebel"), and submits to the defendant, Ameriquest Mortgage Co. ("Ameriquest"), Schebel's proposal to settle the above mentioned case as follows;

The defendants relinquish any and all interest in regards to the property that is the subject of this litigation commonly known as;

      71 Columbia Dr.
      Feeding Hills, MA 01030

The defendants provide the plaintiff with a clean and clear warranty deed.

The defendants provide the plaintiff with $100,000 (one hundred thousand 00/100) to repair the house, which has fallen to disrepair as a result of litigation.

The defendants report to any and all credit reporting agencies, that this account has been closed and paid as agreed.

The plaintiff will forever hold harmless the defendant, Ameriquest Mortgage, from any future damages that may occur as a result of this litigation.

March 13, 2013

Joseph F. Schebel
71 Columbia Drive
Feeding Hills, MA 01030
413-262-7319

## CERTIFICATE OF SERVICE

I, Joseph F. Schebel, hereby certify that on 13 March, 2013, I sent by certified first-class mail a copy of the within document on Pooya E. Sohi, Esq., c/o BuchalterNemer, 1000 Wilshire Boulevard. Suite 2500, Los Angeles, CA 90017-2457.

Joseph F. Schebel