# EXHIBIT 1

## Manvitz, Randall L.

**From:** Manvitz, Randall L.
**Sent:** Monday, April 08, 2013 2:18 PM
**To:** 'Lloyd Brooks'; 'chowell@thebrooksfirm.com'
**Subject:** RE: Coleman

Counsel,

I just tried to call both of you but there was only a general mailbox and no one answering the phones. I will await your call.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Manvitz, Randall L.
**Sent:** Monday, April 08, 2013 12:02 PM
**To:** 'Lloyd Brooks'; chowell@thebrooksfirm.com
**Subject:** RE: Coleman

Mr. Brooks,

The newly produced 150 pages, Coleman 511-660, are highly relevant to the Colemans' motion for summary judgment and accordingly, they should appear for deposition. The Colemans' TILA claim is that they did not receive four copies of the notice of right to cancel form. The Colemans' motion argues that the Colemans are entitled to summary judgment (and hundreds of thousands of dollars) because they can show by undisputed material facts that they can prove that they did not receive the notice of right to cancel form because they pristinely and securely kept their loan documents together and produced all to Defendants long ago so the four copies of the notice of right to cancel could not, as a matter of undisputed fact, have been inadvertently misplaced. However, last week, after being pushed for more documents, the Colemans produced a second package of loan documents, Coleman 511-660, eight years after the 2005 loan closing. This raises a plethora of questions about their document retention practices for the first and second package of loan documents, why the second package was not produced earlier, and modifies the focus of the prior examination. The Colemans were previously examined about their document retention practices concerning the first package but now the foundational facts have significantly changed about what they kept and apparently how they were kept.

You state that the second package of loan documents contains duplicates of the first package but that argument misses the point: the motion for summary judgment focuses on the Colemans' document retention practices and alleged non-receipt of a sufficient number of duplicates. The fact that some documents are duplicative in content makes no difference. The focus of the summary judgment motion is receipt of a sufficient number of duplicates of the notice of right to cancel form, and the newly produced loan package contains newly produced notice of right to cancel forms as well shipping labels, other signed versions of previously produced documents, and the like which shows that these are not the same documents produced before. Further, we are entitled to see the originals and whatever they were contained in. Moreover, the Colemans agreed to provide an affidavit stating that they have produced all documents in their possession, custody, and control regarding Ameriquest but they have not done so.

1

You have already rejected my proposal to re-take their depositions. I hope you reconsider so we do not need to bother the court with this issue. I am available today to discuss this issue and will call at 4 CST.

Here's another possible resolution. As an alternative to re-deposing the Colemans, because you contend that the newly produced documents are irrelevant and duplicative, you should confirm that the Colemans will not use them in the litigation. If you will not make that agreement, it will be apparent to the court that you want to have your cake and it eat it too.

On a related topic, we request that you provide a written, comprehensive explanation why these documents were not produced before so that we can address cost reimbursement and, or sanctions.

We look forward to speaking at 4 CST. If you are not available, let us know when you are available today or tomorrow at the latest for a phone conference.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Lloyd Brooks [mailto:lloyd.brooks@thebrooksfirm.com]
**Sent:** Friday, April 05, 2013 3:36 PM
**To:** chowell@thebrooksfirm.com; Manvitz, Randall L.
**Subject:** RE: Coleman

I have reviewed your e-mail, the document production in question and spoken to Mr. Howell about this matter. At this time I do not see what relevant or non-duplicative questions could asked at another deposition. The most recent document production provides documents that are duplicative of those previously produced. It appears to me that any relevant questions you could ask now, could have been (or were) asked at the prior depositions. The few pages of the production that might be new material have no connection to the TILA claims at issue in the pending motion for summary judgment. If you wish to have me consider your request further, please identify what new issues related to the motion for summary judgment have arisen as a result of the document production.

Please note our new location!!!

