Manvitz, Randall L.
April 9, 2013  12:48 PM
To: Lloyd Brooks; chowell@thebrooksfirm.com

# RE: Coleman

I look forward to your written response.  What time are you available for a follow-up call?

---

**From:** Lloyd Brooks [mailto:lloyd.brooks@thebrooksfirm.com]
**Sent:** Tuesday, April 09, 2013 10:47 AM
**To:** Manvitz, Randall L.
**Subject:** RE: Coleman

I am preparing a written response to your request, which I will send to you shortly.

Please note our new location!!!

Lloyd Brooks
The Brooks Law Firm
4747 Lincoln Mall Drive, Suite 410
Matteson, Illinois 60443
(708) 841-8000 Telephone
(708) 841-8080 Facsimile

**From:** Manvitz, Randall L.
**Sent:** April 9, 2013 12:42 PM
**To:** Lloyd Brooks; chowell@thebrooksfirm.com
**Subject:** RE: Coleman

Counsel,

I have not heard from you concerning a time to confer about this issue.  Let me know a time today when you will be available to discuss.  We will need to see if we can get this resolved promptly because of the deadline to oppose the motion for summary judgment.  I will file a motion to compel tomorrow unless we are able to work out some agreement on the issues.
Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Manvitz, Randall L.
**Sent:** Monday, April 08, 2013 2:18 PM
**To:** 'Lloyd Brooks'; 'chowell@thebrooksfirm.com'
**Subject:** RE: Coleman

Counsel,

I just tried to call both of you but there was only a general mailbox and no one answering the phones. I will await your call.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Manvitz, Randall L.
**Sent:** Monday, April 08, 2013 12:02 PM
**To:** 'Lloyd Brooks'; chowell@thebrooksfirm.com
**Subject:** RE: Coleman

Mr. Brooks,

The newly produced 150 pages, Coleman 511-660, are highly relevant to the Colemans' motion for summary judgment and accordingly, they should appear for deposition. The Colemans' TILA claim is that they did not receive four copies of the notice of right to cancel form. The Colemans' motion argues that the Colemans are entitled to summary judgment (and hundreds of thousands of dollars) because they can show by undisputed material facts that they can prove that they did not receive the notice of right to cancel form because they pristinely and securely kept their loan documents together and produced all to Defendants long ago so the four copies of the notice of right to cancel could not, as a matter of undisputed fact, have been inadvertently misplaced. However, last week, after being pushed for more documents, the Colemans produced a second package of loan documents, Coleman 511-660, eight years after the 2005 loan closing. This raises a plethora of questions about their document retention practices for the first and second package of loan documents, why the second package was not produced earlier, and modifies the focus of the prior examination. The Colemans were previously examined about their document retention practices concerning the first package but now the foundational facts have significantly changed about what they kept and apparently how they were kept.

You state that the second package of loan documents contains duplicates of the first package but that argument misses the point: the motion for summary judgment focuses on the Colemans' document retention practices and alleged non-receipt of a sufficient number of duplicates. The fact that some documents are duplicative in content makes no difference. The focus of the summary judgment motion is receipt of a sufficient number of duplicates of the notice of right to cancel form, and the newly produced loan package contains newly produced notice of right to cancel forms as well shipping labels, other signed versions of previously produced documents, and the like which shows that these are not the same documents produced before. Further, we are entitled to see the originals and whatever they were contained in. Moreover, the Colemans agreed to provide an affidavit stating that they have produced all documents in their possession, custody, and control regarding Ameriquest but they have not done so.

You have already rejected my proposal to re-take their depositions. I hope you reconsider so we do not need to bother the court with this issue. I am available today to discuss this issue and will call at 4 CST.

Here's another possible resolution. As an alternative to re-deposing the Colemans, because you contend that the newly produced documents are irrelevant and duplicative, you should confirm that the Colemans will not use them in the litigation. If you will not make that agreement, it will be apparent to the court that you want to have your cake and it eat it too.

On a related topic, we request that you provide a written, comprehensive explanation why these documents were not produced before so that we can address cost reimbursement and, or sanctions.

We look forward to speaking at 4 CST. If you are not available, let us know when you are available today or tomorrow at the latest for a phone conference.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Lloyd Brooks [mailto:lloyd.brooks@thebrooksfirm.com]
**Sent:** Friday, April 05, 2013 3:36 PM
**To:** chowell@thebrooksfirm.com; Manvitz, Randall L.
**Subject:** RE: Coleman

I have reviewed your e-mail, the document production in question and spoken to Mr. Howell about this matter. At this time I do not see what relevant or non-duplicative questions could asked at another deposition. The most recent document production provides documents that are duplicative of those previously produced. It appears to me that any relevant questions you could ask now, could have been (or were) asked at the prior depositions. The few pages of the production that might be new material have no connection to the TILA claims at issue in the pending motion for summary judgment. If you wish to have me consider your request further, please identify what new issues related to the motion for summary judgment have arisen as a result of the document production.

Please note our new location!!!

Lloyd Brooks
The Brooks Law Firm
4747 Lincoln Mall Drive
Matteson, Illinois 60443
(708) 841-8000 Telephone
(708) 841-8080 Facsimile

**From:** Manvitz, Randall L.
**Sent:** April 5, 2013 4:01 PM
**To:** chowell@thebrooksfirm.com
**CC:** Lloyd Brooks
**Subject:** Coleman

Counsel,

Earlier this week, you produced about 150 pages of the Colemans' loan documents. Charles has explained that he believes these were documents that were received by the Colemans at the 2005 loan closing and should have been produced in advance of their depositions in February 2012. Because of the importance of these documents to the pending Colemans' motion for summary judgment, we are

requesting your agreement to re-depose the Colemans at a mutually agreeable time in April or May, preferably May 13, in Peoria or Chicago. We would also need to agree to delay the opposition to the motion for summary judgment until 40 days after the deposition so that we can get the transcripts and incorporate them into the opposition.

This belated production will cause great expense to my client. But if you promptly agree to the proposal and are willing to join us for a call to the court to stipulate to an extended briefing schedule to avoid the necessity of the expense of a written motion, we will not seek reimbursement for the additional expense of re-deposing the Colemans.

I will call in about 20 minutes to see if you are available to discuss this by phone or respond by email and let me know when you are available.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | **Please note our new address:** | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

*All phone numbers and e-mail addresses will remain the same.*

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**