# THE BROOKS LAW FIRM

4 7 4 7   L i n c o l n   M a l l   D r i v e

**S u i t e   4 1 0**

**M a t t e s o n ,   I l l i n o i s   6 0 4 4 3**

## Lloyd J. Brooks, CPCU
**Attorney at Law**

**(708) 841-8000 Telephone**
**(708) 841-8080 Facsimile**
lloyd.brooks@thebrooksfirm.com
www.thebrooksfirm.com

April 9, 2013

**VIA E-MAIL and FACSIMILE**
Mr. Randall Manvitz
Buchalter Nemer
55 Second Street, Suite 1700
San Francisco, California 94105-3493

      Re:    *Coleman v. Ameriquest, et al.*, 07 cv 2459 (N.D. Ill)

Dear Mr. Manvitz:

I am in receipt of your e-mail dated yesterday, providing me your position with respect to conducting a second round of depositions on the Colemans prior to your clients being required to respond to our pending motion for summary judgment. It is my understanding that you believe the Colemans should be re-deposed because our office recently made a supplemental production of documents that contained approximately 150 pages.

Your argument for the request for new depositions is that my client's record keeping is at issue in the motion for summary judgment. I disagree with your contention. Instead, a second round of depositions is unhelpful to your effort and will do nothing but add more delay. Mr. Howell has already explained to you that the delay in providing you these documents has nothing to do with my clients' recordkeeping. Instead, the documents have been held here in my office since 2007. On February 20 and 21 of 2012, Mr. Howell was present at the depositions of Arthur and Ethelyn Coleman. In preparation for the depositions, Mr. Howell worked with our former assistant and arranged to have the "closing papers" overnighted to the deposition site for his use and production. Unbeknownst to Mr. Howell, one folder of documents was left in the office and not overnighted. Therefore, Mr. Howell believed he presented to you at the deposition all of the documents we had. In connection with our duty to seasonably update and supplement discovery, we uncovered that all of the documents had not been previously produced. I underline, there has been no new documents presented by the Colemans. If you believe this matter is somehow relevant to the pending motion for summary judgment, I am sure you will raise it with the Court. However, there is nothing the Colemans can add.

Additionally, the content of the duplicate documents are of no moment to the pending motion for summary judgment. As I mentioned to you in an earlier e-mail, the documents are duplicative of other documents produced by the Colemans or otherwise irrelevant to the issues in the present litigation. For instance, there are additional copies of the One Week Cancellation form. The fact that the Colemans may have received numerous identical copies of the OWC form does

THE BROOKS LAW FIRM

Mr. Randall Manvitz
Buchalter Nemer
April 9, 2013
Page 2

not change the meaning of the language found on the form. Similarly, the additional copies of an NORTC is no help to you either. The Colemans do not dispute the number of NORTC forms they were given. Instead, they allege (and have testified) that none of the copies of the NORTCs they received included the date of the transaction or the date the right to cancel was set to expire. Each and every copy of NORTC produced by the Colemans were "blank". No amount of additional questioning will change the appearance of the NORTCs that the Colemans have produced. I again do not see the point in dragging the Colemans through a second round of depositions other than further delay and harassment of the Plaintiffs.

You also request to see the original copy of the documents at issue. I do not see the need for this request either, as your client has had the relevant documents since the inception of this litigation and the documents have been produced to your office more than once during the course of the litigation. Nonetheless, I have no objection to permitting you to review the original documents again. However, we must reach some accommodation as to how and when you can review them as I must take care of the originals. I would like to suggest that I deliver the documents to your local counsel at the law firm of Varga Berger Ledsky Hayes & Casey. Local counsel can then inspect and copy the documents.

If you would like to discuss this matter further, please feel free to give me a call.


Faithfully yours,

THE BROOKS LAW FIRM


Lloyd J. Brooks