# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Daniel G. Martin |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 4/18/2013 |
| **CASE TITLE** | In Re: In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | | |

**DOCKET ENTRY TEXT**

Motion hearing held. Defendant Ameriquest Mortgage Company's Motion to Compel Plaintiffs Arthur and Ethelyn Coleman to Appear at Deposition [5259] is granted. The second depositions will be taken in person in Peoria, Illinois. Plaintiffs' counsel reported that he is available on 5/13/2013 for the second depositions. Plaintiffs' counsel shall confirm his clients availability for that date. The parties are directed to meet and confer regarding the affidavit sought by Ameriquest. As directed in open court, Ameriquest's request for an extension of time to file its opposition to plaintiffs' summary judgment motion should be noticed before the district court.

■[ For further details see text below.]    Notices mailed by Judicial staff.

# STATEMENT

     Ameriquest moves to compel plaintiffs Arthur and Ethelyn Coleman to appear for a second deposition. The Colemans were deposed in February 2012. On April 2, 2013, the Colemans produced 150 pages of loan documents. Ameriquest argues that the newly produced documents fundamentally alter the factual circumstances of the Colemans' claims. The Colemans oppose appearing for a second round of depositions.

     The Colemans' April 2, 2013 production of 150 pages of loan documents was untimely and long after the Colemans had been deposed. Ameriquest is not required to accept the Colemans' counsel's explanation for the late production on its face but rather is entitled to test that explanation through discovery. If the Colemans' version of the facts surrounding the late production is as straight-forward as represented, then the second depositions should not be lengthy and the burden of second depositions will be slight. Ameriquest's request for $500 in sanctions and court reporter fees for the second depositions is denied without prejudice to being renewed, if necessary, after the second depositions are completed and the facts surrounding the late production are known.