**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| ——————————————————————— | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: *Arndt, et al. v. Ameriquest, et al.*, 06-cv-02479, N.D. Ill. | Centralized before The Honorable Marvin E. Aspen |
| | Assigned to Magistrate Judge Daniel G. Martin |

<u>**AMERIQUEST'S MOTION FOR RULE TO SHOW CAUSE WHY PLAINTIFFS MARIA ARNDT AND FORREST PENDERGRAPH SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT'S DISCOVERY ORDER**</u>

Defendant Ameriquest Mortgage Company ("Ameriquest"), respectfully moves this Court pursuant to this Court's inherent power to enforce compliance with its orders and Federal Rule of Civil Procedure, Rule 37(b)(2) for an order holding Plaintiffs Maria Arndt and Forrest Pendergraph ("Plaintiffs") in civil contempt of this Court's order of January 25, 2013, and for sanctions including Ameriquest's costs and attorneys' fees incurred in the preparation and presentation of this motion and other sanctions this Court may deem appropriate. Plaintiffs were ordered to respond to discovery by February 9, 2013 [Dkt. 5181] but have failed to do so and are unresponsive to attempts to communicate about the status of the belated discovery responses.

In support of its motion, Ameriquest states as follows:

**I.       FACTUAL BACKGROUND**

1.       As set forth in Ameriquest's Motions to Compel Discovery Responses ("Motions to Compel") [Dkt. 5159, 5172], Plaintiffs have been unresponsive to Ameriquest's attempts to engage in settlement discussions or settlement discussions have not resulted in resolution.

1

2.     As a result, Ameriquest propounded discovery requests to Plaintiffs in an effort to move the matters closer to resolution.   Plaintiffs were sent requests for production, interrogatories, and requests for admission. However, Ameriquest did not receive any responses from Plaintiffs.  *Id.*

3.     After not receiving any discovery responses from Plaintiffs, counsel for Ameriquest sent letters, e-mails, and left voice messages for counsel for Plaintiffs in an effort to obtain the discovery responses but Plaintiffs did not respond to the discovery.  *Id.*

4.     Notably, Plaintiffs are members of the MDL Consolidated Class Action settlement and released their claims pursuant to the Settlement Agreement.  *See* Motion for Summary Judgment [Dkt. 4912].  Maria Arndt and Forrest Pendergraph received notice of the MDL class settlement and did not opt-out of the settlement.  *See* Amy Lake Affidavit In Support of Motion for Summary Judgment [Dkt. 4916].  However, Plaintiffs have never followed through in dismissing their pending action.

5.     On January 24, 2013, Ameriquest's Motions to Compel came on for hearing before Magistrate Judge Daniel Martin.  Ameriquest's Motions to Compel were granted.  The Court ordered Plaintiffs to respond to the outstanding discovery within fifteen (15) days from the date of the order – by February 9, 2013 and deemed the requests for admission served by Ameriquest admitted ("Discovery Order").  [Dkt. 5181].  The Court also admonished Plaintiffs that it may recommend that Plaintiffs' claims be dismissed if Plaintiffs did not respond to the discovery or provide something in writing to indicate that they intended to proceed with the litigation.  As requested by the Court, Defendants served the Discovery Order on Plaintiffs by mail and filed the Certificate of Service.  [Dkt. 5182].

6.     Plaintiffs failed to comply with the Discovery Order and did not respond to any of the discovery propounded by Ameriquest.  As a result, Ameriquest included Plaintiffs in its Motion to Dismiss for Want of Prosecution ("Motion to Dismiss").  [Dkt. 5202].  Shortly thereafter, Judge Aspen set a briefing schedule.  [Dkt. 5210].  Ameriquest's counsel, Joanne Davies, then received a telephone call from Richard Banks, bankruptcy counsel for Plaintiff

Arndt. Ms. Davies advised Mr. Banks that Plaintiff Arndt needed to respond to the discovery but Mr. Banks claimed the case was stayed as to Plaintiff Arndt due to her pending Chapter 13 bankruptcy. *See* Declaration of Joanne Davies, ¶ 8 attached hereto as Exhibit A. Ms. Davies responded by letter to Mr. Banks and Plaintiff Arndt's counsel in this action, Jerrold Farinash, explaining that Plaintiff Arndt had the right to pursue this action, that there was no bankruptcy stay, and that the bankruptcy court had issued three explicit orders providing that Plaintiff Arndt's claims against Ameriquest should proceed in this action. *Id.* at ¶ 9. After continued meet and confer communications, Plaintiff Arndt agreed to provide discovery responses to Ameriquest by April 15, 2013. *Id.* at ¶ 10. In light of Plaintiff Arndt's agreement to provide discovery responses, Ameriquest notified the Court that it withdrew its Motion to Dismiss as to Plaintiff Arndt. *Id.* and Dkt. 5235.

