# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| _____ | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: | Centralized before The Honorable |
| *Arndt, et al.  v. Ameriquest, et al.*, 06-cv-02479, N.D. Ill. | Marvin E. Aspen |
| | Assigned to Magistrate Judge Daniel G. Martin |

## DECLARATION OF JOANNE N. DAVIES IN SUPPORT OF AMERIQUEST'S MOTION FOR RULE TO SHOW CAUSE WHY PLAINTIFFS MARIA ARNDT AND FORREST PENDERGRAPH SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT'S DISCOVERY ORDER

I, Joanne N. Davies, declare as follows:

1.      I am an attorney duly licensed to practice law before all courts in the State of California and am a Shareholder with the law firm of Buchalter Nemer, A Professional Corporation, attorneys for Ameriquest Mortgage Company ("Ameriquest").   I have been admitted pro hac vice in this matter.  I make this Declaration on my own personal knowledge, except for matters set forth herein on my information and belief, and as to those matters, I believe my information to be true and correct.   If called as a witness, I could and would competently testify to the matters contained herein.

2.      Plaintiffs Maria Arndt and Forrest Pendergraph have been unresponsive to Ameriquest's attempts to engage in settlement discussions or settlement discussions have not resulted in resolution [Dkts. 5159, 5172] (Ameriquest's Motions to Compel Discovery Responses ("Motions to Compel")).

1

3.     As a result, Ameriquest propounded discovery requests to Plaintiffs in an effort to move the matters closer to resolution.   Plaintiffs were sent requests for production, interrogatories, and requests for admission.  However, Ameriquest did not receive any responses from Plaintiffs.

4.     After not receiving any discovery responses from Plaintiffs, counsel for Ameriquest sent letters, e-mails, and left voice messages for counsel for Plaintiffs in an effort to obtain the discovery responses but Plaintiffs did not respond to the discovery.  *See* Summary of Rule 37.2 meet and confer for Motion to Compel, Ex. D, ¶ 1 [5172-4].

5.     Plaintiffs are members of the MDL Consolidated Class Action settlement and released their claims pursuant to the Settlement Agreement.  *See* Motion for Summary Judgment [Dkt. 4912].  Maria Arndt and Forrest Pendergraph received notice of the MDL class settlement and did not opt-out of the settlement.   *See* Amy Lake Affidavit In Support of Motion for Summary Judgment [Dkt. 4916].  However, Plaintiffs have never followed through in dismissing their pending action.

6.     On January 24, 2013, Ameriquest's Motions to Compel came on for hearing before Magistrate Judge Daniel Martin.  Ameriquest's Motions to Compel were granted.  The Court ordered Plaintiffs to respond to the outstanding discovery within fifteen (15) days from the date of the order – by February 9, 2013 and deemed the requests for admission served by Ameriquest admitted ("Discovery Order").  [Dkt. 5181].  The Court also admonished Plaintiffs that it may recommend that Plaintiffs' claims be dismissed if Plaintiffs did not respond to the discovery or provide something in writing to indicate that they intended to proceed with the litigation.  As requested by the Court, Defendants served the Discovery Order on Plaintiffs by mail and filed the Certificate of Service.  [Dkt. 5182].

7.     Plaintiffs failed to comply with the Discovery Order and did not respond to any of the discovery propounded by Ameriquest.  As a result, Ameriquest included Plaintiffs in its Motion to Dismiss for Want of Prosecution ("Motion to Dismiss").  [Dkt. 5202].  Shortly thereafter, Judge Aspen set a briefing schedule.  [Dkt. 5210].

2

8.      On March 4, 2013, three days before Plaintiffs' deadline to oppose Ameriquest's Motion to Dismiss for Want of Prosecution ("Motion to Dismiss") [Dkt. 5202], I received a telephone call from Richard Banks, bankruptcy counsel for Plaintiff Arndt.  I advised Mr. Banks that Plaintiff Arndt needed to respond to the outstanding discovery but Mr. Banks claimed this action was stayed as to Plaintiff Arndt due to her pending Chapter 13 bankruptcy.  I explained to Mr. Banks that the bankruptcy court had specifically entered orders allowing the civil action to proceed.  Mr. Bank disagreed and sent me a letter that same day restating his position.  Attached hereto as Exhibit 1 is the March 4, 2013 letter from Mr. Banks to me.

