**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: *Buck, et al. v. Ameriquest, et al.*, 07-cv-04874, N.D. Ill. | Centralized before The Honorable Marvin E. Aspen |
| | Assigned to Magistrate Judge Daniel G. Martin |

**AMERIQUEST'S MOTION FOR RULE TO SHOW CAUSE WHY PLAINTIFFS BRUCE BUCK AND SHANNON BUCK SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT'S DISCOVERY ORDER**

Defendant Ameriquest Mortgage Company ("Ameriquest"), respectfully moves this Court pursuant to this Court's inherent power to enforce compliance with its orders and Federal Rule of Civil Procedure, Rule 37(b)(2) for an order holding Plaintiffs Bruce Buck and Shannon Buck ("Plaintiffs") in civil contempt of this Court's order of January 25, 2013, and for sanctions including Ameriquest's costs and attorneys' fees incurred in the preparation and presentation of this motion and other sanctions this Court may deem appropriate. Plaintiffs were ordered to respond to discovery by February 9, 2013 [Dkt. 5181] but have failed to do so and are unresponsive to attempts to communicate about the status of the belated discovery responses.

In support of its motion, Ameriquest states as follows:

**I. FACTUAL BACKGROUND**

1. As set forth in Ameriquest's Motions to Compel Discovery Responses ("Motion to Compel") [Dkts. 5159, 5172], Plaintiffs have been unresponsive to Ameriquest's attempts to engage in settlement discussions or settlement discussions have not resulted in resolution.

2.	As a result, Ameriquest propounded discovery requests to Plaintiffs in an effort to move the matters closer to resolution.  Plaintiffs were sent requests for production, interrogatories, and requests for admission. However, Ameriquest only received unsigned responses to Ameriquest's requests for admission.  *Id.* and Declaration of Joanne N. Davies ("Davies Decl."), ¶ 3 attached hereto as Exhibit A.  Plaintiffs failed to provide any responses to Ameriquest's requests for production or interrogatories and Plaintiffs have not produced any documents.  Davies Decl., ¶ 3 .

3.	After not receiving any responses to the requests for production and interrogatories from Plaintiffs, counsel for Ameriquest sent a letter and left a voice message for counsel for Plaintiffs, Wayde Brooks, in an effort to obtain the discovery responses but Plaintiffs did not respond to the outstanding discovery.  [Dkt. 5172-4].

4.	On January 24, 2013, Ameriquest's Motions to Compel came on for hearing before Magistrate Judge Daniel Martin.  Ameriquest's Motions to Compel were granted.  The Court ordered Plaintiffs to respond to the outstanding discovery within fifteen (15) days from the date of the order – by February 9, 2013 ("Discovery Order").  [Dkt. 5181].  The Court also admonished Plaintiffs that it may recommend that Plaintiffs' claims be dismissed if Plaintiffs did not respond to the discovery or provide something in writing to indicate that they intended to proceed with the litigation.  As requested by the Court, Defendants served the Discovery Order on Plaintiffs by mail and filed the Certificate of Service.  [Dkt. 5182].

5.	Plaintiffs failed to comply with the Discovery Order and did not respond to any of the requests for production or interrogatories propounded by Ameriquest.  Davies Decl., ¶ 6. Pursuant to Local Rule 37.2, Ameriquest's counsel, Joanne Davies, has attempted to meet and confer with Plaintiffs' counsel, Mr. Brooks, on numerous occasions and each time her meet and confer efforts have been ignored by Mr. Brooks.  On February 25, 2013, Ms. Davies called Mr. Brooks to meet and confer regarding Plaintiffs' missing discovery responses but was unable to leave a voice message because Mr. Brooks voicemail box was full.  *Id.*  That same day, Ms. Davies followed-up by sending a letter (by email and mail) to Mr. Brooks requesting that he

meet and confer with her. Ameriquest's counsel received no response from Mr. Brooks. *Id.* On March 11, 2013, Ameriquest's counsel again called Mr. Brooks and this time was able to leave a voice message asking him to call to discuss Plaintiffs' failure to respond to the outstanding discovery and advising that if he did not call back Ameriquest would have no option but to seek court intervention. Ameriquest's counsel received no response. *Id.* On April 23, 2013, Ms. Davies again called Mr. Brooks and left him a voice message asking that he call so the parties could meet and confer. On that same day, Ms. Davies sent an email to Mr. Brooks requesting a meet and confer and advising that if he did not contact her by April 25th that this matter would be brought to the attention of the Court. Unsurprisingly, no response was forthcoming. *Id.*

6. Ameriquest has yet to receive any of the missing discovery responses from Plaintiffs. *Id.* Plaintiffs should not be allowed to completely ignore their discovery obligations and fail to prosecute their claims.

## II. ARGUMENT

This court has the inherent power to enforce compliance with its orders. *United States v. Dowell,* 257 F.3d 694, 699 (7th Cir. 2001) (citations omitted). Further, pursuant to Federal Rules of Civil Procedure 37(b)(2)(A), "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders [including] (vii) treating as contempt of court, the failure to obey any order."

The court may find a party in civil contempt if it is shown by clear and convincing evidence that the "party has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Shales v. Manning Concrete, Inc.,* 847 F. Supp.2d 1102, 1114 (N.D. Ill. 2012). The moving party must show that the following elements are met:

> (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *Id.*

Applying these four elements to the facts of this case it is indisputable that Plaintiffs have made no effort to comply with this Court's Discovery Order and that they are in contempt:

(1) <u>Unambiguous Discovery Order</u>: On January 25, 2013, this Court entered an unambiguous order requiring Plaintiffs "[w]ithin fifteen [15] days from the date of this order . . . to respond to the outstanding discovery served by Defendants, without objection." [Dkt. 5181];

(2) <u>Failure to Comply</u>: Plaintiffs failed to comply with the Discovery Order in that they did not provide **any** responses to Ameriquest's requests for production or interrogatories;

(3) <u>Violation was Significant</u>: the violation was significant as Plaintiffs failed to provide even a single response to the outstanding discovery despite the Discovery Order; and

(4) <u>No Reasonable and Diligent Effort</u>: despite the Discovery Order requiring responses by February 9th and Ameriquest's repeated meet and confer efforts seeking discovery, Plaintiffs have completely ignored their discovery obligations and are making zero effort to prosecute their claims.

Ameriquest has established with clear and convincing evidence that Plaintiffs are in civil contempt of this Court's Discovery Order. Once a party has been shown to be in civil contempt a court may issue an order designed to compel the contemnor to comply with the existing court order. *Dowell,* 257 F.3d at 699. The court may also issue an order requiring the contemnor to reimburse the moving party for losses it has incurred as a result of the contempt. *Id.* Further, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

WHEREFORE, for the foregoing reasons, Ameriquest respectfully requests this Honorable Court enter an Order:

(1) Holding Plaintiffs in civil contempt of Court for violating the Discovery Order and enter appropriate sanctions against Plaintiffs, counsel for the Plaintiffs, or both; and

(2) Order that Plaintiffs be required to respond to the written discovery requests and produce responsive documents within seven (7) days of being served with an order from this Court.

4

DATED: April 25, 2013          Respectfully submitted,

By: /s/ Joanne N. Davies
*Attorneys for Ameriquest Mortgage Company,*

Joanne N. Davies, Esq. (admitted *pro hac vice*)
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

BN 13863339v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 25th day of April 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: /s/  Joanne N. Davies

BN 13863339v1