IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) <br><br> Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST DEFENDANTS FOR MAY 2, 2013 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Defendants respectfully submit the following Status Report in connection with the status conference scheduled to take place on May 2, 2013 at 10:00 a.m. before Magistrate Judge Daniel G. Martin. [Dkt. 5258].

I. **INTRODUCTION**

The status conference was scheduled to follow-up on a number of issues and some additional issues have arisen since the last status conference and this status report will address these issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Defendants;

2. Status of certain plaintiffs who have failed to comply with this Court's Discovery Order;

    a. Motions for Rule to Show Cause Why Plaintiffs Should Not Be Held In Civil Contempt of Court's Discovery Order re: (i) Plaintiffs Maria Arndt and Forrest Pendergraph (counsel Jerrold Farinash, Esq.); and (ii) Plaintiffs Bruce and Shannon Buck (counsel Wayde Brooks, Esq.);

    b. Failure of Plaintiffs Rosa Dailey and Maynor Villagran to provide discovery responses (counsel William Spielberger, Esq.); and

    c. Status update re: Plaintiff Cedric Peterson's (pro per) discovery responses.

3. Status of discovery regarding third-party claims.

1

II. **STATUS OF OPT-OUT PLAINTIFFS' CASES**

A. *Cases Dismissed Since Last Status Hearing:* there are **9 opt-out cases** involving **24 opt-out plaintiffs** that have been dismissed since the last status hearing. This leaves **60 opt-out cases** involving **101 opt-out plaintiffs**. The remaining opt-out cases are in various stages of settlement negotiations or discovery as set forth below.

B. *Cases Where Settlement Agreements Have Been Circulated:* there are 3 **opt-out** cases involving **6 opt-out plaintiffs** where settlement agreements have been circulated for signature.

C. *Cases Where Settlement Negotiations Are In Progress:* there are **23 opt-out cases** involving **38 opt-out plaintiffs** where settlement negotiations are in progress. These are often cases where opt-out plaintiffs are seeking loan modifications, deeds in lieu, or consent foreclosures from the loan servicers and the loan servicers are either waiting for additional documentation from opt-out plaintiffs or are in the process of reviewing opt-out plaintiffs' requests.

D. *Cases Included in Ameriquest's Motion to Dismiss for Want of Prosecution:* there are **15 opt out cases** involving **26 opt-out plaintiffs** that are including in Ameriquest's Motion to Dismiss for Want of Prosecution. The Motion to Dismiss is fully briefed. Once Judge Aspen issues a ruling on the Motion to Dismiss this will assist the Ameriquest Defendants in determining which cases remain so that it can propose a realistic discovery schedule.

E. *Active Cases:* The Ameriquest Defendants are engaged in discovery with respect to the remaining cases. The Ameriquest Defendants have also been working to exhaust all meet and confer efforts before bringing additional motions to compel or motions for rule to show cause re contempt for those plaintiffs who are violation of this Court's Discovery Order [5181] compelling discovery responses. Certain Plaintiffs have failed to provide discovery responses as required by this Court's Discovery Order and those cases are discussed below:

### III. STATUS REGARDING CERTAIN PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH COURT'S DISCOVERY ORDER

#### A. Motions for Rule to Show Cause Why Plaintiffs Should Not Be Held in Civil Contempt

1. *Plaintiffs Maria Arndt and Forrest Pendergraph (counsel Jerrold Farinash):* Ameriquest filed a motion for rule to show cause re: civil contempt [Dkt. 5268] because the Arndt/Pendergraph Plaintiffs have failed to provide **any** responses to the discovery propounded by Ameriquest as required by this Court's Discovery Order. As set forth in the motion, while counsel for the Arndt/Pendergraph Plaintiffs initially met and conferred regarding these discovery issues and plaintiffs promised that discovery responses would be provided by April 15th, no discovery responses were forthcoming and counsel for the Arndt/Pendergraph Plaintiffs have ignored Ameriquest's counsel's subsequent meet and confer communications. The motion requests that the Arndt/Pendergraph Plaintiffs be ordered to respond to the outstanding discovery, without objection, within seven (7) days and seeks sanctions the Court deems appropriate. This motion is set for presentment on May 2nd.

2. *Plaintiffs Bruce and Shannon Buck (counsel Wayde Brooks):* Ameriquest filed a motion for rule to show cause re: civil contempt [Dkt. 5273] because the Buck Plaintiffs have failed to provide responses to requests for production and interrogatories as required by this Court's Discovery Order. As set forth in the motion, counsel for the Buck Plaintiffs have ignored all attempts by Ameriquest's counsel to meet and confer regarding these discovery issues. The motion requests that the Buck Plaintiffs be ordered to respond to the outstanding discovery, without objection, within seven (7) days and seeks sanctions the Court deems appropriate. This motion is set for presentment on May 2nd.

