**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | Case No. 05 C 7097 |
| ------------------------------- | Chicago, Illinois<br>April 18, 2013 |
| THIS DOCUMENT RELATES TO ALL CASES | 10:20 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DANIEL G. MARTIN, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs
Arthur and Ethelyn
Coleman:              MR. LLOYD J. BROOKS
                      The Brooks Law Firm
                      18110 Dixie Highway
                      Suite 2N
                      Homewood, IL  60430
                      (708) 841-8080
                      E-mail: Lloyd.brooks@thebrooksfirm.com

For the Ameriquest
Defendants:           MR. RANDALL L. MANVITZ
                      Buchalter Nemer
                      55 Second Street
                      Suite 1700
                      San Francisco, CA  94105
                      (415) 227-3644
                      E-mail: Rmanvitz@buchalter.com

Transcriber:

           KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                     Official Court Reporter
                   United States District Court
           219 South Dearborn Street, Suite 2144-A
                     Chicago, Illinois  60604
                   Telephone:  (312) 435-5569
           e-mail: Kathleen_Fennell@ilnd.uscourts.gov

```
 1  APPEARANCES:   (Continued)

 2  For Third-Party
    Defendants Fidelity,
 3  Et al.:              MR. JAMES E. SOJOODI
                         Butler, Rubin, Saltarelli & Boyd LLP
 4                       70 West Madison Street
                         Suite 1800
 5                       Chicago, IL  60602
                         (312) 696-4475
 6                       E-mail:  Jsojoodi@butlerrubin.com

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     (Proceedings heard in open court:)
2         THE CLERK:  05 C 7097, In Re Ameriquest.
3         MR. MANVITZ:  Good morning, your Honor.
4         THE COURT:  Good morning.
5         MR. MANVITZ:  Randall Manvitz for Ameriquest Mortgage
6  Company.
7         THE COURT:  Okay.  Can you spell your last name,
8  please?
9         MR. MANVITZ:  M-A-N-V-I-T-Z.
10        THE COURT:  Mr. Manvitz, good morning.
11        MR. BROOKS:  Good morning, your Honor.  Lloyd Brooks
12 on behalf of the plaintiffs in the related action Arthur
13 Coleman and Ethelyn Coleman.
14        THE COURT:  Mr. Brooks, good morning to you.
15        MR. SOJOODI:  Good morning, your Honor.  Jim Sojoodi
16 from Butler Rubin on behalf of the Fidelity third-party
17 defendants.
18        THE COURT:  Okay.  And how do you spell your last
19 name, Mr. -- try it again.
20        MR. SOJOODI:  Sojoodi.  S-O-J-O-O-D-I.
21        THE COURT:  Okay, Mr. Sojoodi.
22        Good morning, gentlemen.  The case is here this
23 morning on the defense of Ameriquest Mortgage Company's motion
24 to compel plaintiffs Arthur and Ethelyn Coleman to appear at a
25 deposition.  The motion was hotly contested, fully briefed

1  before its initial presentment this morning.  I'm prepared to
2  rule.
3       I am going to recommend that Ameriquest be allowed to
4  redepose the Colemans.  I don't think it should be lengthy,
5  and the ruling which I'll issue is it's undisputed the
6  plaintiffs' April 2nd, 2013 production of 150 pages of loan
7  documents was untimely and after the Colemans' depositions had
8  been taken.  Ameriquest is not required to accept plaintiffs'
9  counsel's explanation for the late production on its face but,
10 rather, is entitled to test plaintiffs' explanation through
11 discovery.
12      If plaintiffs' counsel's version of the facts
13 surrounding the late production is as straightforward as
14 represented, then the depositions should not be lengthy and
15 the burden of second depositions would be slight, and that's
16 what I'm hoping for.  That's not in the opinion.
17      Ameriquest's request for $500 in sanctions and court
18 reporter fees for the second depositions is at this time
19 denied without prejudice to being renewed, if necessary, after
20 the second depositions are completed and the facts surrounding
21 the late production are known.
22      Wonderful briefing on all sides on behalf of all
23 parties, but the case has got to get a ruling and there it is.
24      So when do you think we can accomplish that?
25      MR. BROOKS:  Your Honor, the motion asks for a

1  May 13th date. I've been unable at this point to confirm with
2  my clients. I am available. If I might inquire in light of
3  your Honor's ruling whether or not this can be done
4  telephonically because none of the parties are in the same
5  locale. Some counsel are here in Chicago, some are obviously
6  on the West Coast, and my clients are in Peoria.
7     So as your Honor has already indicated, there's
8  really a very limited scope of inquiry. I don't see --
9     THE COURT: Well, what say your opponents about a
10 telephonic deposition, and how common is that?
11    MR. MANVITZ: Thank you, your Honor.
12    We discussed this before the hearing. Mr. Brooks
13 mentioned it. We wouldn't agree to a telephonic hearing --
14    THE COURT: You do not agree to it?
15    MR. MANVITZ: No. Well, if he, if Mr. Brooks would
16 like to appear by phone, he certainly can do that.
