## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | **Sitting Judge if Other than Assigned Judge** | Daniel G. Martin |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 5/2/2013 |
| **CASE TITLE** | In Re: "Ameriquest Mortgage Co., Mortgage Lending Practices Litigation" | | |

**DOCKET ENTRY TEXT**

Status and motion hearing held and continued to 6/20/2013 at 10 a.m. For the reasons explained in open court and below, Ameriquest's Motions for Rule to Show Cause as to Plaintiffs Maria Arndt and Forrest Pendergraph and Bruce and Shannon Buck [5268, 5273] are entered and continued without prejudice to Ameriquest filing a motion to dismiss for want of prosecution on the same basis before the district court. As to Plaintiff Rosa Dailey, Attorney Spielberger represented that he will seek a guardian ad litem in state court by 5/16/2013 and provide Ameriquest with all responsive documents in his possession. As to Plaintiff Maynor Villagran, Attorney Spielberger will provide Ameriquest with all responsive documents in his possession by 5/2/2013. After Attorney Spielberger's production, Attorney Spielberger and counsel for Ameriquest shall continue to meet and confer in good faith regarding any additional outstanding discovery. Plaintiff Cedric Peterson shall produce outstanding responsive discovery to Ameriquest by 5/16/2013. Discovery regarding third-party claims remains stayed.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

    Ameriquest's Motions for Rule to Show Cause Why Plaintiffs Maria Arndt and Forrest Pendergraph [5268] and Bruce and Shannon Buck [5273] Should Not Be Held in Civil Contempt of Court's Discovery Order were noticed for presentment this morning. Plaintiffs Maria Arndt, Forrest Pendergraph, Bruce Buck, and Shannon Buck did not appear at the motion hearing, and their counsel did not appear at the hearing.

    On January 25, 2013, this Court entered an order granting the Ameriquest Defendants' Motion to Compel and ordering the Plaintiffs identified in Exhibit A to the order to respond to the outstanding discovery served by Defendants, without objection, by February 9, 2013. (Doc. 5181). Maria Arndt, Forrest Pendergraph, Bruce Buck, and Shannon Buck were identified in Exhibit A to that order. This Court also admonished Plaintiffs that if they did not respond to the discovery or notify defense counsel in writing that they intended to proceed with the litigation, it may recommend that their claims be dismissed with prejudice for failure to prosecute.

    Plaintiffs Maria Arndt, Forrest Pendergraph, and Bruce and Shannon Buck did not comply with this Court's Order dated January 25, 2013. Ameriquest has not received any discovery responses from Plaintiffs Maria Arndt, Forrest Pendergraph, Bruce Buck, and Shannon Buck. In its motions, Ameriquest requests that this Court enter an order: (1) holding Plaintiffs in civil contempt for violating the Order dated January 25, 2013 and enter appropriate sanctions against Plaintiffs, counsel for the Plaintiffs; or both; and (2) order that Plaintiffs be required to respond to the written discovery and produce responsive documents within seven (7) days.

    As explained in open court, magistrate judges do not have the same contempt authority as Article III district judges. Under the Federal Magistrates Act (the "Act"), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances. These circumstances include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt authority in misdemeanor cases and civil contempt authority in cases where the magistrate judge presides with

**STATEMENT**

the consent of the parties, 28 U.S.C. §§ 636(e)(3), (4). In all other instances where a person has committed an act constituting a contempt in a proceeding before a magistrate judge, the Act sets forth a certification procedure under 28 U.S.C. § 636(e)(6), whereby the magistrate judge certifies the facts to a district judge, enters a order requiring the person to appear before the district judge on a day certain to show cause why that person should not be held in contempt, and then the district judge hears the evidence as to the act complained of and if warranted, punishes such person.

Because the action complained of here–failing to comply with a discovery order in a non-consent case–does not fall within the definitions set forth in 28 U.S.C. § 636(e)(2), (3), or (4), this Court does not have the authority to enter a contempt order. Rather, in this situation, this Court must follow the certification procedure under Section 636(e)(6). Under the procedural requirements of 28 U.S.C. § 636(e)(6), this Court would certify the facts relevant to the issue of contempt to District Judge Aspen, and Judge Aspen would then hold a hearing. Rather than proceeding under Section 636(e)(6), it is more efficient for Ameriquest to proceed directly to the district court with a Motion to Dismiss for Want of Prosecution under Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute or comply with . . . a court order." Ameriquest currently has a Motion to Dismiss for Want of Prosecution [5202] pending before Judge Aspen which is based on the same conduct as the show cause motions, namely Plaintiffs' failure to respond to outstanding discovery by February 9, 2013 as ordered by this Court.

For these reasons, Ameriquest's Motions for Rule to Show Cause as to Plaintiffs Maria Arndt and Forrest Pendergraph and Bruce and Shannon Buck [5268, 5273] are entered and continued without prejudice to Ameriquest filing a motion to dismiss for want of prosecution on the same basis before the district court.