**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Rosa L. Dailey, v. Citi Residential Lending, et al.*, 07-cv-5426, N.D. Ill. | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Hon. Marvin E. Aspen) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.     SUMMARY INTRODUCTION**

Plaintiff's motion for default judgment [Dkt. 38] ("Motion") should be denied for the following reasons:

1. Plaintiff released her claims as part of the MDL Class Settlement so her Motion is moot as she has no pending claims;

2. Plaintiff's Motion is founded on factually inaccurate assertions; and

   - Citi Residential Lending need not answer as this Court has held that Citi Residential "may not be held substantively liable" on any of Plaintiff's claims. Citi Residential remained in the case solely because it was the servicer [Dkt. 34];

   - JPMC Specialty Mortgage, LLC f/k/a WM Specialty Mortgage, LLC has never been served with the complaint so it need not respond to the complaint; and

   - Ameriquest Mortgage Company is not a named defendant so no response is due.

3.     Plaintiff's Motion is procedurally defective as a default judgment cannot be sought prior to a party obtaining entry of default.  *See* FRCP Rule 55(a).

Plaintiff's Motion is without merit and is brought for the sole purpose of harassing Citi Residential, JPMC Specialty, and Ameriquest and should be denied.

## II. FACTUAL BACKGROUND

On September 26, 2007, Rosa Dailey filed a complaint naming three defendants Citi Residential Lending, WM Specialty Mortgage [now known as JPMC Specialty Mortgage, LLC], and Integrity First Mortgage [Complaint, Dkt. 1].[1] Certain defendants, including Citi Residential and JPMC Specialty, had not been served by Plaintiff within 120 days from the filing of the complaint [Agreed Motion to Set Pleading Schedule, Dkt. 16, ¶ 3]. However, Citi Residential entered into an agreement with counsel for Plaintiff whereby Citi Residential was provided an extended service and pleading schedule in exchange for waiving formal service of process. *Id.* at ¶ 5. No similar agreement was entered into between counsel for Plaintiff and JPMC Specialty, and JPMC Specialty has yet to be served with the summons and complaint. Notably no proof of service of the summons and complaint on JPMC Specialty has ever been filed with this Court and the time for serving JPMC Specialty has long passed. Ameriquest Mortgage Company is not identified as a defendant in either the caption or body of the complaint and no summons was ever issued for Ameriquest.[2]

Citi Residential responded to the complaint by filing a motion to dismiss [Dkt. 23-24]. In response, Plaintiff agreed to dismiss all causes of action against Citi Residential except for a claim for fraud (Count I) [Dkt. 28]. This Court ruled that Plaintiff's Count I for fraud against Citi Residential cannot be sustained as "Citi Residential has no substantive liability for Count I of Dailey's complaint as a servicer" [Dkt. 34]. However, the Court decided to retain Citi Residential "solely for the purpose of ensuring that the parties' interests are adequately protected," because at that time Citi Residential was still the loan servicer for Plaintiff's loan and its assistance may have been needed to grant any relief ordered. *Id.* at 10 (citation omitted).[3]

---

[1] The originator of the mortgage loan at issue is Argent Mortgage Company, LLC. Compl., ¶ 24. Argent assigned the loan to WM Specialty n/k/a JPMC Specialty. Compl., ¶ 50. There are no grounds for adding Ameriquest as a defendant as it had no involvement with respect to the origination of Plaintiff's loan.

[2] JPMC Specialty and Ameriquest are specially appearing to respond to Plaintiff's Motion and are not waiving formal service of process.

[3] On December 15, 2008, Plaintiff was sent notice that the servicing of Plaintiff's loan was being transferred from Citi Residential Lending to Chase Home Finance [now known as JP Morgan Chase Bank, N.A., as successor by merger]. *See* Notice of Assignment, Sale or Transfer of Servicing Rights attached hereto as Exhibit A. As a

BN 14077347v1

On December 4, 2009, the parties to the Ameriquest MDL class action reached a settlement [MDL Dkt. 3506-2]. On June 29, 2010, the Court entered its Final Order and Judgment in the MDL adjudging "[a]ll Settlement Class members who are not listed on Exhibit A shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged their claims to the extent provided in the Settlement Agreement" [MDL Dkt. 3628]. Rust Consulting, the MDL Class Administrator, identified Plaintiff as a member of one or more of the Settlement Classes. *See* Affidavit of Amy Lake for Rust Consulting, MDL Dkt. 4918, ¶ 6. Notice of the Class Settlement was mailed to Plaintiff. *Id.* at ¶ 8. The Notice notified Plaintiff that if she wanted to exclude herself from the Class Settlement, she had to do so by February 22, 2010. *Id.* at Exhibit 1. The Notice further informed Plaintiff that if she did nothing she would be releasing all of her claims but would not receive a payment from the Settlement Fund. *Id.* Included with the Notice was a claim form. The claim form provided further caution to Plaintiff that failure to take any action would result in the release of her claims:

