IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION  _____  THIS DOCUMENT RELATES TO:  *Bruce Buck and Shannon Buck v. Ameriquest Mortgage Company, et al.,* N.D. Ill. Case No. 07-cv-04874 | MDL No. 1715  Lead Case No. 05-cv-07097  Centralized before The Honorable Marvin E. Aspen  Assigned to Magistrate Judge Daniel G. Martin |

## DEFENDANT AMERIQUEST'S MOTION TO DISMISS COMPLAINT OF BRUCE AND SHANNON BUCK FOR WANT OF PROSECUTION

Defendant Ameriquest Mortgage Company ("Ameriquest") respectfully moves for an order dismissing the complaint of plaintiffs Bruce and Shannon Buck ("Plaintiffs") pursuant to Federal Rule of Civil Procedure, Rule 41(b). In support of its motion, Ameriquest states as follows:

1. As set forth in Ameriquest's Amended Motion to Compel Discovery Responses [MDL Dkt. 5172] ("Motion to Compel"), Plaintiffs have been unresponsive to Ameriquest's attempts to engage in settlement discussions or settlement discussions have not resulted in resolution. Motion to Compel, ¶ 1.

2. As a result, Ameriquest propounded discovery requests to Plaintiffs in an effort to move the matters closer to resolution. Plaintiffs were sent requests for production, interrogatories, and requests for admission. However, Ameriquest only received unsigned responses to Ameriquest's requests for admission. *Id.* at ¶ 2 and Declaration of Joanne N. Davies ("Davies Decl."), ¶ 3 [MDL Dkt. 5273-1] attached hereto as Exhibit A. Plaintiffs failed to provide any responses to Ameriquest's requests for production or interrogatories and Plaintiffs have not produced any documents. Davies Decl., ¶ 3.

1

3. After not receiving any responses from Plaintiffs to the requests for production and interrogatories, on January 2, 2013 counsel for Ameriquest sent a meet and confer letter to counsel for Plaintiffs, Wayde Brooks, in an effort to obtain the discovery responses but Plaintiffs did not respond to the outstanding discovery. [Dkt. 5172-3], Ameriquest's counsel's letter attached hereto as Exhibit B.

4. On January 15, 2013, Ameriquest's counsel called Plaintiffs' counsel and left a voice message to discuss the outstanding discovery issues but no discovery responses were received. [Dkt. 5172-4], meet and confer summary attached hereto as Exhibit C.

5. On January 24, 2013, Ameriquest's Motion to Compel came on for hearing before Magistrate Judge Daniel Martin. Ameriquest's Motion to Compel was granted. The Court ordered Plaintiffs to respond to the outstanding discovery within fifteen (15) days from the date of the order – by February 9, 2013 ("Discovery Order"). [Dkt. 5181]. The Court also admonished Plaintiffs that it may recommend that Plaintiffs' claims be dismissed if Plaintiffs did not respond to the discovery or provide something in writing to indicate that they intended to proceed with the litigation.

6. Plaintiffs failed to comply with the Discovery Order and did not respond to any of the requests for production or interrogatories propounded by Ameriquest. Davies Decl., ¶ 6. Pursuant to Local Rule 37.2, Ameriquest's counsel, Joanne Davies, then attempted to meet and confer with Plaintiffs' counsel, Mr. Brooks, on numerous occasions and each time her meet and confer efforts were ignored by Mr. Brooks. On February 25, 2013, Ms. Davies called Mr. Brooks to meet and confer regarding Plaintiffs' missing discovery responses but was unable to leave a voice message because Mr. Brooks voicemail box was full. *Id.* That same day, Ms. Davies followed-up by sending a letter (by email and mail) to Mr. Brooks requesting that he meet and confer with her. Ms. Davies received no response from Mr. Brooks. *Id.* On March 11, 2013, Ms. Davies again called Mr. Brooks and this time was able to leave a voice message asking him to call to discuss Plaintiffs' failure to respond to the outstanding discovery and advising that if he did not call back Ameriquest would have no option but to seek court

intervention. Ms. Davies received no response. *Id.* On April 23, 2013, Ms. Davies again called Mr. Brooks and left him a voice message asking that he call so the parties could meet and confer. On that same day, Ms. Davies sent an email to Mr. Brooks requesting a meet and confer and advising that if he did not contact her by April 25th that this matter would be brought to the attention of the Court. Unsurprisingly, no response was forthcoming. *Id*.

      7.      On April 25, 2013, Ameriquest filed a Motion for Rule to Show Cause Why Plaintiffs Should Not Be Held In Civil Contempt of Court's Discovery Order. [MDL Dkt. 5273] ("Motion re: Civil Contempt). Presentment of the motion was held on May 2, 2013 before Magistrate Judge Daniel Martin. Neither Plaintiffs nor their counsel were present at the hearing. Judge Martin issued an order continuing the hearing on Ameriquest's Motion re: Civil Contempt and recommending that Ameriquest proceed against Plaintiffs by filing a motion to dismiss for want of prosecution before the Honarable Marvin E. Aspen. [MDL Dkt. 5281], Judge Martin's order is attached hereto as Exhibit D.

      8.      On May 2, 2013, Ameriquest's counsel received a response from Plaintiffs' counsel advising that Plaintiffs' counsel was arranging for an associate law firm to work on the matter and that an attorney from that firm would be contacting Ameriquest's counsel. Plaintiffs' counsel's May 2, 2013 email, without enclosures, is attached hereto as Exhibit E.

      9.      On May 7, 2013, Ameriquest's counsel, Ms. Davies, called Plaintiffs' counsel and left a voice message asking to meet and confer on the discovery issues. That same day, Ms. Davies also sent Plaintiffs' counsel a letter requesting that Plaintiffs' counsel provide a time convenient to meet and confer and advised that if she did not hear back from him by May 13th Ameriquest would proceed with filing a motion to dismiss for want of prosecution. Ms. Davies' letter and email transmittal is attached hereto as Exhibit F.

      10.      Ameriquest has yet to receive any of the missing discovery responses from Plaintiffs or any response to Ms. Davies' May 7th letter, email, or voice message. Plaintiffs continue to ignore this Court's Discovery Order and have failed to take any action to pursue their

BN 14286089v1

claims. Plaintiffs should not be allowed to completely ignore their discovery obligations and fail to prosecute their claims.

11. Pursuant to Federal Rules of Civil Procedure 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."

WHEREFORE, for the foregoing reasons, Ameriquest respectfully requests this Honorable Court dismiss, with prejudice, Plaintiffs' claims for want of prosecution, or in the alternative issue an Order to Show Cause as to why Plaintiffs' claims should not be dismissed.

DATED: June 27, 2013                     Respectfully submitted,

                                          By: /s/ Joanne N. Davies
                                          *Attorneys for Ameriquest Mortgage Company*

                                          Joanne N. Davies, Esq. (admitted *pro hac vice*)
                                          BUCHALTER NEMER
                                          18400 Von Karman Avenue, Suite 800
                                          Irvine, CA 92612
                                          Telephone: (949) 760-1121
                                          Facsimile: (949) 720-0182

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 27th day of June 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

BN 14286089v1