# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 7/12/2013 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is a motion to dismiss (MDL Dkt. No. 5202) filed by Ameriquest Mortgage Company, Argent Mortgage Company, and Town & Country Credit Corporation ("Defendants"). The motion to dismiss (Dkt. No. 5202) is entered and continued, pending responses from Plaintiffs. We will dismiss the claims of any Plaintiff who fails to comply with this order by July 26, 2013. It is so ordered.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us is a motion to dismiss (MDL Dkt. No. 5202) filed by Ameriquest Mortgage Company, Argent Mortgage Company, and Town & Country Credit Corporation ("Defendants"). Defendants ask that we dismiss the claims of certain plaintiffs pursuant to Federal Rule of Civil Procedure 41(b). (Mot. ¶¶ 1–8 & Ex. A.) Plaintiffs identified in the motion include Forrest Pendergraph, Brett Burris, Christine Burris, Dale Churchill, Kelley Churchill, Joseph Curtis, Elizabeth Curtis, Raymond Dunn, Linda Dunn, Karen Johnson, Stanley Johnson, Audrey Lyles, Lori Mattix, Douglas Miller, Gail Myers, Francis Nyepon, Sarah Roop, Jacob and Nancy Salazar (representing the estate of Christopher Roop), Kimberly Sorah, Donna Stewart-Eagles, Gloria Thierren, Tyrone Walker, Austin Warner, Lorraine Warner, and Joseph Wisniewski (collectively, "Plaintiffs"). Defendants argue that Plaintiffs have failed to prosecute their claims by neglecting to respond to discovery requests or to the pending motion.

Earlier this year, on January 25, 2013, Magistrate Judge Martin granted Defendants' motion to compel, ordering Plaintiffs to respond to Defendants' outstanding discovery requests within fifteen days. (Dkt. No. 5181.) Judge Martin admonished Plaintiffs that, if they failed to comply with his order, Defendants would seek dismissal of their claims for lack of prosecution. He further indicated that, in that event, he may recommend such dismissal. Despite this warning, Plaintiffs failed to respond to Defendants' discovery requests. (*Id.*; Mot. ¶ 7.)

As promised, Defendants then filed this motion to dismiss on February 14, 2013, and we ordered Plaintiffs to respond no later than March 7, 2013. Only two of the Plaintiffs—Marie Arndt and Joseph Schebel—objected, and Defendants have withdrawn the motion as to those claims. (Reply at 1 (Dkt. No. 5235) (withdrawing motion as to Maria Arndt); Resp. to Schebel at 2 (Dkt. No. 5256) (withdrawing motion as to Joseph Schebel).) No other Plaintiff has opposed the motion to dismiss.

Under Rule 41(b), a defendant may seek dismissal of a claim or action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Because involuntary dismissal is such a severe sanction, it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo*

**STATEMENT**

*v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). "[D]ismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity." *Tome Engenharios E. Transportes v. Malki*, 98 Fed. Appx. 518, 520, 2004 WL 764130, at *2 (7th Cir. Apr. 5, 2004) (citing cases); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). The Seventh Circuit has identified several factors we should consider when evaluating a Rule 41(b) motion, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561; *see Tome*, 98 Fed. Appx. at 520; *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). We must also caution a plaintiff facing such dismissal that the case may be closed imminently in favor of the defendant. *Kasalo*, 656 F.3d at 562; *Aura Lamp*, 325 F.3d at 908.

We now give Plaintiffs one final warning: if they do not oppose this motion to dismiss by July 26, 2013, we will dismiss their claims under Rule 41(b). Plaintiffs are responsible for participating in the lawsuits they filed, and their failure to participate indicates that they no longer care to pursue the litigation. We will not allow them to continue prejudicing Defendants and wasting judicial resources with their inaction.

Defendants must send a copy of this order to each of the Plaintiffs to ensure notice. Defendants shall file a certificate of service no later than July 19, 2013, confirming their compliance.

The motion to dismiss (Dkt. No. 5202) is entered and continued, pending responses from Plaintiffs. We will dismiss the claims of any Plaintiff who fails to comply with this order by July 26, 2013. It is so ordered.