# EXHIBIT A

## Davies, Joanne

**From:** Davies, Joanne
**Sent:** Friday, July 12, 2013 6:43 PM
**To:** Brooks, Wayde (wayde@brookslawoffices.net)
**Subject:** 5324 - Status Report by the Ameriquest Defendants.PDF
**Attachments:** 5324 - Status Report by the Ameriquest Defendants.PDF

Attached is the Status Report by the Ameriquest Defendants.


Joanne N. Davies | Shareholder | **BuchalterNemer**, A Professional Corporation | 18400 Von Karman Avenue, Suite 800 | Irvine, CA 92612-0514 | Direct Dial: (949) 224-6221 | Cell Phone: (949) 887-6583 | Direct Fax: (949) 224-6209 | Switchboard: (949) 760-1121 | jdavies@Buchalter.com | www.buchalter.com

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) <br><br> Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST DEFENDANTS FOR JULY 18, 2013 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Defendants respectfully submit the following Status Report in connection with the status conference scheduled to take place on July 18, 2013 at 10:00 a.m. before Magistrate Judge Daniel G. Martin. [Dkt. 5304].

I. **INTRODUCTION**

The status conference was scheduled to follow-up on a number of issues and some additional issues have arisen since the last status conference and this status report will address these issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Defendants;

2. Status of certain plaintiffs who have failed to comply with this Court's Discovery Order;

   a. Motion to Dismiss for Want of Prosecution re: Plaintiffs Bruce and Shannon Buck (counsel Wayde Brooks, Esq.);

   b. Failure of Plaintiffs Maynor Villagran and Rosa Dailey to provide discovery responses (counsel William Spielberger, Esq.); and

   c. Status update re: Plaintiff Cedric Peterson's (pro per) discovery responses.

3. Status of discovery regarding third-party claims.

II. **STATUS OF OPT-OUT PLAINTIFFS' CASES**

A. *Cases Dismissed or Where Entry of Dismissal is Pending Since Last Status Hearing:* there are **6 opt-out cases** involving **11 opt-out plaintiffs** that have been dismissed or where entry of dismissal is pending since the last status hearing. This leaves **54 opt-out cases** involving **90 opt-out plaintiffs**. The remaining opt-out cases are in various stages of settlement negotiations or discovery as set forth below.

B. *Cases Where Settlement Agreements Have Been Circulated:* there are **6 opt-out cases** involving **11 opt-out plaintiffs** where settlement agreements have been circulated for signature.

C. *Cases Where Settlement Negotiations Are In Progress:* there are **18 opt-out cases** involving **27 opt-out plaintiffs** where settlement negotiations are in progress. These are often cases where opt-out plaintiffs are seeking loan modifications, deeds in lieu, or consent foreclosures from the loan servicers and the loan servicers are either waiting for additional documentation from opt-out plaintiffs or are in the process of reviewing opt-out plaintiffs' requests.

D. *Cases Included in Ameriquest's Motion to Dismiss for Want of Prosecution:* there are **14 opt out cases** involving **24 opt-out plaintiffs** that are included in Ameriquest's Motion to Dismiss for Want of Prosecution. The Motion to Dismiss is fully briefed. On July 12, 2013, Judge Aspen entered an order, [Dkt. 5320], providing that the Court will dismiss the claims of any Plaintiff who fails to file an opposition to the Motion to Dismiss by July 26, 2013.

E. *Cases Included in Ameriquest's Supplemental Motion to Dismiss for Want of Prosecution regarding Bruce and Shannon Buck:* there is **1 opt out case** involving **2 opt-out plaintiffs** that are included in Ameriquest's Motion to Dismiss Complaint of Bruce and Shannon Buck for Want of Prosecution [Dkt. 5314]. As discussed below, a briefing schedule has been set by the Court.

2

14350028v1

F.  *Active Cases:* The Ameriquest Defendants are engaged in discovery with respect to the remaining cases. Certain Plaintiffs have failed to provide discovery responses as required by this Court's Discovery Order, [5181], and those cases are discussed below:

## III. STATUS REGARDING CERTAIN PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH COURT'S DISCOVERY ORDER

A.  **Motion to Dismiss for Want of Prosecution**

1.  *Plaintiffs Bruce and Shannon Buck (counsel Wayde Brooks):* Ameriquest filed a motion to dismiss for want of prosecution [Dkt. 5314] because the Buck Plaintiffs have failed to provide responses to requests for production and interrogatories as required by this Court's Discovery Order. As set forth in the motion, counsel for the Buck Plaintiffs has ignored all attempts by Ameriquest's counsel to meet and confer regarding these discovery issues. On July 1, 2013, the Court set a briefing schedule providing a July 19, 2013 opposition deadline and a July 24, 2013 reply deadline [Dkt. 5317].

