UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05-7097 |
| THIS DOCUMENT RELATES TO:<br><br>BORROWER PLAINTIFFS' CLASS ACTION | Centralized before the<br>Honorable Marvin E. Aspen |

## ORDER

Presently before us is a motion to dismiss (MDL Dkt. No. 5202) filed by Ameriquest Mortgage Company, Argent Mortgage Company, and Town & Country Credit Corporation ("Defendants"). Defendants ask that we dismiss the claims of certain plaintiffs pursuant to Federal Rule of Civil Procedure 41(b). (Mot. ¶¶ 1–8 & Ex. A.) Plaintiffs identified in the motion include, *inter alia*, Brett Burris, Christine Burris, Dale Churchill, Kelley Churchill, Joseph Curtis, Elizabeth Curtis, Raymond Dunn, Linda Dunn, Karen Johnson, Stanley Johnson, Audrey Lyles, Lori Mattix, Douglas Miller, Gail Myers, Francis Nyepon, Sarah Roop, Jacob and Nancy Salazar (representing the estate of Christopher Roop), Kimberly Sorah, Donna Stewart-Eagles, Gloria Therrien, Austin Warner, Lorraine Warner, and Joseph Wisniewski (collectively, "Plaintiffs"). Defendants argue that Plaintiffs have failed to prosecute their claims by neglecting to respond to discovery requests or to the pending motion.

Defendants filed this motion to dismiss on February 14, 2013, and we ordered Plaintiffs to respond no later than March 7, 2013. Only two of the Plaintiffs originally identified in the motion—Marie Arndt and Joseph Schebel—objected, and Defendants have withdrawn the

motion as to those claims. (Reply at 1 (Dkt. No. 5235) (withdrawing motion as to Maria Arndt); Resp. to Schebel at 2 (Dkt. No. 5256) (withdrawing motion as to Joseph Schebel).) On July 12, 2013, Ameriquest notified us that Forrest Pendergraph began actively participating in discovery and that it was withdrawing the motion as to his claim as well. (Supp. Reply, Dkt. No. 5322.) Also on July 12, 2013, we approved the parties' stipulated dismissal of the claims brought by Tyrone Walker. (Dkt. No. 5321.) Except these four individuals, no other Plaintiff opposed the motion to dismiss at that time or otherwise resumed participation in the lawsuit.

Under Rule 41(b), a defendant may seek dismissal of a claim or action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Because involuntary dismissal is such a severe sanction, it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). "[D]ismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity." *Tome Engenharios E. Transportes v. Malki*, 98 Fed. Appx. 518, 520, 2004 WL 764130, at *2 (7th Cir. Apr. 5, 2004) (citing cases); *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000). The Seventh Circuit has identified several factors we should consider when evaluating a Rule 41(b) motion, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561; *see Tome*, 98 Fed. Appx. at 520; *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). We must also caution a plaintiff facing such

dismissal that the case may be closed imminently in favor of the defendant. *Kasalo*, 656 F.3d at 562; *Aura Lamp*, 325 F.3d at 908.

On July 12, 2013, we issued one final warning to the Plaintiffs still facing dismissal. We informed them that, if they did not oppose this motion by July 26, 2013, we would dismiss their claims under Rule 41(b). We reminded Plaintiffs that they are responsible for participating in their lawsuits and that their failure to participate indicates that they no longer care to pursue the litigation. We instructed Defendants to notify each of the Plaintiffs, and Defendants complied with that order. (Dkt. No. 5323.) Despite our clear warning, none of the Plaintiffs facing dismissal opposed this motion by July 26, 2013 as ordered. Neither the MDL docket, nor the individual case dockets, show any timely response filed by or on behalf of these Plaintiffs. Nor has our office received any oppositions submitted informally.

As a result, Plaintiffs give us no choice but to grant the motion. They have repeatedly ignored court orders and refused to prosecute, or even defend, their lawsuits. Plaintiffs' lack of cooperation and participation precludes any resolution of these claims, thus prejudicing Defendants and wasting judicial resources. Most of these Plaintiffs are *pro se* and have no lawyer to blame for their recalcitrance. Although we cannot assess the merits of these claims, we cannot allow Plaintiffs to unreasonably hinder the progress and dispositions thereof, whether meritorious or not. Additionally, dismissal at this time would not obstruct the social objectives underlying these claims. This MDL has resolved hundreds of thousands of similar claims over the years, through both class and individual actions, thus satisfying social objectives to the extent possible.

For these reasons, we grant Ameriquest's motion (Dkt. No. 5202), as amended by their three withdrawals and the stipulated dismissal of claims brought by Tyrone Walker. Pursuant to Rule 41(b), we hereby dismiss the claims brought by Brett Burris, Christine Burris, Dale Churchill, Kelley Churchill, Joseph Curtis, Elizabeth Curtis, Raymond Dunn, Linda Dunn, Karen Johnson, Stanley Johnson, Audrey Lyles, Lori Mattix, Douglas Miller, Gail Myers, Francis Nyepon, Sarah Roop, Jacob and Nancy Salazar (representing the estate of Christopher Roop), Kimberly Sorah, Donna Stewart-Eagles, Gloria Therrien, Austin Warner, Lorraine Warner, and Joseph Wisniewski. It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 31, 2013