# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL and SUSAN O'KEEFE, | Case No.: 07-cv-5878 |
| Plaintiffs, | |
| vs. | **DEFENDANT AMERIQUEST** |
| | **MORTGAGE COMPANY'S FIRST SET** |
| AMERIQUEST MORTGAGE | **OF INTERROGATORIES PROPOUNDED** |
| COMPANY, et al. | **UPON MICHAEL O'KEEFE** |
| Defendants. | |

**PROPOUNDING PARTY: Defendant AMERIQUEST MORTGAGE COMPANY**

**RESPONDING PARTY:   Plaintiff MICHAEL O'KEEFE**

**SET NO.:            ONE (1)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST"), hereby requests that plaintiff MICHAEL O'KEEFE answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.    DEFINITIONS AND INSTRUCTIONS

1.     "AMERIQUEST" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

2.     "YOU" and "YOUR" means Michael O'Keefe, his agents, employees and all other persons acting or purporting to act on his behalf.

3.     "COMPLAINT" means the Complaint filed by YOU in this Action, on or about October 17, 2007.

4.     "DEFENDANTS" means Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and WM Specialty Mortgage LLC.

5.     "PERSON" or "PERSONS" means any natural person, or any legal entity or

1

organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

6.     The term "LOAN" refers to the secured credit transaction which is the subject of this Action.

7.     The term "CLOSING" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which a closing agent meets with a borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "CLOSING" is used in these Interrogatories to refer to the closing that is the subject matter of YOUR COMPLAINT.

8.     The term "LOAN DOCUMENTS" shall mean all documents provided to YOU during the CLOSING of the LOAN.

9.     The term "LOAN PROCEEDS" means any and all funds disbursed after the CLOSING to YOU, or to YOUR creditors on YOUR behalf, as a result of the LOAN.

10.     "COMMUNICATIONS" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

11.     A request to "Describe" the use of the LOAN PROCEEDS related to the CLOSING is a request to state:

    (a)     the amount of the LOAN PROCEEDS from the CLOSING;

    (b)     all purposes for which the LOAN PROCEEDS were used;

    (c)     the name and address of each PERSON who received any portion of the LOAN PROCEEDS related to the CLOSING and the amount of the total LOAN PROCEEDS the PERSON received;

    (d)     the date on which the LOAN PROCEEDS related to the CLOSING were provided to that PERSON;

    (e)     the purpose of providing that PERSON a portion of the LOAN PROCEEDS related to the CLOSING; and

    (f)     the purpose disclosed by YOU to AMERIQUEST for the use of the LOAN PROCEEDS.

12.     "PROPERTY" means real estate which was security for the LOAN YOU received

from AMERIQUEST.

13.     The term "PRINCIPAL DWELLING" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where YOU have resided most of the time.

14.     A request to "Describe" how property, including the PROPERTY that is the subject of YOUR COMPLAINT, has been "Used" is a request to state:

(a)     the dates during which YOU have resided on the property;

(b)     during the time YOU resided on the property, the date of any period of time greater than two weeks in duration in which YOU were not present on the property, including the reason for YOUR absence;

(c)     the identity of any PERSON who has occupied any portion of the property on or since the date YOU first entered into a secured transaction with AMERIQUEST;

(d)     whether the property has been used exclusively by YOU;

(e)     whether the property was used by YOU exclusively for residential purposes;

(f)     whether any portion of the property was rented or leased to any other PERSON, and if so, the identity of the PERSON, the dates of the rental or lease, a description of the portion of the property leased, and the total amount paid to YOU under the terms of the lease;

(g)     whether any portion of the property was used for any business or commercial purpose, and if so, the identity of the PERSONS engaged in the business or commercial purpose, a description of the business or commercial purpose, a description of the portion of the property used for the business or commercial purpose such as a home office, and a description of any income or other payment YOU received as a result of this use; and

(h)     whether any portion of the property was used for any agricultural purposes, and if so, the identity of the PERSONS engaged in the agricultural purposes, a description of the agricultural purposes, a description of the portion of the property used for the agricultural purposes, and any income or other payment YOU received as a result of this use. The term "agricultural purposes" includes the production, harvest, exhibition, marketing, transportation, processing or manufacture of agricultural products, the care of livestock, and the acquisition of farmland, real property with a farm residence, and personal property and services used in farming.

3

15.     "DOCUMENT" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "DOCUMENT" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

16.     "Identify" means:

(a)     when used in connection with a PERSON, means to provide the name, address and phone number of the individual or entity, and job title and place of employment at all times relevant to this Action and from January 1, 2004 to the present date;

(b)     when used in connection with a DOCUMENT, means to classify the DOCUMENT by date, substance and content, and to Identify all PERSONS who participated in or were present during the creation and/or maintenance of the DOCUMENT;

(c)     when used in connection with COMMUNICATIONS, means to classify the communication by type (face-to-face, telephone, email, etc.), date, substance and content with specificity, and to Identify all PERSONS who participated in the communication; and

(d)     when used in connection with an event or facts supporting an allegation, means to (i) state all facts in detail with respect to each occurrence, (ii) Identify all PERSONS involved in the event, and (iii) state the date and place of the occurrence.

18.     In lieu of Identifying a DOCUMENT, the responding party may produce the DOCUMENT or COMMUNICATION(S) itself, provided that its interrogatory response

4

specifies with particularity the DOCUMENT or COMMUNICATION(S) responsive thereto.

19.     If a DOCUMENT once existed and has since been lost, destroyed, or is otherwise missing or unavailable, YOU shall Identify the DOCUMENT and state the details concerning the unavailability of such DOCUMENT.

20.     These Interrogatories impose on YOU a continuous obligation.   If YOU subsequently become aware of information that renders YOUR answers to these Interrogatories incomplete or inaccurate, YOU are required to supplement or amend YOUR answers promptly to make such responses complete and accurate.

## II.     INTERROGATORIES

**INTERROGATORY NO. 1:**

With respect to each wrongful act or omission that YOU contend AMERIQUEST (other than through acts or omissions of another Defendant or any other PERSON) committed against YOU, Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS upon which YOU rely in support of YOUR contention that AMERIQUEST perpetrated such wrongful act or omission.

