**EXHIBIT B**



**BuchalterNemer**
A Professional Law Corporation

18400 VON KARMAN AVENUE, SUITE 800 IRVINE, CALIFORNIA 92612-0514
TELEPHONE (949) 760-1121 / FAX (949) 720-0182

File Number: L7526-0723
Direct Dial Number: (949) 224-6221
Direct Facsimile Number: (949) 224-6209
E-Mail Address: *jdavies@Buchalter.com*

June 28, 2013

**VIA FEDEX TWO DAY DELIVERY,**
**SIGNATURE WAIVED**

Mr. Forrest Pendergraph
9700 Granny Walker Cemetery Road
Soddy Daisy, TN 37379

    Re:    *Arndt, et al., v. Ameriquest Mortgage Company*, N.D. Ill. Case No. 06-cv-02479
           **Meet and Confer Regarding Inadequate Discovery Responses**

Dear Mr. Pendergraph:

    We are in receipt of the documents and responses that you provided in response to Ameriquest Mortgage Company's requests for production, interrogatories, and requests for admission. The responses that we received do not comply with your discovery obligations. As such, we would like to schedule a time to speak with you about your discovery responses pursuant to Local Rule 37.2's meet and confer requirements. The purpose of this letter is to set forth the issues that we would like to discuss with you on the telephone.

### Requests for Production

    Federal Rule of Civil Procedure 34(2)(B) requires that a party must provide a written response to each request identifying whether all responsive documents have been produced. Instead of doing so you handwrote on page 1 that "My answers are the same as my mother's, Maria Arndt." This response does not satisfy your discovery obligations as you have an independent duty to produce documents that are in your possession, custody, and control. Moreover, as set forth in the meet and confer letter to Ms. Arndt, her responses do not satisfy her discovery obligations as it is impossible for Ameriquest to determine which requests for production she is responding to and for which requests for production she is withholding documents because she had questions about what is being requested.

    For instance, Request No. 12 asks you to produce documents that identify your income for certain years but the production does not include any income documentation. As another example, Request No. 13 asks you to produce documents that would show what monies you have deposited into your bank account but the production does not include any bank statements or other documents that would provide this information. Since income documents and bank statements are documents that a person would normally have it appears that you are withholding those from production. These documents should be produced.

BuchalterNemer

Mr. Forrest Pendergraph
June 28, 2013
Page 2

During our meet and confer call we can answer any questions that you may have about what documents a particular request in seeking. You will then need to provide a written response to each request for production and produce responsive documents that you have not already provided to us.

### Interrogatories

You failed to provide a written response to each interrogatory and instead on page 1 stated that "My answers are the same as my mother's, Maria Arndt." You have an independent obligation to respond to discovery and you failed to supply the information required by the interrogatories. Moreover, as set forth below, Ms. Arndt's interrogatory responses were deficient so your reliance on them is improper and misplaced.

> **INTERROGATORY NO. 1**: For each cause of action in your complaint, Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contentions.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 1**: I was recovering from TB and I had a lot of bills and they were pressing me to do the loan. They sent a girl to the house to sign the papers and she misled me. They agreed to let me pay $300.00 per month.

Ms. Arndt's response to Interrogatory No. 1 is inadequate as it is not complete. For instance, she states there were "a lot of bills" but does not identify or describe the creditor for the bill, amount of the bill, etc. She also claims that "they were pressing me to do the loan" but fails to identify which Persons she is referring to and what communications she is referencing. Further, while Ms. Arndt states she was misled by a girl who came the house she does not explain how she was misled. Moreover, she states that "they" agreed to let her pay $300 per month but she does not identify to whom "they" refers and to whom she would be paying $300 per month. The response she provided does not address many of the factual allegations in the complaint. Finally, her response does not attempt to answer these questions on your behalf.

Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

> **INTERROGATORY NO. 2:**
> Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that (if any) that any defendant inflated the appraisal of your property.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 2:**
> My property was not worth half of what they said. They told me not to worry about it.

Ms. Arndt's response to Interrogatory No. 2 is inadequate as it provides incomplete information. For instance, she says that the "property was not worth had they said," but she provides no explanation as to whom "they" refers to, what value they said, and why she believes the property was not worth what they said. Nor does her response attempt to answer these questions on your behalf.

