IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: | Centralized before The Honorable Marvin E. Aspen |
| *Villagran v. Ameriquest Mortgage Company, et al.*, N.D. Ill. Case No. 06-cv-05699 | Assigned to Magistrate Judge Daniel G. Martin |

## MOTION TO DISMISS COMPLAINT OF MAYNOR VILLAGRAN FOR WANT OF PROSECUTION

Defendant Ameriquest Mortgage Company ("Ameriquest") respectfully moves for an order dismissing the complaint of plaintiff Maynor Villagran ("Plaintiff") pursuant to Federal Rule of Civil Procedure, Rule 41(b).

In support of its motion, Ameriquest states as follows:

1. As set forth in Ameriquest's Amended Motion to Compel Discovery Responses [MDL Dkt. 5172] ("Motion to Compel"), Plaintiff has been unresponsive to Ameriquest's attempts to engage in settlement discussions or settlement discussions have not resulted in resolution. Motion to Compel, ¶ 1.

2. As a result, Ameriquest propounded discovery requests to Plaintiff in an effort to move the matter closer to resolution. Plaintiff was sent requests for production, interrogatories, and requests for admission. However, Ameriquest did not receive any response from Plaintiff. *Id.* at ¶ 2.

3. On January 24, 2013, Ameriquest's Motion to Compel came on for hearing before Magistrate Judge Daniel G. Martin. Ameriquest's Motion to Compel was granted. The Court ordered Plaintiff to respond to the outstanding discovery within fifteen (15) days from the date of the order – by February 9, 2013 ("Discovery Order"). [Dkt. 5181]. The Court also admonished

Plaintiff that it may recommend that Plaintiff's claims be dismissed if Plaintiff did not respond to the discovery or provide something in writing to indicate that he intended to proceed with the litigation.

4. At the March 7, 2013 status hearing before Judge Martin, Ameriquest notified the Court that Plaintiff failed to provide written discovery responses. Plaintiff's counsel, William Spielberger, requested that the Court allow Plaintiff until April 23, 2013 to provide responses to the outstanding discovery.

5. At the May 2, 2013 status hearing, Ameriquest's counsel advised the Court that Plaintiff failed to comply with this Court's order, [Dkt. 5229], requiring Plaintiff to respond to the outstanding discovery by April 23, 2013. At the status hearing, Mr. Spielberger, agreed that Plaintiff would provide written responses to the discovery by May 16, 2013. However, Plaintiff failed to provide any written responses to the outstanding discovery by May 16, 2013.

6. At the July 18, 2013 status hearing, Ameriquest advised the Court that Plaintiff had on at least three separate occasions been ordered to respond to the outstanding discovery, without objection. Each time Plaintiff had ignored this Court's orders and refused to provide written responses to the discovery. The Court ordered Plaintiff to "provide complete responses to outstanding discovery by 7/25/13" and stated that if Plaintiffs "does not provide complete discovery responses by 7/25/13, this Court recommends that Ameriquest file a motion to dismiss for want of prosecution with the district court [ MDL Dkt. 5326].

7. Ameriquest still has not received any written discovery responses from Plaintiff. Plaintiff continues to ignore this Court's Discovery Order and subsequent orders and has failed to take any action to pursue his claims. Plaintiff should not be allowed to completely ignore his discovery obligations and fail to prosecute his claims.

8. Pursuant to Federal Rules of Civil Procedure 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this

subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."

WHEREFORE, for the foregoing reasons, Ameriquest respectfully requests this Honorable Court dismiss, with prejudice, Plaintiff's claims for want of prosecution, or in the alternative issue an Order to Show Cause as to why Plaintiff's claims should not be dismissed.

DATED: October 2, 2013          Respectfully submitted,

By: /s/ Joanne N. Davies
*Attorneys for Ameriquest Mortgage Company*

Joanne N. Davies, Esq. (admitted *pro hac vice*)
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 2nd day of October 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, notice was provided to the following via electronic delivery and first class mail:

William F. Spielberger, Esq.           Plaintiff's counsel
William F. Spielberger & Associates, P.C.
53 West Jackson Blvd., Suite 1231
Chicago, IL 60604
bartleby.scriviner@sbcglobal.net
wm.spielberger@sbcglobal.net


                                    By: /s/ Joanne N. Davies