**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> ———————————————— <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) <br><br> Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST DEFENDANTS FOR OCTOBER 9, 2013
STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Defendants respectfully submit the following Status Report in connection with the status conference scheduled to take place on October 9, 2013 at 10:00 a.m. before Magistrate Judge Daniel G. Martin.

I.  **INTRODUCTION**

The status report will address the pending issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Defendants;

2. Status of certain plaintiffs who have failed to comply with their discovery obligations or this Court's orders;

    a. Motion to Compel Discovery Responses re: Plaintiffs Michael and Susan O'Keefe (pro se);

    b. Motion to Compel Further Discovery Responses re: Plaintiffs Maria Arndt and Forrest Pendergraph (pro se);

    c. Motion to Dismiss for Want of Prosecution re: Plaintiff Maynor Villagran; and

    d. Plaintiff Rosa Dailey's failure to comply with discovery obligations and Plaintiff Dailey's counsel's failure to comply with this Court's order to take reasonable steps to seek guardian ad litem.

3. Status of discovery regarding third-party claims.

1

## II. STATUS OF OPT-OUT PLAINTIFFS' CASES

### A. Cases Dismissed Since Last Status Hearing

- **15 opt-out cases** (involving **24 opt-out plaintiffs**) have been dismissed since the last status hearing.

### B. Remaining Cases

- **36 opt-out cases (involving 60 opt-out plaintiffs**) remain. Below is a breakdown of the remaining cases.

### C. Cases Where Settlement Agreements Have Been Circulated:

there are **7 opt-out** cases involving **13 opt-out plaintiffs** where settlement agreements have been circulated for signature.

### D. Cases Where Settlement Negotiations Are In Progress:

there are **13 opt-out cases** involving **18 opt-out plaintiffs** where settlement negotiations are in progress. These are often cases where opt-out plaintiffs are seeking loan modifications, deeds in lieu, or consent foreclosures from the loan servicers and the loan servicers are either waiting for additional documentation from opt-out plaintiffs or are in the process of reviewing opt-out plaintiffs' requests.

### E. Active Cases:

The Ameriquest Defendants are engaged in discovery with respect to the remaining cases.

## III. STATUS REGARDING CERTAIN PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH THEIR DISCOVERY OBLIGATIONS OR THIS COURT'S ORDERS

### A. Motion to Compel Discovery Responses from Michael and Susan O'Keefe

On October 1, 2013, Ameriquest filed its motion to compel discovery responses from Plaintiffs Michael and Susan O'Keefe [MDL Dkt. 5350]. The motion is based on the O'Keefe Plaintiffs' failure to provide any written responses to the outstanding discovery. The O'Keefe Plaintiffs failed to respond to Ameriquest's meet and confer efforts. In its motion, Ameriquest requests the following relief:

   **1.** An order compelling responses to the outstanding discovery within 30 days, without objection as all objections have been waived; and

   **2.** An order warning the O'Keefe Plaintiffs that if they do not respond to the discovery or notify Ameriquest's counsel, in writing, that they wish to participate in the litigation within 30 days, their claims will be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b).

  **B.** **Motion to Compel Further Discovery Responses from Plaintiffs Maria Arndt and Forrest Pendergraph**

On October 1, 2013, Ameriquest filed its motion to compel discovery responses from Plaintiffs Maria Arndt and Forrest Pendergraph [MDL Dkt. 5352]. The motion is based on the Arndt and Pendergraph Plaintiffs failure to provide further written responses and document production. The initial discovery responses provided were woefully inadequate and Ameriquest has made several efforts to contact the Arndt and Pendergraph Plaintiffs to discuss the numerous inadequacies of their discovery responses. The Arndt and Pendergraph Plaintiffs have repeatedly failed to respond to Ameriquest's meet and confer efforts.

In its motion, Ameriquest requests the following relief: An order compelling further responses to the outstanding discovery within 30 days, without objection as all objections have been waived.

  **C.** **Motion to Dismiss Complaint of Plaintiff Maynor Villagran for Want of Prosecution**

On July 18, 2013, this Court issued an order requiring Plaintiff Villagran, who is represented by attorney William Spielberger, to provide complete responses to outstanding discovery by July 25, 2013 [MDL Dkt. 5325]. Plaintiff Villagran refused and failed to do so and Mr. Spielberger failed to respond to Ameriquest's meet and confer efforts regarding the same. In its Order, the Court recommended that if Plaintiff Villagran did not comply with its order by July 25, 2013 that Ameriquest proceed with filing a motion to dismiss for want of prosecution with the district court. *Id.* Accordingly, on October 2, 2013, Ameriquest filed its Motion to Dismiss

Complaint of Maynor Villagran for Want of Prosecution [MDL Dkt. 5354] before the Honorable Judge Marvin E. Aspen. On October 7, 2013, Judge Aspen entered an order dismissing Plaintiff Villagran's claims against defendants for want of prosecution [Indiv. Dkt. 8].

