# EXHIBIT A

Order            (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WM SPECIALTY

v.      No. 97 CH 8810

BETTY JONES et al

### ORDER

This matter coming to be heard on defendant Rose Dailey's Request for Guardian ad Litem, attorney for the parties being present and the court being informed on the premises,

It is hereby Ordered:

1. This matter is continued to SEPTEMBER 16, 2013 at 9:30;
2. The court advises petitioner to consult with Public Guardian's Office and for the possibility of representing Rose Dailey and/or file the appropriate petition in the Probate division.

Atty. No.: 55858

Name: WM. SPIELBERGER

Atty. for: Rose Dailey

Address: 53 W. Jackson #1321

City/State/Zip: Ch IL 60604

Telephone: 312 834-0519

11-22544

**ENTERED:**

Dated: JUDGE DARRYL B. SIMKO
AUG 20 2013
CIRCUIT COURT - 1823

Judge        Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

# EXHIBIT B

# Davies, Joanne

**From:** William Spielberger <wm.spielberger@sbcglobal.net>
**Sent:** Tuesday, August 20, 2013 2:28 PM
**To:** Davies, Joanne
**Subject:** Rosa Dailey

Joanne,

I appeared in chancery this morning to present my motion to have a guardian appointed for Rosa Dailey. Judge Simko advised me to present the matter to probate for a hearing on competency, and continued my motion to September 16 at 9:30--a time time concurrent with JPMC's MSJ.
Bill Spielberger

1

# EXHIBIT C

Order (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JPMC SPECIALTY MORTGAGE

v.

No. 07 CH 008810

ROSA L. DAILEY

### ORDER

This matter coming to be heard on defendant Dailey's motion for the appointment of a Guardian ad Litem, the counsel for JPMC Specialty and Rosa Dailey being present, and the Court being fully informed on the premises, It Is Hereby Ordered, over defendant's objection, defendant Dailey's motion is denied.

Atty. No.: 55838

Name: K.M. Spielberger

Atty. for: Rosa Dailey

Address: 53 W. Jackson #1231

City/State/Zip: C, IL 60608

Telephone: 312-834-2519

14-11-22544

ENTERED:

JUDGE DARRYL B. SIMKO

Dated: SEP 16, 2013

CIRCUIT COURT – 1823

Judge                Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

# EXHIBIT D

Calendar Number 58
Cook County ID #21762

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, without recourse, assignee of Argent Mortgage Company, LLC<br>PLAINTIFF<br><br>Vs.<br><br>Rosa L. Dailey; ROC Investments, LLC<br>DEFENDANTS | No. 07 CH 008810<br><br>7431 S. Merrill Avenue<br>Chicago, IL 60649 |

### JUDGMENT FOR FORECLOSURE AND SALE

THIS CAUSE having been duly heard by this Court upon the record herein on the merits of the Complaint for Foreclosure filed by the Plaintiff and on Plaintiff's Motion for entry of Judgment for Foreclosure and Sale, (hereinafter referred to as Judgment) the Court

**FINDS:**

(1) **JURISDICTION:** The Court has jurisdiction over the parties hereto and the subject matter hereof.

(2) **ALLEGATIONS PROVEN:** This Judgment is fully dispositive of the interest of all defendants. All the material allegations of the Complaint filed pursuant to 735 ILCS 5/15-1504, those allegations being both required and those deemed alleged by virtue of subsection (c), are true and proven, that by entry of this Judgment for Foreclosure and Sale, the Mortgage which is the subject matter of these proceedings is extinguished and merged into Judgment and default no longer exists, but has been replaced by Judgment, and that by virtue of the Mortgage, and the evidences of indebtedness secured thereby alleged in the Complaint, there is due to the Plaintiff, and it has a valid subsisting lien on the property described hereafter, the following amounts:

| | |
|---|---|
| Principal, Accrued Interest and Advances by Plaintiff: | $245,106.95 |
| Costs of Suit: | $50.00 |
| Attorneys' Fees: | $1,420.00 |
| Interest at a rate of $26.60 per diem from 12/01/2012 to 09/16/2013 | $7,714.00 |
| TOTAL | $254,290.95 |

1

All the foregoing amounts have been accounted for in the Affidavit(s) filed by Plaintiff.

(3) **POST JUDGMENT INTEREST:** For the purposes of calculating Plaintiff's indebtedness at sale, interest shall accrue at 9% on the amount found due above pursuant to 735 ILCS 5/2-1303.

