IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) <br><br> Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST DEFENDANTS FOR DECEMBER 5, 2013 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Defendants respectfully submit the following Status Report in connection with the status conference scheduled to take place on December 5, 2013 at 10:00 a.m. before Magistrate Judge Daniel G. Martin.

The status report will address the pending issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Defendants;

2. Discovery status regarding certain plaintiffs; and

3. Status of discovery regarding third-party claims.

I. **STATUS OF OPT-OUT PLAINTIFFS' CASES**

A. **Cases Dismissed Since Last Status Hearing:** **4 opt-out cases** (involving **8 opt-out plaintiffs**) have been dismissed since the last status hearing.

B. **Remaining Cases:** **34 opt-out cases** (involving **54 opt-out plaintiffs**) remain. Below is a breakdown of the remaining cases.

C. **Cases Where Settlement Agreements Have Been Circulated:** there are **3 opt-out** cases involving **5 opt-out plaintiffs** where settlement agreements have been circulated for signature.

D. **Cases Where Settlement Negotiations Are In Progress:** there are **13 opt-out cases** involving **20 opt-out plaintiffs** where settlement negotiations are in progress. These are

1

often cases where opt-out plaintiffs are seeking loan modifications, deeds in lieu, or consent foreclosures from the loan servicers and the loan servicers are either waiting for additional documentation from opt-out plaintiffs or are in the process of reviewing opt-out plaintiffs' requests.

      E.    **Active Cases:** The Ameriquest Defendants are engaged in discovery with respect to the remaining cases.

**II.    DISCOVERY STATUS REGARDING CERTAIN PLAINTIFFS**

      A.    **Plaintiffs Michael and Susan O'Keefe – Ameriquest Granted Extension to Respond to Discovery Due To Pending Settlement Negotiations**

On October 1, 2013, Ameriquest filed its motion to compel discovery responses from Plaintiffs Michael and Susan O'Keefe [MDL Dkt. 5350]. The motion was based on the O'Keefe Plaintiffs' failure to provide any written responses to the outstanding discovery. On October 11, 2013 this Court entered an order requiring the O'Keefe Plaintiffs to respond to the outstanding discovery within thirty (30) days [MDL Dkt. 5380]. The parties are currently engaged in settlement discussions. Accordingly, Ameriquest agreed to extend the deadline for the O'Keefe Plaintiffs to respond to the outstanding discovery to December 9, 2013.

      B.    **Plaintiffs Maria Arndt and Forrest Pendergraph Failed To Comply With Order To Produce Documents and Provide Further Responses**

On October 1, 2013, Ameriquest filed its motion to compel discovery responses from Plaintiffs Maria Arndt and Forrest Pendergraph [MDL Dkt. 5352]. On October 11, 2013, this Court entered an order requiring the Arndt and Pendergraph Plaintiffs to produce responsive documents and provide further responses to the outstanding discovery [MDL Dkt. 5378]. On that same date, a copy of the order was mailed to the Arndt and Pendergraph Plaintiffs [MDL Dkt. 5381]. The Arndt and Pendergraph Plaintiffs failed to provide any further responses or produce documents. Accordingly, Ameriquest respectfully seeks the following relief:

**1.** An order compelling the Arndt and Pendergraph Plaintiffs to produce documents and provide further responses to the outstanding discovery within fifteen (15) days, without objection;

**2.** An order warning the Arndt and Pendergraph Plaintiffs that if they do not respond to the discovery this Court may recommend that their claims be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b);

**3.** An order requiring that Plaintiff Arndt appear for deposition beginning at 10:00 a.m. on February 5, 2014, at the office of National Reporting Agency, 1255 Market Street, Chattanooga, TN 37402 unless Plaintiff Arndt and Ameriquest's counsel agree on another mutually agreeable date, time and/or location; and

**4.** An order requiring that Plaintiff Pendergraph appear for deposition beginning at 10:00 a.m. on February 6, 2014, at the office of National Reporting Agency, 1255 Market Street, Chattanooga, TN 37402 unless Plaintiff Pendergraph and Ameriquest's counsel agree on another mutually agreeable date, time and/or location.

**C.** **Plaintiff Rosa Dailey's Failure to Provide Written Discovery Responses or Otherwise Prosecute Her Claims**

On October 11, 2013, this Court ordered Plaintiff Dailey to respond to outstanding written discovery by October 16, 2013, without objection [MDL Dkt. 5379]. Plaintiff Dailey failed to provide any written discovery responses and is in violation of this Court's order.

