**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESUS DIAZ, JR. and KAREN DIAZ, | ) | |
| | ) | |
| Plaintiffs, | ) | Lead Case No. 05 C 7097 |
| | ) | Indiv. Case No. 09 C 1151 |
| | ) | Hon. Marvin E. Aspen |
| v. | ) | |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiffs Jesus and Karen Diaz ("the Diazes") have filed two motions. In the first

motion, the Diazes ask that we request the Judicial Panel on Multidistrict Litigation to remand

their case to the United States Bankruptcy Court for the District of Massachusetts, Eastern

Division ("Bankruptcy Court"). In the second motion, they ask leave to file a first amended

complaint. For the reasons discussed below, we deny both motions.

**BACKGROUND**

On April 23, 2007, the Diazes filed an adversary proceeding against Ameriquest

Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company, as Trustee, in

the Bankruptcy Court. (Opp'n to Sugg. Rem. at 2.) The Diazes alleged that Ameriquest violated

the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA"), by failing to provide copies of the

notice of right to cancel the transaction. (Sugg. Rem. ¶ 9.) Because they did not receive the copies, the Diazes alleged that they were entitled to rescind the transaction.[1] (*Id.*)

On January 30, 2009, the Judicial Panel on Multi-District Litigation ("Panel") issued a conditional transfer order ("CTO") to this court pursuant to 28 U.S.C. § 1407. (Sugg. Rem. ¶ 5.) The Panel determined that the Diazes' TILA claims would benefit from consolidating pretrial proceedings and discovery with other claims against Ameriquest alleging TILA violations. (Opp'n to Sugg. Rem. ¶¶ 5–6.) On May 15, 2013, the Diazes filed a motion to ask that we suggest to the Panel that the case be remanded to the Bankruptcy Court. (Sugg. Rem. ¶ 1.) Finally, on August 2, 2013, the Diazes filed a motion for leave to file its first amended complaint, pursuant to Federal Rule of Civil Procedure 15(a), to clarify that their claim was brought under the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. Laws. Ann. ch. 140D, § 10(a) (West) ("MCCCDA") rather than under TILA. (Mot. Am. at 1.) We address each of these claims separately.

## ANALYSIS

### A.    Suggestion of Remand to Massachusetts Bankruptcy Court

We first evaluate the motion requesting the Panel to remand the case to the Bankruptcy Court.

The Panel retains the power to remand any case to the transferor court. *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The transferee court may recommend remand before pre-trial proceedings have concluded. J.P.L.M. R. P. 10.1(b). The judge may file a suggestion of

---

[1] In the Request for Suggestion of Remand, the Diazes claim that rescission is sought under the Massachusetts Consumer Credit Cost Disclosure Act, but they admit in the Motion for Leave to File First Amended Complaint that the only statutory references in the original complaint concern TILA. (Sugg. Rem. ¶ 3; Mot. Am. at 2.)

remand, indicating "that he perceives his role under Section 1407 to have ended." *In re Holiday Magic Sec. and Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) (citing *In re Air Crash Disaster Near Dayton, Ohio*, 386 F. Supp. 908, 909 (J.P.M.L. 1975)). This decision "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197; *see also In re Aqua Dots Prods Liab. Litig.*, No. 08 C 2364, 2011 WL 3325783, at *1 (N.D. Ill. Aug. 2, 2011). Remand is not appropriate if continued consolidation would "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002); *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, MDL No. 1715, 2010 WL 1418399, at *1 (N.D. Ill. Apr. 6, 2010).

The Panel will generally remand a case before pretrial proceedings are completed "only upon a showing of good cause." *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972). The Diazes contend that discovery in this matter is sufficiently complete for the parties to move forward with a pre-trial conference in the Bankruptcy Court. (Sugg. Rem. ¶ 9.) Additionally, they allege that "there are no allegations of misrepresentation, fraud, or other misconduct" and that "there does not appear to be any benefit from continuing to litigate" in the Northern District of Illinois. (*Id.*)

