IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | )<br>)<br>) MDL No. 1715<br>)<br>) Lead Case No. 05-cv-07097<br>)<br>) (Centralized before the Honorable<br>) Marvin E. Aspen)<br>)<br>) |

**FIDELITY THIRD-PARTY DEFENDANTS' STATUS REPORT**

Third-Party Defendants Alamo Title Insurance Company, Chicago Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively "Fidelity"), pursuant to this Court's January 13, 2014 Order (Dkt. No. 5427), hereby submit their status report.

For over six years, Fidelity and the other remaining third-party defendants have been a party to these proceedings. In July 2007, Ameriquest Mortgage Company, Argent Mortgage Company LLC, and Town & Country Credit Corporation (collectively "Ameriquest") filed their initial consolidated third-party complaint, consisting of a generic set of allegations that purported to state claims against various parties who had participated in the loan transactions that formed the basis of the individual lawsuits asserted against Ameriquest. The third-party complaint included a spreadsheet that listed each loan transaction and the third-party defendants who were

being sued in connection with those transactions. (Dkt. 551). Ameriquest claimed that the allegations in the third-party complaint were generally applicable to every third-party defendant and every transaction. Ameriquest repeatedly amended its third-party complaint, the last being the Fifth Amended Third Party Complaint. (Dkt. 2319). This Court ordered that after September 18, 2009, Ameriquest could no longer add any new parties or claims to its third-party complaint. (Dkt. 2312).

During these past six years this Court, with regard to the third-party claims, has focused on matters common to all the lawsuits consolidated within these proceedings, and has deferred all lawsuit-specific (and even state-law specific) matters, possibly for the transferor courts to resolve. For example, while this Court granted the third-party defendants' consolidated motion to dismiss Ameriquest's negligence, equitable indemnity, and contribution claims in the Second Amended Third Party Complaint (Dkt. 2455) and Ameriquest's negligence claims in the Fifth Amended Third-Party Complaint (Dkt. 3311), it deferred until later, or to the transferor court, to rule on the third-party defendants' motion to dismiss the negligent misrepresentation claim because the question of legal duty (an element of that claim) turned on individual state law. (Dkt. 3311 at 14). Likewise, this Court has not yet permitted the third-party defendants to serve case-specific answers and affirmative defenses, file case-specific motions to dismiss, or case-specific motions for summary judgment.

In denying certain third-party defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for a Suggestion of Remand (the "Remand Motion") (Dkt. 5101), this Court noted that it would not suggest the remand of the third-party claims to the transferor courts until all common (i.e., non-case specific) discovery is resolved, and set a January 31, 2013 deadline

for the completion of that discovery.[1] (Dkt. 5346 at 11-12). Since that time, Magistrate Judge Martin has twice extended that deadline, currently to May 29, 2014. (Dkt. 5405, 5444). During this time, Ameriquest has served extensive discovery requests upon Fidelity, including: (i) two sets of document requests served by Ameriquest Mortgage Company seeking the production of 45 categories of documents; (ii) two sets of interrogatories served by Ameriquest Mortgage Company seeking answers to 16 interrogatories that encompass the policies and practices of seven of the Fidelity's brands in six states over a six-year period of time; (iii) one set of document requests served by Argent Mortgage seeking the production of six categories of documents; and (iv) one set of document requests served by Town & Country seeking the production of six categories of documents. Fidelity has also served upon Ameriquest one set of document requests seeking the production of 26 categories of documents and one set of interrogatories seeking answers to twelve interrogatories.[2] Fidelity anticipates that all common, non-case specific discovery will be completed by the May 29, 2014 deadline.

---

[1] This Court also stated that it may consider resolving "common" motion practice prior to suggesting the remain of the third-party claims. (Dkt. 5346 at 11). However, since neither Fidelity nor any other third-party defendant has yet answered the Fifth Amended Third-Party Complaint nor asserted any affirmative defenses to it, the parties are not yet at issue. In addition, this Court has not yet permitted the third-party defendants to bring case-specific motions to dismiss, or to present either case-specific facts or legal issues that may defeat Ameriquest's claims in a specific case. Given that Ameriquest has not had similar restrictions imposed on it during the course of these proceedings, this Court should not entertain any dispositive motions until the parties are at issue. There are also significant practical concerns regarding the post-remand application of any ruling by this Court on generic "common" dispositive motions that should preclude such rulings. For example, each transferor court will have to determine how to apply this Court's ruling to a specific case once the facts of that case, and any case-specific rulings, are considered. It would be more efficient, and less prejudicial to the third-party defendants, for the transferor courts to decide any dispositive motions in light of that case's unique facts and rulings.

[2] This discovery is in addition to the extensive discovery taken by Ameriquest against Fidelity in the *Terry v. Ameriquest* lawsuit prior to its transfer to this Court: (i) Ameriquest's First Set of Document Requests to Ticor – 51 categories of document requests; (ii) Ameriquest's Second Set of Document Requests to Ticor – 53 categories of document requests; (iii) Ameriquest's Third Set of Document Requests to Ticor – 16 categories of document requests; (iv) Ameriquest's Fourth Set of Document Requests to Ticor – 22 categories of document requests; (v) Ameriquest Mortgage Company's First Set of Interrogatories to Ticor – 35 Interrogatories; (vi) Ameriquest Mortgage Company's Second Set of Interrogatories to Ticor – 12 Interrogatories; (vii) Ameriquest Mortgage Securities' First Set of Interrogatories to Ticor – 7 Interrogatories; (viii) Ameriquest Mortgage Securities' Second Set of Interrogatories to Ticor – 11 Interrogatories; (ix) Ameriquest's Rule 30(b)(6) deposition notice to Ticor regarding "closing protection letter data" listing 12 deposition topics and 34 document requests; (x) Ameriquest's

Last year this Court noted that the day to remand the third-party claims to the transferor courts "may not be far off." (Dkt. 5346 at 10). Fidelity respectfully suggests that by May 29, 2014, that day will have arrived. Fidelity and Ameriquest have already exhausted the possibility of a global settlement, and common discovery between them should be completed by then. All that is left is case-specific discovery, case-specific motion practice, and the trials of each case, all of which should be handled by the transferor courts.

          Respectfully submitted,

          Alamo Title Insurance Company, Chicago Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

          By: /s/ Albert E. Fowerbaugh, Jr.
              One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Ste. 1800
Chicago, IL 60602

---

Rule 30(b)(6) deposition notice to Ticor regarding "agency status" listing 11 deposition topics and 51 document requests; (xii) Ameriquest's Rule 30(b)(6) deposition notice to Ticor regarding "closing protection letters" listing 23 deposition topics and 51 document requests; (xiii) Ameriquest's Rule 30(b)6) deposition notice to Ticor regarding "closing protection letter interpretation" listing 18 deposition topics and 51 document requests; (xiv) subpoena served upon Fidelity for production of 60 categories of documents; (xv) subpoena served upon Fidelity seeking testimony of corporate representatives on 18 separate topics relating to closing protection letters across all brands and all states; and (xvi) subpoena served upon Fidelity seeking testimony of the corporate representative regarding Fidelity's various brands' policies and practices regarding the issuance of multi-transaction closing protection letters, as well as seeking the production of seven categories of documents regarding their issuance of closing protection letters. Although some of these discovery requests were limited to the transactions at issue in the *Terry* case, which involved one company (Ticor) and one state (Illinois), much of this discovery sought documents and information about Fidelity's corporate-wide policies and practices across the country.

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true copy of the preceding document was served on April 4, 2014 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

    /s/ Albert E. Fowerbaugh, Jr.