# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) MDL No. 1715 <br> ) <br> ) Lead Case No. 05-cv-07097 <br> ) <br> ) (Centralized before the Honorable <br> ) Marvin E. Aspen) |

### FIDELITY THIRD-PARTY DEFENDANTS' SUPPLEMENTAL RESPONSES TO AMERIQUEST'S INTERROGATORIES (SET TWO) PROPOUNDED ON FIDELITY ENTITIES

Third-Party Defendants Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively the "Fidelity Third-Party Defendants"), by and through their undersigned counsel of record, hereby supplement their Responses to Third-Party Plaintiff Ameriquest Mortgage Company's ("AMC") Interrogatories (Set Two) Propounded on Fidelity Entities as follows:

### GENERAL OBJECTIONS

1. The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent they purport to impose obligations upon the Fidelity Third-Party Defendants that are inconsistent with or greater than the duties imposed by the Federal Rules of Civil Procedure.

2. The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Such information will not be provided. In the event that any such information is disclosed, such disclosure is inadvertent and does not constitute a waiver of

privilege. In responding to the interrogatories, the Fidelity Third-Party Defendants do not waive, but expressly preserve, all such privileges.

3. The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent they seek information that is outside the Fidelity Third-Party Defendants' possession, custody, or control.

4. The Fidelity Third-Party Defendants object to AMC's interrogatories in their entirety insofar as they purport to require the Fidelity Third-Party Defendants to obtain and review electronically-stored information that is not reasonably accessible.

5. The Fidelity Third-Party Defendants' responses to AMC's interrogatories are based on information currently available, at this stage of the litigation. The Fidelity Third-Party Defendants' investigation and discovery in this matter is ongoing. Further information and examination may disclose additional information related to AMC's interrogatories. As such, the Fidelity Third-Party Defendants' responses are provided without prejudice to their right to supplement these responses and provide additional information, or object to the production of further information, subsequently discovered.

6. The Fidelity Third-Party Defendants object to the definition of "Chart" to the extent that the "Chart" includes combinations of states and Fidelity Third-Party Defendants that are no longer at issue in the claims asserted against the Fidelity Third-Party Defendants. To the extent that the "Chart" seeks information not involving any of the cases included in the October 22, 2012 list of opt-out cases, provided to the Fidelity Third-Party Defendants by AMC's counsel, under which AMC continues to pursue third-party claims against the Fidelity Third-Party Defendants (the "October 2012 list"), the Fidelity Third-Party Defendants object to any

such interrogatory on the grounds it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.  The Fidelity Third-Party Defendants object to AMC's interrogatories on the ground that they do not comply with Federal Rule of Civil Procedure 33(a)(1) limiting the number of interrogatories that a party may serve to twenty-five, including all discrete subparts.

8.  The Fidelity Third-Party Defendants object to AMC's interrogatories to the extent that they request the Fidelity Third-Party Defendants to state the facts supporting their contentions and/or to speculate as to their future contentions prior to the completion of discovery, as such discovery requests are premature.

9.  To the extent that the Fidelity Third-Party Defendants reference prior discovery requests served upon them in either this proceeding or in the *Terry v. Ameriquest Mortgage Company* lawsuit (the "*Terry* lawsuit"), the Fidelity Third-Party Defendants incorporate herein by reference the objections, responses, and any judicial rulings regarding those prior discovery requests.

10. These General Objections are incorporated by reference into each of the Fidelity Third-Party Defendants' specific responses below.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

> Identify any document showing that any Third-Party Defendant used a process or procedure for requiring approval of a blanket closing protection letter at any time after 2002.

