# EXHIBIT 6

# Manvitz, Randall L.

| | |
|---|---|
| **From:** | Manvitz, Randall L. |
| **Sent:** | Thursday, May 15, 2014 12:11 PM |
| **To:** | 'AShapiro@butlerrubin.com' |
| **Cc:** | AFowerbaugh@butlerrubin.com; Davies, Joanne |
| **Subject:** | RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents |

Al/Andy,

Fidelity refuses to meet and confer about the 30(b)(6) deposition notice concerning spoliation in a timely manner that would allow the issue to be briefed in advance of the May 29 status conferences before Judge Aspen and Judge Martin. This is an obvious attempt by Fidelity to try to avoid having its objections heard in a timely manner. Fidelity's continued efforts to delay explaining what happened to the apparently spoliated documents is not acceptable especially given Fidelity's long history of claiming to need more time to respond to discovery only to merely object. Fidelity has had the topics for three weeks since my April 24 email identifying the topics and attempting to schedule the 30(b)(6) deposition and April 29 supplemental status conference statement (Dkt. 5465) again identifying the topics so Fidelity should at least be able to state if it will produce a witness on the topics and any objections.

The latest date Fidelity can respond and meet and confer in order to have the issue heard before the May 29 appearances before Judge Aspen and Judge Martin date is the morning of Tuesday May 20, 2014, three days before you state Fidelity will provide the objections. If Fidelity is willing to provide any objections by 11:00 a.m. CT on May 20 and meet and confer by 2:00 CT later that day, Ameriquest will not file a motion to compel at least until that process has taken place on May 20. However, if Fidelity continues to insist that it will withhold its objections and not meet and confer until it is too late to brief the issues before the Court, as we explained before, we will take that as Fidelity's confirmation that it will merely object to the deposition notice, and we will promptly move to compel so that the objections may be addressed in a timely manner.

Once again, we note that Fidelity has yet to provide any explanation why the closing protection letter data cannot be located. Again, an explanation is requested.

Randall Manvitz | Sr. Counsel | Buchalter Nemer, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com

-----Original Message-----
From: AShapiro@butlerrubin.com [mailto:AShapiro@butlerrubin.com]
Sent: Tuesday, May 13, 2014 3:53 PM
To: Manvitz, Randall L.
Cc: AFowerbaugh@butlerrubin.com; Davies, Joanne
Subject: RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Randall,

Less than four business days ago, your client served a 12-page Rule 30
(b)(6) deposition notice containing 15 topics and 17 document requests.
Yesterday, I informed you that we were in the process of reviewing and assessing the deposition notice to determine the burden and feasibility of compiling the information Ameriquest seeks. I further informed you that we intended to advise you of any objections to the deposition notice by the end of next week.

Your insistence that the parties meet and confer before my clients have had a sufficient opportunity to review, assess, and set forth any objections to Ameriquest's lengthy deposition notice is unreasonable. Moreover, your attempt to limit the Fidelity Entities' opportunity to fully assess your client's deposition notice stands in stark contrast to the significant amount of time that your clients are taking to respond to the Fidelity Entities' discovery requests. Indeed, your clients have not yet responded to interrogatories or document requests that the Fidelity Entities propounded on April 2, 2014, nearly six weeks ago. Moreover, Ameriquest requested (and the Fidelity Entities agreed) that your clients' substantive responses to the outstanding discovery need not be provided until July 29, 2014, more than 16 weeks after the discovery was propounded. (See May 5,
2014 E-mail from A. Shapiro to R. Manvitz.)

As I informed you yesterday, we believe that we will be able to review, assess, and set forth any objections to Ameriquest's deposition notice by the end of next week, within 15 days of the date on which Ameriquest served the notice. Your request for a quicker response is unreasonable, particularly In light of the 16 weeks your clients have been given to respond to outstanding discovery.

Regards,
Andy


Andrew D. Shapiro


Butler Rubin Saltarelli & Boyd LLP
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com




From: "Manvitz, Randall L." <rmanvitz@buchalter.com>
To: "AShapiro@butlerrubin.com" <AShapiro@butlerrubin.com>,
"AFowerbaugh@butlerrubin.com" <AFowerbaugh@butlerrubin.com>,
Cc: "Davies, Joanne" <jdavies@Buchalter.com>
Date: 05/12/2014 06:40 PM
Subject: RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents


Al/Andy,

We again request that you meet and confer immediately about any objections Fidelity may have concerning the 30(b)(6) topics about the missing documents. It is important to promptly determine whether Fidelity will produce a 30(b)(6) witness so that any objections may be resolved on or before May 29 status conferences before Judge Aspen and Judge Martin.

