IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) <br><br> Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST PARTIES FOR MAY 29, 2014 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Parties respectfully submit the following Status Report in connection with the status conference scheduled to take place on May 29, 2014 at 11:30 a.m. before Magistrate Judge Daniel G. Martin.

The status report will address the pending issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Parties;

2. Status of mediation with opt-out plaintiffs' and third-party defendants;

3. Status of discovery regarding third-party claims; and

4. Ameriquest's Motion to Compel Fidelity to Appear for 30(b)(6) Deposition Concerning Spoliation of Closing Protection Letters.

I. **STATUS OF OPT-OUT PLAINTIFFS' CASES**

A. **Cases Dismissed or Dismissal Pending Since Last Status Hearing**: 3 opt-out **cases** (involving **4 opt-out plaintiffs**) have been dismissed or dismissals have been filed since the last status hearing**.**

B. **Remaining Cases**: 25 opt-out cases (involving **42 opt-out plaintiffs**) remain. Below is a breakdown of the remaining cases.

C. **Cases Where Settlement Agreements Have Been Fully Executed and Dismissals Will be Filed:** there are **2 opt-out** cases involving **3 opt-out plaintiffs** where settlement agreements have been fully executed and the dismissals will soon be filed.

D. **Cases Where Settlement Agreements Have Been Circulated:** there are **6 opt-out** cases involving **9 opt-out plaintiffs** where settlement agreements have been circulated for signature.

E. **Cases Where Settlement Negotiations Are In Progress:** there are **6 opt-out cases** involving **10 opt-out plaintiffs** where settlement negotiations are in progress. These are often cases where opt-out plaintiffs are seeking loan modifications, deeds in lieu, or consent foreclosures from the loan servicers and the loan servicers are either waiting for additional documentation from opt-out plaintiffs or are in the process of reviewing opt-out plaintiffs' requests.

F. **Active Cases:** The Ameriquest Parties are engaged in discovery with respect to the remaining **11 opt-out cases** involving **20 opt-out plaintiffs** or dispositive motions have been filed and are pending with respect to these claims.

II. **STATUS OF MEDIATION WITH OPT-OUT PLAINTIFFS AND THE AMERIQUEST PARTIES**

A. **Brooks Firm Mediation:** on February 13, 2014, the Ameriquest Parties and Lloyd Brooks, counsel for a number of opt-out plaintiffs, attended mediation before Judge Donald O'Connell (ret.). Through the mediation the parties were able to reach settlement on **5 opt-out** cases involving **7 opt-out plaintiffs**. Furthermore, settlement negotiations are continuing with respect to **1 opt-out case** involving **2 opt-out plaintiffs**. These settlements are in the process of being documented.

B. **Superior Third-Party Defendants:** the Ameriquest Parties and the Superior Third-Party Defendants (approx. 10 different corporate entities with third-party claims involving approximately **91 loans** in 9 states) are scheduled to participate in mediation on June 25, 2014 before Judge O'Connell.

### III. STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS

The Ameriquest Parties request a 90-day extension of the current discovery deadline because of the breadth of discovery at issue with third-party claims involving 407 loans. The Third-Party Defendants with the largest number of claims have agreed to an extension of the discovery deadline to at least **August 29, 2014,** with further extensions to be determined by the Court, including the *Fidelity Entities Third-Party Defendants* (approx. 14 different corporate entities) with claims involving approximately 253 loans for properties located in 21 states, *Superior Third-Party Defendants* (approx. 10 different corporate entities) with claims involving approximately 91 loans in 9 states, and *Mortgage Information Services, Inc. Defendants* with claims involve approximately 70 loans in 11 states.

The only Third-Party Defendant who has expressed any objection to an extension of the discovery cutoff is Gary Jansen, counsel for the *Einbinder Third-Party Defendants* (5 different parties) with claims involving **6 loans.** However, since the form of the closing protection letters and coverage issues are generally the same for all the Third-Party Defendants it would not make any sense to have a discovery cut-off for the *Einbinder Third-Party Defendants* that is different for the other Third-Party Defendants. Additionally, certain of the *Einbinder Third-Party Defendants* performed services on loans that also involve other Third-Party Defendants, such as the *Fidelity Entities*. Since discovery that the Ameriquest Parties obtain from the *Fidelity Entities* may be relevant to the Ameriquest Parties' claims against the *Einbinder Third-Party Defendants* it is important to keep the deadlines the same. Accordingly, the Ameriquest Parties respectfully request a 90-day extension of the third-party discovery deadline as to all Third-Party Defendants.

### IV. AMERIQUEST'S MOTION TO COMPEL FIDELITY TO APPEAR FOR 30(B)(6) DEPOSITION CONCERNING SPOLIATION OF CLOSING PROTECTION LETTERS

Ameriquest has noticed a motion to compel [Dkt. 5470] seeking a 30(b)(6) witness from the Fidelity Entities who can testify regarding Fidelity's failure to maintain records and/or data

related to its issuance of closing protection letters to Ameriquest. Fidelity refused to provide its objections and meet and confer in advance of Ameriquest's Thursday deadline to file a motion to compel. The next day, Fidelity served its objections to the topics identified in the 30(b)(6) deposition notice and refused to produce a witness on any of the topics. The Fidelity objections are attached hereto as Exhibit A. The importance of the requested 30(b)(6) deposition concerning the apparent spoliation of documents by Fidelity is more fully discussed in Ameriquest's motion to compel.

Respectfully submitted,

Dated: May 27, 2014

By: /s/ Joanne N. Davies
*Attorneys for the Ameriquest Defendants*

Joanne N. Davies, Esq.
Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

16402974v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 27th day of May 2014, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

16402974v1