**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) MDL No. 1715 ) ) Lead Case No. 05-cv-07097 ) ) (Centralized before the Honorable ) Marvin E. Aspen) ) ) Magistrate Judge Daniel G. Martin |

**FIDELITY THIRD-PARTY DEFENDANTS'
MOTION TO STRIKE AMERIQUEST'S MOTION TO COMPEL**

The Fidelity Third-Party Defendants[1] respectfully move to strike the motion to compel that Ameriquest filed on May 22, 2014, because the motion violates Federal Rule of Civil Procedure 34(b)(2)(A), Judge Martin's Standing Order, and Local Rule 37.2. In support of their motion, the Fidelity Third-Party Defendants state as follows:

1. Ameriquest has once again prematurely filed a motion to compel in violation of, among other things, Local Rule 37.2. (*See, e.g.*, Fidelity Third-Party Defendants' Opposition to Ameriquest's Motion to Compel RE: Fidelity Agreements at 2-3, Dkt. No. 5086.) Although the Fidelity Third-Party Defendants informed Ameriquest on three separate occasions that they would respond to Ameriquest's Rule 30(b)(6) deposition notice by May 23, 2014—within 12 business days after receiving the notice—Ameriquest nonetheless prematurely filed its motion one day earlier, on May 22. As a result, Ameriquest's motion does not address the Fidelity Third-Party Defendants' objections—provided, as promised, the day **after** Ameriquest filed its

---

[1] The "Fidelity Third-Party Defendants" are Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

motion. Nor have the parties had an opportunity to meet and confer about those objections. In addition, Ameriquest's motion seeks to compel the production of documents requested in an attachment to the deposition notice. But under Federal Rule of Civil Procedure 34, the response to those document requests is not even due until June 10, 2014. As a result, Ameriquest's motion to compel violates FRCP 34(b)(2)(A), Judge Martin's Standing Order, and Local Rule 37.2. The Fidelity Third-Party Defendants advised Ameriquest about these violations and asked Ameriquest to withdraw its premature motion. (*See* May 23, 2014 E-mail from A. Shapiro to R. Manvitz with attachment, Ex. 1.) Since Ameriquest has declined to do so, the Court should strike the motion.

   2. On the afternoon of May 8, 2014, Ameriquest served the Fidelity Third-Party Defendants via e-mail with a Rule 30(b)(6) deposition notice (the "Deposition Notice") containing 15 deposition topics and an attachment containing 17 document requests. (*See* Notice, Ex. 2.)

   3. On May 12, 13, and 21, the Fidelity Third-Party Entities informed Ameriquest that they were in the process of reviewing and assessing the 12-page Deposition Notice and that they would respond to it by May 23, 2014—less than 12 business days after receiving the Deposition Notice. (*See* May 12, 13, and 21, 2014 E-mails from A. Shapiro to R. Manvitz, Ex. 3.) Moreover, in the May 21 e-mail, the Fidelity Third-Party Entities stated that "[a]fter the Fidelity Entities provide, and Ameriquest has had an opportunity to review, its objections we would be happy to meet and confer about those objections on a mutually convenient date and time." (*Id.*)

   4. On May 22—the day before the Fidelity Third-Party Entities agreed to provide their response to the Deposition Notice—Ameriquest filed its motion to compel all of the

testimony and documents sought in the Deposition Notice.  Notably, Ameriquest's motion fails to mention that the Fidelity Entities informed Ameriquest on three separate occasions that they intended to respond to the Deposition Notice the very next day.  Nor does Ameriquest's motion acknowledge that the Fidelity Third-Party Entities agreed to meet and confer on a mutually convenient date thereafter.

5. As promised, on May 23, 2014, the Fidelity Third-Party Defendants served their objections and responses to the Deposition Notice.  (*See* Ex. 1.)  The accompanying e-mail informed Ameriquest that its motion violated the Court's rules and asked Ameriquest to withdraw it.  (*See id.*)  The Fidelity Third-Party Defendants also offered to meet and confer the afternoon of May 28.  (*See id.*)  Ameriquest failed to withdraw its motion and stated that it was unavailable the afternoon of May 28.

