# EXHIBIT 1



RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Andrew D. Shapiro  to: Manvitz, Randall L.  05/23/2014 03:53 PM
Cc: "Davies, Joanne", Albert Fowerbaugh

Randall,

As promised, I have attached the Fidelity Third-Party Defendants' Responses and Objections to Ameriquest's Rule 30(b)(6) Deposition Notice. If you would like to meet and confer about the objections set forth therein, we are available the afternoon of Wednesday, May 28, between 2 pm and 5 pm. Please let us know what time works best.

In addition, the motion to compel that Ameriquest filed yesterday was filed prematurely in violation of Judge Martin's Standing Order, Local Rule 37.2, and FRCP 34(b)(2)(A). *See Tome Enginharia E. Transportes v. Malki*, No. 94 C 7427, 1999 U.S. Dist. LEXIS 17530, at *8 (N.D. Ill. Nov. 4, 1999) (holding that "Rule 34 applies to riders to deposition notices seeking production of documents at the deposition"). Accordingly, we respectfully request that Ameriquest withdraw its prematurely filed motion by noon (CST) on May 27, 2014. If Ameriquest fails to do so, then the Fidelity Entities will have no choice but to move to strike it.

Regards,
Andy



Objections and Responses.pdf


**Andrew D. Shapiro**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com


Andrew D. Shapiro    Randall, Contrary to the accusation in your e-m...    05/21/2014 09:12:03 AM

From:     Andrew D. Shapiro/Butler Rubin
To:       "Manvitz, Randall L." <rmanvitz@buchalter.com>,
Cc:       "AFowerbaugh@butlerrubin.com" <AFowerbaugh@butlerrubin.com>, "Davies, Joanne"
          <jdavies@Buchalter.com>
Date:     05/21/2014 09:12 AM
Subject:  RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Randall,

Contrary to the accusation in your e-mail below, the Fidelity Entities have not ignored Ameriquest's request "to meet and confer by today." Rather, in my May 12 and May 13 e-mails below, the Fidelity Entities informed Ameriquest that they were in the process of reviewing and assessing Ameriquest's 12-page Rule 30(b)(6) deposition notice containing 15 topics and 17 document requests, and that they intended to advise Ameriquest of any objections to the deposition notice by the end of the week.

The Fidelity Entities are still in the process of reviewing and assessing the deposition notice , which was served less than 9 business days ago, and they still intend to provide any objections thereto by the end of the week, within 12 business days of the date on which they were served.

Given that your clients are taking 16 weeks to respond to the Fidelity Entities' discovery, Ameriquest cannot credibly complain about the Fidelity Entities taking less than 12 business days to review, assess, and respond to Ameriquest's lengthy deposition notice, particularly given the parties' recent agreement to extend the discovery cut-off to August 29, 2014.

After the Fidelity Entities provide, and Ameriquest has had an opportunity to review, its objections we would be happy to meet and confer about those objections on a mutually convenient date and time.

Regards,
Andy


**Andrew D. Shapiro**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com


| "Manvitz, Randall L." | Counsel, You ignored our request to meet an... | 05/20/2014 12:45:11 PM |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) |

MDL No. 1715

Lead Case No. 05-cv-07097

(Centralized before the Honorable Marvin E. Aspen)

**FIDELITY THIRD-PARTY DEFENDANTS'
RESPONSES AND OBJECTIONS TO
AMERIQUEST'S RULE 30(b)(6) DEPOSITION NOTICE**

Third-Party Defendants Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively the "Fidelity Third-Party Defendants"), by and through their undersigned counsel of record, hereby respond and object to the Rule 30(b)(6) deposition notice provided by Third-Party Plaintiff Ameriquest Mortgage Company ("AMC") on May 8, 2014 as follows:

**GENERAL OBJECTIONS**

1.     The Fidelity Third-Party Defendants object to the deposition notice to the extent it purports to impose obligations upon the Fidelity Third-Party Defendants that are inconsistent with or greater than the duties imposed by the Federal Rules of Civil Procedure.

