# EXHIBIT 4



TOME ENGINHARIA E. TRANSPORTES, LTDA, Plaintiff/Counterdefendant, vs. YVES MALKI, personally, et al., Defendants/Counterclaimants.

No. 94 C 7427

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1999 U.S. Dist. LEXIS 17530

November 4, 1999, Decided
November 5, 1999, Docketed

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part *Tome Engenharia E. Transportes v. Malki*, 2003 U.S. Dist. LEXIS 9984 (N.D. Ill., June 11, 2003)

**PRIOR HISTORY:** *Tome Engenharia E Transportes v. Malki*, 1999 U.S. Dist. LEXIS 2737 (N.D. Ill., Mar. 3, 1999)

**DISPOSITION:** [*1] Plaintiff's Motion to Compel Production of Documents (doc. # 374-1) DENIED.

**COUNSEL:** For TOME ENGENHARIA E TRANSPORTES, LTDA., plaintiff: Jeffrey Leonard Hamera, Baker & McKenzie, Barbara A. Susman, William H. Ransom, Cynthia A Lewis, Susman & Associates, Chicago, IL.

For YVES MALKI, SHARON MALKI, INTER-MARKETING GROUP, INC., JADE EAST INSPECTION, JADE EAST TRADING, JAMES TEHRANI, defendants: Robert Orman, Law Office of Robert Orman, Anne I-Pin Shaw, Robert Orman & Associates, Chicago, IL.

For TOME ENGENHARIA E TRANSPORTES, LTDA., Counter-defendant: Jeffrey Leonard Hamera, Baker & McKenzie, Barbara A. Susman, William H. Ransom, Susman & Associates, Chicago, IL.

**JUDGES:** SIDNEY I. SCHENKIER, United States Magistrate Judge. Judge Anthony A. Alaimo.

**OPINION BY:** SIDNEY I. SCHENKIER

**OPINION**

MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff's Motion to Compel Production of Documents (doc. # 374-1), which has been referred to this Court for ruling by an order dated November 11, 1999. On November 4, 1999, the Court heard oral argument on the motion and, at that time, announced on the record that the motion was denied. As the Court advised the parties it would do, the Court [*2] now memorializes its ruling in this opinion.

The genesis of the motion is as follows. On June 18, 1999, the Honorable Anthony A. Alaimo, sitting by designation, entered a Judgment pursuant to a settlement agreement in favor of plaintiff and against defendants Yves Malki and Inter-Marketing Group, Inc., in the amount of $ 376,000. As part of the judgment, the case was dismissed against the remaining defendants, James Tehrani and Sharon Malki. However, plaintiff was given

leave to take the deposition of Ms. Malki within 120 days, and to seek leave to reinstate the case against her alone if the Court found that Ms. Malki had made a material misstatement concerning her assets or that Ms. Malki's assets exceeded her liabilities.

For reasons not explained in the motion, plaintiff did not seek to schedule Ms. Malki's deposition until September 22, 1999, after more than 90 days had passed. When agreement could not be reached immediately on a deposition date, on September 23, 1999, plaintiff unilaterally issued a deposition notice scheduling the deposition for September 30, 1999. Attached to the notice was a rider labeled an "ADDENDUM Duces Tecum," which demanded that Ms. Malki produce at [*3] the deposition 32 separate categories of documents ranging as far back as 1992. Significantly for the purposes of the present motion, the notice stated that the deposition was being scheduled both pursuant to the Court's June 18, 1999 Judgment and *Federal Rules of Civil Procedure 30 and 34*.

Ms. Malki resisted appearing on September 30 due to a scheduling conflict, and offered other dates, including October 11, 1999. In addition, by a letter of September 28, 1999, Ms. Malki notified plaintiff that she objected to all the document requests. On October 4, 1999, plaintiff filed an emergency motion to compel Ms. Malki to appear for deposition and to produce documents. On October 5, 1999, Judge Alaimo issued a letter ruling setting October 11, 1999 as the date for Ms. Malki's deposition. That letter ruling did not indicate whether Ms. Malki was also required to produce documents requested in the addendum.

Ms. Malki's deposition in fact commenced on October 11, 1999. The transcript of that deposition reveals that Ms. Malki did not produce the documents requested in the addendum at or prior to the deposition, and that at some time prior to October 11, Ms. Malki had served on plaintiff formal [*4] objections (10/11/99 S. Malki Dep. at 5). Plaintiff elected to go forth with the deposition anyway, and proceeded with an examination that covered 195 pages of transcript. Based on the information obtained in that examination, plaintiff has filed a separate motion to reinstate the case against Ms. Malki (doc. # 375-1), on the ground that even without the benefit of the documents sought in the addendum plaintiff has established material misstatements concerning assets. At the same time, plaintiff has filed the motion to compel production of documents, which is now before the Court.

