# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) |

)
)
) MDL No. 1715
)
) Lead Case No. 05-cv-07097
)
) (Centralized before the Honorable
) Marvin E. Aspen)
)
) Magistrate Judge Daniel G. Martin

**FIDELITY THIRD-PARTY DEFENDANTS'
MOTION TO STRIKE AMERIQUEST'S MOTION TO COMPEL**

The Fidelity Third-Party Defendants[1] respectfully move to strike the motion to compel

that Ameriquest filed on May 22, 2014, because the motion violates Federal Rule of Civil

Procedure 34(b)(2)(A), Judge Martin's Standing Order, and Local Rule 37.2. In support of their

motion, the Fidelity Third-Party Defendants state as follows:

1.      Ameriquest has once again prematurely filed a motion to compel in violation of,

among other things, Local Rule 37.2. (*See, e.g.,* Fidelity Third-Party Defendants' Opposition to

Ameriquest's Motion to Compel RE: Fidelity Agreements at 2-3, Dkt. No. 5086.) Although the

Fidelity Third-Party Defendants informed Ameriquest on three separate occasions that they

would respond to Ameriquest's Rule 30(b)(6) deposition notice by May 23, 2014—within 12

business days after receiving the notice—Ameriquest nonetheless prematurely filed its motion

one day earlier, on May 22. As a result, Ameriquest's motion does not address the Fidelity

Third-Party Defendants' objections—provided, as promised, the day **after** Ameriquest filed its

---

[1] The "Fidelity Third-Party Defendants" are Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

motion. Nor have the parties had an opportunity to meet and confer about those objections. In addition, Ameriquest's motion seeks to compel the production of documents requested in an attachment to the deposition notice. But under Federal Rule of Civil Procedure 34, the response to those document requests is not even due until June 10, 2014. As a result, Ameriquest's motion to compel violates FRCP 34(b)(2)(A), Judge Martin's Standing Order, and Local Rule 37.2. The Fidelity Third-Party Defendants advised Ameriquest about these violations and asked Ameriquest to withdraw its premature motion. (*See* May 23, 2014 E-mail from A. Shapiro to R. Manvitz with attachment, Ex. 1.) Since Ameriquest has declined to do so, the Court should strike the motion.

2. On the afternoon of May 8, 2014, Ameriquest served the Fidelity Third-Party Defendants via e-mail with a Rule 30(b)(6) deposition notice (the "Deposition Notice") containing 15 deposition topics and an attachment containing 17 document requests. (*See* Notice, Ex. 2.)

3. On May 12, 13, and 21, the Fidelity Third-Party Entities informed Ameriquest that they were in the process of reviewing and assessing the 12-page Deposition Notice and that they would respond to it by May 23, 2014—less than 12 business days after receiving the Deposition Notice. (*See* May 12, 13, and 21, 2014 E-mails from A. Shapiro to R. Manvitz, Ex. 3.) Moreover, in the May 21 e-mail, the Fidelity Third-Party Entities stated that "[a]fter the Fidelity Entities provide, and Ameriquest has had an opportunity to review, its objections we would be happy to meet and confer about those objections on a mutually convenient date and time." (*Id.*)

4. On May 22—the day before the Fidelity Third-Party Entities agreed to provide their response to the Deposition Notice—Ameriquest filed its motion to compel all of the

testimony and documents sought in the Deposition Notice. Notably, Ameriquest's motion fails to mention that the Fidelity Entities informed Ameriquest on three separate occasions that they intended to respond to the Deposition Notice the very next day. Nor does Ameriquest's motion acknowledge that the Fidelity Third-Party Entities agreed to meet and confer on a mutually convenient date thereafter.

5.      As promised, on May 23, 2014, the Fidelity Third-Party Defendants served their objections and responses to the Deposition Notice. (*See* Ex. 1.) The accompanying e-mail informed Ameriquest that its motion violated the Court's rules and asked Ameriquest to withdraw it. (*See id.*) The Fidelity Third-Party Defendants also offered to meet and confer the afternoon of May 28. (*See id.*) Ameriquest failed to withdraw its motion and stated that it was unavailable the afternoon of May 28.

6.      The Court should strike Ameriquest's premature motion for two independent reasons. First, to the extent Ameriquest's motion seeks to compel the production of documents requested for the first time in the requests attached to the Deposition Notice, it violates Federal Rule of Civil Procedure 34. Federal Rule of Civil Procedure 34(b)(2)(A) provides the Fidelity Third-Party Defendants with 30 days to respond to document requests and Ameriquest cannot circumvent that rule by attaching its requests to a deposition notice. *See, e.g., Tome Enginharia E. Transportes v. Malki*, No. 94 C 7427, 1999 U.S. Dist. LEXIS 17530, at *8 (N.D. Ill. Nov. 4, 1999) (holding that "Rule 34 applies to riders to deposition notices seeking production of documents at the deposition"), copy of which is attached as Ex. 4.

7.      Since Ameriquest served the Deposition Notice containing the document requests on May 8, 2014 via e-mail, the Fidelity Third-Party Defendants' response to those requests is not even due until June 10, 2014. *See* FRCP 34(b)(2)(A) and 5(b)(2)(E). As a result, Ameriquest's

motion to compel the documents sought in the Deposition Notice—filed nearly three weeks before the Fidelity Third-Party Defendants' response was even due—is improper and should be stricken.

8.        Second, the Court should also strike Ameriquest's motion because Ameriquest filed it in violation of Judge Martin's Standing Order and Local Rule 37.2, both of which require the parties to meet and confer **before** filing a motion to compel.  Here, on three separate occasions the Fidelity Third-Party Defendants agreed to provide their response to the Deposition Notice by May 23.  (*See* Ex. 3.)  Moreover, **before** Ameriquest filed its motion, the Fidelity Third-Party Defendants agreed to meet and confer on a mutually agreeable date to discuss their objections.  (*See id.*)  Of course, Ameriquest failed to advise the Court of any of those facts in its motion.

9.        In addition, Ameriquest has been unable to offer any reason why its motion must be immediately resolved on an expedited basis before the parties have had an opportunity to meet and confer pursuant to Local Rule 37.2.  Tellingly, Ameriquest's insistence that the motion be immediately adjudicated is inconsistent with:  (1) the parties recent agreement to extend the discovery cut-off deadline—subject to the Court's approval—to August 29, 2014, (*see* May 5, 2014 E-mail from A. Shapiro to R. Manvitz, Ex. 5); and (2) Ameriquest's recent request—to which the Fidelity Third-Party Defendants' agreed—for **sixteen weeks** to respond to the Fidelity Third-Party Defendants' outstanding discovery.  (*See id.*)

10.       Indeed, Ameriquest's decision to file its motion compel less than **10 business days** after serving its Rule 30(b)(6) notice stands in stark contrast to the sixteen weeks Ameriquest requested to respond to the Fidelity Third-Party Defendants outstanding discovery.

11.     The Court should not countenance Ameriquest's gamesmanship and instead should strike Ameriquest's motion to afford:  (1) the Fidelity Third-Party Defendants the opportunity to respond to the document requests by June 10; and (2) the parties the opportunity to meet and confer about any objections to Ameriquest's request for testimony and documents.

WHEREFORE, the Fidelity Third-Party Defendants respectfully request that the Court strike the motion to compel filed by Ameriquest on May 22, 2014, or, in the alternative, permit the Fidelity Third-Party Defendants to file a written response to the motion on or before June 19, 2014, and award any further relief that the Court deems just and reasonable.

Dated: May 28, 2014

Respectfully submitted,

Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.


By: /s/  Andrew D. Shapiro
         One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il  60602
Phone:  (312) 444-9660
Fax:  (312) 444-9287

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that a true copy of the preceding *Motion Strike*

was served on May 28, 2014 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local

Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's

system as to ECF filers, and served on the following persons by United States mail first class on

May 28, 2014:

    Joan M. Pridgeon
    448 West Englewood Street
    Chicago, IL 60621

    Isiah P. Ward
    303 Waterford Dr.
    Willowbrook, IL 60527-5463


                            /s/  Andrew D. Shapiro


516608

6

# EXHIBIT 1



RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Andrew D. Shapiro  to: Manvitz, Randall L.                                    05/23/2014 03:53 PM
Cc: "Davies, Joanne", Albert Fowerbaugh

Randall,

As promised, I have attached the Fidelity Third-Party Defendants' Responses and Objections to
Ameriquest's Rule 30(b)(6) Deposition Notice. If you would like to meet and confer about the objections
set forth therein, we are available the afternoon of Wednesday, May 28, between 2 pm and 5 pm. Please
let us know what time works best.

In addition, the motion to compel that Ameriquest filed yesterday was filed prematurely in violation of
Judge Martin's Standing Order, Local Rule 37.2, and FRCP 34(b)(2)(A). *See Tome Enginharia E.
Transportes v. Malki*, No. 94 C 7427, 1999 U.S. Dist. LEXIS 17530, at *8 (N.D. Ill. Nov. 4, 1999) (holding
that "Rule 34 applies to riders to deposition notices seeking production of documents at the deposition").
Accordingly, we respectfully request that Ameriquest withdraw its prematurely filed motion by noon (CST)
on May 27, 2014. If Ameriquest fails to do so, then the Fidelity Entities will have no choice but to move to
strike it.

Regards,
Andy



Objections and Responses.pdf


**Andrew D. Shapiro**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com


| Andrew D. Shapiro | Randall, Contrary to the accusation in your e-m... | 05/21/2014 09:12:03 AM |
|---|---|---|

| From: | Andrew D. Shapiro/Butler Rubin |
|---|---|
| To: | "Manvitz, Randall L." <rmanvitz@buchalter.com>, |
| Cc: | "AFowerbaugh@butlerrubin.com" <AFowerbaugh@butlerrubin.com>, "Davies, Joanne" <jdavies@Buchalter.com> |
| Date: | 05/21/2014 09:12 AM |
| Subject: | RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents |

Randall,

Contrary to the accusation in your e-mail below, the Fidelity Entities have not ignored Ameriquest's
request "to meet and confer by today." Rather, in my May 12 and May 13 e-mails below, the Fidelity
Entities informed Ameriquest that they were in the process of reviewing and assessing Ameriquest's
12-page Rule 30(b)(6) deposition notice containing 15 topics and 17 document requests, and that they
intended to advise Ameriquest of any objections to the deposition notice by the end of the week.

The Fidelity Entities are still in the process of reviewing and assessing the deposition notice , which was served less than 9 business days ago, and they still intend to provide any objections thereto by the end of the week, within 12 business days of the date on which they were served.

Given that your clients are taking 16 weeks to respond to the Fidelity Entities' discovery, Ameriquest cannot credibly complain about the Fidelity Entities taking less than 12 business days to review, assess, and respond to Ameriquest's lengthy deposition notice, particularly given the parties' recent agreement to extend the discovery cut-off to August 29, 2014.

After the Fidelity Entities provide, and Ameriquest has had an opportunity to review, its objections we would be happy to meet and confer about those objections on a mutually convenient date and time.

Regards,
Andy


**Andrew D. Shapiro**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com


"Manvitz, Randall L."      Counsel, You ignored our request to meet an...      05/20/2014 12:45:11 PM

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | |
| LITIGATION | ) | Lead Case No. 05-cv-07097 |
| | ) | |
| | ) | (Centralized before the Honorable |
| | ) | Marvin E. Aspen) |
| | ) | |
| | ) | |

### FIDELITY THIRD-PARTY DEFENDANTS'
### RESPONSES AND OBJECTIONS TO
### AMERIQUEST'S RULE 30(b)(6) DEPOSITION NOTICE

Third-Party Defendants Chicago Title Insurance Company, Commonwealth Land Title

Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance

Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and

Transnation Title Insurance Company (collectively the "Fidelity Third-Party Defendants"), by and

through their undersigned counsel of record, hereby respond and object to the Rule 30(b)(6)

deposition notice provided by Third-Party Plaintiff Ameriquest Mortgage Company ("AMC") on

May 8, 2014 as follows:

### GENERAL OBJECTIONS

1.      The Fidelity Third-Party Defendants object to the deposition notice to the extent it

purports to impose obligations upon the Fidelity Third-Party Defendants that are inconsistent

with or greater than the duties imposed by the Federal Rules of Civil Procedure.

