IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) MDL No. 1715 ) ) Lead Case No. 05-cv-07097 ) ) (Centralized before the Honorable ) Marvin E. Aspen) ) ) |

## FIDELITY THIRD-PARTY DEFENDANTS' STATUS REPORT

Third-Party Defendants Alamo Title Insurance Company, Chicago Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively "Fidelity"), hereby submit their status report in advance of the August 7, 2014 status conference before Magistrate Judge Martin.

Seven years ago, Third-Party Plaintiffs AmeriquestMortgage Company, Argent Mortgage Company LLC, and Town & Country Credit Corporation (collectively "Ameriquest") filed its initial Consolidated Third-Party Complaint in this proceeding (Dkt. 955) and since that time, Third-Party Defendants have been unable to move any of the claims against them towards final resolution. Nearly one year ago, Judge Aspen set a January 31, 2014 deadline for the completion

of all non-case-specific discovery in these cases. (Dkt. 5346 at 12.) However, this Court has on several occasions extended that deadline, currently to August 29, 2014. (Dkt. 5482.)

During the past year, Ameriquest has served extensive discovery requests upon Fidelity, including: (i) two sets of document requests served by Ameriquest Mortgage Company seeking the production of 45 categories of documents; (ii) two sets of interrogatories served by Ameriquest Mortgage Company seeking answers to 16 interrogatories that encompass the policies and practices of seven of the Fidelity brands in six states over a six-year period; (iii) one set of document requests served by Argent Mortgage seeking the production of six categories of documents; (iv) one set of document requests served by Town & Country seeking the production of six categories of documents; and (v) a Rule 30(b)(6) deposition notice seeking testimony on fifteen topics and seeking the production of seventeen additional categories of documents.[1] These discovery requests sought information regarding seven of Fidelity's various brands' practices, policies, and procedures, in six different states, for issuing multi-transaction closing

---

[1] Ameriquest subsequently served an additional document request on Fidelity seeking the production of the same seventeen categories of documents that were sought in the notice of deposition. All of this discovery is in addition to the extensive discovery taken by Ameriquest against Fidelity in the *Terry v. Ameriquest* lawsuit prior to its transfer to this Court: (i) Ameriquest's First Set of Document Requests to Ticor – 51 categories of document requests; (ii) Ameriquest's Second Set of Document Requests to Ticor – 53 categories of document requests; (iii) Ameriquest's Third Set of Document Requests to Ticor – 16 categories of document requests; (iv) Ameriquest's Fourth Set of Document Requests to Ticor – 22 categories of document requests; (v) Ameriquest Mortgage Company's First Set of Interrogatories to Ticor – 35 Interrogatories; (vi) Ameriquest Mortgage Company's Second Set of Interrogatories to Ticor – 12 Interrogatories; (vii) Ameriquest Mortgage Securities' First Set of Interrogatories to Ticor – 7 Interrogatories; (viii) Ameriquest Mortgage Securities' Second Set of Interrogatories to Ticor – 11 Interrogatories; (ix) Ameriquest's Rule 30(b)(6) deposition notice to Ticor regarding "closing protection letter data" listing 12 deposition topics and 34 document requests; (x) Ameriquest's Rule 30(b)(6) deposition notice to Ticor regarding "agency status" listing 11 deposition topics and 51 document requests; (xii) Ameriquest's Rule 30(b)(6) deposition notice to Ticor regarding "closing protection letters" listing 23 deposition topics and 51 document requests; (xiii) Ameriquest's Rule 30(b)6) deposition notice to Ticor regarding "closing protection letter interpretation" listing 18 deposition topics and 51 document requests; (xiv) subpoena served upon Fidelity for production of 60 categories of documents; (xv) subpoena served upon Fidelity seeking testimony of corporate representatives on 18 separate topics relating to closing protection letters across all brands and all states; and (xvi) subpoena served upon Fidelity seeking testimony of the corporate representative regarding Fidelity's various brands' policies and practices regarding the issuance of multi-transaction closing protection letters, as well as seeking the production of seven categories of documents regarding their issuance of closing protection letters. Although some of these discovery requests were limited to the transactions at issue in the *Terry* case, which involved one company (Ticor) and one state (Illinois), much of this discovery sought documents and information about Fidelity's corporate-wide policies and practices across the country.

protection letters between 2001 and 2006.  In order to respond to these requests, Fidelity and its counsel engaged in an extensive investigation, including interviewing over 45 individuals, in order to answer these interrogatories and locate responsive documents and data.  Fidelity has supplemented its responses as new information was located, but has now completed its investigation.  A copy of Fidelity's final responses are attached as Exhibit A.

On April 2, 2014 Fidelity served its first set of interrogatories upon each of the third-party plaintiffs seeking answers to twelve interrogatories, and on April 5, 2014, Fidelity served its first set of document requests upon each of the third-party plaintiffs seeking the production of twenty-six categories of documents.  Just before their responses were due, Ameriquest sought an extension of time, until July 29, 2014, to respond to these requests.  Fidelity agreed to this extension on the condition that Ameriquest provide substantive responses to its discovery requests.  On July 29, 2014, Ameriquest served its responses which, for the most part, do not provide substantive responses but instead contain boiler-plate objections.  A copy of Ameriquest Mortgage Company's responses are attached as Exhibit B.  Fidelity's counsel attempted to meet and confer with Ameriquest's counsel regarding these responses prior to the August 7, 2014 status conference, but Ameriquest's counsel refused to confer with Fidelity's counsel until after this Court's status conference.

For the past seven years, Fidelity has been subjected to extensive discovery requests in both this proceeding and the *Terry* action.  Ameriquest has had more than a fair opportunity to obtain all non-case specific discovery relevant to this proceeding, and Fidelity has incurred significant expense in responding to those requests.  Therefore, Fidelity requests that this Court maintain the August 29, 2014 discovery cut-off date and allow the third-party claims against Fidelity to move forward to their ultimate resolution on the merits.

       Respectfully submitted,

       Alamo Title Insurance Company, Chicago Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

       By: /s/ Albert E. Fowerbaugh, Jr.
              One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Sandra J. Durkin
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Ste. 1800
Chicago, IL  60602

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true copy of the preceding document was served on August _, 2014 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Albert E. Fowerbaugh, Jr.

518389