# EXHIBIT B

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

2

3

4

5

6

7

| | )<br>) | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES<br>LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Honorable<br>Marvin E. Aspen) |

8

9

**THIRD-PARTY PLAINTIFF AMERIQUEST MORTGAGE COMPANY'S**
**RESPONSES TO FIDELITY THIRD-PARTY DEFENDANTS'**
**FIRST SET OF INTERROGATORIES**

10

11

12

13

14

15

16

17

18

19

20

21

PROPOUNDING PARTY:     Third-Party Defendants Alamo Title Insurance Company,

Chicago Title Insurance Company, Chicago Title Company,

Chicago Title Insurance Company of Michigan,

Commonwealth Land Title Insurance Company,

Commonwealth Land Title Company, Fidelity National

Title Insurance Company, Fidelity National Title Insurance

Company of New York, Lawyers Title Insurance Company,

Security Union Title Insurance Company, Ticor Title

Insurance Company, American Pioneer Title Insurance

Company, and Transnation Title Insurance Company

("Third-Party Defendants")

22

23

RESPONDING PARTY:     Third-Party Plaintiff Ameriquest Mortgage Company

("Ameriquest")

24

25

SET NUMBER:     One

26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Third-Party Plaintiff

Ameriquest hereby responds to Third-Party Defendant's First Set of Interrogatories, as follows:

## PRELIMINARY STATEMENT

1.     Ameriquest's responses to the Interrogatories are based upon its present knowledge, information and belief.  Ameriquest has not completed its investigation and discovery of the facts related to this lawsuit.  Without acknowledging any obligation to do so, except as required by law, Ameriquest reserves the right to amend or supplement its responses to the Interrogatories when and if new or additional material or information becomes available.

2.     Ameriquest reserves all objections as to the competency, relevance, materiality, privilege or admissibility in subsequent proceedings in or trial of this or any other action, for any purpose whatsoever, of this response and any information, documents or things identified and/or produced in response to the Interrogatories.

3.     Nothing contained in these responses should be construed as an admission relative to the existence or non-existence of any document or thing, and no response is to be considered an admission respecting the relevance, authenticity or admissibility of any documents or things sought.

4.     The following responses are submitted without prejudice to Ameriquest's right to produce evidence at trial or other proceedings of any subsequently discovered fact or facts which Ameriquest may later recall or discover.  The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but shall in no way prejudice Ameriquest's ability to engage in further discovery, research or analysis.

Ameriquest incorporates by reference this Preliminary Statement in each and every response set forth below.

## GENERAL OBJECTIONS

Ameriquest makes the following General Objections, whether or not set forth in the response to each of the Interrogatories, to each and every Interrogatory set forth by Third-Party Defendants.

A.     Ameriquest objects on the grounds and to the extent that the Interrogatories purport to require information that is or has been in the possession of Third-Party Defendants or their agents and has not been provided to Ameriquest.  Ameriquest has requested information

about closing protection letters from Third-Party Defendants but Third-Party Defendants have instituted a number of schemes to delay providing information. Until Third-Party Defendants substantively respond to discovery, comprehensive discovery responses are not required nor are they feasible.

B.    Ameriquest objects on the ground and to the extent that the interrogatories are premature contention interrogatories or encompass information Third-Party Defendants have objected to providing.

C.    Ameriquest objects to the Interrogatories to the extent they seek information that purports to require disclosure of communications and information which are shielded from disclosure by any privilege, doctrine, decision, rule of law or statute, including but not limited to the attorney/client privilege and the attorney work product doctrine. Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege with respect to such information and/or documents or things, or of any work product protection which may attach thereto.

D.    Ameriquest objects to the Interrogatories to the extent that they purport to impose obligations upon Ameriquest other than those imposed by the Federal Rules of Civil Procedure or local rules of this Court.

E.    Ameriquest objects to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

F.    Ameriquest objects to the Interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative, and to the extent that they seek information that is presumptively within the possession, custody or control of Third-Party Defendants, and hence obtainable from some other source that is more convenient, less burdensome and less expensive.

