IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

)
)
) MDL No. 1715
)
) Lead Case No. 05-cv-07097
)
) (Centralized before the Honorable
) Marvin E. Aspen)
)

**THIRD-PARTY PLAINTIFF AMERIQUEST MORTGAGE COMPANY'S
RESPONSES TO FIDELITY THIRD-PARTY DEFENDANTS'
FIRST SET OF DOCUMENTS REQUESTS**

PROPOUNDING PARTY: Third-Party Defendants Alamo Title Insurance Company, Chicago Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company ("Third-Party Defendants")

RESPONDING PARTY: Third-Party Plaintiff Ameriquest Mortgage Company ("Ameriquest")

SET NUMBER: One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Third-Party Plaintiff Ameriquest Mortgage Company ("Ameriquest") hereby responds to Third-Party Defendants' First Set of Document Requests.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 16077994v1

## PRELIMINARY STATEMENT

1. Ameriquest's responses to the requests are based upon its present knowledge, information, and belief. Ameriquest has not completed its investigation and discovery of the facts related to this lawsuit. Without acknowledging any obligation to do so, except as required by law, Ameriquest reserves the right to amend or supplement its responses to the requests when and if new or additional material or information becomes available.

2. Ameriquest reserves the right to object to, and question, the competency, relevance, materiality, privilege, use, or admissibility of any of its responses or documents produced in response to the requests at the trial of this action, at any other proceeding in this action, or in any other action or proceeding.

3. Nothing contained in these responses should be construed as an admission relative to the existence or non-existence of any fact, and no response is to be considered an admission about the relevance or admissibility of any information contained therein.

4. The following responses are submitted without prejudice to Ameriquest's right to produce evidence of any subsequently discovered fact or facts which Ameriquest may later recall or discover. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but in no way prejudice Ameriquest's ability to engage in further discovery, research, or analysis.

5. Ameriquest incorporates by reference this Preliminary Statement and the following General Objections in each and every response set forth below.

## GENERAL OBJECTIONS

The following general objections apply to the entire set of requests, including the "instructions" and "definitions" therein:

1. Ameriquest objects on the grounds and to the extent that the Requests purport to require information that is or has been in the possession of Third-Party Defendants or their agents and has not been provided to Ameriquest. Ameriquest has requested information about closing protection letters from Third-Party Defendants but Third-Party Defendants have instituted a number of schemes to delay providing information. Until Third-Party Defendants substantively

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

respond to discovery, comprehensive discovery responses are not required nor are they feasible.

2. Ameriquest objects on the ground and to the extent that the requests are premature contention discovery or encompass information Third-Party Defendants have objected to providing.

3. Ameriquest objects on the ground that the discovery propounded by Fidelity on all Third-Party Plaintiffs by all Third-Party Defendants seeks a significant amount of information and documents and Third-Party Defendants which will require additional time to respond following Fidelity providing additional information.

4. Ameriquest objects to the requests to the extent they seek information or documents that purport to require disclosure of communications and information which are shielded from disclosure by the attorney-client privilege and the attorney work-product doctrine.

5. Ameriquest objects to the requests to the extent that they purport to impose obligations upon Ameriquest other than those imposed by the Federal Rules of Civil Procedure.

6. Ameriquest objects to the requests to the extent that they purport to require Ameriquest to make compilations, abstracts, audits, or summaries of its records.

7. Ameriquest reserves the right to object at any time to any demand for further responses to the requests or any other discovery procedures involving or relating to the subject matter of the requests.

8. Ameriquest reserves the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

9. Ameriquest objects to the requests to the extent they seek information or documents protected by the right to privacy, including the protections of the United States Constitution and the California Constitution, Sections 1985.3 and 1985.6 of the California Code of Civil Procedure, the Gramm-Leach-Bliley Act, or other applicable state and federal laws.

10. Ameriquest objects to the requests to the extent they are premature and discovery is ongoing.

11. Ameriquest objects to the requests and definitions as overbroad in time and scope.

12. Ameriquest objects to the Requests in their entirety insofar as it seeks production

of electronically stored information that is not reasonably accessible. Ameriquest further specifically objects on the grounds that the Requests are unduly burdensome to the extent it purports to require the restoration, search, and production of electronically stored information. The inordinate expense and manpower required to restore, search and review such information far outweighs the potential for the discovery of relevant, non-duplicative information such that the cost of production should be borne by Third-Party Defendants rather than Ameriquest.

