1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

3
4
5
6
7

| | |
|---|---|
| | ) |
| | ) |
| | )  MDL No. 1715 |
| IN RE AMERIQUEST MORTGAGE CO. | ) |
| MORTGAGE LENDING PRACTICES | )  Lead Case No. 05-cv-07097 |
| LITIGATION | ) |
| | )  (Centralized before the Honorable |
| | )  Marvin E. Aspen) |
| | ) |

8
9

**THIRD-PARTY PLAINTIFF AMERIQUEST MORTGAGE COMPANY'S**
**RESPONSES TO FIDELITY THIRD-PARTY DEFENDANTS'**
**FIRST SET OF INTERROGATORIES**

10
11
12
13
14
15
16
17
18
19
20
21

PROPOUNDING PARTY:       Third-Party Defendants Alamo Title Insurance Company,

Chicago Title Insurance Company, Chicago Title Company,

Chicago Title Insurance Company of Michigan,

Commonwealth Land Title Insurance Company,

Commonwealth Land Title Company, Fidelity National

Title Insurance Company, Fidelity National Title Insurance

Company of New York, Lawyers Title Insurance Company,

Security Union Title Insurance Company, Ticor Title

Insurance Company, American Pioneer Title Insurance

Company, and Transnation Title Insurance Company

("Third-Party Defendants")

22
23

RESPONDING PARTY:       Third-Party Plaintiff Ameriquest Mortgage Company

("Ameriquest")

24
25

SET NUMBER:       One

26
27

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Third-Party Plaintiff

Ameriquest hereby responds to Third-Party Defendant's First Set of Interrogatories, as follows:

28

### PRELIMINARY STATEMENT

1.      Ameriquest's responses to the Interrogatories are based upon its present knowledge, information and belief.  Ameriquest has not completed its investigation and discovery of the facts related to this lawsuit.  Without acknowledging any obligation to do so, except as required by law, Ameriquest reserves the right to amend or supplement its responses to the Interrogatories when and if new or additional material or information becomes available.

2.      Ameriquest reserves all objections as to the competency, relevance, materiality, privilege or admissibility in subsequent proceedings in or trial of this or any other action, for any purpose whatsoever, of this response and any information, documents or things identified and/or produced in response to the Interrogatories.

3.      Nothing contained in these responses should be construed as an admission relative to the existence or non-existence of any document or thing, and no response is to be considered an admission respecting the relevance, authenticity or admissibility of any documents or things sought.

4.      The following responses are submitted without prejudice to Ameriquest's right to produce evidence at trial or other proceedings of any subsequently discovered fact or facts which Ameriquest may later recall or discover.  The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but shall in no way prejudice Ameriquest's ability to engage in further discovery, research or analysis.

Ameriquest incorporates by reference this Preliminary Statement in each and every response set forth below.

### GENERAL OBJECTIONS

Ameriquest makes the following General Objections, whether or not set forth in the response to each of the Interrogatories, to each and every Interrogatory set forth by Third-Party Defendants.

A.      Ameriquest objects on the grounds and to the extent that the Interrogatories purport to require information that is or has been in the possession of Third-Party Defendants or their agents and has not been provided to Ameriquest.  Ameriquest has requested information

1    about closing protection letters from Third-Party Defendants but Third-Party Defendants have

2    instituted a number of schemes to delay providing information. Until Third-Party Defendants

3    substantively respond to discovery, comprehensive discovery responses are not required nor are

4    they feasible.

5        B.    Ameriquest objects on the ground and to the extent that the interrogatories are

6    premature contention interrogatories or encompass information Third-Party Defendants have

7    objected to providing.

8        C.    Ameriquest objects to the Interrogatories to the extent they seek information that

9    purports to require disclosure of communications and information which are shielded from

10   disclosure by any privilege, doctrine, decision, rule of law or statute, including but not limited to

11   the attorney/client privilege and the attorney work product doctrine. Any inadvertent disclosure

12   of such information shall not be deemed a waiver of any privilege with respect to such

13   information and/or documents or things, or of any work product protection which may attach

14   thereto.

15       D.    Ameriquest objects to the Interrogatories to the extent that they purport to impose

16   obligations upon Ameriquest other than those imposed by the Federal Rules of Civil Procedure or

17   local rules of this Court.

18       E.    Ameriquest objects to the Interrogatories to the extent that they seek information

19   that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

20   discovery of admissible evidence.

