# EXHIBIT 3

# BuchalterNemer
A Professional Law Corporation

55 SECOND STREET, SUITE 1700, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.0723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: rmanvitz@buchalter.com

July 9, 2014

**VIA ELECTRONIC DELIVERY &
FIRST CLASS MAIL**

Albert F. Fowerbaugh, Jr., Esq.
Andrew D. Shapiro, Esq.
Sandra J. Durkin, Esq.
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL 60602-4257

Re:  In Re: Ameriquest MDL

Dear Counsel:

This is a follow-up to our prior meet and confer efforts regarding Third-Party Plaintiffs' outstanding 30(b)(6) deposition notices and requests for production. As an initial matter, your characterization of the scope of the issues in this case is disingenuous. As you are well aware having deposed Ameriquest's 30(b)(6) witness in the *Terry* case, Ameriquest's contention in this litigation as in *Terry* is that the Fidelity Entities' issuing agents were required to provide Ameriquest with multi-transaction/blanket closing protection letters in order to be approved to conduct loan closings for Ameriquest. Fidelity is aware that its agents provided blanket closing protection letters to Ameriquest for all of the loans but Ameriquest has not been able to produce some of them in this litigation. Fidelity argues that no closing protection letters were issued to Ameriquest applicable to the loans, blanket or otherwise, but has been unwilling to show the data of closing protection letters that have been issued.

Of central importance to this litigation, as demonstrated by Judge Aspen's multiple rulings, are the closing protection letters. Despite their importance, Fidelity has apparently destroyed its records of the closing protection letters after they were requested. The relevance of spoliation is obvious and your suggestion that Fidelity may destroy evidence and then preclude inquiry into its destruction efforts is without merit.

During our meet and confer conference, we again asked for Fidelity to provide any explanation for what happened to the apparently destroyed closing protection letter data i.e., when it was destroyed, by whom, and why. You refused to provide an explanation but said that Fidelity would provide the requested information in the form of an interrogatory response on July 29. In fact, the response to practically every question was that you could not substantively respond until July 29 or were not willing to further explain Fidelity's objections.

For every assertion of burden, we asked for an explanation of the burden. You declined. We asked for any support that the requests were overbroad. You said you would respond in writing but your June 20 letter only identifies one state and brand of about 24 that you claim does not involve destroyed or lost data. We asked you before the first meet and confer call to provide

## BuchalterNemer

Albert F. Fowerbaugh, Jr.
Andrew D. Shapiro, Esq.
Sandra J. Durkin, Esq.
July 9, 2014
Page 2

any authority that Fidelity was not required to preserve the missing documents at issue. Fidelity has not been able to provide any legal authority for its argument. We asked you to explain whether the requested information was common across all or many brands such as a uniform document retention policy. You declined to discuss it. In sum, you have asked us to agree to limit our discovery requests but have not provided any support for such a limitation.

Further, your June 20 letter seems to take a step backwards from what Fidelity proposed to do during the phone conference, and I hope this was an omission. There is no suggestion in your June 20 follow-up letter that Fidelity will explain the details of what happened to the lost or destroyed Missing Data or Missing Exemplar Closing Protection Letters, when, why, by whom, etc., as required by 30(b)(6) Topic 10.

You request that the Ameriquest-related entities limit their discovery responses and agree that Fidelity's counsel may provide a verified written response to some topics instead of producing a knowledgeable person to testify on behalf of the corporation pursuant to the 30(b)(6) notice. However, Fidelity has not provided the written response you want us to agree to accept in lieu of the deposition testimony. Fidelity also has not produced any responsive documents such as its document retention policy or inventories of closing protection letters. Your proposal is not acceptable and is not supported by the cases you cite.

However, it does provide the basis for another proposal. If Fidelity is willing to provide the information requested in Topic 10 for Missing Data and additional information and documents per your June 20 letter, our proposal is that Fidelity do so as soon as possible, but no later than July 29. We are not willing to limit our right to obtain the information through a 30(b)(6) deposition notice or other means at this time but will consider the proposal if the responses provide the necessary information and do not warrant follow-up examination. We may at least be able to narrow the scope of the 30(b)(6) depositions. We will not move to compel until after we have had the opportunity to review whatever information Fidelity has provided in the form of documents and interrogatory responses and the parties have had an opportunity to further meet and confer about the discovery responses and additional information and documents that should be provided.

If this is acceptable, please confirm sometime this week.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By _____
Randall L. Manvitz

RLM:cmg

BN 16672537v1