

**FILED**

OCT 03 2014

OCT 03 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORHTERN DISTRICT OF ILLINOIS

IN RE: AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

**MDL. NO. 1715**
**Lead Case 05-cv-07097**
**Centralized before the**
**Honourable Marvin E**
**Aspen**

THIS DOCUMENT RELATES TO :
Peterson v Argent Mortgage Company, LLC et al,
1:08-cv-07281, N.D. III

**Magistrate Judge**
**Daniel G Martin**

**PLAINTIFF'S MOTION TO QUASH SUBPEONA AND DISCOVERY PROCESS AND DEPOSITION PROCEEDINGS BY DEFENDANT ARGENT MORTGAGE COMPANY**

**PLEASE TAKE NOTICE THAT,** on Thursday, October 8, 2014, at 8:00 A.M.,

or as soon thereafter that the matter may be heard, in the Courtroom of the

Honourable Daniel G. Martin, Department 1350, 219 Dearborn Street,

Chicago, Illinois 60604, Plaintiff, Cedric V Peterson, will and hereby

does move the Court for an Order, pursuant to of the Fed. R Civ. P. 45

(d)(3)(A)(iv), granting Plaintiff's Motion to Quash Subpeona.

The Motion is made on the grounds that Defendant cannot establish

a compelling need for the discovery.

Plaintiff maintains that Defendant continues to relentlessly pursue

via discovery, information regarding persons and matters that bear

no relevance to the current matter.

The subpoenas issued against plaintiff's spouse, plaintiff's spouses'

property and all other resolved financial and legal matters and persons

related thereto and plaintiff's spouses' place of business,

bear no relevance to this matter.

In accordance with the Fed. R. of Evidence Art. IV, 401,

there are limitations to the circumstantial evidence that opposing counsel

may utilize as a means of proof.

The subject loan secured by this property was procured by a third party,

First Source Financial of Irvine, CA. {Exhibit A}

Genesis Group has been fully disclosed on plaintiff's annual tax return

(Form 1040, Schedule C), as a minimally income producing entity,

Genesis Group is a referral source for a myriad of services and operates

as a ministry, without a standard fee schedule for payment for services

rendered.  Refer to website, www.genesisgrp3.vpweb.com. {Exhibit B}

The Elm Avenue residence is plaintiff's spouses' property, in which plaintiff

has no vested interest.  {Exhibit C}

Plaintiff has attempted to confer with Defendant both telephonically

and via email, in the interest of achieving resolve, but to no avail.

Plaintiff's response to Status Report sent to the USDC for filing and Defendant

on 8/14/2013, via Fedex was inadvertently not filed. It has been included as

{Exhibit D}.

In conclusion, in accordance Fed. R. Civ. P. 45(c)(3) and Fed. R. Civ. P. 26(c), Plaintiff beseeches the court to quash all subpoenas, as they do not relate to the subject case and property.

A continuum in this manner of pursuit of discovery is oppressive and unduly burdensome. See also Murphy v. Deloitte & Touche Group Ins. Plan, 619 F. 3d 1151, 1163 (IOth Cir., 2010) (discovery has "never been a license to engage in an unwieldy, burdensome and speculative fishing expedition.").

Respectfully Submitted,

Dated: September 28, 2014

Cedric V Peterson, In Pro Per
Attorney for Plaintiff
Cedric V Peterson
POB 1165
Orangevale CA 95662
(916) 988-9224 Office
(916) 988-9398 Facsimile

Exhibit A

CEDRIC V. PETERSON
9345 ROCKY LANE
ORANGEVALE, CA 95662

## Lender/Broker-Service Provider Disclosure

Loan No. 0084967512 - 9502

You have applied to: **Argent Mortgage Company, LLC**   for a loan.

**Argent Mortgage Company, LLC** mailing address is: **One City Boulevard West  Orange, CA 92868** and its

[X]  *consumer* finance lender's license number issued by the Department of Corporation's is:  603-8532

[ ]  *commercial* finance lender's license number issued by the Department of Corporation's is:

There  [X] *is*  [ ] *is not*  a Broker involved in this transaction.    First Source Financial
                                                                         7505 Irvine Center Dr - Ste 150,
                                                                         Irvine, CA 92618
                                                                         Broker License: 01199287 DRE

There  [ ] *is*  [X] *is not*  a Service Provider involved in this transaction.

If there is a Service Provider involved in this transaction, the sums paid or payable to the Service Provider are as follows:

    Service Provider Fee**:    $ _____

If there is a Broker involved in this transaction, the sums paid or payable to the Broker are as follows:

| | |
|---|---|
| Broker Loan Origination: | $ 25,462.50 |
| Broker Processing: | $ 595.00 |
| Broker Application: | $ 405.00 |
| Broker Underwriting: | $ 0.00 |
| ** Premium Yield Adjustment: 1.00 % | $ 7,275.00 |
| Notary: | $ 176.00 |
| Other: Credit Report | $ 0.00 |
| TOTAL: | $ 33,912.50 |

**Not included in total due from borrower.

[ ]  By signing below, you acknowledge that you intend to use the proceeds of the loan for which you have
applied for personal, family, or household purposes and that Argent Mortgage Company, LLC may rely
on your acknowledgement.

[ ]  By signing below, you acknowledge that you intend to use the proceeds of the loan for which you have
applied for other than personal, family, or household purposes and that Argent Mortgage Company,
LLC may rely on your acknowledgment.

### FOR INFORMATION CONTACT THE DEPARTMENT OF CORPORATIONS, STATE OF CALIFORNIA.

This loan is made pursuant to the California Finance Lenders Law, Division 9 (commending
with Section 22000) of the Financial Code. (Regulations Section 1454).

_____  8/15/04
Borrower  CEDRIC V. PETERSON        Date        Borrower                    Date

_____
Borrower                    Date        Borrower                    Date

800-CA (Rev. 2/88)

Exhibit B



Order No. 175-1271348-62

## Orange Coast Title Company

3840 El Dorado Hills Blvd, Suite 102
El Dorado Hills, CA 95762
(916) 941-6480

| **PRELIMINARY REPORT** | |
|---|---|

Orange Coast Title Company
3840 El Dorado Hills Blvd., Suite 102
El Dorado Hills, CA 95762

**Escrow Officer:**     Elizabeth Bratton

**Attention:**      Elizabeth Bratton
**Property address:**  8675 Elm Avenue, in an unincorporated area known as
Orangevale, County of Sacramento, State of CA95662.

**Your no.:**
**Order no.:**      175-1271348-62

**Dated:**       September 26, 2011

In response to the above referenced application for a policy of title insurance, **Orange Coast Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit B attached. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit B. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit B of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters, which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a binder or commitment should be requested.

