# **EXHIBIT A**

# BUTLER RUBIN SALTARELLI AND BOYD

September 19, 2014

Andrew D. Shapiro
Direct Dial: 312-696-4489
Direct Fax: 312-873-4120
ashapiro@butlerrubin.com

**BY E-MAIL**

Randall L. Manvitz
Buchalter Nemer, P.C.
55 Second Street, Suite 1700
San Francisco, California 94105

Joanne Davies
Buchalter Nemer, P.C.
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514

> Re: In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation
> MDL No. 1715; Lead Case No. 05-cv-07097

Dear Joanne and Randall:

I write to memorialize the discussion that took place on September 15, 2014 during which we discussed Ameriquest, Argent, and Town and Country's (collectively, "Ameriquest") responses to the Fidelity Third Party Defendant's ("Fidelity") First Set of Interrogatories and Document Requests. Fidelity served its First Set Interrogatories and Document Requests on April 2, and April 5, 2014, respectively. Ameriquest responded on July 29, 2014, after requesting a three-month extension. I first requested a meet-and-confer conference pursuant to Northern District of Illinois Local Rule 37.2 to discuss Ameriquest's responses and objections on August 1, 2014, proposing a date in the first week of August, but you did not make yourself available until September 15, 2014. At that time, you, Al Fowerbaugh, Sandra Durkin, and I participated in a meet-and-confer teleconference to discuss both parties' responses and objections to propounded discovery.

Approximately the first hour of the call was spent discussing Fidelity's responses to extensive discovery requests from Ameriquest. Given that discovery propounded by Ameriquest has been the subject of a more recent meet-and-confer conference on September 18, 2014, during which Fidelity agreed to undertake additional investigation, and that this agreement will be reduced to a court order, I do not attempt to memorialize the now-updated discussions that took place with respect to Ameriquest's discovery during the September 15, 2014 call.

During the last half-hour of the September 15, 2014 call, I raised questions and concerns about Ameriquest's responses. Your refusal to provide substantive answers, or any answers at all, indicates that you were wholly unprepared to address even the most basic questions about Ameriquest's responses in blatant violation of Ameriquest's obligation to discuss issues with its

Randall Manvitz
Joanne Davies
September 19, 2014
Page 2

discovery responses in good faith.  Throughout the conversation, you answered my questions with questions, and attempted to use the time to ask additional, tangential questions about Fidelity's discovery responses, despite the fact that we covered Fidelity's responses extensively during the first two-thirds of the call, not to mention a prior meet-and-confer dated June 12, 2014.  During the entire call, you did not substantively answer a single question about Ameriquest's responses, but instead took notes about our questions and stated that you would try to get back to us regarding the possibility of providing answers to those questions in two weeks.

So that there is no confusion, I have set forth below the questions and issues—raised during our September 15 call—to which Fidelity would like Ameriquest to respond by September 29, 2014.

## I.    General and Specific Objections

Is Ameriquest withholding, or refusing to search for, any information requested in Fidelity's interrogatories based on any general or specific objection asserted in Ameriquest's response?  If so, please identify:  (1) each such general or specific objection; and (2) each interrogatory for which Ameriquest is withholding, or refusing to search for, information based on each such objection.

Is Ameriquest withholding, or refusing to search for, any documents requested in Fidelity's document requests based on any general or specific objection asserted in Ameriquest's response?  If so, please identify:  (1) each such general or specific objection; and (2) each request for which Ameriquest is withholding, or refusing to search for, documents based on each such objection.

Ameriquest objected to each of Interrogatory Nos. 1-8 and Document Request Nos. 1-2, and 4 on the grounds that they are "premature.  Given that discovery has been ongoing for years and is set to close in three months it is difficult to take that objection seriously.  Accordingly, please confirm that Ameriquest is neither withholding nor refusing to search for responsive documents or information based on its "premature" objection.

## II.    Fidelity's First Set of Interrogatories to Ameriquest

- **Interrogatory No. 1**:  This interrogatory asks Ameriquest[1] to identify each multi-transaction closing protection letter it contends was issued to Fidelity that applies to any of the loans at issue.  Ameriquest and Town and Country identified two closing protection letters, both of which were produced by Ticor Title, one of the Fidelity Third-Party Defendants.  Argent identified a number of documents from its own production.  At the meet-and-confer, I asked whether Ameriquest, Argent, or Town and Country have produced all responsive information.  You declined to answer, stating that "the answer speaks for itself," despite the fact that Ameriquest's and Argent's answers, for example,

---

[1] Throughout this letter, Ameriquest is used to refer collectively to Ameriquest, Argent, and Town and Country, except where the entities' discovery responses are different enough to warrant separate discussion.

