# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) MDL No. 1715 ) ) Lead Case No. 05-cv-07097 ) ) (Centralized before the Honorable ) Marvin E. Aspen) ) ) |

## AGREED DISCOVERY ORDER

On September 18, 2014, the Fidelity-related parties and Ameriquest-related parties appeared before the Court concerning the status of discovery and the parties were ordered to meet and confer while Court was in session and then report back to the Court later that day. Some agreements were reached between the parties in an effort to narrow discovery disputes between the parties, as follows:

**Fidelity's Discovery Responses**

1. By September 29, 2014, Fidelity will amend its response to Ameriquest's Interrogatory No. 2 (Set One) as it pertains to Chicago Title in Illinois to reflect that the TEAM system was not used to prepare closing protection letters. [1]

2. By September 29, 2014, Fidelity will supplement its response to Ameriquest's Interrogatory No. 7 (Set Two), which identifies witnesses with knowledge about multi-transaction closing protection letters, to include the state where each witness works or resides.

---

[1] The Ameriquest-related parties do not believe it is appropriate to include paragraphs numbered 1, 2, and 3 because Nos. 2 and 3 were not at issue in the status conference statement because they had previously been agreed to and No. 1 is not an agreement – Fidelity merely reported that it would amend a misstatement in its interrogatory response. But in the interests of cooperation and submitting a single order, Ameriquest does not object to including these paragraphs.

BN 17088513v1

3. By September 29, 2014, Fidelity will confirm that all responsive instructions or informational materials related to the AgentXtra/AgentXtraNet web system have been produced.

4. For each brand described in response to Ameriquest's Interrogatory No. 2 (Set One) that manually prepared closing protection letters between 2001 and 2005, Fidelity will supplement its response to said interrogatory with information describing the brand's processes for memorializing, duplicating, or retaining manually prepared multi-transaction closing protection letters, to the extent that such processes existed.

5. By September 29, 2014, Fidelity will follow-up on additional issues raised by Ameriquest at the meet-and-confer on September 18, 2014.

**Ameriquest's Discovery Responses**

6. Ameriquest agreed to provide a written response as a follow-up to the issues raised by Fidelity at the teleconference on September 15, 2014 by September 29, 2014.

Entered on this ___day of _____, 2014.

| | |
|---|---|
| **AGREED AS TO SUBSTANCE AND FORM AND ENTRY REQUESTED BY:** | Hon. Daniel G. Martin, Magistrate Judge |
| By: _____<br>Butler Rubin Saltarelli & Boyd LLP<br>Albert E. Fowerbaugh, Jr.<br>Andrew D. Shapiro<br>Sandra J. Durkin<br>70 W. Madison St., Ste 1800<br>Chicago, Illinois 60602-4257<br>(T) (312) 444-9660<br>(F) (312) 444-9287<br>afowerbaugh@butlerrubin.com<br>ashapiro@butlerrubin.com<br>sdurkin@butlerrubin.com | By: /s/ Randall Manvitz_____<br>Buchalter Nemer, P.C.<br>Randall L. Manvitz<br>Joanne Davies<br>18400 Von Karman Avenue, Ste 800<br>Irvine, California 92612<br>(T) (949) 760-1121<br>(F) (949) 720-0182<br>rmanvitz@buchalter.com<br>jdavies@buchalter.com |
| *Attorneys for Third-Party Defendants* | *Attorneys for Third-Party Plaintiffs* |