# **EXHIBIT D**

55 SECOND STREET, SUITE 1700, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L7526.0723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: *rmanvitz@buchalter.com*

September 30, 2014

**VIA EMAIL: afowerbaugh@butlerrubin.com**

Albert F. Fowerbaugh, Jr.
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL 60602-4257

      Re:     In Re: Ameriquest MDL

Dear Mr. Fowerbaugh:

      This letter responds to the topics raised in the meet and confer conference on September 18, 2014. As a preliminary matter, the Ameriquest-related parties have been asking you to state whatever issues the Fidelity parties have with our discovery responses since August 4, 2014. You still have not done that. Instead, all I received was an aggressive inquisition about what objections we were relying on instead of an attempt to discuss the objections. When I tried to engage your group about what you believed Fidelity still needed as far as information and documents, I never got a response and still have not received one.

      Many of the topics raised in your letter were also addressed in our status reports before Judge Martin. The Ameriquest-related parties incorporate that discussion here.

      During the call, you asked about what general objections we were relying on. I note that when I asked Fidelity the same question, the answer was "all of them." We will try to be more specific than Fidelity is willing to be.

      As we explained previously, there are many states and brands at issue in the MDL. The Third-Party Defendants have been able to obtain discovery about one state and brand, Ticor - Illinois closing protection letter practices because discovery in Terry progressed allowing the Ameriquest-related parties to respond to certain contention interrogatories. In the MDL, however, Fidelity has obstructed discovery into the other states and brands. It is apparent that the Ameriquest-parties will have to move to compel to obtain discovery, some of which Fidelity previously agreed to provide and has now backtracked.

      The Ameriquest parties have explained that the depositions of the Fidelity witnesses about closing protection letter practices should proceed. We requested two Fidelity-Illinois witnesses on consecutive days in mid-September but Fidelity asserts that neither witness can appear until late October and a week apart. We have not received any response about scheduling two other witnesses. The Ameriquest parties requested that the parties schedule the remaining

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 2

witnesses for short depositions beginning with the Connecticut-based witnesses but Fidelity states they will not meet and confer about it until after October 24 which is too late.

Until either (1) Fidelity cooperates in providing additional discovery or (2) the Ameriquest parties complete their meet and confer process and file a motion to compel and obtain the discovery through court order, the contention interrogatories are premature.

We propose allowing the Ameriquest entities to complete its investigation into Fidelity's closing protection letter practices so that the Ameriquest entities may provide comprehensive responses instead of having to try to guess at what Fidelity's ultimate discovery responses about the same topics will be.

Moreover, it would be helpful to obtain some information from Fidelity about what it seeks before providing a more comprehensive discussion of relevance.  In particular, it is unclear whether Fidelity takes any issue with the testimony of Michelle Chochrek, Mike Gibson, or the declaration of Ameriquest's expert, Shari Nestor.  Please let me know of any disputes Fidelity has with that testimony or declaration so that there is some clarity about what exactly is still at issue.  If any person at Fidelity disputes their testimony or the declaration, we would like to depose them and request that you identify any such person and available dates for deposition.

INTERROGATORIES

I.  **AMERIQUEST PARTIES' RESPONSE REGARDING GENERAL OBJECTIONS TO INTERROGATORIES**

As a preliminary matter, with respect to the general objections, we note that for all of the interrogatories and requests for production, the definitions and instructions are grossly overbroad.  For example, "You" is defined as including all successors, assigns, accountants, former officers and directors, auditors, consultants, and attorneys, etc.  Fidelity is defined with the same overbreadth and often not limited to a geographical area.  The word Identify contains a page-long definition and requirements which are all overbroad and unduly burdensome in the context of your discovery requests.  Every answer would become an essay.  Compounding the overbreadth are the definitions of Communication.  "Communication" shall mean every contact of any nature, whether written or oral, from one person to another, and any document evidencing such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, electronic mail, diaries, daily calendars, or other records of exchanges between persons."

Further compounding the overbreadth, the terms "Referring or relating to" are overbroad in this context and are defined as meaning in any way referencing, mentioning, discussin, describing, evidencing, reflecting, concerning, memorializing, supporting, dealing with, consisting of … or in any way pertaining to…. "  Further compounding the overbreadth, the terms "Documents is overbroad in this context and is defined as "used in the broadest sense and

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 3

includes all information that is written, recorded, or stored including…."   We request that you meet and confer to narrow these definitions and instructions.

