# **EXHIBIT E**

# BUTLER RUBIN SALTARELLI AND BOYD

October 7, 2014

Andrew D. Shapiro
Direct Dial: 312-696-4489
Direct Fax: 312-873-4120
ashapiro@butlerrubin.com

**BY E-MAIL**

Randall L. Manvitz
Buchalter Nemer, P.C.
55 Second Street, Suite 1700
San Francisco, California 94105

   Re: In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation
      MDL No. 1715; Lead Case No. 05-cv-07097

Dear Randall:

  I write in response to your September 30, 2014 letter responding to the issues raised during our September 15, 2014 meet-and-confer teleconference.

  Although I do not intend to individually address each of the statements raised in your letter, please note that we disagree with many of the characterizations set forth in your letter, including characterizations concerning Fidelity's discovery responses, what took place during the September 15 meet-and-confer teleconference, and the issues in dispute in the litigation.

## I. Fidelity's Discovery Responses

  Ameriquest continues to make inaccurate and misleading allegations about Fidelity's extensive and thorough investigation and discovery responses. Ameriquest states that Fidelity has only provided information about closing protection letter practices for a single state and brand, Ticor – Illinois. This is false. Fidelity has produced responsive documents or other information for 21 states and brands. As to the remaining seven states and brands, Fidelity has told Ameriquest on several occasions that there are no longer any employees with knowledge about multi-transaction closing protection letter practices from over a decade ago.

  Ameriquest suggests that Fidelity should be held to a higher standard than Ameriquest in responding to discovery because it has in-house lawyers with supporting staff. Ameriquest relies on its lack of similar resources as an excuse for having barely begun its investigation after being served with discovery requests six months ago and requesting a three-month extension to respond. But Ameriquest refuses to accept similar explanations from Fidelity as to why it has been unable to locate information from brands such as American Pioneer and Transnation for which there are no remaining employees with relevant knowledge about the 2001-2005 time period, due in part to the passage of time and also to the various mergers and acquisitions over the years. To the extent that Ameriquest relies on the fact that it is unable to locate individuals

Randall Manvitz
Joanne Davies
October 7, 2014
Page 2

with responsive information as a justification for failing to produce responsive information and documents and as a defense to claims of spoliation, Fidelity is entitled to do the same.

In the interest of compromise and without waiving our objections, we informed Ameriquest that Fidelity would consider undertaking additional investigation of former employees and to describe the scope of its search provided that Ameriquest is amenable to reciprocal discovery. Accordingly, your statement that Ameriquest intends to move to compel this information is premature and unnecessary. In the interest of resolving this issue, we repeat our request that Ameriquest inform us of the information that it is willing to disclose about the scope of its search for responsive information and documents, including its consultation with former employees. After Ameriquest informs us of the information that Ameriquest is willing to disclose, we will inquire with our client to determine if Fidelity is willing to make a reciprocal disclosure.

As it has repeatedly done in the past, Ameriquest evades questions about its discovery responses by raising unrelated questions about Fidelity's responses. I asked you to confirm whether Ameriquest has identified all multi-transaction closing protection letters responsive to Interrogatory No. 1 and, if not, to provide a date for completion. Bizarrely, you responded by referring to Fidelity's objection to producing claim-specific information and asked Fidelity to withdraw its "common discovery" objection. In addition to not addressing Fidelity's question about when Ameriquest will respond to this interrogatory, this makes no sense because Fidelity never asserted such an objection to producing multi-transaction letters. In fact, Fidelity expressly agreed to produce multi-transaction closing protection letters, which by definition apply to more than one transaction and thus are properly discoverable during this period for common discovery.

