# EXHIBIT A

## Manvitz, Randall L.

**From:** Manvitz, Randall L.
**Sent:** Tuesday, October 07, 2014 10:09 AM
**To:** Albert Fowerbaugh; 'Sandra Durkin'; Andrew D. Shapiro
**Cc:** Davies, Joanne
**Subject:** RE: In re Ameriquest [IWOV-BN.FID763124]

Al/Andy/Sandra,

We seem to be moving backwards on our efforts to get information requested in April which Fidelity already agreed to provide. Fidelity already agreed to identify knowledgeable persons about its closing protection letter practices and describe the scope of its search for responsive documents. Then Fidelity stated it had provided all information but as we pointed it, that is incorrect – for most states and brands, no such information was provided and no former employees have been identified. For all of the states and brands where the closing protection letters were reportedly lost or destroyed, now you state Fidelity can't determine if it ever kept a copy of the closing protection letters it issued but at the same time, you will not ask any former employees or provide identifying information for the former employees who would know that will allow Ameriquest to inquire. It is apparent that Fidelity will make every effort to avoid providing discovery about the apparently spoliated closing protection letters.

During our conference on September 18, you said you would go back to your client about Ameriquest's request that you at least identify former employees who are believed to have responsive information or should have responsive information such as from their position. Your latest email states that you have to go back to your client to determine whether you will provide this information which is what you already were supposed to do following the September 18 conference so no progress has been made. Your suggestion that Fidelity's response is conditioned on Ameriquest providing the same information is a continued effort to delay providing information about spoliation and is without merit. We have already identified former employees knowledgeable about Third-Party Plaintiffs' closing protection letter practices. They took time out of their regular jobs to appear at a deposition and were deposed by Fidelity for four days. We are unaware of anyone disputing their testimony so what is the issue?

To make progress, you will need to confer with your client now if you have not already and provide a written proposal concerning what Fidelity is willing to do absent a motion to compel.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Sandra Durkin [mailto:SDurkin@butlerrubin.com]
**Sent:** Thursday, October 02, 2014 3:03 PM
**To:** Manvitz, Randall L.; Davies, Joanne
**Cc:** Albert Fowerbaugh; Andrew D. Shapiro
**Subject:** RE: In re Ameriquest [IWOV-BN.FID763124]

Randall,

I am writing in response to both of your emails from yesterday evening.

As I indicated in my September 30 email, any agreement by Fidelity regarding additional discovery on the subject of former employees and the scope of our search is conditioned on reciprocal agreement by Ameriquest. You represented in your September 30 letter that you intend to confer with former employees. Please tell us what this investigation will

1

entail and what information Ameriquest is willing to provide to Fidelity. Please also tell us what Ameriquest is willing to do in terms of describing the scope of its search for responsive documents and information generally. After you inform us of the information that Ameriquest is willing to disclose, we will inquire with our client to determine if Fidelity will agree to make a reciprocal disclosure.

As to Ameriquest's deposition requests, we did not agree to respond by September 29, and we will respond in due course.

Regards,
Sandy


**Sandra J. Durkin**
**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.242.4121 | 312.873.4356 fax

 BUTLER RUBIN

sdurkin@butlerrubin.com
www.butlerrubin.com

---

**From:** Manvitz, Randall L. [mailto:rmanvitz@buchalter.com]
**Sent:** Wednesday, October 01, 2014 7:28 PM
**To:** Sandra Durkin; Davies, Joanne
**Cc:** Albert Fowerbaugh; Andrew D. Shapiro
**Subject:** RE: In re Ameriquest [IWOV-BN.FID763124]

Al/Andy/Sandra,

What is the scope of the information you are proposing to provide concerning former employees and what is your suggested timeline?
Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Sandra Durkin [mailto:SDurkin@butlerrubin.com]
**Sent:** Tuesday, September 30, 2014 2:18 PM
**To:** Manvitz, Randall L.; Davies, Joanne
**Cc:** Albert Fowerbaugh; Andrew D. Shapiro
**Subject:** In re Ameriquest

Randall and Joanne,

I am writing to follow-up on the issues discussed at the September 18, 2014 meet-and-confer session. Specifically, we looked into the feasibility of (1) identifying and locating former employees with responsive information and (2) describing the scope of Fidelity's search for CPL data. Fidelity is amenable to producing additional information in both categories provided that Ameriquest agrees to provide Fidelity with the same information. Fidelity will supplement its discovery responses as part of a reciprocal exchange of information once the parties have agreed to the scope of the parties' mutual obligations in this regard.

Regards,
Sandy

2

**Sandra J. Durkin**
**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.242.4121 | 312.873.4356 fax

 BUTLER RUBIN

sdurkin@butlerrubin.com
www.butlerrubin.com

This email message is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation


Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.


This email message is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation