# EXHIBIT B

**Manvitz, Randall L.**

| | |
|---|---|
| **From:** | Manvitz, Randall L. |
| **Sent:** | Tuesday, September 23, 2014 5:22 PM |
| **To:** | 'Margaret Lipman (margaret_lipman@ilnd.uscourts.gov)'; Lynette_Santiago@ilnd.uscourts.gov |
| **Cc:** | Albert Fowerbaugh; ashapiro@butlerrubin.com; Sandra Durkin; Davies, Joanne |
| **Subject:** | In Re: Ameriquest, MDL 1715 [IWOV-BN.FID763124] |
| **Attachments:** | Exhibits1(AmeriquestProposedOrder).pdf; Exhibit 2.pdf; 17088513_1.docx |

Judge Martin,

By order of the Court, the parties met and conferred on September 18 at the courthouse about issues raised in the status reports. The Court then ordered the parties to report on agreements reached at that meet and confer conference. The parties each proposed orders and Fidelity objected to Ameriquest's proposed order. Ex. 1. In an effort to compromise, Ameriquest tried to work with Fidelity on its proposed order.

However, Ameriquest was concerned that Fidelity was including issues in its draft that were not the subject of the status reports because they had been resolved days before and it would create a misleading picture of the agreements made on September 18. In the spirit of cooperation, Ameriquest proposed the joint submission of Fidelity's proposed order with the mere addition of a footnote explaining the Ameriquest-parties' concern:

> Fn. 1: The Ameriquest-related parties do not believe it is appropriate to include paragraphs numbered 1, 2, and 3 because Nos. 2 and 3 were not at issue in the status conference statement because they had previously been agreed to and No. 1 is not an agreement – Fidelity merely reported that it would amend a misstatement in its interrogatory response. But in the interests of cooperation and submitting a single order, Ameriquest does not object to including these paragraphs.

*See* Ex. 2. Fidelity declined to merely add the footnote. Then, Fidelity argued that Ameriquest should delete the portion about what Ameriquest agreed to do. Again, Ameriquest's counsel said okay. *Id.* But for some perplexing reason, Fidelity's counsel would not cooperate in sending a joint order.

Attached is Fidelity's proposed order with Ameriquest's footnote included.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Honorable Marvin E. Aspen) |

**AGREED DISCOVERY ORDER**

On September 18, 2014, the Fidelity-related parties[1] and Ameriquest-related parties[2] appeared before the Court concerning the status of discovery and the parties were ordered to meet and confer while Court was in session and then report back to the Court later that day. Some agreements were reached between the parties in an effort to narrow discovery disputes between the parties, as follows:

**Fidelity's Discovery Responses**

1. Fidelity will supplement its response to interrogatory No. 2 (Set One) with information describing its policy and processes for memorializing, duplicating, and, or retaining closing protection letters not memorialized by a web-site, or will state that no such policy or process existed. Fidelity limits its agreement to multi-transaction closing protection letters but will confer by September 29 about whether it will provide the same information for about the

[1] Third-Party Defendants Alamo Title Insurance Company, Chicago Title Insurance Company, Chicago Title Company, Chicago Title Insurance Company of Michigan, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, Fidelity National Title Insurance Company of New York, Lawyers Title Insurance Company, Security Union Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively "Fidelity")

[2] Third-Party Plaintiffs Ameriquest Mortgage Company, Argent Mortgage Company, and Town and Country Credit Corporation (collectively "Ameriquest")

issuance of all closing protection letters because of the parties' disagreement about what constitutes a multi-transaction closing protection letter. |

2. Fidelity's counsel will analyze and respond by September 29 concerning providing information about:

(a) search undertaken: a description of search for documents such as drives, databases, networks, etc., time, persons involved, etc.

(b) identification of knowledgeable persons: where Fidelity has not produced closing protection letter data or records of closing protection letters issued during the 2001 to 2005 time period for a brand and state, the identification of persons former employees believed to have information about closing protection letters practices or those who would be in a position where they should have such information for the respective brand and state during the relevant time period. Fidelity will also consider producing documents showing the identification of knowledgeable persons such as organizational charts and lists of employees.

