IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *Terry et. al. v. Ameriquest Mortgage Company, et. al.;* Case No. 08-2475 | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |

## MOTION FOR EXTENDED BRIEFING SCHEDULE

Third Party Plaintiff Ameriquest Mortgage Company requests that the Court set an extended briefing schedule for Ticor Title Insurance Company's recently filed Motion for Summary Judgment ("Motion") *Terry* Dkt. 791 (Motion) and *Terry* Dkt. 795 (Minute Entry with Briefing Schedule).

*First*, Ameriquest seeks an extended briefing schedule to coordinate the briefing of the issues raised in the Motion with the completion of discovery concerning the same issues in the MDL. The *Terry* case was reassigned to this Court as a related case for coordinated discovery about closing protection letters to be followed by a motion for summary judgment on the common issues concerning closing protection letters. *Terry* Dkt. 782 (Order Granting Reassignment); MDL Dkt. 4348 and 4353 (Ameriquest's Motion for Reassignment); MDL Dkt. 5346 (Order denying Fidelity Entities' motion to disband the MDL before discovery). By way of background, closing protection letters indemnify lenders for losses caused by a title insurance company's agent occurring at a loan closing. The parties dispute which loans are covered by the

closing protection letters and the coverage provided by the indemnity language. The Motion seeks partial summary judgment on 18 loans in the *Terry* case although the same closing protection letters are the subject of discovery in the MDL for about 290 loans for Ticor's successor entity and sister-companies (collectively, the "Fidelity Entities"). The Motion argues about which company performed a closing, who was at fault for the actions alleged in the underlying *Terry* Plaintiffs' complaints, and argues about two interpretations of the closing protection letters. The Court previously admonished the parties that fact-based summary judgment motions, test cases, and piecemeal motions for summary judgment, were not appropriate for the MDL and instead, fact-based motions should be reserved for transferor courts. MDL Dkt. 2553 (Order clarifying case management order). The Motion is contrary to the Court's long-standing orders. *Id.*

Good cause exists to extend the briefing schedule pursuant to Federal Rule 56(f) and the Court's inherent power to coordinate pending matters in an efficient manner. The issues raised in the Motion are the subject of pending discovery in the MDL concerning the interpretation of the closing protection letters. *See* Ameriquest Recent Status Reports, MDL Dkt. 5521 and 5544. Specifically, the Motion argues about the interpretation of two paragraphs of the closing protection letter. *Terry* Dkt. 793 (Memorandum in support of Motion). Ameriquest served discovery requests about the two paragraphs to which Fidelity merely objected and Ameriquest informed Fidelity that the parties are at an impasse and would move to compel responses. *See* Affidavit of Randall Manvitz ("Manvitz Aff.") at ¶ 4 and Exhibit 1. Also before the filing of the summary judgment motion, Ameriquest requested the depositions of two authors of Fidelity articles and training materials about the interpretation of the closing protection letters with one of the articles discussing the liability of Fidelity for the same underlying claims before the Court.

*Id.* at ¶¶ 5 and 6. Instead of responding to the request to schedule the depositions, Fidelity tried to avoid them by filing the Motion and then objecting to the depositions while refusing to simply meet and confer about them to delay a motion to compel. *Id.* at ¶ 8. The discovery will likely be fruitful: Fidelity's Senior Claims Counsel and Vice President testified that the closing protection letter provides coverage for the type of claim made by Ameriquest so the outstanding discovery should confirm Ameriquest's interpretation.[1] *Id.* at ¶ 8 and Exhibit 6.

Fidelity has a history of filing motions for summary judgment where subsequently obtained discovery has shown Fidelity's claims to be contradicted by its own documents. This is the second time Fidelity has filed a motion for summary judgment in *Terry*. *Terry* Dkt. 557 (Ticor's 1st MSJ filing). The first time, additional discovery was allowed because it was far from complete, and Ameriquest found Fidelity's training materials interpreting Fidelity's closing protection letters in a polar opposite manner than Fidelity had argued was undisputed. The found training materials restated Ameriquest's interpretation of the closing protection letter. Moreover, Ameriquest relied on the testimony of Debra Stark, a real estate professor at John Marshall Law School, who agreed that the Fidelity closing protection letters provided coverage to Ameriquest for the TILA claims at issue. *Terry* Dkt. 584-97 (Opinion of Professor Debra Stark). Fidelity tried to strike Professor Stark's testimony but Judge Coar denied Fidelity's request and ruled that the indemnity agreements at issue (i.e. the closing protection letters) are ambiguous. *Terry* Dkt. 698-1 (Transcript of Judge Coar's Ruling). Fidelity subsequently sought leave to withdraw its first motion for summary judgment even though it had been fully briefed. *Terry* Dkt. 696

