IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br><br> *Terry et. al. v. Ameriquest Mortgage Company, et. al.*; Case No. 08-2475 | |

## AFFIDAVIT OF RANDALL L. MANVITZ IN SUPPORT OF THIRD-PARTY PLAINTIFFS' MOTION FOR EXTENDED BRIEFING SCHEDULE

I, Randall L. Manvitz, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice before this Court and am Senior Counsel with the law firm of Buchalter Nemer, attorneys for Third Party Plaintiffs, Ameriquest Mortgage Company, et al. (collectively "Ameriquest"). I make this Affidavit on my own personal knowledge. If called as a witness, I could and would competently testify to the matters contained herein.

2. I submit this Affidavit in support of Ameriquest's request under this Court's powers to coordinate pending matters and pursuant to Fed. R. Civ. Proc. 56(f) for additional time to respond to Ticor Title Insurance Company's ("Ticor") Motion for Summary Judgment (the "Motion") and to present additional facts which are in the possession of the Fidelity National Title Group's brands of title insurance companies of which Ticor is one of many involved in the MDL.

3. Ticor's Motion argues about the interpretation of two paragraphs of the closing protection letter. *Terry* Dkt. 793 (Memorandum in support of Motion). But, Ticor and the other

Fidelity brands have refused to produce any documents related to the meaning or their interpretation or usage of the closing protection letters at issue.

4. For example, on November 15, 2013, Ameriquest served its Requests for Production (Set Two) on the Fidelity Entities seeking numerous documents regarding the meaning of the word "Negligence" as used in the disputed closing protection letter provision. *See* Exhibit 1, Ameriquest's Request for Production (Set Two), Request Nos. 12 and 13. Instead of producing responsive documents, the Fidelity Entities objected. *See* Exhibit 2, Fidelity Entities' Objections and Responses to Ameriquest's Request for Production (Set Two). Before Fidelity filed its motion for summary judgment, the parties agreed that these issues were ripe for a motion to compel.

5. On September 12, 2014, two weeks before the Motion was filed, I sent an e-mail to counsel for the Fidelity Entities requesting dates for the deposition of the author and any contributors to Fidelity training program regarding closing protection letters produced as TICOR 1894. *See* Exhibit 3, E-mail dated 9/12/2014. No substantive response has ever been received.

6. On September 15, 2014, two weeks before the Motion was filed, I sent an e-mail to counsel for the Fidelity Entities also requesting dates for the deposition of the author and any contributors to a Fidelity article: "Cancel Your Mortgage! Discovery the Power of TILA!" from the January 2010, Vol. 5, issue 1 Fraud Insights. *See* Exhibits 4 and 5, E-mail dated 9/15/2014 and attached article. No substantive response has ever been received.

7. Attached as Exhibit 6 is a true and correct copy of an excerpt of the deposition transcript of Claudia Graham, Fidelity's Senior Claims Counsel and Vice President. At her deposition, she admitted that the type of underlying claims at issue are covered by each of the two indemnity paragraphs in the closing protection letters.

8. On October 16, 2014 Fidelity served objections to both depositions but has been unwilling to confer about the depositions other than stating that they will not appear as scheduled, likely requiring that Ameriquest proceed with filing a motion to compel.

9. Fact discovery on common issues is still continuing in the MDL with a current common fact discovery cut-off date of December 1, 2014. However, this date may be continued by Magistrate Judge Martin if he deems it necessary and a status conference concerning discovery between the Ameriquest Entities and Fidelity Entities is scheduled for December 18 after the December 11, 2014 mediation. Additionally, expert discovery has yet to take place in either the MDL or the *Terry* matter.

10. Depositions of the 18 *Terry* Plaintiffs' claims that are at issue in the Motion were taken a few years ago.

11. I am the primary attorney responsible for handling the third-party claims in both the MDL and *Terry* matter. I have been traveling out-of-town the last three of four weeks with MDL depositions and hearings. On September 28 and 29, 2014, I was traveling to Sacramento for a deposition of MDL Plaintiff Cedric Peterson and then soon thereafter responded to a motion to quash and filed a motion to compel to be heard on October 9 before Judge Martin. On October 8 and 9, I was in Chicago to appear at the October 9, 2014 Ameriquest and Fidelity Entities' status conference before Magistrate Judge Martin. Two opt-out discovery motions were heard at the same time. I was also in Chicago on October 16th and 17th to take the long ago scheduled deposition of Fidelity employee Paul Cozzi. There is also a deposition of another Fidelity witness scheduled for October 24th and I will be involved in preparing for the deposition.

12. There are also other MDL and personal matters that I must attend to leaving insufficient time for me to respond to the pending Motion by the current October 30, 2014 deadline such as the August 28, 2014 birth of my child.

13. I asked Fidelity's counsel for their agreement to extend the briefing schedule either under Rule 56(f) or just based on a need for additional time. Fidelity's counsel responded that they would not agree to *any* extension.

14. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California, this 19th day of October, 2014.

/s/ Randall L. Manvitz
RANDALL L. MANVITZ

## CERTIFICATE OF SERVICE

I, Randall Manvitz, hereby certify that on this 19th day of October, 2014, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: October 19, 2014

/s/ Randall L. Manvitz