IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>Assigned to Magistrate Judge Daniel Martin<br><br>**AMERIQUEST'S REQUESTS FOR PRODUCTION (SET TWO) PROPOUNDED ON FIDELITY ENTITIES** |

**PROPOUNDING PARTY:** Third-Party Plaintiff AMERIQUEST MORTGAGE COMPANY

**RESPONDING PARTY:** Third-Party Defendants CHICAGO TITLE INSURANCE, COMMONWEALTH LAND TITLE, FIDELITY NATIONAL TITLE INSURANCE COMPANY, LAWYERS TITLE INSURANCE COMPANY, TICOR TITLE INSURANCE COMPANY, AMERICAN PIONEER TITLE INSURANCE COMPANY, TRANSNATION TITLE INSURANCE COMPANY

**SET NO.:** TWO (2)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Third-Party Plaintiff Ameriquest Mortgage Company ("Ameriquest") hereby requests that Third-Party Defendants Chicago Title Insurance, Commonwealth Land Title, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, Transnation Title Insurance Company ("Fidelity Entities") produce the documents requested below within thirty (30) days of the date of service hereof, at the offices of Buchalter Nemer, 55 Second Street, Suite 1700, San Francisco, CA 94105. Ameriquest's inspection and copying will not permanently alter the items inspected or copied.

## DEFINITIONS

1. "Ameriquest" means Ameriquest Mortgage Company, its agents, parent entities, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

2. "Third-Party Defendants" means Chicago Title Insurance, Commonwealth Land Title, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

3. "Blanket" or "Blanket Closing Protection Letter," means any closing protection letter that would apply to future closings of real estate transactions when conducted by an identified issuing agent/approved attorney and a policy is issued by the title underwriter.

4. "Document" and "Documents" shall have the meaning ascribed to those terms in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

5. "Relate To" or "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

6. "Chart" refers to the following:

| Third-Party Defendant | Alabama | Connecticut | Illinois | Massachusetts | Michigan | Rhode Island |
|---|---|---|---|---|---|---|
| Chicago Title Insurance | X | X | X | X | X | n/a |
| Commonwealth Land Title | X | X | X | X | n/a | X |
| Fidelity National Title Insurance Co. | X | X | X | X | X | X |
| Lawyers Title Insurance Company | X | X | X | X | X | n/a |
| Ticor Title Insurance Company | X | X | X | X | X | X |
| American Pioneer Title Insurance Co. | n/a | X | X | X | X | n/a |
| Transnation Title Insurance Co. | n/a | n/a | n/a | X | X | X |

## INSTRUCTIONS

1. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2. Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2001 to December 31, 2005.

3. If any responsive Document was, but is no longer in Your possession, custody or control, provide the following information;

    (a) The disposition of the Document;

    (b) The date such disposition was made;

    (c) The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

    (d) Identify the Person who made the decision to dispose of the Document;

    (e) State the reason for the disposition;

    (f) Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

4. Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

    (a) Identify the nature of the privilege (including work product) that is being claimed; and

(b) Provide the following information in a privilege log accompanying Your response:

(i) The paragraph of this request to which such Document is responsive;

(ii) The type of Document,

(iii) The general subject matter of the Document;

(iv) The date of the Document, the custodian, author(s), all recipients, together with the job titles or positions of the author(s) and recipients, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

6. If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

7. Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed, pursuant to FRCP 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Ameriquest without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

Documents sufficient to show any and all forms of closing protection letters used by Third-Party Defendants for each of the corresponding states marked with an "X" on the Chart.

**REQUEST NO. 2:**

Any and all employee lists for the brands and states listed in the Chart.

**REQUEST NO. 3:**

Any and all organization charts for the brands and states listed in the Chart.

**REQUEST NO. 4:**

Any and all Documents referencing risks Related To closing protection letters such as referenced in Ticor Bates No. 1894 which states that risks of certain verbiage was analyzed and modified, resulting in a substantial monetary savings.

