## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
|  | ) |
|  | ) |
|  | )    MDL No. 1715 |
|  | ) |
| IN RE AMERIQUEST MORTGAGE CO. | )    Lead Case No. 05-cv-07097 |
| MORTGAGE LENDING PRACTICES | ) |
| LITIGATION | )    (Centralized before the Honorable |
|  | )    Marvin E. Aspen) |
|  | ) |
|  | ) |

### FIDELITY THIRD-PARTY DEFENDANTS' OBJECTIONS AND RESPONSES TO AMERIQUEST MORTGAGE COMPANY'S REQUEST FOR PRODUCTION (SET TWO) PROPOUNDED ON FIDELITY ENTITIES

Third-Party Defendants Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company (collectively the "Fidelity Third-Party Defendants"), by and through their undersigned counsel of record, hereby object and respond to third-party plaintiff Ameriquest Mortgage Company's ("AMC") Requests for Production (Set Two) Propounded on the Fidelity Entities as follows:

### GENERAL OBJECTIONS

1.      The Fidelity Third-Party Defendants object to AMC's document requests to the extent they purport to impose obligations upon the Fidelity Third-Party Defendants that are inconsistent with, or greater than, the duties imposed by the Federal Rules of Civil Procedure.

2.      The Fidelity Third-Party Defendants object to AMC's document requests to the extent they seek documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Such information will not be provided. In the event that any

such information is disclosed, such disclosure is inadvertent and does not constitute a waiver of privilege. In responding to the requests, the Fidelity Third-Party Defendants do not waive, but expressly preserve, all such privileges.

3. The Fidelity Third-Party Defendants object to AMC's document requests to the extent they seek documents that are outside the Fidelity Third-Party Defendants' possession, custody, or control.

4. The Fidelity Third-Party Defendants object to AMC's document requests in their entirety insofar as they seek production of electronically-stored information that is not reasonably accessible. The Fidelity Third-Party Defendants further object on the grounds that AMC's requests purport to require the restoration, search, and production of electronically-stored information.

5. The Fidelity Third-Party Defendants' responses to AMC's requests are based on information currently available at this stage of the litigation. The Fidelity Third-Party Defendants' investigation and discovery in this matter is ongoing. Further information and examination may disclose additional information related to these requests. As such, the Fidelity Third-Party Defendants' responses are provided without prejudice to their right to supplement these responses and provide additional information, or object to the production of further information, subsequently discovered.

6. A response to a request which states that the Fidelity Third-Party Defendants will produce documents is not a representation that such documents exist or ever have existed, but instead is a representation that to the extent such documents exist and are in the possession, custody, or control of the Fidelity Third-Party Defendants, they will be produced in accordance with the terms of the Fidelity Third-Party Defendants' response to the specific request.

7.     The Fidelity Third-Party Defendants object to the definition of "Chart" in AMC's requests to the extent that the "Chart" includes combinations of states and Fidelity Third-Party Defendants that are not at issue in the claims asserted against the Fidelity Third-Party Defendants.  To the extent that the "Chart" seeks documents not involving any of the cases included in the October 22, 2012 list of opt-out cases, which AMC provided to the Fidelity Third-Party Defendants' counsel, under which AMC continues to pursue third-party claims against the Fidelity Third-Party Defendants (the "October 2012 list"), the Fidelity Third-Party Defendants object to producing any such documents on the grounds they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

8.     To the extent that the Fidelity Third-Party Defendants reference prior discovery requests served upon them in either this proceeding or in the *Terry v. Ameriquest Mortgage Company* lawsuit (the "*Terry* lawsuit"), the Fidelity Third-Party Defendants incorporate herein by reference the objections, responses, and any judicial rulings regarding those prior discovery requests.

9.     These General Objections are incorporated by reference into each of the Fidelity Third-Party Defendants' specific responses below.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

Documents sufficient to show any and all forms of closing protection letters used by Third-Party Defendants for each of the corresponding states marked with an "X" on the Chart.

