Graham, Claudia - Vol. 1   01/25/13   12:00:00 PM

```
 1
              IN THE UNITED STATES DISTRICT COURT
 2            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
 3
 4     ROSE TERRY, et al.,        )
                                  )
 5        Plaintiffs,             )
                                  )
 6        -vs-                    ) Case No. 08 CV 2475
                                  )
 7     AMERIQUEST MORTGAGE COMPANY,)
       et al.,                    )
 8                                )
          Defendants.             )
 9     _____)
                                  )
10     AMERIQUEST MORTGAGE COMPANY,)
       et al.,                    )
11                                )
          Third-Party Plaintiffs, )
12                                )
          -vs-                    )
13                                )
       FIRST AMERICAN TITLE INSURANCE )
14     COMPANY, et al.,           )
                                  )
15        Third-Party Defendants. )
16
              CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER
17
18         Deposition of CLAUDIA MARTIN GRAHAM, taken
19     before MARGARET A. BACHNER, CSR, RMR, CRR, and Notary
20     Public, pursuant to the Federal Rules of Civil
21     Procedure for the United States District Courts
22     pertaining to the taking of depositions for the
23     purpose of discovery, at Suite 1800, 311 South Wacker
24     Drive, Chicago, Illinois, on the 25th day of January,
25     A.D. 2013, at 10:03 a.m.        (448692)
```

Graham, Claudia - Vol. 1  01/25/13  12:00:00 PM

1  BY MR. MANVITZ:

2  Q.  And if the closing instructions require

3  the distribution of documents and that's not done,

4  does that constitute negligence as used in paragraph

5  2?

6  MR. SHAPIRO: Objection. Calls for a legal

7  conclusion. Incomplete hypothetical. Calls for

8  speculation. Lacks foundation.

9  But you can answer.

10  BY THE WITNESS:

11  A.  It could, yes.

12  BY MR. MANVITZ:

13  Q.  When you say "it could," why do you

14  preface that as "it could"?

15  MR. SHAPIRO: Same objections.

16  BY THE WITNESS:

17  A.  I think we'd have to examine all the

18  circumstances of the closing.

19  BY MR. MANVITZ:

20  Q.  Such as what?

21  A.  Well, I'd like to look at all the

22  documents. I'd like to look at the closing file.

23  I'd like to look at the closing instructions, as

24  well.

25  Q.  And what would you be looking for?

1    A.   I'd look for all my documents in order. I

2  don't know what I'd be looking for, but I'd be

3  looking for what I know should be there and what I --

4  and see what is there and what isn't there.

5    Q.   You don't know what you'd be looking for

6  with respect to an allegation that appropriate copies

7  of Notice of Right to Cancel Forms were not received?

8    MR. SHAPIRO: Objection. Calls for speculation.

9  Incomplete hypothetical.

10  BY THE WITNESS:

11    A.   In that closing file I'd look for -- look

12  for documents, maybe initials on the bottom of

13  documents. I'd look for closing instructions.

14  BY MR. MANVITZ:

15    Q.   Turning to paragraph 1 of Exhibit 3, the

16  May 24, 2005 Notice of Right to Cancel, if there's an

17  allegation that the mortgage can be rescinded because

18  the Notice of Right to Cancel Form was improperly

19  completed in violation of the written closing

20  instructions, does that fall within paragraph 1?

21    MR. SHAPIRO: Objection. Calls for a legal

22  conclusion. Incomplete hypothetical. Calls for

23  speculation.

24  BY THE WITNESS:

25    A.   Yes.