**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) MDL No. 1715 ) ) Lead Case No. 05-cv-07097 ) ) (Centralized before the Honorable ) Marvin E. Aspen) ) |

**TICOR TITLE INSURANCE COMPANY'S OPPOSITION TO
AMERIQUEST'S MOTION FOR EXTENDED BRIEFING SCHEDULE**

**INTRODUCTION**

The plaintiffs in the *Terry* action filed their complaint over eight years ago, alleging that Ameriquest Mortgage Company and others (collectively "Ameriquest") violated the Illinois Consumer Fraud Act and the Truth-in-Lending Act ("TILA") in connection with the origination of their mortgage loans. Nearly six years ago, Ameriquest asserted its third-party complaint in the *Terry action* against Ticor Title Insurance Company ("Ticor") and others, seeking to recover the amounts Ameriquest may be required to pay the plaintiffs in connection with their TILA claims. As to Ticor, Ameriquest alleged that Ticor issued to it "closing protection letters" under which Ticor agreed to reimburse Ameriquest for the actual loss arising from either the closing agent's failure to comply with Ameriquest's written closing instructions to the extent they related to the "validity, enforceability and priority" of Ameriquest's mortgage lien, or from the negligence of the settlement agent in handling Ameriquest's funds or documents. The parties engaged in extensive fact discovery regarding these third-party claims, which was completed on August 31, 2012.

Ticor recently filed its motion seeking summary judgment as to most of Ameriquest's claims against it. This Court gave Ameriquest one month to file its response. However, shortly before that deadline, Ameriquest filed its motion requesting this Court to indefinitely postpone the briefing on Ticor's motion. Ameriquest asks that it be given thirty days *after the completion of discovery* in the *In re Ameriquest* MDL proceeding – a separate action – to file its response. However, in both its motion and supporting affidavit, Ameriquest fails to identify, as required by Rule 56(d), any specific evidence it believes it will obtain through this additional discovery. Rather, Ameriquest states that it seeks to conduct discovery relating to Ticor's and Fidelity's own interpretation of the terms of its closing protection letters. However, that discovery is irrelevant to any issue presented in Ticor's motion for summary judgment because those issues do not require this Court to interpret and go behind the clear language of the terms of these alleged closing protection letters. It is clear that Ameriquest's motion is a simply an improper attempt to block Ticor's motion for summary judgment from proceeding. This Court should deny Ameriquest's motion and instead order it to file its response no later than November 21, 2014 – a three-week extension from its current deadline.[1]

## ARGUMENT

Ameriquest requests, pursuant to Rule 56(d)[2] of the Federal Rules of Civil Procedure, an open-ended extension of time to respond to Ticor's motion for summary. Under that rule, Ameriquest must identify, by affidavit, the "specific evidence that it reasonably believes it will discover if given the additional time." *Pickenpack v. Third Act Pictures, Inc.*, 2014 U.S. Dist.

---

[1] Ameriquest asserts that Ticor would not agree to any extension of the deadline to file its response to the motion for summary judgment. (Motion, at 5.) However, Ameriquest's counsel never requested from Ticor its agreement to a short extension. Rather, Ameriquest simply demanded that Ticor agree to postpone the filing deadline until after discovery was completed; a request which Ticor refused.

[2] Ameriquest's motion actually cites to Rule 56(f), which addresses the circumstances under which this Court may enter judgment independent of the filing of a motion for summary judgment. Ticor assumes that Ameriquest intended on bringing its motion pursuant to Rule 56(d).

