# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE TERRY, et al. | Case No. 1:08-CV-02475 |
| Plaintiffs, | Honorable David H. Coar |
| v. | |
| AMERIQUEST MORTGAGE COMPANY, et al., | **NOTICE OF DEPOSITION OF TICOR TITLE INSURANCE COMPANY'S PERSON MOST KNOWLEDGEABLE RE: CLOSING PROTECTION LETTER INTERPRETATION** |
| Defendant. | |
| AMERIQUEST MORTGAGE COMPANY, et al. | Date: January 29, 2010 |
| Third-Party Plaintiffs | Time: 9:00 a.m. |
| v. | Place: Winston and Strawn LLP, 35 West Wacker Drive Chicago, Illinois |
| FIRST AMERICAN TITLE INSURANCE COMPANY, et al. | |
| Third-Party Defendants | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6) and 45, Third-Party Plaintiff Ameriquest Mortgage Company ("Ameriquest") will take the depositions upon oral examination, to be recorded by stenographic means and videotape, at the offices of Winston and Strawn LLP, 35 West Wacker Drive, Chicago, Illinois, of Ticor Title Insurance Company ("Ticor"). Ticor is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of Ticor concerning the subject matter described on Attachment A hereto. The deposition(s) will commence at 9:00 a.m. on January 29, 2010. If necessary, each deposition will be adjourned until completed.

NOTICE IS FURTHER GIVEN that Third-Party Plaintiff Ameriquest will record the testimony at the above-described deposition by videotape, instant display of testimony, and/or audiotape in addition to recording this testimony by stenographic method.

PLEASE TAKE FURTHER NOTICE that this notice is accompanied by a Request for Production of Documents, as set forth in Exhibit B. Such documents should be produced to

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4987631v1

1

1    Buchalter Nemer, 333 Market St. 25th Floor, San Francisco, California, on or before January 21,

2    2010.

3

4                            **DEFINITIONS AND INSTRUCTIONS**

5           For purposes of responding to this Notice and the Requests herein, the following terms

6    shall have the meaning indicated below:

7                  1.      The terms "You" and "Your" means responding parties: Ticor Title

8    Insurance Company, their agents, employees and all other persons acting or purporting to

9    act on his or her behalf.

10                 2.      The term "Loan" or "Loans" refers to the credit transaction(s) which

11   is/are the subject of this lawsuit.

12                 3.      "Person" or "Persons" means any natural Person, or any legal entity or

13   organization including corporations, firms, joint ventures, voluntary or unincorporated

14   associations, organizations, proprietorships, trusts, estates, governmental agencies,

15   commissions, bureaus corporations and divisions, and any subsidiaries and departments

16   thereof.

17                 4.      "Ticor" means Ticor Title Insurance Company, its agents, predecessors,

18   representatives, assigns, partners, employees, independent contractors, attorneys,

19   consultants, and each and every person or entity acting or purporting to act on its behalf or

20   interest for any purpose whatsoever.

21                 5.      "Tristar" means Tristar Title Company LLC, its agents, predecessors,

22   representatives, assigns, partners, employees, independent contractors, attorneys,

23   consultants,  and each and every person or entity acting or purporting to act on its behalf

24   or interest for any purpose whatsoever.

25                 6.      "Northwest" means Northwest Title and Escrow Corporation, its agents,

26   predecessors, representatives, assigns, partners, employees, independent contractors,

27   attorneys, consultants,  and each and every person or entity acting or purporting to act on

28   its behalf or interest for any purpose whatsoever.

1

2  DATED:  December 22, 2009

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:___ /s/ Randall Manvitz_____

*Attorneys for Third-Party Plaintiff* Ameriquest
Mortgage Company

Randall L. Manvitz (admitted *pro hac vice*)
Buchalter Nemer
333 Market St. 25th Floor
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile:  (415) 227-0700

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4987631v1

3

**NOTICE OF DEPOSITION OF TICOR'S PMK & REQUEST FOR DOCUMENTS**

## EXHIBIT A

### TOPIC VIII. INTERPRETATION OF CLOSING PROTECTION LETTER

    1.    The reasons for closing protection letters.

    2.    The different forms and drafting history of Ticor's closing protection letter forms used in Illinois from 1986 to the present.

