# Exhibit 5

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSE TERRY, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:08-CV-02475 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, et al., | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Illinois |
| | ) | Eastern Division) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

　　Fidelity National Financial, Inc.
　　c/o Agent for Service of Process
　　C T Corporation System
　　818 West Seventh Street
　　Los Angeles, CA 90017

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
　　SEE ATTACHMENT A

| Place: Buchalter Nemer 18400 Von Karman Avenue, Suite 800 Irvine, CA  92612 | Date and Time: January 21, 2010 9:00 a.m. |
|---|---|

　　The deposition will be recorded by this method:　 stenographic means and videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
　　SEE ATTACHMENT B

　　The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:　December 31, 2009

　　　　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　OR

_____　　　　　　　_____
　　*Signature of Clerk or Deputy Clerk*　　　　　　　　　　*Attorney's signature*

　　　　　　　　　　　　　　　　　　　　　　　　Randall L. Manvitz

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* .
Ameriquest Mortgage Co _____ , who issues or requests this subpoena, are:
Buchalter Nemer, 333 Market St. 25th Floor, San Francisco, California 94105; Telephone: (415) 227-0900;
rmanvitz@buchalter.com

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:08-CV-02475

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:


American LegalNet, Inc.
www.FormsWorkFlow.com

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

For purposes of responding to this Notice and the Requests herein, the following terms shall have the meaning indicated below:

1.     The terms "You" and "Your" means responding parties: Ticor Title Insurance Company, their agents, employees and all other persons acting or purporting to act on his or her behalf.

2.     The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit.

3.     "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

4.     "Fidelity" means Fidelity National Financial, Inc., Fidelity National Title Group, Inc. and its title insurance underwriters, subsidiaries, agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

5.     "Ticor" means Ticor Title Insurance Company, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

6.     "Tristar" means Tristar Title Company LLC, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

1    7.    "Northwest" means Northwest Title and Escrow Corporation, its agents,

2    predecessors, representatives, assigns, partners, employees, independent contractors,

3    attorneys, consultants, and each and every person or entity acting or purporting to act on

4    its behalf or interest for any purpose whatsoever.

5    **TOPIC I: CLOSING PROTECTION LETTER**

6    1.    The reasons for closing protection letters.

7    2.    The different forms and drafting history of Ticor's closing protection letter

8          forms used in Illinois from 1986 to the present.

9    3.    Fidelity or its related entities' participation in the drafting, review

10         approval, adoption, or interpretation of the ALTA form Insured Closing

11         Letter, 1987 form.

12   4.    The title industry's and Fidelity's interpretation and treatment of the

13         following language in the closing protection letter as it relates to whether

14         rescission under the Truth-In-Lending Act causing a lender to lose its

15         priority lien status is encompassed within that exclusion:

16   "Failure of the Issuing Agent or Approved Attorney to comply with your closing

17   instructions which require title insurance protection inconsistent with that set forth in the title

18   insurance binder or commitment issued by the Company. Instructions which require the removal

19   of specific exceptions to title or compliance with the requirements contained in said binder or

20   commitment shall not be deemed to be inconsistent."

21   5.    The identification of all persons and entities who support Fidelity's

22         interpretation of the language referenced immediately above.

23   6.    The title industry's and Fidelity's interpretation and treatment of the

24         following language from a closing protection letter as it relates to whether

25         rescission causing a lender to lose its priority lien status is covered by the

26         closing protection letter:

27   "Failure of the Issuing Agent or Approved Attorney to comply with your closing

28   instructions to the extent that they relate to (a) the status of title to said interest in land or the

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 5032836v1

**NOTICE OF DEPOSITION OF FIDELITY'S PMK & REQUEST FOR DOCUMENTS**

validity, enforceability and priority of the lien of said mortgage on said interest in land, including the obtaining of documents and the disbursement of funds necessary to establish such status of title or lien, or (b) the obtaining of any other document, specifically required by you…."

7. The identification of all persons and entities who support Fidelity's interpretation of the language referenced immediately above.

8. The title industry's and Fidelity's interpretation and treatment of the closing protection letter as enforceable by assignees of the loan.

9. All Communications in which Fidelity has previously stated that a closing protection letter does not cover a loss arising out of a failure to follow instructions that results in a Truth-In-Lending violation.

10. All Communications in which Fidelity has previously stated that a closing protection letter does cover a loss arising out of a failure to follow instructions that results in a Truth-In-Lending violation.

