IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Wilbert Cooley and Kandee Cooley v. Ameriquest Mortgage Company, et al.*, 07-cv-07182, N.D. Ill. | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Hon. Marvin E. Aspen) |

**AMERIQUEST'S RESPONSE TO PLAINTIFF WILBERT COOLEY'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S SUR-REPLY RE: PLAINTIFF'S APPLICATION FOR SUGGESTION OF REMAND**

Ameriquest Mortgage Company ("Ameriquest") responds to Plaintiff Wilbert Cooley's Motion In Opposition To Defendant's Motion For Leave To File Response To Plaintiff's Sur-Reply Re: Plaintiff's Application For Suggestion Of Remand. *See* MDL Dkt. 5617.

As an initial matter, Plaintiff's argument that Ameriquest's Response to Plaintiff's Sur-Reply Re: Application for Suggestion of Remand, Ind. Dkt. 91 should not be allowed, is moot because it was granted on September 11, 2015. Ind. Dkt. 90, 91. But, even if it had not yet been granted, there was a compelling basis for the Court to grant the filing of Ameriquest's Response.

Substantively, Mr. Cooley argues that that Ameriquest's Response should not be allowed because the topics are not new, but Ameriquest's Response focuses on events occurring *after* Ameriquest's last brief: Ameriquest's counsel making itself available on any day at any time of the week to meet and confer, and then imploring Mr. Cooley to reschedule a meet and confer telephone conference he cancelled during the call after saying he wanted a witness because Ameriquest's counsel had one on the call. Mr. Cooley does not want the Court to review the

email trail because it once again shows that Mr. Cooley has not been truthful arguing that it is Ameriquest's fault that Mr. Cooley will not pick up the phone for a call about discovery or address the discovery issues in writing.

Mr. Cooley attaches two exhibits cited as support for the argument that Ameriquest is to blame for the parties not meeting and conferring but the exhibits are unexplained by him and do not support any argument he makes. The exhibits do nothing to contradict the extensive record provided by Ameriquest repeatedly attempting to convince Mr. Cooley to address his objections in writing and confer over the phone in accordance with his obligations pursuant to L.R. 37.2.

Exhibit 1 was never sent to Ameriquest's counsel and appears to be a fabrication. It is unsigned and is a longer and different version of a letter that was faxed and mailed to Ameriquest's counsel on the same date with the same regarding line. *Compare* MDL Dkt., Ex. 5617, Exhibit 1 with Ex. A, attached hereto, signed and containing a fax line and cover-letter. *See also* Ex. B, an email to Mr. Cooley requesting proof that Exhibit 1 was sent to Ameriquest's counsel to which Mr. Cooley did not respond.

It appears that Mr. Cooley has re-drafted the letter to try to show that he continues to stand on his objections whereas the letter he sent to Ameriquest states that his objections "are no longer at issue" as pointed out in Ameriquest's motion to compel. Ind. Dkt. 82 at pp. 3, 4 and Ex. 5. Regardless which version Mr. Cooley wants to proffer as the true and correct version, both show Mr. Cooley waiting over a month to confer, the new version also stating that he refuses to verbally confer in contravention of L.R. 37.2 and declines to address his objections other than stating his argument about the discovery cutoff.

Exhibit 2 is an email with a more recently added type-written comment from Mr. Cooley criticizing Ameriquest's counsel for not responding to the email but the email was written 21 minutes before the parties started to confer by telephone. Instead of responding in writing, Ameriquest started the call by confirming, politely, Mr. Cooley's objection to the parties recording the telephone call. These exhibits do not demonstrate Ameriquest's unwillingness to meet and confer as Mr. Cooley argues.

BN 19160210v3

It took 48 days and working through a host of Mr. Cooley's excuses to have Mr. Cooley confer by telephone on August 18, 2015, but then he immediately declined to continue with the call claiming he wanted a witness present but did not have one. Ameriquest's Response shows that this turned out to be just another excuse because as of today, Mr. Cooley has not been willing to reschedule the call, witness or no witness.

Mr. Cooley's brief is devoid of an explanation why he never rescheduled or responded to any of the post-August 18, 2015 emails attempting to reschedule the meet and confer call after he suggested he would reschedule in the next day or two. His arguments of good faith are belied by his inaction. For over three months he has not addressed his objections in writing or conferred by telephone and now he is out of excuses and is just silent.

In sum, Mr. Cooley's arguments fail to rebut that there is good cause for the Ameriquest Response.

DATED: September 30, 2015

Respectfully submitted,

By: /s/ Randall Manvitz
*Attorneys for defendant Ameriquest Mortgage Company*

Randall Manvitz, Esq.
Buchalter Nemer
55 2nd Street, Suite 1700
San Francisco, CA 94549
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

**CERTIFICATE OF SERVICE**

I, Randall L. Manvitz, hereby certify that on this 30th day of September, 2015, a true and correct copy of Ameriquest's Response to Plaintiff Wilbert Cooley's Motion in Opposition to Defendant's Motion for Leave to File Response to Plaintiff's Sur-Reply Re: Plaintiff's Application tor Suggestion of Remand [Dkt. 84] was filed electronically. Notice of this filing was sent by electronic mail to all counsels of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a true and correct copy of the foregoing document was sent via overnight delivery to Wilbert Cooley, 1070 Zurich Street, Mobile, AL 36608 and by email at wcooley1@bellsouth.net and wilbertcooley39@gmail.com; and Kandee Cooley by email at sisterkr@me.com.

By:     /s/ Randall Manvitz