IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>Magistrate Judge Daniel G. Martin |

**UPDATED STATUS REPORT CONCERNING JAMES AND MILDRED NULL FOR NOVEMBER 19, 2015 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Parties respectfully submit the following updated Status Report concerning *Ameriquest v. James Null et al.*, N.D. Ill. Case No. 07-cv-01584, in connection with the status conference scheduled to take place on November 19, 2015 at 9:30 a.m. before Magistrate Judge Daniel G. Martin.

**Ameriquest v. James Null (Case No. 07-cv-01584):** For three years, the Nulls have repeatedly stated that they will produce documents responsive to Ameriquest's Requests for Production, Set One. Since June 2015, Ameriquest's counsel has communicated with the Nulls' counsel on a weekly and often times daily basis in an effort to convince the Nulls to produce responsive documents, mainly financial records such as credit card statements, bank statements, and expenses from the time of their loan in advance of their depositions. Depositions were tentatively scheduled for July 1, 2015 and two time periods thereafter but the Nulls have not produced the requested documents, precluding the depositions from proceeding. For months, the Nulls were supposedly gathering documents. But after the Nulls failed to produce documents by August 24, 2015, another date they promised to produce documents, Ameriquest filed a motion to compel detailing the history of the efforts to convince the Nulls to respond. Dkt. 28, Ex. 1.

1

The Court granted Ameriquest's Motion to Compel on September 25, 2015. Dkt. 32. The Nulls were ordered to produce all outstanding documents by October 2, 2015. The Nulls counsel confirmed that the Nulls would comply with the order and produce all outstanding documents – essentially the same promise the Nulls had been making since June 2015. However, the Nulls failed to produce **any** documents by the October 2, 2015 deadline and have produced very few documents since then.

Since the Court's order, Ameriquest's counsel has repeatedly attempted to convince the Nulls to comply with their discovery obligations. The Nulls recently had a death in the family temporarily excusing their participation in discovery after October 5, but they should have complied before then and are now out of excuses. On October 30, 2015, the Nulls counsel assured Ameriquest's counsel that he would work with the Nulls to explain the discovery responses and ensure full compliance. The parties agreed to reschedule the depositions between December 1 to 3, 2015 in Louisville, Kentucky.

Because the promised documents were still not being produced and Ameriquest's efforts to communicate typically ignored, since November 2, 2015, Ameriquest's counsel has repeatedly threatened to seek an order to show cause why the Nulls should not be held in contempt for failing to comply with the September 25, 2015 discovery order. Facing a threatened sanctions motion, the Nulls' counsel convincingly assured Ameriquest's counsel that they would comply with the order by producing documents by November 16, 2015, that deadline being important because Ameriquest's counsel will be out of town the week of Thanksgiving until the Louisville, Kentucky depositions.

However, the Nulls once again failed to produce the documents by the most recent November 16 deadline, almost three months since they convincingly agreed to do so by August 24, 2015. To try to avoid having this matter heard at the Status Conference, on November 17, 2015, the Nulls counsel sent an email stating that Mildred Null will work on it "a little bit at a time every day" and will bring a box of documents to the deposition. Ameriquest cannot wait until its counsel has traveled to Louisville, Kentucky to see if the Nulls finally produce the

documents almost three years after they should have been produced. Ameriquest's counsel will be busy taking the depositions and does not have time to review and copying documents that should have been produced long ago.

Neither the Nulls nor their counsel will take their discovery obligations seriously until faced with sanctions. Accordingly, Ameriquest requests a recommended order as follows:

- The Nulls will produce all outstanding documents in accord with the Court's September 25, 2015 order [Dkt. 32] on or before November 23, 2015. If they fail to do so, for each day thereafter, monetary sanctions will be awarded in the amount of $500 dollars per day until they have fully complied.

- The Nulls' counsel will provide a detailed written report each day of any search undertaken for responsive documents, the scope of the search, the results of the search, and expected production date until they have fully complied with the September 25, 2015 order.

Respectfully submitted,

Dated: November 17, 2015

By: /s/ Joanne N. Davies
*Attorneys for the Ameriquest Defendants and Third-Party Plaintiffs*

Joanne N. Davies, Esq.
Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

19535130v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 17th day of November 2015, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Joanne N. Davies

19535130v1