**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES E. NULL AND MILDRED NULL,<br><br>        Plaintiff(s),<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY, ET AL.<br><br>        Defendant(s). | Case No. 08-cv-01584/05-cv-07097<br><br>RESPONSE TO MOTION FOR SANCTIONS |

Comes, James K. Murphy, as counsel for James and Mildred Null, in response to the Report filed by the Hon. Randall Manvitz and Hon. Joanne Davies states as follows:

1. Both Counsel and Plaintiffs, James and Mildred Null, take the order of the Court to provide documents to Counsel very seriously and have the utmost respect for the Court and its orders.

2. However, Counsel for the Nulls was not made aware of the September 25, 2015 order until after it was entered because counsel for the Nulls never received notice of the motion or the order until after it was entered -- despite the fact that Counsel for Ameriquest had been in contact with him and had all of his contact information.

3. Nevertheless, Counsel and the Nulls have always stated that they will provide the documents to counsel and in fact have sent documents to Counsel for Ameriquest in the past in response to its request.

4. <u>The Court should note that the Nulls have never refused to provide documents</u>.

5. Despite the statements in the status sheet, Counsel for the Nulls has been in constant contact with Mr. Manvitz, Counsel for Ameriquest, in an attempt to obtain and submit the requested information, documents and to schedule the depositions and has indeed been forthright with Counsel with regard to the current situation faced by the Nulls which counsel now brings to the Court's attention.

   a. First, the Nulls are, and have been for some time, in poor health. Mr. Null has heart issues and also suffered injuries in a truck accident. Ms. Null is presently recovering from back surgery from earlier this summer.

   b. Second, the Nulls are recovering from the October 5, 2015 death of their grandson. The Nulls effectively raised this man and his sudden and unforeseen death was and is a shock to them.

   c. Third, the Nulls are not young. With all of their recent losses and health issues, they are not able to function as they could thirteen years ago when this case was filed. Counsel for the Nulls, who is pro bono in this matter, is unable to be of great assistance as the Nulls live approximately 2.5 hours away from Counsel's location.

6. Even with all these recent injuries and losses, the Nulls have attempted to obtain this information and have committed to continue to provide this information given their physical condition and this has been communicated to Counsel.

7. The Nulls even consented to the requests for documents and the depositions at a time when they cannot afford it physically, financially or emotionally.

8. In addition, the Nulls are hampered by the loss of responsive documents. Counsel for Ameriquest has requested documents going back 13 years. The basement of the Nulls'

home flooded in 2013 resulting in the loss of some or all of documents existing prior to that time which would have been responsive to their request. This has been communicated to Counsel.

9. Counsel for Ameriquest has subpoenaed their bank records, credit card statements and loan records-based on information given to Counsel by the Nulls.

10. The Nulls have provided a listing of their monthly expenses.

11. The Nulls do not have ANY financial resources whatsoever. Their only source of income is from social security. The main reason this case was even brought was because the Nulls were lead to execute loan documents that were based on prospective income from a workman's comp or similar claim which ultimately was denied. Had this not occurred, they never would have borrowed additional funds and put themselves in this precarious situation.

12. In fact, to travel the 2.5 hours from Glasgow, Kentucky to Louisville, Kentucky for three consecutive days for the depositions places a significant financial burden upon them. Simply, they do not have the money for the gas to put into their car.

13. To impose a fine of $500 a day on a couple who survive on effectively $600 a month is unjust and unfair given the above. Further, it is fruitless as they cannot simply cannot pay.

14. The Motion filed by Counsel did nothing but scare and frighten a couple who have suffered greatly over the past twelve months and are in a situation not of their own making.

15. Counsel for the Nulls will endeavor to obtain the additional documents that Ameriquest requests, which at this point are statements of past debts, copies of collections letters and loan documents

16. Counsel wishes to be present, telephonically, at the status conference on November 19, 2015 and would like to further address this matter with the Court.

DATED: November 18. 2015     Respectfully submitted,

By: /s/ James K. Murphy

James K. Murphy, Esq.
200 S. Fifth Street, Suite 400S
Louisville, KY 40202
502-548-4120
*Attorneys for Plaintiffs, James E. Null and*

**C**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was on this 18th day of November, 2015 sent via email to the following

Joanne N. Daviess
Randall Manvitz, Esq.
**BuchalterNemer**, A Professional Corporation
18400 Von Kampen Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

By: /s/ James K. Murphy