**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Daniel G. Martin |

**REPLY TO NULLS RESPONSE RE: STATUS REPORT CONCERNING JAMES AND MILDRED NULL FOR NOVEMBER 19, 2015 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Parties respectfully reply to the Response of James and Mildred Null [Dkt. 5639] concerning *Ameriquest v. James Null et al.*, N.D. Ill. Case No. 07-cv-01584, in connection with the status conference scheduled to take place on November 19, 2015 at 9:30 a.m. before Magistrate Judge Daniel G. Martin.

Most striking about the Nulls' Response is their failure to address the main issue: how do they intend to search for the outstanding documents, and when will they be produced. The Nulls are plaintiffs seeking hundreds of thousands of dollars from multiple parties. The case is twelve years old. They obtained a mortgage loan in 2002 and stopped paying the mortgage in 2003 and have no incentive to make progress in the case. It is time to move the case along, and they will continue to stall without the threat of sanctions and daily reporting to force them to address their discovery obligations. Plaintiffs have been making the same general assurances for years that they will produce documents but actions speak louder than words.

Instead of telling the Court how they will comply, the Response raises a number of off-topic issues and exaggerations which should be addressed in advance of the hearing:

- The Nulls seek to excuse their dilatory conduct on physical limitations but the requests have been outstanding for three years and this a new-found excuse. Their 40-something year old son, a party to the action, could assist them if

1

physical limitations were really the problem. But it should not be that difficult to look through their files for the requested documents. They just reported that many of them were destroyed in a flood, making their job easier.

- The response blames Ameriquest for all of their financial problems. But the Nulls have not paid their Ameriquest mortgage in twelve years. Co-borrower James Null, II has not contributed to paying the mortgage – he just got out of a lengthy prison stay. Blaming Ameriquest for their financial woes reinforces the need to see their financial documents to determine the causes of their problems versus taking their word for it.

- The Nulls complain about the location of the deposition in Louisville but this was amicably arranged with the Nulls' counsel who resides and works in Louisville. They have never complained to Ameriquest's counsel about the long standing arrangements until today, long after the travel and deposition arrangements have been made.

- The Nulls counsel suggests their delay is excused by not getting notice of the motion or order but he was informed of the order as soon as it was entered and has never taken issue with it. The Nulls counsel apparently failed to update his ECF contacts which was discovered by Ameriquest's counsel after the order was entered. The Nulls counsel repeatedly assured Ameriquest's counsel that the Nulls would comply with the order and it formalizes the parties' long-standing agreement for producing documents. Even after being informed almost two months ago that he needed to update his ECF information, the Nulls counsel waited until today.

- The Nulls note that Ameriquest has served subpoenas. Some subpoenas have been served within the last few weeks because the Nulls have not been forthcoming with documents showing their financial status. This does not excuse the Nulls from producing documents.

- The Nulls' counsel suggests an excuse for his lack of participation by claiming he is acting "pro bono." Ameriquest understands he has taken this case on a contingency fee basis, hardly pro bono. He was asked to confirm his fee arrangement but will not respond. He has used the excuse that he was not getting paid for delayed discovery responses in the past but whether he is getting paid or not, the Nulls are Plaintiffs and their participation in the litigation should not be excused.

Ameriquest does not want sanctions – it wants the Nulls to comply with their discovery obligations. The proposed order only awards sanctions if they continue their dilatory conduct after November 23.

Respectfully submitted,

Dated: November 18, 2015

By: /s/ Joanne N. Davies
*Attorneys for the Ameriquest Defendants and Third-Party Plaintiffs*

Joanne N. Davies, Esq.
Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

3

**CERTIFICATE OF SERVICE**

I, Joanne N. Davies, hereby certify that on this 18th day of November 2015, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Joanne N. Davies

19539888v1