**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br>_____<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST PARTIES FOR FEBRUARY 18, 2016 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Parties respectfully submit the following Status Report in connection with the status conference scheduled to take place on February 18, 2016 at 9:30 a.m. before Magistrate Judge Daniel G. Martin.

The status report will address the pending issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Parties; and

2. Status of discovery with third-party defendants.

**I.      STATUS OF OPT-OUT PLAINTIFFS' CASES**

**A.      Cases Dismissed Since Last Status Hearing:**  There were two opt-out cases dismissed since the last status hearing, *Buck et al. v. Ameriquest*, Case No. 07-cv-04874 and *Null et al. v. Ameriquest,* Case No. 07-cv-01584, both dismissed on February 11, 2016.  *See* MDL Dkts. 5652, 5653, respectively.

As the Court may recall, *Null v. Ameriquest* was a hotly contested matter requiring Court intervention in recent months to compel the Nulls to produce documents and appear for deposition and then monitor their compliance.  *See* Ind. Dkt. 33.  As a result, the parties were able to negotiate a mutually agreeable resolution of the claims.

**B.      Remaining Cases:  5 opt-out cases** (involving **9 opt-out plaintiffs**) remain. Below is a breakdown of the remaining cases.

1

**C.** **Cases Where Settlement Has Been Tentatively Reached:** There is **1 opt-out case** involving **2 opt-out plaintiffs** where the parties have agreed upon settlement terms and are in the process of drafting a loan modification and settlement agreement.

**D.** **Cases Where Settlement Negotiations Are In Progress:** There are **2 opt-out cases** involving **4 opt-out plaintiffs** where settlement negotiations are in progress. These are cases where opt-out plaintiffs are seeking loan modifications, deeds in lieu, or consent foreclosures from the loan servicers and the loan servicers are either waiting for additional documentation from opt-out plaintiffs or are in the process of reviewing opt-out plaintiffs' requests. Additionally, certain of the opt-out plaintiffs are considering loan modifications offers that have been provided to them by the loan servicers.

**E.** **Active Cases:** The Ameriquest Parties are engaged in discovery with respect to **3 opt-out cases** involving **6 opt-out plaintiffs** or dispositive motions have been filed and are pending with respect to these claims. The Ameriquest Parties anticipate that they may need to bring discovery disputes to the Court's attention with respect to the remaining claims.

- **Wilbert Cooley v. Ameriquest, Case No. 07-cv-7182:**

On August 28, 2015, Ameriquest filed a motion to compel seeking to have the Cooleys respond to basic discovery requests and appear for deposition. Dkt. 82. The Court denied the motion without prejudice to reassertion after a ruling on Mr. Cooley's motion to remand. Dkt. 85. Hon. Marvin E. Aspen recently denied the motion to remand. Ind. Dkt. 100. The Memorandum Opinion also overruled Mr. Cooley's objection that Ameriquest's discovery is untimely and ordered the parties to participate in discovery without further delay. Ind. Dkt. 100. The Court set a status conference concerning discovery for February 18, 2016. MDL Dkt. 5649. In light of the recent orders, Ameriquest's counsel sent an e-mail to Mr. Cooley on February 1, 2016 asking him whether he will continue to object to the outstanding discovery and if so, to promptly address any remaining objections with the court. Mr. Cooley has not responded although he has been reminded again of the motion to compel. Accordingly, Ameriquest requests the Court grant its motion to compel. Dkt. 82.

2

F. **Closed Case:** *Joyce Griggs v. Ameriquest*, Case No. 08-CV-1583: Pending Motion To Set Aside Settlement [Dkt. 32]: Ameriquest filed a status report concerning this matter on February 5, 2016. Ind. Dkt. 38. In short, because the parties continue to try to resolve Ms. Griggs' pending motion to set aside the settlement agreement through ongoing loan modification discussions, Ameriquest requests that this matter be continued to the next status conference.

As background, on October 16, 2015, Ameriquest responded to Joyce Griggs' motion to set aside the settlement agreement. Ind. Dkt. 34. Ms. Griggs' claims were settled and dismissed almost two years ago whereby the parties agreed she could pay off her loan at a discounted amount with a March 2014 payment deadline. There is no indication that she made any effort to pay off her loan by March 2014 or at any other time. Nonetheless, her motion asks the court to set aside the settlement agreement to allow her to negotiate a new deal. There is no basis to set aside the settlement agreement, but Ms. Griggs and Ameriquest jointly requested to have her motion held in abeyance in an effort to provide Ms. Griggs and the loan servicer, Ocwen, sufficient time to engage in loan modification discussions. Because the loan modification discussions continue, Ameriquest requests that this matter be continued to the next status conference. Ms. Griggs concurs.

G. **Status Hearing Before The Honorable Marvin E. Aspen**: The general MDL status hearing before the Honorable Marvin E. Aspen is currently scheduled to take place on September 15, 2016 [Dkt. 5647].

II. **STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS**

A. **Mortgage Information Services Third-Party Defendants:** The third-party claims with *Mortgage Information Services, Inc.* involve approximately 70 loans in 11 states. In March, Ameriquest took a 30(b)(6) deposition for MIS as well as two percipient witness depositions. On August 25, 2015, Ameriquest's counsel and MIS's counsel met and conferred about outstanding document production issues and MIS is in the process of responding to certain document requests. Ameriquest is seeking to resolve the document production issues before

3

20165576v1

proceeding with the additional depositions and the parties continue the process of meeting and conferring on these document issues although these discussions have been delayed due to no fault of Ameriquest.

On November 10 and 11, 2015, MIS supplemented their document production, and since then, the parties have continued to engage in discussions about additional documents that are believed to exist related to a third-party accounting software vendor and continue to explore whether those documents can be produced and when.

Counsel for MIS reports that he has been embroiled in another matter which has interfered with his ability to address the outstanding document issues.  As soon as the documents are produced, the parties will schedule three days of depositions in Cleveland, Ohio with another deposition in Cincinnati, Ohio on a date to be determined thereafter.  The third-party discovery cut-off is currently set for April 22, 2016.  Accordingly, Ameriquest requests an extension of the discovery cut-off to June 22, 2016.

**B.** **Northwest Title Third-Party Defendants:**  One of the matters involving Northwest Title was dismissed on February 1, 2016.  Ameriquest intends to meet and confer about certain outstanding document issues involving the third-party claims related to more than 90 loans.

Respectfully submitted,

Dated:  February 12, 2016                By:/s/ Randall Manvitz
*Attorneys for the Ameriquest Defendants and Third-Party Plaintiffs*

Joanne N. Davies, Esq.
Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

## CERTIFICATE OF SERVICE

I, Randall Manvitz, hereby certify that on this 12th day of February 2016, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Randall Manvitz

20165576v1