

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO., MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) | MDL Docket No. 1715 <br><br> Lead Case No., 05-cv-07097 <br><br> (Centralized before the Hon. Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) | |
| *Wilbert Cooley and Kandee Cooley v. Ameriquest Mortgage Company, et al., 07-cv 07182, N.D. Ill.* | ) ) ) ) | **FILED** SG <br><br> APR 1 4 2016 <br><br> **THOMAS G. BRUTON** <br> **CLERK, U.S. DISTRICT COURT** |

**RESPONSE TO AMERIQUEST PARTIES STATUS REPORT FOR
APRIL 14, 2016 STATUS CONFERENCE BEFORE MAGISTRATE
JUDGE DANIEL G. MARTIN REGARDING AMERIQUEST'S MOTION
TO COMPEL DISCOVERY RE: WILBERT AND KANDEE COOLEY**

## I.   INTRODUCTION

Plaintiff Wilbert Cooley ("Plaintiff") hereby responds to the Ameriquest Parties ("Defendant") DKT., Entry 110) concerning the defendant's report in connection with status conference scheduled to take place on April 14, 2016 at 9:30 a.m. before Magistrate Judge Daniel G. Martin.The parties had significantly narrowed the issues for the court's determination. Plaintiff submitted responses in accord with the stipulation. However, despite the parties' agreement on satisfactory responses, defense counsel alleges the insufficiency of those responses.

With respect to plaintiff Kandee Cooley, counsel for the defendant grossly

1

mischaracterizes the Honorable Marvin E. Aspens' Order stating that, "the Honorable Marvin E. Aspen denied her motion to dismiss until Ameriquest takes her deposition and complies with any future orders of the court. The Court in fact, "entered and continued" Kandee Cooley's motion.(See attached - Exhibit (1) - **Dkt., Entry 109 Order signed by the Honorable Marvin E. Aspen and dated 04/05/2016)**

Defense counsel's advances incorrect and irrelevant statements to castigate plaintiff Cooley, undermine his character, and to bolster the defendant's allegations.

## II.    FACTUAL BACKGROUND

While addressing what purports to be a factual background advanced by defense counsel, plaintiff submits that when viewed in the proper context more than eighty percent of what is advanced is untrue and the remaining twenty percent has absolutely nothing to do with the matters presently before the Court. Plaintiff submits further that, the assertions advanced by defense counsel is a continued and deliberate effort by defense counsel to attack plaintiff's character by painting plaintiff as being uncooperative, when defense counsel has stop at nothing to intimidate plaintiff through verbal attacks and false innuendo.

Defense counsel asserts that the plaintiffs were owners of several rental homes near Mobile and their personal residence. The defense has no factual basis for this assertion.

Defense counsel asserts that the plaintiffs are claiming ongoing emotional distress damages. This is not true. In an attempt to justify this assertion and others, counsel for the defense goes on to say that plaintiffs were involved in a number of stressful events in recent

years, including but not limited to domestic violence proceedings, financial setbacks, and multiple failed lawsuits. Irrespective of defense counsels lack of accuracy, these issues are irrelevant to the status of discovery, plaintiff's claims and the case at bar.

Nevertheless, defense counsel chose to utilize hyperbole in a continuing attempt assassinate the character of the plaintiff. In light of these irrelevant and false accusations advanced by defense counsel, plaintiff would ask that he be required to provide information to the Court showing how many failed lawsuits has Ameriquest had and how many parties were involved since 2002.

### III. Defendant's Motions to Order Compliance is Moot

Counsel for the defendant proceeds by asserting that there are three issues that are ripe for the court's determination:

(1) Whether Cooley should have to produce financial records.

This matter is moot in that plaintiff has submitted amended responses that comply to defense counsel's Memorandum dated February 25, 2016, and supplemental request for clarifying amendments. **(See attached - Exhibit (2) - plaintiff's amended responses and request for production.)**

(2) Whether Cooley should appear for a seven hour "on the record " deposition pursuant to rule 30,

Defense counsel has consistently demanded seven hours of deposition for plaintiff Wilbert Cooley and plaintiff has agreed to only four hours since plaintiff has been deposed for several hours. Defense counsel now attempts to justify his demand for seven hours by misrepresenting to the Court, "the need to play significant portions of poorly recorded audio

recordings at the deposition and ask Cooley to identify the speaker and date."

