**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST PARTIES FOR AUGUST 18, 2016 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Parties respectfully submit the following Status Report in connection with the status conference scheduled to take place on August 18, 2016 at 9:30 a.m. before Magistrate Judge Daniel G. Martin.

The status report will address the pending issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Parties; and

2. Status of discovery with third-party defendants.

**I.      STATUS OF OPT-OUT PLAINTIFFS' CASES**

**A.      Dismissed Case:  1 opt-out case** (involving **2 opt-out plaintiffs**) was dismissed since the last status hearing.

**B.      Remaining Cases:  3 opt-out cases** (involving **6 opt-out plaintiffs**) remain. Below is a breakdown of the remaining cases:

**1.      Wilbert Cooley and Kandee Cooley v. Ameriquest, N.D. Ill. Case No. 07-cv-7182:**

On April 15, 2016, the Court entered an order requiring Wilbert Cooley to provide Ameriquest with certain documents, corrected discovery responses, and declarations by May 6, 2016.  [Indiv. Dkt. 112 attached hereto as Exhibit A].  Mr. Cooley did not comply with his discovery obligations by the Court's deadline but the parties did engage in settlement

1

negotiations and at the May 17, 2016 status hearing, the parties reported that a settlement in principle had been reached and that settlement was in the process of finalized in writing. Ameriquest was agreeable to placing Mr. Cooley's failure to comply with his discovery obligations on hold while the parties worked on settlement. However, Mr. Cooley has been unwilling to finalize settlement on the previously agreed terms and has not been amenable to accepting alternative terms which have been offered. With settlement at an impasse, Ameriquest has been left with no alternative but to continue preparing its defense in the action. Ameriquest has been repeatedly asking Mr. Cooley to comply with the outstanding discovery orders since August 5, or at least state when he will comply, but he just ignores the requests.

Accordingly, Ameriquest requests that Mr. Cooley be ordered to comply with this Court's April 15, 2016 discovery order [Indiv. Dkt. 112] by August 25, 2016 by: (1) providing the required declaration stating that he has no further responsive documents to Ameriquest's Request for Production Nos. 13-17, 19-21, 24, 25, and 31; (2) produce all documents, including all financial documents he has which are responsive to Ameriquest's Request for Production No. 12; (3) make himself available for deposition in Mobile, Alabama at a mutually convenient time and place by September 2, 2016; (4) resubmit his signed discovery responses including the verification set forth in the Court's order; and (5) respond to each of the 33 Requests for Production with the corresponding number by each response. Mr. Cooley states that he is available for deposition between August 31 and September 2, 2016, and Ameriquest would like to proceed with depositions then assuming it has received the outstanding documents and discovery responses.

Ameriquest will also notice the deposition of plaintiff Kandee Cooley to coordinate with the deposition of Wilbert Cooley. Ms. Cooley was asked to inform Ameriquest whether she had any time conflict on September 1 or 2, and she did not respond. Ameriquest anticipates that it may need to subpoena documents and/or depositions from third-party witnesses identified by Plaintiffs. Ameriquest would target to complete any additional depositions in

21420090v1

November 2016. Ameriquest anticipates that fact discovery in this matter should be completed by the end of this year with a motion for summary judgment to follow.

2.  **William and Pamela Yeaman v. Ameriquest, et al., N.D. Ill. Case No. 06-cv-6967:**

On September 21, 2016, Plaintiffs William and Pamela Yeaman, Ameriquest, and the loan servicer, have agreed to participate in a mediation scheduled before the Honorable Donald P. O'Connell (Ret.). If the mediation is unsuccessful, Ameriquest will schedule the Yeamans' depositions as soon as the Yeaman and their counsel are available, likely within 60 days. Ameriquest also plans to take the depositions of a mortgage broker affiliated with the Yeamans at the same time. Ameriquest expects the remaining discovery to be completed by the end of this year with a motion for summary judgment to follow.

3.  **Arthur and Ethelyn Coleman  v. Ameriquest, et al. N.D. Ill. Case No. 07-cv-2459:**

Counsel for Ameriquest and the Colemans have been in discussions about the Colemans possible participation in the mediation scheduled before Judge O'Connell on September 21, 2016. However, their participation has not been confirmed. A motion and cross-motion for summary judgment has been filed by the parties and is pending before the Honorable Marvin E. Aspen, and further discovery depends on the outcome of the summary judgment motions.

C.  **Closed Case:** *Joyce Griggs v. Ameriquest*, **N.D. Ill. Case No.  08-CV-1583: Pending Motion To Set Aside Settlement [Dkt. 32]**: On September 17, 2015, Plaintiff Joyce Griggs filed a motion to set aside the settlement agreement. [Indiv. Dkt. 32]. On October 16, 2015, Ameriquest responded to Joyce Griggs' motion to set aside the settlement agreement. [Ind. Dkt. 34]. Ms. Griggs' claims were settled and dismissed in February 2014 whereby the parties agreed she could pay off her loan at a discounted amount with a March 2014 payment deadline. There is no indication that she made any effort to pay off her loan by March 2014 or at any other time. Nonetheless, her motion asks Judge Aspen to set aside the settlement agreement

to allow her to negotiate a new deal. There is no basis to set aside the settlement agreement, but Ms. Griggs and Ameriquest jointly requested to have her motion held in abeyance in an effort to provide Ms. Griggs and the loan servicer, Ocwen Loan Servicing, LLC, sufficient time to engage in loan modification discussions.

On or about May 5, 2016, Ms. Griggs was offered a Home Affordable Loan Modification Trial Period Plan ("TPP"). The TPP required Ms. Griggs to make three payments before a permanent modification would issue. As of the June 7, 2016 status conference Ms. Griggs had made the required June 1, 2016 payment leaving the July 1, 2016 and August 1, 2016 payments left to be made. Ameriquest's counsel reached out to Ocwen's counsel who advised he was confirming status with Ocwen and that he would be able to provide an update at the status hearing.

**D.** **Status Hearing Before The Honorable Marvin E. Aspen**: The general MDL status hearing before the Honorable Marvin E. Aspen is currently scheduled to take place on October 13, 2016 [Dkt. 5666].

## II. STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS

o **Mortgage Information Services Third-Party Defendants:** The third-party claims with *Mortgage Information Services, Inc.* involve approximately 70 loans in 11 states. On April 13, 2016, MIS supplemented their document production, and since then, Ameriquest's counsel has sent a meet and confer inquiry to MIS's counsel to engage in discussions about additional documents that are believed to exist related to a third-party accounting software vendor and continue to explore whether those documents can be produced and when. MIS has advised that there are possibly more responsive documents that it intends to produce. As soon as the documents are produced, the parties will schedule three days of depositions in Cleveland, Ohio with another deposition in Cincinnati, Ohio on a date to be determined thereafter. The third-party discovery cut-off is currently set for August 22, 2016.

5

Accordingly, Ameriquest requests an extension of the third-party discovery cut-off to November 22, 2016.

Respectfully submitted,

Dated:   August 11, 2016                    By:/s/ Joanne N. Davies

                                                *Attorneys for the Ameriquest Defendants*
*and Third-Party Plaintiffs*

Joanne N. Davies, Esq.
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

21420090v1

6

**CERTIFICATE OF SERVICE**

I, Joanne N. Davies, hereby certify that on this 11th day of August 2016, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/  Joanne N. Davies

6

21420090v1