# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE CO.**<br>**MORTGAGE LENDING PRACTICES**<br>**LITIGATION**<br><br>_____<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Wilbert Cooley and Kandee Cooley v.**<br>**Ameriquest Mortgage Company, et al.,**<br>**(Indiv. Case No. 07 C 7182)** | **MDL No. 1715**<br><br>**Lead Case No. 05-cv-7097**<br><br>**Centralized before the**<br>**Hon. Marvin E. Aspen**<br><br>**Magistrate Judge Daniel G. Martin** |

## ORDER

For the reasons stated below, Mr. Cooley is ordered to: (1) sign a declaration, by May 6, 2016, stating that after a diligent search there are no documents responsive to Request Nos. 13-17, 19-21, 24, 25, and 31 in his possession, custody, or control other than those produced with his initial disclosures; (2) produce all documents responsive to Ameriquest's Request for Production No. 12 by May 6, 2016; (3) make himself available for a deposition in Mobile, Alabama at a mutually convenient time and place by May 31, 2016 for a maximum of 7 hours on the record; (4) by May 6, 2016, resubmit his signed discovery responses and include and sign a verification under oath at the end of his interrogatory answers stating that "I declare under penalty of perjury that the foregoing interrogatory answers are true and correct. Executed on _____, 2016"; and (5) respond to each of the 33 requests for production with the corresponding number besides the response by May 6, 2016. The matter is set for a status hearing before Magistrate Judge Daniel G. Martin on 5/17/2016 at 9:30 a.m.

## STATEMENT

Plaintiffs in this case allege racial discrimination concerning the terms and conditions of obtaining a mortgage loan. Plaintiffs also raise other claims such as fraud, consumer protection violations, and truth-in-lending violations. The matter has been referred to this Court for discovery supervision (doc. # 68). On April 8, 2016, Ameriquest filed a Status Report in preparation for the April 14, 2016 status hearing, stating that four discovery issues were ripe for the Court's determination (doc. # 110). Plaintiff Wilbert Cooley has filed a written response to the Status Report (doc. # 111). After consideration of the documentation submitted, the Court addresses each of the disputed discovery issues in turn below and grants most of the relief sought by Ameriquest.

First, Ameriquest seeks an order compelling Mr. Cooley to produce all financial documents responsive to Ameriquest's Requests for Production (Set One), Request Nos. 12 to 17, 19-21, 24,

25, and 31.[1] In his April 10, 2016 Amended Responses, Mr. Cooley states in response to Request Nos. 13-17, 19-21, 24, 25, and 31 that he does "not have responsive documents other than what was produced in [his] initial disclosures" (doc. 111 at 13-15). Ameriquest disputes Mr. Cooley's assertion, noting that during an April 1, 2016 call Mr. Cooley confirmed that he does have responsive financial records but he refuses to produce them. The Court cannot compel Mr. Cooley to produce documents he says he does not have where the Court has no evidence to the contrary. Ameriquest may explore Mr. Cooley's efforts to locate responsive documents during his deposition. By May 5, 2016, Mr. Cooley shall sign a declaration stating that after a diligent search there are no documents responsive to Request Nos. 13-17, 19-21, 24, 25, and 31 in his possession, custody, or control other than those produced with his initial disclosures.

Ameriquest's Request No. 12 seeks documents identifying Mr. Cooley's income, assets, debt and liabilities for January 1, 2002 to the present. In his April 10, 2016 Response to Request No. 12, Mr. Cooley states:

> Objection. Overly broad. Request is made for information from time period too far removed from cause of action and stated claims. Requests income information, for time period, that is not reasonably calculated to elicit discoverable or admissible relevant information. The request is speculative and as such is overly burdensome. That said. I don't have requested information except for the tax returns for the years 2009 and 2014.

