**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715 Lead Case No. 05-cv-07097 (Centralized before The Honorable Marvin E. Aspen) Magistrate Judge Daniel G. Martin |

**SUPPLEMENTAL STATUS REPORT OF THE AMERIQUEST PARTIES FOR AUGUST 30, 2016 STATUS CONFERENCE BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN**

The Ameriquest Parties respectfully submit the following Supplemental Status Report in connection with the status conference scheduled to take place on August 30, 2016 at 9:30 a.m. before Magistrate Judge Daniel G. Martin which was rescheduled from August 18, 2016.

The supplemental status report informs the Court of updates following the Status Report filed on August 11, 2016, Dkt. 5675.

**I.     UPDATED STATUS OF OPT-OUT PLAINTIFFS' CASES**

        **1.     <u>Wilbert Cooley and Kandee Cooley v. Ameriquest, N.D. Ill. Case No. 07-cv-7182:</u>**

The August 11, 2016 status report requested an order compelling Mr. Cooley to comply with the prior discovery orders of this Court by August 25, 2016 and for the Cooleys to appear for deposition during the week of August 29 in accord with prior orders. Because the requested deadlines have passed, and Mr. Cooley has yet to comply with his discovery obligations and is non-responsive to demands for his compliance, new requested deadlines are set forth below.

Ameriquest requests that Mr. Cooley be ordered to comply with this Court's April 15, 2016 discovery order [Indiv. Dkt. 112] by September 9, 2016 by: (1) providing the required declaration stating that he has no further responsive documents to Ameriquest's Request for

1

Production Nos. 13-17, 19-21, 24, 25, and 31; (2) producing all documents, including all financial documents he has which are responsive to Ameriquest's Request for Production No. 12; (3) making himself available for deposition in Mobile, Alabama between October 19 and 28, 2016; (4) resubmitting his signed discovery responses including the verification set forth in the Court's order; and (5) responding to each of the 33 Requests for Production with the corresponding number by each response.

In accord with the Court's prior order compelling the deposition of Kandee Cooley, Ameriquest will also notice the deposition of plaintiff Kandee Cooley to coordinate with the deposition of Wilbert Cooley. Ameriquest also requests an order compelling her to appear during the same time period, between October 19 and 28, 2016.

2. *Joyce Griggs v. Ameriquest*, N.D. Ill. Case No. 08-CV-1583: Pending Motion To Set Aside Settlement [Dkt. 32]:

On September 17, 2015, Plaintiff Joyce Griggs filed a motion to set aside the settlement agreement (the "Motion"). [Indiv. Dkt. 32]. On October 16, 2015, Ameriquest responded to Joyce Griggs' Motion and informed the Court that the parties had agreed to hold the Motion in abeyance so that she could pursue a loan modification agreement and hopefully resolve her dispute without further court intervention. [Ind. Dkt. 34]. After almost a year of reporting that all she wanted was a loan modification to resolve her motion, the loan modification was finalized in August 2016 seemingly giving her the relief sought in her Motion. However, now she adamantly refuses to dismiss her Motion and instead, demands *another* loan modification.

Ms. Griggs is a sophisticated litigant. She is former civil trial lawyer disbarred for serious ethical infractions who has appeared in 55 federal district court cases and 396 federal district court bankruptcy matters as an attorney and over 40 cases as a party typically representing herself, often times as a landlord for her rental home business. *See, In re Griggs*, 277 Ga. 663, 663 (Ga. 2004) ("pattern of misconduct and multiple offenses") *certiorari denied*

by *Griggs v. State Bar*, 543 U.S. 819, 125 S. Ct. 58 (2004); *In Re: Joyce Griggs*, et al. S.D.Ga. Case No. 4:01-mc-00019.

In April 27, 2006, after Ms. Griggs failed to pay her loan she entered into a Forbearance Agreement in which she confirmed the validity and enforceability of her Loan Documents and released her claims. In December 29, 2006 and January 11, 2008, Ms. Griggs, represented by counsel, filed lawsuits against Ameriquest making rote allegations of wrongdoing.

In February 2014, Ms. Griggs' claims were settled and dismissed whereby Griggs was given an option to pay a significantly discounted amount to Ocwen in full payment of her loan exercisable by March 1, 2014 along with a payment by Ameriquest to Griggs and her counsel. The settlement agreement was extremely beneficial to her. The case was dismissed on February 24, 2014 pursuant to a Joint Stipulation of Dismissal. MDL Dkt. 5446. There is no indication that she made any effort to pay off her loan by March 2014 or at any other time. Nonetheless, her September 17, 2015 Motion asks the Court to set aside the February 2014 settlement agreement.

Ms. Griggs has been warned that the settlement agreement which she seeks to set aside contains an attorneys' fees provision for the prevailing party to any challenge to the agreement. She has also been reminded that FRCP Rule 60 requires that any motion to set aside a judgment be brought within a "reasonable time" from entry of the judgment and for the typical grounds of fraud, mistake, excusable neglect, never later than one year from entry of judgment. FRCP Rule 60(c). Also, setting aside a judgment under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Motion is untimely, wholly unsupported, and will fail as a matter of law.

3

21544287v1

Because Griggs insists on pursuing the Motion, and Ameriquest and Ocwen have exhausted all reasonable efforts to try to resolve Griggs' complaints, Ameriquest requests the following briefing schedule:

(1) Opposition by September 30, 2016; and

(2) Reply by October 15, 2016.

Respectfully submitted,

Dated: August 25, 2016   By: /s/ Joanne N. Davies
*Attorneys for the Ameriquest Defendants and Third-Party Plaintiffs*

Joanne N. Davies, Esq.
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

21544287v1

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 25th day of August 2016, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Joanne N. Davies