# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>Magistrate Judge Daniel G. Martin |

**STATUS REPORT OF THE AMERIQUEST PARTIES FOR DECEMBER 6, 2016 STATUS CONFERENCE BEFORE THE HONORABLE DANIEL G. MARTIN**

The Ameriquest Parties respectfully submit the following Status Report in connection with the status conference scheduled to take place on December 6, 2016 at 9:30 a.m. before the Honorable Daniel G. Martin.

The status report will address the pending issues in the following order:

1. Status of opt-out plaintiffs' cases against the Ameriquest Parties; and
2. Status of discovery with third-party defendants.

**I.**  **STATUS OF OPT-OUT PLAINTIFFS' CASES**

    **A.**  **Settlement Pending:**  **1 opt-out case** (involving **2 opt-out plaintiffs**).

        **1.**  **William and Pamela Yeaman v. Ameriquest, et al., N.D. Ill. Case No. 06-cv-6967:**

On September 21, 2016, Plaintiffs William and Pamela Yeaman, Ameriquest, and the loan servicer, participated in mediation before the Honorable Donald P. O'Connell (Ret.). The parties reached an agreement which has been documented and signed by Plaintiffs and Ameriquest. The parties are waiting for the signatures of the remaining parties and expect those to be forthcoming soon. Ameriquest anticipates that a Joint Stipulation of Dismissal will be filed within the next 30 days.

**B.     Remaining Case:   1 opt-out case** (involving **2 opt-out plaintiffs**) remains. Below is a breakdown of the remaining case:

1. **Arthur and Ethelyn Coleman v. Ameriquest, et al. N.D. Ill. Case No. 07-cv-2459:**

Counsel for Ameriquest and the Colemans participated in settlement discussions at the September 21, 2016 mediation before Judge O'Connell. While progress was made the parties were unable to reach a final agreement. The parties anticipate scheduling another mediation before Judge O'Connell to resume settlement discussions. A motion and cross-motion for summary judgment has been filed by the parties and is pending before the Honorable Marvin E. Aspen, and further discovery depends on the outcome of the summary judgment motions.

**C.     Closed Case:  2 closed opt-out case** (involving **3 opt-out plaintiff**).

1. ***Joyce Griggs v. Ameriquest***, **N.D. Ill. Case No. 08-CV-1583: Pending Motion To Set Aside Settlement/Motion to Enforce Settlement Agreement**:

On September 17, 2015, Plaintiff Joyce Griggs filed a motion to set aside the settlement agreement. [Indiv. Dkt. 32]. On October 16, 2015, Ameriquest responded to Joyce Griggs' motion to set aside the settlement agreement. [Ind. Dkt. 34]. Ms. Griggs' claims were settled and dismissed in February 2014 whereby the parties agreed she could pay off her loan at a discounted amount with a March 2014 payment deadline. There is no indication that she made any effort to pay off her loan by March 2014 or at any other time. Nonetheless, her motion asked Judge Aspen to set aside the settlement agreement to allow her to negotiate a new deal. There was no basis to set aside the settlement agreement, but Ms. Griggs and Ameriquest jointly requested to have her motion held in abeyance in an effort to provide Ms. Griggs and the loan servicer, Ocwen Loan Servicing, LLC, sufficient time to engage in loan modification discussions.

On or about May 5, 2016, Ms. Griggs was offered a Home Affordable Loan Modification Trial Period Plan ("TPP"). The TPP required Ms. Griggs to make three payments before a

permanent modification would issue.  Ms. Griggs made the required TPP payments and the loan modification was finalized in August 2016 seemingly providing her the relief sought in her motion.  However, Ms. Griggs refused to dismiss her Motion.

At the August 30, 2016 status hearing the Honorable Sidney I. Schenkier issued an order striking Ms. Griggs' motion to set aside without prejudice and noted it was deficient and provided Ms. Griggs until September 30, 2016 to file a new motion to set aside or motion to enforce.  On September 26, 2016, Ms. Griggs served a renewed motion to set aside and/or motion to enforce settlement ("renewed motion").  However, the renewed motion suffers from the same defects as the prior motion.  Ameriquest's response was filed on October 14, 2016 [Dkt. No. 47] and Ms. Griggs' filed a reply [Dkt. 50].

2. ***Gilbert Solnin, et al. v. Ameriquest*, N.D. Ill. Case No. 06-CV-4866: Pending Motion For Reconsideration of Court's July 16, 2015 Order Dismissing Claims**:

On October 13, 2016, the Solnins filed a Motion for Reconsideration of the Court's July 16, 2015 Order dismissing their claims [Indiv. Dkt. 39].  On October 19, 2016, the Honorable Marvin E. Aspen entered an order providing a deadline for Defendants to respond by November 8, 2016 and the Solnins had until November 18, 2016 to file a reply  [Indiv. Dkt. No. 38].  Ameriquest filed its response explaining that the Solnin matter was dismissed on July 16, 2015 because the Solnins refused to participate in the litigation even though they were the Plaintiffs [Indiv. Dkt. 40].  After the Solnins' counsel withdrew in November 2013, Ameriquest's counsel and the Court repeatedly tried to convince the Solnins to participate in the litigation with multiple emails, letters, calls, warnings, orders, but nothing convinced the Solnins to respond or participate.  The Court exhausted all reasonable efforts to get them to participate in the litigation – the Solnins declined and they do not have any basis to complain 15 months after the Judgment was entered dismissing their action.  The Solnins have not filed any reply.

3

**D. Status Hearing Before the Honorable Marvin E. Aspen:** A general MDL status hearing before the Honorable Marvin E. Aspen is currently scheduled to take place on February 16, 2017 [Dkt. 5687].

## II. STATUS OF DISCOVERY REGARDING THIRD-PARTY CLAIMS

**A. Mortgage Information Services Third-Party Defendants:** The third-party claims with *Mortgage Information Services, Inc.* involve approximately 70 loans in 11 states. At the last status hearing the court set the third-party discovery cut-off for November 22, 2016. Counsel for Ameriquest and MIS met and conferred several times after the hearing in an effort to scheduled depositions prior to the cut-off. However, counsel were not able to identify mutually agreeable dates prior to November 22, but they have agreed for the remaining four depositions to be taken during the week of February 6, 2017 and week of March 6, 2017.

Respectfully submitted,

Dated:  December 2, 2016       By: /s/ Joanne N. Davies
*Attorneys for the Ameriquest Defendants and Third-Party Plaintiffs*

Joanne N. Davies, Esq.
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

## CERTIFICATE OF SERVICE

I, Joanne N. Davies, hereby certify that on this 2nd day of December 2016, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Joanne N. Davies