Lloyd Brooks
The Brooks Law Firm
4747 Lincoln Mall Drive
Matteson, Illinois 60443
(708) 841-8000 Telephone
(708) 841-8080 Facsimile

**From:** Manvitz, Randall L.
**Sent:** April 5, 2013 4:01 PM
**To:** chowell@thebrooksfirm.com

**CC:** Lloyd Brooks
**Subject:** Coleman

Counsel,

Earlier this week, you produced about 150 pages of the Colemans' loan documents. Charles has explained that he believes these were documents that were received by the Colemans at the 2005 loan closing and should have been produced in advance of their depositions in February 2012. Because of the importance of these documents to the pending Colemans' motion for summary judgment, we are requesting your agreement to re-depose the Colemans at a mutually agreeable time in April or May, preferably May 13, in Peoria or Chicago. We would also need to agree to delay the opposition to the motion for summary judgment until 40 days after the deposition so that we can get the transcripts and incorporate them into the opposition.

This belated production will cause great expense to my client. But if you promptly agree to the proposal and are willing to join us for a call to the court to stipulate to an extended briefing schedule to avoid the necessity of the expense of a written motion, we will not seek reimbursement for the additional expense of re-deposing the Colemans.

I will call in about 20 minutes to see if you are available to discuss this by phone or respond by email and let me know when you are available.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | **Please note our new address:** | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

*All phone numbers and e-mail addresses will remain the same.*

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

EXHIBIT 2

# Manvitz, Randall L.

| | |
|---|---|
| **From:** | Manvitz, Randall L. |
| **Sent:** | Friday, April 05, 2013 2:02 PM |
| **To:** | chowell@thebrooksfirm.com |
| **Cc:** | 'Lloyd Brooks' |
| **Subject:** | Coleman |

Counsel,

Earlier this week, you produced about 150 pages of the Colemans' loan documents. Charles has explained that he believes these were documents that were received by the Colemans at the 2005 loan closing and should have been produced in advance of their depositions in February 2012. Because of the importance of these documents to the pending Colemans' motion for summary judgment, we are requesting your agreement to re-depose the Colemans at a mutually agreeable time in April or May, preferably May 13, in Peoria or Chicago. We would also need to agree to delay the opposition to the motion for summary judgment until 40 days after the deposition so that we can get the transcripts and incorporate them into the opposition.

This belated production will cause great expense to my client. But if you promptly agree to the proposal and are willing to join us for a call to the court to stipulate to an extended briefing schedule to avoid the necessity of the expense of a written motion, we will not seek reimbursement for the additional expense of re-deposing the Colemans.

I will call in about 20 minutes to see if you are available to discuss this by phone or respond by email and let me know when you are available.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | **Please note our new address:** | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

*All phone numbers and e-mail addresses will remain the same.*

1

EXHIBIT 3


## Manvitz, Randall L.

**From:** Lloyd Brooks <lloyd.brooks@thebrooksfirm.com>
**Sent:** Friday, April 05, 2013 3:36 PM
**To:** chowell@thebrooksfirm.com; Manvitz, Randall L.
**Subject:** RE: Coleman

I have reviewed your e-mail, the document production in question and spoken to Mr. Howell about this matter. At this time I do not see what relevant or non-duplicative questions could asked at another deposition. The most recent document production provides documents that are duplicative of those previously produced. It appears to me that any relevant questions you could ask now, could have been (or were) asked at the prior depositions. The few pages of the production that might be new material have no connection to the TILA claims at issue in the pending motion for summary judgment. If you wish to have me consider your request further, please identify what new issues related to the motion for summary judgment have arisen as a result of the document production.

Please note our new location!!!

Lloyd Brooks
The Brooks Law Firm
4747 Lincoln Mall Drive
Matteson, Illinois 60443
(708) 841-8000 Telephone
(708) 841-8080 Facsimile

**From:** Manvitz, Randall L.
**Sent:** April 5, 2013 4:01 PM
**To:** chowell@thebrooksfirm.com
**CC:** Lloyd Brooks
**Subject:** Coleman

Counsel,

Earlier this week, you produced about 150 pages of the Colemans' loan documents. Charles has explained that he believes these were documents that were received by the Colemans at the 2005 loan closing and should have been produced in advance of their depositions in February 2012. Because of the importance of these documents to the pending Colemans' motion for summary judgment, we are requesting your agreement to re-depose the Colemans at a mutually agreeable time in April or May, preferably May 13, in Peoria or Chicago. We would also need to agree to delay the opposition to the motion for summary judgment until 40 days after the deposition so that we can get the transcripts and incorporate them into the opposition.