7.       Disappointingly, Plaintiff Arndt failed to provide any discovery responses to Ameriquest as had been promised by April 15th. *Id.* at ¶ 11. Prior to filing this Motion for Rule to Show Cause, Ameriquest attempted to meet and confer with Plaintiffs' counsel. On April 16, 2013, Ameriquest's counsel sent an e-mail to Messrs. Banks and Farinash seeking the status of Plaintiff Arndt's discovery responses and advising that Ameriquest would seek the intervention of the court for Plaintiff's failure to respond to the Discovery Order if Plaintiffs' counsel did not respond by April 18th. *Id.*

8.       Pursuant to Local Rule 37.2, on April 17, 2013 Ameriquest's counsel attempted to speak with Mr. Farinash and when she was unable to reach him she left a voicemail message for Mr. Farinash asking to meet and confer regarding Plaintiff Arndt's missing discovery responses. *Id.* Messrs. Banks and Farinash have failed to respond to Ameriquest's counsel's email and Mr. Farinash has not returned Ameriquest's counsel's call. *Id.* Pursuant to Local Rule 37.2, counsel for Ameriquest states that her attempts to consult with Plaintiffs' counsel about the outstanding discovery were unsuccessful due to no fault of counsel's.

9.       Ameriquest has yet to receive any discovery responses from Plaintiffs. *Id.* Plaintiffs should not be allowed to, on one hand, claim that they want to prosecute their case and

should not be included in the Motion to Dismiss, but, on the other hand, completely ignore their discovery obligations and fail to prosecute their claims.

## II.    ARGUMENT

This court has the inherent power to enforce compliance with its orders.  *United States v. Dowell,* 257 F.3d 694, 699 (7th Cir. 2001) (citations omitted).  Further, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders [including] (vii) treating as contempt of court, the failure to obey any order."

The court may find a party in civil contempt if it is shown by clear and convincing evidence that the "party has not been reasonably diligent and energetic in attempting to accomplish what was ordered."  *Shales v. Manning Concrete, Inc.,* 847 F. Supp.2d 1102, 1114 (N.D. Ill. 2012).  The moving party must show that the following elements are met:

> (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.  *Id.*

Applying these four elements to the facts of this case it is indisputable that Plaintiffs have made no effort to comply with this Court's Discovery Order and that they are in contempt:

(1)    Unambiguous Discovery Order:  On January 25, 2013, this Court entered an unambiguous order requiring Plaintiffs "[w]ithin fifteen [15] days from the date of this order . . . to respond to the outstanding discovery served by Defendants, without objection."  [Dkt. 5181];

(2)    Failure to Comply:  Plaintiffs failed to comply with the Discovery Order in that they did not provide **any** discovery responses to Ameriquest;

(3)    Violation was Significant:  the violation was significant as Plaintiffs failed to provide even a single response to the outstanding discovery despite the Discovery Order and their subsequent agreement to do so; and

(4)    No Reasonable and Diligent Effort:  despite the Discovery Order requiring responses by February 9th and Plaintiffs subsequent agreement to provide discovery responses by

4

April 15th, and Ameriquest's repeated meet and confer efforts seeking discovery, Plaintiffs have completely ignored their discovery obligations and are making zero effort to prosecute their claims.

Ameriquest has established with clear and convincing evidence that Plaintiffs are in civil contempt of this Court's Discovery Order. Once a party has been shown to be in civil contempt a court may issue an order designed to compel the contemnor to comply with the existing court order. *Dowell,* 257 F.3d at 699. The court may also issue an order requiring the contemnor to reimburse the moving party for losses it has incurred as a result of the contempt. *Id.* Further, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

WHEREFORE, for the foregoing reasons, Ameriquest respectfully requests this Honorable Court enter an Order:

(1)     Holding Plaintiffs in civil contempt of Court for violating the Discovery Order and enter appropriate sanctions against Plaintiffs, counsel for the Plaintiffs, or both; and

(2)     Order that Plaintiffs be required to respond to the written discovery requests and produce responsive documents within seven (7) days of being served with an order from this Court.

DATED: April 25, 2013                    Respectfully submitted,

By:/s/ Joanne N. Davies
*Attorneys for Ameriquest Mortgage Company,*

Joanne N. Davies, Esq. (admitted *pro hac vice*)
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

5

**CERTIFICATE OF SERVICE**

I, Joanne N. Davies, hereby certify that on this 25th day of April 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Joanne N. Davies

BN 13832169v2