9.      On March 12, 2013 I sent a letter to Mr. Banks and Jerrold Farinash, counsel of record for Plaintiff Arndt in this action.  In my letter I explained that as a Chapter 13 debtor Plaintiff Arndt has the right to pursue this action, that there was no bankruptcy stay, and that the bankruptcy court had issued three explicit orders providing that Plaintiff Arndt's claims against Ameriquest should proceed in this action.  Attached hereto as Exhibit 2 is the March 12, 2013 letter from me to Messrs. Banks and Farinash and relevant orders from the bankruptcy court.

10.      I continued to engage in meet and confer communications with Messrs. Banks and Farinash.  On March 13, 2013, Mr. Banks offered that Plaintiff Arndt would provide discovery responses by April 15th.  Attached hereto as Exhibit 3 are e-mail communications between myself and Messrs. Banks and Farinash.  Because Plaintiff Arndt had agreed to provide discovery responses and had indicated that she remained interested in prosecuting her claims Ameriquest notified the Court that it withdrew its Motion to Dismiss as to Plaintiff Arndt.  [Dkt. 5235].

11.      Despite agreeing to do so, Plaintiff Arndt failed to provide discovery responses by April 15th and still has not done so.  Prior to filing this Motion for Rule to Show Cause, I attempted to meet and confer with Plaintiffs' counsel.  On April 16, 2013, I sent an e-mail to Messrs. Banks and Farinash seeking the status of Plaintiff Arndt's discovery responses and advising that if I did not hear back from them by April 18th Ameriquest would seek the intervention of the court for Plaintiff Arndt's failure to comply with the Discovery Order.  The

3

next day, on April 17, 2013, I called Mr. Farinash at his office and received his voicemail where I left him a message asking that he return my call so that would be meet and confer regarding the outstanding discovery issues. Neither Messrs. Banks nor Farinash have responded to my April 16th email and Mr. Farinash has not returned my call.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States on April 25, 2013

_____
Joanne N. Davies

4

# EXHIBIT 1

# RICHARD BANKS & ASSOCIATES, P.C.
## ATTORNEYS AND COUNSELORS AT LAW
393 Broad Street NW
PO Box 1515
Cleveland, TN  37364-1515

(423) 479-4188                 rbanks@rbankslawfirm.com                 (423) 478-1175 Fax

Richard L. Banks                                                        Rebble S. Johnson
*Board Certified as a Consumer Bankruptcy Law Specialist*              Andrew B. Morgan
*by the Tennessee Commission on Continuing Legal Education*            R. Bradley Banks
*and Specialization and the American Bankruptcy Institute.*

March 4, 2013

Joanne N. Davies, Esq.
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612

**Via Fax 949-720-0182**

RE:    *Maria Arndt, et al. v. Ameriquest, et al., 1:06-cv-02479, N.D. Ill.*
       *(Lead Case No. 05-cv-07097)*
       *Maria Arndt, Chapter13 Case No. 09-14599, Eastern District of Tennessee, Chattanooga*

Dear Ms. Davies,

I appreciate you calling me back today as to the above referenced matter.  As we discussed, the Order of Confirmation in Mrs. Arndt's chapter 13 vests all property, including this lawsuit, to the chapter 13 trustee pending a conclusion of Mrs. Arndt's case.   Without the chapter 13 trustee being a party, I do not believe that any order that is entered in this case is final until all parties are before the court.

Very best regards,

Richard L. Banks

Copy to:
Jerry Farinash, Esq. (via email)

RLB/caw

# EXHIBIT 2

**Davies, Joanne**

---

| | |
|---|---|
| **From:** | Davies, Joanne |
| **Sent:** | Tuesday, March 12, 2013 3:22 PM |
| **To:** | Banks, Richard L. (rbanks@rbankslawfirm.com); Farinash, Jerrold D. (jdf@kkflawfirm.com) |
| **Subject:** | 2013-03-12 Ltr to R. Banks and J. Farinash re_ Maria Arndt |
| **Attachments:** | 2013-03-12 Ltr to R. Banks and J. Farinash re_ Maria Arndt.PDF |
| | |
| **Importance:** | High |

Letter regarding Maria Arndt.