#### B. Plaintiff Rosa Dailey's Failure to Respond to Discovery

At the last status hearing, William Spielberger, counsel for Rosa Dailey, advised that he needed more time to respond to discovery and to investigate whether Plaintiff Dailey was competent to proceed with the litigation or if she needed a guardian to be appointed. The Court

granted Plaintiff Dailey until April 23, 2013 to respond to the discovery. [Dkt. 5229]. On April 16, 2013 Ameriquest's counsel sent a written request to Mr. Spielberger for the parties to meet and confer on these issues and followed up with a telephone call the next day and left a voice message seeking a return call. Having not receive a response to the prior meet and confer attempts, or any discovery responses by April 23, 2013, Ameriquest's counsel again sent a written request to Mr. Spielberger for the parties to meet and confer and followed up with a voice message. No response has been forthcoming. Attached hereto as Exhibit A are the April 16th and April 23rd meet and confer emails to Mr. Spielberger. In light of Mr. Spielberger's failure to meet and confer with the Ameriquest Defendants, the Ameriquest Defendants are concerned that the guardianship issue will be raised again at the upcoming status hearing but is a mere discovery delay tactic. Mr. Spielberger has explained to Ameriquest's counsel that his goal was to allow Plaintiff Dailey to remain in the house while not making payments for as long as possible and he has succeeded as Plaintiff Dailey has lived in the house for over six (6) years without making any payments. Plaintiff Dailey should be ordered to respond to the outstanding discovery, without objection, within seven (7) days. If Mr. Spielberger has any further basis for delay of discovery he should be required to provide significant documentation supporting the basis for his requested delay because the discovery has been outstanding since July 2012 and he has been completely unwilling to communicate with the Ameriquest Defendants about the discovery since the last status hearing.

        C.       **Plaintiff Maynor Villagran's Failure to Respond to Discovery**

At the last status hearing, Mr. Spielberger, counsel for Maynor Villagran, advised that he needed more time to respond to discovery as he had not received documents from his client and that his client did not understand why his case was in Illinois when he was in Florida. As Mr. Spielberger is well aware, the cases in the MDL are consolidated for discovery purposes and Plaintiff Villagran is obligated to respond in this forum and there is no increased burden for him to do so. In response to the request for extension of time, the Court granted Plaintiff Villagran until April 23, 2013 to respond to the discovery. [Dkt. 5229]. On April 17, 2013 Ameriquest's

4

counsel sent a written request to Mr. Spielberger seeking confirmation that Plaintiff Villagran would be providing discovery responses by April 23rd and followed up with a telephone message seeking a return call. Having not received a response to the prior meet and confer attempts, or any discovery responses on April 23rd, Ameriquest's counsel again sent a written request to Mr. Spielberger for the parties to meet and confer and followed up with a voice message. No response has been forthcoming. Attached hereto as Exhibit A are the April 17th and April 23rd meet and confer emails to Mr. Spielberger. Plaintiff Villagran should be ordered to respond to the outstanding discovery, without objection, within seven (7) days.

        D.      **Status of Cedric Peterson Discovery Responses**

Plaintiff Cedric Peterson provided his loan servicer with a loan modification application as instructed by the Court at the last status hearing. The loan servicer is currently in the process of reviewing Mr. Peterson's loan modification request. Mr. Peterson was also granted an extension to May 1, 2013 to respond to the outstanding discovery. The Ameriquest Defendants have not received any discovery responses from Mr. Peterson but he still has time to comply with this Court's order.

## IV.   STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS

The status remains the same as of the last status hearing. The Ameriquest Defendants brought claims against third-party defendants, such as the closing/title agents who were responsible for the loan closings, and the title insurance underwriters who agreed to indemnify the Ameriquest Defendants for losses arising out of the loan closings. The Ameriquest Defendants' claims against third-party defendants are significant. For instance, third-party defendants the Fidelity Entities, Superior Closing, Mortgage Information Services, and Northwest Title are collectively involved in approximately **400 loans** where opt-out plaintiffs have alleged that the loan closings were botched by the closing agent's failure to provide plaintiffs with the Notice of Right to Cancel forms.

Problematic, however, discovery concerning third-party claims and defenses has not started and is currently stayed. Certain third-party defendants filed a motion, now pending

before Judge Aspen, to dismiss or transfer the claims from the MDL to other courts and stay third-party discovery in the MDL [Dkt. 5101]. The Ameriquest Defendants have opposed the motion as it is without merit [Dkt. Nos. 5123 and 5134]. The Ameriquest Defendants are confident that discovery against third-party defendants will be allowed to proceed as Judge Aspen has already ruled on this issue when ordering reassignment of *Terry v. Ameriquest*, N.D. Ill. Case No. 08-cv-2475, and finding that "[r]eassignment would also make the most of coordinated discovery – already underway in *Terry* but relevant to similar claims in the MDL – into the practices of third-party defendants, including their interpretations of the indemnity language." *See Terry* Order (Dkt. No. 782).

Respectfully submitted,

Dated:   April 26, 2013

By: /s/ Joanne N. Davies
*Attorneys for ACC Capital Holdings Corporation, Ameriquest Mortgage Company, Argent Mortgage Company, LLC, AMC Mortgage Services, Inc., Town & Country Credit Corporation, and Olympus Mortgage Company*

Joanne N. Davies
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 227-3644
Facsimile: (415) 227-0700

13826436v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 26th day of April 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

13826436v1