17 Mr. Sojoodi and I have spoken, and we're willing to drive to
18 Peoria. It's worth it for us to be in front of the deponents
19 in person and to be able to hand them documents and --
20    THE COURT: It is the preferred method, Mr. Brooks.
21 What's the hangup? Where is everybody?
22    MR. BROOKS: My only concern, your Honor, is to the
23 extent this deposition or the scope of this deposition,
24 because the prior depositions, as we've indicated in our
25 response brief, have been quite full and complete already.

1  THE COURT: I understand.

2  MR. BROOKS: The only area that even seems to have
3  anything -- I've discussed this with counsel beforehand -- was
4  whether or not they're going to confirm the explanation I've
5  already given to the Court and to the defendants about where
6  those documents have been, which is in my drawer, and so --
7  but it's not my sense from the reply brief that that's the
8  scope that's anticipated by the defendants, and I just want
9  there to be some kind of understanding of, you know, what
10 we're going to be doing.

11  THE COURT: If it is outside the scope and the party
12 makes a timely objection, then you can certainly make the
13 legal arguments with respect to that at the time that that
14 issue becomes ripe. I mean, you do interpose objections even
15 when the witness is required to answer. The objections are
16 noted, and I look through those and cull through them and give
17 them all evidentiary consideration.

18  But if your opponents are opposed to telephonic, then
19 they're entitled to take an in-person deposition, but what is
20 this you're saying at this point about you're not opposed to
21 Mr. Brooks, Mr. Manvitz, being present by phone? I don't know
22 if you'd want to do that if they're going to be present --

23  MR. BROOKS: Absolutely not.

24  THE COURT: -- in person.

25  MR. BROOKS: Absolutely not.

1    THE COURT: So let's do it the regular way. It is
2 the preferred method. You know, I mean, I'm real inclined to
3 go along with whatever the parties agree on, but when the
4 parties don't, I'm still a little too new to get too outside
5 the box right now. So that's the preferred method, and that's
6 how the depositions should take place.
7    And I agree with you, Mr. Brooks, I don't think they
8 should take long. I don't think there's a lot here, okay.
9 But let's proceed in good faith, and we'll see how this turns
10 out.
11    Anything else?
12    MR. MANVITZ: Your Honor, I would only note that
13 there are some questions that we'd like to raise about
14 affirmative defenses because with the new production, they
15 have pretty significantly altered the landscape, the
16 foundation of what we knew before. Now other things become
17 relevant.
18    I don't think it will take long, but we've briefed
19 this issue. We think that certain -- certain areas are now
20 relevant, whereas before they weren't very relevant.
21    THE COURT: I understand, but, you know, I mean,
22 let's not use this as a -- you know, as a sort of the tail now
23 wags the dog. These people have been deposed and I understand
24 at great length, right? Three hours for one, seven for the
25 other, is that this case?

1    MR. BROOKS:  Well, there's some dispute between the
2 parties as to length, but, your Honor, that's the minimum.  I
3 believe it's more than that.
4    THE COURT:  Right.  I don't like to set time limits
5 because, as counsel indicates, sometimes an answer begs an
6 inquiry, and there are things that come to light that weren't
7 known before, but it's not a discovery or a fishing
8 expedition.  I think all folks know that.
9    This is a second deposition, redeposing regarding
10 newly produced documents because the documents have altered
11 factual circumstances of the claims, and I would expect that
12 the inquiry will stay within those guidelines.  What more can
13 I say?  I can't anticipate anything more.
14    MR. BROOKS:  And I can appreciate your Honor's
15 position, but I hope the Court also understands my concern if
16 I open this door that we're essentially unprotected when we're
17 sitting in the conference room --
18    THE COURT:  I know.
19    MR. BROOKS:  -- as to whatever it is that counsel
20 wishes to do.
21    THE COURT:  And then you've got to make your
22 objection known that it's beyond the scope of the Court's
23 order, which is based upon the representations regarding newly
24 produced documents that have fundamentally altered the factual
25 circumstances of the claims.  That's the quote.

1  So I would expect and hope that the questioning is
2  confined to that area.  Now, you know, that's probably the
3  best I can do unless I -- unless I want to pretend like I'm a
4  mind reader, which I ain't, so --
5  	MR. BROOKS:  Well, I appreciate the Court's
6  assistance.
7  	THE COURT:  Well, you're all officers of the court,
8  and I know you'll all conduct yourselves according to the
9  bright line of what's proper and what's not, so --
10  	MR. BROOKS:  I will endeavor with my clients to find
11  out if they're available on the date that's been chosen by
12  defendants of May 13th.  I am available.  I just have not been
13  able to determine whether the clients are.
14  	THE COURT:  All right.  Let's get that set up and
15  work that out amongst yourselves, and when do you want to come
16  back?  Because we've still got some discovery supervision.
17  	And the discussion regarding a settlement conference
18  is not dead, I hope.  I hope we still have the ability to talk
19  about whether we could settle this case.  That's part of my
20  referral.  Heck, I'll put my settlement shoes on for you guys
21  any time, you know?  Right after the depositions.