> IF YOU FAIL TO SUBMIT A COMPLETED CLAIM FORM . . .YOUR CLAIM WILL BE REJECTED AND YOU WILL NOT RECEIVE A SETTLEMENT PAYMENT IN THIS ACTION. **YOU WILL NEVERTHELESS BE SUBJECT TO THE RELEASE DESCRIBED IN THE NOTICE UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT**.

*Id.* (emphasis added). Plaintiff did not opt out either before or after receiving the notice and is therefore part of the Class Settlement. *Id.* at ¶ 12. Because Plaintiff is a member of the Class Settlement, her claims have been released. As a result, there is a pending motion for summary judgment in the MDL seeking to have Plaintiff's individual action terminated [MDL Dkt. 4912]. Despite Plaintiff's release of her claims, counsel for Plaintiff has refused to dismiss this action.

Even though Argent is not a defendant in the action, and JPMC Specialty has not been properly served with the complaint, both Argent and JPMC Specialty have repeatedly reached out to counsel for Plaintiff to engage in good faith settlement negotiations to no avail. In 2011,

---

result, Citi Residential is no longer the servicer of Plaintiff's loan and there is no reason for Citi Residential to remain a party in this action.

Argent reached out to counsel for Plaintiff to participate in mediation. In September 2001 the parties participated in a private mediation before (ret.) Judge Donald O'Connell that was unsuccessful. In 2012, Argent again reached out to counsel for Plaintiff to participate in settlement discussions and on May 9, 2012, Argent, JPMC Specialty, and the current loan servicer, JP Morgan Chase Bank, N.A., participated in a settlement conference with counsel for Plaintiff before Magistrate Judge Morton Denlow. At that settlement conference Judge Denlow issued a settlement recommendation that Plaintiff was supposed to consider and respond to by May 16, 2012 [MDL Dkt. 4920]. May 16, 2012 came and went with no response from Plaintiff's counsel. Argent's counsel made numerous attempts to engage counsel for Plaintiff about Judge Denlow's settlement recommendation but they were rebuffed through non-responsiveness.

With Plaintiff's refusal to voluntarily dismiss the action, the motion for summary judgment pending, and with no effort or willingness by Plaintiff to engage in settlement discussions, on July 9, 2012 a basic set of discovery was served on Plaintiff. Plaintiff failed to timely respond to the discovery and ignored efforts to meet and confer on the past due discovery [MDL Dkt. 5159]. A motion to compel discovery responses was filed. *Id.* Plaintiff did not oppose the motion to compel, and Judge Martin issued an order requiring Plaintiff to provide discovery responses, without objection, by February 9, 2013 [MDL Dkt. 5181]. Plaintiff failed to provide any discovery responses. At the March 7, 2013 status hearing, counsel for Plaintiff stated that he was considering seeking a guardian for Plaintiff, and he requested an extension of time to provide discovery responses which the court granted [MDL Dkt. 5229]. Plaintiff again failed to provide discovery responses and did not file a guardianship action [MDL Dkt. 5278, p. 3-4]. At the May 2, 2013 status hearing, the Court entered an order requiring Plaintiff's counsel to produce all documents in his possession by May 16, 2013 and to file the required documents in state court to seek a guardian as Plaintiff's counsel represented would be done [Dkt. 5281]. But Plaintiff's counsel has failed to produce any documents or file for guardianship and has been nonresponsive to meet and confer e-mails and voice mail messages seeking to discuss the

outstanding discovery. Instead, Plaintiff filed this frivolous motion which serves no purpose other than to harass Citi Residential, JPMC Specialty, and Ameriquest.

### III. ARGUMENT

#### A. Plaintiff's Claims Have Been Released As Plaintiff Did Not Opt-Out Of The MDL Class Settlement And This Action Should Be Terminated

As explained above, and described in more detail in the pending motion for summary judgment [MDL Dkt. 4918], Plaintiff failed to opt-out of the MDL Class Settlement and her claims have been released. As a result, this action should be terminated.