B.  **Plaintiff Maynor Villagran's Failure to Respond to Discovery**

At the May 2nd status hearing, Ameriquest's counsel advised the Court that Plaintiff Villagran failed to comply with this Court's order, [Dkt. 5229], requiring Plaintiff Villagran to respond to the outstanding requests for production and interrogatories by April 23, 2013. At the May 2nd status hearing, William Spielberger, counsel for Plaintiff Villagran, agreed to produce all documents he had received from Plaintiff Villagran to Ameriquest on that day [MDL Dkt. 5281]. The Court also ordered the parties to immediately meet and confer regarding outstanding discovery issues at the completion of the status hearing. *Id.* The parties did so and Mr. Spielberger agreed to provide written responses to the discovery by May 16, 2013. Mr. Spielberger also showed Joanne Davies, Ameriquest's counsel, an approximately one inch stack of documents that he had received from Plaintiff Villagran, which appeared to include loan documents, and Ms. Davies requested that Mr. Spielberger scan and email those documents to her when he returned to his office and he agreed to do so.

3

14350028v1

Plaintiff Villagran has failed to provide any written responses to the outstanding discovery. Further, the only documents that Plaintiff Villagran has produced are a handful of pleadings filed in the originating Florida federal district court case. Plaintiff Villagran's production did not include any of the documents that were shown to Ms. Davies after the May 2nd status hearing. Over the last several weeks, Ms. Davies has repeatedly emailed and telephoned Mr. Spielberger regarding Plaintiff Villagran's failure to comply with his discovery obligations. Today was the first day since the May 2nd status hearing that Mr. Spielberger made himself available for a meet and confer call with Ms. Davies. During the meet and confer call Mr. Spielberger explained that he thought he had produced all documents in his possession but would confirm and would produce any missing documents today. So far, no further production has been received. With respect to why no written responses were provided by the date promised Mr. Spielberger had no good response.

Plaintiff Villagran has on at least three separate occasions been ordered to respond to the outstanding discovery, without objection. Each time he ignores this Court's orders and refuses to provide written responses. Plaintiff Villagran's refusal to comply with the Court's orders should not be tolerated.

Ameriquest requests that this Court certify the facts relevant to the issue of contempt to Judge Aspen under 28 U.S.C. § 636(e)(6) unless Plaintiff Villagran provides complete discovery responses by July 18, 2013.

C. **Plaintiff Rosa Dailey's Failure to Respond to Discovery**

At the May 2nd status hearing, William Spielberger, counsel for Rosa Dailey, assured this Court that he would seek a guardian ad litem in state court by May 16, 2013 for Plaintiff Dailey and he also agreed to produce all documents in **his** possession with respect to Plaintiff Dailey as reflected in the Court's minute entry [Dkt. 5281]. The Court also required that counsel meet and confer regarding any additional discovery issues immediately after the status hearing and the parties did so outside the courtroom. During the in-person meet and confer, Mr. Spielberger again agreed to produce all responsive documents and to work with Plaintiff Dailey to provide

4

14350028v1

written responses to the interrogatories and requests for production since he likely already had the information necessary to respond as he may have gathered it in connection with the pending state court foreclosure action.

Ms. Davies did not receive any document production from Mr. Spielberger by May 16th nor did Mr. Spielberger seek a guardian ad litem or provide written discovery responses. Over the next several weeks, Ms. Davies emailed and called Mr. Spielberger in an effort to meet and confer regarding these issues. During that time, Mr. Spielberger sent Ms. Davies a few e-mails regarding Plaintiff Dailey's medical condition which he explained rendered Plaintiff Dailey unable to respond to the written discovery. However, Mr. Spielberger failed to address why he had not produced documents in his possession as he had agreed to do before the Court and why he had not sought a guardian ad litem for Plaintiff Dailey. As of today, Mr. Spielberger has still failed to produce any documents in his possession regarding Plaintiff Dailey (he admits he has a large volume of responsive documents in his possession) and continues to avoid seeking a guardian ad litem although he has continued to raise Plaintiff Dailey's capacity issues as an explanation for why he is unable to provide written responses to the discovery. Mr. Spielberger's claim that Plaintiff Dailey needs a guardian ad litem appointed has stalled the litigation and created a roadblock but he has not taken any steps to resolve this issue even though he said he would at the May 2nd status hearing. Further, despite the meet and confer call that took place today, Mr. Spielberger has not committed to producing any responsive documents in his possession nor has he provided a date certain to seek a guardian ad litem.

It is respectfully requested that the Court order Mr. Spielberger to provide all responsive documents in his possession and that he seek a guardian ad litem by August 1, 2013. He should also be required to file a status report with the Court by August 8, 2013 confirming that he has filed the petition for a guardian ad litem and has produced responsive documents.