**INTERROGATORY NO. 2:**

Aside from AMERIQUEST, did any PERSON at any time before or at the CLOSING provide YOU with any description of the meaning or potential consequences of any of the LOAN DOCUMENTS or any portion thereof?   If so, identify said PERSON and all COMMUNICATIONS YOU had with said PERSON on that topic.

**INTERROGATORY NO. 3:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS upon which YOU rely in support of YOUR contention that any alleged wrongful act or omission by AMERIQUEST (as distinguished from any other Defendant or PERSON) against YOU was intentional.

**INTERROGATORY NO. 4:**

Identify any and all of YOUR COMMUNICATIONS with AMERIQUEST that form the basis for any of YOUR contentions in the COMPLAINT.

**INTERROGATORY NO. 5:**

For each of YOUR Principal Dwelling(s) from January 2000 to the present, state:

(a)     the address;

BN 14364625v1

(b)     the date of YOUR purchase or lease of it;

(c)     the dates YOU resided there;

(d)     YOUR percentage of ownership, if any;

(e)     Identify all PERSONS holding an ownership interest in it;

(f)     Describe how the PROPERTY has been Used from February 2005 to the present.

**INTERROGATORY NO. 6:**

Describe each and every use of the LOAN PROCEEDS from the CLOSING delineated by dollar amount.

**INTERROGATORY NO. 7:**

IDENTIFY each PERSON present at the CLOSING.

**INTERROGATORY NO. 8:**

If YOU contend that YOU received less favorable loan terms than as represented by AMERIQUEST:

(a)     state the date YOU learned of the less favorable term and whether or not YOU learned of the less favorable term in advance of the CLOSING and/or signing of the LOAN DOCUMENTS;

(b)     state the circumstances of YOU learning of the "unfavorable term"; and

(c)     state whether or not YOU decided to accept the "unfavorable term."

**INTERROGATORY NO. 9:**

If YOU contend that AMERIQUEST utilized scare or pressure tactics to cause YOU to proceed with the transaction despite being presented with new or different terms or utilized any other alleged improper sales tactics for YOUR LOAN, Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS upon which YOU rely in support of YOUR contention.

**INTERROGATORY NO. 10:**

Describe the manner in which YOU stored the LOAN DOCUMENTS since the CLOSING, including a description of each and every location where they have been stored since the CLOSING and all PERSONS who have accessed, or who have had access, to the LOAN DOCUMENTS since the CLOSING. If any of the LOAN DOCUMENTS have been lost, destroyed, modified, altered, or separated from the other LOAN DOCUMENTS from the time of the CLOSING, Identify such DOCUMENTS, explain how or why they were lost, destroyed,

6

modified, altered, or separated, describe what happened to the DOCUMENT, the date of the occurrence, and Identify all COMMUNICATIONS reflecting, evidencing, or referring to the occurrence.

**INTERROGATORY NO. 11:**

Identify each item of damage or cost YOU claim AMERIQUEST (as distinguished from any other Defendant or PERSON) is liable for, separately for each cause of action and for each wrongful act or omission by AMERIQUEST other than through acts or omissions of any other Defendant or PERSON, including the dates of occurrence, amount, the total damages, show how YOU computed the damage.

**INTERROGATORY NO. 12:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS upon which YOU rely in support of YOUR damage calculation.

**INTERROGATORY NO. 13:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS upon which YOU rely in support of YOUR contention that the actions of AMERIQUEST (other than through acts or omissions of any other Defendant or PERSON) are the proximate cause of damage to YOU.

**INTERROGATORY NO. 14:**

If YOU contend YOU are able to pay back to DEFENDANTS the amount of the LOAN PROCEEDS less any payment to DEFENDANTS by YOU, state any and all facts supporting YOUR contention including an identification of the means by which YOU intend to pay back DEFENDANTS and any and all steps YOU have taken to ensure that YOU are able to obtain the requisite funds to rescind the LOAN.

**INTERROGATORY NO. 15:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transaction did not comply with the requirements of the Truth in Lending Act" as alleged in paragraph 7 of the COMPLAINT.

BN 14364625v1

**INTERROGATORY NO. 16:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "the Notice of Right to Cancel forms that were delivered to plaintiffs at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23 (b)(1)(v)" as alleged in paragraph 7 of the Complaint.

**INTERROGATORY NO. 17:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "Ameriquest misled plaintiffs as to the interest rate that they would be charged, thereby violating 12 C.F.R. § 226.18" as alleged in paragraph 7 of the COMPLAINT.

**INTERROGATORY NO. 18:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance" as alleged in paragraph 11 of the COMPLAINT.

**INTERROGATORY NO. 19:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "Ameriquest baited plaintiffs into a mortgage transaction by offering a relatively favorable set of terms and then switched to more expensive terms" as alleged in paragraph 11 of the COMPLAINT.

**INTERROGATORY NO. 20:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "in or about May 2005, an Ameriquest representative misled plaintiff Michael F. O'Keefe III by telling him on the telephone that he would be getting a fixed rate mortgage and then giving plaintiffs an adjustable rate mortgage" as alleged in paragraph 11 of the COMPLAINT.

**INTERROGATORY NO. 21:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of

8

YOUR contention that "Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable State law" as alleged in paragraph 12 of the COMPLAINT.

**INTERROGATORY NO. 22:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable State law" as alleged in paragraph 12 of the COMPLAINT.

**INTERROGATORY NO. 23:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "Ameriquest's false and misleadings statements deceived plaintiffs and proximately caused them injury" as alleged in paragraph 13 of the COMPLAINT.

**INTERROGATORY NO. 24:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest" as alleged in paragraph 14 of the COMPLAINT.

**INTERROGATORY NO. 25:**

Identify all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS, upon which YOU rely in support of YOUR contention that "Defendants AMC Mortgage Services knowingly aided and abetted this illegal behavior by Ameriquest and is therefore also liable to plaintiffs" as alleged in paragraph 14 of the COMPLAINT.

DATED:  July 9, 2013

Respectfully submitted,

By: _____

*Attorneys for Defendant Ameriquest Mortgage Company*

Joanne N. Davies (admitted *pro hac vice*)
Buchalter Nemer
18400 Von Karman Ave., Ste. 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile:  (949) 720-0182

10

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612.