BuchalterNemer

Mr. Forrest Pendergraph
June 28, 2013
Page 3

Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

> **INTERROGATORY NO. 3:** Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications upon which You rely in support of Your contention that (if any) any alleged wrongful act or omission by Ameriquest Mortgage Company against You was intentional.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 3:** They didn't pay off anything they agreed to pay.

Ms. Arndt's response to Interrogatory No. 3 is inadequate as it is vague and incomplete. For instance, she again says that "they" didn't pay off what they agreed to pay but she does not identify to whom "they" refers and she does not provide any information as to what she believes "they" agreed to pay. Nor does her response attempt to answer these questions on your behalf.

Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

> **INTERROGATORY NO. 4:** Identify all facts, including all related Documents, Persons having knowledge of such facts, and Communications, upon which You rely in support of Your contention that (if any) any defendant engaged in any fraudulent or misleading act or practice as alleged in the Complaint.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 4:** They tricked me into signing the papers and they didn't pay me what they were supposed to pay.

Ms. Arndt's response to Interrogatory No. 4 is inadequate as it is vague and incomplete. For instance, she states "they" tricked her and "they" didn't pay her but she does not identify to whom she is referring to as "they." She also does not identify what she believes she was supposed to be paid, why she believes she was supposed to be paid a certain amount, and what amount she received instead. Nor does her response attempt to answer these questions on your behalf.

Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

> **INTERROGATORY NO. 5:** For any real estate owned by you at any time from January 1, 2002 to January 1, 2008, state (a) the address; (b) the date of Your purchase or lease of it; (c) the dates You resided there; (d) Identify all Persons leasing or using the property and dates thereof; and (e) Describe how the Property has been Used from January 2000 to the present.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 5:** This is the only house I owed [sic] in the last 10 years.

Ms. Arndt's response to Interrogatory No. 5 is inadequate as it provides only a partial response. She failed to explain why she purchased the property, the dates she resided at the property, the identification of any other Person who has resided at the property and dates they resided at the property, and she didn't explain how the property has been used during the requested time period. Nor does her response attempt to answer these questions on your behalf.

BuchalterNemer

Mr. Forrest Pendergraph
June 28, 2013
Page 4

Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

> **INTERROGATORY NO. 7:** For your contention (if any) that you received less favorable loan terms than as represented by any defendant state the circumstances of You learning of the less favorable term including the date and whether or not You learned of the less favorable term in advance of the Closing and/or signing of the Loan Documents.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 7:** They changed the papers.

Ms. Arndt's response to Interrogatory No. 7 is inadequate and is non-responsive as it does not answer the question posed. Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

> **INTERROGATORY NO. 9:** Identify each item of damage or cost You claim Ameriquest Mortgage Company is liable for, separately for each cause of action and for each wrongful act or omission by Ameriquest, including the dates of occurrence, amount, the total damages and show how You computed the damage.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 9:** I was tricked and had to file Chapter 13 because of what Ameriquest did.

Ms. Arndt's response to Interrogatory No. 9 is inadequate as it is non-responsive as it does not answer the question posed. If you claim you have been damaged by Ameriquest you need to identify each item of damage, the amount of the damage, and an explanation of how you calculated the damage. Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

> **INTERROGATORY NO. 10:** If You contend You are able to pay back to Ameriquest Mortgage Company the amount of the Loan Proceeds less any payment to Ameriquest by You, state any and all facts supporting Your contention including an identification of the means by which You intend to pay back Ameriquest and any and all steps You have taken to ensure that You are able to obtain the requisite funds to rescind the Loan.
>
> **MARIA ARNDT RESPONSE TO INTERROGATORY NO. 10:** I was tricked. Why should I pay.

Ms. Arndt's response to Interrogatory No. 10 is inadequate as it does not answer the question posed. You need to explain how you plan to tender any rescission amounts back to Ameriquest should you prevail on your claims. Instead of relying on Ms. Arndt's response, you must provide a complete response based on the knowledge that you have.

### Requests for Admission

The requests for admission served upon you have already been deemed admitted by the Court. *See* Judge Martin's Discovery Order, MDL Dkt. 5181. As a result, we do not need to meet and confer with you regarding your responses to the requests for admission.

BuchalterNemer

Mr. Forrest Pendergraph
June 28, 2013
Page 5

     Please contact me by telephone or email by July 5, 2013 so that we can schedule a mutually convenient date and time for our meet and confer telephone call which should take place sometime during the week of July 8th. I am generally available during the week of July 8th from 1 p.m. – 7 p.m. EDT.