### D. Plaintiff Rosa Dailey's Failure to Provide Written Discovery Responses or Otherwise Prosecute Her Claims

Plaintiff Rosa Dailey and her counsel, William Spielberger, have engaged in a pattern and practice of dilatory tactics and lack of diligence in prosecuting Plaintiff's claims and in carrying out their court ordered obligations. Further, Mr. Spielberger has repeatedly ignored and failed to engage in meet and confer communications with Defendants' counsel.

On May 9, 2012, Magistrate Judge Morton Denlow presided over a settlement conference on this matter and issued a settlement recommendation. Following the settlement conference Judge Denlow issued a minute entry requiring that Plaintiff Dailey communicate an acceptance or rejection of the recommendation to the Court and the Defendants by May 16, 2012 [MDL Dkt. 4920]. Plaintiff failed to provide any response and ignored communications from Defendant's counsel, Joanne Davies, seeking a response.

On July 9, 2012, a set of basic discovery was served on Plaintiff Dailey. Plaintiff Dailey failed to respond to the discovery and Mr. Spielberger ignored numerous meet and confer attempts by Ms. Davies.

On December 18, 2012, a motion to compel was filed seeking discovery from non-responsive Plaintiffs, including Plaintiff Dailey [MDL Dkt. 5159 and 5172]. Plaintiff filed no opposition to the motion to compel.

On January 25, 2013 this Court ordered Plaintiff Dailey to respond to the outstanding discovery, without objection, by February 9, 2013 [MDL Dkt. 5181]. Plaintiff Dailey failed to provide any written response to the discovery.

Nearly seven (7) months ago, at the March 7, 2013 status hearing, Mr. Spielberger first advised the Court that Plaintiff Dailey needed more time to respond to discovery and that he needed to investigate whether Plaintiff Dailey was competent to proceed with the litigation or if

4

she needed a guardian ad litem appointed. The Court granted Plaintiff Dailey an extension to April 23, 2013 to respond to the discovery and investigate the guardian ad litem issues [MDL Dkt. 5229]. Plaintiff Dailey did not provide discovery responses and Mr. Spielberger failed and refused to respond to Ms. Davies' meet and confer efforts.

In light of Mr. Spielberger's refusal to communicate with Ms. Davies regarding the status of discovery or the guardianship issue, on April 26, 2013, the Ameriquest Defendants filed a status report raising the concern that the guardianship issue was being used by Plaintiff Dailey and her counsel as a mere discovery delay tactic [MDL Dkt. 5278]. As demonstrated below, this appears to be exactly what has occurred.

At the May 2, 2013 status hearing, Mr. Spielberger represented that he would seek a guardian ad litem in state court by May 16, 2013 and that he would provide Ms. Davies with all documents in his possession regarding Plaintiff Dailey's claims [MDL Dkt. 5281]. Mr. Spielberger failed to seek a guardian ad litem and failed to produce the promised documents to Ms. Davies by May 16, 2013.[1]

While it seemed that the parties made some progress at the July 18, 2013, status hearing unfortunately it has proven to be illusory:

    1. *Guardian ad litem:* Although Mr. Spielberger agreed to take the necessary steps to seek a guardian ad litem in state court he has failed to undertake the appropriate steps to do so.[2] Mr. Spielberger filed a short 3 ½ page request for guardian ad litem, without providing the required clinical/physician's report as to Plaintiff Dailey's competency, before a state foreclosure judge seeking to have a guardian ad litem appointed (the proper forum for such a motion is before a probate court judge). On August 20, 2013, state court foreclosure Judge Darryl B. Simko issued an order advising Mr. Spielberger that he needed to either contact the Office of State Guardian about the possibility of representing Plaintiff Dailey and/or file the

---

[1] Mr. Spielberger ultimately produced documents that he had in his possession regarding Plaintiff Dailey's claims however, Plaintiff Dailey has not produced responsive documents.
[2] The Illinois Office of State Guardian maintains a website that provides comprehensive information on obtaining guardianships - http://gac.state.il.us/osg/osgfs.html. Filing a guardian ad litem before a state court foreclosure judge is an inappropriate forum for the relief sought.

5

15006276v1

appropriate petition in the Probate division. Judge Simko continued the matter to September 16, 2013. *See* Judge Simko's 8/20/13 Order attached hereto as **Exhibit A**. Mr. Spielberger acknowledged the substance of Judge Simko's order by email to Ms. Davies. *See* Mr. Spielberger's 8/20/13 email attached hereto as **Exhibit B**. Despite knowing that he filed the guardian ad litem motion in the wrong division, Mr. Spielberger did not refile the motion in the probate division. When the matter came up for hearing again on September 16, 2013, Judge Simko denied Plaintiff Dailey's motion and granted JPMC Special Mortgage, LLC's Judgment for Foreclosure and Sale on the property at issue in this litigation. *See* Judge Simko's 9/16/13 Order attached hereto as **Exhibit C** and Judgment for Foreclosure and Sale attached hereto as **Exhibit D**.