(4) **SUBORDINATE LIENS AND INTERESTS:**

> (a) The Court further finds that there is due and owing to the Defendants immediately hereinafter stated, if any, the sums set forth, as a lien(s) upon the subject premises subordinate and inferior to the lien and interest of the Plaintiff pursuant to the verified pleadings filed herein:

(5) **ATTORNEY FEES:** By its terms said Mortgage provides that the attorneys for the Plaintiff shall be entitled to an award of reasonable attorneys fees herein, and, that included in the above indebtedness are attorneys' fees as set forth in the attorney's certificate in the sum of $1,420.00.

(6) **COURT COSTS:** Under the provisions of said Mortgage, the costs of foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, and that such expenses incurred to date totaling $50.00 are hereby allowed to the Plaintiff.

(7) **ADVANCES:** That advances made subsequent to the execution of the affidavit of mortgagee in order to protect the lien of the Plaintiff and preserve the real estate, such as, but not limited to: real estate taxes or assessments, property inspections, property maintenance, insurance premiums, any other fees, charges and expenses which are recoverable under the terms of the mortgage, and post Judgment attorneys fees incurred by the plaintiff and not included in this judgment, but incurred prior to the conclusion of this foreclosure action, shall become an additional indebtedness secured by the Judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 735 ILCS 5/15-1503 and 15-1603.

(8) **PROPERTY FORECLOSED UPON:** The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder and/or Registrar for Cook County, Illinois, as Document No. 0524105108, and the property herein referred to and directed to be sold is described as follows:

THE NORTH 42 FEET OF LOT 20 IN BLOCK 1 IN THE SUBDIVISION OF LOTS 1 TO 5 INCLUSIVE AND 16 TO 20 INCLUSIVE IN BLOCK 7 IN STAVE AND KLEMM'S SUBDIVISION OF THE NORTHEAST 1/4 OF SECTION 25, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

COMMONLY KNOWN AS:   7431 S. Merrill Avenue
                     Chicago, IL 60649

TAX PARCEL NUMBER: 20-25-224-007

(9) **MORTGAGE NOTE:** The Mortgage herein referred to secures a Mortgage Note in the sum $153,750.00 which has been duly accelerated pursuant to the terms of the said subject note and mortgage.

(10)     **REDEMPTION:** The owner(s) of the equity of redemption are the mortgagors, property owners and any other party defendant named in the Complaint with the statutory right of redemption, with the exception of the Registrar of Titles, if named, and any party dismissed by order of Court.

  (a) The subject real estate is Residential as defined in 735 ILCS 5/15-1219.

  (b) The Court has obtained jurisdiction over the owners of the right of redemption as set forth in The Attorney's Certificate of Service and Defaulted Parties.

  (c) The redemption period will expire on the date as set forth in the provisions of 735 ILCS 5/15-1603(b).

  (d) The redemption period will expire on **12/17/13**.

(11) Based upon the pleadings, proofs and admission(s), Plaintiff has standing, capacity and authority to maintain this cause.

(12) The pleadings and proofs presented in the cause are sufficient to support the entry of this judgment.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

 (1) **JUDGMENT:** A Judgment for Foreclosure and Sale be entered pursuant to 735 ILCS 5/15-1506 against the subject property and all defendants not previously dismissed. The court finds that all attorney fees and costs requested herein are reasonable and allowable under the terms of the note and mortgage.

(2) **SALE:** The subject real estate is ordered to be sold pursuant to 735 ILCS 5/15-1507.

(3) **SALE PROCEDURES:**

  (a) The subject real estate shall be sold pursuant to statute at the expiration of the reinstatement period and the redemption period found to expire as set forth in paragraph 9 above.

3

(b) The Judicial Sale to be conducted pursuant to this Judgment for Foreclosure and Sale shall be by public auction. The opening bid shall be provided by the plaintiff and conducted by the Sheriff for Cook County or other Selling Officer as appointed by the Court and shall be conducted in full compliance with the statutory requirements contained in 735 ILCS 5/15-1507. In the event that Plaintiff fails to provide the Sheriff for Cook County or other Selling Officer as appointed by the Court with its initial bid, then the Sheriff for Cook County or other Selling Officer as appointed by the Court shall continue the sale to a date as mutually agreed upon by the Sheriff of Cook County or other Selling Officer as appointed by the Court, and Plaintiff's counsel and in compliance with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff providing its initial bid, then Plaintiff shall have the option to have the sale vacated and held for naught.

(c) The real estate shall be sold for cash or certified funds to the highest bidder with all sums due at the time of sale unless other terms are agreed to by the Plaintiff.

(d) Any purchaser at the Judicial Sale takes subject to any and all liens, encumbrances and any existing defects in title. The Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances or title defects nor makes any warranties, either express or implied, by virtue of the Judicial Sale.