Plaintiff Dailey filed a motion to strike the complaint without prejudice [Indiv. Dkt. 44], which motion is pending before the Honorable Judge Marvin Aspen. This Court has already rejected Plaintiff Dailey's oral request to dismiss the complaint. Defendants oppose Plaintiff Dailey's motion to dismiss because Plaintiff's counsel, William Spielberger, has informed Defendants' counsel that if the motion is granted, he plans to file identical claims in state court, which would negate the last six year of contested litigation and wipe clean this Court's prior and anticipate adverse rulings.

Moreover, allowing Plaintiff to dismiss the action without prejudice would be highly prejudicial to Defendants as it would require Defendants to incur additional time and expense relitigating substantive issues that have already been adjudicated, restarting discovery that has already been deemed to be admitted, and explaining to a state court (with the risk of inconsistent rulings) the effect of the MDL Class settlement upon Plaintiff's claims, which is a dispositive issue that is pending before this Court.

Accordingly, Defendants respectfully request that this Court enter an order that it deems appropriate to encourage Plaintiff Dailey to respond to the outstanding discovery including, but not limited to, awarding Defendants' their costs and attorneys' fees incurred in preparing the motion to compel and otherwise pursuing discovery responses from Plaintiff Dailey and issuing a recommendation to the Honorable Judge Marvin Aspen, that Plaintiff Dailey's action be dismissed as a sanction for Plaintiff Dailey's continuing violation of this Court's discovery orders.

### III.  STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS

On September 24, 2012, certain Third-Party Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for a Suggestion of Remand [MDL Dkt. 5101]. Discovery against Third-Party Defendants was stayed while the motion was pending. On September 3, 2013, Judge Aspen issued a memorandum and opinion denying the motion and lifting the stay on third-party discovery [MDL Dkt. 5346]. The order provides that the parties should confer as to what discovery remains and to conclude non-case specific discovery by January 31, 2014, with the caveat that this Court may adjust the discovery timetable as necessary.

The number of third-party claims is significant and while the Ameriquest Defendants have acted diligently in pursuing the discovery they need, in light of the number of parties, loans, and documents at issue, the January 31, 2014 deadline will not allow sufficient time for discovery to be completed.

15306863v1

A.  **Scope of Number of Claims At Issue**

In order to provide some context for the scope of the third-party claims, below is an exemplar of the number of third-party claims against a few of the Third-Party Defendants: (1) *Fidelity Third-Party Defendants* (approx. 14 different corporate entities) – the third-party claims involve approximately **253 loans** for properties located in 21 states; (2) *Superior Third-Party Defendants* (approx. 10 different corporate entities) – the third-party claims involve approximately **91 loans** in 9 states; and (3) *Mortgage Information Services, Inc. Defendants* – the third-party claims involve approximately 70 loans in 11 states.

There are also additional claims pending against other Third-Party Defendants which claims are not reflected in the above summary.

B.  **Status of Third-Party Defendant Discovery**

Prior to Third-Party Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, the Ameriquest Defendants had served written discovery on the Fidelity Entities and Mortgage Information Services, Inc. After receipt of Judge Aspen's order the Ameriquest Defendants also served written discovery on the Superior Third-Party Defendants and Northwest Title & Escrow. Counsel for the Ameriquest Defendants has engaged in numerous met and conferred with counsel for Third-Party Defendants in an effort to informally resolve any objections to the initial set of written discovery. Many of the issues have been resolved and while there will likely be some issues that will require the Court's attention the parties are still trying to work through them to narrow them down. However, in light of the number of claims Third-Party Defendants have needed a significant amount of time to gather documents and information responsive to the pending discovery requests. The Ameriquest Defendants understand from Third-Party Defendants that it should receive final responses to the initial set of discovery responses and document production by the end of next week. The Ameriquest Defendants will then need time to review the documents and follow-up with meet and confer discussions to the extent necessary. For some Third-Party Defendants, the Ameriquest Defendants have also served a second set of discovery which are outstanding. Until the

Ameriquest Defendants have an opportunity to review the documents it is unable to determine how many depositions will need to be noticed.

The Ameriquest Defendants expect that responses to the initial set of discovery should be resolved by late January 2014. Responses to the second set of discovery should be resolved by early spring 2014 with depositions to be scheduled for late spring 2014. Accordingly, the Ameriquest Defendants respectfully request that the Court continue the current January 31, 2014 discovery deadline and defer setting a specific discovery deadline until the next status hearing where the parties should be in a better position to propose a realistic discovery schedule.

                        Respectfully submitted,

Dated: November 27, 2013

By: /s/ Joanne N. Davies
*Attorneys for the Ameriquest Defendants*

Joanne N. Davies
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

Randall L. Manvitz, Esq.
Telephone: (415) 227-3644
Facsimile: (415) 227-0700

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 27th day of November 2013, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

15306863v1