Ameriquest asserts that "discovery remains ongoing." (Opp'n to Sugg. Rem. at 3.) While Ameriquest's discovery has been halted due to scheduling conflicts, they anticipate that once they take the Diazes' depositions, they will require written discovery and other depositions. (Opp'n to Mot. Am. at 3 nn.2, 5.) Even though the Diazes believe their discovery to be complete, "[d]efendants, too, deserve the benefits of coordinated and consolidated pre-trial

discovery." *In re Aqua Dots Prods Liab. Litig.*, 2011 WL 3325783, at *2. Ameriquest alleges that coordinated discovery is incomplete and that it intends to file motions for coordinated summary judgment. (Opp'n to Sugg. Rem. at 6–7.) Remand, therefore, "would be nothing more than an abandonment of the Panel's judgment to include the [...] cases in this MDL." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197. MDL proceedings are maintained in order to encourage "just and efficient conduct." 28 U.S.C. § 1407(a). We find that the MDL still serves this purpose and that remand would be inappropriate at this time. We accept Ameriquest's contentions that coordinated discovery remains outstanding and that it would be left to defend two related claims with similar discovery in different forums if we suggested remand. (Opp'n to Mot. Am. at 3.) For these reasons, we deny the motion for suggestion of remand.

**B.      Leave to File Amended Complaint**

Next, the Diazes move to file a first amended complaint and "clarify[] that [their] claim for rescission is being asserted under the [MCCCDA]." (Mot. Am. at 1.)

As a preliminary matter, Ameriquest contends that Rule 15(a) of Civil Procedure does not apply to this motion because "plaintiffs are seeking dismissal of the only cause of action in their complaint with the replacement of a new cause of action." (Opp'n to Mot. Am. at 3.) Ameriquest argues that Rule 41(a)(2) should govern his action. (*Id.*)

Rule 15(a) provides that a party may amend its pleading within twenty-one days of service, or "only by leave of court or by written consent of the adverse party; [and] leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 41 states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). We have discretion to allow an amendment in this case under

Rule 15 "as justice so requires" because the motion to amend comes far after the initial twenty-one day period. Similarly, if the action is governed by Rule 41(a)(2), we also have discretion to allow dismissal. In discussing the relationship between these two rules, courts and commentators have agreed that "the same considerations are relevant to dropping the claim regardless of which rule is invoked." 6 Charles Allen Wright et al., *Federal Practice and Procedure* § 1479 (3d ed. 2012). We concur that "[s]ince the structure of the two rules is similar, and since the district court's discretion is involved when leave of court is required, whether plaintiff's motion is made under Rule 15 or under Rule 41(a)(2), the choice of rules is largely a formal matter." 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.06-1, at 41-92 (1995); *see also Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1364 (Fed. Cir. 2000) ("Rules 41(a)(2) and 15(a) are functionally interchangeable"); *Fastener Corp. v. Spotnails, Inc.*, 291 F. Supp. 974, 976 (N.D. Ill. 1968) ("The Court deems it unnecessary to resolve the alleged ambiguity between rules 15 and 41. Rather, the Court welcomes the simplification of some issues.").

Pertinent factors common to our analysis under both rules include: excessive delay by the movant, undue prejudice to the non-movant, and the movant's motive. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (describing the Rule 15 analysis); *Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994) (describing the Rule 41(a)(2) analysis); *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988); *Wells Fargo Bank, N.A. v. Younan Props., Inc.*, No. 11 C 8701, 2013 WL 251203, at *1 (N.D. Ill. Jan. 23, 2013). With these principles in mind, we turn to the arguments posed by the parties.

The Diazes request that we grant leave to file a first amended complaint in order to clarify that their claim for rescission is being asserted under the MCCCDA rather than under

TILA.  (Mot. Am. at 1.)  The Diazes acknowledge that the claims set forth in the original complaint referenced only TILA, not the MCCCDA.  (*Id.* at 2.)  They now assert that the claims are brought under the MCCCDA.  They point out, nonetheless, that their legal theory has not changed, no new facts are pleaded, and they have not previously amended the complaint.  (*Id.*)  The Diazes thus contend that Ameriquest would suffer no prejudice from this request.  (*Id.*)  We disagree.