**ANSWER:** In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this Interrogatory on the ground that it is duplicative of discovery sought in this action and in the *Terry* lawsuit, including but not limited to Interrogatory No. 2 to AMC's

3

First Set of Interrogatories served in this action, as well as Topic I(15) of the December 31, 2009 Subpoena To Testify At A Deposition, Interrogatory Nos. 1, 2, and 4 to AMC's Second Set of Interrogatories, Document Request No. 15 to AMC's Fourth Set of Document Requests, Document Request Nos. 3, 8, 9, 10, 11, 12, 16, 54, and 55 of the December 31, 2009 Subpoena For Production of Documents, and Document Request No. 3, 8, 9, 10, 11, 12, 16, 54, and 55 of the December 31, 2009 Subpoena To Testify At A Deposition, all served in the *Terry* lawsuit. The Fidelity Third-Party Defendants further object to this Interrogatory on the grounds that it is vague, overbroad, relates to states, years, and Fidelity Third-Party Defendants that are not at issue in this action, is unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.

Further answering, the Fidelity Third-Party Defendants refer AMC to their response to Interrogatory No. 2 of AMC's Interrogatories (Set One) propounded on Fidelity Entities.

**INTERROGATORY NO. 7:**

> Identify all persons providing information for your response to Interrogatories Set One, Set Two, or the chart marked as Ex. 1 at Don Cole's deposition (the chart of blanket closing protection letter practices) and for each person, state the information provided, current title, title and job description for the 2003 to 2006 time period, and last known contact information.

**ANSWER:** In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine. To the extent that this Interrogatory seeks non-privileged information, the Fidelity Third-Party Defendants object to it on the ground that it is premature because the Fidelity Third-Party Defendants' investigation is ongoing.

4

Further answering, the Fidelity Third-Party Defendants state that the following current Fidelity Third-Party Defendant employees or, in the case of Brian Wortman, former employee, provided information for the Fidelity Third-Party Defendants' response to Interrogatories Set One, Set Two, or the chart marked as Ex. 1 at Donald Cole's deposition with respect to the states and brands identified in parentheses:

Joe Powell (Alabama/Chicago Title);

Cass Tinsley (Alabama/Fidelity);

Kit Farley (Alabama/Fidelity and Michigan/Fidelity);

Clark Cain (Alabama/Commonwealth and Lawyers Title);

Shenita Baker (Alabama/Ticor Title);

Anna Batten (Alabama/Ticor Title);

Denise Zinnoli (Connecticut/Chicago Title);

Jane Sullivan (Connecticut/Chicago Title);

Lynda Masselle (Connecticut/Chicago Title);

Lisa Lugauskas (Connecticut/Commonwealth and Lawyers Title);

Kim Rymarzick (Connecticut/Commonwealth and Lawyers Title);

Sherry Hoven (Connecticut/Fidelity);

Ina Barnard (Connecticut/Fidelity);

Susan Maria (Connecticut/Fidelity);

Patricia Kunz (Connecticut/Ticor Title);

Marina Sadownick (Connecticut/Ticor Title and Rhode Island/Ticor Title);

Anna Crawford (Connecticut/Ticor Title)

David Franks (Illinois/Fidelity);

5

Paul Cozzi (Illinois/Fidelity);

Patrick Walsh (Massachusetts/Chicago Title and Ticor Title);

Deborah Fleming (Massachusetts/Chicago Title and Ticor Title);

Virginia Wynne (Massachusetts/Commonwealth and Lawyers Title);

Toni Mitchell (Massachusetts/Fidelity);

Richard Lauber (Michigan/Fidelity);

Sarah Sutton (Michigan/Fidelity);

Meredith Weingarden (Michigan/Chicago Title and Ticor Title);

Ethan Powsner (Michigan/Ticor Title);

Maria DaSilva (Rhode Island/Commonwealth); and

Shae Thibault (Rhode Island/Fidelity).