Waiting yet another two weeks for a total of more than four weeks for a simple response whether Fidelity will produce a 30(b)(6) witness is not acceptable and shows that Fidelity is just going to stall and then merely object, as has been Fidelity's practice repeatedly in the past. Fidelity has had the topics for over two weeks from my email and status conference statement and the information requested is not new to Fidelity or its counsel. There is no reason why Fidelity should need over four weeks to state whether it will object.

I called you soon after your email message but you did not pick up the phone. Again, please call me tomorrow. If by Friday there are any topics for which we do not have confirmation that Fidelity will produce a witness, we will take that as Fidelity's confirmation that it will not produce a witness and unless we are able to come to some agreement by then, we will raise the issues with the Court for determination.

We also note that Fidelity has yet to provide any explanation why the closing protection letter data cannot be located. Again, an explanation is requested.

Randall Manvitz | Sr. Counsel | Buchalter Nemer, A Professional Corporation
| 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct
Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415)
227-0900 | rmanvitz@buchalter.com | www.buchalter.com

-----Original Message-----
From: AShapiro@butlerrubin.com [mailto:AShapiro@butlerrubin.com]
Sent: Monday, May 12, 2014 3:36 PM
To: Manvitz, Randall L.
Cc: AFowerbaugh@butlerrubin.com; Davies, Joanne
Subject: RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Randall,

The Rule 30(b)(6) deposition notice we received the afternoon of May 8 (less than three business days ago) is significantly broader and seeks much more information than Ameriquest previously advised us it was seeking. Indeed, the May 8 deposition notice contains 15 deposition topics and seeks the production of 17 categories of documents.

We are in the process of reviewing and assessing the May 8 deposition notice and are determining how burdensome and feasible it will be to compile the information Ameriquest seeks. Accordingly, we intend to respond to your inquiry by the end of next week. Obviously, the deposition will not go forward on May 19, the date unilaterally selected by Ameriquest.

Regards,
Andy


Andrew D. Shapiro


Butler Rubin Saltarelli & Boyd LLP
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com

From: "Manvitz, Randall L." <rmanvitz@buchalter.com>
To: "AFowerbaugh@butlerrubin.com" <AFowerbaugh@butlerrubin.com>,
"ashapiro@butlerrubin.com" <ashapiro@butlerrubin.com>,
Cc: "Davies, Joanne" <jdavies@Buchalter.com>
Date: 05/09/2014 04:20 PM
Subject: RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Counsel,

We are waiting to hear from you if Fidelity will produce a 30(b)(6) witness and when. This issue has now been outstanding for two weeks. Please respond by Monday. If a conference call would be of assistance on Monday, let me know so we can move this along and determine promptly whether court intervention is necessary.
Randall Manvitz | Sr. Counsel | BuchalterNemer, A Professional Corporation
| 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct
Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415)
227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

From: Manvitz, Randall L.
Sent: Thursday, April 24, 2014 5:52 PM
To: AFowerbaugh@butlerrubin.com; ashapiro@butlerrubin.com
Cc: Davies, Joanne
Subject: Ameriquest/Fidelity: 30(b)(6) Depositions

Counsel,

Fidelity's response to Ameriquest's Interrogatories, Set One, Interrogatory No. 2 repeatedly is that Fidelity has been unable to locate any data from
the local agency website. We would like to schedule a 30(b)(6) deposition
of the person most knowledgeable concerning what happened to the data and why it has not been located, any search for the data, the document retention policy and retention efforts, back-up systems, the same questions for the missing closing protection letters, and related topics.
Please propose a location and available dates.

If you have an explanation why the data has not been located, please let us know.
Randall Manvitz | Sr. Counsel | BuchalterNemer, A Professional Corporation
| 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct
Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415)
227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see
http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129

.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This email message is intended for the sole use of the intended recipient
(s) and may contain confidential or privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message.  To reply to our email administrator directly, send an email to postmaster@butlerrubin.com.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation

http://www.butlerrubin.com
Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see
http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129

.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.