6. The Court should strike Ameriquest's premature motion for two independent reasons.  First, to the extent Ameriquest's motion seeks to compel the production of documents requested for the first time in the requests attached to the Deposition Notice, it violates Federal Rule of Civil Procedure 34.  Federal Rule of Civil Procedure 34(b)(2)(A) provides the Fidelity Third-Party Defendants with 30 days to respond to document requests and Ameriquest cannot circumvent that rule by attaching its requests to a deposition notice.  *See, e.g.*, *Tome Enginharia E. Transportes v. Malki*, No. 94 C 7427, 1999 U.S. Dist. LEXIS 17530, at *8 (N.D. Ill. Nov. 4, 1999) (holding that "Rule 34 applies to riders to deposition notices seeking production of documents at the deposition"), copy of which is attached as Ex. 4.

7. Since Ameriquest served the Deposition Notice containing the document requests on May 8, 2014 via e-mail, the Fidelity Third-Party Defendants' response to those requests is not even due until June 10, 2014.  *See* FRCP 34(b)(2)(A) and 5(b)(2)(E).  As a result, Ameriquest's

motion to compel the documents sought in the Deposition Notice—filed nearly three weeks before the Fidelity Third-Party Defendants' response was even due—is improper and should be stricken.

8. Second, the Court should also strike Ameriquest's motion because Ameriquest filed it in violation of Judge Martin's Standing Order and Local Rule 37.2, both of which require the parties to meet and confer **before** filing a motion to compel. Here, on three separate occasions the Fidelity Third-Party Defendants agreed to provide their response to the Deposition Notice by May 23. (*See* Ex. 3.) Moreover, **before** Ameriquest filed its motion, the Fidelity Third-Party Defendants agreed to meet and confer on a mutually agreeable date to discuss their objections. (*See id.*) Of course, Ameriquest failed to advise the Court of any of those facts in its motion.

9. In addition, Ameriquest has been unable to offer any reason why its motion must be immediately resolved on an expedited basis before the parties have had an opportunity to meet and confer pursuant to Local Rule 37.2. Tellingly, Ameriquest's insistence that the motion be immediately adjudicated is inconsistent with: (1) the parties recent agreement to extend the discovery cut-off deadline—subject to the Court's approval—to August 29, 2014, (*see* May 5, 2014 E-mail from A. Shapiro to R. Manvitz, Ex. 5); and (2) Ameriquest's recent request—to which the Fidelity Third-Party Defendants' agreed—for **sixteen weeks** to respond to the Fidelity Third-Party Defendants' outstanding discovery. (*See id.*)

10. Indeed, Ameriquest's decision to file its motion compel less than **10 business days** after serving its Rule 30(b)(6) notice stands in stark contrast to the sixteen weeks Ameriquest requested to respond to the Fidelity Third-Party Defendants outstanding discovery.

4

11. The Court should not countenance Ameriquest's gamesmanship and instead should strike Ameriquest's motion to afford: (1) the Fidelity Third-Party Defendants the opportunity to respond to the document requests by June 10; and (2) the parties the opportunity to meet and confer about any objections to Ameriquest's request for testimony and documents.

WHEREFORE, the Fidelity Third-Party Defendants respectfully request that the Court strike the motion to compel filed by Ameriquest on May 22, 2014, or, in the alternative, permit the Fidelity Third-Party Defendants to file a written response to the motion on or before June 19, 2014, and award any further relief that the Court deems just and reasonable.

Dated: May 28, 2014

        Respectfully submitted,

        Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.


        By: /s/ Andrew D. Shapiro
            One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true copy of the preceding *Motion Strike* was served on May 28, 2014 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and served on the following persons by United States mail first class on May 28, 2014:

Joan M. Pridgeon
448 West Englewood Street
Chicago, IL 60621

Isiah P. Ward
303 Waterford Dr.
Willowbrook, IL 60527-5463

/s/ Andrew D. Shapiro

516608