2.     The Fidelity Third-Party Defendants object to the deposition notice to the extent it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346).

3.     The Fidelity Third-Party Defendants object to the deposition notice on the grounds that the topics are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because they seek information about closing protection letters that—if they ever existed—were provided to AMQ.  The topics seek testimony about the Fidelity Third-Party Defendants' efforts to preserve relevant closing protection letters and data capturing information contained on those letters.  But AMQ has failed to produce the very closing protection letters about which it now seeks testimony.  Indeed, AMQ had notice of its potential claims **before** the Fidelity Third-Party Defendants were initially put on notice of those claims when AMQ filed and served the Third-Party Complaint in or around September of 2007.  Yet AMQ has not yet explained why it has been unable to produce a copy of those letters in this action.  Given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony, it is not reasonable for AMQ to put the Fidelity Third-Party Defendants to the task of compiling the significant amount of information sought by the topics. In light of AMQ's own failure to maintain and produce the closing protection letters about which it now seeks testimony, the burden and expense of compiling and providing the broad categories of information requested in the deposition notice plainly outweigh its likely benefit.  *See, e.g.*, FRCP 26(b)(2)(C)(iii).

4.     The Fidelity Third-Party Defendants object to the topics on the grounds that they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible because they are not limited to any specific time period and to the extent they seek information prior to September of 2007, when AMQ served the Third-Party Complaint upon the Fidelity Third-Party Defendants.

5.     The Fidelity Third-Party Defendants object to the topics on the ground that they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek testimony about documents or information that the Fidelity Third-Party Defendants had no obligation to keep or maintain.

6.     The Fidelity Third-Party Defendants object to the topics on the ground that they are unduly burdensome to the extent the discovery is more properly sought through written interrogatory response rather than via Rule 30(b)(6) testimony. *See Beloit Liquidating Trust v. Century Indem. Co.*, No. 02 C 50037, 2003 WL 355743, at *9 (N.D. Ill. Feb. 13, 2003) (agreeing with party opposing discovery that "written responses are more efficient and will adequately meet the needs of the [party seeking discovery]" and declining to require the opposing party to respond to duplicative interrogatories and produce a 30(b)(6) witness); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 U.S. Dist. LEXIS 667, at *26-29 (N.D. Ill. Jan. 24, 2000) (holding that a 30(b)(6) deposition notice requesting a party to designate a witness to testify generally regarding previously produced responses to interrogatories and requests for production was unduly burdensome and an "inefficient means through which to obtain otherwise discoverable information").

7.     The Fidelity Third-Party Defendants object to Exhibit A to AMC's deposition notice on the ground that the exhibit is overbroad because it includes loans and lawsuits that are not at issue in the Fifth Amended Third-Party Complaint. In particular, Exhibit A includes: (i) loans and lawsuits involving class-action plaintiffs for which AMC already stated it is not seeking indemnification from any third-party defendant; (ii) loans and lawsuits not listed in the Fifth Amended Third-Party Complaint; (iii) loans and lawsuits which Judge Aspen prohibited AMC and the other third-party plaintiffs from adding to the Fifth Amended Third-Party

Complaint in his November 22, 2010 order (Docket No. 3831); and (iv) loans and lawsuits originated by third-party plaintiffs other than AMC.

8.      The Fidelity Third-Party Defendants object to the definition of the term "Chart" in AMC's deposition notice as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it includes at least one brand and state that is not at issue in the Fifth Amended Third-Party Complaint (*i.e.*, American Pioneer/ Massachusetts).

9.      The Fidelity Third-Party Defendants object to the definition of the term "Missing Data" in AMC's deposition notice as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it erroneously asserts that the Fidelity Third-Party Defendants' response to AMQ's Interrogatory No. 2 stated that the Fidelity Third-Party Defendants were "unable to locate any data concerning closing protection letters" for each of the brands and states listed in the definition of "Missing Data."

10.     The Fidelity Third-Party Defendants object to the deposition notice to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Such information will not be provided.  In the event that any such information is disclosed, such disclosure is inadvertent and does not constitute a waiver of privilege.  In responding to the deposition notice, the Fidelity Third-Party Defendants do not waive, but expressly preserve, all such privileges.