As framed by that motion to compel, the sole dispute here concerns the applicability of *Rule 34(b)* to the request for documents in the addendum to the deposition notice. Ms. Malki asserts that she was not required to produce the documents identified in the addendum at her deposition, because plaintiff failed to allow her the 30-day period for response required by *Fed. R. Civ. P. 34(b)*. She further argues that she should not be required to produce any of the documents at all because the request came too late: under *Rule 34(b)*, a response to the document request in the addendum would not have been due until [*5] October 23, 1999, which was after expiration of the 120-day period allowed for Ms. Malki's deposition. By contrast, plaintiff asserts that *Rule 34(b)* is inapplicable, because it applies only to "parties" and that by virtue of the Judgment of June 18, 1999, Ms. Malki was dismissed and thus is no longer a party.

The text of *Rule 30* makes it clear that *Rule 34* applies to riders to deposition notices seeking production of documents at the deposition. *Rule 30(b)(5)* states that "the notice to a party deponent may be accompanied by a request made in compliance with *Rule 34*...," and that the "procedure of *Rule 34* shall apply to the request." While this has engendered some criticism from some commentators on the ground that it "make[s] it more difficult to compel a party to produce documents at a deposition than it is if a nonparty is to be deposed," 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2108 at 63, the same commentators also recognize that this is what the language of the Rule requires. *Id.* at 64.

Plaintiff's argument that *Rule 34* does not apply here is frivolous. Ms. Malki was a party in the case, and the Judgment set as a condition of her dismissal [*6] that she appear for a deposition. Thus, the Court believes it clear that the authority for Ms. Malki's deposition arose from *Rule 30*, due to her status as a party, rather than from *Federal Rule of Civil Procedure 45*, which governs the issuance of subpoenas for depositions of non-party witnesses. Moreover, the very deposition notice confirms that this was plaintiff's understanding as well, as that notice expressly states that Ms. Malki's deposition and accompanying document request were being set pursuant to *Rules 30* and *34*. Plaintiff cannot now deny what is plain from her deposition notice: that *Rule 34* and its accompanying time limits apply to plaintiff's document

request.

Thus, given the applicability of *Rule 34*, Ms. Malki was not required to respond to the addendum until October 23, 1999 (30 days after it was served). However, the 120-period the Court established for Ms. Malki's deposition ended one week earlier, on October 16, 1999. During argument on the motion, Ms. Malki conceded that the 120-day period for deposition set forth by the Judgment would have obligated her to produce documents pursuant to a timely and reasonable request, but argues that she should not have to respond [*7] to a request that was so late that it would call for production after the 120-period has expired.

In the circumstances presented here, the Court agrees. The Court finds that plaintiff's document request was untimely, and that the untimeliness was the result of plaintiff's lack of diligence.

As was revealed in plaintiff's October 4, 1999 emergency motion to compel Ms. Malki's deposition, plaintiff did not begin to take any steps to schedule that deposition or seek documents until September 22, 1999, after more than 90 days of the 120-day period had elapsed (*see* 10/04/99 Emergency Motion, at P 1). Plaintiff confirmed that fact during the hearing on the present motion to compel, but attempted to explain the delay by the need to conduct "investigation" before deposing Ms. Malki. However, plaintiff also admitted the 32-category document addendum served on September 23, 1999 was an amalgam of prior discovery requests served during the many years this lawsuit was pending (plaintiff has not disclosed when those requests previously were made, or whether any documents in fact ever were produced in response to any of those requests). Plaintiff offered no reason why those previously-formulated [*8] requests could not have been given to Ms. Malki long before September 23, if in fact those documents were critical to plaintiff's ability to probe the veracity of Ms. Malki's financial representations.

Nor has plaintiff offered any reason for her failure to take other available measures to seek to ensure that plaintiff had the documents prior to the deposition. Plaintiff could have timely sought a court order, pursuant to *Rule 34(b)*, shortening the time for Ms. Malki to respond to the document request. While plaintiff's emergency motion filed on October 4, 1999 also sought production of documents, the focus of that motion was the scheduling of a date for Ms. Malki's deposition - the request to order documents produced was a tag end to that motion, and the request did not specifically ask the Court to require production in a time period shorter than the normal 30-day period allowed by *Rule 34*. Plaintiff also could have sought to extend the 120-day period, in order to allow more time to obtain the document production and deposition. Plaintiff failed to take either of these steps, and once again has failed to offer any reason for plaintiff's failure to do so.

The Court notes that the [*9] broad (indeed, in this Court's view, overly broad) scope of the document addendum further highlights the problem with the belated request. While plaintiff's counsel argued at the hearing that it is customary to require production of documents at a deposition on seven calendar day notice, the Court does not believe it reasonable to expect a production of the scope demanded by the 32 categories of documents sought in the addendum to be accomplished in that short time period. The fact that such a request was made less than 30 days before the expiration of the 120-day period raises a serious question as to the true necessity of those documents for the limited areas of inquiry of Ms. Malki allowed by the Judgment; at the very least, the timing of this broad request underscores the lack of diligence by plaintiff during the first 90-plus days of that 120-day period. Plaintiff is not now entitled to yet more time to obtain documents she could have sought long ago.

Accordingly, for the foregoing reasons, Plaintiff's Motion to Compel Production of Documents (doc. # 374-1) is hereby DENIED.

**ENTER:**

**SIDNEY I. SCHENKIER**

United States Magistrate Judge

Dated: November 4, 1999 [*10]