2.      The Fidelity Third-Party Defendants object to the deposition notice to the extent it

improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's

September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346).

3.     The Fidelity Third-Party Defendants object to the deposition notice on the grounds that the topics are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because they seek information about closing protection letters that—if they ever existed—were provided to AMQ.  The topics seek testimony about the Fidelity Third-Party Defendants' efforts to preserve relevant closing protection letters and data capturing information contained on those letters.  But AMQ has failed to produce the very closing protection letters about which it now seeks testimony.  Indeed, AMQ had notice of its potential claims **before** the Fidelity Third-Party Defendants were initially put on notice of those claims when AMQ filed and served the Third-Party Complaint in or around September of 2007.  Yet AMQ has not yet explained why it has been unable to produce a copy of those letters in this action.  Given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony, it is not reasonable for AMQ to put the Fidelity Third-Party Defendants to the task of compiling the significant amount of information sought by the topics. In light of AMQ's own failure to maintain and produce the closing protection letters about which it now seeks testimony, the burden and expense of compiling and providing the broad categories of information requested in the deposition notice plainly outweigh its likely benefit.  *See, e.g.*, FRCP 26(b)(2)(C)(iii).

4.     The Fidelity Third-Party Defendants object to the topics on the grounds that they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible because they are not limited to any specific time period and to the extent they seek information prior to September of 2007, when AMQ served the Third-Party Complaint upon the Fidelity Third-Party Defendants.

5.      The Fidelity Third-Party Defendants object to the topics on the ground that they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek testimony about documents or information that the Fidelity Third-Party Defendants had no obligation to keep or maintain.

6.      The Fidelity Third-Party Defendants object to the topics on the ground that they are unduly burdensome to the extent the discovery is more properly sought through written interrogatory response rather than via Rule 30(b)(6) testimony. *See Beloit Liquidating Trust v. Century Indem. Co.*, No. 02 C 50037, 2003 WL 355743, at *9 (N.D. Ill. Feb. 13, 2003) (agreeing with party opposing discovery that "written responses are more efficient and will adequately meet the needs of the [party seeking discovery]" and declining to require the opposing party to respond to duplicative interrogatories and produce a 30(b)(6) witness); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 U.S. Dist. LEXIS 667, at *26-29 (N.D. Ill. Jan. 24, 2000) (holding that a 30(b)(6) deposition notice requesting a party to designate a witness to testify generally regarding previously produced responses to interrogatories and requests for production was unduly burdensome and an "inefficient means through which to obtain otherwise discoverable information").

7.      The Fidelity Third-Party Defendants object to Exhibit A to AMC's deposition notice on the ground that the exhibit is overbroad because it includes loans and lawsuits that are not at issue in the Fifth Amended Third-Party Complaint. In particular, Exhibit A includes: (i) loans and lawsuits involving class-action plaintiffs for which AMC already stated it is not seeking indemnification from any third-party defendant; (ii) loans and lawsuits not listed in the Fifth Amended Third-Party Complaint; (iii) loans and lawsuits which Judge Aspen prohibited AMC and the other third-party plaintiffs from adding to the Fifth Amended Third-Party

Complaint in his November 22, 2010 order (Docket No. 3831); and (iv) loans and lawsuits originated by third-party plaintiffs other than AMC.

8.     The Fidelity Third-Party Defendants object to the definition of the term "Chart" in AMC's deposition notice as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it includes at least one brand and state that is not at issue in the Fifth Amended Third-Party Complaint (*i.e.*, American Pioneer/ Massachusetts).

9.     The Fidelity Third-Party Defendants object to the definition of the term "Missing Data" in AMC's deposition notice as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it erroneously asserts that the Fidelity Third-Party Defendants' response to AMQ's Interrogatory No. 2 stated that the Fidelity Third-Party Defendants were "unable to locate any data concerning closing protection letters" for each of the brands and states listed in the definition of "Missing Data."

10.     The Fidelity Third-Party Defendants object to the deposition notice to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Such information will not be provided. In the event that any such information is disclosed, such disclosure is inadvertent and does not constitute a waiver of privilege. In responding to the deposition notice, the Fidelity Third-Party Defendants do not waive, but expressly preserve, all such privileges.

11.     The Fidelity Third-Party Defendants object to the deposition date set forth in the deposition notice on the grounds that it is unreasonable and unduly burdensome.

12.     These General Objections are incorporated by reference into each of the Fidelity Entities' specific responses below.

- 4 -

## TOPICS FOR EXAMINATION

**Topic 1:** The document retention or destruction policies and procedures (a/k/a records management) applicable to any Missing Data, Missing Exemplar Closing Protection Letters, and closing protection letters and compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information relating to undefined "closing protection letters;" (4) seeks information about documents and data that

the Fidelity Third-Party Defendants had no obligation to keep or maintain.; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 2:** Any and all document retention or destruction policies or procedures (a/k/a records management) for the states and brands in the Chart from 2002 to the present and compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic No. 1. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "compliance or non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) is not limited to any particular category of data or documents; (3) seeks information

about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (4) seeks

testimony about documents and data that the Fidelity Third-Party Defendants had no obligation to

keep or maintain; and (5) seeks information that would be difficult—if not impossible—to

compile.

**Topic 3:** Any and all preservation or destruction efforts relating to the Missing Data, Missing Exemplar Closing Protection Letters, and closing protection letters including but not limited to efforts to inventory such documents, duplicate them, migrate them, and store them, and any communications to preserve or destroy such documents.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections.

The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of

Topic Nos. 1 and 2. In addition, the Fidelity Third-Party Defendants object to the topic on the

ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge

Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the

topic purports to seek state and brand specific information for six different states and seven

separate brands concerning individual loans and individual closing protection letters. Since the

requested information will likely be different for each of the brand/state combinations, the topic

does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013

Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the

burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.,* FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to

maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and

ambiguous with respect to the term "preservation or destruction efforts." The Fidelity Third-

Party Defendants also object to the extent the topic seeks information protected by the attorney

client privilege, the work product doctrine, or any other applicable privilege or protection.

Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

because it: (1) is not limited to any specific time period; (2) seeks information related to data

that is not "missing;" and (3) seeks information relating to undefined "closing protection letters;"

(4) seeks testimony about "any and all" preservation or destruction efforts, without limitation; (5)

seeks testimony about "any" communications to preserve or destroy certain documents, without

limitation; (6) seeks testimony about documents and data that the Fidelity Third-Party Defendants

had no obligation to keep or maintain; and (7) seeks information that would be difficult—if not

impossible—to compile.

**Topic 4:** Any search undertaken for the Missing Data or Missing Exemplar Closing
Protection Letters including but not limited to for each applicable brand and state: (1) any date
on which a search was undertaken; (2) the identification of any person involved in the search; (3)
the scope of the search including any electronic media, network location, or electronic file, or
hard copy search.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections.

In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it

improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's

September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic

purports to seek state and brand specific information for six different states and seven separate

brands concerning individual loans and individual closing protection letters. Since the requested

information will likely be different for each of the brand/state combinations, the topic does not

seek the "common," "non-case-specific" discovery permitted by the September 3, 2013

Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the

burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

The Fidelity Third-Party Defendants also object to the extent the topic seeks information protected by the attorney client privilege, the work product doctrine, or any other applicable privilege or protection. In addition, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks testimony about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 5:** Any search undertaken for closing protection letters or data reflecting closing protection letters that had been issued applicable to the Ameriquest loans identified in **Exhibit A [list of all loans]** including but not limited to: (1) the date(s) of the search; (2) the identity of any and all persons and entities involved in the search; and (3) the scope of the search including whether the search included any and all closing protection letters referencing Ameriquest and efforts to locate blanket or multi-transaction closing protection letters.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic No. 4. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic seeks testimony about specific closing protection letters and data related to specific loans. Accordingly, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

The Fidelity Third-Party Defendants also object to the extent the topic seeks information protected by the attorney client privilege, the work product doctrine, or any other applicable privilege or protection. In addition, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks testimony about loans and lawsuits that are not at issue in the Fifth Amended Third-Party Complaint; and (3) seeks information that would be difficult—if not impossible—to compile.

**Topic 6:** Any search undertaken for any non-Agent-Trax multi-transaction or Blanket Closing Protection Letters of any Fidelity-related entity applicable to Illinois including but not limited to: (1) the date(s) of the search; (2) the identity of any and all persons and entities involved in the search; and (3) the scope of the search including whether the search included any and all closing protection letters referencing Ameriquest and efforts to locate blanket or multi-transaction closing protection letters.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic Nos. 4 and 5. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic seeks testimony about specific closing protection letters related to specific loans. Accordingly, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the terms "non-Agent-Trax multi-transaction," "Fidelity-related entity," and "applicable to Illinois." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) is not limited to the loans and lawsuits listed in the Fifth Amended Third-Party; (3) is not limited to closing protection letters issued to Ameriquest; (4) seeks information unrelated to any of the borrowers or loans at issue in the case; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 7:** The identity of all persons and entities responsible for the custody, maintenance, preservation, and/or destruction of the Missing Data or Missing Exemplar Closing Protection Letters for each state and brand on the Chart from 2001 to the present and the scope of their responsibilities.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) purports to require information over the course of a 13-year period; (2) seeks information related to data that is not "missing;" (3) seeks information about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (4) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 8:** The identity of all persons and entities who participated in the preservation and, or destruction of the Missing Data or Missing Exemplar Closing Protection Letters and the scope of their participation.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. The Fidelity Third-Party Defendants also object to the topic on the ground that it is duplicative of Topic No. 7. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "participated." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 9:** The identity of all persons and entities who participated in the transition from the older websites for generating closing protection letters to Agent-Trax for the state and brand [sic] on the chart encompassing the Missing Data or Missing Exemplar Closing Protection Letters.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the

burden and expense of compiling and providing the requested information outweighs its likely

benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to

maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and

ambiguous with respect to the terms "participated," "transition for the older websites," and

"encompassing the Missing Data or Missing Exemplar Closing Protection Letters." Moreover,

the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not

limited to any specific time period; (2) seeks information related to data that is not "missing;" (3)

seeks information about documents and data that the Fidelity Third-Party Defendants had no

obligation to keep or maintain; (4) seeks information unrelated to any of the borrowers or loans at

issue in the case; and (5) seeks information that would be difficult—if not impossible—to

compile.

**Topic 10:** The destruction, loss, or inability to access or locate Missing Data or Missing
Exemplar Closing Protection Letters for each applicable brand and state including: (a) the date(s)
it was lost, destroyed, and, or no longer accessible from the web or by issuing agents or by
Third-Party Defendants' employees; (b) electronic media and systems it has been located on; (c)
any duplicates or back-ups containing the missing documents or data; (d) back-up systems for
the missing documents or data; (e) any explanation why it cannot be found or what happened to
it; (f) whether it was deleted or otherwise destroyed; (g) any records reflecting its status at any
time; and (h) why it was deleted or otherwise not maintained such that it was accessible.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections.

In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it

improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's

September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic

purports to seek state and brand specific information for six different states and seven separate

brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "applicable brand and state." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 11:** The back-up system and back-up media which contains or contained the Missing Data or Missing Exemplar Closing Protection Letters or some portion thereof including the frequency of back-ups, time periods of use, the reason why the back-up media is insufficient to obtain the Missing Data or Missing Exemplar Closing Protection Letters, the status of the media such as whether and when the media for back-ups was over-written, lost, deleted, or destroyed.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic

purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "back-up system and back-up media," Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 12:** The back-up policies and practices for the states and brands in the Chart from 2001 to the present.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate

brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) purports to require information over the course of a 13-year period; (2) seeks information related to data that is not "missing;" (3) seeks information about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (4) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (5) seeks information that would be difficult—if not impossible—to compile.