G.    Ameriquest objects to the extent that the discovery seeks loan specific information which Fidelity contends is inappropriate at this stage of the litigation.

H.    Ameriquest objects to the Interrogatories on the grounds and to the extent that they seek information that is publicly available or equally available to Third-Party Defendants.

I.     Ameriquest objects to the Interrogatories, including but not limited to the use of defined terms in the Interrogatories, to the extent that they are vague, ambiguous, overbroad, unduly burdensome and oppressive, improper and/or beyond the proper scope of discovery.

J.     Ameriquest objects to the Interrogatories to the extent they seek information which is protected from disclosure by a right of privacy found in the United States Constitution, California Constitution, rule of law or statute.

K.     Ameriquest objects to the Interrogatories to the extent they seek the disclosure of confidential information of customers of Ameriquest, protected by the privacy rights of such customers, including the protections of the United States Constitution, Article I, section 1 of the California Constitution, and other applicable state and federal laws.

L.     Ameriquest objects to the Interrogatories to the extent that they require Ameriquest to make compilations, abstracts, audits or summaries of its records.

M.     Ameriquest objects to the Interrogatories to the extent that they purport to require information that is not or identification of documents that are not within Ameriquest's possession, custody or control.

N.     Ameriquest objects on the grounds and to the extent that the Interrogatories purport to require the identification and/or production of documents or things whose location or identification is known to Third-Party Defendants, but has not been provided by Third-Party Defendants to Ameriquest.

O.     Ameriquest objects that the interrogatories and subparts exceed the allowable limits and impose an unreasonable burden because the Third-Party Defendants will not agree to provide a reasonable extension of time to respond.

P.     Ameriquest objects to the definition of multi-transaction closing protection letter in that it is too narrow and contradicts the plain language of the closing protection letters.

Q.     Ameriquest objects to the definition of "Title Defendants" as vague and overbroad in the context of these discovery requests.

R.     Ameriquest objects to the definition of "You" and "Your" as overbroad in the context of these discovery requests.

1    S.    Ameriquest objects to the definition of "Fidelity" as overbroad in the context of

2  these discovery requests.

3    T.    Ameriquest reserves the right at any time to revise, correct, add to or clarify any of

4  the responses set forth herein.

5    Ameriquest incorporates by reference the foregoing General Objections in each and every

6  response set forth below.

7    **AMERIQUEST'S RESPONSES TO INTERROGATORIES**

8  **INTERROGATORY NO. 1:**

9    Identify each multi-transaction closing protection letter You contend was issued to You by

10  Fidelity or on Fidelity's behalf that applies to one or more of the Loans.

11  **RESPONSE TO INTERROGATORY NO. 1:**

12    Ameriquest incorporates by reference its Preliminary Statement and General Objections

13  set forth above.

14    Ameriquest objects that this interrogatory is premature.  Ameriquest has requested that

15  Third-Party Defendants produce the data showing its closing protection letters issued to

16  Ameriquest and the closing protection letters issued to Ameriquest.  However, Third-Party

17  Defendants have failed and refused for years and have not complied with their discovery

18  obligations in that regard.  Once Third-Party Defendants comply with their discovery obligations,

19  Ameriquest will be able to more comprehensively respond to the interrogatory.  Ameriquest

20  further objects to the extent that the requested information is duplicative of the discovery in *Terry*

21  *v. Ameriquest.*

22    Subject to and without waiving the foregoing objections, Ameriquest states that because

23  Fidelity has produced the closing protection letter data for Ticor-Illinois, it identifies the

24  following multi-transaction letters for Ticor Title as it relates to Tristar Title and Northwest Title

25  & Escrow Corp.:

26    April 30, 2004 Ticor Title closing protection letter for Northwest Title/Ameriquest (Ticor

27  1749)

28

September 19, 2003 Ticor Title closing protection letter for Tristar/Ameriquest (Ticor 1512)

To the extent that the applicability and validity of the aforementioned closing protection letters are challenged by Fidelity, subsequently issued closing protection letters would apply.