13. Ameriquest objects to the requests to the extent they seek documents which are irrelevant or not likely to lead to admissible evidence.

14. Ameriquest objects to the extent that the discovery seeks loan specific information which Fidelity contends is inappropriate at this stage of the litigation

15. Ameriquest generally objects to the requests to the extent that they seek documents or portions of documents that are proprietary to Ameriquest's business, that are privileged trade secrets, or that invade Ameriquest's financial-privacy rights.

16. Ameriquest objects to the definition of multi-transaction closing protection letter in that it is too narrow and contradicts the plain language of the closing protection letters.

17. Ameriquest objects to the definition of "Title Defendants" as vague and overbroad in the context of these discovery requests.

18. Ameriquest objects to the definition of "You" and "Your" as overbroad in the context of these discovery requests.

19. Ameriquest objects to the definition of Fidelity as overbroad in the context of these discovery requests.

20. Ameriquest incorporates by reference the foregoing Preliminary Statement and General Objections in each and every response set forth below.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST NO. 1:**

For each Loan identified on the Chart, any and all multi-transaction closing protection letters which reference Fidelity or the Title Defendant dated on or before the date the Loan closed.

**RESPONSE TO REQUEST NO. 1:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request on the ground that it is premature as Ameriquest is still awaiting Third-Party Defendants' production of documents responsive to this category of documents and a corporate designee from Third-Party Defendants to testify about lost or destroyed responsive documents. Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest has already produced many responsive closing protection letters and is in the process of compiling others and once Fidelity explains what this request seeks, Ameriquest will make an effort to comply with the request to the extent it is not unduly burdensome.

**REQUEST NO. 2:**

Any and all documents referring or relating to any multi-transaction closing protection letter generated for You concerning Fidelity or the Title Defendant dated on or before the date of any of the Loans.

**RESPONSE TO REQUEST NO. 2:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request on the ground that it is premature as Ameriquest is still awaiting Third-Party Defendants' production of documents responsive to this category of documents and a corporate designee from Third-Party Defendants to testify about lost or destroyed responsive documents. Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the

possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced many responsive closing protection letters and is in the process of compiling others and once Fidelity explains what this request seeks, Ameriquest will make an effort to comply with the request to the extent it is not unduly burdensome.

**REQUEST NO. 3:**

Any and all agreements between You and any Title Defendant which is not limited in scope to a specific loan transaction.

**RESPONSE TO REQUEST NO. 3:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced many agreements that are responsive to this request.

**REQUEST NO. 4:**

Any and all agreements between You and Fidelity which is not limited in scope to a specific loan transaction.

**RESPONSE TO REQUEST NO. 4:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

1  Ameriquest objects to this Request on the ground that it is premature as Ameriquest is still
2  awaiting Third-Party Defendants' production of documents responsive to this category of
3  documents and a corporate designee from Third-Party Defendants to testify about lost or
4  destroyed responsive documents. Ameriquest objects to this Request to the extent it seeks
5  information which is equally accessible to Third-Party Defendants and/or is already in the
6  possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative
7  of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this
8  Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and
9  seeks documents which are irrelevant or not likely to lead to admissible evidence.

10 Subject to and without waiving the foregoing objections, Ameriquest states that it has
11 already produced many agreements that are responsive to this request, is in the process of
12 gathering additional documents, and will be able to produce additional agreements once Fidelity
13 complies with its discovery obligations.

**REQUEST NO. 5:**

Any and all files and folders (electronic or hard copy) for any of the Title Defendants, excluding files and folders relating to a specific loan transaction.

**RESPONSE TO REQUEST NO. 5:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 6:**

Any and all files and folders (electronic or hard copy) relating to Fidelity, excluding files and folders relating to a specific loan transaction.

**RESPONSE TO REQUEST NO. 6:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 7:**

All information in the Your Empower system relating to the Title Defendants.

**RESPONSE TO REQUEST NO. 7:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 8:**

All information in the Your Empower system relating to Fidelity.

**RESPONSE TO REQUEST NO. 8:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the

1 | *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is
2 | overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are
3 | irrelevant or not likely to lead to admissible evidence.

4 | **REQUEST NO. 9:**

5 | All documents and information in Your Vendor Management Directory relating to the
6 | Title Defendants.

7 | **RESPONSE TO REQUEST NO. 9:**

8 | Ameriquest incorporates by reference its Preliminary Statement and General Objections
9 | set forth above.