21       F.    Ameriquest objects to the Interrogatories to the extent that the discovery sought is

22   unreasonably cumulative or duplicative, and to the extent that they seek information that is

23   presumptively within the possession, custody or control of Third-Party Defendants, and hence

24   obtainable from some other source that is more convenient, less burdensome and less expensive.

25       G.    Ameriquest objects to the extent that the discovery seeks loan specific information

26   which Fidelity contends is inappropriate at this stage of the litigation.

27       H.    Ameriquest objects to the Interrogatories on the grounds and to the extent that they

28   seek information that is publicly available or equally available to Third-Party Defendants.

I.     Ameriquest objects to the Interrogatories, including but not limited to the use of defined terms in the Interrogatories, to the extent that they are vague, ambiguous, overbroad, unduly burdensome and oppressive, improper and/or beyond the proper scope of discovery.

J.     Ameriquest objects to the Interrogatories to the extent they seek information which is protected from disclosure by a right of privacy found in the United States Constitution, California Constitution, rule of law or statute.

K.     Ameriquest objects to the Interrogatories to the extent they seek the disclosure of confidential information of customers of Ameriquest, protected by the privacy rights of such customers, including the protections of the United States Constitution, Article I, section 1 of the California Constitution, and other applicable state and federal laws.

L.     Ameriquest objects to the Interrogatories to the extent that they require Ameriquest to make compilations, abstracts, audits or summaries of its records.

M.     Ameriquest objects to the Interrogatories to the extent that they purport to require information that is not or identification of documents that are not within Ameriquest's possession, custody or control.

N.     Ameriquest objects on the grounds and to the extent that the Interrogatories purport to require the identification and/or production of documents or things whose location or identification is known to Third-Party Defendants, but has not been provided by Third-Party Defendants to Ameriquest.

O.     Ameriquest objects that the interrogatories and subparts exceed the allowable limits and impose an unreasonable burden because the Third-Party Defendants will not agree to provide a reasonable extension of time to respond.

P.     Ameriquest objects to the definition of multi-transaction closing protection letter in that it is too narrow and contradicts the plain language of the closing protection letters.

Q.     Ameriquest objects to the definition of "Title Defendants" as vague and overbroad in the context of these discovery requests.

R.     Ameriquest objects to the definition of "You" and "Your" as overbroad in the context of these discovery requests.

1    S.    Ameriquest objects to the definition of "Fidelity" as overbroad in the context of

2  these discovery requests.

3    T.    Ameriquest reserves the right at any time to revise, correct, add to or clarify any of

4  the responses set forth herein.

5    Ameriquest incorporates by reference the foregoing General Objections in each and every

6  response set forth below.

7                **AMERIQUEST'S RESPONSES TO INTERROGATORIES**

8  **INTERROGATORY NO. 1:**

9    Identify each multi-transaction closing protection letter You contend was issued to You by

10  Fidelity or on Fidelity's behalf that applies to one or more of the Loans.

11  **RESPONSE TO INTERROGATORY NO. 1:**

12    Ameriquest incorporates by reference its Preliminary Statement and General Objections

13  set forth above.

14    Ameriquest objects that this interrogatory is premature.  Ameriquest has requested that

15  Third-Party Defendants produce the data showing its closing protection letters issued to

16  Ameriquest and the closing protection letters issued to Ameriquest.  However, Third-Party

17  Defendants have failed and refused for years and have not complied with their discovery

18  obligations in that regard.  Once Third-Party Defendants comply with their discovery obligations,

19  Ameriquest will be able to more comprehensively respond to the interrogatory.  Ameriquest

20  further objects to the extent that the requested information is duplicative of the discovery in *Terry*

21  *v. Ameriquest.*

22    Subject to and without waiving the foregoing objections, Ameriquest states that because

23  Fidelity has produced the closing protection letter data for Ticor-Illinois, it identifies the

24  following multi-transaction letters for Ticor Title as it relates to Tristar Title and Northwest Title

25  & Escrow Corp.:

26    April 30, 2004 Ticor Title closing protection letter for Northwest Title/Ameriquest (Ticor

27  1749)

28

1    September 19, 2003 Ticor Title closing protection letter for Tristar/Ameriquest (Ticor

2    1512)

3    To the extent that the applicability and validity of the aforementioned closing protection

4    letters are challenged by Fidelity, subsequently issued closing protection letters would apply.

5    **INTERROGATORY NO. 2:**

6    Identify all communications between You and the Title Defendants referring or relating to

7    multi-transaction closing protection letters which You assert apply to one or more of the Loans.