Dated as of September 19, 2011 at 7:30 AM

Scott Heisey, Title Officer
Ph: 408-371-1700
Email: scotth@octitle.com

**The form of policy of title insurance contemplated by this report is:**
A.L.T.A Homeowner's Policy (1/01/08) A.L.T.A. Loan Policy (06-17-06) with A.L.T.A. Endorsement - Form 1 Coverage

**The Policy of Title Insurance, if issued, will be underwritten by:** Stewart Title Guaranty Company
**NOTE: The premium for a policy of Title Insurance, if issued, will be based on:**

A liability of   TBD

Order No. 175-1271348-62

Subject to any filed rate increases and/or changes in the liability.

Order No. 175-1271348-62

## SCHEDULE "A"

**The estate or interest in the land hereinafter described or referred to covered by this report is:**

A Fee

**Title to said estate or interest at the date hereof is vested in:**

Cherrone Peterson, a married woman, as her sole and separate property

**The land referred to in this report is situated in the County of Sacramento, State of California, and is described as follows:**

All that portion of Parcel 2, in the City of Orangevale, County of Sacramento, State of California, as shown on that certain Parcel Map filed for record in the Office of the recorder of Sacramento County, on October 28, 1991 in Book 126 of Parcel Maps, at Page 27 more particularly described as follows:

Beginning at the Northwest corner of said Parcel 2 thence North 89° 50' 38" East, 293.88 feet; thence South 00° 45' 17" East, 38.27; thence South 49° 31' 44" West 253.24 feet; thence South 89° 30' 29"; West, 100.00 feet; thence North 00° 29' 31" West 202.70 feet to the point of beginning, also being described as Parcel 2 of that certain Lot Line Adjustment recorded February 10, 1994 in Book 94-02-10, Page 1505, Official Records.

Assessor's Parcel Number(s): 257-0230-032-0000

Exhibit C

| Subject: | Re: Argent/Peterson [IWOV-BN.FID763124] |
|---|---|
| From: | C.Peterson (genesisgrp@yahoo.com) |
| To: | rmanvitz@buchalter.com; |
| Cc: | jdavies@Buchalter.com; |
| Date: | Wednesday, September 24, 2014 6:35 AM |

Randall,

I have provided the requested discovery as of 2013. I have answered all questions and concerns regarding Genesis Group and Elm Ave which have no relevance to this case as you implied in your August 19th letter. With that being said, discovery for Genesis Group and Elm Ave is not required nor relevant to the 9345 Rocky Ln matter and you have all of the required discovery as of 2013.

On Friday, September 19, 2014 2:18 PM, "Manvitz, Randall L." <rmanvitz@buchalter.com> wrote:

Cedric,

We implore you to comply with your discovery obligations and provide the discovery requested by the interrogatories and requests for production of documents. If you continue to refuse, we will file a motion to compel following your deposition, seeking monetary sanctions and ordering you to re-appear following the production of the documents and interrogatories.
Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio
From: C.Peterson [mailto:genesisgrp@yahoo.com]
Sent: Sunday, September 14, 2014 11:56 PM
To: Manvitz, Randall L.; Davies, Joanne
Subject: Re: Argent/Peterson [IWOV-BN.FID763124]

I clearly do not understand what type of statement you're looking for regarding Genesis Group and why my responses you've interpreted as vague.

Again I will clarify I pray you'll understand now.

1.     Genesis Group income:  You say that the income has not been substantial but that description is vague. Has the income been above $40,000 per year and if so, what amount and what years?  Genesis Group has not produced income above $40,000 per year.

2.     Genesis Group tax returns for 2004/2005:  You have referred me to the tax returns for those years but I don't have any P & L statements or tax returns

Print

for those years for Genesis. Please provide them. There are no tax returns for Genesis Group for those years; Genesis Group is a sole proprietorship we've fileD a schedule C on our returns. There is no income reported for those years.

3.      It is unclear what Genesis Group does. Who provides services for it? You? Cherrone? Others? What services? How does it receive income and for what?  Your explanation of "Genesis Group is a pass-through of referrals for educational services of credit repair and financial planning and holistic well-being  through our many associates over the Christian radio 710 am. We do not receive any referral fees nor bird dog fees" is too vague to understand.  Do you have a radio program? Specifically which one? As I stated before we publish information we hear on the Christian Radio station  710 am, that we've determined is valuable to help people we've referred to our website. Whether credit repair care, holistic  care, health care, educational care, legal care this information is posted to refer people and we receive no fees of any kind. Meaning it is not income generating I pray this helps to clarify. There is a donate button on our website, if they elect to give a donation for services rendered after meeting with us. To date, no donations have been received.

4.      Does Genesis only provide referrals during a radio program? NO  Are you saying that Genesis does not receive money for the referrals?  YES

Additionally, with respect to documents:

5.      Your deposition Transcript: I assume you have a copy of your prior deposition transcript? No Are you willing to produce it? No

6.      You referred me to documents produced by two of your prior lawyers but one gave you the documents and one refuses to produce any documents. Again, you need to respond and produce the requested documents. UNDERSTAND THERE IS NO RELEVANCE OF GENESIS GROUP AND ELM AVE REGARDING THE 9345 ROCKY LANE PREDATORY LOAN CASE.

In your previous communique' dated August 19, 2014 you try to establish an example of relevance of Genesis Group and Elm Ave to 9345 Rocky Ln. If you read the title report you'll see Cedric V. Peterson is not on title. Understand Sir THERE IS NO RELEVANCE I  HAVE NO VESTED INTEREST IN THIS PROPERTY PER THE TITLE REPORT.

It is clear you are on a fishing expedition  and there is nothing here for you to catch. Therefore you should cease and desist from your subpoena filing

process. Please read the documents provided carefully and understand NO RELEVANCE.

Let me be very clear this case on 9345 Rocky Ln is a predatory lending case which is the bases of the MDL regarding the institution you represent. Your client has practiced this type of lending through-out the country and you suggest I not understand the scope of their practices and not take action.

Your view of relevance has no substantiation ; the fact is the title is not vested in my name on Elm Ave and Genesis Group is as described in previous communiques and filings as a referral service, which you continue to not accept. I suggest you cease and desist pursuing further requested documents upon which you have no case to build.