Randall Manvitz
Joanne Davies
September 19, 2014
Page 3

only identify closing protection letters for a single brand in a single state, when there is a total of seven brands in six states at issue in this litigation.

Have Ameriquest, Argent, and Town and Country identified all multi-transaction closing protection letters responsive to Interrogatory No. 1? If not, please provide the date by which each entity will do so.

- **Interrogatory Nos. 2-3**: These interrogatories ask Ameriquest to identify all communications between Ameriquest and a Title Defendant[2] or Fidelity referring or relating to the multi-transaction closing protection letters referenced in Interrogatory No. 1, that is, multi-transaction closing protection letters Ameriquest asserts apply to any of the loans at issue. Ameriquest's response referred to the loan files and standard form of applications for title companies previously produced in this litigation and in *Terry*. I again asked whether Ameriquest produced all communications of which it is aware and you again responded that the "answer speaks for itself," even though *Terry* only involved one of the many brands and states that are now at issue in this litigation. As to the documents that Ameriquest did identify in response to this interrogatory, I asked whether Ameriquest would also provide Bates-number references to these documents in accordance with Federal Rule of Civil Procedure 33(d), which prohibits a party from generally referring to thousands of pages of documents without sufficient detail to readily locate and identify the relevant documents. You responded that you did not know whether Ameriquest would supplement its responses to include Bates-number references and that you would "get back to [us]."

Accordingly, please: (1) confirm that Ameriquest, Argent, and Town and Country have identified all communications responsive to Interrogatory Nos. 2-3 or provide a date by which they will do so; and (2) identify by Bates-number each communication containing responsive information referenced in each response.

- **Interrogatory Nos. 4-5**: These interrogatories seek documents relating to processes, policies, and procedures that Ameriquest had concerning requirements for Fidelity or the Title Defendants to provide it with multi-transaction closing protection letters. Ameriquest and Town and Country stated that they already produced some information, namely closing instructions, production policies and procedures, blanket closing protection letters, and checklists requiring closing protection letters. Ameriquest and Town and Country further referred to several deposition transcripts and a declaration. Argent only generally referred to the loan files produced in this litigation and its response to Interrogatory No. 1. I asked you to confirm that Ameriquest produced all responsive information of which it is aware. I also asked whether Ameriquest would supplement its responses to identify the specific documents referenced in the interrogatory response by

---

[2] The Title Defendants include those companies listed in the "Title Defendant" columns of the chart attached as Exhibit A to Fidelity's First Set of Document Requests.

Randall Manvitz
Joanne Davies
September 19, 2014
Page 4

Bates-number and responsive portions of deposition testimony by page number. You offered no response to these questions.

Accordingly, please: (1) confirm that Ameriquest, Argent, and Town and Country have identified all documents responsive to Interrogatory Nos. 4-5 or provide a date by which they will do so; (2) identify by Bates-number each document containing responsive information referenced in each response; and (3) identify by page and line number the portions of the transcripts and declaration containing responsive information.

- **Interrogatory Nos. 6-8**: These interrogatories seek the identification of persons involved with or knowledgeable about the processes, policies, and procedures referenced in Interrogatory Nos. 4-5. Rather than providing the names of individuals, Ameriquest and Town and Country referred to entire departments, including "Vendor Management," "the compliance group," and "all production personnel." Argent identified "personnel working in [its] loan production centers, independent mortgage brokers who submitted loans to Argent, and closing agents and title companies who closed Argent loans." All three entities further referred to the supposedly prior-produced documents, deposition transcripts, and loan files identified in response to the previous two interrogatories. I asked whether Ameriquest would supplement its responses to provide the names of the individuals, as Fidelity originally requested, and as Fidelity provided in response to similar requests from Ameriquest. You again stated that you would "get back to [us]." I also asked whether Ameriquest has produced all responsive information, and you offered no answer.