You asked whether we are relying on any general objections to not search for documents or withhold information.  We asked Fidelity the same question and the Fidelity response was that Fidelity is relying on all of them to withhold documents and declined to address the topic further.  We will be more specific but note that we are awaiting an explanation and further discussion concerning much of the discovery and with the appropriate limitations and clarifications, we likely will be able to confirm that we are not withholding information based on the general objections, subject to certain limitations which we do not believe Fidelity will take issue with as we have discussed some of them in the past concerning the *Terry* litigation.

Depending on the meet and confer communications and agreements, I foresee limiting our search for information, at least to some extent, based on the General Objections A, I, M, Q-S.  We will discuss each of these General Objections more specifically below and we look forward to further conferring about these objections.

You should not that unlike Fidelity, a fortune 500 company with over 400 in-house lawyers and full-time law librarians, the Ameriquest-related parties have few resources to enable them to respond to the discovery.  The companies have been winding down since 2007, and there are no full time employees or any remaining IT staff.

**General Objection No. A:**  Responding Party objects on the grounds and to the extent that the Interrogatories purport to require information that is or has been in the possession of Third-Party Defendants or their agents and has not been provided to Responding Party.  Responding Party has requested information about closing protection letters from Third-Party Defendants but Third-Party Defendants have instituted a number of schemes to delay providing information.  Until Third-Party Defendants substantively respond to discovery, comprehensive discovery responses are not required nor are they feasible.

> ➢ **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth a basic concept that to the extent the information needed to respond to an Interrogatory is in the Propounding Party's possession that requiring a response prior to production from the Propounding Party is objectionable.

**General Objection No. B:**  Responding Party objects on the ground and to the extent that the interrogatories are premature contention interrogatories or encompass information Third-Party Defendants have objected to providing.

> ➢ **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth a basic concept that to the extent the information needed to respond to an Interrogatory is in the Propounding Party's possession that requiring a response prior to production from the Propounding Party is objectionable.

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 4

**General Objection No. C**:  Responding Party objects to the Interrogatories to the extent they seek information that purports to require disclosure of communications and information which are shielded from disclosure by any privilege, doctrine, decision, rule of law or statute, including but not limited to the attorney/client privilege and the attorney work product doctrine.  Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege with respect to such information and/or documents or things, or of any work product protection which may attach thereto.

> **Ameriquest Parties' Meet and Confer Response:**

Responding Party has objected on numerous grounds to the Interrogatories including, vagueness and ambiguity, burdensome, etc.  Accordingly, whether a particular Interrogatory calls for the production of information which would be protected from disclosure based on privilege is uncertain in many instances.  Accordingly, once Propounding Party has clarified the scope of the Interrogatories, Responding Party will be able to more accurately state whether information is being withheld in response to a particular Interrogatory.  The objection applies to all the Interrogatories.

**General Objection No. D**:  Responding Party objects to the Interrogatories to the extent that they purport to impose obligations upon Responding Party other than those imposed by the Federal Rules of Civil Procedure or local rules of this Court.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth Responding Party's obligations under federal law and applies equally to all the Interrogatories.  However, to the extent Responding Party was objecting to the scope or burden of discovery sought it raised a Specific Objection in response to an Interrogatory.

**General Objection No. E**:  Responding Party objects to the Interrogatories to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

> **Ameriquest Parties' Meet and Confer Response:**

To the extent Responding Party is limiting its search for information based on an objection that the Interrogatories are irrelevant, it has indicated such by raising a Specific Objection in response to an Interrogatory.

**General Objection No. F**:  Responding Party objects to the Interrogatories to the extent that the discovery sought is unreasonably cumulative or duplicative, and to the extent that they seek information that is presumptively within the possession, custody or control of Third-Party Defendants, and hence obtainable from some other source that is more convenient, less burdensome and less expensive.

> **Ameriquest Parties' Meet and Confer Response:**

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 5

To the extent Responding Party is limiting its search for information based on these objections, it has indicated such by raising a Specific Objection in response to an Interrogatory.

**General Objection No. G:** Responding Party objects to the Interrogatories on the grounds and to the extent that they seek information that is publicly available or equally available to Third-Party Defendants.

- ➢ **Ameriquest Parties' Meet and Confer Response:**

To the extent Responding Party is limiting its search for information based on these objections, it has indicated such by raising a Specific Objection in response to an Interrogatory.