Ameriquest also makes false allegations in an attempt to shift the focus away from Ameriquest's attempts to delay responding to discovery. In response to my request for confirmation as to whether Ameriquest has produced all multi-transaction letters responsive to Document Request No. 1, you baselessly accuse Fidelity of hiding information about multi-transaction letters and contend that the court admonished Fidelity "to stop playing that game." This is baffling. I do not know what you are referring to, and relevant hearing transcripts and orders referenced on the docket fail to reflect an incident like the one you describe. To the contrary, on July 19, 2012 Judge Chang denied the majority of the requests that were the subject of Ameriquest's motion to compel, including its requests for additional exemplar multi-transaction closing protection letters.

## II. Ameriquest's Discovery Responses

Ameriquest fails to address the basic questions Fidelity raised during the September 15 teleconference and in again in my September 19 letter. For each interrogatory and document request, I asked you to clarify whether Ameriquest is withholding, or refusing to search for, any requested information based on any general or specific objections and, if so, to identify each

Randall Manvitz
Joanne Davies
October 7, 2014
Page 3

such general or specific objection. Instead of answering these basic questions, you devote eight pages of your fifteen page letter to re-printing each general objection to Fidelity's interrogatories and documents requests along with obvious and unhelpful summaries of each general objection. You state that Ameriquest "will likely be able to confirm that [it is] not withholding discovery based on general objections" but then state that you "foresee limiting [your] searches and document production" based on a number of general objections. Which is it? Ameriquest served its objections and responses to Fidelity's discovery more than two months ago. The time for disclosing which objections Ameriquest is relying on to limit its searches or responses has long expired. We repeat our request that Ameriquest identify the objections on which it is withholding or refusing to search for any requested information.

Rather than setting forth the basis for those objections Ameriquest does identify, Ameriquest asks Fidelity to describe what it is seeking and explain the relevance of the information sought by the large majority of its requests (seven out of twelve interrogatories and twenty-five out of twenty-six document requests). This tactic is plainly designed to delay providing substantive responses. Fidelity's requests are tailored to discovering information that is relevant to Ameriquest's claims against Fidelity and are well within the scope of permissible discovery. If Ameriquest disputes the relevancy of any of the information sought by Fidelity, state as such and explain why the information sought is not relevant.

Ameriquest's insistence that Fidelity explain the relevance of information sought by requests to which Ameriquest has already partially responded is especially strange. For example, Interrogatory Nos. 4-5 seek documents relating to processes, policies, and procedures that Ameriquest had concerning requirements for Fidelity or the Title Defendants to provide it with multi-transaction closing protection letters. Interrogatory Nos. 6-8 seek the identification of persons involved with or knowledgeable about such processes, policies, and procedures. Of course, this information is relevant for the same reasons that Ameriquest contends Fidelity's processes, policies, and procedures for issuing multi-transaction closing protection letters are relevant. You will recall that Fidelity has taken great pains to provide this information, including the names of knowledgeable individuals, to Ameriquest. Setting aside the obvious argument in favor of relevance, Ameriquest already identified documents and deposition testimony in response to these interrogatories, but it is not clear that the identified materials present a complete picture of Ameriquest's multi-transaction closing protection letter practices. Fidelity is entitled to know whether Ameriquest's responses are complete, or whether there are additional responsive documents and information in Ameriquest's possession or control. This is true for each interrogatory and document request to which Ameriquest has responded by producing or referencing some, but not all, responsive information. A complete list of responses falling into this category is set forth in my September 19 letter.

Ameriquest's request to depose "any person at Fidelity" who disputes the limited information Ameriquest has produced is a similarly inappropriate ploy to avoid explaining why Ameriquest has not completed its production. Whether any of Fidelity's 400+ employees disagree with testimony from a handful of Ameriquest witnesses and a purported expert declaration has no bearing on the relevance of the information sought by Fidelity in its discovery

Randall Manvitz
Joanne Davies
October 7, 2014
Page 4

responses. To insist on such a deposition before even engaging in a discussion of relevance indicates that Ameriquest is not participating in the discovery process in good faith.