**Ameriquest's Discovery Responses**

Ameriquest agreed to provide a written response as a follow-up to the issues raised by Fidelity at the teleconference on September 15, 2014 by September 29, 2014.

Entered on this ___day of _____________________, 2014.

_______________________________
Hon. Daniel G. Martin, Magistrate Judge

**AGREED AS TO FORM:**

By: _______________________________
Butler Rubin Saltarelli & Boyd LLP
Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro

By: _______________________________
Buchalter Nemer, P.C.
Randall L. Manvitz
Joanne Davies

Sandra J. Durkin
70 W. Madison St., Ste 1800
Chicago, Illinois 60602-4257
(T) (312) 444-9660
(F) (312) 444-9287
afowerbaugh@butlerrubin.com
ashapiro@butlerrubin.com
sdurkin@butlerrubin.com

*Attorneys for Third-Party Defendants*

18400 Von Karman Avenue, Ste 800
Irvine, California 92612
(T) (949) 760-1121
(F) (949) 720-0182
rmanvitz@buchalter.com
jdavies@buchalter.com

*Attorneys for Third-Party Plaintiffs*

# EXHIBIT 2

**Manvitz, Randall L.**

**From:** Manvitz, Randall L.
**Sent:** Tuesday, September 23, 2014 2:53 PM
**To:** 'Andrew D. Shapiro'; Albert Fowerbaugh; Sandra Durkin
**Cc:** Davies, Joanne
**Subject:** RE: Ameriquest/Fidelity [IWOV-BN.FID763124]

Andy,

We only included the Ameriquest section because you included it. If removing that section resolves the issues (with the exception of the footnote), go ahead and remove it.

Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

---

**From:** Andrew D. Shapiro [mailto:AShapiro@butlerrubin.com]
**Sent:** Tuesday, September 23, 2014 2:47 PM
**To:** Manvitz, Randall L.; Albert Fowerbaugh; Sandra Durkin
**Cc:** Davies, Joanne
**Subject:** RE: Ameriquest/Fidelity [IWOV-BN.FID763124]

Randall,

As we explained during this afternoon's call, we disagree with Ameriquest's position and believe that the items set forth in Paragraphs 1, 2, and 3 of Fidelity's proposed order are appropriate because they are agreements Fidelity reached to accommodate Ameriquest's purported discovery concerns, which the parties discussed during Thursday's conference. Moreover, Ameriquest's contention that the proposed order should be limited to agreements reached last Thursday is contradicted by Ameriquest's inclusion of the following language in its proposed order: "Ameriquest agreed to provide a written response as a follow-up to the issues raised by Fidelity at the teleconference on September 15, 2014 by September 29, 2014." As you know, Ameriquest initially agreed to provide that response during our September 15 teleconference, not during the September 18 session.

In addition, Ameriquest's proposed order is unacceptable to Fidelity because it overstates what Fidelity agreed to do during the prior meet-and-confer session. In addition, Fidelity believes it is premature to include items that the parties only offered to *consider* producing, but did not reach any firm agreement regarding.

As a result, and as we previously informed you, Fidelity intends to submit to the Court the proposed order that we provided to you this morning. We assume that Ameriquest will submit the draft it provided last night (with the footnote set forth below) as that is the only draft order Ameriquest has ever provided for our review.

Regards,
Andy

**Andrew D. Shapiro**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4489 | 312.873.4120 fax

ashapiro@butlerrubin.com
www.butlerrubin.com

---

**From:** Manvitz, Randall L. [mailto:rmanvitz@buchalter.com]
**Sent:** Tuesday, September 23, 2014 4:28 PM
**To:** Albert Fowerbaugh; Andrew D. Shapiro; Sandra Durkin
**Cc:** Davies, Joanne
**Subject:** Ameriquest/Fidelity [IWOV-BN.FID763124]

Counsel,

Judge Martin requested that the parties inform him about agreements reached on September 18 about topics raised in the status conference reports. We do not believe it is appropriate to include prior agreements about topics that were not at issue because it confuses the issues. We do not believe it is appropriate to include paragraphs 1, 2, and 3 of Fidelity's proposed order because it misleadingly suggests that the parties reached those agreements following the filing of the status conference reports. Paragraphs No. 2 and 3 were not issues in the status conference reports because they were agreed to in prior discussions. Paragraph 1 is not something Ameriquest can agree to – Fidelity merely informed us that it was going to correct a misstatement in its interrogatory response, and again, this was not even at issue in the status conference reports.