---

[1] Fidelity will argue that discovery has been ongoing for seven years but it claimed discovery was stayed in the MDL until 2012 and then when that was overruled, it refused to participate in discovery after filing a motion to disband the MDL which was overruled on September 3, 2013. *See* MDL Dkt. 5346. Since then, Fidelity has just stalled and typically claimed to need more time to gather information which continues to trickle in every few weeks, with the latest production last week.

(Motion to Withdraw). In its motion to withdraw, Fidelity argued that withdrawal was necessary in order for the parties to complete **fact and expert discovery**. *Id.* at ¶ 10. It noted that expert disclosures had yet to be provided nor had experts been deposed. *Id.* Notably, expert discovery has yet to occur in either *Terry* or the MDL and the issues necessitating expert discovery at the time of the filing of Fidelity's first motion to withdraw still pertain to the matters raised in Fidelity's second motion for summary judgment.

Mediation between the parties is scheduled for **December 11, 2014** before (ret.) Judge Donald O'Connell. At the October 9, 2014, status conference Magistrate Judge Martin suggested that it would be wise for the parties to defer motions to compel until completion of the mediation. While Ameriquest advised Magistrate Judge Martin that it was agreeable to deferring filing its motions to compel pending the results of the mediation, Fidelity was unwilling to delay the briefing schedule for its Motion. But before the Motion is opposed, the pending discovery on the same issues raised in the Motion should be completed. Moreover, as Fidelity has previously argued, expert discovery will need to be conducted on these same issues as well.

In order to effectuate the Court's order for coordinated discovery and motions for summary judgment instead of having the coordinated discovery be short-cut, the opposition to the Motion should be scheduled for 30-days after the completion of the coordinated discovery. A status conference is scheduled for December 18, 2014 before Judge Martin to discuss the status of discovery between Ameriquest and Fidelity following mediation the week prior.

*Second*, Ameriquest also seeks an extended schedule because the Motion is a motion for partial summary judgment involving the claims of 18 Plaintiffs in *Terry* requiring a significant amount of factual and legal research for the 18 Plaintiffs' claims. All of the Plaintiffs' depositions were taken a few years ago and involve distinct factual allegations concerning their

contentions related to the loan closings. Fidelity contends that it is undisputed that every allegation of the Plaintiff is that every act complained of is Ameriquest's fault. *Terry* Dkt. 793, Memo ISO Motion at p. 4. Fidelity also makes arguments about who performed the loan closing. *Id.* at pp. 4-5 and 11-13. A review of the Plaintiffs' allegations and 18 depositions transcripts is necessary to respond. Each Plaintiff's allegations and deposition transcript will have to be analyzed and potentially affidavits obtained from the underlying Plaintiffs. This will take some time.

Ameriquest's counsel has been traveling for out-of-town depositions and hearings three out of the last four weeks along with a host of previous commitments leaving insufficient time to respond. Manvitz Aff., ¶¶ 11 and 12.

Fidelity will not agree to *any* extension and did not confer about the Motion in advance of filing it, thereby seeking to short-cut discovery on the same issues and avoid a cross-motion for summary judgment on the same issues which Ameriquest has long-stated will be filed at the completion of discovery. *Id.* at ¶ 13.

Wherefore, Ameriquest respectfully requests that this Court enter an order setting an extended briefing schedule for Fidelity's Motion for Summary Judgment (*Terry* Dkt. 793] as follows:

    a. The deadline to file an opposition is 30 days following the completion of third-party discovery in the MDL [or alternatively within 60 days from the date of the order].

    b. The deadline for Ticor's reply is 15 days thereafter.

DATED: October 19, 2014								Respectfully submitted,

By: /s/ Randall L. Manvitz
*Attorneys for Third Party Plaintiffs*
Randall L. Manvitz, Esq.
Joanne N. Davies, Esq.
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 224-6221
Facsimile: (949) 720-0182

## CERTIFICATE OF SERVICE

I, Randall Manvitz, hereby certify that on this 19th day of October, 2014, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: October 19, 2014

/s/ Randall L. Manvitz

BN 17172561v4