**REQUEST NO. 5:**

All Communications involving Donald Cole or persons supervised by Donald Cole relating to risks or exposure from closing protection letters.

**REQUEST NO. 6:**

Any and all Documents Relating To reasons for the modification of any closing protection letter from 2003 to the present. (This request is not intended to include a one-time modification to a form which was only to be used once and for a single transaction).

**REQUEST NO. 7:**

Any and all Documents discussing the meaning of "actual loss" as used in the closing protection letters or title insurance policies.

**REQUEST NO. 8:**

Any and all Documents Relating to whether a closing protection letter is enforceable by assignees.

**REQUEST NO. 9:**

Any and all Documents Relating To the alleged modification in Ticor's policy in Illinois concerning the mandatory completion of a regarding line for closing protection letters.

**REQUEST NO. 10:**

Any and all Documents Relating To the enforcement of the alleged Ticor policy in Illinois requiring the completion of the regarding line for closing protection letters.

**REQUEST NO. 11:**

Any and all Communications involving the American Land Title Association (ALTA) Relating To closing protection letters.

**REQUEST NO. 12:**

Any and all Documents Relating To the meaning of the word "Negligence" as used in the phrase or similar phrase: "Negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings" as used in closing protection letters.

**REQUEST NO. 13:**

Any and all Documents which suggest that "Negligence" as used in the phrase or similar phrase: "Negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings" as used in closing protection letters means anything other than "neglect."

**REQUEST NO. 14:**

Any and all claims files in which a claim has been paid under the following phrase or similar phrase: "Negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings" as used in closing protection letters. For purposes of this request, Ameriquest limits the search to cases known by in-house counsel for Third-Party Defendants to alleviate any need for a file by file search.

**REQUEST NO. 15:**

Any and all documents listing types of closing protection letter forms used by any brand of the Fidelity National Title Group or Servicelink or Landamerica Financial Group.

**REQUEST NO. 16:**

An exemplar of any and all forms of closing protection letters for any brand in a geographic area which does not list a Bates Number on the chart produced during the Don Cole deposition for any period of time between 2003 and 2006 including those used by Servicelink and Fidelity National in Florida.

**REQUEST NO. 17:**

Documents sufficient to show each form of Blanket Closing Protection letter used by any Fidelity or Landamerica brand at any time between 2002 and 2006.

**REQUEST NO. 18:**

Any and all Documents Relating To Blanket Closing Protection letters.

**REQUEST NO. 19:**

Any and all Documents Relating To the alleged Ticor-Illinois policy or practice of requiring approval of a blanket closing protection letter.

**REQUEST NO. 20:**

Any and all Documents Relating To any mechanism to preclude the standard form closing protection letter on Agentrax from being issued with a blank regarding line.

**REQUEST NO. 21:**

Any and all Documents reflecting that any Fidelity or Landamerica brand ever used a process or procedure for requiring approval of a Blanket Closing Protection letter at any time during the 2003 to 2006 time period.

**REQUEST NO. 22:**

Any and all documents relating to policies, procedures, or instructions for completing a regarding or subject line (*i.e.* Re: or Re: Agent File #) for any closing protection letter used at any time between 2002 and 2006.

**REQUEST NO. 23:**

Any and all documents relating to any instruction to leave a Re: line blank such as TICOR 2036 including all email correspondence regarding the instruction and responses thereto.

**REQUEST NO. 24:**

Documents sufficient to show the contents of fntagency.com website related to information about and forms for issuing Closing Protection Letters.

**REQUEST NO. 25:**

Any and all Documents Related To closing protection letters on the Agentxtra website or other Fidelity or Landamerica website.

**REQUEST NO. 26:**

All documents reflecting a policy, procedure, or practice of using "all closings" or similar words to signify a blanket closing protection letter.

**REQUEST NO. 27:**

Any and all communications with any party regarding the litigation with Ameriquest.