### ANSWER:

In addition to the General Objections stated above, to the extent this request seeks the production of forms of multi-transaction closing protection letters applicable to those cases

included on the October 2012 list, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of the discovery served upon the Fidelity Third-Party Defendants in this proceeding, including but not limited to Document Request No. 1 to AMC's First Set of Document Requests. To the extent that this request seeks the production of the forms of transaction-specific closing protection letters, the Fidelity Third-Party Defendants object to this request on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). To the extent that this request seeks forms of either multi-transaction or transaction-specific closing protection letters issued by Ticor in Illinois, the Fidelity Third-Party Defendants further object to this request on the ground that any such responsive documents have already been produced in the *Terry* lawsuit. The Fidelity Third-Party Defendants further object to this request on the grounds that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request Nos. 3, 21, 25, and 56 to the December 31, 2009 Subpoena To Produce Documents, Document Request Nos. 3, 21, 25, and 56 to the December 31, 2009 Subpoena to Testify At A Deposition, and Document Request No. 1 to the April 30, 2012 Subpoena to Testify At A Deposition. In addition to, but not waving these objections, the Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, imposes an undue burden upon them, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 2:**

Any and all employee lists for the brands and states listed in the Chart.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

Any and all organization charts for the brands and states listed in the Chart.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

Any and all Documents referencing risks Related To closing protection letters such as referenced in Ticor Bates No. 1894 which states that risks of certain verbiage was analyzed and modified, resulting in a substantial monetary savings.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Request No. 5 to AMC's Third Set of Document Requests. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

All Communications involving Donald Cole or persons supervised by Donald Cole relating to risks or exposure from closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants further object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Request No. 6 to AMC's Third Set of Document Requests. The Fidelity Third-Party Defendants also object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Fidelity Third-Party Defendants further object to this request to the extent that it seeks communications protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine.

**REQUEST NO. 6:**

Any and all Documents Relating To reasons for the modification of any closing protection letter from 2003 to the present. (This request is not intended to include a one-time modification to a form which was only to be used once and for a single transaction).

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Fidelity Third-Party Defendants further object to this request to the extent that it seeks communications protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine. The Fidelity Third-Party Defendants further object to this request on the grounds that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 7 to AMC's Third Set of Document Requests.

**REQUEST NO. 7:**

Any and all Documents discussing the meaning of "actual loss" as used in the closing protection letters or title insurance policies.

6

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants further object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 8 to AMC's Third Set of Document Requests, Interrogatory No. 11 to Ameriquest Mortgage Securities' Second Set of Interrogatories, and Topics VIII (9, 10, 11, 16) and Document Request Nos. 9, 10, 11, 12 to AMC's Revised Notice of Deposition of Ticor Title Insurance Company's Person Most Knowledgeable Re: Closing Protection Letter Interpretation. The Fidelity Third-Party Defendants object to this request on the grounds that it is vague, overbroad, imposes an undue burden on them as it would require the Fidelity Third-Party Defendants to manually review tens or hundreds of thousands of claim files to determine if any such documents exist, and because it seeks documents relating to a question of law, not fact, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8:**

Any and all Documents Relating to whether a closing protection letter is enforceable by assignees.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 9 to AMC's Third Set of Document Requests, Document Request Nos. 41 and 42 to the December 31, 2009 Subpoena to Produce Documents, and Document Request Nos. 41 and 42 to the December 31, 2009 Subpoena to Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden on them as it would require the

Fidelity Third-Party Defendants to manually review tens or hundreds of thousands of claim files to determine if any such documents exist, because it seeks documents relating to a question of law, not fact, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

Any and all Documents Relating To the alleged modification in Ticor's policy in Illinois concerning the mandatory completion of a regarding line for closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of the discovery requested by AMC in the *Terry* lawsuit, including but not limited to Document Request No. 10 to AMC's Third Set of Document Requests. The Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10:**

Any and all Documents Relating To the enforcement of the alleged Ticor policy in Illinois requiring the completion of the regarding line for closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of the discovery requested by AMC in the *Terry* lawsuit, including but not limited to Document Request No. 11 to AMC's Third Set of Document Requests. The Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11:**