LEXIS 9469 at *4 (N.D. Ill. January 27, 2014). "Specific assertions which could produce a genuine issue of material fact, not mere speculation, are required." *Theotokatos v. Sara Lee Personal Products*, 971 F. Supp. 332, 343 (N.D. Ill. 1997), citing, *U. S. v. On Leong Chinese Merchants Ass'n Bldg.*, 918 F.2d 1290, 1295 (7th Cir. 1990). Ameriquest failed to comply with this fundamental requirement. Nowhere in either its motion or accompanying affidavit does Ameriquest state with any specificity the evidence it believes it will uncover if given additional time to conduct discovery. Rather, Ameriquest merely identifies generally the discovery it seeks to take, and requests an open-ended time in which to take it. Requests for open-ended discovery such as this are improper. *Davis v. G.M. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005) ("This, however, is based on nothing more than mere speculation and would amount to a fishing expedition, which is an entirely improper basis for reversing a district court's decision to deny a Rule 56(f) motion.") It is clear that by requesting that briefing on Ticor's motion for summary judgment be suspended until the completion of *all* common discovery in the *In re Ameriquest MDL* litigation, Ameriquest is trying to use Rule 56(d) to block Ticor's motion for summary judgment. That too is not permitted. *Pickenpack*, 2014 U.S. Dist. LEXIS at *4 (Rule 56(d) "does not allow a party to block summary judgment simply by offering generalities about the need for further discovery."); *First Merit Bank, NA v. Emerald Properties, LLC*, 2014 WL 1292865 at *1 (N.D. Ill. March 28, 2014) (same).

The purpose of Rule 56(d) is to permit the non-movant an opportunity to obtain evidence "which could produce a genuine issue of material fact …." *U. S. v. Medco Physicians Unlimited*, 2000 U.S. Dist. LEXIS 5843 at *13 (N.D. Ill. March 15, 2000). However, the discovery Ameriquest argues it needs – documents and depositions regarding Ticor's and Fidelity's own interpretation of the meaning of the terms of their closing protection letters – cannot create any

3

genuine issue of material fact because "[c]ontract interpretation, including the question of whether a contract is ambiguous, involves conclusions of law." *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998). *See also Dick Corp. v. SNC-Lavalin Constructors, Inc.*, 2004 WL 2967556 at *3 (N.D. Ill. November 24, 2004) ("As contract interpretation is a matter of law …"). It is for this reason that Judge Chang *twice* denied Ameriquest discovery in the "interpretation of the closing protection letters as covering (or not covering) TILA claims" because "Ameriquest has not yet demonstrated that evidence outside the contractual text should be permitted as to this specific issue, as distinct from the single versus multiple transaction issue." (*Terry* Dkt. No. 759-1 at 5, attached as Exhibit 1.)[3]

Discovery regarding Ticor's and Fidelity's own interpretation of the terms of its closing protection letters is also irrelevant to every issue raised in Ticor's motion for summary judgment. Ticor argues in its motion that, as a matter of law, it is not required to reimburse Ameriquest for any losses arising from Ameriquest's own misconduct. For example, plaintiffs Michael Cox and Susan Lawrence testified that it was Ameriquest that conducted the closing of their loan and thus it was Ameriquest, *not the closing agent or Ticor*, that allegedly failed to properly complete and deliver to them the NORTC form. (*Terry* Dkt. No. 794 at ¶¶ 18-20.) Because Ameriquest was the cause of any loss it incurred in connection with the closing of this loan, Ticor is not liable to Ameriquest. This Court does not need evidence of Ticor's or Fidelity's interpretation of the terms of the closing protect letters to reach that conclusion: the closing protection letters on their face apply only to losses arising out of the "Failure of the *Issuing Agent* or *Approved Attorney* to

---

[3] In the *Terry* action, Ameriquest served extensive discovery upon Ticor and Fidelity, including document requests, deposition notices, and subpoenas seeking corporate-wide, and nationwide, discovery regarding Ticor's, Fidelity's, and the entire title insurance industry's interpretation of the terms of the closing protection letters. (*See*, Exhibit 2 at Request No. 25; Exhibit 3 at Topics 4-7, 9-11; Exhibit 4 at Request Nos. 48-52; Exhibit 5 at Topic Nos. 4-7, 9-11.) After Judge Chang denied Ameriquest's request for this discovery, Ameriquest filed a second motion seeking this discovery, which Judge Chang likewise denied. (*Terry* Dkt. Nos. 781, 785 at 12-13.)

comply with your written closing instructions…" (*Id.* at ¶¶ 58-59, emphasis added.) The terms "Issuing Agent" and "Approved Attorney" are defined in the closing protection letter form and do not encompass Ameriquest.[4] (*Id.* at ¶¶ 58-62.)