    3.    Ticor or its related entities' participation in the drafting, review, approval, adoption, or interpretation of the ALTA form Insured Closing Letter, 1987 form.

    4.    The title industry's and Ticor's interpretation of the following language in the closing protection letter as it relates to whether rescission under the Truth-In-Lending Act causing a lender to lose its priority lien status is encompassed within that exclusion:

"Failure of the Issuing Agent or Approved Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the Company. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent."

    5.    The identification of all persons and entities who support Ticor's interpretation of the language referenced immediately above.

    6.    The title industry's and Ticor's interpretation of the following language from a closing protection letter as it relates to whether rescission causing a lender to lose its priority lien status is covered by the closing protection letter:

"Failure of the Issuing Agent or Approved Attorney to comply with your closing instructions to the extent that they relate to (a) the status of title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land, including the obtaining of documents and the disbursement of funds necessary to establish such status of title or lien, or (b) the obtaining of any other document, specifically required by you...."

4

7.      The identification of all persons and entities who support Ticor's interpretation of the language referenced immediately above.

8.      The title industry's and Ticor's interpretation and treatment of the closing protection letter as enforceable by assignees of the loan.

9.      All Communications in which Ticor has previously stated that a closing protection letter does not cover a loss arising out of a failure to follow instructions that results in a Truth-In-Lending violation.

10.     All Communications in which Ticor has previously stated that a closing protection letter does cover a loss arising out of a failure to follow instructions that results in a Truth-In-Lending violation.

11.     Communications by Ticor relating to whether a closing protection letter is issued covers a loss arising out of an agent's failure to follow closing instructions resulting in a claim against the insured excluded from coverage by the title insurance policy.

12.     Communications between Ticor, Tristar, or Northwest and Ameriquest regarding closing protection letters.

13.     All Ticor claims files for any claim under a closing protection letter involving an alleged loss by an assignee of the loan in which the closing protection letter did not expressly apply to assignees.

14.     Claims processing for claims under a closing protection letter

15.     All policies and procedures for processing claims under a closing protection letter.

16.     All instructions provided to claims processers concerning the interpretation of the closing protection letter.

17.     The claims management system and processes for searching for particular types of claims and claims handling history.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.     The search undertaken for Documents responsive to Ameriquest 's Request for Production of Documents Set One and Two as it relates to responsive documents within the scope of the aforementioned topics.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4987631v1

6

**NOTICE OF DEPOSITION OF TICOR'S PMK & REQUEST FOR DOCUMENTS**

**EXHIBIT B**

**DEFINITIONS**

1.  "Ameriquest" means Ameriquest Mortgage Company, its agents, representatives, assigns, employees, attorneys, parent entities, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

2.  "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

3.  "Document" and "Documents" shall have the meaning ascribed to those terms in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

4.  "Relate To" or "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4987631v1

7

**NOTICE OF DEPOSITION OF TICOR'S PMK & REQUEST FOR DOCUMENTS**

5.    "Ticor" means Ticor Title Insurance Company, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

6.    "You" and "Your" means Ticor, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

7.    The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

8.    "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

9.    "Tristar" means Tristar Title Company LLC, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

10.    "Northwest" means Northwest Title and Escrow Corporation, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

## INSTRUCTIONS

1.    Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2.   The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

3.   Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 2001 to the date of Your production.