11. Communications by Fidelity relating to whether a closing protection letter is issued covers a loss arising out of an agent's failure to follow closing instructions resulting in a claim against the insured excluded from coverage by the title insurance policy.

12. Communications between Fidelity, Ticor, Tristar, or Northwest and Ameriquest regarding closing protection letters.

13. All Fidelity claims files for any claim under a closing protection letter involving an alleged loss by an assignee of the loan in which the closing protection letter did not expressly apply to assignees.

14. Claims processing for claims under a closing protection letter and policies and procedures for processing claims under a closing protection letter including all instructions provided to claims processers concerning the interpretation of closing protection letters.

15.  Issuance of master, general, or global closing protection letters to Ameriquest and any restrictions on the authority or ability of an employee or agent to provide such as letter.

16.  The tracking and storage of closing protection letters from 2003 to the present.

17.  The claims management system and processes for searching for particular types of claims and claims handling history.

18.  The search undertaken for Documents responsive to Ameriquest 's Request for Production of Documents Set One and Two as it relates to responsive documents within the scope of the aforementioned topics.

## ATTACHMENT B

## DEFINITIONS

1.      "Ameriquest" means Ameriquest Mortgage Company, its agents, representatives, assigns, employees, attorneys, parent entities, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

2.      "Communications" means and includes correspondences, conversations and al other forms of information exchange, whether written, verbal, by telephone, electronic mail facsimile or other mode of transmission.

3.      "Document" and "Documents" shall have the meaning ascribed to those terms in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared.  The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

4.      "Relate To" or "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

5.     "You" and "Your" means Fidelity National Financial, Inc., its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, subsidiaries, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

6.     The term "Loan" or "Loans" refers to the credit transaction(s) which is/are the subject of this lawsuit and which are identified on the chart attached hereto as Exhibit "1".

7.     "Person" or "Persons" means any natural Person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

8.     "Ticor" means Ticor Title Insurance Company, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants, and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

9.     "Tristar" means Tristar Title, LLC, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants,  and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

10.     "Northwest" means Northwest Title & Escrow Corporation, its agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants,  and each and every person or entity acting or purporting to act on its behalf or interest for any purpose whatsoever.

11.     "Closing Agents" means those parties identified as closing agents on the chart attached hereto as Exhibit "1", their agents, predecessors, representatives, assigns, partners, employees, independent contractors, attorneys, consultants,  and each and every person or entity acting or purporting to act on their behalf or interest for any purpose whatsoever.

## INSTRUCTIONS

1.     Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner.   If

1    Documents are produced on CD, include with the CD the appropriate file that will ensure that

2    when printed in hard copy form, the integrity of individual Documents is maintained.

3        2.      The document requests set forth below pertain to all Documents available to You

4    including all Documents in Your possession, custody or control.

5        3.      Unless otherwise specified, the document requests set forth below pertain to

6    Documents that were prepared, generated, written, sent, dated or received during the time period

7    from January 1, 2001 to the date of Your production.

8        4.      Other than to the extent the document requests set forth below Relate To the

9    Loans, the document requests are not seeking copies of preliminary title commitments or final

10   title policies that were issued by You.

11       5.      If any responsive Document was, but is no longer in Your possession, custody or

12   control, provide the following information;

13           (a)     The disposition of the Document;

14           (b)     The date such disposition was made;

15           (c)     The custodian of the Document at the time You disposed of the Document,

16   and any present custodian of the document, if known;

17           (d)     Identify the Person who made the decision to dispose of the Document;

18           (e)     State the reason for the disposition;

19           (f)     Describe the Document and the contents of the Document, including the

20   title, subject matter, number of pages, author(s), job title or positions of the author(s) and

21   recipients and, where not apparent, the relationship of the author, addressee, custodian, and any

22   other recipient to each other.

23       6.      Where a claim of privilege is asserted in objecting to any request or part thereof,

24   and information is withheld on the basis of such assertion:

25           (a)     Identify the nature of the privilege (including work product) that is being

26   claimed; and

27           (b)     Provide the following information in a privilege log accompanying Your

28   response:

1            (i)     The paragraph of this request to which such Document is

2    responsive;

3            (ii)    The type of Document,

4            (iii)   The general subject matter of the Document;

5            (iv)   The date of the Document, the custodian, author(s), all recipients

6    together with the job titles or positions of the author(s) and recipients, and, where not apparent

7    the relationship of the author, addressee, custodian, and any other recipient to each other.