Defense falsely claims a need, because of the condition of the recording, when in fact Counsel is in possession of the transcription of tapes in question. The transcriptions were commissioned by the defense counsel. **(See attached - plaintiff Wilbert Cooley's deposition pages 181 thru 183 beginning at Line 18 of page 181 and ending at page 183 line 7.**

(3) Whether Cooley is required to sign, under oath, his April 4, 2016 Amended responses to Ameriquest's Interrogatories (Set One) pursuant to Rule 33.

This issue is moot whereas the plaintiff has submitted to defense counsel signed discovery documents that meet the certification requirements of rule 33 in format set out in Rule 26 (g) (i), replacing the unsigned document that had been inadvertently forwarded to defense counsel.


## CONCLUSION

Inasmuch as plaintiff Cooley has met and conferred with defense counsel, in good faith, on request, promptly responded to request for declarative correspondence and amended discovery documents; and, defense counsel having possession of transcriptions of audio tapes in question; defense counsel's motions for the Court to order compliance are moot.

Accordingly, plaintiff prays that defense counsel's motions be denied.


DATED: April 13, 2016.

Respectfully submitted this the 13th day of April, 2016.

By: *Wilbert Cooley*

Pro Se Litigant

4

## CERTIFICATE OF SERVICE

I hereby certified that I have served a copy of the foregoing Sur-Reply to defendant Ameriquest's defense counsel's Status Report concerning April 14, 2016 Status Conference upon the Court and the attorney of record by placing a copy of same in the United States Mail, Prepaid Postage, and properly addressed on this the 13th day of April of 2016. I further certify that a true and correct copy of the foregoing document was sent via overnight delivery to the Clerk of the United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604.

Wilbert Cooley

Date: 4/13/2016

The Honorable Judge Marvin E. Aspen
United States District Judge
219 South Dearborn Street
Chicago, IL 60604

The Honorable Magistrate Judge Daniel G. Martin
United States District Magistrate Judge
219 South Dearborn Street
Chicago, IL 60604

Randall L. Manvitz. Esq.
Buchalter Nemer, PC
55 Second Street, Suite 1700
San Francisco, California 94105-3493

Kandee Rochelle Cooley
3650 Mossvale Lane, 201
Mobile, AL 36608

By:

**WILBERT COOLEY**
Date: April 13, 2016

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 Lead Case No. 05 C 7097 |
| THIS DOCUMENT RELATES TO: *Cooley v. Ameriquest Mortgage Co.* (Indiv. Case No. 07 C 7182) | Centralized before the Hon. Marvin E. Aspen |

### ORDER

MARVIN E. ASPEN, District Judge:

On February 19, 2016, one of the plaintiffs, Kandee Cooley ("Kandee"), filed a motion

for voluntary dismissal. (Dkt. No. 103.) In her motion, Kandee reiterates her wish to withdraw

all of her claims and her legal interest in this lawsuit. If granted, the motion would leave

Kandee's ex-husband, Wilbert Cooley ("Wilbert"), as the sole plaintiff. Wilbert has not

contested Kandee's motion, but one of the defendants, Ameriquest Mortgage Company

("Amerquest"), opposes it in part.

As discussed below, we enter and continue the motion, until such time as Kandee has

appeared for the four-hour deposition that Ameriquest has requested. Upon Kandee's

completion of the deposition—and her compliance with any further discovery orders issued by

Judge Martin—we will revisit her motion for dismissal. We will grant the motion only after

Kandee has fulfilled her discovery obligations.

1

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(a)(2),[1] we may permit a plaintiff to voluntarily dismiss an action "by court order, on terms that the court considers proper."[2] Fed. R. Civ. P. 41(a)(2). "The dismissal of a plaintiff's complaint under Rule 41(a)(2) is always within the discretion of the trial court." *Ratkovich v. Smith Kline*, 951 F.2d 155, 157 (7th Cir. 1991); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927–28 (7th Cir. 2007); *Chavez v. Ill. State Police*, 251 F.3d 612, 655 (7th Cir. 2001). "[A] district court may impose such terms and conditions as it believes necessary to protect the other parties from prejudice and [those] terms and conditions are the quid pro quo of allowing the plaintiff to dismiss his suit." *Ratkovich*, 951 F.2d at 157–58 (internal quotation omitted); *Chavez*, 251 F.3d at 655–456; *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).