(doc. # 111 at 13). Mr. Cooley's objections to Request No. 12 are overruled. The requested time period is reasonable given that Mr. Cooley's allegations concern events that occurred in 2004 and his current ability to tender the borrowed funds is relevant to the issue of rescission. Mr. Cooley's financial condition is clearly relevant to a number of issues including the Cooleys ability to mitigate damages by obtaining a substitute loan, whether the loan terms offered the Cooleys were the product of legitimate credit decisions or the product of allegedly fraudulent or discriminatory tactics as the Cooleys allege, whether there was a financial benefit from the loan, whether Mr. Cooley has accurately represented his financial condition, and whether Mr. Cooley is able to tender the proceeds on his request for rescission. *Terry, et al. v. Ameriquest*, Case No. 08 C 2475, doc. # 418 (granting motion to compel the same financial records as relevant to plaintiffs' ability to secure a move favorable interest rate and mitigation of damage). Mr. Cooley shall produce his tax returns for the years 2009 and 2014 and any other documents responsive to Request No. 12.

Second, Ameriquest seeks an order compelling Mr. Cooley to make himself available for a deposition for a maximum of seven hours on the record. Mr. Cooley agrees to a four hour deposition, stating that he has already been deposed "for several hours" (doc. # 111 at 3). Unless the parties agree otherwise or ordered by the Court, a deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The Court is required to allow additional time "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. Also, a party seeking to take a second deposition of a witness must first obtain leave of court if the parties have not stipulated to the deposition. Fed R. Civ. P.

---

[1] Ameriquest also seeks to compel Mr. Cooley to respond to Request No. 18 (doc. # 110 at 5), but its February 25, 2015 correspondence to Mr. Cooley withdrew Request Nos. 11, 18, 27 and 28 (doc. 110-1 at 3). The Court therefore declines to compel Mr. Cooley to produce documents responsive to Request No. 18.

30(a)(2)(A)(ii).

Ameriquest has demonstrated that a full-day deposition of seven hours is needed to fairly examine Mr. Cooley. A longer deposition is necessary for several reasons, namely, that many of the events occurred a long time ago in 2004 and Mr. Cooley's memory will likely need to be refreshed by reviewing documents, the number of topics to be addressed at the deposition has increased because Ameriquest has agreed to forego substantive written responses to outstanding interrogatories in exchange for Mr. Cooley's deposition testimony, and Ameriquest needs to play significant portions of four hours of belatedly-produced poorly recorded audio recordings at the deposition to determine whether Mr. Cooley can identify the speaker and time period and explain the recordings. Mr. Cooley claims that Ameriquest does not need to play portions of tape recordings at his deposition and have him explain the recordings because the tapes have been transcribed by defense counsel. In support, Mr. Cooley cites to pages from a transcript of his prior deposition which appear to indicate that Defendant's counsel intended to have the tapes transcribed. The alleged transcript does not change the Court's analysis. There is no evidence showing that the tapes have in fact been transcribed. Even if a transcript exists, Ameriquest is entitled to question Mr. Cooley about the tapes and/or the transcript. Exercising its broad discretion in discovery matters, the Court grants Ameriquest's request to depose Mr. Cooley for an additional seven hours. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013) (noting magistrate judges "enjoy extremely broad discretion in controlling discovery.").

Third, Ameriquest argues that Mr. Cooley should be required to sign his amended responses to Ameriquest's Interrogatories (Set One) and Requests for Production (Set One) and to provide a verification of his responses to the interrogatories under oath. Federal Rule of Civil Procedure 26(g) requires that an unrepresented party must sign discovery responses. Fed. R. Civ. P. 26(g)(1). Answers to interrogatories must be verified and signed by the person answering the interrogatory. Fed. R. Civ. P. 33(b)(3), (5). Mr. Cooley's April 4, 2016 discovery responses were neither signed by him nor verified. On April 10, 2016, Mr. Cooley submitted signed responses, but he still has not verified his interrogatory answers under oath (doc. # 111 at 12-16). Mr. Cooley is ordered to sign a verification under oath at the end of his interrogatory answers stating that "I declare under penalty of perjury that the foregoing interrogatory answers are true and correct. Executed on _____, 2016." *See* 28 U.S.C. § 1746.

Fourth, Ameriquest states that Mr. Cooley only responded to 22 of the 33 requests for production. Mr. Cooley's Response does not address this issue. Ameriquest is entitled to written responses to all of its 33 requests for production. Mr. Cooley is ordered to respond to each of the 33 requests for production with the corresponding number beside the response.

Date: April 15, 2016                    /s/ Daniel M. Martin

-3-