1

This belated production will cause great expense to my client. But if you promptly agree to the proposal and are willing to join us for a call to the court to stipulate to an extended briefing schedule to avoid the necessity of the expense of a written motion, we will not seek reimbursement for the additional expense of re-deposing the Colemans.

I will call in about 20 minutes to see if you are available to discuss this by phone or respond by email and let me know when you are available.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | **Please note our new address:** | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

*All phone numbers and e-mail addresses will remain the same.*

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

EXHIBIT 4

## THE BROOKS LAW FIRM

4747 Lincoln Mall Drive
Suite 410
Matteson, Illinois 60443

**Lloyd J. Brooks, CPCU**
Attorney at Law

(708) 841-8000 Telephone
(708) 841-8080 Facsimile
lloyd.brooks@thebrooksfirm.com
www.thebrooksfirm.com

April 9, 2013

**VIA E-MAIL and FACSIMILE**
Mr. Randall Manvitz
Buchalter Nemer
55 Second Street, Suite 1700
San Francisco, California 94105-3493

Re: *Coleman v. Ameriquest, et al.*, 07 cv 2459 (N.D. Ill)

Dear Mr. Manvitz:

    I am in receipt of your e-mail dated yesterday, providing me your position with respect to conducting a second round of depositions on the Colemans prior to your clients being required to respond to our pending motion for summary judgment. It is my understanding that you believe the Colemans should be re-deposed because our office recently made a supplemental production of documents that contained approximately 150 pages.

    Your argument for the request for new depositions is that my client's record keeping is at issue in the motion for summary judgment. I disagree with your contention. Instead, a second round of depositions is unhelpful to your effort and will do nothing but add more delay. Mr. Howell has already explained to you that the delay in providing you these documents has nothing to do with my clients' recordkeeping. Instead, the documents have been held here in my office since 2007. On February 20 and 21 of 2012, Mr. Howell was present at the depositions of Arthur and Ethelyn Coleman. In preparation for the depositions, Mr. Howell worked with our former assistant and arranged to have the "closing papers" overnighted to the deposition site for his use and production. Unbeknownst to Mr. Howell, one folder of documents was left in the office and not overnighted. Therefore, Mr. Howell believed he presented to you at the deposition all of the documents we had. In connection with our duty to seasonably update and supplement discovery, we uncovered that all of the documents had not been previously produced. I underline, there has been no new documents presented by the Colemans. If you believe this matter is somehow relevant to the pending motion for summary judgment, I am sure you will raise it with the Court. However, there is nothing the Colemans can add.

    Additionally, the content of the duplicate documents are of no moment to the pending motion for summary judgment. As I mentioned to you in an earlier e-mail, the documents are duplicative of other documents produced by the Colemans or otherwise irrelevant to the issues in the present litigation. For instance, there are additional copies of the One Week Cancellation form. The fact that the Colemans may have received numerous identical copies of the OWC form does

THE BROOKS LAW FIRM

Mr. Randall Manvitz
Buchalter Nemer
April 9, 2013
Page 2

not change the meaning of the language found on the form. Similarly, the additional copies of an NORTC is no help to you either. The Colemans do not dispute the number of NORTC forms they were given. Instead, they allege (and have testified) that none of the copies of the NORTCs they received included the date of the transaction or the date the right to cancel was set to expire. Each and every copy of NORTC produced by the Colemans were "blank". No amount of additional questioning will change the appearance of the NORTCs that the Colemans have produced. I again do not see the point in dragging the Colemans through a second round of depositions other than further delay and harassment of the Plaintiffs.

You also request to see the original copy of the documents at issue. I do not see the need for this request either, as your client has had the relevant documents since the inception of this litigation and the documents have been produced to your office more than once during the course of the litigation. Nonetheless, I have no objection to permitting you to review the original documents again. However, we must reach some accommodation as to how and when you can review them as I must take care of the originals. I would like to suggest that I deliver the documents to your local counsel at the law firm of Varga Berger Ledsky Hayes & Casey. Local counsel can then inspect and copy the documents.

If you would like to discuss this matter further, please feel free to give me a call.


Faithfully yours,

THE BROOKS LAW FIRM


Lloyd J. Brooks