Best regards,

Joanne N. Davies | Shareholder | **Buchalter**Nemer, A Professional Corporation | 18400 Von Karman Avenue, Suite 800 | Irvine, CA 92612-0514 | Direct Dial: (949) 224-6221 | Cell Phone: (949) 887-6583 | Direct Fax: (949) 224-6209 | Switchboard: (949) 760-1121 | jdavies@Buchalter.com | www.buchalter.com



18400 VON KARMAN AVENUE, SUITE 800 IRVINE, CALIFORNIA 92612-0514
TELEPHONE (949) 760-1121 / FAX (949) 720-0182

File Number: L7526-0723
Direct Dial Number: (949) 224-6221
Direct Facsimile Number: (949) 224-6209
E-Mail Address: jdavies@buchalter.com

March 12, 2013

**VIA E-MAIL (rbanks@rbankslawfirm.com and jdf@kkflawfirm.com ), FACSIMILE &
FIRST CLASS MAIL**

Richard L. Banks, Esq.                    Jerrold D. Farinash, Esq.
Richard Banks & Associates, P.C.          Kennedy, Koontz & Farinash
393 Broad Street NW                       320 North Holtzclaw Avenue
PO Box 1515                               Chattanooga, TN 37404-2305
Cleveland, TN 37364-1515

Re:     *Maria Arndt, et al. v. Ameriquest, et al., N.D. Ill. Case No. 06-CV-02479 and E.D.
        Tenn. Case No. 05-CV-00192 (the "Civil Action")*

Dear Messrs. Banks and Farinash:

We are receipt of Mr. Banks' letter dated March 4, 2013 wherein he claims that it is the
chapter 13 trustee, and not the chapter 13 debtor and plaintiff Maria Arndt ("Plaintiff"), who has
the right to pursue the Civil Action. On that basis Mr. Banks claims that Plaintiff's case cannot
be subject to any order in the Civil Action absent inclusion of the chapter 13 trustee. Also, on
March 7, 2013, Plaintiff filed a Plea of Bankruptcy in the Civil Action claiming that she is under
protection of the bankruptcy court leaving an inference that no action can be taken against her by
the Court in the Civil Action. Plaintiff presumably filed the Plea of Bankruptcy for the purpose
of acting as an opposition to Ameriquest's pending motion to dismiss for want of prosecution.
[Civil Action Dkt. 29]. We disagree on both counts.

First, Mr. Farinash, as counsel of record for Plaintiff in the Civil Action, has at no time
claimed that Plaintiff does not have standing to pursue her claims, nor has he undertaken any
steps to substitute the chapter 13 trustee, which would be a burden born by Plaintiff or the
chapter 13 trustee, if so required. Instead, Mr. Farinash has ignored an order from the Court in
the Civil Action requiring that Plaintiff respond to discovery.

Second, contrary to Mr. Banks' and Plaintiff's contention, both federal law and the orders
entered by the bankruptcy court in Plaintiff's chapter 13 case clearly provide that Plaintiff has
standing to pursue her claims in the Civil Action. Further, inclusion of the chapter 13 trustee as a
party to the Civil Action is not required. Plaintiff is subject to all orders entered by the Court in
the Civil Action, including an order for sanctions for Plaintiff's failure to comply with the
discovery order and an order dismissing the Civil Action for want of prosecution.

BuchalterNemer
Richard L. Banks, Esq.
Jerrold D. Farinash, Esq.
March 12, 2013
Page 2

Chapter 13 grants to the debtor possession of the bankruptcy estate's property, which includes possession of "choses in action and other legal claims that could be prosecuted for benefit of the estate." *Cable v. Ivy Tech State College*, 200 F.3d 467, (7th Cir. 1999) (citations omitted). Plaintiff, as the debtor-in-possession, is the real party in interest for the purpose of prosecuting her claims in the Civil Action. *Id.* at 475. As a result, a chapter 13 debtor has standing to bring claims on behalf of the bankruptcy estate. *Evans v. First Mount Vernon*, 786 F.Supp.2d 347, 353 (D.D.C. 2011). This is because "a chapter 13 debtor steps into the shoes of a trustee and may sue on a cause of action that is property of the estate." *Dawson v. Thomas*, 411 B.R.1, 24 (Bankr. D.D.C. 2008). In a Civil Action, the chapter 13 trustee is "relegated to an advisory role." *Id.* at 25. In sum, Plaintiff has standing to bring the Civil Action and the chapter 13 trustee is not a necessary party to the Civil Action.

Additionally, the bankruptcy court has repeatedly affirmed that the Civil Action should proceed outside of the bankruptcy court. The bankruptcy court confirmed the initial chapter 13 plan which provided that the "validity of lien and claim to be determined in *Arndt v. Ameriquest Mortgage* (Civil Action #1:05-CV-192 U.S. District Court)." [Bankr. Dkt. 17]. The bankruptcy court subsequently confirmed the modified chapter 13 plan which included the same provision. [Bankr. Dkt. 25]. Further, when Plaintiff objected to the proof of claim filed in connection with the Ameriquest loan, the bankruptcy court entered an order repeating that the validity of the lien was to be determined in the Civil Action. [Bankr. Dkt. 51]. It is clear that the bankruptcy court has authorized, and expects, that Plaintiff will prosecute her claims in the Civil Action.