22  	So when do you want to come back?
23  	THE CLERK:  We have a May 2nd date for the whole MDL.
24  	THE COURT:  Okay, they're just coming back anyway on
25  May 2nd?

1         THE CLERK: Yes.

2         THE COURT: All right. That's pretty soon, so you're
3 not going to have the depositions done by then. But we'll get
4 everybody back, and then we'll figure -- we'll figure out the
5 next series of moves. Is that good?

6         Yes.

7         MR. MANVITZ: One thing we want to make sure so we
8 don't have to come back in a week. We have an opposition due
9 on the 26th in a week. Opposition to the summary judgment
10 motion.

11         Obviously the deposition is not going to be done
12 before then. What we'd like is for counsel's agreement or for
13 your guidance that it's going to take at least 15 days to get
14 a transcript. We'd like 45 days from whenever the
15 deposition -- if it's on the 13th, great. If it's not,
16 then --

17         THE COURT: What are you looking for?

18         MR. MANVITZ: 45 days from whenever --

19         THE COURT: To do what, summary judgment?

20         MR. MANVITZ: To oppose the pending summary judgment
21 motion.

22         THE COURT: I don't know that I can do this. This is
23 in front of Judge Aspen. Can I?

24         THE CLERK: Call his deputy, Gladys Lugo.

25         MR. MANVITZ: As long as Mr. Brooks is agreeable,

1 then we can go call Judge Aspen. If not --
2 THE COURT: We kind of put Brooks on the spot here,
3 too, so --
4 MR. BROOKS: Well, and I've already indicated to
5 counsel that I'm not open to that and for the same reasons
6 that in my response brief even if there's some tangential
7 information that he can glean from this deposition, it doesn't
8 actually affect the claims that are in the motion for summary
9 judgment, so I would oppose changing the schedule, so whatever
10 he's got to do.
11 THE COURT: I can't change Judge Aspen's schedule
12 anyway, so you've got to get in front of him. And he is a
13 very old-school judge who wants to maintain control of his
14 deadlines, and I am not in a position to interfere with that,
15 you know?
16 I would if I could; but I can't, so I won't. So
17 you've got to get in front of him.
18 Go ahead.
19 MR. MANVITZ: The last issue that it appears that
20 we're going to be in front of you soon, and it's mentioned in
21 our brief, the Colemans agreed to provide an affidavit stating
22 that they've produced all documents related to Ameriquest.
23 Seems like a pretty simple affidavit. They delay, delay. I
24 now have it, but it doesn't say that at all. It's not even
25 close.

Case: 1:05-cv-07097 Document #: 5280 Filed: 04/29/13 Page 12 of 13 PageID #:50722

12

1   It says we've produced all documents we haven't
2  objected to and all documents that are relevant and all, et
3  cetera, et cetera.  So it begs the question why aren't they
4  saying that they've produced all documents related to
5  Ameriquest?
6   THE COURT:  If you think they're not in compliance,
7  then you've got to get something in front of me and I'll deal
8  with that in the context of discovery supervision.
9   You know, your opponent has heard what you've asked.
10 If there's not compliance, then, you know, let me know by way
11 of a brief motion to compel and we'll make further inquiry,
12 and I'll get you a ruling.  I don't know what I could say.
13  I really would prefer if you folks would talk when
14 you leave here and try to resolve some of these issues.  What
15 further documents do you want; and if you believe that they're
16 not entitled to them, why.  You know, let's try to -- let's
17 try to have that part of it wrapped up.
18  I don't want to do a Q and A with any of you fellows
19 from here because you're all pretty sharp lawyers, and I would
20 really much rather see you just take five after this.  See
21 what you can resolve.  See if we can get on the same page with
22 respect to when these depositions are taken, and let me help
23 you keep this litigation moving, okay?
24  So let's just enter and continue on that, and, I
25 mean, perhaps put that question to the right parties and see

1   if we can just get that resolved.  If there are other
2   documents, perhaps it's an oversight, perhaps it's not.  You
3   know, if you -- sometimes you exhaust those areas and you find
4   that you'll gain whatever you need within that context and you
5   won't have to go through the trouble of a motion to compel and
6   an answer.  Okay?
7         If you do and if you do need that, I'll be happy to
8   read it and rule on that.  You know that.  Okay?
9         Good luck.  When's our next --
10        THE CLERK:  May 2nd.
11        THE COURT:  May 2nd for everybody, okay?  And I know
12  the deps aren't going to be completed by then, but if there
13  are other issues we need to deal with, I'll deal with them
14  then.  I promise.  Scout's honor.  Even though I was not a
15  scout.  Scout's honor, okay?
16        All right.  Take care, gentlemen.
17        MR. MANVITZ:  Thank you, your Honor.
18        MR. BROOKS:  Thank you, your Honor.
19        MR. SOJOODI:  Thank you, your Honor.
20        THE COURT:  You bet.
       (Which were all the proceedings heard.)
21                        CERTIFICATE
       I certify that the foregoing is a correct transcript from
22  the digital recording of proceedings in the above-entitled
    matter to the best of my ability, given the limitations of
23  using a digital-recording system.
24  /s/Kathleen M. Fennell                    April 22nd, 2013
25  Kathleen M. Fennell                       Date
    Official Court Reporter