#### B. The Facts Do Not Support Plaintiff's Claim That Responses Are Past Due

*1. Citi Residential Lending is not required to file an answer and it should be dismissed as it is not the current servicer*

Citi Residential Lending is not required to file an answer because this Court already ruled on Citi Residential's motion to dismiss [Dkt. 23-24] and issued an order holding that Citi Residential "may not be held substantively liable" for any of the claims in the complaint [Dkt. 34]. The only reason Citi Residential remains in the action is because at the time the order was entered it was still servicing Plaintiff's loan and the Court retained the loan servicers in the MDL as necessary parties. *Id.* at p. 9, fn. 5. However, as set forth in the December 15, 2008, notice of servicing transfer, Citi Residential is no longer the loan servicer. *See* Notice of Assignment, Sale or Transfer of Servicing Rights attached hereto as Exhibit A. Plaintiff and Plaintiff's counsel are well aware of the servicing transfer. The notice of transfer was mailed to Plaintiff and counsel for the current loan servicer, JP Morgan Chase Bank, N.A., as successor by merger to Chase Home Finance, attended the settlement conference before Judge Denlow and represented to the Court that Chase was the current loan servicer. Therefore, the reasoning for retaining Citi Residential in this action no longer applies and Citi Residential should be dismissed.

> 2. *JPMC Specialty has never been served with the complaint so no response is required and the action should be dismissed against JPMC Specialty for exceeding the time limit for service*

JPMC Specialty Mortgage, while a named defendant, has never been served with the summons and complaint so it has no obligation to respond to the complaint. While Plaintiff's Motion alleges that a summons was issued, no returned summons for JPMC Specialty has ever been filed in this case as required by FRCP Rule 4(*l*)(1), and Plaintiff provides no details or evidence in the Motion to support her claim that JPMC Specialty was served. Furthermore, the time for service on JPMC Specialty has long since passed. Plaintiff filed her case nearly six years ago and has made no attempt to serve JPMC Specialty. As set forth in FRCP Rule (4)(m), the action should be dismissed against JPMC Specialty for exceeding the time limit for service of the complaint.

> 3. *Ameriquest Mortgage Company is not a named defendant so no response is required*

Ameriquest Mortgage Company, is not, and has never been, a named defendant in this action. Ameriquest is not identified as a defendant in the case caption and the body of the complaint does not identify Ameriquest as a defendant. Moreover, in the Motion Plaintiff does not allege that a summons and complaint was served on Ameriquest, nor could she do so as the Court never issued a summons for Ameriquest. *See* Motion, ¶2 and Dkt. 5. As a nonparty Ameriquest has no obligation to provide any response to the complaint. Furthermore, since Ameriquest was not the alleged originator or assignee of Plaintiff's loan, there is no basis for Plaintiff to add Ameriquest as a defendant.

C. **Plaintiff's Motion For Default Judgment Is Procedurally Improper As Entry Of Default Has Yet To Be Sought Or Entered**

In addition to the gross factual inaccuracies of Plaintiff's Motion, Plaintiff's Motion is procedurally improper. Plaintiff has captioned and noticed her Motion as one for default judgment. However, seeking a default judgment against any defendant at this juncture is improper. Pursuant to FRCP Rule 55 a party must first seek entry of default before applying to

the court for a default judgment. Here, Plaintiff has not previously sought entry of default against any of the defendants. Plaintiff cannot ignore this step and just skip to filing a motion seeking entry of default judgment. The import of this is not insignificant. For instance, if a party mistakenly believes that it has not been served and does not respond to the complaint and default is then entered against it, the defaulted party need only show good cause for the court to set aside an entry of default. *See* FRCP Rule 55(c). However, the standard for setting aside a default judgment is more onerous. *See* FRCP Rules 55(c) and 60(b). For these reasons, default judgment should not be granted and Plaintiff's Motion should be denied.

## IV.   CONCLUSION

Based on the foregoing, Citi Residential, JPMC Specialty, and Ameriquest respectfully request that the Court deny Plaintiffs' Motion in its entirety. Alternatively, Citi Residential, JPMC Specialty, and Ameriquest respectfully request a reasonable amount of time to respond to the complaint should this Court determine that responses are required.

Respectfully submitted,

DATED:  May 30, 2013

By: /s/ Joanne N. Davies
*Attorneys for defendant Citi Residential Lending and specially appearing for JPMC Specialty Mortgage, LLC f/k/a WM Specialty Mortgage, LLC and Ameriquest Mortgage Company*

Joanne N. Davies, Esq.
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

- 8 -

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 30th day of May 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Joanne N. Davies

BN 14077347v1