D.  **Status of Cedric Peterson Discovery Responses**

Plaintiff Cedric Peterson needs to be compelled (again) to participate in discovery. The Court ordered him to respond to the interrogatories and requests for production outstanding since

5

14350028v1

June 2012 by May 1, 2013. Plaintiff Peterson informed the Court at the May 2nd hearing that the responses were ready, but he needed additional time to get them in the mail. The Court set a deadline of May 16th for Plaintiff Peterson to produce outstanding responsive discovery to Ameriquest [Dkt. 5281]. No responses were provided by that date. While Plaintiff Peterson eventually produced some responsive documents, there is a significant deficit in the production. Further, despite repeated assurances and reminders to respond, Plaintiff Peterson has not responded to the interrogatories and has not produced the additional requested documents.

Ameirquest noticed the depositions of Plaintiff Peterson and Mrs. Peterson (who is not a plaintiff) for late June. Mrs. Peterson has hypertension and provided a doctor's note that she cannot appear for deposition. Plaintiff Peterson has no excuse for not responding or appearing for deposition and now, a year after the discovery responses were due and compelled to be provided: (1) he wants to argue about the relevance of the documents he is withholding instead of producing documents; (2) he claims to be too busy to appear for a four hour deposition session at a location near his house; and (3) he claims he does not have the interrogatories after repeatedly stating he needs more time to respond.

The Petersons do not want to participate in discovery because they own at least two homes with liens of over $1.3 million and apparently have not been making payments for years while, for some time, have been living in a third home and not making payments on it either. The Petersons' finances are at issue because, *inter alia*, Plaintiff Peterson seeks rescission of the loan and accordingly, must be financially able to tender the loan proceeds, over $700,000. Also, the finances are at issue because they have made inconsistent statements about their finances, particularly about their real estate business, Genesis Group. Plaintiff Peterson claims that they have no documents about Genesis Group and tries to downplay their role in the business while previously stating it made over $150,000 annually. Plaintiff Peterson refuses to provide any documents concerning his second home on Elm such as his loan modification application and communications with that lender.

6

14350028v1

To remedy Plaintiff Peterson's refusal to participate in discovery, Argent seeks an order compelling the following:

1. <u>Document Production</u>: The production of the following documents by August 1, 2013:

    a. Documents requested in the deposition notice set for June 25 (Plaintiff Peterson did not object to the document request and did not appear);

    b. Loan documents for any loans for the Elm property including the loan application;

    c. Communications with the lender for the Elm property about loan modifications including the loan modification application; and

    d. Communications with any creditor (including the IRS) about payment terms.

2. <u>Interrogatories</u>: Plaintiff Peterson stated he would provide interrogatory responses by July 12, 2013 and we have yet to receive those responses. Plaintiff Peterson should provide complete responses to the outstanding interrogatories by August 1, 2013.

3. <u>Deposition</u>: Plaintiff Peterson shall appear for deposition on August 9, 2013 for a period of up to four hours on the record and the parties will schedule a second day of up to three hours on the record at a mutually convenient time thereafter.

IV. **STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS**

The status remains the same as of the last status hearing. The Ameriquest Defendants brought claims against third-party defendants, such as the closing/title agents who were responsible for the loan closings and the title insurance underwriters who agreed to indemnify the Ameriquest Defendants for losses arising out of the loan closings. The Ameriquest Defendants' claims against third-party defendants are significant. For instance, third-party defendants the Fidelity Entities, Superior Closing, Mortgage Information Services, and Northwest Title are collectively involved in approximately **400 loans** where opt-out plaintiffs

14350028v1

have alleged that the loan closings were botched by the closing agent's failure to provide plaintiffs with the Notice of Right to Cancel forms.

Problematic, however, discovery concerning third-party claims and defenses has not started and is currently stayed. Certain third-party defendants filed a motion, now pending before Judge Aspen, to dismiss or transfer the claims from the MDL to other courts and stay third-party discovery in the MDL [Dkt. 5101]. The Ameriquest Defendants have opposed the motion as it is without merit [Dkt. Nos. 5123 and 5134]. The Ameriquest Defendants are confident that discovery against third-party defendants will be allowed to proceed as Judge Aspen has already ruled on this issue when ordering reassignment of *Terry v. Ameriquest*, N.D. Ill. Case No. 08-cv-2475, and finding that "[r]eassignment would also make the most of coordinated discovery – already underway in *Terry* but relevant to similar claims in the MDL – into the practices of third-party defendants, including their interpretations of the indemnity language." *See Terry* Order (Dkt. No. 782).

Respectfully submitted,

Dated:  July 12, 2013

By: /s/ Joanne N. Davies
*Attorneys for ACC Capital Holdings Corporation, Ameriquest, Argent, AMC Mortgage Services, Inc., Town & Country Credit Corporation, and Olympus Mortgage Company*

Joanne N. Davies
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Randall L. Manvitz, Esq.
Telephone: (415) 227-3644
Facsimile: (415) 227-0700

14350028v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 12th day of July 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

14350028v1