On the date set forth below, I served the foregoing document described as:

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON MICHAEL O'KEEFE

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

| | |
|---|---|
| Daniel Harris, Esq.<br>Anthony P. Valach, Esq.<br>The Law Offices of Daniel Harris<br>150 N. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: lawofficedh@yahoo.com<br>Email: anthonyvalach@gmail.com | *Counsel for Plaintiff Michael O'Keefe* |
| Albert Edwin Fowerbaugh , Jr., Esq.<br>Jennifer M. Bisenius, Esq.<br>Butler, Rubin, Saltarelli & Boyd LLP<br>70 West Madison<br>Suite 1800<br>Chicago, IL 60602<br>Email: afowerbaugh@butlerrubin.com<br>Email: jbisenius@butlerrubin.com | *Counsel for Chicago Title Insurance Company* |

☒ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on July 9, 2013. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒ **BY EMAIL** On July 9, 2013, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

11

☒     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on July 9, 2013 at Irvine, California.

Raquel Moreno

(Signature)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHAEL and SUSAN O'KEEFE,

        Plaintiffs,

vs.

AMERIQUEST MORTGAGE
COMPANY, et al.

        Defendants.

Case No.: 07-cv-5878

**DEFENDANT AMERIQUEST
MORTGAGE COMPANY'S FIRST SET
OF REQUESTS FOR ADMISSION
PROPOUNDED UPON MICHAEL
O'KEEFE**

**PROPOUNDING PARTY: Defendant AMERIQUEST MORTGAGE COMPANY**

**RESPONDING PARTY:**   **Plaintiff MICHAEL O'KEEFE**

**SET NO.:**          **One (1)**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the provisions of Rule 36 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("Ameriquest") propounds the following Requests for Admission (Set One) to Plaintiff Michael O'Keefe ("Plaintiff"). Ameriquest requests that Plaintiff respond to these Requests, in writing, under oath, within 30 days of service hereof.

**DEFINITIONS**

1.    "AMERIQUEST" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

2.    "YOU" and "YOUR" means Michael O'Keefe, his agents, employees and all other persons acting or purporting to act on his behalf.

3.    "COMPLAINT" means the Complaint filed by YOU in this Action, on or about October 17, 2007.

4.    The term "CLOSING" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which a closing agent meets with a borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "CLOSING" is used in these Requests to refer to the closing that is the subject matter of YOUR COMPLAINT.

5.    The term "LOAN" refers to the secured credit transaction which is the subject of this Action.

6.    The term "LOAN DOCUMENTS" shall mean all documents provided to YOU during the CLOSING of the LOAN.

7.    The term "LOAN PROCEEDS" means any and all funds disbursed after the CLOSING to YOU, or to YOUR creditors on YOUR behalf, as a result of the LOAN.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU signed the document entitled "Uniform Residential Loan Application," attached hereto as Exhibit "A."

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU signed the document entitled "Uniform Residential Loan Application," attached hereto as Exhibit "A" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU represented to AMERIQUEST that each and every statement contained on the aforementioned "Uniform Residential Loan Application," Exhibit "A," was true.

**REQUEST FOR ADMISSION NO. 4:**

Admit that none of the information stated in the document entitled "Uniform Residential Loan Application," Exhibit "A" was false on the date YOU signed it.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the amounts stated on the Borrower column of the Monthly Income and Combined Housing Expense Information section of the document entitled "Uniform Residential Loan Application," were true and accurate as of the date YOU signed the aforementioned "Uniform Residential Loan Application," Exhibit "A."

**REQUEST FOR ADMISSION NO. 6:**

Admit that the amount stated as the "Present Market Value" of the real estate owned by YOU in the "Assets and Liabilities" section of the document entitled "Uniform Residential Loan Application" was true and accurate as of the date YOU signed the aforementioned "Uniform Residential Loan Application," Exhibit "A."

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU were given the opportunity to read YOUR LOAN DOCUMENTS prior to signing them.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU were given the opportunity to read YOUR LOAN DOCUMENTS contemporaneous with signing them.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU signed the document entitled "Adjustable Rate Note," attached hereto as Exhibit "B."

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU signed the document entitled "Adjustable Rate Note," attached hereto as Exhibit "B" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU initialed pages 1 and 2 of the document entitled "Adjustable Rate Note," attached hereto as Exhibit "B."

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU signed the document entitled "Mortgage," attached hereto as Exhibit "C."

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU signed the document entitled "Mortgage," attached hereto as Exhibit "C" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU initialed pages 1 through 15 of the document entitled "Mortgage," attached hereto as Exhibit "C."

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU signed the document entitled "Adjustable Rate Rider," attached hereto as Exhibit "D."

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU signed the document entitled "Adjustable Rate Rider," attached hereto as Exhibit "D" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU initialed pages 1 through 2 of the document entitled "Adjustable Rate Rider," attached hereto as Exhibit "D."

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU signed the document entitled "Truth-In-Lending Disclosure Statement," attached hereto as Exhibit "E."

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU signed the document entitled "Truth-In-Lending Disclosure Statement," attached hereto as Exhibit "E" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU received a copy of the document entitled "Truth-In-Lending Disclosure Statement," attached hereto as Exhibit "E" at the time YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU received a copy of the document entitled "Truth-In-Lending Disclosure Statement," attached hereto as Exhibit "E" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU signed the document entitled "U.S. Department of Housing and Urban Development Settlement Statement," (the "Settlement Statement") attached hereto as Exhibit "F."

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOU signed the "Settlement Statement," attached hereto as Exhibit "F" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU received a copy of the "Settlement Statement," attached hereto as Exhibit "F" at the time YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU received a copy of the "Settlement Statement," attached hereto as Exhibit "F" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 26:**

Admit that YOU signed the document entitled "Title Affidavit," attached hereto as Exhibit "G."

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOU signed the document entitled "Title Affidavit" attached hereto as Exhibit "G" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU understood the terms of the LOAN contemporaneous with signing the LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 29:**

Admit that YOU signed the document entitled "Notice of Right to Cancel," attached hereto as Exhibit "H."

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU signed the document entitled "Notice of Right to Cancel," attached hereto as Exhibit "H" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU received two copies of the document entitled "Notice of Right to Cancel," completed the same as the form attached hereto as Exhibit "H" on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU acknowledged receipt of two copies of the "Notice of Right to Cancel" form attached hereto as Exhibit "H."