     On the call we will also have an opportunity to discuss what options may exist for resolution of this matter. In the event you would like to be considered for a loan modification, we are enclosing your current loan servicer, Ocwen Loan Servicing, LLC's, hardship package for your review and completion. A loan modification with an interest rate and payment reduction may be available to you, but Ocwen is unable to determine what it is willing to offer to you without reviewing your current financial situation. We encourage you and Ms. Arndt to fill-out the hardship package and return it to our office. You are not obligated to accept a loan modification from Ocwen, but it is at least worth applying to find out whether there is a loan modification that may be agreeable to you. If you receive a loan modification offer that you would like to accept then Ms. Arndt's bankruptcy counsel, Mr. Banks, can submit the required documentation to the bankruptcy court for its review and approval.

     Please return the completed Ocwen hardship package with the requested supporting income documents to me in the enclosed, return FedEx envelope. A label has already been included with the FedEx envelope so all you will need to do is place the envelope in a FedEx drop box.

     If you have any questions, please do not hesitate to contact me.

                          Very truly yours,

                          BUCHALTER NEMER
                          A Professional Corporation

By *[signature]*

                          Joanne N. Davies

Enclosures

BN 14354623v1



**BuchalterNemer**
A Professional Law Corporation

18400 VON KARMAN AVENUE, SUITE 800 IRVINE, CALIFORNIA 92612-0514
TELEPHONE (949) 760-1121 / FAX (949) 720-0182

File Number: L7526-0723
Direct Dial Number: (949) 224-6221
Direct Facsimile Number: (949) 224-6209
E-Mail Address: *jdavies@Buchalter.com*

July 10, 2013

**VIA OVERNIGHT MAIL**

Mr. Forrest Pendergraph
9700 Granny Walker Cemetery Road
Soddy Daisy, TN 37379

Re: *Arndt, et al., v. Ameriquest Mortgage Company,* N.D. Ill. Case No. 06-cv-02479
**Meet and Confer Regarding Inadequate Discovery Responses**

Dear Mr. Pendergraph:

On June 28, 2013, I sent you a letter detailing the problems with your discovery responses and requesting that you contact me by July 5, 2013 to schedule a time for a telephone call so that you and I could discuss the problems with your discovery responses. FedEx delivered my letter to you on July 2, 2013. Despite my request, you failed to contact me to schedule a telephone call and you have not otherwise responded to my letter.

If you want to continue to pursue your claims as a plaintiff in this case you have an obligation to make yourself available to talk to me about these discovery issues. Since you are refusing to communicate with me regarding the problems with your discovery responses you leave us with no option but to bring this matter to the attention of the Court.

If you are willing to discuss the outstanding discovery issues and/or would like to discuss settlement options, please call me immediately upon receipt of this letter at (949) 224-6221.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By *[signature]*
Joanne N. Davies



**BuchalterNemer**
A Professional Law Corporation

18400 VON KARMAN AVENUE, SUITE 800 IRVINE, CALIFORNIA 92612-0514
TELEPHONE (949) 760-1121 / FAX (949) 720-0182

File Number: L7526-0723
Direct Dial Number: (949) 224-6221
Direct Facsimile Number: (949) 224-6209
E-Mail Address: *jdavies@Buchalter.com*

August 15, 2013

**VIA OVERNIGHT MAIL**

Mr. Forrest Pendergraph
9700 Granny Walker Cemetery Road
Soddy Daisy, TN 37379

Re: *Arndt, et al., v. Ameriquest Mortgage Company*, N.D. Ill. Case No. 06-cv-02479
**Meet and Confer Regarding Inadequate Discovery Responses**

Dear Mr. Pendergraph:

On June 28, 2013, I sent you a letter detailing the problems with your discovery responses and requested that you contact me by July 5, 2013 to schedule a time for a telephone call so that you and I could discuss the problems with your discovery responses. Despite my request, you failed to contact me to schedule a telephone call and you have not otherwise responded to my letter.

On July 10, 2013, I sent you a follow-up letter advising that if you wanted to continue to pursue your claims as a plaintiff in this case you have an obligation to make yourself available to talk to me about the deficiencies with your discovery responses. Again, despite my request you failed to contact me or otherwise respond to my letter.

If you do not make yourself available for a meet and confer telephone call by **August 23, 2013**, we will bring this matter to the attention of the Court.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By _____
Joanne N. Davies