Seven months have passed since Mr. Spielberger claimed Plaintiff Dailey could not provide written responses to discovery on the grounds of competency but he still has not convinced any court to appoint a guardian ad litem and he has had ample opportunity to do so.

Accordingly, Plaintiff Dailey should be ordered to respond to written discovery by October 16, 2013 with a recommendation that if Plaintiff Dailey fails to respond to discovery by that date that Defendants may bring a motion to dismiss for want of prosecution; or alternatively Defendants request that this Court certify the facts relevant to the issue of contempt to Judge Aspen under 28 U.S.C. § 636(e)(6).

    2.  ***Settlement Discussions:*** At the status hearing, Mr. Spielberger provided Defendants with a written settlement demand. Defendants responded to the settlement demand with a good faith settlement offer which was in keeping with Judge Denlow's prior settlement recommendation. On August 8, 2013, Ms. Davies traveled from California to Chicago to appear at the Rosa Dailey settlement status hearing but Mr. Spielberger, whose office is but a few blocks away from the courthouse, failed to appear. At the hearing, Ms. Davies reported to the Court that a response to Plaintiff Dailey's settlement demand was recently provided to Mr. Spielberger and that she was waiting to receive a response. When later questioned by Ms. Davies, Mr. Spielberger's excuse for not attending the settlement status hearing is that it was not on his

6

calendar. Mr. Spielberger has since refused to engage in settlement negotiations, which while puzzling, is consistent with Mr. Spielberger's general litigation delay tactics. Plaintiff Dailey cannot be allowed to continue to exhaust Defendants' resources while blocking all attempts by Defendants to obtain discovery on her claims.

## IV. STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS

On September 24, 2012, certain Third-Party Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for a Suggestion of Remand [MDL Dkt. 5101]. Discovery against Third-Party Defendants has been stayed while the motion was pending. On September 3, 2013, Judge Aspen issued a memorandum and opinion denying the motion and lifting the stay on third-party discovery [MDL Dkt. 5346]. The order provides that the parties should confer as to what discovery remains and to conclude non-case specific discovery by January 31, 2014, with the caveat that this Court may adjust the discovery timetable as necessary.

The number of third-party claims is significant and while the Ameriquest Defendants will act diligently in pursuing the discovery they need, in light of the number of parties, loans, and documents at issue it anticipates that the January 31, 2014 deadline will not allow sufficient time for discovery to be completed.

### A. Scope of Number of Claims At Issue

In order to provide some context for the scope of the third-party claims, below is an exemplar of the number of third-party claims against a few of the Third-Party Defendants: (1) *Fidelity Third-Party Defendants* (approx.. 14 different corporate entities) – the third-party claims involve approximately **253 loans** for properties located in 21 states; (2) *Superior Third-Party Defendants* (approx.. 10 different corporate entities) – the third-party claims involve approximately **91 loans** in 9 states; and (3) *Mortgage Information Services, Inc. Defendants* – the third-party claims involve approximately 70 loans in 11 states.

There are also additional claims pending against other Third-Party Defendants which claims are not reflected in the above summary.

**B.     Status of Third-Party Defendant Discovery**

Prior to Third-Party Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, the Ameriquest Defendants had served written discovery on the Fidelity Entities and Mortgage Information Services, Inc.. After receipt of Judge Aspen's order allowing discovery, the Ameriquest Defendants' counsel met and conferred with counsel for the Fidelity Entities and MIS to try to informally resolve any objections to the pending discovery. While there will likely be some issues that will require the Court's attention the parties are still trying to work through them to narrow them down. However, an issue that is becoming clear is that the Third-Party Defendants have advised they need a significant amount of time to gather documents and information responsive to the pending discovery requests (at least several weeks for the Fidelity Entities). The Ameriquest Defendants are also propounding initial sets of discovery against the remaining Third-Party defendants.

Once the first round of discovery responses and documents are produced, the Ameriquest Defendants will then need an opportunity to review the production to determine whether any additional documents are required and then depositions will need to be scheduled. As a result, it is anticipated that the parties will need beyond January 31, 2014 to finish non-case specific discovery.

                                      Respectfully submitted,

Dated:   October 7, 2013             By:/s/ Joanne N. Davies
                                        *Attorneys for the Ameriquest Defendants*

                                        Joanne N. Davies
                                        BUCHALTER NEMER,
                                        A Professional Corporation
                                        18400 Von Karman Avenue, Suite 800
                                        Irvine, CA 92612
                                        Telephone: (949) 760-1121
                                        Facsimile: (949) 720-0182

                                        Randall L. Manvitz, Esq.
                                        Telephone: (415) 227-3644
                                        Facsimile: (415) 227-0700

15006276v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 7th day of October 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Joanne N. Davies

15006276v1