(4) **NOTICE OF SALE:**

(a) The mortgagee, or such other party designated by the court, in a foreclosure under Article 15 shall give public Notice of the Sale pursuant to statute. The Notice of Sale shall include all information as stated in 735 ILCS 5/15-1507(c) parts (A)-(H) where such information is available to Plaintiff or Counsel for Plaintiff. Immaterial error in the information shall not invalidate the legal effect of the notice. The Notice of Sale shall contain at least the following information:

1. The name, address and telephone of the person to contact for information regarding the real estate.

2. The common address and other common description (other than legal description), if any, of the real estate.

3. A legal description of the real estate sufficient to identify it with reasonable certainty.

4. A description of the improvements on the real estate.

5. The real estate may NOT be inspected prior to sale.

6. The time and the place of the sale.

7. The terms of the sale.

    8. The title, case number and the court in which the foreclosure was filed.

    9. Any other information required herein or by separate order.

(b) The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by: (A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and (B) separate advertisements in the section of such a newspaper, which may not be the same newspaper used for section (A), in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and (C) such other publications as may be further ordered by the court.

(c) The party who gives notice of public sale shall also give notice of public sale to all parties in the action who have appeared and have not heretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint; not more than 45 days nor less than 7 days prior to the day of sale. After notice is given as required by statute, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

(d) The party who gives notice of public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need not be given.

(e) Notice of the sale may be given prior to the expiration of any reinstatement period or redemption period. No other notice by publication or posting shall be necessary.
(f) The person named in the notice of sale to be contacted for information about the real estate may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

### (5) SALE PROCEEDS:

(a) In the event the Plaintiff is purchaser of the mortgaged real estate at such sale, the Plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for foreclosure at the statutory interest rate from the date of Judgment through the date of sale plus any fees, costs and advances made after execution of the affidavit of mortgagee that was used in support of entry of this Judgment of Foreclosure and Sale, including , but not limited to any amounts allowed pursuant to the terms of the Note and Mortgage and any amounts allowed pursuant to 735 ILCS 5/15-1505 and 735 ILCS 5/15-1603.

5

(b) The proceeds of the sale shall be distributed in the following order pursuant to 735 ILCS 5/15-1512:

    1. The reasonable expenses of sale.

    2. The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, and, to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to Section 15-1505 and other legal expenses incurred by the mortgagee.

    3. Satisfaction of all claims in the order of priority as set forth in the Judgment for Foreclosure and Sale. If the issue of priorities was reserved pursuant to 735 ILCS 5/15-1506(h), the proceeds will be distributed as set forth in the order confirming sale.

    4. Any balance of proceeds due after the above distribution shall be held by the officer conducting the sale until further order of court.

(6) **RECEIPT UPON SALE AND CERTIFICATE OF SALE:** Upon and at the sale of mortgaged real estate, the person conducting the sale shall give to the purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid therefore. Upon payment in full of the amount bid, the person conducting the sale shall issue, in duplicate, and give to the purchaser a Certificate of Sale in recordable form which describes the real estate purchased and states the amount paid. The Certificate of Sale shall be freely assignable.

(7) **REPORT OF SALE:** The person conducting the sale shall promptly make a report to the court. The report of sale may be prepared by the Plaintiff to be reviewed and executed by the person conducting the sale and the person conducting the sale shall submit or cause to be submitted the report for review by the court at the time of Confirmation of Sale. The report shall include a copy of all receipts of sale.

(8) **CONFIRMATION OF SALE:** Upon motion and notice in accordance with court rules applicable to motions generally, the court shall conduct a hearing to confirm the sale pursuant 735 ILCS 5/15-1508. The mortgagee, or such other party designated by this court, shall send notice of such hearing.

    (a) Unless the court finds that either a notice required in accordance with 735 ILCS 5/15-1507(c) was not given, that the terms of the sale were unconscionable, that the sale was conducted fraudulently, or that justice was otherwise not done, the court shall then enter an order confirming the sale.

(b) The order confirming the sale shall include an order for possession which shall become effective 30 days after entry. The order for possession may be included in the order confirming sale or may be by separate order to be entered at the time of sale confirmation.

(c) If the proceeds of the sale are not sufficient to satisfy those sums due the Plaintiff, the Court shall enter a personal deficiency judgment pursuant to 735 ILCS 5/15-1508(e) providing that the Court finds that it has personal jurisdiction over the parties personally liable on the note and that said liability has not been discharged in bankruptcy. The Court shall enter an In Rem deficiency Judgment if it finds there to be no personal jurisdiction over those parties liable on the note or if there is no personal liability based on other findings by the court.