Ameriquest urges that it would be unfairly prejudiced if the TILA claim were replaced by a MCCCDA claim in an amended complaint.[2]  (Opp'n to Mot. Am. at 3.)  Regardless of whether Rule 15(a) or Rule 41(a)(2) governs this motion, we have discretion to deny it if the defendant would suffer undue prejudice.  *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (citing *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)); *Banks v. Varallo*, No. 12 C 9874, 2013 WL 5707248, at *5 (N.D. Ill. Oct. 21, 2013); *Wells Fargo Bank, N.A.*, 2013 WL 251203, at *1 (describing the Rule 41(a)(2) analysis including undue prejudice).  The Diazes have been clear about their intention to rescind their transaction without having to repay the principal to Ameriquest and discharge the debt in bankruptcy.  (*Id.* at 2)  According to the text of the MCCCDA, a borrower "is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission."[3] Mass. Gen. Laws Ann. ch. 140D, § 10 (West).  The judge presiding over the Diazes' adversary proceedings has, in the past, interpreted the MCCCDA to mean that borrowers need not repay financing when seeking rescission.  *Cromwell v.*

---

[2] Ameriquest also claims that the Diazes' claim is time barred under the MCCCDA, and that a non-obligor, Karen, cannot rescind under the MCCCDA.  (Opp'n to Mot. to Am. at 4–5.)  In light of our holding, we need not reach the merits of these arguments.

[3] The MCCCDA rescission provisions are exempted from TILA by the Federal Reserve Board, and thus the TILA recession provisions have no force in Massachusetts.  *See In re Laudani*, 401 B.R. 9, 25, 25 n.13 (Bankr. D. Mass. 2009).

*Countrywide Home Loans, Inc.*, 483 B.R. 36, 47–48 (D. Mass. 2012); *see also* 209 Mass. Code Regs. 32.23(4)(a) ("When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.").

In the Northern District of Illinois, rescission under TILA "encompasses a right to return to the status quo that existed before the loan." *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 765–66 (7th Cir. 2006); *see also Stewart v. BAC Home Loans Servicing, LP*, No. 10 C 2033, 2011 WL 3510909, at *3 (N.D. Ill. Aug 10, 2011). Consistent with that principle, courts here have held that "the equities lead to a requirement that the amounts be repaid before the security interest is relinquished." *AFS Fin., Inc. v. Burdette*, 105 F. Supp. 2d 881, 882 (N.D. Ill. 2000). Put plainly, the Diazes would be required to pay Ameriquest back the principal to achieve rescission under TILA, while their desired outcome under the MCCCDA would be to avoid this consequence.

First, the Diazes' confidence in the *Cromwell* interpretation of the MCCCDA is misplaced. Indeed, that interpretation of the MCCCDA is unsettled law in Massachusetts. Other courts have read the MCCCDA to require repayment of the security interest for rescission. *Wells Fargo Bank, N.A. v. Jaaskelainen,* 407 B.R. 449, 462 (D. Mass. 2009) (requiring that the bankruptcy court consider "traditional equitable notions, including such factors as the severity of Appellants' MCCCDA violation and the degree to which Debtors are able to pay the principal amount"); *see Cromwell*, 483 B.R. 36 at 46 ("The First Circuit has not addressed this issue.").

Second, even if we accepted that interpretation of the MCCCDA, we could not exercise our discretion to permit the Diazes to succeed with their amendment because it would not serve the interest of justice and would severely prejudice Ameriquest. *See Feldman*, 850 F.2d at 1225

7

("While Fed. R. Civ. P. 15 favors amendments when required by justice, it is not a license for carelessness or gamesmanship."); *Wells Fargo Bank*, 2013 WL 251203, at *1 ("In considering whether to grant a motion under Rule 41(a)(2), a court must look to whether the defendants will suffer undue prejudice from the dismissal.").  The Northern District interprets TILA to require that borrowers pay back principal, while the MCCCDA interpretations have given borrowers the opportunity to avoid this repayment.  The Diazes' motive for filing the motion to amend is clear forum shopping and "gamesmanship" to avoid liability.  *Feldman*, 850 F.2d at 1225.

Without interpreting the MCCCDA, we must deny the motion to amend the complaint based on the Diazes's motive.  *See In re Cox*, B.R. 191, 197 (Bankr. C.D. Ill. 1993) ("[Plaintiffs] want to keep the residence, void the mortgage, obtain a refund of all charges or interest, and not repay the loan by discharging it as unsecured debt.  There are no other terms to describe their approach other than to describe it as one based on greed and manipulation…").  Providing the Diazes with the relief they seek would unduly prejudice Ameriquest by preventing Ameriquest from benefitting from the TILA requirement that the financing be repaid once the transaction is rescinded, effectively returning the parties to the status quo.  *Handy*, 464 F.3d at 765–66.

## CONCLUSION

For the reasons stated above, we deny both the request for suggestion of remand and the leave to file an amended complaint.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:  Chicago, Illinois
January 2,, 2014