James Petropoulos (Georgia/Fidelity);

Brian Wortman (Georgia/Fidelity, Chicago Title, Ticor Title, Security Union);

Theodore Morris (Georgia/Fidelity, Chicago Title, Ticor Title, Security Union);

Mike Roper (Georgia/Chicago Title);

Timothy Boucher (New Hampshire/Chicago Title and Ticor Title);

Joe Powell (Alabama, Mississippi, Louisiana, and Arkansas/Chicago Title and Security Union);

Deborah McDonald (Ohio/Chicago Title);

Mike Wypasek (Ohio/Chicago Title);

Bill Liska (Connecticut/Fidelity);

William Walsh (Maine, New Hampshire, Vermont/Chicago Title and Ticor Title);

Jeff Hrdlicka (North Carolina/All brands);

Jim Leonard (Missouri/Chicago Title, Ticor Title, and Security Union);

Pat Hancock (Florida/Fidelity, Chicago Title, Ticor Title, and Security Union); and

Kelly Twigler (Kentucky/Chicago Title, Ticor Title, and Security Union).

### INTERROGATORY NO. 11:

Identify all persons knowledgeable about blanket closing protection letter policies or practices of the brands in the corresponding states listed in the Chart.

**ANSWER:** In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this Interrogatory on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Interrogatory Nos. 3, 7, 9 of AMC's Second Set of Interrogatories and Topic I(15) of the December 31, 2009 Subpoena To Testify At A Deposition. The Fidelity Third-Party Defendants further object to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Fidelity Third-Party Defendants further object to this Interrogatory on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346).

Further answering, the Fidelity Third-Party Defendants refer AMC to their response to Interrogatory No. 7 of AMC's Interrogatories (Set Two) propounded on Fidelity Entities.

### INTERROGATORY NO. 14:

Describe all systems or processes for generating, memorializing, or maintaining records of closing protection letters for each of the brands in the corresponding states listed on the Chart including but not limited to: (1) the name of any related website; (2) the time period the system or process was in use; (3) whether records of closing protection letters have been maintained; and (4) the brands and geographic scope of the system or processes.

**ANSWER:** In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this Interrogatory on the ground that it is duplicative of discovery sought in

the *Terry* lawsuit, including but not limited to Topic (I)16 and Document Request Nos. 38 and 44 to the December 31, 2009 Subpoena To Testify At A Deposition, Document Request Nos. 38 and 44 to the December 31 2009 Subpoena To Produce Documents, Document Request Nos. 8, 19, 20, 21, 22, 23, 24, and 28 to AMC's Second Set of Document Requests, Document Request Nos.14 and 15 to AMC's Fourth Set of Document Requests. The Fidelity Third-Party Defendants further object to this Interrogatory on the ground that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Further answering, the Fidelity Third-Party Defendants refer AMC to their response to Interrogatory No. 2 of AMC's Interrogatories (Set One) propounded on Fidelity Entities.

Respectfully submitted,

Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

By: _____

One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Sandy J. Durkin
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

## CERTIFICATE OF SERVICE

The undersigned on oath states that he served the foregoing on:

> Randall L. Manvitz
> Buchalter Nemer, P.C.
> 55 Second Street, Ste. 1700
> San Francisco, California 94105
>
> Joanne Davies, Esq.
> BuchalterNemer, P.C.
> 18400 Von Karman Avenue, Suite 800
> Irvine, California 92612-0514

by mailing same in a properly addressed envelope, postage prepaid, and by depositing same in the U.S. mail and by electronic mail on the 10th day of March, 2014.

_____
Andrew D. Shapiro

513565

## **VERIFICATION**

I, ⟨Claudia Stringfield Johnson⟩, declare under penalty of perjury under the United States of America as more specifically provided by 28 U.S.C. § 1746, that I have read the Fidelity Third-Party Defendants Answers to Ameriquest Mortgage Company's Interrogatories (Set Two); that I sign the foregoing Answers to Ameriquest's Interrogatories (Set Two) on behalf of the Fidelity Third-Party Defendants and am duly authorized to do so; that the matters stated in the foregoing document are not within my personal knowledge; that the facts stated in the foregoing document have been assembled by authorized employees and counsel of the Fidelity Third-Party Defendants; and that I am informed that those authorized employees believe that the facts stated in the foregoing document are true and correct to the best of their knowledge, information, and belief.

Dated: March 10, 2014                              _____