11.     The Fidelity Third-Party Defendants object to the deposition date set forth in the deposition notice on the grounds that it is unreasonable and unduly burdensome.

12.     These General Objections are incorporated by reference into each of the Fidelity Entities' specific responses below.

## TOPICS FOR EXAMINATION

**Topic 1:** The document retention or destruction policies and procedures (a/k/a records management) applicable to any Missing Data, Missing Exemplar Closing Protection Letters, and closing protection letters and compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information relating to undefined "closing protection letters;" (4) seeks information about documents and data that

the Fidelity Third-Party Defendants had no obligation to keep or maintain.; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 2:** Any and all document retention or destruction policies or procedures (a/k/a records management) for the states and brands in the Chart from 2002 to the present and compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic No. 1. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) is not limited to any particular category of data or documents; (3) seeks information

about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (4) seeks

testimony about documents and data that the Fidelity Third-Party Defendants had no obligation to

keep or maintain; and (5) seeks information that would be difficult—if not impossible—to

compile.

**Topic 3:** Any and all preservation or destruction efforts relating to the Missing Data,
Missing Exemplar Closing Protection Letters, and closing protection letters including but not
limited to efforts to inventory such documents, duplicate them, migrate them, and store them,
and any communications to preserve or destroy such documents.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections.

The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of

Topic Nos. 1 and 2. In addition, the Fidelity Third-Party Defendants object to the topic on the

ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge

Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the

topic purports to seek state and brand specific information for six different states and seven

separate brands concerning individual loans and individual closing protection letters. Since the

requested information will likely be different for each of the brand/state combinations, the topic

does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013

Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the

burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to

maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and

ambiguous with respect to the term "preservation or destruction efforts." The Fidelity Third-

Party Defendants also object to the extent the topic seeks information protected by the attorney

client privilege, the work product doctrine, or any other applicable privilege or protection.
Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible evidence
because it: (1) is not limited to any specific time period; (2) seeks information related to data
that is not "missing;" and (3) seeks information relating to undefined "closing protection letters;"
(4) seeks testimony about "any and all" preservation or destruction efforts, without limitation; (5)
seeks testimony about "any" communications to preserve or destroy certain documents, without
limitation; (6) seeks testimony about documents and data that the Fidelity Third-Party Defendants
had no obligation to keep or maintain; and (7) seeks information that would be difficult—if not
impossible—to compile.

     **Topic 4:** Any search undertaken for the Missing Data or Missing Exemplar Closing
Protection Letters including but not limited to for each applicable brand and state: (1) any date
on which a search was undertaken; (2) the identification of any person involved in the search; (3)
the scope of the search including any electronic media, network location, or electronic file, or
hard copy search.

     **RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections.
In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it
improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's
September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic
purports to seek state and brand specific information for six different states and seven separate
brands concerning individual loans and individual closing protection letters. Since the requested
information will likely be different for each of the brand/state combinations, the topic does not
seek the "common," "non-case-specific" discovery permitted by the September 3, 2013
Memorandum Opinion and Order.

     Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the
burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

The Fidelity Third-Party Defendants also object to the extent the topic seeks information protected by the attorney client privilege, the work product doctrine, or any other applicable privilege or protection. In addition, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks testimony about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 5:** Any search undertaken for closing protection letters or data reflecting closing protection letters that had been issued applicable to the Ameriquest loans identified in **Exhibit A [list of all loans]** including but not limited to: (1) the date(s) of the search; (2) the identity of any and all persons and entities involved in the search; and (3) the scope of the search including whether the search included any and all closing protection letters referencing Ameriquest and efforts to locate blanket or multi-transaction closing protection letters.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic No. 4. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic seeks testimony about specific closing protection letters and data related to specific loans. Accordingly, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely

- 9 -

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

The Fidelity Third-Party Defendants also object to the extent the topic seeks information protected by the attorney client privilege, the work product doctrine, or any other applicable privilege or protection. In addition, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks testimony about loans and lawsuits that are not at issue in the Fifth Amended Third-Party Complaint; and (3) seeks information that would be difficult—if not impossible—to compile.