**Topic 13:** The circumstances of any Fidelity-related entity or its counsel learning that the Missing Data and Missing Exemplar Closing Protection Letters were not available or could not be located including the date(s), persons involved in any communication or search or inquiry, and purpose of the search.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested

information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "circumstances." The Fidelity Third-Party Defendants also object to the extent the topic seeks information protected by the attorney client privilege, the work product doctrine, or any other applicable privilege or protection. Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; and (4) seeks information that would be difficult—if not impossible—to compile.

**Topic 14:** The involvement of vendors or other third-parties [sic] with the development of websites, hosting websites, or storing the Missing Data or Missing Exemplar Closing Protection Letters for websites used for generating closing protection letters for any of the states and brands listed on the Chart including contracts, hosting data, communications about preservation, destruction, and termination of services.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic

purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the terms "involvement" and "other third parties [sic]," Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information related to data that is not "missing;" (3) seeks information about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (4) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; (5) is not limited to the loans and lawsuits listed in the Fifth Amended Third-Party; (6) is not limited to closing protection letters issued to Ameriquest; (7) seeks information unrelated to any of the borrowers or loans at issue in the case and (8) seeks information that would be difficult—if not impossible—to compile.

**Topic 15:** The system and accompanying closing protection letter data for generating closing protection letters and memorializing the closing protection letters that had been issued for each of the brands and states listed in the Chart in use from 2001 to the replacement with the Agent-Trax web-based system including but not limited to the dates of use, data stored, method of memorializing letters issued, purpose of the system, whether web-based or otherwise, website, software used, vendor involvement, where the data memorializing the issuance of a letter was

stored at any time, and reports that could be generated from the system such as spreadsheets of closing protection letters historically issued.

**RESPONSE:** The Fidelity Third-Party Defendants incorporate their General Objections. In addition, the Fidelity Third-Party Defendants object to the topic on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). Specifically, the topic purports to seek state and brand specific information for six different states and seven separate brands concerning individual loans and individual closing protection letters. Since the requested information will likely be different for each of the brand/state combinations, the topic does not seek the "common," "non-case-specific" discovery permitted by the September 3, 2013 Memorandum Opinion and Order.

Furthermore, the Fidelity Third-Party Defendants object to the topic on the ground that the burden and expense of compiling and providing the requested information outweighs its likely benefit. *See, e.g.*, FRCP 26(b)(2)(C)(iii). This is particularly true given AMQ's failure to maintain and produce the very closing protection letters about which it now seeks testimony.

In addition, the Fidelity Third-Party Defendants object that the topic is vague and ambiguous with respect to the term "system and accompanying closing protection letter data." Moreover, the Fidelity Third-Party Defendants object that the topic is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it: (1) is not limited to any specific time period; (2) seeks information about a brand and state that is not at issue in the Fifth Amended Third-Party Complaint; (3) seeks information about documents and data that the Fidelity Third-Party Defendants had no obligation to keep or maintain; (4) is not limited to the loans and lawsuits listed in the Fifth Amended Third-Party; (5) is not limited to closing protection letters issued to Ameriquest; (6) seeks information unrelated

- 20 -

Case: 1:05-cv-07097 Document #: 5479-1 Filed: 05/28/14 Page 24 of 25 PageID #:51484

to any of the borrowers or loans at issue in the case; and (7) seeks information that would be difficult—if not impossible—to compile.

### Attachment B – Documents Requested

The Fidelity Third-Party Defendants object to the deposition notice to the extent it requires the Fidelity Entities to respond in writing to the document requests set forth in Attachment B within less than 30 days after being served, as set forth in Federal Rule of Civil Procedure 34(b)(2)(A). *See, e.g., Tome Enginharia E. Transportes v. Malki*, No. 94 C 7427, 1999 U.S. Dist. LEXIS 17530, at *8 (N.D. Ill. Nov. 4, 1999) (holding that "Rule 34 applies to riders to deposition notices seeking production of documents at the deposition"). The Fidelity Third-Party Defendants intend to respond in writing to those document requests within 30 days after being served, *i.e.*, on or before June 10, 2014. Accordingly, at this point, the Fidelity Third-Party Defendants expressly reserve any objections they may have to the document requests set forth in Attachment B.

Respectfully submitted,

Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

By: _____
    One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

## CERTIFICATE OF SERVICE

The undersigned on oath states that he served the foregoing on:

> Randall L. Manvitz
> Buchalter Nemer, P.C.
> 333 Market Street, 25th Floor
> San Francisco, California 94105
>
> Joanne Davies, Esq.
> BuchalterNemer, P.C.
> 18400 Von Karman Avenue, Suite 800
> Irvine, California 92612-0514

by mailing same in a properly addressed envelope, postage prepaid, and by depositing same in the U.S. mail and by electronic mail on the 23rd day of May, 2014.

Andrew D. Shapiro

516181

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| | **NOTICE OF DEPOSITION OF FIDELITY'S PERSON MOST KNOWLEDGEABLE RE: LOST OR DESTROYED CLOSING PROTECTION LETTERS** |
| | **Date:**    **May 19, 2014** |
| | **Time:**    **10:00 a.m.** |
| | **Place:**    **First Choice Reporting, 233 East Bay Street, Ste. 912 Jacksonville, FL 32202** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(6), Third-Party Plaintiff Ameriquest Mortgage Company ("Third-Party Plaintiff") will take the deposition upon oral examination, to be recorded by stenographic means and videotape, at the offices of First Choice Reporting, 233 East Bay Street, Ste. 912, Jacksonville, FL, of Third-Party Defendants Chicago Title Insurance, Commonwealth Land Title, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, Transnation Title Insurance Company (collectively "Third-Party Defendants"). Third-Party Defendants are requested to designate the person or persons most knowledgeable and prepared to testify on behalf of Third-Party Defendants concerning the subject matter described on Attachment A hereto. The deposition(s) will commence at 10:00 a.m.

on May 19, 2014 and will continue from day to day thereafter, weekends and holidays excluded, until completed.

      **NOTICE IS FURTHER GIVEN** that Third-Party Plaintiffs will record the testimony at the above-described deposition by videotape, instant display of testimony, and/or audiotape in addition to recording this testimony by stenographic method.

      **PLEASE TAKE FURTHER NOTICE** that this notice is accompanied by a Request for Production of Documents, as set forth in Attachment B. Such documents should be produced to Buchalter Nemer, 55 2nd Street, 17th Floor, San Francisco, California, on or before May 15, 2014.

DATED: May 8, 2014

                                  BUCHALTER NEMER
                                  A Professional Corporation

                                  By:_____
                                       RANDALL L. MANVITZ
                                    Attorneys for Third-Party Plaintiffs

## ATTACHMENT A
## DEFINITIONS AND INSTRUCTIONS

     1.    "Third-Party Defendants" means Chicago Title Insurance, Commonwealth Land Title, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

     2.    "Blanket" or "Blanket Closing Protection Letter," means any closing protection letter that would apply to future closings of real estate transactions when conducted by an identified issuing agent/approved attorney and a policy is issued by the title underwriter.

     3.    "Chart" refers to the following:

| Third-Party Defendant | Alabama | Connecticut | Illinois | Massachusetts | Michigan | Rhode Island |
|---|---|---|---|---|---|---|
| Chicago Title Insurance | X | X | X | X | X | n/a |
| Commonwealth Land Title | X | X | X | X | n/a | X |
| Fidelity National Title Insurance Co. | X | X | X | X | X | X |
| Lawyers Title Insurance Company | X | X | X | X | X | n/a |
| Ticor Title Insurance Company | X | X | X | X | X | X |
| American Pioneer Title Insurance Co. | n/a | X | X | X | X | n/a |
| Transnation Title Insurance Co. | n/a | n/a | n/a | X | X | X |

     4.    "Missing Data" means the closing protection letter data for the state and brands identified in the Fidelity Third-Party Defendants response to Ameriquest's Interrogatory No. 2 for which the Fidelity Third-Party Defendants responded that they were unable locate any data concerning closing protection letters:

AL – Chicago Title Insurance Company
AL – Fidelity National Title Insurance Company
AL – Ticor Title Insurance Company
CT – American Pioneer Title Insurance Company
CT – Chicago Title Insurance Company
CT – Commonwealth Land Title Insurance Company and Lawyers Title Insurance Company
CT – Fidelity National Title Insurance Company
CT – Ticor Title Insurance Company
IL – American Pioneer Title Insurance Company
IL – Chicago Title Insurance Company
IL – Commonwealth Land Title Insurance Company and Lawyers Title Insurance Company
IL – Fidelity National Title Insurance Company
MA – American Pioneer Title Insurance Company
MA – Chicago Title Insurance Company/Ticor Title Insurance Company
MA – Fidelity National Title Insurance Company
MA – Transnation Title Insurance

MI – American Pioneer Title Insurance Company
MI – Chicago Title Insurance Company
MI – Fidelity National Title Insurance Company
MI – Lawyers Title Insurance Company and Transnation Title Insurance Company
MI – Ticor Title Insurance Company
RI – Fidelity National Title Insurance Company
RI – Ticor Title Insurance Company
RI – Transnation Title Insurance Company

     5.     "Missing Exemplar Closing Protection Letters" means the closing protection

letters for the state and brands identified in the Fidelity Third-Party Defendants' response to

Ameriquest's Interrogatory No. 2 for which the Fidelity Third-Party Defendants responded that

they were unable locate an exemplar closing protection letter, specifically:

AL – Fidelity National Title Insurance Company
AL – Ticor Title Insurance Company
CT – American Pioneer Title Insurance Company
CT – Ticor Title Insurance Company
IL – American Pioneer Title Insurance Company
IL – Chicago Title Insurance Company
IL – Commonwealth Land Title Insurance Company and Lawyers Title Insurance Company
MA – American Pioneer Title Insurance Company
MA – Transnation Title Insurance
MI – American Pioneer Title Insurance Company
MI – Chicago Title Insurance Company
MI – Lawyers Title Insurance Company and Transnation Title Insurance Company
RI – Commonwealth Land Title Insurance Company
RI – Ticor Title Insurance Company
RI – Transnation Title Insurance Company

## TOPICS FOR EXAMINATION

**Topic 1**: The document retention or destruction policies and procedures (a/k/a records

management) applicable to any Missing Data, Missing Exemplar Closing Protection Letters, and

closing protection letters and compliance or non-compliance with such policies or procedures in

relation to the Ameriquest MDL litigation.

**Topic 2**: Any and all document retention or destruction policies or procedures (a/k/a records

management) for the states and brands in the Chart from 2002 to the present and compliance or

non-compliance with such policies or procedures in relation to the Ameriquest MDL litigation.

**Topic 3**: Any and all preservation or destruction efforts relating to the Missing Data, Missing

Exemplar Closing Protection Letters, and closing protection letters including but not limited to

efforts to inventory such documents, duplicate them, migrate them, and store them, and any

communications to preserve or destroy such documents.

**Topic 4**: Any search undertaken for the Missing Data or Missing Exemplar Closing Protection Letters including but not limited to for each applicable brand and state: (1) any date on which a search was undertaken; (2) the identification of any person involved in the search; (3) the scope of the search including any electronic media, network location, or electronic file, or hard copy search.

**Topic 5**: Any search undertaken for closing protection letters or data reflecting closing protection letters that had been issued applicable to the Ameriquest loans identified in **Exhibit A [list of all loans]** including but not limited to: (1) the date(s) of the search; (2) the identity of any and all persons and entities involved in the search; and (3) the scope of the search including whether the search included any and all closing protection letters referencing Ameriquest and efforts to locate blanket or multi-transaction closing protection letters.