**INTERROGATORY NO. 2:**

Identify all communications between You and the Title Defendants referring or relating to multi-transaction closing protection letters which You assert apply to one or more of the Loans.

**RESPONSE TO INTERROGATORY NO. 2:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest refers to the loan files produced in this litigation and in *Terry* and the standard form of applications for the title companies which has been previously produced.

**INTERROGATORY NO. 3:**

Identify all communications between You and Fidelity referring or relating to multi-transaction closing protection letters which You assert apply to one or more of the Loans.

**RESPONSE TO INTERROGATORY NO. 3:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest refers to the loan files produced in this litigation and in *Terry* and the standard form of applications for the title companies which has been previously produced.

**INTERROGATORY NO. 4:**

Identify any document referring or relating to any process, policy, or procedure that You had concerning any requirement for any of the Title Defendants to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 4:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced its closing instructions, production policies and procedures, blanket closing protection letters, and checklists requiring closing protection letters. Further reference is made to the deposition transcripts of Michelle Chochrek, Mike Gibson, and Frank Greibenow and in particular his testimony that all closing protection letters utilized during the relevant time period were blanket closing protection letters. *See also* declaration of Shari Nestor.

**INTERROGATORY NO. 5:**

Identify any document referring or relating to any process, policy, or procedure that You had concerning any requirement for Fidelity to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 5:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced its closing instructions, production policies and procedures, blanket closing protection letters, and checklists requiring closing protection letters. Further reference is made to the deposition transcripts of Michelle Chochrek, Mike Gibson, and Frank Greibenow and in particular his testimony that all closing protection letters utilized during the relevant time period were blanket closing protection letters. *See also* declaration of Shari Nestor.

**INTERROGATORY NO. 6:**

Identify any person who has been involved in establishing any process, policy, or procedure that you had concerning any requirement for any of the Title Defendants to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 6:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced its closing instructions, production policies and procedures, blanket closing protection letters, and checklists requiring closing protection letters. Further reference is made to the deposition transcripts of Michelle Chochrek, Vicky Camacho, Mike Gibson, and Frank Greibenow and in particular his testimony that all closing protection letters utilized during the relevant time period were blanket closing protection letters. Additional responsive persons

include Vendor Management, the compliance group, and all production personnel and personnel of the title companies whose names are equally available to the requesting party.

**INTERROGATORY NO. 7:**

Identify all persons knowledgeable about any process, policy, or procedure that you had concerning any requirement for any of the Title Defendants to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 7:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states that some of the information encompassed by this overbroad interrogatory was the subject of the deposition of Michelle Chochrek and Vicky Camacho taken by Fidelity on or about August 2012. Moreover, all persons in the Vendor Management Group would have some knowledge of the information encompassed by this interrogatory. Further reference is made to the deposition transcripts of Michelle Chochrek, Mike Gibson, and Frank Greibenow and in particular his testimony that all closing protection letters utilized during the relevant time period were blanket closing protection letters. Additional responsive persons include Vendor Management, the compliance group, and all production personnel and personnel of the title companies whose names are equally available to the requesting party.

**INTERROGATORY NO. 8:**

Identify all persons knowledgeable about any process, policy, or procedure that you had concerning any requirement for Fidelity to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 8:**

1    Ameriquest incorporates by reference its Preliminary Statement and General Objections

2    set forth above.

3    Ameriquest objects that this interrogatory is premature.  Ameriquest further objects to the

4    interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that

5    is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

6    discovery of admissible evidence.