10 | Ameriquest objects to this Request to the extent it seeks information which is equally
11 | accessible to Third-Party Defendants and/or is already in the possession of Third-Party
12 | Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the
13 | *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is
14 | overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are
15 | irrelevant or not likely to lead to admissible evidence.

16 | **REQUEST NO. 10:**

17 | All documents and information in Your Vendor Management Directory relating to
18 | Fidelity.

19 | **RESPONSE TO REQUEST NO. 10:**

20 | Ameriquest incorporates by reference its Preliminary Statement and General Objections
21 | set forth above.

22 | Ameriquest objects to this Request to the extent it seeks information which is equally
23 | accessible to Third-Party Defendants and/or is already in the possession of Third-Party
24 | Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the
25 | *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is
26 | overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are
27 | irrelevant or not likely to lead to admissible evidence.

28 |

**REQUEST NO. 11:**

All documents referring or relating to any on-site visits conducted by You of any of the Title Defendants.

**RESPONSE TO REQUEST NO. 11:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 12:**

All documents referring or relating to any on-site visits conducted by You of Fidelity.

**RESPONSE TO REQUEST NO. 12:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 13:**

All documents referring or relating to any audit conducted by You of any of the Title Defendants.

**RESPONSE TO REQUEST NO. 13:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections

set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 14:**

All documents referring or relating to any audit conducted by You of Fidelity.

**RESPONSE TO REQUEST NO. 14:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 15:**

All Your vendor performance reports for any of the Title Defendants.

**RESPONSE TO REQUEST NO. 15:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are

irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 16:**

All Your vendor performance reports for Fidelity.

**RESPONSE TO REQUEST NO. 16:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects to this Request to the extent it seeks information which is equally accessible to Third-Party Defendants and/or is already in the possession of Third-Party Defendants. Ameriquest further objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 17:**

All Your vendor report cards for any of the Title Defendants.

**RESPONSE TO REQUEST NO. 17:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 18:**

All Your vendor report cards for Fidelity.

**RESPONSE TO REQUEST NO. 18:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly

broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 19:**

All agreements between You and any of the Title Defendants relating to that Title Defendant providing loan closing services to You.

**RESPONSE TO REQUEST NO. 19:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has produced the loan file, closing instructions, instructions to title, and closing agent agreements applicable to the loans at issue.

**REQUEST NO. 20:**

All Closing Agent Agreements between You and any of the Title Defendants.

**RESPONSE TO REQUEST NO. 20:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has produced the Closing Agent Agreements applicable to the loans at issue.

**REQUEST NO. 21:**

All agreements between You and any of the Title Defendants relating to the issuance of

multi-transaction closing protection letters.

**RESPONSE TO REQUEST NO. 21:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

**REQUEST NO. 22:**

All applications and related documents submitted to You by any of the Title Defendants.

**RESPONSE TO REQUEST NO. 22:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing, Ameriquest has produced some applications of certain of the Title Defendants during the relevant time period which shows the form of the application.

**REQUEST NO. 23:**

All communications between You and any of the Title Defendants referring or relating to multi-transaction closing protection letters.

**RESPONSE TO REQUEST NO. 23:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly

broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states the closing protection letters and many of the responsive Ameriquest forms and loan specific documents have been identified and, or produced in response to other Requests.

**REQUEST NO. 24:**

All communications between You and Fidelity referring or relating to multi-transaction closing protection letters.

**RESPONSE TO REQUEST NO. 24:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states the closing protection letters and many of the responsive Ameriquest forms and loan specific documents have been identified and, or produced in response to other Requests.

**REQUEST NO. 25:**

All documents referring or relating to Your policies or procedures for ensuring that You receive closing protection letters that are not limited to a single loan transaction.

**RESPONSE TO REQUEST NO. 25:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced its policies and procedures and form of application for an approved title company during the relevant time period concerning closing protection letters.

**REQUEST NO. 26:**

All documents referring or relating to your policies or procedures for determining, prior to funding a loan, whether the Title Defendants complied with Your closing instructions.

**RESPONSE TO REQUEST NO. 26:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that the request is duplicative of discovery requests in the *Terry v. Ameriquest* matter. Ameriquest further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents which are irrelevant or not likely to lead to admissible evidence.

DATED: July 29, 2014

BUCHALTER NEMER
A Professional Corporation

By: _____
Randall L. Manvitz
Attorneys for Third-Party Plaintiff
Ameriquest Mortgage Company