8    **RESPONSE TO INTERROGATORY NO. 2:**

9    Ameriquest incorporates by reference its Preliminary Statement and General Objections

10   set forth above.

11   Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the

12   interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that

13   is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

14   discovery of admissible evidence.

15   Subject to and without waiving the foregoing objections, Ameriquest refers to the loan

16   files produced in this litigation and in *Terry* and the standard form of applications for the title

17   companies which has been previously produced.

18   **INTERROGATORY NO. 3:**

19   Identify all communications between You and Fidelity referring or relating to multi-

20   transaction closing protection letters which You assert apply to one or more of the Loans.

21   **RESPONSE TO INTERROGATORY NO. 3:**

22   Ameriquest incorporates by reference its Preliminary Statement and General Objections

23   set forth above.

24   Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the

25   interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that

26   is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

27   discovery of admissible evidence.

28

1    Subject to and without waiving the foregoing objections, Ameriquest refers to the loan

2  files produced in this litigation and in *Terry* and the standard form of applications for the title

3  companies which has been previously produced.

4  **INTERROGATORY NO. 4:**

5    Identify any document referring or relating to any process, policy, or procedure that You

6  had concerning any requirement for any of the Title Defendants to provide You with multi-

7  transaction closing protection letters.

8  **RESPONSE TO INTERROGATORY NO. 4:**

9    Ameriquest incorporates by reference its Preliminary Statement and General Objections

10  set forth above.

11    Ameriquest objects that this interrogatory is premature.  Ameriquest further objects to the

12  interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that

13  is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

14  discovery of admissible evidence.

15    Subject to and without waiving the foregoing objections, Ameriquest states that it has

16  already produced its closing instructions, production policies and procedures, blanket closing

17  protection letters, and checklists requiring closing protection letters.  Further reference is made to

18  the deposition transcripts of Michelle Chochrek, Mike Gibson, and Frank Greibenow and in

19  particular his testimony that all closing protection letters utilized during the relevant time period

20  were blanket closing protection letters.  *See also* declaration of Shari Nestor.

21  **INTERROGATORY NO. 5:**

22    Identify any document referring or relating to any process, policy, or procedure that You

23  had concerning any requirement for Fidelity to provide You with multi-transaction closing

24  protection letters.

25  **RESPONSE TO INTERROGATORY NO. 5:**

26    Ameriquest incorporates by reference its Preliminary Statement and General Objections

27  set forth above.

28

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced its closing instructions, production policies and procedures, blanket closing protection letters, and checklists requiring closing protection letters. Further reference is made to the deposition transcripts of Michelle Chochrek, Mike Gibson, and Frank Greibenow and in particular his testimony that all closing protection letters utilized during the relevant time period were blanket closing protection letters. *See also* declaration of Shari Nestor.

**INTERROGATORY NO. 6:**

Identify any person who has been involved in establishing any process, policy, or procedure that you had concerning any requirement for any of the Title Defendants to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 6:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Ameriquest states that it has already produced its closing instructions, production policies and procedures, blanket closing protection letters, and checklists requiring closing protection letters. Further reference is made to the deposition transcripts of Michelle Chochrek, Vicky Camacho, Mike Gibson, and Frank Greibenow and in particular his testimony that all closing protection letters utilized during the relevant time period were blanket closing protection letters. Additional responsive persons

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

include Vendor Management, the compliance group, and all production personnel and personnel of the title companies whose names are equally available to the requesting party.

**INTERROGATORY NO. 7:**

Identify all persons knowledgeable about any process, policy, or procedure that you had concerning any requirement for any of the Title Defendants to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 7:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states that some of the information encompassed by this overbroad interrogatory was the subject of the deposition of Michelle Chochrek and Vicky Camacho taken by Fidelity on or about August 2012. Moreover, all persons in the Vendor Management Group would have some knowledge of the information encompassed by this interrogatory. Further reference is made to the deposition transcripts of Michelle Chochrek, Mike Gibson, and Frank Greibenow and in particular his testimony that all closing protection letters utilized during the relevant time period were blanket closing protection letters. Additional responsive persons include Vendor Management, the compliance group, and all production personnel and personnel of the title companies whose names are equally available to the requesting party.

**INTERROGATORY NO. 8:**

Identify all persons knowledgeable about any process, policy, or procedure that you had concerning any requirement for Fidelity to provide You with multi-transaction closing protection letters.