Sincerely,

Cedric

On Friday, September 12, 2014 2:56 PM, "Manvitz, Randall L." <rmanvitz@buchalter.com> wrote:

We have not heard from you on this. A prompt response is requested:
Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | http://www.buchalter.com/ | Bio

---

**From:** Manvitz, Randall L.
**Sent:** Tuesday, September 09, 2014 11:29 AM
**To:** genesisgrp@yahoo.com
**Subject:** Argent/Peterson [IWOV-BN.FID763124]

Cedric,

You still have not provided any interrogatory responses or responses to the requests for production, much less responsive documents. If we are not able to resolve these issues promptly, we will file a motion to compel. Further, your statements about the Genesis Group are too vague to understand:

1.    Genesis Group income. You say that the income has not been substantial but that description is vague. Has the income been above $40,000 per year and if so, what amount and what years?

2.    Genesis Group tax returns for 2004/2005. You have referred me to the tax returns for those years but I don't have any P & L statements or tax returns for those years for Genesis. Please provide them.

3.     It is unclear what Genesis Group does.  Who provides services for it?  You?  Cherrone? Others?  What services?  How does it receive income and for what?   Your explanation of "Genesis Group is a pass-through of  referrals for educational services of credit repair and financial planning and holistic well-being  through our many associates over the Christian radio 710 am. We do not receive any referral fees nor bird dog fees" is too vague to understand.  Do you have a radio program? Specifically which one?

4.     Does Genesis only provide referrals during a radio program?  Are you saying that Genesis does not receive money for the referrals?

Additionally, with respect to documents:

5.     Your deposition Transcript: I assume you have a copy of your prior deposition transcript?  Are you willing to produce it?

6.     You referred me to documents produced by two of your prior lawyers but one gave you the documents and one refuses to produce any documents.  Again, you need to respond and produce the requested documents.

Again, we request that you meet and confer by telephone.  You have now changed your explanation about why you hung up the phone after discussing the interrogatories which were ordered to provide responses about a year ago.  If you are truly concerned about unprofessional behavior on the telephone (now your latest excuse), my suggestion is that we agree to record all teleconferences – then there will not be any dispute about conduct.

If you are agreeable to meeting and conferring by telephone promptly, let me know.
Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | http://www.buchalter.com/ | Bio

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

Exhibit D

**FedEx** Ground®

**Order Form**
Must be processed at a FedEx shipping counter.

Sender's Copy

**1 From** *Please print and press hard*

Date 8/14/13

Sender's FedEx Account Number

**3 Package Information**

Number of Packages

Residential Delivery Address ☐ Nonresidential (Business) Delivery Address

Weight

Declared Value $

**4 Delivery Signature Options**

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

**5 FedEx Home Delivery Convenient Delivery Options**
☐ FedEx Date Certain
☐ FedEx Evening
☐ FedEx Appointment

**6 Payment**
Bill transportation charges to:
☐ Sender ☐ Recipient ☐ Third Party ☐ Credit Card ☐ Cash/Check

**7 FedEx International Ground Information**

Bill duties and taxes to:
☐ Sender ☐ Recipient ☐ Third Party

FedEx Use Only

fedex.com  1.800.GoFedEx  1.800.463.3339

Track your package or shipment with FedEx Tracking



**FedEx.**

| 795812548551 | | |
|---|---|---|
| Ship (P/U) date:<br>Wed 8/14/2013<br>ROSEVILLE, CA US | **Delivered**<br>Signed for by: Signature on File | Actual delivery:<br>Tues 8/20/2013 4:24 pm<br>CHICAGO, IL US |

Let us tell you when your shipment arrives. Sign up for delivery notifications

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **8/20/2013 - Tuesday** | | |
| 4:24 pm | Delivered<br>Signature on file | Chicago, IL |
| 6:24 am | On FedEx vehicle for delivery | LA GRANGE, IL |
| 5:51 am | At local FedEx facility | LA GRANGE, IL |
| 12:16 am | Departed FedEx location | CHAMPAIGN, IL |
| **8/19/2013 - Monday** | | |
| 4:07 pm | Arrived at FedEx location | CHAMPAIGN, IL |
| **8/15/2013 - Thursday** | | |
| 8:22 am | In transit | RENO, NV |
| 5:28 am | Departed FedEx location | SACRAMENTO, CA |
| **8/14/2013 - Wednesday** | | |
| 8:49 pm | Arrived at FedEx location | SACRAMENTO, CA |
| 6:00 pm | Picked up | SACRAMENTO, CA |
| 1:45 pm | In FedEx possession<br>Tendered at FedEx location | ROSEVILLE, CA |
| 1:45 pm | Shipment information sent to FedEx | |

Local Scan Time ☑

## Shipment Facts

| Tracking number | 795812548551 | Service | FedEx Ground |
|---|---|---|---|
| Weight | 0.6 lbs | Total pieces | 1 |
| Packaging | Package | | |

fedex.com 1.800.GoFedEx 1.800.463.3339

Track your package or shipment with FedEx Tracking



**FedEx.**

**795812542130**

| Ship (P/U) date : | | | |
|---|---|---|---|
| Wed 8/14/2013 | | Actual delivery : | |
| | | Thur 8/15/2013 2:44 pm | |
| ROSEVILLE, CA  US | Delivered | SAN FRANCISCO, CA  US | |
| | Signed for by: DOORDA | | |

Let us tell you when your shipment arrives. Sign up for delivery notifications

**Travel History**

| Date/Time | Activity | Location |
|---|---|---|
| ◦ 8/15/2013 - Thursday | | |
| 2:44 pm | Delivered | San Francisco, CA |
| 7:30 am | On FedEx vehicle for delivery | SOUTH SAN FRANCISCO, CA |
| 7:25 am | At local FedEx facility | SOUTH SAN FRANCISCO, CA |
| 2:34 am | Departed FedEx location | SACRAMENTO, CA |
| ◦ 8/14/2013 - Wednesday | | |
| 8:51 pm | Arrived at FedEx location | SACRAMENTO, CA |
| 6:00 pm | Picked up | SACRAMENTO, CA |
| 1:45 pm | In FedEx possession | ROSEVILLE, CA |
| | Tendered at FedEx location | |
| 1:45 pm | Shipment information sent to FedEx | |

Local Scan Time ☑

**Shipment Facts**

| Tracking number | 795812542130 | Service | FedEx Ground |
|---|---|---|---|
| Weight | 0.6 lbs | Total pieces | 1 |
| Packaging | Package | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO:<br>Peterson v Argent Mortgage Company, LLC et al<br>1:08-cv-07281 | Centralized before the Honourable Marvin E Aspen<br><br>Magistrate Judge Daniel G Martin |

**CEDRIC PETERSON'S RESPONSE TO STATUS REPORT OF THE AMERIQUEST DEFENDANTS FOR JULY 18, 2013 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G MARTIN**

Plaintiff first and foremost would like to beg the Court's pardon in communicating on an Ex Parte basis. This was not intentional, merely a mistake. Plaintiff is presently enduring stress and duress, due to the illness of his spouse.