  Accordingly, please: (1) confirm that Ameriquest, Argent, and Town and Country have identified all individuals responsive to Interrogatory Nos. 6-8 or provide a date by which they will do so; (2) specifically identify the name and current or last known contact information of all individuals responsive to the interrogatories; (3) identify by Bates-number each document containing responsive information referenced in each response; and (4) identify by page and line number the portions of the transcripts containing responsive information.

- **Interrogatory Nos. 9-12**: These interrogatories seek a description of systems or processes related to closing protection letters, identification of processes, policies, and procedures related to compliance with closing instructions, and identification of persons knowledgeable about or involved in establishing said processes, policies, and procedures. In response, Ameriquest and Town and Country stated that "***some* of the information**" responsive to these interrogatories was the subject of depositions taken by Fidelity. Argent provided no substantive response to Interrogatory Nos. 10-12. I asked whether Ameriquest and Town and Country intended to supplement its responses to identify "all" responsive information, as opposed to merely identifying "some." You asked what information was specifically not covered by the identified deposition testimony, and I pointed out that we cannot possibly know what information those entities possess and are potentially withholding. I further asked you to provide page number references for the

Randall Manvitz
Joanne Davies
September 19, 2014
Page 5

deposition transcripts in compliance with the federal rules.  I also asked whether Ameriquest, Town and Country, and Argent have produced all responsive information.  You declined to answer.

Accordingly, please:  (1) confirm that Ameriquest, Argent, and Town and Country have provided ***all*** of the information requested in Interrogatory Nos. 9-12 or provide a date by which they will do so; and (2) identify by page and line number the portions of the transcripts containing responsive information.

**III.**   **Fidelity's First Set of Document Requests to Ameriquest**

- **Request Nos. 1-2**:  These requests seek all multi-transaction closing protection letters referencing Fidelity or the Title Defendants for each loan at issue dated on or before the date the loan closed, as well as all documents relating to such multi-transaction closing protection letters.  Ameriquest and Town and Country stated that they already produced "many" responsive closing protection letters and that it is in the process of compiling others "once Fidelity explains what this request seeks."  Argent merely referred to its response to Interrogatory No. 1.  I asked whether, in light of Ameriquest and Town and Country's statement that they produced "many" responsive information, there were any closing protection letters or communications that they did not produce and, if so, whether they intended to produce the remaining responsive documents.  You stated that you would "get back to [us]."  I also asked invited you to explain what aspects of these requests were unclear such that Ameriquest and Town and Country (but, curiously, not Argent) needed additional information before answering in full, offering to clarify the requests during the conference, but you declined to take advantage of this opportunity to clarify whatever particular issues Ameriquest has with these requests.  I also asked whether Argent produced all responsive documents and you responded that "the answer speaks for itself."  Argent's answers to these requests indicate only that Argent reserves the right to update its responses upon receiving additional information from Fidelity, but notably do not indicate whether Argent produced all responsive documents in its own possession.

  Accordingly, please:  (1) confirm that Ameriquest, Argent, and Town and Country have produced ***all*** documents responsive to Request Nos. 1 and 2 or provide a date by which they will do so; and (2) explain what aspects of the requests were unclear to Ameriquest and Town and Country.

- **Request Nos. 3-4**:  These requests seek all agreements between Ameriquest and Fidelity or between Ameriquest and any Title Defendant.  Ameriquest and Town and Country stated that they already produced "many" responsive agreements.  Argent again referred to its response to Interrogatory No. 1.  I asked whether Ameriquest and Town and Country produced all responsive agreements, or only a subset of the agreements.  Al noted that Ameriquest must have done an analysis of what it produced in order to respond to the requests in the first place, and that you should be able to readily confirm whether

Randall Manvitz
Joanne Davies
September 19, 2014
Page 6

our interpretation of the responses to mean that Ameriquest did not, in fact, produce all responsive documents is correct, but you indicated that you would need to "get back to [us]." As to Argent, I asked whether Argent produced all responsive documents and you responded that "the answer speaks for itself." As with the previous requests, Argent's answers to these requests indicate only that Argent reserves the right to update its responses upon receiving additional information from Fidelity, but notably do not indicate whether Argent produced all responsive documents in its own possession.

Accordingly, please confirm that Ameriquest, Argent, and Town and Country have produced all documents responsive to Request Nos. 3 and 4 or provide a date by which they will do so.