**General Objection No. H:** Responding Party objects to the Interrogatories, including but not limited to the use of defined terms in the Interrogatories, to the extent that they are vague, ambiguous, overbroad, unduly burdensome and oppressive, improper and/or beyond the proper scope of discovery.

- ➢ **Ameriquest Parties' Meet and Confer Response:**

We address these above. To the extent Responding Party is limiting its search for information based on these objections, it has indicated such by raising a Specific Objection in response to an Interrogatory and to the general definitions.

**General Objection No. K:** Responding Party objects to the Interrogatories to the extent that they require Responding Party to make compilations, abstracts, audits or summaries of its records.

- ➢ **Ameriquest Parties' Response to Meet and Confer:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the Interrogatories.

**General Objection No. L:** Responding Party objects to the Interrogatories to the extent that they purport to require information that is not or identification of documents that are not within Responding Party's possession, custody or control.

- ➢ **Ameriquest Parties' Response to Meet and Confer:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the Interrogatories.

**General Objection No. M:** Responding Party objects on the grounds and to the extent that the Interrogatories purport to require the identification and/or production of documents or things whose location or identification is known to Third-Party Defendants, but has not been provided by Third-Party Defendants to Responding Party.

- ➢ **Ameriquest Parties' Response to Meet and Confer:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the Interrogatories.

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 6

**General Objection No. N:**  Responding Party objects that the interrogatories and subparts exceed the allowable limits and impose an unreasonable burden because the Third-Party Defendants will not agree to provide a reasonable extension of time to respond.

> **Ameriquest Parties' Response to Meet and Confer:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the Interrogatories.

**General Objection No. O:**  Responding Party objects to the definition of multi-transaction closing protection letter in that it is too narrow and contradicts the plain language of the closing protection letters.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Interrogatory and applies equally to all the Interrogatories.

**General Objection No. P:**  Responding Party objects to the extent that the interrogatories seek loan specific information which Fidelity contends is inappropriate at this stage of the litigation.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection to the scope of discovery sought and applies equally to all the Interrogatories.

**General Objection No. Q:**  Responding Party objects to the definition of "Title Defendants" as vague and overbroad in the context of these discovery requests.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Interrogatory and applies equally to all the Interrogatories.

**General Objection No. R:**  Responding Party objects to the definition of "You" and "Your" as overbroad in the context of these discovery requests.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Interrogatory and applies equally to all the Interrogatories.

**General Objection No. S:**  Responding Party objects to the definition of "Fidelity" as overbroad in the context of these discovery requests.

> **Ameriquest Parties' Meet and Confer Response:**

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 7

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Interrogatory and applies equally to all the Interrogatories.

**General Objection No. T:** Responding Party reserves the right at any time to revise, correct, add to or clarify any of the responses set forth herein.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the Interrogatories.

II. **AMERIQUEST PARTIES' RESPONSE REGARDING SPECIFIC INTERROGATORIES**

**Interrogatory No. 1:**

The timing of responding to this interrogatory is addressed above. In addition, we note that Fidelity is speaking out of both sides of its mouth. On the one hand, Fidelity claims that any request related to a loan seeks loan-specific information and claims that it is not "common discovery" and therefore forbidden. At the same time, Fidelity seems to be asserting that the third-party plaintiffs should provide the information it objects to providing. We request that you withdraw your "common discovery" objection so the parties can move past this issue. Like all of the interrogatories, this interrogatory is objectionable because of the vague and overbroad instructions and definitions so we request that you meet and confer to narrow the scope of the requests.

**Interrogatory Nos. 2 and 3:**

Ameriquest and Town and Country are willing to supplement this response to incorporate a more specific discussion of communications about multi-transaction closing protection letters. Those entities are also willing to provide titles or descriptive categories of documents in the referenced 300-plus loan files discussing multi-transaction closing protection letters. Because there are over 300 loan files at issue, it is not feasible nor required that we provide the exact Bates numbers at issue, and you already are aware of the range of documents which apply to each borrower.

Ameriquest and Town and Country will also revise the objections to remove the relevance objection. We also note that Fidelity refuses to provide similar or the same information and request that you reconsider. Until discovery is complete, our responses will not be complete because we continue to discover additional documents that Fidelity has been withholding and that are not in Ameriquest or Town and Country's possession. This will take a significant amount of time to complete because of the breadth of information and we will need to confer with persons no longer employed by the Ameriquest-related parties to obtain this information.