The one objection that Ameriquest appears willing to rely on unequivocally is its prematurity objection. Ameriquest raises this objection in response to eight interrogatories and three document requests, including requests seeking the identification and production of the closing protection letters Ameriquest alleges Fidelity breached. Ameriquest is simultaneously seeking copies of the same letters from Fidelity. Ameriquest argues that these requests will continue to be premature until Fidelity completes its investigation of closing protection letter practices and corresponding production. The proposal that Ameriquest's discovery responses be conditioned on completion of discovery by Fidelity is unacceptable and contrary to Federal Rule of Procedure 26(d)(2), which expressly provides that "discovery by one party does not require any other party to delay its discovery." *See also* Advisory Committee Notes to Subdivision (d) ("[O]ne party's initiation of discovery should not wait upon the other's completion.") Fidelity is entitled to concurrent discovery of all responsive information in Ameriquest's possession.

The objection that Ameriquest is not obligated to produce information that is in Fidelity's possession is similarly misplaced. This is not an instance where one party is withholding information that the other party has never seen. Any multi-transaction closing protection letters that Fidelity issued were issued *to Ameriquest*. Accordingly, there is no reason for Ameriquest to wait until Fidelity completes its production before identifying letters in its own possession.

As to the documents and information Ameriquest did produce, Ameriquest refuses to supplement its interrogatory responses to identify by Bates-number each document containing responsive information referenced in each response and to identify by page and line number the portions of the transcripts and declaration containing responsive information. You suggest that Ameriquest should not be required to "scour the 300-plus loan files and refer to documents by Bates-number," but would instead have Fidelity scour the same 300-plus loan files and guess at which documents from Ameriquest's loan files contain responsive information. Your representation that Ameriquest already referenced documents by name or title is disingenuous as it suggests that the responsive nature of each document referenced will be apparent on its face, when in fact the titles provided are quite generic. Certainly, titles such as "production policies and procedures" and "checklists requiring closing protection letters" are not sufficient to allow Fidelity to readily locate and identify the relevant documents, as required by Federal Rule of Civil Procedure 33(d).

Ameriquest also refuses to identify individuals with responsive information, but instead refer broadly to departments or groups where such individuals might work. We fail to understand how it could be unduly burdensome to identify individuals with responsive knowledge. Surely Ameriquest consulted with many of these individuals during the investigation for responsive documents and information, if not earlier, and it is preferable for Ameriquest to provide the names of these individuals than it is for Fidelity to notice every employee for deposition. Fidelity has provided Ameriquest with the names of employees from seven different brands in six states over a six-year period and Ameriquest is in the process of

Randall Manvitz
Joanne Davies
October 7, 2014
Page 5

seeking deposition testimony from these individuals. Fidelity is similarly entitled to know which individuals in the identified groups or departments have relevant knowledge.

Finally, the fact that Ameriquest has been "winding down since 2007," leaving it with "few resources" is not a valid excuse for providing timely and complete responses, particularly given that Ameriquest brought this suit against Fidelity in 2007.

The issues raised above apply broadly to many of Ameriquest's discovery responses. The remainder of this letter addresses issues that are specific to individual responses.

- **Interrogatory No. 1**: The timing of this interrogatory is addressed above. You indicate that Ameriquest will not respond to this request until Fidelity withdraws its common discovery objection. As explained above, Fidelity's objection to producing claim-specific information does not apply to multi-transaction closing protection letters, which is what this interrogatory seeks. Furthermore, it is not clear how a request to identify the multi-transaction letters Ameriquest claims Fidelity breached is vague or overbroad.

  We repeat our request that you state whether Ameriquest, Argent, and Town and Country have identified all multi-transaction closing protection letters responsive to Interrogatory No. 1 and, if not, that you provide the date by which each entity will do so.