We did propose the following footnote be added to the agreed order as a compromise but you declined: "The Ameriquest-related parties do not believe it is appropriate to include paragraphs numbered 1, 2, and 3 because Nos. 2 and 3 were not at issue in the status conference statement because they had previously been agreed to and No. 1 is not an agreement – Fidelity merely reported that it would amend a mis-statement in its interrogatory response. But in the interests of cooperation and submitting a single order, Ameriquest does not object to including these paragraphs."

We request that you reconsider.
Randall Manvitz | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 55 Second Street, Suite 1700 | San Francisco, CA 94105-3493 | Direct Dial: (415) 227-3644 | Direct Fax: (415) 904-3102 | Switchboard: (415) 227-0900 | rmanvitz@buchalter.com | www.buchalter.com | Bio

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

---

This email message is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Honorable Marvin E. Aspen) |

**AGREED DISCOVERY ORDER**

On September 18, 2014, the Fidelity-related parties and Ameriquest-related parties appeared before the Court concerning the status of discovery and the parties were ordered to meet and confer while Court was in session and then report back to the Court later that day. Some agreements were reached between the parties in an effort to narrow discovery disputes between the parties, as follows:

**Fidelity's Discovery Responses**

1. By September 29, 2014, Fidelity will amend its response to Ameriquest's Interrogatory No. 2 (Set One) as it pertains to Chicago Title in Illinois to reflect that the TEAM system was not used to prepare closing protection letters. [1]

2. By September 29, 2014, Fidelity will supplement its response to Ameriquest's Interrogatory No. 7 (Set Two), which identifies witnesses with knowledge about multi-transaction closing protection letters, to include the state where each witness works or resides.

---

[1] The Ameriquest-related parties do not believe it is appropriate to include paragraphs numbered 1, 2, and 3 because Nos. 2 and 3 were not at issue in the status conference statement because they had previously been agreed to and No. 1 is not an agreement – Fidelity merely reported that it would amend a misstatement in its interrogatory response. But in the interests of cooperation and submitting a single order, Ameriquest does not object to including these paragraphs.

3. By September 29, 2014, Fidelity will confirm that all responsive instructions or informational materials related to the AgentXtra/AgentXtraNet web system have been produced.

4. For each brand described in response to Ameriquest's Interrogatory No. 2 (Set One) that manually prepared closing protection letters between 2001 and 2005, Fidelity will supplement its response to said interrogatory with information describing the brand's processes for memorializing, duplicating, or retaining manually prepared multi-transaction closing protection letters, to the extent that such processes existed.

5. By September 29, 2014, Fidelity will follow-up on additional issues raised by Ameriquest at the meet-and-confer on September 18, 2014.

**Ameriquest's Discovery Responses**

6. Ameriquest agreed to provide a written response as a follow-up to the issues raised by Fidelity at the teleconference on September 15, 2014 by September 29, 2014.

Entered on this ___day of _______________, 2014.

_______________________________
Hon. Daniel G. Martin, Magistrate Judge

**AGREED AS TO SUBSTANCE AND FORM AND ENTRY REQUESTED BY:**

By: _______________________________
Butler Rubin Saltarelli & Boyd LLP
Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Sandra J. Durkin
70 W. Madison St., Ste 1800
Chicago, Illinois 60602-4257
(T) (312) 444-9660
(F) (312) 444-9287
afowerbaugh@butlerrubin.com
ashapiro@butlerrubin.com
sdurkin@butlerrubin.com

*Attorneys for Third-Party Defendants*

By: /s/ Randall Manvitz_______________
Buchalter Nemer, P.C.
Randall L. Manvitz
Joanne Davies
18400 Von Karman Avenue, Ste 800
Irvine, California 92612
(T) (949) 760-1121
(F) (949) 720-0182
rmanvitz@buchalter.com
jdavies@buchalter.com

*Attorneys for Third-Party Plaintiffs*