**REQUEST NO. 28:**

Any and all discovery responses of any Third-Party Defendant or deposition transcripts of a Third-Party Defendant employee or expert for any litigation in which the scope of coverage under a closing protection letter has been at issue. For purposes of this request, Ameriquest limits the search to cases known by in-house counsel for Third-Party Defendants to alleviate any need for a file by file search.

**REQUEST NO. 29:**

All training materials Relating To closing protection letters.

**REQUEST NO. 30:**

All advertising, marketing, or promotional materials Relating To closing protection letters.

**REQUEST NO. 31:**

All Documents explaining or construing closing protection letters.

**REQUEST NO. 32:**

All Documents Relating To policies and procedures for issuing loan closing protection letters.

**REQUEST NO. 33:**

All files Relating To Ameriquest.

**REQUEST NO. 34:**

All Documents stating or limiting the authority of third-party defendant title companies or closing agents or approved attorneys.

**REQUEST NO. 35:**

Any and all claims manuals or underwriting manuals Relating To closing protection letters.

**REQUEST NO. 36:**

Any and all Documents Relating To closing protection letters with respect to Notice of Right to Cancel forms.

**REQUEST NO. 37:**

Any and all approved attorney letters for the brands and state combinations listed in the Chart applicable to Ameriquest Mortgage Company.

**REQUEST NO. 38:**

Any and all Landamerica agentxtra or single source documents discussing closing protection letters.

DATED: November 15, 2013      By:   /s/ Randall Manvitz
*Attorneys for Third-Party Plaintiff* Ameriquest Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
55 Second Street, Suite 1700
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0700

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 55 Second Street, 17th Floor, San Francisco, California 94105.

On the date set forth below, I served the foregoing document described as:

**AMERIQUEST'S REQUESTS FOR PRODUCTION (SET TWO) PROPOUNDED ON CHICAGO TITLE INSURANCE, COMMONWEALTH LAND TITLE, FIDELITY NATIONAL TITLE INSURANCE COMPANY, LAWYERS TITLE INSURANCE COMPANY, TICOR TITLE INSURANCE COMPANY, AMERICAN PIONEER TITLE INSURANCE COMPANY, TRANSNATION TITLE INSURANCE COMPANY**

on the parties and/or their attorney(s) listed below by:

Albert Edwin Fowerbaugh, Jr.
Andy Shapiro
Butler, Rubin, Saltarelli & Boyd LLP
70 West Madison, Suite 1800
Chicago, IL 60602
(312) 696-4440
312-444-9294 (fax)
afowerbaugh@butlerrubin.com
ashapiro@butlerrubin.com

**BY EMAIL** On November 15, 2013, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

**BY FACSIMILE** I caused the above-named document(s) to be sent via facsimile transmission to the law office(s) and facsimile number(s) stated above. The transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 15, 2013, at San Francisco, California.

_____Sharon Royce_____          _____
                                                                                    (Signature)

```
11/15/2013 16:25 FAX 415 227 0770                                    ☒0001
```

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                1144
RECIPIENT ADDRESS       13124449294
DESTINATION ID
ST. TIME                11/15 16:23
TIME USE                02'00
PAGES SENT              11
RESULT                  OK
```



**BuchalterNemer**
A Professional Law Corporation

55 SECOND STREET, SUITE 1700 SAN FRANCISCO, CALIFORNIA 94105-3493
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

# FACSIMILE TRANSMISSION

**DATE:** November 15, 2013                **FILE NUMBER:**

**To:**

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| Albert Edwin Fowerbaugh, Jr.<br>Andy Shapiro<br>Butler, Rubin, Saltarelli & Boyd LLP | 312-444-9294 | (312) 696-4440 |

**FROM:** Randall L. Manvitz          **PHONE:**          (415) 227-3644

**RE:** In Re Ameriquest Mortgage Co.

| NUMBER OF PAGES WITH COVER PAGE: | 11 | Originals Will Not Follow |
|---|---|---|

**Message:**

IRS Circular 230 Disclosure: In order to comply with the requirements imposed by the Internal