Any and all Communications involving the American Land Title Association (ALTA) Relating To closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 12 to AMC's Third Set of Document Requests and Topic I(3) to the December 31, 2009 Subpoena To Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Fidelity Third-Party Defendants further object to this request to the extent that it seeks communications protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine

**REQUEST NO. 12:**

Any and all Documents Relating To the meaning of the word "Negligence" as used in the phrase or similar phrase: "Negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings" as used in closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants further object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 13 to AMC's Third Set of Document Requests and Document Request Nos. 39, 40, 48, 49, 50, 51, 52 to the December 31, 2009 Subpoena to Produce Documents, and Document Request Nos. 39, 40, 48, 49, 50, 51, 52 to the December 31, 2009 Subpoena to Testify At A Deposition. The Fidelity Third-Party Defendants

further object to this request on the grounds that it is vague, overbroad, imposes an undue burden on them as it would require the Fidelity Third-Party Defendants to manually review tens or hundreds of thousands of claim files to determine if any such documents exist, and because it seeks documents relating to a question of law, not fact, and not is reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**

Any and all Documents which suggest that "Negligence" as used in the phrase or similar phrase: "Negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings" as used in closing protection letters means anything other than "neglect."

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants further object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 14 to AMC's Third Set of Document Requests, Document Request Nos. 39, 40, 48, 49, 50, 51, 52 to the December 31, 2009 Subpoena to Produce Documents, and Document Request Nos. 39, 40, 48, 49, 50, 51, 52 to the December 31, 2009 Subpoena to Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden on them as it would require the Fidelity Third-Party Defendants to manually review tens or hundreds of thousands of claim files to determine if any such documents exist, because it seeks documents relating to a question of law, not fact, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14:**

Any and all claims files in which a claim has been paid under the following phrase or similar phrase: "Negligence of the Issuing Agent or Approved Attorney

in handling your funds or documents in connection with such closings" as used in closing protection letters. For purposes of this request, Ameriquest limits the search to cases known by in-house counsel for Third-Party Defendants to alleviate any need for a file by file search.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants further object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 16 to AMC's Third Set of Document Requests in the *Terry v. Ameriquest Mortgage Company* lawsuit, Document Request Nos. 39, 40, 48, 49, 50, 51, 52 to the December 31, 2009 Subpoena to Produce Documents, and Document Request Nos. 39, 40, 48, 49, 50, 51, 52 to the December 31, 2009 Subpoena to Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, imposes an undue burden on them as it would require the Fidelity Third-Party Defendants to manually review tens or hundreds of thousands of claim files to determine if any such documents exist, and because it seeks documents relating to a question of law, not fact, and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent that this request seeks production of specific claim files, the Fidelity Third-Party Defendants object to this request on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346).

**REQUEST NO. 15:**

Any and all documents listing types of closing protection letter forms used by any brand of the Fidelity National Title Group or Servicelink or Landamerica Financial Group.

**ANSWER:**

In addition to the General Objections stated above, to the extent that this request seeks the production of forms of multi-transaction closing protection letters applicable to those cases included on the October 2012 list, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in this action as in the *Terry* lawsuit, including but not limited to Document Request No. 1 in AMC's First Set of Document Requests served in this proceeding, and Document Request No. 3, 21, and 56 of the December 31, 2009 Subpoena For Production of Documents and Document Request No. 3, 21, and 56 of the December 31, 2009 Subpoena To Testify At A Deposition, served upon the Fidelity Third-Party Defendants in the *Terry* lawsuit. To the extent that this request seeks production of the forms of transaction-specific closing protection letters, the Fidelity Third-Party Defendants object to this request on the ground that it improperly seeks case-specific discovery which is not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). To the extent that this request seeks forms of either multi-transaction or transaction-specific closing protection letters issued by Ticor in Illinois, the Fidelity Third-Party Defendants further object to this request on the ground that any such responsive documents were already produced in the *Terry* lawsuit. In addition to, but not waving any of these objections, the Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, imposes an undue burden upon them, and not reasonably calculated to lead to the discovery of admissible evidence. Finally, the Fidelity Third-Party Defendants object to this request on the ground that Servicelink is not a party to these proceedings and as such this Court has no jurisdiction over it nor is it subject to party discovery in this proceeding.