Ticor also argues that Ameriquest did not incur any covered loss in connection with those plaintiffs who paid off their loan, and Ameriquest released its mortgage lien securing that loan, *before* the plaintiff purported to exercise its right under TILA to rescind that loan. This too is a question of law that does not require this Court to engage in contract interpretation. The language of the closing protection letters used by Ticor during the relevant period of time provided that Ticor would only reimburse the recipient of the letter for actual loss incurred that arose from the:

> Failure of the Issuing Agent or Approved Attorney to comply with your written closing instructions to the extent that they relate to (a) the status of the title to said interest in land or the *validity, enforceability and priority of the lien* of said mortgage on said interest in land …

(*Terry* Dkt. No. 794 at ¶¶ 58-59, emphasis added.) Thus, the legal issue this Court must resolve is whether an attempt to rescind a loan *after* the lien securing that loan was released has any effect on the "validity, enforceability and priority" of Ameriquest's mortgage lien. For example, on June 7, 2005, Ameriquest made its mortgage loan to plaintiffs Jorge and Luisa Bolo (*Id.* at ¶ 14.) The following year, the Bolos refinanced that loan with another lender, and in connection with that refinancing, on September 29, 2006, Ameriquest released its mortgage lien securing that loan. (*Id*. at ¶ 15.) It was not until March 14, 2008 that the Bolos notified Ameriquest that they were rescinding this loan, nearly eighteen months *after* Ameriquest released its lien. The question of whether the Bolo's rescission of their loan in 2008 had any effect on the "validity,

---

[4] The "Issuing Agent" is defined in the closing protection letter as the "agent authorized to issue title insurance" on Ticor's behalf and the "Approved Attorney" is the "attorney who has been certified by the Company to perform title examinations and settlement services." (*Terry* Dkt. No. 794 at ¶¶ 60-61.)

enforceability and priority" of Ameriquest's mortgage lien that was released in September 2006 is a legal issue that does not require this Court to interpret the language of any applicable closing protection letter. The same is true for the other plaintiffs at issue in Ticor's motion.

The other issues presented in Ticor's motion for summary judgment likewise do not require this Court to go behind the plain language of the closing protection letters. For example, the issue of whether plaintiffs Juan Baez' and Cruz Rivera's rescission demand was untimely, and thus could have no legal effect on the "validity, enforceability and priority" of Ameriquest's mortgage lien, is a question of law, not of contract interpretation. (*Terry* Dkt. No. 793 at 9-11.) Likewise, the remaining issues presented in Ticor's motion for summary judgment do not require this Court to interpret the terms of the closing protection letters. The issue of whether Ameriquest can assert against Ticor a claim for equitable contribution for TILA violations is a legal issue that this Court has already resolved. *In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 589 F. Supp. 2d 987, 992-994 (N.D. Ill. 2008). This Court also previously addressed the final legal issue in Ticor's motion – whether the acts or omissions of settlement agents with regard to the completion and delivery of the TILA Notice of Right To Cancel forms to the plaintiffs can constitute negligence. *Id*. at 992-993; *In re Ameriquest Mortg. Lending Practices Litig.*, 2010 WL 290493 at *5 (N.D. Ill. Jan. 19, 2010).

## CONCLUSION

Ticor's and Fidelity's interpretation of the terms of Ticor's closing protection letters are not relevant to the resolution of any of the issues in Ticor's motion for summary judgment, and therefore this Court should not delay the resolution of Ticor's motion based on Ameriquest's claim that it needs this discovery to respond to Ticor's motion for summary judgment. Ameriquest's claims against Ticor have been pending for over six years and the adjudication of

those claims should be further, and indefinitely, put on hold to allow Ameriquest to conduct that has no relevance to Ticor's motion. Therefore, this Court should deny Ameriquest's motion and to require it to file its response to Ticor's Motion for Summary Judgment by November 21, 2014.

                              Respectfully submitted,

                              TICOR TITLE INSURANCE COMPANY

                              By: /s/ Albert E. Fowerbaugh, Jr.
                                    One of Its Attorneys

Albert E. Fowerbaugh, Jr.
Andrew D. Shapiro
Sandra J. Durkin
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Ste. 1800
Chicago, IL  60602

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true copy of Third-Party Defendant Ticor Title Insurance Company's Opposition To Ameriquest's Motion For Extended Briefing Schedule was served on October 28, 2014 on all counsel of record, in accordance with Fed. R. Civ. P. 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Albert E. Fowerbaugh, Jr.

520473