4.   If any responsive Document was, but is no longer in Your possession, custody or control, provide the following information;

  (a)   The disposition of the Document;

  (b)   The date such disposition was made;

  (c)   The custodian of the Document at the time You disposed of the Document, and any present custodian of the document, if known;

  (d)   Identify the Person who made the decision to dispose of the Document;

  (e)   State the reason for the disposition;

  (f)   Describe the Document and the contents of the Document, including the title, subject matter, number of pages, author(s), job title or positions of the author(s) and recipients and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.   Where a claim of privilege is asserted in objecting to any request or part thereof, and information is withheld on the basis of such assertion:

  (a)   Identify the nature of the privilege (including work product) that is being claimed; and

  (b)   Provide the following information in a privilege log accompanying Your response:

    (i)   The paragraph of this request to which such Document is responsive;

    (ii)   The type of Document,

    (iii)   The general subject matter of the Document;

9

1               (iv)    The date of the Document, the custodian, author(s), all recipients,

2 together with the job titles or positions of the author(s) and recipients, and, where not apparent,

3 the relationship of the author, addressee, custodian, and any other recipient to each other.

4       6.    If any part of a Document is responsive, produce the entire Document. If You

5 assert privilege with respect to any part of a responsive Document, redact the privileged portion

6 and indicate clearly on the Document where material was redacted by the legend "REDACTED-

7 PRIVILEGED." Redacted Documents should be produced even if You believe that the non-

8 redacted portion is not responsive. Please identify redactions on Your privilege log in the same

9 manner as withheld Documents.

10      7.    If You withhold any Document responsive to any request for any reason other than

11 a claim of attorney-client privilege or work-product protection, provide a list identifying each

12 such Document withheld, the asserted basis for withholding the Document, the custodian, the date

13 of the Document, the author(s), all recipients, together with the job titles or positions of the

14 author(s) and recipients, the subject matter of the Document and the paragraph of this Request to

15 which each such Document relates.

16      8.    Documents in electronic format should be made available electronically in their

17 native file format, unless another form or format is specifically requested. If You believe that

18 production in a specified electronic format is overly burdensome, You should so state in Your

19 response to these requests and produce Documents in reasonably usable form. Defendant

20 reserves the right to seek the production of additional Documents in an alternative form or format

21 from that in which they were originally produced.

22      9.    If, in responding to this Document request, You believe that any request,

23 instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the

24 construction used in responding.

25      10.    Your obligation to produce Documents responsive to these requests is continuing.

26 If You create or discover responsive Documents after Your initial response to these requests,

27 promptly produce such Documents in accordance with these instructions or follow the procedures

28 specified for Documents withheld under a claim of privilege or otherwise.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4987631v1

10

11. These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

12. Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are directed, pursuant to FRCP 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Ameriquest without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Documents relied upon to support the following testimony from Ethan Powsner: "Powsner estimated that 98% of all real estate transactions have a closing protection letter." *Ticor Title Insurance v. National Abstract Agency, Inc.,* Case No. 05-CV-73709, U.S. District Court, E.D. Michigan, Docket No. 98 para. 55.

**REQUEST NO. 2:**

Ticor's discovery responses in Ticor Title Insurance v. National Abstract Agency, Inc., Case No. 05-CV-73709, U.S. District Court, E.D. Michigan.

**REQUEST NO. 3:**

All deposition transcripts of Ethan Powsner (i.e. transcript dated February 27, 2007) and any other Ticor employee or agent from in *Ticor Title Insurance v. National Abstract Agency, Inc.,* Case No. 05-CV-73709, U.S. District Court, E.D. Michigan.

**REQUEST NO. 4:**

All Documents referencing any exposure or reserve based on closing protection letters claimed to cover more than a single loan transaction.

**REQUEST NO. 5:**

All Documents Relating To the frequency of issuance or number of master or global closing protection letters issued by Ticor.

**REQUEST NO. 6:**

All Documents referencing the authority of agents to issue global or master closing protection letters.