8        7.     If any part of a Document is responsive, produce the entire Document. If You

9    assert privilege with respect to any part of a responsive Document, redact the privileged portion

10   and indicate clearly on the Document where material was redacted by the legend "REDACTED-

11   PRIVILEGED." Redacted Documents should be produced even if You believe that the non-

12   redacted portion is not responsive. Please identify redactions on Your privilege log in the same

13   manner as withheld Documents.

14       8.     If You withhold any Document responsive to any request for any reason other than

15   a claim of attorney-client privilege or work-product protection, provide a list identifying each

16   such Document withheld, the asserted basis for withholding the Document, the custodian, the date

17   of the Document, the author(s), all recipients, together with the job titles or positions of the

18   author(s) and recipients, the subject matter of the Document and the paragraph of this Request to

19   which each such Document relates.

20       9.     Documents in electronic format should be made available electronically in their

21   native file format, unless another form or format is specifically requested. If You believe that

22   production in a specified electronic format is overly burdensome, You should so state in Your

23   response to these requests and produce Documents in reasonably usable form. Defendant

24   reserves the right to seek the production of additional Documents in an alternative form or format

25   from that in which they were originally produced.

26      10.    If, in responding to this Document request, You believe that any request,

27   instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the

28   construction used in responding.

11.     Your obligation to produce Documents responsive to these requests is continuing. If You discover responsive Documents after Your initial response to these requests, promptly produce such Documents in accordance with these instructions or follow the procedures specified for Documents withheld under a claim of privilege or otherwise.

12.     These requests are not intended to be duplicative.  Each request should be responded to fully, and to the extent not covered by other requests.  If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Relating To the loan closings for the Loans including, but not limited to, closing files, closing affidavits, closing protection letters, and closing instructions.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating To any agreement with Tristar, Northwest, or Closing Agents applicable from 2003 to the present including, but not limited to, agency agreements, "issuing agency contracts," approved agency or attorney letters, or underwriting agreements.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To any blanket, general, master, or global closing protection letters, insured closing letters, or approved attorney letters applicable to Ameriquest.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications to Ameriquest explaining or promoting services provided by You.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications to Ameriquest Relating To any blanket, general, master, or global closing protection letters, insured closing letters, or approved attorney letters.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications to Ameriquest Relating To loan closings including, but not limited to, Communications Relating To closing instructions, closing protection letters, and closing

1    affidavits.

2    **REQUEST FOR PRODUCTION NO. 7:**

3         All Documents referencing the scope of duties of approved agents including issuing

4    agents, title companies, approved vendors, direct operations, approved attorneys, approved

5    notaries, and approved settlement agents.

6    **REQUEST FOR PRODUCTION NO. 8:**

7         All Communications to Ticor, Tristar, Northwest, or Closing Agents Relating To loan

8    closings including, but not limited to, Communications Relating To closing instructions, closing

9    protection letters, and closing affidavits..

10   **REQUEST FOR PRODUCTION NO. 9:**

11        All training materials Relating To loan closings including, but not limited to, training

12   materials Relating To closing instructions, closing protection letters, and closing affidavits.

13   **REQUEST FOR PRODUCTION NO. 10:**

14        All training materials provided to approved attorneys, title companies, issuing agents,

15   closing vendors, notaries, and settlement agents.

16   **REQUEST FOR PRODUCTION NO. 11:**

17        All advertising, marketing, or promotional materials Relating To loan closings including,

18   but not limited to, materials Relating To closing instructions, closing protection letters, and

19   closing affidavits.

20   **REQUEST FOR PRODUCTION NO. 12:**

21        All Documents explaining the utilization of closing protection letters.

22   **REQUEST FOR PRODUCTION NO. 13:**

23        All Documents explaining or construing closing protection letters.

24   **REQUEST FOR PRODUCTION NO. 14:**

25        All Communications with title agents, issuing agents, approved attorneys, approved

26   notaries, or closing agents Relating To Notice of Right to Cancel forms including, but not limited

27   to, any obligation to complete or distribute copies of the form.

28

**REQUEST FOR PRODUCTION NO. 15**:

All Documents Relating To policies and procedures for the handling or completion of Notice of Right to Cancel forms.

**REQUEST FOR PRODUCTION NO. 16**:

All Documents Relating To policies and procedures for loan closings including, but not limited to, policies and procedures Relating To issuing loan closing protection letters, complying with closing instructions, and providing closing affidavits.

**REQUEST FOR PRODUCTION NO. 17**:

All Documents upon which You have relied in support of any denial of coverage or applicability of a closing protection letter arising out of claims that borrowers were not provided with the correct number of properly dated Notice of Right to Cancel forms.