Although we plainly have the authority to resolve Kandee's motion and impose suitable conditions, the more prudent and efficient course of action here is to enter and continue the motion until after Kandee has cooperated in discovery. As addressed in our January 28, 2016 opinion ("Opinion"), Kandee is not only a named plaintiff but is also a key witness to the situation underlying her lawsuit. (1/28/16 Op. at 2, 7–8, 10 (Dkt. No. 100).) Yet Kandee has not

---

[1] Kandee is not eligible for relief under Rule 41(a)(1) because defendants have answered the complaint. Fed. R. Civ. P. 41(a)(1) (providing that no court order is necessary for a plaintiff who voluntarily dismisses either by stipulation of the parties or "before the opposing party serves either an answer or a motion for summary judgment").

[2] In her motion, Kandee does not specify if she seeks dismissal with prejudice, or without prejudice. Per the rule, dismissal under Rule 41(a)(2) is typically without prejudice. Fed. R. Civ. P. 41(a)(2). In an email to defense counsel, however, Kandee explained that she seeks dismissal with prejudice. (*See* Opp'n (Dkt. No. 107), Ex. 1 (2/29/16 Kandee email to Manvitz (stating that she is "designating that it be dismissed with prejudice")).) The distinction is irrelevant today. But if Kandee wishes to dismiss *without prejudice as to future refiling*, she must inform us by written filing no later than April 29, 2016. If she does not clarify by that date, we will credit her representations to counsel and will consider her motion as requesting dismissal with prejudice.

2

participated in this lawsuit at all. (1/28/16 Op. at 2, 7.) According to Ameriquest, Kandee

refuses to communicate about discovery and has ignored its requests to confer. (Opp'n at 3

& Ex. 2 (2/23/16 and 2/29/16 emails to Kandee, attempting to confer about discovery).)

Ameriquest states that, in an effort to minimize inconvenience to Kandee, it will forego written

discovery from her and will rely instead on a four-hour deposition that it seeks to take near

Kandee's residence. (Opp'n at 2.)

 While we acknowledge Kandee's loss of interest in this lawsuit, we reiterate that she

cannot prevent Ameriquest from obtaining information relevant to the claims that she initially

filed. (1/28/16 Op. at 10.) Ameriquest is entitled to discovery so that it can understand and

defend against the lawsuit. Wilbert's ability to prosecute this action is also hindered by

Kandee's intransigence. In sum, her deposition testimony will be critical for all parties to fully

understand and proceed with the litigation, whether to trial or other resolution.

 We add that, even if we granted Kandee's motion, the remaining parties still would be

able to request discovery from her. Rule 45 authorizes and governs the taking of discovery from

non-parties. Fed. R. Civ. P. 45 (permitting written discovery, as well as depositions, from non-

parties, wherever they are located in the country); *Widmar v. Sun Chem.*, 11 C 1818,

2012 WL 10972135, at *2 (N.D. Ill. June 28, 2012) ("Discovery pursuant to a Rule 45 subpoena

is as broad as that available by any other means of discovery."); *see, e.g., In re Bextra and

Celebrex Mtkg. Sales Practices and Prod. Liab. Litig.*, 08 C 402, 2008 WL 4345158, at *1

(N.D. Ill. Mar. 14, 2008); *Silverman v. Motorola, Inc.*, 07 C 4507, 2010 WL 4659535, at *5

(N.D. Ill. June 29, 2010). Pursuant to Rule 45, the parties could issue subpoenas for Kandee's

cooperation in discovery—but this process would create inefficiency and delay, as well as a

complete and unacceptable waste of judicial and litigant resources. We decline to impose such a

burden on the parties only to end up with the same likely result: a four-hour deposition of Kandee near her home pursuant to court order.