If Plaintiff intends to prosecute her claims in the Civil Action, please provide us with confirmation by no later than **close of business tomorrow, Wednesday, March 13, 2013**, that Plaintiff will respond to the discovery as ordered by the Court in the Civil Action, including producing responsive documents, by not later than Friday, March 29, 2013. If you provide the requested confirmation, we will withdraw the motion to dismiss for want of prosecution as to Plaintiff.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By

Joanne N. Davies



**SO ORDERED.**

**SIGNED this 20 day of August, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_R. Thos Stinnett_

**R. Thomas Stinnett**
**UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                          CASE NO. 09-14599
MARIA E ARNDT
          Debtor(s)                             CHAPTER 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1.  The plan, a copy of which is attached is confirmed.
2.  Property of the estate does not vest in the debtor(s) until completion of the plan.
3.  Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4.  All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.

### 

Approved for Entry By:
/s/ C. Kenneth Still
C. Kenneth Still, Trustee
P.O. Box 511, Chattanooga, TN 37401
(423) 265-2261

1

UNITED STATES BANKRUPTCY COURT

Eastern District of Tennessee

Southern Division

IN RE:   Maria E Arndt

Case No.    09-14599

Judge       Cook/Stinnett

Chapter 13

## CHAPTER 13 PLAN

### ORIGINAL

*Dated:*    July 24, 2009

**1. Payments and Term.**

The Debtor will pay the Chapter 13 Trustee ~~$120.00~~ **262.00** **Monthly** for **60** months by _____ Direct Pay _____ and the following additional monies: _____

**2. Priority Claims (including administrative expenses).**

(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of **$2,000.00**, less **$0.00** previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

**3. Secured Claims.**

(a) Cramdowns. The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| | | | | |

(b) Surrender. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| *Creditor* | *Collateral to Be Surrendered* |
|---|---|
| | |

(c) Long-Term Mortgages. The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer.

| *Creditor* | *Estimated Arrearage* | *Arrearage Interest Rate* | *Arrearage Monthly Payment* | *Maintenance Payment* | *Payment By: (Trustee or Debtor)* |
|---|---|---|---|---|---|
| | | | | | |

## CHAPTER 13 PLAN (Continued)

### ORIGINAL

*Dated:* __July 24, 2009__

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**

(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:   __pro rata__

(b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid in full.

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| *Property Description* | *Contract Number* | *Other Party to Contract* |
| --- | --- | --- |

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

**American Home Mortgage (house and land)**    **Validity of lien and claim to determined in Arndt vs. Ameriquest Mortgage (Civil Action #1:05-CV-192 U.S. District Court)**

**Capital One Auto Finance (2002 Ford Explorer)**    **to be paid outside the plan by co-debtor**

**7. Liens to be avoided under §§ 506 & 522(f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

Date:    July 24, 2009          Signature   __/s/ Richard L. Banks, #000617__

Richard L. Banks, #000617, Attorney for Debtor
Richard Banks & Associates, P.C.
P.O. Box 1515
Cleveland, TN 37364-1515
(423)479-4188

Date:    July 24, 2009          Signature   __/s/ Maria E Arndt__

Maria E Arndt, Debtor



**SO ORDERED.**

**SIGNED this 03 day of September, 2010.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

*Shelley D. Rucker*

Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

IN RE:                                                  CASE NO. 09-14599
MARIA E ARNDT
    Debtor(s)                             CHAPTER 13

**ORDER GRANTING MOTION TO MODIFY**
**AND CONFIRMING MODIFIED PLAN**

    The debtor has filed a motion to modify the confirmed chapter 13 plan. It appearing that all

affected creditors have been served with copies of the motion, the proposed modified plan, and the

required Notice; that no objections have been filed or any objections have been overruled or withdrawn;

and that the modified plan meets the requirements of the Bankruptcy Code;

IT IS ORDERED THAT:

    1.    The motion of the debtor to modify is granted;

    2.    The proposed modified plan, a copy of which is attached, is hereby confirmed and is the
        plan of the debtor.