**REQUEST FOR ADMISSION NO. 33:**

Admit that YOU read the "Notice of Right to Cancel" form on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 34:**

Admit that YOU were not prevented from reading the "Notice of Right to Cancel" form on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU understood that YOU had at least three business days from the date YOU signed the "Notice of Right to Cancel" form to cancel the LOAN.

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU signed the document entitled "One Week Cancellation Period," attached hereto as Exhibit "I."

**REQUEST FOR ADMISSION NO. 37:**

Admit that YOU signed the document entitled "One Week Cancellation Period," attached hereto as Exhibit "I" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 38:**

Admit that YOU read the document entitled "One Week Cancellation Period," on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU were not prevented from reading the "One Week Cancellation Period" form on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 40:**

Admit that YOU signed the document entitled "Borrowers Acknowledgment of Final Loan Terms," attached hereto as Exhibit "J."

**REQUEST FOR ADMISSION NO. 41:**

Admit that YOU signed the document entitled "Borrowers Acknowledgment of Final Loan Terms," attached hereto as Exhibit "J" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 42:**

Admit that by signing the document entitled "Borrowers Acknowledgment of Final Loan Terms" YOU acknowledged that YOUR LOAN was an adjustable rate loan.

**REQUEST FOR ADMISSION NO. 43:**

Admit that the "Original Loan Terms Requested" stated on the document entitled "Borrower's Acknowledgment of Final Loan Terms," attached hereto as Exhibit "J," were true and accurate as of the date YOU signed it.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the "Final Loan Terms" stated on the document entitled "Borrower's Acknowledgment of Final Loan Terms," attached hereto as Exhibit "J," were true and accurate as of the date YOU signed it.

**REQUEST FOR ADMISSION NO. 45:**

Admit that YOU knew at the time YOU signed YOUR LOAN DOCUMENTS that the interest rate on YOUR LOAN could increase with a rise in interest rates.

**REQUEST FOR ADMISSION NO. 46:**

Admit that YOU read the document entitled "Borrowers Acknowledgment of Final Loan Terms," attached hereto as Exhibit "J," on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 47:**

Admit that YOU were not prevented from reading the document entitled "Borrowers Acknowledgment of Final Loan Terms," attached hereto as Exhibit "J," on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 48:**

Admit AMERIQUEST did not make any false representations to YOU.

**REQUEST FOR ADMISSION NO. 49:**

Admit YOU did not rely on any false representations of AMERIQUEST.

**REQUEST FOR ADMISSION NO. 50:**

Admit that YOU signed the document entitled "Understanding Your Loan," attached hereto as Exhibit "K."

**REQUEST FOR ADMISSION NO. 51:**

Admit that YOU signed the document entitled "Understanding Your Loan," attached hereto as Exhibit "K" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 52:**

Admit that YOU read the document entitled "Understanding Your Loan," attached hereto as Exhibit "K," on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 53:**

Admit that YOU were not prevented from reading the document entitled "Understanding Your Loan," attached hereto as Exhibit "K," on the date YOU signed YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 54:**

Admit that YOU received a complete set of YOUR LOAN DOCUMENTS on May 26, 2005.

**REQUEST FOR ADMISSION NO. 55:**

Admit that YOU signed the document entitled "Final Interest Rate, Payment Due, Fees Paid, and Prepayment Charge," attached hereto as Exhibit "L."

**REQUEST FOR ADMISSION NO. 56:**

Admit that YOU signed the document entitled "Final Interest Rate, Payment Due, Fees Paid and Prepayment Charge," attached hereto as Exhibit "L" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 57:**

Admit that YOU understood it was important to read the LOAN DOCUMENTS prior to signing them.

**REQUEST FOR ADMISSION NO. 58:**

Admit that YOU signed the document entitled "RESPA Servicing Disclosure," attached hereto as Exhibit "M."

**REQUEST FOR ADMISSION NO. 59:**

Admit that YOU signed the document entitled "RESPA Servicing Disclosure," attached hereto as Exhibit "M" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 60:**

Admit that YOU signed the document entitled "Important Notice to Borrower(s)" attached hereto as Exhibit "N."

**REQUEST FOR ADMISSION NO. 61:**

Admit that YOU signed the document entitled "Important Notice to Borrower(s)," attached hereto as Exhibit "N" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 62:**

Admit that YOU read the document entitled "Important Notice to Borrower(s)," attached hereto as Exhibit "N" prior to or contemporaneous with signing it.

**REQUEST FOR ADMISSION NO. 63:**

Admit that YOU were not prevented from reading YOUR LOAN DOCUMENTS prior to signing them.

**REQUEST FOR ADMISSION NO. 64:**

Admit that YOU did not suffer any actual damages as a result of AMERIQUEST'S conduct.

**REQUEST FOR ADMISSION NO. 65:**

Admit that YOU signed the document entitled "Payment Information" attached hereto as Exhibit "O."

**REQUEST FOR ADMISSION NO. 66:**

Admit that YOU signed the document entitled "Payment Information" attached hereto as Exhibit "O" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 67:**

Admit that YOU signed the document entitled "2 Year Fixed/Adjustable Rate Loan Principal Dwelling Program Disclosure," attached hereto as Exhibit "P."

**REQUEST FOR ADMISSION NO. 68:**

Admit that YOU signed the document entitled "2 Year Fixed/Adjustable Rate Loan Principal Dwelling Program Disclosure," attached hereto as Exhibit "P" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 69:**

Admit that YOU initialed page 1 of the document entitled "2 Year Fixed/Adjustable Rate Loan Principal Dwelling Program Disclosure," attached hereto as Exhibit "P."

**REQUEST FOR ADMISSION NO. 70:**

Admit that YOU signed the document entitled "Errors and Omissions / Compliance and HUD1-A Certification Agreement," attached hereto as Exhibit "Q."

**REQUEST FOR ADMISSION NO. 71:**

Admit that YOU signed the document entitled "Errors and Omissions / Compliance and HUD1-A Certification Agreement," attached hereto as Exhibit "Q" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 72:**

Admit that YOU signed the document entitled "Borrower's Certification & Authorization," attached hereto as Exhibit "R."

**REQUEST FOR ADMISSION NO. 73:**

Admit that YOU signed the document entitled "Borrower's Certification & Authorization," attached hereto as Exhibit "R" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 74:**

Admit that YOU certified that YOU "made no misrepresentations in the loan application or other documents, nor did [YOU] omit any pertinent information," as set forth in Exhibit "R".