(9) **TERMINATION OF SUBORDINATE INTERESTS:** In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendants made parties to the foreclosure in accordance with statutory provisions, and all nonrecord claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and for each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

(a) This Judgment and all orders entered pursuant to said judgment are valid as stated above. The inadvertent failure to name a subordinate record claimant will not invalidate this judgment. Should such a record party not be party to this action, the Plaintiff may take title and file a subsequent action to determine the redemptive rights of such a party. Plaintiff may amend the complaint for foreclosure to name such a party if it is made aware of the claim prior to the judicial sale without affecting the validity of the judgment as to the other parties defendant. Should such a claimant not exercise its redemptive rights within the stated time, they shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem or otherwise enforce its claim against the subject property.

(10) **ISSUANCE OF DEED:** After the expiration of the mortgagor's reinstatement and redemption rights, payment of the purchase price by the successful bidder and confirmation of the sale, the person conducting the sale shall execute and issue a deed to the owner and holder of the Certificate of sale pursuant to 735 ILCS 5/15-1509. Delivery of the deed shall be sufficient to pass title and will bar all claims of parties to the foreclosure including unknown owners and Nonrecord Claimants.

(11) **JURISDICTION:** The Court retains jurisdiction over the parties and subject matter of this cause for the purpose of enforcing this Judgment or vacating said Judgment if a reinstatement is made as set forth in paragraph (9) of this Judgment.

(12) A copy of this judgment shall be mailed to the mortgagors and current owners(s) at their last known mailing address within 7 days.

(13) Pursuant to 735 ILCS 5/15-1506(f), IT IS HEREBY ORDERED that THE JUDICIAL SALES CORPORATION is appointed Selling Officer for the purpose of the sale at public auction of the property that is the subject matter of this action, pursuant to the Judgment for Foreclosure and Sale entered herein, and either Plaintiff's Counsel or Selling Officer is hereby designated by the Court to give public notice of sale pursuant to 735 ILCS 5/15-1507(c); and either Plaintiff's Counsel or Selling Officer is hereby designated by the Court to send notice of motion for entry of an order approving report of sale and distribution, confirming sale and order of possession, pursuant to 735 ILCS 5/15-1508(6);

ENTER: _____

Judge JUDGE DARRYL B. SIMKO

DATED: _____ SEP 1 6 2013

CIRCUIT COURT – 1823

Arthur Likhter
Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Cook #21762
14-11-22544

8

Calendar Number 58

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, without recourse, assignee of Argent Mortgage Company, LLC<br>PLAINTIFF<br><br>Vs.<br><br>Rosa L. Dailey; ROC Investments, LLC<br>DEFENDANTS | No. 07 CH 008810<br><br>7431 S. Merrill Avenue<br>Chicago, IL 60649 |

## ORDER DISMISSING CERTAIN PARTY DEFENDANT

THIS CAUSE COMING ON TO BE HEARD on motion of the Plaintiff, JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, without recourse, assignee of Argent Mortgage Company, LLC, the Court having jurisdiction over the parties and subject matter and being fully advised in the premises;

IT IS HEREBY ORDERED that the following Defendant(s) are hereby dismissed as party defendants:

Unknown Owners and Nonrecord Claimants

ENTER_____
JUDGE    JUDGE DARRYL B. SIMKO

DATED:_____ SEP 1 6 2013

CIRCUIT COURT – 1823

Arthur Likhter
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Cook #21762
14-11-22544

1

Calendar Number 58

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

| | |
|---|---|
| JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, without recourse, assignee of Argent Mortgage Company, LLC<br>PLAINTIFF<br><br>Vs.<br><br>Rosa L. Dailey; ROC Investments, LLC<br>DEFENDANTS | No. 07 CH 008810<br><br>7431 S. Merrill Avenue<br>Chicago, IL 60649 |

### ORDER FOR SUMMARY JUDGMENT

This matter coming to be heard on Plaintiff's Motion for Summary Judgment, Defendant(s) having Answered Plaintiff's Complaint to Foreclose Mortgage and having included in said Answer Affirmative Defense(s), the Court having reviewed said Affirmative Defense(s) and determining that said Affirmative Defense(s), as pleaded without sufficient supporting documentation, do not raise a genuine issue of material fact sufficient to preclude the entry of Summary Judgment in favor of Plaintiff, the Court being otherwise duly advised in the premises;

NOW, THEREFORE, IT IS ORDERED:

Plaintiff's Motion for Summary Judgment is granted. Summary Judgment and Judgment of Foreclosure and Sale is hereby entered in favor of Plaintiff and against the following Defendants with respect to Answers and all Affirmative Defenses filed:

Rosa L. Dailey
ROC Investments, LLC.

JUDGE DARRYL B. SIMKO

ENTERED: _____  SEP 16 2013
                             Judge      CIRCUIT COURT - 1823

DATE: _____

Codilis & Associates, P.C.
Attorneys for Plaintiff
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
Cook #21762

1