**Topic 6:** Any search undertaken for any non-Agent-Trax multi-transaction or Blanket Closing Protection Letters of any Fidelity-related entity applicable to Illinois including but not limited to: (1) the date(s) of the search; (2) the identity of any and all persons and entities involved in the search; and (3) the scope of the search including whether the search included any and all closing protection letters referencing Ameriquest and efforts to locate blanket or multi-transaction closing protection letters.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic Nos. 4 and 5. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic seeks testimony about specific closing protection letters related to specific loans. Accordingly, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the terms "non-Agent-Trax multi-transaction," "Fidelity-related entity," and "applicable to Illinois." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) is not limited to the loans and lawsuits listed in the Fifth Amended Third-Party; (3) is not limited to closing protection letters issued to Ameriquest; (4) seeks information unrelated to any of the borrowers or loans at issue in the case; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 7:** The identity of all persons and entities responsible for the custody, maintenance, preservation, and/or destruction of the Missing Data or Missing Exemplar Closing Protection Letters for each state and brand on the Chart from 2001 to the present and the scope of their responsibilities.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) purports to require information over the course of a 13-year period; (2) seeks information related to data that is not "missing;" (3) seeks information about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (4) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 8:** The identity of all persons and entities who participated in the preservation and, or destruction of the Missing Data or Missing Exemplar Closing Protection Letters and the scope of their participation.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic No. 7. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "participated." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 9:** The identity of all persons and entities who participated in the transition from the older websites for generating closing protection letters to Agent-Trax for the state and brand [sic] on the chart encompassing the Missing Data or Missing Exemplar Closing Protection Letters.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

- 13 -

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the terms "participated," "transition for the older websites," and "encompassing the Missing Data or Missing Exemplar Closing Protection Letters." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; (4) seeks information unrelated to any of the borrowers or loans at issue in the case; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 10:** The destruction, loss, or inability to access or locate Missing Data or Missing Exemplar Closing Protection Letters for each applicable brand and state including: (a) the date(s) it was lost, destroyed, and, or no longer accessible from the web or by issuing agents or by Third-Party Defendants' employees; (b) electronic media and systems it has been located on; (c) any duplicates or back-ups containing the missing documents or data; (d) back-up systems for the missing documents or data; (e) any explanation why it cannot be found or what happened to it; (f) whether it was deleted or otherwise destroyed; (g) any records reflecting its status at any time; and (h) why it was deleted or otherwise not maintained such that it was accessible.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate

brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "applicable brand and state." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 11:** The back-up system and back-up media which contains or contained the Missing Data or Missing Exemplar Closing Protection Letters or some portion thereof including the frequency of back-ups, time periods of use, the reason why the back-up media is insufficient to obtain the Missing Data or Missing Exemplar Closing Protection Letters, the status of the media such as whether and when the media for back-ups was over-written, lost, deleted, or destroyed.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic

- 15 -

purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "back-up system and back-up media," Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 12:** The back-up policies and practices for the states and brands in the Chart from 2001 to the present.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate

brands concerning individual loans and individual closing protection letters. Since the requested

information will likely be different for each of the brand/state combinations, the topic does not

seek the "common," "non-case-specific" discovery permitted by the September 3, 2013

Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the

burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to

maintain and produce the very closing protection letters about which it now seeks testimony.

Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

because it: (1) purports to require information over the course of a 13-year period; (2) seeks

information related to data that is not "missing;" (3) seeks information about a brand and state

that is not at issue in the Fifth Amended Third-Party Complaint; (4) seeks information about

documents and data that the Fidelity Third-Party Defendants had no obligation to keep or

maintain; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 13:** The circumstances of any Fidelity-related entity or its counsel learning that
the Missing Data and Missing Exemplar Closing Protection Letters were not available or could
not be located including the date(s), persons involved in any communication or search or inquiry,
and purpose of the search.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections.