**Topic 6**: Any search undertaken for any non-Agent-Trax multi-transaction or Blanket Closing Protection Letters of any Fidelity-related entity applicable to Illinois including but not limited to: (1) the date(s) of the search; (2) the identity of any and all persons and entities involved in the search; and (3) the scope of the search including whether the search included any and all closing protection letters referencing Ameriquest and efforts to locate blanket or multi-transaction closing protection letters.

**Topic 7**: The identity of all persons and entities responsible for the custody, maintenance, preservation, and/or destruction of the Missing Data or Missing Exemplar Closing Protection Letters for each state and brand on the Chart from 2001 to the present and the scope of their responsibilities.

**Topic 8**: The identity of all persons and entities who participated in the preservation and, or destruction of the Missing Data or Missing Exemplar Closing Protection Letters and the scope of their participation.

**Topic 9**: The identity of all persons and entities who participated in the transition from the older websites for generating closing protection letters to Agent-Trax for the state and brand on the

chart encompassing the Missing Data or Missing Exemplar Closing Protection Letters.

**Topic 10**: The destruction, loss, or inability to access or locate Missing Data or Missing Exemplar Closing Protection Letters for each applicable brand and state including: (a) the date(s) it was lost, destroyed, and, or no longer accessible from the web or by issuing agents or by Third-Party Defendants' employees; (b) electronic media and systems it has been located on; (c) any duplicates or back-ups containing the missing documents or data; (d) back-up systems for the missing documents or data; (e) any explanation why it cannot be found or what happened to it; (f) whether it was deleted or otherwise destroyed; (g) any records reflecting its status at any time; and (h) why it was deleted or otherwise not maintained such that it was accessible.

**Topic 11:** The back-up system and back-up media which contains or contained the Missing Data or Missing Exemplar Closing Protection Letters or some portion thereof including the frequency of back-ups, time periods of use, the reason why the back-up media is insufficient to obtain the Missing Data or Missing Exemplar Closing Protection Letters, the status of the media such as whether and when the media for back-ups was over-written, lost, deleted, or destroyed.

**Topic 12:** The back-up policies and practices for the states and brands in the Chart from 2001 to the present.

**Topic 13:** The circumstances of any Fidelity-related entity or its counsel learning that the Missing Data and Missing Exemplar Closing Protection Letters were not available or could not be located including the date(s), persons involved in any communication or search or inquiry, and purpose of the search.

**Topic 14:** The involvement of vendors or other third-parties with the development of websites, hosting websites, or storing the Missing Data or Missing Exemplar Closing Protection Letters for websites used for generating closing protection letters for any of the states and brands listed on the Chart including contracts, hosting data, communications about preservation, destruction, and termination of services.

**Topic 15:** The system and accompanying closing protection letter data for generating closing protection letters and memorializing the closing protection letters that had been issued for each

of the brands and states listed in the Chart in use from 2001 to the replacement with the Agent-Trax web-based system including but not limited to the dates of use, data stored, method of memorializing letters issued, purpose of the system, whether web-based or otherwise, website, software used, vendor involvement, where the data memorializing the issuance of a letter was stored at any time, and reports that could be generated from the system such as spreadsheets of closing protection letters historically issued.

**ATTACHMENT B**

**DEFINITIONS AND INSTRUCTIONS**

1.      "Third-Party Defendants" means Chicago Title Insurance, Commonwealth Land Title, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

2.      "Chart" refers to the following:

| Third-Party Defendant | Alabama | Connecticut | Illinois | Massachusetts | Michigan | Rhode Island |
|---|---|---|---|---|---|---|
| Chicago Title Insurance | X | X | X | X | X | n/a |
| Commonwealth Land Title | X | X | X | X | n/a | X |
| Fidelity National Title Insurance Co. | X | X | X | X | X | X |
| Lawyers Title Insurance Company | X | X | X | X | X | n/a |
| Ticor Title Insurance Company | X | X | X | X | X | X |
| American Pioneer Title Insurance Co. | n/a | X | X | X | X | n/a |
| Transnation Title Insurance Co. | n/a | n/a | n/a | X | X | X |

3.      "Missing Data" means the closing protection letter data for the state and brands identified in the Fidelity Third-Party Defendants response to Ameriquest's Interrogatory No. 2 for which the Fidelity Third-Party Defendants responded that they were unable locate any data concerning closing protection letters:

AL – Chicago Title Insurance Company
AL – Fidelity National Title Insurance Company
AL – Ticor Title Insurance Company
CT – American Pioneer Title Insurance Company
CT – Chicago Title Insurance Company
CT – Commonwealth Land Title Insurance Company and Lawyers Title Insurance Company
CT – Fidelity National Title Insurance Company
CT – Ticor Title Insurance Company
IL – American Pioneer Title Insurance Company
IL – Chicago Title Insurance Company
IL – Commonwealth Land Title Insurance Company and Lawyers Title Insurance Company
IL – Fidelity National Title Insurance Company
MA – American Pioneer Title Insurance Company
MA – Chicago Title Insurance Company/Ticor Title Insurance Company
MA – Fidelity National Title Insurance Company
MA – Transnation Title Insurance
MI – American Pioneer Title Insurance Company
MI – Chicago Title Insurance Company
MI – Fidelity National Title Insurance Company
MI – Lawyers Title Insurance Company and Transnation Title Insurance Company
MI – Ticor Title Insurance Company
RI – Fidelity National Title Insurance Company

RI – Ticor Title Insurance Company
RI – Transnation Title Insurance Company

    4.     "Missing Exemplar Closing Protection Letters" means the closing protection letters for the state and brands identified in the Fidelity Third-Party Defendants response to Ameriquest's Interrogatory No. 2 for which the Fidelity Third-Party Defendants responded that they were unable locate an exemplar closing protection letter, specifically:

AL – Fidelity National Title Insurance Company
AL – Ticor Title Insurance Company
CT – American Pioneer Title Insurance Company
CT – Ticor Title Insurance Company
IL – American Pioneer Title Insurance Company
IL – Chicago Title Insurance Company
IL – Commonwealth Land Title Insurance Company and Lawyers Title Insurance Company
MA – American Pioneer Title Insurance Company
MA – Transnation Title Insurance
MI – American Pioneer Title Insurance Company
MI – Chicago Title Insurance Company
MI – Lawyers Title Insurance Company and Transnation Title Insurance Company
RI – Commonwealth Land Title Insurance Company
RI – Ticor Title Insurance Company

    5.     Document" and "Documents" shall have the meaning ascribed to those terms in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy

differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6.     "Relate To" or "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

Any and all litigation hold documents Relating To the In Re: Ameriquest matter.

**REQUEST NO. 2:**

Any and all document retention policies or procedures (a/k/a records management) for the states and brands in the Chart from 2002 to the present.

**REQUEST NO. 3:**

Any and all organization charts Relating To the persons responsible (at any time) for records management of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 4:**

Any and all Documents Relating To the retention of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 5:**

Any and all Documents Relating To the destruction of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 6:**

Any and all Documents Relating To the loss of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 7:**

Any and all communications Relating To the destruction or loss of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 8:**

Any and all communications Relating To the preservation of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 9:**

Any and all communications Relating To any loss of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 10:**

Any and all contracts with any vendors who were involved with the Missing Data or Missing Exemplar Closing Protection Letters such as web-related vendors responsible for the closing protection letter data or closing protection letter websites.

**REQUEST NO. 11:**

Any and all Documents Relating To back-up policies or procedures for electronic media or data for the states and brands on the Chart at any time between 2002 and the present.

**REQUEST NO. 12:**

Any and all Documents reflecting the back-up of the Missing Data or Missing Exemplar Closing Protection Letters including records of the back-ups and back-up media.

**REQUEST NO. 13:**

Any Documents Relating To any Third-Party Defendants' compliance with its document retention or destruction policy regarding the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 14:**

Any and all records of pre-Agent-Trax closing protection letters issued between 2000 and 2006 for the brands and states on the Chart.

**REQUEST NO. 15:**

Any and all inventories Relating To the preservation or destruction of the Missing Data or Missing Exemplar Closing Protection Letters.

**REQUEST NO. 16:**

Any and all Documents Relating To the location of the Missing Data or Missing Exemplar Closing Protection Letters at any time including inventories and documents preservation or destruction lists and catalogues, documents reflecting the migration or copying of the documents.

**REQUEST NO. 17:**

An exemplar pre-Agent-Trax closing protection letter for each state and brand combination for the Missing Exemplar Closing Protection Letters.

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 55 Second Street, Suite 1700, San Francisco, California 94105.

On May 8, 2014, I served the foregoing documents described as:

**NOTICE OF DEPOSITION OF FIDELITY'S PERSON MOST KNOWLEDGEABLE RE: LOST OR DESTROYED CLOSING PROTECTION LETTERS**

on all other parties and/or their attorney(s) of record to this action as follows:

Albert Edwin Fowerbaugh , Jr.
Andrew D. Shapiro
Butler, Rubin, Saltarelli & Boyd LLP
70 West Madison, Suite 1800
Chicago, IL 60602
Tel: 312-444-9660
Fax: 312-444-9287
Email: afowerbaugh@butlerrubin.com
        ashapiro@butlerrubin

√    BY MAIL   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on the date set forth below. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices. Service made pursuant to FRCP 5(b)(2)(C), and CCP §§ 1012 and 1013(a), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

√    BY EMAIL   On May 8,2014, I personally electronically served from my electronic address cgilbert@buchalter.com, in "PDF" format, the document(s) described above, with attachments to the individuals stated above to their known email/electronic addresses as shown above. The transmission was reported as complete and without error. (FRCP 5(b)(2)(E), 6(d) and CCP. §1010.6; CRC §2.251, *et seq.*)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on May 8, 2014, at San Francisco, California.

Constance M. Gilbert

# EXHIBIT A

Ex. A to RFP to Fidelity Entities, MDL 1715

| Name of Borrower Plaintiff(s) | Loan No. | Title Defendant | Title Underwriter |
|---|---|---|---|
| Abbatematteo, Joann Abbatematteo, Joseph | 0059864702 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Adamowicz, Timothy Adamowicz, Francis | 0065211104 | The Matlusky Firm, LLC; Resource Title, LLC | American Pioneer Title Insurance Co. |
| Adams, Glenn Adams, Laverne | 0069529667 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Adkins, Sherry Adkins, James | 0103988804 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Aguiar, Paul Aguiar, Guilhermina | 0128911666 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Allgood, Kellie | 0138240924 | Heritage Title | Fidelity National Title Insurance Company |
| Anderson, Dean Anderson, Diane | 0083573527 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Bailey, James H. | 0103453601 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Bailey, Wray Bailey, Wendy | 0042412726 | Superior Closing Services, LLC; Holler & Holler, LLC | Commonwealth Land Title Insurance Co. |
| Balark, Eric McMiller, Michelle | 0120067921 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Banuelos, Pedro Banuelos, Celia | 0119993186 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Barboza, Benjamin Barboza, Manuel | 0043368737 | Superior Closing Services, LLC Holler & Holler, LLC | Commonwealth Land Title Insurance Co. |
| Barletta, Pam | 0070114186 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Barrett, Linda | 0128580305 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Beane, Virginia Beane, Robert | 0067116327 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Beaudoin, Carol A. Beaudoin, Ronald | 0135092088 | Tapalian & Tadros, P.C. | LandAmerica Commonwealth |
| Benoit, Ronald Benoit, Monique | 0122988207 | Nicholas Barrett and Associates | Fidelity National Title Insurance Company |
| Bergquist, Sandra | 0104425285 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Besterfield, Diane | 0103670881 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Billings, Jacob Billings, Taylor | 0109840405 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Black, Junior Terrance Campbell, Rene | 0085340586 | John Weber & Associates, P.C.; Avalon Abstract Corp. | Chicago Title Insurance Co. |
| Bodin, Harry | 0044849156 | National Real Estate | Fidelity National Title Insurance Company |
| Booth, Sallie | 0043304477 | Superior Closing Services, LLC | Commonwealth Land Title Insurance Co. |
| Bowe, Michael | 0074714387 | Synodi Videll & Green, LLC | Chicago Title Insurance Co. |
| Bowles, Karen | 0133068908 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Braz, Gary Braz, Anita | 0106843360 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Bricker, Anthony Bricker, Michelle | 0086694684 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Bridges, LaFranco | 0083711408 | Prince Brothers Inc. | Fidelity National Title Insurance Company |
| Britt, Robert Britt, Tammy | 0100645704 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Brown, Calvin Brown, Dora | 0069107308 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Brown, Dorothy | 0091080069 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Brown, Kenneth Brown, Monica | 0101981686 | Tek Title, LLC | Lawyers Title Insurance Corporation |
| Buck, Bruce Buck, Shannon | 0080501968 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Buckner, Jacqueline | 0083227264 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Bumpers, Henry Bumpers, Elizabeth | 0070729785 | Nations Title Agency of Illinois | Lawyers Title Insurance Corporation |
| Buniski, Carolyn F. | 0052795721 | Superior Closing Services, LLC | Commonwealth Land Title Insurance Co. |
| Burgess, Ernest Burgess, Peggy | 0066806142 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Burton, Kenneth G. | 0138039805 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Butt, Stephanie Butt, James | 0139228407 | Tapalian & Tadros, P.C. | LandAmerica Commonwealth |
| Carlson, Raymond Carlson, Rebecca | 0047829833 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Cavallo, Matthew | 0079910949 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Chandler, Jennifer | 0135748085 | The Law Offices of George T. Crowley | Fidelity National Title Insurance Company |
| Chaney, Shirley Chaney, Willie | 0030315899 | ATI Title | Chicago Title Insurance Co. |
| Charette, Heidi Charette, Richard | 0092283761 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |

Ex. A to RFP to Fidelity Entities, MDL 1715

| Name of Borrower Plaintiff(s) | Loan No. | Title Defendant | Title Underwriter |
|---|---|---|---|
| Chaumley, Sarah | 0078232485 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Churchill, Dale Churchill, Kelley | 0106221526 | Devon Title | Transnation Title Insurance Co. |
| Clark, Harvey | 0104443825 | Nations Title Agency of Arizona, Inc. | American Pioneer Title Insurance Co. |
| Clarke, Christopher Clarke, Karie | 0112275508 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Coleman, Arthur Coleman, Ethelyn | 0138267067 | Richmond Title Services | Lawyers Title Insurance Corporation |
| Coleman, Nancy Elder Elder, Robert | 0103956702 | CT Mortgage Information Services | Lawyers Title Insurance Corporation |
| Coleman, Nancy Elder Elder, Robert | 0144716883 | Richmond Title Services | Lawyers Title Insurance Corporation |
| Cooley, Kandee Cooley, Wilbert | 0083562207 | LSI - Fidelity Title & Escrow | Chicago Title Insurance Co. |
| Copeland, Kevin | 0065508947 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Coutant, Jeffrey Coutant, Sharon | 0087464087 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Crandall, Gary | 0120394523 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Crocker, David | 0083173526 | The Law Offices of George T. Crowley | Fidelity National Title Insurance Company |
| Cue, Willie Mae | 0040642738 | Law Offices of Morris I. Olmer | Lawyers Title Insurance Corporation |
| Curtis, Joseph G. Curtis, Elizabeth | 0098918063 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Davis, Sonja Davis, Donya | 0100970763 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Delgado, John F. | 0110734142 | Tapalian & Tadros, P.C. | LandAmerica Commonwealth |
| Dell, Simon | 0050091420 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Derda, Cindy Derda, Paul | 0062396445 | Integrity Closing Service | American Pioneer Title Insurance Co. |
| Desrosiers, Wilfred Desrosiers, Barbara | 0079544524 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Diaz, Jr., Jesus Diaz, Karen | 0081706145 | The Law Offices of George T. Crowley | Fidelity National Title Insurance Company of New York |
| Dickerson, Mark | 0133615882 | K.E.L. Title Insurance Agency; Security Union Title Insurance Company | Chicago Title Insurance Co. |
| Diggins, Janet | 0091594127 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Doolittle, Edward Doolittle, Babette | 0088403308 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Dorney, Joan Dorney, James | 0140211467 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Duchene, David John | 0135511566 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |
| Dugan, James Dugan, Donna | 0089319222 | Synodi Videll & Green, LLC | Chicago Title Insurance Co. |
| Duhamel, Sandra L. | 0106693260 | Tapalian & Tadros, P.C. | Commonwealth Land Title Co. |
| Dupuis, Glenn Dupuis, Holly | 0110526944 | Tapalian & Tadros, P.C. | LandAmerica Commonwealth |
| Evans, Cheryl E. | 0136899861 | Northwest Title & Escrow Corporation; Ticor Title Insurance Company of Florida | Ticor Title Insurance Co. |
| Faust, Gwen Russell, Eileen | 0115697526 | Schop & Pleskow, LLP | Ticor Title Insurance Co. |
| Ferencz, Dawn Ferencz, Steven | 0085000982 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Filian, Carlos Filian, Alicia Margarita | 0073138604 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Fitzner, Kenneth Fitaner, Dawn | 0083422162 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Fox, Michael A. | 0075479105 | Prince Brothers Inc. | Fidelity National Title Insurance Company |
| Freeberg, Marianne Freeberg, Oscar | 0093095602 | Tek Title, LLC | Lawyers Title Insurance Corporation |
| Fuller, Kurt Fuller, Nancy | 0081990061 | Fidelity National Title Insurance Company | Fidelity National Title Insurance Company |
| Furgeson, Marie | 0044556546 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Gaeta, Joseph Gaeta, Dorothy | 0101193985 | The Law Offices of George T. Crowley | Fidelity National Title Insurance Company |
| Galvan, Patrick | 0063846661 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Gayauski, Peter Gayauski, Donna | 0135483980 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Gburek, Camille | 0037940988 | Executive Land Title | Lawyers Title Insurance Corporation |
| Gelman, Carl Gelman, Hope | 0084367846 | Complete Title Solutions, Inc. | Commonwealth Land Title Co. |
| General, Gevaisa General, Ronald | 0072149149 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |

Case: 1:05-cv-07097 Document #: 5479-2 Filed: 05/28/14 Page 18 of 21 PageID #:51503

Ex. A to RFP to Fidelity Entities, MDL 1715

| Name of Borrower Plaintiff(s) | Loan No. | Title Defendant | Title Underwriter |
|---|---|---|---|
| Gerbig, Karen<br>Huston, Mary Christine | 0072228349 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Gomez, Luz | 0039269618 | Equity Settlement Services, Inc.;<br>Peter Marchelos;<br>Vital Signing, Inc. | American Pioneer Title Insurance Co. |
| Goodell, Lee<br>Goodell, Rebecca | 0111910147 | Alamo Title Company | Alamo Title Insurance Co. |
| Grabowski, Peter | 0083059626 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Grayson, Erwin<br>Grayson, Lillian | 0124514761 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Green, Donald<br>Green, Sharon | 0097806905 | Towne & Country Land Title Agency, Inc. | Fidelity National Title Insurance Company |
| Greene, Samuel | 0044930105 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Griffin, Nicholas<br>Griffin, Ann | 0048273841 | Superior Closing Services, LLC | Commonwealth Land Title Insurance Co. |
| Gruhlke, Michael<br>Gruhlke, Lorie | 0148243629 | Richmond Title Services, LP | Chicago Title Insurance Co. |
| Guiditta, Edward<br>Guiditta, Nina | 0118957927 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Guillemette, Michael A.<br>Guillemette, Michelle | 0101495406 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Harris, Castella Williams | 0037122983 | Law Title Insurance Company | Fidelity National Title Insurance Company |
| Harris, Melissa D. | 0078473709 | Tristar Title, LLC;<br>First Choice Signing Service, LLC | Ticor Title Insurance Co. |
| Hasapes, Jason | 0067067561 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Hawkins, Nile E. | 0114642309 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Henderson, Irma | 0121482723 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Hinkley, Diana | 0055275523 | First Suburban Title Company | Chicago Title Insurance Co. |
| Hinkley, Diana | 0098518848 | First Suburban Title Company | Chicago Title Insurance Co. |
| Hodor, Steven<br>Hodor, Valerie | 0069293702 | Northwest Title & Escrow Corporation;<br>CloseNet, LLC | American Pioneer Title Insurance Co. |
| Holmes, Dennis<br>Homes, Brenda | 0043218940 | Superior Closing Services, LLC;<br>Holler & Holler, LLC | Commonwealth Land Title Insurance Co. |
| Holt, Geraldine | 0074227885 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Holzmeister, Michael | 0095230520 | Tek Title, LLC | Lawyers Title Insurance Corporation |
| Horne, Mary Ann<br>Parker, Ann M. | 0121966626 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |
| Huggins, Maurice<br>Huggins, Pearl | 0053631628 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Igaz, Michael<br>Igaz, Connie | 0095977864 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Isom, Dennis<br>Isom, Lisa | 0123358244 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Ivery, Jerry<br>Ivery, Jacqueline | 0080872088 | Network Closing Services, Inc.;<br>American Pioneer Title Insurance Co. | American Pioneer Title Insurance Co. |
| Iwanczenko, John<br>Iwanczenko, Maryann | 0041565672 | Superior Closing Services, LLC;<br>Holler & Holler, LLC | Commonwealth Land Title Insurance Co. |
| Jagoe, Bobby<br>Jagoe, Karen | 0119209120 | Commonwealth Land Title Company | Commonwealth Land Title Insurance Co.;<br>Lawyers Title Insurance Corp. |
| Jagoe, Bobby<br>Jagoe, Karen | 0119209120 | Commonwealth Land Title Company | Commonwealth Land Title Insurance Co.;<br>Lawyers Title Insurance Corp. |
| Jaye, Patrick<br>Jaye, Laurie | 0127250520 | Richmond Title Services, LP | Lawyers Title Insurance Corporation |
| Jennings, Larry | 0134245125 | Richmond Title Services, LP;<br>Lawyers Title Insurance Corp.;<br>NPC | Lawyers Title Insurance Corporation |
| Johnson, Karen<br>Johnson, Stanley | 0105748222 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Jones, Janie | 0144214681 | K.E.L. Title Insurance Agency, Inc. | Fidelity National Title Insurance Company |
| Jones, Joann | 0137944849 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |
| Jones, Michael<br>Jones, Debbie | 0128325123 | Richmond Title Services, LP | Lawyers Title Insurance Corporation |
| Jones, Mona Lee | 0068283043 | Avalon Abstract Corp. | Chicago Title Insurance Co. |
| Jones, Sentueal<br>Palmer, Cecily O. | 0063296545 | Schop & Pleskow, LLP | Ticor Title Insurance Co. |
| Joyner, Preston<br>Joyner, Delana | 0086271541 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |
| Juano, Charlie<br>Juano, Mylani | 0094070703 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Juillerat, Deborah | 0034005595 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Karlin, David | 0128708765 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |

Ex. A to RFP to Fidelity Entities, MDL 1715

| Name of Borrower Plaintiff(s) | Loan No. | Title Defendant | Title Underwriter |
|---|---|---|---|
| Key, Earl E. | 0035972652 | Nations Title Agency of Illinois | Lawyers Title Insurance Corporation |
| Kielczewski, Anna M. | 0134481688 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Knox, Nona Knox, Albert | 0036185353 | Commonwealth Land Title Company | Commonwealth Land Title Insurance Co. |
| Kobialka, Edward Kobialka, Ruth | 0040776569 | The Law Offices of William A. Snider | Lawyers Title Insurance Corporation |
| Korlacki, Stephen R. | 0124572603 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Kosla, Christine Kosla, Joseph | 0071655781 | Northwest Title & Escrow Corporation; CloseNet, LLC | American Pioneer Title Insurance Co. |
| Krise, George D. Haynes, Dana S. | 0074193848 | Northwest Title & Escrow Corporation; CloseNet, LLC | American Pioneer Title Insurance Co. |
| Kruger, John | 0148383847 | Middle Atlantic Settlement Services, LLC; Advanced Closing Services, Inc. | Lawyers Title Insurance Corp. |
| Kudyba, Krystyna | 0129540803 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Kukla, Mike A. | 0075414789 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Lancaster, Christopher D'Ortona, Carolyn | 0120945787 | Tapalian & Tadros, P.C. | LandAmerica Commonwealth |
| Lappin, William Lappin, Linda | 0088363841 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Leal, Patricia | 0114984743 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Leblanc, Scott | 0073714503 | Synodi Videll & Green, LLC | Chicago Title Insurance Co. |
| Lehan, Timothy | 0049862287 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Lenahan, Richard | 0137807681 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Lepore, Anthony Lepore, Lori | 0105499784 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Lewis, Benjamin Lewis, Mala | 0142568187 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |
| Luedtke, Roger Luedtke, Christine | 0089427223 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Lyles, Audrey | 0074486523 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Lyness, Gary Lyness, Linda | 0117997221 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Macswain, Andrea Clark, Stephen | 0116621103 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Madrazo, Richard A. | 0090057747 | Avalon Abstract Corp. | Chicago Title Insurance Co. |
| Magliano, Mike Magliano, Judith | 0108082066 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Mandeville, Darlene L. | 0133490268 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Marshall, Mondria | 0126418342 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Martin, Shelly Martin, Joseph | 0114278781 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Martindell, Donald Martindell, Wanda | 0105962807 | Indiana Title Network Company | Fidelity National Title Insurance Company |
| Masson, Patricia | 0114938483 | Tapalian & Tadros, P.C. | Commonwealth Land Title Co. |
| McCray, Frances McCray, Harold | 0137625968 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co.; LandAmerica Commonwealth |
| McCrum, Jerry McCrum, Jeanne | 0136557568 | Richmond Title Services, LP; Lawyers Title Insurance Corp.; NPC | Lawyers Title Insurance Corporation |
| McGowan, Sondra | 0048603070 | Nations Title Agency of Illinois | Lawyers Title Insurance Corporation |
| McLin, Dwayne McLin, Bridgette | 0095996724 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Meek, Richard Meek, Kelly | 0069028066 | Oldstone Title Agency, LLC | Commonwealth Land Title Insurance Co. |
| Mejia, Jose Mejia, Rose | 0130946809 | Tristar Title, LLC; Ticor Title Insurance Co. | Ticor Title Insurance Co. |
| Mikowski, Joseph Mikowski, Patricia | 0110926862 | Indiana Title Network Company | Fidelity National Title Insurance Company |
| Milardo, David Milardo, Lucinda | 0080946668 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Miller, Benjamin Miller, Katherine | 0081183584 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |
| Mills, Delois | 0037658861 | Residential Title Services, Inc. | Commonwealth Land Title Insurance Co. |
| Montgomery, Michele Montgomery, Mark | 0093481703 | Devon Title | Fidelity National Title Insurance Company |
| Morgan, Robert Morgan, Marjorie | 0130929789 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Muro, Robert | 0046878773 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Nason, David Nason, Rachel | 0098937188 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Neubeck, Christopher Neubeck, Peggy | 0138470489 | Tristar Title, LLC | Ticor Title Insurance Co. |

Ex. A to RFP to Fidelity Entities, MDL 1715

| Name of Borrower Plaintiff(s) | Loan No. | Title Defendant | Title Underwriter |
|---|---|---|---|
| Niese, Catherine | 0073386500 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| O'Donnell, Brian M. | 0096289608 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| O'Keefe, Michael, III O'Keefe, Susan | 0122094329 | Avalon Abstract Corp. | Chicago Title Insurance Co. |
| Olynciw, Michael | 0039385992 | Superior Closing Services, LLC | Commonwealth Land Title Insurance Co. |
| Onesimus, Joseph Onesimus, Myra | 0103758769 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Osten, Michael Osten, Maria | 0046573267 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Overstreet, Layton | 0130796063 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Pascoe, Dwuith Pascoe, Tanya | 0078443843 | Superior Closing Services | Ticor Title Insurance Co. |
| Patterson, Estelle | 0089538086 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Peabody, Robert Peabody, Debra | 0031952948 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Pecor, Joseph Pecor, Jacqueline | 0104026380 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Pepper, Michael Pepper, AnnMarie | 0106375280 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Perry, Judy | 0096677760 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Peterson, Harold Zevallos, Elizabeth | 0088668769 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Pipkins, Richard | 0141329920 | Northwest Title Alabama | Ticor Title Insurance Co. |
| Potter, John Potter, Lisa | 0048024269 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Ramos, Leonor C. | 0087240529 | Tapalian & Tadros, P.C. | Lawyers Title Insurance Corporation |
| Riehbock, Charles Rehbock, Linda | 0099940140 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Rita, Linda L. | 0110586047 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Robinson, Shree Robinson, James | 0072915200 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Rocco, Joseph Rocco, Nancy | 0106137409 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Rodriguez, Hector Rodriguez, Brenda | 0090473448 | Law Offices of Anthony Senerchia | Chicago Title Insurance Co. |
| Rodriguez, Jose Albarran, Virginia | 0136200888 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Rodriguez, Ralph Chapman, Barbara | 0069970101 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Rondeau, Jan Rondeau, Mathias | 0092958529 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Ross, Johnnie Ross, Kareem | 0092076108 | Dewrell Sacks, LLP | Chicago Title Insurance Co. |
| Russo, Michael | 0103632907 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Salazar, Sergio Salazar, Guadalupe | 0036302156 | Nations Title Agency of Illinois | Lawyers Title Insurance Corporation |
| Saunders, Pegi | 0083553800 | Fidelity National Title Company | Chicago Title Insurance Co. |
| Scott, George Scott, Cynthia | 0118588904 | Home-Land Title & Abstract Co., Inc. | Fidelity National Title Insurance Company |
| Sedgwick, Kelly Sedgwick, JoLynn | 0048180624 | Nations Title Agency of Illinois, Inc. | Lawyers Title Insurance Corporation |
| Seger, John Seger, Deanna | 0061852901 | Nations Title Agency of Illinois | Lawyers Title Insurance Corporation |
| Sherman, Thomas | 0083393025 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Sievers, Jerome Sievers, Cheryl | 0083472829 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Simmons, Edward | 0122054380 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Sims, Ivan | 0136258688 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Singleton, LuAnn | 0121908305 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Skanes, Barbara J. | 0073752909 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Smith, Edward Smith, Gail | 0090978966 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Smith, Eric Yanong, Guillermina | 0034678318 | Nations Title Agency of Illinois | Lawyers Title Insurance Corporation |
| Smith, Wendy | 0087454328 | Nations Title Agency of the Carolinas | American Pioneer Title Insurance Co. |
| Snowden, Allie Bell | 0134417369 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Soto, Joanne Soto, Jose | 0083697003 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Sparks, Christine | 0124649146 | Richmond Title Services, L.P. | Lawyers Title Insurance Corporation |
| Spence-English, Sonia | 0052619467 | Superior Closing Services, LLC; Holler & Holler, LLC | Commonwealth Land Title Insurance Co. |

Case: 1:05-cv-07097 Document #: 5479-2 Filed: 05/28/14 Page 21 of 21 PageID #:51506

Ex. A to RFP to Fidelity Entities, MDL 1715

| Name of Borrower Plaintiff(s) | Loan No. | Title Defendant | Title Underwriter |
|---|---|---|---|
| Steinmiller, Gary Steinmiller, Kelly | 0044147221 | B & S Services, LLC; Vital Signing, Inc. | American Pioneer Title Insurance Co. |
| Stratford, Samuel Stratford, Christina | 0067947606 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Sulinski, Peter Sulinski, Victoria | 0056477847 | The Law Offices of William A. Snider; Holler & Holler, LLC | Ticor Title Insurance Co. |
| Sullivan, David Bathin, Drucie | 0045825080 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Sutton, Daniel Sutton, Jeanie | 0083808840 | Northwest Title & Escrow Corporation | Ticor Title Insurance Co. |
| Szurley, Andrew | 0133733725 | The Law Offices of George T. Crowley | Fidelity National Title Insurance Company |
| Terrell, Gloria J. | 0137675021 | Heritage Title | Fidelity National Title Insurance Company |
| Therrien, Gloria J. | 0078511185 | Fidelity National Title Insurance Company; Vital Signing, Inc. | Fidelity National Title Insurance Company of New York |
| Thibodeau, Chantel Thibodeau, Jeffrey | 0069302644 | Schop & Pleskow, LLP | Chicago Title Insurance Co. |
| Thompson, Kenneth Thompson, Linda | 0114692502 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Tieri, Rocco C. | 0109642082 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Tipton, Hugh Tipton, Mary | 0124840620 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Titus-Ashford, Jacqueline | 0088499686 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Townes, James | 0124610908 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Treadwell, Gilbert Treadwell, Genelle | 0039506936 | Nations Title Agency of Illinois | Fidelity National Title Insurance Company of New York; Lawyers Title Insurance Co. |
| VanderPol, William VanderPol, Trudy | 0065099228 | Devon Title | Fidelity National Title Insurance Company |
| Wakefield, David Wakefield, Janet | 0046273900 | David B. Carroll | Chicago Title Insurance Co. |
| Walker, Tyrone Walker, Betty | 0118684869 | Tristar Title, LLC | Ticor Title Insurance Co. |
| Walsh, Keith Walsh, Yvonne | 0089620124 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Walz, Steve Walz, Suellen | 0059452227 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Warner, Iris | 0137967261 | Heritage Title | Fidelity National Title Insurance Company |
| Warren, Sheila Warren, Ronald | 0091066928 | Lawyers Title Insurance Corporation | Lawyers Title Insurance Corporation |
| Washington, Rochelle Washington, Sidney | 0043996610 | Law Title Insurance Company; A Title Escrow Company | Lawyers Title Insurance Corporation |
| Woyland, Clarence | 0071265540 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Wayne, Robert Wayne, Twila | 0087201323 | Towne & Country Land Title Agency, Inc. | Fidelity National Title Insurance Company |
| Webb, Priscilla C. | 0149704223 | LandAmerica Onestop 1 | Lawyers Title Insurance Corporation |
| Wessel, Kevin Wessel, Sherry | 0047432372 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Whitsett, Shalese | 0083329847 | Northwest Title & Escrow Corporation | American Pioneer Title Insurance Co. |
| Whittall, Constance | 0133231902 | The Law Offices of George T. Crowley | Fidelity National Title Insurance Company |
| Wildermuth, Victoria A. Wildermuth, Thomas J. | 0075658724 | Charter Title Agency | Commonwealth Land Title Insurance Co. |
| Wilgoren, Joshua | 0132292129 | Tapalian & Tadros, P.C. | Commonwealth Land Title Insurance Co. |
| Williams, Claude | 0038192357 | Prince Brothers Inc. | Fidelity National Title Insurance Company of New York |
| Williams, Victoria | 0126678408 | Anchor Title, LLC | Commonwealth Land Title Insurance Co. |
| Witham, Beth Witham, Leon | 0064755242 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |
| Wright, Evelyn Battle, Mary | 0099058448 | Devon Title | Fidelity National Title Insurance Company |
| Zahirovic, Osman Zahirovic, Azra | 0112392568 | Tristar Title, LLC; Ticor Title Insurance Co. | Ticor Title Insurance Co. |
| Zarate, Ramon | 0038877080 | Chicago Title Insurance Co. | Chicago Title Insurance Co. |
| Zaremba, Paul Zaremba, Roberta | 0099118184 | The Law Offices of William A. Snider | Ticor Title Insurance Co. |

# EXHBIT 3



RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Andrew D. Shapiro   to: Manvitz, Randall L.                          05/21/2014 09:12 AM
Cc:  "AFowerbaugh@butlerrubin.com", "Davies, Joanne"

Randall,

Contrary to the accusation in your e-mail below, the Fidelity Entities have not ignored Ameriquest's request "to meet and confer by today." Rather, in my May 12 and May 13 e-mails below, the Fidelity Entities informed Ameriquest that they were in the process of reviewing and assessing Ameriquest's 12-page Rule 30(b)(6) deposition notice containing 15 topics and 17 document requests, and that they intended to advise Ameriquest of any objections to the deposition notice by the end of the week.