7    Subject to and without waiving the foregoing, Ameriquest states that some of the

8    information encompassed by this overbroad interrogatory was the subject of the deposition of

9    Michelle Chochrek and Vicky Camacho taken by Fidelity on or about August 2012.   Moreover,

10   all persons in the Vendor Management Group would have some knowledge of the information

11   encompassed by this interrogatory.  Further reference is made to the deposition transcripts of

12   Michelle Chochrek, Mike Gibson, and Frank Greibenow and in particular his testimony that all

13   closing protection letters utilized during the relevant time period were blanket closing protection

14   letters.  Additional responsive persons include Vendor Management, the compliance group, and

15   all production personnel and personnel of the title companies whose names are equally available

16   to the requesting party.

17   **INTERROGATORY NO. 9:**

18   Describe all systems or processes for receiving, memorializing, or maintaining records of

19   closing protection letters.

20   **RESPONSE TO INTERROGATORY NO. 9:**

21   Ameriquest incorporates by reference its Preliminary Statement and General Objections

22   set forth above.

23   Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly

24   burdensome and seeking information that is neither relevant to the subject matter of this action

25   nor reasonably calculated to lead to the discovery of admissible evidence.

26   Subject to and without waiving the foregoing, Ameriquest states that some of the

27   information encompassed by this overbroad interrogatory was the subject of the depositions of

28   Michelle Chochrek and Vicky Camacho taken by Fidelity on or about August 2012.

**INTERROGATORY NO. 10:**

Identify all of Your processes, policies, and procedures for determining, prior to funding a loan, whether the Title Defendants complied with Your closing instructions.

**RESPONSE TO INTERROGATORY NO. 10:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states that some of the information encompassed by this overbroad interrogatory was the subject of Michelle Chochrek's deposition taken by Fidelity on or about August 2012.

**INTERROGATORY NO. 11:**

Identify all persons knowledgeable about Your processes, policies, or procedures for determining, prior to funding a loan, whether the Title Defendants complied with Your closing instructions.

**RESPONSE TO INTERROGATORY NO. 11:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states that some of the information encompassed by this overbroad interrogatory was the subject of Michelle Chochrek's deposition taken by Fidelity on or about August 2012.

**INTERROGATORY NO. 12:**

Identify any person who has been involved in establishing any processes, policies, or procedures for determining, prior to funding a loan, whether the Title Defendants complied with Your closing instructions.

**RESPONSE TO INTERROGATORY NO. 12:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states that some of the information encompassed by this overbroad interrogatory was the subject of Michelle Chochrek's deposition taken by Fidelity on or about August 2012.

DATED:  July 29, 2014

BUCHALTER NEMER
A Professional Corporation

By: _____
         RANDALL L. MANVITZ
    Attorneys for Third-Party Plaintiff Ameriquest
              Mortgage Company

## VERIFICATION

I, Michael Urtel, declare:

I am an agent for Ameriquest Mortgage, a third-party plaintiff in the above-entitled action. I am authorized to make this verification for and on Ameriquest Mortgage behalf and I make this verification for that reason.

I have read **THIRD-PARTY PLAINTIFF AMERIQUEST MORTGAGE COMPANY'S RESPONSES TO FIDELITY THIRD-PARTY DEFENDANTS' FIRST SET OF INTERROGATORIES** and know the contents thereof. I am informed and believe that the matters stated therein are true and on that ground declare under penalty of perjury that the foregoing is true and correct.

Executed this _28th_ day of July 2014, at _Irvine_, California.

_____
Michael Urtel

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) MDL No. 1715 ) ) Lead Case No. 05-cv-07097 ) ) (Centralized before the Honorable ) Marvin E. Aspen) ) |

**THIRD-PARTY PLAINTIFF AMERIQUEST MORTGAGE COMPANY'S
RESPONSES TO FIDELITY THIRD-PARTY DEFENDANTS'
FIRST SET OF DOCUMENTS REQUESTS**

PROPOUNDING PARTY:   Third-Party Defendants Alamo Title Insurance Company, Chicago Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company ("Third-Party Defendants")

RESPONDING PARTY:   Third-Party Plaintiff Ameriquest Mortgage Company ("Ameriquest")

SET NUMBER:   One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Third-Party Plaintiff Ameriquest Mortgage Company ("Ameriquest") hereby responds to Third-Party Defendants' First Set of Document Requests.