**RESPONSE TO INTERROGATORY NO. 8:**

1   Ameriquest incorporates by reference its Preliminary Statement and General Objections

2   set forth above.

3   Ameriquest objects that this interrogatory is premature. Ameriquest further objects to the

4   interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that

5   is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

6   discovery of admissible evidence.

7   Subject to and without waiving the foregoing, Ameriquest states that some of the

8   information encompassed by this overbroad interrogatory was the subject of the deposition of

9   Michelle Chochrek and Vicky Camacho taken by Fidelity on or about August 2012. Moreover,

10   all persons in the Vendor Management Group would have some knowledge of the information

11   encompassed by this interrogatory. Further reference is made to the deposition transcripts of

12   Michelle Chochrek, Mike Gibson, and Frank Greibenow and in particular his testimony that all

13   closing protection letters utilized during the relevant time period were blanket closing protection

14   letters. Additional responsive persons include Vendor Management, the compliance group, and

15   all production personnel and personnel of the title companies whose names are equally available

16   to the requesting party.

17   **INTERROGATORY NO. 9:**

18   Describe all systems or processes for receiving, memorializing, or maintaining records of

19   closing protection letters.

20   **RESPONSE TO INTERROGATORY NO. 9:**

21   Ameriquest incorporates by reference its Preliminary Statement and General Objections

22   set forth above.

23   Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly

24   burdensome and seeking information that is neither relevant to the subject matter of this action

25   nor reasonably calculated to lead to the discovery of admissible evidence.

26   Subject to and without waiving the foregoing, Ameriquest states that some of the

27   information encompassed by this overbroad interrogatory was the subject of the depositions of

28   Michelle Chochrek and Vicky Camacho taken by Fidelity on or about August 2012.

**INTERROGATORY NO. 10:**

Identify all of Your processes, policies, and procedures for determining, prior to funding a loan, whether the Title Defendants complied with Your closing instructions.

**RESPONSE TO INTERROGATORY NO. 10:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states that some of the information encompassed by this overbroad interrogatory was the subject of Michelle Chochrek's deposition taken by Fidelity on or about August 2012.

**INTERROGATORY NO. 11:**

Identify all persons knowledgeable about Your processes, policies, or procedures for determining, prior to funding a loan, whether the Title Defendants complied with Your closing instructions.

**RESPONSE TO INTERROGATORY NO. 11:**

Ameriquest incorporates by reference its Preliminary Statement and General Objections set forth above.

Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly burdensome and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Ameriquest states that some of the information encompassed by this overbroad interrogatory was the subject of Michelle Chochrek's deposition taken by Fidelity on or about August 2012.

**INTERROGATORY NO. 12:**

1    Identify any person who has been involved in establishing any processes, policies, or

2    procedures for determining, prior to funding a loan, whether the Title Defendants complied with

3    Your closing instructions.

4    **RESPONSE TO INTERROGATORY NO. 12:**

5    Ameriquest incorporates by reference its Preliminary Statement and General Objections

6    set forth above.

7    Ameriquest further objects to the interrogatory as vague, ambiguous, overbroad, unduly

8    burdensome and seeking information that is neither relevant to the subject matter of this action

9    nor reasonably calculated to lead to the discovery of admissible evidence.

10    Subject to and without waiving the foregoing, Ameriquest states that some of the

11    information encompassed by this overbroad interrogatory was the subject of Michelle Chochrek's

12    deposition taken by Fidelity on or about August 2012.

13

14    DATED:  July 29, 2014                        BUCHALTER NEMER
                                                    A Professional Corporation
15

16
                                                 By:
17                                                      RANDALL L. MANVITZ
                                                    Attorneys for Third-Party Plaintiff Ameriquest
18                                                  Mortgage Company

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, Michael Urtel, declare:

I am an agent for Ameriquest Mortgage, a third-party plaintiff in the above-entitled action. I am authorized to make this verification for and on Ameriquest Mortgage behalf and I make this verification for that reason.

I have read **THIRD-PARTY PLAINTIFF AMERIQUEST MORTGAGE COMPANY'S RESPONSES TO FIDELITY THIRD-PARTY DEFENDANTS' FIRST SET OF INTERROGATORIES** and know the contents thereof. I am informed and believe that the matters stated therein are true and on that ground declare under penalty of perjury that the foregoing is true and correct.

Executed this _28th_ day of July 2014, at _irvine_, California.

_____
Michael Urtel