Plaintiff has attempted to be as compliant as possible, under the adversity which is prevalent. Plaintiff's spouse has been hospitalized at the ER on at least six different occasions since January of this year. The last hospitalization was in intensive care for malignant hypertension, from June 19th thru June 21st. Her health is being monitored on a daily basis by her doctor and she cannot be left at home unattended. (Exhibit A)

There have been two sets of discovery documentation submitted to opposing counsel, except for those which are unobtainable. Wells Fargo and First Bank both stated that any statements beyond seven years are unobtainable.

The interrogatories and discovery request sent to Plaintiff in December of 2012 was addressed to Sarah Roop. (Exhibit B) Plaintiff attempted to respond to those document sets, however the interrogatories were not included. Plaintiff did not receive the interrogatories until the third week of June this year, via email.

It is not Plaintiff's intent to make any excuse regarding this matter. Plaintiff has a seriously ill spouse, coupled with six school age children at home, in addition to holding a full time professional corporate position, that is demanding.

Under normal circumstances, Plaintiff would benefit from his spouse's assistance with compiling and preparing responsive documents. That assistance currently is unavailable.

To wit, Elm Ave is solely in the name of Plaintiff's spouse. (Exhibit C)

The Elm Ave litigation documents furnished to Defendant's counsel during discovery, were in support of the hardship letters, documenting the sequence of events from 1999 to present. (Exhibit D)

The circumstances as to why Plaintiff relocated from Rocky Lane temporally to the third property, was due to the pending foreclosure by Citi Res Lending per the NOTS dated 4/14/2008. Plaintiff moved on 3/30/2008. Plaintiff spoke with the servicer, Citi Res Lending circa 4/8/2013 and Citi Res stated that they would stay the foreclosure, pending receipt of a loan modification application. Had Plaintiff known this response a week earlier, he would not have relocated and expended 32K in rents. (Exhibit E)

The owner of this third property defaulted on her loan and continued collecting payments from Plaintiff, until Plaintiff received a NOD in the mail. Plaintiff relocated back to Rocky Lane in October 2009. (Exhibit F)

Genesis Group is a registered business entity in Sacramento County, under which Plaintiff's spouse provides administrative and counseling services. That meager income is reflected on the tax returns provided to opposing counsel with discovery documentation.

The enclosed proposed settlement offer was sent to me on July 15, 2013. I posed two questions with respect to escrow impound and loan term, to which to date there has been no response from Ocwen. {Exhibit G}

Several email communiques were exchanged between myself and opposing counsel from July 15th to August 8th. On August 8th, I responded to Mr. Fleischmann, that I would accept Ocwen's offer and I inquired as to what the time parameter would be for the loan modification and court documents to be prepared.

Riley, Bridges & Associates, 1301 Burton St, Fullerton CA 92831, is representing us regarding the resolution of the IRS matter. Rajneet is the Enrolled Agent administering our account, (714) 868-0143.

To reiterate, the Elm Ave residence is solely in the name of my wife. There are four adult residents, one is my oldest son, my elderly cousin and two other brothers from our church, who will be debt servicing that property. These facts were previously stated to opposing counsel, and submitted to them via discovery documentation, inclusive of the hardship letter and supporting court documents regarding the background of the Elm Ave litigation, since my father purchased it in 1999.

Endeavor Legal Group, 2600 Olive Ave, 5th Flr, Burbank, CA 91505, has been retained to administer the loan modification for Elm Ave. Brianna Moore is the case administrator, (800) 880-0531.

As I am earnestly seeking resolve to these issues and in the interest of the pending Ocwen settlement, coupled with my delicate familial circumstances, my prayer is that the court will issue an order to stay all litigation regarding this matter, until settled.

Dated : August 13, 2013

Respectfully Submitted,

Cedric V Peterson, In Pro Per
Attorney for Plaintiff
Cedric V Peterson
(916) 988-9224  Office
(916) 988-9398  Facsimile

Exhibit A



### CENTER FOR FUNCTIONAL MEDICINE

June 20, 2013

To Whom It May Concern:

Mrs. Cherrone Peterson was hospitalized June 19, 2013 with a Hypertensive Emergency. Due to the extreme elevation of her blood pressure which poses an imminent risk to her life, she will be under close supervision with activity restriction once she is released from the hospital and during her recovery. As such, she is medically unfit to undergo the process of legal deposition. Furthermore, at this time, I am unable to predict when she may be fit for such proceedings.

Sincerely,

Kristine Burke, MD

Kristine Burke, MD Inc  4901 Golden Foothill Parkway, El Dorado Hills, CA 95762
T: 916-983-5771 F: 916-939-1800    www.n1healthdrburke.com



**BlueCross BlueShield
of Texas**

Subscriber Name:
Member Name: CHERRONE PETERSON
Member Address:   9345 ROCKY LANE
                  ORANGEVALE, CA 95662-3622
Request ID: 13171AAA5A

June 20, 2013

Dear CHERRONE PETERSON:

This letter is in response to a request for service(s)/procedure(s). The following service(s)/procedure(s) has been approved as medically necessary as defined by the member's Health Care Benefits booklet or Summary Plan Description.

Member Name:                          CHERRONE PETERSON
Date of Birth:                        SEPTEMBER-30-1960
Subscriber ID:                        849093182
Request ID:                           13171AAA5A
Physician:                            QAIS WAHIDI
Facility/Provider:                    MERCY FOLSOM
Treatment Setting:                    Acute
Onset of Service/Admission Date:      JUNE-19-2013
Total Days Approved:                  5

Service Procedure Description:        ADMISSION

| Effective Date | Expiration Date | Days/Units Certified |
| --- | --- | --- |
| 6/19/2013 | 6/24/2013 | 5 |

Please contact Blue Cross and Blue Shield of Texas at Phone Number: 1-800-441-9188 prior to the above listed expiration date if an additional review of benefits is needed for further days/units of service. In order to ensure coverage, Blue Cross and Blue Shield of Texas must also be notified if any of the following occur:

- The treatment plan or level of care is changed.
- The ordering physician or facility is changed from that noted above.
- The date of service is changed or cancelled.