- **Request Nos. 5-18**: These requests seek a variety of documents and other information related to Fidelity and the Title Defendants, including Ameriquest's internal files, Ameriquest's Empower System, Ameriquest's Vendor Management Directory, on-site visits conducted by Ameriquest, audits conducted by Ameriquest, vendor performance reports, and vendor report cards. Ameriquest and Town and Country provided no response beyond their objections. I asked whether Ameriquest and Town and Country intend to stand on their objections such that these requests would be ripe for a motion to compel, and you provided no answer. With the exception of Request Nos. 13-14, Argent stated that it had no documents responsive to these requests. In response to Request Nos. 13-14, Argent referred to already produced loan files. I noted that the requests were not limited to documents contained in loan files and asked whether Argent has produced all responsive documents. You did not answer.

Accordingly, please (1) confirm that Ameriquest and Town and Country intend to stand on their objections and not search for or produce documents responsive to Request Nos. 5-18; and (2) confirm that Argent has produced all documents responsive to Request Nos. 5-18 or provide a date by which it will do so.

- **Request No. 19**: This request seeks all agreements between Ameriquest and the Title Defendants related to loan closing services provided by the Title Defendants. Ameriquest stated that responsive information was produced in the loan file, closing instructions, instructions to title, and closing agent agreements applicable to the loans at issue. I asked you to confirm that Ameriquest produced all responsive agreements, regardless of where they were maintained in loan files or elsewhere. You did not answer.

Accordingly, please confirm that Ameriquest, Argent, and Town and Country have produced all documents responsive to Request No. 19 or provide a date by which they will do so.

- **Request No. 20**: This request seeks all closing agent agreements between Ameriquest and any of the Title Defendants. Ameriquest stated that it already produced responsive agreements, Town and Country responded that it would produce responsive agreements,

Randall Manvitz
Joanne Davies
September 19, 2014
Page 7

and Argent stated that it produced relevant Argent loan files, closing protection letters, closing instructions, and instructions to title applicable to the loans at issue. I asked whether the entities had produced all responsive agreements. You did not answer.

Accordingly, please confirm that Ameriquest, Argent, and Town and Country have produced all documents responsive to Request No. 20 or provide a date by which they will do so.

- **Request No. 21**: This request seeks all applications and related documents submitted by Ameriquest to any of the Title Defendants. Ameriquest and Town and Country objected to this request in whole and Argent stated that it produced relevant Argent loan files, closing protection letters, closing instructions, and instructions to title applicable to the loans at issue. I asked whether Ameriquest and Town and Country intended to stand on their objections and whether Argent has produced all the requested documents. You did not answer.

Accordingly, please confirm that Ameriquest, Argent, and Town and Country have produced all documents responsive to Request No. 21 or provide a date by which they will do so.

- **Request No. 23-25**: These requests seek all communications between Ameriquest and Fidelity or the Title Defendants related to multi-transaction closing protection letters, as well as documents related to policies and procedures for ensuring that Ameriquest receives multi-transaction closing protection letters (as opposed to letters limited to a single transaction). Ameriquest responded that it already produced responsive documents. I asked whether this production was complete, or whether Ameriquest is aware of additional responsive documents. You did not answer.

Accordingly, please confirm that Ameriquest, Argent, and Town and Country have produced all documents responsive to Request Nos. 23-25 or provide a date by which they will do so.

- **Request No. 26**: This request seeks documents related to policies or procedures for determining whether Title Defendants complied with closing instructions. Ameriquest and Town and Country objected to this request on multiple grounds, while Argent stated that it produced the relevant Argent loan files, closing protection letters, closing instructions, and instructions to title applicable to the loans at issue. I asked whether Ameriquest and Town and Country were standing on their objections or whether they intended to produce responsive documents. I also asked whether Argent's production was complete. You did not answer.

Accordingly, please (1) confirm that Ameriquest and Town and Country intend to stand on their objections and not search for or produce documents responsive to Request No.

Randall Manvitz
Joanne Davies
September 19, 2014
Page 8

26; and (2) confirm that Argent has produced all documents responsive to Request No. 26 or provide a date by which it will do so.

Sincerely,

Andrew D. Shapiro

cc:  Al Fowerbaugh (via e-mail)
     Sandra Durkin (via e-mail)

519492