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 8

**Interrogatory Nos. 4 and 5:**

As discussed above, as an initial matter, there does not appear to be any dispute about Ameriquest's policies and procedures concerning blanket closing protection letters so it is unclear what issues you have with these responses or why you contend it is relevant following the discovery Fidelity has already obtained and depositions Fidelity has already taken.

The only issue you identified was your contention that Ameriquest and Town and Country identified the title of the identified documents in each loan file nstead of going through the loan files and listing the Bates number of the document. You contend Ameriquest and Town and Country are required to scour the 300-plus loan files and refer to documents by Bates number instead of name. We disagree but if you have any authority requiring the identification of Bates number versus name when Fidelity can just as easily find the document, please provide the authority.

These interrogatories suffer from the same defects as the prior interrogatories so we look forward to meeting and conferring about what you are really seeking versus the interrogatories as written.

**Interrogatory Nos. 6 to 8:**

As discussed above, as an initial matter, there does not appear to be any dispute about Ameriquest's policies and procedures concerning blanket closing protection letters so it is unclear what issues Fidelity has with these responses or why Fidelity contends it is relevant following the discovery you have already obtained and depositions you have already taken. But if someone disputes the policies or procedures, let us know who so we know that there is a real dispute, and we can depose them. For the identification of persons, it is not feasible to identify every person over a six year period by name because the policies and procedures were broadly used by departments as reflected by the referenced documents. We request that you explain specifically what you are looking for so that we can try to accommodate any remaining concerns.

**Interrogatory No. 9:**

We incorporate our comments to Interrogatory Nos. 6 to 8 but also note that you have already deposed at least three witnesses about Ameriquest's policies so it is unclear what other information you are seeking. Again, will you explain? We are willing to supplement this information for Town and Country but it will take some time because we do not believe there are any current employees with sufficient information to comprehensively answer this question. We will need to confer with former employees, a task we note that Fidelity refuses to do. We also note that this interrogatory is not limited to geographic area, title company, lender, underwriter, or type of closing protection letter adding to its overbreadth.

**Interrogatories Nos. 10 to 12:**

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 9

You asked whether we have provided all of the information requested by these interrogatories, but we do not see any basis for Fidelity's assertion that all of the information is relevant. We stand by our objections and request that you explain the relevance of compliance with the closing instructions accompanying each loan, and why this request is not overbroad and unduly burdensome.

## REQUESTS FOR PRODUCTION

### III. AMERIQUEST PARTIES' RESPONSE REGARDING GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

You asked whether we are relying on any general objections to not search for documents or withhold documents. We asked Fidelity the same question and the Fidelity response was that Fidelity is relying on all of them to withhold documents and declined to address the topic further. We will be more specific but note that we are awaiting an explanation and further discussion concerning much of the discovery. With the appropriate limitations and clarifications, we likely will be able to confirm that we are not withholding discovery based on the general objections, subject to certain limitations which we do not believe Fidelity will take issue with as we have come to an agreement on some of them in the past concerning the *Terry* litigation.

Depending on the meet and confer communications and agreements, I foresee limiting our searches and document production, at least to some extent, based on General Objections 1 to 3, 4 (attorney-client privilege only for obvious attorney-client communications), 10 to 13, 14 (to the extent Fidelity insists and, or prevails on this objection), and 16 to 19. We will discuss each of these General Objections more specifically below and we look forward to further conferring about these objections.

**General Objection No. 1:** Responding Party objects on the grounds and to the extent that the Requests purport to require information that is or has been in the possession of Third-Party Defendants or their agents and has not been provided to Responding Party. Responding Party has requested information about closing protection letters from Third-Party Defendants but Third-Party Defendants have instituted a number of schemes to delay providing information. Until Third-Party Defendants substantively respond to discovery, comprehensive discovery responses are not required nor are they feasible.

> ➢ **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth a basic concept that to the extent the information needed to respond to a request is in the Propounding Party's possession that requiring a response prior to production from the Propounding Party is objectionable.

**General Objection No. 2:** Responding Party objects on the ground and to the extent that the requests are premature contention discovery or encompass information Third-Party Defendants have objected to providing.

> ➢ **Ameriquest Parties' Meet and Confer Response:**

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 10

This General Objection simply sets forth a basic concept that to the extent the information needed to respond to a request is in the Propounding Party's possession that requiring a response prior to production from the Propounding Party is objectionable.