- **Interrogatory Nos. 2-3**: You state that Ameriquest and Town and Country's discovery responses are incomplete and that you will need to confer with former employees to obtain responsive information. Please provide a date by which Ameriquest and Town and Country will complete their investigation and update their responses. Your letter is conspicuously silent as to Argent. Accordingly, please also confirm that Argent has identified all communications responsive to Interrogatory Nos. 2-3 or provide a date by which it will do so.

  The necessity of supplementing responses with information sufficient to allow Fidelity to locate responsive information is addressed above. We repeat our request that you identify by Bates-number each communication containing responsive information referenced in each response.

- **Interrogatory Nos. 4-5**: The relevance of these requests and the necessity of supplementing responses with information sufficient to allow Fidelity to locate responsive information is addressed above. We repeat our request that you (1) confirm that Ameriquest, Argent, and Town and Country have identified all documents responsive to Interrogatory Nos. 4-5 or provide a date by which they will do so; (2) identify by Bates-number each document containing responsive information referenced in each response; and (3) identify by page and line number the portions of the transcripts and declaration containing responsive information.

Randall Manvitz
Joanne Davies
October 7, 2014
Page 6

- **Interrogatory Nos. 6-8**: The relevance and of these requests and the necessity of identifying individuals with responsive information, as well as supplementing responses with information sufficient to allow Fidelity to locate responsive information, is addressed above. We repeat our request that you (1) confirm that Ameriquest, Argent, and Town and Country have identified all individuals responsive to Interrogatory Nos. 6-8 or provide a date by which they will do so; (2) specifically identify the name of all individuals responsive to the interrogatories; (3) identify by Bates-number each document containing responsive information referenced in each response; and (4) identify by page and line number the portions of the transcripts containing responsive information.

- **Interrogatory No. 9**: This interrogatory seeks a description of all systems or processes for receiving, memorializing, or maintaining records of closing protection letters. Fidelity will limit this interrogatory to geographic areas, title companies and lenders at issue in this litigation. You state that Town and Country's response is incomplete and that you will need to confer with former employees to obtain responsive information. Please provide a date by which Town and Country will complete their investigation and update their responses. Your letter is conspicuously silent as to Ameriquest and Argent. Accordingly, please also confirm that Ameriquest and Argent have provided *all* of the information requested by Interrogatory No. 9 or provide a date by which they will do so. Please also identify by page and line number the portions of the transcripts containing responsive information.

- **Interrogatory Nos. 10-12**: The relevance of these requests and the necessity of supplementing responses with information sufficient to allow Fidelity to locate responsive information is addressed above. We repeat our request that you (1) confirm that Ameriquest, Argent, and Town and Country have provided *all* of the information requested in Interrogatory Nos. 10-12 or provide a date by which they will do so; and (2) identify by page and line number the portions of the transcripts containing responsive information.

- **Document Request No. 1**: You claim not to know what constitutes a multi-transaction closing protection letter for purposes of this request, even though you understood the term well enough to object to Fidelity's definition, which explicitly states that a multi-transaction closing protection letter is a "closing protection letter which does not reference a specific loan transaction." You also understood the term well enough to represent that Ameriquest already produced "many responsive closing protection letters" and that Argent has "produced all closing protection letters it has in its loan files known to be applicable to the loans." To be clear, Fidelity is seeking the letters that Ameriquest accuses Fidelity of breaching in this litigation.

  Accordingly, please confirm that Ameriquest and Town and Country have produced *all* documents responsive to Request No. 1 or provide a date by which they will do so.

Randall Manvitz
Joanne Davies
October 7, 2014
Page 7

- **Document Request Nos. 2-26**: The relevance of these requests is addressed above. Accordingly, please confirm that Ameriquest, Argent, and Town and Country have produced all documents responsive to Request Nos. 2-26 or provide a date by which they will do so.

                                                    Sincerely,

                                                    Andrew D. Shapiro

cc:    Joanne Davies (via e-mail)
        Al Fowerbaugh (via e-mail)
        Sandra Durkin (via e-mail)

519839