**REQUEST NO. 16:**

An exemplar of any and all forms of closing protection letters for any brand in a geographic area which does not list a Bates Number on the chart produced during

the Don Cole deposition for any period of time between 2003 and 2006 including those used by Servicelink and Fidelity National in Florida.

**ANSWER:**

In addition to the General Objections stated above, to the extent that this request seeks the production of forms of multi-transaction closing protection letters applicable to those cases included on the October 2012 list, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the this action and in the *Terry* lawsuit, including but not limited to Document Request No. 1 in AMC's First Set of Document Requests served in this proceeding, as well as Document Request No. 10 to AMC's Fourth Set of Document Requests, Document Request No. 3, 21, and 56 of the December 31, 2009 Subpoena For Production of Documents, and Document Request No. 3, 21, and 56 of the December 31, 2009 Subpoena To Testify At A Deposition, all served in the *Terry* lawsuit. To the extent that this request seeks production of the forms of transaction-specific closing protection letters, then the Fidelity Third-Party Defendants object to this request on the ground that it improperly seeks case-specific discovery which was not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). To the extent that this request seeks forms of either multi-transaction or transaction-specific closing protection letters issued by Ticor in Illinois, the Fidelity Third-Party Defendants further object to this request on the ground that any such responsive documents were already produced in the *Terry* lawsuit. In addition to, but not waving any of these objections, the Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, imposes an undue burden upon them, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 17:**

Documents sufficient to show each form of Blanket Closing Protection letter used

by any Fidelity or Landamerica brand at any time between 2002 and 2006.

**ANSWER:**

In addition to the General Objections stated above, to the extent that this request seeks the production of forms of multi-transaction closing protection letters applicable to those cases included on the October 2012 list, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the this action and in the *Terry* lawsuit, including but not limited to Document Request No. 1 to AMC's First Set of Document Requests served in this proceeding, as well as Document Request Nos. 3, 21, and 56 of the December 31, 2009 Subpoena For Production of Documents, and Document Request No. 3, 21, and 56 of the December 31, 2009 Subpoena To Testify At A Deposition, all served in the *Terry* lawsuit. To the extent that this request seeks production of the forms of transaction-specific closing protection letters, then the Fidelity Third-Party Defendants object to this request on the ground that it improperly seeks case-specific discovery which was not permitted pursuant to Judge Aspen's September 3, 2013 Memorandum Opinion and Order (Dkt. No. 5346). To the extent that this request seeks forms of either multi-transaction or transaction-specific closing protection letters issued by Ticor in Illinois, the Fidelity Third-Party Defendants further object to this request on the ground that any such responsive documents have already been produced in the *Terry*. In addition to, but not waving any of these objections, the Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden upon them, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 18:**

Any and all Documents Relating To Blanket Closing Protection letters.

14

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the this proceeding and in the *Terry* lawsuit, including but not limited to Document Request No. 1 to AMC's First Set of Document Requests served in this proceeding and Document Request No. 12 to AMC's Fourth Set of Document Requests, Document Request Nos. 3, 5, 6, 8, 9, 11, 12, 13, 16, 21, 35, 36, 54, and 55 of the December 31, 2009 Subpoena For Production of Documents, and Document Request Nos. 3, 5, 6, 8, 9, 11, 12, 13, 16, 21, 35, 36, 54, and 55 of the December 31, 2009 Subpoena To Testify At A Deposition, Topic I(15) of the December 31, 2009 Subpoena To Testify At A Deposition, and Document Request Nos. 1, 2, 3, and 7 to the April 30, 2012 Subpoena To Testify At A Deposition, all served in the *Terry* lawsuit. The Fidelity Third-Party Defendants further object to this request on the grounds that is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:**

Any and all Documents Relating To the alleged Ticor-Illinois policy or practice of requiring approval of a blanket closing protection letter.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 13 to AMC's Fourth Set of Document Requests, Document Request Nos. 3, 8, 9, 10, 11, 12, 13, 16, 36, 54, and 55 of the December 31, 2009 Subpoena For Production of Documents, and Document Request Nos. 3, 8, 9, 10, 11, 12, 13, 16, 36, 54, and 55 of the December 31, 2009 Subpoena To Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 20:

Any and all Documents Relating To any mechanism to preclude the standard form closing protection letter on Agentrax from being issued with a blank regarding line.