**REQUEST NO. 7:**

All Documents Relating To the following Tristar files: TTC04-01782; TTC06-00065; TTC05-04683; TTC06-07311; TTC04-01782; TTC04-01963; TTC04-03453; TTC04-05876; TTC04-02986; TTC04-00432; TTC04-0685; TTC04-01686; TTC04-0023; TTC04-01955; TTC04-0065; TTC04-00125; TTC04-01225; TTC04-03872; TTC04-01695; TTC06-01272; TTC06-02200; TTC06-00250; TTC06-03898; TTC05-04683; TTC05-08235; TTC05-04215; TTC05-07132; TTC05-12322; TTC05-9603; TTC05-6125; TTC05-04875; TTC05-04298; TTC05-13101; TTC06-07311; TTC06-07398; TTC06-07750; TTC06-8219; TTC06-08008; TTC06-08222; TTC06-6282; TTC5356; TTC06-01929; TTC04798.

**REQUEST NO. 8:**

All Documents Relating To Ticor's closing protection letter tracking system allegedly only showing five closing protection letters for Ameriquest.

**REQUEST NO. 9:**

All claims files for any claim under a closing protection letter involving the alleged failure to deliver sufficient notices of right to cancel forms to a borrower.

**REQUEST NO. 10:**

All Documents Relating To any claims based on a closing protection letter involving the alleged failure to deliver sufficient notices of right to cancel forms to a borrower.

**REQUEST NO. 11:**

All claims files for any claim under a closing protection letter involving a loss arising out of TILA or other consumer protection law claim by a borrower against a lender.

**REQUEST NO. 12:**

All Documents Relating To any claim under a closing protection letter involving a loss arising out of TILA or other consumer protection law claim by a borrower against a lender.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4987631v1

**NOTICE OF DEPOSITION OF TICOR'S PMK & REQUEST FOR DOCUMENTS**

**REQUEST NO. 13:**

All claims files for any claim under a closing protection letter involving an alleged loss by an assignee of the loan in which the closing protection letter did not expressly apply to assignees.

**REQUEST NO. 14:**

All Documents Relating To any claim under a closing protection letter involving a loss by an assignee of the loan in which the closing protection letter did not expressly apply to assignees.

**REQUEST NO. 15:**

Documents sufficient to show the number of Ticor closing protection letters issued for loans in which Tristar was the issuing agency.

**REQUEST NO. 16:**

Documents sufficient to show the number of Ticor closing protection letters issued for loans in which Northwest was the issuing agency.

**REQUEST NO. 17:**

All Documents identified in Your responses to Ameriquest's Interrogatories, Set One.

**REQUEST NO. 18:**

All Documents which support each of Your responses to Ameriquest's Request for Admissions, Set One which are other than an unqualified admission.

**REQUEST NO. 19:**

All Documents which will allow the inspection of Tristar's system for tracking closing protection letters in use at anytime between 2004 and 2006.

**REQUEST NO. 20:**

All Documents which will allow the inspection of Northwest's system for tracking closing protection letters in use at anytime between 2004 and 2006.

**REQUEST NO. 21:**

All Documents which will allow the inspection of Ticor's system for tracking closing protection letters in use at anytime between 2004 and 2006.

**REQUEST NO. 22:**

A copy of Tristar's system for tracking closing protection letters in use at anytime between 2004 and 2006.

**REQUEST NO. 23:**

A copy of Northwest's system for tracking closing protection letters in use at anytime between 2004 and 2006.

**REQUEST NO. 24:**

A copy of Ticor's system for tracking closing protection letters in use at anytime between 2004 and 2006.

**REQUEST NO. 25:**

All data reflecting the issuance of Ticor closing protection letters relating to Ameriquest from 2000 to the present.

**REQUEST NO. 26:**

All data reflecting the issuance of Ticor closing protection letters from 2004 to 2006.

**REQUEST NO. 27:**

All data reflecting any Ticor closing protection letter that was issued with an incomplete address field.

**REQUEST NO. 28:**

All software necessary to review data reflecting closing protection letters which have been issued by Ticor from 2004 to 2006.

**REQUEST NO. 29:**

All Documents relating to the frequency of the issuance of closing protection letters for Ticor by Northwest.

**REQUEST NO. 30:**

All Documents relating to the frequency of the issuance of closing protection letters for Ticor by Tristar.