**REQUEST FOR PRODUCTION NO. 18**:

All files concerning Tristar, Northwest and Closing Agents including, but not limited to, any application, claims, audit, quality control, or agent files.

**REQUEST FOR PRODUCTION NO. 19**:

All Documents concerning Tristar, Northwest and Closing Agents including, but not limited to, any claims history reports, NAS worksheets, audit review reports, issuing agent scorecards, or trend lag reports.

**REQUEST FOR PRODUCTION NO. 20**:

All Documents Relating To Your actual or potential liability for an act of Tristar, Northwest, or Closing Agents including, but not limited to, agreements, judgments, and Complaints alleging liability.

**REQUEST FOR PRODUCTION NO. 21**:

All Documents identifying any closing protection letter applicable to Ameriquest at any time from 2003 to the present.

**REQUEST FOR PRODUCTION NO. 22**:

All Documents supporting Your contention, if any, that there was not a closing protection letter for each Ameriquest loan from 2004 through 2006 for any loan insured by You.

11

1    **REQUEST FOR PRODUCTION NO. 23:**

2        All policies and procedures provided to any title agent, issuing agent, or closing agent or

3    or after 2002.

4    **REQUEST FOR PRODUCTION NO. 24:**

5        All Documents stating or limiting the authority of Tristar, Northwest, or Closing Agents.

6    **REQUEST FOR PRODUCTION NO. 25:**

7        All agreements involving You and Ameriquest.

8    **REQUEST FOR PRODUCTION NO. 26:**

9        All Documents describing the business relationship between You and Tristar, Northwest

10   or Closing Agents.

11   **REQUEST FOR PRODUCTION NO. 27:**

12       All Documents Relating To Your supervision of Tristar, Northwest or Closing Agents.

13   **REQUEST FOR PRODUCTION NO. 28:**

14       All Documents Relating To policies and procedures for review, audit, or supervision of

15   title companies, issuing agents, approved attorneys', approved notaries, and closing agents

16   including approval, compliance review, and audit procedures.

17   **REQUEST FOR PRODUCTION NO. 29:**

18       All Documents Relating To the status (or lack thereof) as approved closing services

19   vendor, issuing agent, approved attorneys', approved notaries, or closing agents for Tristar,

20   Northwest or Closing Agents for any loan referenced as insured by You.

21   **REQUEST FOR PRODUCTION NO. 30:**

22       All insurance policies issued for Tristar, Northwest or Closing Agents such as Errors and

23   Omission or Professional Liability Insurance applicable at any time between 2004 and 2007.

24   **REQUEST FOR PRODUCTION NO. 31:**

25       All Documents Relating To claims made by You under any insurance policies issued for

26   Tristar, Northwest or Closing Agents such as Errors and Omission or Professional Liability

27   Insurance applicable at any time between 2004 and 2007.

28

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To any agreements between You and a title company, settlemen agent, issuing agent, approved attorneys', approved notaries, or closing vendor Relating To th provision of services for Ameriquest loans.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to identify the Tristar or Northwest closing files in You possession.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents referencing any exposure or reserve based on closing protection letter claimed to cover more than a single loan transaction (i.e. general, blanket, master or globa closing protection letters).

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To the frequency of issuance or number of blanket, general master, or global closing protection letters issued by You.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents referencing the authority of issuing agents or approved attorneys to issue general, blanket, master or global closing protection letters.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To the following files wherein Tristar was the issuing agent:

TTC04-01782; TTC06-00065; TTC05-04683; TTC06-07311; TTC04-01782; TTC04-01963;

TTC04-03453; TTC04-05876; TTC04-02986; TTC04-00432; TTC04-0685; TTC04-01686;

TTC04-0023; TTC04-01955; TTC04-0065; TTC04-00125; TTC04-01225; TTC04-03872;

TTC04-01695; TTC06-01272; TTC06-02200; TTC06-00250; TTC06-03898; TTC05-04683;

TTC05-08235; TTC05-04215; TTC05-07132; TTC05-12322; TTC05-9603; TTC05-6125;

TTC05-04875; TTC05-04298; TTC05-13101; TTC06-07311; TTC06-07398; TTC06-07750;

TTC06-8219; TTC06-08008; TTC06-08222; TTC06-6282; TTC5356; TTC06-01929;

TTC04798; TTC04-1686; TTC04-1955; TTC04-1963; TTC04-2986; TTC05-4215; TTC05-7132;