In light of these circumstances and concerns about Kandee's willingness to sit for deposition, we enter and continue the motion until Kandee has fulfilled her discovery obligations. *See, e.g.*, 9 Wright & Miller, *Fed. Prac. & Proc.* § 2366 (3d ed. 2008) ("The district court may allow voluntary dismissal on the condition that the plaintiff produce documents."); *Dysthe v. Basic Res., L.L.C.*, 273 F.R.D. 625, 628–30 (C.D. Cal. 2011) (finding that defendants were entitled to take plaintiff's deposition "scheduled for a single afternoon," because his "testimony is relevant, unavailable from other sources, and is not being sought for an improper purpose," even if plaintiff hoped to "be dismissed at some later date"); *In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 543–44 (E.D. Pa. 2010) (conditioning plaintiff's voluntary dismissal "upon its production of the Court-ordered discovery"); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 305 (D.D.C. 2000) (finding plaintiffs' "production of all documents and the answering of all interrogatories already noticed by defendants [to] be a prerequisite to a voluntary dismissal").

## CONCLUSION

As discussed above, Kandee's motion is entered and continued. Within ten days of the completion of Kandee's deposition, the parties shall file a written report updating the Court on the status of discovery and indicating whether any further discovery is needed from her. It is so ordered.

Marvin E Aspen

M̲
United States District Judge

Dated: April 5, 2016
      Chicago, Illinois

# EXHIBIT 2

## IN THE UNITED STATES DISTRIT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WILBERT COOLEY AND KANDEE COOLEY | ) | **Case No., 07-cv-07182, N.D. Ill.** |
| | ) | |
| | ) | **MDL No. 1715** |
| | ) | |
| | ) | **PLAINTIFF WILBERT COOLEY'S** |
| | ) | **RESPONSES TO DEFENDANT** |
| Plaintiff(s) | ) | **AMERIQUEST MORTGAGE** |
| vs. | ) | **COMPANY'S INTERROGATORIES** |
| | ) | **(SET ONE)** |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, ET AL., | ) | **Centralized before the Honorable** |
| | ) | **Marvin E. Aspen** |
| | ) | |
| | ) | **(Assigned to Magistrate Judge Daniel** |
| | ) | **Martin)** |
| Defendant(s) | ) | |
| | ) | |

## PLAINTIFF WILBERT COOLEY'S AMENDED RESPONSES TO DEFENDANT AMERIQUEST MORTGAGE COMPANY'S INTERROGATORIES (SET ONE) AND REQUEST FOR PRODUCTION

**COMES NOW**, the Plaintiff, Wilbert Cooley and responds to defendant Ameriquest Mortgage Company's Interrogatories (Set One) dated July 9, 2012.

Pursuant to Federal of Civil Procedure 26 (g) (i) (a) and in accord with the *In Re Ameriquest* MDL scheduling orders, Plaintiff Wilbert Cooley ("Plaintiff") hereby amends its responses and requests to Defendant.

### I.    Interrogatories (dated July 9, 2012)

1.  I do not have any additional information as the information was stated in my deposition. Therefore, I am relying on my prior deposition testimony. See defense counsel's attached memorandum stipulating to the relative sufficiency of such a response dated February 25, 2016.

1

2. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

3. I do not have any additional information as the information was stated in my deposition. Therefore, I am relying on my prior deposition testimony. See defense counsel's attached memorandum stipulating to the relative sufficiency of such a response dated February 25, 2016.

4. I do not have any additional information as the information was stated in my deposition. Therefore, I am relying on my prior deposition testimony. See defense counsel's attached memorandum stipulating to the relative sufficiency of such a response dated February 25, 2016.

5. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

6. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

7. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

8. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

9. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

10. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

11. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

12. Objection. Overly broad. Request is made for information from time period too far removed from cause of action and stated claims. Requests income information, for time period, that is not reasonably calculated to elicit disoverable or admissible relevant information. The request is speculative and as such is overly burdensome. That said. I don't have requested information except for the tax returns for the years 2009 and 2014.