###

APPROVED FOR ENTRY BY:
/s/ C. Kenneth Still, Trustee
C. Kenneth Still, Trustee
P.O. Box 511,
Chattanooga, TN  37401

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

In re: Maria E. Arndt

**Case No. 09-14599**
**Judge: Cook/Rucker**
**Chapter 13**

### CHAPTER 13
### MODIFIED PLAN
### TO INCREASE TO 100% PLAN
August 4, 2010

1. **Payments and Term.**
   The debtors will pay the chapter 13 trustee as follows: **TO BE PAID $125.00 MONTHLY BY DIRECT PAY.**

2. **Priority Claims (including administrative expenses).**
   (a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney.

   (b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim.

3. **Secured Claims.**

   (a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(1) below.

   | *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
   |---|---|---|---|---|
   | | | | | |

   (b) *Surrender.* The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

   | *Creditor* | *Collateral to Be Surrendered* |
   |---|---|
   | | |

   *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer.

   | *Creditor* | *Estimated Arrearage* | *Arrearage Interest Rate* | *Arrearage Monthly Payment* | *Maintenance Payment* | *Payment by: (Trustee or Debtor)* |
   |---|---|---|---|---|---|
   | | | | | | |

   *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

Case: 1:05-cv-07097 Document #: 5268-1 Filed: 04/25/13 Page 17 of 26 PageID #:50649
Case 1:09-bk-14599    Doc 25    Filed 09/03/10    Entered 09/03/10 10:58:10    Desc Main
Case 1:09-bk-14599    Doc 20    Filed 08/05/10    Page 3 of 3    Entered 08/05/10 09:13:05    Desc
Proposed Modified Plan    Page 2 of 2

5.    **Unsecured Claims.**

(a)   *Nonpriority.* Except as provided in subparagraph(b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid **100%**

(b)   **5.  Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| *Other Party to Contract* | *Property Description* | *Treatment by Debtor* |
|---|---|---|

6.    **Special Provisions.** (such as co-signed debts, debts paid by third party, student loans, special priority debts)

| *Creditor* | *Property Description* | *Debt* | *Estimated Payment* | *Interest Rate* | *Payment By: (Trustee or Debtor)* |
|---|---|---|---|---|---|
| **American Home Mortgage** | **House & Land** | Validity of lien and claim to determined in Arndt vs. Ameriquest Mortgage (Civil Action #:05-CV-192 U.S. District Court) and /or adversary proceeding filed in this court. | | | |
| **Capital One Auto Finance** | **2002 Ford Explore** | To be paid outside the plan by co-debtor. | | | |

7.    **Liens to be avoided under §§506 & 522(f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

8.    **Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the court.

Date: _____

Signature /s/Richard L. Banks #000617
RICHARD BANKS & ASSOCIATES, P.C.
Attorney for debtor(s)
PO Box 1515
Cleveland, TN 37364-1515
423-479-4188

Date: 8-4. 2010

Signature: /s/ Maria E. Arndt
Maria E. Arndt, Debtor

Case: 1:05-cv-07097 Document #: 5268-1 Filed: 04/25/13 Page 18 of 26 PageID #:50650
Case 1:09-bk-14599   Doc 51   Filed 01/18/12   Entered 01/18/12 10:52:42   Desc -
Objection to Claim    Page 1 of 2



**SO ORDERED.**
**SIGNED this 18th day of January, 2012**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

---

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Maria E. Arndt | ) | No. 09-14599 |
| | ) | Chapter 13 |
| Debtor | ) | |

### ORDER

This case came to be heard on the debtor's objection to the secured claim filed by

American Home Mortgage Servicing, Inc., as servicer for Deutsche Bank National Trust

Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through

Certificates, Series 2004-R4 (hereinafter referred to as "American Home Mortgage Servicing")

designated as claim #1. With respect to the treatment of that claim in the debtor's confirmed

chapter 13 plan, the plan provides that the "[v]alidity of lien and claim to be determined in Arndt

vs. Ameriquest Mortgage (Civil Action # 05-CV-192 District Court) and/or adversary

proceeding filed in this court." The chapter 13 trustee and the parties are bound by the terms of

Case: 1:05-cv-07097 Document #: 5268-1 Filed: 04/25/13 Page 19 of 26 PageID #:50651
Case 1:09-bk-14599   Doc 51   Filed 01/18/12   Entered 01/18/12 10:52:42   Desc -
Objection to Claim     Page 2 of 2

the confirmed plan, and the plan does not provide for payments on the secured claim filed by
American Home Mortgage Servicing at this time. Of course, once the dispute as to the validity of
the lien and claim are resolved as set forth in the plan, there will have to be a satisfactory
arrangement made to pay the debt or the creditor will be entitled to stay relief. Because the plan
does not currently provide for payment of the secured debt owed to American Home Mortgage
Servicing, any such debt will not be discharged in this case.