**REQUEST FOR ADMISSION NO. 75:**

Admit that YOU did not make any misrepresentation in the LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 76:**

Admit that YOU signed the document entitled "Occupancy Agreement," attached hereto as Exhibit "S."

**REQUEST FOR ADMISSION NO. 77:**

Admit that YOU signed the document entitled "Occupancy Agreement," attached hereto as Exhibit "S" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 78:**

Admit that YOU signed the document entitled "Pre-Application Disclosure," attached hereto as Exhibit "T."

**REQUEST FOR ADMISSION NO. 79:**

Admit that YOU signed the document entitled "Pre-Application Disclosure," attached hereto as Exhibit "T" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 80:**

Admit that YOU did not pay any fees in advance of the LOAN CLOSING for the LOAN.

**REQUEST FOR ADMISSION NO. 81:**

Admit that YOU initialed the document entitled "Understanding Your Options Regarding Interest Rates and Discount Points," attached hereto as Exhibit "U."

**REQUEST FOR ADMISSION NO. 82:**

Admit that YOU signed the document entitled "Closing Instructions Itemization of Settlement Charges," attached hereto as Exhibit "V."

**REQUEST FOR ADMISSION NO. 83:**

Admit that YOU read YOUR LOAN DOCUMENTS at the CLOSING.

**REQUEST FOR ADMISSION NO. 84:**

Admit that YOU were not prevented from reading YOUR LOAN DOCUMENTS at the CLOSING.

**REQUEST FOR ADMISSION NO. 85:**

Admit that YOU received each of the documents listed on the cover letter attached hereto as Exhibit "W."

**REQUEST FOR ADMISSION NO. 86:**

Admit that YOU received each of the documents listed on the cover letter attached hereto as Exhibit "W" prior to the LOAN CLOSING.

**REQUEST FOR ADMISSION NO. 87:**

Admit that YOU received each of the documents listed on the cover letter attached hereto as Exhibit "W" on or about the date on the cover letter.

**REQUEST FOR ADMISSION NO. 88:**

Admit that YOU read each of the documents listed on the cover letter attached hereto as Exhibit "W" prior to the LOAN CLOSING.

**REQUEST FOR ADMISSION NO. 89:**

Admit that YOU received the document entitled "Understanding Your Loan" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011184) prior to signing YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 90:**

Admit that YOU received the document entitled "Understanding Your Loan" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011184) on or about the date of the cover letter.

**REQUEST FOR ADMISSION NO. 91:**

Admit that YOU received the documents entitled "Truth in Lending Disclosure Statement" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011185-11186) prior to signing YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 92:**

Admit that YOU received the documents entitled "Truth in Lending Disclosure Statement" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011185-11186) on or about the date of the cover letter.

BN 14365998v1

**REQUEST FOR ADMISSION NO. 93:**

Admit that YOU received the document entitled "Good Faith Estimate" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011187) prior to signing YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 94:**

Admit that YOU received the document entitled "Good Faith Estimate" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011187) on or about the date of the cover letter.

**REQUEST FOR ADMISSION NO. 95:**

Admit that YOU received the document entitled "2 Year Fixed/Adjustable Rate Loan Principal Dwelling Program Disclosure" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011189-11190) prior to signing YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 96:**

Admit that YOU received the document entitled "2 Year Fixed/Adjustable Rate Loan Principal Dwelling Program Disclosure" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011189-11190) on or about the date of the cover letter.

**REQUEST FOR ADMISSION NO. 97:**

Admit that YOU received the document entitled "Understanding Your Options Regarding Interest Rates and Discount Points" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011193) prior to signing YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 98:**

Admit that YOU received the document entitled "Understanding Your Options Regarding Interest Rates and Discount Points" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011193) on or about the date of the cover letter.

**REQUEST FOR ADMISSION NO. 99:**

Admit that YOU received the document entitled "Estimated Interest Rate, Payment Due, Fees Paid, and Prepayment Charge" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011194) prior to signing YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 100:**

Admit that YOU received the document entitled "Estimated Interest Rate, Payment Due, Fees Paid, and Prepayment Charge" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011194) on or about the date of the cover letter.

**REQUEST FOR ADMISSION NO. 101:**

Admit that YOU received the document entitled "Pre-Application Disclosure" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011198) prior to signing YOUR LOAN DOCUMENTS.

**REQUEST FOR ADMISSION NO. 102:**

Admit that YOU received the document entitled "Pre-Application Disclosure" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011198) on or about the date of the cover letter.

**REQUEST FOR ADMISSION NO. 103:**

Admit that YOU received the document entitled "Uniform Residential Loan Application" in the form attached hereto as part of Exhibit "W" (Bates No. OO-H0011199-11204) on or about the date of the cover letter.

**REQUEST FOR ADMISSION NO. 104:**

Admit that YOU signed the document entitled "Summary of Debts and Disbursements (Refinance Loans Only)," attached hereto as Exhibit "X."

**REQUEST FOR ADMISSION NO. 105:**

Admit that YOU signed the document entitled "Summary of Debts and Disbursements (Refinance Loans Only)," attached hereto as Exhibit "X" on May 26, 2005.

**REQUEST FOR ADMISSION NO. 106:**

Admit that YOU signed the document entitled "Items To Be Paid Off From Loan Proceeds," attached hereto as Exhibit "Y."

**REQUEST FOR ADMISSION NO. 107:**

Admit that YOU read YOUR LOAN DOCUMENTS at the CLOSING.

**REQUEST FOR ADMISSION NO. 108:**

Admit that YOU were not prevented from reading YOUR LOAN DOCUMENTS at the CLOSING.

DATED:  July 9, 2013

Respectfully submitted,

By: _____

*Attorneys for Defendant Ameriquest Mortgage Company*

Joanne N. Davies (admitted *pro hac vice*)
Buchalter Nemer
18400 Von Karman Ave., Ste. 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile:  (949) 720-0182

BN 14365998v1

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612.