In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it

improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's

September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic

purports to seek state and brand specific information for six different states and seven separate

brands concerning individual loans and individual closing protection letters. Since the requested

information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "circumstances." The Fidelity Third-Party Defendants also object to the extent the topic seeks information protected by the attorney client privilege, the work product doctrine, or any other applicable privilege or protection. Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 14:** The involvement of vendors or other third-parties [sic] with the development of websites, hosting websites, or storing the Missing Data or Missing Exemplar Closing Protection Letters for websites used for generating closing protection letters for any of the states and brands listed on the Chart including contracts, hosting data, communications about preservation, destruction, and termination of services.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic

- 18 -

purports to seek state and brand specific information for six different states and seven separate

brands concerning individual loans and individual closing protection letters. Since the requested

information will likely be different for each of the brand/state combinations, the topic does not

seek the "common," "non-case-specific" discovery permitted by the September 3, 2013

Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the

burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to

maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and

ambiguous with respect to the terms "involvement" and "other third parties [sic]," Moreover, the

Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not

limited to any specific time period; (2) seeks information related to data that is not "missing;" (3)

seeks information about a brand and state that is not at issue in the Fifth Amended Third-Party

Complaint; (4) seeks information about documents and data that the Fidelity Third-Party

Defendants had no obligation to keep or maintain; (5) is not limited to the loans and lawsuits

listed in the Fifth Amended Third-Party; (6) is not limited to closing protection letters issued to

Ameriquest; (7) seeks information unrelated to any of the borrowers or loans at issue in the case

and (8) seeks information that would be difficult—if not impossible—to compile.

**Topic 15:** The system and accompanying closing protection letter data for generating
closing protection letters and memorializing the closing protection letters that had been issued
for each of the brands and states listed in the Chart in use from 2001 to the replacement with the
Agent-Trax web-based system including but not limited to the dates of use, data stored, method
of memorializing letters issued, purpose of the system, whether web-based or otherwise, website,
software used, vendor involvement, where the data memorializing the issuance of a letter was

stored at any time, and reports that could be generated from the system such as spreadsheets of closing protection letters historically issued.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "system and accompanying closing protection letter data." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; (4) is not limited to the loans and lawsuits listed in the Fifth Amended Third-Party; (5) is not limited to closing protection letters issued to Ameriquest; (6) seeks information unrelated

to any of the borrowers or loans at issue in the case; and (7) seeks information that would be difficult—if not impossible—to compile.

### Attachment B – Documents Requested

The Fidelity Third-Party Defendants object to the deposition notice to the extent it requires the Fidelity Entities to respond in writing to the document requests set forth in Attachment B within less than 30 days after being served, as set forth in Federal Rule of Civil Procedure 34(b)(2)(A). *See, e.g., Tome Enginharia E. Transportes v. Malki*, No. 94 C 7427, 1999 U.S. Dist. LEXIS 17530, at *8 (N.D. Ill. Nov. 4, 1999) (holding that "Rule 34 applies to riders to deposition notices seeking production of documents at the deposition"). The Fidelity Third-Party Defendants intend to respond in writing to those document requests within 30 days after being served, *i.e.*, on or before June 10, 2014. Accordingly, at this point, the Fidelity Third-Party Defendants expressly reserve any objections they may have to the document requests set forth in Attachment B.

Respectfully submitted,

Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

By: _____
One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

## **CERTIFICATE OF SERVICE**

The undersigned on oath states that he served the foregoing on:

    Randall L. Manvitz
    Buchalter Nemer, P.C.
    333 Market Street, 25th Floor
    San Francisco, California 94105

    Joanne Davies, Esq.
    BuchalterNemer, P.C.
    18400 Von Karman Avenue, Suite 800
    Irvine, California 92612-0514

by mailing same in a properly addressed envelope, postage prepaid, and by depositing same in the U.S. mail and by electronic mail on the 23rd day of May, 2014.

                                 Andrew D. Shapiro

516181