The Fidelity Entities are still in the process of reviewing and assessing the deposition notice , which was served less than 9 business days ago, and they still intend to provide any objections thereto by the end of the week, within 12 business days of the date on which they were served.

Given that your clients are taking 16 weeks to respond to the Fidelity Entities' discovery, Ameriquest cannot credibly complain about the Fidelity Entities taking less than 12 business days to review, assess, and respond to Ameriquest's lengthy deposition notice, particularly given the parties' recent agreement to extend the discovery cut-off to August 29, 2014.

After the Fidelity Entities provide, and Ameriquest has had an opportunity to review, its objections we would be happy to meet and confer about those objections on a mutually convenient date and time.

Regards,
Andy


**Andrew D. Shapiro**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com


"Manvitz, Randall L."      Counsel, You ignored our request to meet an...      05/20/2014 12:45:11 PM

From:         "Manvitz, Randall L." <rmanvitz@buchalter.com>
To:           "AShapiro@butlerrubin.com" <AShapiro@butlerrubin.com>, "AFowerbaugh@butlerrubin.com"
              <AFowerbaugh@butlerrubin.com>,
Cc:           "Davies, Joanne" <jdavies@Buchalter.com>
Date:         05/20/2014 12:45 PM
Subject:      RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Counsel,

You ignored our request to meet and confer by today and we have not received
any response to the 30(b)(6) notice. What time are you available today or
tomorrow to confer? If you continue to ignore our request to meet and confer
about these issues in advance of the deadline to file a motion before Judge

Martin, we will have no choice but to promptly raise these issues with the Court.

Randall Manvitz | Sr. Counsel | Buchalter Nemer, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com

-----Original Message-----
From: Manvitz, Randall L.
Sent: Thursday, May 15, 2014 12:11 PM
To: 'AShapiro@butlerrubin.com'
Cc: AFowerbaugh@butlerrubin.com; Davies, Joanne
Subject: RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Al/Andy,

Fidelity refuses to meet and confer about the 30(b)(6) deposition notice concerning spoliation in a timely manner that would allow the issue to be briefed in advance of the May 29 status conferences before Judge Aspen and Judge Martin. This is an obvious attempt by Fidelity to try to avoid having its objections heard in a timely manner. Fidelity's continued efforts to delay explaining what happened to the apparently spoliated documents is not acceptable especially given Fidelity's long history of claiming to need more time to respond to discovery only to merely object. Fidelity has had the topics for three weeks since my April 24 email identifying the topics and attempting to schedule the 30(b)(6) deposition and April 29 supplemental status conference statement (Dkt. 5465) again identifying the topics so Fidelity should at least be able to state if it will produce a witness on the topics and any objections.

The latest date Fidelity can respond and meet and confer in order to have the issue heard before the May 29 appearances before Judge Aspen and Judge Martin date is the morning of Tuesday May 20, 2014, three days before you state Fidelity will provide the objections. If Fidelity is willing to provide any objections by 11:00 a.m. CT on May 20 and meet and confer by 2:00 CT later that day, Ameriquest will not file a motion to compel at least until that process has taken place on May 20. However, if Fidelity continues to insist that it will withhold its objections and not meet and confer until it is too late to brief the issues before the Court, as we explained before, we will take that as Fidelity's confirmation that it will merely object to the deposition notice, and we will promptly move to compel so that the objections may be addressed in a timely manner.

Once again, we note that Fidelity has yet to provide any explanation why the closing protection letter data cannot be located. Again, an explanation is requested.

Randall Manvitz | Sr. Counsel | Buchalter Nemer, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com

-----Original Message-----
From: AShapiro@butlerrubin.com [mailto:AShapiro@butlerrubin.com]
Sent: Tuesday, May 13, 2014 3:53 PM
To: Manvitz, Randall L.
Cc: AFowerbaugh@butlerrubin.com; Davies, Joanne
Subject: RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Randall,

Less than four business days ago, your client served a 12-page Rule 30 (b)(6) deposition notice containing 15 topics and 17 document requests. Yesterday, I informed you that we were in the process of reviewing and assessing the deposition notice to determine the burden and feasibility of compiling the information Ameriquest seeks. I further informed you that we intended to advise you of any objections to the deposition notice by the end of next week.

Your insistence that the parties meet and confer before my clients have had a sufficient opportunity to review, assess, and set forth any objections to Ameriquest's lengthy deposition notice is unreasonable. Moreover, your attempt to limit the Fidelity Entities' opportunity to fully assess your client's deposition notice stands in stark contrast to the significant amount of time that your clients are taking to respond to the Fidelity Entities' discovery requests. Indeed, your clients have not yet responded to interrogatories or document requests that the Fidelity Entities propounded on April 2, 2014, nearly six weeks ago. Moreover, Ameriquest requested (and the Fidelity Entities agreed) that your clients' substantive responses to the outstanding discovery need not be provided until July 29, 2014, more than 16 weeks after the discovery was propounded. (See May 5, 2014 E-mail from A. Shapiro to R. Manvitz.)

As I informed you yesterday, we believe that we will be able to review, assess, and set forth any objections to Ameriquest's deposition notice by the end of next week, within 15 days of the date on which Ameriquest served the notice. Your request for a quicker response is unreasonable, particularly In light of the 16 weeks your clients have been given to respond to outstanding discovery.

Regards,
Andy


Andrew D. Shapiro

Butler Rubin Saltarelli & Boyd LLP
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com




From:    "Manvitz, Randall L." <rmanvitz@buchalter.com>
To:      "AShapiro@butlerrubin.com" <AShapiro@butlerrubin.com>,
          "AFowerbaugh@butlerrubin.com" <AFowerbaugh@butlerrubin.com>,
Cc:      "Davies, Joanne" <jdavies@Buchalter.com>
Date:    05/12/2014 06:40 PM
Subject:     RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing
          Documents


Al/Andy,

We again request that you meet and confer immediately about any objections
Fidelity may have concerning the 30(b)(6) topics about the missing documents.
It is important to promptly determine whether Fidelity will produce a 30(b)(6)
witness so that any objections may be resolved on or before May 29 status
conferences before Judge Aspen and Judge Martin.
Waiting yet another two weeks for a total of more than four weeks for a simple
response whether Fidelity will produce a 30(b)(6) witness is not acceptable
and shows that Fidelity is just going to stall and then merely object, as has
been Fidelity's practice repeatedly in the past.  Fidelity has had the topics
for over two weeks from my email and status conference statement and the
information requested  is not new to Fidelity or its counsel.  There is no
reason why Fidelity should need over four weeks to state whether it will
object.

I called you soon after your email message but you did not pick up the phone.
Again, please call me tomorrow.  If by Friday there are any topics for which
we do not have confirmation that Fidelity will produce a witness, we will take
that as Fidelity's confirmation that it will not produce a witness and unless
we are able to come to some agreement by then, we will raise the issues with
the Court for determination.

We also note that Fidelity has yet to provide any explanation why the closing
protection letter data cannot be located.  Again, an explanation is requested.

Randall Manvitz | Sr. Counsel | Buchalter Nemer, A Professional Corporation
| 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct
Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415)
227-0900 | rmanvitz@buchalter.com | www.buchalter.com

-----Original Message-----
From: AShapiro@butlerrubin.com [mailto:AShapiro@butlerrubin.com]
Sent: Monday, May 12, 2014 3:36 PM
To: Manvitz, Randall L.
Cc: AFowerbaugh@butlerrubin.com; Davies, Joanne
Subject: RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing Documents

Randall,

The Rule 30(b)(6) deposition notice we received the afternoon of May 8 (less
than three business days ago) is significantly broader and seeks much more
information than Ameriquest previously advised us it was seeking.
Indeed, the May 8 deposition notice contains 15 deposition topics and seeks
the production of 17 categories of documents.

We are in the process of reviewing and assessing the May 8 deposition notice
and are determining how burdensome and feasible it will be to compile the
information Ameriquest seeks.  Accordingly, we intend to respond to your
inquiry by the end of next week.  Obviously, the deposition will not go
forward on May 19, the date unilaterally selected by Ameriquest.

Regards,
Andy


Andrew D. Shapiro

Butler Rubin Saltarelli & Boyd LLP
70 West Madison St. | Suite 1800 | Chicago, IL 60602

312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com

From:    "Manvitz, Randall L." <rmanvitz@buchalter.com>
To:      "AFowerbaugh@butlerrubin.com" <AFowerbaugh@butlerrubin.com>,
         "ashapiro@butlerrubin.com" <ashapiro@butlerrubin.com>,
Cc:      "Davies, Joanne" <jdavies@Buchalter.com>
Date:    05/09/2014 04:20 PM
Subject:       RE: Ameriquest/Fidelity: 30(b)(6) Depositions Re: Missing
         Documents


Counsel,

We are waiting to hear from you if Fidelity will produce a 30(b)(6) witness
and when.  This issue has now been outstanding for two weeks.  Please respond
by Monday.  If a conference call would be of assistance on Monday, let me know
so we can move this along and determine promptly whether court intervention is
necessary.
Randall Manvitz | Sr. Counsel | BuchalterNemer, A Professional Corporation
| 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct
Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415)
227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

From: Manvitz, Randall L.
Sent: Thursday, April 24, 2014 5:52 PM
To: AFowerbaugh@butlerrubin.com; ashapiro@butlerrubin.com
Cc: Davies, Joanne
Subject: Ameriquest/Fidelity: 30(b)(6) Depositions

Counsel,

Fidelity's response to Ameriquest's Interrogatories, Set One, Interrogatory
No. 2  repeatedly is that Fidelity has been unable to locate any data from
the local agency website.  We would like to schedule a 30(b)(6) deposition
of the person most knowledgeable concerning what happened to the data and why
it has not been located, any search for the data, the document retention
policy and retention efforts,  back-up systems, the same questions for the
missing closing protection letters, and related topics.
Please propose a location and available dates.

If you have an explanation why the data has not been located, please let us
know.
Randall Manvitz | Sr. Counsel | BuchalterNemer, A Professional Corporation
| 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct
Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415)
227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio


Notice To Recipient: This e-mail is meant for only the intended recipient of
the transmission, and may be a communication privileged by law. If you

received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Item id=129

.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This email message is intended for the sole use of the intended recipient (s) and may contain confidential or privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message.  To reply to our email administrator directly, send an email to postmaster@butlerrubin.com.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation

http://www.butlerrubin.com
Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Item id=129

.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Item id=129.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained

in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

# EXHIBIT 4

Page 1



TOME ENGINHARIA E. TRANSPORTES, LTDA, Plaintiff/Counterdefendant, vs. YVES MALKI, personally, et al., Defendants/Counterclaimants.

No. 94 C 7427

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*1999 U.S. Dist. LEXIS 17530*

November 4, 1999, Decided
November 5, 1999, Docketed

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part *Tome Engenharia E. Transportes v. Malki, 2003 U.S. Dist. LEXIS 9984 (N.D. Ill., June 11, 2003)*

**PRIOR HISTORY:** *Tome Engenharia E Transportes v. Malki, 1999 U.S. Dist. LEXIS 2737 (N.D. Ill., Mar. 3, 1999)*

**DISPOSITION:** [*1] Plaintiff's Motion to Compel Production of Documents (doc. # 374-1) DENIED.

**COUNSEL:** For TOME ENGINHARIA E TRANSPORTES, LTDA., plaintiff: Jeffrey Leonard Hamera, Baker & McKenzie, Barbara A. Susman, William H. Ransom, Cynthia A Lewis, Susman & Associates, Chicago, IL.