## PRELIMINARY STATEMENT

1.      Ameriquest's responses to the requests are based upon its present knowledge, information, and belief.  Ameriquest has not completed its investigation and discovery of the facts related to this lawsuit.  Without acknowledging any obligation to do so, except as required by law, Ameriquest reserves the right to amend or supplement its responses to the requests when and if new or additional material or information becomes available.

2.      Ameriquest reserves the right to object to, and question, the competency, relevance, materiality, privilege, use, or admissibility of any of its responses or documents produced in response to the requests at the trial of this action, at any other proceeding in this action, or in any other action or proceeding.

3.      Nothing contained in these responses should be construed as an admission relative to the existence or non-existence of any fact, and no response is to be considered an admission about the relevance or admissibility of any information contained therein.

4.      The following responses are submitted without prejudice to Ameriquest's right to produce evidence of any subsequently discovered fact or facts which Ameriquest may later recall or discover.  The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but in no way prejudice Ameriquest's ability to engage in further discovery, research, or analysis.

5.      Ameriquest incorporates by reference this Preliminary Statement and the following General Objections in each and every response set forth below.

## GENERAL OBJECTIONS

The following general objections apply to the entire set of requests, including the "instructions" and "definitions" therein:

1.      Ameriquest objects on the grounds and to the extent that the Requests purport to require information that is or has been in the possession of Third-Party Defendants or their agents and has not been provided to Ameriquest.  Ameriquest has requested information about closing protection letters from Third-Party Defendants but Third-Party Defendants have instituted a number of schemes to delay providing information.  Until Third-Party Defendants substantively

respond to discovery, comprehensive discovery responses are not required nor are they feasible.

2.      Ameriquest objects on the ground and to the extent that the requests are premature contention discovery or encompass information Third-Party Defendants have objected to providing.

3.      Ameriquest objects on the ground that the discovery propounded by Fidelity on all Third-Party Plaintiffs by all Third-Party Defendants seeks a significant amount of information and documents and Third-Party Defendants which will require additional time to respond following Fidelity providing additional information.

4.      Ameriquest objects to the requests to the extent they seek information or documents that purport to require disclosure of communications and information which are shielded from disclosure by the attorney-client privilege and the attorney work-product doctrine.

5.      Ameriquest objects to the requests to the extent that they purport to impose obligations upon Ameriquest other than those imposed by the Federal Rules of Civil Procedure.

6.      Ameriquest objects to the requests to the extent that they purport to require Ameriquest to make compilations, abstracts, audits, or summaries of its records.

7.      Ameriquest reserves the right to object at any time to any demand for further responses to the requests or any other discovery procedures involving or relating to the subject matter of the requests.

8.      Ameriquest reserves the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

9.      Ameriquest objects to the requests to the extent they seek information or documents protected by the right to privacy, including the protections of the United States Constitution and the California Constitution, Sections 1985.3 and 1985.6 of the California Code of Civil Procedure, the Gramm-Leach-Bliley Act, or other applicable state and federal laws.

10.     Ameriquest objects to the requests to the extent they are premature and discovery is ongoing.

11.     Ameriquest objects to the requests and definitions as overbroad in time and scope.

12.     Ameriquest objects to the Requests in their entirety insofar as it seeks production

of electronically stored information that is not reasonably accessible. Ameriquest further specifically objects on the grounds that the Requests are unduly burdensome to the extent it purports to require the restoration, search, and production of electronically stored information. The inordinate expense and manpower required to restore, search and review such information far outweighs the potential for the discovery of relevant, non-duplicative information such that the cost of production should be borne by Third-Party Defendants rather than Ameriquest.

13.    Ameriquest objects to the requests to the extent they seek documents which are irrelevant or not likely to lead to admissible evidence.