Approval through the Health Care Management Department is not a guarantee of payment of benefits. Payment of benefits is subject to several factors, including, but not limited to, eligibility at the time of service, payment of premiums/contributions, amounts allowable for services, supporting medical documentation and other terms, conditions, limitations and exclusions set forth in your Certificate of Benefits Booklet and/or Summary Plan Description as well as the preexisting condition waiting period, if any. For questions regarding benefits, please contact the Customer Service unit at the telephone number listed on the back of your health insurance card. You remain responsible for any out-of-pocket

Page 2 of 2
June 20, 2013
CHERRONE PETERSON
849093182

requirements, including, but not limited to, coinsurance, copayments, deductibles and/or non-covered charges.

Please note that, if you are receiving services through a non-contracting/non-participating provider (a provider with whom Blue Cross and Blue Shield of Texas does not have a contract/agreement, i.e. an out-of-network provider), you may be responsible for significant out-of-pocket costs for this service. The provider is not obligated to accept Blue Cross and Blue Shield of Texas allowance as payment in full. A non-contracting/non-participating provider may also charge you for any billed amount over the amount allowed for payment. If you need assistance finding a contracting/participating provider, i.e. an in-network provider, please call Customer Service at the number listed on your member identification card.

As always, the decision whether to receive the proposed service/procedure remains between you and your health care providers. Coverage, benefit and payment decisions do not constitute treatment decisions.

A copy of this information has also been sent to the provider/facility and physician.

Sincerely,

Blue Cross and Blue Shield of Texas
Health Care Services Department
Phone Number: 1-800-441-9188
Fax Number: 1-800-252-8815

CC:     QAIS WAHIDI
        1650 CREEKSIDE DR
        FOLSOM, CA 95630

        MERCY FOLSOM
        1650 CREEKSIDE DRIVE
        FOLSOM, CA 95630

*Exhibit B*



USA FIRST-CLASS

UNITED STATES POSTAGE

PITNEY BOWES

$ 003.10°

02 1P
0000172445 DEC 13 2012
MAILED FROM ZIP CODE 94105

**Buchalter Nemer**
A PROFESSIONAL CORPORATION
55 Second Street, Suite 1700
San Francisco, CA 94105-2126

Cedric Peterson
9345 Rocky Lane
Orangevale, CA 95662

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER R. ROOP and SARAH
ROOP,

          Plaintiffs,

          v.

ARGENT MORTGAGE COMPANY, LLC;
EMC MORTGAGE CORPORATION;
LASALLE BANK, N.A.; BEAR STERNS
MORTGAGE CAPITAL CORPORATION,
Asset Back Securities I LLCAsset Backed
Certificates, Series 2005-AQ1; and DOES 1-5,

          Defendants.

Case No. ILN 1:07-01347

DEFENDANT ARGENT MORTGAGE
COMPANY'S INTERROGATORIES
(SET ONE) PROPOUNDED UPON
SARAH ROOP

**PROPOUNDING PARTY:** Defendant ARGENT MORTGAGE COMPANY

**RESPONDING PARTY:** Plaintiff SARAH ROOP

**SET NO.:** ONE (1)

    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant ARGENT MORTGAGE COMPANY ("Argent"), hereby requests that plaintiff SARAH ROOP answer all of the following Interrogatories, in writing and under oath, within thirty (30) days of the date of service hereof.

## I.
## DEFINITIONS AND INSTRUCTIONS

    1.    "Argent" means Argent Mortgage Company, its agents, employees, and all persons acting on its behalf.

    2.    The term "Closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in Person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents. The term "Closing" is used in these Interrogatories to refer to the

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| CHRISTOPHER R. ROOP and SARAH ROOP,<br><br>Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, LLC; EMC MORTGAGE CORPORATION; LASALLE BANK, N.A., BEAR STERNS MORTGAGE CAPITAL CORPORATION, Asset Back Securities I LLCAsset Backed Certificates, Series 2005-AQ1; and DOES 1-5,<br><br>Defendants. | Case No.: ILN 1:07-01347<br><br>DEFENDANT AMERIQUEST MORTGAGE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF SARAH ROOP |

**PROPOUNDING PARTY: Defendant**

**RESPONDING PARTY:  Plaintiff SARAH ROOP**

**SET NO.:      One (1)**

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the provisions of Rule 36 of the Federal Rules of Civil Procedure, Defendant Argent Mortgage Company ("Argent") propounds the following Requests for Admissions (Set One) to Plaintiff Sarah Roop ("Plaintiff"), requests that Plaintiff respond to these Requests, in writing, under oath, within 30 days of service hereof.

### DEFINITIONS

1.    "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

BN 10661178v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHRISTOPHER R. ROOP and SARAH
ROOP,

        Plaintiffs,

    v.

ARGENT MORTGAGE COMPANY, LLC;
EMC MORTGAGE CORPORATION;
LASALLE BANK, N.A., BEAR STERNS
MORTGAGE CAPITAL CORPORATION,
Asset Back Securities I LLCAsset Backed
Certificates, Series 2005-AQ1; and DOES 1-5,

        Defendants.

Case No. ILN 1:07-01347

**DEFENDANT ARGENT MORTGAGE
COMPANY'S REQUESTS FOR
PRODUCTION (SET ONE)
PROPOUNDED UPON SARAH ROOP**

**PROPOUNDING PARTY:** Defendant ARGENT MORTGAGE COMPANY

**RESPONDING PARTY:**   Plaintiff SARAH ROOP

**SET NO.:**           **ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Argent Mortgage Company ("Argent") hereby requests that plaintiff Sarah Roop, produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 333 Market Street, Suite 2500, San Francisco, CA, 94105. Defendant's inspection and copying will not permanently alter the items inspected or copied.

### DEFINITIONS

1.    "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

2.    "Complaint" means the most recent Complaint filed by You in this Action.

Print

http://us-mg206.mail.yahoo.com/neo/launch?.rand=csjecrtootjbg/mail

COMPANY

**Subject:** Peterson: Interrogatories

**From:** Manvitz, Randall L. (rmanvitz@buchalter.com)

**To:** genesisgrp@yahoo.com;

**Cc:** rmanvitz@buchalter.com;

**Date:** Monday, June 24, 2013 9:43 AM

This is being re-sent to you, again, because you stated that you deleted them. Again, let me know when you will provide responses. Also, you have not sent the loan modification applications or correspondence for either loan. Please forward it immediately.

-Randall

From: Manvitz, Randall L.
Sent: Friday, June 21, 2013 1:12 PM
To: genesisgrp@yahoo.com
Subject: Peterson: Interrogatories

Cedric,

You asked for the interrogatories from July 2012 to be re-sent. See attached. Call sometime today and let me know when you will provide responses although you long ago told the court they were done.
Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com |

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com /bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

*Exhibit C*



Order No. 175-1271348-62

**Orange Coast Title Company**
3840 El Dorado Hills Blvd, Suite 102
El Dorado Hills, CA 95762
(916) 941-6480

---

### PRELIMINARY REPORT

Orange Coast Title Company
3840 El Dorado Hills Blvd., Suite 102
El Dorado Hills, CA 95762

**Escrow Officer:** Elizabeth Bratton

**Attention:** Elizabeth Bratton
**Property address:** 8675 Elm Avenue, in an unincorporated area known as Orangevale, County of Sacramento, State of CA 95662.