**General Objection No. 3:** Responding Party objects on the ground that the discovery propounded by Fidelity on all Third-Party Plaintiffs by all Third-Party Defendants seeks a significant amount of information and documents and Third-Party Defendants which will require additional time to respond following Fidelity providing additional information.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth a basic concept that to the extent the information needed to respond to a request is in the Propounding Party's possession that requiring a response prior to production from the Propounding Party is objectionable.

**General Objection No. 4:** Responding Party objects to the requests to the extent they seek information or documents that purport to require disclosure of communications and information which are shielded from disclosure by the attorney-client privilege and the attorney work-product doctrine.

> **Ameriquest Parties' Meet and Confer Response:**

Responding Party has objected on numerous grounds to the demands including, vagueness and ambiguity, burdensome, etc. Accordingly, whether a particular demand calls for the production of information which would be protected from disclosure based on privilege is uncertain in many instances. Accordingly, once Propounding Party has clarified the scope of the demand, Responding Party will be able to more accurately state whether documents are being withheld in response to a particular demand. The objection applies to all the requests.

**General Objection No. 5:** Responding Party objects to the requests to the extent that they purport to impose obligations upon Responding Party other than those imposed by the Federal Rules of Civil Procedure.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth Responding Party's obligations under federal law and applies equally to all the demands. However, to the extent Responding Party was objecting to the scope or burden of discovery sought it raised a Specific Objection in response to a demand.

**General Objection No. 6:** Responding Party objects to the requests to the extent that they purport to require Responding Party to make compilations, abstracts, audits, or summaries of its records.

> **Ameriquest Parties' Response to Meet and Confer:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the demands.

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 11

**General Objection No. 7:**  Responding Party reserves the right to object at any time to any demand for further responses to the requests or any other discovery procedures involving or relating to the subject matter of the requests.

➢ **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the demands.

**General Objection No. 8:**  Responding Party reserves the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

➢ **Ameriquest Parties' Meet and Confer Response:**

This General Objection simply sets forth Responding Party's rights under federal law and applies equally to all the demands.

**General Objection No. 9:**  Responding Party objects to the requests to the extent they seek information or documents protected by the right to privacy, including the protections of the United States Constitution and the California Constitution, Sections 1985.3 and 1985.6 of the California Code of Civil Procedure, the Gramm-Leach-Bliley Act, or other applicable state and federal laws.

➢ **Ameriquest Parties' Meet and Confer Response:**

Responding party has not withold any documents based on this objection and instead has marked documents confidential as appropriate.

**General Objection No. 10:**  Responding Party objects to the requests to the extent they are premature and discovery is ongoing.

➢ **Ameriquest Parties' Meet and Confer Response:**
This General Objection simply sets forth a basic concept that the Responding Parties have still yet to receive a substantial amount of information from Propounding Party which may impact a response.

**General Objection No. 11:**  Responding Party objects to the requests and definitions as overbroad in time and scope.

➢ **Ameriquest Parties' Meet and Confer Response:**

To the extent Responding Party is withholding documents based on an objection that the demands are overbroad, it has indicated such by raising a Specific Objection in response to a demand.

**General Objection No. 12:**  Responding Party objects to the Requests in their entirety insofar as it seeks production of electronically stored information that is not reasonably accessible.  Responding Party further specifically objects on the grounds that the Requests are unduly burdensome to the extent it purports to require the restoration, search,

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 12

and production of electronically stored information.  The inordinate expense and manpower required to restore, search and review such information far outweighs the potential for the discovery of relevant, non-duplicative information such that the cost of production should be borne by Third-Party Defendants rather than Responding Party.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection related to the production of ESI and applies equally to all the demands.

**General Objection No. 13:**  Responding Party objects to the requests to the extent they seek documents which are irrelevant or not likely to lead to admissible evidence.

> **Ameriquest Parties' Meet and Confer Response:**

To the extent Responding Party is withholding documents on these grounds, it has indicated such by raising a Specific Objection in response to a demand.

**General Objection No. 14:**  Responding Party generally objects to the requests to the extent that they seek documents or portions of documents that are proprietary to Responding Party's business, that are privileged trade secrets, or that invade Responding Party's financial-privacy rights.

> **Ameriquest Parties' Meet and Confer Response:**

Responding party has not withold any documents based on this objection and instead has marked documents confidential as appropriate.

**General Objection No. 15:**  Responding Party objects to the definition of multi-transaction closing protection letter in that it is too narrow and contradicts the plain language of the closing protection letters.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Demand and applies equally to all the demands.

**General Objection No. 16:**  Responding Party objects to the extent that the requests seek loan specific information which Fidelity contends is inappropriate at this stage of the litigation.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection requests that seek loan specific information and applies equally to all the demands.