### ANSWER:

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 14 to AMC's Fourth Set of Document Requests and Document Request Nos. 2, 3, and 7 to the April 30, 2012 Subpoena To Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 21:

Any and all Documents reflecting that any Fidelity or Landamerica brand ever used a process or procedure for requiring approval of a Blanket Closing Protection letter at any time during the 2003 to 2006 time period.

### ANSWER:

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 15 to AMC's Fourth Set of Document Requests, Document Request Nos. 3, 8, 9, 10, 11, 12, 16, 54, and 55 of the December 31, 2009 Subpoena For Production of Documents, and Document Request No. 3, 8, 9, 10, 11, 12, 16, 54, and 55 of the December 31, 2009 Subpoena To Testify At A Deposition. The Fidelity Third-

Party Defendants further object to this request on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22:**

>    Any and all documents relating to policies, procedures, or instructions for
>    completing a regarding or subject line (i.e. Re: or Re: Agent File #) for any
>    closing protection letter used at any time between 2002 and 2006.

>    **ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants

object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit,

including but not limited to Document Request No. 17 to AMC's Fourth Set of Document

Requests, Document Request No. 15 to AMC's Fourth Set of Document Requests, Document

Request Nos. 3, 8, 9, 10, 11, 12, 16, 54, and 55 of the December 31, 2009 Subpoena For

Production of Documents, and Document Request No. 3, 8, 9, 10, 11, 12, 16, 54, and 55 of the

December 31, 2009 Subpoena To Testify At A Deposition, and Document Request No. 2 to

AMC's April 30, 2012 Subpoena To Testify At A Deposition. The Fidelity Third-Party

Defendants further object to this request on the grounds that it is overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

>    Any and all documents relating to any instruction to leave a Re: line blank such as
>    TICOR 2036 including all email correspondence regarding the instruction and
>    responses thereto.

>    **ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants

object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit,

including but not limited to Document Request No. 18 to AMC's Fourth Set of Document

17

Requests, Document Request Nos. 3, 8, 9, 10, 11, 12, 16, 54, and 55 of the December 31, 2009

Subpoena For Production of Documents, and Document Request Nos. 3, 8, 9, 10, 11, 12, 16, 54,

and 55 of the December 31, 2009 Subpoena To Testify At A Deposition, and Document Request

No. 3 to AMC's April 30, 2012 Subpoena To Testify At A Deposition. The Fidelity Third-Party

Defendants further object to this request on the grounds that it is overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

> Documents sufficient to show the contents of fntagency.com website related to information about and forms for issuing Closing Protection Letters.

> **ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants

object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit,

including but not limited to Document Request No. 19 to AMC's Fourth Set of Document

Requests and Document Request No. 4 to AMC's April 30, 2012 Subpoena To Testify At A

Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds

that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Without waiving these objections or the General Objections stated above,

the Fidelity Third-Party Defendants state that they have never operated or maintained a website

with that URL.

**REQUEST NO. 25:**

> Any and all Documents Related To closing protection letters on the Agentxtra website or other Fidelity or Landamerica website.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 34 to AMC's First Set of Document Requests, Document Request Nos. 8, 15, 21, 22, 25, 26, 27, 28 and 45 to AMC's Second Set of Document Requests, Document Request Nos. 5 and 19 to AMC's Fourth Set of Document Requests, Document Request Nos. 21, 38, 43, 45, 46, and 57 of the December 31, 2009 Subpoena For Production of Documents, Document Request Nos. 21, 38, 43, 45, 46, and 57 of the December 31, 2009 Subpoena To Testify At A Deposition, and Document Request No. 4 to the April 30, 2012 Subpoena To Testify At A Deposition. In addition, the Fidelity Third-Party Defendants object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:**