**REQUEST NO. 31:**

All Documents in which Ticor informed anyone (before denying coverage under a closing protection letter) that a closing protection letter does not cover a claim based on an agent's failure to follow instructions that results in a violation of any consumer credit protection or truth in lending law.

**REQUEST NO. 32:**

All Documents in which Ticor informed anyone that a closing protection letter does not cover a claim based on an agent's failure to follow closing instructions that results in a violation of any consumer credit protection or truth in lending law.

**REQUEST NO. 33:**

All Documents in which Ticor or its related entities stated that a closing protection letter may cover a failure to follow closing instructions that results in a Truth-In-Lending violation.

**REQUEST NO. 34:**

All Documents Relating To Your contention that a closing protection letter does not cover a failure to follow closing instructions that results in a Truth-In-Lending violation including but not limited to any prior statements by Ticor or its related entities stating the same.

**REQUEST NO. 35:**

All Documents Relating To Your contention that a closing protection letter does not cover a failure to follow closing instructions that results in a consumer protection violation including but not limited to any prior statements by Ticor or its related entities stating the same.

**REQUEST NO. 36:**

All Documents Relating To Your contention that a closing protection letter does not cover a loss arising out of a consumer protection violation including but not limited to any prior statements by Ticor or its related entities stating the same.

**REQUEST NO. 37:**

All Documents reflecting that Tristar was ever informed that it was not authorized to issue a blanket or master closing protection letter to a lender.

1    **REQUEST NO. 38:**

2        All Documents reflecting that Northwest was ever informed that it was not authorized to

3    issue a blanket or master closing protection letter to a lender.

4    **REQUEST NO. 39:**

5        All Documents reflecting that any Ticor agent was ever informed that it was not

6    authorized to issue a blanket or master closing protection letter to a lender.

7    **REQUEST NO. 40:**

8        All Documents reflecting the frequency that Ticor issued closing protection letters for

9    each year from 2001 to the present.

10   **REQUEST NO. 41:**

11       All Documents reflecting any efforts made by Ticor to restrict the ability of its agents to

12   issue closing protection letters that are not limited to a specific property or loan.

13   **REQUEST NO. 42:**

14       Each form of a closing protection letter used by Ticor from 1986 to the present.

15   **REQUEST NO. 43:**

16       Documents sufficient to determine how many closing protection letters were issued by

17   Tristar for Ticor.

18   **REQUEST NO. 44:**

19       Documents sufficient to determine how many closing protection letters were issued by

20   Northwest for Ticor.

21   **REQUEST NO. 45:**

22       Documents sufficient to determine how many closing protection letters were issued by

23   Tristar or Northwest for Ticor without complete information to indicate the scope of its coverage.

24   **REQUEST NO. 46:**

25       All Documents that relate, reflect, or refer to any claims or complaints filed against YOU

26   by any person or entity in connection with a transaction involving Angela Bartucci, Cesar Gaitan,

27   Kiley King, Lynne A. Love, Tia M. Martin, Helen F. Mitchell-Carter, Joan M. Pridgeon, Michael

28   R. Smith, Melissa Thomas, and Jackie Vasquez.

1     **REQUEST NO. 47:**

2        All of your policies and procedures for following lender's closing instructions.

3     **REQUEST NO. 48:**

4        All of your policies and procedures for ensuring that closing documents are properly

5   provided to the borrower.

6     **REQUEST NO. 49:**

7        All of your policies and procedures that relate to inserting the signing date in the Notice of

8   Right to Cancel Form.

9     **REQUEST NO. 50:**

10       All of your policies and procedures that relate to inserting the final date to cancel in the

11   Notice of Right to Cancel Form.

12    **REQUEST NO. 51:**

13       All of your policies and procedures that relate to delivery to the borrower of the correct

14   number of properly dated Notices of Right to Cancel Form.

BN 4987631v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**NOTICE OF DEPOSITION OF TICOR'S PMK & REQUEST FOR DOCUMENTS**