TTC05-8235; TTC06-00125; TTC06-0065; TTC06-01225; TTC06-03872; TTC06-04798;

1    TTC06-08722; TTC06-1695; TTC06-2200; TTC06-3898; and TTC06-5356.

2    **REQUEST FOR PRODUCTION NO. 38**:

3    All Documents Relating To Your closing protection letter tracking system for loans where

4    Tristar or Northwest issued final policies.

5    **REQUEST FOR PRODUCTION NO. 39**:

6    All claims files for any claim under a closing protection letter involving a loss arising out

7    of TILA (including, but not limited to, an alleged failure to deliver sufficient notices of right to

8    cancel forms to a borrower) or other consumer protection law claim by a borrower against a

9    lender.

10   **REQUEST FOR PRODUCTION NO. 40**:

11   All Documents Relating To any claim under a closing protection letter involving a loss

12   arising out of TILA (including, but not limited to, an alleged failure to deliver sufficient notices

13   of right to cancel forms to a borrower) or other consumer protection law claim by a borrower

14   against a lender.

15   **REQUEST FOR PRODUCTION NO. 41**:

16   All claims files for any claim under a closing protection letter involving an alleged loss by

17   an assignee of the loan in which the closing protection letter did not expressly apply to assignees.

18   **REQUEST FOR PRODUCTION NO. 42**:

19   All Documents Relating To any claim under a closing protection letter involving a loss by

20   an assignee of the loan in which the closing protection letter did not expressly apply to assignees.

21   **REQUEST FOR PRODUCTION NO. 43**:

22   Documents sufficient to show the number of closing protection letters issued for loans in

23   which Tristar or Northwest were the issuing agents.

24   **REQUEST FOR PRODUCTION NO. 44**:

25   All Documents which will allow the inspection of any system utilized for tracking closing

26   protection letters in use at anytime between 2004 and 2006.

27   **REQUEST FOR PRODUCTION NO. 45**:

28   All data reflecting the issuance of closing protection letters relating to Ameriquest from

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 5032836v1

14

NOTICE OF DEPOSITION OF FIDELITY'S PMK & REQUEST FOR DOCUMENTS

1    2000 to the present.

2    **REQUEST FOR PRODUCTION NO. 46:**

3         All data reflecting any closing protection letter that was issued with an incomplete address

4    field.

5    **REQUEST FOR PRODUCTION NO. 47:**

6         All Documents relating to the frequency of the issuance of closing protection letters for

7    Ticor by Tristar or Northwest.

8    **REQUEST FOR PRODUCTION NO. 48:**

9         All Documents in which You informed anyone that a closing protection letter does not

10   cover a claim based on an agent's failure to follow closing instructions that results in a violation

11   of any consumer credit protection or truth in lending law.

12   **REQUEST FOR PRODUCTION NO. 49:**

13        All Documents in which You stated that a closing protection letter may cover a failure to

14   follow closing instructions that results in a Truth-In-Lending violation.

15   **REQUEST FOR PRODUCTION NO. 50:**

16        All Documents Relating To any contention by You that a closing protection letter does not

17   cover a failure to follow closing instructions that results in a Truth-In-Lending violation

18   including, but not limited to, any prior statements by You stating the same.

19   **REQUEST FOR PRODUCTION NO. 51:**

20        All Documents Relating To any contention by You that a closing protection letter does not

21   cover a failure to follow closing instructions that results in a consumer protection violation

22   including, but not limited to, any prior statements by You stating the same.

23   **REQUEST FOR PRODUCTION NO. 52:**

24        All Documents Relating To any contention by You that a closing protection letter does not

25   cover a loss arising out of a consumer protection violation including, but not limited to, any prior

26   statements by You stating the same.

27   **REQUEST FOR PRODUCTION NO. 53:**

28        All Documents reflecting that either Tristar or Northwest were informed that they were

15

1    not authorized to issue a blanket, general, master or global closing protection letter to a lender.

2  **REQUEST FOR PRODUCTION NO. 54:**

3      All Documents reflecting that any issuing agents were ever informed that they were not

4  authorized to issue a blanket, general, master or global closing protection letter to a lender.

5  **REQUEST FOR PRODUCTION NO. 55:**

6      All Documents reflecting any efforts made to restrict the ability of issuing agents or

7  approved attorneys to issue closing protection letters that are not limited to a specific property or

8  loan.