13. I do not have responsive documents other than what was produced in my initial disclosures.

2

14. I do not have responsive documents other than what was produced in my initial disclosures.

15. I do not have responsive documents other than what was produced in my initial disclosures.

16. I do not have responsive documents other than what was produced in my initial disclosures.

17. I do not have responsive documents other than what was produced in my initial disclosures

## II.     Requests for Production (dated July 9, 2012)

18. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

19. I do not have responsive documents other than what was produced in my initial disclosures.

20. I do not have responsive documents other than what was produced in my initial disclosures.

21. I do not have responsive documents other than what was produced in disclosur

22. I do not have responsive documents other than what was produced in my initial disclosures.

23. I do not have responsive documents other than what was produced in my initial disclosures.

24. I do not have responsive documents other than what was produced in my initial disclosures.

25. I do not have responsive documents other than what was produced in my initial disclosures.

26. I do not have responsive documents other than what was produced in my initial disclosures.

27. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

28. Request withdrawn by counsel for defendant. See defense counsel's memorandum dated (February 25, 2016), attached.

29. I do not have responsive documents other than what was produced in my initial disclosures.

30. I do not have responsive documents other than what was produced in my initial disclosures.

31. I do not have responsive documents other than what was produced in my initial disclosures.

32. I do not have responsive documents other than what was produced in my initial disclosures.

33. I do not have responsive documents other than what was produced in my initial disclosures.

DATED: April 10, 2016.

Respectfully submitted this the 10th day of April, 2016.

By: _____

Wilbert Cooley
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certified that I have served a copy of the foregoing Responses to Written Discovery dated July 9, 2012 upon the Court and the attorney of record by placing a copy of same in the United States Mail, Prepaid Postage, and properly addressed on this the 10th day of April of 2016. I further certify that a true and correct copy of the foregoing document was sent via overnight delivery to the Clerk of the United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604.

The Honorable Judge Marvin E. Aspen
United States District Judge
219 South Dearborn Street
Chicago, IL 60604

The Honorable Magistrate Judge Daniel G. Martin
United States District Magistrate Judge
219 South Dearborn Street
Chicago, IL 60604

Randall L. Manvitz. Esq.
Buchalter Nemer, PC
55 Second Street, Suite 1700
San Francisco, California 94105-3493

Kandee Rochelle Cooley
3650 Mossvale Lane, 201
Mobile, AL 36608

**WILBERT COOLEY**
Date: April 10, 2016

# EXHIBIT 3

FREEDOM COURT REPORTING

1          closing where you have

2          documents that you produce.

3          But there are also documents

4          that underwriters review

5          when they're trying to

6          determine whether or not a

7          person can be approved for a

8          loan.

9     MS. BEARDSLEY:  Okay.

10    MS. ALBRIGHT:  And so my question

11         is that's not included  in

12         the disclosure.  So I was

13         wanting to ask today if such

14         documents did exist, because

15         they are related to this

16         loan closing?

17    MS. BEARDSLEY:  I have not seen

18         any.

19    MS. ALBRIGHT:  And in the normal

20         course of business, that's

21         typically what happens with

22         the loan processing.

23    MS. BEARDSLEY:  I don't have any,

FREEDOM COURT REPORTING

Page 181

1          but I can double check.  I

2          mean, they've sent me

3          everything they have.  So

4          it's --

5     MS. ALBRIGHT:  Okay.

6     MS. NETTLES:  And I wanted to ask

7          just because it kind of got

8          past me.  Did you get any

9          documents from my client's

10         bank?

11    MS. ALBRIGHT:  I have not gotten

12         those documents.

13    MS. NETTLES:  When you get those,

14         will you shoot me a copy and

15         I'll be happy to reimburse

16         you for that?

17    MS. ALBRIGHT:  I certainly will.

18    MS. BEARDSLEY:  For the record,

19         too, I still have the tape

20         recordings or the CD that

21         you provided to me.  I don't

22         know -- it just assumes that

23         they probably didn't

FREEDOM COURT REPORTING

Page 182

1           identify it, but I know it

2           came from your office.  But

3           I have the CD.  I would like

4           to have it transcribed.

5     MS. ALBRIGHT:  Yes.

6     MS. BEARDSLEY:  I can either

7           provide it to our court

8           reporter and we can mark it

9           and have it transcribed.

10    MS. ALBRIGHT:  That's fine.

11    MS. BEARDSLEY:  And that would

12          make it part of this record

13          of their depositions.

14    MS. ALBRIGHT:  Okay.

15    MS. BEARDSLEY:  But I would still

16          -- I know I've stated it in

17          Ms. Cooley's deposition.

18          I'd like to -- once we

19          receive the transcripts, I'd

20          like to question them if

21          it's necessary --

22    MS. ALBRIGHT:  Yes.

23    MS. BEARDSLEY:  -- regarding

FREEDOM COURT REPORTING

Page 183

1          these transcripts, because I

2          just haven't had a chance to

3          review them at all other

4          than just briefly.

5              Okay.  I guess that will

6          conclude everything for

7          today.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23