It is therefore ORDERED that the trustee not make any payments on claim #1 filed by
American Home Mortgage Servicing as the confirmed plan does not provide for any payments to
be made at this time on that secured claim.

###

# EXHIBIT 3

**Davies, Joanne**

| | |
|---|---|
| **From:** | Davies, Joanne |
| **Sent:** | Tuesday, April 16, 2013 3:25 PM |
| **To:** | 'Jerry Farinash'; 'Richard Banks' |
| **Subject:** | RE: Arndt v. Ameriquest - PAST DUE DISCOVERY RESPONSES |

We withdrew our request to dismiss Ms. Arndt's claims based on her agreement to provide discovery responses to us by **April 15, 2013**, either through Mr. Farinash, or directly as a pro per if Mr. Farinash had successfully withdrawn as counsel. As of today we have no record of Mr. Farinash filing a motion to withdraw. Moreover, we are disappointed to find that the promised discovery responses and document production have not been provided by Ms. Arndt. Please immediately let us know the status of Ms. Arndt's discovery responses. If we do not hear from you by this Thursday, April 18, 2013 we will have no option but to file a motion with the court seeking intervention as a result of Ms. Arndt's failure to comply with the court's discovery order.

Joanne N. Davies | Shareholder | **BuchalterNemer**, A Professional Corporation | 18400 Von Karman Avenue, Suite 800 | Irvine, CA 92612-0514 | Direct Dial: (949) 224-6221 | Cell Phone: (949) 887-6583 | Direct Fax: (949) 224-6209 | Switchboard: (949) 760-1121 | jdavies@Buchalter.com | www.buchalter.com

---

**From:** Davies, Joanne
**Sent:** Monday, April 08, 2013 11:58 AM
**To:** 'Jerry Farinash'
**Cc:** 'Richard Banks'; sfleischmann@lockelord.com
**Subject:** RE: Arndt v. Ameriquest

If Ms. Arndt is interested in a work-out with respect to her loan she would need to complete the application package for her current loan servicer, which is Ocwen. I have attached the required Ocwen documents. I have also copied Simon Fleischmann who is counsel for the loan servicer. I have also attached his contact card.

Once the documents have been filled out they should be emailed to Mr. Fleischmann. Please note, that since you are still officially counsel of record in this case we are unable to communicate directly with Ms. Arndt. Once you have filed, and the court has granted, your motion to withdraw, we would be glad to work directly with Ms. Arndt.

Joanne N. Davies | Shareholder | **BuchalterNemer**, A Professional Corporation | 18400 Von Karman Avenue, Suite 800 | Irvine, CA 92612-0514 | Direct Dial: (949) 224-6221 | Cell Phone: (949) 887-6583 | Direct Fax: (949) 224-6209 | Switchboard: (949) 760-1121 | jdavies@Buchalter.com | www.buchalter.com

---

**From:** Jerry Farinash [mailto:JDF@kkflawfirm.com]
**Sent:** Thursday, March 21, 2013 9:59 AM

**To:** Davies, Joanne
**Cc:** 'Richard Banks'
**Subject:** RE: Arndt v. Ameriquest

I have been on vacation since before you left your message. Practically speaking, we cannot handle a case in Illinois. The best resolution of the matter would be for the owner of the note to be in touch with Mr. Banks about a renegotiated note. It is our intention to withdraw. Someone in my office is working on that and I have not spoken to her since I returned about 30 minutes ago. Once I have talked to her, I will let you know the status.

Jerry Farinash

---

**From:** Davies, Joanne [mailto:jdavies@Buchalter.com]
**Sent:** Wednesday, March 20, 2013 5:06 PM
**To:** Jerry Farinash
**Cc:** 'Richard Banks'
**Subject:** RE: Arndt v. Ameriquest

Mr. Farinash,

Last Friday, March 15, 2013, I left a voice message for you requesting that you please contact me to advise as to whether you intend to withdraw from representing Ms. Arndt or whether you will continue as her counsel. As I explained below, neither you nor Mr. Banks needs to be licensed Illinois attorneys in order to represent Ms. Arndt in the MDL. Since you were counsel of record for Ms. Arndt in the Tennessee action all you need to do is contact the court to find out what you need to do in order to obtain an Illinois ECF user id. and password and to get on the main MDL docket.