On the date set forth below, I served the foregoing document described as:

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED UPON MICHAEL O'KEEFE**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

| | |
|---|---|
| Daniel Harris, Esq.<br>Anthony P. Valach, Esq.<br>The Law Offices of Daniel Harris<br>150 N. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: lawofficedh@yahoo.com<br>Email: anthonyvalach@gmail.com | *Counsel for Plaintiff Michael O'Keefe* |
| Albert Edwin Fowerbaugh , Jr., Esq.<br>Jennifer M. Bisenius, Esq.<br>Butler, Rubin, Saltarelli & Boyd LLP<br>70 West Madison<br>Suite 1800<br>Chicago, IL 60602<br>Email: afowerbaugh@butlerrubin.com<br>Email: jbisenius@butlerrubin.com | *Counsel for Chicago Title Insurance Company* |

☒ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on July 9, 2013. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒ **BY EMAIL** On July 9, 2013, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

BN 14365998v1

☒      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on July 9, 2013 at Irvine, California.

Raquel Moreno

_____

(Signature)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL and SUSAN O'KEEFE, | Case No.: 07-cv-5878 |
| Plaintiffs, | |
| vs. | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED UPON MICHAEL O'KEEFE** |
| AMERIQUEST MORTGAGE COMPANY, et al. | |
| Defendants. | |

**PROPOUNDING PARTY: Defendant AMERIQUEST MORTGAGE COMPANY**

**RESPONDING PARTY:   Plaintiff MICHAEL O'KEEFE**

**SET NO.:   ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant AMERIQUEST MORTGAGE COMPANY ("AMERIQUEST") hereby requests that plaintiff MICHAEL O'KEEFE, produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612-0514. AMERIQUEST's inspection and copying will not permanently alter the items inspected or copied.

**DEFINITIONS**

1.     "AMERIQUEST" means Ameriquest Mortgage Company, its agents, employees, and all persons acting on its behalf.

2.     "YOU" and "YOUR" means Michael O'Keefe, his agents, employees and all other persons acting or purporting to act on his behalf.

3.     "COMPLAINT" means the COMPLAINT filed by YOU in this Action, on or about October 17, 2007.

1

4.    "DEFENDANTS" means AMERIQUEST, AMC Mortgage Services, Inc., and WM Specialty Mortgage LLC.

5.    "PERSON" or "PERSONS" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

6.    The term "LOAN" refers to the secured credit transaction which is the subject of this Action.

7.    The term "CLOSING" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which a closing agent meets with a borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "CLOSING" is used in these Interrogatories to refer to the closing that is the subject matter of YOUR COMPLAINT.

8.    The term "LOAN DOCUMENTS" shall mean all documents provided to YOU during the CLOSING of the LOAN.

9.    The term "LOAN PROCEEDS" means any and all funds disbursed after the CLOSING to YOU, or to YOUR creditors on YOUR behalf, as a result of the LOAN.

10.    "COMMUNICATIONS" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

11.    "PROPERTY" means real estate which was security for the LOAN YOU received from AMERIQUEST.

12.    The term "PRINCIPAL DWELLING" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where YOU have resided most of the time.

13.    "DOCUMENT" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars,

2

logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "DOCUMENT" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

14.     "RELATING TO," when used in reference to a DOCUMENT, means that the DOCUMENT constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

15.     "COMMUNICATION" or "COMMUNICATIONS" means and includes correspondence, conversations, and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile, or other mode of transmission.

## INSTRUCTIONS

1.     YOU are required to produce requested LOAN DOCUMENTS as they have been kept by YOU in the ordinary course, and to produce other DOCUMENTS as they are kept in the ordinary course or to organize and label them to correspond to the categories of DOCUMENTS requested. DOCUMENTS found attached or joined to other DOCUMENTS by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If DOCUMENTS are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual DOCUMENTS is maintained.

2.     The document requests set forth below pertain to all DOCUMENTS available to YOU, including all DOCUMENTS in YOUR possession, custody or control.

3.     Unless otherwise specified, the document requests set forth below pertain to DOCUMENTS that were prepared, generated, written, sent, dated or received during the time period from January 1, 2004 to the date of YOUR production.

4. If any responsive DOCUMENT was, but is no longer in YOUR possession, custody or control, provide the following information;

    (a)    The disposition of the DOCUMENT;

    (b)    The date such disposition was made;

    (c)    The custodian of the DOCUMENT at the time YOU disposed of the DOCUMENT, and any present custodian of the document, if known;

    (d)    Identify the PERSON who made the decision to dispose of the DOCUMENT;

    (e)    State the reason for the disposition;

    (f)    Describe the DOCUMENT and the contents of the DOCUMENT, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

    (a)    Identify the nature of the privilege (including work product) that is being claimed; and

    (b)    Provide the following information in a privilege log accompanying YOUR response:

        (i)    The paragraph of this request to which such DOCUMENT is responsive;

        (ii)    The type of DOCUMENT,

        (iii)    The general subject matter of the DOCUMENT;

        (iv)    The date of the DOCUMENT, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

6. If any part of a DOCUMENT is responsive, produce the entire DOCUMENT. If YOU assert privilege with respect to any part of a responsive DOCUMENT, redact the privileged portion and indicate clearly on the DOCUMENT where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted DOCUMENTS should be produced even if

YOU believe that the non-redacted portion is not responsive. Please identify redactions on YOUR privilege log in the same manner as withheld DOCUMENTS.

7.    If YOU withhold any DOCUMENT responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such DOCUMENTS withheld, the asserted basis for withholding the DOCUMENTS, the custodian, the date of the DOCUMENTS, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the DOCUMENTS and the paragraph of this Request to which each such DOCUMENTS relates.

8.    DOCUMENTS in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If YOU believe that production in a specified electronic format is overly burdensome, YOU should so state in YOUR response to these requests and produce DOCUMENTS in reasonably usable form. Defendant reserves the right to seek the production of additional DOCUMENTS in an alternative form or format from that in which they were originally produced.

9.    If, in responding to this DOCUMENTS request, YOU believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

10.    YOUR obligation to produce DOCUMENTS responsive to these requests is continuing. If YOU create or discover responsive DOCUMENTS after YOUR initial response to these requests, promptly produce such DOCUMENTS in accordance with these instructions or follow the procedures specified for DOCUMENTS withheld under a claim of privilege or otherwise.

11.    These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If DOCUMENTS are responsive to more than one request, YOU should so note in YOUR response and produce each such DOCUMENTS in response to the request that is more specifically directed to the subject matter of the particular DOCUMENTS.