For YVES MALKI, SHARON MALKI, INTER-MARKETING GROUP, INC., JADE EAST INSPECTION, JADE EAST TRADING, JAMES TEHRANI, defendants: Robert Orman, Law Office of Robert Orman, Anne I-Pin Shaw, Robert Orman & Associates, Chicago, IL.

For TOME ENGINHARIA E TRANSPORTES, LTDA., Counter-defendant: Jeffrey Leonard Hamera, Baker & McKenzie, Barbara A. Susman, William H. Ransom,

Susman & Associates, Chicago, IL.

**JUDGES:** SIDNEY I. SCHENKIER, United States Magistrate Judge. Judge Anthony A. Alaimo.

**OPINION BY:** SIDNEY I. SCHENKIER

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Plaintiff's Motion to Compel Production of Documents (doc. # 374-1), which has been referred to this Court for ruling by an order dated November 11, 1999. On November 4, 1999, the Court heard oral argument on the motion and, at that time, announced on the record that the motion was denied. As the Court advised the parties it would do, the Court [*2] now memorializes its ruling in this opinion.

The genesis of the motion is as follows. On June 18, 1999, the Honorable Anthony A. Alaimo, sitting by designation, entered a Judgment pursuant to a settlement agreement in favor of plaintiff and against defendants Yves Malki and Inter-Marketing Group, Inc., in the amount of $ 376,000. As part of the judgment, the case was dismissed against the remaining defendants, James Tehrani and Sharon Malki. However, plaintiff was given

1999 U.S. Dist. LEXIS 17530, *2

leave to take the deposition of Ms. Malki within 120 days, and to seek leave to reinstate the case against her alone if the Court found that Ms. Malki had made a material misstatement concerning her assets or that Ms. Malki's assets exceeded her liabilities.

For reasons not explained in the motion, plaintiff did not seek to schedule Ms. Malki's deposition until September 22, 1999, after more than 90 days had passed. When agreement could not be reached immediately on a deposition date, on September 23, 1999, plaintiff unilaterally issued a deposition notice scheduling the deposition for September 30, 1999. Attached to the notice was a rider labeled an "ADDENDUM Duces Tecum," which demanded that Ms. Malki produce at [*3] the deposition 32 separate categories of documents ranging as far back as 1992. Significantly for the purposes of the present motion, the notice stated that the deposition was being scheduled both pursuant to the Court's June 18, 1999 Judgment and *Federal Rules of Civil Procedure 30* and *34*.

Ms. Malki resisted appearing on September 30 due to a scheduling conflict, and offered other dates, including October 11, 1999. In addition, by a letter of September 28, 1999, Ms. Malki notified plaintiff that she objected to all the document requests. On October 4, 1999, plaintiff filed an emergency motion to compel Ms. Malki to appear for deposition and to produce documents. On October 5, 1999, Judge Alaimo issued a letter ruling setting October 11, 1999 as the date for Ms. Malki's deposition. That letter ruling did not indicate whether Ms. Malki was also required to produce documents requested in the addendum.

Ms. Malki's deposition in fact commenced on October 11, 1999. The transcript of that deposition reveals that Ms. Malki did not produce the documents requested in the addendum at or prior to the deposition, and that at some time prior to October 11, Ms. Malki had served on plaintiff formal [*4] objections (10/11/99 S. Malki Dep. at 5). Plaintiff elected to go forth with the deposition anyway, and proceeded with an examination that covered 195 pages of transcript. Based on the information obtained in that examination, plaintiff has filed a separate motion to reinstate the case against Ms. Malki (doc. # 375-1), on the ground that even without the benefit of the documents sought in the addendum plaintiff has established material misstatements concerning assets. At the same time, plaintiff has filed the motion to compel

production of documents, which is now before the Court.

As framed by that motion to compel, the sole dispute here concerns the applicability of *Rule 34(b)* to the request for documents in the addendum to the deposition notice. Ms. Malki asserts that she was not required to produce the documents identified in the addendum at her deposition, because plaintiff failed to allow for the 30-day period for response required by *Fed. R. Civ. P. 34(b)*. She further argues that she should not be required to produce any of the documents at all because the request came too late: under *Rule 34(b)*, a response to the document request in the addendum would not have been due until [*5] October 23, 1999, which was after expiration of the 120-day period allowed for Ms. Malki's deposition. By contrast, plaintiff asserts that *Rule 34(b)* is inapplicable, because it applies only to "parties" and that by virtue of the Judgment of June 18, 1999, Ms. Malki was dismissed and thus is no longer a party.

The text of *Rule 30* makes it clear that *Rule 34* applies to riders to deposition notices seeking production of documents at the deposition. *Rule 30(b)(5)* states that "the notice to a party deponent may be accompanied by a request made in compliance with *Rule 34...*," and that the "procedure of *Rule 34* shall apply to the request." While this has engendered some criticism from some commentators on the ground that it "make[s] it more difficult to compel a party to produce documents at a deposition than it is if a nonparty is to be deposed," 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2108 at 63, the same commentators also recognize that this is what the language of the Rule requires. *Id.* at 64.

Plaintiff's argument that *Rule 34* does not apply here is frivolous. Ms. Malki was a party in the case, and the Judgment set as a condition of her dismissal [*6] that she appear for a deposition. Thus, the Court believes it clear that the authority for Ms. Malki's deposition arose from *Rule 30*, due to her status as a party, rather than from *Federal Rule of Civil Procedure 45*, which governs the issuance of subpoenas for depositions of non-party witnesses. Moreover, the very deposition notice confirms that this was plaintiff's understanding as well, as that notice expressly states that Ms. Malki's deposition and accompanying document request were being set pursuant to *Rules 30* and *34*. Plaintiff cannot now deny what is plain from her deposition notice: that *Rule 34* and its accompanying time limits apply to plaintiff's document

1999 U.S. Dist. LEXIS 17530, *6

request.

Thus, given the applicability of *Rule 34*, Ms. Malki was not required to respond to the addendum until October 23, 1999 (30 days after it was served). However, the 120-period the Court established for Ms. Malki's deposition ended one week earlier, on October 16, 1999. During argument on the motion, Ms. Malki conceded that the 120-day period for deposition set forth by the Judgment would have obligated her to produce documents pursuant to a timely and reasonable request, but argues that she should not have to respond [*7] to a request that was so late that it would call for production after the 120-period has expired.

In the circumstances presented here, the Court agrees. The Court finds that plaintiff's document request was untimely, and that the untimeliness was the result of plaintiff's lack of diligence.

As was revealed in plaintiff's October 4, 1999 emergency motion to compel Ms. Malki's deposition, plaintiff did not begin to take any steps to schedule that deposition or seek documents until September 22, 1999, after more than 90 days of the 120-day period had elapsed (*see* 10/04/99 Emergency Motion, at P 1). Plaintiff confirmed that fact during the hearing on the present motion to compel, but attempted to explain the delay by the need to conduct "investigation" before deposing Ms. Malki. However, plaintiff also admitted the 32-category document addendum served on September 23, 1999 was an amalgam of prior discovery requests served during the many years this lawsuit was pending (plaintiff has not disclosed when those requests previously were made, or whether any documents in fact ever were produced in response to any of those requests). Plaintiff offered no reason why those previously-formulated [*8] requests could not have been given to Ms. Malki long before September 23, if in fact those documents were critical to plaintiff's ability to probe the veracity of Ms. Malki's financial representations.

Nor has plaintiff offered any reason for her failure to take other available measures to seek to ensure that plaintiff had the documents prior to the deposition.

Plaintiff could have timely sought a court order, pursuant to *Rule 34(b)*, shortening the time for Ms. Malki to respond to the document request. While plaintiff's emergency motion filed on October 4, 1999 also sought production of documents, the focus of that motion was the scheduling of a date for Ms. Malki's deposition - the request to order documents produced was a tag end to that motion, and the request did not specifically ask the Court to require production in a time period shorter than the normal 30-day period allowed by *Rule 34*. Plaintiff also could have sought to extend the 120-day period, in order to allow more time to obtain the document production and deposition. Plaintiff failed to take either of these steps, and once again has failed to offer any reason for plaintiff's failure to do so.

The Court notes that the [*9] broad (indeed, in this Court's view, overly broad) scope of the document addendum further highlights the problem with the belated request. While plaintiff's counsel argued at the hearing that it is customary to require production of documents at a deposition on seven calendar day notice, the Court does not believe it reasonable to expect a production of the scope demanded by the 32 categories of documents sought in the addendum to be accomplished in that short time period. The fact that such a request was made less than 30 days before the expiration of the 120-day period raises a serious question as to the true necessity of those documents for the limited areas of inquiry of Ms. Malki allowed by the Judgment; at the very least, the timing of this broad request underscores the lack of diligence by plaintiff during the first 90-plus days of that 120-day period. Plaintiff is not now entitled to yet more time to obtain documents she could have sought long ago.

Accordingly, for the foregoing reasons, Plaintiff's Motion to Compel Production of Documents (doc. # 374-1) is hereby DENIED.

ENTER:

SIDNEY I. SCHENKIER

United States Magistrate Judge

Dated: November 4, 1999 [*10]

# EXHIBIT 5

 RE: In re Ameriquest
Andrew D. Shapiro   to: Manvitz, Randall L.                                    05/05/2014 05:16 PM
Cc:  "AFowerbaugh@butlerrubin.com", "Davies, Joanne"

It is acceptable.  Thanks.


**Andrew D. Shapiro**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com


| "Manvitz, Randall L." | Andy, We are agreeable to stipulating to exte... | 05/05/2014 03:44:59 PM |

| From: | "Manvitz, Randall L." <rmanvitz@buchalter.com> |
| To: | "AShapiro@butlerrubin.com" <AShapiro@butlerrubin.com>, |
| Cc: | "Davies, Joanne" <jdavies@Buchalter.com>, "AFowerbaugh@butlerrubin.com" <AFowerbaugh@butlerrubin.com> |
| Date: | 05/05/2014 03:44 PM |
| Subject: | RE: In re Ameriquest |

Andy,

We are agreeable to stipulating to extend the discovery cut-off to August 29
and have any further extensions left to the discretion of Judge Martin.  For
discovery responses, we are willing to make an effort to provide substantive
responses by July 29 to the extent we are able to do so and the discovery is
not objectionable.

We cannot commit to this being the last and final extension of the discovery
cut-off as there are too many open issues and discovery that Third-Party
Plaintiffs need that are out of our control.  For example, we are still
waiting for Fidelity to propose a date and location for a 30(b)(6) witness on
the closing protection letters that were lost or destroyed by Fidelity
apparently while this litigation was pending.  Also, there is a significant
amount of discovery we are waiting on from other third-party defendants.

If the proposal is agreeable, please let me know immediately.

Randall Manvitz | Sr. Counsel | Buchalter Nemer, A Professional Corporation |
55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial:
(415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 |
rmanvitz@buchalter.com | www.buchalter.com

-----Original Message-----
From: AShapiro@butlerrubin.com [mailto:AShapiro@butlerrubin.com]
Sent: Monday, May 05, 2014 12:56 PM
To: Manvitz, Randall L.
Cc: Davies, Joanne; AFowerbaugh@butlerrubin.com

Subject: In re Ameriquest

Randall,

Following up on our conversation during last week's deposition, the Fidelity Entities are willing to agree to a one-time extension of the discovery cut-off deadline from May 29, 2014 to August 29, 2014. This agreement is contingent, however, on Ameriquest's agreement to provide substantive responses to the Fidelity Entities' outstanding discovery requests on or before July 29, 2014, so that the Fidelity Entities will have an opportunity to take any necessary follow-up discovery before the August 29 deadline.

Kindly confirm that this proposal is acceptable.

Regards,
Andy



Andrew D. Shapiro

Butler Rubin Saltarelli & Boyd LLP
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com



This email message is intended for the sole use of the intended recipient (s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message. To reply to our email administrator directly, send an email to postmaster@butlerrubin.com.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation

http://www.butlerrubin.com

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Item id=129.

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.