14.    Ameriquest objects to the extent that the discovery seeks loan specific information which Fidelity contends is inappropriate at this stage of the litigation

15.    Ameriquest generally objects to the requests to the extent that they seek documents or portions of documents that are proprietary to Ameriquest's business, that are privileged trade secrets, or that invade Ameriquest's financial-privacy rights.

16.    Ameriquest objects to the definition of multi-transaction closing protection letter in that it is too narrow and contradicts the plain language of the closing protection letters.

17.    Ameriquest objects to the definition of "Title Defendants" as vague and overbroad in the context of these discovery requests.

18.    Ameriquest objects to the definition of "You" and "Your" as overbroad in the context of these discovery requests.

19.    Ameriquest objects to the definition of Fidelity as overbroad in the context of these discovery requests.

20.    Ameriquest incorporates by reference the foregoing Preliminary Statement and General Objections in each and every response set forth below.

## **RESPONSES TO REQUEST FOR PRODUCTION**

**REQUEST NO. 1:**

For each Loan identified on the Chart, any and all multi-transaction closing protection letters which reference Fidelity or the Title Defendant dated on or before the date the Loan closed.

**RESPONSE TO REQUEST NO. 1:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request on the ground that it is premature as Ameriquest is still awaiting Third-Party Defendants' production of documents responsive to this category of documents and a corporate designee from Third-Party Defendants to testify about lost or destroyed responsive documents. Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest has already produced many responsive closing protection letters and is in the process of compiling others and once Fidelity explains what this request seeks, Ameriquest will make an effort to comply with the request to the extent it is not unduly burdensome.

**REQUEST NO. 2:**

Any and all documents referring or relating to any multi-transaction closing protection letter generated for You concerning Fidelity or the Title Defendant dated on or before the date of any of the Loans.

**RESPONSE TO REQUEST NO. 2:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request on the ground that it is premature as Ameriquest is still awaiting Third-Party Defendants' production of documents responsive to this category of documents and a corporate designee from Third-Party Defendants to testify about lost or destroyed responsive documents. Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the

possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced many responsive closing protection letters and is in the process of compiling others and once Fidelity explains what this request seeks, Ameriquest will make an effort to comply with the request to the extent it is not unduly burdensome.

**REQUEST NO. 3:**

Any and all agreements between You and any Title Defendant which is not limited in scope to a specific loan transaction.

**RESPONSE TO REQUEST NO. 3:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced many agreements that are responsive to this request.

**REQUEST NO. 4:**

Any and all agreements between You and Fidelity which is not limited in scope to a specific loan transaction.

**RESPONSE TO REQUEST NO. 4:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request on the ground that it is premature as Ameriquest is still awaiting Third-Party Defendants' production of documents responsive to this category of documents and a corporate designee from Third-Party Defendants to testify about lost or destroyed responsive documents. Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced many agreements that are responsive to this request, is in the process of gathering additional documents, and will be able to produce additional agreements once Fidelity complies with its discovery obligations.

**REQUEST NO. 5:**

Any and all files and folders (electronic or hard copy) for any of the Title Defendants, excluding files and folders relating to a specific loan transaction.

**RESPONSE TO REQUEST NO. 5:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 6:**

Any and all files and folders (electronic or hard copy) relating to Fidelity, excluding files and folders relating to a specific loan transaction.

**RESPONSE TO REQUEST NO. 6:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 7:**

All information in the Your Empower system relating to the Title Defendants.

**RESPONSE TO REQUEST NO. 7:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 8:**

All information in the Your Empower system relating to Fidelity.

**RESPONSE TO REQUEST NO. 8:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the

1  *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is

2  overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

3  irrelevant or not likely to lead to admissible evidence.

4  **REQUEST NO. 9:**

5       All documents and information in Your Vendor Management Directory relating to the

6  Title Defendants.

7  **RESPONSE TO REQUEST NO. 9:**

8       Ameriquest incorporates by reference its Preliminary Statement and General Objections

9  set forth above.