**Your no.:**
**Order no.:** 175-1271348-62

**Dated:** September 26, 2011

In response to the above referenced application for a policy of title insurance, **Orange Coast Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit B attached. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit B. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit B of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters, which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a binder or commitment should be requested.

Dated as of September 19, 2011 at 7:30 AM

Scott Heisey, Title Officer
Ph: 408-371-1700
Email: scotth@octitle.com

**The form of policy of title insurance contemplated by this report is:**

A.L.T.A Homeowner's Policy (1/01/08) A.L.T.A. Loan Policy (06-17-06) with A.L.T.A. Endorsement - Form 1 Coverage

**The Policy of Title Insurance, if issued, will be underwritten by: Stewart Title Guaranty Company**
**NOTE: The premium for a policy of Title Insurance, if issued, will be based on:**

A liability of   TBD

Subject to any filed rate increases and/or changes in the liability.

Order No. 175-1271348-62

## SCHEDULE "A"

The estate or interest in the land hereinafter described or referred to covered by this report is:

A Fee

Title to said estate or interest at the date hereof is vested in:

Cherrone Peterson, a married woman, as her sole and separate property

The land referred to in this report is situated in the County of Sacramento, State of California, and is described as follows:

All that portion of Parcel 2, in the City of Orangevale, County of Sacramento, State of California, as shown on that certain Parcel Map filed for record in the Office of the recorder of Sacramento County, on October 28, 1991 in Book 126 of Parcel Maps, at Page 27 more particularly described as follows:

Beginning at the Northwest corner of said Parcel 2 thence North 89° 50' 38" East, 293.88 feet; thence South 00° 45' 17" East, 38.27; thence South 49° 31' 44" West 253.24 feet; thence South 89° 30' 29"; West, 100.00 feet; thence North 00° 29' 31" West 202.70 feet to the point of beginning, also being described as Parcel 2 of that certain Lot Line Adjustment recorded February 10, 1994 in Book 94-02-10, Page 1505, Official Records.

Assessor's Parcel Number(s): 257-0230-032-0000

Page 3

Exhibit D

Cedric & Cherrone Peterson
POB 1165
Orangevale, Ca 95662
(916) 988-9224 OFFICE
(916) 988-9398 FACSIMILE
(916) 519-7727 CELLULAR ***
genesisgrp@yahoo.com

RE: Letter of Explanation

To Whom It May Concern:

Please be advised that our derogatory credit status was due to a series of unfortunate events.

In 1999, we purchased our home (8675 Elm Ave), as we relocated from the Bay Area, to discover within the first year, that there were undisclosed issues, concerning the age and condition of the home. The owner/builder had grotesquely misrepresented the home to us. We were forced to move to another home and pursue litigation for the damages. Renting was not an option, as we had eight children then, now nine. We purchased 9345 Rocky Lane in 9/2001. We owner occupy Rocky Lane and Elm Ave is viewed as our second home.

The impact of five years of litigation expenses, property repairs, coupled with dual mortgage payments and the underlying familial financial responsibility, our credit scores have been adversely affected. We never gleaned any financial remuneration from the resolution of the litigation, thus we remain financially overencumbered.

It is unfortunate that the legal counsel we were referred to neglected to aggressively pursue the construction fraud litigation matter and intentionally allowed the statute of limitations to expire. This prohibited us from pursuing a financial remedy of recission of the original purchase transaction. The law firm we contacted to pursue the initial counsel for negligence, also failed to file against him in a timely manner. Thus all hope for recompense was lost. We had all of the supporting documentation sellers' disclosures, TDS-14 (at that time), and all of the experts reports as to the condition of the property, readily available to present to an arbitration board to pursue a reasonable remedy. IN SHORT, WE WERE FAILED BY OUR LEGAL REPRESENTATION.

We would have had some ongoing resources to assist us in debt servicing and the reparations for the properties, however, our stock account was depleted due to the onslaught of the recent economic crisis. The value of our "pcs" stock dropped from a high of nearly $30.00/share to a low of $10.00/share. This debilitated our ability to make monthly payments and repairs. The 2007 W-2 reflects an AGI that we did not have access to. We converted the stock options, margined them and tried to create a leverage position, in which we could continue to glean a monthly income to assist us. With the sudden and rapid devaluation of our portfolio, we have been hindered from performing on our obligations. PLEASE NOTE ONCE OPTIONS ARE EXERCISED, THE IRS ASSESSES TAXES ON THE ENTIRE AMOUNT. THUS OUR 2007 TAX DUE REFLECTS FUNDS WE DID NOT RECEIVE THE FULL UTILIZATION OF, BECAUSE WE MARGINED THE SHARES.

In 2007, the sum of $87,020.74, was paid in mortgage payments, inclusive of $22,928.71, which Cedric withdrew from his 401-K to reinstate the CitiRes loan, on 8/22/07.

We have made a serious commitment since 1999 to maintain and debt service our mortgages. In fact, from 1999 – 2002 we paid all mortgages on as "As Agreed" basis until we were forced to move from Elm Ave and the construction fraud matter.

On 10/19/07, we listed our properties for sale and in good faith to our lenders, have resolved to attempt to liquidate, despite the current market conditions. To date, neither has sold. As a foreclosure is tantamount in adversely impacting credit scores, our desire is to avoid this from occurring and commence financial and credit reparation, upon achieving an amenable monthly payment plan with our mortgagors.

Your positive consideration of our loan modification/short sale request, would be greatly appreciated.

If further information/documentation is required you may contact us.

Respectfully Submitted,

Cedric & Cherrone Peterson

10/3/2010

October 31, 2011

AHMSI
POB 619063
Dallas Texas 75261-9063

RE: PRA Request for Loan Modification of Loan # 4000833592

To Whom It May Concern:

Our financial status was weakened a few years ago when I became underemployed. This translates into that I have still been working in the same administrative and sales capacity as I have for the past twenty five plus years, but just not generating the same income.

My husband, Cedric, has an excellent stable salaried position, with a major telecommunications company, Metro PCS, for the past decade. In addition to his salary he also earns an annual five digit bonus, disbursed every February.

The positive news regarding my income is that it is increasing steadily this year and should continue accordingly, as I have returned fulltime to Sales Management.