**General Objection No. 17:**  Responding Party objects to the definition of "Title Defendants" as vague and overbroad in the context of these discovery requests.

> **Ameriquest Parties' Meet and Confer Response:**

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 13

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Demand and applies equally to all the demands.

**General Objection No. 18:**  Responding Party objects to the definition of "You" and "Your" as overbroad in the context of these discovery requests.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Demand and applies equally to all the demands.

**General Objection No. 19:**  Responding Party objects to the definition of Fidelity as overbroad in the context of these discovery requests.

> **Ameriquest Parties' Meet and Confer Response:**

This General Objection sets forth Responding Party's objection to the definition which was not set forth in a Specific Demand and applies equally to all the demands.

IV.  **AMERIQUEST PARTIES' RESPONSE REGARDING SPECIFIC REQUESTS FOR PRODUCTION**

**Request No. 1:**

The parties differ about what constitutes a multi-transaction letter.  Fidelity has in the past claimed to be producing multi-transaction letters but in fact was hiding that it was using an artificial definition of a multi-transaction letter that did not comport with reality or its witnesses' testimony about multi-transaction letters.  Judge Chang admonished Fidelity to stop playing that game.  However, it is unclear what definition Fidelity wants to use for multi-transaction letter in this request.  It would be helpful if Fidelity defines what it is seeking in this request so that the Ameriquest-related parties can respond concerning what they are willing to do.  As a preliminary matter, however, although we object that the request is premature, we are not relying on that to withhold any documents.

Argent has produced all closing protection letters it has in its loan files known to be applicable to the loans, following a diligent search of the loan files.

**Request No. 2:**

We request that you specify what you are seeking with this request and explain its relevance.  In addition to the problems referenced in Request No. 1, Request 2 complicates the overbreadth by seeking all documents "referring to" or "relating to" multi-transaction closing protection letters.  We understand that it is Fidelity's position that the geographic scope of this request is relevant.

Albert F. Fowerbaugh, Jr.
DATE \@ "MMMM d, yyyy" September 30, 2014
Page 14

**Request No. 3:**

We request that you explain what you are seeking with this request and explain its relevance.

**Request No. 4:**

We request that you specify what you are seeking with this request and explain its relevance. For example, are you seeking every multi-transaction closing protection letter ever entered into with the Fidelity entities? Please confirm Fidelity is willing to produce the same to the Ameriquest-related entities.

**Request Nos. 5 to 18:**

You lumped together Request Nos. 5 to 18 for no apparent reason and these requests cover a wide variety of topics. We request that you specify what you are seeking with these requests and explain their relevance. We have produced similar documents in *Terry* so you know what type of documents Ameriquest generated. What specifically are you looking for? We have produced reasonably accessible folders for title defendants and Fidelity, to the extent there are any. But most of the requests seem so far afield, it is unclear why you are asking for them. For example, all information in Empower related to Fidelity and title defendants is like asking for every mention of the Ameriquest-entities in Fidelity's database. The companies did business together too many times to comply with this request.

**Request Nos. 19 and 20:**

In response to your question, the third-party plaintiffs have not produced all responsive documents. Also, the Responding Party has produced the relevant loan files which may contain agreements signed by the closing agent such as title instructions, escrow instructions, closing instructions, closing agent affidavit, etc. Please explain why you believe additional documents are relevant.

**Request Nos. 21 to 26:**

We do not understand the statement concerning Request Nos. 21-26 in your meet and confer letter. The Ameriquest Parties have objected to these request on various grounds. However, the Ameriquest Parties have produced their relevant loan files which may contain agreements signed by the closing agent such as title instructions, escrow instructions, closing instructions, closing agent affidavit, borrower loan applications, and in certain instances closing protection letters, etc. Policies and procedures have also been produced by Ameriquest and depositions have been taken of Ameriquest's 30(b)(6) witness and other witnesses from Ameriquest. Please explain what documents you are seeking.

BN 17118101v1

Albert F. Fowerbaugh, Jr.
 DATE \@ "MMMM d, yyyy" September 30, 2014
Page 15


     We look forward to conferring about these requests, contemporaneous with a conference about the discovery requests of the Ameriquest-related entities, at your earliest convenience.

                             Very truly yours,

                             BUCHALTER NEMER
                             A Professional Corporation


                        By     /s/
                              Randall L. Manvitz

BN 17118101v1