All documents reflecting a policy, procedure, or practice of using "all closings" or similar words to signify a blanket closing protection letter.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 22 to AMC's Fourth Set of Document Requests and Document Request No. 7 to AMC's April 30, 2012 Subpoena. The Fidelity Third-Party Defendants further object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 27:**

19

Any and all communications with any party regarding the litigation with Ameriquest.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request, to the extent it requires them to produce copies of correspondence to AMC or its counsel on the ground that AMC is already in possession of these documents. The Fidelity Third-Party Defendants further object to this request to the extent that it seeks correspondence between them and other third-party defendants because such communications are protected from disclosure by the work-product and joint defense doctrines, as well as any other applicable privilege or doctrine. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 28:**

Any and all discovery responses of any Third-Party Defendant or deposition transcripts of a Third-Party Defendant employee or expert for any litigation in which the scope of coverage under a closing protection letter has been at issue. For purposes of this request, Ameriquest limits the search to cases known by in-house counsel for Third-Party Defendants to alleviate any need for a file by file search.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request Nos. 59 and 60 to the December 31, 2009 Subpoena to Produce Documents and Document Request Nos. 59 and 60 of the December 31, 2009 Subpoena to Testify at a Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden upon the

20

Fidelity Third-Party Defendants, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 29:**

All training materials Relating To closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 16 to AMC's First Set of Document Requests, Document Request Nos. 9 and 10 of the December 31, 2009 Subpoena to Produce Documents, and Document Request Nos. 9 and 10 of the December 31, 2009 Subpoena to Testify at a Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden upon the Fidelity Third-Party Defendants, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 30:**

All advertising, marketing, or promotional materials Relating To closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 21 to AMC's First Set of Document Requests, Document Request No. 11 of the December 31, 2009 Subpoena to Produce Documents, and Document Request No. 11 of the December 31, 2009 Subpoena to Testify at a Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds

that it is vague, overbroad, imposes an undue burden upon the Fidelity Third-Party Defendants,

and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**

All Documents explaining or construing closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants

object to this request on the ground that it is duplicative of the discovery sought in the *Terry*

lawsuit, including but not limited to Document Request Nos. 24 and 25 to AMC's First Set of

Document Requests, Document Request Nos. 12 and 13 of the December 31, 2009 Subpoena to

Produce Documents, and Document Request Nos. 12 and 13 of the December 31, 2009

Subpoena to Testify at a Deposition.  The Fidelity Third-Party Defendants further object to this

request on the grounds that it is vague, overbroad, imposes an undue burden upon the Fidelity

Third-Party Defendants, and is not reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST NO. 32:**

All Documents Relating To policies and procedures for issuing loan closing
protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants

object to this request on the ground that it is duplicative of the discovery sought in the *Terry*

lawsuit, including but not limited to Document Request Nos. 4, 16, 24, 25, and 29 to AMC's

First Set of Document Requests, Document Request Nos. 5, 6, 37, 38, 39, and 41 to AMC's

Second Set of Document Requests, Document Request Nos. 3, 10, and 11 to AMC's Third Set of

Document Requests, Document Request Noa. 12, 13, 14, 15, 16, 17, 18, and 22 to AMC's Fourth Set of Document Requests, Document Request No. 16 to the December 31, 2009 Subpoena to Produce Documents, Document Request No. 16 to the Subpoena to Testify at a Deposition, and Document Request No. 2 to the April 30, 2012 Subpoena to Testify at a Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden upon the Fidelity Third-Party Defendants, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 33:**

All files Relating To Ameriquest.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Fidelity Third-Party Defendants further object to this request on the ground that it is duplicative of the discovery sought in the *Terry* lawsuit, including but not limited to Document Request No. 39 to AMC's First Document Requests.

**REQUEST NO. 34:**

All Documents stating or limiting the authority of third-party defendant title companies or closing agents or approved attorneys.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of the discovery sought in both this proceeding and the *Terry* lawsuit, including but not limited to Document Request Nos. 6 and 7 to

AMC's First Set of Document Requests served in this proceeding, as well as Document Request

No. 36 to the December 31, 2009 Subpoena to Produce Documents and Document Request No.