9  **REQUEST FOR PRODUCTION NO. 56:**

10      Each form of a closing protection letter used by You from 1986 to the present.

11  **REQUEST FOR PRODUCTION NO. 57:**

12      Documents sufficient to determine how many closing protection letters were issued by

13  Tristar or Northwest without complete information to indicate the scope of its coverage.

14  **REQUEST FOR PRODUCTION NO. 58:**

15      All of Your policies and procedures for following lender's closing instructions including,

16  but not limited to, ensuring closing documents are properly provided to the borrower, inserting

17  the proper signing date and final date to cancel into the Notice of Right to Cancel forms, and

18  providing the correct number of properly dated Notices of Right to Cancel forms to borrowers.

19  **REQUEST FOR PRODUCTION NO. 59:**

20      All deposition transcripts in which coverage under a closing protection letter has been at

21  issue.

22  **REQUEST FOR PRODUCTION NO. 60:**

23      All discovery responses in which coverage under a closing protection letter has been at

24  issue.

25

26

27

28

Buchalter Nemer
A Professional Corporation
San Francisco

BN 5032836v1

**NOTICE OF DEPOSITION OF FIDELITY'S PMK & REQUEST FOR DOCUMENTS**

EXHIBIT "1" to SUBPOENA ATTACHMENT B

| Plaintiff | Loan Number | Property Address | Title Order/File No. | Final Policy No. | Title Insurance Underwriters | Closing Services Companies | Closing Agents |
|---|---|---|---|---|---|---|---|
| Baez, Juan | 0116605262 | 1516 North 36th Avenue Melrose Park, IL 60160 | TTC05-03435 | | Ticor Title Insurance Company | Tristar Title, LLC | Helen F. Mitchell-Carter |
| Bolo, Jorge | 0122695646 | 8150 West Fullerton Ave. River Grove IL 60171 | TTC06-06632 | 74107-70272605 | Ticor Title Insurance Company | Tristar Title, LLC | Angela Bartucci |
| Bolo, Luisa | 0122695646 | 8150 West Fullerton Ave. River Grove IL 60171 | TTC06-06632 | 74107-70272605 | Ticor Title Insurance Company | Tristar Title, LLC | Angela Bartucci |
| Colister, Ananais | 0133703322 | 2854 East 223rd Street Sauk Village, IL 60411 | TTC05-11109 | 74107-70735028 | Ticor Title Insurance Company | Tristar Title, LLC | Lynne A. Love |
| Colister, Ethel | 0133703322 | 2854 East 223rd Street Sauk Village, IL 60411 | TTC05-11109 | 74107-70735028 | Ticor Title Insurance Company | Tristar Title, LLC | Lynne A. Love |
| Cox, Michael | 0132215625 | 16126 South Cottage Grove South Holland, IL 60473 | TTC05-10620 | 74107-70555454 | Ticor Title Insurance Company | Tristar Title, LLC | Lynne A. Love |
| Garcia, Wences | 0131866485 | 5153 South Hamlin Chicago, IL 60632 | TTC05-10376 | 74107-70568367 | Ticor Title Insurance Company | Tristar Title, LLC | Jackie Vasquez |
| Guyton, Johanna | 0121483663 | 2949 West Warren Blvd. Chicago, IL 60612 | TTC05-06000 | 74107-70241498 | Ticor Title Insurance Company | Tristar Title, LLC | Tia M. Martin |
| Guyton, Johanna | 0140620766 | 2949 West Warren Blvd. Chicago, IL 60612 | TTC05-14170 | 74107-70957494 | Ticor Title Insurance Company | Tristar Title, LLC | Joan M. Pridgeon |
| Hill, Elizabeth | 0129695482 | 2227 South Kildare Ave. Chicago, IL 60623 | TTC05-09328 | 74107-70634917 | Ticor Title Insurance Company | Tristar Title, LLC | Michael R. Smith |
| Hill, Elizabeth | 0142138809 | 2227 South Kildare Ave. Chicago, IL 60623 | TTC05-14938 | 74107-71069949 | Ticor Title Insurance Company | Tristar Title, LLC | Joan M. Pridgeon |
| Jaime, Alfredo | 0140665928 | 5112 West Fletcher Chicago, IL 60641 | TTC05-14764 | 74107-71041713 | Ticor Title Insurance Company | Tristar Title, LLC | Jackie Vasquez |
| Jaime, Ana Velia | 0140665928 | 5112 West Fletcher Chicago, IL 60641 | TTC05-14764 | 74107-71041713 | Ticor Title Insurance Company | Tristar Title, LLC | Jackie Vasquez |
| Lara, Maria | 0131866485 | 5153 South Hamlin Chicago, IL 60632 | TTC05-10376 | 74107-70568367 | Ticor Title Insurance Company | Tristar Title, LLC | Jackie Vasquez |