I want to make sure that we receive the discovery responses by April 15, 2013 as Mr. Banks stated below and that the necessary steps have been taken for your withdrawal if your intention is to have Ms. Arndt respond as a pro per. Please contact me immediately so that we can resolve this outstanding issue.

Joanne N. Davies | Shareholder | **Buchalter**Nemer, A Professional Corporation | 18400 Von Karman Avenue, Suite 800 | Irvine, CA 92612-0514 | Direct Dial: (949) 224-6221 | Cell Phone: (949) 887-6583 | Direct Fax: (949) 224-6209 | Switchboard: (949) 760-1121 | jdavies@Buchalter.com | www.buchalter.com

---

**From:** Davies, Joanne
**Sent:** Wednesday, March 13, 2013 6:49 PM
**To:** 'Richard Banks'
**Cc:** Jerrold D. Farinash
**Subject:** RE: Arndt v. Ameriquest

We disagree with your argument that Ms. Arndt's chapter 13 bankruptcy prevents her from prosecuting claims and that the chapter 13 trustee must be added as a party. We believe your arguments are contrary to the legal authority on this issue and you provide no contrary authority to support your claims.

Further, the bankruptcy court's order does not curtail Ms. Arndt's rights to pursue causes of action that are part of the bankruptcy estate. Clearly, if she were to obtain any recovery, that recovery would be property of the estate. As explained in detail in the cases cited in my letter to you, a chapter 13 debtor, and not the chapter 13 trustee, has standing to pursue litigation that is property of the estate. Therefore, any order entered by the Court in the Civil Action is binding on Ms. Arndt and the estate.

In connection with MDL actions, neither you nor Mr. Farinash are required to admitted to practice law [in Illinois] to represent Ms. Arndt. Therefore, that is not a hindrance to Mr. Farinash's continued representation of Ms. Arndt. If Ms. Arndt would prefer to represent herself, then Mr. Farinash will need to file a motion to withdraw as counsel as he is currently counsel of record for Ms. Arndt. While we do not oppose such a motion, this is an issue that Mr. Farinash will need to bring before the Court. Until the Court relieves Mr. Farinash as counsel, we are obligated to continue to communicate through counsel and not with Ms. Arndt directly.

The class settlement is broad and we believe results in the release of any claims that Ms. Arndt has regarding the origination of her loan. If you are willing to stipulate to a dismissal with prejudice of her claims in the Civil Action then we would be agreeable to the same. However, my understanding is that you want to use claims regarding the loan origination to contest the validity of the lien so it does not appear that we will be able to reach an agreement on a dismissal. If I am mistaken, please let me know.

As for the motion to dismiss for want of prosecution, we are agreeable to withdrawing our request to dismiss as to Ms. Arndt and will advise the Court that she has agreed to provide discovery responses by April 15, 2013, either through Mr. Farinash, or directly as a pro per if Mr. Farinash has successfully withdrawn as counsel.

Finally, we are glad to facilitate a discussion between Ms. Arndt's loan servicer and yourself regarding a possible loan modification. Ms. Arndt's loan was being serviced by Homeward Residential but within the last few weeks may have been assigned to Ocwen. We will endeavor to locate and email to you the current Ocwen loan modification package. Ms. Arndt will need to complete the package and provide all of the income documents requested.

Best regards,

Joanne

Joanne N. Davies | Shareholder | **Buchalter**Nemer, A Professional Corporation | 18400 Von Karman Avenue, Suite 800 | Irvine, CA 92612-0514 | Direct Dial: (949) 224-6221 | Cell Phone: (949) 887-6583 | Direct Fax: (949) 224-6209 | Switchboard: (949) 760-1121 | jdavies@Buchalter.com | www.buchalter.com

---

**From:** Richard Banks [mailto:rbanks@rbankslawfirm.com]
**Sent:** Wednesday, March 13, 2013 12:42 PM
**To:** Davies, Joanne
**Cc:** Jerrold D. Farinash
**Subject:** RE: Arndt v. Ameriquest

Joanne

I have discussed this latest email with Jerry Farinash. Our position is as follows:

1) The order of confirmation of Ms. Arndt's Chapter 13 is binding on your client per 11 U. S.C. 1327;
2) The order of confirmation states that "property of the estate (Ms. Arndt's lawsuit against your client) does not vest with in the debtor until completion of the plan;
3) You have never sought to add the necessary "owner" of the claim against your client to the litigation, i.e. the Chapter 13 trustee;

4) Any order dismissing the case, whether with or without prejudice, would not be a final adjudication as to the issues in this litigation, because the trustee is not a party;