12.    Should YOU obtain any other DOCUMENTS or information which would supplement or modify the DOCUMENTS or information supplied by YOU in response to this request, YOU are directed, pursuant to FRCP 26(e), to give timely notice of such DOCUMENTS

and information and to furnish the additional DOCUMENTS or information to AMERIQUEST without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All DOCUMENTS RELATING TO AMERIQUEST.

**REQUEST NO. 2:**

All DOCUMENTS provided to YOU by AMERIQUEST.

**REQUEST NO. 3:**

All DOCUMENTS YOU have provided to AMERIQUEST.

**REQUEST NO. 4:**

All DOCUMENTS that were present at the LOAN CLOSING.

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO any COMMUNICATION(S) YOU have had with any PERSON (excluding privileged communications with YOUR attorneys) regarding any of the matters alleged in the COMPLAINT.

**REQUEST NO. 6:**

All DOCUMENTS which identify any PERSON who has knowledge concerning any of the matters alleged in the COMPLAINT.

**REQUEST NO. 7:**

All DOCUMENTS created and/or maintained by any PERSON, including but not limited to, notes, journals, ledgers, and diaries, RELATING TO any of the matters alleged in the COMPLAINT.

**REQUEST NO. 8:**

All DOCUMENTS, including any written statement, affidavit, or declaration that YOU have obtained from any PERSON concerning any matter alleged in the COMPLAINT.

**REQUEST NO. 9:**

All DOCUMENTS RELATING TO the allegations, assertions, facts or claims in the COMPLAINT, including, but not limited to, transcribed testimony, any writings made with respect to YOU or YOUR attorneys' interviews of such PERSON, or any other such DOCUMENTS.

**REQUEST NO. 10:**

All DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and any PERSON regarding the subject matter of the COMPLAINT.

**REQUEST NO. 11:**

All DOCUMENTS RELATING TO any products or services offered or provided to YOU by AMERIQUEST.

**REQUEST NO. 12:**

All DOCUMENTS RELATING TO any transactions between YOU and AMERIQUEST, or any alleged affiliate of AMERIQUEST.

**REQUEST NO. 13:**

All DOCUMENTS RELATING TO any COMMUNICATIONS involving YOU RELATING TO AMERIQUEST, or any alleged affiliate of AMERIQUEST.

**REQUEST NO. 14:**

All DOCUMENTS RELATING TO any products or services offered or provided by any lender to YOU after January 1, 2004.

**REQUEST NO. 15:**

All DOCUMENTS sufficient to identify all past or current litigation in which YOU were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 16:**

DOCUMENTS sufficient to show the ownership or lease by YOU of any real estate from January 1, 2000 to the present.

**REQUEST NO. 17:**

DOCUMENTS sufficient to identify YOUR income, expenses, assets, debt, and liabilities for each year between January 2004 and the present.

**REQUEST NO. 18:**

All DOCUMENTS showing bank account deposits maintained or drawn upon by YOU at any time from January 1, 2004 to the present, including periodic statements for any checking account, savings account, money market, or any other type of account in which YOU are or were a user, signatory, beneficiary or other type of person with access to the account.

7

**REQUEST NO. 19:**

All DOCUMENTS for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which YOU are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2004 to the present.

**REQUEST NO. 20:**

All DOCUMENTS for any stock purchase accounts, mutual fund account, or any other investment account in which YOU are or were a user, signatory, beneficiary or other type of person with access to the account during the period from January 1, 2004 to the present.

**REQUEST NO. 21:**

All periodic statements for any credit card, debit card, or any other type of card YOU used for purchases from January 1, 2004 to the present, including any and all DOCUMENTS reflecting the status of any payments, late payments, card termination, or debt collection efforts.

**REQUEST NO. 22:**

All DOCUMENTS or records of property taxes assessed, paid, or owed on any real property that was owned in whole or in part by YOU on or after January 1, 2004 to the present.

**REQUEST NO. 23:**

All credit reports, credit statements, or other DOCUMENTS reflecting YOUR credit score or status from January 1, 2004 to the present.

**REQUEST NO. 24:**

DOCUMENTS sufficient to identify YOUR debt outstanding from January 1, 2004 through the present.

**REQUEST NO. 25:**

All DOCUMENTS RELATING TO the value of the PROPERTY at any time from January 1, 2004 to the present including any appraisals or valuations.

**REQUEST NO. 26:**

Any credit application or other statement of YOUR income, assets, or debt at any time from January 1, 2004 to the present.

**REQUEST NO. 27:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and AMERIQUEST.

**REQUEST NO. 28:**

All DOCUMENTS RELATING TO YOUR LOAN from AMERIQUEST including LOAN DOCUMENTS.

**REQUEST NO. 29:**

All DOCUMENTS RELATING TO YOUR COMMUNICATIONS with a mortgage broker.

**REQUEST NO. 30:**

All DOCUMENTS RELATING TO any loan obtained by YOU or any attempts by YOU to obtain a loan from January 1, 2004 to the present.

**REQUEST NO. 31:**

All DOCUMENTS RELATING TO any credit obtained by YOU which YOU challenged or about which YOU complained.

**REQUEST NO. 32:**

All DOCUMENTS RELATING TO any bankruptcy proceeding filed by YOU.

**REQUEST NO. 33:**

All pleadings served or filed in any lawsuit filed by YOU or involving YOU.

**REQUEST NO. 34:**

All DOCUMENTS RELATING TO any complaints, grievances, or reports made by YOU to any PERSON RELATING TO AMERIQUEST.

**REQUEST NO. 35:**

All DOCUMENTS RELATING TO YOUR attempts to rescind a LOAN from AMERIQUEST.

**REQUEST NO. 36:**

All DOCUMENTS which YOU contend support YOUR allegations, claims, or requests for statutory, actual, attorneys' fees, costs or punitive damages in the COMPLAINT.

**REQUEST NO. 37:**

All DOCUMENTS RELATING TO any injury or damages that YOU claim to have suffered as a result of the allegations in the COMPLAINT.

9

**REQUEST NO. 38:**

All DOCUMENTS supporting YOUR contention that YOU are able to meet YOUR tender obligations or which otherwise show that YOU are financially able to reimburse AMERIQUEST for any LOAN PROCEEDS paid to YOU or on YOUR behalf.

**REQUEST NO. 39:**

All DOCUMENTS supporting YOUR contention that YOU have sustained damages as a result of any act or omission of AMERIQUEST.