10       Ameriquest objects to this Request to the extent it seeks information which is equally

11  accessible to Third-Party Defendants and/or is already in the possession of Third-Party

12  Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the

13  *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is

14  overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

15  irrelevant or not likely to lead to admissible evidence.

16  **REQUEST NO. 10:**

17       All documents and information in Your Vendor Management Directory relating to

18  Fidelity.

19  **RESPONSE TO REQUEST NO. 10:**

20       Ameriquest incorporates by reference its Preliminary Statement and General Objections

21  set forth above.

22       Ameriquest objects to this Request to the extent it seeks information which is equally

23  accessible to Third-Party Defendants and/or is already in the possession of Third-Party

24  Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the

25  *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is

26  overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

27  irrelevant or not likely to lead to admissible evidence.

28

**REQUEST NO. 11:**

All documents referring or relating to any on-site visits conducted by You of any of the Title Defendants.

**RESPONSE TO REQUEST NO. 11:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 12:**

All documents referring or relating to any on-site visits conducted by You of Fidelity.

**RESPONSE TO REQUEST NO. 12:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 13:**

All documents referring or relating to any audit conducted by You of any of the Title Defendants.

**RESPONSE TO REQUEST NO. 13:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections

1   set forth above.

2        Ameriquest objects to this Request to the extent it seeks information which is equally

3   accessible to Third-Party Defendants and/or is already in the possession of Third-Party

4   Defendants.  Ameriquest further objects that the request is duplicative of discovery requests in the

5   *Terry v. Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is

6   overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

7   irrelevant or not likely to lead to admissible evidence.

8   **REQUEST NO. 14:**

9        All documents referring or relating to any audit conducted by You of Fidelity.

10  **RESPONSE TO REQUEST NO. 14:**

11       Ameriquest incorporates by reference its Preliminary Statement and General Objections

12  set forth above.

13       Ameriquest objects to this Request to the extent it seeks information which is equally

14  accessible to Third-Party Defendants and/or is already in the possession of Third-Party

15  Defendants.  Ameriquest further objects that the request is duplicative of discovery requests in the

16  *Terry v. Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is

17  overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

18  irrelevant or not likely to lead to admissible evidence.

19  **REQUEST NO. 15:**

20       All Your vendor performance reports for any of the Title Defendants.

21  **RESPONSE TO REQUEST NO. 15:**

22       Ameriquest incorporates by reference its Preliminary Statement and General Objections

23  set forth above.

24       Ameriquest objects to this Request to the extent it seeks information which is equally

25  accessible to Third-Party Defendants and/or is already in the possession of Third-Party

26  Defendants.  Ameriquest further objects that the request is duplicative of discovery requests in the

27  *Terry v. Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is

28  overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

1  irrelevant or not likely to lead to admissible evidence.

2  **REQUEST NO. 16:**

3      All Your vendor performance reports for Fidelity.

4  **RESPONSE TO REQUEST NO. 16:**

5      Ameriquest incorporates by reference its Preliminary Statement and General Objections

6  set forth above.

7      Ameriquest objects to this Request to the extent it seeks information which is equally

8  accessible to Third-Party Defendants and/or is already in the possession of Third-Party

9  Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the

10  *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is

11  overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

12  irrelevant or not likely to lead to admissible evidence.

13  **REQUEST NO. 17:**

14      All Your vendor report cards for any of the Title Defendants.

15  **RESPONSE TO REQUEST NO. 17:**

16      Ameriquest incorporates by reference its Preliminary Statement and General Objections

17  set forth above.

18      Ameriquest objects that the request is duplicative of discovery requests in the *Terry v.*

19  *Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly

20  broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or

21  not likely to lead to admissible evidence.

22  **REQUEST NO. 18:**

23      All Your vendor report cards for Fidelity.

24  **RESPONSE TO REQUEST NO. 18:**

25      Ameriquest incorporates by reference its Preliminary Statement and General Objections

26  set forth above.

27      Ameriquest objects that the request is duplicative of discovery requests in the *Terry v.*

28  *Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly

1  broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or

2  not likely to lead to admissible evidence.