We have been in our home since 2001 and are raising a large family here, as we still have seven at home, from college to kindergarten.

According to the PRA alternative, it is apparent that AHMSI is a participating HAMP servicer and our loan falls within the published guidelines.
Our mortgage is not owned nor guaranteed by FNMA or FHLMC ; we owe more that our home is worth; we owner occupy our home; we obtained our mortgage on 8/29/2005; our payment is more that 31% of our gross (pre tax) monthly income; we owe less than $729,750 on our principal balance; we have sufficient documented income to support the modified payment; nor have we been convicted of any financial or real estate crimes in the past ten years.

Please review our PRA/Loan Modification Request and advise.

Sincerely,


Cherrone Peterson

*Exhibit E*



Order No. 175-1333841-62

**Orange Coast Title Company**
3840 El Dorado Hills Blvd, Suite 102
El Dorado Hills, CA 95762
(916) 941-6480

| | PRELIMINARY REPORT | | |
|---|---|---|---|

Sloan Realty
7124 Cinnamon Teal Wya
El Dorado Hills, CA 95762

Escrow Officer:     Elizabeth Bratton

**Attention:**    John   & Susan Sloan        Your no.:
**Property address:** 9345 Rocky Lane, in an unincorporated area known as    Order no.:     175-1333841-62
                   Orangevale, County of Sacramento, State of CA95662.

**Dated:**       April 12, 2012

In response to the above referenced application for a policy of title insurance, **Orange Coast Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit B attached. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit B. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit B of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters, which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a binder or commitment should be requested.

Dated as of March 23, 2012 at 7:30 AM

Scott Heisey, Title Officer
Ph: 408-371-1700
Email: scotth@octitle.com

The form of policy of title insurance contemplated by this report is:
A.L.T.A Homeowner's Policy (1/01/08) A.L.T.A. Loan Policy (06-17-06) with A.L.T.A. Endorsement - Form 1 Coverage

Order No. 175-1333841-62

**SCHEDULE "A"**

Order No. 175-1333841-62

**The estate or interest in the land hereinafter described or referred to covered by this report is:**

A fee, as to parcel(s) 1; an easement, as to parcel(s) 2 and 3.

**Title to said estate or interest at the date hereof is vested in:**

Cedric Peterson, a married man, as his sole and separate property

**The land referred to in this report is situated in the County of Sacramento, State of California, and is described as follows:**

Parcel One:

Parcel 2, s shown on that certain parcel map entitled "Parcel Map of a Portion of Lot 124 of Orangevale Colony, recorded in Book 3 of Maps, Map No. 20", according to the Plat thereof recorded in the Office of the Recorder of Sacramento County, in Book 75 of Parcel Maps at Page 29.

Parcel Two:

An easement for road purposes and utility purposes, but not the exclusive right or privilege, over the South 20 feet of the West 426 feet of said Lot 124 (Said West 426 feet being measured to the center line or said Walnut Avenue).

Parcel Three:

An easement for road purposes and utilities purposes over the Southerly portion of Parcel 1 as shown and delineated as Irrevocable Offer of Dedication on the herein described Parcel Map.

Assessor's Parcel Number(s): 213-0430-042-0000

Order No. 175-1333841-62

An instrument declaring a modification thereof was recorded 7/30/1996, as Instrument No. 199607301671, Official Records

11  An easement for purposes herein stated, as shown on or dedicated by the map of said tract
    For :                   Road, access and incidental purposes
    Affects :               The Southwesterly most portion as delineated in Book 75, Page 29 of Parcel Maps of said
                            land.

12  An instrument, upon the terms and conditions contained therein
    Entitled:               Agreement to Mitigation Monitoring and Reporting Program
    Recorded:               3/10/2004 as Instrument No. in Book 20040310, page 2272, Official Records.

13  A Deed of Trust to secure the indebtedness of
    Amount:                 **$727,500.00**
    Trustor:                **Cedric Peterson, a married man, as his sole and separate property**
    Trustee:                Town and Country Title Services, Inc
    Beneficiary:            Argent Mortgage Company, LLC, a Limited Liability Company
    Dated:                  August 11, 2005
    Recorded:               8/24/2005 as in Book 20050824, Page 0339, Official Records.

Said Deed of Trust contains a provision that the NOTE secured thereby provides for a variable interest rate and allows
periodic adjustments in the rate of interest.

The beneficial interest under said Deed of Trust was assigned
    To:                     Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed
                            Pass Through Certificates Series 2005-W3, Under the Pooling and Servicing Agreement
                            Dated as of October 1, 2005 without recourse
    By Assignment Recorded: 12/8/2006 as Instrument No. in Book 20061208, Page 0033, Official Records.

An instrument, upon the terms and conditions contained therein
    Entitled:               Corrective Assignment of Deed of Trust
    Recorded:               12/26/2007 as Instrument No. in Book 20071226, Page 0071, Official Records.

The trustee in said Deed of Trust was substituted by an instrument
    Recorded:               12/8/2006 as Instrument No. in Book 20061208, Page 0034, Official Records.
    New trustee:            Cal-western Reconveyance Corporation, a California Corporation

Notice of default under the terms of said Deed of Trust was
    Recorded:               12/21/2007 as Instrument No. in Book 20071221, Page 1064, Official Records.

The trustee in said Deed of Trust was substituted by an instrument
    Recorded:               3/27/2008 as Instrument No. in Book 20080327, Page 0230, Official Records.
    New trustee:            CR Title Services Inc

A notice of trustee's sale under the terms of said Deed of Trust was recorded: 3/27/2008 as Instrument No. in Book
20080327, Page 0231, Official Records.
    Trustee:                CR Title Services Inc
    Date of sale:           April 14, 2008 at 9:30 AM

The trustee in said Deed of Trust was substituted by an Instrument
    Recorded:               8/8/2008 as Instrument No. in Book 20080808, Page 0076, Official Records.
    New trustee:            CR Title Services Inc

A notice of trustee's sale under the terms of said Deed of Trust was recorded: 8/8/2008 as Instrument No. in Book
20080808, Page 0077, Official Records.
    Trustee:                CR Title Services Inc
    Date of sale:           August 26, 2008 at 9:30 AM

12/21/2007 as Instrument No. in Book 20071221, Page 1064, Official Records.