36 to the December 31, 2009 Subpoena to Testify at a Deposition served upon the Fidelity Third-

Party Defendants in the *Terry* lawsuit. The Fidelity Third-Party Defendants further object to this

request on the grounds that it is vague, overbroad, imposes an undue burden upon the Fidelity

Third-Party Defendants, and is not reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST NO. 35:**

> Any and all claims manuals or underwriting manuals Relating To closing
> protection letters.

> **ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants

object to this request on the ground that it is duplicative of the discovery sought in the *Terry*

lawsuit, including but not limited to Document Request Nos. 16, and 29 to AMC's First Set of

Document Requests, Document Request No. 12 to AMC's Fourth Set of Document Requests,

Document Request Nos. 12, 13, of the December 31, 2019 Subpoena To Produce Documents,

and Document Request Nos. 12, and 13 of the December 31, 2019 Subpoena To Testify At A

Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds

that it is vague, overbroad, imposes an undue burden upon the Fidelity Third-Party Defendants,

and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 36:**

> Any and all Documents Relating To closing protection letters with respect to
> Notice of Right to Cancel forms.

> **ANSWER:**

24

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of the discovery sought in the *Terry* lawsuit, including but not limited to Document Request Nos. 4, 15, 16, 18, 19, 24, 25, 26, 27, 28, and 29 of AMC's First Set of Document Requests, Document Request Nos. 9, 10, 11, 12, 14, 31, 32, 33, 34, 35, and 36 of AMC's Second Set of Document Requests, Document Request Nos. 12, 13, 14, 15, 16, 39, 40, 41, 42, 48, 49, 50, 51, and 52 of the December 31, 2019 Subpoena To Produce Documents, and Document Request Nos. 12, 13, 14, 15, 16, 39, 40, 41, 42, 48, 49, 50, 51, and 52 of the December 31, 2019 Subpoena To Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden upon the Fidelity Third-Party Defendants, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 37:**

Any and all approved attorney letters for the brands and state combinations listed in the Chart applicable to Ameriquest Mortgage Company.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the ground that it is duplicative of the discovery sought in the *Terry* lawsuit, including but not limited to Document Request Nos. 3 and 4 to AMC's First Set of Document Requests, Document Request Nos. 3 and 5 to the December 31, 2009 Subpoena To Produce Documents, and Document Request Nos. 3 and 5 to the December 31, 2009 Subpoena To Testify At A Deposition. The Fidelity Third-Party Defendants further object to this request on the grounds that it is vague, overbroad, imposes an undue burden upon the Fidelity Third-Party Defendants, is not reasonably calculated to lead to the discovery of admissible evidence,

and seeks documents not relevant to any claim against the Fidelity Third-Party Defendants at issue in this proceeding.

**REQUEST NO. 38:**

Any and all Landamerica agentxtra or single source documents discussing closing protection letters.

**ANSWER:**

In addition to the General Objections stated above, the Fidelity Third-Party Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

Chicago Title Insurance Company, Commonwealth Land Title Insurance Company, Fidelity National Title Insurance Company, Lawyers Title Insurance Company, Ticor Title Insurance Company, American Pioneer Title Insurance Company, and Transnation Title Insurance Company.

By:_____
One of Their Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Ste. 1800
Chicago, Il 60602
Phone: (312) 444-9660
Fax: (312) 444-9287

## CERTIFICATE OF SERVICE

The undersigned on oath states that he served the foregoing on:

> Randall L. Manvitz
> Buchalter Nemer, P.C.
> 55 Second Street, Ste. 1700
> San Francisco, California 94105

> Joanne Davies, Esq.
> BuchalterNemer, P.C.
> 18400 Von Karman Avenue, Suite 800
> Irvine, California 92612-0514

by mailing same in a properly addressed envelope, postage prepaid, and by depositing same in the U.S. mail and by electronic mail on the 18th day of December, 2013.

_____
Albert E. Fowerbaugh, Jr.

511367