EXHIBIT "1" to SUBPOENA ATTACHMENT B

| Plaintiff | Loan Number | Property Address | Title Order/File No. | Final Policy No. | Title Insurance Underwriters | Closing Services Companies | Closing Agents |
|---|---|---|---|---|---|---|---|
| Lawrence, Susan | 0132215625 | 16126 South Cottage Grove South Holland, IL 60473 | TTC05-10620 | 74107-70555454 | Ticor Title Insurance Company | Tristar Title, LLC | Lynne A. Love |
| Lee, Carey | 0123075442 | 7233 South Rockwell St. Chicago, IL 60629 | TTC05-06733 | 74107-70272780 | Ticor Title Insurance Company | Tristar Title, LLC | Kiley King |
| Lee, Denise | 0123075442 | 7233 South Rockwell St. Chicago, IL 60629 | TTC05-06733 | 74107-70272780 | Ticor Title Insurance Company | Tristar Title, LLC | Kiley King |
| Parnell, Roy | 0139413843 | 1424 North Central Park Chicago, IL 60651 | 728372 | 74107-593493 | Ticor Title Insurance Company | Northwest Title & Escrow Corporation | Melissa Thomas |
| Quire, Beatrice | 0122913288 | 2304 Emerson St. Evanston, IL 60201 | TTC05-06673 | 74107-70268390 | Ticor Title Insurance Company | Tristar Title, LLC | Cesar Gaitan |
| Quire, Selvin | 0122913288 | 2304 Emerson St. Evanston, IL 60201 | TTC05-06673 | 74107-70268390 | Ticor Title Insurance Company | Tristar Title, LLC | Cesar Gaitan |
| Rivera, Cruz | 0116605262 | 1516 North 36th Avenue Melrose Park, IL 60160 | TTC05-03435 | | Ticor Title Insurance Company | Tristar Title, LLC | Helen F. Mitchell-Carter |
| Terry, Rose | 0120888102 | 712 Hartrey Avenue Evanston, IL 60202 | TTC05-05870 | 74107-70245493 | Ticor Title Insurance Company | Tristar Title, LLC | Cesar Gaitan |
| Watt, Terry | 0139413843 | 1424 North Central Park Chicago, IL 60651 | 728372 | 74107-593493 | Ticor Title Insurance Company | Northwest Title & Escrow Corporation | Melissa Thomas |
| Wells, Harold | 0145466207 | 216 South 20th Ave. Maywood, IL 60153 | 758653 | 74107-618858 | Ticor Title Insurance Company | Northwest Title & Escrow Corporation | Tia M. Martin |

# PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, California  92612-0514.

On the date set forth below, I served the foregoing document described as:

**SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

## PLEASE SEE ATTACHED SERVICE LIST

☒     **BY MAIL**    I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope.  The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on December 31, 2009.  The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒     BY EMAIL.  On December 31, 2009, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from

**TERRY, et al. v. AMERIQUEST MORTGAGE COMPANY, et al.**

**United States District Court, Northern District of Illinois**

**Case No. 08CV2475**

**SERVICE LIST**

an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☒      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on December 31, 2009 at Irvine, California.

Joanne D. Mealey-Hatch

_____

*Joanne D. Mealey-Hatch*
(Signature)

**TERRY, et al. v. AMERIQUEST MORTGAGE COMPANY, et al.**

**United States District Court, Northern District of Illinois**

**Case No. 08CV2475**

**SERVICE LIST**

Anthony P. Valach, Jr., Esq.
The Law Offices of Daniel Harris
150 North Wacker Drive
Suite 3000
Chicago, IL 60606
Tel: (312) 960-1803
Fax: (312) 960-1936
Email: anthonyvalach@sbcglobal.net

Attorneys for Plaintiffs

VIA EMAIL

Daniel Mark Harris, Esq.
The Law Offices of Daniel Harris
150 North Wacker Drive
Suite 3000
Chicago, IL 60606
Tel: (213) 960-1802
Email: lawofficedh@yahoo.com

Attorneys for Plaintiffs

VIA EMAIL

Thomas Joseph Wiegand, Esq.
David Edward Dahlquest, Esq.
Greg J. Miarecki, Esq.
Justin Lennon Leinenweber, Esq.
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Tel: (312) 558-5600
Email: twiegand@winston.com
        ddahlquist@winston.com
        gmiarecki@winston.com
        jleinenweber@winston.com