5) I am not, nor Mr. Farinash, admitted to practice in Illinois. Mr. Farinash cannot represent Ms. Arndt without approval of the bankruptcy court;

6) Ms. Arndt is an elderly lady with major medical problems and does not have the funds to employ council in Chicago; so, with all that said, I propose the following:


A) An proposed order drafted by you dismissing certain aspects of the class litigation but which reserves Ms. Arndt's rights to litigate the amount/validity of the lien. This order would be signed by Ms. Arndt and I would file a notice to creditors and the trustee requesting the Bankruptcy court approve the settlement;

B) If you disagree, allow Ms. Arndt until April 15th to complete the discovery requests in a pro se manner and send the responses to you; and, in the alternative, have your client's mortgage account representative contact me to discuss a modification of this loan.

Please advise me on your thoughts on these proposals and copy Mr. Farinash. Thanks.

Richard




--
Richard L. Banks
Richard Banks & Associates, P.C.
393 Broad Street NW
PO Box 1515
Cleveland, TN 37364-1515
(423) 479-4188
(423) 478-1175 fax
www.rbankslawfirm.com

IMPORTANT NOTICE: This e-mail message is intended to be received only by persons entitled to receive the confidential information it may contain. E-mail messages to clients of Richard Banks and Associates, P.C. law offices may contain information that is confidential and legally privileged. Please do not read, copy, forward, or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it to the sender and delete it completely from your computer system.

**From:** Davies, Joanne [mailto:jdavies@Buchalter.com]
**Sent:** Wednesday, March 13, 2013 2:21 PM
**To:** Richard Banks
**Cc:** Jerrold D. Farinash
**Subject:** Re: Arndt v. Ameriquest

Thank you for responding to my letter. As a follow-up to the voice message I left for Mr. Banks, we are not agreeable to a dismissal without prejudice. We would agree to a dismissal with prejudice.

We have an MSJ pending based on the fact that Ms. Arndt is a class member and her claims have been dismissed. Additionally, the court has ordered that Ms. Arndt respond to discovery. The case remains consolidated for discovery purposes. There is no inconvenience to Ms. Arndt. When we notice her deposition we will do so at an appropriate

location in Tennessee. Also, if the case goes to trial, that will take place in Tennessee. However, common discovery and legal issues can be decided by the MDL court before any case is transferred.

Ms. Arndt has enjoyed the benefits of having her case in the MDL without complaint. It is only now when she has to respond to discovery that she complains and seeks to forum shop. We again request that you immediately confirm that Ms. Arndt will respond to discovery by March 29th.

Best regards,

Joanne

Sent from my iPhone

On Mar 13, 2013, at 5:50 AM, "Richard Banks" <rbanks@rbankslawfirm.com> wrote:

Dear Ms. Davies

I have discussed your email dated March 12th with Jerry Farinash. We suggest that a voluntary dismissal without prejudice be entered in this case so that the bankruptcy court can determine the amount of your client's valid lien. As you know, there has been a tremendous amount of legislation passed since this case was filed in 2005 which assists homeowners in keeping their homes. All that legislation raises additional issues which will ultimately have to be settled or litigated. I really don't think the suit in Chicago is the appropriate forum for a resolution of those matters.

Please let me know if you agree to a voluntary dismissal without prejudice….and please copy Mr. Farinash with your response. Thanks.

--
Richard L. Banks
Richard Banks & Associates, P.C.
393 Broad Street NW
PO Box 1515
Cleveland, TN 37364-1515
(423) 479-4188
(423) 478-1175 fax
www.rbankslawfirm.com

IMPORTANT NOTICE: This e-mail message is intended to be received only by persons entitled to receive the confidential information it may contain. E-mail messages to clients of Richard Banks and Associates, P.C. law offices may contain information that is confidential and legally privileged. Please do not read, copy, forward, or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it to the sender and delete it completely from your computer system.

IMPORTANT NOTICE: This e-mail message is intended to be received only by persons entitled to receive the confidential information it may contain. E-mail messages to clients of Richard Banks and Associates, P.C. law offices may contain information that is confidential and legally privileged. Please do not read, copy, forward, or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it to the sender and delete it completely from your computer system.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your

system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT NOTICE: This e-mail message is intended to be received only by persons entitled to receive the confidential information it may contain. E-mail messages to clients of Richard Banks and Associates, P.C. law offices may contain information that is confidential and legally privileged. Please do not read, copy, forward, or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it to the sender and delete it completely from your computer system.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**