**REQUEST NO. 40:**

All DOCUMENTS RELATING TO YOUR purchase or sale of the PROPERTY.

**REQUEST NO. 41:**

DOCUMENTS sufficient to show YOUR current ownership interest in the PROPERTY.

**REQUEST NO. 42:**

All DOCUMENTS RELATING TO COMMUNICATIONS to, from, or with YOUR lawyers or anyone acting on their behalf prior to the date when YOU first retained that law firm to represent YOU.

**REQUEST NO. 43:**

All DOCUMENTS RELATING TO any effort to refinance the LOAN.

**REQUEST NO. 44:**

All DOCUMENTS which YOU contend support YOUR allegations in the COMPLAINT.

**REQUEST NO. 45:**

All DOCUMENTS RELATING TO any rental property owned by YOU at any time from January 2004 to the present.

**REQUEST NO. 46:**

All DOCUMENTS RELATING TO any business or commercial use of any real property owned by YOU such as leases, rental agreements, or documents related to a home office or business operated out of YOUR home.

**REQUEST NO. 47:**

All DOCUMENTS RELATING TO any agricultural use of any property owned by YOU such as for the production, harvest, exhibition, marketing, transportation, processing or

10

manufacture of agricultural products, the care of livestock, farmland, real property with a farm residence, and personal property and services used in farming.

**REQUEST NO. 48:**

All DOCUMENTS RELATING TO YOUR use or intended use of the LOAN PROCEEDS.

**REQUEST NO. 49:**

All DOCUMENTS reflecting any insurance policy in effect at any time from January 1, 2004 to the present including auto and homeowner's insurance.

**REQUEST NO. 50:**

YOUR automobile registrations from January 1, 2004 to the present.

**REQUEST NO. 51:**

All DOCUMENTS from the purchase or lease of any vehicle including any automobile, motorcycle, boat, trailer, recreational vehicle, or any other type of vehicle including the sale, purchase, or lease agreement.

**REQUEST NO. 52:**

All DOCUMENTS from any financing YOU have obtained from January 1, 2004 to the present.

**REQUEST NO. 53:**

All DOCUMENTS showing the source of funds for any real estate YOU purchased after January 1, 2004.

**REQUEST NO. 54:**

All utility bills including phone, electricity, gas, and water for any property which YOU have owned, leased, or lived for any period of time from January 1, 2004 to the present.

**REQUEST NO. 55:**

All DOCUMENTS identified in YOUR responses to AMERIQUEST'S Interrogatories propounded upon YOU.

**REQUEST NO. 56:**

All DOCUMENTS RELATING TO YOUR contention that any alleged wrongful act or omission by AMERIQUEST against YOU was intentional.

11

**REQUEST NO. 57:**

All DOCUMENTS RELATING TO YOUR contention that "Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinance transaction did not comply with the requirements of the Truth in Lending Act" as alleged in paragraph 7 of the COMPLAINT.

**REQUEST NO. 58:**

All DOCUMENTS RELATING TO YOUR contention that "the Notice of Right to Cancel forms that were delivered to plaintiffs at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23 (b)(1)(v)" as alleged in paragraph 7 of the Complaint.

**REQUEST NO. 59:**

All DOCUMENTS RELATING TO YOUR contention that "Ameriquest misled plaintiffs as to the interest rate that they would be charged, thereby violating 12 C.F.R. § 226.18" as alleged in paragraph 7 of the COMPLAINT.

**REQUEST NO. 60:**

All DOCUMENTS RELATING TO YOUR contention that "In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance" as alleged in paragraph 11 of the COMPLAINT.

**REQUEST NO. 61:**

All DOCUMENTS RELATING TO YOUR contention that "Ameriquest baited plaintiffs into a mortgage transaction by offering a relatively favorable set of terms and then switched to more expensive terms" as alleged in paragraph 11 of the COMPLAINT.

**REQUEST NO. 62:**

All DOCUMENTS RELATING TO YOUR contention that "in or about May 2005, an Ameriquest representative misled plaintiff Michael F. O'Keefe III by telling him on the telephone that he would be getting a fixed rate mortgage and then giving plaintiffs an adjustable rate mortgage" as alleged in paragraph 11 of the COMPLAINT.

**REQUEST NO. 63:**

All DOCUMENTS RELATING TO YOUR contention that "Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable State law" as alleged in paragraph 12 of the COMPLAINT.

12

**REQUEST NO. 64:**

All DOCUMENTS RELATING TO YOUR contention that "Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury" as alleged in paragraph 13 of the COMPLAINT.

**REQUEST NO. 65:**

All DOCUMENTS RELATING TO YOUR contention that "Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest" as alleged in paragraph 14 of the COMPLAINT.

**REQUEST NO. 66:**

All DOCUMENTS RELATING TO YOUR contention that "Defendants AMC Mortgage Services knowingly aided and abetted this illegal behavior by Ameriquest and is therefore also liable to plaintiffs" as alleged in paragraph 14 of the COMPLAINT.

DATED: July 9, 2013                              Respectfully submitted,

By: _____

*Attorneys for Defendant Ameriquest Mortgage Company*

Joanne N. Davies (admitted *pro hac vice*)
Buchalter Nemer
18400 Von Karman Ave., Ste. 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612.

On the date set forth below, I served the foregoing document described as:

### DEFENDANT AMERIQUEST MORTGAGE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED UPON MICHAEL O'KEEFE

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

| | |
|---|---|
| Daniel Harris, Esq.<br>Anthony P. Valach, Esq.<br>The Law Offices of Daniel Harris<br>150 N. Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Email: lawofficedh@yahoo.com<br>Email: anthonyvalach@gmail.com | *Counsel for Plaintiff Michael O'Keefe* |
| Albert Edwin Fowerbaugh , Jr., Esq.<br>Jennifer M. Bisenius, Esq.<br>Butler, Rubin, Saltarelli & Boyd LLP<br>70 West Madison<br>Suite 1800<br>Chicago, IL 60602<br>Email: afowerbaugh@butlerrubin.com<br>Email: jbisenius@butlerrubin.com | *Counsel for Chicago Title Insurance Company* |

☒ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on July 9, 2013. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒ **BY EMAIL** On July 9, 2013, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

BN 14365213v1

☒     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on July 9, 2013 at Irvine, California.

Raquel Moreno

_____

_____
(Signature)