3  **REQUEST NO. 19:**

4      All agreements between You and any of the Title Defendants relating to that Title

5  Defendant providing loan closing services to You.

6  **RESPONSE TO REQUEST NO. 19:**

7      Ameriquest incorporates by reference its Preliminary Statement and General Objections

8  set forth above.

9      Ameriquest objects that the request is duplicative of discovery requests in the *Terry v.*

10  *Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is overly

11  broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or

12  not likely to lead to admissible evidence.

13      Subject to and without waiving the foregoing objections, Ameriquest states that it has

14  produced the loan file, closing instructions, instructions to title, and closing agent agreements

15  applicable to the loans at issue.

16  **REQUEST NO. 20:**

17      All Closing Agent Agreements between You and any of the Title Defendants.

18  **RESPONSE TO REQUEST NO. 20:**

19      Ameriquest incorporates by reference its Preliminary Statement and General Objections

20  set forth above.

21      Ameriquest objects that the request is duplicative of discovery requests in the *Terry v.*

22  *Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is overly

23  broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or

24  not likely to lead to admissible evidence.

25      Subject to and without waiving the foregoing objections, Ameriquest states that it has

26  produced the Closing Agent Agreements applicable to the loans at issue.

27  **REQUEST NO. 21:**

28      All agreements between You and any of the Title Defendants relating to the issuance of

1  multi-transaction closing protection letters.

2  **RESPONSE TO REQUEST NO. 21:**

3      Ameriquest incorporates by reference its Preliminary Statement and General Objections

4  set forth above.

5      Ameriquest objects that the request is duplicative of discovery requests in the *Terry v.*

6  *Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is overly

7  broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or

8  not likely to lead to admissible evidence.

9  **REQUEST NO. 22:**

10      All applications and related documents submitted to You by any of the Title Defendants.

11  **RESPONSE TO REQUEST NO. 22:**

12      Ameriquest incorporates by reference its Preliminary Statement and General Objections

13  set forth above.

14      Ameriquest objects that the request is duplicative of discovery requests in the *Terry v.*

15  *Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is overly

16  broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or

17  not likely to lead to admissible evidence.

18      Subject to and without waiving the foregoing, Ameriquest has produced some applications

19  of certain of the Title Defendants during the relevant time period which shows the form of the

20  application.

21  **REQUEST NO. 23:**

22      All communications between You and any of the Title Defendants referring or relating to

23  multi-transaction closing protection letters.

24  **RESPONSE TO REQUEST NO. 23:**

25      Ameriquest incorporates by reference its Preliminary Statement and General Objections

26  set forth above.

27      Ameriquest objects that the request is duplicative of discovery requests in the *Terry v.*

28  *Ameriquest* matter.  Ameriquest further objects to this Request on the grounds that it is overly

broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states the closing protection letters and many of the responsive Ameriquest forms and loan specific documents have been identified and, or produced in response to other Requests.

**REQUEST NO. 24:**

All communications between You and Fidelity referring or relating to multi-transaction closing protection letters.

**RESPONSE TO REQUEST NO. 24:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states the closing protection letters and many of the responsive Ameriquest forms and loan specific documents have been identified and, or produced in response to other Requests.

**REQUEST NO. 25:**

All documents referring or relating to Your policies or procedures for ensuring that You receive closing protection letters that are not limited to a single loan transaction.

**RESPONSE TO REQUEST NO. 25:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced its policies and procedures and form of application for an approved title company during the relevant time period concerning closing protection letters.

**REQUEST NO. 26:**

All documents referring or relating to your policies or procedures for determining, prior to funding a loan, whether the Title Defendants complied with Your closing instructions.

**RESPONSE TO REQUEST NO. 26:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

DATED: July 29, 2014

BUCHALTER NEMER
A Professional Corporation

By: _____
Randall L. Manvitz
Attorneys for Third-Party Plaintiff
Ameriquest Mortgage Company