*Exhibit F*

Recording Requested
Title Court Service



PLACER, County Recorder
JIM MCCAULEY
DOC— 2009-0024419-00
Acct 100-TITLE COURT SERVICE,INC
Friday, MAR 27, 2009 09:49:32
MIC     $3.00:AUT     $2.00:SBS     $1.00
ERD     $1.00:RED     $1.00:REC     $4.00
Ttl Pd     $12.00     Rcpt # 0001900755
                                    Jlc/JC/1-2

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA 91311
800 892-6902
(818)775-2258 (Fax)

Space above this line for recorder's use only

Trustee Sale No. 232369CA     Loan No. 3010067795     Title Order No. 602123003

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $12,145.81 as of March 26, 2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

29

9

Trustee Sale No. 232369CA   Loan No. 3010067795   Title Order No. 602123003

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: JPMorgan Chase Bank, National Association, at 7301 BAYMEADOWS WAY , JACKSONVILLE, FL 32256, (877) 926-8937.

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.  NOTICE IS HEREBY GIVEN THAT: CALIFORNIA RECONVEYANCE COMPANY is the duly appointed Trustee under a Deed of Trust dated 06/20/2006, executed by FELIPE B LEONARDO AND ELIZABETH G LEONARDO, HUSBAND AND WIFE, BENJAMIN U FLORES AND, CONCHITA G FLORES, HUSBAND AND WIFE, as trustor, to secure obligations in favor of WASHINGTON MUTUAL BANK, FA, as Beneficiary Recorded 06/28/2006 Book , Page , Instrument 2006-0069014 of official records in the Office of the Recorder of PLACER County, California, as more fully described on said Deed of Trust. APN: 337-070-024-000 Situs: 1641 BELLA CIRCLE , LINCOLN , CA 95648 Including the note(s) for the sum of $XXXXXXXX that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE 12/01/2008 INSTALLMENT OF PRINCIPAL AND INTEREST AND ALL SUBSEQUENT MONTHLY INSTALLMENTS OF PRINCIPAL AND INTEREST; PLUS ANY ADDITIONAL ACCRUED AND UNPAID AMOUNTS INCLUDING, BUT NOT LIMITED TO, LATE CHARGES, ADVANCES, IMPOUNDS, TAXES, HAZARD INSURANCE, ADMINISTRATIVE FEES, INSUFFICIENT AND PARTIAL RETURN CHECK FEES, STATEMENT FEES, AND OBLIGATIONS SECURED BY PRIOR ENCUMBRANCES.

*1641 BELLA CLE
LINCOLN CA*

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code 2923.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of §2935.5.

DATE: March 26, 2009

CALIFORNIA RECONVEYANCE COMPANY, as Trustee

Colleen Irby, Assistant Secretary

CALIFORNIA RECONVEYANCE COMPANY IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit G

Print

http://us-mg206.mail.yahoo.com/neo/launch?.rand=5stccm6em2q6p#mai

**Subject:** Settlement Offer - Cedric Peterson Loan Modification Offer

**From:** Davies, Joanne (jdavies@Buchalter.com)

**To:** genesisgrp@yahoo.com;

**Cc:** rmanvitz@buchalter.com;

**Date:** Monday, July 15, 2013 9:59 AM

Mr. Peterson,

Ocwen has reviewed the information that you provided and has determined that it is agreeable to offering you a loan modification. The below loan modification offer is conditioned upon the parties entering into a settlement agreement approved by Ocwen, Argent, and Deutsche Bank which includes a release of all claims by you and a dismissal of the action with prejudice:

| Loan Number | 7142990394 | | |
|---|---|---|---|
| MOD Terms: | | | |
| Modification Balance (after applying initial payment) | $ 521,000.00 | | |
| Term (1st MOD payment to Maturity) | 264 | Maturity Date | 9/1/2035 |
| Rate | 2.00 | | |
| Principal & Interest | $ 2,441.01 | | |
| Escrow Payment | $ 956.02 | | |
| Down Payment Due | 8/16/2013 | Down Payment Amount | $ 3,397.03 |
| 1st MOD Payment Due | 10/1/2013 | MOD PITI Amount | $ 3,397.03 |
| Step Period | 60 | Step Rate effective date | 8/1/2018 |
| Rate after Step Period | 4.29 | P&I Payment After Step | $ 2,916.32 |
| Estimated Balloon Payment due at Maturity | | | |
| Balloon Term | | | |
| Discount Amount | $ 675,828.51 | | |

As you can see, through the loan modification Ocwen is agreeing to discount (forgive) over $675,000 from the amount currently due and owing under the loan.

Through settlement, Argent is also agreeable to paying the initial down payment of $3,397.03 to Ocwen on your behalf.

Please let us know by **Wednesday, July 24, 2013** if you would like to proceed with proposed settlement terms. If we do not hear back from by that time the settlement offer will be

7/15/2013 10:04 AM

Print                          http://us-mg206.mail.yahoo.com/neo/launch?.rand=5stccm6em2q6p#mai

withdrawn.

So that there is no confusion, the pending settlement offer does not stay your obligation to respond to discovery in this case. Until the parties have agreed to final settlement terms the litigation will continue to move forward.

If you have any questions, please do not hesitate to contact me.

Joanne N. Davies | Shareholder | BuchalterNemer, A Professional Corporation | 18400 Von Karman Avenue, Suite 800 | Irvine, CA 92612-0514 | Direct Dial: (949) 224-6221 | Cell Phone: (949) 887-6583 | Direct Fax: (949) 224-6209 | Switchboard: (949) 760-1121 | jdavies@Buchalter.com | www.buchalter.com

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Plaintiff   AMERIQUEST MORTGAGE Co

v.   PETERSON v. ARGENT MORTGAGE

Defendant

Case Number: MDL 1715

Judge: LEAD CASE 05-CV-0709
THE HONOURABLE MARVIN E. ASPEN
ASSIGNED TO MAGISTRATE JUDGE
DANIEL G. MARTIN

**NOTICE OF MOTION**

TO: RANDALL MANVITZ, ESQ

BUCHALTER NEMER

55 SECOND ST #1700

SAN FRANCISCO CA 94105

**PLEASE TAKE NOTICE** that on OCTOBER 9, 2013 at 9:30 AM, or as soon thereafter as I may be heard, I shall appear before the Honorable Judge MARTIN or any judge sitting in his or her stead in **Courtroom** 1350 of the U.S. District Court of the Northern District of Illinois, Eastern Division, 219 South Dearborn St., Chicago, Illinois and shall present **the following motion attached hereto:**

NOTICE OF MOTION

**CERTIFICATE OF SERVICE**

I hereby certify that on AUG 14, 2013, I provided service to the person or persons listed above by the following means: FEDERAL EXPRESS

Signature: _Joseph Venegas_   Date: 8/14/2013

Name (Print): JOSEPH VENEGAS

Address: 8675 ELM AVE   Phone: 916-308-6455

ORANGEVALE CA 95662