Attorneys for Defendant
Ameriquest Mortgage Company;
Ameriquest Capital Corporation; ACC
Capital Holdings, Inc; Ameriquest
Mortgage Securities, Inc.; Deutsche
Bank National Trust Company; Wayne
Lee; Argent Securities, Inc.;

VIA EMAIL

**TERRY, et al. v. AMERIQUEST MORTGAGE COMPANY, et al.**

**United States District Court, Northern District of Illinois**

**Case No. 08CV2475**

**SERVICE LIST**

Alan Norris Salpeter, Esq.
Therese King Nohos, Esq.
Vincent P. Schmeltz, III, Esq.
Erin L. Ziaja, Esq.
Dewey & LaBoeuf LLP
Two Prudential Plaza
180 North Stetson Avenue
Suite 3700
Chicago, IL 60601
Tel: (312) 784-8088
Email: asalpeter@dl.com
        tnohos@dl.com
        vschmeltz@dl.com
        eziaja@dl.com

Attorneys for
Dawn Arnall; The Roland and Dawn
Arnall Living Trust; The Estate of
Roland Arnall

VIA EMAIL


Robert Radasevich, Esq.
Jason A. Frye, Esq.
Neal, Garber & Eisenberg
Two North LaSalle Street
Suite 1700
Chicago, IL 60602
Tel: (312) 269-8000
Email: rradasevich@ngelaw.com

Attorneys for Third Party Defendant
First American Title Insurance
Company

VIA EMAIL


David Jordan Pivnick, Esq.
DLA Piper US LLP IL
203 North LaSalle Street
20th Floor
Chicago, IL 60601
Tel: (312) 368-6804
Email: david.pivnick@alapiper.com

Attorneys for Third Party Defendant
Ticor Title Insurance Company

VIA EMAIL

TERRY, et al. v. AMERIQUEST MORTGAGE COMPANY, et al.

United States District Court, Northern District of Illinois

Case No. 08CV2475

SERVICE LIST

Albert Fowerbaugh, Jr., Esq.
Butler, Rubin, Saltarelli & Boyd, LLP
70 West Madison Street
Suite 1800
Chicago, IL 60602
Tel: (312) 696-4440
Fax: (312) 444-9294
Email: AFowerbaugh@butlerrubin.com

Attorneys for Third Party Defendant
Ticor Title Insurance Company

VIA EMAIL

Russell J. Stewart, Esq.
805 West Touhy Avenue
Park Ridge, IL 60068
Tel: (708) 692-3350
Email: russ@russstewart.com

Attorneys for Third Party Defendant
Jackie Vasquez

VIA EMAIL

Joan M. Pridgeon
448 West Englewood Street
Chicago, IL 60621
Tel: (714) 448-5149

Pro Se Third Party Defendant

VIA U.S. MAIL

Harold E. McKee, Esq.
James D. Major, Esq.
Riordan McKee & Piper, LLC
20 North Wacker Drive, Suite 910
Chicago, IL 60606
Tel: (312) 663-9400
Email: hmcke@rmp-llc.com

Attorneys for Third Party Defendant
Helen Mitchell Carter

VIA EMAIL

James S. Schreier, Esq.
Eric P. Early, Esq.
Glaser Weil Fink Jacobs & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067

Attorneys for Third Party Defendant
Ticor Title Insurance Company

VIA EMAIL

**TERRY, et al. v. AMERIQUEST MORTGAGE COMPANY, et al.**

**United States District Court, Northern District of Illinois**

**Case No. 08CV2475**

**SERVICE LIST**

| | |
|---|---|
| Isiah P. Ward<br>303 Waterford Drive<br>Willowbrook, IL 60527<br>Tel: (630) 906-9273 | Pro Se Third Party Defendant<br><br>VIA U.S. MAIL |
| Michael Smith<br>442 Hyde Park Avenue<br>Bellwood, IL 60104-1714 | Pro Se Third Party Defendant<br><br>VIA U.S. MAIL |
| Robert Orman, Esq.<br>Law Offices of Robert Orman<br>One North LaSalle Street<br>Suite 1775<br>Chicago, IL 60602<br>Tel: (312) 372-0515<br>Fax: (312) 372-0520<br>Email: roblaw@aol.com | Attorney for Plaintiff Ramses Favela<br><br>VIA EMAIL |